**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| QUALCOMM INCORPORATION., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, Plaintiffs,<br><br>     v.<br><br>ARM HOLDINGS PLC. f/k/a ARM LTD., a U.K. corporation,<br><br>     Defendant. | C.A. No. 24-490 (MN) |

**UNOPPOSED MOTION FOR LEAVE TO FILE**
**ARM'S MOTION TO DISMISS UNDER SEAL**

In accordance with Federal Rule of Civil Procedure 5.2, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Defendant Arm Holdings plc ("Arm") respectfully moves for leave to file under seal the unredacted version of Arm's Motion to Dismiss Defendants' Qualcomm Inc. and Qualcomm Technologies, Inc.'s (collectively "Qualcomm") Complaint. The grounds for this motion are as follows:

1. Qualcomm filed the Complaint in this action on April 18, 2024. (D.I. 2.) At that time, Qualcomm sought to seal the Complaint, stating in its motion to seal that the action "arises out of a series of agreements between the parties" that "contain confidentiality provisions that prohibit Plaintiffs from disclosing 'Confidential Information' which is defined to include, *inter alia,* 'the terms and conditions' of the agreements." (D.I. 1 ¶¶ 2-3.)

2. Qualcomm alleged that its Complaint referenced confidential business activities of the Plaintiffs under the terms of the agreements and quotes portions of the

agreements, as well as other information potentially within the scope of "Confidential

Information." (*Id.* ¶ 3-4.)

3.      On April 19, 2024, the Court granted Qualcomm's Motion for Leave to File

the Complaint Under Seal. (D.I. 10.)

4.      Arm now moves to dismiss Qualcomm's Complaint under Federal Rule of

Civil Procedure 12(b)(6).

5.      Arm's Motion to Dismiss necessarily references and reflects confidential

terms and conditions of the license agreements at issue in this case (the "Confidential

Agreements").  Arm is a party to, and has contractual obligations to maintain confidential,

and not disclose the terms or conditions of, the Confidential Agreements.

6.      Because no protective order has been entered in this new action, Arm files this

motion seeking leave to file the unredacted copy of its Motion to Dismiss under seal.

7.      The public's access to judicial records is "not absolute."  *Nixon v. Warner

Comms., Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Practices and Products

Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Although there is a "presumption in favor of

public accessibility," this Court has the authority to seal documents "when justice so

requires," provided the party requesting sealing demonstrates that the "interest in secrecy

outweighs the presumption" of access.  *In re Motions for Access of Garlock Sealing Techs.

LLC*, 488 B.R. 281, 298 (D. Del. 2013) (quoting *In re Cendant Corp.*, 260 F.3d 183,194 (3d

Cir. 2001)).

8.      In assessing whether to seal or redact judicial records, the movant must show

"that the material is the kind of information that courts will protect and that disclosure will

work a clearly defined and serious injury to the party seeking closure." *In re Avandia*, 924

F.3d at 672 (citations omitted). Courts in this District have redacted "confidential financial information and licensing strategy," which "could cause real and serious harm" if disclosed, and is "the sort of material that courts have frequently redacted." *Id.* at 510.  Courts in this District have also noted that "the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology" may warrant redaction. *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (sealing documents "to protect the parties' confidential proprietary business and competitive interests"); Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order).  The materials at issue here may be properly sealed under Third Circuit law.  *Avandia*, 924 F.3d at 672-73, 676.

9.      Here, sealing is warranted because the Motion to Dismiss contains details of confidential license terms between the parties. Both Plaintiffs and Defendant have a compelling interest in maintaining the confidential terms of these agreements.

10.      Permitting Arm to file this document under seal will further limit any potential harm to Arm or Qualcomm. Arm's licenses include confidentiality provisions to protect both Arm's business model and licensees like Qualcomm. Revealing the confidential terms of Arm's licenses could cause competitive harm to Arm by providing information about the specific terms of these licenses to Arm's other licensees that they otherwise would not know, putting Arm at a disadvantage in subsequent licensing negotiations. Public disclosure of the specific provisions in Arm's license agreement with Qualcomm could also allow Arm's actual or potential competitors to use this information to gain a competitive advantage by knowing how Arm structures or organizes its license agreements.

11.     Moreover, this case involves private litigants, which weighs in favor of redaction. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *Avandia*, 924 F.3d at 672 (*Pansy* factors provide guidance when assessing the public's interest).

12.     Permitting Arm to file its Motion to Dismiss under seal will preserve the status quo with respect to the parties' rights and obligations under the Confidential Agreements and protect the confidentiality of the agreements and their terms, including those terms containing sensitive non-public information.

13.     In accordance with D. Del. L.R. 5.1.3, Defendant will submit a redacted version of its Motion to Dismiss within seven (7) days after filing the aforementioned documents.

14.     Pursuant to District of Delaware Local Rule 7.1.1, counsel hereby certifies that a reasonable effort was made to reach agreement with opposing counsel regarding the subject matter of this Motion and opposing counsel indicated that they do not oppose this Motion.

WHEREFORE, for the foregoing reasons, Arm respectfully requests that the Court enter an Order, in a form substantially similar to the proposed order filed herewith, permitting Arm to file under seal the unredacted version of its Motion to Dismiss.

Dated: June 12, 2024

OF COUNSEL:

Daralyn J. Durie
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
Kyle D. Friedland
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
(212) 336-4092
kmooney@mofo.com
kfriedland@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


_/s/ Anne Shea Gaza_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATION., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>   Plaintiffs,<br><br> v.<br><br>ARM HOLDINGS PLC. f/k/a ARM LTD., a U.K. corporation,<br><br>   Defendant. | C.A. No. 24-490 (MN) |

**[PROPOSED] ORDER**

   Defendant Arm Holdings plc, having moved for leave to file its Motion to Dismiss

under seal, and the Court having determined good cause exists for the requested relief,

   NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Leave

to File Arm's Motion to Dismiss Under Seal is GRANTED.

SO ORDERED this _____ day of _____, 2024.


               _____
               The Honorable Maryellen Norieka
               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 12, 2024, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Madalyn G. Vaughn
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
mvaughn@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Arm Holdings PLC f/k/a Arm Ltd.*