**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATION, a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | C.A. No. 24-490-MN |
| Plaintiffs, | **REDACTED - PUBLIC VERSION** (Filed June 20, 2024) |
| v. | |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | |
| Defendant. | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

**TABLE OF CONTENTS**

I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................................ 1

II.  NATURE AND STAGE OF THE PROCEEDINGS AND FACTUAL Background ............ 3

    A.  Qualcomm Failed To Assert Its Claims At The Time They Arose, Well Prior To The Deadline For Amendment In The Original Action. ................................................... 3

    B.  The Court Rejected Qualcomm's Belated Attempt To Add Its Section ■ Claims A Year Later In The Original Action............................................................................ 6

III.  Legal Standard...................................................................................................... 7

IV.  ARGUMENT ......................................................................................................... 8

    A.  Courts Routinely Dismiss Compulsory Counterclaims A Party Failed To Bring In An Earlier-Filed Action. ...................................................................................... 8

    B.  Qualcomm's Claims In This New Action Were Compulsory Counterclaims In The Original Action Between The Parties. ....................................................................... 9

    C.  Qualcomm Confirmed Its Claims Here Were Compulsory Counterclaims By Trying To Bring Them In The Original Action. ..................................................................... 11

    D.  Qualcomm's Failure To Assert Compulsory Counterclaims In The Original Action Is Not Excused By The Denial Of Leave To Amend. .............................................. 12

V.  Conclusion ........................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amoco Oil Co. v. McMahon*,
    No. 98-cv-1625, 1999 WL 116290 (E.D. Pa. Mar. 1, 1999) ...................................10

*Arm Ltd. v. Qualcomm Inc.*,
    C.A. No. 22-1146-MN (2022) .......................................................................................1

*Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*,
    No. 08-cv-832 (GPM), 2009 WL 2431993 (S.D. Ill. July 31, 2009).......................8

*Benckini v. Upper Saucon Twp.*,
    C.A. No. 07-3580, 2008 WL 2050825 (E.D. Pa. May 13, 2008) ..........................13

*Brooks v. Valley Day Sch.*,
    C.A. No. 14-5506, 2015 WL 4770759 (E.D. Pa. Aug. 12, 2015.)..........................10

*Crawl Space Door Sys., Inc. v. White & Williams, LLP*,
    No. 23-2319, 2024 WL 1554062 (3d Cir. Apr. 10, 2024) .......................................7

*Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*,
    No. 99-CV-1115, 2000 WL 14654 (N.D.N.Y. Jan. 7, 2000), *aff'd*, 233 F.3d
    697 (2d Cir. 2000)....................................................................................................8

*Fingermates, Inc. v. Nailtiques Cosm. Corp.*,
    C.A. 95--3427-MLP, 1996 WL 901967 (D.N.J. Dec. 16, 1996) ............................12

*Goodman Mfg. Co. v. Carrier Corp.*,
    C.A. No. 13-2014-SLR, 2014 WL 4954281 (D. Del. Sept. 23, 2014) ...........2, 7, 12

*Hercules Inc. v. Dynamic Exp. Corp.*,
    71 F.R.D. 101 (S.D.N.Y. 1976) .............................................................................11

*Insignia Disposal Servs., LLC v. Hrebenar*,
    C.A. No. 23-1722, 2023 WL 6520501 (E.D. Pa. Oct. 4, 2023)...............................8

*JSM at Tingley, LLC v. Ford Motor Co.*,
    No. CIV.A. 11-448, 2011 WL 6934852 (D.N.J. Dec. 30, 2011)........................3, 13

*Kim v. Sara Lee Bakery Grp., Inc.*,
    412 F. Supp. 2d 929 (N.D. Ill. 2006) ....................................................................14

*Lance Int'l Ltd. v. Menominee Paper Co.*,
    No. 98-cv-2229, 1998 WL 464901 (E.D. Pa. Aug. 5, 1998) .................................10

*Lenovo (United States) Inc. v. Interdigital Tech. Corp.*,
    C.A. No. 20-493-LPS, 2021 WL 1123101 (D. Del. Mar. 24, 2021) .....................2, 9

*Linton v. Whitman*,
    C.A. No. 08-00548-XR, 2009 WL 2060091 (W.D. Tex. July 9, 2009) .............13, 14

*McNeil Nutritionals, LLC v. Sugar Ass'n*,
    C.A. No. 05-69 GMS, 2006 WL 8454231 (D. Del. Mar. 29, 2006)........................8

*Moose Mountain Mktg., Inc. v. Alpha Int'l, Inc.*,
   C.A. No. 03-4035-WGB, 2005 WL 3588491 (D.N.J. Dec. 29, 2005) ...................................13

*Morgan v. Scott*,
   83 F. Supp. 3d 616 (D. Del. 2015)....................................................................................8

*Perfect Plastics Indus., Inc. v. Cars & Concepts, Inc.*,
   758 F. Supp. 1080 (W.D. Pa. 1991)..................................................................................13

*Roche v. Aetna, Inc.*,
   No. 1:22-cv-00607-NLH-EAP, 2023 WL 3173394 (D.N.J. May 1, 2023) ..........................8

*RPV, Ltd. as Tr. for Vill. Tr. v. Netsphere, Inc.*
   771 F. App'x 532 (5th Cir. 2019)......................................................................................10

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Ship. Grp. Ltd.*,
   181 F.3d 410 (3d Cir. 1999)..............................................................................................8

*Sendi v. NCR Comten, Inc.*,
   624 F. Supp. 1205 (E.D. Pa. 1986) .................................................................................14

*Servian v. Health Data Scis. Corp.*,
   C.A. No. 92-2693, 1992 WL 174705 (E.D. Pa. July 21, 1992)........................................8, 10

*Skyline Steel, LLC v. Pilepro, LLC*,
   C.A. No. 13-8171-JMF, 2015 WL 999981 (S.D.N.Y. Mar. 5, 2015)...........................2, 9, 10

*Southmark Prime Plus, L.P. v. Falzone*,
   776 F. Supp. 888 (D. Del. 1991)........................................................................................1

*TFII Legacy, LLC v. Lummus Corp.*,
   C.A. No. 19-1309-CFC-SRF, 2019 WL 6895944 (D. Del. Dec. 18, 2019) ...........................7

*Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*,
   292 F.3d 384 (3d Cir. 2002).......................................................................................1, 8, 9

*Yeransian v. Markel Corp.*,
   C.A. No. 20-762-MN, 2021 WL 979604 (D. Del. Mar. 16, 2021)...................................1, 13

**Other Authorities**

3 Moore's Federal Practice - Civil § 13.10 (2024) ...................................................................9

Fed. Prac. & Proc. Civ. § 1409 .................................................................................................8

Fed. Prac. & Proc. Civ. § 1410 ...............................................................................................10

Fed. R. Civ. P. 12(B)(6)............................................................................................................8

Fed. R. Civ. P. 13 .................................................................................................... 9, 13, 14, 15

Fed. R. Civ. P. 16(b)(4)............................................................................................................7

Fed. R. Evid. 201 .....................................................................................................................1

## I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Court should dismiss this action with prejudice, because Qualcomm seeks to reassert claims that it failed to timely assert as compulsory counterclaims against Arm in an earlier-filed action in this Court. *See Arm Ltd. v. Qualcomm Inc.,* C.A. No. 22-1146-MN (2022). Courts routinely dismiss actions asserting claims that arise out of the same transaction or occurrence as, or share a logical relationship with, an earlier-filed action, based on both the compulsory counterclaim doctrine and claim preclusion. *See Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.,* 292 F.3d 384, 394 (3d Cir. 2002); *Yeransian v. Markel Corp.*, C.A. No. 20-762-MN, 2021 WL 979604, at *6 (D. Del. Mar. 16, 2021). Qualcomm's claims in this new action arise out of the same transaction and occurrence at issue in the original action between Arm and Qualcomm, and share a logical relationship with that action, because they (1) rest on one of the contracts at issue in the original action, and (2) arise from overlapping allegations of breach as the original action.

The pleadings in the original action confirm the logical relationship with this new action. In the original action, Qualcomm seeks a declaratory judgment regarding its rights "under Qualcomm's ALA and TLA." (No. 22-cv-1146, D.I. 19 ("Qualcomm's Redacted Answer and Am. Countercl.") at ¶ 259, Declaration of Nicholas R. Fung ("Fung Decl."), Ex. 1.)[1]

---

[1] To the extent necessary, Defendant requests that the Court take judicial notice of the pleadings, briefs, and orders from the original action. *See* Fed. R. Evid. 201; *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) (courts may take judicial notice of court records from another case). For the Court's convenience, copies of the documents referenced herein from the original action are attached as Exhibits 1-6 to the Declaration of Nicholas R. Fung. Exhibits 1-6 are also publicly available on PACER in the District of Delaware. Arm sought Qualcomm's agreement to use the unredacted version of Ex. 1 to Qualcomm's Motion for Leave to Amend Answer and Counterclaim in 22-2246-MN (D.I. 272-1) (attached as Ex. 6 to the Fung Decl.), but did not receive Qualcomm's agreement to do so prior to filing.

Qualcomm's declaratory judgment claim in the original action thus involves the same ALA for which Qualcomm seeks to assert breach in this new action. (D.I. 2 ("Compl.") ¶ 78(a).) Courts have consistently held that claims involving the same contract are logically related. *See Lenovo (United States) Inc. v. Interdigital Tech. Corp.*, C.A. No. 20-493-LPS, 2021 WL 1123101, at *8 (D. Del. Mar. 24, 2021) (breach of contract claim logically related to declaratory judgment claim involving the same contract); *Skyline Steel, LLC v. Pilepro, LLC*, C.A. No. 13-8171-JMF, 2015 WL 999981, at *5 (S.D.N.Y. Mar. 5, 2015).

Moreover, in response to Qualcomm's declaratory judgment claim regarding the Qualcomm ALA in the original action, Arm made clear that it would not provide verification or support for Qualcomm's unlicensed Nuvia-based products, alleging that "Arm has no obligation to support Qualcomm's further attempts to continue developing unlicensed technology originally developed at Nuvia using Arm's architecture," and "Qualcomm's ALA with Arm expressly excludes any license to Arm technology that was not developed under that specific ALA." (No. 22-cv-1146, D.I. 21 ("Arm's Redacted Answer to Am. Countercl.") at 2, Fung Decl., Ex. 2.) This new action alleges breach of the same Qualcomm ALA based on Arm's refusal to verify and support the same unlicensed Nuvia-based technology. (Compl. ¶ 9.)

Qualcomm's request for leave to add substantially the same claims to the original action further confirms that the claims in this new action are part of the same transaction or occurrence at issue in the original action. This Court rejected Qualcomm's attempt to add those claims in the original action as untimely (due to months of knowing delay by Qualcomm). (No. 22-cv-1146, D.I. 303 ("Redacted Mar. 6, 2024 Order") Ex. A at 5, Fung Decl., Ex. 3.) Courts have repeatedly held that denial of leave to add compulsory counterclaims in an earlier-filed action bars a later attempt to assert those claims in a new action. *See Goodman Mfg. Co. v. Carrier Corp.*, C.A. No.

13-2014-SLR, 2014 WL 4954281, at *2 (D. Del. Sept. 23, 2014) (a party "may not circumvent the court's denial of its motion for leave to amend by filing a separate action for the same claims"); *JSM at Tingley, LLC v. Ford Motor Co.*, No. CIV.A. 11-448, 2011 WL 6934852, at *14 (D.N.J. Dec. 30, 2011) ("Because Plaintiffs never brought their compulsory counterclaims in a timely manner…Plaintiffs are barred from circumventing previous orders by the Court and bringing those same claims in the present action."). Qualcomm's lack of diligence in asserting compulsory counterclaims in the original action thus bars assertion of those same claims in this new action.

## II. NATURE AND STAGE OF THE PROCEEDINGS AND FACTUAL BACKGROUND

### A. Qualcomm Failed To Assert Its Claims At The Time They Arose, Well Prior To The Deadline For Amendment In The Original Action.

Arm is a leading provider of microprocessor technology, licensing its architecture for the design and manufacture of semiconductors by licensees. (No. 22-cv-1146, D.I. 1 ("Arm's Compl."), ¶¶ 1-2, Fung Decl., Ex. 4.) Qualcomm is a major semiconductor manufacturer, and has an architecture license agreement ("ALA") with Arm. (*Id.* ¶ 26.) Nuvia, a 2019 startup focused on designing semiconductors for the server market, similarly had an ALA with Arm, which required Arm's consent to any assignment of Nuvia's ALA, including via acquisition. (*Id.* ¶ 20.)

In 2021, Qualcomm purchased Nuvia for $1.4 billion. (*Id.* ¶ 28.) Because Arm did not consent to the assignment of Nuvia's ALA via the acquisition, Arm terminated Nuvia's ALA in 2022. (*Id.* ¶¶ 36-37, 39.) The termination provisions of Nuvia's ALA required Qualcomm and Nuvia to stop using and destroy the technology developed under the Nuvia ALA. (*Id.* ¶ 3.) But they did not do so. (*Id.*)

Accordingly, on August 31, 2022, Arm filed a complaint alleging that Qualcomm and Nuvia breached the termination provisions of the Nuvia ALA by failing to discontinue and destroy technology developed under the now-terminated Nuvia ALA. (*Id.* ¶¶ 39-57.) As relief for this breach, Arm seeks specific performance of the Nuvia ALA's termination provisions, requiring Qualcomm to discontinue and destroy its Nuvia-based technology, which is unlicensed following termination of the Nuvia ALA. (*Id.*)

On October 6, 2022, just over a month after Arm filed the original action, Qualcomm sought verification by Arm of its latest Nuvia-based products under Qualcomm's ALA. (Compl. ¶ 52.) Because Qualcomm's Nuvia-based products were unlicensed under the Qualcomm ALA, and instead subject to discontinuance and destruction under the termination provisions of the Nuvia ALA, Arm informed Qualcomm on October 10, 2022, that it would not verify or support the relevant Nuvia-based products. (*Id.*)

Just over two weeks later, on October 26, 2022, Qualcomm served its answer and amended counterclaim in the original action. Qualcomm did not assert a claim for breach of the Qualcomm ALA based on Arm's denial of verification and support, even though Qualcomm's cross-complaint in the original action sought a declaratory judgment regarding Qualcomm's rights under the Qualcomm ALA and an order "requiring Arm to comply with its obligations under Qualcomm's license agreements." (Qualcomm's Redacted Answer and Am. Countercl. ¶¶ 258-259, Prayer for Relief.) Instead, on November 3, 2022, Qualcomm sent correspondence to Arm alleging that Arm had breached the Qualcomm ALA by denying verification of Qualcomm's Nuvia-based technology. (Compl. ¶ 53.)

On November 15, 2022, Arm filed its answer to Qualcomm's counterclaims in the original action. Arm's answer, like its correspondence with Qualcomm, made clear that it would

not provide verification or support for Qualcomm's unlicensed Nuvia-based products, alleging that the Qualcomm ALA limits "Arm's verification, delivery, and support obligations, to chips (1) based on the technology Arm delivered to Qualcomm under that ALA, (2) created at Qualcomm, by Qualcomm engineers and Qualcomm subsidiaries during the period while those entities were subsidiaries of Qualcomm, and (3) licensed subject to the terms of that ALA. None of this is true of the Phoenix core or other designs developed by Nuvia engineers at Nuvia based on the technology and license granted to Nuvia by Arm when Nuvia was a standalone company." (Arm's Redacted Answer to Am. Countercl. at 2.)

Even though Arm's answer plainly put Qualcomm's ALA-based claims at issue, and even though the deadline for amendment was more than four months away, Qualcomm did not amend to assert the claims at issue here. (Redacted Mar. 6, 2024 Order at 5) Instead, on December 5, 2022, Qualcomm sent further correspondence indicating that it believed that Arm was in breach of Qualcomm's ALA. (Compl. ¶ 54.) One day later, on December 6, 2022, Arm responded to Qualcomm's letter and denied that Arm's refusal to provide verification for unlicensed Nuvia-based products was a breach of Qualcomm's ALA. (*Id.* ¶¶ 56-60.) Arm explained that Qualcomm "d[id] not have verification, delivery, or support rights under its ALA applicable to Nuvia-based technologies." (*Id.* ¶ 60.)

Despite receiving unequivocal notice by December 2022 of Arm's position, via Arm's pleadings and correspondence, Qualcomm did not amend to assert claims for breach of section ■ of the Qualcomm ALA, even though there were more than four months remaining before the April 28, 2023, deadline for amendment of pleadings in the original action. (No. 22-cv-1146, D.I. 296 at 2 ("Arm's Redacted Opp. to Deft's Mot. to Amend"), Fung Decl. Ex. 5.)

**B.** **The Court Rejected Qualcomm's Belated Attempt To Add Its Section ▇ Claims A Year Later In The Original Action.**

In February 2024, ten months after the deadline to amend pleadings, and more than a year after Qualcomm was on notice of the Qualcomm ALA issues via Arm's pleadings and correspondence, Qualcomm sought to amend its counterclaims in the original action to include a claim for breach of the Qualcomm ALA based on Arm's refusal to provide verification for Qualcomm's unlicensed Nuvia-based technology. (No. 22-cv-1146, D.I. 279 ("Redacted Mot. to Amend Countercl.") at 1-2, Fung Decl., Ex. 6.) Qualcomm's proposed claims in the original action were nearly identical to those Qualcomm asserts here.

More specifically, the facts Qualcomm alleged in its proposed amended cross-complaint and the complaint here are the same, including: (1) the timing of the correspondence between Qualcomm and Arm regarding Qualcomm's request for verification and support for its Nuvia-based technology; (2) Arm's refusal to provide verification and support for the unlicensed Nuvia-based technology; and (3) Qualcomm's claim that it only discovered the basis for its claims through document discovery and deposition testimony in the original action. (*Compare* Redacted Mot. to Amend Countercl. Ex. 1 ¶¶ 274, 278, 280-293 *with* Compl. ¶¶ 10-14, 50-52, 58-59, 61-69.) Further, the proposed claims in the original action and the claims here cite to the same provisions of Qualcomm's ALA, and seek essentially the same relief. (*Compare* Mot. to Amend Countercl. Ex. 1 ¶ 272 *with* Compl. ¶ 48; *Compare* Mot. to Amend Countercl. Ex. 1 ¶¶ 299 (e), 302-305 *with* Compl. ¶¶ 78 (a), 81-84.)

Arm opposed Qualcomm's proposed amendments in the original action. Arm argued that Qualcomm's delay in asserting its claims was improper and prejudicial, given Qualcomm's knowledge of the basis of its claims for over a year, and the close of fact discovery in the original action months before Qualcomm sought leave to amend. (Arm's Redacted Opp. to Def't's Mot. to

Amend at 3.)

While Qualcomm claimed that it had discovered the underlying facts necessary to assert its proposed claims only at the end of discovery in the original action, Judge Hatcher rejected Qualcomm's assertions, finding that "[t]he facts show otherwise." Judge Hatcher noted that the basis for Qualcomm's claims "was evident to Defendants in late 2022—well before the. . . deadline to amend." (Redacted Mar. 6, 2024 Order at 4.) Judge Hatcher further noted that "Defendants possessed sufficient information to assert their …counterclaim before the April 28, 2023 deadline." (*Id.* at 5.) Judge Hatcher concluded that Qualcomm "did not act diligently," and thus could not show good cause to amend under Rule 16(b)(4) as to its section ▮ counterclaims. (*Id.*)

Qualcomm did not object to the Magistrate Judge's order, appeal the order to the District Court Judge, or otherwise attempt to dispute the Court's findings regarding Qualcomm's failure to diligently pursue its section ▮ claims in the original action. On April 18, 2024, Qualcomm filed this new action, effectively restating the claims that were rejected as untimely in the original action.

## III.    LEGAL STANDARD

Courts may properly determine on a motion to dismiss whether a claim is barred as a compulsory counterclaim that should have been brought in an earlier-filed action. *See Crawl Space Door Sys., Inc. v. White & Williams, LLP,* No. 23-2319, 2024 WL 1554062, at *2 (3d Cir. Apr. 10, 2024) (affirming grant of motion to dismiss compulsory counterclaims plaintiff failed to bring in earlier-filed action); *Goodman Mfg.*, 2014 WL 4954281, at *2 (granting motion to dismiss compulsory counterclaims plaintiff failed to bring in earlier-filed action); *TFII Legacy, LLC v. Lummus Corp*., C.A. No. 19-1309-CFC-SRF, 2019 WL 6895944, at *4-5 (D. Del. Dec.

18, 2019) (recommending dismissal of compulsory counterclaims that plaintiff failed to bring in earlier-filed action).

In considering a motion to dismiss for failure to bring compulsory counterclaims in an original action, courts may take judicial notice of the relevant pleadings, court filings, and procedural rulings on which resolution of the motion turns. *Roche v. Aetna, Inc.*, No. 1:22-cv-00607-NLH-EAP, 2023 WL 3173394, at *3 (D.N.J. May 1, 2023) ("Even in a Rule 12(b)(6) posture . . . a court may consider judicially noticeable facts."); *see also S. Cross Overseas Agencies, Inc. v. Wah Kwong Ship. Grp. Ltd.*, 181 F.3d 410, 413 (3d Cir. 1999).

## IV. ARGUMENT

### A. Courts Routinely Dismiss Compulsory Counterclaims A Party Failed To Bring In An Earlier-Filed Action.

Courts in the Third Circuit and elsewhere have repeatedly held that a party's failure to bring compulsory counterclaims in an earlier-filed action will bar litigation of those claims in a new action. *See Transamerica Occidental Life Ins. Co.*, 292 F.3d 384 at 393.[2] As the Third Circuit has explained, dismissal of claims a party should have brought in an earlier action "effectuate[s] the purpose of Rule 13(a) to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Id.* (internal citations omitted).

Treatises similarly confirm that a party's failure to assert a compulsory counterclaim in

---

[2] *See also Insignia Disposal Servs., LLC v. Hrebenar*, C.A. No. 23-1722, 2023 WL 6520501, at *9 (E.D. Pa. Oct. 4, 2023); *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, No. 99-CV-1115, 2000 WL 14654, at *4 (N.D.N.Y. Jan. 7, 2000), *aff'd*, 233 F.3d 697 (2d Cir. 2000); *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, No. 08-cv-832 (GPM), 2009 WL 2431993, at *5 (S.D. Ill. July 31, 2009); *Servian v. Health Data Scis. Corp.*, C.A. No. 92-2693, 1992 WL 174705, at *3 (E.D. Pa. July 21, 1992); *McNeil Nutritionals, LLC v. Sugar Ass'n*, C.A. No. 05-69 GMS, 2006 WL 8454231, at *1 (D. Del. Mar. 29, 2006); *Morgan v. Scott*, 83 F. Supp. 3d 616, 624 (D. Del. 2015).

an earlier-filed action bars the party from asserting that claim in a subsequent action, based on both the compulsory counterclaim doctrine and claim preclusion. *See* 6 Fed. Prac. & Proc. Civ. § 1409 (3d ed.) ("Perhaps the most important characteristic of a compulsory counterclaim is that it must be asserted in the pending case. A failure to do so will result in its being barred in any subsequent action, at least in the federal courts."); 3 Moore's Federal Practice - Civil § 13.10 (2024) ("Claim preclusion bars subsequent suit on counterclaim if not pleaded").

"Compulsory" counterclaims include claims that "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The operative question in determining if a claim is a compulsory counterclaim is whether it "bears a logical relationship to an opposing party's claim." *Transamerica Occidental Life Ins. Co.*, 292 F.3d 384 at 389 (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)). "The concept of a 'logical relationship' has been viewed liberally to promote judicial economy." *Id.* at 389–90.

**B.     Qualcomm's Claims In This New Action Were Compulsory Counterclaims In The Original Action Between The Parties.**

Qualcomm's claims in this new action arise out of the same transaction and occurrence as, and bear more than a logical relationship to, the claims in the original action.

First, Qualcomm's claims in the new action arise out of the same contract as Qualcomm's claims in the original action—the Qualcomm ALA. In the original action, Qualcomm sought declaratory judgment that its "architected cores" are "licensed under Qualcomm's ALA" (Qualcomm's Redacted Answer and Am. Countercl. ¶ 259), and Arm sought declaratory judgment that Qualcomm's use of the unlicensed Nuvia-technology was subject to the now-terminated Nuvia ALA, rather than the Qualcomm ALA. (Arm's Compl. ¶ 79.) In this new action, Qualcomm's claims are again based on the Qualcomm ALA, with the complaint

repeatedly citing provisions of the Qualcomm ALA. (*See, e.g.,* Compl. ¶¶ 48, 83.)

"Courts have consistently found that counterclaims based on a contract are compulsory in actions relating to the same contract." *Skyline Steel, LLC v. Pilepro, LLC*, No. 13-cv-8171 (JMF), 2015 WL 999981, at *5 (S.D.N.Y. Mar. 5, 2015); *Lenovo (United States) Inc. v. Interdigital Tech. Corp.*, C.A. No. 20-493-LPS, 2021 WL 1123101, at *8 (D. Del. Mar. 24, 2021) (A "breach of contract claim, is logically related to [a] claim for a declaratory judgment that [a party] did *not* breach the same contract") (emphasis in original); *Amoco Oil Co. v. McMahon,* No. 98-cv-1625, 1999 WL 116290, at *7 (E.D. Pa. Mar. 1, 1999) ("[W]hen the same contract serves as the basis for both the claims and the counterclaims, the logical relationship standard ... has been satisfied.") (internal citations omitted).[3] Treatises similarly confirm that "[w]hen the same contract serves as the basis for both the claims and the counterclaims, the logical-relationship standard also has been satisfied[.]" § 1410.1 Compulsory Counterclaims— The Transaction or Occurrence Requirement: Illustrative Cases, 6 Fed. Prac. & Proc. Civ. § 1410.1 (3d ed.). Accordingly, Qualcomm's claims in this new action indisputably have a logical relationship to the claims in the original action.

Second, Qualcomm's claims in this new action involve the same underlying facts and contractual issues as the original action, as the pleadings in the original action make clear. There, Qualcomm sought a declaratory judgment regarding its rights under the Qualcomm ALA, and an order "requiring Arm to comply with its obligations under Qualcomm's license agreements."

---

[3] *See also Servian v. Health Data Scis. Corp.*, C.A. No. 92-2693, 1992 WL 174705, at *3 (E.D. Pa. July 21, 1992); *Lance Int'l Ltd. v. Menominee Paper Co.*, No. 98-cv-2229, 1998 WL 464901, at *1 (E.D. Pa. Aug. 5, 1998); *RPV, Ltd. as Tr. for Vill. Tr. v. Netsphere, Inc.* 771 F. App'x 532, 535 (5th Cir. 2019) ("The claims in this case revolve around the parties' compliance with the same settlement agreement disputed in *Netsphere I*. As such, they are compulsory counterclaims under Federal Rule of Civil Procedure 13(a)."); *Brooks v. Valley Day Sch.*, C.A. No. 14-5506, 2015 WL 4770759 (E.D. Pa. Aug. 12, 2015.)

(Qualcomm's Redacted Answer and Am. Countercl., ¶¶ 258-259, Prayer for Relief.) In response, Arm alleged that "Arm has no obligation to support Qualcomm's further attempts to continue developing unlicensed technology originally developed at Nuvia using Arm's architecture," and that "Qualcomm's ALA with Arm expressly excludes any license to Arm technology that was not developed under that specific ALA." (Arm's Redacted Answer to Am. Countercl. at 2.) This is the very issue on which Qualcomm bases its breach of contract claim, alleging (erroneously) that Arm has failed to comply with its obligations under the Qualcomm ALA, an issue Qualcomm itself pleaded in the original action.[4] (*See* Compl. ¶ 83 ("ARM failed to fulfill its obligation under section ■ of the Qualcomm ALA because it intentionally withheld from Qualcomm certain ARM Technology …used for verification.").) Accordingly, Qualcomm's claims in this new action obviously were compulsory counterclaims in the original action. *Hercules Inc. v. Dynamic Exp. Corp.*, 71 F.R.D. 101, 109 (S.D.N.Y. 1976) (concluding "that counterclaims one through four are compulsory counterclaims" because "[t]hey not only arise out of the same contract as plaintiffs' claim for relief, but are based on the same incidents as give rise to that claim").

**C.      Qualcomm Confirmed Its Claims Here Were Compulsory Counterclaims By Trying To Bring Them In The Original Action.**

In the original action, Qualcomm sought leave to amend to add counterclaims that are substantially the same as the claims it seeks to assert in this new action. Both sets of claims turn

---

[4] As set forth in Arm's answer in the original case, Qualcomm's claims are inconsistent with the terms of Qualcomm's ALA. Among other things, Qualcomm's ALA does not provide a license for the Nuvia-based technology, Arm does not have any verification obligations under the Qualcomm ALA with respect to the unlicensed Nuvia-based technology, and Qualcomm's claims regarding Arm's denial of "verification" for unlicensed Nuvia-based technology do not implicate the "delivery" provisions of section ■ (*See* Arm's Redacted Answer to Am. Countercl. at 2.)

on (1) Arm's refusal to verify unlicensed Nuvia-based technology (*compare* Redacted Mot. to Amend Countercl. Ex. 1 ¶¶ 274 *with* Compl. ¶¶ 9, 11, 50-52, 58-59); and (2) Qualcomm's allegation that Arm's refusal to verify constitutes a breach of section ■ of the Qualcomm ALA (*compare* Redacted Mot. to Amend Countercl. Ex. 1 ¶¶ 274, 287 *with* Compl. ¶¶ 59, 65). Further, both seek essentially the same relief (*compare* Redacted Mot. to Amend Countercl. Ex. 1 ¶ 299 (e), 302-305 *with* Compl. ¶¶ 78 (a), 81-84), including a request for: (1) declaratory judgment that Arm breached the Qualcomm ALA based on Arm's refusal to verify unlicensed Nuvia-based technology (*compare* Redacted Mot. to Amend Countercl. Ex. 1 ¶ 299 (e) *with* Compl. ¶ 78 (a)); and (2) damages based on Arm's purported breach of section ■ of the Qualcomm ALA (*compare* Redacted Mot. to Amend Countercl. Ex. 1 ¶¶ 291-293, 302-305 *with* Compl. ¶¶ 67-69, 81-84).

By attempting to assert in the original action what are effectively the same claims it seeks to assert in this new action, Qualcomm confirmed that the claims in this new action arose out of the same transaction and occurrence as, and have a logical relationship to, the original action. While the Court rejected Qualcomm's proposed amended counterclaims, it did so because "[Qualcomm] did not act diligently in seeking amendment," could not "show good cause" as to why it did not timely assert the proposed counterclaims, and unduly delayed asserting its counterclaims. (Redacted Mar. 6, 2024 Order at 5.) In contrast, Judge Hatcher's order did not suggest that the claims were permissive or did not arise out of the same transaction and occurrence at issue in the original action.

### D. Qualcomm's Failure To Assert Compulsory Counterclaims In The Original Action Is Not Excused By The Denial Of Leave To Amend.

Numerous courts have held that the bar to asserting compulsory counterclaims in a later-filed action applies even if, as here, the party unsuccessfully sought to add them in an earlier-

filed action. *See Goodman Mfg. Co*, 2014 WL 4954281, at *2; *cf. Fingermates, Inc. v. Nailtiques Cosm. Corp.*, C.A. 95--3427-MLP, 1996 WL 901967, at *3 (D.N.J. Dec. 16, 1996) (confirming denial of leave to amend in an earlier action would bar asserting those claims in a new action); *Perfect Plastics Indus., Inc. v. Cars & Concepts, Inc.*, 758 F. Supp. 1080, 1082 (W.D. Pa. 1991) (confirming denial of leave to amend in an earlier action would bar asserting those claims in a new action). As courts have noted, a party should not be permitted to "circumvent the court's denial of its motion for leave to amend by filing a separate action for the same claims," *Goodman Mfg. Co*, 2014 WL 4954281, at *2, and thereby "eviscerate the implications of Rule 13(a)," *JSM at Tingley, LLC v. Ford Motor Co.*, C.A. No. 11-448, 2011 WL 6934852, at *11, *14 (D.N.J. Dec. 30, 2011) ("Because Plaintiffs never brought their compulsory counterclaims in a timely manner in the Edgewood Action, Plaintiffs are barred from circumventing previous orders by the Court and bringing those same claims in the present action.").

Similarly, courts have held that the claim preclusion doctrines of collateral estoppel and res judicata bar an attempt to bring compulsory counterclaims in a new action following the denial of leave to amend, even if the original action remains pending. *See Yeransian,*2021 WL 979604 at *6 (D. Del. Mar. 16, 2021)*.* Justice is not served by repetitive litigation, and, as numerous courts have held, "denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *Id.* at *5; *see also, Benckini v. Upper Saucon Twp.*, C.A. No. 07-3580, 2008 WL 2050825, at *5 (E.D. Pa. May 13, 2008); *Moose Mountain Mktg., Inc. v. Alpha Int'l, Inc.*, C.A. No. 03-4035-WGB, 2005 WL 3588491, at *2 (D.N.J. Dec. 29, 2005) (rejecting argument that compulsory counterclaim bar does not apply where original action is still pending, noting that "in *Transamerica* the Third Circuit affirmed the dismissal of a suit on the basis of Rule 13(a) while the action was pending in another

jurisdiction").

Dismissal is particularly appropriate where a party has its own "voluntary actions and inactions" to blame for the required dismissal in a new action, and thus "it would not be manifestly unjust for this court to apply res judicata and the compulsory counterclaim bar." *See Linton v. Whitman*, C.A. No. 08-00548-XR, 2009 WL 2060091, at *9 (W.D. Tex. July 9, 2009) (noting that dismissal was warranted where plaintiffs failed to ask the court in the original action to reconsider the denial of their claims, or to hold that the denial was without prejudice to asserting the claims in another suit); *Sendi v. NCR Comten, Inc*., 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) (a plaintiff's "proper recourse [is] to appeal from the denial of [its] motion to amend" not "file a second lawsuit based on the same facts"); *Kim v. Sara Lee Bakery Grp., Inc*., 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) ("If relief in the First Action is limited by a lack of diligence, or by a strategic, cost-benefit decision…that is not [the Defendant's] fault."). Here, Qualcomm was on notice regarding its section ■ claims in the fall of 2022 and certainly by no later than December 2022, but (1) did not seek leave to add its section ■ claims in the original action until nearly a year after the deadline for amendment; (2) did not object to or appeal the Magistrate Judge's denial of leave to amend based on a finding that Qualcomm was untimely in seeking leave to assert the section ■ claims; and (3) did not seek a ruling expressly exempting the rejection of its proposed claims from the compulsory counterclaim doctrine, let alone obtain an express holding that Qualcomm could bring its untimely claims in a new action despite consistent authority to the contrary.

As courts have explained, the compulsory counterclaim doctrine does not require "courts to weigh the equities," or provide a "'substantial prejudice' exception" to dismissal. *Gestamp Chattanooga*, 2023 WL 4707356, at *4 (E.D. Tenn. July 24, 2023). Instead, "the prejudice from

being unable to prosecute" compulsory counterclaims in a new action "is a feature of Rule 13(a), not a bug." *Id.* Any prejudice that Qualcomm might face in being denied the ability to bring untimely (and baseless) claims "is of its own doing and must give way to the central purpose of Rule 13, that is, to promote the judiciary's interest in avoiding competing rulings and jury trials on the same legal and factual issues." *Id.*

## V.    CONCLUSION

For the reasons discussed above, the Court should dismiss this action with prejudice.

Dated: June 12, 2024

OF COUNSEL:

Daralyn J. Durie
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7600
ddurie@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
Kyle D. Friedland
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4092
kmooney@mofo.com
kfriedland@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


     /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2024, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Madalyn G. Vaughn
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
mvaughn@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
 Anne Shea Gaza (No. 4093)
 Robert M. Vrana (No. 5666)
 Samantha G. Wilson (No. 5816)
 Rodney Square
 1000 North King Street
 Wilmington, DE 19801
 (302) 571-6600

agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Arm Holdings PLC f/k/a Arm Ltd.*