## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, <br><br> Defendant. | C.A. No. 24-490-MN <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT ARM HOLDINGS PLC.'S ANSWER AND DEFENSES TO PLAINTIFFS QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.'S COMPLAINT

Defendant Arm Holdings plc. ("Arm") hereby submits its Answer and Defenses to the Complaint of Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Qualcomm").

### PRELIMINARY STATEMENT

Qualcomm's claims are baseless. Arm has no obligations under the Architecture License Agreement ("ALA") between Arm and Qualcomm with respect to unlicensed Nuvia-based technology. Instead, that technology is subject to an independent obligation requiring Qualcomm to discontinue and destroy the Nuvia-based technology used in its Oryon designs and its Snapdragon X products.

*First*, the relevant Nuvia-based technology—which Qualcomm has improperly incorporated into products like the Snapdragon X chips—is subject to discontinuance and destruction pursuant to an express, independent obligation under the termination provisions

of the now-terminated ALA between Arm and Nuvia. Qualcomm's ALA is simply irrelevant given this independent obligation, because Arm had and has no obligations under the Qualcomm ALA with respect to Nuvia-based technology that Qualcomm was required to discontinue and destroy in March 2022, following termination of the Nuvia ALA.

*Second*, Qualcomm's ALA provides a license only for technology developed under that ALA, based on technology Arm delivered to Qualcomm under that ALA. Importantly, Qualcomm's ALA does not provide a license to technology developed under the Nuvia ALA, based on technology Arm delivered to Nuvia under the Nuvia ALA. And the Qualcomm ALA limits Qualcomm's rights, and Arm's obligations, to cores licensed under the Qualcomm ALA, based on technology delivered by Arm to Qualcomm under the Qualcomm ALA. Arm thus has no obligations under the Qualcomm ALA with respect to Qualcomm's unlicensed Nuvia-based Oryon cores and related products like Snapdragon X, which incorporate unlicensed designs and code developed under the now-terminated Nuvia ALA.

*Third*, the information requested by Qualcomm that is the purported basis for Qualcomm's suit does not implicate the delivery provisions of the Qualcomm ALA, but instead falls within the ALA's verification provisions. As Qualcomm admits, Arm made clear in its December 6, 2022, letter that "[n]o failure of delivery has occurred." Accordingly, there is no basis for a claim implicating the specific remedy Qualcomm seeks.

*Fourth*, because Qualcomm was aware of the purported basis for its baseless claims more than two years ago, its claims are barred by waiver, laches, estoppel, and the compulsory counterclaim doctrine. As Qualcomm admits, Arm expressly stated in its December 6, 2022, letter that Qualcomm "does not have verification, delivery, or support

2

rights under its ALA applicable to Nuvia-based technology like the design for which Qualcomm improperly seeks" verification. Yet Qualcomm did not pursue, or otherwise raise, its claims for more than a year, despite engaging in active litigation regarding its failure to comply with the termination provisions of the Nuvia ALA.

## ANSWER

Arm further answers the Complaint as follows, and except as expressly admitted below, Arm denies each and every allegation of the Complaint:

1.      In answer to paragraph 1, Arm denies that it is attempting to strong-arm Qualcomm into renegotiating the financial terms of the parties' license agreements. Arm lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph and on that basis denies them.

2.      Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Qualcomm is trying to retain the benefit of unlicensed technology, which is subject to discontinuance and/or destruction obligations.

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the "license

agreement between ARM and NUVIA"—that is, the Nuvia ALA—and the Qualcomm ALA, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the lawsuit, which speaks for itself and belies Qualcomm's allegations. Arm otherwise denies the allegations in this paragraph.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the lawsuit and Arm's licenses with Qualcomm, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph, at least because Arm has licenses to input and feedback provided by Nuvia under the Nuvia ALA and the Nuvia Technology License Agreement ("TLA").

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support and maintenance for the unlicensed Nuvia technology.

10.      Arm denies the allegations in paragraph 10, at least because Qualcomm's ALA does not cover the unlicensed Nuvia technology, Arm did not withhold deliverables under the plain language of the ALA, and Qualcomm was on notice in the fall of 2022 that

Arm would not provide support and maintenance for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

11.    In answer to paragraph 11, Arm respectfully refers the Court to its letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

12.    In answer to paragraph 12, Arm respectfully refers the Court to its letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

13.    Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

14.    Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph, at least because Arm had no breach to cure.

15.    Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA and TLA, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

16.    Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph. Further, the

specific remedy Qualcomm seeks does not apply, because Arm did not withhold deliverables under the plain language of the ALA, which also does not cover the unlicensed Nuvia technology.

17.     Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph.

18.     In answer to paragraph 18, Arm admits that Qualcomm Incorporated is a Delaware corporation with its principal place of business in San Diego, California. Arm admits that Qualcomm has developed and commercialized products related to wireless technologies and has been involved in 3G, 4G, and 5G mobile communication standards. Arm lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph and on that basis denies them.

19.     In answer to paragraph 19, Arm admits that Qualcomm Technologies, Inc. is a wholly owned subsidiary of Qualcomm Incorporated and a Delaware corporation with a principal place of business in San Diego, California. Arm lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph and on that basis denies them.

20.     Arm denies that Arm Holdings plc. was formerly known as Arm Ltd. Arm otherwise admits the allegations in paragraph 20.

21.     Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

22.     Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits that venue is proper in this Judicial District.

23.     In answer to paragraph 23, Arm admits that it develops and licenses technology for processors used in a variety of different products, including, but not limited to, servers, mobile phones, and cars. Arm denies the remaining allegations in paragraph 23.

24.     In answer to paragraph 24, Arm admits that at least some of its ALAs grant licensees the right to design their own custom central processing units ("CPUs") that can execute ARM's instruction set architecture ("ISA"), as well as the right to design and distribute products incorporating such CPUs, but denies the suggestion that all Arm ALAs grant uniform rights. Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm denies the remaining allegations in this paragraph.

25.     Arm admits that CPU cores may be particular components of SOCs, and that SOCs are integrated circuits that can be used in cellular phones, computers, and other devices. Arm also admits that a core or CPU can perform processing within the SOC. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

26.     In answer to paragraph 26, Arm admits that an ISA is part of the abstract model of a computer that specifies how the CPU interacts with software. Arm admits that applications and software that conform to an ISA's specifications can generally be run on a CPU that is based on the ISA, regardless of who has designed or manufactured the hardware. Arm admits that the Arm ISA allows for compatibility of applications and software, as Arm-based products can receive the same inputs (instructions) and, for each of those inputs, determine and output the proper result. Arm admits that application and

software developers create their products to be compatible with particular ISAs. Arm denies the remaining allegations in this paragraph.

27.    In answer to paragraph 27, Arm admits that an ISA is part of the abstract model of a computer that specifies how the CPU interacts with software. Arm admits that the Arm ISA allows for compatibility of applications and software, as Arm-based products can receive the same inputs (instructions) and, for each of those inputs, determine and output the proper result.  Arm denies the remaining allegations contained in paragraph 27.

28.    In answer to paragraph 28, Arm admits the allegations in the first sentence of paragraph 28. Arm denies that micro-architectural know-how and expertise required to build a CPU is not related to the ISA. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

29.    In answer to the first sentence of paragraph 29, Arm admits that a CPU developer developing a custom CPU generally designs the core to meet the requirements of the relevant architecture. Arm lacks sufficient knowledge or information to form a belief about the truth of the second and third sentences of this paragraph and on that basis denies them.

30.    In answer to paragraph 30, Arm admits the allegations in the first, second, and fourth sentences of paragraph 30, but denies the suggestion that ALA licensees develop custom processor cores without significant support from Arm. Arm further respectfully refers the Court to its August 21, 2023, Registration Statement, which speaks for itself.

31.    In answer to the first sentence of paragraph 31, Arm admits that Arm TLAs allow the use of specific "off-the-shelf" Arm processor core designs with only minor

modifications. Arm denies the remaining allegations in this sentence. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

32.     In answer to paragraph 32, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

33.     In answer to paragraph 33, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

34.     In answer to paragraph 34, Arm admits that Qualcomm develops SOCs used in different technologies. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

35.     In answer to paragraph 35, Arm admits that Qualcomm first entered into a license agreement with Arm in 1997. Arm further respectfully refers the Court to its Registration Statement, which speaks for itself. Arm denies the remaining allegations in this paragraph.

36.     In answer to paragraph 36, Arm admits that, on May 30, 2013, Qualcomm and Arm Ltd. (which is a wholly owned subsidiary of Arm Holdings plc.) entered into the Qualcomm ALA and a related annex, which speak for themselves, and on June 23, 2020, Qualcomm and Arm Ltd. entered into an additional annex, which speaks for itself.

37.     The first and second sentences of paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA and related annexes, which speak for themselves. Arm

denies the remaining allegations in the first and second sentences of paragraph 37. Arm admits the allegations in the third sentence of paragraph 37.

38.     Arm denies the allegations in paragraph 38.

39.     In answer to paragraph 39, Arm respectfully refers the Court to its Initial Phase 2 Submission, which speaks for itself. Arm denies the remaining allegations in this paragraph.

40.     In answer to paragraph 40, Arm admits that Qualcomm is an Arm licensee and pays license fees and royalties to Arm under the Qualcomm ALA. Arm denies the remaining allegations in this paragraph.

41.     In answer to paragraph 41, Arm admits that in March 2021, Qualcomm acquired NUVIA, a startup focused on developing a custom CPU and SOC, both specifically for use in data centers and servers.

42.     In answer to paragraph 42, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

43.     In answer to paragraph 43, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

44.     In answer to paragraph 44, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

45.     Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph.

46.     Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

47.     Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself.

48.     Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

49.     Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph. Further, the specific remedy Qualcomm seeks does not apply, because Arm did not withhold deliverables under the plain language of the ALA, which also does not cover the unlicensed Nuvia technology.

50.     Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

51.     Arm denies the allegations in paragraph 51.

52.    In answer to paragraph 52, Arm respectfully refers the Court to its correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm has no obligations under the Qualcomm ALA with regard to unlicensed Nuvia technology.

53.    Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to Qualcomm's letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

54.    Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA and Qualcomm's letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology. Arm further denies the allegations in this paragraph.

55.    Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

56.    In answer to paragraph 56, Arm admits that it sent a letter to Qualcomm dated December 6, 2022. Arm otherwise denies the allegations in this paragraph.

12

57.     In answer to paragraph 57, Arm respectfully refers the Court to its correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

58.     In answer to paragraph 58, Arm respectfully refers the Court to its correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

59.     In answer to paragraph 59, Arm respectfully refers the Court to its correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm would not provide support and maintenance for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

60.     In answer to paragraph 60, Arm admits that its correspondence speaks for itself. Arm otherwise denies the allegations in this paragraph.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm would not provide support and maintenance for the unlicensed Nuvia technology.

62.     In answer to paragraph 62, Arm respectfully refers the Court to the Court's March 5, 2024 hearing transcript, March 6, 2024 Order, and the October 2022 email chain,

which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

63.    Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Court's March 6, 2024 Order and Mr. Agrawal's testimony and documents, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

64.    In answer to paragraph 64, Arm respectfully refers the Court to the Qualcomm ALA and Annex 1, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

65.    Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

66.    In answer to paragraph 66, Arm respectfully refers the Court to its letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm would not provide support and maintenance for the unlicensed Nuvia technology, as the Court confirmed in denying

Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

67.     Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

68.     Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

69.     Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

70.     In response to paragraph 70, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

71.     In response to paragraph 71, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm denies the remaining allegations in this paragraph.

72.     Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA,

and Qualcomm's ALA does not cover the unlicensed Nuvia technology. Further, the specific remedy Qualcomm seeks does not apply, because Arm did not withhold deliverables under the plain language of the ALA, which also does not cover the unlicensed Nuvia technology.

73.    Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph. Further, the specific remedy Qualcomm seeks does not apply, because Arm did not withhold deliverables under the plain language of the ALA, which also does not cover the unlicensed Nuvia technology.

74.    Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

75.    Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Arm did not breach that Qualcomm ALA.

76.    Arm denies the allegations in paragraph 76.

## COUNT I

### (Declaratory Judgment)

77.    In answer to paragraph 77, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–76 as if fully set forth herein.

78.    In answer to paragraph 78, Arm:

    a.  is not required to respond to sub-paragraph (a) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph. Further, Arm did not withhold

deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

b.  is not required to respond to sub-paragraph (b) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph, at least because Arm did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, because Arm did not withhold deliverables under the plain language of the ALA, which also does not cover the unlicensed Nuvia technology.

c.  is not required to respond to sub-paragraph (c) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

79.     Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, because Arm did not withhold deliverables under the plain language of the ALA, which also does not cover the unlicensed Nuvia technology.

80.     Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

## COUNT II

### (Breach of the Qualcomm ALA)

81.     In answer to paragraph 81, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–80 as if fully set forth herein.

82.    Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits that the Qualcomm ALA is a valid, binding contract.

83.    Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

84.    Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the plain language of the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

85.    Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm has no obligations under the Qualcomm ALA with regard to unlicensed Nuvia technology.

86.    Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

87.    Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, because Arm did not withhold deliverables under the plain language of the ALA, which also does not cover the unlicensed Nuvia technology.

88.     Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Qualcomm's Prayer for Relief contains legal conclusions to which no response is required. To the extent that a response is required, Arm denies that Qualcomm is entitled to any of the relief it seeks in its prayer for relief.

## JURY DEMAND

Pursuant to D. Del. LR 38.1 and Fed. R. Civ. P. 38, Arm hereby demands a TRIAL BY JURY of all claims and issues presented in Qualcomm's Complaint that are so triable.

## DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Arm asserts the following defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE

### (Failure to State a Claim)

Qualcomm fails to state a claim upon which relief can be granted. Under the Qualcomm ALA, Arm has no obligation to provide, and Qualcomm has no right to seek, verification for unlicensed technology developed under the now-terminated Nuvia ALA. Instead, the unlicensed Nuvia-based technology is subject to an independent obligation requiring discontinuance and destruction regardless of the Qualcomm ALA. The license under the Qualcomm ALA is limited to specific, defined technology delivered by Arm to Qualcomm under the Qualcomm ALA, and, contrary to Qualcomm's assertions, does not

extend to any other Arm technology, like the technology delivered by Arm to Nuvia under the Nuvia ALA.

The Qualcomm ALA limits Qualcomm's rights, and Arm's obligations, to designs based on technology Arm delivered to Qualcomm under that ALA, rather than some other ALA, and developed under the licenses in the Qualcomm ALA, rather than some other ALA. None of this is true of the Phoenix core or other designs developed under the Nuvia ALA based on the technology delivered and licenses granted by Arm to Nuvia under the Nuvia ALA, when Nuvia was a standalone company. Arm thus has no obligations under the Qualcomm ALA with respect to that technology, which is instead subject to independent discontinuance and destruction obligations that apply to Qualcomm's Oryon designs and related Snapdragon X products incorporating that technology. And Qualcomm has failed to provide appropriate notice for the alleged breach.

## SECOND DEFENSE

### (Waiver/Estoppel/Laches/Acquiescence)

Qualcomm's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or acquiescence. Qualcomm was aware of the purported basis for its claims as early as October 10, 2022. And Arm expressly stated in its November 15, 2022, response in the original Delaware litigation to enforce the Nuvia termination provisions that Qualcomm is not licensed to use Arm technology developed under the now-terminated Nuvia ALA. (*Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN, D.I. 21 (Nov. 15, 2022), (Arm's Redacted Answer to Defs.' Am. Countercls.).) Yet Qualcomm did not pursue its claims until well over a year later, despite engaging in active litigation against Arm regarding the Nuvia termination provisions barring use of Nuvia-based technology. By

delaying its assertion of the claims in this action, Qualcomm waived its claims, acquiesced to Arm's position, is estopped from bringing these claims, and is barred by the doctrine of laches. And Qualcomm has failed to provide appropriate notice for the alleged breach.

## THIRD DEFENSE

### (Unclean Hands)

Qualcomm's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. As set forth in Arm's action to enforce the termination obligations of the Nuvia ALA, in violation of the Nuvia contract and in violation of law, Qualcomm induced Nuvia to materially breach the Nuvia ALA by acquiring Nuvia without Arm's consent to the assignment of the Nuvia ALA. Qualcomm continues to attempt to benefit from its improper acquisition of Nuvia technology and the related material breach of the Nuvia ALA by wrongly insisting that the unlicensed Nuvia technology is licensed under the Qualcomm ALA, and seeking to enforce verification obligations as to that unlicensed technology. Those obligations under the Qualcomm ALA, however, apply only to technology developed using technology delivered by Arm to Qualcomm under the Qualcomm ALA, unlike the Nuvia technology developed using Arm technology delivered by Arm to Nuvia under the now-terminated Nuvia ALA. Qualcomm has acted wrongfully in seeking to reap the benefits from technology developed under the now-terminated Nuvia ALA, improperly transferring technology developed under the Nuvia ALA to Qualcomm, combining Nuvia and Qualcomm workstreams and personnel, while ignoring the obligations under the Nuvia ALA to discontinue and destroy the unlicensed Nuvia technology.

## FOURTH DEFENSE

### (Limits on Damages)

The Qualcomm ALA limits the damages available for the alleged breach in a variety of ways, including barring the recovery of particular types of damages for alleged breaches, and specifying sole and exclusive remedies for certain breaches.

## FIFTH DEFENSE

### (Compulsory Counterclaims/Res Judicata/Collateral Estoppel)

Qualcomm's claims are barred, in whole or in part, by the doctrines of compulsory counterclaims, res judicata, and/or collateral estoppel. Qualcomm's claims in this new action arise out of the same transaction and occurrence at issue in the action styled *Arm Ltd. v. Qualcomm Inc., et al*., C.A. No. 22-1146-MN (D.I. 295), and share a logical relationship with that action, because they (1) rest on one of the contracts at issue in the original action, and (2) arise from allegations of breach set forth in the original action. More specifically, Arm expressly stated in its November 15, 2022, response in the Delaware litigation that Qualcomm's ALA does not cover the unlicensed Nuvia technology developed under the now-terminated Nuvia ALA. Yet Qualcomm failed to timely assert claims against Arm in the earlier-filed action in this Court, as the Court confirmed by denying leave to amend to add these claims in the original action, based on Qualcomm's failure to assert claims at the time they arose. Accordingly, Qualcomm's claims are barred under the doctrines of compulsory counterclaims, res judicata, and/or collateral estoppel.

Dated: November 13, 2024

OF COUNSEL:

Daralyn J. Durie
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
Kyle D. Friedland
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
(212) 336-4092
kmooney@mofo.com
kfriedland@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2024, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

_Anne Shea Gaza_

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com

rvrana@ycst.com
swilson@ycst.com

*Attorneys for Arm Holdings PLC f/k/a Arm Ltd.*