IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED, <br>   a Delaware corporation; and <br> QUALCOMM TECHNOLOGIES, INC., <br>   a Delaware corporation, <br><br>                 Plaintiffs, <br><br>   v. <br><br> ARM HOLDINGS PLC., f/k/a ARM LTD., <br>   a U.K. corporation, <br><br>                 Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 24-490 (MN) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THEIR
FIRST AMENDED COMPLAINT UNDER SEAL**

Pursuant to the parties' stipulation (D.I. 34, ¶ 1), Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm") respectfully move pursuant to Federal Rules of Civil Procedure 5.2 and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, for an order that their First Amended Complaint against Defendant ARM Holdings PLC f/k/a ARM LTD. ("Arm") be filed under seal. The grounds for this motion are as follows:

    1.    This action arises out of a series of agreements between the parties relating to the licensing of ARM's technologies.

    2.    The agreements contain confidentiality provisions that prohibit Plaintiffs from disclosing "Confidential Information" which is defined to include, *inter alia,* "the terms and conditions" of the agreements.

    3.    The Complaint references and quotes portions of the agreements, as well other information potentially within the scope of "Confidential Information."

4.      The Complaint also references confidential business activities of Plaintiffs under the terms of the agreements.

5.      This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994).  Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access.  *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)).  Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure.").  Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information.  *See LEAP Sys.,* 638 F.3d at 222.

6.      Permitting Plaintiffs to file their First Amended Complaint under seal will preserve the status quo with respect to the parties' rights and obligations under the agreements and protect the confidentiality of the agreements and their terms, including those terms containing sensitive

non-public information, and protect Plaintiffs' confidential and sensitive business activities. These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

7. In accordance with D. Del. LR 5.1.3 and the District of Delaware Administrative Procedures Governing Filing and Service by Electronic Means Section (G)(1), Plaintiffs shall submit a redacted version of their First Amended Complaint within seven (7) days after filing of the sealed First Amended Complaint.

8. Pursuant to D. Del. LR 7.1.1, counsel for Plaintiffs has conferred with counsel for Arm, and Arm does not oppose this motion.

WHEREFORE, Plaintiffs respectfully request that the Court issue an Order in the form attached hereto permitting Plaintiffs to file their First Amended Complaint under seal.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ Jennifer Ying* |
| | _____ |
| Karen L. Dunn | Jack B. Blumenfeld (#1014) |
| William A. Isaacson | Jennifer Ying (#5550) |
| Melissa F. Zappala | Travis Murray (#6882) |
| Ruby J. Garrett | 1201 North Market Street |
| PAUL, WEISS, RIFKIND, WHARTON | P.O. Box 1347 |
|    & GARRISON LLP | Wilmington, DE 19899 |
| 2001 K Street, NW | (302) 658-9200 |
| Washington, DC 20006-1047 | jblumenfeld@morrisnichols.com |
| (202) 223-7300 | jying@morrisnichols.com |
| | tmurray@morrisnichols.com |
| Catherine Nyarady | |
| Erin J. Morgan | *Attorneys for Plaintiffs* |
| Jacob A. Braly | |
| PAUL, WEISS, RIFKIND, WHARTON | |
|    & GARRISON LLP | |
| 1285 Avenue of the Americas | |
| New York, NY 10019-6064 | |
| (212) 373-3000 | |

December 16, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>                Plaintiffs,<br><br>     v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **[PROPOSED] ORDER**

This ___ day of _____ 2024, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. having moved for leave to file the First Amended Complaint in this action under seal, and the Court having determined good cause exists for the requested relief,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     Plaintiffs' Motion for Leave to File the First Amended Complaint Under Seal is GRANTED;

2.     Plaintiffs shall file their First Amended Complaint under seal; and

3.     Plaintiffs shall submit a redline of the First Amended Complaint to the Court's judicial administrator via email.

_____
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 16, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)