THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>                Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 24-490 (MN)<br>)<br>)  **REDACTED – PUBLIC VERSION**<br>)  **Original Filing Date: March 27, 2025**<br>)  **Redacted Filing Date: April 14, 2025**<br>)<br>)<br>)<br>) |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA REGARDING
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

March 27, 2025

Dear Judge Noreika:

Qualcomm's motion for leave to file a Second Amended Complaint ("SAC"), which asserts new claims for Arm's breach of the Qualcomm Technology License Agreement ("QC TLA") and adds further allegations that support claims in the First Amended Complaint ("FAC"), should be granted. The amendment is timely under the Scheduling Order (D.I. 44), and Arm will suffer no prejudice, as the parties are still in the earliest stages of discovery, there is nearly four months until fact discovery closes, and trial is a year away. D.I. 44.

## I.     Background

The FAC asserts that Arm breached the Qualcomm Architecture License Agreement by failing to provide certain technology and information that Arm is required to give to Qualcomm, and further asserts tort and unfair competition claims premised on this conduct and other actions designed to hurt Qualcomm's business. D.I. 36 ¶¶125–132; ¶¶133–159. The SAC seeks to include claims concerning Arm's additional breach of a different contract (the QC TLA) by its refusal to provide license offers at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ of the QC TLA, in violation of ▓▓▓▓▓▓▓▓▓▓ of the QC TLA. Ex. A ¶¶213–226. The SAC also supplements the existing claims in the FAC with additional allegations. *Id.* ¶¶181–188, 204–212.

On March 7, Qualcomm raised on a meet and confer with Arm its planned SAC and provided a redline on March 12.[1] On March 14, Arm stated it opposed, based "at least" on "Qualcomm's delay and prejudice to Arm" but declined to give further details. Ex. C. The parties raised the dispute with the Court on March 14, the deadline for pleading amendments in the Scheduling Order (D.I. 44).

## II.    Qualcomm's Motion for Leave Should Be Granted

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied only in rare circumstances, where there is undue delay or bad faith, where amendments would be futile, or where the opposing party would be prejudiced. *See Foman* v. *Davis*, 371 U.S. 178, 182 (1962); *Shane* v. *Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). None of those circumstances are present here.

**No undue delay.** When a party moves to amend within the deadline set forth in the scheduling order, the proposed amendment is presumptively timely. *See White Winston Select Asset Funds, LLC* v. *Good Times Rests., Inc.*, 2021 WL 4948044, at *2 (D. Del. Oct. 25, 2021) (finding that there was "no delay at all, let alone undue delay" where a party moved to amend before the deadline); *Invensas Corp.* v. *Renesas Elecs. Corp.*, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) ("The fact that the Motion was filed within this deadline, one agreed to by both parties, strongly supports a conclusion that the amendment was not untimely filed."). Here, the scheduling order set a deadline of March 14 (D.I. 44), and Qualcomm timely raised the dispute by that date. In addition to complying with the deadline, Qualcomm has not unduly delayed amending

---

[1] The proposed SAC attached as Exhibit A includes additional edits.

its complaint.

**No bad faith.** Arm has not asserted bad faith, nor could it. First, a timely-filed proposed amendment weighs against a finding of bad faith. *See Trueposition, Inc.* v. *Allen Telecom, Inc.*, 2002 WL 1558531, at *2 (D. Del. July 16, 2002). Second, Arm has not identified (and cannot identify) a "nefarious purpose" or "sinister motive" behind the amendment. *U.S. ex rel. B & R, Inc.* v. *Donald Lane Constr.*, 19 F. Supp. 2d 217, 221 n.6 (D. Del. 1998).

**No prejudice.** To establish prejudice, Arm must show that it was "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel* v. *Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). *See also Kiser* v. *Gen. Elec. Corp.*, 831 F.2d 423, 427–28 (3d Cir. 1987) (party opposing amendment has the burden to prove prejudice). Arm has not specified any prejudice it would suffer because of the amendment.

Here again, an amendment is presumptively nonprejudicial when it is made by the deadline set forth in the scheduling order. *Good Times*, 2021 WL 4948044, at *2 ("Timely filing also suggests that amendment will not prejudice" the defendant); *Invensas*, 2013 WL 1776112, at *3 (timely filing also "strongly supports a conclusion that . . . [an amendment] will not work to unfairly prejudice" the defendant); *Butamax Adv. Biofuels LLC* v. *Gevo, Inc.*, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) (no unfair prejudice where motion to amend was timely filed). Qualcomm's timely filing alone defeats a claim of prejudice.

Moreover, an amendment is not prejudicial where it is made early in the discovery period. *Bechtel*, 886 F.2d at 652 ("[N]o other prejudice will result since neither [Defendant] will be deprived of the chance to present facts or evidence since this case is still in the initial stages of discovery"); *Intell. Ventures I LLC* v. *Toshiba Corp.*, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015) (finding no prejudice in part because "the case is still in its early stages, and fact discovery is not scheduled to close" for several months); *Broadsoft, Inc.* v. *CallWave Commc'ns, LLC*, 2014 WL 12929398, at *2 (D. Del. Sept. 9, 2014) ("A review of the docket shows that the case is in its early stages. There is no significant prejudice to [Defendant]."). Here, the parties are still in the earliest stages of discovery, as Arm has not produced a single document beyond those it produced in the prior case, or even identified its custodians or search terms, and fact discovery is still open for months. Because Arm will enjoy every opportunity to "present facts or evidence" in response to the new allegations in the SAC, *Bechtel*, 886 F.2d at 652, it cannot establish any prejudice from the proposed amendment. *Id.* (noting that prejudice is the "touchstone" for denying an amendment). Qualcomm's proposed amendment should be permitted.

**The amendment is not futile.** "An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or 'advances a claim or defense that is legally insufficient on its face.'" *Intell. Ventures*, 2015 WL 4916789, at *2 (quoting *Koken* v. *GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006)). "Futility is governed by the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6)." *In re PMTS Liquidating Corp.*, 490 B.R. 174, 183 (D. Del. 2013). Arm has not argued futility and there is no basis for it to do so.

*First*, the new breach of contract claims are not futile; the SAC sufficiently pleads each element of Arm's breach of the QC TLA (and Arm has not contended otherwise, Ex. C). *See Jade*

*Fashion & Co. v. Harkham Indus., Inc.*, 177 Cal. Rptr. 3d 184, 192 (Ct. App. 2014) (elements of breach of contract). The existence of the QC TLA and Qualcomm's performance under the QC TLA are not disputed. Ex. A ¶¶3, 127. For breach, Qualcomm pleads that Arm violated ▮▮▮ of the QC TLA. Under that provision, ▮▮▮

▮▮▮. *Id.* ¶¶104–105. Qualcomm has pleaded facts showing that Arm failed to ▮▮▮ for the ▮▮▮, ▮▮▮, and ▮▮▮ cores, which support that Arm failed to meet its obligation under the QC TLA and ▮▮▮ with regard to that obligation. *See id.* ¶¶109–115. Qualcomm also reasonably alleges, based on a commercially unreasonable ▮▮▮, that Arm (1) failed to offer Qualcomm license fees and royalty rates that are ▮▮▮ ▮▮▮. *See id.* ¶¶116–120.

Qualcomm also seeks to plead breach of ▮▮▮ of the QC TLA, which provides that ▮▮▮. *Id.* ¶106. Arm can only modify the ▮▮▮ which Arm had never provided. *Id.* Yet Arm's renewal offers for the ▮▮▮, ▮▮▮, and ▮▮▮ cores ▮▮▮, in violation of ▮▮▮. *Id.* ¶120.

Qualcomm sustained damages in the form of royalties ▮▮▮ while it is ▮▮▮ given Arm's breach of the QC TLA. *Id.* ¶¶ 168, 213–226. And by forcing Qualcomm to develop its products without the ability to license CPUs from Arm at commercially viable rates, Arm made Qualcomm (i) shift additional resources to design custom CPUs; (ii) devote resources to workarounds and product redesign with a different microprocessor, or (iii) consider relying on older, less competitive versions of Arm CPUs Qualcomm licensed, to its competitive detriment. *Id.* ¶¶121–222. Thus, granting leave to add claims for Arm's breach of the QC TLA is not futile.

*Second*, the amendment also supplements Qualcomm's existing claims (*e.g.*, Counts IV–VI). These amendments "merely set forth additional facts" and "simply make [the] allegation more plausible." *Broadsoft*, 2014 WL 12929398, at *1. It is well-established that motions to amend can be brought to "amplify previously alleged claims." *United States v. Teeven*, 1992 WL 683682, at *7 (D. Del. Oct. 27, 1992). *See also* 6 Wright & Miller § 1474 (3d ed. 1998) (a "party may make an amendment to amplify a previously alleged claim or defense."). Qualcomm explained in its opposition to Arm's motion to dismiss (D.I. 64) that its existing claims survive a Rule 12(b)(6) motion. The proposed amendments supplement existing claims to elucidate a fuller scope of Arm's conduct.

3

                      Respectfully,

                      */s/ Jennifer Ying*

                      Jennifer Ying (#5550)

cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)

4