# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | |
|---|---|
| Qualcomm Inc., Qualcomm Technologies, Inc., | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.  24-490 (MN) |
| ARM HOLDINGS PLC., f/k/a ARM LTD., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Phillip Keith Hughes, 8059 S Torring Ct, Sandy, UT 84093-1259, per counsel's agreement to accept service via email: Kyle D. Friedland, kfriedland@mofo.com, Morrison & Foerster LLP, 250 W. 55th St., New York, NY 10019

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Attached Schedule A

| Place: Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K St., NW<br>Washington, D.C. 20006-1047 | Date and Time:<br><br>05/06/2025 9:00 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/22/2025

_CLERK OF COURT_

OR

_____          /s/ Melissa Felder Zappala
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Qualcomm, Inc., Qualcomm Technologies, Inc. , who issues or requests this subpoena, are:

Melissa Felder Zappala, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 2001 K St., NW, Washington, D.C. 20006, mzappala@paulweiss.com (202) 223-7458

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-490 (MN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                              *Server's signature*

                                                     _____
                                                              *Printed name and title*

                                                     _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A – DOCUMENT REQUESTS

You are required to produce documents at the place, date and time specified in the attached subpoena, or at such other time as may be agreed to, in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions). A Protective Order is in place in this action, a copy of which is attached hereto as Attachment A. To the extent You believe this subpoena calls for confidential information, documents, or things, You may produce such information, documents, and things with designations in accordance with the Protective Order in responding to this subpoena.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1.      The requests, as well as the instructions provided below, are subject to and incorporate the following definitions and instructions as used herein, regardless of whether upper- or lower-case letters are used. The definitions and instructions set forth in the Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

2.      "Action," "Litigation" or "Case" means the litigation filed by Qualcomm in the District of Delaware on April 18, 2024, captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN).

3.      "ALA" means Architecture License Agreement, including all amendments and annexes to any such agreement.

4.      "Bloomberg" means Bloomberg News, and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys and all other Persons or entities acting or purporting to act on their behalf, including but not limited to Bloomberg reporter Ian King.

5.      "Breach Letter" means ARM's October 22, 2024 letter to Qualcomm alleging that Qualcomm was in material breach of the ALA between Qualcomm and ARM.

6.      "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.  The term "Communications" also includes, without limitation, all internal Communications (i.e., between any person employed by or affiliated with, or acting on behalf of, You) and external Communications (i.e., between any person employed by or affiliated with, or acting on behalf of You and any Third Party).

7.      "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

8.      "Defendant" and "ARM" mean Defendant ARM Holdings PLC, which is the Defendant in the Action captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN), and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys and all other Persons or entities acting or purporting to act on their behalf.

9.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all Communications, Things, and  "writing[s]," "recording[s]," and "photograph[s]," as

those terms are defined by Federal Rule of Evidence 1001, including, without limitation, electronic or computerized data compilations. A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term. The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box or notebook containing the Document, as well as any index, table of contents, list or summaries that serve to organize, identify or reference the Document.

10.    "Information" means information in any form, including but not limited to documentary, electronic, graphical or tabular, and communicated by any means, including but not limited to, orally, in writing, in a document or via electronic communication.

11.    The words "identify," "identity," and "identification" mean to provide:

    a.    as applied to an individual or Person, the individual's or Person's first and last name; present or last known address and telephone number; present or last known employer, department, role and title; present or last known business address and telephone number; a description of the Person's role; and the specific subject matter about which the Person is knowledgeable;

    b.    as applied to a Document, state the type of Document; date of the Document; names of the individuals who drafted, authored or signed the Document; names of the individuals to whom the Document or a copy thereof was addressed or sent; a summary of the subject matter of the Document; the number of pages of the Document; the present whereabouts of the Document; the name and address of the current custodian; and the Bates number(s), if the Document has been produced; and

c.  as to facts, a statement and complete explanation of each fact, including any and all information considered ancillary or related to the facts disclosed in response to these subpoenas, including but not limited to the circumstances surrounding each fact.

12.    "Party" means any of the Plaintiffs or Defendant in the Action captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN), including Qualcomm Inc., Qualcomm Technologies, Inc., and ARM Holdings PLC.

13.    "Person" means any natural person or any business, legal, governmental or regulatory entity or association.

14.    "Plaintiffs" means, collectively, Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc., Plaintiffs in the Action captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN), and their principals, employees, representatives, agents, and officers.

15.    "Qualcomm" means collectively Qualcomm Inc. and Qualcomm Technologies, Inc., and their principals, employees, representatives, agents and officers.

16.    ███████████████████████████ and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys and all other Persons or entities acting or purporting to act on their behalf.

17.    "Third Party" or "Third Parties" means any Person other than Plaintiffs and Defendant, as defined in the foregoing paragraphs.

18.    "You" and "Your" means you and your successors, affiliates, assignees, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on Your behalf.

4

19.     As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

## INSTRUCTIONS

For a statement of Your obligations in producing documents under this subpoena, see Rule 45 of the Federal Rules of Civil Procedure, which appears on the reverse side of the subpoena.

1.     Where an objection is made to any discovery request or sub-part thereof, the objection shall state with specificity all grounds for the objection.

2.     Objection to production of a document is not grounds for refusing to produce other documents called for by the request, the production of which is not objected to.  If You object to the production of one or more documents, You shall identify in detail the document(s) whose production is objected to, state the legal grounds for the objection and produce all other documents for which no objection is made.

3.     All documents should be produced as they are maintained in the ordinary course of business, including in the sequence in which they are ordinarily maintained.

4.     If any requested document cannot be produced in full, produce the remainder and state whatever information, knowledge or belief You have concerning the unproduced portion and the reasons You cannot produce the unproduced portion.

5.     Where a claim of privilege is asserted in responding or objecting to any document request or sub-part thereof,

        a.     in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being

claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

b.    provide the following information in the objection:

1.    for documents: (i) the identities of the author(s), addressee(s) and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

2.    for oral communications: (i) the identity of the person making the communication and the identity of all persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

6.    If any document requested to be identified or produced has been destroyed, provide the following additional information as to each such document: (a) the date of destruction of the document, (b) the reason for the destruction of the document, (c) the identification of the person who destroyed the document and (d) the identification of any person who directed that the document be destroyed.

7.    Where documents in Your possession, custody or control are requested or inquired of, such request or inquiry includes documents in the possession, custody or control of each of Your agents, servants, employees, consultants, directors, officers, representatives and, unless privileged, Your attorneys.

8.      Each document or group of documents produced in response to a document request shall indicate the number of each and every request to which it is responsive.

9.      All documents are to be produced with their original file folders, file jackets, envelopes or covers, or an accurate reproduction thereof.

10.     If an English language version or English language translation of a non-English document exists, both the non-English language document and the English language version or English language translation of the non-English document should be produced.  If a written transcription of an audio and/or video document exists, the written transcription and the audio and/or video document should be produced.

11.     If, in responding to any request for production, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

12.     No request shall be read as limiting any other request.

13.     All requests shall be interpreted as unbounded in time unless otherwise stated.

## <u>REQUESTS FOR PRODUCTION</u>

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and to the extent such Documents are in Your possession, custody or control, You shall make available for inspection or produce the following Documents:

1.      All Documents and Communications related to the Breach Letter or the subject matter therein, including but not limited to:

      (a)  All Communications between You and Defendant related to or concerning the Breach Letter or subject matter therein;

      (b)  All Documents received from Defendant related to or concerning the Breach Letter or subject matter therein;

7

(c) All Documents and Communications related to or concerning Defendant's decision to write the Breach Letter;

(d) All Communications between You and ████ related to or concerning the Breach Letter or subject matter therein;

(e) All Communications between You and ████ related to or concerning the Breach Letter or subject matter therein;

(f) All Documents received from ████ related to or concerning the Breach Letter or subject matter therein;

(g) All Communications between You and ████ related to or concerning the Breach Letter or subject matter therein;

(h) All Communications between You and ████ related to or concerning the Breach Letter or subject matter therein;

(i) All Documents received from ████ related to or concerning the Breach Letter or subject matter therein;

(j) All Communications with ████ related to or concerning the Breach Letter or subject matter therein;

(k) All Communications with ████ related to or concerning the Breach Letter or subject matter therein;

(l) All Documents received from ████ related to or concerning the Breach Letter or subject matter therein;

(m) All Documents and Communications exchanged between You and Bloomberg—including but not limited to communications with Ian King—related to or concerning the Breach Letter or subject matter therein;

(n) All Documents and Communications related to the transmittal or sharing of the Breach Letter or subject matter therein with any Third Parties;

(o) All Documents and Communications related to or concerning any press releases or other statements to Third Parties concerning the Breach Letter or subject matter therein;

(p) All Documents and Communications related to or concerning the decision to share the Breach Letter or subject matter therein with Bloomberg;

(q) All Documents and Communications related to the article written by Bloomberg on October 22, 2024 titled "Arm to Scrap Qualcomm Chip Design License in Feud Escalation," available at: https://www.bloomberg.com/news/articles/2024-10-23/arm-to-cancel-qualcomm-chip-design-license-in-escalation-of-feud?embedded-checkout=true; and

(r) All Communications with ███████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████ related to or concerning the Breach Letter or subject matter therein.

2.      All Documents and Communications related to Qualcomm's alleged breach of the ALA between Qualcomm and ARM.

3.      All Documents and Communications regarding this Action.

4.      All Documents and Communications regarding *ARM Ltd.* v. *Qualcomm Inc., et al.*, C.A. No. 22-1146-MN.

# Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,　　　　　)
　a Delaware corporation; and　　　　　)
QUALCOMM TECHNOLOGIES, INC.,　)
　a Delaware corporation,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　C.A. No. 24-490 (MN)
　　　　　　　　　　　　　　　　　　)
ARM HOLDINGS PLC., f/k/a ARM LTD.,　)　　**JURY TRIAL DEMANDED**
　a U.K. corporation,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　)

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Qualcomm Inc., Qualcomm Technologies, Inc. (collectively "Qualcomm" or "Plaintiffs") and Defendant Arm Holdings PLC ("Arm" or "Defendant") expect discovery in the above-captioned action, including any appeals therefrom (this "Litigation"), to encompass certain information that may constitute proprietary, confidential, commercially sensitive, trade secret, and/or other confidential development, business, or commercial information.  If such information is disclosed or disseminated in an unprotected manner, it may cause substantial harm to Plaintiffs, Defendant, and/or nonparties, including loss of competitive advantage, loss of existing business, and loss of business opportunities.  Accordingly, the Parties, by and between their respective Outside Counsel, HEREBY STIPULATE AND AGREE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, that the following Stipulated Protective Order (the "Protective Order") shall govern the handling of Discovery Material in the Litigation.  Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## **DEFINITIONS**

1.      "Affiliate" means any Third Party that directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, a Party to this Litigation.

2.      "CONFIDENTIAL" means information that constitutes, contains, reveals, or reflects trade secrets or other confidential research, development, business, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(l)(G), including but not limited to: (i) confidential, proprietary, or commercially sensitive information; (ii) any information which is not generally known and which the Producing Party would not normally reveal to Third Parties, would cause Third Parties to maintain in confidence; (iii) any information that the Producing Party believes in good faith is sensitive, or reasonably believes to be protected by a right to privacy under foreign, federal, or state law, a data protection law, or any other applicable privilege or right related to confidentiality or privacy; or (iv) confidential information of a Third Party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party is permitted to produce in this Litigation.  CONFIDENTIAL information includes, but is not limited to, scientific and technical information; financial, budgeting and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information; and includes such confidential and proprietary information about a Third Party, including parents, subsidiaries, and/or other Affiliates.  Provisions of this Protective Order relating to CONFIDENTIAL information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, CONFIDENTIAL information, and all copies, excerpts, and summaries thereof.

3.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means highly sensitive CONFIDENTIAL information, disclosure of which to another Party or Third Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.      "Source Code" means human-readable representations of software, firmware, and integrated circuits.  Source Code includes, but is not limited to, programming language text, symbolic representations of integrated circuits ("Chip-Level Schematics") or graphical depictions of physical configuration of semiconductor material within integrated circuit die or chip ("Integrated Circuit Layouts"), as well as register-transfer level abstraction files ("RTL Files") and transaction-level modeling files ("TLM Files").  Source Code includes, but is not limited to, programming language text in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor ("DSP"), Hardware Design Language ("HDL"), VHDL, or Verilog programming languages.

5.      "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY" means highly sensitive CONFIDENTIAL information that includes Source Code.

6.      "CONFIDENTIAL Discovery Material" means Discovery Material a Designating Party designates as CONFIDENTIAL pursuant to the terms of this Protective Order.

7.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material" means Discovery Material a Designating Party designates as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order.

8.      "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material" means Discovery Material a Designating Party designates as HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order.

9.      "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Litigation, including disclosures, contentions, responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other disclosures made and discovery taken pursuant to the Federal Rules of Civil Procedure and any order of this Court, including Third Party discovery pursuant to Rule 45, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation.  This Protective Order and protections herein shall apply to all Discovery Material.

10.      "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work, who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this Litigation who, at the time of retention: (1) is not an officer, director, or employee of a Party, Affiliate, or Competitor of a Party and (2) is not anticipated to become an officer, director, or employee of a Party, Affiliate, or Competitor of a Party.  Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

11.      "Competitor" means any entity or person that is involved in the development of any custom CPU or SoC for mobile or compute markets that would compete against Plaintiffs' custom Arm-based CPU(s) or SoC(s) for mobile, automotive, IoT, or compute markets.

4

12.     "Outside Counsel" means (i) any attorney from a law firm that has made a formal appearance as counsel of record for a Party in this Litigation and who is not an employee of a Party or of an Affiliate, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

13.     "Party" means a party to this Litigation.

14.     "Challenging Party" means a Party or Third Party that challenges the designation of information or items under this Protective Order.

15.     "Designating Party" means any Party or Third Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY."

16.     "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

17.     "Professional Vendor" means a person or entity that provides litigation support services (e.g., photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium; jury consulting including mock jurors, mock trial coordination) and their employees and subcontractors. Professional Vendors do not include Experts.

18.     "Protective Order" means this Stipulated Protective Order.

19.     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY."

20.     "Receiving Party" means any Party that receives Discovery Material produced or otherwise disclosed by any Producing Party.

21.     "Third Party" means a person or entity that is not a Party.

## SCOPE

22.     The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication that does not violate this Protective Order, including becoming part of the public record through trial or otherwise; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  To the extent there is any dispute regarding the use of Protected Material at trial, the parties shall submit the dispute to the Court for resolution.

## DURATION

23.     Even after final disposition of this Litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Litigation, with or without prejudice; or (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## DESIGNATION

24.    Any Producing Party may designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY information.

25.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Protective Order requires that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY" to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.

26.    A Party or Third Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents,

or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY") to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties. There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Order. Inspection of Discovery Material by any Party shall be conducted by persons eligible under Paragraphs 41 and 42 below.

27.     For documents produced in native format, the Producing Party shall include the appropriate confidentiality designation in the filename, as well as on any slip sheet accompanying the production. Any printed or PDFed copies of such designated documents shall be marked by the Receiving Party at the time of printing/PDFing with the appropriate confidentiality designation to ensure appropriate protection.

28.     Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for thirty (30) days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by Outside Counsel for the Designating Party, but not thereafter unless, before the thirty (30) day period has expired, Outside Counsel for the Producing Party notifies Outside Counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY. Counsel for any Party or Third Party also may designate the transcript or portions thereof to be CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or

8

HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material during the deposition. The appropriate legend described in Paragraph 25 shall be placed on the front of any deposition transcript (and, if recorded, any copies of the recording) containing CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential or highly confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from confidential portions of oral depositions (e.g., involving testimony regarding Protected Material, or the use of such material in the deposition), other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or access Protected Material based on the designation of such Protected Material.

29.     Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses Protected Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures. The filing Party must

include on the cover page of the brief, or other filing, a descriptive legend in substantially the following format: "CONFIDENTIAL - FILED UNDER SEAL" or "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY) - FILED UNDER SEAL." Outside Counsel for the Party filing papers containing, describing, or discussing Protected Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with Paragraph (G)(l) of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, Revised January 2023.  If the filing contains the Protected Material of the Party who did not file the document, within three (3) days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or Parties a proposed public version of the under seal filing, which shall include the filing Party's proposed redactions of any Protected Material.  Within three (3) days after receipt of the proposed public version, Outside Counsel for the non-filing Party shall provide any additional redactions it believes appropriate.  Redacted versions of papers filed under seal may be made publicly available provided that (a) all Protected Material is redacted; and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

30.     Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

31.     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To

avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring in-person or telephonically within seven (7) days of the date of service of notice of the challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

32.     If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion, or otherwise invoke the Court's discovery dispute resolution process.

33.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Neither party shall make frivolous challenges or challenges for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties).  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

### USE OF MATERIALS FROM PRIOR LITIGATION

34.     The provisions of this Order shall also be binding with respect to materials produced by and designated under the Protective Order (D.I. 38) therein by, any Party or Non-Party that produced documents in response to a subpoena in the prior litigation *Arm Ltd v.*

*Qualcomm et al.*, C.A. No. 22-1146 (D. Del.) (the "Prior Litigation"), excluding source code and documents produced from Qualcomm's database of quarantined materials. For the convenience of the parties, and without conceding relevance to the claims or defenses here, the parties have agreed to treat all other materials produced in the Prior Litigation as if they had been produced in this Litigation. This includes treating all such materials designated by any Party under the Protective Order in the Prior Litigation (D.I. 38) therein as if they were "Protected Material" produced with the same designation under this Order.

35.     In light of this agreement, the destruction obligations imposed by paragraphs 67–69 of the Protective Order (D.I. 38) in the Prior Litigation shall not apply to any materials within the scope of this section until the final disposition of this Litigation.

36.     The parties further agree that all depositions conducted in connection with the Prior Litigation can be used in this litigation and that use of those depositions do not count toward the deposition limits set forth in the Scheduling Order. This paragraph shall not apply to portions of any deposition in which the witness discussed or reviewed source code that has not been produced in this litigation. The Parties further agree that any briefing or related materials filed under seal in the Prior Litigation may be referenced in this Litigation without violating the Prior Litigation Protective Order (D.I. 38), but they are not evidence and are not deemed produced in this Litigation.

## ACCESS TO AND USE OF PROTECTED MATERIAL

37.     Protected Material produced by a Party or Third Party may be used by the Receiving Party only for purposes of this Litigation, and shall not be used in any other way, or for any other purpose. Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material shall not participate in amending, drafting, or otherwise affecting the scope of patent specifications or claims before a Patent Office or agency (whether domestic or foreign) of any patent or patent application related to the information disclosed in the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material, from the time of receipt of such material through one (1) year after the date the individual person(s) provides written notice to the Producing Party that said person ceases to have access to the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material as well as any materials that contain or disclose such material, or if access does not cease, one (1) year after termination of this Litigation, as set forth above.  For avoidance of doubt, the foregoing provision applies to pending applications as well as post-grant proceedings.  Unless otherwise permitted in writing between Producing Party and Receiving Party, any Expert retained on behalf of Receiving Party who is to be given access to Producing Party's documents or Protected Material must agree in writing, using the form in Exhibit A, not to perform hardware or software development work or product development work directly or indirectly intended for commercial purposes related to the information disclosed in the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material, which is not publicly known, from the time of first receipt of such material through one (1) year after the date the Expert provides written notice to the Producing Party that said expert consultant ceases to have access to any Protected Material, as well any materials that contain or disclose Protected

13

Material or if access does not cease, one (1) year after termination of this Litigation, as set forth above.

38.    Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material, including Protected Material for purposes other than this Litigation.

39.    At the deposition of any fact witness, unless agreed to by the Designating Party, such witness may be shown Protected Material only if the witness is a current employee of the Designating Party, the Protected Material indicates that the witness authored the Protected Material, or the witness received or reviewed the Protected Material in the ordinary course of business and outside the context of this Litigation.

40.    At the deposition of any corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party on a particular topic or subject area, unless agreed to by the Designating Party, such witness may be shown Protected Material only if the Designating Party is the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6), the Protected Material indicates that an employee or agent of the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6) authored the Protected Material, or the witness received or reviewed the Protected Material in the ordinary course of business and outside the context of this Litigation.

41.    Third parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties and any such Protected Material shall be treated by the Parties in the same manner as the Protected Material produced by a Party.  Third Parties shall have the same rights

and obligations under this Protective Order as Parties and may move the Court to enforce the provisions of this Protective Order.

42.     The Parties acknowledge that Protected Material also may be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the U.S. government export control and economic sanctions laws, such as the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties will abide by U.S. law and applicable regulations governing the disclosure, export, re-export, transfer, or release of any export-controlled Protected Material ("Export Controlled Information") to any destination, person, entity, or end use prohibited or restricted under U.S. law, including obtaining prior U.S. government authorization to the extent required by regulation. The U.S. government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740). Export Controlled Information disclosed in this action will be used only for the purposes of this action. The Producing Party shall be responsible for identifying any Export Controlled Information, and the Receiving Party shall take measures necessary to ensure compliance. This paragraph shall be interpreted consistent with applicable U.S. law and is not intended to contradict such law.

43.     Producing Party's Source Code:

(a)     To the extent that a Producing Party makes Source Code available for inspection by a Receiving Party:

i.     The Producing Party shall make all relevant and properly requested Source Code available electronically and in text searchable form at the offices of Counsel of Record for Producing Party or at a secure facility approved by Producing Party. The Producing Party shall make the Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). Alternatively, solely at the option of the Producing Party, the Producing Party may make such source code available on a Source Code Computer that is networked, in a configuration deemed secure by Producing Party. The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access. To facilitate review of the Source Code at the secure facility, the Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers, a source code comparison tool like Winmerge, and at least one multi-text file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code

Computer by the Producing Party and paid for by the Receiving Party.

ii.    In the event a Producing Party makes Chip-Level Schematics or Integrated Circuit Layouts available for review, the Producing Party shall ensure that the Source Code Computers include software sufficient to allow a user to view such types of Source Code.

(b)    Any Source Code produced in discovery shall be made available for inspection, in its native form and native directory structure as organized and kept in the ordinary course of business allowing it to be reasonably reviewed and searched, during normal business hours (9:00 a.m. to 4:30 p.m. local time, Monday-Friday, excluding holidays) or at other mutually agreeable times, at a mutually agreed upon location.  Upon reasonable notice from the receiving party, which shall not be less than three (3) business days in advance, the supplier shall make reasonable efforts to accommodate the receiving party's request for access to the computer outside of normal business hours.  Following the end of expert discovery, a party is not obligated to make Source Code produced in discovery available for inspection.

(c)    The Source Code Computers shall be equipped to print PDF copies of the Source Code so that the Receiving Party can designate the Source Code for which it would like hard-copy printouts which shall be printed by the Producing Party on watermarked pre-Bates numbered paper after the review.  The Receiving Party may request a reasonable number of pages of Source Code to be printed.  A reasonable number of pages means no more than 500 pages of Source Code, on 8.5" x 11" paper with a font no smaller than Courier 12-point.  The parties agree to negotiate printing beyond these page limits in good faith, should the need arise.  Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts

to counsel for the Receiving Party within seven (7) days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated. Counsel of Record for the Receiving Party may request up to 5 copies of each original printout of Source Code. No more than 500 original printouts of Source Code for any software release or hardware product may be in printed form at any one time, without the express written consent of Producing Party, which shall not be unreasonably denied. All printed Source Code shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph (i) below. No additional electronic copies of the Source Code shall be provided by the Producing Party. Hard copies of the Source Code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. Only printouts of Source Code may be made, and such printouts, where made of programming language text, must include (1) directory path information and filenames from which the Source Code came and (2) line numbers. The Producing Party may refuse to provide copies of Source Code printouts that fail to comply with this section.

(d)    Authorized reviewer(s) in this action shall not print Source Code that has not been reviewed on the Source Code Computer, or in order to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

(e)    Authorized reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room, except as outlined in subparagraph (f). Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or

portable telephone jacks, or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

(f)     If any authorized reviewer(s) reviewing Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the secure room.  In addition to taking notes on bound notebooks, an authorized reviewer may also bring a USB memory device to the secure room, to be inserted into a separate notetaking laptop computer provided by the Producing Party or the Producing Party's vendor.  The notetaking laptop computer shall be configured with Microsoft Word, such that the Reviewing Party can create or modify documents directly on the USB memory device plugged into the notetaking laptop computer.  The Receiving Party shall encrypt any file on the USB memory device that contains confidential material subject to this Protective Order using Microsoft Word's "Encrypt with Password" functionality accessible through the File->Info->Protect Document menu in Microsoft Word.  The Receiving Party's Outside Counsel and/or Experts may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself.  Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, USB memory devices, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(g)     If Source Code is quoted or set forth in a confidential pleading or expert report, the Party including the Source Code will limit the amount of such Source Code to what is reasonably necessary for the party to make its point and will designate such documents as "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY." Absent the Producing Party's consent (which will not be unreasonably withheld), an excerpt of programming language text will not exceed five (5) continuous lines of code, and an excerpt of Chip-Level Schematics or Integrated Circuit Layouts will not exceed five (5) sequential pages of printouts of such material.  Except as approved by the Producing Party in writing, longer excerpts shall not be copied for use in court documents but shall be referred to by citation to production page numbers and lines.  A Receiving Party may not submit copies of Source Code as part of a Court document or exhibits thereto.  Source Code must be submitted *in camera* only.  Instead, a Receiving Party wishing to refer to Source Code in Court documents shall use pin cites to Source Code material submitted *in camera.*  In the event copies of Source Code printouts are used as exhibits in a deposition or trial, printouts shall not be provided to the court reporter, and the further copies of the original Source Code printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.  The original copies of deposition exhibits designated "HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY" will be maintained by the deposing party under the terms set forth in this Protective Order.

(h)     In addition to other reasonable steps to maintain the security and confidentiality of Source Code, printed copies of the Designated Source Code Material maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed or otherwise being transferred as permitted by this Protective Order.

(i)      The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual to whom each hard copy of each Producing Party's Source Code is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Producing Party the log.  In addition, any Expert of the Receiving Party to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were destroyed or returned to the counsel who provided them the information and that they will make no use of the Source Code, or of any knowledge gained from the source code in any future endeavor.

## DISCLOSURE OF PROTECTED MATERIAL

44.      Unless otherwise directed by the Court or authorized in writing by the Designating Party, CONFIDENTIAL Discovery Material may be disclosed by the Receiving Party only to the following persons:

(a)      In-house counsel of the Receiving Party, including paralegals, eDiscovery teams, and secretarial staff, provided that they have signed the "Declaration to be Bound" attached as Exhibit A;

(b)      Any Outside Counsel;

(c)      Contract attorneys retained by a Party's Outside Counsel for the sole purpose of assisting with document review in this Litigation and who shall be subject to the same restrictions as Outside Counsel;

(d)      Any Expert who is expressly retained by any Outside Counsel to assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work, who have signed the

"Declaration to be Bound" attached as Exhibit A and as to whom the procedures set forth in Paragraph 44 have been followed;

(e)     Support personnel for Experts, such as secretaries and clerical staff, assisting with this Litigation under the supervision of the Expert;

(f)     Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation;

(g)     Professional Vendors retained by a Party or Outside Counsel to whom disclosure is reasonably necessary for this action;

(h)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff;

(i)     Personnel of the Court and all appropriate courts of appellate jurisdiction; and

(j)     Any other person with the prior written consent of the Designating Party or by order of this Court.

45.     Unless otherwise directed by the Court or authorized in writing by the Designating Party, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material may be disclosed by the Receiving Party only to the following persons:

(a)     Any Outside Counsel;

(b)     Contract attorneys retained by a Party's Outside Counsel for the sole purpose of assisting with document review in this Litigation and who shall be subject to the same restrictions as Outside Counsel;

(c)     Any Expert who is expressly retained by any Outside Counsel to assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work, who have signed the "Declaration to be Bound" attached as Exhibit A and as to whom the procedures set forth in Paragraph 44 have been followed;

(d)     Support personnel for Experts, such as secretaries and clerical staff, assisting with this Litigation under the supervision of an Expert;

(e)     Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation;

(f)     Professional Vendors retained by a Party or Outside Counsel to whom disclosure is reasonably necessary for this action;

(g)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Protective Order, signed the "Declaration to be Bound" attached as Exhibit A;

(h)     Personnel of the Court and all appropriate courts of appellate jurisdiction;

(i)     Any other person requested with the prior written consent of the Designating Party or by order of this Court who has signed the "Declaration to be Bound" attached as Exhibit A.

46.     CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material shall not be disclosed to persons described in Paragraph 41 (a), (d), (e), or (j) or 42 (c), (d), (g), or (i), unless and until such person has executed

the "Declaration to be Bound" attached as Exhibit A.  Outside Counsel must maintain a copy of the executed Exhibit A for each such person during the Litigation and for one (1) year thereafter.

47.    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, before a Party can disclose to an Expert any Protected Material, Outside Counsel for the Receiving Party: (a) shall serve a notice on the Designating Party identifying such individual by name, business address, business profession, country of citizenship, and including an up-to-date curriculum vitae ("CV") or equivalent resume disclosing the individual's employment history, past or present relationship with any of the Parties and Affiliates, the individual's employment and consulting relationships for the past five (5) years with the dates of the consultancy or employment and a brief description of the subject matter of the consultancy or employment (to the extent such information is not disclosed on the individual's curriculum vitae), all cases in which the individual has testified in a deposition or a trial in the past six (6) years, an indication of whether Outside Counsel for the Receiving Party intends to show the individual CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material, and an executed copy of the "Declaration to be Bound" attached as Exhibit A from the individual to whom the disclosure is to be made; and (b) shall abide by the provisions of Paragraph 34.

48.    With respect to Experts that have not been previously disclosed to the Producing Party, the Designating Party shall have five (5) business days, starting from the first business day following the date upon which the Receiving Party provides the notice and all information regarding the Expert required by Paragraph 44 to the Designating Party, to object for good cause in writing to such disclosure via e-mail to all Outside Counsel.  After the expiration of the five (5) business days, if no objection for good cause has been asserted by the Designating Party, Protected

Material may be disclosed to the Expert pursuant to the terms of this Protective Order.  Any objection by the Designating Party must be made for good cause, and must set forth in detail the grounds on which it is based.  Should the Receiving Party disagree with the basis for the objection(s), the Receiving Party must first attempt to resolve the objection(s) with the Designating Party via a verbal meet and confer.  If the meet and confer efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Designating Party, the parties shall raise the dispute with the Court using the discovery dispute procedures as set forth in the Scheduling Order within three (3) business days.  The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive Protected Material.  Such Protected Material shall not be disclosed to such individual pending the Court's resolution of the dispute.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  The foregoing time periods may be extended or shortened by agreement of the Parties or by Order of the Court.

49.    The recipient of any Protected Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such Protected Material in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such Protected Material.  The recipient of Protected Material produced in electronic form shall maintain such Protected Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraphs 41 and 42, respectively.

50.    Pre-trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect from disclosure Protected Material to persons not authorized to have access to such Protected Material.  Any Party intending to disclose or discuss Protected Material at pretrial

proceedings shall make reasonable efforts to give advance notice to the Producing Party, and shall otherwise treat such Protected Material consistent with the terms of this Protective Order.

## PRODUCING A THIRD PARTY'S PROTECTED MATERIALS

51.     In the event that a Party is required, by a valid discovery request, to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement restricting the ability to produce the Third Party's confidential information, then the Party shall:

(a)     promptly notify in writing the requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party;

(b)     promptly provide the Third Party with a copy of the Protective Order and the relevant discovery request(s); and

(c)     promptly make the information requested available for inspection by the Third Party.

52.     If the Third Party fails to seek a protective order or other relief from this Court within twenty-one (21) days of receiving the notice and accompanying information, the Third Party's confidential information responsive to the discovery request shall be produced, with an appropriate confidentiality designation.  If the Third Party timely seeks a protective order, the Third Party's confidential information responsive to the discovery request shall not be produced before a determination by the Court.  Absent a Court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## EXPERT DISCOVERY

53.     In accordance with Federal Rule of Civil Procedure 26(b), communications and exchanges between counsel and Experts (including testifying Experts), including those made in preparing drafts of expert reports and declarations, are not discoverable unless the Expert relies on

any such communication to support his or her opinion.  In addition, draft expert reports and declarations are not discoverable.  Communications and exchanges between counsel and non-testifying Expert witnesses are not discoverable.  Notes made by Experts for purposes of this Litigation are not discoverable.  Neither Party shall seek discovery of non-discoverable Expert communications, exchanges, notes, or draft reports or declarations.

## NO WAIVER OF PRIVILEGE BY VIRTUE OF DISCLOSURE

54.     The disclosure or production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, or the failure to object to the use of such Privileged Information, whether inadvertent or otherwise, will not waive the applicable privilege and/or protection regardless of the circumstances of the disclosure or production, whether in this Litigation or in any other federal or state proceeding. This provision constitutes an Order under Federal Rule of Evidence 502(d), which shall be interpreted to provide the maximum protection allowed by Rule 502(d), and shall be interpreted consistent with applicable ethical guidelines.  Upon discovery of the production of Discovery Material over which a privilege or protection is claimed, a Producing Party may promptly request the return of such Discovery Material.  The Producing Party must produce a privilege log or amended privilege log for any such Discovery Material within three (3) days of its request for the return of such material.  If the Producing Party claims that only a portion of a Document contains privileged or protected material, the Producing Party shall also provide a new copy or copies of the Document(s) with the relevant material redacted concurrent with the notification, to the extent reasonably practicable.  Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected (the "Identified Materials"):

(a)     the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Identified Materials, unless the parties agree or the Court orders;

(b)     the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Identified Materials that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

(c)     the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) calendar days:

    i.     return, destroy, delete, or sequester, all Identified Materials, and make a good faith effort to return, destroy, delete, or sequester all portions of all analyses, memoranda, or notes that were internally generated based upon the Identified Materials;

    ii.     return, destroy, delete, or sequester, all copies of the Identified Materials in electronic format in databases, production media, or other locations used to store the documents.  For Identified Materials stored on production media, the Receiving Party may load the production, but shall exclude the Identified Materials (thus sequestering them on the production media), or immediately destroy, delete, or sequester them after loading the production.

55.     For purposes of this Order, Identified Materials that are not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) because they are stored by the Receiving Party on backup storage media are deemed to be sequestered.  Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Identified Materials.

56.     The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court of competent jurisdiction as not privileged or protected.

57.     If any Receiving Party has reason to believe that it is in receipt of Privileged Information from a Producing Party, the Receiving Party shall not copy, distribute, or otherwise use such Privileged Information in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials in the manner set forth herein.

58.     Nothing in this Order overrides any ethical responsibilities to refrain from examining, disclosing, or using materials that an attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

59.     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents before the notice was made.

60.     If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court of competent jurisdiction later designates the Identified Materials as not privileged or protected.

61.     If the Receiving Party returning the Identified Materials contests the Producing Party's claim of privilege or other applicable protection, the parties will promptly meet and confer in an attempt to resolve the dispute.  If the parties are unable to resolve the dispute, the Receiving Party may move the Court for an order compelling production of some or all of the Identified Materials:

(a)     The basis for such a motion may not be the fact or circumstances of the production or disclosure or any of the factors listed in FRE 502(b).

(b)     The Producing Party retains the burden, upon the Receiving Party's challenge, of establishing the privileged or protected nature of Identified Materials.

(c)     Pending resolution of the motion, the Receiving Party must not use the contested information in any way, or disclose it to any person, other than those required by law to be served with a copy of the sealed motion.

62.     This Protective Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine.  This agreement also is not intended to waive or limit in any way any party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

63.     Identified Materials under this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

64.     FRE 502(b) is inapplicable to the Identified Materials, which shall receive the maximum protection afforded by FRE 502(d).  Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings.  Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

65.     Notwithstanding the provisions of this Order, Parties may redact from any document, whether Protected Material or not, any information containing privileged material, attorney work product, or any other data protected from disclosure by State or Federal laws or regulations.

## **FAILURE TO DESIGNATE**

66.     The failure by a Producing Party to designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY Discovery Material shall not

be a waiver of such designation provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY promptly after the failure to designate first became known to the Producing Party. The failure by a Producing Party to designate Discovery Material as CONFIDENTIAL, as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or as HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY shall not preclude a Party from seeking relief from the Court at a later date requesting imposition of such designation or challenging the propriety thereof. The Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the Receiving Party shall promptly return or securely destroy all Discovery Material that was not designated properly and certify compliance.

67.     In the event of disclosure of Protected Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose Protected Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for improperly disclosing such Protected Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material, to ensure that no further or greater unauthorized disclosure and/or use thereof is made, to inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and to request such person or persons to execute the "Declaration

to be Bound" attached as Exhibit A.  Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Protective Order.

68.    If the Receiving Party discovers that an unauthorized person or persons has accessed or obtained the Protected Material of another Party, the Receiving Party shall: (1) provide written notice to Producing Party of such breach within three (3) business days of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide Producing Party with assurance reasonably satisfactory to Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach including, but not limited to, the nature of the compromise, the timing of the compromise, the documents compromised, the nature of the unauthorized party, and the data security in place at the time of the compromise.  If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Producing Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.  If the unauthorized access or disclosure of the Protected Material requires notice to individuals, organizations, or regulators under applicable law, then the Receiving Party shall follow the reasonable instructions of the Producing Party regarding such notice at their own cost.

## **DATA SECURITY**

69.    Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but

not limited to: (a) material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Order; (b) any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on encrypted devise(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected with access limited to authorized users, if the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level; and (c) derivations of Protected Material, including any lists, memorandum, indices or compilations prepared or based on an examination of this material, that quote from or paraphrase such Designated material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material.

## DESTRUCTION OF PROTECTED MATERIALS

70. Unless otherwise ordered or agreed in writing by Producing Party, not later than sixty (60) days (as calculated by Fed. R. Civ. P. 6) after the final disposition of this Litigation, each Receiving Party, including Outside Counsel, will use commercially reasonable efforts to destroy all Protected Material produced by the other Parties in this action and destroy or redact any such Protected Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all reasonably accessible copies thereof.

71. With respect to any copy of Protected Material or derivation thereof that remains on back-up tapes and other disaster storage media of an authorized reviewer(s), the Receiving Party shall not be required to delete Protected Material to the extent the systems are overwritten in the normal course of business, are located in electronic files not reasonable accessible, or where

located in archiving and back-up systems where deletion would require more than commercially reasonable efforts. Neither the Receiving Party nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person or otherwise retrieve, access, or use the material for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

72.     Not later than sixty (60) days (as calculated by Fed. R. Civ. P. 6) after the final disposition of this Litigation, the Party receiving any Protected Material shall certify in writing that it, including its Outside Counsel, has complied with its obligations under this Paragraph.

## MISCELLANEOUS PROVISIONS

73.     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

74.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery, and except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

75.     If at any time Protected Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written and email notice pursuant to the provisions of Paragraph 75 and shall provide the Producing Party with an opportunity to object to the production of such materials. Such notification must include a copy of the subpoena

or order.  The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must provide a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  If the Producing Party does not seek a protective order within fifteen (15) days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, the Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request, but not prior to the end of the fifteen (15) day notice period, such material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

76.   Other Proceedings.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE-ATTORNEYS' EYES ONLY, pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have the opportunity to appear and be heard on whether that information should be disclosed.

77.   Outside Counsel shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Protected Material.

78.     All notices during this Litigation required by this Protective Order are to be made by email to a Party's Outside Counsel (including, if available, to Outside Counsel's service distribution email address designated for this Litigation), and all notices subsequent to the termination of Litigation are to be made by email and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel, if known.  The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of service as calculated by Fed. R. Civ. P. 6.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by Outside Counsel for the Designating Party.

79.     Nothing in this Protective Order shall bar or otherwise restrict any Outside Counsel from rendering advice to his or her client with respect to this Litigation and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this Litigation: provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to Protected Material under this Protective Order, the Outside Counsel shall not disclose the contents of Protected Material produced by any other Party or Third Party.

80.     Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any document, communication, or any portion thereof is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

81.     Each person who receives CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

82.     This Order may be amended by the agreement of Outside Counsel for the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  The Court retains the right to allow disclosure of any subject or Protected Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

83.     Neither the final disposition of this Litigation nor the termination of employment of any person with access to any Protected Material shall relieve any individual from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order. The Court shall retain jurisdiction to enforce the terms of the Protective Order after final disposition of this Litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jennifer Ying
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis J. Murray
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

/s/ Robert M. Vrana
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302)   571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

OF COUNSEL:

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweiss.com

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
cnyarady@paulweiss.com
ejmorgan@paulweiss.com
jbraly@paulweiss.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
shaelyndawson@mofo.com

*Attorneys for Plaintiffs*

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

*Attorneys for Defendant*

**SO ORDERED this 21st day of March 2025.**

**The Honorable Maryellen Noreika**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>       Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>) |

## <u>DECLARATION TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____ [print or type full name], a citizen of

_____ [print or type country of citizenship], am a

_____[print or type present occupation or job description] of

_____ [print or type business name

and business address] and declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the

District of Delaware on _____ [date] in the above-captioned Litigation.

I have received and carefully read the Protective Order in this Litigation and understand

its provisions.  Specifically, I understand that I am obligated, under order of the Court, to hold in

confidence and not to disclose the contents of anything provided to me in the above-captioned

case marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" except as permitted by the Protective Order.  According to the restrictions of Paragraph

34 of the Protective Order, I will use Discovery Material, including CONFIDENTIAL Discovery

Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or

information derived therefrom solely for purposes relating to the above-captioned Litigation.  I will never use such Discovery Material or information derived therefrom, directly or indirectly, in competition with the Producing Party, including hardware or software development work or product development work intended for commercial purposes related to the information disclosed in the Protected Material, from the time of receipt of such material through and including the date that I cease to have access to any Protected Material, nor will I permit others to do so.

In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.  At the termination of this Litigation or any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material that have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Date:_____

Signature:_____