**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

**NONPARTY BROADCOM INC.'S MOTION FOR LIMITED INTERVENTION UNDER
FEDERAL RULE OF CIVIL PROCEDURE 24**

    Nonparty Broadcom Inc. ("Broadcom") moves under Rule 24 of the Federal Rules of Civil Procedure to intervene in this action for the limited purpose of filing a motion for a protective order.  Fed. R. Civ. P. 24.  Broadcom seeks to prevent ARM Holdings PLC, f/k/a ARM Ltd. ("ARM") from producing Broadcom's trade secrets and competitively sensitive communications and information to Broadcom's competitors, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (together, "Qualcomm").  Anticipating that third party confidential information may be sought in discovery, the Court directed that "a third party seeking further protections for its highly confidential information may follow the well-established procedure of moving for a protective order, which allows the court to balance the relevance of the information against the risk of inadvertent disclosure."  (D.I. 74; *see also* D.I. 84 ¶¶ 51-52)  Broadcom files this motion to intervene solely to preserve its rights and in the event the Court requires it before considering Broadcom's forthcoming motion for a protective order.

## FACTUAL AND PROCEDURAL BACKGROUND

Broadcom is a global semiconductor company that competes directly with Qualcomm. Both companies license technology from ARM, but Broadcom is not a party to this action. Qualcomm has sued ARM for alleged breach of a licensing agreement between Qualcomm and ARM. In discovery, Qualcomm has sought production of unredacted copies of Broadcom's confidential agreements, which would reveal Broadcom's royalty rates, payment structures and customer and supplier lists and disclosure rules, all of which are highly confidential, competitively sensitive trade secrets. Qualcomm has also sought production of broad categories of confidential communications between Broadcom and ARM regarding the negotiation of Broadcom's licensing agreements and the technology that ARM has delivered to Broadcom pursuant to those agreements.

On March 21, 2024, the Court entered a Stipulated Protective Order, which establishes the procedures for a third party to seek protection of its confidential information that might be produced in discovery in this case. (D.I. 84 ¶ 52) ARM has notified Broadcom that it may be required to produce these materials in response to Qualcomm's discovery requests. Broadcom now seeks to intervene to file a motion for a protective order to prevent disclosure of its trade secrets and other confidential information to Qualcomm.

## ARGUMENT

Federal Rule of Civil Procedure 24(b)(1)(B) permits a court to allow a third party to intervene when the third party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Third Circuit has held that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in

that action." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994). The Court has applied this principle to allow nonparties to intervene to protect their own proprietary business information from disclosure in litigation. *See United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 157-58 (D. Del. 1999).

In evaluating permissive intervention, courts consider whether the intervenor has standing, whether the commonality requirement is satisfied, whether the motion is timely and whether intervention will unduly prejudice the parties. *Pansy*, 23 F.3d at 777-80. Broadcom satisfies each of these requirements. The Court should therefore grant Broadcom's motion to intervene for the limited purpose of filing a motion for a protective order.

I. **BROADCOM HAS STANDING TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING A PROTECTIVE ORDER.**

Nonparties have standing to intervene for the limited purpose of seeking a protective order to protect their confidential information. *See Dentsply*, 187 F.R.D. at 157-58 (permitting nonparty to intervene for limited purpose of addressing potential production of its confidential customer and pricing information). Here, Broadcom's trade secrets and confidential information are directly implicated by Qualcomm's discovery requests, and Broadcom faces a serious risk of competitive harm if its information is disclosed. Broadcom seeks only to protect its own confidentiality interests and does not seek to litigate the merits of the underlying dispute. Broadcom has standing for this limited purpose.

II. **BROADCOM'S MOTION SATISFIES THE COMMONALITY REQUIREMENT.**

Although Rule 24(b)(1)(B) typically requires a nonparty to demonstrate that they have "a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), courts in the Third Circuit relax this requirement when a nonparty seeks to intervene solely to challenge or seek a protective order. The Third Circuit has explained

3

that "specificity, *e.g.*, that the [intervenor's] claim involve the same legal theory… is not required when intervenors are not becoming parties to the litigation.  There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Pansy*, 23 F.3d at 778 (citation omitted).  The Court has permitted intervention "to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Dentsply*, 187 F.R.D. at 157-58 (citing *Pansy*, 23 F.3d at 778).  Broadcom's interest in protecting its confidential information is sufficiently related to the subject matter of this action to warrant intervention for this limited purpose.

### III.    BROADCOM'S MOTION IS TIMELY.

The Stipulated Protective Order in this case provides that, when a party is required to produce a third party's confidential information that is subject to a confidentiality agreement, they must promptly notify the requesting party and the third party in writing, provide the third party with a copy of the discovery requests and make the requested information available for the third party's inspection.  (D.I. 84 ¶ 51)  A third party may move for a protective order "within twenty-one (21) days of receiving the notice and accompanying information." (*Id.* ¶ 52)

After notifying Broadcom that its confidential information may be subject to production, on May 5, 2025, ARM's counsel provided Broadcom's counsel with copies of some of the documents potentially subject to production and a list of requests that Qualcomm had served that are directed to information concerning Broadcom's confidential agreements and communications with ARM.  Broadcom has filed its motion for a protective order within 21 days of receiving that information.

## IV.     INTERVENTION WILL NOT PREJUDICE THE PARTIES.

Intervention for the limited purpose of seeking a protective order will not unduly delay or prejudice the adjudication of the parties' rights. The issue of whether Broadcom's confidential information should be produced is ancillary to the merits of the dispute between Qualcomm and ARM. *Pansy*, 23 F.3d at 779. Moreover, Broadcom understands that the parties themselves dispute whether Broadcom's trade secrets and confidential communications are discoverable and that the parties have asked the Court to enter a briefing schedule to allow them to present their arguments on that issue. Discovery will not be delayed by permitting Broadcom to intervene to share its views on whether its trade secrets and other confidential information should be subject to a protective order. *See Dentsply*, 187 F.R.D. at 157-58 (holding that nonparty would be permitted to intervene to bring to the Court's attention its view on what should be contained in a protective order where parties were still disputing contents of protective order and no order had yet been entered). The parties will not suffer any prejudice by granting this motion.

## **CONCLUSION**

For all of the foregoing reasons, Broadcom respectfully requests that the Court grant Broadcom's motion to intervene for the limited purpose of moving for a protective order.

DATED: May 23, 2025

> By: */s/ Jenness E. Parker*
> Jenness E. Parker (ID No. 4659)
> Elisa M.C. Klein (ID No. 5411)
> SKADDEN, ARPS, SLATE,
>    MEAGHER & FLOM LLP
> One Rodney Square
> 920 North King Street
> Wilmington, Delaware  19801
> Tel.: (302) 651-3000
> jenness.parker@skadden.com
> elisa.klein@skadden.com
>
> *Attorneys for Nonparty Broadcom Inc.*