IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF ARIC KINNEY IN SUPPORT OF
## NONPARTY BROADCOM INC.'S MOTION FOR PROTECTIVE ORDER

I, Aric Kinney, declare as follows:

1. I am over the age of 18 and am an employee of Broadcom Inc., with responsibility for the maintenance of the relationship between Broadcom and its EDA (electronic data automation) and third party IP supplies, including ARM Ltd. ("ARM"). My responsibilities include both negotiation and ongoing execution and management of all agreements with these suppliers. I have been employed by Broadcom since 2005. If called as a witness, I could and would testify competently to the information set forth in this Declaration.

2. I make this Declaration in support of Nonparty Broadcom Inc.'s Motion for a Protective Order. I am familiar with and have reviewed Broadcom's Technology Licensing Agreement (the "TLA") with defendant ARM and the Annexes thereto. I am also familiar with the negotiation of that agreement and ARM's delivery of specific technology to Broadcom under that agreement.

3. Broadcom is a global leader in infrastructure technology and chip design. Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (together "Qualcomm") directly compete with Broadcom in the semiconductor space. Both companies operate in many of the same markets in the semiconductor space, including WiFi/Bluetooth digital radios and AI datacenter products. Both Broadcom and Qualcomm have entered agreements with ARM to license certain architecture and technology to use in the chips they design and market.

4. I understand that ARM has produced redacted versions of Broadcom's TLA and Annexes to Qualcomm in related litigation to which Broadcom is not a party (C.A. No. 22-1146-MN). I also understand that Qualcomm has served discovery requests on ARM seeking disclosure of the unredacted TLA and Annexes and certain categories of communications between ARM and Broadcom related to ARM's delivery of specific technology to Broadcom pursuant to the TLA and the negotiation and the interpretation of certain terms in the TLA.

5. Broadcom's TLA and Annexes contain trade secrets, including royalty rates and lists of Broadcom's customers and suppliers (including design software licensors, foundries, and contract manufacturers) who may also gain access to information regarding the architecture and technology Broadcom licenses from ARM and the terms under which they may gain access. The royalty rates, payment structure, disclosure rules, and customer lists in the TLA and Annexes are unique to Broadcom and were negotiated under competitive and highly confidential conditions. They are not generally known and are not readily ascertainable by Broadcom's competitors.

6. Because of the sensitivity of the information they contain, the TLA and Annexes are governed by detailed confidentiality provisions. The TLA defines "Confidential Information" to include, among other things, "the terms and conditions of th[e] TLA." Section 3.1 of the TLA states:

**Restricted Disclosure**. Except as expressly provided by Clauses 3.2, 3.3, 3.4, 3.5, 3.6 and 3.7, each party shall maintain in confidence the Confidential Information disclosed by the other party and apply security measures no less stringent than the measures that such party applies to its own like information, but not less than a reasonable degree of care, to prevent unauthorised disclosure and use of the Confidential Information.

7. Section 3.6 of the TLA states in relevant part:

**Other Permitted Disclosures**. Either party may disclose Confidential Information received from the other party in the following circumstances: (i) disclosure to third parties to the extent that the Confidential Information is required to be disclosed pursuant to a court order or as otherwise required by law, provided that to the extent permitted by applicable law, the party required to make the disclosure promptly notifies the other party upon learning of such requirement and has given the other party a reasonable opportunity to contest or limit the scope of such required disclosure (including but not limited to making an application for a protective order)[.]

8. Broadcom treats information regarding the architecture and technology that it licenses from ARM and the pricing structure for its license with utmost sensitivity. This information is not distributed outside of Broadcom, and even within Broadcom, access to the TLA is distributed only to limited personnel who have a specific business need to know its contents. The TLA and Annexes thereto are among the most commercially sensitive documents maintained by Broadcom and are subject to stringent confidentiality obligations to protect the information contained therein.

9. Broadcom would suffer significant competitive injury if the unredacted TLA or Annexes were produced to Qualcomm. Learning when and how much Broadcom pays ARM to license its architecture and technology would give Qualcomm significant insight into Broadcom's own pricing decisions for products that compete with Qualcomm's. Were Qualcomm to learn the identity of Broadcom's customers who have access to ARM technology through Broadcom's TLA, it would give Qualcomm insight into how it might compete for those customers' business.

10. Further, to the extent ARM is compelled to produce communications between ARM and Broadcom, those communications also contain competitively sensitive information about the negotiation of confidential terms in the TLA and how and when Broadcom gained access to specific ARM technology. Disclosure of this information, or the disclosure rules in the TLA, would allow Qualcomm insight into Broadcom's strategic use of ARM's technology.

11. Finally, Broadcom does not have access to Qualcomm's licensing agreements with ARM. It is my understanding that Qualcomm has redacted the same information it now seeks to obtain from Broadcom, conceding the competitively sensitive nature of such information.

I declare under penalty of perjury under the laws of the United States of America and the State of CALIFORNIA that the foregoing is true and correct.

Executed this 22 day of May, 2025, in SACRAMENTO, CALIFORNIA.

_____
Aric Kinney
Broadcom Inc.

4

ID: 4897-3674-7332 - MSW