IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>                Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 24-490 (MN)<br>)<br>)  **REDACTED – PUBLIC VERSION**<br>)  **Original Filing Date: May 20, 2025**<br>)  **Redacted Filing Date: May 29, 2025**<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Qualcomm") regretfully move this Court to amend the current scheduling order (D.I. 44). Qualcomm is eager to have its day in Court and put a stop to Arm's attempts to damage Qualcomm's business. To this end, Qualcomm has worked diligently to proceed with discovery in a timely manner in order to maintain the Court's scheduling order and proceed to trial in March 2026. But Arm has largely disregarded its discovery obligations and ignored the Court's scheduling order timeline, refusing to produce documents, failing to produce its deficient corpus on a rolling basis as required by that Order, and failing to proceed in a manner that could maintain the Court's schedule. Having originally sought a 2027 trial date, Arm has now actively delayed discovery, including by crafting deficient search terms for the documents it agreed to produce and refusing to produce any documents for many categories of documents that are critical to Qualcomm's claims. This refusal to properly engage in discovery has prejudiced Qualcomm's ability to develop its case and prosecute its claims, thus necessitating this motion.

Qualcomm would have preferred to prepare its case on the current schedule. However—nearly three weeks after the Scheduling Order's May 1, 2025 substantial completion date—Arm has delayed discovery to such an extent that it is unrealistic to proceed along the current schedule regardless of the resolution of pending motions. Arm's document production remains materially incomplete, and it is currently impossible for Qualcomm to properly prepare for depositions or otherwise build its case by the fact discovery deadline without prejudice.

## I.   FACTUAL BACKGROUND

1. The Court issued a Scheduling Order for this case on January 31, 2025. D.I. 44. The Order imposed a schedule on a shorter timeline than either party requested, requiring that document production be substantially complete by May 1, 2025, fact discovery be completed by July 11, 2025, and expert discovery be completed by October 3, 2025. *Id.* ¶ 7. Further, the Order required that the parties "produce documents on a rolling basis" and "not wait until the substantial completion of document production before producing documents." *Id.* ¶ 7(b). The Order also set a trial date of March 9, 2026. *Id.* ¶ 14.

2. Recognizing the importance of moving forward diligently, Qualcomm served its first set of document requests on January 21, 2025 (D.I. 42)—before the Court issued the Scheduling Order. Qualcomm followed up with interrogatories and additional requests for production on February 21, with further requests on April 2 and April 16. D.I. 59, 60, 93, 104.

3. Despite Qualcomm's January 21 requests and the Scheduling Order's requirement to produce documents on a rolling basis, Arm did not produce any documents for more than three months. *E.g.*, Ex. 1 at 1; D.I. 105.

4. On April 3, the parties notified the Court of a dispute regarding Arm's responses to Qualcomm's document requests involving 25 different RFPs. The parties followed up with the Court on April 14, and Qualcomm submitted a letter requesting a briefing schedule on April 21.

D.I. 105. To date, the Court has not set a briefing schedule for this dispute. And since April 3, the parties have reached an impasse on many more of Qualcomm's RFPs and related issues, requiring the Court's assistance as Arm is continuing to refuse to produce relevant documents and information.[1]

5.     Arm made its first production on April 22—weeks after Qualcomm had already started its production and only seven business days before the substantial completion deadline.[2] That small production contained only 8,097 documents, most of which were technical architecture documentation. Late in the evening on April 28—three business days before the deadline for substantial completion—Arm made its second and third productions, totaling 288,103 documents. Arm made an additional production on May 1, containing 3,602 documents. Thus, Arm waited until the week before the substantial completion deadline to begin producing documents at all and then "dumped" nearly 300,000 documents on Qualcomm.

6.     Yet despite producing a large number of documents at the last minute, Arm's production remains materially and substantially incomplete in a number of ways.

7.     First, of the total 299,802 documents Arm produced, Arm's production to date contains only 2,946 emails and six Teams chats.[3] It is doubtful that this small number of documents reflects a substantially complete set of documents and communications responsive to Qualcomm's requests. It appears that Arm has not produced relevant communications, particularly

---

[1] Arm has also recently notified Qualcomm and the Court regarding discovery disputes concerning its own RFPs and Interrogatories.

[2] Qualcomm produced its documents on April 1 (23,314 documents), April 18 (11,606 documents), and May 1 (11,706 documents).

[3] The bulk of Arm's production (97%) are technical files. *E.g.*, Exs. 2, 3. Based on Qualcomm's initial review, these documents appear to have little relevance to the issues in this case and therefore inflate artificially the total number of documents Arm produced and obscure the fact that Arm's production is not substantially complete.

Teams chats in which employees are likely to speak in a more relaxed and frank manner. As demonstrated during the December 2024 trial, Arm employees frequently use Teams chats and emails to communicate about matters highly relevant to Qualcomm.[4]

8. Second, as noted above, the parties have outstanding disputes on a number of Qualcomm's requests for production.

9. Third, Qualcomm's initial review of Arm's document production reveals—as Qualcomm has informed Arm on numerous occasions (*see, e.g.*, Ex. 1 at 2, Ex. 4 at 1-2)—that its search terms are deficient and fail to capture responsive materials.[5] For example, 12 of Arm's 31 total search terms returned fewer than 30 hits, 9 of which returned fewer than 20 hits, with 5 returning single-digit hits and 1 not returning any. There are many other problems with Arm's search terms, as Qualcomm explained to Arm in its May 16 letter (*see generally* Ex. 5 and App'x A).

10. In addition, Arm has delayed in reaching out to third parties regarding Arm's production of purportedly confidential materials.[6] On January 21, Qualcomm served Arm with RFPs seeking production of materials that are central to Qualcomm's claims, such as Arm's withholding of deliverables and licensing offers that it provided to third parties. Ex. 6, RFP Nos. 4, 6, 9, 26, 27, 28, 31, 32, 33, 34. Yet it was not until April 30 that Arm even asked Qualcomm

---

[4] Teams chats and emails accounted for more than 10% and 48% of all of the exhibits Qualcomm introduced at trial, respectively.

[5] Qualcomm is still negotiating with Arm regarding revised search terms. But if Arm refuses to run searches using reasonable terms, Qualcomm will be forced to move to compel on that issue as well.

[6] Under the protective order, a party that is in receipt of a discovery request seeking the confidential information of a third party must "promptly" notify the third party of the request and provide a copy of the request and the protective order. D.I. 84 ¶ 51. The third party then has twenty-one days to seek a protective order from the Court, and the documents are not to be produced until the Court resolves the motion for a protective order. *Id.* ¶ 52.

for permission to share these RFPs with other ALA licensees. Ex. 7. On May 7, 2025, counsel for Ampere—one of the third-party licensees potentially implicated by Qualcomm's RFPs—confirmed that Arm did not inform Ampere of Qualcomm's document requests until April 23. Arm's failure to "promptly" initiate this process with third parties as required by the Protective Order is delaying Qualcomm's access to critical discovery.

11.     On May 1, 2025, Qualcomm requested a meet and confer to discuss Arm's deficient production and the possibility of amending the case schedule. Receiving no response, Qualcomm followed up on May 6. On May 7, Qualcomm raised the issue on a meet and confer and asked Arm to provide its position by May 12. Arm said it would consider Qualcomm's proposal but could not commit to a time to respond. On May 15, Arm requested that Qualcomm provide the specific dates it was proposing. Qualcomm promptly did so and asked that Arm finally provide its position on the extension request by May 16 at noon—more than two weeks after Qualcomm first raised the issue. Qualcomm has received no response from Arm and can wait no longer to seek relief.[7]

## II.    ARGUMENT

12.     Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause exists when the Schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Ferring Pharm. Inc.,* v. *Kiangsu Hansoah Pharm. Grp. Co.*, C.A. No. 22-1474, 2024 WL 3339076, at *1 (D. Del. July 9, 2024) (quoting *TOT Power Control, S.L.* v. *Apple Inc.*, C.A. No. 21-1302, 2024 WL 1759152, at *1 (D. Del. April 23, 2024)). The inquiry "focuses on the diligence of the party seeking

---

[7] Qualcomm is mindful of the Court's comments in the prior case that in the event of a discovery dispute that threatens the schedule, Qualcomm should move to amend the schedule early. *Arm* v. *Qualcomm*, C.A. No. 22-1146, September 5, 2024 Hr'g Tr. 18:2–14.

modification of the scheduling order." *Id.* (quoting *Apex Clearing Corp.* v. *Axos Fin. Inc.*, C.A. No. 19-2066, 2022 WL 3153857, at *1 (D. Del. Aug. 8, 2022)).

13. Given Arm's delays and its failure to substantially complete document production—even now, almost three weeks after the deadline—the parties cannot maintain the current schedule, despite Qualcomm's diligence. Qualcomm wants a swift resolution of the issues raised in this litigation, and it has diligently prosecuted this case by promptly serving document requests, producing documents early and on a rolling basis, and promptly raising disputes with Arm and then with the Court. In contrast, Arm has refused to produce documents in response to many RFPs that seek information critical to Qualcomm's case, failed to produce documents for certain RFPs despite having agreed to do so, crafted deficient search terms that do not capture relevant documents, seemingly excluded emails and chats from its production, and delayed its production until the eleventh hour, ignoring the scheduling order's rolling production requirement, before dumping a large quantity of largely irrelevant documents. As a result, Arm has failed to produce a meaningful set of communications and documents regarding the underlying facts in dispute. Qualcomm has contacted the Court requesting to file a motion to compel production on dozens of its RFPs that are vital to Qualcomm's case, D.I. 105, but the Court has not set a briefing schedule. Beyond the many critical disputes Qualcomm intends to raise in its motion to compel, there is likely to be additional motion practice by third parties under the protective order now that Arm has (only recently) begun to inform them of Qualcomm's document requests. It will take the parties time to brief these issues, receive the Court's ruling, and review any newly produced documents.

14. Given that Arm has still not substantially completed its document production—and likely will not do so until after the remaining discovery disputes are resolved—Qualcomm will be

prejudiced absent an extension to the case schedule. Because Qualcomm's claims involve Arm's breaching, tortious, and anticompetitive conduct toward Qualcomm and how Arm has treated Qualcomm differently than other licensees, Arm's documents are critical to Qualcomm's claims. This is not a case where Qualcomm can simply rely on its own documents. But due to Arm's delays in document production, and its continuing failure to produce documents on critical issues, Qualcomm will not have adequate time to review Arm's documents, prepare for depositions, schedule and conduct those depositions, and pursue any additional discovery before the fact discovery deadline that is now less than two months away.

15. That prejudice is compounded in that there is no operative answer in this case. Although Arm filed an answer to the original complaint, it has moved to dismiss the First Amended Complaint, D.I. 48, on grounds that it previously lost on, No. 1146, D.I. 513 at 39:2–8; *accord* D.I. 30, and has yet to file its answer and any affirmative defenses to that Complaint. Additional discovery will be needed on Arm's answer and affirmative defenses to the First Amended Complaint.

16. Qualcomm also has a pending motion to amend the complaint. D.I. 90. Arm has improperly used the fact that the motion is pending as a basis to avoid providing discovery on several issues that bridge both the First Amended Complaint and the proposed Second Amended Complaint. Discovery on these allegations is appropriate regardless of whether the Court permits the Second Amended Complaint, because they are relevant to Qualcomm's claim in the First Amended Complaint for the breach of the implied covenant of good faith and fair dealing. D.I. 36 ¶¶ 133–140.

17. Arm has told Qualcomm that it will not produce any documents relating to the TLA allegations asserted in Qualcomm's proposed Second Amended complaint unless and until the

Court grants Qualcomm's motion for leave to amend. Arm has also refused to engage in discussions about what it would be willing to produce in response to Qualcomm's RFPs on these claims in the event that the Court permits the amendment.[8] Moreover, Arm's principal basis for objecting to Qualcomm's proposed amendment was that it would suffer prejudice because the "compressed schedule simply cannot accommodate Qualcomm's significant amendments." D.I. 94. Extending the case schedule by four months would cure any alleged prejudice to Arm posed by the proposed Second Amended Complaint and would mitigate the significant prejudice Qualcomm has suffered due to Arm's delays in document production.

## III. CONCLUSION.

18. Over the last four months since the Court issued the Scheduling Order, Qualcomm has diligently pursued discovery while Arm has largely disregarded its discovery obligations and ignored the Order's timeline, refusing to produce documents for a number of RFPs related to critical issues in the Complaint, failing to craft reasonable search terms or to produce documents despite having previously agreed to do so, seemingly restricting its production of communications, and otherwise failing to engage in discovery in a manner that could preserve the Court's schedule by failing to produce on a rolling basis. And now that Arm has effectively denied Qualcomm of the documents it needs to prepare its case, Arm has not meaningfully engaged with Qualcomm's reasonable request to amend the case schedule. Because Arm has made it impossible to maintain the current schedule and now seeks to improperly take advantage of this conduct, Qualcomm respectfully requests that the Court enter the proposed First Amended Scheduling Order attached as Exhibit 8.

---

[8] If the Court permits the Second Amended Complaint, it is likely that Arm will file another motion to dismiss, further delaying the case schedule.

| | |
|---|---|
| OF COUNSEL:<br><br>Karen L. Dunn<br>William A. Isaacson<br>Melissa F. Zappala<br>Ruby J. Garrett<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>(202) 223-7300<br><br>Catherine Nyarady<br>Erin J. Morgan<br>Jacob A. Braly<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3000<br><br>May 20, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jennifer Ying*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

## **RULE 7.1.1 CERTIFICATE**

Pursuant to D. Del. Local Rule 7.1.1, counsel for Qualcomm certifies that the relief sought by the foregoing motion was discussed with counsel for Arm during a meet and confer on May 7, 2025. Despite multiple follow up requests, Arm has not provided its position nor consented to the relief requested by this motion.

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 20, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Karen E. Keller, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Kyle W.K. Mooney, Esquire<br>Kyle D. Friedland, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Gregg F. LoCascio, P.C.<br>Jason M. Wilcox, P.C.<br>Meredith Pohl, Esquire<br>Matthew J. McIntee, Esquire<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jay Emerick, Esquire<br>Adam M. Janes, Esquire<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL  60654<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Peter Evangelatos, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)