# Exhibit 1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

EXAL DIRECT DIAL: +1 212 373 3532
EMAIL: CNYARADY@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

May 1, 2025

**Via Email**

Nicholas Fung
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

Re: *Qualcomm Inc.* v. *Arm Holdings Plc.*
C.A. No. 24-00490-MN

Nick,

We write to request a meet and confer regarding the case schedule in light of Arm's delays in document production.

On January 31, 2025, the Court issued a scheduling order with expedited discovery deadlines, requiring that document production be substantially complete by May 1, 2025 and all fact discovery be complete by July 11, 2025. D.I. 44. In that Order, the Court adopted the parties' proposed Section 7(b), which provides that "[t]he parties agree to produce documents on a rolling basis and will not wait until the substantial completion of document production deadline before producing documents." D.I. 44.

In the months since, Arm has utterly failed to comply with this requirement. Despite having received Qualcomm's initial document requests on January 21, Arm did not produce even a single document for months. Nor was Arm willing to indicate when it intended to do so in response to Qualcomm's inquiries in writing or during meet and confers on April 11 and April 17. *E.g.*, April 17, 2025 Email from J. Braly to Arm; April 21, 2025 Letter from J. Ying to Judge Noreika (D.I. 105). In response to one such inquiry on an April 17, 2025 meet and confer, counsel for Arm responded only that Arm was "aware" of the upcoming substantial completion deadline. To date, Arm has not offered any explanation for its delay.

Arm finally made a production on April 22—three months after it received Qualcomm's first set of RFPs and only seven business days before the substantial completion deadline. April 22, 2025 Letter from D. Tan to C. Nyarady. Arm's production contains 8,097 documents, more than 6,000 of which appear to be technical documents in XML and HTML files that will take a substantial

amount of time to review. And on Monday night at 10:00pm—three business days before the deadline for substantial completion—Arm made its second production, which includes 288,103 documents spanning more than 2.5 million pages.[1] April 28, 2025 Letter from D. Tan to C. Nyarady.

Arm's refusal to produce any of these documents earlier in compliance with Section 7(b) of the scheduling order is highly prejudicial. Given that Arm has only produced any documents in the last nine days, including over two million pages of documents on Monday night, Qualcomm will have little time to review these documents, submit additional discovery requests based on what Qualcomm has learned from those documents, and prepare for depositions. By contrast, because Qualcomm produced its documents on a rolling basis in compliance with Section 7(b), Arm will have had weeks longer to review Qualcomm's documents and prepare its case.

The prejudice to Qualcomm has been exacerbated by Arm's continued refusal to apply reasonable search terms over its own documents. As Qualcomm has explained in its letter on April 9 and in the meet and confer on April 29—held only after Arm ignored three earlier requests for a meet and confer on this issue—Arm's search terms are unduly narrow and likely to exclude responsive information that is crucial to Qualcomm's case. Thus, Arm's productions are not only untimely under the scheduling order, but likely substantially underinclusive.

In addition, Arm's production appears to be deficient in other ways. Arm's email of yesterday (a day before substantial completion) seeking permission to share ten of Qualcomm's RFPs—which Arm has had for over three months—with third parties suggests that Arm has yet to produce documents responsive to these RFPs and has not even completed the process to clear such a production with relevant third parties. 2025.04.30 Email from C. McWilliams. This delay will further prejudice Qualcomm's ability to prepare its case, especially given that these RFPs seek materials on issues that are central to the litigation, such as Arm's withholding of deliverables and licensing offers that it provided to third parties.

Please confirm that Arm's position is that its production is substantially complete. In addition, given Arm's delays, please provide your availability for a meet and confer to discuss an amendment to the case schedule. Qualcomm is available this Friday, May 2, 2025 between 11:00am and 3:00pm EST. Qualcomm reserves all rights, including moving for appropriate sanctions for Arm's violation of the scheduling order.

Sincerely,

*/s/ Catherine Nyarady*

Catherine Nyarady

---

[1] This is approximately 800,000 pages more than indicated in Arm's production letter, given an error in the starting bates number.

# Exhibit 2

# AUTDA, AUTDZA

Authenticate Data address, using key A. This instruction authenticates a data address, using a modifier and key A.

The address is in the general-purpose register that is specified by <Xd>.

The modifier is:

- In the general-purpose register or stack pointer that is specified by <Xn|SP> for AUTDA.
- The value zero, for AUTDZA.

If the authentication passes, the upper bits of the address are restored to enable subsequent use of the address. If the authentication fails, the upper bits are corrupted and any subsequent use of the address results in a Translation fault.

### Integer
**(ARMv8.3)**

| 31 | 30 | 29 | 28 | 27 | 26 | 25 | 24 | 23 | 22 | 21 | 20 | 19 | 18 | 17 | 16 | 15 | 14 | 13 | 12 | 11 | 10 | 9 8 7 6 5 | 4 3 2 1 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 0 | 1 | 1 | 0 | 1 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | Z | 1 | 1 | 0 | Rn | Rd |

**AUTDA (Z == 0)**

AUTDA <Xd>, <Xn|SP>

**AUTDZA (Z == 1 && Rn == 11111)**

AUTDZA <Xd>

boolean source_is_sp = FALSE; integer d = UInt(Rd); integer n = UInt(Rn); if !HavePACExt() then UnallocatedEncoding(); if Z == '0' then // AUTDA if n == 31 then source_is_sp = TRUE; else // AUTDZA if n != 31 then UnallocatedEncoding();

### Assembler Symbols

<Xd> Is the 64-bit name of the general-purpose destination register, encoded in the "Rd" field.

<Xn|SP> Is the 64-bit name of the general-purpose source register or stack pointer, encoded in the "Rn" field.

### Operation

if source_is_sp then X[d] = AuthDA(X[d], SP[]); else X[d] = AuthDA(X[d], X[n]);

Internal version only: isa v26.05, AdvSIMD v25.02, pseudocode v33.1 ; Build timestamp: 2017-09-26T13:39

Copyright © 2010-2017 ARM Limited or its affiliates. All rights reserved. This document is Non-Confidential.

ARMQC_01386215

# Exhibit 3

```xml
<?xml version="1.0" encoding="utf-8"?>

<?xml-stylesheet type="text/xsl" encoding="UTF-8" href="iform.xsl" version="1.0"?>

<!DOCTYPE instructionsection PUBLIC "-//ARM//DTD instructionsection //EN" "iform-
p.dtd">

<!-- Copyright (c) 2010-2017 ARM Limited or its affiliates. All rights reserved. -->

<!-- This document is Non-Confidential. This document may only be used and distributed
in accordance with the terms of the agreement entered into by ARM and the party that
ARM delivered this document to. -->

<instructionsection id="CSINC" title="CSINC -- A64" type="instruction">

<docvars>

<docvar key="instr-class" value="general" />

<docvar key="isa" value="A64" />

<docvar key="mnemonic" value="CSINC" />

</docvars>

<heading>CSINC</heading>

<desc>

<brief>

<para>Conditional Select Increment</para>

</brief>

<authored>

<para>Conditional Select Increment returns, in the destination register, the value of
the first source register if the condition is TRUE, and otherwise returns the value of
the second source register incremented by 1.</para>

</authored>

</desc>

<alias_list howmany="2">

<alias_list_intro>This instruction is used by the aliases </alias_list_intro>

<aliasref aliaspageid="CINC_CSINC" aliasfile="cinc_csinc.xml" hover="Conditional
increment" punct=" and ">

<text>CINC</text>

<aliaspref>Rm != '11111' &amp;&amp; cond != '111x' &amp;&amp; Rn != '11111' &amp;&amp;
Rn == Rm</aliaspref>

</aliasref>

<aliasref aliaspageid="CSET_CSINC" aliasfile="cset_csinc.xml" hover="Conditional set"
punct=".">

<text>CSET</text>

<aliaspref>Rm == '11111' &amp;&amp; cond != '111x' &amp;&amp; Rn == '11111'</aliaspref>

</aliasref>

<alias_list_outro>

<text>  See </text>

<aliastablelink />

<text> below for details of when each alias is preferred.</text>

</alias_list_outro>

</alias_list>

<classes>

<iclass name="Integer" oneof="1" id="general" no_encodings="2" isa="A64">

<docvars>
```

ARMQC_01388246

```
<docvar key="instr-class" value="general" />
<docvar key="isa" value="A64" />
<docvar key="mnemonic" value="CSINC" />
</docvars>
<iclassintro count="2"></iclassintro>
<regdiagram form="32" psname="aarch64/instrs/integer/conditional/select" tworows="1">
<box hibit="31" name="sf" usename="1">
<c></c>
</box>
<box hibit="30" name="op" usename="1" settings="1" psbits="x">
<c>0</c>
</box>
<box hibit="29" name="S" settings="1">
<c>0</c>
</box>
<box hibit="28" width="8" settings="8">
<c>1</c>
<c>1</c>
<c>0</c>
<c>1</c>
<c>0</c>
<c>1</c>
<c>0</c>
<c>0</c>
</box>
<box hibit="20" width="5" name="Rm" usename="1">
<c colspan="5"></c>
</box>
<box hibit="15" width="4" name="cond" usename="1">
<c colspan="4"></c>
</box>
<box hibit="11" settings="1">
<c>0</c>
</box>
<box hibit="10" name="o2" usename="1" settings="1" psbits="x">
<c>1</c>
</box>
<box hibit="9" width="5" name="Rn" usename="1">
<c colspan="5"></c>
</box>
<box hibit="4" width="5" name="Rd" usename="1">
<c colspan="5"></c>
</box>
</regdiagram>
```

```xml
<encoding name="CSINC_32_condsel" oneofinclass="2" oneof="2" label="32-bit"
bitdiffs="sf == 0">

<docvars>

<docvar key="datatype" value="32" />

<docvar key="instr-class" value="general" />

<docvar key="isa" value="A64" />

<docvar key="mnemonic" value="CSINC" />

</docvars>

<box hibit="31" width="1" name="sf">

<c>0</c>

</box>

<asmtemplate><text>CSINC  </text><a link="wd" hover="32-bit general-purpose destination
register (field &quot;Rd&quot;)">&lt;Wd&gt;</a><text>, </text><a link="wn" hover="First
32-bit general-purpose source register (field &quot;Rn&quot;)">&lt;Wn&gt;</a><text>,
</text><a link="wm" hover="Second 32-bit general-purpose source register (field
&quot;Rm&quot;)">&lt;Wm&gt;</a><text>, </text><a link="cond" hover="Standard condition
(field &quot;cond&quot;)">&lt;cond&gt;</a></asmtemplate>

</encoding>

<encoding name="CSINC_64_condsel" oneofinclass="2" oneof="2" label="64-bit"
bitdiffs="sf == 1">

<docvars>

<docvar key="datatype" value="64" />

<docvar key="instr-class" value="general" />

<docvar key="isa" value="A64" />

<docvar key="mnemonic" value="CSINC" />

</docvars>

<box hibit="31" width="1" name="sf">

<c>1</c>

</box>

<asmtemplate><text>CSINC  </text><a link="xd" hover="64-bit general-purpose destination
register (field &quot;Rd&quot;)">&lt;Xd&gt;</a><text>, </text><a link="xn" hover="First
64-bit general-purpose source register (field &quot;Rn&quot;)">&lt;Xn&gt;</a><text>,
</text><a link="xm" hover="Second 64-bit general-purpose source register (field
&quot;Rm&quot;)">&lt;Xm&gt;</a><text>, </text><a link="cond" hover="Standard condition
(field &quot;cond&quot;)">&lt;cond&gt;</a></asmtemplate>

</encoding>

<ps_section howmany="1">

<ps name="aarch64/instrs/integer/conditional/select"
mylink="aarch64.instrs.integer.conditional.select" enclabels="" sections="1"
secttype="noheading">

<pstext mayhavelinks="1" section="Decode" rep_section="decode">integer d = <a
link="impl-shared.UInt.1" file="shared_pseudocode.xml" hover="function: integer
UInt(bits(N) x)">UInt</a>(Rd);

integer n = <a link="impl-shared.UInt.1" file="shared_pseudocode.xml" hover="function:
integer UInt(bits(N) x)">UInt</a>(Rn);

integer m = <a link="impl-shared.UInt.1" file="shared_pseudocode.xml" hover="function:
integer UInt(bits(N) x)">UInt</a>(Rm);

integer datasize = if sf == '1' then 64 else 32;

bits(4) condition = cond;

boolean else_inv = (op == '1');

boolean else_inc = (o2 == '1');</pstext>

</ps>
```

```
</ps_section>
</iclass>
</classes>
<explanations scope="all">
<explanation enclist="CSINC_32_condsel" symboldefcount="1">
<symbol link="wd">&lt;Wd&gt;</symbol>
<account encodedin="Rd">
<intro>
<para>Is the 32-bit name of the general-purpose destination register, encoded in the
"Rd" field.</para>
</intro>
</account>
</explanation>
<explanation enclist="CSINC_32_condsel" symboldefcount="1">
<symbol link="wn">&lt;Wn&gt;</symbol>
<account encodedin="Rn">
<intro>
<para>Is the 32-bit name of the first general-purpose source register, encoded in the
"Rn" field.</para>
</intro>
</account>
</explanation>
<explanation enclist="CSINC_32_condsel" symboldefcount="1">
<symbol link="wm">&lt;Wm&gt;</symbol>
<account encodedin="Rm">
<intro>
<para>Is the 32-bit name of the second general-purpose source register, encoded in the
"Rm" field.</para>
</intro>
</account>
</explanation>
<explanation enclist="CSINC_64_condsel" symboldefcount="1">
<symbol link="xd">&lt;Xd&gt;</symbol>
<account encodedin="Rd">
<intro>
<para>Is the 64-bit name of the general-purpose destination register, encoded in the
"Rd" field.</para>
</intro>
</account>
</explanation>
<explanation enclist="CSINC_64_condsel" symboldefcount="1">
<symbol link="xn">&lt;Xn&gt;</symbol>
<account encodedin="Rn">
<intro>
<para>Is the 64-bit name of the first general-purpose source register, encoded in the
"Rn" field.</para>
```

```
</intro>
</account>
</explanation>
<explanation enclist="CSINC_64_condsel" symboldefcount="1">
<symbol link="xm">&lt;Xm&gt;</symbol>
<account encodedin="Rm">
<intro>
<para>Is the 64-bit name of the second general-purpose source register, encoded in the "Rm" field.</para>
</intro>
</account>
</explanation>
<explanation enclist="CSINC_32_condsel, CSINC_64_condsel" symboldefcount="1">
<symbol link="cond">&lt;cond&gt;</symbol>
<account encodedin="cond">
<intro>
<para>Is one of the standard conditions, encoded in the "cond" field in the standard way.</para>
</intro>
</account>
</explanation>
</explanations>
<aliastablehook anchor="aliasconditions">Alias Conditions</aliastablehook>
<ps_section howmany="1">
<ps name="aarch64/instrs/integer/conditional/select" mylink="commonps" enclabels="" sections="1" secttype="Operation">
<pstext mayhavelinks="1" section="Execute" rep_section="execute">bits(datasize) result;
bits(datasize) operand1 = <a link="impl-aarch64.X.read.1" file="shared_pseudocode.xml" hover="accessor: bits(width) X[integer n]">X</a>[n];
bits(datasize) operand2 = <a link="impl-aarch64.X.read.1" file="shared_pseudocode.xml" hover="accessor: bits(width) X[integer n]">X</a>[m];

if <a link="impl-shared.ConditionHolds.1" file="shared_pseudocode.xml" hover="function: boolean ConditionHolds(bits(4) cond)">ConditionHolds</a>(condition) then
result = operand1;
else
result = operand2;
if else_inv then result = NOT(result);
if else_inc then result = result + 1;

<a link="impl-aarch64.X.write.1" file="shared_pseudocode.xml" hover="accessor: X[integer n] = bits(width) value">X</a>[d] = result;</pstext>
</ps>
</ps_section>
</instructionsection>
```

# Exhibit 4

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

EXAL DIRECT DIAL: +1 212 373 3532
EMAIL: CNYARADY@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

April 9, 2025

**Via Email**

Nicholas Fung
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

Re: *Qualcomm Inc.* v. *Arm Holdings Plc.*
C.A. No. 24-00490-MN

Dear Nick,

Qualcomm has reviewed Arm's search terms. As described below, Qualcomm is concerned that Arm's search terms are crafted in impermissibly narrow ways; are not sufficient in quantity; are not responsive to any of the RFPs in Qualcomm's second set of RFPs; and do not capture crucial categories of information. In addition to the specific requests discussed below, please promptly provide hit counts for each of Arm's proposed search terms so that Qualcomm may assess whether Arm's search terms appear likely to capture responsive documents. Below, Qualcomm also provides a list of ten search terms that it would like Arm to test pursuant to Section 2(b)(i) of the parties' ESI Order.

**Arm's Search Terms Are Too Narrow.** Some of Arm's search terms are drafted in highly formalistic ways that are unlikely to capture how Arm personnel communicate about the topics in question. For example, Arm's search terms regarding the [REDACTED] all use the defined phrase [REDACTED] Qualcomm highly doubts that communications regarding the decision not to provide Qualcomm with information or documents related to the configuration or enablement of the [REDACTED] actually use the entirety of the formal product name. Similarly, Qualcomm is not confident that communications surrounding the interpretation of the relevant terms of the Qualcomm ALA all use some variation of "Sect" in the email, but Arm's first two search terms would limit the relevant universe of documents to communications using that exact phrasing. As another example, Arm provides the search term [REDACTED] but Qualcomm believes it is possible or likely that relevant documents could include the term without a space ([REDACTED]) or with a hyphen ([REDACTED]). At a minimum, Arm should modify these specific search terms and provide hit counts for all of its terms so Qualcomm can determine whether Arm's terms are hitting on unduly small numbers of documents.

**Arm Does Not Provide Enough Search Terms.** Qualcomm—the plaintiff in this action—provided Arm with 32 (broadly worded) search terms for searching Qualcomm's documents. Arm provided Qualcomm with 13 search terms for searching Arm's documents, none of which appear to be responsive to the RFPs in Qualcomm's second set of RFPs that Arm agreed it would use search terms to respond to. Please immediately provide additional search terms that at a minimum are responsive to the Requests in Qualcomm's second set of RFPs that Arm has agreed to use search terms and custodians to respond to.

**Arm Omits Crucial Categories of Information.** In addition to not providing search terms responsive to Qualcomm's second set of RFPs, Arm appears to have failed to draft search terms that would capture, for example, any communications surrounding Arm's October 22, 2024 letter (aside from the leak of that letter to a single specified reporter at Bloomberg). Please draft search terms that would capture documents related to the decision to draft and send Arm's October 22, 2024 letter, as well as communications surrounding the subject matter of that letter to individuals other than Ian King.

**Qualcomm's Additional Search Terms.** Pursuant to Section 2(b)(i) of the parties' ESI Order, D.I. 85, Qualcomm hereby provides ten additional search terms for testing by Arm. Qualcomm reserves the right to request additional search terms should Arm fail to amend its terms in light of the defects described above.

| |
|---|
| (QC OR Qualcomm OR QCom*) AND (ALA OR "Architecture License Agreement OR licens* OR agreement* OR contract*) |
| (QC OR Qualcomm OR QCom* OR quicksilver) AND (OOB OR "out of box" OR "Architecture Compliance Kit" OR ACK OR "Architecture Verification Suite" AVS OR "Architecture Compliance Suite" ACS OR patch* OR error* OR report* OR deliverable* OR test* OR update* OR bug* OR fix* OR verif* OR support OR compl* OR waiv*) |
| (QC OR Qualcomm OR QCom*) AND (withhold* OR withheld* OR stop* OR "cut off" OR approv* OR access* OR delay* OR hold OR (legal /5 approv*)) |
| (QC OR Qualcomm OR QCom*) AND (verif* OR deliv* OR support OR breach*) |
| (QC OR Qualcomm OR QCom*) AND (letter OR breach* OR corresp* OR notic*) AND (inform* OR notif* OR tell* OR custom* OR partner) |
| (ALA OR "Architecture License Agreement" OR "[REDACTED]" OR licens* OR agreement OR contract OR annex OR version) AND (exten* OR [REDACTED] OR v10 OR (future /5 arch*)) |
| (QC OR Qualcomm OR QCom*) AND (status OR update* OR inform*) AND (licens* OR agreement OR contract OR expir* OR termin* OR renew* OR valid OR invalid OR breach) |
| (QC OR Qualcomm OR QCom*) AND (termin* OR expir* OR breach* OR stop) AND (revenue OR profit OR market OR opportun* OR share OR grow OR vertical OR compet* OR future) |
| (QC OR Qualcomm OR QCom*) AND (CPU* OR SoC* OR system*) AND (compet* OR time* OR TTM OR intercept*) |
| (ALA* OR architect* OR "Architecture Compliance Kit" OR ACK OR "Architecture Compliance Suite" OR ACS OR "Architecture Validation Suite" AVS OR "Out of Box" OR OOB) AND (patch* OR release* OR document* OR error* OR correction* OR update* OR extension* OR modification* OR maint* OR enhancement*) |

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Sincerely,

*/s/ Catherine Nyarady*

Catherine Nyarady

# Exhibit 5

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

EXAL DIRECT DIAL: +1 212 373 3532
EMAIL: CNYARADY@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

May 16, 2025

**Via Email**

Nicholas Fung
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

Re: *Qualcomm Inc.* v. *Arm Holdings Plc.*
C.A. No. 24-490-MN

Dear Nick,

We write regarding Arm's deficient document production. Arm has failed to adequately engage in document discovery, waiting until the week before the deadline for substantial completion to begin its document production. That deadline has since passed, and documents Arm has produced remain woefully deficient, including because Arm's search terms fail to capture entire categories of relevant information, and what few custodial documents Arm has produced do not cover many of the critical issues in the case.

Arm's failure to produce entire categories of key documents has prejudiced Qualcomm and has resulted in Qualcomm having little time to review Arm's document production, draft additional discovery requests, or prepare for depositions. In contrast, Arm has had ample time to review the documents Qualcomm has produced on a rolling basis in compliance with Section 7(b) of the scheduling order.

**Arm Has Not Satisfied Its Discovery Obligations.** Pursuant to the Court's scheduling order entered on January 31, 2025, Arm's document production was to be substantially complete by May 1, 2025. D.I. 44 ¶ 7(b).[1] Yet, to date, Arm has produced just 2,946 emails and six chats. By contrast, Qualcomm has produced 35,650 emails and 1,128 chats. And although Arm has

[1] Moreover, Arm was obligated to "not wait until the substantial completion of document production deadline before producing documents." *Id.* Yet Arm waited until April 22 to make its first production, which contained only 8,097 documents. Arm's second, third, and fourth productions, which totaled 291,705 documents, were made on April 28 and May 1.

produced 299,802 documents in total, 290,846 (97%) of them are technical HTM or XML files, which do not appear relevant to the core issues in this case.

**Arm's search terms are deficient.** As we have repeatedly explained, including in letters dated April 9, 2025 and May 1, 2025, and at the parties' April 29 meet-and-confer, Arm's search terms are overly narrow and omit crucial categories of information. Arm has not responded to the issues raised in the April 29 meet-and-confer or the May 1 letter, including Qualcomm's request for amended search terms and unique hit counts for Qualcomm's additional search terms.

The number of Arm-produced documents that are hit on by certain search terms shows that Arm's search terms are not reasonably crafted. 12 of Arm's 31 search terms returned fewer than 30 hits, nine returned fewer than 20 hits, five returned single-digit hits, and one does not return any hits. The total hit counts are included in Appendix A.

Additionally, Arm's search terms have been drafted in highly formalistic ways that are unlikely to capture how Arm personnel communicate about the topics in question. For example, the search terms use formal, legal language such as "breach," "termination," and "complaint." To the extent that these terms do not capture the full set of responsive documents, Arm is obligated to seek out and produce these documents using alternative methods, including go gets.

Below, Qualcomm highlights examples of the deficiencies with Arm's search terms. Although this list is not exhaustive, it is clear that Arm's search terms and efforts to locate responsive information is woefully inadequate.

- Qualcomm raised concerns that Arm's ███-related search terms were deficient. It is clear that those concerns were justified, as just four documents hit on Arm's two ███-related search terms.[2] Three of the four documents are from the same email thread and quote from the ██████████ to the Qualcomm ALA. And the fourth (ARMQC_02601907) demonstrates that Arm refers to the █████████ without using its full, formal product name. Arm's insistence on using an overly narrow search term appears intended to exclude responsive documents. Please confirm that Arm will modify these terms consistent with Qualcomm's proposal in its May 1 letter.

- Arm has produced only nine documents that hit on (QC OR Qualcomm OR QCom*) AND (Sect* AND (█ OR █ OR █)) AND (ALA OR "Architecture License Agreement") AND (ACK OR "Arm Compliance Kit"). None discuss any section of the Qualcomm ALA, let alone Sections █, █, or █. And Qualcomm has found no documents in Arm's production relevant to Arm's interpretation of ALA provisions. Please confirm that Arm will modify

[2] (QC OR Qualcomm OR QCom*) AND (delay* OR withhold* OR deny OR provid* OR share OR approv* OR deliver*) AND ████████████████████████████ hit on four documents and (QC OR Qualcomm OR QCom*) AND (delay* OR withhold* OR deny OR provid* OR share OR approv* OR deliver*) AND (config* OR enable*) AND ███████ ██████████████████████ hit on none.

this term (and Arm's other term that uses the overly narrow "Sect*") consistent with Qualcomm's proposal in its May 1 letter.

- Arm has produced only six documents that hit on (QC OR Qualcomm OR QCom*) AND (ALA OR "Architecture License Agreement") AND exten* AND [REDACTED]: one email, two copies of the Qualcomm ALA, and three Arm securities filings. And the sole email (ARMQC_02741212) discusses a news article, not internal discussions of an extension of the Qualcomm ALA or Arm-Qualcomm licensing negotiations. Thus, Arm's search term presumably intended to capture discussions of potential extensions of the [REDACTED] has failed to identify a single relevant document. Arm either needs to modify this search term or immediately supplement its production to provide documents responsive to Qualcomm's RFPs.

- Arm produced no relevant documents hitting on (QC OR Qualcomm OR QCom*) AND [REDACTED] OR [REDACTED] AND (ALA OR "Architecture License Agreement"). Arm agreed to produce documents concerning its interpretation of the Qualcomm ALA, including but not limited to in response to Qualcomm's RFPs 7 and 96, and has chosen to use search terms to do so. Arm's failure to craft a reasonable search term significantly prejudices Qualcomm's ability to prosecute its claims. Arm must immediately supplement its production to provide documents responsive to Qualcomm's RFPs.

- Arm also has not produced relevant documents hitting on (QC OR Qualcomm OR QCom*) AND (withdraw* OR rescind* OR revok*) AND (terminat* OR breach*) AND (ALA OR "Architecture License Agreement" OR "[REDACTED]"). In fact, this term returned no emails or chat messages discussing withdrawing or rescinding Arm's October 22, 2024 breach notice. Arm agreed to produce documents concerning Arm's potential termination of the Qualcomm ALA and the January 8, 2025 letter rescinding that notice, including but not limited to in response to Qualcomm's RFP 38. Arm must immediately supplement its production to provide documents responsive to Qualcomm's requests.

- Arm has produced just two documents—which are not even Arm documents—that hit on ((cost OR research* & develop* OR "R&D") w/30 "architecture" OR "new technology" OR (mobile OR server OR cloud OR client computing OR internet of things OR "IoT" OR automotive)) W/10 ("NUVIA" OR "Nuvia"). Instead, both of these documents are Qualcomm's Answer from *Arm* v. *Qualcomm*. This confirms Qualcomm's concerns that this search term would produce a null set. *See, e.g.*, 4/11/25 Letter from C. Nyarady; 4/22/25 Letter from C. Nyarady. Arm agreed to produce documents concerning "the creation of all ACK patches, OOB tests, error corrections, [REDACTED] to the [REDACTED]," including but not limited to in response to Qualcomm's RFP 67. Arm must immediately supplement its production to provide documents responsive to Qualcomm's RFPs.

- Arm produced only 23 documents, including only five emails, hitting on (QC OR Qcom* OR Qualcomm) AND ("ACK" OR "arm compliance kit" OR "AVS" OR "architecture valid* suite" OR "ACS" OR "arm compliance suite") AND (waive* OR issue*) AND

("Error Report*").[3] Arm agreed to produce documents concerning Arm's withholding of acknowledgements of ACK test waivers or ACK test issues including but not limited to in response to Qualcomm's RFP 80, yet Arm's production appears not to even capture ACK test defects reported by Qualcomm. Arm must immediately supplement its production to provide documents responsive to Qualcomm's RFPs.

Qualcomm provided proposed revisions to Arm's search terms in its May 1 letter. Arm has not responded to that letter. The substantial completion deadline has now passed and Arm's failure to use reasonable search terms has prejudiced Qualcomm, including because Arm's production omits documents from multiple categories, preventing Qualcomm receiving the document discovery to which it is entitled.

**<u>Arm's Current Production Is Underinclusive.</u>** The non-technical documents Arm has produced (3% of its total production) are not adequately responsive to Qualcomm's discovery requests and omit crucial categories of information. Below is a representative, but not exhaustive, list of critical issues for which Arm has failed to produce any documents. To the extent that Arm has stated it will produce documents through the use of search terms, Arm's obligation to produce responsive documents is not excused by the use of overly narrow search terms that fail to capture relevant documents, as highlighted above. Arm must seek out and produce responsive documents that it is aware of, through alternative means including go gets if necessary.

- *October 22, 2024 Breach Letter*. Arm's unfounded notice of breach and subsequent leak underpins Counts III-VI, yet Arm appears to have produced almost no meaningful discovery on this topic, despite agreeing to provide such documents in response to at least RFPs 16, 17, 35, and 36. For example, Arm produced no internal documents concerning the decision to send or leak its notice of breach, limiting its production to external communications after it was sent. Further, Arm has produced only 26 documents in the relevant time period from Phil Hughes, Arm's sole custodian disclosed as knowledgeable about the October 22 notice of breach and its leak. *See* Arm's First Suppl. Initial Disclosures. None of these documents precede the sending of the notice.

- *Withholding of deliverables*. Qualcomm has numerous RFPs seeking documents and communications related to Arm's decision to withhold deliverables licensed by Qualcomm, including the OOB and ACK patches. As Arm knows, this decision is at the heart of Qualcomm's breach of contract claim, and Arm has agreed to produce documents relevant to this issue, including but not limited to in response to RFPs 5, 10, 11, 13, 29, 30, 39, 41, 66, 77, and 80. Yet Qualcomm has found few documents responsive to its requests. Critically, and as Qualcomm suspected, the documents that Arm has produced showing lists of deliverables or products available for download from its Causeway and Product Hub databases do not include OOBs and ACK patches. These documents are also nearly

---

[3] Similarly, Arm produced just four documents hitting on the term ("architecture license agreement" OR "ALA") AND ("ACK" OR "arm compliance kit" OR "AVS" OR "architecture valid* suite" OR "ACS" OR "arm compliance suite") AND (release OR update).

illegible and must be reproduced in a legible format. To the extent Arm believes it has produced documents relevant to its decision to withhold deliverables from Qualcomm, please provide such Bates numbers. Otherwise, please immediately produce documents responsive to this issue.

- *Communications with third parties regarding Qualcomm.* Qualcomm's RFPs 20, 21, and 91 request documents and communications concerning Arm's discussions with third parties regarding the claims in Qualcomm's Complaint, the status of Qualcomm's licenses with Arm, and Qualcomm's custom CPUs and SoCs respectively. These documents are critical to Qualcomm's claims that Arm tortiously interfered with Qualcomm's customer relationships. Arm agreed to produce "documents relating to or concerning Arm's communications with Third Parties regarding Qualcomm's custom CPUs and system-on-chips" in response to RFP 91, and documents "sufficient to show formal Communications with Third Parties" regarding "the claims in Qualcomm's Complaint" and "the status of Qualcomm's licenses with Arm" in response to RFPs 20 and 21. Arm appears to be limiting its production to "formal" communications. *See* March 19, 2025 Letter from N. Fung. While Qualcomm believes that Arm's limitation to "formal" documents is improper, Arm appears to have not even produced such formal communications. Qualcomm has found only a small number of communications with journalists, and none with Arm partners or Qualcomm customers. Given that Arm's CEO Rene Haas acknowledged at trial in *Arm* v. *Qualcomm* that Arm sent misleading communications about Qualcomm to Arm's partners, the low volume of documents produced strains credulity. Please provide Bates numbers or immediately produce further documents responsive to RFPs 20, 21, and 91.

- *November 3, 2022 and December 5, 2022 notices of failures to deliver.* Arm agreed to produce documents regarding Qualcomm's notices of Arm's failure to provide deliverables in response to at least RFP 12. Yet Qualcomm has found no documents responsive to this Request. To the extent Arm believes it has produced documents responsive to RFP 12, please provide such Bates numbers. Otherwise, please immediately produce documents responsive to this issue.

- *January 8, 2025 withdrawal of notice of breach.* Arm agreed to produce documents regarding its January 8, 2025 withdrawal of its October 22, 2024 notice of breach in response to at least RFP 38. Yet Qualcomm has found no documents responsive to this Request. To the extent Arm believes it has produced documents responsive to RFP 38, please provide such Bates numbers. Otherwise, please immediately produce documents responsive to this issue.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

6

Qualcomm reserves all rights.

Sincerely,

*/s/ Catherine Nyarady*

Catherine Nyarady

**APPENDIX A**

| Search Term – Set 1 | Document Count | Distinct Document Count |
|---|---|---|
| **Entire Set** | **1105** | **N/A** |
| [REDACTED] | 78 | 66 |
| (QC OR Qualcomm OR QCom*) AND (“ACK partner support” OR "MOM” OR “Sync Meeting”) | 704 | 692 |
| (QC OR Qualcomm OR QCom*) AND (“Arm Tech*” OR deliverable* OR “Arm Compliance Kit” OR ACK OR OOB OR patch* OR test* OR update* OR bug* OR fix* OR verif* OR support OR compliance) AND (withhold* OR refus* OR deny) | 92 | 60 |
| (QC OR Qualcomm OR QCom*) AND (ALA OR “Architecture License Agreement” OR “[REDACTED]”) AND (breach* OR terminat* OR status) AND (Nuvia OR “section [REDACTED]” OR lawsuit OR complaint) | 68 | 19 |
| (QC OR Qualcomm OR QCom*) AND (ALA OR “Architecture License Agreement”) AND exten* AND [REDACTED] | 6 | 0 |
| (QC OR Qualcomm OR QCom*) AND (breach* OR terminat* OR status) AND (“Ian King” OR Bloomberg) | 64 | 39 |
| (QC OR Qualcomm OR QCom*) AND (delay* OR withhold* OR deny OR provid* OR share OR approv* OR deliver*) AND [REDACTED] | 4 | 4 |
| (QC OR Qualcomm OR QCom*) AND (delay* OR withhold* OR deny OR provid* OR share OR approv* OR deliver*) AND (config* OR enable*) AND [REDACTED] | 0 | 0 |
| (QC OR Qualcomm OR QCom*) AND (letter* OR “notice*”) AND (fail* w/10 deliver*) | 131 | 120 |
| (QC OR Qualcomm OR QCom*) AND (project* OR forecast* OR analys* OR evaluat*) AND (revenue* OR profit*) AND (cancel* OR terminat* OR end) AND (ALA OR “Architecture License Agreement” OR "[REDACTED]") | 46 | 6 |
| (QC OR Qualcomm OR QCom*) AND (Sect* AND ([REDACTED] OR [REDACTED] OR [REDACTED] OR [REDACTED] OR [REDACTED])) AND (ALA OR “Architecture License Agreement”) | 73 | 16 |
| (QC OR Qualcomm OR QCom*) AND (Sect* AND ([REDACTED] OR [REDACTED] OR [REDACTED])) AND (ALA OR “Architecture License Agreement”) AND (ACK OR “Arm Compliance Kit”) | 9 | 0 |
| (QC OR Qualcomm OR QCom*) AND (withdraw* OR rescind* OR revok*) AND (terminat* OR breach*) AND (ALA OR “Architecture License Agreement” OR “[REDACTED]”) | 20 | 0 |

| Search Term – 2013 | Document Count | Distinct Document Count |
|---|---|---|
| **Entire Set** | **8** | **N/A** |
| (QC OR Qualcomm OR QCom*) AND ([redacted] OR [redacted]) AND (ALA OR "Architecture License Agreement") | 8 | 8 |

| Search Term – 2019 | Document Count | Distinct Document Count |
|---|---|---|
| **Entire Set** | **1010** | **N/A** |
| ("RISC-V architecture" OR "RISC V architecture" OR "RISCV architecture") AND (analys* OR evaluat*) AND (competit*) | 112 | 36 |
| ("RISC-V architecture" OR "RISC V architecture" OR "RISCV architecture") AND (analys* OR evaluat*) AND (revenue* OR profit*) | 69 | 6 |
| ((cost OR research* & develop* OR "R&D") w/30 "architecture" OR "new technology" OR (mobile OR server OR cloud OR client computing OR internet of things OR "IoT" OR automotive)) W/10 ("NUVIA" OR "Nuvia") | 2 | 0 |
| ((licens* W/3 fee) OR royalt* OR "average selling price" OR "ASP" OR sale OR price OR competit*) AND (estimat* OR project* OR anticipat* OR forecast*) AND (refus* OR declin* OR expir*) | 418 | 196 |
| ((licens* W/5 fee) OR (royalt* OR rate OR "average selling price" OR "ASP" OR sale OR price OR competit*) AND ("negotiat*" OR "estimate*" OR model* OR project* OR anticipat* OR forecast* OR plan)) W/10 ("NUVIA" OR "Nuvia") | 25 | 6 |
| ((licens* W/5 fee) OR (royalt* OR rate OR "average selling price" OR "ASP" OR sale OR price OR competit*) AND ("negotiat*" OR "estimate*" OR model* OR project* OR anticipat* OR forecast* OR plan)) W/10 (("Qualcomm" OR "QC") OR Broadcomm OR Marvell OR Cavium OR Avera) | 125 | 58 |
| ((market W/3 share) OR trend OR research OR analy* OR forecast) W/30 (competit*) AND (QC OR Qualcomm OR QCom*) AND ("system-on-chip" OR "SoC" OR CPU) | 194 | 88 |
| (cost OR research* & develop* OR "R&D") W/5 ("architecture" OR "new technology" OR mobile OR server OR cloud OR "client computing" OR "internet of things" OR "IoT" OR automotive) | 125 | 63 |
| (forecast OR project* OR expect* OR anticipat*) W/10 (impact OR effect OR affect OR increase OR rise OR grow) AND (("licens* fee") OR royalt* OR revenue OR profit OR return OR sale*) W/10 ("architecture" OR "chip*" OR "SoC" OR "CPU" OR ("integrat*" W/3 "core") OR mobile OR server OR cloud OR | 243 | 84 |

| | | |
|---|---|---|
| "client computing" OR "internet of things" OR "IoT" OR automotive) AND (semiconductor OR chip OR "SoC" OR CPU) | | |
| (QC OR Qcom* OR Qualcomm) AND ("ACK" OR "arm compliance kit" OR "AVS" OR "architecture valid* suite" OR "ACS" OR "arm compliance suite") AND (waive* OR issue*) AND ("Error Report*") | 23 | 19 |
| (QC OR Qualcomm OR QCom*) AND ("system-on-chip" OR "SOC" OR CPU OR core) AND (ALA OR "architecture license agreement") AND custom | 38 | 7 |
| (QC OR Qualcomm OR QCom*) AND (project* OR forecast* OR analys* OR evaluat*) AND (revenue* OR profit*) AND (cancel* OR terminat* OR end OR expir*) AND (ALA OR "Architecture License Agreement" OR [REDACTED]) | 40 | 5 |
| (QC OR Qualcomm OR QCom*) AND (project* OR forecast*) AND (revenue* OR profit*) AND [REDACTED] AND (royalt*) AND (ALA OR "Architecture License Agreement") | 15 | 0 |
| market W/10 (mobile OR server OR cloud OR "client computing" OR "internet of things" OR "IoT" OR automotive) AND (semiconductor OR chip OR "SoC" OR CPU) AND (project OR forecast OR anticipat* OR estimat*) AND (impact OR effect OR affect) | 237 | 73 |
| "weighted average cost of capital" OR "WACC" OR "discount rate"" | 16 | 6 |

| **Search Term – 2022** | **Document Count** | **Distinct Document Count** |
|---|---|---|
| **Entire Set** | **144** | **N/A** |
| ("architecture license agreement" OR "ALA") AND ("ACK" OR "arm compliance kit" OR "AVS" OR "architecture valid* suite" OR "ACS" OR "arm compliance suite") AND (release OR update) | 10 | 4 |
| (QC OR Qcom* OR Qualcomm OR Nuvia) AND (OOB OR "out-of-box" OR "out of box") AND release | 140 | 134 |

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) | |
| Plaintiffs, | ) | C.A. No. 24-490 (MN) |
| v. | ) | **CONFIDENTIAL** |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) | |
| Defendant. | ) | |

**QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–52)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Plaintiffs" or "Qualcomm") request that Defendant Arm Holdings PLC ("Arm") serve its written responses to these requests for production and produce copies of the Documents and tangible things requested below at the law offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 within thirty (30) days of service.

**INSTRUCTIONS**

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for Documents and things are continuing in nature. If, after producing the requested Documents and things, Arm obtains or becomes aware of any further responsive Document or thing, Arm must produce to Qualcomm such additional Document or thing.

2. If Arm withholds any Document or thing based upon a claim of privilege or any other claim of immunity from discovery, Arm shall state the specific basis for withholding the Document or thing and describe the facts and circumstances giving rise to such withholding in

writing in a manner sufficient for Qualcomm to evaluate, and the Court to adjudicate, the merits of the claim.

3.      If a claim of privilege is asserted with respect to any requested Document or thing, such Document or thing shall be scheduled on a privilege log that provides all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to any agreement by the parties in this litigation regarding claims of privilege and privilege logs.  To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

4.      If an objection is asserted with respect to any request for production of any Document or thing, Arm shall respond to the portion of the request believed to be unobjectionable and specifically identify that aspect of the request that Arm claims to be objectionable and why, pursuant to Federal Rule of Civil Procedure 34(b)(2).

5.      If an objection is asserted with respect to any request for production of any Document or thing, Arm shall state whether Arm is withholding any responsive material on the basis of that objection, pursuant to Federal Rule of Civil Procedure 34(b)(2).

6.      If Arm claims that information requested or required in response to any request for production of any Document or thing is also responsive to another request, Arm may not answer the request by referring to the answer to another request unless the answer to the request being referred to supplies a complete and accurate response to the request being answered, pursuant to Federal Rule of Civil Procedure 34(b)(2).

7.      If, in responding to any request for production, Arm believes there are any ambiguities in the request's wording, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8. If a Document or thing that is responsive to any request for production has been destroyed, the response shall identify (i) the preparer of the Document or thing; (ii) its addresser (if different), addressee, and each recipient; (iii) each Person to whom it was distributed or shown; (iv) the date it was prepared; (v) the date it was transmitted (if different); (vi) the date it was received; (vii) a description of its contents and subject matter; (viii) the date of its destruction; (ix) the manner of its destruction; (x) the name, title, and address of the Person authorizing its destruction; (xi) the reason(s) for its destruction; (xii) the name, title and address of the Person destroying the Document or thing; and (xiii) a description of the efforts to locate the Document or thing and/or copies of it.

9. Responsive Documents or things should not be limited solely to those under Arm's physical custody, but should include those that are under its "possession, custody, or control," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure and has been interpreted by case law.

10. None of the definitions and instructions or the requests for production should be construed as an admission by Qualcomm relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request for production.

11. No request shall be read as limiting any other request.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply.

1. The definitions and instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

2. Any capitalized term not otherwise defined herein retains its meaning consistent with the Qualcomm ALA, dated May 31, 2013 (Agreement Number [REDACTED].

3. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all Communications, Things, and "writing[s]," "recording[s]," and "photograph[s]," as those terms are defined by Federal Rule of Evidence 1001, including, without limitation, electronic or computerized data compilations. A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term. The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

4. "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

5. "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

6. "Defendant," "Arm," "you," and "your" mean Plaintiff Arm Holdings PLC and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners,

principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf.

7. "Plaintiffs" means, collectively, Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc., and their principals, employees, representatives, agents, and officers.

8. "Complaint" means the First Amended Complaint filed by Qualcomm in the District of Delaware on December 16, 2024, captioned *Qualcomm Inc.* v. *Arm Holdings PLC*, No. 24-490 (MN).

9. "ALA" means Architecture License Agreement, including all amendments and annexes to any such agreement.

10. "TLA" means Technology License Agreement, including all amendments and annexes to any such agreement.

11. "Person" means any natural person or any business, legal, governmental, or regulatory entity or association, and the "acts" of a Person are defined to include acts of trustees, directors, officers, owners, members, employees, agents, or attorneys acting on the Person's behalf.

12. "Third Party" or "Third Parties" means any Person other than Plaintiffs and Defendant, as defined in the foregoing paragraphs.

13. "Thing" and its plural form means any tangible thing under the Federal Rules, including, without limitation, objects of every kind and nature, as well as prototypes, models, and drafts.

14. "[REDACTED]" means "[REDACTED]" as defined in Section [REDACTED] of the Qualcomm ALA, Section [REDACTED] of the [REDACTED], or Section [REDACTED] of the [REDACTED].

15. "[REDACTED]" means the definition of "[REDACTED]" as set forth in Section [REDACTED] of the Qualcomm ALA.

16. "Answer" means Arm's Answer filed in response to Qualcomm's Complaint.

17. "ACK" means Arm's Architecture Compliance Kit or Arm's Architecture Validation Suite or Arm's Architecture Compliance Suite.

18. [REDACTED] means the definition of [REDACTED] as set forth in Section [REDACTED] of the Qualcomm ALA.

19. "OOB" means Arm's Out of Box tests.

20. As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications Arm referenced, relied upon, or otherwise used in drafting its Answer.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Arm contends support its defenses or that rebut its defenses.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications sufficient to show all error corrections, [REDACTED] to the [REDACTED] licensed under the Qualcomm ALA and released or distributed (internally or otherwise) since June 1, 2022.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

All Documents and Communications concerning to the

licensed under the Qualcomm ALA that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

All Documents and Communications since June 1, 2022 related to or concerning the Qualcomm's ACK or Qualcomm's OOB tests, and any patches thereto.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

All versions of the ACK released after June 1, 2022, and any patches thereto.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

All Documents and Communications concerning Arm's position that Section or Section , not Section , of the Qualcomm ALA governs delivery of ACK deliverables listed in Section of any of the Qualcomm ALA Annexes.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

All Documents and Communications concerning or interpreting Sections of the Qualcomm ALA.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

All Documents and Communications concerning or interpreting the definition of "", and sections governing verification, delivery, support, and any remedies for failure to deliver in any Third Party ALAs.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning the withholding of [REDACTED] or other deliverables from Qualcomm, including any Documents and Communications discussing Arm's justification(s) for those withholdings.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications related to or concerning Arm's assertion that Qualcomm has no

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications related to or concerning Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022 and December 5, 2022.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications related to or concerning Arm's decision not to provide Qualcomm with OOB tests or ACK patches after receiving Qualcomm's November 3, 2022 and December 5, 2022 notices of failure to deliver.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning any inquiry or request made by Qualcomm to Arm regarding the Arm's development of v10 of the Arm ISA (including the April 17, 2020 email from Rajiv Gupta at Qualcomm to Lynn Couillard at Arm) and Arm's response to those inquiries.

**REQUEST FOR PRODUCTION NO. 15**:

All Documents and Communications concerning the past, current, or future development of another version of the Arm ISA, including but not limited to a v10 of the Arm ISA.

**REQUEST FOR PRODUCTION NO. 16**:

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm alleging that Qualcomm is in breach of its ALA.

**REQUEST FOR PRODUCTION NO. 17**:

All Documents and Communications related to or concerning Arm's sharing of its October 22, 2024 letter to Qualcomm or the allegations contained in that letter with Third Parties.

**REQUEST FOR PRODUCTION NO. 18**:

All Documents and Communications related to or concerning Qualcomm's May 20, 2020 [REDACTED] [REDACTED].

**REQUEST FOR PRODUCTION NO. 19**:

All Documents and Communications related to or concerning Arm's analysis or discussion of whether to [REDACTED] Qualcomm's May 20, 2020 email.

**REQUEST FOR PRODUCTION NO. 20**:

All Documents and Communications concerning Arm's discussions with Third Parties regarding the claims in Qualcomm's Complaint.

**REQUEST FOR PRODUCTION NO. 21**:

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding the status of Qualcomm's licenses with Arm.

**REQUEST FOR PRODUCTION NO. 22**:

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding Qualcomm's relationship with Arm.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications containing any analysis or evaluation of the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications related to or concerning Arm's potential termination of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning deliverables included as [redacted] licensed under the Qualcomm ALA, including the [redacted], that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

**REQUEST FOR PRODUCTION NO. 27:**

All ALAs and Annexes with Third Parties (*i.e.*, parties other than Qualcomm).

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning delivery of [REDACTED], [REDACTED], or bug fixes, updates, corrections, or any other technical improvement licensed under ALAs to third parties (*i.e.*, parties other than Qualcomm), including documents sufficient to show the licensee, the date of delivery, and the terms of any such delivery for any delivery that was not provided to Qualcomm.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications with Arm's Board of Directors and/or Masayoshi Son concerning the decision to withhold deliverables, [REDACTED]

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications related to or concerning Arm's communications with Qualcomm regarding the delivery of [REDACTED] or other deliverables licensed under the Qualcomm ALA, including but not limited to communications from Arm to Qualcomm, informing Qualcomm that deliverables would be delayed or would need legal approval, and documents and communications regarding Arm's strategy or plans for communications with Qualcomm regarding the delivery of [REDACTED].

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications related to or concerning each ACK patch released since June 1, 2022, including documents related to the development process for each patch, the timeline for development, and each version of the Arm Architecture that the patch corresponds to.

**<u>REQUEST FOR PRODUCTION NO. 32</u>:**

All Documents and Communications related to or concerning the delivery of ACK patches to any ALA partner other than Qualcomm.

**<u>REQUEST FOR PRODUCTION NO. 33</u>:**

All Documents and Communications concerning OOB tests, including the development process for OOB tests, the timeline to configure the ACK through the use of OOB tests, and any manuals or presentations describing the use of OOB tests with the ACK.

**<u>REQUEST FOR PRODUCTION NO. 34</u>:**

All Documents and Communications concerning any negotiations that Arm had with TLA licensees (including Third Parties) for the [REDACTED], including but not limited to [REDACTED], or other language to include in TLA Annexes.

**<u>REQUEST FOR PRODUCTION NO. 35</u>:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm.

**<u>REQUEST FOR PRODUCTION NO. 36</u>:**

All Documents and Communications related to or concerning Arm's sharing of the October 22, 2024 letter with Third Parties, including but not limited to Arm's decision to share the letter with Third Parties.

**REQUEST FOR PRODUCTION NO. 37**:

All Documents and Communications related to or concerning internal discussions of licensing [REDACTED] to Qualcomm, including discussions regarding whether to withhold [REDACTED].

**REQUEST FOR PRODUCTION NO. 38**:

All Documents and Communications concerning or related to Arm's January 8, 2025 letter [REDACTED].

**REQUEST FOR PRODUCTION NO. 39**:

All Documents and Communications concerning or related to withholding [REDACTED] from Qualcomm.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning Arm's discussions with Qualcomm regarding licensing of the [REDACTED], including discussions regarding potentially withholding any of the listed items, pricing of the items, and any potential restrictions related to the use of the items in Qualcomm's products, including in any chips that contained designs or source code that originated at Nuvia.

**REQUEST FOR PRODUCTION NO. 41**:

All Documents and Communications concerning the decision not to provide Qualcomm with information or documents related to the configuration or enablement of the [REDACTED], including but not limited to communications regarding Qualcomm's requests for delivery of the [REDACTED]

**REQUEST FOR PRODUCTION NO. 42**:

All Documents and Communications concerning the decision to introduce the v9 Architecture, including but not limited to the timing and reasoning for Arm's decision to move from v8 to v9 Architecture.

**REQUEST FOR PRODUCTION NO. 43**:

All Documents and Communications concerning the decision to introduce the v10 Architecture, including the timing and reasoning for Arm's decision to move from v9 to v10 Architecture and the differences between the v9 and v10 Architecture.

**REQUEST FOR PRODUCTION NO. 44**:

All Documents and Communications concerning the addition of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA.

**REQUEST FOR PRODUCTION NO. 45**:

All Documents and Communications concerning Arm's analysis of whether [REDACTED] [REDACTED] as defined at Section [REDACTED] of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 46**:

All Documents and Communications concerning [REDACTED] as defined at Section [REDACTED] of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 47**:

Organizational charts for Arm's engineering, verification, product management, Intellectual Property Group, Internet of Things, and business departments, including names of sub-unit or team within a department and the names of leadership of each department and any sub-unit or team within a department.

**<u>REQUEST FOR PRODUCTION NO. 48</u>**:

All minutes or records of Arm's Technology Advisory Board meetings for the past 10 years, including documents sufficient to show the dates of each meeting, the attendees, and the matters discussed.

**<u>REQUEST FOR PRODUCTION NO. 49</u>:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of Section █ and █ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

**<u>REQUEST FOR PRODUCTION NO. 50</u>:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of Sections █ and █ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

**<u>REQUEST FOR PRODUCTION NO. 51</u>:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm regarding Arm's breach of Sections █ and █ of the Qualcomm TLA.

**<u>REQUEST FOR PRODUCTION NO. 52</u>:**

Documents sufficient to show every ALA and TLA provided or made available to Nvidia or its counsel as part of Nvidia's planned acquisition of Arm.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

January 21, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

Anne Shea Gaza, Esquire
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Scott F. Llewellyn, Esquire
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Nicholas R. Fung, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

# Exhibit 7

---

**From:** McWilliams, Catharina R. <CMcWilliams@mofo.com>
**Sent:** Wednesday, April 30, 2025 5:40 PM
**To:** GRP-QCvARM; Blumenfeld, Jack; jying@morrisnichols.com
**Cc:** MoFo_Arm_QCOM; KE-ARM-Qualcomm@kirkland.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** Qualcomm Inc. v. Arm Holdings PLC.; Case No. 1:24-cv-490 (MN): Qualcomm's Requests for Production

Counsel,

Please confirm that we may share the content of Qualcomm's Requests for Production Nos. 4, 6, 9, 26-28, and 31-34 with Arm's ALA licensees or provide redacted versions that may be shared.

Regards,

**Catharina McWilliams**
Associate
cmcwilliams@mofo.com
T: +1 (213) 892-5603

Morrison Foerster
707 Wilshire Boulevard
Los Angeles, CA 90017-3543

MORRISON
FOERSTER

mofo.com | LinkedIn

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# Exhibit 8

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>Defendant. | ) | C.A. No. 24-490-MN |

**<u>Proposed Amended Case Schedule</u>**

| **Event** | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Fact discovery cutoff | July 11, 2025 | November 7, 2025 |
| Initial expert reports | August 8, 2025 | December 19, 2025 |
| Rebuttal expert reports | September 5, 2025 | January 19, 2026 |
| Reply expert reports | September 19, 2025 | February 2, 2026 |
| Expert discovery cutoff | October 3, 2025 | February 18, 2026 |
| Opening briefs for case dispositive motions and *Daubert* motions | October 24, 2025 | March 13, 2026 |
| Answer briefs for case dispositive motions and *Daubert* motions | November 7, 2025 | March 27, 2026 |
| Reply briefs for case dispositive motions and *Daubert* motions | November 14, 2025 | April 3, 2026 |
| Pretrial conference | March 2, 2026 | Late July, 2026 |
| 5-day jury trial | March 9, 2026 | August __, 2026 |