IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., and QUALCOMM TECHNOLOGIES, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 24-490 (MN) ) |
| ARM HOLDINGS PLC, | ) ) |
| Defendant. | ) |

**ORDER**

At Wilmington, this 3rd day of June 2025;

WHEREAS, on April 18, 2024, Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (together, "Qualcomm"), filed a complaint for breach of contract against ARM Holdings PLC ("ARM") (D.I. 2);

WHEREAS, on June 12, 2024, ARM moved to dismiss the complaint, for which briefing was completed on July 31, 2024 (D.I. 13, 15, 22, 27);

WHEREAS, on October 30, 2024, the Court denied ARM's motion to dismiss by oral order (D.I. 30);

WHEREAS, on December 16, 2024, Qualcomm filed its First Amended Complaint pursuant to a stipulation and unopposed motion for leave to amend, which the Court so-ordered (D.I. 34, 35, 36);

WHEREAS, on January 31, 2025, ARM moved to dismiss the First Amended Complaint, for which briefing was completed on March 14, 2025 (D.I. 47, 48, 64, 72);

WHEREAS, also on January 31, the Court entered the parties' scheduling order (D.I. 44);

WHEREAS, on March 27, 2025, while ARM's motion to dismiss was pending, Qualcomm moved for leave to amend and file the Second Amended Complaint, for which the parties completed letter briefing on April 2, 2025 (D.I. 90, 91, 94);

WHEREAS, on May 20, 2025, Qualcomm moved to amend the Scheduling Order (D.I. 122);

WHEREAS, on June 2, 2025, the parties stipulated to amending the Scheduling Order, seeking an extension of the trial date by more than six months (D.I. 133);

THEREFORE, IT IS HEREBY ORDERED that:

1. Upon review of the motion papers (D.I. 91, 94), Qualcomm's motion to amend and file a Second Amended Complaint (D.I. 90) is **GRANTED**.

2. The Court finds that there is no delay or prejudice under the liberal pleading standard of Rule 15 of the Federal Rules of Civil Procedure. Qualcomm filed its motion to amend (just) before the prescribed deadline in the Scheduling Order (D.I. 44 ¶ 2), and, therefore, has not delayed. *See White Winston Select Asset Funds, LLC v. Good Times Rests., Inc.*, No. 19-2092 (SB), 2021 WL 4948044, at *2 (D. Del. Oct. 25, 2021); *Invensas Corp. v. Renesas Elecs. Corp.*, No. 11-448 (CJB), 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013). Additionally, the only potential prejudice ARM identifies is discovery, but discovery has not closed. (D.I. 44 ¶ 7(a)). Thus, ARM's claims of prejudice are unavailing. *See Butamax Adv. Biofuels LLC v. Gevo, Inc.*, No. 11-54 (SLR), 2012 WL 2365905, at *2 (D. Del. June 21, 2012); *Intell. Ventures I LLC v. Toshiba Corp.*, No. 13-453 (SRF), 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015). Nor can the Court conclude that the amendment is futile, and the Court will look askance at any further motions to dismiss asserting failure to state a claim or compulsory counterclaim grounds.

3. Qualcomm shall docket and serve the Second Amended Complaint and its exhibits within five (5) days of the date of this Order.

4. ARM's Motion to Dismiss the First Amended Complaint (D.I. 47) is **DENIED as moot**.

5. Qualcomm's motion and the parties' stipulation to amend the Scheduling Order (D.I. 122, 133) are **DENIED**. The issues involved in this contract dispute are not overly complex and do not justify a substantial extension of the trial date requested – nor does the apparent inability of the parties and their counsel to agree upon and negotiate discovery responses.

6. The parties may each submit a letter of no more than four pages (and containing no attachments) outlining all outstanding discovery disputes by June 4, 2025. A responsive letter of no more than four pages (and containing no attachments) may be filed by June 5, 2025. The Court will then determine whether any further argument or action is needed.

_Maryellen Noreika_
The Honorable Maryellen Noreika
United States District Judge