**WILSON SONSINI**

NORA M. CRAWFORD
ncrawford@wsgr.com
Direct Dial: (302) 304-7634

Wilson Sonsini Goodrich & Rosati
Professional Corporation

222 Delaware Avenue
Suite 800
Wilmington, Delaware 19801-1600

O: 302.304.7600
F: 866.974.7329

June 5, 2025

*Via ECF*

The Honorable Maryellen Noreika
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Unit 19
Wilmington, DE  19801-3555

Re:   ***Qualcomm Inc., et al. v. ARM Holdings PLC***,
      **C.A. No. 24-490 (MN)**

Dear Judge Noreika,

I write on behalf of non-party Ampere Computing LLC ("Ampere") in response to the Court's June 3, 2025 Order (D.I. 134) regarding the discovery disputes in the above-captioned action (the "Action") in order to protect Ampere's highly sensitive commercial information.

On April 23, 2025, Arm Ltd. ("Arm") notified Ampere that it had received discovery requests from Qualcomm Inc. and Qualcomm Technologies, Inc. (together, "Qualcomm") related to Arm's business relationship with Ampere, including requests for unredacted copies of Ampere's architecture license agreements ("ALA") and technology license agreements ("TLA") with Arm. Arm subsequently confirmed it had not and was not agreeing to produce Ampere-related information in response to Qualcomm's requests.[1]

On June 4, Qualcomm submitted its discovery dispute letter to the Court. D.I. 158. Ampere has not seen that letter because Qualcomm filed it under seal, and Qualcomm's counsel refused to provide a redacted copy to Ampere. Qualcomm's counsel instead represented that "there is no specific reference to Ampere in Qualcomm's sealed letter" and that "[a]t most there is a discussion of Qualcomm's need for the ALAs and TLAs that contains information confidential to Qualcomm and Arm." When pressed, Qualcomm's counsel also acknowledged Qualcomm is

---

[1] Under the Stipulated Protective Order in this Action, "[i]n the event that a Party *is required*," to produce third party confidential information, the third party may seek a protective order or other relief preventing such production. D.I. 84 ¶¶ 51-52 (emphasis added). Ampere timely submits this letter in light of the Court's consideration of whether such production, which Arm otherwise has not agreed to, "is required."

WILSON SONSINI

The Honorable Maryellen Noreika
June 5, 2025
Page 2

seeking "communications that Arm had with third parties regarding certain technology that Arm provides to third party licensees as well as communications that Arm had regarding potential or actual license offers for technology" and documents "regarding Arm's shift in business strategy and Arm's communications with third parties (including Ampere) regarding Qualcomm."

These requests should be rejected. As for Qualcomm's ALA and TLA requests, these disputes are not new. The Court previously considered similar issues in the related action between these parties, captioned *Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146 (MN) (LDH) (the "Prior Action"). There, Ampere twice moved for a protective order to prevent the disclosure of highly sensitive terms in the Ampere ALA and related agreements, leaving the vast majority of those agreements unredacted. *See* Prior Action, D.I. 93; D.I. 240. The Court agreed with Ampere and granted a protective order guarding that information from disclosure. D.I. 111; D.I. 252; D.I. 256; D.I. 265; Oral Arg. Tr. at 62:10-63:15 (Mar. 7, 2024). The same reasons supporting the Court's decision in the Prior Action apply here—with even greater force.

As for any Qualcomm requests for documents and communications about Arm's performance under its contracts and business relationships with non-parties, (i) Ampere does not know what Ampere confidential information is potentially implicated by these broad and vague requests, but (ii) in any event, they are not proper.

***First***, Qualcomm cannot show that Ampere-related discovery is relevant to this Action. F.R.C.P. 26(b)(1); *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) (explaining protective order "is not a substitute for establishing relevance or need"). Qualcomm asserts Arm breached *Qualcomm*'s ALA with Arm. That has nothing to do with *Ampere*'s contracts with Arm or the details of Arm's performance under those contracts.

To Ampere's best understanding based on an earlier effort to meet-and-confer with Qualcomm's counsel, Qualcomm's position is that because it is arguing Arm breached the Qualcomm ALA in bad faith, Arm's performance under other contracts with non-parties (that were entered into years ago, in the case of Ampere) is somehow relevant. That notion is not supported by common sense or the law. *See CIGNEX Datamatics, Inc. v. Lam Rsch. Corp.*, 2020 WL 2063924, at *13 (D. Del. Apr. 29, 2020) ("In any event, a bad faith breach of contract claim is still a contract claim."), *aff'd*, 2021 WL 4430400 (3d Cir. Sept. 27, 2021); *see also AdTrader, Inc. v. Google LLC*, 2021 WL 937559, at *2 (N.D. Cal. Mar. 12, 2021) (finding defendant's performance under agreement with non-party irrelevant to whether defendant breached contract with plaintiff).

***Second***, even if Qualcomm could articulate some tangential relevance of Ampere-related discovery, that relevance is far outweighed by the risk of harm to Ampere from disclosure. *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)

**WILSON SONSINI**

The Honorable Maryellen Noreika
June 5, 2025
Page 3

("[E]ven if the information sought is relevant, discovery is not allowed . . . where the potential harm caused by production outweighs the benefit.").

As Ampere has previously detailed for the Court, Ampere is a small company in the semiconductor space, making it essential to maintain the confidentiality of its competitive information. D.I. 93 at 2; D.I. 240 at 2. The Ampere ALA already has been produced in minimally redacted form, and the redacted text consists of bespoke and sensitive economic terms, competitor names, dates, and time periods—the disclosure of which would cause serious competitive harm to Ampere. Prior Action, D.I. 240 at 5-6 (explaining specific harm from disclosure); D.I. 241 (Declaration of Jeff Wittich). Ampere's TLA likewise contains sensitive competitive information concerning Ampere's technology, royalty rates, and timing provisions.

As for communications about Arm's performance of these or other third-party contracts, Ampere does not know what Ampere confidential information may be implicated, but such requests very conceivably could give Qualcomm insight into Ampere's most sensitive data. Just last month, Qualcomm announced it is entering the data center CPU market, where Ampere is one of two current players. Qualcomm now wanting access to Ampere's CPU market license terms and the details of Arm's performance under those contracts is alarming.

Qualcomm has no cogent argument for why it must see this highly sensitive information to make out its contract claims under the Qualcomm ALA, let alone why the information is so essential that it outweighs the significant harm to Ampere from disclosure. *See Allergan, Inc. et al. v. Revance Therapeutics, Inc.*, No. 1:21-cv-01411-RGA (D. Del. July 7, 2023) (ORDER) (Hall, M.J.) (granting protective order where disclosure of non-party's sensitive commercial information in license agreement would cause competitive harm). Producing the documents on an Attorneys'-Eyes-Only basis does not solve the issue, as Qualcomm's outside counsel cannot unlearn the information once disclosed. *See Arconic Corp. v. Novelis Inc.*, 2021 WL 4479484, at *5 n.2 (W.D. Pa. Sept. 30, 2021) (despite "robust" protective order, "the court is reluctant to order unnecessary disclosures of sensitive corporate information between these fierce industry competitors.").

Ampere thus respectfully requests that the Court deny all requests for Arm to produce Ampere-related information in this Action. If the Court disagrees, Ampere requests an opportunity to work with Arm to redact the sensitive competitive information in its TLA and any other Ampere-related documents prior to production.

I am available at the Court's convenience should Your Honor have any questions.

WILSON SONSINI

The Honorable Maryellen Noreika
June 5, 2025
Page 4

                                                  Respectfully,

                                                  */s/ Nora M. Crawford*

cc:    All counsel of record via ECF       Nora M. Crawford (#6399)