**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, <br><br>             Plaintiffs, <br><br>     v. <br><br> ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, <br><br>             Defendant. | C.A. No. 24-490-MN <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED VERSION** <br> **Filed: June 24, 2025** |

## DEFENDANT ARM HOLDINGS PLC.'S ANSWER AND DEFENSES TO PLAINTIFFS QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.'S SECOND AMENDED COMPLAINT

Defendant Arm Holdings plc. ("Arm") hereby submits its Answer and Defenses to the Second Amended Complaint of Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Qualcomm").

### PRELIMINARY STATEMENT

Qualcomm's claims are baseless. Arm did not withhold deliverables under the Qualcomm Architecture License Agreement ("ALA") and has no obligations under the Qualcomm ALA with respect to unlicensed Nuvia-based technology. Arm has provided all materials that Qualcomm is entitled to under the Qualcomm ALA, and the Nuvia-based technology is subject to an independent obligation requiring Qualcomm to discontinue and destroy Nuvia-based technology used in its products.

*First*, the information requested by Qualcomm that is the purported basis for Qualcomm's suit does not implicate the delivery provisions of the Qualcomm ALA, but

instead implicates the ALA's verification provisions. As Qualcomm admits, Arm made clear in its December 6, 2022, letter that "[n]o failure of delivery has occurred." Accordingly, there is no basis for Qualcomm's breach claim.

*Second*, Qualcomm's ALA does not cover the relevant Nuvia-based technology, which is subject to discontinuance and destruction pursuant to an express, independent obligation under the termination provisions of the now-terminated ALA between Arm and Nuvia. Qualcomm's ALA provides a license only for technology developed under that ALA, based on technology Arm delivered to Qualcomm under that ALA. The pre-acquisition Nuvia designs fall outside the scope of the Qualcomm ALA, and Qualcomm is not entitled to any of the support that Arm allegedly withheld for those unlicensed designs.

*Third*, because Qualcomm was aware of the purported basis for its baseless claims more than two years ago, its claims are barred by waiver, laches, estoppel, and the compulsory counterclaim doctrine. As Qualcomm admits, Arm expressly stated in its December 6, 2022, letter that Qualcomm "does not have verification, delivery, or support rights under its ALA applicable to Nuvia-based technology like the design for which Qualcomm improperly seeks" verification. Yet Qualcomm did not pursue, or otherwise raise, its claims for more than a year, despite engaging in active litigation regarding its failure to comply with the termination provisions of the Nuvia ALA.

Qualcomm's allegations regarding the Technology License Agreement ("TLA") are equally without merit. Qualcomm's allegations are based on an alleged failure to provide licensing offers for ███████████████████ in October 2024. Yet Arm indisputably made licensing offers for ████████, even though Qualcomm failed to timely request those offers under the contract. Qualcomm admits as much by alleging that the

offers Arm made nonetheless constituted a "constructive failure to offer" ███ licenses. Qualcomm's claim boils down to the simple fact that it merely didn't like the terms Arm offered, which it was free to reject or negotiate. Qualcomm has also failed to identify any supposed ██████████████████ withheld from Arm, and Arm did not change any terms with respect to ██████████████████.

Further, Qualcomm's allegation that Arm breached the implied covenant of good faith based on an alleged failure to negotiate an extension of the ALA is without merit. Qualcomm alleges that in May 2020—over five years ago—it made a request to extend the ALA ██████████████████ to cover versions of the Arm technology that did not yet exist, for which Qualcomm had no right to a license at the time. Accordingly, there can be no breach of the implied covenant of good faith and fair dealing of the ALA.

Finally, none of Arm's alleged conduct violates the California Unfair Competition Law ("UCL") under any test or theory recognized under California law. As a threshold matter, Qualcomm fails to identify (1) any antitrust law, or a policy or spirit of such a law, that Arm violates or threatens to violate or (2) any relevant market in which Arm's conduct allegedly threatens competition. These two deficiencies alone are fatal to Qualcomm's UCL claim. Also, Qualcomm's derivative allegations premised on breach of contract, refusal to deal with or license Qualcomm, harms to Qualcomm, competitive speech, and common law violations do not constitute "unfair" or "unlawful" conduct under the UCL. Contrary to Qualcomm's claims, Arm's business practices are inherently pro-competitive and beneficial to consumers.

## ANSWER

Arm further answers the Complaint as follows, and except as expressly admitted below, Arm denies each and every allegation of the Complaint:

1.      In answer to paragraph 1, Arm denies that it is attempting to stifle competition and disrupt Qualcomm's business. Arm specifically admits that Qualcomm is an Arm licensee and pays license fees and royalties under the Qualcomm ALA. Arm denies that it filed suit against Qualcomm and Nuvia but acknowledges that Arm Ltd. filed suit against Qualcomm and Nuvia for breach of the Nuvia ALA. Arm admits that it reached out to its customers and partners after filing its lawsuit against Qualcomm and Nuvia. Arm denies that it sent Qualcomm a notice of material breach of the Qualcomm ALA but acknowledges that Arm Ltd. sent Qualcomm a notice of material breach of the Qualcomm ALA on October 22, 2024. Arm denies the remaining allegations in this paragraph.

2.      In answer to paragraph 2, Arm admits that it offers licenses to some companies to design their own custom central processing units ("CPUs") that can execute ARM's instruction set architecture ("ISA") and licenses to use Arm's own "off-the-shelf" CPU designs. Arm admits that this paragraph quotes portions of statements made in public documents and news articles. Arm denies the remaining allegations in this paragraph.

3.      In answer to Paragraph 3, Arm admits that Qualcomm first entered into a license agreement with an Arm affiliate in 1997. Arm denies that Qualcomm and Arm entered into the Qualcomm ALA in 2013 but acknowledges that, in 2013, Qualcomm and Arm Ltd. entered into the Qualcomm ALA and a related annex, which speak for themselves. Arm also admits that Qualcomm has a TLA that provides Qualcomm with a license to use Arm's "off-the-shelf" CPU designs.

4.      Arm denies the allegations in paragraph 4.

5.      Arm denies the allegations in paragraph 5.

6.      In response to paragraph 6, Arm admits that a trial took place last year before this Court in the matter *Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN (D. Del.). Arm admits that NUVIA was a startup focused on developing a custom CPU and SoC, both specifically for use in data centers and servers. Arm admits that, in 2021, Qualcomm acquired NUVIA for $1.4 billion. Arm denies the remaining allegations in this paragraph.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the "license agreement between ARM and NUVIA"—that is, the Nuvia ALA—and the Qualcomm ALA, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the lawsuit, which speaks for itself and belies Qualcomm's allegations. Arm otherwise denies the allegations in this paragraph.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the lawsuit and Arm's licenses with Qualcomm, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

10.      In answer to paragraph 10, Arm respectfully refers the Court to the lawsuit and to Arm's pending renewed motion for judgment as a matter of law or new trial, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

11.      Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

12.      Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which

speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

13.     Arm denies the allegations in paragraph 13, at least because Qualcomm's ALA does not cover the unlicensed Nuvia technology, Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm Ltd. would not provide support for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

14.     In answer to paragraph 14, Arm respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

15.     In answer to paragraph 15, Arm respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

17.    Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph, at least because Arm had no breach to cure.

18.    Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA and TLA, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

19.    Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

20.    Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

21.    In answer to paragraph 21, Arm admits that Qualcomm submitted requests to renew licenses from Arm Ltd. for "off-the-shelf" ██████████ ██████████████ and ████████ ████████████████ Arm denies that Arm Ltd. refused to provide licensing offers, at least because it provided Qualcomm with licensing offers for ██████████ in October 2024.

22.    In answer to paragraph 22, Arm admits that Qualcomm submitted a request to renew a license from Arm Ltd. for its "off-the-shelf" ████████████ ██████████████ Arm denies that Arm Ltd. refused to provide licensing offers, at least because it provided Qualcomm with licensing offers for ██████████████ in October 2024.

23.     In answer to paragraph 23, Arm admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 20, 2024 and September 27, 2024, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

24.     In answer to paragraph 24, Arm respectfully refers the court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

25.     In answer to paragraph 25, Arm admits that it provided Qualcomm with a licensing offer for the ████████  ██████████████ The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

26.     Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to Arm Ltd.'s October 22, 2024 letter, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

30.     In answer to paragraph 30, Arm admits that Arm Ltd. sent Qualcomm the Breach Letter on October 22, 2024 and respectfully refers the Court to the letter, which speaks for itself.

The remaining allegations in paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

31.    Arm denies the allegations in paragraph 31.

32.    Arm denies the allegations in paragraph 32.

33.    Arm denies the allegations in paragraph 33.

34.    In answer to the first sentence in paragraph 34, Arm denies that the notice of breach letter was timed to interfere with *Arm v. Qualcomm*. In answer to the second sentence in paragraph 34, Arm admits that Arm Ltd. sent Qualcomm the notice of breach letter on October 22, 2024, and respectfully refers the Court to the letter, which speaks for itself. In answer to the third sentence in paragraph 34, Arm admits that this sentence cites to excerpts from the October 30, 2024, hearing transcript in *Arm Ltd. v. Qualcomm, Inc.*, but denies the remaining allegations in this sentence. Arm denies the remaining allegations in this paragraph.

35.    In answer to paragraph 35, Arm admits that this paragraph cites to excerpts from a Reuters article dated February 13, 2025. Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the fifth sentence of this paragraph, and on that basis denies them. Arm denies the remaining allegations in this paragraph.

36.    In answer to paragraph 36, Arm respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

37.    Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph.

38.    In answer to paragraph 38, Arm admits that Qualcomm Incorporated is a Delaware corporation with its principal place of business in San Diego, California. Arm admits

that Qualcomm has developed and commercialized products related to wireless technologies and has been involved in 3G, 4G, and 5G mobile communication standards. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

39.     In answer to paragraph 39, Arm admits that Qualcomm Technologies, Inc. is a wholly owned subsidiary of Qualcomm Incorporated and a Delaware corporation with a principal place of business in San Diego, California. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

40.     Arm denies that Arm Holdings plc. was formerly known as Arm Ltd. Arm otherwise admits the allegations in paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

42.     Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits that venue is proper in this Judicial District.

43.     In answer to paragraph 43, Arm admits that it develops and licenses technology for processors used in a variety of different products, including, but not limited to, servers, mobile phones, and cars. Arm also admits that it offers different types of license contracts, of which two are ALAs and TLAs. Arm denies the remaining allegations in paragraph 43.

44.     In answer to paragraph 44, Arm admits that at least some of its ALAs grant licensees the right to design their own custom central processing units ("CPUs") that can execute

33291353.2

ARM's instruction set architecture ("ISA"), as well as the right to design and distribute products incorporating such CPUs, but denies the suggestion that all Arm ALAs grant uniform rights. Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm denies the remaining allegations in this paragraph.

45.     Arm admits that CPU cores may be particular components of SoCs, and that SoCs are integrated circuits that can be used in cellular phones, computers, and other devices. Arm also admits that a core or CPU can perform processing within the SoC. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

46.     In answer to paragraph 46, Arm admits that an ISA is part of the abstract model of a computer that specifies how the CPU interfaces with software. Arm admits that applications and software that conform to an ISA's specifications can generally be run on a CPU that is based on the ISA, regardless of who has designed or manufactured the hardware. Arm admits that the Arm ISA allows for compatibility of applications and software, as Arm-based products can receive the same inputs (instructions) and, for each of those inputs, determine and output the proper result. Arm admits that application and software developers create their products to be compatible with particular ISAs. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

47.     In answer to paragraph 47, Arm admits that an ISA is part of the abstract model of a computer that specifies how the CPU interacts with software. Arm admits that the Arm ISA allows for compatibility of applications and software, as Arm-based products can receive the same inputs (instructions) and, for each of those inputs, determine and output the proper result. Arm denies the remaining allegations contained in paragraph 47.

33291353.2

48.    In answer to paragraph 48, Arm admits the allegations in the first sentence of paragraph 48. Arm denies that micro-architectural know-how and expertise required to build a CPU is not related to the ISA. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

49.    In answer to the first sentence of paragraph 49, Arm admits that a CPU developer developing a custom CPU generally designs the core to meet the requirements of the relevant architecture. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

50.    In answer to paragraph 50, Arm admits the allegations in the first, second, fourth, and fifth sentences of paragraph 50, but denies the suggestion that ALA licensees develop custom processor cores without significant support from Arm. Arm further respectfully refers the Court to its August 21, 2023, Registration Statement, which speaks for itself.

51.    In answer to the first sentence of paragraph 51, Arm admits that Arm TLAs allow the use of specific "off-the-shelf" Arm processor core designs with only minor modifications. In answer to the third sentence of paragraph 51, Arm admits that Arm TLAs also allow the use of Arm-designed technology that can be used in SoCs to perform specific functions and interface with the licensed "off-the-shelf" CPUs. Arm admits that the last sentence of paragraph 51 cites to excerpts of Arm's August 21, 2023, Registration Statement. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

52.    In answer to paragraph 52, Arm admits that at least some TLA licenses charge higher royalties than ALA licenses. Arm denies the remaining allegations in this paragraph.

53.     In answer to paragraph 53, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

54.     In answer to paragraph 54, Arm admits that Qualcomm develops SoCs used in different technologies. Arm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

55.     In answer to paragraph 55, Arm admits that Qualcomm first entered into a license agreement with an Arm affiliate in 1997. Arm denies that Qualcomm and Arm entered into the currently operative Qualcomm ALA, ████████████, but acknowledges that Qualcomm and Arm Ltd. entered into the Qualcomm ALA and a related annex, which speak for themselves. Arm further denies that Qualcomm and Arm entered into an additional Annex 1 to the Qualcomm ALA, but acknowledges that on June 23, 2020, Qualcomm and Arm Ltd. entered into an additional annex, which speaks for itself.

56.     The first and second sentences of paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA and related annexes, which speak for themselves. Arm denies the remaining allegations in the first and second sentences of paragraph 56. Arm admits that since Qualcomm entered into the Qualcomm ALA, Qualcomm has at times shipped custom Arm ISA-compatible CPUs in addition to shipping CPUs based on Arm implementation cores.

57.     In answer to paragraph 57, Arm admits that Qualcomm is an Arm licensee and pays license fees and royalties under the Qualcomm ALA. The third sentence of paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this sentence. Arm further respectfully refers the Court to its Form

20-F dated August 12, 2024, which speaks for itself. Arm denies the remaining allegations in this paragraph.

58.    Arm denies the allegations in paragraph 58.

59.    In answer to the first sentence of paragraph 59, Arm admits that in March 2021, Qualcomm acquired NUVIA, a startup focused on developing a custom CPU and SoC, both specifically for use in data centers and servers. Arm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

60.    In answer to paragraph 60, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

61.    In answer to paragraph 61, Arm admits that the last sentence of this paragraph cites to excerpts of public articles. Arm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

62.    In answer to paragraph 62, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

63.    In answer to paragraph 63, Arm denies that Qualcomm and Arm entered into an Amended and Restated Architecture License Agreement, ███████████, and Annex 1 to that agreement, but acknowledges that Qualcomm and Arm Ltd. entered into that Agreement and Annex. Arm admits that the Qualcomm ALA is a binding and enforceable agreement, but denies that all the provisions in the Qualcomm ALA are necessarily enforceable.

64.    In answer to paragraph 64, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

65.     In answer to paragraph 65, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

66.     In answer to paragraph 66, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

67.     In answer to paragraph 67, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

68.     In answer to paragraph 68, Arm admits that this paragraph cites to excerpts of public documents and videos. To the extent this paragraph characterizes "benefit[s]" to anyone or anything other than Arm, Arm lacks sufficient knowledge or information to form a belief about the truth of those allegations, and on that basis denies them. Arm denies the remaining allegations in this paragraph.

69.     In answer to paragraph 69, Arm admits that this paragraph cites to excerpts of the FTC complaint from *In the Matter of Nvidia Corp., SoftBank Grp., & Arm, Ltd*. Arm denies the remaining allegations in this paragraph.

70.     In answer to paragraph 70, Arm admits that this paragraph cites to excerpts of public documents. Arm denies the remaining allegations in this paragraph.

71.     In answer to paragraph 71, Arm admits that this paragraph cites to excerpts of the Initial Phase 2 Submission, Anticipated Acquisition by NVIDIA Corp. of ARM Ltd., U.K. Competition & Markets Authority, dated December 20, 2021. Arm denies the remaining allegations in this paragraph.

72.     Arm denies the allegations in paragraph 72.

73.     In answer to the first and second sentences of paragraph 73, Arm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these sentences, and on that basis denies them. Arm denies the remaining allegations contained in this paragraph.

74.     Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations contained in this paragraph.

75.     Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself.

76.     Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

77.     Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

78.     Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

79.     Arm denies the allegations in paragraph 79.

80.     In answer to paragraph 80, Arm respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm has no obligations under the Qualcomm ALA with regard to unlicensed Nuvia technology.

81.     Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to Qualcomm's letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

82.     Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA and Qualcomm's letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

83.     Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

84.     In answer to paragraph 84, Arm admits that Arm Ltd. sent a letter to Qualcomm dated December 6, 2022. Arm otherwise denies the allegations in this paragraph.

85.     In answer to paragraph 85, Arm respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

86.     In answer to paragraph 86, Arm respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

87.     In answer to paragraph 87, Arm respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph, at least because Qualcomm's ALA does not cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm would not provide support for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

88.     In answer to paragraph 88, Arm respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

89.     Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm would not provide support for the unlicensed Nuvia technology.

90.     In answer to paragraph 90, Arm respectfully refers the Court to the Court's March 5, 2024 hearing transcript, March 6, 2024 Order, and the October 2022 email chain, which speak

for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

91.    Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Arm respectfully refers the Court to the Court's March 6, 2024 Order and Mr. Agrawal's testimony and documents, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

92.    In answer to paragraph 92, Arm respectfully refers the Court to the Qualcomm ALA and Annex 1, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

93.    Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

94.    In answer to paragraph 94, Arm respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022

that Arm would not provide support for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

97.     Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

98.     In response to paragraph 98, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

99.     In response to paragraph 99, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm denies the remaining allegations in this paragraph.

100.    Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

101.    Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm did not withhold deliverables under the ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

102.    Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

103.    In response to Paragraph 103, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

104.    In response to Paragraph 104, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

105.    In response to paragraph 105, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

106.    In response to paragraph 106, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

107.    In response to paragraph 107, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

108.    In response to paragraph 108, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

109.    In response to Paragraph 109, Arm admits that Qualcomm sought to renew its licenses for ███████████████████████. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

110.    In response to paragraph 110, Arm respectfully refers the Court to the Qualcomm TLA and Qualcomm's licenses for ███████████████████, which speak for themselves. Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

111.    In answer to paragraph 111, Arm admits that Qualcomm submitted requests to renew licenses from Arm for ██████ ████████ and ██████ ████████.

112.    Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations, at least because it provided Qualcomm with licensing offers for ███████████ in October 2024.

113.    In answer to paragraph 113, Arm admits that Qualcomm submitted a request to renew a license from Arm for ██████ ███████ Arm denies the remaining

allegations, at least because it provided Qualcomm with a licensing offer for ▉▉▉ in October 2024.

114.    In answer to paragraph 114, Arm admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 20, 2024. Arm otherwise denies the allegations in this paragraph.

115.    In answer to paragraph 115, Arm admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 27, 2024. Arm otherwise denies the allegations in this paragraph.

116.    In answer to paragraph 116, Arm respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

117.    In answer to paragraph 117, Arm respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm otherwise denies the allegations in this paragraph.

118.    Arm denies the allegations in paragraph 118.

119.    Arm denies the allegations in paragraph 119.

120.    Arm denies the allegations in paragraph 120.

121.    In answer to paragraph 121, Arm denies that its proposal was exorbitant. Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

122.    In answer to paragraph 122, Arm denies that it ▉▉▉▉▉▉ refusal to offer licenses and to change ▉▉▉▉▉▉ of its licensing offers. Arm lacks sufficient

knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

123.    In answer to paragraph 123, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

124.    In answer to paragraph 124, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

125.    In answer to paragraph 125, Arm respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

126.    In answer to paragraph 126, Arm admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 20, 2024 and September 27, 2024. Arm otherwise denies the allegations in this paragraph.

127.    In answer to paragraph 127, Arm respectfully refers the Court to the Qualcomm ALA and Qualcomm TLA, which speak for themselves. Arm otherwise denies the allegations in this paragraph, including at least because Arm did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Arm's conduct did not breach Sections ███████ ███ of the Qualcomm TLA.

128.    Arm denies the allegations in paragraph 128.

129.    Arm denies the allegations in paragraph 129.

130.    In answer to paragraph 130, Arm respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

131.    In answer to paragraph 131, Arm admits that this paragraph refers to and cites from an email between a Qualcomm employee and an Arm employee. Arm otherwise denies the allegations in this paragraph.

132.    In answer to paragraph 132, Arm admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on May 20, 2020. Arm otherwise denies the allegations in this paragraph.

133.    Arm denies the allegations in paragraph 133.

134.    Arm denies the allegations in paragraph 134.

135.    Arm denies the allegations in paragraph 135.

136.    Arm denies that it filed suit against Qualcomm and Nuvia but acknowledges that, on August 31, 2022, Arm Ltd. commenced *Arm v. Qualcomm* in the U.S. District Court for the District of Delaware. Arm admits that, in that action, Arm Ltd. alleges that Qualcomm and NUVIA breached the NUVIA ALA by, among other things, failing to abide by the change-of-control and termination provisions in the NUVIA ALA. Arm otherwise denies the allegations in paragraph 136.

137.    In answer to paragraph 137, Arm admits that, after filing the complaint in *Arm v. Qualcomm*, Arm Ltd. corresponded with certain of its customers concerning the *Arm v. Qualcomm* lawsuit. Arm respectfully refers the Court to the correspondence, which speaks for itself. Arm admits that the last sentence of this paragraph cites to excerpts of testimony by Rene Haas. Arm otherwise denies the allegations in this paragraph.

138.    In answer to paragraph 138, Arm admits that the August 31, 2022 letters sent to customers included a letter from Arm's general counsel to Qualcomm's general counsel. Arm

respectfully refers the Court to the correspondence, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

139.    In answer to paragraph 139, Arm admits that, in May 2023, Arm Ltd. sent letters to some of its customers concerning the *Arm v. Qualcomm* lawsuit. Arm respectfully refers the Court to the correspondence, which speaks for itself, and to Mr. Haas's trial testimony in *Arm v. Qualcomm*, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

140.    In answer to paragraph 140, Arm respectfully refers the Court to Arm Ltd.'s May 2023 correspondence with its customers, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

141.    Paragraph 141 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

142.    Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits that, on September 30, 2022, Qualcomm answered Arm's complaint in *Arm v. Qualcomm* and filed a counterclaim against Arm Ltd. Arm otherwise denies the allegations in this paragraph.

143.    Paragraph 143 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits that, on March 13, 2024, Qualcomm filed its second amended counterclaims in *Arm v. Qualcomm* and, on April 4, 2024, Arm Ltd. answered those counterclaims. Arm otherwise denies the remaining allegations in this paragraph.

144.    In answer to paragraph 144, Arm admits that Arm Ltd. sent Qualcomm a notice of material breach of the Qualcomm ALA on October 22, 2024. Arm respectfully refers the Court to the letter, which speaks for itself, and to the Qualcomm ALA, which speaks for itself. Arm otherwise denies the remaining allegations in this paragraph.

33291353.2

145.    In answer to paragraph 145, Arm admits that this paragraph cites to excerpts of Arm Ltd.'s October 22, 2024 letter to Qualcomm. Arm respectfully refers the Court to this letter, which speaks for itself. Arm denies the remaining allegations in this paragraph.

146.    In answer to paragraph 146, Arm admits that this paragraph cites to excerpts of Arm Ltd.'s October 22, 2024 letter to Qualcomm. Arm respectfully refers the Court to this letter, which speaks for itself. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

147.    In answer to Paragraph 147, Arm admits that this paragraph cites to excerpts of Arm Ltd.'s October 22, 2024 letter to Qualcomm. Arm respectfully refers the Court to this letter, which speaks for itself. Arm otherwise denies the allegations in this paragraph.

148.    Arm denies the allegations in paragraph 148.

149.    In answer to Paragraph 149, Arm admits that this paragraph cites to excerpts from an Arm press release. Arm denies the remaining allegations in this paragraph.

150.    Arm denies the allegations in paragraph 150, at least because Qualcomm's ALA does not cover the unlicensed Nuvia technology and Arm identified Qualcomm's unlicensed use of as a material breach of the Qualcomm ALA.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

152.    In answer to paragraph 152, Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

153.    In answer to paragraph 153, Arm admits that, on October 22, 2024, Arm Ltd. sent Qualcomm a notice of material breach of the Qualcomm ALA. Arm otherwise denies the allegations in this paragraph.

154.    In answer to paragraph 154, Arm admits that Arm Ltd. discussed the October 22, 2024 letter with a reporter at Bloomberg. Arm admits that this paragraph cites to excerpts of an October 22, 2024 article by Bloomberg. Arm otherwise denies the allegations in this paragraph.

155.    Arm denies the allegations in paragraph 155.

156.    Arm denies the allegations in paragraph 156.

157.    In answer to paragraph 157, Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

158.    In answer to paragraph 158, Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

159.    In answer to paragraph 159, Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

160.    In answer to paragraph 160, Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

161.    Arm denies the allegations in paragraph 161.

162.    In answer to the first, second, and third sentences of paragraph 162, Arm respectfully refers the Court to Arm Ltd.'s January 8, 2025 letter to Qualcomm, which speaks for itself. Arm otherwise denies the remaining allegations in this paragraph.

163.    In answer to paragraph 163, Arm admits that it designated Arm Ltd.'s January 8, 2025 letter to Qualcomm as "confidential" and authorized Qualcomm to share the letter with its customers on a confidential basis. Arm otherwise denies the allegations in this paragraph.

164.    Arm denies the allegations in paragraph 164.

165.    Paragraph 165 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

166.    Paragraph 166 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

## COUNT I

### (Declaratory Judgment)

167.    In answer to paragraph 167, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–166 as if fully set forth herein.

168.    In answer to paragraph 168, Arm:

a.    is not required to respond to sub-paragraph (a) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph. Further, Arm did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

b.    is not required to respond to sub-paragraph (b) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph, at least because Arm did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm did not withhold deliverables under the Qualcomm ALA, the Qualcomm ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

c.      is not required to respond to sub-paragraph (c) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

d.      is not required to respond to sub-paragraph (d) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

e.      is not required to respond to sub-paragraph (e) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

f.      is not required to respond to sub-paragraph (f) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

g.      is not required to respond to sub-paragraph (g) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

h.      is not required to respond to sub-paragraph (h) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

i.      is not required to respond to sub-paragraph (i) because it contains legal conclusions. To the extent a response is required, Arm denies the allegations in this sub-paragraph.

j.     is not required to respond to sub-paragraph (j) because it contains legal

conclusions. To the extent a response is required, Arm denies the

allegations in this sub-paragraph.

169.    Paragraph 169 contains legal conclusions to which no response is required. To the

extent a response is required, Arm denies the allegations in this paragraph, at least because Arm

did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not

apply, at least because Arm did not withhold deliverables under the Qualcomm ALA, the

Qualcomm ALA does not cover the unlicensed Nuvia technology, and Arm's conduct did not

breach Sections ██████████████ of the Qualcomm TLA.

170.    Paragraph 170 contains legal conclusions to which no response is required. To the

extent a response is required, Arm denies the allegations in this paragraph.

171.    Paragraph 171 contains legal conclusions to which no response is required. To the

extent a response is required, Arm denies the allegations in this paragraph.

172.    Paragraph 172 contains legal conclusions to which no response is required. To the

extent a response is required, Arm denies the allegations in this paragraph, at least because Arm

withdrew its notice of material breach of the Qualcomm ALA on January 8, 2025 while Arm's

ongoing legal challenges are pending.

## **COUNT II**

### **(Breach of the Qualcomm ALA)**

173.    In answer to paragraph 173, Arm repeats, re-alleges, and incorporates by

reference its answers to paragraphs 1–172 as if fully set forth herein.

174.    Paragraph 174 contains legal conclusions to which no response is required. To the

extent a response is required, Arm admits that the Qualcomm ALA is a valid, binding contract.

175.    Paragraph 175 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

176.    Paragraph 176 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

177.    Paragraph 177 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm has no obligations under the Qualcomm ALA with regard to unlicensed Nuvia technology.

178.    Paragraph 178 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

179.    Paragraph 179 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

180.    Paragraph 180 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

## COUNT III

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

181.    In answer to paragraph 181, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–180 as if fully set forth herein.

182.    Paragraph 182 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

183.    Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies that it has breached the implied covenant of good faith and fair dealing for either the QC ALA or the QC TLA. Arm otherwise lacks sufficient information or belief about the truth of the allegations in this paragraph and on that basis denies them.

184.    Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

185.    Paragraph 185 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

186.    Paragraph 186 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies that its actions have frustrated the essential purposes of the QC ALA and TLA. Arm otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

187.    Paragraph 187 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not breach the implied covenant of good faith and fair dealing for either the Qualcomm ALA or TLA.

188.    Paragraph 188 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies that it has breached the implied covenant of good faith and fair dealing for either the QC ALA or TLA. Arm otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

<u>**COUNT IV**</u>

**(Intentional Interference with Prospective Economic Advantage)**

189.    In answer to paragraph 189, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–188 as if fully set forth herein.

190.    In answer to paragraph 190, Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

191.    Paragraph 191 contains legal conclusions to which no response is required. To the extent a response is required, Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

192.    Arm denies the allegations in paragraph 192.

193.    Paragraph 193 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegation in this paragraph.

194.    Arm denies the allegations in paragraph 194.

195.    In answer to paragraph 195, Arm lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

196.    In answer to paragraph 196, Arm denies that it has made efforts to interfere with Qualcomm's business relationships. Arm otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

## COUNT V

### (Negligent Interference with Prospective Economic Advantage)

197.    In answer to paragraph 197, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–196 as if fully set forth herein.

198.    Paragraph 198 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

199.    Paragraph 199 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

200.    Paragraph 200 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

201.    Paragraph 201 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

202.    Paragraph 202 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

203.    Paragraph 203 contains legal conclusions to which no response is required. To the extent a response is required, Arm lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

## COUNT VI

### (Violations of California Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200 et seq.)

204.    In answer to paragraph 204, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–203 as if fully set forth herein.

205.    Paragraph 205 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

206.    Paragraph 206 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

207.    Paragraph 207 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

208.    Paragraph 208 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

209.    Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

210.    Paragraph 210 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

211.    Paragraph 211 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

212.    Paragraph 212 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations.

## COUNT VII

### (Breach of Section ██ of the QC TLA)

213.    In answer to paragraph 213, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–212 as if fully set forth herein.

214.    Paragraph 214 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits that the Qualcomm TLA is a valid, binding contract. Arm denies the remaining allegations in this paragraph.

215.    Paragraph 215 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

216.    Paragraph 216 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph, at least because Arm did not withhold a license offer under the Qualcomm ALA or TLA.

217.    Paragraph 217 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

218.    Paragraph 218 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

219.    Paragraph 219 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

220.    Paragraph 220 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

## COUNT VIII

### (Breach of Section ███ of the QC TLA)

221.    In answer to paragraph 221, Arm repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–220 as if fully set forth herein.

222.    Paragraph 222 contains legal conclusions to which no response is required. To the extent a response is required, Arm admits that the Qualcomm TLA is a valid, binding contract. Arm denies the remaining allegations in this paragraph.

223.    Paragraph 223 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

224.    Paragraph 224 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

225.    Paragraph 225 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

226.    Paragraph 226 contains legal conclusions to which no response is required. To the extent a response is required, Arm denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Qualcomm's Prayer for Relief contains legal conclusions to which no response is required. To the extent that a response is required, Arm denies that Qualcomm is entitled to any of the relief it seeks in its prayer for relief.

## JURY DEMAND

Pursuant to D. Del. LR 38.1 and Fed. R. Civ. P. 38, Arm hereby demands a TRIAL BY JURY of all claims and issues presented in Qualcomm's Complaint that are so triable.

33291353.2

## DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Arm asserts the following defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE

### (Failure to State a Claim)

Qualcomm fails to state a claim upon which relief can be granted. Qualcomm filed its complaint against Arm Holdings plc, but Arm Holdings plc is not a party to the Qualcomm ALA or TLA.

Under the Qualcomm ALA, Arm has no obligation to provide, and Qualcomm has no right to seek, verification or support for unlicensed technology developed under the now-terminated Nuvia ALA. Instead, the unlicensed Nuvia-based technology is subject to an independent obligation requiring discontinuance and destruction regardless of the Qualcomm ALA. The license under the Qualcomm ALA is limited to specific, defined technology delivered by Arm to Qualcomm under the Qualcomm ALA, and, contrary to Qualcomm's assertions, does not extend to any other Arm technology, like the technology delivered by Arm to Nuvia under the Nuvia ALA.

The Qualcomm ALA limits Qualcomm's rights, and Arm's obligations, to designs based on technology Arm delivered to Qualcomm under that ALA, rather than some other ALA, and developed under the licenses in the Qualcomm ALA, rather than some other ALA. None of this is true of the Phoenix core or other designs developed under the Nuvia ALA based on the technology delivered and licenses granted by Arm to Nuvia under the Nuvia ALA, when Nuvia was a standalone company. Arm thus has no obligations under the

Qualcomm ALA with respect to that technology, which is instead subject to independent discontinuance and destruction obligations that apply to Qualcomm's Oryon designs and related Snapdragon X products incorporating that technology. Qualcomm has also failed to provide appropriate notice for the alleged breach.

The Qualcomm ALA expressly permitted Arm's sending of a notice letter to Qualcomm. It does not impose confidentiality obligations specific to assertions of breach or the right to terminate, or otherwise restrict Arm's right to make related public statements. Arm's statements to the press, moreover, do not violate any statute or other law. Indeed, no law prohibits Arm from making the statements in the letter publicly or via press release. Arm also has a constitutional right to make public statements regarding its view of the case. And asserting a contractual right to terminate is not an antitrust violation, nor is allegedly discussing contractual rights with the press, particularly where Arm has no duty to deal with Qualcomm, much less on Qualcomm's preferred terms.

Arm also owed no duty to Qualcomm with respect to Qualcomm's prospective customers, nor does Qualcomm identify such a duty. The supposed relationships were speculative, and Arm's conduct did not disrupt these relationships.

Section ███ of the Qualcomm TLA does not apply to Arm's offers to license the ███ ████████████████ in 2024. Section ███ of the Qualcomm TLA states that ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ Section ████ thus only applies ████████

████████████████████████████████████████████████████

█████████████████████. Section ████ also ███████████████████████████████

████████████████.

Qualcomm first licensed the █████████████████████████ in 2019 ████████████████

█████████████████████████████. Under Section ████, because ███████████

were licensed to Qualcomm in 2019, Qualcomm was required ████████████████████████

████████████████████████████████████. Because Qualcomm did not

████████████████████████████████████████████████████

████████████████, Arm was under no obligation with respect to Qualcomm's 2024 request to

license ██████████████████████████.

Section ████ of the Qualcomm TLA similarly does not apply to Arm's offers to license the

█████████████████████████ in 2024. Section ████ of the Qualcomm TLA states that,

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████ Because Section ████ is limited to ██████████

█████████████████, and Qualcomm first licensed ██████████████████████████ in 2019,

Section ████ does not apply to Arm's offers to license ███████████████████████ in

2024.

Arm's licensing offers to Qualcomm for the ███████████████████████ moreover,

more than complied with the Qualcomm TLA. In addition, Arm's ██████████████████

████████████████████████████████ were consistent with the TLA's terms, and

included ████████████████ because Arm has a separate agreement with Qualcomm ████

██████████████████████████████████████

Arm also had no obligation to respond to Qualcomm's alleged request in May 2020—over five years ago—to extend the Qualcomm ALA under Section ████. Qualcomm failed to provide proper notice of its intention to renew the ALA. Further, Arm had no obligation under the ALA to negotiate a license to the v10 architecture, which did not exist at the time of Qualcomm's request. ████████████████████████████████████ ████████████████████████████████████████, which did not include the v10 architecture. Qualcomm itself acknowledged in May 2020 that no meaningful discussions could happen at that time around the terms and conditions for an extension of the ALA to cover the v10 architecture.

## SECOND DEFENSE

### (Waiver/Estoppel/Laches/Acquiescence)

Qualcomm's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or acquiescence. Qualcomm was aware of the purported basis for its claims as early as October 10, 2022, if not 2020 for its v10 claims. And Arm expressly stated in its November 15, 2022 response in the original Delaware litigation to enforce the Nuvia termination provisions that Qualcomm is not licensed to use Arm technology developed under the now-terminated Nuvia ALA. (*Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN, D.I. 21 (Nov. 15, 2022) (Arm's Redacted Answer to Defs.' Am. Countercls.).) Yet Qualcomm did not pursue its claims until well over a year later, despite engaging in active litigation against Arm regarding the Nuvia termination provisions barring use of Nuvia-based technology. By delaying its assertion of the claims in this action, Qualcomm waived its claims, acquiesced to Arm's position, is estopped from bringing these claims, and

is barred by the doctrine of laches. And Qualcomm has failed to provide appropriate notice for the alleged breach.

## THIRD DEFENSE

### (Unclean Hands)

Qualcomm's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. As set forth in Arm's action to enforce the termination obligations of the Nuvia ALA, in violation of the Nuvia contract and in violation of law, Qualcomm induced Nuvia to materially breach the Nuvia ALA by acquiring Nuvia without Arm's consent to the assignment of the Nuvia ALA. Qualcomm continues to attempt to benefit from its improper acquisition of Nuvia technology and the related material breach of the Nuvia ALA by wrongly insisting that the unlicensed Nuvia technology is licensed under the Qualcomm ALA and seeking to enforce ▮▮▮▮▮▮▮▮▮▮ as to that unlicensed technology. Those ▮▮▮▮▮▮▮▮▮▮, however, apply only to technology developed using technology delivered by Arm to Qualcomm under the Qualcomm ALA, unlike the Nuvia technology developed using Arm technology delivered by Arm to Nuvia under the now-terminated Nuvia ALA. Qualcomm has acted wrongfully in seeking to reap the benefits from technology developed under the now-terminated Nuvia ALA, improperly transferring technology developed under the Nuvia ALA to Qualcomm, combining Nuvia and Qualcomm workstreams and personnel, while ignoring the obligations under the Nuvia ALA to discontinue and destroy the unlicensed Nuvia technology.

Qualcomm also published Arm's October 2024 letter just days after Arm did. Further, on March 25, 2025, Bloomberg published a story concerning Qualcomm's non-public complaints of anticompetitive behavior at the European Commission, U.S. Federal

Trade Commission, and Korea Fair Trade Commission. Qualcomm's publication of Arm's letter, and non-public litigation materials to Bloomberg bar its claims against Arm under the doctrine of unclean hands.

### FOURTH DEFENSE

### (Limits on Damages)

The Qualcomm ALA and TLA limit the damages available for the alleged breach in a variety of ways, including barring the recovery of particular types of damages for alleged breaches, and specifying sole and exclusive remedies for certain breaches.

### FIFTH DEFENSE

### (Compulsory Counterclaims/Res Judicata/Collateral Estoppel)

Qualcomm's claims are barred, in whole or in part, by the doctrines of compulsory counterclaims, res judicata, and/or collateral estoppel. Qualcomm's claims in this new action arise out of the same transaction and occurrence at issue in the action styled *Arm Ltd. v. Qualcomm Inc., et al*., C.A. No. 22-1146-MN (D.I. 295), and share a logical relationship with that action, because they (1) rest on one of the contracts at issue in the original action, and (2) arise from allegations of breach set forth in the original action. More specifically, Arm expressly stated in its November 15, 2022 response in the Delaware litigation that Qualcomm's ALA does not cover the unlicensed Nuvia technology developed under the now-terminated Nuvia ALA. Yet Qualcomm failed to timely assert claims against Arm in the earlier-filed action in this Court, as the Court confirmed by denying leave to amend to add these claims in the original action, based on Qualcomm's failure to assert claims at the time they arose. Accordingly, Qualcomm's claims are barred under the doctrines of compulsory counterclaims, res judicata, and/or collateral estoppel.

## SIXTH DEFENSE

### (*Noerr-Pennington* Doctrine and California Litigation Privilege)

Qualcomm's claims are barred, in whole or in part, by the First Amendment, the *Noerr-Pennington* doctrine and the California litigation privilege. Arm's alleged conduct, including the October 22, 2024 notice of material breach of the Qualcomm ALA and any alleged publicizing of that notice, is protected litigation conduct under these doctrines. Arm's notice to Qualcomm was  made during litigation with Qualcomm and accurately described Arm's claims and litigation position.

## SEVENTH DEFENSE

### (Statute of Limitations)

Qualcomm's claims are barred, in whole or in part, by the applicable statute of limitations. *See*, *e.g.*, 10 Del. C. § 8106.

## EIGHTH DEFENSE

### (Freedom of Speech and Freedom to Petition)

Qualcomm's claims are barred, in whole or in part, because Arm's speech to the press is protected by the free speech and petition clauses of the First Amendment, federal and state common law, and statutes such as California's Anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16).

## NINTH DEFENSE

### (Preclusion)

Qualcomm's claims are barred, in whole or in part, by claim preclusion and/or issue preclusion, because claims and/or issues in this new action are the same as claims and/or issues in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I.

295).

## **TENTH DEFENSE**

### **(Failure to Mitigate)**

Qualcomm's claims are barred, in whole or in part, because Qualcomm failed to mitigate its damages.

## **ELEVENTH DEFENSE**

### **(Unenforceability of Qualcomm ALA and TLA Provisions)**

Qualcomm's claims are barred, in whole or in part, because Section █ of the Qualcomm ALA and Section █ of the Qualcomm TLA are unenforceable penalties under Cal Civ. Code § 1671(b).

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
gregg.locascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


_/s/ Anne Shea Gaza_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

33291353.2

370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2