# TAB 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

    Plaintiffs,

  v.

ARM LTD., a U.K. corporation,

    Defendant.

C.A. No. 24-490-MN

**CONFIDENTIAL**

## ARM LTD.'S OBJECTIONS AND RESPONSES TO
## <u>QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-52)</u>

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's

Default Standard for Discovery, Including Discovery of Electronically Stored Information

("Default Standard"), and Stipulation and Order governing ESI in this case (together with the

Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective

Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the

Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court,

Arm Ltd. ("Arm") submits the following responses and objections to Qualcomm Inc. and

Qualcomm Technologies, Inc.'s (together "Qualcomm") First Set of Requests for Production of

Documents and Things to Arm Ltd. (Nos. 1-52), dated January 21, 2025 (each a "Request" and

collectively the "Requests").

## <u>PRELIMINARY STATEMENT</u>

   1.  Arm's responses to the Requests ("Responses") are made in accordance with the

Federal Rules of Civil Procedure and based upon information currently available to Arm.

Investigation and discovery are ongoing in this case. Arm responds to the Requests without prejudice to Arm's right to supplement its Responses. Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry. Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm. It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the

possession, custody, or control of Arm, and can be located after a reasonable search.

### GENERAL OBJECTIONS

6.    Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

7.    Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

8.    Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

9.    Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

10.    Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

11.    Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

12.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

13.     Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

14.     Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

15.     Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

16.     The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

17.     Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

18.     Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its

likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

19.     Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

20.     Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

21.     Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al*., C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

22.     Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications Arm referenced, relied upon, or otherwise used in drafting its Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search that Arm referenced in its Answer. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Arm contends support its defenses or that rebut its defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search relating to its

defenses. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm.*

 Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

## REQUEST FOR PRODUCTION NO. 3:

 Documents and Communications sufficient to show all error corrections, ████ ████ modifications, maintenance releases, and enhancements to the ████ ████ licensed under the Qualcomm ALA and released or distributed (internally or otherwise) since June 1, 2022.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

 Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show all error corrections, ████ , modifications, maintenance releases, and

enhancements to the ███████████ licensed under the Qualcomm ALA and released or distributed (internally or otherwise) since June 1, 2022 to April 18, 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll error corrections, ███████████ modifications, maintenance releases, and enhancements" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrases "error corrections," "modifications," "maintenance releases," and "enhancements" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning ██████ █████ ████████████ or bug fixes, updates, corrections, or any other technical improvement or information licensed under the Qualcomm ALA that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "bug fixes," "corrections," and "any other technical improvement or information" are vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications since June 1, 2022 related to or concerning the [sic] Qualcomm's ACK or Qualcomm's OOB tests, and any patches thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon custodians relating to or concerning Qualcomm's ACK or Qualcomm's OOB tests, and any patches thereto since June 1, 2022 to April 18, 2024. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "patches" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 6:**

All versions of the ACK released after June 1, 2022, and any patches thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents sufficient to show the versions of

the ACK released after June 1, 2022, and any patches thereto to the extent such documents are in its possession, custody, or control and can be located through a targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "patches" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning Arm's position that ███████ ██ ███████ ███████ of the Qualcomm ALA governs delivery of ACK deliverables listed in ███████ of any of the Qualcomm ALA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

custodians concerning Arm's position that ████ █ ████ █ ████ of the Qualcomm ALA governs delivery of ACK deliverables listed in ████ of any of the Qualcomm ALA Annexes.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning or interpreting ████████ ████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or interpreting ████████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning or interpreting the definition of "████████", and sections governing verification, delivery, support, and any remedies for failure to deliver ██████████████ in any Third Party ALAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "verification," "delivery," "support," and "remedies for failure to deliver" are vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request as duplicative of Request for Production Nos. 7 and 8.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning the withholding of █████ ███████ or other deliverables from Qualcomm, including any Documents and Communications discussing Arm's justification(s) for those withholdings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning the withholding of ████████, the ACK, or OOB from

Qualcomm. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Arm's handling of deliverables to Qualcomm. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications related to or concerning Arm's assertion that Qualcomm has no "███████████████████████████████████ ███████████████████" and that ███████████████████████ (12/6/2022 Letter from S. Collins to A. Chaplin).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's assertion that Qualcomm has no "████████ ████████████████████████████████████████████████" and that ███████████████████████████████" as stated in the December 6, 2022 Letter from S. Collins to A. Chaplin. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications related to or concerning Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022 and December 5, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022 and December 5, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications related to or concerning Arm's decision not to provide Qualcomm with OOB tests or ACK patches after receiving Qualcomm's November 3, 2022 and December 5, 2022 notices of failure to deliver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

custodians related to or concerning Arm's decision not to provide Qualcomm with OOB tests or ACK patches after receiving Qualcomm's November 3, 2022 and December 5, 2022 notices of failure to deliver.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "decision" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 12. Arm objects that this Request is argumentative and assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning any inquiry or request made by Qualcomm to Arm regarding the Arm's development of v10 of the Arm ISA (including the April 17, 2020 email from Rajiv Gupta at Qualcomm to Lynn Couillard at Arm) and Arm's response to those inquiries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any inquiry, or request" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning v10 of the Arm ISA. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding inquiries or requests made by Qualcomm to Arm, and Arm's responses to those inquiries.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning the past, current, or future development of another version of the Arm ISA, including but not limited to a v10 of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning v10 of the Arm ISA. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "another version" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm alleging that Qualcomm is in breach of its ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications related to or concerning Arm's sharing of its October 22, 2024 letter to Qualcomm or the allegations contained in that letter with Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's sharing of its October 22, 2024 letter to Qualcomm or the allegations contained in that letter with Third Parties.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request for Production No. 16. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications related to or concerning Qualcomm's May 20, 2020 email from Brett Bettesworth to Lynn Couillard electing to extend the ███████ of the Qualcomm ALA and to negotiate the terms of the extension.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Qualcomm's May 20, 2020 email from Brett Bettesworth to Lynn Couillard electing to extend the ███████ of the Qualcomm ALA and to negotiate the terms of the extension.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications related to or concerning Arm's analysis or discussion of whether to extend the ▇▇▇▇▇ of the Qualcomm ALA following Qualcomm's May 20, 2020 email.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's analysis or discussion of whether to extend the ▇▇▇▇▇ of the Qualcomm ALA following Qualcomm's May 20, 2020 email.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request for Production No. 18.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning Arm's discussions with Third Parties regarding the claims in Qualcomm's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning Arm's discussions with Third Parties regarding the claims in Qualcomm's Complaint. Arm will also produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's formal Communications with Third Parties regarding the claims in Qualcomm's Complaint.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding the status of Qualcomm's licenses with Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's discussions with Third Parties regarding the status of Qualcomm's licenses with Arm. Arm will also produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's formal Communications with Third Parties regarding the status of Qualcomm's licenses with Arm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter, and licenses not at issue. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as licenses not as issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "status of Qualcomm's licenses with Arm" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding Qualcomm's relationship with Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "Qualcomm's relationship with Arm" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications containing any analysis or evaluation of the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians containing analysis or evaluation of the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any analysis or evaluation" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "analysis" "evaluation," and "impact" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 23.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications related to or concerning Arm's potential termination of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning deliverables included as  licensed under the Qualcomm ALA, including the ██████████████████████████████████████████████████████████████████████████████, that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 27:**

All ALAs and Annexes with Third Parties (*i.e.*, parties other than Qualcomm).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning delivery of ███████████████, ██████, or bug fixes, updates, corrections, or any other technical improvement licensed under ALAs to third parties (*i.e.*, parties other than Qualcomm), including documents sufficient to show the licensee, the date of delivery, and the terms of any such delivery for any delivery that was not provided to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications with Arm's Board of Directors and/or Masayoshi Son concerning the decision to withhold deliverables, including ████ ████████ ██ █████ or bug fixes, updates, corrections, or any other technical improvement or other information licensed under the Qualcomm ALA, from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning Arm's withholding of the ACK and OOB from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as duplicative of Request for Production Nos. 10 and 39.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications related to or concerning Arm's communications with Qualcomm regarding the delivery of ███████████ or other deliverables licensed under the Qualcomm ALA, including but not limited to communications from Arm to Qualcomm, informing Qualcomm that deliverables would be delayed or would need legal

approval, and documents and communications regarding Arm's strategy or plans for communications with Qualcomm regarding the delivery of ████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's communications with Qualcomm regarding the delivery of ████████ under the Qualcomm ALA. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm.*

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications related to or concerning each ACK patch released since June 1, 2022, including documents related to the development process for

each patch, the timeline for development, and each version of the Arm Architecture that the patch corresponds to.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the development process for each ACK patch released since June 1, 2022 to April 18, 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "development process" and "timeline for development" are vague, ambiguous, and undefined.

## REQUEST FOR PRODUCTION NO. 32:

All Documents and Communications related to or concerning the delivery of ACK patches to any ALA partner other than Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as delivery of ACK patches to third parties. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning OOB tests, including the development process for OOB tests, the timeline to configure the ACK through the use of OOB tests, and any manuals or presentations describing the use of OOB tests with the ACK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or

control located through a reasonable, proportional, and targeted search sufficient to show the development process for OOB tests and the use of OOB tests with the ACK.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "development process," "timeline to configure the ACK," and "manuals or presentations" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning any negotiations that Arm had with TLA licensees (including Third Parties) for the ███████████████████████████ ███████████████████████████████████████████, software test libraries for the ██████████ and ████████ cores, and CPUs codenamed ███████████████ ███████████ ████████ including but not limited to price quotes, license fees, licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning negotiations with third party licensees. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding negotiation between ARM and TLA licensees. Arm objects to this Request because the phrases "TLA licensees" and "other language to include in the TLA Annexes" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding Arm's October 22, 2024 letter to Qualcomm. Arm objects to this Request as duplicative of Request for Production No. 16.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications related to or concerning Arm's sharing of the October 22, 2024 letter with Third Parties, including but not limited to Arm's decision to share the letter with Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's sharing of the October 22, 2024 letter with Third Parties.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request for Production Nos. 17 and 35.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications related to or concerning internal discussions of licensing v10 of the Arm ISA to Qualcomm, including discussions regarding whether to withhold v10 and potential pricing for v10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents relating to v10 of the Arm ISA. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning or related to Arm's January 8, 2025 letter to Qualcomm withdrawing the notice of termination of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or related to Arm's January 8, 2025 letter to Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning or related to withholding ███████ ███████████ from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or related to withholding ███████████████ from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects

that this Request assumes factual conclusions. Arm objects to this Request to the extent that it seeks information that would be cumulative of information produced elsewhere.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning Arm's discussions with Qualcomm regarding licensing of the , software test libraries for the ████████ and ██████████ cores, and CPUs codenamed ██████████████████████, including discussions regarding potentially withholding any of the listed items, pricing of the items, and any potential restrictions related to the use of the items in Qualcomm's products, including in any chips that contained designs or source code that originated at Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and

43

will not produce any such documents absent agreement of the third party(ies) or Court Order.

Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request to the extent that it calls for documents

equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are

obtainable from some other source that is more convenient, less burdensome, or less

expensive.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning the decision not to provide

Qualcomm with information or documents related to the configuration or enablement of the

████████████████████████, including but not limited to communications

regarding Qualcomm's requests for delivery of the ████████████████████

██████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to its General Objections, any specific objections set forth below, and in

accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon

custodians concerning the decision not to provide Qualcomm with information or

documents related to the configuration or enablement of the ████████████████

████████

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll Documents and Communications"

44

regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "decision not to provide Qualcomm with information or documents" and "configuration and enablement" are vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning the decision to introduce the v9 Architecture, including but not limited to the timing and reasoning for Arm's decision to move from v8 to v9 Architecture within the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a

relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications concerning the decision to introduce the v10 Architecture, including the timing and reasoning for Arm's decision to move from v9 to v10 Architecture and the differences between the v9 and v10 Architecture within the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning the addition of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "addition of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning Arm's analysis of whether v9 met the contractual definition of "████████" as defined at ████████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "analysis" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications concerning ███████ as defined at █████

███ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning "█████" as defined at ████████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are

obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 47:**

Organizational charts for Arm's engineering, verification, product management, Intellectual Property Group, Internet of Things, and business departments, including names of sub-unit or team within a department and the names of leadership of each department and any sub-unit or team within a department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show organizational charts for Arm's engineering, verification, product management, Intellectual Property Group, Internet of Things, and business departments for the relevant time period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request because the phrase "business departments" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 48:**

All minutes or records of Arm's Technology Advisory Board meetings for the past 10 years, including documents sufficient to show the dates of each meeting, the attendees, and the matters discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "minutes" and "records" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of ███████ ██ █ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the terms "breach" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 50.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of ███████ ██ █ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as duplicative of Request for Production No. 49.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm regarding Arm's breach of ██████ ██ █ of the Qualcomm TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show every ALA and TLA provided or made available to Nvidia or its counsel as part of Nvidia's planned acquisition of Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable

time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

Dated: February 20, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


  */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

(213) 892-5348
nfung@mofo.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 20, 2025, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

swilson@ycst.com

*Attorneys for Arm Holdings PLC f/k/a Arm Ltd.*

TAB 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| QUALCOMM INCORPORATED,<br>    a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC., a<br>    Delaware corporation<br><br>                 Plaintiffs,<br><br>        v.<br><br>ARM HOLDINGS PLC, f/k/a, ARM LTD.<br>    a U.K. corporation<br><br>                 Defendant. | C.A. No. 24-490-MN<br><br>**CONFIDENTIAL** |

**ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO
QUALCOMM'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 53-120)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's

Default Standard for Discovery, Including Discovery of Electronically Stored Information

("Default Standard"), and Stipulation and Order governing ESI in this case (together with the

Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective

Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the

Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court,

Arm Holdings plc ("Arm") submits the following responses and objections to Qualcomm Inc.

and Qualcomm Technologies, Inc.'s (together "Qualcomm") Second Set of Requests for

Production of Documents and Things to Arm Ltd. (Nos. 53-120), dated February 21, 2025 (each

a "Request" and collectively the "Requests").

**PRELIMINARY STATEMENT**

1.        Arm's responses to the Requests ("Responses") are made in accordance with the

Federal Rules of Civil Procedure and based upon information currently available to Arm. Investigation and discovery are ongoing in this case.  Arm responds to the Requests without prejudice to Arm's right to supplement its Responses.  Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry.  Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm.  It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the possession, custody, or

control of Arm, and can be located after a reasonable search.

## GENERAL OBJECTIONS

1.        Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2.        Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3.        Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4.        Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5.        Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6.        Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

7.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

8.      Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

9.      Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

10.     Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

11.     The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

12.     Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

13.     Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of

Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

14.     Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

15.     Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

16.     Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

17.     Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications relating to or concerning improvements Qualcomm suggested for Arm's off-the-shelf TLA cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "improvements" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications relating to or concerning improvements Qualcomm suggested for the Arm Architecture, including but not limited to suggestions made at Technical Advisory Board (TAB) Meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the annual Technical Advisory Board Meeting minutes.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications relating to or concerning the withholding of ███████████ documentation from Qualcomm, including but not limited to ███ ████, ████████, and █████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications relating to or concerning additional license restrictions and requirements Arm sought to insert into Qualcomm TLA annexes and other contracts between the parties after 2021, including new term limits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "restrictions and requirements" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications relating to or concerning Arm's discussions with Qualcomm regarding licensing of the ███████████████████████ and and ███████ codenamed "██████" ████████ codenamed "█████" ███████ codenamed



"█████," ██████████ codenamed "██████████" the CPU codenamed "██████" ██████ ██████████ codenamed "████████", ██████████ codenamed "██████", and ██████████ codenamed "████████", including discussions regarding Arm potentially withholding the listed items, pricing of the items, term of the licenses, and any potential restrictions related to the use of the Arm products in Qualcomm's products, including in any chips that contained designs or source code that originated at Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications relating to or concerning any negotiations that Arm had with TLA licensees (including Third Parties) for the ███████████████████ ████ and and ██████████codenamed "████," ████████ codenamed "████," ████ ████ codenamed "████," █████████ codenamed "█████," the CPU codenamed "████," ████████ codenamed "██████", ████████codenamed "████", and ████████ codenamed "██████", including but not limited to price quotes, license fees, licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, including licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject

to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 34.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications relating to or concerning the withholding of software test libraries (STL) files or releases from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court

Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and Communications relating to or concerning the withholding of documentation associated with Arm's ███████████████████████ product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Communications relating to or concerning the withholding of fault simulation results from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "withholding" and "results" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications relating to or concerning the withholding of invitations to Arm Partner Meetings from Qualcomm, including any documentation associated with those meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control

located through a reasonable, proportional, and targeted search sufficient to show Arm's handling of invitations to Arm Partner Meetings for Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications relating to or concerning the withholding of evaluation licenses (LULs) from Qualcomm for any Arm off-the-shelf TLA cores or other IP that Arm offers for licensing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" related to "any Arm off-the-shelf TLA cores or other IP" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other

applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 64:**

All software release notes and other documentation produced or distributed alongside the release of all error corrections, ███████, ███████, modifications, maintenance releases, and enhancements to the ██████████ released since June 1, 2022, including documents sufficient to show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show software release notes and other documentation produced or distributed alongside the release of all error corrections, ███████, ███████, modifications, maintenance releases, and enhancements to the ██████████ released since June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll software release notes and other documentation" related to "all error corrections, ███████, ███████, modifications, maintenance releases, and enhancements" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege,

the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "software notes," "modifications, maintenance releases, and enhancements," and "changes, improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 65:**

All software release notes and other documentation produced or distributed alongside the release of all ACK patches released after June 1, 2022, including documents sufficient to show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show software release notes and other documentation produced or distributed alongside the release of ACK releases that were made available to all third-party ALA licensees after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll software release notes and other documentation" related to "all ACK patches" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "notes" and "changes, improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 66:**

All software release notes and other documentation produced or distributed alongside the release of all OOB tests released after June 1, 2022, including documents sufficient to show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning software release notes and other documentation produced or distributed alongside the release of Qualcomm or Nuvia OOB list of tests released after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll software release notes and other documentation" related to "all OOB tests" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "notes" and "changes, improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show Arm's engineering effort related to the creation of all ACK patches, OOB tests, error corrections, ███████, ███████, modifications, maintenance releases, and enhancements to the ███████████ released since June 1, 2022, including documents sufficient to show the title of the Arm personnel working on the development and the number of hours spent by Arm personnel in the development and testing of each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's engineering effort related to the creation of Qualcomm and Nuvia OOB list of tests and general development and release materials for ACK releases released since June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks Documents related to the creation of "all ACK patches, OOB tests, error corrections, ███████, ███████ modifications, maintenance releases, and enhancements to the ███████████ released since June 1, 2022" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject

to a confidentiality agreement with a third party, and will not produce any such documents

absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity. Arm objects to this

Request because the phrases "modifications, maintenance releases, and enhancements" and

"development and testing" are vague, ambiguous, and undefined. Arm objects to this Request as

duplicative of Request Nos. 4, 31, 33, 65 and 66. Arm objects that this Request assumes factual

conclusions.

**REQUEST FOR PRODUCTION NO. 68:**

Any agreements entered into by Arm in which Arm agreed to provide any other Arm

licensee with ████, ████████, modifications, maintenance releases, and enhancements to the

████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ny agreements" involving "any other Arm

licensee" regarding the requested subject matter. Arm objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case in that it is not limited to a

relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of

documents not relevant to any Party's claims or defenses. Arm objects to this Request to the

extent it seeks information that Arm is restricted by law or contract from disclosing, such as

information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity.

Arm objects to this Request because the phrase "modifications, maintenance releases, and

enhancements" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative

of Request Nos. 27 and 28.

**REQUEST FOR PRODUCTION NO. 69:**

All royalty reports received by Arm from any of the licensees of the agreements in RFP

Number 68.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll royalty reports" from "any of the licensees"

regarding the requested subject matter. Arm objects to this Request to the extent it seeks

production of documents not relevant to any Party's claims or defenses. Arm objects to this

Request to the extent it seeks information that Arm is restricted by law or contract from

disclosing, such as information subject to a confidentiality agreement with a third party, and will

not produce any such documents absent agreement of the third party(ies) or Court Order. Arm

objects to this Request because the phrase "royalty reports" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications relating to or concerning architecture errata for

███████████████████ that was delivered to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning errata delivered to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "architecture errata" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 28.

**REQUEST FOR PRODUCTION NO. 71:**

All internal strategy documents relating to or concerning Arm's licensing plans for █████, ██████, as that term is used in Arm's TLA Annexes, or software test libraries for the █████ ██████ and █████████ cores, ████████████████████████████████, and █████████████ codenamed "████████," ████████ codenamed "████████" ████████ codenamed "████████," ████████ codenamed "████████," the CPU codenamed "████████" ████████ codenamed "████████", ████████ codenamed "████████", and ████████ codenamed "████████", including but not limited to pricing strategy, license fees, licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll internal strategy documents" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request because the terms "strategy documents" and "licensing plans" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications relating to or concerning any  protocol information provided to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning protocol information provided to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrase "protocol information" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Communications relating to or concerning the licensing of the ███ ████████████████████████ to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 41. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications relating to or concerning Qualcomm's requests to Arm for configuration information concerning the ████████████████████████████.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 41. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications relating to or concerning the licensing of the ██ ████████████████████████ to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning licensing to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 26.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications relating to or concerning configuration information for the ████████████████████████████ that was provided to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning configuration information provided to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that

Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "configuration information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 26 and 84.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications relating to or concerning the development of ACK patches, including documents showing the number of Arm employees working on development of each patch and the hours spent designing each patch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning the development of ACK releases that were made available to all third-party ALA licensees after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity.

Arm objects to this Request because the terms "development" and "designing" are vague,

ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 5, 6, and

31.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications relating to or concerning Qualcomm's 2024 request

to renew its license to Arm's ███████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request to the extent it seeks production of

documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity. Arm objects to this

Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's

possession, in the public domain, or that are obtainable from some other source that is more

convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications relating to or concerning licensing of Arm's

████████████████████████ to licensees other than Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning

licensing to "licensees other than Qualcomm" regarding the requested subject matter. Arm

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request

to the extent it seeks production of documents not relevant to any Party's claims or defenses.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or

contract from disclosing, such as information subject to a confidentiality agreement with a third

party, and will not produce any such documents absent agreement of the third party(ies) or Court

Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications relating to or concerning Arm's withholding of

acknowledgements of ACK test waivers or ACK test issues after receiving ████████ from

Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's handling of acknowledgements of ACK test waivers or ACK test issues after receiving ███████ from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Arm's handling of acknowledgements of ACK test waivers or ACK test issues after receiving ███████ from Qualcomm.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications relating to or concerning the projected or forecasted impact to Arm's revenue or profits following the expiration of Qualcomm's ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning the projected or forecasted impact to Arm's revenue or profits following the expiration of Qualcomm's ALA. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks information within the scope of expert discovery.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications relating to or concerning Arm's analysis of the RISC-V Architecture, including any analyses related to potential impact to Arm's revenue or profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's analysis of the RISC-V Architecture related to potential impact to Arm's revenue or profits.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications with third parties concerning the RISC-V Architecture and its competition with the Arm Architecture.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's competitive analysis of the RISC-V Architecture.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications with third parties" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "competition" is vague, ambiguous, and undefined. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Documents and Communications with third parties concerning the RISC-V Architecture and its competition with the Arm Architecture.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and Communications relating to or concerning configuration information for the ████████████████████████████ that was provided to other licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and configuration information provided to "other licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "configuration information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 5, 26, 28, 75, and 76. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding configuration information for the ██████████████████████ that was provided to other licensees.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Communications relating to or concerning Qualcomm's request for an evaluation license for the CPU codenamed "██████", including discussions of licensing

fees, royalty pricing, licensing term limits, and proposed restrictions on Qualcomm's CPU engineering team's access to information concerning "███████".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request No. 40.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips, including technical analyses, such as analysis of power, performance, and area, estimations of Qualcomm's potential time-to-market for any

future CPUs or systems-on-chips, and analysis of project impact to Arm's product roadmap, Arm's market share, and Arm's revenue or profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips related to the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "technical analyses," "power," "area," "time-to-market," and "project impact" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners at the 2023 and 2024 Arm Partner Meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Documents and Information discussed, shown to, shared with, or provided to Arm partners at the 2023 and 2024 Arm Partner Meetings.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "Information," "slides," and "handouts" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners at the 2023 and 2024 Technology Advisory Board meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Documents and Information discussed, shown to, shared with, or provided to Arm partners at the 2023 and 2024 annual Technology Advisory Board meetings.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "Information," "slides," and "handouts" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 48, 54, and 101.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications relating to or concerning the development of each release for the ▮▮▮▮▮▮▮▮▮, as that term is used in Arm's TLA Annexes, or software test libraries for the ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "development" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 71.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Communications relating to or concerning Arm's delivery of or failure to deliver REL releases for the ▮▮▮▮▮▮▮▮, as that term is used in Arm's TLA

Annexes, or software test libraries for the ███████ and ███████ cores to any Arm licensee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "failure to deliver" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 71 and 90.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications relating to or concerning Arm's discussions with Third Parties regarding Qualcomm's custom CPUs and systems-on-chips.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's communications with Third Parties regarding Qualcomm's custom CPUs and system-on-chips.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "discussions with Third Parties" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 21.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents and Communications relating to or concerning Arm's selection of and invites to Arm Partner Meetings and Technology Advisory Board meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "selection" and "invites" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 62.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents and Communications relating to or concerning  if Qualcomm                          under the ALA or TLA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms

and custodians relating to or concerning  if Qualcomm ████████████ under the ALA or TLA ██ ██████

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 23, 24, and 81.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications relating to or concerning Qualcomm's request for an evaluation license for the CPU codenamed "████", including discussions of licensing fees, royalty pricing, licensing term limits, and proposed restrictions on Qualcomm's CPU engineering team's access to information concerning "████".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "restrictions" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 57 and 71.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications concerning or interpreting ████████████

████████████████████ of the Qualcomm TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of

documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications concerning or interpreting ███████████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians concerning or interpreting ████████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any

Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 97:**

Organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the organizational chart for Arm's automotive department.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "automotive department" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 47 and 98. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 98:**

Organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the organizational chart for Arm's automotive department.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject

to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "automotive department" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 47 and 97. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents referred to, referenced, considered, or relied upon by Arm in preparing responses to each of the interrogatories served by Qualcomm in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search relied upon by Arm in preparing responses to each of the interrogatories served by Qualcomm in this lawsuit.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a

third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications related to or concerning the differences, improvements, enhancements, modifications, changes, or lack thereof between the Arm CPU codenamed "███" and the ████ codenamed "██████".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications related to or concerning the marketing, sales, and promotion of the Arm v9 ISA, including marketing materials, Technology Advisory Board

materials, internal communications concerning sales pitches to Arm partners, sales materials, promotional materials, and sales or marketing PowerPoint decks used with partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications . . . used with partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Communications related to or concerning Arm's strategy and planning to encourage adoption by Arm partners and the Arm ecosystem of the Arm v9 ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning strategy and planning to encourage adoption by "Arm partners" regarding the requested subject

matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 101.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications related to or concerning Arm's intentions, plans, and strategy to design, build, and distribute its own semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents and Communications related to or concerning Arm's agreement to provide ███ with a semiconductor chip or silicon, as was reported in Financial Times on February 13, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents and Communications related to or concerning Arm's intentions, plans, and strategy to acquire Ampere Computing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Communications related to or concerning Arm's marketing or planned marketing of semiconductor chips or silicon that it designs, builds, and distributes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm

is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 103.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications related to or concerning agreements that Arm has entered into, plans to enter into, or is negotiating regarding the licensing or sale of semiconductor chips or silicon designed and built by Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest

privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 110.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's market share in the semiconductor industry resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 108.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents referred to, referenced, considered, or relied upon by Arm in preparing Arm's November 13, 2024 Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents relied upon by Arm in preparing Arm's November 13, 2024 Answer.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a

third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request **No**. 1.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents the identification of which is sought by any interrogatory served by Qualcomm in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents the identification of which is sought by any interrogatory served by Qualcomm in this lawsuit.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents identified in Arm's Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents identified in Arm's Fed. R. Civ. P.

26(a)(1) Initial Disclosures. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request Nos. 115 and 116.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents upon which Arm intends to rely during trial of this matter of which Arm intends to submit to the Court in support of any pleadings filed in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents upon which Arm intends to rely during trial of this matter of which Arm intends to submit to the Court in support of any pleadings filed in this case.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the

attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents reviewed by any person Arm expects to call as a fact witness at any hearing or trial in this case, or by any person from whom Arm expects to provide a declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request Nos. 113 and 116.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents relied upon by any experts in formulating opinions that will be presented in reports, declarations, trial, or deposition testimony in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents relied upon by any experts in

formulating opinions that will be presented in reports, declarations, trial, or deposition testimony in this case consistent with Fed. R. Civ. P. Rule 26.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 113 and 115.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents and Communication related to or concerning Arm's efforts, plans, or strategy to hire personnel from its customers as part of Arm's plan to build, design, and distribute semiconductor chips or sell its own silicon, as was reported in Reuters on February 13, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 118:**

All Communications with █████████ related to or concerning Arm's efforts, plans, or strategy to hire personnel as part of Arm's plan to build, design, and distribute semiconductor chips or otherwise sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 119.

**REQUEST FOR PRODUCTION NO. 119:**

All Communications with recruiters or consultants focused on hiring related to or concerning Arm's efforts, plans, or strategy to hire personnel as part of Arm's plan to build, design, and distribute semiconductor chips or otherwise sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications with recruiters or consultants" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 120:**

An updated version of ARM_01309677 that reflects all IP downloaded from Connect by companies matching %Qualcomm% from 1900-01-01 to 2025-02-21 for all major groups and all products including identifying whether the download was under the TLA or ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search concerning an updated version of ARM_01309677 that reflects all IP downloaded from Connect by companies matching %Qualcomm% from 1900-01-01 to 2025-02-21 for all major groups and all products.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all major groups and all products" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrase "all major groups and all products" is vague, ambiguous, and undefined.

Dated: March 24, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 24, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

swilson@ycst.com

*Attorneys for Arm Holdings plc*

2

T<span>AB</span> 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, a U.K. corporation,

        Defendant.

C.A. No. 24-490-MN

**CONFIDENTIAL**

**ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO
QUALCOMM'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 121-156)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's

Default Standard for Discovery, Including Discovery of Electronically Stored Information

("Default Standard"), and Stipulation and Order governing ESI in this case (together with the

Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective

Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the

Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court,

Arm Holdings plc ("Arm") submits the following responses and objections to Qualcomm Inc.

and Qualcomm Technologies, Inc.'s (together "Qualcomm") Third Set of Requests for

Production of Documents and Things to Arm Holdings plc (Nos. 121-156), dated April 2, 2025

(each a "Request" and collectively the "Requests").

**PRELIMINARY STATEMENT**

1.    Arm's responses to the Requests ("Responses") are made in accordance with the

Federal Rules of Civil Procedure and based upon information currently available to Arm.

Investigation and discovery are ongoing in this case. Arm responds to the Requests without prejudice to Arm's right to supplement its Responses. Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry. Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm. It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the

possession, custody, or control of Arm, and can be located after a reasonable search.

## GENERAL OBJECTIONS

1.      Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2.      Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3.      Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4.      Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5.      Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

3

7.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

8.      Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

9.      Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

10.     Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

11.     The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

12.     Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

13.     Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its

likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

14.     Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

15.     Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

16.     Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

17.     Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

### SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

### REQUEST FOR PRODUCTION NO. 121:

All Documents and Communications relating to or concerning negotiations between Arm and ███, or its subsidiaries, related to Arm's effort to supply ███ with silicon chips.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents and Communications relating to or concerning Arm's knowledge since January 1, 2022 that any Third Party is or has been a customer for Qualcomm CPUs or other products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's knowledge since January 1, 2022 that any Third Party with whom Qualcomm alleges interference is or has been a customer for Qualcomm CPUs or other products.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 123:**

All agreements licensing  codenamed , including TLAs and corresponding Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 140.

**REQUEST FOR PRODUCTION NO. 124:**

All licensing fee and royalty information for licenses offered by Arm for ███ ██████████████ codenamed ████████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to

the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrase "royalty information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 123.

**REQUEST FOR PRODUCTION NO. 125:**

All Documents and Communications relating to or concerning Arm's investigation into or review of any Arm license agreement with a third party for ▮▮▮▮▮▮▮▮▮▮ codenamed ▮▮▮▮▮▮▮▮▮▮, including pursuant to the Qualcomm TLA, following Qualcomm's written requests to license those cores in April and August 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for

Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the terms "investigation" and "review" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34 and 58.

**REQUEST FOR PRODUCTION NO. 126:**

All Documents and Communications relating to or concerning the article written by Financial Times on February 13, 2025 titled "Arm to launch its own chip in move that could upend semiconductor industry".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks

production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request Nos. 103, 108, 109, 110, 117, 119, and 127.

**REQUEST FOR PRODUCTION NO. 127:**

All Communications with Financial Times, Matthew Garrahan, Tim Bradshaw, or David Keohane relating to or concerning Arm's efforts to launch and distribute its own silicon chips and to secure ███ as a customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phases "efforts to launch" and "secure" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 126.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Communications relating to or concerning discussions between Arm or Softbank and Ampere related to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents and Communications relating to or concerning discussions between Arm or Softbank and Ampere related to Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129**:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 105.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents and Communications relating to or concerning Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 129.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Communications relating to or concerning changes or modifications to the Ampere ALA and Annexes and the Ampere TLA and Annexes, whether implemented or not, in connection with Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrases "changes or modifications" and "whether implemented or not" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 129 and 130.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents and Communications relating to or concerning negotiations with Ampere in connection with Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 129, 130, and 131.

**REQUEST FOR PRODUCTION NO. 133:**

All Documents and Communications relating to or concerning negotiations with Ampere discussing or concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 128 and 137.

**REQUEST FOR PRODUCTION NO. 134:**

Documents identifying any of Arm's customer relationship management systems ("CRMs"), including but not limited to Salesforce, Salesforce CPQ and Salesforce Sales Cloud, and any other internal or external CRM systems or software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to "any of Arm's customer relationship management systems" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 135:**

Documents sufficient to show all fields and record types maintained in any CRM system used by Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents showing "all fields and record types" in

"any CRM system" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrase "fields and record types" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 136:**

Documents sufficient to show sales processes and workflows used by Arm in its CRM systems to track potential and actual Arm customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrases "sales processes and workflows" and "track" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 137:**

All Documents maintained in Arm's CRM systems related to communications with customers concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 138:**

All Documents maintained in Arm's CRM systems containing information concerning Arm's plans and efforts to manufacture and sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 103, 108, 109, 110, 117, 119, and 126.

**REQUEST FOR PRODUCTION NO. 139:**

All Documents and Communications relating to or concerning the resources, including time allocation and funds spent, required for Arm to create ACK patches, in whole or in part, since January 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "resources" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 31, 67, and 77.

**REQUEST FOR PRODUCTION NO. 140:**

All TLAs and corresponding Annexes entered into since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll TLAs and corresponding Annexes" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for

Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 27.

**REQUEST FOR PRODUCTION NO. 141:**

All Documents and Communications sufficient to show deliverables that Arm claims it provided to Qualcomm, including ███████████ ██ ████, but that Qualcomm alleges it did not receive pursuant to the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's provision of deliverables to Qualcomm under the Qualcomm ALA, to the extent not already produced.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 142:**

All Documents and Communications showing deliverables, including ████████ ██ █████, that were provided to Qualcomm pursuant to the Qualcomm ALA since January 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's provision of deliverables to Qualcomm under the Qualcomm ALA since January 1, 2022, to the extent not already produced.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 141.

**REQUEST FOR PRODUCTION NO. 143:**

All Documents and Communications relating to or concerning ███████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 144:**

All Documents and Communications relating to or concerning the facts discussed in Arm's response to Qualcomm's Interrogatory Number 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will

not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 112. Arm objects to this Request as cumulative of other Requests. Arm incorporates its objections to Qualcomm's Interrogatory Number 3.

**REQUEST FOR PRODUCTION NO. 145:**

All Communications with FGS Global concerning Qualcomm, including but not limited to Arm's October 22, 2024 letter, and all Communications related to meetings or calls between ▮▮▮▮▮▮ and Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ▮▮▮▮▮▮ concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a

confidentiality agreement with a third party, and will not produce any such documents absent

agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it

seeks documents not in Arm's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 145:**

All Documents and Communications relating to or concerning Arm's statement provided

to, or communications with, ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████ concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Subject to its General Objections, any specific objections set forth below, and in

accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and

targeted search regarding formal communications with ██████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████ concerning Arm's October 22, 2024 letter.

27

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 16, 17, 35, 36, and 51.

**REQUEST FOR PRODUCTION NO. 146:**

All Communications with Morrison & Foerster concerning Arm's October 22, 2024 letter related to meetings or calls between Morrison & Foerster and Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and Morrison & Foerster concerning Arm's October 22, 2024 letter related to meetings or calls between Morrison & Foerster and Third Parties in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested

subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 16, 17, 35, 36, 51, and 149.

**REQUEST FOR PRODUCTION NO. 147:**

All Communications between ███████████ ████████████████ and Third Parties concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between ████████████ ████████████████ and Third Parties concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 148:**

All Communications with ███████ ███████████ relating to or concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ██████ █████████████ concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-

client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 149:**

All Communications with ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ▮▮▮▮▮ ▮▮▮▮▮▮▮ concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 150:**

All Documents and Communications relating to ▮▮▮▮▮ role ▮▮▮▮▮▮ ▮▮▮▮▮▮▮.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent that it seeks documents not in Arm's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 151:**

All Documents and Communications responsive to Qualcomm's prior Requests for Production to the extent that Arm withheld production pending Qualcomm's amendment of its Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 152:**

All Documents and Communications relating to or concerning changes in Arm's behavior towards Qualcomm, including decisions to provide deliverables and licensing offers to Qualcomm pursuant to the Qualcomm ALA and TLA, following the jury verdict in *Arm* v. *Qualcomm* (22-1146-MN).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "behavior," "changes in Arm's behavior towards Qualcomm," and "decisions to provide" are vague, ambiguous, and undefined.

Dated: May 2, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 2, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

swilson@ycst.com

*Attorneys for Arm Holdings plc*

TAB 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

        Plaintiffs,

   v.

ARM HOLDINGS PLC, a U.K. corporation,

        Defendant.

C.A. No. 24-490-MN

**CONFIDENTIAL**

### ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO
### QUALCOMM'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 157-168)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's

Default Standard for Discovery, Including Discovery of Electronically Stored Information

("Default Standard"), and Stipulation and Order governing ESI in this case (together with the

Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective

Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the

Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court,

Arm Holdings plc ("Arm") submits the following responses and objections to Qualcomm Inc.

and Qualcomm Technologies, Inc.'s (together "Qualcomm") Fourth Set of Requests for

Production of Documents and Things to Arm Holdings plc (Nos. 157-168), dated April 16, 2025

(each a "Request" and collectively the "Requests").

### PRELIMINARY STATEMENT

1.    Arm's responses to the Requests ("Responses") are made in accordance with the

Federal Rules of Civil Procedure and based upon information currently available to Arm.

1

Investigation and discovery are ongoing in this case.  Arm responds to the Requests without prejudice to Arm's right to supplement its Responses.  Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry.  Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm.  It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the

possession, custody, or control of Arm, and can be located after a reasonable search.

## GENERAL OBJECTIONS

1.      Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2.      Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3.      Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4.      Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5.      Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

7.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

8.      Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

9.      Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

10.     Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

11.     The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

12.     Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

13.     Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its

likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

14.    Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

15.    Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

16.    Arm objects to each Request as premature, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks discovery regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint.

17.    Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

18.    Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the April 18, 2024 filing of the complaint in this action to the extent any such documents exist;

are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

## REQUEST FOR PRODUCTION NO. 157:

All Communications from or to any or all Arm customers related to or concerning complaints regarding licensing or pricing terms for ███████████████ offered under TLAs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 157:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "complaints" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 158:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding licensing or pricing terms for peripheral IP offered under TLAs, including, but not limited to, ███████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the terms "complaints" and "peripheral" are vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 159:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding Arm's withholding of deliverables, including, but not limited to, OOB tests, ACK patches, the ACK, architecture documentation, architecture errata, the ████████████ ██████████████████████, offered under ALAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Subject to its General Objections and any specific objections set forth below, Arm has already produced Communications with Qualcomm concerning complaints regarding Arm's provision of materials to Qualcomm under the Qualcomm ALA. With respect to Arm's other ALA partners, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, and 70. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as

mischaracterizing materials, including "OOB tests" and "ACK patches," as "deliverables." As explained in Arm's response to Qualcomm's Interrogatory No. 1, OOBs and ACK patches are not "███████ ██████ ██████ ██ of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 160:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding Arm's delay or failure to provide support, maintenance, acknowledgement or error reports, or corrective actions regarding ACK test errors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Subject to its General Objections and any specific objections set forth below, Arm has already produced Communications with Qualcomm concerning complaints regarding Arm's provision of support and maintenance to Qualcomm regarding ACK test errors under the Qualcomm ALA. With respect to Arm's other ALA partners, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, and 70. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will

not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrases "complaints" and "delay or failure to provide" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 161:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding Arm's delay or failure to provide support or maintenance for ██ ████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, and 70. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrases "complaints" and "delay or failure to provide" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 162:**

All licenses for the v10 ISA offered to, or entered into, with Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll licenses" regarding the requested subject matter. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "offered" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 163:**

All Documents and Communications relating to or concerning deliverables, including, but not limited to, OOB tests, ACK patches, the ACK, architecture documentation, architecture

errata, the ███████████████████████████████, withheld from Third Party ALA licensees.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 163</u>:**

Subject to its General Objections and any specific objections set forth below, and in accordance with the ESI Order, Arm has already produced documents sufficient to show the centralized distribution of documents, and such documents made available by such distributions, to third-party ALA licensees, including via Arm's PDH portal.  Arm is willing to meet and confer with Qualcomm regarding the relevant scope of any other aspect(s) of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, 70, 159, and 160. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to  the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "withheld" is vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions.  Arm objects to this

Request as mischaracterizing materials, including "OOB tests" and "ACK patches," as "deliverables." As explained in Arm's response to Qualcomm's Interrogatory No. 1, OOBs and ACK patches are not "███████████ ████████ ██████ ██ ██ of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents and Communications relating to or concerning licensing terms or pricing information offered to Third Parties for any ███████████████ since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request because the term "offered" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 165:**

All Documents and Communications relating to or concerning licensing terms or pricing information for ███████████████ codenamed ██████████████████ provided to Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 166:**

All Documents and Communications relating to or concerning analysis of market share or competition with respect to CPUs, chips, and designs thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Qualcomm has repeatedly disclaimed, both orally and in writing, that it need prove or even identify a relevant market pursuant to its competition claims.  To the extent Qualcomm now seeks documents and communications "relating to or concerning analysis of market share or competition" Arm objects to the request as vague as to what market(s) Qualcomm seeks "market share" information about or in what market(s) Qualcomm alleges there is "competition."  For the same reasons, Arm further objects that "CPUs, chips, and designs thereof" is vague. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

**REQUEST FOR PRODUCTION NO. 167:**

All Documents and Communications with Third Parties concerning the RISC-V Architecture, including, but not limited to, communications with regulators or any regulatory body, foreign or domestic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Qualcomm has previously refused to identify a relevant market or what "competition" or other products it deems relevant to its unfair competition claim, including whether it intends to argue that RISC-V is a substitute or alternative product in that relevant market.  Further, Qualcomm has refused to produce any communications with regulators on relevance grounds, therefore Arm fails to see how such communications are now relevant to any claims in the litigation. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent

agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 168:**

All Documents and Communications that were not produced based on the definition of "Complaint" in prior sets of Request for Production but would be covered by any prior document request using the definition of Complaint as set forth herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Request No. 151. Arm further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

Dated: May 16, 2025

OF COUNSEL:

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


 */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com


YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

TAB 5

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
  Delaware corporation

         Plaintiffs,

  v.                                        C.A. No. 24-490-MN

ARM HOLDINGS PLC, f/k/a, ARM LTD.           **HIGHLY CONFIDENTIAL -**
  a U.K. corporation                        **ATTORNEYS EYES ONLY**

         Defendant.

---

## ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO
## QUALCOMM'S FIRST SET OF INTERROGATORIES (NOS. 1–3)

Pursuant to Rules 23 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the District of Delaware, Defendant Arm Holdings PLC ("Arm") hereby responds to Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm")'s First Set of Interrogatories (Nos. 1–3).

## GENERAL OBJECTIONS

Arm makes the following general objections, which are hereby incorporated by reference and made part of its response to each and every Interrogatory.

1.    Arm objects to each Interrogatory to the extent it purports to impose upon Arm discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Local Rules for the United States District Court for the District of Delaware, orders entered in this case, or agreements among the parties.

2. Arm objects to the "Instructions" and "Definitions" sections to the extent they purport to alter the plain meaning and/or scope of any specific Interrogatory, on the ground that such alteration renders the Interrogatory vague, ambiguous, overly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable.  Arm's responses to such Interrogatories shall not be construed as an admission, agreement, or acquiescence to any such instruction or definition.  Arm further objects to the "Instructions" and "Definitions" sections to the extent they purport to impose upon Arm discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware, orders entered in this case, or agreements among the parties.

3. Arm objects to the definitions of "Defendant," "Arm," "you," and "your" as overly broad and unduly burdensome to the extent they purport to require Arm to provide information that is not within the possession, custody, or control of Arm Holdings PLC, or to otherwise respond on behalf of third parties, at least because these definitions include entities that have no relation to the present litigation.

4. Arm objects to the definitions of "ALA" and "TLA" as overbroad and vague and ambiguous to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

5. Arm objects to the definition of "███████████" as overbroad and vague and ambiguous to the extent it defines the term by reference to the definition of that term in "████

2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

███████████████ ██████████ ███████████ ████ ██████ ███████ █

██████████ ██ ██████████ "

6.      Arm objects to the definition of "ACK" as overbroad and vague and ambiguous to the extent it defines the term as meaning "Arm's Architecture Compliance Kit or Arm's Architecture Validation Suite or Arm's Architecture Compliance Suite."

7.      Arm objects to each Interrogatory, including the instructions and definitions that Qualcomm purports to incorporate therein, to the extent that each Interrogatory is overbroad, unduly burdensome, not limited to a reasonable time frame, vague and ambiguous, irrelevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

8.      Arm objects to each Interrogatory to the extent it seeks information, documents, and/or things that are protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, or protection (collectively, "privileged information").   Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine.   Arm does not intend to produce information or documents that would divulge any privileged information.   Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

9.      Arm objects to any factual characterizations in Qualcomm's Interrogatories.   By responding, Arm does not accept or admit any of Qualcomm's factual characterizations.

10.     Arm objects to each Interrogatory to the extent it seeks "all" or "any" facts, documents, witness identifications, or things as overbroad and unduly burdensome.

11.     Arm's discovery and investigation in connection with this case is ongoing.   Arm's responses to these Interrogatories are based on its knowledge to date following a reasonable

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

investigation.  As a result, Arm's responses are provided without waiver of Arm's right to: (a)

object to other interrogatories directed to the subject matter of these Interrogatories and responses;

(b) make additional or supplementary objections to these Interrogatories; or (c) revise, amend,

supplement, or clarify the contents of these responses.

Subject to and without wavier of these General Objections and the more specific objections

set forth below, Arm responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify and describe in detail all ███████████, ██████ thereto, or any other
downloads, releases, notes, publications, materials, support, or the like, including ACK patches
and OOB tests, that Qualcomm is entitled to under the Qualcomm ALA that Arm has released,
distributed, or otherwise made available since June 1, 2022 but not provided to Qualcomm. For
each such item identified, your response should include (i) a description of the licensed item, (ii)
the type of information (i.e., error corrections, █████, ████████, modifications, maintenance
releases, or enhancements), (iii) the date(s) the item was made available by Arm, (iv) the names
of any Arm licensee other than Qualcomm who received the item, (v) the date(s) of distribution to
each Arm licensee other than Qualcomm, (vi) the terms and conditions, including cost, of each
Arm licensee for each item identified in response to (iii)-(v), (vii) the three (3) Persons affiliated
with Arm with the most knowledge of your response, and (viii) an identification of all documents
(by Bates number) that support your response.

### RESPONSE TO INTERROGATORY NO. 1:

Arm incorporates its General Objections as if fully asserted herein.  Arm objects to this

Interrogatory to the extent it seeks to characterize "any other downloads, releases, notes,

publications, materials, support, or the like, including ACK patches and OOB tests" as "███

████████ ██ ████████ ███████" Arm objects to this Interrogatory as overbroad, unduly

burdensome, and not proportional to the needs of the case, including because it seeks the

identification and description of "all … or any other" items, materials, or actions from a list of

broad and undefined categories, including "notes, publications, materials, support, or the like."

Arm objects to this Interrogatory to the extent it calls for a legal conclusion. Arm further objects

4

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

to this Interrogatory as seeking information that is more readily available to Qualcomm than it is to Arm. Arm further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding what Arm provided licensees other than Qualcomm under or relating to license agreements to which Qualcomm is not a party. Arm objects to this Interrogatory's use of the phrase "or the like," as vague and ambiguous. Arm objects to this Interrogatory to the extent it seeks privileged information.  Arm additionally objects to this Interrogatory as compound and constituting several, discrete interrogatories.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

There are no "███████████ █████" as these terms are used in the Qualcomm ALA (including ██████ ██ ██), and each Annex 1 thereto, or any downloads, releases, notes, publications, materials, support, or other materials, including ACK patches and OOBs, that Qualcomm is entitled to under the Qualcomm ALA that Arm has released, distributed, or otherwise made available since June 1, 2022 but not provided to Qualcomm.

Arm's Interrogatory No. 2 to Qualcomm seeks Qualcomm's "contention that Arm failed to meet any of its obligations under the Qualcomm ALA," and in response, Qualcomm alleges that Arm "failed to deliver (1) patches to the ACK and (2) the OOB," but does not specify any particular ACK patch or OOB that it contends Arm failed to deliver. Qualcomm's Responses and Objections to Arm's First Set of Interrogatories (Nos. 1-9) at 9-11 (March 10, 2025).  However, (1) Qualcomm is not entitled to ACK patches and OOB under ██████ ██ ██ at least because ACK patches and OOB are not "███████████ █████"; (2) Qualcomm is not entitled to any ACK patches or OOBs for Nuvia-based designs for the reasons explained in Arm's January 17, 2025

Motion For Judgment As A Matter Of Law Or A New Trial (No. 22-1146, D.I. 596); (3) notwithstanding that Qualcomm is not entitled to any support for Nuvia-based designs, Arm has since January 8, 2025 committed to provide support to Qualcomm for Nuvia-based designs during the pendency of certain litigation between the parties; (4) Arm did not withhold any ACK patches that Qualcomm was entitled to; (5) Arm did not withhold any OOBs that Qualcomm was entitled to.

### Qualcomm Is Not Entitled To ACK Patches And OOB Under ▮▮▮▮ and ▮ At Least Because ACK Patches And OOB Are Not "▮▮▮▮▮▮▮" Or "▮▮▮▮▮"

Qualcomm is not entitled to ACK patches and OOB under ▮▮▮▮▮ under the Qualcomm ALA at least because they are not "▮▮▮▮▮▮▮▮▮▮

The Qualcomm ALA, at ▮▮▮▮ states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮" ARM_00055357 at ▮▮. The Qualcomm ALA,▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮" ARM_00063298 at -301,▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮" QCARM_0343954 at -959,▮▮▮

The Qualcomm ALA,▮▮▮▮▮▮▮▮▮▮▮▮



**HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY**



ARM_00055357 at -359, ███.

The Qualcomm ALA, ███████████████████████

████████████████████████████████████████

███████████████████████████████ " ARM_00055357 at -360, ███. The

Qualcomm ALA, █████████████████████████████████████

████████████████████████████████████████

████████████████████████████ ." ARM_00063298 at -301, ███

████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████ ." QCARM_0343954 at -958, ███

ACK patches are not "████████████ █████" under the Qualcomm ALA.  An

ACK patch is a partner-specific solution to a partner-specific ACK test issue, and when that

solution is relevant to all ALA licensees, Arm typically incorporates the solution into its next

quarterly ACK release, which is made available to all ALA partners, including Qualcomm.  ACK

patches are not "████████████" at least because they are not "████████████████

█████████████████████████████," as defined in the Qualcomm

ALA, ARM_00055357 at ███, and because ACK patches are not "████████████████

███████████████████████████████████████████████████████████

████████████████████████████ to the Qualcomm ALA,

ARM_00063298 at -301, █████.  ACK patches are also not "████████████████████

███████████████████████████████████" *Id.* at -301, █████ *id.* at -299–

300, ███████████████████████.  ACK patches are also not included in "████████████

██████████████████████████ to the Qualcomm ALA.

QCARM_00343954 at -955–58, █████.  None of the "███████████████" identified and listed

by part number in ████████ ████████████████████████████████████

Annex 1 to the Qualcomm ALA are ACK patches.  ACK patches are not "███████" because they

are not ████████████████████████████████████████████████

███████████████████████████████████████████ █████████████

████████████████████████████████████████████,"

as defined in the Qualcomm ALA.  ARM_00055357 at -359, █████.  ACK patches are not "████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



█████████████████████████████████████████████████████

████████.” *Id.*

OOBs are not "████████████████ ███████" under the Qualcomm ALA. OOBs identify which of the previously delivered ACK tests a partner should run and are based on the configuration of the partner's design implementation. OOBs are not "███████████████" at least because they are not "████████████████████████████████

████████████████" as defined in the Qualcomm ALA, ARM_00055357 at ████, and because OOBs are not "████████████████████████████████████

████████████████████████████████████████████████████████

████) to the Qualcomm ALA, ARM_00063298 at -301, ████. OOBs are also not "████████

████████████████████████████████" *Id.* at -301, ████; *id.* at -299–300, ████████████████████. OOBs are also not included in "████████████████████

████████████████████ Annex 1 to the Qualcomm ALA. QCARM_00343954 at -955–58, ████████. OOBs are not "████████" because they are not "████████████

████████████████████████████████████████████████████

████████████████" that are "████████████████████████████████

████████████████████████████," as defined in the Qualcomm ALA. ARM_00055357 at -359, ████. OOBs are not "████████████████████████████████

████████████████████████████████████." *Id.*

### Qualcomm Is Not Entitled To Any ACK Patches Or OOBs For Nuvia-Based Designs

Nuvia-based designs (including Qualcomm's Oryon CPU cores and the CPU cores used in Qualcomm's ████████████████████ products) are unlicensed cores that fall outside the Qualcomm ALA for the reasons explained in Arm's January 17, 2025 Motion For

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Judgment As A Matter Of Law Or A New Trial (No. 22-1146, D.I. 596) and Arm's February 28, 2025 Reply In Support Of Its Motion For Judgment As A Matter of Law Or A New Trial (No. 22-1146, D.I. 614). Qualcomm is not entitled to any ACK Patches or OOB for those unlicensed CPU cores. ARM_00055357 ███████████; ARM_00063298 █████. Under the Qualcomm ALA, Qualcomm is licensed and permitted only to develop, verify, and sell ████████████████ █████. ARM_00055357 ███████████; ARM_00063298 █████. Such ████████ are limited to "██████████████████████████████████ █████" ARM_00055357 █████. And those ████████████████ are limited to CPU cores developed (1) under the licenses granted in the Qualcomm ALA, (2) by or for Qualcomm, and (3) based on ██████████ that Arm delivered to Qualcomm. The pre-acquisition Nuvia designs do not satisfy any of those requirements for the reasons explained in Arm's January 17, 2025 Motion For Judgment As A Matter Of Law Or A New Trial (No. 22-1146, D.I. 596) and Arm's February 28, 2025 Reply In Support Of Its Motion For Judgment As A Matter of Law Or A New Trial (No. 22-1146, D.I. 614). The integrated circuits and central microprocessor units Qualcomm developed that incorporate or are based on the pre-acquisition Nuvia designs therefore fall outside the scope of the Qualcomm ALA and outside the scope of Arm's support obligations under that agreement. The Qualcomm ALA permits Qualcomm to seek support and verification solely for CPU designs created by Qualcomm employees, at a time when they were Qualcomm

10

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

employees, but does not permit Qualcomm to seek support and verification for designs from third parties such as Nuvia.

Because the Nuvia-based designs are not licensed under the Qualcomm ALA, Qualcomm is not entitled to any ACK patches or OOBs for them under the Qualcomm ALA.

### Notwithstanding That Qualcomm Is Not Entitled To Support For Nuvia-Based Designs, Arm Has Since January 8, 2025 Committed To Provide Support For Them

On January 8, 2025, Arm sent a letter to Qualcomm stating that " 

" pending certain litigation between the parties:



1/8/2025 Arm Letter to Qualcomm.

### Arm Did Not Withhold Any ACK Patches Qualcomm Was Entitled To

Qualcomm has not identified any specific ACK patch(es) that Qualcomm contends Arm improperly withheld from Qualcomm. For example, Qualcomm does not identify any specific ACK patches that Arm allegedly withheld from Qualcomm in its response to Arm's Interrogatory No. 2, which seeks, *inter alia*, "the complete legal and factual basis for [Qualcomm's] contention that Arm failed to meet any of its obligations under the Qualcomm ALA." Qualcomm's Responses and Objections to Arm's First Set of Interrogatories (Nos. 1-9) at 9-11 (March 10, 2025).

**HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY**

Qualcomm cites to its First Amended Complaint, where Qualcomm references Arm engineer Vivek Agrawal's deposition testimony and exhibit QX175 to his deposition (ARM_01314327) to allege that Arm "withheld from Qualcomm certain ACK 'patches.'" FAC ¶ 80 (citing Redacted Mar. 5, 2024 Hr'g Tr., *Arm Ltd.* v. *Qualcomm Inc.*, C.A. No. 22-1146-MN (D. Del. Mar. 26, 2024), D.I. 312-1; Redacted Mar. 6 Order, Ex. A. to Pl.'s Ltr. to Hon. Laura D. Hatcher Regarding Redactions to the Mar. 6, 2024 Mem. Order, *Arm Ltd.* v. *Qualcomm Inc.*, C.A. No. 22-1146-MN (D. Del. Mar. 20, 2024), D.I. 303 at ECF p.5). Qualcomm does not, however, identify any specific ACK patches that Arm allegedly withheld from Qualcomm. *Id.*

Qualcomm's FAC cites to its November 3, 2022 and December 5, 2022 letters to Arm, however, those letters also did not specifically identify any allegedly withheld ACK patches. ARM_00025401–03. The cited requests for ACK patches in QX175 were for a product that Arm "believe[d] … to be using Nuvia technology," QX175 at ARM_01314329, and Qualcomm is not entitled to any ACK patches for Nuvia-based designs. Further, Arm continued to provide all of its ALA partners, including Qualcomm, the same quarterly ACK releases, which typically incorporate solutions to ACK test issues that are relevant to all ALA licensees. As Qualcomm acknowledged in its First Amended Complaint, Qualcomm did not need any ACK patches from Arm to run the validation tests that Arm had provided. FAC ¶ 86.

### <u>Arm Did Not Withhold Any OOBs Qualcomm Was Entitled To</u>

Qualcomm has not identified any specific OOBs that Qualcomm contends Arm improperly withheld from Qualcomm. For example, Arm's Interrogatory No. 2 seeks "the complete legal and factual basis for [Qualcomm's] contention that Arm failed to meet any of its obligations under the Qualcomm ALA." Qualcomm's Responses and Objections to Arm's First Set of Interrogatories (Nos. 1-9) at 9-11 (March 10, 2025). Qualcomm does not identify any specific OOBs that Arm

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

allegedly withheld.  Qualcomm cites to its First Amended Complaint, where Qualcomm references

Arm engineer Vivek Agrawal's deposition testimony and exhibit QX175 (ARM_01314327) to his

deposition, as well as an October 10, 2022 email that Mr. Agrawal sent to Qualcomm engineer

Jignesh Trivedi, produced at ARM_01020195. FAC ¶¶ 69, 79–80. However, neither the cited

testimony nor the cited documents reference any specific OOB that Qualcomm contends Arm

improperly withheld; they simply reference "OOB." Likewise, Qualcomm cites to its November

3, 2022 and December 5, 2022 letters to Arm, but those letters do not identify any allegedly

withheld OOB and instead simply reference "the OOB." ARM_00025401–03.  The cited requests

for OOBs were for a product that Arm "believe[d] … to be using Nuvia technology," QX175 at

ARM_01314329; *see also* ARM_01020195, and Qualcomm is not entitled to any OOBs for Nuvia-

based designs.

Further, OOBs identify which of the previously delivered tests a partner should run, and

Arm had already delivered those tests to Qualcomm in the ████████████. *See*

Trivedi Dep. Tr. at 92:2–93:3 ████████████████████



ARM_00002045 ████████████████████

████████████████████. As

Qualcomm acknowledged in its First Amended Complaint, Qualcomm did not need any OOB from

Arm to run the validation tests that Arm had provided.  FAC ¶ 85; *see also* Agrawal Dep. Tr. at

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

54:18–55:2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Further, because OOB is partner-specific, Arm has not "released, distributed, or otherwise made available since June 1, 2022 but not provided to Qualcomm" any OOB that would be relevant to Qualcomm. Agrawal Dep. Tr. at 29:1–21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Further, by June 1, 2022, Arm had given Qualcomm several OOB packages, including for use with Nuvia-based designs. *See*, *e.g.*, Trivedi Dep. Tr. at 45:13–46:14, 54:16–57:18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮; ARM_00001192 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮; ARM_00001512 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

ARM_00132256 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Qualcomm used these OOBs to successfully run ACK testing first for the Nuvia-based Phoenix implementation and then at least for the Nuvia-based Hamoa core design. ARM_00001495 at -495–96 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮; ARM_00000634 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮.

Arm identifies the following individuals as knowledgeable regarding aspects of this subject matter: Vivek Agrawal is knowledgeable about OOBs, ACK releases, and ALA licensee support, and Richard Grisenthwaite is knowledgeable about the design, development, operation, and

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

purported verification of Arm-based technology and Arm's relationship with Nuvia and Qualcomm.

As discovery is ongoing, Arm reserves the right to supplement, amend, or modify its response to this Interrogatory, and reserves the right to rely upon any evidence subsequently discovered or which may otherwise come to light during discovery.

**INTERROGATORY NO. 2**:

With respect to Arm's October 22, 2024 letter to Qualcomm alleging that Qualcomm is in material breach of the QC ALA, state (i) a complete explanation for the timing of that letter and an identification of all Persons involved in the drafting of the letter, (ii) a complete list of all Third Parties that Arm shared the letter with or discussed the subject matter of the letter with or otherwise informed of Qualcomm's purported breach and an identification of all Persons affiliated with Arm involved in any communications with those Third Parties, and (iii) a list of the Persons affiliated with Arm with the most knowledge of Arm's decision to share the letter or information with Third Parties, and (iv) an identification of all documents (by Bates number) that support your response.

**RESPONSE TO INTERROGATORY NO. 2:**

Arm incorporates its General Objections as if fully asserted herein. Arm objects to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Arm further objects to this Interrogatory as seeking information that is not relevant to either Party's claims or defenses, and not reasonably calculated to lead to the discovery of relevant evidence. Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

### Arm Repeatedly And Publicly Stated That Qualcomm Was In Breach Of The Qualcomm ALA As Early As 2022

On November 15, 2022 Arm filed a publicly-available Answer in *Arm Ltd. v. Qualcomm Inc. et al.*, No. 22-1146 (MN) ("*Arm v. Qualcomm*"), in which Arm publicly stated that "Qualcomm is materially breaching its ALA, giving Arm the right to terminate, and the Qualcomm ALA does not provide a license for or right to continue development of the Nuvia technology," that "Qualcomm is breaching its ALA by improperly seeking to use the Qualcomm ALA to continue development of the relevant Nuvia technology, entitling Arm to terminate that ALA based on Qualcomm's material breaches," that "Arm is entitled to terminate Qualcomm's ALA based on Qualcomm's material breaches of the verification, delivery, and support and maintenance provisions," and that:

> "Qualcomm's allegations that it is exercising its rights with respect to the relevant Nuvia technology under Qualcomm's license agreements with Arm and is not in violation of those agreements fail because Arm has no such obligations with respect to the Nuvia technology, and Qualcomm is breaching the Qualcomm ALA by insisting otherwise. Under the Qualcomm ALA, Arm has no obligation to provide, and Qualcomm has no right to seek, verification, delivery, or support and maintenance in connection with technology developed under the now-terminated Nuvia ALA. The 'verification' provisions of [redacted] of the Qualcomm ALA are limited to products manufactured [redacted] in the ALA. The delivery ([redacted]) and support and maintenance ([redacted]) obligations of the Qualcomm ALA are similarly limited to the defined [redacted] and therefore likewise do not extend to the relevant Nuvia technology, which embodies and was derived from Arm technology delivered by Arm to Nuvia under Nuvia's now-terminated ALA. Qualcomm's unreasonable, bad-faith demands that Arm comply with purported obligations for verification, delivery, and support and maintenance with respect to technology delivered and developed outside the scope of the Qualcomm ALA

16

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

> are contrary to the parties' expectations and undermines the benefit to Arm from the Qualcomm ALA, thereby materially breaching that agreement's terms and implied covenant of good faith and fair dealing and entitling Arm to terminate the Qualcomm ALA under ███████."

No. 22-1146, D.I. 21 at 2, 37, 39, 41-42.

On April 11, 2024, Arm filed another publicly-available Answer that likewise included allegations that Qualcomm was in breach of its ALA, including that "Qualcomm is breaching its ALA by improperly seeking to use the Qualcomm ALA to continue development of the relevant Nuvia technology," and that "Qualcomm is materially breaching its ALA, giving Arm the right to terminate … ." D.I. 322 at 2, 42-45, 48-49. These materials were available to any member of the public, including online though the Court's public docket in *Arm v. Qualcomm*, No. 22-1146.

### Arm and Qualcomm's Correspondence Regarding Qualcomm's Breach of the Qualcomm ALA

On October 22, 2024 Arm sent a notice of material breach ("October 22 Notice") to Qualcomm that echoed its public statements in its November 15, 2022 and April 11, 2024 Answers, including that:

> "The Qualcomm ALA permits Qualcomm to seek support and verification solely for CPU designs created by Qualcomm employees, at a time when they were Qualcomm employees. Qualcomm is only permitted to market an █████████████████ ████ if Qualcomm has complied in all respects with the requirements of the Qualcomm ALA and completed the verification procedures provided therein. And Qualcomm is entitled to seek contractual remedies solely for CPU designs that fall within the scope of the ALA. These obligations are reflected in multiple places in the Qualcomm ALA, including but not limited to █████████ ███████████████████, & Annex 1.
>
> Qualcomm has systematically and willfully breached these obligations, and its breaches have accelerated and expanded in recent months. Specifically, Qualcomm has developed CPUs and marketed multiple products that contain CPUs use designs, technology, and code created by Nuvia employees at the time when Nuvia was a third party (hereinafter 'Nuvia designs'). Recently, Qualcomm has sought support and verification for additional designs that reuse the Nuvia designs. Qualcomm and Nuvia have willfully refused to discontinue use of the Nuvia designs despite the independent obligations provided by ███████████ of the Nuvia ALA

17

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

upon termination. And Qualcomm initiated and continues to prosecute contractual claims that arise from Qualcomm's improper conduct with respect to these unlicensed cores.

Due to Qualcomm's willful, ongoing, and renewed actions, Qualcomm is in material breach of the Qualcomm ALA."

10/22/2024 Arm Breach Notice to Qualcomm. Arm's October 22 Notice was drafted by counsel

and sent by ⬛⬛⬛⬛⬛, Arm's Chief Legal Officer, to ⬛⬛⬛⬛⬛, Qualcomm's General

Counsel.  Qualcomm responded on October 28, 2024.  10/28/2024 Qualcomm Ltr. to Arm.

Qualcomm made a summary of the contents of both notices available to the public on November

6, 2024.

On January 8, 2025, Arm withdrew its October 22 Notice, stating that:



**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

1/8/2025 Arm Ltr. to Qualcomm.  Qualcomm and Arm exchanged further correspondence on January 22 and 30.  1/22/2025 Qualcomm Ltr. to Arm; 1/30/2025 Arm Ltr. to Qualcomm.

<u>**Arm and Qualcomm's Press Briefing Regarding**</u>
<u>**Qualcomm's Breach of the Qualcomm ALA**</u>

On October 22, 2024 ████████████████ ████████ and ████████, ████████████████████████████ and ████████████████ ████████████████████ Ian King at Bloomberg, who reported on the Notice and upcoming trial on October 22.  Individuals knowledgeable about Arm's decision to discuss the Notice with Bloomberg are ████████ and ████████. On October 22 & 23, multiple news outlets reported that Qualcomm released a statement in response to the Bloomberg article. On October 22 or 23, Qualcomm released a statement to the media regarding Arm's October 22 Notice. On October 23, Arm released a statement to the media in response to Qualcomm's statement. On October 24, ████████ ██████ confirmed for Ian King at Bloomberg that Arm had sent the letter to Qualcomm.  Arm did not send its October 22 Notice to any third-party companies or customers.

Following the publication of an article by Ian King on October 22, 2024, a statement by Arm regarding the October 22, 2024 letter was provided to the following persons: ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY**

████████████████████████████████████████████████

████████████████████████████████████████

On November 6, 2024 Qualcomm publicly described Arm's October 22 Notice in its

Annual Report to investors:

> On October 22, 2024, Arm provided us with a notice alleging that
> we have breached the Qualcomm ALA by marketing products that
> contain CPUs that Arm alleges use designs, technology and code
> created by Nuvia employees prior to our acquisition of Nuvia; by
> seeking support and verification from Arm for additional products
> that use such alleged designs, technology and code; and by suing
> Arm for breach of the Qualcomm ALA. Arm's notice asserts that it
> will have the right to terminate the Qualcomm ALA if such alleged
> breaches are not cured within 60 days of such notice.

Qualcomm 10-K Annual Report (November 6, 2024).

On December 16, 2024 Qualcomm filed a public version of its First Amended Complaint

in this case in which it publicly described Arm's October 22, 2024 notice of material breach, stating

that "Arm sent Qualcomm a notice of material breach purporting to have the right to terminate

Qualcomm's own license," described the contents of the letter, and publicly filed a redacted copy

of the notice of material breach. A redacted copy of Arm's October 22, 2024 notice of material

breach was and remains accessible to any member of the public, including online though the

Court's public docket in *Arm v. Qualcomm*, No. 22-1146. D.I. 39 at 2, 8-9, 32-35; D.I. 39-1.

On January 22, 2025, Qualcomm wrote to Arm and stated that the parties' correspondence

on this issue was not confidential, and that Qualcomm was "required by law" to publicly disclose

the correspondence in its filings with the U.S. Securities & Exchange Commission, and that "in

filings with the U.S. Securities & Exchange Commission, Qualcomm has disclosed Arm's October

22 notice":

> "Even if that [January 8, 2025] letter [withdrawing the October 22,
> 2024 notice of material breach] were itself 'Confidential'—and it is
> not—Qualcomm is nevertheless required by law to disclose the fact
> that Arm has withdrawn that notice and indicated that it has no
> current plan to terminate the Qualcomm ALA pending resolution of

**HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY**

> challenges to the jury verdict. For instance, in filings with the U.S. Securities & Exchange Commission, Qualcomm has disclosed Arm's October 22 notice and Arm's threats to terminate the Qualcomm ALA. Qualcomm intends to update those disclosures in light of Arm's withdrawal of that notice and statement that it does not currently intend to terminate the Qualcomm ALA pending resolution of challenges to the jury verdict. We presume you have no objection to this legally required update."

1/22/2025 Qualcomm Ltr. to Arm.

On February 5, 2025 Qualcomm publicly described Arm's January 8, 2025 letter in its

Quarterly Report:

> On January 8, 2025, Arm notified us that it was withdrawing its October 22, 2024 notice of breach and indicated that it has no current plan to terminate the Qualcomm ALA, while reserving its rights pending the outcome of the ongoing litigation.

Qualcomm 10-Q Quarterly Report (February 5, 2025). Christiano Amon also publicly described

Arm's communication in its public investor conference call on February 5, 2025.

### <u>Qualcomm Recognized That Arm's October 22, 2024<br>Notice Of Material Breach "Is Actually Not New News"</u>

In *Arm v. Qualcomm*, the Court held a pre-trial conference on November 20, 2024. During

that conference, Qualcomm's counsel stated that Arm's claim that Qualcomm is in breach of the

Qualcomm ALA has been in the case "starting at the very beginning," Nov. 11, 2024 Hearing Tr.

at 13:10-16, and that "[t]he letter on October 22nd is actually not new news in the sense of alleging

these breaches":

> "And in response to that, there have been repeated allegations that the Qualcomm ALA has been breached by Qualcomm. The letter on October 22nd is actually not new news in the sense of alleging these breaches. It has been in the case squarely and we anticipate that it is going to be raised by ARM in response to the arguments that we have regarding the fact that our products are licensed."

*Id.* at 14:18-24. Qualcomm's counsel stated earlier in that same hearing that "with respect to

Qualcomm's alleged breach under the Qualcomm ALA, Arm itself has put that in the case starting

at the very beginning" and that "[w]hen you go to their answer at DI 21, they say … [Qualcomm

is] also materially breaching its ALA with Arm." *Id.* at 13:10-16. Qualcomm candidly admitted

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

"as early as November 15, 2022, in DI 21, … they say Qualcomm is materially breaching its own ALA and giving ARM the right to terminate that agreement." *Id.* at 13:23-14:12.  Qualcomm also acknowledged "there is at least five or six references" to this same assertion that Arm has the right to terminate the Qualcomm ALA "throughout [Arm's] pleading" in November 2022.  *Id.*

As discovery is ongoing, Arm reserves the right to supplement, amend, or modify its response to this Interrogatory, and reserves the right to rely upon any evidence subsequently discovered or which may otherwise come to light during discovery.

**INTERROGATORY NO. 3**:

Describe, in detail, all facts and circumstances, including the status, of any development or plans to develop v10 of the Arm ISA and any licensing thereof. Your response should include (i) an identification of any features included in v10 of the Arm ISA that were not included in v9 of the Arm ISA and a description of the incremental value, if any, of each feature, (ii) the date(s) on which Arm began discussing development of v10 and any projected timelines for its development or release, (iii) the identity of any partners who have requested a license to v10 and (iv) the terms and conditions of any license proposal from Arm (v) a list of all Persons affiliated with Arm involved in such communications or negotiations, (vi) a list of the Persons affiliated with Arm with the most knowledge of the development or licensing of v10 of the Arm ISA, and (vii) an identification of all documents (by Bates number) that support your response.

**RESPONSE TO INTERROGATORY NO. 3:**

Arm incorporates its General Objections as if fully asserted herein.  Arm objects to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Arm further objects to this Interrogatory as seeking information that is not relevant to either Party's claims or defenses, and not reasonably calculated to lead to the discovery of relevant evidence. Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules.

Subject to and without wavier of its general and specific objections, Arm responds as follows: Subject to its objections, Arm is willing to meet and confer with Qualcomm as to the relevance and appropriate scope of this Interrogatory, if any.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Dated: March 24, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


  */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 24, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
_____
 Anne Shea Gaza (No. 4093)
 Robert M. Vrana (No. 5666)
 Samantha G. Wilson (No. 5816)
 Rodney Square
 1000 North King Street
 Wilmington, DE 19801
 (302) 571-6600
 agaza@ycst.com
 rvrana@ycst.com

swilson@ycst.com

*Attorneys for Arm Holdings plc*

# TAB 6

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
   a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
   Delaware corporation

        Plaintiffs,

   v.

ARM HOLDINGS PLC, f/k/a, ARM LTD.
   a U.K. corporation

        Defendant.

C.A. No. 24-490-MN

**HIGHLY CONFIDENTIAL -
ATTORNEYS EYES ONLY**

## ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO QUALCOMM'S AMENDED INTERROGATORY NO. 3

Pursuant to Rules 23 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the District of Delaware, Defendant Arm Holdings PLC ("Arm") hereby responds to Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm")'s Amended Interrogatory No. 3.

## GENERAL OBJECTIONS

Arm makes the following general objections, which are hereby incorporated by reference and made part of its response to Qualcomm's Amended Interrogatory No. 3.

1.     Arm objects to the Interrogatory to the extent it purports to impose upon Arm discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware, orders entered in this case, or agreements among the parties.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

2.      Arm objects to the "Instructions" and "Definitions" sections to the extent they purport to alter the plain meaning and/or scope of the Interrogatory, on the ground that such alteration renders the Interrogatory vague, ambiguous, overly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable.  Arm's response to the Interrogatory shall not be construed as an admission, agreement, or acquiescence to any such instruction or definition.  Arm further objects to the "Instructions" and "Definitions" sections to the extent they purport to impose upon Arm discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware, orders entered in this case, or agreements among the parties.

3.      Arm objects to the definitions of "Defendant," "Arm," "you," and "your" as overly broad and unduly burdensome to the extent they purport to require Arm to provide information that is not within the possession, custody, or control of Arm Holdings PLC, or to otherwise respond on behalf of third parties, at least because these definitions include entities that have no relation to the present litigation.

4.      Arm objects to the definitions of "ALA" and "TLA" as overbroad and vague and ambiguous to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

5.      Arm objects to the definition of " █████████ " as overbroad and vague and ambiguous to the extent it defines the term by reference to the definition of that term in █████
██ ███████████ █████ ██████ ████ ██████ ████████
████████ ██ █████████

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

6.      Arm objects to the definition of "ACK" as overbroad and vague and ambiguous to the extent it defines the term as meaning "███████████████████████████████████ ████████████████████████████████████████."

7.      Arm objects to the Interrogatory, including the instructions and definitions that Qualcomm purports to incorporate therein, to the extent that the Interrogatory is overbroad, unduly burdensome, not limited to a reasonable time frame, vague and ambiguous, irrelevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

8.      Arm objects to the Interrogatory to the extent it seeks information, documents, and/or things that are protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, or protection (collectively, "privileged information").  Nothing contained in this response should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine.  Arm does not intend to produce information or documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

9.      Arm objects to the Interrogatory as premature, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information related to allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint.

10.     Arm objects to any factual characterizations in the Interrogatory.  By responding, Arm does not accept or admit any of Qualcomm's factual characterizations.

11.     Arm objects to the Interrogatory to the extent it seeks "all" or "any" facts, documents, witness identifications, or things as overbroad and unduly burdensome.

3

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

12.    Arm's discovery and investigation in connection with this case is ongoing.  Arm's response to this Interrogatory is based on its knowledge to date following a reasonable investigation.  As a result, Arm's response is provided without waiver of Arm's right to: (a) object to other interrogatories directed to the subject matter of this Interrogatory and response; (b) make additional or supplementary objections to this Interrogatory; or (c) revise, amend, supplement, or clarify the contents of this response.

Subject to and without wavier of these General Objections and the more specific objections set forth below, Arm responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**AMENDED INTERROGATORY NO. 3**:

Describe, in detail, all facts and circumstances, including the status, of any development or plans to develop v10 of the Arm ISA and any licensing thereof. Your response should include (i) an identification of any features included in v10 of the Arm ISA that were not included in v9 of the Arm ISA and a description of the incremental value, if any, of each feature, (ii) the date(s) on which Arm began discussing development of v10 and any projected timelines for its development or release, (iii) the identity of any partners who have requested a license to v10 (iv) the terms and conditions of any license proposal from Arm (v) the date(s) on which Arm entered into negotiations for v10 with these partners (vi) the date(s) on which Arm entered offered any license or entered into any license agreement with these partners (vii) a list of all Persons affiliated with Arm involved in such communications or negotiations, (viii) a list of the Persons affiliated with Arm with the most knowledge of the development or licensing of v10 of the Arm ISA, and (ix) an identification of all documents (by Bates number) that support your response.

## RESPONSE TO AMENDED INTERROGATORY NO. 3:

Arm incorporates its General Objections as if fully asserted herein.  Arm objects to this Interrogatory as it is premature, overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, because it seeks information concerning allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint, and because it seeks information regarding "all facts and circumstances," "any license proposals," "all Persons," without limitation. Arm further objects to this Interrogatory as vague and ambiguous, as

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

the term "the date(s) on which Arm entered offered any license or entered into any license agreement" is unclear. Arm further objects to this Interrogatory as seeking information that is not relevant to either Party's claims or defenses, and not reasonably calculated to lead to the discovery of relevant evidence. Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules. Arm further objects to this Interrogatory as having multiple discrete subparts and therefore multiple interrogatories, and will limit its response to information, if any, regarding "development or plans to develop v10 of the Arm ISA." Arm further objects to this request to the extent it seeks information that Arm is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Subject to and without wavier of its general and specific objections, Arm responds as follows: Arm is willing to meet and confer with Qualcomm as to the relevance and appropriate scope of this Interrogatory, if any.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Dated:  May 12, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Matthew J. McIntee
Meredith Pohl
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
matt.mcintee@kirkland.com
meredith.pohl@kirkland.com

Jay Emerick
Adam Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
adam.janes@kirkland.com

Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


 */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 12, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com


YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

# TAB 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,                    )
   a Delaware corporation; and            )
QUALCOMM TECHNOLOGIES, INC.,              )
   a Delaware corporation,                )
                                    )
            Plaintiffs,                   )
                                      )    C.A. No. 24-490 (MN)
      v.                                  )
                                      )    **CONFIDENTIAL**
ARM HOLDINGS PLC., f/k/a ARM LTD.,        )
   a U.K. corporation,                    )
                                      )
            Defendant.                    )

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–58)**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc.

(collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's

("Defendant") First Set of Requests for Production (Nos. 1–58) ("Requests").

       The following responses are based solely on the information that is presently available and

specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement

with any subsequently-discovered facts.  Plaintiffs reserve the right to supplement the following

responses and to change any and all responses therein as additional facts are ascertained, analyses

are made, and legal research is completed.

       Plaintiffs respond to the Requests on the basis of information available at the time the

responsive information was gathered, within the limits of time, and subject to the objections

described below.  Plaintiffs respond to the Requests as they interpret and understand each Request

set forth herein.  If Defendant subsequently asserts an interpretation of any of the Requests that

differs from Plaintiffs' understanding, Plaintiffs reserve the right to supplement their objections

and/or responses.

CONFIDENTIAL

No incidental or implied admissions are intended by the responses herein. Plaintiffs' willingness to respond to any particular Request does not constitute an admission that Plaintiffs agree with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by Plaintiffs that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Plaintiffs know any such document exists or is in Plaintiffs' possession, custody, or control. The fact that Plaintiffs have provided a response to any particular request should not be taken as an admission that Plaintiffs accept or admit the existence of any fact or interpretation or conclusion of law set forth or assumed by such request or that said response constitutes admissible evidence. The fact that Plaintiffs have provided a response to any request is not intended to be, and shall not be construed as, a waiver by Plaintiffs of any part of any objection to any such request.

Plaintiffs' responses to the Requests contain, provide, or refer to information that is protected under District of Delaware Local Rule 26.2 and the agreed upon provisions of the proposed Protective Order in this matter and should therefore be treated accordingly. Plaintiffs reserve the right to amend or supplement their objections and/responses as appropriate once the Court enters a Protective Order and ESI Order in this matter.

Plaintiffs have not yet completed their discovery relating to this case and their investigation of the facts is ongoing. Plaintiffs anticipate that additional information responsive to the Requests may be obtained as discovery proceeds. Plaintiffs' responses to the Requests are therefore made without prejudice to Plaintiffs' right to amend, correct or supplement their responses to the Requests. Any responses will be supplied by Plaintiffs subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds

CONFIDENTIAL

that would require the exclusion of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each Request to the extent that it seeks to impose greater or different obligations on Plaintiffs than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered into this case, any other applicable Court orders, or agreements reached by the parties.

2.      Plaintiffs object to each Request to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection.  Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to a Request on the basis of an applicable privilege, immunity, or protection.  Any disclosure of any such privileged or protected material in responses to any Request is inadvertent and not intended to waive those privileges and protections.

3.      Plaintiffs object to the Requests to the extent they seek documents and things that Plaintiffs have a legal or contractual obligation not to disclose, or subject to third-party confidentiality obligations.  Plaintiffs will not provide such documents or things without either the consent of the relevant third-party or an order compelling the production thereof, or without providing the relevant third-party an opportunity to object to the production.

CONFIDENTIAL

4.     Plaintiffs object to each Request to the extent that it purports, or may be construed, to call for the production or identification of "any," "all," "each," or "every" document or thing pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome.  As used herein, the term overbroad includes Requests that, so characterized, seek, at least in part, documents or information irrelevant in scope, subject matter, or time period to this lawsuit or to the particular matters at issue in this lawsuit.  For example, the requests for "All Communications" seek administrative or ministerial discussions that have little if any substantive value and do not prove or disprove any claim or defense in the case.  To the extent that a search is required, Plaintiffs will perform a reasonable, targeted search that accounts for the burden and relevance, and is designed to reasonably and proportionately identify requested documents, to the extent any exist.

5.     Plaintiffs object to the Requests to the extent that they call for discovery that is unreasonable or not proportional to the needs of the case, or not relevant to any claim or defense of any party in this action.  Plaintiffs further object to the Requests to the extent they seek to re-litigate issues that were the subject of the jury verdict in *Arm v. Qualcomm*, C.A. No. 22-1146 (D. Del.).

6.     Plaintiffs object to the Requests to the extent that they purport to require Plaintiffs to create, generate, compile, or develop documents not kept, or in a form not kept, in the ordinary course of Plaintiffs' businesses.

7.     Plaintiffs object to the Requests to the extent that they are not reasonably limited in time.  Plaintiffs will agree to produce documents dating from June 1, 2022 forward, unless otherwise specified.  Specific Objections on the grounds that a Request is not reasonably limited in time are provided for emphasis and clarity only, and the absence of a Specific Objection is

CONFIDENTIAL

neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to a Request on this basis.

8.      Plaintiffs object to the Requests and each and every instruction and definition therein to the extent that any Request: (a) seeks the production of documents or disclosure of information not relevant to this litigation, nor proportional to the needs of the case; (b) is overbroad, unduly burdensome, harassing, oppressive, or duplicative; (c) is vague or ambiguous; (d) calls for the disclosure of information not within Plaintiffs' possession, knowledge, custody, care, or control; (e) calls for the disclosure of information already in Defendant's possession, knowledge, custody, care, or control;  (f) calls for the production of documents or disclosure of information readily available to Defendant from public or third-party sources; or (g) calls for the production of information already produced to Defendant in the prior litigation, *Arm v. Qualcomm et al.*, C.A. No. 22-1146 (D. Del).

9.      Plaintiffs' election to respond to a Request, notwithstanding the objectionable nature of the Request, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, or legal conclusions contained in the Requests; (b) a concession or admission that the materials are relevant to this case or would be admissible at trial; (c) a waiver of the General Objections or the objections asserted in response to that specific Request; (d) an admission that any such documents or things exist; (e) an agreement that requests for similar information or documents will be treated in a similar manner; or (f) an acceptance of, or agreement with, any of the definitions in the Requests, to the extent that the definition or meaning of any defined term is at issue in this case.

10.      Plaintiffs' investigation of the facts in this proceeding and review of the relevant documents is ongoing.  Accordingly, the objections and responses herein are based on present knowledge, information, and belief.  Plaintiffs reserve the right to modify, supplement, or amend

CONFIDENTIAL

any response and objection, if necessary or appropriate, in any way and at any time. Plaintiffs further reserve the right to object, at any hearing and any other proceeding in this litigation, to the use or admissibility into evidence of: (a) any documents produced in response to the Requests; (b) any of the information contained in any such document; or (c) any other information provided in response to any Request.

11.    Consistent with paragraph 54 of the agreed upon provisions of the proposed Protective Order, in the event that Plaintiffs produce a document that is privileged, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other document or (b) to communications concerning the subject matter of that or any other document.

12.    Plaintiffs object to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested. Plaintiffs hereby deny any such disputed facts or legal conclusions. Any documents or information produced by Plaintiffs in response to the Requests are without prejudice to this objection.

13.    Plaintiffs' General Objections apply to each and every Request and are incorporated by reference into each of the responses set forth below, which responses are made without waiver of, and subject to, these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiffs object to the "Definitions" to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning.

2.    Plaintiffs object to the definition of "Arm" or "Defendant" as vague and ambiguous to the extent the scope of "related corporate entities and their subsidiaries" is unclear.

3.      Plaintiffs object to the definition of "Qualcomm" of "Plaintiffs" as vague, ambiguous, overbroad, and unduly burdensome to the extent it is defined to include not only Qualcomm Incorporated and Qualcomm Technologies, Inc., but also persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control, such as but not limited to affiliates, consultants, independent contractors, experts, investigators, licensees, licensors, or collaborators.

4.      Plaintiffs object to the definitions of "You," "Your," and "Plaintiffs" as vague, ambiguous, overbroad, and unduly burdensome to the extent they seek information relating to persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control.  In responding to these requests, Plaintiffs interpret the terms "You," "Your," and "Plaintiffs" to refer only to the named parties in this action.  Plaintiffs also object to the definitions of "You," "Your," and "Plaintiffs" to the extent they purport to impose obligations on Plaintiffs beyond what is required by the Rules.  Plaintiffs will interpret the definition of "You," "Your," and "Plaintiffs" to impose no discovery obligation on any person or entity that is not a party to this litigation.

5.      Plaintiffs object to the definition of "ALA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "an Architecture License Agreement with Arm" refers to.  Plaintiffs will interpret "ALA" as synonymous with "Qualcomm ALA" and therefore to mean the Amended and Restated Architecture License Agreement ▮▮ ▮▮▮▮▮▮▮▮▮▮ dated ▮▮▮▮▮ ▮▮, and amendments and annexes thereto.

6.      Plaintiffs object to the definitions of "Document" and its plural to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Plaintiffs further object to the definition of "Document" to the extent that it implies that Plaintiffs must collect or produce, e.g., computer programs, testing data, electronic sound records, and other types of files

CONFIDENTIAL

that are typically not required to be collected or produced, as listed in the Proposed ESI Protocol Schedule A.

7.      Plaintiffs object to the definitions of "Communication" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

8.      Plaintiffs object to the definitions of "Thing" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

9.      Plaintiffs object to the definitions of "Identify," "Identifying," and "Identification" to the extent they purport to impose any obligations beyond what is required by the Federal Rules. Plaintiffs also object to the definitions of "Identify," "Identifying," and "Identification" to the extent they ask Plaintiffs to provide any information unknown to Plaintiffs or not within their possession, custody, or control, or beyond the scope of this litigation, including but not limited to "identifiers known or used by Qualcomm or others." Plaintiffs further object to the extent it seeks information other than the production of documents responsive to Defendant's First Set of Requests for Production. Plaintiffs will not create documents or provide narrative information to identify particular natural persons, entities, things, documents, or conversations. Plaintiffs further object to this definition on the ground that none of the Requests use the words "Identify," "Identifying," or "Identification."

10.     Plaintiffs object to the definition of "Disclose" because that term is not used in Defendant's Requests.

11.     Plaintiffs object to Instruction 2 on the ground that it imposes obligations beyond those provided for by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

12.     Plaintiffs object to Instruction 3 to the extent it states a procedure for the production of documents beyond those required by the Federal Rules of Civil Procedure. Pursuant to Fed. R.

CONFIDENTIAL

Civ. P. 34(b)(2)(E), Plaintiffs will produce documents as they are kept in the usual course of business, as they were ordinarily maintained, or in a reasonably usable format, and in accordance with the agreed upon provisions of Parties' ESI Protocol.

13.     Plaintiffs object to Instruction 5 to the extent that it is overbroad, unduly burdensome, and purports to impose requirements inconsistent with or more burdensome than those imposed by the local rules and applicable law.  Plaintiffs have responded to the below requests and specified the documents that they will produce.  Plaintiffs further object to Instruction 5 as vague and ambiguous to the extent it invokes responses and objections to interrogatories, rather than requests for production.

14.     Plaintiffs object to Instruction 6, to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, and because it is premature and contrary to the agreed upon provisions in the parties' proposed ESI Protocol and Protective Order.

15.     Plaintiffs object to Instruction 7 to the extent it purports to require Plaintiffs to respond to Requests that are not reasonably limited in time, including on subjects other than those for which such discovery is permitted under the Delaware Default Standard for Discovery or as agreed upon in the parties' anticipated agreement(s) regarding electronic discovery.  Plaintiffs will agree to produce documents dating from June 1, 2022, forward, unless otherwise specified.

16.     Plaintiffs object to Instruction 8 on the ground as vague and ambiguous because it refers to interrogatories, rather than requests for production.

17.     Plaintiffs object to the requested production date as unreasonably burdensome. Plaintiffs will produce documents at a reasonable time in a reasonable manner consistent with the Scheduling Order entered in this action.

CONFIDENTIAL

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, Communications, and Things You referenced, relied upon, or otherwise used in drafting Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control that were referenced, relied upon, or otherwise used in drafting the Complaint, to the extent any exist.


**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications, and Things that You contend support your claims or that rebut your claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this request to the extent that it calls for information that is publicly available and information that is in the possession, custody, or control of Defendant. Plaintiffs object to this

CONFIDENTIAL

Request to the extent it is duplicative of other of Defendant's requests, including, for example, Request No. 1.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that support or rebut the claims made in the Complaint.

## REQUEST FOR PRODUCTION NO. 3:

All Documents, Communications, and Things received by You in response to any Third-Party discovery sought by You related to this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.

**Response:** Plaintiffs will produce documents produced by third parties in response to any subpoenas served by Plaintiffs in this matter.

## REQUEST FOR PRODUCTION NO. 4:

All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding this case or the *Arm Ltd v. Qualcomm et al.*, C.A. No. 22-1146 (D. Del.) lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things" and because it requests information that is not relevant to a claim

or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Plaintiffs' communications with third parties that are relevant to the claims made in the Complaint.


**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications, and Things concerning Qualcomm's communications with customers of Arm or Qualcomm, potential customers of Arm or Qualcomm, or other Third Parties, regarding Arm or ███████████, including as alleged in paragraph 114 of Your Complaint that "multiple Qualcomm customers and business partners have contacted the company to express concern about the Breach Letter."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to the Request on the grounds that it is irrelevant because it seeks materials related to communications beyond those that are related to the allegations made in the Complaint.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control, located through a reasonable,

targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Plaintiffs' communications with third parties related to the Breach Letter discussed in paragraph 114 of the Complaint.

## REQUEST FOR PRODUCTION NO. 6:

All Documents, Communications, and Things concerning Qualcomm's attempts, efforts, motivation, and strategy for "Qualcomm to reduce its reliance on Arm," Dkt. 22 at 6.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request on the ground that it is irrelevant as it doesn't relate to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTION NO. 7:

All Documents, Communications, and Things that You expect to use or introduce into evidence at any hearing, trial, submission to the Court, or deposition in this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

CONFIDENTIAL

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request to the extent it seeks documents in advance of the deadlines as set forth in the Scheduling Order. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including Request Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, in accordance with the requirements of District of Delaware Local Rules, Federal Rules of Civil Procedure, and any orders of the Court.

## REQUEST FOR PRODUCTION NO. 8:

All Documents, Communications, and Things supporting or rebutting Your contention that Qualcomm's customer relationships have been harmed by Arm, including:

(1) Your contention in paragraph 25 of Your Complaint regarding Arm's alleged "bad-faith claim that Qualcomm has breached the QC ALA" and the "Breach Letter" referred to in paragraph 19 of Your Complaint,

(2) Your contention in paragraph 97 of Your Complaint that "Arm has also deliberately sought to impair Qualcomm's standing and relationships with current and prospective customers," that Arm "has engaged in a misinformation campaign to mislead Qualcomm's customers into believing that Qualcomm will not be able to deliver licensed Arm-compatible products after 2024, and that Qualcomm customers must obtain their own direct licenses from Arm," and that "Arm continued this misinformation campaign by declaring without basis that Qualcomm has materially breached the QC ALA and leaking the Breach Letter. By doing so, Arm has caused tangible harm to Qualcomm's customer relationships,"

(3) Your contention in paragraph 110 of your Complaint that Arm "intended to embarrass Qualcomm and to interfere with its current and potential customers and business partners, including by creating unwarranted uncertainty about Qualcomm's ability to continue delivering licensed Arm-compatible products," and

(4) Your contention in paragraph 112 of Your Complaint that "Arm leaked the Breach

14

CONFIDENTIAL

Letter to distract from the Snapdragon® Summit and the groundbreaking products released at the Summit, and to ensure that the attention of Qualcomm's customers and business partners focused on the parties' licensing dispute rather than on Qualcomm's products, which pose a threat to Arm's own competitive ambitions."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's contention that its "customer relationships have been harmed by Arm."


## REQUEST FOR PRODUCTION NO. 9:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 156 of Your Complaint that Arm's actions as alleged in the Complaint "harm or threaten to harm competition."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

CONFIDENTIAL

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request to the extent it seeks materials that are duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding how Arm's actions have harmed or threatened to harm competition in the semiconductor industry.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents, Communications, and Things concerning any pricing, price increases, or price decreases for Arm-compatible cores, CPUs, or products containing the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this litigation, including because it is not limited in time nor by any relevant product. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Plaintiffs do not intend to produce documents in response to this request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the request.

## REQUEST FOR PRODUCTION NO. 11:

All Documents, Communications, and Things regarding the performance and competitiveness of Arm-designed cores, CPUs, or products containing the same, including all Documents, Communications, and Things supporting or rebutting:

(1) Your contention in paragraph 41 of Your Complaint that "Arm fails to keep up with the state of the art in CPU design and performance, as it has in recent years," and that "any licensor of Arm's off-the-shelf cores may have difficulty building and marketing SoCs that can compete against those with more advanced custom CPUs,"

(2) Your contention in paragraph 47 of Your Complaint that "In recent years, as Arm's off-the-shelf implementation cores have fallen behind custom cores developed by other Arm ALA licensees, it has become more challenging for Qualcomm to compete by relying on Arm- designed cores. In particular, Arm has been unable to provide an implementation core that is competitive in the compute product segment; thus, the need for developing custom CPUs became more critical,"

(3) Your contention in paragraph 50 of Your Complaint that "Qualcomm's SoCs with custom CPUs compete more effectively against other Arm-compatible products, including those containing off-the-shelf Arm designs, and against rival suppliers of CPUs compatible with other ISAs (notably, Intel's x86)," and

(4) Your contention in paragraph 62 of Your Complaint that "products using Qualcomm custom CPUs can outcompete products using Arm's off-the-shelf designs."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 12:**

All Documents, Communications, and Things concerning any comparisons of any Arm-designed cores, CPUs, or products containing the same to any cores, CPUs, or products containing the same designed by Qualcomm, Nuvia, or any Third Party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this litigation. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents, Communications, and Things concerning Qualcomm's attempts or efforts to reduce the royalties or licensing fees it pays or has paid to any Third Party, and to increase the royalties or licensing fees it receives or has received from any Third Party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to the Request on the ground that it is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to provide documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTION NO. 14:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 25 of Your Complaint that "important Qualcomm customers have delayed entering into new (or renewing existing) contracts with Qualcomm."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 15:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 25 of Your Complaint that "important Qualcomm customers . . . have insisted that Qualcomm provide them with additional commitments regarding its ability to deliver licensed products," and "required Qualcomm executives and employees to spend considerable time

CONFIDENTIAL

responding to and alleviating customer inquiries."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 16:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 25 of Your Complaint that "Arm's campaign has not only deprived Qualcomm of the ability to finalize these business opportunities promptly and without providing additional commitments, but also required Qualcomm executives and employees to spend considerable time responding to and alleviating customer inquiries."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege,

CONFIDENTIAL

the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1, 2, 14, and 15.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 17:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 9 of Your Complaint that "Arm and Son promoted the Arm v. Qualcomm lawsuit to Qualcomm's customers to sow fear, uncertainty, and doubt by suggesting that customers could not rely on Qualcomm as a supplier and could be subject to retaliation by Arm if they did, including by misrepresenting the terms of Qualcomm's licenses with Arm to Qualcomm's customers."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.  Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.  Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

CONFIDENTIAL

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 114 of Your Complaint that "multiple Qualcomm customers and business partners have contacted the company to express concern about the Breach Letter."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 114 of Your Complaint that "several Qualcomm customers have deferred finalizing

pending business agreements pending resolution of the *Arm v. Qualcomm* litigation and until Qualcomm provides them with reassurances that it will be able to provide licensed Arm- compliant products."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 20:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 115 of Your Complaint that "a senior executive of the Smartphone Company informed a senior Qualcomm executive that the customer's legal and intellectual-property teams would need to confer with their counterparts at Qualcomm."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the

CONFIDENTIAL

production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 21:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 115 of Your Complaint that the "Smartphone Company insisted on Qualcomm's providing additional reassurances before it will extend its existing business relationship with Qualcomm."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1, 2, and 20.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable,

CONFIDENTIAL

targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 22:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 116 of Your Complaint that the AI and Ecosystem Company "refused to finalize a term sheet for an agreement under which Qualcomm would design a custom chip" and "has stated to Qualcomm that before it finalizes that termsheet, it must first understand the implications of termination of the QC ALA on Qualcomm's ability to deliver the custom chips in question."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 23:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 116 of Your Complaint that "[a]s a result of the uncertainty stemming from Arm's assertion and leak of the Breach Letter, Qualcomm has been unable to finalize this valuable opportunity."

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1, 2, and 22.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents, Communications, and Things supporting or rebutting Your contention in Paragraph 85 of Your Complaint that Arm's alleged failure to deliver the Out-of-Box (OOB) deliverables "forced Qualcomm to expend extra time and resources to run ACK tests to verify that its products are compliant with the Arm ISA."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

CONFIDENTIAL

Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 25:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 86 of Your Complaint that Arm's alleged failure to deliver patches "forced Qualcomm to use its own engineers to address issues that would have been addressed by Arm's patches."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1, 2, and 24.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 26:**

All Documents, Communications, and Things relating to or comprising Your negotiations concerning any commercial relationships and business opportunities, including Your internal analyses of any such relationships and opportunities, with the "Smartphone Company" in paragraph 115 of Your Complaint and the "AI and Ecosystem Company" in paragraph 116 of Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the

production of documents or the disclosure of information protected by the attorney-client privilege,

the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

Plaintiffs further object to this Request because the phrase "internal analyses of any such

relationships and opportunities" is vague and ambiguous.  Plaintiffs further object to this Request

as irrelevant to the extent it seeks materials concerning negotiations with these companies

unrelated to the Complaint.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce

non-privileged documents in their custody, possession, or control located through a reasonable,

targeted search of agreed-upon custodians designed to reasonably and proportionately identify

responsive documents, to the extent any exist, sufficient to show the impact of Arm's October 2024

letter on Qualcomm's business dealings, including with the Smartphone Company and AI and

Ecosystem Company.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents, Communications, and Things with the Smartphone Company referenced in paragraph 115 of Your Complaint concerning Arm, the Qualcomm ALA, or the "Breach Letter"

CONFIDENTIAL

referred to in paragraph 19 of Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to the request on the ground that the request for "documents" and "things" "with the Smartphone Company" is vague and ambiguous. Plaintiffs further object to the Request on the ground that it is duplicative of other of Defendant's requests, including Requests Nos. 20, 21, and 26.

**Response**: Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 28:**

All executed or proposed agreements, contracts, and term sheets between Qualcomm and the Smartphone Company referenced in paragraph 115 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad, unduly burdensome, and irrelevant, including because it is not limited in scope to the time period or the type of agreement described in the Complaint. Plaintiffs further

CONFIDENTIAL

object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged proposed agreements, contracts, and term sheets in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the impact of Arm's October 2024 letter on Qualcomm's business dealings with the Smartphone Company referred to in paragraph 115 of the Complaint.


## REQUEST FOR PRODUCTION NO. 29:

All Documents, Communications, and Things with the AI and Ecosystem Company referenced in paragraph 116 of Your Complaint concerning Arm, the Qualcomm ALA, or the "Breach Letter" referred to in paragraph 19 of Your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to the request on the ground that the request for "documents" and "things" "with the AI and Ecosystem Company" is vague and ambiguous. Plaintiffs further object to the Request on the ground that it is duplicative of other of Defendant's requests, including Requests Nos. 22 and 26.

30

CONFIDENTIAL

**Response**: Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the allegations in the Complaint.

## REQUEST FOR PRODUCTION NO. 30:

All executed or proposed agreements, contracts, and term sheets between Qualcomm and the AI and Ecosystem Company referenced in paragraph 116 of Your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad, unduly burdensome, and irrelevant, including because it is not limited in scope to the time period or the type of agreement described in the Complaint.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged proposed agreements, contracts, and term sheets in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the impact of Arm's October 2024 letter on Qualcomm's business dealings with the AI and Ecosystem Company referred to in paragraph 116 of the Complaint.

## REQUEST FOR PRODUCTION NO. 31:

All Documents, Communications, and Things supporting or rebutting Your allegation in

CONFIDENTIAL

paragraph 132 of Your Complaint that "Qualcomm has been damaged both (i) by delay that could have been avoided had Arm fulfilled its obligations, (ii) by costs and expenses incurred by Qualcomm expending extra time and resources to run the ACK tests to verify that its products are compliant with the Arm ISA and use its own engineers to address issues that would have been addressed by Arm's patches … ."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1, 2, 23, and 24.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's damage from and costs and expenses incurred by Arm's delay, as set forth in paragraph 132 of the Complaint.

## REQUEST FOR PRODUCTION NO. 32:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 86 of Your Complaint that Qualcomm was damaged by Arm's alleged failure to deliver the ACK patches.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL

Communications, and Things." Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1, 2, 23, 24, and 31.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's damage caused by Arm's failure to deliver the ACK patches as set forth in paragraph 86 of the Complaint.

## REQUEST FOR PRODUCTION NO. 33:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 80 of Your Complaint that the OOB and ACK tests allegedly withheld by Arm are deliverables provided under ███████ of the Qualcomm ALA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2. Plaintiffs object to this request to the extent that it calls for information that is publicly available and information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable,

CONFIDENTIAL

targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.


**REQUEST FOR PRODUCTION NO. 34:**

All Documents, Communications, and Things concerning Your "first susp[icion] that Arm was withholding" █████████ or other alleged deliverables as described in paragraph 67 of Your Complaint, and any subsequent investigation into such alleged withholding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that the phrase "subsequent investigation" is vague and ambiguous, and is otherwise not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist concerning how Plaintiffs learned that Defendant was withholding deliverables.


**REQUEST FOR PRODUCTION NO. 35:**

All Documents, Communications, and Things concerning any requests by You for OOBs, ACK tests, patches, ████, bug fixes, and any other items You allege should have been delivered under ████████ of the Qualcomm ALA.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that it is irrelevant and overbroad because it is not limited to items that were not delivered by Arm. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 78 of Your Complaint that Arm "deliberately with[eld] the OOB and other deliverables to which Qualcomm was entitled."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the

CONFIDENTIAL

production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Arm's deliberate withholding of the OOB and other deliverables.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents, Communications, and Things supporting or rebutting Your contention that Qualcomm is entitled to deliverables under the Qualcomm ALA for its Nuvia-based technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this request on the ground that the phrase "Nuvia-based technology" is vague and ambiguous. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object that the Request is irrelevant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce the verdict form in *Arm Ltd v. Qualcomm et al.*, C.A. No. 22-1146 (D. Del.) and the Qualcomm ALA.

CONFIDENTIAL

## REQUEST FOR PRODUCTION NO. 38:

All Documents, Communications, and Things concerning the negotiation of the Qualcomm ALA, including all amendments and annexes thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 39:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 91 of Your Complaint that Arm has refused to negotiate an extension of the Qualcomm ALA to cover future versions of ███████████, including v10 of the Arm ISA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL

Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents, Communications, and Things concerning any inquiry or request made by Qualcomm to Arm regarding the Arm's development of v10 or other future versions of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable,

CONFIDENTIAL

targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents, Communications, and Things concerning Qualcomm's internal discussions of the v10 or any future version of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Communications, and Things concerning the meaning of ████████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the

CONFIDENTIAL

production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents, Communications, and Things concerning the meaning of ███████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents, Communications, and Things concerning the meaning of ███████ of the Qualcomm ALA.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents, Communications, and Things concerning revenues, royalties, or any other payments Qualcomm received from either "the Smartphone Company" referenced in paragraph 115 of Your Complaint or "the AI and Ecosystem Company" referenced in paragraph 116 of your Complaint, including the profits and profit margin associated with those payments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request on the ground that it is irrelevant because it does not relate to any claim or defense in this litigation, including because it is not limited in scope to the type of engagement described in the Complaint between Qualcomm and these companies.

CONFIDENTIAL

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the revenues, royalties, and other payments (and associated profits and profit margins) Qualcomm received from either company with respect to the agreements that are the subject of paragraphs 115 and 116 of the Complaint.

## REQUEST FOR PRODUCTION NO. 46:

All Documents, Communications, and Things supporting or rebutting Your request for damages and restitution in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 47:**

All Documents, Communications, and Things supporting or rebutting Your request for specific performance and other equitable relief in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.


**REQUEST FOR PRODUCTION NO. 48:**

All Documents, Communications, and Things concerning "competition in the markets for CPUs and SoCs, in California and elsewhere," as alleged in paragraph 156 of Your Complaint, or in any other markets You contend are relevant in Your Response to Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the

CONFIDENTIAL

production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 8.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 8.

## REQUEST FOR PRODUCTION NO. 49:

All Documents, Communications, and Things supporting or rebutting Your allegation that Arm has and "can leverage its monopoly" in the markets for CPUs and SoCs, in California and elsewhere, or in any other markets You contend are relevant in Your Response to Interrogatory No. 8.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 8. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests No. 48. Plaintiffs further object to this Request on the

ground that it seeks information that is not relevant to any claim or defense in this litigation to the extent that it misstates allegations in the complaint.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 8.

### REQUEST FOR PRODUCTION NO. 50:

All Documents, Communications, and Things supporting or rebutting Your allegation that "there are no readily available alternatives for certain applications" as alleged in paragraph 158 of Your Complaint.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable,

targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents, Communications, and Things supporting or rebutting Your allegation that "Qualcomm . . . lost business opportunities that would have been awarded to it absent Arm's conduct," as alleged in paragraph 159 of Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1, 2, 14-23.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents, Communications, and Things concerning competition in the markets for CPUs and SoCs, in California and elsewhere, or in any other markets You contend are relevant in Your Response to Interrogatory No. 8, including the size and geographic boundaries of each market, the companies, products, and services that compete in each market, Arm's market share in each market, the cross-elasticity of demand for the products and services that compete in each market, the cross-elasticity of demand between products and services that compete in each market

and products and services offered in other markets, whether the product and services that compete in each market are reasonably interchangeable with products in other markets, and public or industrial recognition that each market is or is not a separate economic entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this request on the ground that the phrases "markets for CPUs and SoCs," "market share," "cross-elasticity of demand," "reasonably interchangeable," "public or industrial recognition," and "separate economic entity" are vague and ambiguous. Plaintiffs also object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant. Plaintiffs further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 8.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant about the relevance and appropriate scope, if any, of this request.

## REQUEST FOR PRODUCTION NO. 53:

All Documents, Communications, and Things concerning whether the market for CPUs for the compute, mobile, automotive, data center, and server market segments are the same market or different markets, including the size and geographic boundaries of each market, the companies, products, and services that compete in each market, Arm's market share in each market, the cross-elasticity of demand for the products and services that compete in each market, the cross-elasticity of demand between products and services that compete in each market and products and services offered in other markets, whether the product and services that compete in each market are reasonably interchangeable with products in other markets, and public or industrial recognition that each market is or is not a separate economic entity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to the Request on the ground that the phrases "market for CPUs for the computer, mobile, automative, data center, and server market segments," "market share," "cross-elasticity of demand," "reasonably interchangeable," "public or industrial recognition," and "separate economic entity" are vague and ambiguous. Plaintiffs also object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant. Plaintiffs further object to this Request on the ground that it seeks materials that are not relevant to any claim or defense in this litigation. Plaintiffs further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 8.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant about the relevance and appropriate scope, if any, of this request.

## REQUEST FOR PRODUCTION NO. 54:

All Documents, Communications, and Things supporting or rebutting Your alleged "reasonable costs and expenses incurred in obtaining specific performance and other equitable relief of Arm's obligation" alleged in paragraph 90 of Your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including,

CONFIDENTIAL

for example, Requests Nos. 1 and 2. Plaintiffs further object to this Request as premature to the extent that it seeks materials related to attorneys' fees.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 55:

All Documents, Communications, and Things concerning royalties paid to Arm and projected to be paid to Arm through January 2028.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 56:

All Documents, Communications, and Things related to or concerning the projected or forecasted impact to Qualcomm's revenue or profits if the Qualcomm ALA is terminated.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is irrelevant to any claim or defense in this litigation.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant about the relevance and appropriate scope, if any, of this request.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents, Communications, and Things concerning any potential termination of the Qualcomm ALA, including any actions in response thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it seeks materials that are not relevant to any claim or defense in this litigation.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Arm to discuss the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents, Communications, and Things concerning the "Breach Letter" referred to in paragraph 19 of Your Complaint or Arm's January 8, 2025 letter to Qualcomm, including any actions in response thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request that it is duplicative of other of Defendant's Requests, including Nos. 1, 2, 5, 8, 18, 23, 27, and 29.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**CONFIDENTIAL**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

March 10, 2025

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                          *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                                       *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                                         *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                                         *VIA ELECTRONIC MAIL*
Kyle D. Friedland, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                           *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

**CONFIDENTIAL**

Jay Emerick, Esquire                                                    *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*


*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)

TAB 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,  )
  a Delaware corporation; and  )
QUALCOMM TECHNOLOGIES, INC.,  )
  a Delaware corporation,  )
  )
        Plaintiffs,  )
  )
      v.  )  C.A. No. 24-490 (MN)
  )
ARM HOLDINGS PLC., f/k/a ARM LTD.,  )  **CONFIDENTIAL**
  a U.K. corporation,  )
  )
        Defendant.  )

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 59-122)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's ("Defendant") Second Set of Requests for Production (Nos. 59–122) ("Requests").

The following responses are based solely on the information that is presently available and specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement with any subsequently-discovered facts. Plaintiffs reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Plaintiffs respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiffs respond to the Requests as they interpret and understand each Request set forth herein. If Defendant subsequently asserts an interpretation of any of the Requests that

CONFIDENTIAL

differs from Plaintiffs' understanding, Plaintiffs reserve the right to supplement their objections and/or responses.

No incidental or implied admissions are intended by the responses herein. Plaintiffs' willingness to respond to any particular Request does not constitute an admission that Plaintiffs agree with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by Plaintiffs that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Plaintiffs know any such document exists or is in Plaintiffs' possession, custody, or control. The fact that Plaintiffs have provided a response to any particular request should not be taken as an admission that Plaintiffs accept or admit the existence of any fact or interpretation or conclusion of law set forth or assumed by such request or that said response constitutes admissible evidence. The fact that Plaintiffs have provided a response to any request is not intended to be, and shall not be construed as, a waiver by Plaintiffs of any part of any objection to any such request.

Plaintiffs' responses to the Requests contain, provide, or refer to information that is protected under District of Delaware Local Rule 26.2 and provisions of the Protective Order (D.I. 84) in this matter and should therefore be treated accordingly.

Plaintiffs have not yet completed their discovery relating to this case and their investigation of the facts is ongoing. Plaintiffs anticipate that additional information responsive to the Requests may be obtained as discovery proceeds. Plaintiffs' responses to the Requests are therefore made without prejudice to Plaintiffs' right to amend, correct or supplement their responses to the

CONFIDENTIAL

Requests. Any responses will be supplied by Plaintiffs subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds that would require the exclusion of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

## **GENERAL OBJECTIONS**

1.      Plaintiffs object to each Request to the extent that it seeks to impose greater or different obligations on Plaintiffs than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered into this case, any other applicable Court orders, or agreements reached by the parties.

2.      Plaintiffs object to each Request to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to a Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in responses to any Request is inadvertent and not intended to waive those privileges and protections.

3.      Plaintiffs object to the Requests to the extent they seek documents and things that Plaintiffs have a legal or contractual obligation not to disclose, or subject to third-party confidentiality obligations. Plaintiffs will not provide such documents or things without either the

consent of the relevant third-party or an order compelling the production thereof, or without providing the relevant third-party an opportunity to object to the production.

4.     Plaintiffs object to each Request to the extent that it purports, or may be construed, to call for the production or identification of "any," "all," "each," or "every" document or thing pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome.  As used herein, the term overbroad includes Requests that, so characterized, seek, at least in part, documents or information irrelevant in scope, subject matter, or time period to this lawsuit or to the particular matters at issue in this lawsuit.  For example, the requests for "All Communications" seek administrative or ministerial discussions that have little if any substantive value and do not prove or disprove any claim or defense in the case.  To the extent that a search is required, Plaintiffs will perform a reasonable, targeted search that accounts for the burden and relevance, and is designed to reasonably and proportionately identify requested documents, to the extent any exist.

5.     Plaintiffs object to the Requests to the extent that they call for discovery that is unreasonable or not proportional to the needs of the case, or not relevant to any claim or defense of any party in this action.  Plaintiffs further object to the Requests to the extent they seek to relitigate issues that were the subject of the jury verdict in *Arm v. Qualcomm*, C.A. No. 22-1146 (D. Del.).

6.     Plaintiffs object to the Requests to the extent that they purport to require Plaintiffs to create, generate, compile, or develop documents not kept, or in a form not kept, in the ordinary course of Plaintiffs' businesses.

7.     Plaintiffs object to the Requests to the extent that they are not reasonably limited in time.  Plaintiffs will agree to produce documents dating from June 1, 2022 forward, unless

CONFIDENTIAL

otherwise specified.  Specific Objections on the grounds that a Request is not reasonably limited in time are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to a Request on this basis.

8.      Plaintiffs object to the Requests and each and every instruction and definition therein to the extent that any Request: (a) seeks the production of documents or disclosure of information not relevant to this litigation, nor proportional to the needs of the case; (b) is overbroad, unduly burdensome, harassing, oppressive, or duplicative; (c) is vague or ambiguous; (d) calls for the disclosure of information not within Plaintiffs' possession, knowledge, custody, care, or control; (e) calls for the disclosure of information already in Defendant's possession, knowledge, custody, care, or control;  (f) calls for the production of documents or disclosure of information readily available to Defendant from public or third-party sources; or (g) calls for the production of information already produced to Defendant in the prior litigation, *Arm* v. *Qualcomm et al.*, C.A. No. 22-1146 (D. Del).

9.      Plaintiffs' election to respond to a Request, notwithstanding the objectionable nature of the Request, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, or legal conclusions contained in the Requests; (b) a concession or admission that the materials are relevant to this case or would be admissible at trial; (c) a waiver of the General Objections or the objections asserted in response to that specific Request; (d) an admission that any such documents or things exist; (e) an agreement that requests for similar information or documents will be treated in a similar manner; or (f) an acceptance of, or agreement with, any of the definitions in the Requests, to the extent that the definition or meaning of any defined term is at issue in this case.

CONFIDENTIAL

10.     Plaintiffs' investigation of the facts in this proceeding and review of the relevant documents is ongoing.  Accordingly, the objections and responses herein are based on present knowledge, information, and belief.  Plaintiffs reserve the right to modify, supplement, or amend any response and objection, if necessary or appropriate, in any way and at any time.  Plaintiffs further reserve the right to object, at any hearing and any other proceeding in this litigation, to the use or admissibility into evidence of: (a) any documents produced in response to the Requests; (b) any of the information contained in any such document; or (c) any other information provided in response to any Request.

11.     Consistent with paragraph 54 of Protective Order, in the event that Plaintiffs produce a document that is privileged, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other document or (b) to communications concerning the subject matter of that or any other document.

12.     Plaintiffs object to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested.  Plaintiffs hereby deny any such disputed facts or legal conclusions.  Any documents or information produced by Plaintiffs in response to the Requests are without prejudice to this objection.

13.     Plaintiffs' General Objections apply to each and every Request and are incorporated by reference into each of the responses set forth below, which responses are made without waiver of, and subject to, these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to the "Definitions" to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning.

CONFIDENTIAL

2.      Plaintiffs object to the definition of "Arm" or "Defendant" as vague and ambiguous to the extent the scope of "related corporate entities and their subsidiaries" is unclear.

3.      Plaintiffs object to the definition of "Qualcomm" of "Plaintiffs" as vague, ambiguous, overbroad, and unduly burdensome to the extent it is defined to include not only Qualcomm Incorporated and Qualcomm Technologies, Inc., but also persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control, such as but not limited to affiliates, consultants, independent contractors, experts, investigators, licensees, licensors, or collaborators.

4.      Plaintiffs object to the definitions of "You," "Your," and "Plaintiffs" as vague, ambiguous, overbroad, and unduly burdensome to the extent they seek information relating to persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control.  In responding to these requests, Plaintiffs interpret the terms "You," "Your," and "Plaintiffs" to refer only to the named parties in this action.  Plaintiffs also object to the definitions of "You," "Your," and "Plaintiffs" to the extent they purport to impose obligations on Plaintiffs beyond what is required by the Rules.  Plaintiffs will interpret the definition of "You," "Your," and "Plaintiffs" to impose no discovery obligation on any person or entity that is not a party to this litigation.

5.      Plaintiffs object to the definition of "ALA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "an Architecture License Agreement with Arm" refers to.  Plaintiffs will interpret "ALA" as synonymous with "Qualcomm ALA" and therefore to mean the Amended and Restated Architecture License Agreement ███ ███████████ dated ███████ ███, and amendments and annexes thereto.

CONFIDENTIAL

6.      Plaintiffs object to the definitions of "Document" and its plural to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Plaintiffs further object to the definition of "Document" to the extent that it implies that Plaintiffs must collect or produce, e.g., computer programs, testing data, electronic sound records, and other types of files that are typically not required to be collected or produced, as listed in the ESI Protocol Schedule A (D.I. 85).

7.      Plaintiffs object to the definitions of "Communication" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

8.      Plaintiffs object to the definitions of "Thing" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

9.      Plaintiffs object to the definitions of "Identify," "Identifying," and "Identification" to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Plaintiffs also object to the definitions of "Identify," "Identifying," and "Identification" to the extent they ask Plaintiffs to provide any information unknown to Plaintiffs or not within their possession, custody, or control, or beyond the scope of this litigation, including but not limited to "identifiers known or used by Qualcomm or others."  Plaintiffs further object to the extent it seeks information other than the production of documents responsive to Defendant's Second Set of Requests for Production.  Plaintiffs will not create documents or provide narrative information to identify particular natural persons, entities, things, documents, or conversations.

10.     Plaintiffs object to the definition of "Disclose" because that term is not used in Defendant's Requests.

CONFIDENTIAL

11.     Plaintiffs object to Instruction 2 on the ground that it imposes obligations beyond those provided for by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

12.     Plaintiffs object to Instruction 3 to the extent it states a procedure for the production of documents beyond those required by the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), Plaintiffs will produce documents as they are kept in the usual course of business, as they were ordinarily maintained, or in a reasonably usable format, and in accordance with the ESI Protocol (D.I. 85).

13.     Plaintiffs object to Instruction 5 to the extent that it is overbroad, unduly burdensome, and purports to impose requirements inconsistent with or more burdensome than those imposed by the local rules and applicable law.  Plaintiffs have responded to the below requests and specified the documents that they will produce.  Plaintiffs further object to Instruction 5 as vague and ambiguous to the extent it invokes responses and objections to interrogatories, rather than requests for production.

14.     Plaintiffs object to Instruction 6, to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, and because it is premature and contrary to the ESI Protocol and Protective Order.

15.     Plaintiffs object to Instruction 7 to the extent it purports to require Plaintiffs to respond to Requests that are not reasonably limited in time, including on subjects other than those for which such discovery is permitted under the Delaware Default Standard for Discovery or as agreed upon in the parties' ESI protocol.  Plaintiffs will agree to produce documents dating from June 1, 2022, forward, unless otherwise specified.

CONFIDENTIAL

16.    Plaintiffs object to Instruction 8 on the ground as vague and ambiguous because it refers to interrogatories, rather than requests for production.

17.    Plaintiffs object to the requested production date as unreasonably burdensome. Plaintiffs will produce documents at a reasonable time in a reasonable manner consistent with the Scheduling Order entered in this action.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

**REQUEST FOR PRODUCTION NO. 59:**

All Documents, Communications, and Things exchanged with Qualcomm's Board of Directors for the past 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this request on the ground that the word "exchanged" is vague and ambiguous. Plaintiffs also object to this Request on the ground that it is overbroad, unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request on the ground that it is not relevant to any claim or defense in this case, and is not reasonably limited in time.

**Response:**  Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

**REQUEST FOR PRODUCTION NO. 60:**

All minutes or records of Qualcomm's Board of Directors meetings for the past 10 years.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request on the ground that it is overbroad, unduly burdensome, and not relevant to any claim or defense in this case, and not reasonably limited in time.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request

**REQUEST FOR PRODUCTION NO. 61:**

All minutes or records of Qualcomm's Feature Review Board meetings for the past 10 years, including documents sufficient to show the dates of each meeting, the attendees, and the matters discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request on the ground that it is overbroad, unduly burdensome, and irrelevant, including because it is not reasonably limited in time nor by connection to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to show every ALA, TLA, or confidential Arm document made available to Broadcom or its counsel as part of Broadcom's planned acquisition of Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, and seeks irrelevant information. Plaintiffs also object to this Request on the ground that the phrase "confidential Arm document" is vague and ambiguous. Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to show every ALA, TLA, or confidential Arm document made available by Qualcomm to any Third Party or its counsel, including as part of any planned acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, and seeks irrelevant information. Plaintiffs also object to this Request on

CONFIDENTIAL

the ground that the phrase "confidential Arm document" is vague and ambiguous. Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 64:

All Documents, Communications, and Things exchanged between You and RISC-V International or any other provider of the RISC-V ISA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to using a RISC-V compatible processor to remedy Arm's withholding of deliverables.

## REQUEST FOR PRODUCTION NO. 65:

All Documents, Communications, and Things relating to Qualcomm's use of ISAs provided by organizations other than Arm, including x86 and RISC-V, or products built using the same.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to using a RISC-V compatible processor to remedy Arm's withholding of deliverables.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents, Communications, and Things relating to Qualcomm's collaboration with Google on a RISC-V Snapdragon Wear platform, including its ███████ and ███████ modules.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL

Communications, and Things." Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 67:

All Documents, Communications, and Things relating to the RISC-V Software Ecosystem (RISE) Project, including the reasons for Qualcomm's involvement in that project.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to using a RISC-V compatible processor to remedy Arm's withholding of deliverables.

## REQUEST FOR PRODUCTION NO. 68:

All Documents, Communications, and Things comparing Arm's ISA to any non-Arm ISA.

15

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions.  Plaintiffs further object to this Request

to the extent it seeks the production of documents or the disclosure of information protected by the

attorney-client privilege, the work product doctrine, or any other privilege or immunity from

disclosure recognized by law.  Plaintiffs further object to this Request on the ground that it is

overbroad and unduly burdensome, including because it requests "all Documents,

Communications, and Things."  Plaintiffs further object to this Request to the extent it seeks

materials that are not relevant to any claim or defense in this case.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce

non-privileged documents in their possession, custody, or control, located through a reasonable,

targeted search of agreed-upon custodians designed to reasonably and proportionately identify

responsive documents, to the extent any exist, that relate to using a non-Arm ISA to remedy Arm's

withholding of deliverables.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents, Communications, and Things relating to the performance, benefits, or
drawbacks of, or comments, criticisms, or concerns regarding, Arm's ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the

extent it seeks the production of documents or the disclosure of information protected by the

attorney-client privilege, the work product doctrine, or any other privilege or immunity from

disclosure recognized by law.  Plaintiffs further object to this Request on the ground that it is

overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL

Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to using a non-Arm ISA to remedy Arm's withholding of deliverables.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents, Communications, and Things relating to the performance, benefits, or drawbacks of, or comments, criticisms, or concerns regarding, any non-Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to using a non-Arm ISA to remedy Arm's withholding of deliverables.

17

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 71:**

All Documents, Communications, and Things relating to the additional efforts and costs implicated or otherwise likely incurred to use a non-Arm ISA for future products compared to an Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to using a non-Arm ISA to remedy Arm's withholding of deliverables.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents, Communications, and Things relating to Quintauris and Qualcomm's involvement in Quintauris.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the

attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to using Quintauris to remedy Arm's withholding of deliverables.

## REQUEST FOR PRODUCTION NO. 73:

All Documents, Communications, and Things showing all Arm materials Qualcomm downloaded or had access to from Arm, including through Arm's Connect, DropZone, or any online large file or other transfer systems, and all downloads from the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs also object to this Request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

CONFIDENTIAL

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents, Communications, and Things relating to all licenses with Third Parties for any Arm-compatible products or for products containing the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.

**Response:**  Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents, Communications, and Things relating to all royalties paid to or received from Third Parties for any Arm-compatible products or for products containing the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs further object to this Request

CONFIDENTIAL

to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTION NO. 76:

All Documents, Communications, and Things relating to Qualcomm's business strategies, views, impressions, models, or plans relating to past, current, or future versions of the Arm ISA, including Qualcomm's decision to use or not use the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable,

targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents, Communications, and Things relating to Qualcomm's business strategies, views, impressions, models, or plans relating to past, current, or future versions of any non-Arm ISA, including Qualcomm's decision to use or not use the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents, Communications, and Things related to or concerning the projected or forecasted impact to Qualcomm's revenue or profits following expiration of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

CONFIDENTIAL

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.

      **Response:**  Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 79:

      All Documents, Communications, and Things related to Softbank or Masayoshi Son, including any investments by Qualcomm in Softbank or collaboration between Qualcomm and Softbank on mobile or other technologies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

      Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.  Plaintiffs also object to this Request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

      **Response:**  Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 80:

      All Documents, Communications, and Things related to Qualcomm's business strategy related to Intel Foundry Services, including Qualcomm's decision to use or not use the same.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on that ground that it is not relevant to any claim or defense in this case.

**Response:**  Plaintiffs do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents, Communications, and Things related to any attempt by Qualcomm to license its Arm ISA-compatible CPU core designs to Third Parties, including any attempts to license the gate-level netlist or RTL code of those Arm ISA-compatible CPU cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this case.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Plaintiffs do not intend to produce documents in response to this Request.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 82:**

All Documents, Communications, and Things related to any attempt by Qualcomm to create, design, or develop its own ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent that it is seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 83:**

All pleadings, deposition transcripts, trial transcripts, discovery responses, and expert reports (including all exhibits and addenda to same) related to Qualcomm's licensing and sale practices, its alleged anti-competitive conduct, exclusivity arrangements, and/or other royalty-related strategies, and the definition of the relevant market in *In re Qualcomm Inc. Securities Litig.*, No. 3:17-cv-121-JO-MSB (S.D. Cal.), *Federal Trade Commission v. Qualcomm Inc.*, No. 5:17-cv-220-LHK (N.D. Cal.); *Apple Inc. v. Qualcomm Inc.*, No. 3:17-cv-00108-GPC-MDD (S.D. Cal.), and *In re Qualcomm Antitrust Litig.*, No. 17-md-02773-JSC (N.D. Cal.).

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome.  Plaintiffs further object to this Request to on that ground that it is not relevant to any claim or defense in this case.  Plaintiffs also object to this Request on the ground that it is not relevant to any claim or defense in this case.

**Response:**  Plaintiffs do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 84:**

One copy of each customer-facing or user-facing advertisement, promotion, video, marketing material, product description, or other communication mentioning Arm or the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it is not reasonably limited in time.  Plaintiffs object to this Request on the ground that it is not relevant to any claim or defense in this case.  Plaintiffs further object to this Request to the extent it seeks materials that are publicly available or in the possession, custody, or control of Defendant.

**Response:**  Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Arm to discuss the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents, Communications, and Things related to any drafts of ██████████ ██████ of the Qualcomm ALA.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents, Communications, and Things concerning the meaning of ███████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 87:

All Documents, Communications, and Things related to Qualcomm's licensing practices, including any efforts by Qualcomm to terminate, not renew, narrow, or impose restrictions on a previously granted license and any efforts by Qualcomm to cut-off, limit, restrict, interfere with, or deny access to its licensed technology or future versions of its licensed technology by Third Parties.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 88:

All Documents, Communications, and Things related to Qualcomm's efforts to restrict, deny, limit, or otherwise interfere with rival chipmakers or other competitors access to Qualcomm's licensed technology.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

CONFIDENTIAL

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that ground that it is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 89:

Documents sufficient to show the costs, revenues, royalties, expenses, rebates, reimbursements, profits, or profit margins relating to the design, development, manufacture, and sale of each Arm-compatible core, CPU or products containing the same, on a monthly, quarterly, and annual basis, including documents sufficient to show: (a) gross revenues; (b) net revenues; (c) fixed and variable costs of goods sold; (d) fixed and variable costs of manufacturing; (e) sales and distribution costs; (f) marketing, advertising, promotional, and sales expenses; (g) fixed and variable operating expenses; (h) rebates and reimbursements; and (i) license fees and royalties paid and/or received.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome. Plaintiffs further object to this Request to the extent it seeks production of materials that are not relevant to any claim or defense in this litigation. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify

responsive documents, to the extent any exist and have not already been produced, sufficient to show the additional costs relating to the design and development of Arm-compatible products without the benefit of (1) the OOB deliverables, as described in paragraph 85 of the Complaint or (2) Arm patches, as alleged in paragraph 86 of the Complaint.

## REQUEST FOR PRODUCTION NO. 90:

Documents sufficient to show the difference in costs, revenues, royalties, expenses, rebates, reimbursements, profits, or profit margins relating to the design, development, manufacture, and sale of an Arm-designed core, CPU, or products containing the same compared to the design, development, manufacture, and sale of a custom-designed Arm-compatible core, CPU, or products containing the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome.  Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this case.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 91:

Documents sufficient to show the expenses, lost revenues, and lost profits, as well as any offsetting cost savings or other benefits, that Qualcomm attributes to (a) the purported delays that could have been avoided if Arm had not allegedly breached the Qualcomm ALA; (b) Qualcomm's purported extra time and resources expended to run the ACK tests to verify that its products are compliant with the Arm ISA; and (c) Qualcomm's use of its own engineers to address issues that allegedly would have been addressed by Arm's patches.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request on the ground that the phrase "offsetting cost savings" is vague and ambiguous. Plaintiffs also object to this Request to the extent it calls for information that is in the possession, custody, or control of Defendant. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 92:**

Documents sufficient to show the expenses, lost revenues, and lost profits, as well as any offsetting cost savings or other benefits, that Qualcomm attributes to (a) the purported delays that could have been avoided if Arm had not allegedly breached the Qualcomm ALA; (b) Qualcomm's purported extra time and resources expended to run the ACK tests to verify that its products are compliant with the Arm ISA; and (c) Qualcomm's use of its own engineers to address issues that allegedly would have been addressed by Arm's patches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further incorporate by reference, as though fully set forth herein, their objections to RFP 91. Plaintiffs further object to this Request on the ground that it is duplicative of RFP 91. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the

CONFIDENTIAL

attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 93:

All Documents, Communications, and Things related to Communications to and from Qualcomm sales, marketing, or market intelligence personnel referring to Arm; Arm-designed cores and CPUs containing the same; or the Arm ISA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTION NO. 94:

All Documents, Communications, and Things related to the past, present, or future size or scope of, or competition in, any market for (a) instruction set architectures, (b) core or CPU designs, regardless of the ISA, (c) physical cores or CPUs, regardless of the ISA, (d) Arm-

32

CONFIDENTIAL

compatible core or CPU designs, and (e) Arm-compatible cores, CPUs, and products containing the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, sufficient to show how Arm's conduct harms competition.

## REQUEST FOR PRODUCTION NO. 95:

All Documents, Communications, and Things, including market analyst reports or market intelligence related to the past, present, or future competition between ISAs in the (a) mobile, (b) compute, (c) data center, (d) Internet of Things, (e) mobile, and (f) automotive markets.

CONFIDENTIAL

## RESPONSE TO REQUEST FOR PRODUCTION NO. 95:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that the phrases "market analysist reports" and "market intelligence" are vague and ambiguous. Plaintiffs further object to this Request to the extent it calls for production of materials that are publicly available or in the possession, custody, or control of Defendant. Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist and have not already been produced, sufficient to show how Arm's conduct harms competition.

## REQUEST FOR PRODUCTION NO. 96:

All Documents, Communications, and Things, including market analyst reports or market intelligence related to the past, present, or future competition between cores and CPUs in the (a) mobile, (b) compute, (c) data center, (d) Internet of Things, (e) mobile, and (f) automotive segments.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 96:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

CONFIDENTIAL

ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that the phrases "market analysist reports" and "market intelligence" are vague and ambiguous. Plaintiffs further object to this Request to the extent it calls for production of materials that are publicly available or in the possession, custody, or control of Defendant. Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show how Arm's conduct harms competition.

## REQUEST FOR PRODUCTION NO. 97:

All Documents, Communications, and Things related to industry or market research reports mentioning any of the Arm-designed cores.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 97:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all documents, communications, and things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs also object to this Request to the extent that it seeks materials that are publicly available or in the possession, custody,

CONFIDENTIAL

or control of Defendant. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show how Arm's conduct harms competition.

## REQUEST FOR PRODUCTION NO. 98:

All Documents, Communications, and Things related to the actual, estimated, and/or projected market share for the Arm ISA or any actual or potential competitor on a monthly, quarterly, or other period basis, including any market in the United States and worldwide.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request to the extent that it seeks materials that are publicly available or in the possession, custody, or control of Defendant. Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify

CONFIDENTIAL

responsive documents, to the extent any exist, sufficient to show how Arm's conduct harms competition.

## REQUEST FOR PRODUCTION NO. 99:

All Documents, Communications, and Things related to the actual, estimated, and/or projected market share for any Arm-designed core or CPU, or any actual or potential competitor, on a monthly, quarterly, or other period basis, including any market in the United States and worldwide.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 99:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all documents, communications, and things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks materials that are in the possession, custody, or control of Defendant. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show how Arm's conduct harms competition.

## REQUEST FOR PRODUCTION NO. 100:

All Documents, Communications, and Things sufficient to show Qualcomm's market share, market power, influence, or market position with respect to CPU cores and CPUs in the (a) mobile, (b) compute, (c) data center, (d) Internet of Things, (e) mobile, and (f) automotive segments.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show how Arm's conduct harms competition.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents, Communications, and Things comparing or contrasting, in any way, an Arm-designed core to any other core, whether or not such other core is based on the Arm architecture or some other architecture.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all documents, communications, and things."  Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information

CONFIDENTIAL

protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

## REQUEST FOR PRODUCTION NO. 102:

All Documents, Communications, and Things concerning any advantages or improvements of an Arm-designed core as compared to any other core, whether or not such other core is based on the Arm architecture or some other architecture.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks production of materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 103:**

All Documents, Communications, and Things concerning why customers or users choose one physical core or CPU over another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks production of materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent that it seeks production of materials that are publicly available or in the possession, custody, or control of Defendant, or third parties. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents, Communications, and Things concerning why customers or users choose one core or CPU design over another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL

Communications, and Things." Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent that it seeks production of materials that are publicly available or in the possession, custody, or control of Defendant, or third parties. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents, Communications, and Things concerning why customers, software developers, or users choose one ISA over another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent that it seeks production of materials that are publicly available or in the possession, custody, or control of Defendant, or third parties. Plaintiffs also object to this Request on the ground that it is not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client

CONFIDENTIAL

privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 106:

All Documents, Communications, and Things concerning any praise, criticism, complaint, or skepticism by a Third Party related to an Arm-designed core or CPU.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent that it seeks production of materials that are publicly available or in the possession, custody, or control of Defendant, or third parties. Plaintiffs also object to this Request to the extent it seeks production of materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

## REQUEST FOR PRODUCTION NO. 107:

All Documents, Communications, and Things concerning any reason, decision, or motivation for including or not including an Arm-designed core in any Qualcomm product.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request to the extent that it seeks production of materials that are publicly available or in the possession, custody, or control of Defendant.  Plaintiffs also object to this Request to the extent that it seeks production of materials that are not relevant to any claim or defense in this case.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 108:**

All Communications with Qualcomm's investors concerning Arm, Arm-designed cores, the Arm ISA, the Breach Letter, or this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome.  Plaintiffs further object to this Request to the extent that it seeks materials that are not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

**REQUEST FOR PRODUCTION NO. 109:**

All SEC filings and transcripts of any investor or earnings conferences mentioning Arm, Arm-designed cores, the Arm ISA, the Breach Letter, or this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome. Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this case. Plaintiffs also object to this request to the extent it seeks production of materials that are publicly available or in the possession, custody, or control of Defendant or a third party.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

**REQUEST FOR PRODUCTION NO. 110:**

Documents sufficient to show the steps Qualcomm takes to manufacture a custom-designed Arm-compatible core, starting from finalizing the gate-level netlist or RTL code through manufacture of the physical CPU containing one or more cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this request to the extent that it is overbroad, unduly burdensome, and irrelevant, including because it seeks production of materials that do not relate to any claim or defense in this case.

CONFIDENTIAL

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show the steps Qualcomm takes to (1) verify that its products are compliant with the Arm ISA in the absence of the OOB deliverables, as described in paragraph 85 of the Complaint; and (2) to address issues that would have been addressed by Arm's patches, had they been delivered, as alleged in paragraph 86 of the Complaint.

## REQUEST FOR PRODUCTION NO. 111:

Documents sufficient to show the steps Qualcomm takes to manufacture an Arm-designed core or CPU, starting from finalizing the gate-level netlist or RTL code through manufacture of the physical CPU containing one or more cores.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this request on the ground that it is overbroad, unduly burdensome, and irrelevant, including because it does not relate to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 112:

Documents sufficient to show the percentage of Qualcomm's revenues and profits attributable to licensing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 112:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that the phrase "attributable to licensing" is vague and ambiguous. Plaintiffs further object to this Request on the ground that is not relevant to any claim or defense in this case. Plaintiffs

CONFIDENTIAL

further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 113:

Documents sufficient to show the flow of revenue, expenses, and profits from the sale of Qualcomm products containing Arm-compliant cores to Qualcomm Inc. and to Qualcomm Technologies, Inc.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 113:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this request on the ground that the phrase "flow of revenue, expenses, and profits" is vague and ambiguous. Plaintiffs also object to this Request as overbroad and unduly burdensome. Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this litigation. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 114:

All Documents, Communications, and Things shown, given, or discussed with or concerning any person Qualcomm expects to call as an expert witness at trial.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL

Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request to the extent it seeks production of materials in advance of the deadlines set forth in the scheduling order.

**Response:** In light of Arm's refusal to produce comparable information, Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant.

## REQUEST FOR PRODUCTION NO. 115:

All Documents, Communications, and Things reviewed or relied upon by Qualcomm's witnesses in connection with their depositions, including Rule 30(b)(1) and 30(b)(6) depositions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 115:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request on the ground that it is premature.

**Response:** In light of Arm's refusal to produce comparable information, Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 116:**

All sworn testimony, statements, declarations, or affidavits previously provided by any person identified in Qualcomm's initial disclosures under Rule 26(a)(1) and supplemental disclosures under Rule 26(e) of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it is not limited in time or by subject matter. Plaintiffs also object to this Request to the extent it calls for information that is not within Plaintiffs' possession, custody, or control, or is otherwise publicly available.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 117:**

All Communications between Qualcomm and Arm relating to ████████████ ████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Communications." Plaintiffs also object to this Request on the ground that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 118:**

All Documents and Communications related to or concerning any analysis or evaluation by Qualcomm at the time of negotiations and execution of the Qualcomm ALA regarding the impact, cost, damage, or harm to Qualcomm from a breach of the delivery provisions of ███ ██ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents and Communications."  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 119:**

All Documents and Communications related to or concerning any analysis or evaluation by Qualcomm at the time of negotiations and execution of the Qualcomm ALA regarding the impact, cost, damage, or harm to Qualcomm from a breach of the delivery provisions of ███ ██ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents and Communications."  Plaintiffs further object to this Request on the ground that it

49

CONFIDENTIAL

is duplicative of other of Defendant's requests, including, for example RFP 118. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 120:

All Documents and Communications related to or concerning any communications between Qualcomm and the press or media relating to or involving Arm or this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 120:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents and Communications." Plaintiffs further object to this Request on the ground that it is not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Plaintiffs do not intend to produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 121:

All Documents and Communications related to or concerning communications between Qualcomm and its customers, potential customers, or any Third Parties before October 22, 2024 about the possibility that Arm could terminate the Qualcomm ALA, including any communications

CONFIDENTIAL

about the material breach allegations in Arm's November 15, 2022 answer to Qualcomm's counterclaims.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 121:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents and Communications." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 122:

All Documents and Communications related to or concerning any communications with customers, potential customers, or any Third Parties regarding the Breach Letter.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 122:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents and Communications." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 5, 8, 18, and 58.

CONFIDENTIAL

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

April 14, 2025

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2025, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                      *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                                  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                                    *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                                    *VIA ELECTRONIC MAIL*
Kyle D. Friedland, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

Erik J. Olson, Esquire                                       *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Defendant*

CONFIDENTIAL

Gregg F. LoCascio, P.C.                                    *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                       *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*


                                        */s/ Jennifer Ying*
                                        _____
                                        Jennifer Ying (#5550)

# TAB 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>                 Plaintiffs,<br><br>        v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>                 Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br><br>**CONFIDENTIAL** |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 123-173)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's ("Defendant") Third Set of Requests for Production (Nos. 123-173) ("Requests").

The following responses are based solely on the information that is presently available and specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement with any subsequently-discovered facts. Plaintiffs reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Plaintiffs respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiffs respond to the Requests as they interpret and understand each Request set forth herein. If Defendant subsequently asserts an interpretation of any of the Requests that

CONFIDENTIAL

differs from Plaintiffs' understanding, Plaintiffs reserve the right to supplement their objections and/or responses.

No incidental or implied admissions are intended by the responses herein. Plaintiffs' willingness to respond to any particular Request does not constitute an admission that Plaintiffs agree with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by Plaintiffs that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Plaintiffs know any such documents exist or are in Plaintiffs' possession, custody, or control. The fact that Plaintiffs have provided a response to any particular request should not be taken as an admission that Plaintiffs accept or admit the existence of any fact or interpretation or conclusion of law set forth or assumed by such request or that said response constitutes admissible evidence. The fact that Plaintiffs have provided a response to any request is not intended to be, and shall not be construed as, a waiver by Plaintiffs of any part of any objection to any such request.

Plaintiffs' responses to the Requests contain, provide, or refer to information that is protected under District of Delaware Local Rule 26.2 and provisions of the Protective Order (D.I. 84) in this matter and should therefore be treated accordingly.

Plaintiffs have not yet completed their discovery relating to this case and their investigation of the facts is ongoing. Plaintiffs anticipate that additional information responsive to the Requests may be obtained as discovery proceeds. Plaintiffs' responses to the Requests are therefore made without prejudice to Plaintiffs' right to amend, correct or supplement their responses to the

CONFIDENTIAL

Requests.  Any responses will be supplied by Plaintiffs subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds that would require the exclusion of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each Request to the extent that it seeks to impose greater or different obligations on Plaintiffs than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered into this case, any other applicable Court orders, or agreements reached by the parties.

2.      Plaintiffs object to each Request to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection.  Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to a Request on the basis of an applicable privilege, immunity, or protection.  Any disclosure of any such privileged or protected material in responses to any Request is inadvertent and not intended to waive those privileges and protections.

3.      Plaintiffs object to the Requests to the extent they seek documents and things that Plaintiffs have a legal or contractual obligation not to disclose, or subject to third-party confidentiality obligations.  Plaintiffs will not provide such documents or things without either the

3

CONFIDENTIAL

consent of the relevant third-party or an order compelling the production thereof, or without providing the relevant third-party an opportunity to object to the production.

4.      Plaintiffs object to each Request to the extent that it purports, or may be construed, to call for the production or identification of "any," "all," "each," or "every" document or thing pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome.  As used herein, the term overbroad includes Requests that, so characterized, seek, at least in part, documents or information irrelevant in scope, subject matter, or time period to this lawsuit or to the particular matters at issue in this lawsuit.  For example, the requests for "All Communications" seek administrative or ministerial discussions that have little if any substantive value and do not prove or disprove any claim or defense in the case.  To the extent that a search is required, Plaintiffs will perform a reasonable, targeted search that accounts for the burden and relevance, and is designed to reasonably and proportionately identify requested documents, to the extent any exist.

5.      Plaintiffs object to the Requests to the extent that they call for discovery that is unreasonable or not proportional to the needs of the case, or not relevant to any claim or defense of any party in this action.  Plaintiffs further object to the Requests to the extent they seek to relitigate issues that were the subject of the jury verdict in *Arm v. Qualcomm*, C.A. No. 22-1146 (D. Del.).

6.      Plaintiffs object to the Requests to the extent that they purport to require Plaintiffs to create, generate, compile, or develop documents not kept, or in a form not kept, in the ordinary course of Plaintiffs' businesses.

7.      Plaintiffs object to the Requests to the extent that they are not reasonably limited in time.  Plaintiffs will produce documents dating from June 1, 2022 forward, unless otherwise

CONFIDENTIAL

specified.  Specific Objections on the grounds that a Request is not reasonably limited in time are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to a Request on this basis.

8.    Plaintiffs object to the Requests and each and every instruction and definition therein to the extent that any Request: (a) seeks the production of documents or disclosure of information not relevant to this litigation, nor proportional to the needs of the case; (b) is overbroad, unduly burdensome, harassing, oppressive, or duplicative; (c) is vague or ambiguous; (d) calls for the disclosure of information not within Plaintiffs' possession, knowledge, custody, care, or control; (e) calls for the disclosure of information already in Defendant's possession, knowledge, custody, care, or control;  (f) calls for the production of documents or disclosure of information readily available to Defendant from public or third-party sources; or (g) calls for the production of information already produced to Defendant in the prior litigation, *Arm* v. *Qualcomm et al.*, C.A. No. 22-1146 (D. Del).

9.    Plaintiffs' election to respond to a Request, notwithstanding the objectionable nature of the Request, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, or legal conclusions contained in the Requests; (b) a concession or admission that the materials are relevant to this case or would be admissible at trial; (c) a waiver of the General Objections or the objections asserted in response to that specific Request; (d) an admission that any such documents or things exist; (e) an agreement that requests for similar information or documents will be treated in a similar manner; or (f) an acceptance of, or agreement with, any of the definitions in the Requests, to the extent that the definition or meaning of any defined term is at issue in this case.

CONFIDENTIAL

10.     Plaintiffs' investigation of the facts in this proceeding and review of the relevant documents is ongoing.  Accordingly, the objections and responses herein are based on present knowledge, information, and belief.  Plaintiffs reserve the right to modify, supplement, or amend any response and objection, if necessary or appropriate, in any way and at any time.  Plaintiffs further reserve the right to object, at any hearing and any other proceeding in this litigation, to the use or admissibility into evidence of: (a) any documents produced in response to the Requests; (b) any of the information contained in any such document; or (c) any other information provided in response to any Request.

11.     Consistent with paragraph 54 of Protective Order, in the event that Plaintiffs produce a document that is privileged, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other document or (b) to communications concerning the subject matter of that or any other document.

12.     Plaintiffs object to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested.  Plaintiffs hereby deny any such disputed facts or legal conclusions.  Any documents or information produced by Plaintiffs in response to the Requests are without prejudice to this objection.

13.     Plaintiffs' General Objections apply to each and every Request and are incorporated by reference into each of the responses set forth below, which responses are made without waiver of, and subject to, these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to the "Definitions" to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning.

CONFIDENTIAL

2.      Plaintiffs object to the definition of "Arm" or "Defendant" as vague and ambiguous to the extent the scope of "related corporate entities and their subsidiaries" is unclear.

3.      Plaintiffs object to the definition of "Qualcomm" of "Plaintiffs" as vague, ambiguous, overbroad, and unduly burdensome to the extent it is defined to include not only Qualcomm Incorporated and Qualcomm Technologies, Inc., but also persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control, such as but not limited to affiliates, consultants, independent contractors, experts, investigators, licensees, licensors, or collaborators.

4.      Plaintiffs object to the definitions of "You," "Your," and "Plaintiffs" as vague, ambiguous, overbroad, and unduly burdensome to the extent they seek information relating to persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control.  In responding to these requests, Plaintiffs interpret the terms "You," "Your," and "Plaintiffs" to refer only to the named parties in this action.  Plaintiffs also object to the definitions of "You," "Your," and "Plaintiffs" to the extent they purport to impose obligations on Plaintiffs beyond what is required by the Rules.  Plaintiffs will interpret the definition of "You," "Your," and "Plaintiffs" to impose no discovery obligation on any person or entity that is not a party to this litigation.

5.      Plaintiffs object to the definition of "ALA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "an Architecture License Agreement with Arm" refers to.  Plaintiffs will interpret "ALA" as synonymous with "Qualcomm ALA" and therefore to mean the Amended and Restated Architecture License Agreement ███ ███████████ dated ████████, and amendments and annexes thereto.

CONFIDENTIAL

6.      Plaintiffs object to the definitions of "Document" and its plural to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Plaintiffs further object to the definition of "Document" to the extent that it implies that Plaintiffs must collect or produce, e.g., computer programs, testing data, electronic sound records, and other types of files that are typically not required to be collected or produced, as listed in the ESI Protocol Schedule A (D.I. 85).

7.      Plaintiffs object to the definitions of "Communication" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

8.      Plaintiffs object to the definitions of "Thing" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

9.      Plaintiffs object to the definitions of "Identify," "Identifying," and "Identification" to the extent they purport to impose any obligations beyond what is required by the Federal Rules. Plaintiffs also object to the definitions of "Identify," "Identifying," and "Identification" to the extent they ask Plaintiffs to provide any information unknown to Plaintiffs or not within their possession, custody, or control, or beyond the scope of this litigation, including but not limited to "identifiers known or used by Qualcomm or others."  Plaintiffs further object to the extent the Requests seek information other than the production of documents responsive to Defendant's Third Set of Requests for Production.  Plaintiffs will not create documents or provide narrative information to identify particular natural persons, entities, things, documents, or conversations.

10.      Plaintiffs object to the definitions of "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN.

CONFIDENTIAL

11.     Plaintiffs object to Instruction 2 on the ground that it imposes obligations beyond those provided for by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

12.     Plaintiffs object to Instruction 3 to the extent it states a procedure for the production of documents beyond those required by the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), Plaintiffs will produce documents as they are kept in the usual course of business, as they were ordinarily maintained, or in a reasonably usable format, and in accordance with the ESI Protocol (D.I. 85).

13.     Plaintiffs object to Instruction 5 to the extent that it is overbroad, unduly burdensome, and purports to impose requirements inconsistent with or more burdensome than those imposed by the local rules and applicable law.  Plaintiffs have responded to the below requests and specified the documents that they will produce.

14.     Plaintiffs object to Instruction 6, to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, the ESI Protocol, or the Protective Order.

15.     Plaintiffs object to Instruction 7 to the extent it purports to require Plaintiffs to respond to Requests that are not reasonably limited in time, including on subjects other than those for which such discovery is permitted under the District of Delaware Default Standard for Discovery or as agreed upon in the parties' ESI protocol.  Plaintiffs will produce documents dating from June 1, 2022, forward, unless otherwise specified.

16.     Plaintiffs object to the requested production date as unreasonably burdensome. Plaintiffs will produce documents at a reasonable time in a reasonable manner consistent with the Scheduling Order entered in this action.

CONFIDENTIAL

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTIONS NO. 123:

All Documents, Communications, and Things You referenced, relied upon, used in drafting, Identified, Described, or referred to in Your responses to Arm's interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 123:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, that are responsive to this Request, to the extent any exist.

### REQUEST FOR PRODUCTIONS NO. 124:

All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm*

CONFIDENTIAL

*Inc.*, No. 22-1146-MN.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 125:

All Documents, Communications, and Things concerning Qualcomm's communications with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

11

CONFIDENTIAL

## REQUEST FOR PRODUCTIONS NO. 126:

All Documents, Communications, and Things concerning Qualcomm's communications with Qualcomm customers, potential customers, or licensees regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 126:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the

extent it seeks the production of documents or the disclosure of information protected by the

attorney-client privilege, the work product doctrine, or any other privilege or immunity from

disclosure recognized by law.  Plaintiffs object to the phrases "Nuvia Designs" and "Nuvia-based

Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues

related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No.

22-1146-MN.  Plaintiffs also object to this Request on the ground that it seeks information that is

not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 127:

All Documents, Communications, and Things concerning Qualcomm's communications with Arm customers or Arm licensees regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 127:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the

extent it seeks the production of documents or the disclosure of information protected by the

attorney-client privilege, the work product doctrine, or any other privilege or immunity from

disclosure recognized by law.  Plaintiffs object to the phrases "Nuvia Designs" and "Nuvia-based

CONFIDENTIAL

Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 128:

All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in Arm Ltd. v. Qualcomm Inc., No. 22-1146 (MN) (D. Del.), including (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 128:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs also object to this Request to the extent it calls for the production of materials that are in the possession, custody, or control of Defendant. Plaintiffs further object to this Request on

CONFIDENTIAL

the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents regarding communications with third parties concerning the subject matter of the claims at issue in this litigation, including (1) statements by Arm that it is entitled to terminate the QC ALA; (2) Qualcomm's notice to Arm of Arm's breach of the QC TLA, and (3) Arm's anticompetitive or unfair behavior.

## REQUEST FOR PRODUCTIONS NO. 129:

All Documents, Communications, and Things concerning Qualcomm's communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 129:

Plaintiffs object to this Request as duplicative of RFP No. 128 and hereby incorporate their objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 130:

All Documents, Communications, and Things concerning Qualcomm's communications with Qualcomm customers, potential customers, or licensees regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-

CONFIDENTIAL

1146 (MN) (D. Del.), including (1) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (2) Qualcomm's notice of breach of the Qualcomm TLA, or (3) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiffs object to this Request as duplicative of RFP No. 128 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 131:**

All Documents, Communications, and Things concerning Qualcomm's communications with Arm customers or Arm licensees regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (2) Qualcomm's notice of breach of the Qualcomm TLA, or (3) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Plaintiffs object to this Request as duplicative of RFP No. 128 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 132:**

All Documents, Communications, and Things concerning any of Your agreements with or payments to Third Parties, including consultants, press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers, for services performed regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request on the ground that the phrase "services performed regarding licensing or competition" is vague and ambiguous. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTIONS NO. 133:**

All Documents, Communications, and Things concerning any of Your agreements with or payments to Third Parties, including financial analysts, stock analysts, market analysts, or equity research analysts, for services performed regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Plaintiffs object to this Request as duplicative of RFP No. 132 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 134:**

All Documents, Communications, and Things concerning Qualcomm's decision to disclose or to not disclose, to communicate or not to communicate to Third Parties, including Your customers, potential customers, licensees, or the U.S. Securities & Exchange Commission, or publicly, any statement, assertion, or allegation by Arm that Qualcomm breached the Qualcomm

CONFIDENTIAL

ALA or that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 134:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 135:

All Documents, Communications, and Things concerning Qualcomm's decision to disclose or to not disclose in Qualcomm's filings with the U.S. Securities & Exchange Commission any statement, assertion, or allegation by Arm that Qualcomm breached the Qualcomm ALA or that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 135:

Plaintiffs object to this Request as duplicative of RFP No. 134 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce documents in response to this Request.

CONFIDENTIAL

**REQUEST FOR PRODUCTIONS NO. 136:**

All Documents, Communications, and Things concerning Qualcomm's assertion in its January 22, 2025 letter to Arm that Qualcomm is "required by law" to disclose any statement, assertion, or allegation by Arm relating to Qualcomm's breach of the Qualcomm ALA or that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, including in SEC filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request on the ground that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 137:**

All Documents, Communications, and Things concerning Arm's communications or dealings with ███████ (the "Smartphone Company" referenced in paragraph 115 of Your Complaint) or ███ (the "AI and Ecosystem Company" referenced in paragraph 116 of Your Complaint).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad, unduly burdensome, and irrelevant, including because it requests "all Documents, Communications, and Things" and because it is not limited in scope to the time period or the type

CONFIDENTIAL

of dealings described in the Complaint.  Plaintiffs further object to this Request on the ground that it is duplicative of other of Defendant's requests, including, for example, RFPs 20, 21, 22, 23, 26, 27, 28, 29, 30, 45.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the communications and dealings with ████████████████ described in the Complaint.

## REQUEST FOR PRODUCTIONS NO. 138:

All Documents, Communications, and Things concerning any executed or proposed agreements, contracts, or term sheets between Qualcomm and ████ .

## RESPONSE TO REQUEST FOR PRODUCTION NO. 138:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs object to this Request on the ground that it is overbroad, unduly burdensome, and irrelevant, including because it requests "all Documents, Communications, and Things" and because it is not limited in scope to the time period or the type of dealings described in the Complaint.  Plaintiffs further object to this Request on the ground that it is duplicative of other of Defendant's requests, including, for example, RFP 30.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged proposed agreements, contracts, and term sheets in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to

**CONFIDENTIAL**

reasonably and proportionately identify responsive documents, to the extent any exist, regarding the dealings with ▮▮ referenced in the Complaint.

**REQUEST FOR PRODUCTIONS NO. 139:**

All Documents, Communications, and Things concerning any executed or proposed agreements, contracts, or term sheets between Qualcomm and ▮▮▮.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad, unduly burdensome, and irrelevant, including because it requests "all Documents, Communications, and Things" and because it is not limited in scope to the time period or the type of dealings described in the Complaint. Plaintiffs further object to this Request on the ground that it is duplicative of other of Defendant's requests, including, for example, RFP 28.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged proposed agreements, contracts, and term sheets in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the dealings with ▮▮▮ referenced in the Complaint.

**REQUEST FOR PRODUCTIONS NO. 140:**

All Documents, Communications, and Things concerning any business or potential business between Arm and ▮▮.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case. Plaintiffs further object to this Request on the ground that it seeks production of materials that are in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding allegations in the Complaint.

**REQUEST FOR PRODUCTIONS NO. 141:**

All Documents, Communications, and Things concerning any submissions, Communications, or meetings with ███████████████████████████████████████████████████████████████████████████████, including all Documents shown to, disclosed to, or exchanged with any regulatory body in connection with such a request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

CONFIDENTIAL

Plaintiffs also object to this Request to the extent that it seeks production of confidential information related to governmental proceedings. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 142:

All Documents, Communications, and Things concerning any submissions, Communications, or meetings with ██████████████████████████████ regarding Arm, licensing or competition between Arm and Qualcomm, or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including: (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 142:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request to the extent that it seeks production of confidential information related

22

to governmental proceedings.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 143:

All Documents, Communications, and Things concerning Qualcomm's submissions to the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Qualcomm's acquisition of Nuvia.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 143:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request to the extent that it seeks production of confidential information related to governmental proceedings.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 144:

All Documents, Communications, and Things concerning any statements or requests for information by the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Qualcomm's acquisition of Nuvia.

CONFIDENTIAL

## RESPONSE TO REQUEST FOR PRODUCTION NO. 144:

Plaintiffs object to this Request as duplicative of RFP No. 143 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 145:

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers relating to or concerning the subject matter of the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies," regardless of whether those Communications occurred before or after publication of the article.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 145:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 146:

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers soliciting, suggesting, or requesting that those Persons publish an article or otherwise create content relating to or concerning the subject matter in the Bloomberg News article on March

CONFIDENTIAL

25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies," regardless of whether those Communications occurred before or after publication of the article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Plaintiffs object to this Request as duplicative of RFP No. 145 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 147:**

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers concerning (a)



**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 148:**

All Communications by You to Arm requesting OOBs, ACK tests, patches, ████, bug fixes, and any other items for each new version of (i) Your designs or products that incorporate,

are based on, embody, contain, or relate to Nuvia Designs or Nuvia-based Products, including ████████████████████████████████████████, and (ii) any subsequent designs or products developed by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this request on the ground that it seeks production of materials that are in the possession, custody, or control of Defendant.  Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN.  Plaintiffs further object to this Request on the ground that it is duplicative of other of Defendant's requests, including, for example, RFP 35.

**Response:**  Subject to and without waiver of these objections, Plaintiffs will produce documents in accordance with their response to RFP 35.

## REQUEST FOR PRODUCTIONS NO. 149:

All Documents, Communications, and Things related to or concerning Your efforts to verify compliance with the Arm ARM or Arm ISA for each of (i) Your designs or products that incorporate, are based on, embody, contain, or relate to Nuvia Designs or Nuvia-based Products, including ███████████████████████████████, and (ii) any subsequent designs or products developed by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 149:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and

CONFIDENTIAL

Things." Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs further object to this request on the ground that it seeks production of materials that are in the possession, custody, or control of Defendant. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTIONS NO. 150:

All Documents, Communications, and Things sufficient to show whether You were successful in verifying compliance with the Arm ARM or Arm ISA for each of (i) Your designs or products that incorporate, are based on, embody, contain, or relate to Nuvia Designs or Nuvia-based Products, including ███████████████████████████ and (ii) any subsequent designs or products developed by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 150:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs also object to this request on the ground that it seeks production of materials that

CONFIDENTIAL

are in the possession, custody, or control of Defendant.  Plaintiffs further object to this Request on

the ground that it is duplicative of other of Defendant's requests, including, for example, RFPs 24,

31, and 149.

**Response:**  Plaintiffs are willing to meet and confer with Defendant regarding the

relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTIONS NO. 151:

All Documents, Communications, and Things, including confidential filings, submitted by You or Third Parties to the Federal Trade Commission relating to any investigations into Qualcomm's licensing or business activities, including but not limited to the Federal Trade Commission investigation and subsequent action in *Federal Trade Commission* v. *Qualcomm Inc.*, No. 5:17-cv-220-LHK (N.D. Cal.).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 151:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

Communications, and Things."  Plaintiffs also object to this Request to the extent that it seeks

production of confidential information related to governmental proceedings.  Plaintiffs further

object to this Request on the ground that it seeks information that is not relevant to any claim or

defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 152:

All Documents, Communications, and Things, including confidential filings, submitted by You or Third Parties to any federal or global antitrust authority, including but not limited to the Federal Trade Commission, European Commission, and Korea Fair Trade Commission, relating to any investigations into Qualcomm's licensing or business activities.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs also object to this Request to the extent that it seeks production of confidential information related to governmental proceedings.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 153:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with the Federal Trade Commission investigation and subsequent action in *Federal Trade Commission* v. *Qualcomm Inc.*, No. 5:17-cv-220-LHK (N.D. Cal.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome.  Plaintiffs also object to this Request to the extent that it seeks production of confidential information related to governmental proceedings. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case..  Plaintiffs also object to this Request to the extent it seeks production of materials that are publicly available.

**Response:**  Plaintiffs will not  produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 154:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with *Apple Inc.* v. *Qualcomm Inc.*, No. 3:17-cv-00108-GPC-MDD (S.D. Cal.).

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case. Plaintiffs also object to this Request to the extent it seeks production of materials that are publicly available.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 155:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with *In re Qualcomm Inc. Securities Litig.*, No. 3:17-cv-121-JO-MSB (S.D. Cal.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case. Plaintiffs also object to this Request to the extent it seeks production of materials that are publicly available.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 156:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with *In re Qualcomm Antitrust Litig.*, No. 17-md-02773-JSC (N.D. Cal.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

CONFIDENTIAL

grounds that it is overbroad and unduly burdensome. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case. Plaintiffs also object to this Request to the extent it seeks production of materials that are publicly available.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 157:

All Documents, Communications, and Things related to or concerning any of Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 157:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 158:

Documents, Communications, and Things sufficient to identify all persons involved in Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including Qualcomm-affiliated persons and Third Parties.

CONFIDENTIAL

## RESPONSE TO REQUEST FOR PRODUCTION NO. 158:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 159:

Documents, Communications, and Things sufficient to show the monetary amount You have spent on Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including any invoices, agreements, or other documents specifying the amounts You have paid to Third Parties for services performed related to publicizing such stories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 159:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 160:

All Documents, Communications, and Things relating to the validation of any ███████ ███████████, ██████████████, and all implementations thereof for which You did not receive any OOB from Arm, including Documents showing the amount of time and resources that You devoted to such validation processes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 160:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the

CONFIDENTIAL

extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that it is duplicative of other of Defendant's requests, including, for example, RFP No. 24.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce documents in accordance with their responses to RFP No. 24.

## REQUEST FOR PRODUCTIONS NO. 161:

All Documents, Communications, and Things relating to the validation of any ██████ ██████████, ████████████, and all implementations thereof for which You did receive at least one OOB from Arm, including Documents showing the amount of time and resources that You devoted to such validation processes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 161:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."

**Response:** Plaintiffs are willing to meet and confer with Defendant regarding the appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTIONS NO. 162:

All Documents, Communications, and Things analyzing, reviewing, or comparing the amount of time and resources that You devoted to the validation of any ████████████

███, ████████████████, and all implementations thereof for which You did not receive an OOB from Arm on the one hand and any ████████████████, ████████████████, and all implementations thereof for which You did receive at least one OOB from Arm on the other hand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 162:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this request on the ground that it is duplicative of other of Arm's requests, including RFPs 24, 89, 110.

**Response:** Subject to and without waiver of these objections, Plaintiffs will produce documents in accordance with their responses to RFPs 24, 89, and 110.

## REQUEST FOR PRODUCTIONS NO. 163:

All Documents, Communications, and Things relating to the validation of any ████████████ ████████, ████████████████, and all implementations thereof for which You did not receive any ACK patches from Arm, including Documents showing the amount of time and resources that You devoted to such validation processes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 163:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and

CONFIDENTIAL

Things." Plaintiffs further object to this Request on the ground that it is duplicative of other of

Defendant's requests, including, for example, RFP 32.

**Response:** Subject to and without waiver of these objections, Plaintiffs will produce

documents in accordance with their response to RFP No. 32.

## REQUEST FOR PRODUCTIONS NO. 164:

All Documents, Communications, and Things relating to the validation of any ████████ ███████████, ██████████████████, and all implementations thereof for which You did receive at least one ACK patch from Arm, including Documents showing the amount of time and resources that You devoted to such validation processes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 164:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the

extent it seeks the production of documents or the disclosure of information protected by the

attorney-client privilege, the work product doctrine, or any other privilege or immunity from

disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad

and unduly burdensome, including because it requests "all Documents, Communications, and

Things." Plaintiffs further object to this Request on the ground that it seeks information that is not

relevant to any claim or defense of any party in this case.. Plaintiffs further object to this Request

on the ground that it is duplicative of other of Defendant's requests, including, for example, RFP

32.

**Response:** Subject to and without waiver of these objections, Plaintiffs will produce

documents in accordance with their response to RFP 32.

## REQUEST FOR PRODUCTIONS NO. 165:

All Documents, Communications, and Things analyzing, reviewing, or comparing the amount of time and resources that You devoted to the validation of any ████████████████ ████, ██████████████████, and all implementations thereof for which You did not receive an ACK patch from Arm on the one hand and any ██████████████████, ██████████████

**CONFIDENTIAL**

███████, and all implementations thereof for which You did receive at least one ACK patch from Arm on the other hand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 165:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to this Request on the ground that it is duplicative of other of Defendant's requests, including No. 25. Plaintiffs further object to this Request to the extent that it seeks information that are not relevant to any claim or defense of any party in this case.

**Response:** Subject to and without waiver of any of these objections, Plaintiffs will produce documents in accordance with their response to RFP 25.

## REQUEST FOR PRODUCTIONS NO. 166:

All Documents, Communications, and Things relating to the architecture validation processes for each version of any implementation or design intended to comply with Arm's v9 architecture, including ███████ and ███████.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 166:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and

CONFIDENTIAL

Things." Plaintiffs further object to this Request to the extent it calls for production of materials in the possession, custody, or control, of Defendant. Plaintiffs further object to this Request to the extent that it seeks information that is not relevant to any claim or defense in this case. Plaintiffs also object to this Request on the ground that it is duplicative of other of Defendant's requests, including RFPs 160, 161, 163, and 164.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce documents in accordance with their responses to RFPs 160, 161, 163, and 164.

## REQUEST FOR PRODUCTIONS NO. 167:

Documents sufficient to show each instance in which You requested an OOB from Arm, from June 1, 2022 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 167:

Plaintiffs object to this Request as duplicative of RFP No. 35 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response**: Plaintiffs will not produce additional documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 168:

Documents sufficient to show each instance in which You requested, but did not receive, an OOB from Arm, from May 31, 2013 to June 1, 2022.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 168:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant. Plaintiffs also object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

CONFIDENTIAL

**Response:** Plaintiffs are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTIONS NO. 169:

All Documents, Communications, and Things relating to any OOB or OOB-equivalent that You developed, as opposed to OOBs that Arm developed and provided to You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 169:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show Plaintiffs' efforts to verify that their products are compliant with the Arm ISA in the absence of the OOB deliverables.

## REQUEST FOR PRODUCTIONS NO. 170:

Documents sufficient to show each instance in which You requested an ACK patch from Arm, from June 1, 2022 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 170:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

CONFIDENTIAL

Plaintiffs also object to this Request on the ground that it is duplicative of other of Defendant's RFPs, including, for example, RFP 35.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

## REQUEST FOR PRODUCTIONS NO. 171:

Documents sufficient to show each instance in which You requested, but did not receive, an ACK patch from Arm, from May 31, 2013 to June 1, 2022.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 171:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome. Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant. Plaintiffs also object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.

## REQUEST FOR PRODUCTIONS NO. 172:

All Documents, Communications, and Things relating to any ACK patch or ACK patch-equivalent that You developed, as opposed to ACK patches that Arm developed and provided to You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 172:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the

CONFIDENTIAL

extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show Plaintiffs' efforts to verify that their products are compliant with the Arm ISA in the absence of the ACK patches from Arm.

## REQUEST FOR PRODUCTIONS NO. 173:

All Documents, Communications, and Things relating to any downloads, releases, notes, publications, materials, support, or the like, including patches and partner-specific test compilations, that have been provided, offered, and/or made available to Qualcomm in connection with or relating to architecture compliance verification or validation processes concerning designs or products that are designed or intended to comply with any non-Arm architecture, including RISC-V, x86, and/or MIPS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 173:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request on the ground that "downloads, releases, notes, publications, materials, support, or the like, including patches and partner-specific test

40

CONFIDENTIAL

compilations," is vague and ambiguous.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:                           _____

Karen L. Dunn                          Jack B. Blumenfeld (#1014)
William A. Isaacson                     Jennifer Ying (#5550)
Melissa F. Zappala                      Travis Murray (#6882)
Ruby J. Garrett                        1201 North Market Street
PAUL, WEISS, RIFKIND, WHARTON           P.O. Box 1347
    & GARRISON LLP                      Wilmington, DE  19899
2001 K Street, NW                       (302) 658-9200
Washington, DC  20006-1047              jblumenfeld@morrisnichols.com
(202) 223-7300                          jying@morrisnichols.com
                                        tmurray@morrisnichols.com
Catherine Nyarady
Erin J. Morgan                          *Attorneys for Plaintiffs*
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

May 1, 2025

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

Anne Shea Gaza, Esquire                    *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                  *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                  *VIA ELECTRONIC MAIL*
Kyle D. Friedland, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

Erik J. Olson, Esquire                     *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Defendant*

CONFIDENTIAL

Gregg F. LoCascio, P.C.                          *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                             *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*


                                    */s/ Jennifer Ying*
                                    _____
                                    Jennifer Ying (#5550)

TAB 10

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-490-MN |
| v. | ) ) ) | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO D. DEL. LR 26.2** |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1–9)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively "Qualcomm" or "Plaintiffs") by and through their attorneys, hereby respond and object to defendant Arm Holdings PLC's ("Defendant" or "Arm") Interrogatories to Plaintiffs dated February 7, 2025, as follows:

**GENERAL OBJECTIONS**

1.      Plaintiffs object to each Interrogatory to the extent that it seeks to impose greater or different obligations on Plaintiffs than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered into this case, any other applicable Court orders, or agreements reached by the parties.

2.      Plaintiffs object to each Interrogatory to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Nothing contained in these Responses and Objections is

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to an Interrogatory on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in responses to any Interrogatory is inadvertent and not intended to waive those privileges and protections.

3.      Plaintiffs object to each Interrogatory to the extent that it purports, or may be construed, to call for the identification of "any," "all," "each," or "every" document or thing pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome. As used herein, the term overbroad includes Interrogatories that, so characterized, seek, at least in part, documents or information irrelevant in scope, subject matter or time period to this lawsuit or to the particular matters at issue in this lawsuit.

4.      Plaintiffs object to the Interrogatories to the extent that they call for discovery that is unreasonable or not proportional under the circumstances. Plaintiffs further object to the Interrogatories to the extent they seek to re-litigate issues that were the subject of the jury verdict in *Arm* v. *Qualcomm*, C.A. No. 22-1146 (D. Del.).

5.      Plaintiffs object to the Interrogatories to the extent that they are not reasonably limited in time. Plaintiffs will agree to respond from June 1, 2022 forward, unless specified.

6.      Plaintiffs object to the Interrogatories and each and every instruction and definition therein to the extent that any Interrogatory: (a) seeks the disclosure of information not relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence; (b) is overly broad, unduly burdensome, harassing, oppressive, or duplicative; (c) is vague or ambiguous; (d) calls for the disclosure of information not within Plaintiffs' possession, knowledge, custody,

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

care, or control; (e) calls for the disclosure of information already in Defendant's possession, knowledge, custody, care, or control; or (f) calls for the disclosure of information readily available to Defendant from public or third-party sources.

7.     Plaintiffs' election to respond to an Interrogatory, notwithstanding the objectionable nature of the Interrogatory, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, or legal conclusions contained in the Interrogatories; (b) a concession or admission that the materials are relevant to this case or would be admissible at trial; (c) a waiver of the General Objections or the objections asserted in response to that specific Interrogatory; (d) an admission that any documents or things exist on the topic; (e) an agreement that requests for similar information or documents will be treated in a similar manner; or (f) an acceptance of, or agreement with, any of the definitions in the Interrogatories, to the extent that the definition or meaning of any defined term is at issue in this case.

8.     Plaintiffs' responses to the Interrogatories contain, provide, or refer to information that is protected under Delaware Local Rule 26.2 and the agreed upon provisions of the proposed Protective Order in this matter and should therefore be treated accordingly.  Plaintiffs reserve the right to amend or supplement their objections and/responses as appropriate once the Court enters a Protective Order and ESI Order in this matter.

9.     Plaintiffs' investigation of the facts in this proceeding and review of the relevant documents is ongoing.  Accordingly, the objections and responses herein are based on present knowledge, information, and belief.  Plaintiffs reserve the right to modify, supplement, or amend any response and objection, if necessary or appropriate, in any way and at any time.  Plaintiffs further reserve the right to object, at any hearing and any other proceeding in this litigation, to the

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

use or admissibility into evidence of: (a) any documents produced in response to the interrogatories; (b) any of the information contained in any such document; or (c) any other information provided in response to any interrogatory.

10.    In the event that Plaintiffs produce a document that is privileged, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other document or (b) to communications concerning the subject matter of that or any other document.

11.    Plaintiffs object to the Interrogatories to the extent that they assume disputed facts or legal conclusions.  Plaintiffs hereby deny any such disputed facts or legal conclusions.  Any documents or information produced by Plaintiffs in response to the Interrogatories are without prejudice to this objection.

12.    Plaintiffs' General Objections apply to each and every Interrogatory and are incorporated by reference into each of the responses set forth below, which responses are made without waiver of, and subject to, these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiffs object to the "Definitions" to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning.[1]

2.    Plaintiffs object to the definition of "Arm" or "Defendant" as vague and ambiguous to the extent the scope of "related corporate entities" is unclear.

---

[1]    To the extent not defined here, the definitions used by Plaintiffs in the responses below are consistent with the definitions contained in Plaintiffs' operative complaint.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

3.      Plaintiffs object to the definition of "Qualcomm" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is defined to include not only Qualcomm Incorporated and Qualcomm Technologies, Inc., but also persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control, such as but not limited to affiliates, consultants, independent contractors, experts, investigators, licensees, licensors, or collaborators.

4.      Plaintiffs object to the definitions of "You," "Your," and "Plaintiffs" as vague, ambiguous, overly broad, and unduly burdensome to the extent they seek information relating to persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc. and over whom Plaintiffs exercise no control.   In responding to these Interrogatories, Plaintiffs interpret the terms "You," "Your," and "Plaintiffs" to refer only to the named parties in this action.   Plaintiffs also object to the definitions of "You," "Your," and "Plaintiffs" to the extent they purport to impose obligations on Plaintiffs beyond what is required by the Rules.   Plaintiffs will interpret the definition of "You," "Your," and "Plaintiffs" to impose no discovery obligation on any person or entity that is not a party to this litigation.

5.      Plaintiffs object to the definition of "ALA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "an Architecture License Agreement with Arm" refers to.   Plaintiffs will interpret "ALA" as synonymous with "Qualcomm ALA" and therefore to mean the Amended and Restated Architecture License Agreement ███ ████████████ dated ████████ ████, and amendments and annexes thereto.

6.      Plaintiffs object to the definitions of "Document" and its plural to the extent they purport to impose any obligations beyond what is required by the Federal Rules.   Plaintiffs further object to the definition of "Document" to the extent that it implies that Plaintiffs must collect or

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

produce, e.g., computer programs, testing data, electronic sound records, and other types of files that are typically not required to be collected or produced, as listed in the agreed upon proposed ESI Protocol Schedule A.  Plaintiffs further object to the definition of "Document" because that term is not used in Defendant's Interrogatories.

7.      Plaintiffs object to the definitions of "Communication" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

8.      Plaintiffs object to the definitions of "Thing" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Plaintiffs further object to the definition of "Thing" because that term is not used in Defendant's Interrogatories.

9.      Plaintiffs object to the definitions of "Identify," Identifying, or "Identification" to the extent they purport to impose any obligations beyond what is required by the Federal Rules. Plaintiffs also object to the definitions of "Identify," Identifying, or "Identification" to the extent they ask Plaintiffs to provide any information unknown to Plaintiffs or not within their possession, custody, or control, or beyond the scope of this litigation.

10.     Plaintiffs object to Instruction No. 2 on the ground that it imposes obligations beyond those provided for by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

11.     Plaintiffs object to Instruction No. 4 as overbroad, unduly burdensome, and on the ground that it purports to impose requirements inconsistent with or more burdensome than those imposed by the Federal Rules, local rules, and applicable law.

12.     Plaintiffs object to Instruction 5, to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, and because it is premature and contrary to the agreed upon provisions in the proposed ESI Protocol or Protective Order.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

13.     Plaintiffs object to Instruction No. 6 as overbroad, unduly burdensome, and on the ground that it purports to impose requirements inconsistent with or more burdensome than those imposed by the Federal Rules, local rules, and applicable law.

14.     Plaintiffs object to Instruction No. 7 to the extent it purports to require Plaintiffs to respond to Interrogatories that are not reasonably limited in time, including on subjects other than those for which such discovery is permitted under the Delaware Default Standard for Discovery or as agreed upon in the parties' anticipated agreement regarding electronic discovery.  Plaintiffs will agree to respond from June 1, 2022 forward, unless otherwise specified.

Subject to and without limiting the foregoing, Plaintiffs specifically object and respond as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Describe with specificity the complete legal and factual basis for Your contention that Arm's conduct as alleged in the Complaint has harmed Qualcomm, including an identification of each specific alleged harm to Qualcomm and the complete legal and factual basis for each alleged harm, including the specific Qualcomm personnel, work, and expenditures necessary or appropriate to address or respond to each specific alleged harm.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to Interrogatory No. 1 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed.  As a result of the Interrogatory's prematurity, Plaintiffs are not yet aware of the full scope of deliverables Arm improperly withheld or the full scope of customers or prospective customers Arm interfered with.  Plaintiffs further object to the Interrogatory as

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

improperly compound.  Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it seeks "the complete legal and factual basis for each alleged harm" incurred by Qualcomm.  Plaintiffs further object to the terms "necessary," "appropriate," "address," and "respond" as vague and ambiguous.  Plaintiffs further object to the Interrogatory to the extent that Arm is seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to paragraphs 85-86 and 113-116 of the First Amended Complaint (D.I. 36) and incorporate them by reference as if fully set forth herein.  Due to Arm's failure to deliver the OOB and patches to the ACK, Plaintiffs were forced to (1) expend extra time and resources, including Qualcomm engineers, to run ACK tests to verify compliance with the Arm ISA, and (2) use their own engineers to address issues that would have been addressed by Arm's patches.  In addition, because Arm is the sole supplier of the ACK and its OOB and patches, Arm's breach of Qualcomm's negotiated-for supply assurances left Qualcomm without any ability to obtain the full ACK and therefore at a competitive disadvantage as compared to other Arm-based CPU designers, including Arm itself.

Further, Arm's leak of its October 22, 2024 breach letter impaired Plaintiffs' relationships with current and prospective customers and interfered with Plaintiffs' future business opportunities.  For example, ███████████████ insisted on additional reassurances before it would extend its existing business relationship with Plaintiffs.  Likewise, ███████████ ███ refused to finalize a term sheet for an agreement under which Plaintiffs would design a custom

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

chip until it could first understand the implications of termination of the Qualcomm ALA on Plaintiffs' ability to deliver the custom chips in question.

Pursuant to Rule 33(d), Plaintiffs will produce documents from which additional information responsive to this Interrogatory may be ascertained.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

## INTERROGATORY NO. 2:

Describe with specificity the complete legal and factual basis for Your contention that Arm failed to meet any of its obligations under the Qualcomm ALA, including (1) the complete legal and factual basis for Your identification of each alleged delivery obligation, (2) the complete legal and factual basis for Your contention regarding which Section of the Qualcomm ALA such alleged delivery obligations are allegedly required under, (3) the complete legal and factual basis for Your contention that You are entitled to delivery obligations, including verification and support rights, for Nuvia-based technology, including but not limited to OOB and ACK tests, and (4) all interactions, communications, or correspondence between Qualcomm and Arm regarding the relevant obligations.

## RESPONSE TO INTERROGATORY NO. 2:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 2 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed. Plaintiffs further object to the Interrogatory as improperly compound. Plaintiffs further object to the Interrogatory on the ground that the term "Nuvia-based technology" is vague and ambiguous. Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the disclosure of information that was articulated in the First Amended Complaint and in Qualcomm's November 3, 2022 and December 5, 2022 letters, is readily within the possession of Defendant, or that is more easily available to it. Plaintiffs further

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

object to the Interrogatory to the extent it calls for a legal conclusion.  Plaintiffs further object to the Interrogatory to the extent that that the information sought is subject to the attorney-client privilege, the attorney work-product, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to paragraphs 11-18 and 63-90 of the First Amended Complaint (D.I. 36) and incorporate them by reference as if fully set forth herein, and to the November 3, 2022 and December 5, 2022 letters referred to in paragraphs 70, 71, and 89 of the First Amended Complaint for Plaintiffs' position.



Plaintiffs state that ▬▬▬▬ of the Qualcomm ALA governs Arm's delivery of ▬▬▬ ▬▬▬▬▬ ▬▬ ▬▬▬ thereto. ▬▬▬▬▬ requires Arm to "▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬" listed in Annex 1 "▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬"  And ▬▬▬▬▬▬ ▬▬ ▬▬▬ require Arm to deliver "▬▬▬" to Qualcomm either ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" ▬▬▬▬▬ ▬▬ ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬."

The ACK is listed as ▬▬▬▬▬▬ to be delivered by Arm to Qualcomm in ▬▬▬▬▬▬ of the ▬▬▬ annex to the Qualcomm ALA (referred to as the ▬▬▬▬▬ ▬▬▬▬▬▬▬) and in ▬▬▬▬▬▬▬▬▬▬ of the ▬▬▬ annex.  Arm breached the Qualcomm ALA when it failed to deliver (1) patches to the ACK and (2) the OOB used to configure the ACK, thereby failing to deliver the ACK and ▬▬▬▬ ▬▬▬.

By letters dated November 3, 2022, and December 5, 2022, Plaintiffs notified Arm that it was in breach of ▬▬▬▬▬ of the Qualcomm ALA due to its failure to deliver the ACK and ▬▬▬▬▬, including because Arm failed to deliver patches to the ACK and the OOB.  In its December

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

6, 2022 response letter, Arm did not dispute that it failed to deliver patches to the ACK or the OOB, and instead contended that Qualcomm had neither "███████████████████████████████

███████████████████████████████████" nor "███████████████" because Qualcomm's

custom CPUs purportedly used "███████████████████████████████████████████

███████████████████████████████." However, Arm had already confirmed its

obligations with respect to Qualcomm custom CPUs when, on April 12, 2022, it issued Qualcomm

a compliance waiver for the ████████████CPU and expressly noted that the waiver was issued

under the Qualcomm ALA. Further, Arm's position was expressly rejected when, on December

20, 2024, the jury in *Arm Ltd.* v. *Qualcomm Inc.* found that Qualcomm CPUs that include designs

acquired in the Nuvia acquisition are licensed under the Qualcomm ALA. C.A. No. 22-1146, D.I.

572 at 1.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their

response.

**INTERROGATORY NO. 3:**

Describe with specificity the complete legal and factual basis for Your contention that any of Arm's actions have impaired, interfered, or harmed any of Qualcomm's relationships with its existing or prospective customers, including the complete legal and factual basis for Your contention that the "release of the Breach Letter has caused Qualcomm harm, by impairing its relationships with current and prospective customers and interfering with its future business opportunities" as set forth in paragraphs 114, 115, and 116 of Your Complaint, including the identities of all such customers and prospective customers and a detailed description of each specific current, prospective, or future business opportunities You allegedly lost.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate their General Objections and Objections to Definitions and

Instructions. Plaintiffs object to Interrogatory No. 3 as premature at this stage of the litigation,

given that (i) it involves an opinion or contention that relates to fact or the application of law to

fact, and (ii) discovery, including, without limitation, document production and depositions, has

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

not been completed.  As a result of the Interrogatory's prematurity, Plaintiffs are not yet aware of the full scope of customers or prospective customers Arm interfered with.  Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the disclosure of information that was articulated in the First Amended Complaint, is readily within the possession of Defendant, or that is more easily available to it, or that is in the possession of a third party.  Plaintiffs further object to the Interrogatory to the extent that Arm is seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to the Qualcomm ALA and to paragraphs 114-117 of the First Amended Complaint (D.I. 36), and incorporate them by reference as if fully set forth herein, for Plaintiffs' position.

Plaintiffs further identify ████████████████ as the Smartphone Company referenced in paragraphs 115 and 117 of the First Amended Complaint, and ████████████ as the AI and Ecosystem Company referenced in paragraphs 116 and 117 of the First Amended Complaint.  Following Arm's leak of its October 22, 2024 breach letter, ████████████ ██ insisted on additional reassurances before it would extend its existing business relationship with Plaintiffs, and ████████████ refused to finalize a term sheet for an agreement under which Plaintiffs would design a custom chip until it could first understand the implications of termination of the Qualcomm ALA on Plaintiffs' ability to deliver the custom chips in question.

Pursuant to Rule 33(d), Plaintiffs will produce documents from which additional information responsive to this Interrogatory may be ascertained.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

## INTERROGATORY NO. 4:

Describe with specificity the complete legal and factual basis for Your contention that Arm had knowledge of any of Your existing or prospective business relationships, including with the customers identified in paragraphs 114, 115, and 116 of Your Complaint, including when and how Arm first became aware of such relationships.

## RESPONSE TO INTERROGATORY NO. 4:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to Interrogatory No. 4 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed.  Plaintiffs further object to the Interrogatory to the extent that it seeks information that is not relevant to any of the claims or defenses in this case.  "When the defendant performs the act that causes the interference, the defendant need not know exactly who is a party to the contract, so long as he knows he is interfering with a contractual relationship."  *Altera Corp.* v. *Clear Logic, Inc.*, 424 F.3d 1079, 1092 (9th Cir. 2005) (citing *Ramona Manor Convalescent Hosp.* v. *Care Enters.*, 225 Cal. Rptr. 120, 126 (Ct. App. 1986))); *see Monex Deposit Co.* v. *Gilliam*, 680 F. Supp. 2d 1148, 1163 (C.D. Cal. 2010) (defendant's knowledge that plaintiff "had economic relationships with its customers, even if [it] did not have specific knowledge" of a particular relationship, is sufficient).  Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it (i) seeks information regarding "any" of Plaintiffs' "existing or prospective business relationships," regardless of the nature and extent of their involvement and without limitation, and (ii) calls for the disclosure of information that was articulated in the First Amended Complaint, is readily within the possession of Defendant, or that is more easily available to it.  Plaintiffs further object to the Interrogatory to the extent that Arm is

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: it is well known in the mobile industry that Qualcomm has had a longstanding chip supply relationship with ████. Arm discussed Qualcomm's relationship with ████, including in an October 2022 meeting between Masayoshi Son (Chairman of Arm), Rene Haas (CEO of Arm) and, among others, █████████████████ and █████████████, and had multiple contacts with ████ throughout the course of litigation in *Arm Ltd. v. Qualcomm Inc.*, including regarding the Qualcomm ALA.

Plaintiffs further contend that discovery will show Arm had knowledge of Plaintiffs' existing and prospective business relationships.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

**INTERROGATORY NO. 5:**

Describe with specificity the complete legal and factual basis for Your contention that any of Arm's actions as alleged in the Complaint "harm or threaten to harm competition," as set forth in paragraph 156 of Your Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 5 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed. Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the disclosure of information that was articulated in the

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

First Amended Complaint, is readily within the possession of Defendant, or that is more easily available to it.  Plaintiffs further object to the Interrogatory to the extent that Arm is seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to the Qualcomm ALA and to paragraphs 2, 4-5, 32-41, 57-62, 96-97, 109-118, 141-159 of the First Amended Complaint (D.I. 36), and incorporate them by reference as if fully set forth herein, for Plaintiffs' position.

Arm develops both an instruction set architecture ("ISA"), which allows for software compatibility across products compatible with the ISA, and its own off-the-shelf CPU designs compliant with that ISA.  Arm licenses its ISA through an Architecture License Agreement ("ALA") to permit a limited set of licensees to develop custom Arm-compatible CPUs.  But the Arm ISA does not tell a designer how to design or build a CPU, nor any of the internal design features that deliver superior performance and make a CPU competitive; a CPU designer developing a custom CPU designs how the core is built, how it performs, and how it executes the CPU's instructions.  In other words, the technological development and innovation—and the resulting product that may meet or fail the performance benchmarks necessary to succeed in the marketplace—is left to the licensee.  Because "the creation of an optimized CPU is very costly and time consuming," Arm "expect[s] the number of new [ALA] licensees for this technology to diminish over time as the effort required on their part to provide the customization often does not provide a reasonable return on investment."  Arm Holdings, Ltd., Registration Statement (Form F-1) (Aug. 21, 2023) at 86, 131.  However, if an ALA licensee is willing to put in the extraordinary

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

effort and investment to develop a custom CPU, it may develop differentiated CPUs, including differentiation from CPUs developed and marketed by Arm.

Arm licenses its off-the-shelf CPU designs through a Technology License Agreement ("TLA"). Under a TLA, Arm delivers a complete processor core design that is compatible with the Arm ISA, saving the licensee the trouble and expense of designing its own CPU. But reliance on Arm's off-the-shelf CPU designs comes at a cost, both financially and with regard to performance. Reflecting that the TLA license delivers a complete, ready-made design, Arm charges substantially higher royalties for the use of its off-the-shelf cores than it charges for a core that an ALA licensee develops. Moreover, when a chip developer uses stock Arm CPU designs, it may have difficulty differentiating its product from those offered by rivals that also license Arm CPU designs. And when Arm fails to keep up with the state of the art in CPU design and performance, as it has in recent years, any licensor of Arm's off-the-shelf cores may have difficulty building and marketing chips that can compete against those with more advanced custom CPUs.

Until recently, Arm's licensing model has been neutral and open, which enabled Arm to become the most ubiquitous computer architecture on the planet, used by practically every smartphone, most "internet of things" devices, many automobiles, and an increasing number of personal computers and datacenter servers. *See* Stephen Nellis et al., *Nvidia's Arm Deal Sparks Quick Backlash in Chip Industry*, Reuters (Sept. 14, 2020, 1:24 AM), https://www.reuters.com/article/technology/nvidias-arm-deal-sparksquick-backlash-in-chip-industry-idUSKBN2650GT/; Tim Bradshaw, *Rene Haas: "Arm Has the Most Ubiquitous Computer Architecture on the Planet"*, Financial Times (June 7, 2024), https://www.ft.com/content/5b191c4c-119f-4f97-bc61-622d20bfa46d (quoting Rene Haas); *Consumer Technologies: Smartphones, Arm*, https://www.arm.com/markets/consumer-

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

technologies/smartphones (last visited Mar. 10, 2025). And at present, there is no viable, licensable alternative to the Arm architecture. *See* C.A. No. 22-1146, Trial Tr. 513:3-514:5 (Colwell). All told, Arm estimates that 270 billion Arm-compliant chips have shipped as of January 2024. *Arm: The Technology Foundation for AI Everywhere*, Arm (Jan. 8, 2024), https://newsroom.arm.com/blog/arm-ai-everywhere.

Following Arm's acquisition by SoftBank and its failed acquisition by Nvidia, Arm has changed its business model, seeking to bolster its revenue by increasing the royalty rates it demands to use the Arm ISA and capturing a greater share of the chips that power devices compatible with the Arm ISA—and thus the greater royalty rates it can obtain by licensing chip designs (or by selling chips themselves). For example, Arm has announced that it will collect double the royalties for Armv9 as compared to Armv8, despite only modest, incremental improvements to the ISA, and has pressured existing v8 licensees to "upgrade" their licenses to v9 by not releasing or supporting older v8 cores. *Q3 FYE24 Results Presentation* at 5, Arm (Feb. 7, 2024), https://investors.arm.com/static-files/c383780b-44f8-42c0-a125-4f6db0b8eb06 (statement of Rene Haas). Likewise, Arm has sought to leverage the Arm ISA's ubiquity to exclude competitors from designing and selling chips that are compatible with the Arm ISA—chips that "compete with" and "pose a threat to Arm's implementation IP business." Initial Phase 2 Submission, Anticipated Acquisition by NVIDIA Corp. of ARM Ltd., U.K. Competition & Markets Authority (Dec. 20, 2021) at 6-7. Indeed, Rene Haas, Arm's CEO, has stated that Arm's competitors would be "hosed" if Arm were to build its own chips, ARM_01239056 at -061, something Arm now plans to do, Stephen Nellis and Max A. Cherney, *Arm Recruits from Customers as It Plans to Sell Its Own Chips*, Reuters, https://www.reuters.com/technology/arm-recruits-customers-it-plans-sell-its-own-chips-2025-02-13/ (last visited Mar. 7, 2025).

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

Because Qualcomm custom CPUs have outperformed Arm's, Arm has employed a series of wrongful tactics in an attempt to stifle Qualcomm's technological leaps in CPU design, to force Qualcomm to continue to use Arm's off-the-shelf CPUs, and to coerce Qualcomm into renegotiating the Qualcomm ALA. For example, Arm engaged in a misinformation campaign to mislead Qualcomm's customers into believing that Qualcomm would not be able to deliver licensed Arm-compatible products after 2024, and that Qualcomm customers must obtain their own direct licenses from Arm. And on October 22, 2024, during Qualcomm's annual Snapdragon Summit where it announced its new Snapdragon 8 Elite Mobile Platform that delivers significant performance and efficiency improvements over competitors, including platforms that rely on Arm's off-the-shelf CPU designs, Arm baselessly declared that Qualcomm was in material breach of the Qualcomm ALA. Arm then leaked the breach letter to Bloomberg, which published a story that same day. Ian King, *Arm to Cancel Qualcomm Chip Design License in Feud Escalation*, Bloomberg (Oct. 22, 2024, 8:17 PM), https://www.bloomberg.com/news/articles/2024-10-23/arm-to-cancel-qualcomm-chip-design-license-in-escalation-of-feud.

Arm's leak interfered with Qualcomm's existing and prospective business relationships. For example, ███████████████████ insisted on additional reassurances before it would extend its existing business relationship with Plaintiffs. Likewise, ███████████████ refused to finalize a term sheet for an agreement under which Plaintiffs would design a custom chip until it could first understand the implications of termination of the Qualcomm ALA on Plaintiffs' ability to deliver the custom chips in question.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

## INTERROGATORY NO. 6:

Describe with specificity the complete legal and factual basis for each act You allege is or was a breach of the Qualcomm ALA, including Your contention in paragraph 155 of Your Complaint that Arm's alleged "withholding of deliverables and deliberate decision not to cure the issue within the time prescribed by the contract is a material breach of the QC ALA."

## RESPONSE TO INTERROGATORY NO. 6:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 6 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed. Plaintiffs further object to the Interrogatory as duplicative of Interrogatory No. 2. Plaintiffs further object to the Interrogatory as vague and ambiguous because paragraph 155 of the First Amended Complaint does not refer to Arm's "withholding of deliverables and deliberate decision not to cure the issue within the time prescribed by the contract." Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent it seeks disclosure of information that was articulated in the First Amended Complaint, in Qualcomm's November 3, 2022, and December 5, 2022 letters, is readily within the possession of Defendant, or that is more easily available to it. Plaintiffs further object to the Interrogatory to the extent it calls for a legal conclusion. Plaintiffs further object to the Interrogatory to the extent that Arm is seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to paragraphs 11-18 and 63-90 of the First Amended Complaint (D.I. 36) and incorporate them by reference as if fully set forth herein, and to the November 3, 2022, and December 5, 2022 letters referred to in paragraphs 70, 71, and 89 of the First Amended Complaint for Plaintiffs' position.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

By way of further response, Plaintiffs state that ███████ █ the Qualcomm ALA governs Arm's delivery of ████████████ ██ ████ ████ . ███████ requires Arm to "███ ████████████████████████████ " listed in Annex 1 "████████████████ ████████████████████████████████████ ███ ██ ████████ ██████████ █████████████████ ████ ████████████████████ ████ ███████████████████ █ ████████████████ ██████ █ █████████████████ ████████████████

The ACK is listed as ██████████████ to be delivered by Arm to Qualcomm in ████ ██████████████ of the ████ annex to the Qualcomm ALA (referred to as the ████████ ██████████ ) and in ███████████████████ of the ██████ annex. Arm breached the Qualcomm ALA when it failed to deliver the ACK and ████ █████ by withholding (1) patches to the ACK; and (2) the OOB used to configure the ACK.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

## INTERROGATORY NO. 7:

Describe with specificity each alleged "unlawful and unfair business acts and practices" for which You seek monetary or injunctive relief, including: (i) a detailed description of each specific allegedly unlawful or unfair business act or practice attributable to Arm; (ii) the complete facts, circumstances, and legal basis that allegedly render the business act or practice "unlawful"; (iii) the complete facts, circumstances, and legal basis that allegedly render the business act or practice "unfair"; (iv) the dates on or during which each alleged act or practice occurred; (v) whether You contend Arm engaged in such alleged act or practice to leverage its alleged monopoly power and how such alleged act or practice helped Arm leverage its alleged monopoly power; (vi) why You contend the alleged act or practice entitles You to relief; and (vii) the specific legal or equitable relief You seek for each alleged act or practice.

## RESPONSE TO INTERROGATORY NO. 7:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 7 as premature at this stage of the litigation,

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed.  Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the disclosure of information that was articulated in the First Amended Complaint.  Plaintiffs further object to the Interrogatory to the extent it calls for a legal conclusion.  Plaintiffs further object to the Interrogatory to the extent that Arm is seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to the Qualcomm ALA and to paragraphs 2, 4-5, 32-41, 57-62, 96-97, 109-118, 141-159 of the First Amended Complaint (D.I. 36), and incorporate them by reference as if fully set forth herein, for Plaintiffs' position.

Arm develops both an instruction set architecture ("ISA"), which allows for software compatibility across products compatible with the ISA, and its own off-the-shelf CPU designs compliant with that ISA.  Arm licenses its ISA through an Architecture License Agreement ("ALA") to permit a limited set of licensees to develop custom Arm-compatible CPUs.  But the Arm ISA does not tell a designer how to design or build a CPU, nor any of the internal design features that deliver superior performance and make a CPU competitive; a CPU designer developing a custom CPU designs how the core is built, how it performs, and how it executes the CPU's instructions.  In other words, the technological development and innovation—and the resulting product that may meet or fail the performance benchmarks necessary to succeed in the marketplace—is left to the licensee.  Because "the creation of an optimized CPU is very costly and time consuming," Arm "expect[s] the number of new [ALA] licensees for this technology to

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

diminish over time as the effort required on their part to provide the customization often does not provide a reasonable return on investment."  Arm Holdings, Ltd., Registration Statement (Form F-1) (Aug. 21, 2023) at 86, 131.  However, if an ALA licensee is willing to put in the extraordinary effort and investment to develop a custom CPU, it may develop differentiated CPUs, including differentiation from CPUs developed and marketed by Arm.

Arm licenses its off-the-shelf CPU designs through a Technology License Agreement ("TLA").  Under a TLA, Arm delivers a complete processor core design that is compatible with the Arm ISA, saving the licensee the trouble and expense of designing its own CPU.  But reliance on Arm's off-the-shelf CPU designs comes at a cost, both financially and with regard to performance.  Reflecting that the TLA license delivers a complete, ready-made design, Arm charges substantially higher royalties for the use of its off-the-shelf cores than it charges for a core that an ALA licensee develops.  Moreover, when a chip developer uses stock Arm CPU designs, it may have difficulty differentiating its product from those offered by rivals that also license Arm CPU designs.  And when Arm fails to keep up with the state of the art in CPU design and performance, as it has in recent years, any licensor of Arm's off-the-shelf cores may have difficulty building and marketing chips that can compete against those with more advanced custom CPUs.

Until recently, Arm's licensing model has been neutral and open, which enabled Arm to become the most ubiquitous computer architecture on the planet, used by practically every smartphone, most "internet of things" devices, many automobiles, and an increasing number of personal computers and datacenter servers.  *See* Stephen Nellis et al., *Nvidia's Arm Deal Sparks Quick Backlash in Chip Industry*, Reuters (Sept. 14, 2020, 1:24 AM), https://www.reuters.com/article/technology/nvidias-arm-deal-sparksquick-backlash-in-chip-industry-idUSKBN2650GT/; Tim Bradshaw, *Rene Haas: "Arm Has the Most Ubiquitous*

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

*Computer Architecture on the Planet"*, Financial Times (June 7, 2024), https://www.ft.com/content/5b191c4c-119f-4f97-bc61-622d20bfa46d (quoting Rene Haas); *Consumer Technologies: Smartphones, Arm*, https://www.arm.com/markets/consumer-technologies/smartphones (last visited Mar. 10, 2025). And at present, there is no viable, licensable alternative to the Arm architecture. *See* C.A. No. 22-1146, Trial Tr. 513:3-514:5 (Colwell). All told, Arm estimates that 270 billion Arm-compliant chips have shipped as of January 2024. *Arm: The Technology Foundation for AI Everywhere*, Arm (Jan. 8, 2024), https://newsroom.arm.com/blog/arm-ai-everywhere.

Following Arm's acquisition by SoftBank and its failed acquisition by Nvidia, Arm has changed its business model, seeking to bolster its revenue by increasing the royalty rates it demands to use the Arm ISA and capturing a greater share of the chips that power devices compatible with the Arm ISA—and thus the greater royalty rates it can obtain by licensing chip designs (or by selling chips themselves). For example, Arm has announced that it will collect double the royalties for Armv9 as compared to Armv8, despite only modest, incremental improvements to the ISA, and has pressured existing v8 licensees to "upgrade" their licenses to v9 by not releasing or supporting older v8 cores. *Q3 FYE24 Results Presentation* at 5, Arm (Feb. 7, 2024), https://investors.arm.com/static-files/c383780b-44f8-42c0-a125-4f6db0b8eb06 (statement of Rene Haas). Likewise, Arm has sought to leverage the Arm ISA's ubiquity to exclude competitors from designing and selling chips that are compatible with the Arm ISA—chips that "compete with" and "pose a threat to Arm's implementation IP business." Initial Phase 2 Submission, Anticipated Acquisition by NVIDIA Corp. of ARM Ltd., U.K. Competition & Markets Authority (Dec. 20, 2021) at 6-7. Indeed, Rene Haas, Arm's CEO, has stated that Arm's competitors would be "hosed" if Arm were to build its own chips, ARM_01239056 at -061,

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

something Arm now plans to do, Stephen Nellis and Max A. Cherney, *Arm Recruits from Customers as It Plans to Sell Its Own Chips*, Reuters, https://www.reuters.com/technology/arm-recruits-customers-it-plans-sell-its-own-chips-2025-02-13/ (last visited Mar. 7, 2025).

Because Qualcomm custom CPUs have outperformed Arm's, Arm has employed a series of wrongful tactics in an attempt to stifle Qualcomm's technological leaps in CPU design, to force Qualcomm to continue to use Arm's off-the-shelf CPUs, and to coerce Qualcomm into renegotiating the Qualcomm ALA. For example, Arm engaged in a misinformation campaign to mislead Qualcomm's customers into believing that Qualcomm would not be able to deliver licensed Arm-compatible products after 2024, and that Qualcomm customers must obtain their own direct licenses from Arm. And on October 22, 2024, during Qualcomm's annual Snapdragon Summit where it announced its new Snapdragon 8 Elite Mobile Platform that delivers significant performance and efficiency improvements over competitors, including platforms that rely on Arm's off-the-shelf CPU designs, Arm baselessly declared that Qualcomm was in material breach of the Qualcomm ALA. Arm then leaked the breach letter to Bloomberg, which published a story that same day. Ian King, *Arm to Cancel Qualcomm Chip Design License in Feud Escalation*, Bloomberg (Oct. 22, 2024, 8:17 PM), https://www.bloomberg.com/news/articles/2024-10-23/arm-to-cancel-qualcomm-chip-design-license-in-escalation-of-feud.

Arm's leak interfered with Qualcomm's existing and prospective business relationships. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ insisted on additional reassurances before it would extend its existing business relationship with Plaintiffs. Likewise, ▮▮▮▮▮▮▮▮▮▮▮▮ refused to finalize a term sheet for an agreement under which Plaintiffs would design a custom chip until it could first understand the implications of termination of the Qualcomm ALA on Plaintiffs' ability to deliver the custom chips in question.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

Plaintiffs seek, among other things, damages resulting from Arm's wrongful conduct, specifically including damages arising from the postponement of the business opportunity with ███████████ as well as restitution of amounts Arm derived from its unfair and anticompetitive conduct.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

## INTERROGATORY NO. 8:

Describe with specificity how Arm allegedly has, can, or could "leverage its monopoly" in the relevant markets, including (i) identifying the relevant markets in which Arm allegedly has an incipient or actual monopoly; (ii) the size and geographic boundaries of each market; (iii) identifying the companies, products, and services that compete in each market; (iv) the cross-elasticity of demand for the products and services that compete in each market; (v) the cross-elasticity of demand between products and services that compete in each market and products and services offered in other markets; (vi) whether the products and services that compete in each market are reasonably interchangeable with products in other markets; (vii) whether there is public or industrial recognition that each market is or is not a separate economic entity; (vii) whether there are readily available alternatives to Arm's products and services in the market, and if not the complete legal and factual basis for your contention that no readily available alternatives exist; (ix) a detailed description of the specific acts or conduct by Arm that allegedly leveraged its incipient or actual monopoly power; and (x) why You contend Arm has incipient or actual monopoly power in each market.

## RESPONSE TO INTERROGATORY NO. 8:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 8 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production depositions, and expert discovery, has not been completed. Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the disclosure of information that was articulated in the First Amended Complaint, that is readily within the possession of Defendant, or that is more easily available to it.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

Plaintiffs further object to the Interrogatory to the extent that it seeks information that is not relevant to any of the claims or defenses in this case.  Plaintiffs can establish unfair competition where (1) Defendant "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, *or otherwise significantly threatens or harms competition*," *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946, 1000 (9th Cir. 2023) (quoting *Cel-Tech Commc'ns, Inc.* v. *L.A. Cellular Tel. Co.*, 973 P.2d 527, 565 (Cal. 1999)) (emphasis added), or (2) "the utility of the defendant's conduct" is outweighed by "the gravity of the harm to the alleged victim," *id.* (quoting *Progressive W. Ins. Co.* v. *Super. Ct.*, 37 Cal. Rptr. 3d 434, 452 (Ct. App. 2005)).  Neither requires Plaintiffs to prove an antitrust violation.  *See id.* at 1002; *PeopleBrowsr, Inc.* v. *Twitter, Inc.*, 2013 WL 843032, at *4 (N.D. Cal. Mar. 6, 2013) (because "a violation of the unfair prong may be based on conduct that 'significantly threatens or harms competition,' . . . a violation of the unfair prong of the UCL does *not* necessarily require establishing a violation of the Sherman Act").

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to the Qualcomm ALA and to paragraphs 2, 4-5, 32-41, 57-62, 96-97, 109-118, 141-159 of the First Amended Complaint (D.I. 36), and incorporate them by reference as if fully set forth herein, for Plaintiffs' position.

Arm develops both an instruction set architecture ("ISA"), which allows for software compatibility across products compatible with the ISA, and its own off-the-shelf CPU designs compliant with that ISA.  Arm licenses its ISA through an Architecture License Agreement ("ALA") to permit a limited set of licensees to develop custom Arm-compatible CPUs.  But the Arm ISA does not tell a designer how to design or build a CPU, nor any of the internal design features that deliver superior performance and make a CPU competitive; a CPU designer

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

developing a custom CPU designs how the core is built, how it performs, and how it executes the CPU's instructions. In other words, the technological development and innovation—and the resulting product that may meet or fail the performance benchmarks necessary to succeed in the marketplace—is left to the licensee. Because "the creation of an optimized CPU is very costly and time consuming," Arm "expect[s] the number of new [ALA] licensees for this technology to diminish over time as the effort required on their part to provide the customization often does not provide a reasonable return on investment." Arm Holdings, Ltd., Registration Statement (Form F-1) (Aug. 21, 2023) at 86, 131. However, if an ALA licensee is willing to put in the extraordinary effort and investment to develop a custom CPU, it may develop differentiated CPUs, including differentiation from CPUs developed and marketed by Arm.

Arm licenses its off-the-shelf CPU designs through a Technology License Agreement ("TLA"). Under a TLA, Arm delivers a complete processor core design that is compatible with the Arm ISA, saving the licensee the trouble and expense of designing its own CPU. But reliance on Arm's off-the-shelf CPU designs comes at a cost, both financially and with regard to performance. Reflecting that the TLA license delivers a complete, ready-made design, Arm charges substantially higher royalties for the use of its off-the-shelf cores than it charges for a core that an ALA licensee develops. Moreover, when a chip developer uses stock Arm CPU designs, it may have difficulty differentiating its product from those offered by rivals that also license Arm CPU designs. And when Arm fails to keep up with the state of the art in CPU design and performance, as it has in recent years, any licensor of Arm's off-the-shelf cores may have difficulty building and marketing chips that can compete against those with more advanced custom CPUs.

Until recently, Arm's licensing model has been neutral and open, which enabled Arm to become the most ubiquitous computer architecture on the planet, used by practically every

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

smartphone, most "internet of things" devices, many automobiles, and an increasing number of personal computers and datacenter servers. *See* Stephen Nellis et al., *Nvidia's Arm Deal Sparks Quick Backlash in Chip Industry*, Reuters (Sept. 14, 2020, 1:24 AM), https://www.reuters.com/article/technology/nvidias-arm-deal-sparksquick-backlash-in-chip-industry-idUSKBN2650GT/; Tim Bradshaw, *Rene Haas: "Arm Has the Most Ubiquitous Computer Architecture on the Planet"*, Financial Times (June 7, 2024), https://www.ft.com/content/5b191c4c-119f-4f97-bc61-622d20bfa46d (quoting Rene Haas); *Consumer Technologies: Smartphones, Arm*, https://www.arm.com/markets/consumer-technologies/smartphones (last visited Mar. 10, 2025). And at present, there is no viable, licensable alternative to the Arm architecture. *See* C.A. No. 22-1146, Trial Tr. 513:3-514:5 (Colwell). All told, Arm estimates that 270 billion Arm-compliant chips have shipped as of January 2024. *Arm: The Technology Foundation for AI Everywhere*, Arm (Jan. 8, 2024), https://newsroom.arm.com/blog/arm-ai-everywhere.

Following Arm's acquisition by SoftBank and its failed acquisition by Nvidia, Arm has changed its business model, seeking to bolster its revenue by increasing the royalty rates it demands to use the Arm ISA and capturing a greater share of the chips that power devices compatible with the Arm ISA—and thus the greater royalty rates it can obtain by licensing chip designs (or by selling chips themselves). For example, Arm has announced that it will collect double the royalties for Armv9 as compared to Armv8, despite only modest, incremental improvements to the ISA, and has pressured existing v8 licensees to "upgrade" their licenses to v9 by not releasing or supporting older v8 cores. *Q3 FYE24 Results Presentation* at 5, Arm (Feb. 7, 2024), https://investors.arm.com/static-files/c383780b-44f8-42c0-a125-4f6db0b8eb06 (statement of Rene Haas). Likewise, Arm has sought to leverage the Arm ISA's ubiquity to exclude

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

competitors from designing and selling chips that are compatible with the Arm ISA—chips that "compete with" and "pose a threat to Arm's implementation IP business."  Initial Phase 2 Submission, Anticipated Acquisition by NVIDIA Corp. of ARM Ltd., U.K. Competition & Markets Authority (Dec. 20, 2021) at 6-7.  Indeed, Rene Haas, Arm's CEO, has stated that Arm's competitors would be "hosed" if Arm were to build its own chips, ARM_01239056 at -061, something Arm now plans to do, Stephen Nellis and Max A. Cherney, *Arm Recruits from Customers as It Plans to Sell Its Own Chips*, Reuters, https://www.reuters.com/technology/arm-recruits-customers-it-plans-sell-its-own-chips-2025-02-13/ (last visited Mar. 7, 2025).

Because Qualcomm custom CPUs have outperformed Arm's, Arm has employed a series of wrongful tactics in an attempt to stifle Qualcomm's technological leaps in CPU design, to force Qualcomm to continue to use Arm's off-the-shelf CPUs, and to coerce Qualcomm into renegotiating the Qualcomm ALA.  For example, Arm engaged in a misinformation campaign to mislead Qualcomm's customers into believing that Qualcomm would not be able to deliver licensed Arm-compatible products after 2024, and that Qualcomm customers must obtain their own direct licenses from Arm.  And on October 22, 2024, during Qualcomm's annual Snapdragon Summit where it announced its new Snapdragon 8 Elite Mobile Platform that  delivers significant performance and efficiency improvements over competitors, including platforms that rely on Arm's off-the-shelf CPU designs, Arm baselessly declared that Qualcomm was in material breach of the Qualcomm ALA.  Arm then leaked the breach letter to Bloomberg, which published a story that same day.  Ian King, *Arm to Cancel Qualcomm Chip Design License in Feud Escalation*, Bloomberg (Oct. 22, 2024, 8:17 PM), https://www.bloomberg.com/news/articles/2024-10-23/arm-to-cancel-qualcomm-chip-design-license-in-escalation-of-feud.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

Arm's leak interfered with Qualcomm's existing and prospective business relationships.

For example, ███████████████████ insisted on additional reassurances before it would

extend its existing business relationship with Plaintiffs.  Likewise, ███████████ refused to

finalize a term sheet for an agreement under which Plaintiffs would design a custom chip until it

could first understand the implications of termination of the Qualcomm ALA on Plaintiffs' ability

to deliver the custom chips in question.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their

response.

## INTERROGATORY NO. 9:

For each category of monetary relief You are seeking in this case, including damages, restitution, recovery of royalty payments, and reduction of royalty payments, state: (i) the nature and amount of each; (ii) how and by whom the amount was determined and calculated; (iii) the dates for which You seek each category of relief; (iv) the specific acts or conduct of Arm that allegedly caused that amount; and (v) the specific acts or conduct of any Person other than Arm that allegedly caused that amount.

## RESPONSE TO INTERROGATORY NO. 9:

Plaintiffs object to Interrogatory No. 9 as premature at this stage of the litigation, given

that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and

(ii) discovery, including, without limitation, document production, depositions, and expert

discovery, has not been completed.

Plaintiffs incorporate their General Objections and Objections to Definitions and

Instructions.  Subject to and without waiving the foregoing objections, Plaintiffs respond as

follows:  By letters dated November 3, 2022, and December 5, 2022, Plaintiffs notified Arm that

it was in breach of ███████ of the Qualcomm ALA due to its failure to deliver the ACK and

█████████ , including because Arm failed to deliver patches to the ACK and the OOB.

Pursuant to ██████████ of the Qualcomm ALA, Arm had ██████████ to cure its breach.  It did not,

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

and Arm did not dispute that it failed to deliver patches to the ACK or the OOB in its December 6, 2022 response letter.  Accordingly, the ███████ ███████████ ██████████████ for any ██████████████████ or █████████████████████ ███████████████████ ████████████████████ ███████████████████████ ████████████████ ████████████ .



In addition, because Arm is the sole supplier of the ACK and its OOB and patches, Arm's breach of Qualcomm's negotiated-for supply assurances left Qualcomm without any ability to obtain the full ACK and therefore at a competitive disadvantage as compared to other Arm-based CPU designers, including Arm itself.

Separately, Arm interfered with Qualcomm's existing and prospective business relationships, including by leaking its October 22, 2024 letter threatening termination of the Qualcomm ALA.  For example, ███████████████████ insisted on additional reassurances before it would extend its existing business relationship with Plaintiffs.  Likewise, ███████████ ████ refused to finalize a term sheet for an agreement under which Plaintiffs would design a custom chip until it could first understand the implications of termination of the Qualcomm ALA on Plaintiffs' ability to deliver the custom chips in question.  Following Arm's leak, it "won at least some of ██████████████ data center CPU] business," which Qualcomm was competing for. Stephen Nellis and Max A. Cherney, *Arm Recruits from Customers as It Plans to Sell Its Own Chips*, Reuters, https://www.reuters.com/technology/arm-recruits-customers-it-plans-sell-its-own-chips-2025-02-13/ (last visited Mar. 7, 2025).

Pursuant to Rule 33(d), Plaintiffs will produce documents from which additional information responsive to this Interrogatory may be ascertained.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

*HIGHLY CONFIDENTIAL*
*OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

March 10, 2025

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Kyle D. Friedland, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY 10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Gregg F. LoCascio, P.C.<br>Jason M. Wilcox, P.C.<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Jay Emerick, Esquire
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

TAB 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-490 (MN) |
| v. | ) ) | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANT'S SECOND SET OF INTERROGATORIES (NOS. 10–13)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively "Qualcomm" or "Plaintiffs"), by and through their attorneys, hereby respond and object to defendant Arm Holdings PLC's ("Defendant" or "Arm") Interrogatories to Plaintiffs dated April 9, 2025, as follows:

**GENERAL OBJECTIONS**

1.     Plaintiffs object to each Interrogatory to the extent that it seeks to impose greater or different obligations on Plaintiffs than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered in this case, any other applicable Court orders, or agreements reached by the parties.

2.     Plaintiffs object to each Interrogatory to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

protection.  Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Plaintiffs do not object to an Interrogatory on the basis of an applicable privilege, immunity, or protection.  Any disclosure of any such privileged or protected material in responses to any Interrogatory is inadvertent and not intended to waive those privileges and protections.

3.      Plaintiffs object to each Interrogatory to the extent that it purports, or may be construed, to call for the identification of "any," "all," "each," or "every" document or thing pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome.  As used herein, the term overbroad includes Interrogatories that, so characterized, seek, at least in part, documents or information irrelevant in scope, subject matter or time period to this lawsuit or to the particular matters at issue in this lawsuit.

4.      Plaintiffs object to the Interrogatories to the extent that they call for discovery that is unreasonable or not proportional under the circumstances.  Plaintiffs further object to the Interrogatories to the extent they seek to re-litigate issues that were the subject of the jury verdict in *Arm Ltd.* v. *Qualcomm Inc.*, C.A. No. 22-1146-MN (D. Del.).

5.      Plaintiffs object to the Interrogatories to the extent that they are not reasonably limited in time.  Plaintiffs will agree to respond from June 1, 2022 forward, unless otherwise specified.

6.      Plaintiffs object to the Interrogatories and each and every instruction and definition therein to the extent that any Interrogatory: (a) seeks the disclosure of information not relevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence; (b) is overly broad, unduly burdensome, harassing, oppressive, or duplicative; (c) is vague or ambiguous; (d) calls for the disclosure of information not within Plaintiffs' possession, knowledge, custody,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

care, or control; (e) calls for the disclosure of information already in Defendant's possession, knowledge, custody, care, or control; or (f) calls for the disclosure of information readily available to Defendant from public or third-party sources.

7.     Plaintiffs' election to respond to an Interrogatory, notwithstanding the objectionable nature of the Interrogatory, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, or legal conclusions contained in the Interrogatories; (b) a concession or admission that the materials are relevant to this case or would be admissible at trial; (c) a waiver of the General Objections or the objections asserted in response to that specific Interrogatory; (d) an admission that any documents or things exist on the topic; (e) an agreement that requests for similar information or documents will be treated in a similar manner; or (f) an acceptance of, or agreement with, any of the definitions in the Interrogatories, to the extent that the definition or meaning of any defined term is at issue in this case.

8.     Plaintiffs' responses to the Interrogatories contain, provide, or refer to information that is protected under Delaware Local Rule 26.2 and provisions of the Protective Order (D.I. 84) in this matter and should therefore be treated accordingly.

9.     Plaintiffs' investigation of the facts in this proceeding and review of the relevant documents is ongoing.  Accordingly, the objections and responses herein are based on present knowledge, information, and belief.  Plaintiffs reserve the right to modify, supplement, or amend any response and objection, if necessary or appropriate, in any way and at any time.  Plaintiffs further reserve the right to object, at any hearing and any other proceeding in this litigation, to the use or admissibility into evidence of: (a) any documents produced in response to the interrogatories;

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

(b) any of the information contained in any such document; or (c) any other information provided in response to any interrogatory.

10.     In the event that Plaintiffs produce a document that is privileged, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other document or (b) to communications concerning the subject matter of that or any other document.

11.     Plaintiffs object to the Interrogatories to the extent that they assume disputed facts or legal conclusions.  Plaintiffs hereby deny any such disputed facts or legal conclusions.  Any documents or information produced by Plaintiffs in response to the Interrogatories are without prejudice to this objection.

12.     Plaintiffs' General Objections apply to each and every Interrogatory and are incorporated by reference into each of the responses set forth below, which responses are made without waiver of, and subject to, these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to the "Definitions" to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning.[1]

2.     Plaintiffs object to the definition of "Arm" or "Defendant" as vague and ambiguous to the extent the scope of "related corporate entities" is unclear.

3.     Plaintiffs object to the definition of "Qualcomm" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is defined to include not only Qualcomm

---

[1]     To the extent not defined here, the definitions used by Plaintiffs in the responses below are consistent with the definitions contained in Plaintiffs' operative complaint.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Incorporated and Qualcomm Technologies, Inc., but also persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Plaintiffs exercise no control, such as but not limited to affiliates, consultants, independent contractors, experts, investigators, licensees, licensors, or collaborators.

4.      Plaintiffs object to the definitions of "You," "Your," and "Plaintiffs" as vague, ambiguous, overly broad, and unduly burdensome to the extent they seek information relating to persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc. and over whom Plaintiffs exercise no control.  In responding to these Interrogatories, Plaintiffs interpret the terms "You," "Your," and "Plaintiffs" to refer only to the named parties in this action.  Plaintiffs also object to the definitions of "You," "Your," and "Plaintiffs" to the extent they purport to impose obligations on Plaintiffs beyond what is required by the Rules.  Plaintiffs will interpret the definition of "You," "Your," and "Plaintiffs" to impose no discovery obligation on any person or entity that is not a party to this litigation.

5.      Plaintiffs object to the definition of "ALA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "an Architecture License Agreement with Arm" refers to.  Plaintiffs will interpret "ALA" as synonymous with "Qualcomm ALA" and therefore to mean the Amended and Restated Architecture License Agreement ███ █████████████ dated ███████ ███, and amendments and annexes thereto.

6.      Plaintiffs object to the definitions of "Document" and its plural to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Plaintiffs further object to the definition of "Document" to the extent that it implies that Plaintiffs must collect or produce, e.g., computer programs, testing data, electronic sound records, and other types of files

that are typically not required to be collected or produced, as listed in the ESI Protocol Schedule
A.

7.      Plaintiffs object to the definitions of "Communication" and its plural form to the
extent they purport to impose any obligations beyond what is required by the Federal Rules.

8.      Plaintiffs object to the definitions of "Thing" and its plural form to the extent they
purport to impose any obligations beyond what is required by the Federal Rules.  Plaintiffs further
object to the definition of "Thing" because that term is not used in Defendant's Interrogatories.

9.      Plaintiffs object to the definitions of "Identify," Identifying, or "Identification" to
the extent they purport to impose any obligations beyond what is required by the Federal Rules.
Plaintiffs also object to the definitions of "Identify," Identifying, or "Identification" to the extent
they ask Plaintiffs to provide any information unknown to Plaintiffs or not within their possession,
custody, or control, or beyond the scope of this litigation.

10.     Plaintiffs object to the definition of "ALA Breach Allegations and Communications"
as including matters not relevant to this litigation.  For example, "Arm's statements regarding its
allegations of Qualcomm's breach of the Qualcomm ALA[] . . . in [Arm's] November 15, 2022
and April 4, 2024 Answers that Qualcomm was in breach of the Qualcomm ALA," were tried to a
jury, which found that "Qualcomm CPUs that include designs acquired in the Nuvia acquisition
are licensed under the Qualcomm ALA."  *Arm Ltd.* v. *Qualcomm Inc.*, C.A. No. 22-1146 (MN),
D.I. 572 at 1.  Qualcomm will not relitigate the *Arm Ltd.* v. *Qualcomm Inc.* verdict in this case.

11.     Plaintiffs object to the definition of "Disputed Subject Matter" as including mattes
not relevant to this litigation and no longer in dispute.  For example, "Qualcomm's rights under
the Qualcomm ALA with respect to Nuvia designs" can no longer be disputed after a jury found
that "Qualcomm CPUs that include designs acquired in the Nuvia acquisition are licensed under

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

the Qualcomm ALA." *Arm Ltd.* v. *Qualcomm Inc.*, C.A. No. 22-1146 (MN), D.I. 572 at 1. Qualcomm will not relitigate the *Arm Ltd.* v. *Qualcomm Inc.* verdict in this case.

12.    Plaintiffs object to Instruction No. 2 on the ground that it purports to impose obligations beyond those provided for by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

13.    Plaintiffs object to Instruction No. 4 as overbroad, unduly burdensome, and on the ground that it purports to impose requirements inconsistent with or more burdensome than those imposed by the Federal Rules, local rules, and applicable law.

14.    Plaintiffs object to Instruction No. 5, to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, and because it is premature and contrary to the ESI Protocol and Protective Order.

15.    Plaintiffs object to Instruction No. 6 as overbroad and unduly burdensome, and on the ground that it purports to impose requirements inconsistent with or more burdensome than those imposed by the Federal Rules, local rules, and applicable law.

16.    Plaintiffs object to Instruction No. 7 to the extent it purports to require Plaintiffs to respond to Interrogatories that are not reasonably limited in time.  Plaintiffs will agree to respond from June 1, 2022 forward, unless otherwise specified.

Subject to and without limiting the foregoing, Plaintiffs specifically object and respond as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 10:

Describe with specificity Qualcomm's Communications with Third Parties, including press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), publishers, Arm or Qualcomm customers, or potential Arm or Qualcomm customers regarding the Disputed Subject Matter, including any communications relating to news

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

articles, stories, accounts, reports, or publications about Arm, such as the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies" ("the Article"). Your answer should include (1) a complete explanation for the timing of such Communications and the Article (2) the dates of each Communication with any Third Party, including when Qualcomm communicated with Bloomberg News about the subject matter of the Article, and whether Qualcomm initiated each such Communication, (3) an identification of all Persons involved in the decision to communicate with Third Parties, including as to any of the information in the Article, (4) a complete Description of any efforts by anyone affiliated with Qualcomm to edit, influence, direct, shape, or otherwise affect such news articles, stories, accounts, reports, or publications, (5) an identification of all documents (by Bates number) that support Your response, and (6) the method and content of each Communication.

## RESPONSE TO INTERROGATORY NO. 10:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to Interrogatory No. 10 as improperly compound.  Plaintiffs further object to the phrases "Arm . . . customers" and "potential Arm . . . customers" as vague and ambiguous, overly broad, and unduly burdensome to the extent that they call for the disclosure of information that is within the possession of Defendant or that is more easily available to it.  Plaintiffs further object to the phrase "about Arm" as vague and ambiguous.  Plaintiffs further object to the Interrogatory as vague and ambiguous to the extent it seeks information regarding "when Qualcomm communicated with Bloomberg News about the subject matter of the Article" for "news articles, stories, accounts, reports, or publications about Arm" other than the Article.  Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent it asks Qualcomm to describe third-party communications regarding "any communications relating to news articles, stories, accounts, reports, or publications about Arm," regardless of whether those communications relate to any issue in this case.  Plaintiffs further object to the Interrogatory because it seeks information that is not relevant to the claims or defenses of any party in this case, including information regarding the March 25, 2025 Bloomberg News article and information regarding Qualcomm's conversations with Third Parties with whom Qualcomm does not allege

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Arm interfered. Plaintiffs further object to the Interrogatory to the extent that that the information sought is subject to the attorney-client privilege, the attorney work-product, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs identify the following documents from which information responsive to this Interrogatory regarding, and limited to, communications with Qualcomm customers regarding Arm's October 22, 2024 notice of breach, may be ascertained:

QCVARM_0713513,    QCVARM_0713516,    QCVARM_0713528,    QCVARM_0713530,
QCVARM_0713532,    QCVARM_0713535,    QCVARM_0713538,    QCVARM_0865370,
QCVARM_0866177.

Based on their investigation to date, Plaintiffs identify the following individuals, who may only be contacted through counsel for Plaintiffs, as the persons most likely to be knowledgeable about the facts relating to this response:

- ██████████
- ██████████
- ████████

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

**INTERROGATORY NO. 11:**

Describe with specificity Qualcomm's disclosures or Communications with Third Parties regarding the ALA Breach Allegations and Communications. Your answer should include (1) the method and content of each disclosure or Communication; (2) a complete explanation for the timing of those disclosures or Communications; (3) a complete explanation for Qualcomm's decision to communicate or not communicate to any Third Party the existence or subject matter of the ALA Breach Allegations and Communications; (4) an Identification of all Persons involved in each of those decisions; (5) the full factual and legal basis for Qualcomm's contention in its January 22, 2025 letter that Qualcomm is "required by law" to disclose any of the ALA Breach

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Allegations and Communications; and (6) an Identification of all documents (by Bates number) that support your response.

## RESPONSE TO INTERROGATORY NO. 11:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 11 to the extent it seeks information duplicative of Interrogatory No. 10. Plaintiffs further object to the Interrogatory as improperly compound. Plaintiffs further object to the Interrogatory to the extent that that the information sought is subject to the attorney-client privilege, the attorney work-product, or any other applicable privilege or doctrine that makes such information non-discoverable. Plaintiffs further object to the Interrogatory because it seeks information that is not relevant to the claims or defenses of any party in this case, including information regarding Qualcomm's conversations with Third Parties with whom Qualcomm does not allege Arm interfered.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: After Arm's leak of its October 22, 2024 notice of breach, several Qualcomm customers reached out to Qualcomm hoping to understand the ramifications of the letter and any potential termination of the Qualcomm ALA, including what, if any, impacts there would be to their ongoing supply with Qualcomm. In response, Qualcomm released a public statement and Qualcomm personnel communicated with customers both orally and over email. In addition, Qualcomm disclosed Arm's notice of breach in its Annual Report, filed on November 6, 2024. *See* Qualcomm Inc., Annual Report (Form 10-K) (Nov. 6, 2024) at F-24.

Plaintiffs further note that Arm previously acknowledged " ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████ " and that " ███████ ████████████████████████████████

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

███████████████████████.”  QCVARM_0847184 (1/30/2025 Letter from S. Collins to A. Chaplin) at 1.

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs identify the following documents from which information responsive to this Interrogatory regarding, and limited to, communications with Qualcomm customers regarding Arm's October 22, 2024 notice of breach, may be ascertained:

QCVARM_0713513,    QCVARM_0713516,    QCVARM_0713528,    QCVARM_0713530, QCVARM_0713532,    QCVARM_0713535,    QCVARM_0713538,    QCVARM_0865370, QCVARM_0866177.

Based on their investigation to date, Plaintiffs identify the following individuals, who may only be contacted through counsel for Plaintiffs, as the persons most likely to be knowledgeable about the facts relating to this answer:

- ███████████
- ██████████████
- ██████████

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

**INTERROGATORY NO. 12:**

With respect to the ALA Breach Allegations and Communications, state the complete factual and legal basis for your contention that Arm "timed and publicly released [the October 22, 2024 letter] in an effort to damage Qualcomm's business" as set forth in paragraph 23 of Your Complaint. Your answer should include (1) an Identification of each and every time period or periods in which Arm sending or publicly disclosing a notice of material breach would have "damage[d] Qualcomm's business" and any period or periods of time during which Arm sending or publicly disclosing a notice of material breach would not have "damage[d] Qualcomm's

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

business," (2) an Identification of all documents (by Bates number) that support your response, and (3) a list of Persons affiliated with Qualcomm with the most knowledge of your response.

## RESPONSE TO INTERROGATORY NO. 12:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 12 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed and Arm has not or has only recently produced documents relevant to these issues. Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the disclosure of information that is readily within the possession of Defendant or that is more easily available to it. Plaintiffs further object to the Interrogatory to the extent that Arm is seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Counsel for Arm previously represented to the Court that Arm decided to send its October 22, 2024 notice of breach "[a]fter reviewing" Qualcomm's announcement "on October 21st in a presentation in Hawaii"—referring to Qualcomm's Snapdragon Summit, a prominent annual industry event where Qualcomm announces its next generation Snapdragon chips, among other technology—"that they were taking these cores and extending them on to a whole new broader set of products and activities." *Arm Ltd.* v. *Qualcomm Inc.*, C.A. No. 22-1146 (MN), 10/30/24 Hr'g Tr. at 35:3-17. Counsel's statements made little sense because Qualcomm's January 12, 2021 announcement of its acquisition of Nuvia stated that Nuvia technology would "be integrated across Qualcomm Technologies' broad portfolio of products, powering flagship smartphones, next-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

generation laptops, and digital cockpits, as well as Advanced Driver Assistance Systems, extended reality and infrastructure networking solutions," not just the server products Nuvia had been developing.  ARM_01428543 at -544.  Qualcomm's plans were referenced both in Arm's August 31, 2022 Complaint in *Arm Ltd.* v. *Qualcomm Inc.*, as well as in Qualcomm's September 30, 2022 Answer.  C.A. No. 22-1146 (MN), D.I. 1 ¶¶ 29-33, D.I. 12 ¶¶ 11, 27, 77.  Indeed, the Hamoa SoC, which launched in October 2023 under the name Snapdragon X Elite, targeted the compute market, not the server market Nuvia had been targeting.  *See* Ryan Smith, *Qualcomm Previews Snapdragon X Elite SoC: Oryon CPU Starts in Laptops*, AnandTech (Oct. 24, 2023, 3:00 PM), https://www.anandtech.com/show/21105/qualcomm-previews-snapdragon-x-elite-soc-oryon-cpu-starts-in-laptops-.

Moreover, Arm emails confirm that Arm knew well before the 2024 Snapdragon Summit that Qualcomm intended to ███████████████████████████████████████████ ██████████    ARM_00043924 at -925 (Apr. 12, 2022); *see also* ARM_00064523 (Feb. 3, 2023: Qualcomm is ██████████████████████████████████████████████████████ █████████████████████████ ███████████ █████████████ █████████████ █████████████; ARM_00111591 at -592 (Mar. 26, 2023: ████████████████████████████████████ ████████ ██ ██████████████████████).  And Qualcomm's CEO publicly previewed Qualcomm's custom mobile core nearly nine months before the 2024 Snapdragon Summit when, at a January 31, 2024 earnings call, he told investors that Qualcomm's "custom CPU [was] coming to mobile."  Tr. of Q1 2024 Qualcomm Inc. Earnings Call (Jan. 31, 2024) at 6, https://s204.q4cdn.com/645488518/files/doc_financials/2024/q1/QCOM-USQ_Transcript_2024-01-31_Q1FY24_Final.pdf.  Thus, Arm was already aware, as early as January 12, 2021 and at least as of January 31, 2024, that Qualcomm would be introducing custom CPUs incorporating Nuvia

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

technology to its mobile products.  Yet Arm waited until just after the formal announcement at the October 21-23, 2024 Snapdragon Summit, an event Arm knows is attended by customers, journalists, and analysts, to both send and leak its notice of breach, intending to cause disruption to Qualcomm's largest business (mobile).  And because Arm's notice of breach invoked ███████ ███████ of the Qualcomm ALA, Arm knew that any termination of the Qualcomm ALA would not go into effect until December 21, 2024, the day after trial in *Arm Ltd.* v. *Qualcomm Inc.* was scheduled to end.

Finally, Arm has known since at least May 2022 that Qualcomm was using certain proprietary RTL owned by Qualcomm that was first developed by Nuvia.  Arm had ███████ ████████████  ██████████  ████████████.  *See* ARM_00035319,  ARM_00036346,  ARM_01215997,  QCARM_3059661.    Rather  than terminating the Qualcomm ALA at that time, however, Arm instead sat on its purported rights for over two years, waiting to threaten termination—and leak that threat—until Qualcomm's 2024 Snapdragon Summit.

Qualcomm believes discovery will reveal that Arm and its counsel leaked the unfounded notice of breach in an attempt to maximize any harm to Qualcomm.  And although Arm's leaking an unfounded notice of breach itself would have damaged Qualcomm regardless of when it occurred, Qualcomm likewise believes discovery will reveal that Arm and its counsel intentionally timed their leak to coincide with Qualcomm's announcement at the Snapdragon Summit in an effort to further maximize the leak's impact and harm to Qualcomm.  That Arm publicized its notice of breach at all, and that it did so in violation of the confidentiality provisions of the Qualcomm ALA, further supports Arm's malicious intent to harm Qualcomm.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Based on their investigation to date, Plaintiffs identify the following individuals, who may only be contacted through counsel for Plaintiffs, as the persons most likely to be knowledgeable about the facts relating to this answer:

- ██████████

- ████████

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

**INTERROGATORY NO. 13:**

Describe with specificity Qualcomm's efforts to verify or attempt to verify compliance with the Arm ARM or Arm ISA for each of its cores or CPUs, including the ████████ ██████████ products, and any subsequent design or products developed by or for Qualcomm. Your answer should include (1) a detailed explanation of how Qualcomm attempted to verify or verified compliance with the Arm ARM or Arm ISA for each of its products, including all Persons involved, the actions, time, and any resources expended to verify such compliance, including whether Qualcomm requested, received, and/or used one or more OOBs, ACK patches, ACK waivers, green light or green signal, and/or final sign off, and (2) whether Qualcomm was successful in verifying compliance with the Arm ARM or Arm ISA for each of its products, and if not, why not.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 13 to the extent it misstates Qualcomm's verification obligations contained in ████████ of the Armv8 and Armv9 Annexes to the Qualcomm ALA, including because (1) those obligations extend only to ██████████████, not to "products" that may incorporate such ██████████████, and (2) the Qualcomm ALA requires that an ██████████████ have "████████████████████ ██████████████" of the relevant Annex 1, Qualcomm ALA, Armv8 Annex 1 ██████ ; Qualcomm ALA, Amv9 Annex 1 ██████████ which do not use the phrase ██████ ██████████████████ For the same reasons, Plaintiffs object to the

15

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

phrases "verify or attempt to verify compliance with the Arm ARM or Arm ISA," "any subsequent design or products developed by or for Qualcomm," and "verified compliance with the Arm ARM or Arm ISA for each of its products" as vague and ambiguous and to the extent they call for a legal conclusion. In the Response below, Plaintiffs use the words "verify" and "verification" consistent with their usages in ██████ of the Armv8 and Armv9 Annexes to the Qualcomm ALA.

Plaintiffs further object to the Interrogatory to the extent it suggests that ████████ ████████████ are "cores or CPUs." Plaintiffs further object to the Interrogatory as improperly compound. Plaintiffs further object to the Interrogatory because it seeks information that is not relevant to any of the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Consistent with its contractual obligations, Qualcomm runs each ACK test listed in the OOB, an Arm-provided list of tests tailored to the specific feature set Qualcomm has implemented for a given core, on both Qualcomm's design-under-test and Arm's Architecture Envelope Model ("AEM"), provided as part of the ACK. Each test is self checking. If a test fails on the design-under-test, engineers look at whether it passed on the AEM. If it passes on the AEM, engineers then analyze the issue in an attempt to determine why the design is failing, *i.e.*, whether there is a test issue or a design issue. If it is believed that the failure is due to a defect in Arm's test, Qualcomm requests either a working test in the form of an ACK patch or a waiver. If the mismatch is believed to results from a design or implementation issue, then Qualcomm engineers work to address the issue. If the test fails on both the design-under-test and the AEM, then the OOB may tell the engineer whether the failing test is due to a limitation of the AEM or a known test defect.

In May 2022, █████████████████████████████████████████████ ██████    For example, ████████████████████████████    ███████████    ███████████

16

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

███████████████████████████████████████████████

████  ███  ██  ███  ███  ███  ████  ██  █████  █████      ████████    ; *see* ARM_00035319, ARM_01215997, QCARM_3059661.  Then, in fall 2022, Arm began refusing to provide OOBs or patches to the ACK or confirming ACK test issues, starting with Qualcomm's ████████ core.  For example, on October 10, 2022, Jignesh Trivedi was informed that Arm could not "share OOB and patches" until "after [Arm] management has given their approval." QCVARM_0688932.  Arm then stated repeatedly that delivery of OOBs and ACK patches was pending approval, including approval by Arm management and legal.  *E.g.*, QCVARM_0687476, QCVARM_0691526, QCVARM_0691853.  In addition, Arm refused to provide support to allow Qualcomm to configure the ██████████ a component of the ACK licensed by Qualcomm for Armv9.  *See* Qualcomm ALA, Armv9 Annex 1 █████████.

Without OOBs from Arm, Qualcomm engineers had to expend engineering time selecting the subset of ACK tests they believed appropriate for the designs Qualcomm was targeting.  If Qualcomm chose the wrong set of tests, it risked having a chip manufactured with design defects that it would have ascertained (and then fixed) had it run the correct tests.  Likewise, without Arm providing ACK patches or even confirming whether an ACK test's failure stems from a test defect, Qualcomm engineers were forced to expend engineering time ensuring that their understanding of the Arm ISA is correct and that Arm's test is wrong—time that would have been saved had Arm satisfied its contractual obligations and provided ACK patches or otherwise confirmed ACK test issues.  Finally, because Arm refused to provide any support for configuring the ███████, Qualcomm could not use it for testing compliance with the ████ feature.  QCVARM_0618712.

Nonetheless, Qualcomm continued to verify its custom CPUs even without ACK patches, OOBs, and the ████████, pursuant to its obligations under ████████ of the relevant Annexes

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

to the Qualcomm ALA. Accordingly, Qualcomm submitted its compliance reports for the ███████  ███████████ CPUs on March 8, 2023 (QCVARM_0699275), for the ████ ████████████ CPU on February 21, 2024 (QCVARM_0577503), for the ████ ██████ ████ ██████ and ████████████  ██████ CPUs on July 24, 2024 (QCVARM_0575617, QCVARM_0618453), and for the ██████████████  ██████████ ████████and ████████████  ██████ CPUs on January 7, 2025 (QCVARM_0575613, QCVARM_0575611). But because Arm violated the terms of the Qualcomm ALA by failing to deliver OOBs and ACK patches and to provide support for the ████████, Qualcomm expended additional engineering effort to do so.

Now, following the trial in *Arm Ltd.* v. *Qualcomm Inc.*, where the jury found that "Qualcomm CPUs that include designs acquired in the Nuvia acquisition are licensed under the Qualcomm ALA," C.A. No. 22-1146 (MN), D.I. 572 at 1, Arm has provided some verification support. For example, on February 11, 2025, Arm provided Qualcomm ████████████ ██ ████████████ ████████ ██ ████████ ██ ████████████ ████████ ██████ QCVARM_0616871. Because Qualcomm could not run the ACK tests that required configuration of the ████████, however, Arm has now warned Qualcomm that ████████████████ █████████████████████████████████████████ *Id*. at -872. Likewise, on February 25, 2025, Arm began providing ACK patches, which it had not done since November 14, 2022. QCVARM_0688777, QCVARM_0575616. Yet, these patches cannot be retroactively applied to ensure the correctness of Qualcomm cores for which development has already been completed, and Arm has informed Qualcomm that at least one test defect reported by Qualcomm in the intervening years may be a design defect, and may require Qualcomm to publish an errata.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

QCVARM_0717757.  Finally, on April 21, 2025, Arm also provided the OOB for one CPU. QCVARM_0717964.

Based on their investigation to date, Plaintiffs identify the following individuals, who may only be contacted through counsel for Plaintiffs, as the persons most likely to be knowledgeable about the facts relating to this answer:

- 

- 

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

May 9, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, copies of the foregoing were caused to be served upon

the following in the manner indicated:

Anne Shea Gaza, Esquire                          *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                      *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                        *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                        *VIA ELECTRONIC MAIL*
Kyle D. Friedland, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

Erik J. Olson, Esquire                           *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Defendant*

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Gregg F. LoCascio, P.C.                                      *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                         *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                  *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


                                        */s/ Jennifer Ying*
                                        _____
                                        Jennifer Ying (#5550)