

**WILMINGTON**
RODNEY SQUARE

**Anne Shea Gaza**
P 302.571.6727
F 302.576.3439
agaza@ycst.com

June 19, 2025

**By E-FILE AND HAND DELIVERY**

The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

**REDACTED -
PUBLIC VERSION
FILED JULY 1, 2025**

Re:    Qualcomm Inc. v. Arm Holdings PLC, C.A. No. 24-490 (D. Del.)

Dear Judge Noreika:

On June 18, 2025, Qualcomm filed without any advance notice to Arm (notwithstanding a 90-minute meet and confer earlier that day on other issues) an unsolicited, purported "notice of subsequent events" alleging that Arm is refusing to or delaying in providing discovery regarding Qualcomm's "TLA and ALA extension claims." D.I. 244. Arm submits this response to correct the record regarding Arm's document production to date, which spans more than 300,000 documents (in addition to those produced in *Arm Ltd. v. Qualcomm Inc. et. al*, C.A. No. 22-1146 (MN)) and which Arm has supplemented with more than 2,300 pages of additional documents since the Court granted Qualcomm's motion to amend. Qualcomm's unsolicited submission is little more than an attempt to baselessly paint Arm in a bad light—as evidenced by the fact Qualcomm filed the letter without even reviewing Arm's most recent productions (D.I. 244 at 2) —and to circumvent the Court's discovery letter briefing page limit. Qualcomm's "notice" should be disregarded.

In March 2025, Qualcomm moved to amend its complaint for a second time to add new claims directed to Arm's alleged breach of the parties' Technology License Agreement ("TLA") and Qualcomm's attempt—five years ago—to extend the parties' Architecture License Agreement ("ALA"). D.I. 91. Arm opposed that motion because it was untimely, the amendment would be futile, and the amendment would prejudice Arm. D.I. 94. On June 3, 2025, the Court granted Qualcomm's motion for leave. D.I. 134. Pursuant to the Court's June 3 Order, the parties also submitted letter briefing detailing outstanding discovery disputes. D.I. 158, 159, 161, 162; *see also* D.I. 191. Since then, the parties have collectively noticed nearly 50 depositions and began conducting those depositions this week.

The thrust of Qualcomm's letter is that Arm supposedly refused to engage in discovery pertaining to Qualcomm's new SAC claims. That is baseless. As Arm's June 5, 2025 responsive

The Honorable Maryellen Noreika
June 19, 2025
Page 2

letter confirmed, "[n]ow that the SAC is operative, Arm will promptly supplement its responses to these requests and produce documents." D.I. 162 at 3. That is exactly what Arm has done. Over the past two weeks, Arm has: (1) supplemented its responses to 19 RFPs, *see* Exs. 1–3; (2) supplemented its response to Qualcomm's Interrogatory No. 3 which seeks information about v10 to the Arm ISA, which is relevant to Qualcomm's "ALA extension claim," D.I. 243; (3) produced documents relevant to Qualcomm's new SAC claims, including over 1000 pages on June 17, 700 pages on June 18, and 600 pages on June 19; (4) supplemented its disclosures to identify an additional search term custodian; (5) disclosed six new search terms (with hit count information) directed at the new SAC claims;[1] (6) served a 43-page fulsome response to Qualcomm's most recent interrogatories (served on May 14), which includes several requests directed to the new SAC claims, D.I. 223; and (7) met and conferred with Qualcomm twice, on June 16 and 18, regarding Arm's SAC-related discovery responses.

Qualcomm's letter omits this important context. Rather, Qualcomm cherry picks out-of-context quotes from the end of the parties' June 16 meet and confer where Arm was responding to Qualcomm's prejudice allegation. What Qualcomm fails to mention is that throughout that call, Arm *repeatedly* informed Qualcomm that it was supplementing its document production, discovery responses, and search term hit count information:

**Arm**: Well, so two things. So what I said was, we intend to supplement the RFP responses within the next day or so. I do think we're also -- we have a production cooking that should be to you pretty soon, too.

\* \* \*

**Qualcomm**: Okay. And in terms of the supplemented responses and objections, are you saying that we'll get that today?

**Arm**: Same timeline. Should be today or tomorrow, but we do intend to supplement those responses.

**Qualcomm**: Okay. And is that just for the TLA, or is that for the TLA and the other, you know, things related to the extension of the ALA and V10 that you also had said you were not going to produce until there was a second amended complaint?

---

[1]    Arm also provided hit count information regarding its search terms and Qualcomm's additional ten search terms, which resolves that disputed issue. D.I. 161 at 4.

The Honorable Maryellen Noreika
June 19, 2025
Page 3

> **Arm**: Yeah, so the supplement is intended to cover both topics. And I know you guys raised RFP 168, so that should resolve that as well. But, yes, it should cover both.

Ex. 4 at 4-6; *see also id.* at 13-14, 17-22 ("we're happy to meet and confer on these issues and I, you know, don't intend to drag this out like another week to stall on that. That's not our goal here."). Arm made those supplements the following day, continues to review documents, and intends to continue producing documents on a rolling basis. The fact that Qualcomm filed its "notice" without even reviewing Arm's June 17 production of TLA-related documents is telling. D.I. 244 at 2.

There is no doubt that with nearly fifty depositions to conduct by July 11, **both** parties have limited time and ability to complete discovery. Yet whatever prejudice there may be to Qualcomm, it is far worse to Arm. Although Arm has taken steps to supplement its production and discovery responses, Qualcomm has done ***nothing*** to remedy even a single deficiency outlined in Arm's letter briefing. D.I. 159. Qualcomm has failed to supplement its interrogatory responses or disclose its core case theories, refused to provide reciprocal discovery on the core issues in the case, and refused to supplement its deficient search terms or custodians. While Qualcomm will have the documents it needs to conduct depositions on its new SAC claims, Arm's ability to test the merits of Qualcomm's allegations is severely prejudiced due to Qualcomm's refusal to participate in discovery.

Furthermore, Qualcomm's request that the Court "order Arm to ***fully*** supplement its document production immediately" is misplaced. Qualcomm has requested broad swaths of discovery that bear no relevance to the issues it has plead in the SAC—an apparent fishing expedition for more claims to assert against Arm—and Arm has objected to those requests. As one example, the SAC alleges Arm breached the TLA by allegedly "constructively" failing to make renewal offers for licenses to ███████████████████████████████████████ ██████ *See, e.g.*, D.I. 137 ¶¶ 102–127, 213–226. The SAC focuses exclusively on only those ██████ and an alleged breach of Sections ████ and ████, and its breach of ████ allegations are similarly based on a failure to provide those licensing proposals. *Id.*; *see also id.* ¶ 184. Yet Qualcomm propounded numerous discovery requests regarding unrelated Arm products and TLA provisions nowhere mentioned in the SAC. *See, e.g.*, RFP Nos. 34, 40, 55, 57, 58, 59, 60, 61, 63, 70, 71, 72, 78, 79, 85, 89, 90, 94, 95, 100, 157, 158. When asked during a June 18 meet and confer, Qualcomm refused to explain the relevance of this discovery, disclaimed that it was asserting a breach of any TLA provision other than ████ or ████, and instead told Arm to "put it in writing." *See* Ex. 5 at 42-44. Accordingly, Arm's objections to Qualcomm's requests should be taken into consideration should the Court believe any supplementation of Arm's production may be warranted.

The Honorable Maryellen Noreika
June 19, 2025
Page 4

Respectfully submitted,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (by email)
Attachments: Exhibits 1-5

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on June 19, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | |
| Plaintiffs, | |
| v. | C.A. No. 24-490-MN |
| ARM LTD., a U.K. corporation, | |
| Defendant. | **CONFIDENTIAL** |

**ARM LTD.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-52)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's

Default Standard for Discovery, Including Discovery of Electronically Stored Information

("Default Standard"), and Stipulation and Order governing ESI in this case (together with the

Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective

Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the

Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court,

Arm Ltd. ("Arm") submits the following responses and objections to Qualcomm Inc. and

Qualcomm Technologies, Inc.'s (together "Qualcomm") First Set of Requests for Production of

Documents and Things to Arm Ltd. (Nos. 1-52), dated January 21, 2025 (each a "Request" and

collectively the "Requests").

**PRELIMINARY STATEMENT**

1.      Arm's responses to the Requests ("Responses") are made in accordance with the

Federal Rules of Civil Procedure and based upon information currently available to Arm.

1

Investigation and discovery are ongoing in this case. Arm responds to the Requests without prejudice to Arm's right to supplement its Responses. Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry. Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm. It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the

possession, custody, or control of Arm, and can be located after a reasonable search.

## GENERAL OBJECTIONS

6.      Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

7.      Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

8.      Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

9.      Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

10.     Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

11.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

3

12.    Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

13.    Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

14.    Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

15.    Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

16.    The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

17.    Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

18.    Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its

likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

19.     Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

20.     Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

21.     Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al*., C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

22.     Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications Arm referenced, relied upon, or otherwise used in drafting its Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search that Arm referenced in its Answer. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Arm contends support its defenses or that rebut its defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search relating to its

defenses. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm.*

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications sufficient to show all error corrections, ████, ████, modifications, maintenance releases, and enhancements to the ████ ████ licensed under the Qualcomm ALA and released or distributed (internally or otherwise) since June 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show all error corrections, ████, modifications, maintenance releases, and

enhancements to the ███████████ licensed under the Qualcomm ALA and released or distributed (internally or otherwise) since June 1, 2022 to April 18, 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll error corrections, ███████████, modifications, maintenance releases, and enhancements" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrases "error corrections," "modifications," "maintenance releases," and "enhancements" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning ███████████████ or bug fixes, updates, corrections, or any other technical improvement or information licensed under the Qualcomm ALA that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "bug fixes," "corrections," and "any other technical improvement or information" are vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications since June 1, 2022 related to or concerning the [sic] Qualcomm's ACK or Qualcomm's OOB tests, and any patches thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon custodians relating to or concerning Qualcomm's ACK or Qualcomm's OOB tests, and any patches thereto since June 1, 2022 to April 18, 2024. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "patches" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 6:**

All versions of the ACK released after June 1, 2022, and any patches thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents sufficient to show the versions of

the ACK released after June 1, 2022, and any patches thereto to the extent such documents are in its possession, custody, or control and can be located through a targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "patches" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning Arm's position that ███████████ ██████████████████████, of the Qualcomm ALA governs delivery of ACK deliverables listed in ████████ of any of the Qualcomm ALA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

custodians concerning Arm's position that ████████████████████, of the Qualcomm ALA governs delivery of ACK deliverables listed in ██████ of any of the Qualcomm ALA Annexes.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning or interpreting ████████████████ ██████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or interpreting ██████████████████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning or interpreting the definition of "████", and sections governing verification, delivery, support, and any remedies for failure to deliver ████████████ in any Third Party ALAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "verification," "delivery," "support," and "remedies for failure to deliver" are vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request as duplicative of Request for Production Nos. 7 and 8.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning the withholding of ███ ████████ or other deliverables from Qualcomm, including any Documents and Communications discussing Arm's justification(s) for those withholdings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning the withholding of ████████, the ACK, or OOB from

14

Qualcomm. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Arm's handling of deliverables to Qualcomm. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications related to or concerning Arm's assertion that Qualcomm has no "████████████████████████████████████████ ████████████████████" and that ████████████████████████." (12/6/2022 Letter from S. Collins to A. Chaplin).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's assertion that Qualcomm has no "████████ ███████████████████████████████████████████" and that ████████████████████████████ as stated in the December 6, 2022 Letter from S. Collins to A. Chaplin. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications related to or concerning Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022 and December 5, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022 and December 5, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications related to or concerning Arm's decision not to provide Qualcomm with OOB tests or ACK patches after receiving Qualcomm's November 3, 2022 and December 5, 2022 notices of failure to deliver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

custodians related to or concerning Arm's decision not to provide Qualcomm with OOB tests or ACK patches after receiving Qualcomm's November 3, 2022 and December 5, 2022 notices of failure to deliver.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "decision" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 12. Arm objects that this Request is argumentative and assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning any inquiry or request made by Qualcomm to Arm regarding the Arm's development of v10 of the Arm ISA (including the April 17, 2020 email from Rajiv Gupta at Qualcomm to Lynn Couillard at Arm) and Arm's response to those inquiries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any inquiry, or request" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning v10 of the Arm ISA. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding inquiries or requests made by Qualcomm to Arm, and Arm's responses to those inquiries.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians concerning any inquiry or request made by Qualcomm to Arm regarding Arm's development of v10 of

the Arm ISA (including the April 17, 2020 email from Rajiv Gupta at Qualcomm to Lynn Couillard at Arm) and Arm's response to those inquiries.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any inquiry, or request" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding inquiries or requests made by Qualcomm to Arm, and Arm's responses to those inquiries.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning the past, current, or future development of another version of the Arm ISA, including but not limited to a v10 of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning v10 of the Arm ISA. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "another version" is vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the development timeline of v10 of the Arm ISA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "another version" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm alleging that Qualcomm is in breach of its ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications related to or concerning Arm's sharing of its October 22, 2024 letter to Qualcomm or the allegations contained in that letter with Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

custodians related to or concerning Arm's sharing of its October 22, 2024 letter to Qualcomm or the allegations contained in that letter with Third Parties.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request for Production No. 16. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications related to or concerning Qualcomm's May 20, 2020 email from Brett Bettesworth to Lynn Couillard ██████████      ██████████ of the Qualcomm ALA and ████████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Qualcomm's May 20, 2020 email from Brett

Bettesworth to Lynn Couillard ████████████████ ████████ ████████████████

████████████████████████ .

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications related to or concerning Arm's analysis or discussion of whether to extend the ████████ of the Qualcomm ALA following Qualcomm's May 20, 2020 email.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's analysis or discussion of whether to extend the ████████ of the Qualcomm ALA following Qualcomm's May 20, 2020 email.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request for Production No. 18.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning Arm's discussions with Third Parties regarding the claims in Qualcomm's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning Arm's discussions with Third Parties regarding the claims in Qualcomm's Complaint. Arm will also produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's formal Communications with Third Parties regarding the claims in Qualcomm's Complaint.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding the status of Qualcomm's licenses with Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's discussions with Third Parties regarding the status of Qualcomm's licenses with Arm. Arm will also produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's formal Communications with Third Parties regarding the status of Qualcomm's licenses with Arm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter, and licenses not at issue. Arm objects to this Request

to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as licenses not as issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "status of Qualcomm's licenses with Arm" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding Qualcomm's relationship with Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the

work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "Qualcomm's relationship with Arm" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications containing any analysis or evaluation of the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians containing analysis or evaluation of the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any analysis or evaluation" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "analysis" "evaluation," and "impact" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 23.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications related to or concerning Arm's potential termination of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning deliverables included as  licensed under the Qualcomm ALA, including the , that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 27:**

All ALAs and Annexes with Third Parties (*i.e.*, parties other than Qualcomm).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and

32

will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning delivery of ███████████, ███████, or bug fixes, updates, corrections, or any other technical improvement licensed under ALAs to third parties (*i.e.*, parties other than Qualcomm), including documents sufficient to show the licensee, the date of delivery, and the terms of any such delivery for any delivery that was not provided to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the

third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications with Arm's Board of Directors and/or Masayoshi Son concerning the decision to withhold deliverables, including ██████ ████████████ or bug fixes, updates, corrections, or any other technical improvement or other information licensed under the Qualcomm ALA, from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning Arm's withholding of the ACK and OOB from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as duplicative of Request for Production Nos. 10 and 39.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications related to or concerning Arm's communications with Qualcomm regarding the delivery of ███████████ or other deliverables licensed under the Qualcomm ALA, including but not limited to communications from Arm to Qualcomm, informing Qualcomm that deliverables would be delayed or would need legal approval, and documents and communications regarding Arm's strategy or plans for communications with Qualcomm regarding the delivery of ███████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's communications with Qualcomm regarding the delivery of ███████████ under the Qualcomm ALA. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or

immunity. Arm objects to this Request to the extent that it calls for documents equally

available to Qualcomm, in Qualcomm's possession, in the public domain, or that are

obtainable from some other source that is more convenient, less burdensome, or less

expensive. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications related to or concerning each ACK patch

released since June 1, 2022, including documents related to the development process for

each patch, the timeline for development, and each version of the Arm Architecture that the

patch corresponds to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to its General Objections and any specific objections set forth below, Arm will

produce non-privileged and non-work product documents in its possession, custody, or

control located through a reasonable, proportional, and targeted search sufficient to show

the development process for each ACK patch released since June 1, 2022 to April 18, 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll Documents and Communications"

regarding the requested subject matter. Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses. Arm objects to

this Request to the extent it seeks information that Arm is restricted by law or contract from

disclosing, such as information subject to a confidentiality agreement with a third party, and

will not produce any such documents absent agreement of the third party(ies) or Court Order.

Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request because the phrases "development process" and "timeline for development" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications related to or concerning the delivery of ACK patches to any ALA partner other than Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as delivery of ACK patches to third parties. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning OOB tests, including the development process for OOB tests, the timeline to configure the ACK through the use of OOB tests, and any manuals or presentations describing the use of OOB tests with the ACK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the development process for OOB tests and the use of OOB tests with the ACK.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "development process," "timeline to configure the ACK," and "manuals or presentations" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning any negotiations that Arm had with

TLA licensees (including Third Parties) for the ███████████████████████████

██████████████████████████████████, software test libraries

for the ███████████████████████, and CPUs codenamed ████████████████

██████████████████, including but not limited to price quotes, license fees, licensing

term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request and

a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll Documents and Communications"

regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case in that it is not limited to a

relevant, reasonable time period. Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses, such as

documents concerning negotiations with third party licensees. Arm objects to this Request

to the extent it seeks information that Arm is restricted by law or contract from disclosing,

such as information subject to a confidentiality agreement with a third party, and will not

produce any such documents absent agreement of the third party(ies) or Court Order. Arm

objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request to the extent that it calls for documents

equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are

obtainable from some other source that is more convenient, less burdensome, or less

expensive regarding negotiation between ARM and TLA licensees. Arm objects to this

Request because the phrases "TLA licensees" and "other language to include in the TLA

Annexes" are vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its General Objections, any specific objections set forth below, and in

accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in Arm's possession, custody, or control located through a reasonable,

proportional, and targeted search sufficient to show the identity of Arm's licensees for the

███████████████████████ .

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll Documents and Communications"

regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case in that it is not limited to a

relevant, reasonable time period. Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses, such as

documents concerning negotiations with third party licensees. Arm objects to this Request

to the extent it seeks information that Arm is restricted by law or contract from disclosing,

such as information subject to a confidentiality agreement with a third party, and will not

produce any such documents absent agreement of the third party(ies) or Court Order. Arm

objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding negotiation between ARM and TLA licensees. Arm objects to this Request because the phrases "TLA licensees" and "other language to include in the TLA Annexes" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other

source that is more convenient, less burdensome, or less expensive regarding Arm's October 22, 2024 letter to Qualcomm. Arm objects to this Request as duplicative of Request for Production No. 16.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications related to or concerning Arm's sharing of the October 22, 2024 letter with Third Parties, including but not limited to Arm's decision to share the letter with Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's sharing of the October 22, 2024 letter with Third Parties.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request for Production Nos. 17 and 35.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications related to or concerning internal discussions of licensing v10 of the Arm ISA to Qualcomm, including discussions regarding whether to withhold v10 and potential pricing for v10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents relating to v10 of the Arm ISA. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable,

proportional, and targeted search through the use of search terms and custodians related to

or concerning internal discussions of licensing v10 of the Arm ISA to Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll Documents and Communications"

regarding the requested subject matter. Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses. Arm objects to

this Request as seeking information that is protected by the attorney-client privilege, the

work-product doctrine, the common interest privilege, or any other applicable privilege or

immunity. Arm objects to this Request to the extent that it calls for documents equally

available to Qualcomm, in Qualcomm's possession, in the public domain, or that are

obtainable from some other source that is more convenient, less burdensome, or less

expensive.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning or related to Arm's January 8, 2025

letter to Qualcomm withdrawing the notice of termination of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to its General Objections, any specific objections set forth below, and in

accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon

custodians concerning or related to Arm's January 8, 2025 letter to Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning or related to withholding █████ ███████ from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or related to withholding ███████████ from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions. Arm objects to this Request to the extent that it seeks information that would be cumulative of information produced elsewhere.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning Arm's discussions with Qualcomm regarding licensing of the ███████████████████████████████████ ███████████████████████████, software test libraries for the ███████████ ███████████, and CPUs codenamed ███████████████████████ including discussions regarding potentially withholding any of the listed items, pricing of the items, and any potential restrictions related to the use of the items in Qualcomm's products, including in any chips that contained designs or source code that originated at Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

46

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians concerning Arm's discussions with Qualcomm regarding licensing of the ███████████████ ████████.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other

applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning the decision not to provide Qualcomm with information or documents related to the configuration or enablement of the ███████████████████████████████, including but not limited to communications regarding Qualcomm's requests for delivery of the ████████████████████████ ██████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning the decision not to provide Qualcomm with information or documents related to the configuration or enablement of the ████████████████████ ██████████.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from

disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "decision not to provide Qualcomm with information or documents" and "configuration and enablement" are vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning the decision to introduce the v9 Architecture, including but not limited to the timing and reasoning for Arm's decision to move from v8 to v9 Architecture within the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from

disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the timing of the introduction of Arm's v9 architecture, and differences between Arm's v8 and v9 Architecture.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications concerning the decision to introduce the v10 Architecture, including the timing and reasoning for Arm's decision to move from v9 to v10 Architecture and the differences between the v9 and v10 Architecture within the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's current plans for Arm's v10 Architecture, timing of the release of Arm's v10 Architecture, and contemplated differences between Arm's v9 and v10 Architecture.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning the addition of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "addition of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA" is vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the differences between v8 and v9 of the Arm ISA, and the contemplated differences between v9 and v10 of the Arm ISA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "addition

of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm

ISA" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning Arm's analysis of whether v9 met

the contractual definition of "███████" as defined at █████████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request and

a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll Documents and Communications"

regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case in that it is not limited to a

relevant, reasonable time period. Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses. Arm objects to

this Request to the extent it seeks information that Arm is restricted by law or contract from

disclosing, such as information subject to a confidentiality agreement with a third party, and

will not produce any such documents absent agreement of the third party(ies) or Court Order.

Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request because the phrase "analysis" is vague,

ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal

conclusion.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications concerning ██████ as defined at ██████ ██ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning ██████ as defined at ██████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are

obtainable from some other source that is more convenient, less burdensome, or less expensive.  Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 47:**

Organizational charts for Arm's engineering, verification, product management, Intellectual Property Group, Internet of Things, and business departments, including names of sub-unit or team within a department and the names of leadership of each department and any sub-unit or team within a department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show organizational charts for Arm's engineering, verification, product management, Intellectual Property Group, Internet of Things, and business departments for the relevant time period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request because the phrase "business departments" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 48:**

All minutes or records of Arm's Technology Advisory Board meetings for the past
10 years, including documents sufficient to show the dates of each meeting, the attendees,
and the matters discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to its General Objections and any specific objections set forth below, Arm is
willing to meet and confer with Qualcomm regarding the relevant scope of this Request and
a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional
to the needs of the case to the extent it seeks "[a]ll Documents and Communications"
regarding the requested subject matter. Arm objects to this Request as overbroad, unduly
burdensome, and not proportional to the needs of the case in that it is not limited to a
relevant, reasonable time period. Arm objects to this Request to the extent it seeks
production of documents not relevant to either Party's claims or defenses. Arm objects to
this Request to the extent it seeks information that Arm is restricted by law or contract from
disclosing, such as information subject to a confidentiality agreement with a third party, and
will not produce any such documents absent agreement of the third party(ies) or Court Order.
Arm objects to this Request as seeking information that is protected by the attorney-client
privilege, the work-product doctrine, the common interest privilege, or any other applicable
privilege or immunity. Arm objects to this Request because the terms "minutes" and
"records" are vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search regarding summaries of Arm's Technology Advisory Board meetings for the past 10 years.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "minutes" and "records" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of ███████████ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the terms "breach" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 50.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians related to or concerning Qualcomm's notices of Arm's alleged breach of ███████████ of the Qualcomm TLA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the terms "breach" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 50.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of ███████████████ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to

this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as duplicative of Request for Production No. 49.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians related to or concerning Qualcomm's notices of Arm's alleged breach of ███████████ of the Qualcomm TLA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less

expensive. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as duplicative of Request for Production No. 49.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm regarding Arm's breach of ███████████████ of the Qualcomm TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show every ALA and TLA provided or made available to
Nvidia or its counsel as part of Nvidia's planned acquisition of Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Subject to its General Objections and any specific objections set forth below, Arm is
willing to meet and confer with Qualcomm regarding the relevant scope of this Request and
a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional
to the needs of the case. Arm objects to this Request as overbroad, unduly burdensome, and
not proportional to the needs of the case in that it is not limited to a relevant, reasonable
time period. Arm objects to this Request to the extent it seeks production of documents not
relevant to either Party's claims or defenses. Arm objects to this Request to the extent it
seeks information that Arm is restricted by law or contract from disclosing, such as
information subject to a confidentiality agreement with a third party, and will not produce
any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this
Request as seeking information that is protected by the attorney-client privilege, the work-
product doctrine, the common interest privilege, or any other applicable privilege or
immunity.

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


 */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
   a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
   Delaware corporation

       Plaintiffs,

   v.

ARM HOLDINGS PLC, f/k/a, ARM LTD.
   a U.K. corporation

       Defendant.

C.A. No. 24-490-MN

**CONFIDENTIAL**

## ARM LTD.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO QUALCOMM'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 53-120)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Ltd. ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") Second Set of Requests for Production of Documents and Things to Arm Ltd. (Nos. 53-120), dated February 21, 2025 (each a "Request" and collectively the "Requests").

## PRELIMINARY STATEMENT

1.     Arm's responses to the Requests ("Responses") are made in accordance with the

Federal Rules of Civil Procedure and based upon information currently available to Arm. Investigation and discovery are ongoing in this case. Arm responds to the Requests without prejudice to Arm's right to supplement its Responses. Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry. Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm. It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the possession, custody, or

control of Arm, and can be located after a reasonable search.

## GENERAL OBJECTIONS

1.     Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2.     Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3.     Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4.     Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5.     Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

3

7.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

8.      Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

9.      Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

10.     Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

11.     The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

12.     Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

13.     Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of

Arm's business that only minimally or tangentially reference any relevant information, and
where Arm in good faith believes that the information included in the documents would be
cumulative of information produced elsewhere.

14.    Arm objects to each instruction, definition, and/or Request as unreasonably
burdensome to the extent that Qualcomm seeks production of electronically stored information
that goes beyond the Local Rules.

15.    Arm objects to each instruction and/or Request to the extent it requests
information properly requested in an interrogatory.

16.    Arm objects to each Request to the extent that it seeks cumulative or duplicative
information, including to the extent the Requests are cumulative or duplicative of any of the
requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*,
C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to
such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in
this case and instead directs Qualcomm to the prior productions.

17.    Arm objects to the Requests to the extent they are not reasonably limited in time.
Subject to other objections and unless otherwise specified or agreed, Arm will produce non-
privileged and non-work product documents dating from January 1, 2019 forward until the filing
of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its
possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications relating to or concerning improvements
Qualcomm suggested for Arm's off-the-shelf TLA cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "improvements" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications relating to or concerning improvements Qualcomm suggested for the Arm Architecture, including but not limited to suggestions made at Technical Advisory Board (TAB) Meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the annual Technical Advisory Board Meeting minutes.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications relating to or concerning the withholding of ███████████████████████ documentation from Qualcomm, including but not limited to ███ ██████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications relating to or concerning additional license restrictions and requirements Arm sought to insert into Qualcomm TLA annexes and other contracts between the parties after 2021, including new term limits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "restrictions and requirements" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications relating to or concerning Arm's discussions with Qualcomm regarding licensing of the ██████████████████████ and and ██████ codenamed ██████████████ codenamed ██████████████ codenamed ██████████████ codenamed ██████████ the CPU codenamed ██████ ██████ codenamed ████████, ██████████ codenamed ██████, and ████████ ██████ codenamed ████████, including discussions regarding Arm potentially withholding the listed items, pricing of the items, term of the licenses, and any potential restrictions related to the use of the Arm products in Qualcomm's products, including in any chips that contained designs or source code that originated at Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's licensing offers to Qualcomm regarding the

█████████████████████

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

## REQUEST FOR PRODUCTION NO. 58:

All Documents and Communications relating to or concerning any negotiations that Arm had with TLA licensees (including Third Parties) for the  codenamed ████████████ codenamed ████████████ codenamed ████████████ codenamed ████████ the CPU codenamed ████████████ codenamed ████████████ codenamed ████, and ████████ codenamed ████████ including but not limited to price quotes, license fees, licensing term limits, or other language to include in TLA Annexes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, including licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks

information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 34.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the identity of Arm's licensees for the ████████████ ███████████.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, including licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all

third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 34.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications relating to or concerning the withholding of software test libraries (STL) files or releases from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract

from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and Communications relating to or concerning the withholding of documentation associated with Arm's ███████████████████████████ product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Communications relating to or concerning the withholding of fault simulation results from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "withholding" and "results" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications relating to or concerning the withholding of invitations to Arm Partner Meetings from Qualcomm, including any documentation associated with those meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's handling of invitations to Arm Partner Meetings for Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications relating to or concerning the withholding of evaluation licenses (LULs) from Qualcomm for any Arm off-the-shelf TLA cores or other IP that Arm offers for licensing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" related to "any Arm off-the-shelf TLA cores or other IP" regarding the requested subject matter. Arm

objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 64:**

All software release notes and other documentation produced or distributed alongside the release of all error corrections, ███████████, modifications, maintenance releases, and enhancements to the ███████████ released since June 1, 2022, including documents sufficient to show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show software release notes and other documentation produced or distributed alongside the release of all error corrections, ███████████, modifications, maintenance releases, and enhancements to the ███████████ released since June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll software release notes and other documentation" related to "all error corrections, ███████████, modifications, maintenance releases, and enhancements" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from

disclosing, such as information subject to a confidentiality agreement with a third party, and will

not produce any such documents absent agreement of the third party(ies) or Court Order. Arm

objects to this Request as seeking information that is protected by the attorney-client privilege,

the work-product doctrine, the common interest privilege, or any other applicable privilege or

immunity. Arm objects to this Request because the phrases "software notes," "modifications,

maintenance releases, and enhancements," and "changes, improvements, and/or fixes" are vague,

ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm

objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 65:**

All software release notes and other documentation produced or distributed alongside

the release of all ACK patches released after June 1, 2022, including documents sufficient to

show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Subject to its General Objections and any specific objections set forth below, Arm will

produce non-privileged and non-work product documents in its possession, custody, or control

located through a reasonable, proportional, and targeted search sufficient to show software

release notes and other documentation produced or distributed alongside the release of ACK

releases that were made available to all third-party ALA licensees after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll software release notes and other documentation"

related to "all ACK patches" regarding the requested subject matter. Arm objects to this Request

to the extent it seeks production of documents not relevant to any Party's claims or defenses.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or

contract from disclosing, such as information subject to a confidentiality agreement with a third

party, and will not produce any such documents absent agreement of the third party(ies) or Court

Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request because the phrases "notes" and "changes,

improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request

as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 66:**

All software release notes and other documentation produced or distributed alongside

the release of all OOB tests released after June 1, 2022, including documents sufficient to

show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Subject to its General Objections and any specific objections set forth below, Arm will

produce non-privileged and non-work product documents in its possession, custody, or control

located through a reasonable, proportional, and targeted search through the use of search terms

and custodians relating to or concerning software release notes and other documentation

produced or distributed alongside the release of Qualcomm or Nuvia OOB list of tests released

after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll software release notes and other documentation"

related to "all OOB tests" regarding the requested subject matter. Arm objects to this Request to

the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm

objects to this Request to the extent it seeks information that Arm is restricted by law or contract

from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "notes" and "changes, improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show Arm's engineering effort related to the creation of all ACK patches, OOB tests, error corrections, ▮▮▮▮▮▮▮▮▮, modifications, maintenance releases, and enhancements to the ▮▮▮▮▮▮▮▮ released since June 1, 2022, including documents sufficient to show the title of the Arm personnel working on the development and the number of hours spent by Arm personnel in the development and testing of each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's engineering effort related to the creation of Qualcomm and Nuvia OOB list of tests and general development and release materials for ACK releases released since June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks Documents related to the creation of "all ACK patches, OOB tests, error corrections, ▮▮▮▮▮▮▮▮, modifications, maintenance releases,

and enhancements to the ████████████ released since June 1, 2022" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "modifications, maintenance releases, and enhancements" and "development and testing" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 4, 31, 33, 65 and 66. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 68:**

Any agreements entered into by Arm in which Arm agreed to provide any other Arm licensee with ████████████████, modifications, maintenance releases, and enhancements to the ████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ny agreements" involving "any other Arm licensee" regarding the requested subject matter. Arm objects to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case in that it is not limited to a

relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of

documents not relevant to any Party's claims or defenses. Arm objects to this Request to the

extent it seeks information that Arm is restricted by law or contract from disclosing, such as

information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity.

Arm objects to this Request because the phrase "modifications, maintenance releases, and

enhancements" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative

of Request Nos. 27 and 28.

**REQUEST FOR PRODUCTION NO. 69:**

All royalty reports received by Arm from any of the licensees of the agreements in

RFP Number 68.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll royalty reports" from "any of the

licensees" regarding the requested subject matter. Arm objects to this Request to the extent

it seeks production of documents not relevant to any Party's claims or defenses. Arm objects

to this Request to the extent it seeks information that Arm is restricted by law or contract

from disclosing, such as information subject to a confidentiality agreement with a third

party, and will not produce any such documents absent agreement of the third party(ies) or

Court Order. Arm objects to this Request because the phrase "royalty reports" is vague,

ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications relating to or concerning architecture errata for

████████████████████████ that was delivered to other Arm licensees but not to

Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request. Arm has also produced

documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning

errata delivered to "other Arm licensees" regarding the requested subject matter. Arm objects to

this Request to the extent it seeks production of documents not relevant to any Party's claims or

defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and

not proportional to the needs of the case to the extent it seeks production of all third-party TLAs

and TLA Annexes. Arm objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or

contract from disclosing, such as information subject to a confidentiality agreement with a third

party, and will not produce any such documents absent agreement of the third party(ies) or Court

Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request because the phrase "architecture errata" is

vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 28.

**REQUEST FOR PRODUCTION NO. 71:**

All internal strategy documents relating to or concerning Arm's licensing plans for

, as that term is used in Arm's TLA Annexes, or software test libraries for

the ██████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ including but not limited to pricing strategy, license fees,

licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll internal strategy documents" regarding the

requested subject matter. Arm objects to this Request to the extent it seeks production of

documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm

objects to this Request as unduly burdensome and not proportional to the needs of the case to the

extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the terms "strategy documents" and "licensing plans" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications relating to or concerning any  protocol information provided to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning protocol information provided to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents

absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrase "protocol information" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Communications relating to or concerning the licensing of the ████████████████████████████████████ to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 41. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications relating to or concerning Qualcomm's requests to Arm for configuration information concerning the ███████████████████ ████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 41. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications relating to or concerning the licensing of the ██████████████████████████ to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning licensing to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 26.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications relating to or concerning configuration information for the ███████████████████████████████ that was provided to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning configuration information provided to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "configuration information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 26 and 84.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications relating to or concerning the development of ACK patches, including documents showing the number of Arm employees working on development of each patch and the hours spent designing each patch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning the development of ACK releases that were made available to all third-party ALA licensees after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "development" and "designing" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 5, 6, and 31.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications relating to or concerning Qualcomm's 2024 request to renew its license to Arm's ███████████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications relating to or concerning licensing of Arm's ██████████████████████████████ to licensees other than Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning licensing to "licensees other than Qualcomm" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications relating to or concerning Arm's withholding of acknowledgements of ACK test waivers or ACK test issues after receiving ██████████ from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's handling of acknowledgements of ACK test waivers or ACK test issues after receiving ████████ from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Arm's handling of

acknowledgements of ACK test waivers or ACK test issues after receiving ████████ from Qualcomm.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications relating to or concerning the projected or forecasted impact to Arm's revenue or profits following the expiration of Qualcomm's ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning the projected or forecasted impact to Arm's revenue or profits following the expiration of Qualcomm's ALA. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-

client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks information within the scope of expert discovery.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications relating to or concerning Arm's analysis of the RISC-V Architecture, including any analyses related to potential impact to Arm's revenue or profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's analysis of the RISC-V Architecture related to potential impact to Arm's revenue or profits.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications with third parties concerning the RISC-V Architecture and its competition with the Arm Architecture.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's competitive analysis of the RISC-V Architecture.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications with third parties" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "competition" is vague, ambiguous, and undefined. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Documents and Communications with third parties concerning the RISC-V Architecture and its competition with the Arm Architecture.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and Communications relating to or concerning configuration information for the ███████████████████████ that was provided to other licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and configuration information provided to "other licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "configuration information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 5, 26, 28, 75, and 76. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding configuration information for the ███████████████████████ that was provided to other licensees.

36

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Communications relating to or concerning Qualcomm's request for an evaluation license for the CPU codenamed ████████, including discussions of licensing fees, royalty pricing, licensing term limits, and proposed restrictions on Qualcomm's CPU engineering team's access to information concerning ████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request No. 40.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips, including technical analyses, such as analysis of power, performance, and area, estimations of Qualcomm's potential time-to-market for any future CPUs or systems-on-chips, and analysis of project impact to Arm's product roadmap, Arm's market share, and Arm's revenue or profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips related to the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this

Request because the phrases "technical analyses," "power," "area," "time-to-market," and "project impact" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners at the 2023 and 2024 Arm Partner Meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Documents and Information discussed, shown to, shared with, or provided to Arm partners at the 2023 and 2024 Arm Partner Meetings.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "Information," "slides," and "handouts" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners at the 2023 and 2024 Technology Advisory Board meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Documents and Information discussed, shown to, shared with, or provided to Arm partners at the 2023 and 2024 annual Technology Advisory Board meetings.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "Information," "slides," and "handouts" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 48, 54, and 101.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications relating to or concerning the development of each release for the ███████████, as that term is used in Arm's TLA Annexes, or software test libraries for the █████████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term

"development" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 71.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Communications relating to or concerning Arm's delivery of or failure to deliver REL releases for the ███████████, as that term is used in Arm's TLA Annexes, or software test libraries for the ████████████████████ to any Arm licensee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to

Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "failure to deliver" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 71 and 90.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications relating to or concerning Arm's discussions with Third Parties regarding Qualcomm's custom CPUs and systems-on-chips.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's communications with Third Parties regarding Qualcomm's custom CPUs and system-on-chips.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "discussions with Third Parties" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 21.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents and Communications relating to or concerning Arm's selection of and invites to Arm Partner Meetings and Technology Advisory Board meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "selection" and "invites" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 62.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm has already produced non-privileged and non-work product

documents sufficient to show Arm's handling of invitations to Arm Partner Meetings and Technology Advisory Board Meetings for Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "selection" and "invites" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 62.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents and Communications relating to or concerning the ███████ ███████████████████████████████ if Qualcomm ████████████████████████ █████████████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning ████████████████████████████████ ██████ if Qualcomm ████████████████████████████████████ .

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 23, 24, and 81.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications relating to or concerning Qualcomm's request for an evaluation license for the CPU codenamed ███████, including discussions of licensing fees, royalty pricing, licensing term limits, and proposed restrictions on Qualcomm's CPU engineering team's access to information concerning ██████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the

46

extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "restrictions" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 57 and 71.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications concerning or interpreting ███████████ ████████████████████████ of the Qualcomm TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract

from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications concerning or interpreting ███████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians concerning or interpreting ██████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a

confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 97:**

Organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the organizational chart for Arm's automotive department.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally

49

available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "automotive department" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 47 and 98. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 98:**

Organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the organizational chart for Arm's automotive department.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce

any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "automotive department" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 47 and 97. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents referred to, referenced, considered, or relied upon by Arm in preparing responses to each of the interrogatories served by Qualcomm in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search relied upon by Arm in preparing responses to each of the interrogatories served by Qualcomm in this lawsuit.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality

agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications related to or concerning the differences, improvements, enhancements, modifications, changes, or lack thereof between the Arm CPU codenamed ▇▇▇ and the ▇▇▇ codenamed ▇▇▇ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications related to or concerning the marketing, sales, and promotion of the Arm v9 ISA, including marketing materials, Technology Advisory Board materials, internal communications concerning sales pitches to Arm partners, sales

materials, promotional materials, and sales or marketing PowerPoint decks used with partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications . . . used with partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Communications related to or concerning Arm's strategy and planning to encourage adoption by Arm partners and the Arm ecosystem of the Arm v9 ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning strategy and planning to encourage adoption by "Arm partners" regarding the requested subject

matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 101.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's plans for v9 of the Arm ISA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning strategy and planning to encourage adoption by "Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 101.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications related to or concerning Arm's intentions, plans, and strategy to design, build, and distribute its own semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents and Communications related to or concerning Arm's agreement to provide ███ with a semiconductor chip or silicon, as was reported in Financial Times on February 13, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request to the extent it seeks information that Arm

is restricted by law or contract from disclosing, such as information subject to a confidentiality

agreement with a third party, and will not produce any such documents absent agreement of the

third party(ies) or Court Order. Arm objects to this Request as seeking information that is

protected by the attorney-client privilege, the work-product doctrine, the common interest

privilege, or any other applicable privilege or immunity. Arm objects to this Request to the

extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents and Communications related to or concerning Arm's intentions,

plans, and strategy to acquire Ampere Computing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,

and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request to the extent it seeks information that Arm

is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Communications related to or concerning Arm's marketing or planned marketing of semiconductor chips or silicon that it designs, builds, and distributes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 103.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications related to or concerning agreements that Arm has entered into, plans to enter into, or is negotiating regarding the licensing or sale of semiconductor chips or silicon designed and built by Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 110.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's market share in the semiconductor industry resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is

60

protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 108.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents referred to, referenced, considered, or relied upon by Arm in preparing Arm's November 13, 2024 Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents relied upon by Arm in preparing Arm's November 13, 2024 Answer.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request **No**. 1.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents the identification of which is sought by any interrogatory served by Qualcomm in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents the identification of which is sought by any interrogatory served by Qualcomm in this lawsuit.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents identified in Arm's Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents identified in Arm's Fed. R. Civ. P. 26(a)(1) Initial Disclosures. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the

extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request Nos. 115 and 116.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents upon which Arm intends to rely during trial of this matter of which Arm intends to submit to the Court in support of any pleadings filed in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents upon which Arm intends to rely during trial of this matter of which Arm intends to submit to the Court in support of any pleadings filed in this case.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents reviewed by any person Arm expects to call as a fact witness at any hearing or trial in this case, or by any person from whom Arm expects to provide a declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request Nos. 113 and 116.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents relied upon by any experts in formulating opinions that will be presented in reports, declarations, trial, or deposition testimony in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents relied upon by any experts in formulating opinions that will be presented in reports, declarations, trial, or deposition testimony in this case consistent with Fed. R. Civ. P. Rule 26.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that

is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 113 and 115.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents and Communication related to or concerning Arm's efforts, plans, or strategy to hire personnel from its customers as part of Arm's plan to build, design, and distribute semiconductor chips or sell its own silicon, as was reported in Reuters on February 13, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 118:**

All Communications with ████████ related to or concerning Arm's efforts, plans, or strategy to hire personnel as part of Arm's plan to build, design, and distribute semiconductor chips or otherwise sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 119.

**REQUEST FOR PRODUCTION NO. 119:**

All Communications with recruiters or consultants focused on hiring related to or concerning Arm's efforts, plans, or strategy to hire personnel as part of Arm's plan to build, design, and distribute semiconductor chips or otherwise sell its own silicon.

66

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications with recruiters or consultants" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 120:**

An updated version of ARM_01309677 that reflects all IP downloaded from Connect by companies matching %Qualcomm% from 1900-01-01 to 2025-02-21 for all major groups and all products including identifying whether the download was under the TLA or ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search concerning an updated version of

ARM_01309677 that reflects all IP downloaded from Connect by companies matching %Qualcomm% from 1900-01-01 to 2025-02-21 for all major groups and all products.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all major groups and all products" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrase "all major groups and all products" is vague, ambiguous, and undefined.

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Robert M. Vrana_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, a U.K. corporation,

        Defendant.

C.A. No. 24-490-MN

**CONFIDENTIAL**

## ARM HOLDINGS PLC'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO QUALCOMM'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 121-156)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Holdings plc ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") Third Set of Requests for Production of Documents and Things to Arm Holdings plc (Nos. 121-156), dated April 2, 2025 (each a "Request" and collectively the "Requests").

## PRELIMINARY STATEMENT

1.      Arm's responses to the Requests ("Responses") are made in accordance with the

Federal Rules of Civil Procedure and based upon information currently available to Arm. Investigation and discovery are ongoing in this case.  Arm responds to the Requests without prejudice to Arm's right to supplement its Responses.  Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry.  Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.     Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.     Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.     Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm.  It is a mere statement that Arm will produce those

reasonably available, relevant, non-privileged documents that exist, are within the possession, custody, or control of Arm, and can be located after a reasonable search.

## **GENERAL OBJECTIONS**

1.      Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2.      Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3.      Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4.      Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5.      Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is

inadvertent and is not intended to waive these privileges or protections.

7.    Arm objects to each instruction, definition, and/or Request to the extent that it
seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil
Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties'
agreement(s) regarding document production.

8.    Arm objects to the Requests to the extent that they seek confidential,
proprietary, or trade secret information pertaining to Arm, its business, or third parties that
is subject to the Protective Order entered in this case.

9.    Arm objects to the Requests to the extent that they seek to obtain any
information or documents not in its possession, custody, or control.

10.    Arm objects to the Requests to the extent that they seek information already in
Qualcomm's possession, information that is a matter of public record, otherwise equally
available to Qualcomm, or equally obtainable from more convenient sources.

11.    The fact that Arm has objected or produced any documents is not a concession
or admission to any statement, inference, or allegation implied by any Request, to the
existence of any fact set forth or assumed by any such document or by any Request, or that
such document constitutes admissible evidence.  The fact that Arm has produced documents
in response to a particular instruction or Request is not to be construed as a waiver by Arm
of any objection to that particular instruction or Request.

12.    Arm objects to each instruction, definition, and/or Request to the extent that it
requires Arm to draw legal conclusions or agree to legal conclusions put forward by
Qualcomm.

13.    Arm objects to each instruction, definition, and/or Request to the extent that it

is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

14.    Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

15.    Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

16.    Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

17.    Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 121:**

All Documents and Communications relating to or concerning negotiations between Arm and ███, or its subsidiaries, related to Arm's effort to supply ███ with silicon chips.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents and Communications relating to or concerning Arm's knowledge since January 1, 2022 that any Third Party is or has been a customer for Qualcomm CPUs or other products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122**:

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's knowledge since January 1, 2022 that any Third Party with whom Qualcomm alleges interference is or has been a customer for Qualcomm CPUs or other products.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 123**:

All agreements licensing ▮▮▮▮▮▮▮▮▮▮▮▮ codenamed ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮, including TLAs and corresponding Annexes.



**RESPONSE TO REQUEST FOR PRODUCTION NO. 123**:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 140.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the identity of Arm's licensees for ███████████████████████████████.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to

this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 140.

**REQUEST FOR PRODUCTION NO. 124:**

All licensing fee and royalty information for licenses offered by Arm for ██████ ████████████████ codenamed ████████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking

9

information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrase "royalty information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 123.

**REQUEST FOR PRODUCTION NO. 125:**

     All Documents and Communications relating to or concerning Arm's investigation into or review of any Arm license agreement with a third party for ███████████████████ ██████████████████████, including pursuant to the Qualcomm TLA, following Qualcomm's written requests to license those cores in April and August 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

     Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

     Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the terms "investigation" and "review" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34 and 58.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's investigation into or review of Arm's licensing of ████████████████████, including pursuant to the Qualcomm TLA, following Qualcomm's written requests to license ████████ in April and August 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request because the terms "investigation" and "review" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34 and 58.

**REQUEST FOR PRODUCTION NO. 126:**

All Documents and Communications relating to or concerning the article written by Financial Times on February 13, 2025 titled "Arm to launch its own chip in move that could upend semiconductor industry".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request Nos. 103, 108, 109, 110, 117, 119, and 127.

**REQUEST FOR PRODUCTION NO. 127:**

All Communications with Financial Times, Matthew Garrahan, Tim Bradshaw, or David Keohane relating to or concerning Arm's efforts to launch and distribute its own silicon chips and to secure ███ as a customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127**:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phases "efforts to launch" and "secure" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 126.

**REQUEST FOR PRODUCTION NO. 128**:

All Documents and Communications relating to or concerning discussions between Arm or Softbank and Ampere related to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128**:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

13

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents and Communications relating to or concerning discussions between Arm or Softbank and Ampere related to Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 105.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents and Communications relating to or concerning Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information

15

that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 129.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Communications relating to or concerning changes or modifications to the Ampere ALA and Annexes and the Ampere TLA and Annexes, whether implemented or not, in connection with Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the

16

extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrases "changes or modifications" and "whether implemented or not" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 129 and 130.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents and Communications relating to or concerning negotiations with Ampere in connection with Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as

information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this

Request as duplicative of Request Nos. 129, 130, and 131.

**REQUEST FOR PRODUCTION NO. 133:**

All Documents and Communications relating to or concerning negotiations with Ampere

discussing or concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Subject to its General Objections and any specific objections set forth below, Arm is

willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a

relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to

the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs

of the case. Arm objects to this Request to the extent it seeks production of documents not

relevant to any Party's claims or defenses. Arm objects to this Request as seeking information

that is protected by the attorney-client privilege, the work- product doctrine, the common interest

privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the

extent it seeks information that Arm is restricted by law or contract from disclosing, such as

information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 128 and 137.

**REQUEST FOR PRODUCTION NO. 134:**

Documents identifying any of Arm's customer relationship management systems ("CRMs"), including but not limited to Salesforce, Salesforce CPQ and Salesforce Sales Cloud, and any other internal or external CRM systems or software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to "any of Arm's customer relationship management systems" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 135:**

Documents sufficient to show all fields and record types maintained in any CRM system used by Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents showing "all fields and record types" in "any CRM system" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrase "fields and record types" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 136:**

Documents sufficient to show sales processes and workflows used by Arm in its CRM systems to track potential and actual Arm customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.

Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrases "sales processes and workflows" and "track" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 137:**

All Documents maintained in Arm's CRM systems related to communications with customers concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 138:**

All Documents maintained in Arm's CRM systems containing information concerning Arm's plans and efforts to manufacture and sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 103, 108, 109, 110, 117, 119, and 126.

**REQUEST FOR PRODUCTION NO. 139:**

All Documents and Communications relating to or concerning the resources, including time allocation and funds spent, required for Arm to create ACK patches, in whole or in part, since January 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "resources" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 31, 67, and 77.

**REQUEST FOR PRODUCTION NO. 140:**

All TLAs and corresponding Annexes entered into since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll TLAs and corresponding Annexes" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 27.

**REQUEST FOR PRODUCTION NO. 141:**

All Documents and Communications sufficient to show deliverables that Arm claims it provided to Qualcomm, including ███████████████████ but that Qualcomm alleges it did not receive pursuant to the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's provision of deliverables to Qualcomm under the Qualcomm ALA, to the extent not already produced.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 142:**

All Documents and Communications showing deliverables, including ████████ ███████, that were provided to Qualcomm pursuant to the Qualcomm ALA since January 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's provision of deliverables to Qualcomm under the Qualcomm ALA since January 1, 2022, to the extent not already produced.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 141.

**REQUEST FOR PRODUCTION NO. 143:**

All Documents and Communications relating to or concerning ███████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 144:**

All Documents and Communications relating to or concerning the facts discussed in Arm's response to Qualcomm's Interrogatory Number 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144**:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 112. Arm objects to this Request as cumulative of other Requests. Arm incorporates its objections to Qualcomm's Interrogatory Number 3.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 144**:

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search consistent with its response to Qualcomm's Interrogatory No. 3.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 112. Arm objects to this Request as cumulative of other Requests. Arm incorporates its objections to Qualcomm's Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 145:**

All Communications with FGS Global concerning Qualcomm, including but not limited to Arm's October 22, 2024 letter, and all Communications related to meetings or calls between ▮▮▮▮▮▮▮ and Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ▮▮▮▮▮▮▮ concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not

28

proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.
Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs
of the case. Arm objects to this Request as seeking information that is protected by the attorney-
client privilege, the work- product doctrine, the common interest privilege, or any other
applicable privilege or immunity. Arm objects to this Request to the extent it seeks information
that Arm is restricted by law or contract from disclosing, such as information subject to a
confidentiality agreement with a third party, and will not produce any such documents absent
agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it
seeks documents not in Arm's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 145:**

All Documents and Communications relating to or concerning Arm's statement provided
to, or communications with, ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████ concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Subject to its General Objections, any specific objections set forth below, and in
accordance with the ESI Order, Arm will produce non-privileged and non-work product
documents in its possession, custody, or control located through a reasonable, proportional, and
targeted search regarding formal communications with ██████████████████████

 concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 16, 17, 35, 36, and 51.

**REQUEST FOR PRODUCTION NO. 146:**

All Communications with Morrison & Foerster concerning Arm's October 22, 2024 letter related to meetings or calls between Morrison & Foerster and Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and Morrison & Foerster concerning Arm's October 22, 2024 letter related to meetings or calls between Morrison & Foerster and Third Parties in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 16, 17, 35, 36, 51, and 149.

**REQUEST FOR PRODUCTION NO. 147:**

All Communications between ███████████████████████ and Third Parties concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between ███████████████████ and Third Parties concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 148:**

All Communications with ██████████████████████ relating to or concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ████████████████████ concerning Arm's

October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 149:**

All Communications with ███████████████████ concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ███████████████████ concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

## REQUEST FOR PRODUCTION NO. 150:

All Documents and Communications relating to  role .

## RESPONSE TO REQUEST FOR PRODUCTION NO. 150:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent that it seeks documents not in Arm's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 151:

All Documents and Communications responsive to Qualcomm's prior Requests for Production to the extent that Arm withheld production pending Qualcomm's amendment of its Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 151:

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce documents consistent with Arm's responses to Qualcomm's Requests for Production as supplemented after Qualcomm's filing of the Second Amended Complaint.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 152:**

All Documents and Communications relating to or concerning changes in Arm's behavior towards Qualcomm, including decisions to provide deliverables and licensing offers to Qualcomm pursuant to the Qualcomm ALA and TLA, following the jury verdict in *Arm* v. *Qualcomm* (22-1146-MN).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 152</u>:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "behavior," "changes in Arm's behavior towards Qualcomm," and "decisions to provide" are vague, ambiguous, and undefined.

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

# EXHIBIT 4

Page 1

1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF DELAWARE

3    _____

4    QUALCOMM INCORPORATED, a

5    Delaware corporation; QUALCOMM

6    TECHNOLOGIES, INC., a Delaware

7    corporation,

8              Plaintiffs,

9       v.                                    Docket No.

10   ARM HOLDINGS PLC, f/k/a, ARM            24-490-MN

11   LTD., a U.K. corporation.

12             Defendant.

13   _____

14                    MEET AND CONFER

15   DATE:          Monday, June 16, 2025

16   TIME:          11:05 a.m.

17   LOCATION:      Remote Proceeding

18                  Paul, Weiss, Rifkind, Wharton &

19                  Garrison LLP

20                  1285 Avenue of the Americas

21                  New York, NY 10019

22   REPORTED BY:   Alida Green

23   JOB NO.:       7434514

24

25

```
                                                    Page 2
 1                  A P P E A R A N C E S
 2    ON BEHALF OF PLAINTIFFS QUALCOMM INCORPORATED;
 3    QUALCOMM TECHNOLOGIES, INC.:
 4         ERIN MORGAN, ESQUIRE
 5         JAKE BRALY, ESQUIRE
 6         ADAM BASNER, ESQUIRE
 7         Paul, Weiss, Rifkind, Wharton & Garrison LLP
 8         1285 Avenue of the Americas
 9         New York, NY 100190
10
11    ON BEHALF OF DEFENDANT ARM HOLDINGS PLC:
12         PETER EVANGELATOS, ESQUIRE
13         MEREDITH POHL, ESQUIRE
14         ADAM JANES, ESQUIRE
15         Kirkland & Ellis
16         601 Lexington Avenue
17         New York, NY 10022
18
19    ALSO PRESENT:
20         Jennifer Ying, Esquire, Morris, Nicholas, Arsht &
21         Tunnell LLP
22         Anne Gaza, Esquire, Young, Conaway, Stargatt &
23         Taylor LLP
24         Henry Huttinger, Esquire, Morrison Foerster LLP
25
```

Page 3

1                        E X H I B I T S

2    NO.             DESCRIPTION                        ID/EVD

3                        (None marked.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                                                    Page 4
1                   P R O C E E D I N G S
2                   THE REPORTER:  On the record, the time
3        is 11:05 a.m.
4                   MR. BRALY:  All right.  So why don't we
5        get started.  This is Jake from Paul, Weiss.
6                   I think, Peter, we're going to start
7        with the TLA-related RFPs.  And I don't know kind of
8        the easiest way to go through this, but we can just go
9        through the RFPs that you have said that you were not
10       going to produce for and waiting for the second
11       amended complaint.  And just tell us whether you
12       intend to produce for those RFPs, if there are
13       limitations, or if you still are refusing to produce.
14                  MR. EVANGELATOS:  Yeah, look -- this is
15       Peter from Kirkland.  I think we can actually cut
16       through a lot of this.  And I, frankly, do think 30
17       minutes is enough for the list you sent, because I
18       will tell you, we intend to supplement our responses
19       for the TLA-related RFPs.  You should have that today
20       or tomorrow.  It's just with the client right now.
21                  So after that, I think it's probably
22       more, you know, worth -- if you guys still have any
23       disputes or you want to talk, I think after you have a
24       chance to review that, that'll probably be more
25       efficient than rather walking through everything now.
```

Page 5

1                MR. BRALY:  Well, when you say that you

2    intend to supplement your production for the TLA RFPs,

3    does that mean that you intend for all of the ones

4    that were raised in our letter related to the TLA,

5    that you said you were not going to produce for, you

6    intend to fully produce for all of those?  There

7    aren't any objections or limitations that you're

8    placing on those RFPs?

9                MR. EVANGELATOS:  Well, so two things.

10   So what I said was, we intend to supplement the RFP

11   responses within the next day or so.  I do think we're

12   also -- we have a production cooking that should be to

13   you pretty soon, too.  What I said was, if you want to

14   walk through the RFP responses, I'm saying I think it

15   would be more efficient to just wait until you guys

16   have those supplements than walking through each one

17   individually.

18                MR. BRALY:  Got it.  I misunderstood

19   what you were saying.  I thought you were saying you

20   were supplementing the production.  You're saying

21   you're supplementing the responses and objections.

22                MR. EVANGELATOS:  Yes.  And we also do

23   have a production coming as well.

24                MR. BRALY:  Do you have an idea of when

25   that production will come?  I mean, given that the

Page 6

1    depositions are starting this week?

2              MR. EVANGELATOS:  Yeah, off the top of

3    my head, I don't know exactly; but it should be pretty

4    soon, maybe in the next day or so.

5              MR. BRALY:  Okay.  And in terms of the

6    supplemented responses and objections, are you saying

7    that we'll get that today?

8              MR. EVANGELATOS:  Same timeline.

9    Should be today or tomorrow, but we do intend to

10   supplement those responses.

11             MR. BRALY:  Okay.  And is that just for

12   the TLA, or is that for the TLA and the other, you

13   know, things related to the extension of the ALA and

14   V10 that you also had said you were not going to

15   produce until there was a second amended complaint?

16             MR. EVANGELATOS:  Yeah, so the

17   supplement is intended to cover both topics.  And I

18   know you guys raised RFP 168, so that should resolve

19   that as well.  But, yes, it should cover both.

20             MR. BRALY:  Okay.  And does that also

21   cover 167?

22             MR. EVANGELATOS:  I guess, if you could

23   just sort of comment on 167, because I know you guys

24   moved on that in your letter brief.  What were you --

25   was there something else you were looking for on that?

```
                                                      Page 7
```

1    Or were you envisioning that's part of the TLA V10

2    issues?  I mean, RISC-V is a little different I

3    thought.  So what were you looking for there exactly?

4                    MR. BRALY:  Yeah, I don't think that

5    that's part of the TLA issue.  I think that's

6    separate.  We just wanted to see if you had changed

7    your position on that.

8                    MR. EVANGELATOS:  Just a sec.

9                    MS. POHL:  Hey everyone, it's Meredith

10   Pohl at Kirkland.  I can take the 167 issue.  So I

11   think my question is, you know, we have produced some

12   internal docs related to RISC-V.  This RFP

13   specifically calls for communications with third

14   parties about RISC-V.  I think this raises a couple of

15   questions for me.

16                    You know, I think on the one hand I

17   think y'all have refused to produce communications

18   with third parties about RISC-V, including

19   communications about your RISE project, which would

20   obviously contemplate RISC-V and third parties like

21   ███████.  But, specifically, with respect to this

22   request, you know, what kind of communications are you

23   looking for?  Like, is there a way we could narrow the

24   scope?  Just communications with third parties by

25   RISC-V is quite broad.

                                                      Page 8

1                    So can you just give me a little bit of

2       more information about what it is you're looking for

3       and why it's relevant?  What it's responsive to?

4                    MR. BRALY:  Yeah.  So this is Jake at

5       Paul, Weiss.  So first of all, I think we actually

6       have produced RISE documents.  I mean, I can go

7       double-check in the production, but I believe we have

8       produced those.

9                    In terms of the -- what 167 is asking

10      for, and, you know, communications with third parties,

11      communications with regulators or regulatory bodies --

12      we're looking to see, are there communications by ARM

13      with third parties, particularly regulators or

14      regulatory bodies, where ARM is making comments or

15      seeking to have regulators or regulatory bodies take a

16      negative view or action towards RISC-V.  You know,

17      basically does ARM, in viewing RISC-V as a competitor,

18      has ARM tried to disparage RISC-V, or in other ways

19      take an action to limit the growth or expansion of

20      RISC-V.

21                   MS. POHL:  I see.  And this is related

22      to what claim in your complaint?  I'm guessing the

23      UCL, but.

24                   MR. BRALY:  Yes.

25                   MS. POHL:  So I guess I understand your

Page 9

1    ask, but I just don't totally see how I think that's

2    responsive or relevant to anything that you've

3    pleaded.  Because it sounds to me like more of a

4    fishing expedition about something that, heretofore, I

5    understand that Qualcomm has kind of taken the

6    position that RISC-V is not a competitor in the

7    market; it's not an alternative.  No one's ever

8    identified it to us as a substitute or that there's

9    sort of an inelasticity of demand issue.  Right?

10                   I mean, no one's ever said that to us

11   about the relevant market.  So it's our view that,

12   based on your answers to us about, you know, requests

13   that we've served about RISC-V and things like that,

14   that you don't consider it relevant.  But now it

15   sounds like what you want is documents just where ARM

16   has ever talked about RISC-V.  And that, to me, seems

17   a little bit outside the bounds of Rule 26.

18                   MR. BRALY:  I don't think it's any time

19   that ARM has ever talked about RISC-V.  I think it's a

20   question of how does ARM view RISC-V.  Not how do we

21   view RISC-V, but how does ARM view RISC-V.  Is ARM

22   trying to kill RISC-V or prevent RISC-V from taking

23   off?

24                   I mean, as you just said, you asked for

25   documents about RISE.  I believe we've produced

Page 10

1    documents about RISE.  We're looking to see what is

2    ARM's positioning with respect to RISC-V and any kind

3    of stifling action that it's taking, or is it trying

4    to, again, you know, disparage RISC-V.  That's what

5    we're looking for.

6                    MS. POHL:  Yeah, but why is that

7    relevant to your claims under the competition?  You

8    said it's under the UCL; right?  But, I mean, I don't

9    understand you to have any RISC-V-based predicate act

10   or theory under the UCL that's related to RISC-V.  If

11   there is, we've never heard it before.

12                   MR. BRALY:  Right.  And, I mean, I

13   don't think we're getting into, like, the, you know,

14   details of our analysis of the claim.  I think we're

15   saying we believe that ARM has taken actions, and

16   we're looking to see what actions ARM has taken to

17   prevent RISC-V from becoming competitive or, you know,

18   taking a place as something that ARM would view as a

19   threat or a competitor.

20                   MS. POHL:  And a competitor relevant in

21   what market?  I mean, I guess I still don't understand

22   the relevance to your UCL claim.  Because I've

23   understood your UCL claim to be that Qualcomm suffered

24   harm as a competitor in some unidentified market,

25   based on a series of predicate acts, and then sort of

```
                                                  Page 11

 1    the catchall, like, you know, incipient violations or

 2    UCL theory.

 3                   I don't understand where RISC-V fits in

 4    because, you know, we've been asking you, like, if

 5    there are other competitors, can you identify them?

 6    If there are alternatives, can you identify them?  And

 7    you haven't.  And so that leads us to believe that

 8    they're not relevant.  And so I guess I don't

 9    understand -- I hear what you're saying, but I don't

10    understand how it's relevant to your complaint.

11                   MR. BRALY:  Right.  And we're not

12    saying it's a competitor.  We're trying to look at

13    ARM's actions against RISC-V and potentially trying to

14    stifle RISC-V's growth or development.  I mean, I

15    think you know our position on this.  If you're saying

16    that you will not produce documents on that, then

17    understood.

18                   MS. POHL:  I don't know.  I mean, I

19    could take it back.  I think this has been a helpful

20    exchange on what you are looking for, but I don't

21    understand on the relevance piece what the -- I don't

22    understand on the relevance piece, like, where this

23    fits into your current complaint as pleaded.

24                   It's -- I mean, it truly, the way

25    you're articulating it, I understand what you're
```

Page 12

1    saying, but it does seem to me like this is kind of a

2    fishing expedition into just a bunch of other things

3    that you've never disclosed before that you think are

4    relevant, and that when we've asked for them, you've

5    actually said are not relevant or outside the scope.

6              And so it just -- I just don't

7    understand the scope of the request vis-a-vis the

8    relevance to your complaint.  So I think this is

9    already -- you know, I think this is already before

10   the Court, frankly.  I think you guys tee this up in

11   your letter, so I'm not sure that there's much more to

12   say.  But I -- so I guess it'll get resolved.

13             But in terms of the scope and in terms

14   of the relevance, I just don't understand where this

15   relates to things that you've pleaded, and I frankly

16   don't understand the relationship.  If you're going to

17   say it's not a competitor, but you're interested in

18   whether there's anti-competitive conduct related to

19   it, like, those things to me seem inherently

20   contradictory.  So I just -- I don't think this is

21   within the scope of Rule 26, and I don't think it's

22   relevant to your complaint.

23             MR. BRALY:  Okay.  I mean, I think you

24   have our position.  You know that we disagree with

25   that.  And, as I said, we've produced documents

```
                                                     Page 13
 1   related to RISC-V.
 2                 MS. POHL:  Understood.  I don't -- I
 3   think I've seen some, but I understand also that
 4   you've refused to produce, or you've narrowed the
 5   scope of our request in relation to RISC-V.  So I
 6   don't think it's as unqualified as you've just made it
 7   sound, just for the record.
 8                 MR. BRALY:  Okay.  So I think the next
 9   thing that we asked to meet and confer about are hit
10   counts for Qualcomm's proposed modifications to ARM's
11   search terms, which we've been asking for, for weeks
12   now, as well as to the ten additional search terms.
13                 MR. EVANGELATOS:  This is Peter from
14   Kirkland.  So we also intend to send you that
15   information on short order, as well.
16                 MR. BRALY:  And when you say, "short
17   order" -- sorry.
18                 MR. EVANGELATOS:  Yeah.  Again, similar
19   timeline to what I was saying before, the TLA stuff,
20   in another day or so.  We should have that to you
21   pretty soon.
22                 I'll tell you this offhand, I think the
23   numbers are still too high.  I don't have specific
24   numbers in front of me, but the -- some of the hit
25   counts are still really high.  So maybe we could
```

```
                                              Page 14
1    continue discussing those after you have a chance to
2    review.
3                   MR. BRALY:  Okay.  And just to be clear
4    on what you'll be sending, it's the proposed
5    modifications to ARM's search terms, it's the ten
6    additional search terms showing unique hits, and then
7    are you also providing a hit count of your search
8    terms run against your own document collection to
9    mirror what we sent to you?
10                  MR. EVANGELATOS:  So we can also send
11   that to you, yes.  I think you guys sent that in late
12   May.  We'll send that to you as well.  That's fine.
13                  MR. BRALY:  Okay.  So you'll send all
14   three of those?
15                  MR. EVANGELATOS:  Yes.
16                  MR. BRALY:  Got it.  And you said,
17   again, that will be later today?
18                  MR. EVANGELATOS:  Either today or
19   tomorrow.  I'm not sure offhand.  But, yeah, it should
20   be in short order, yes.
21                  MR. BRALY:  Okay.  It's just, we've
22   been waiting for this, so would appreciate the
23   earlier, the better.
24                  MR. EVANGELATOS:  Sure.  Understood.
25                  MR. BRALY:  And then the other thing
```

Page 15

1    that we asked to meet and confer about was

2    reproduction of documents that ARM produced with

3    nonresponsive slip sheets, particularly documents that

4    are █████████ custodial documents.  I know that you

5    made a production on Friday.

6                    And I know that, Henry, I think you

7    just sent over PDFs of documents today.  And I believe

8    those are documents that you're saying are relevant to

9    the depositions this week, which would include

10   ████████.

11                   I just want to check; am I correct that

12   you have reproduced the documents that were originally

13   produced with nonresponsive slip sheets?

14                   MR. JANES:  Hey, this is Adam Janes

15   from Kirkland.  I can take this one.  So we think the

16   production should resolve this issue.  But just out of

17   curiosity, we want to understand what the tech issue

18   was on your side so we can try to resolve that or make

19   sure that doesn't happen again going forward.

20                   MR. BRALY:  I honestly am not 100

21   percent sure.  It was an issue with the vendor trying

22   to upload to Relativity.  So I'm not 100 percent sure

23   what the issue is.

24                   MR. JANES:  Got it.  Okay.  That hasn't

25   happened before; right?

```
                                                      Page 16
 1                  MR. BRALY:  Correct.
 2                  MR. JANES:  Okay.  Well, in any event,
 3      you should have gotten Henry's email.  If there's any
 4      issues with that, let us know.
 5                  MR. BRALY:  Okay.  And so, Adam, you're
 6      saying that this does include the reproduction of the
 7      documents that were marked as nonresponsive?
 8                  MR. JANES:  The slip-sheeted documents,
 9      is that what you're referring to?
10                  MR. BRALY:  Yes.
11                  MR. JANES:  Yeah.  It'll resolve that.
12                  MR. BRALY:  When you say it'll -- are
13      you saying, yes, it includes the nonresponsive slip
14      sheets?
15                  MR. JANES:  Yes, I think there might
16      be -- and, again, I don't have them in front of me.
17      There might be issues that are subject to an
18      outstanding protective order motion.  I got to
19      double-check that.  But for the vast majority of the
20      slip-sheeted documents, those will be in there.
21                  MR. BRALY:  Okay.  And that will
22      include ███████████  documents?
23                  MR. JANES:  So I don't think
24      ██████████  documents were the slip-sheeted
25      documents, but my understanding is the production that
```

Page 17

1    went out on Friday included ██████████ documents.

2                    MR. BRALY:  Okay.  We may be talking

3    past each other.  I think when we looked at custodial

4    documents from ████████, there were attachments to

5    emails that had been withheld as nonresponsive.  And

6    so those are the ones that we really want to make sure

7    have been reproduced in advance of his deposition.

8                    MR. JANES:  I see.  Yes, I believe

9    those should be included.

10                   MR. BRALY:  Okay.  Okay.  So I think

11   based on what you've represented today, it sounds like

12   we should be expecting, in short order, the hit count

13   results, as well as supplemental responses and

14   objections relating to the TLA claim and to the

15   extension of the ALA V10, issues that you refused to

16   produce for because they were not in the second

17   amended complaint.

18                   If that is the case, can we set up time

19   to do a meet-and-confer tomorrow?  You know, in case

20   we want to go over the responses and objections and

21   the supplemental responses.

22                   MR. EVANGELATOS:  So this is Peter from

23   Kirkland.  So look, I'm saying to you that I didn't

24   commit to providing them today, any of those items.  I

25   said that we should have them to you pretty shortly.

```
                                              Page 18

 1    I don't think that that's right.  I mean, again, we're

 2    not -- we're happy to meet and confer on those issues

 3    and I, you know, don't intend to drag this out like

 4    another week to stall on that.  That's not our goal

 5    here.

 6               But why don't you guys -- we -- I don't

 7    know when they're coming to you, so why don't you, you

 8    know, just have a chance to look at them first.  And

 9    if we need to talk on Wednesday, let's say, at that

10    time it -- better, then we're happy to do that.  But

11    let's -- like, I don't think it necessarily makes

12    sense to commit to a time right now.

13               MR. BRALY:  Okay.  I mean, I think the

14    concern is depositions are starting tomorrow, and then

15    there are also two depositions on Friday.  And the

16    longer that this takes, the more that it prejudices us

17    where we don't have your documents, and we don't even

18    know what your responses are to these RFPs.

19               So I mean, I would say first, you know,

20    we would appreciate if you could get us these

21    supplemental responses immediately, or as soon as

22    possible.  And I think putting on the calendar a time

23    for a meet-and-confer would be helpful.  That way we

24    don't have to go through scheduling and figuring out

25    time and pushing it further in the week.  I mean, just
```

Page 19

1    the earliest that we could possibly resolve any

2    outstanding disputes, the better.

3              Similarly, you know, if you can get us

4    the production that you have for the TLA materials or

5    the second amended complaint materials, we would also

6    appreciate that, again, given the fact that

7    depositions start tomorrow, and we have the two

8    depositions on Friday.

9              MR. EVANGELATOS:  So this is Peter.

10   Just a few points.  First of all, on the prejudice

11   point.  You know, you guys chose to move when you

12   moved for -- to amend the complaint, and that was your

13   prerogative.  That has nothing to do with us.  And

14   Court took time to rule on that.  And you know, I

15   understand that the Court obviously rejected the

16   party's proposed schedule extension, but that's not

17   our problem.  That's your problem.  To be clear.

18             Now, with respect to a follow

19   meet-and-confer, look, I could make some time on

20   Wednesday if that would work, you know.  How about

21   maybe noon on Wednesday or something around that time?

22             MR. BRALY:  Well, what times do you

23   have tomorrow?  I mean, again, yes, it's true, the

24   Court took a while to rule on the second amended

25   complaint, and we did not get an extension; but the

```
                                              Page 20

 1    second amended complaint was entered on the 3rd, so

 2    it's been almost two weeks

 3                     MR. EVANGELATOS:  Tomorrow doesn't

 4    necessarily work for me.  Again, Wednesday would be a

 5    little bit better.

 6                     MR. BRALY:  How does tomorrow work for

 7    anyone on the Kirkland and Mo-Fo teams?

 8                     MR. EVANGELATOS:  I don't think that's

 9    a fair request.  Look, I'm trying to give you a time

10    in good faith here and, like, that's not an

11    appropriate request.  Like, you know how these

12    meet-and-confers have been going.  We have to get the

13    relevant people on.  I'm trying to do this live for

14    you, but, like, that's not -- let's not go there.

15    Just a second.

16                     Look, between twelve and two on

17    Wednesday would be the best time for us, you know,

18    particularly if you're going to try to raise TLA

19    problems.  If that doesn't work, then we can circle

20    back online, but I can't give you time tomorrow.

21                     MR. BRALY:  Okay.  Well then, let's

22    pencil in between twelve and two.  Who knows?  Maybe

23    we'll see your supplemental responses and objections,

24    and it will resolve outstanding disputes.  Or we won't

25    need to take the full time.  But just in the sake of
```

```
                                          Page 21

 1    efficiency, why don't we pencil in twelve to two on

 2    Wednesday?

 3                    MR. EVANGELATOS:  Sure.  And why don't

 4    you send us a meeting invite as usual.  That's fine.

 5                    And then, if no other else questions on

 6    your side, one thing I just wanted to follow up on.

 7    It's been a while since the last meet-and-confers that

 8    we had.  I think we had three or four in a row where

 9    there was a court reporter on.  I know you sent us the

10    roughs, but did you receive a final?

11                    MR. BRALY:  I honestly don't know.  I

12    will ask if they have a final.

13                    MR. EVANGELATOS:  Yes, and please send

14    those to us.  I think it's been more than ten days;

15    it's just the usual timeline.  So if you could send

16    those to us, if you have them, please do that.

17                    MR. BRALY:  Okay.  You have the roughs

18    for all of them; right?

19                    MR. EVANGELATOS:  Far as I know, we did

20    receive the roughs.  But we should receive the finals

21    as well.  There's no reason you should withhold those.

22                    MR. BRALY:  No, absolutely.  I agree.

23                    MR. EVANGELATOS:  Okay.  If nothing

24    else then, I think that's it for today.

25                    MR. BRALY:  Okay.  We'll look for the
```

```
                                                    Page 22
 1   hit counts and the responses and objections.
 2                   MR. EVANGELATOS:  All right.
 3                   Thanks, everyone.
 4                   THE REPORTER:  The date is 6/16/2025.
 5   Off the record, 11:28 a.m.
 6                   (Whereupon, at 11:28 a.m., the
 7                   proceeding was concluded.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 23

**CERTIFICATE**

1        I, ALIDA GREEN, the officer before whom the
2  foregoing proceedings were taken, do hereby certify
3  that any witness(es) in the foregoing proceedings,
4  prior to testifying, were duly sworn; that the
5  proceedings were recorded by me and thereafter reduced
6  to typewriting by a qualified transcriptionist; that
7  said digital audio recording of said proceedings are a
8  true and accurate record to the best of my knowledge,
9  skills, and ability; that I am neither counsel for,
10 related to, nor employed by any of the parties to the
11 action in which this was taken; and, further, that I
12 am not a relative or employee of any counsel or
13 attorney employed by the parties hereto, nor
14 financially or otherwise interested in the outcome of
15 this action.

16

17

18                               ALIDA GREEN
19                  Notary Public in and for the
20                       State of New York

21

22

23

24

25

Page 24

1                  CERTIFICATE OF TRANSCRIBER
2             I, DENNISE VARNEY, do hereby certify that
3    this transcript was prepared from the digital audio
4    recording of the foregoing proceeding, that said
5    transcript is a true and accurate record of the
6    proceedings to the best of my knowledge, skills, and
7    ability; that I am neither counsel for, related to,
8    nor employed by any of the parties to the action in
9    which this was taken; and, further, that I am not a
10   relative or employee of any counsel or attorney
11   employed by the parties hereto, nor financially or
12   otherwise interested in the outcome of this action.
13
14                    *Dennise L. Varney*
15                                   DENNISE VARNEY
16
17
18
19
20
21
22
23
24
25

[& - braly]                                                              Page 1

| & | a | | |
|---|---|---|---|
| **&**   1:18 2:7,15 2:20,22 | **a.m.**   1:16 4:3 22:5,6 | 19:5,24 20:1 | **avenue**   1:20 2:8 2:16 |
| **1** | **ability**   23:10 24:7 | **americas**   1:20 2:8 | **b** |
| **100**   15:20,22 | **absolutely** 21:22 | **analysis**   10:14 | **b**   3:1 |
| **10019**   1:21 | **accurate**   23:9 24:5 | **anne**   2:22 | **back**   11:19 20:20 |
| **100190**   2:9 | **act**   10:9 | **answers**   9:12 | **based**   9:12 10:9 10:25 17:11 |
| **10022**   2:17 | **action**   8:16,19 10:3 23:12,16 24:8,12 | **anti**   12:18 | **basically**   8:17 |
| **11:05**   1:16 4:3 | | **appreciate** 14:22 18:20 19:6 | **basner**   2:6 |
| **11:28**   22:5,6 | **actions**   10:15 10:16 11:13 | **appropriate** 20:11 | **becoming** 10:17 |
| **1285**   1:20 2:8 | **acts**   10:25 | **arm**   1:10,10 2:11 8:12,14 8:17,18 9:15 9:19,20,21,21 10:15,16,18 15:2 | **behalf**   2:2,11 |
| **16**   1:15 | **actually**   4:15 8:5 12:5 | | **believe**   8:7 9:25 10:15 11:7 15:7 17:8 |
| **167**   6:21,23 7:10 8:9 | **adam**   2:6,14 15:14 16:5 | | **best**   20:17 23:9 24:6 |
| **168**   6:18 | **additional** 13:12 14:6 | | **better**   14:23 18:10 19:2 20:5 |
| **2** | **advance**   17:7 | **arm's**   10:2 11:13 13:10 14:5 | |
| **2025**   1:15 | **agree**   21:22 | | **bit**   8:1 9:17 20:5 |
| **24-490**   1:10 | **ala**   6:13 17:15 | **arsht**   2:20 | **bodies**   8:11,14 8:15 |
| **26**   9:17 12:21 | **alida**   1:22 23:2 23:18 | **articulating** 11:25 | |
| **26999**   24:14 | | **asked**   9:24 12:4 13:9 15:1 | **bounds**   9:17 |
| **29056**   23:17 | **alternative**   9:7 | | **braly**   2:5 4:4 5:1,18,24 6:5 6:11,20 7:4 8:4 8:24 9:18 10:12 11:11 12:23 13:8,16 14:3,13,16,21 |
| **3** | **alternatives** 11:6 | **asking**   8:9 11:4 13:11 | |
| **30**   4:16 | **amend**   19:12 | **attachments** 17:4 | |
| **3rd**   20:1 | **amended**   4:11 6:15 17:17 | **attorney**   23:14 24:10 | |
| **6** | | **audio**   23:8 24:3 | |
| **6/16/2025**   22:4 | | | |
| **601**   2:16 | | | |
| **7** | | | |
| **7434514**   1:23 | | | |

**[braly - docket]** Page 2

14:25 15:20
16:1,5,10,12,21
17:2,10 18:13
19:22 20:6,21
21:11,17,22,25
**brief** 6:24
**broad** 7:25
**bunch** 12:2

**c**

**c** 2:1 4:1
**calendar** 18:22
**calls** 7:13
**case** 17:18,19
**catchall** 11:1
**certificate** 23:1
24:1
**certify** 23:3
24:2
**chance** 4:24
14:1 18:8
**changed** 7:6
**check** 8:7 15:11
16:19
**chose** 19:11
**circle** 20:19
**claim** 8:22
10:14,22,23
17:14
**claims** 10:7
**clear** 14:3
19:17
**client** 4:20

**collection** 14:8
**come** 5:25
**coming** 5:23
18:7
**comment** 6:23
**comments** 8:14
**commit** 17:24
18:12
**communicati...**
7:13,17,19,22
7:24 8:10,11
8:12
**competition**
10:7
**competitive**
10:17 12:18
**competitor**
8:17 9:6 10:19
10:20,24 11:12
12:17
**competitors**
11:5
**complaint** 4:11
6:15 8:22
11:10,23 12:8
12:22 17:17
19:5,12,25
20:1
**conaway** 2:22
**concern** 18:14
**concluded** 22:7
**conduct** 12:18
**confer** 1:14
13:9 15:1

17:19 18:2,23
19:19
**confers** 20:12
21:7
**consider** 9:14
**contemplate**
7:20
**continue** 14:1
**contradictory**
12:20
**cooking** 5:12
**corporation**
1:5,7,11
**correct** 15:11
16:1
**counsel** 23:10
23:13 24:7,10
**count** 14:7
17:12
**counts** 13:10
13:25 22:1
**couple** 7:14
**court** 1:1 12:10
19:14,15,24
21:9
**cover** 6:17,19
6:21
**curiosity** 15:17
**current** 11:23
**custodial** 15:4
17:3
**cut** 4:15

**d**

**d** 4:1
**date** 1:15 22:4
**day** 5:11 6:4
13:20
**days** 21:14
**defendant** 1:12
2:11
**delaware** 1:2,5
1:6
**demand** 9:9
**dennise** 24:2,15
**deposition** 17:7
**depositions** 6:1
15:9 18:14,15
19:7,8
**description** 3:2
**details** 10:14
**development**
11:14
**different** 7:2
**digital** 23:8
24:3
**disagree** 12:24
**disclosed** 12:3
**discussing** 14:1
**disparage** 8:18
10:4
**disputes** 4:23
19:2 20:24
**district** 1:1,2
**docket** 1:9

[docs - happened]                                                        Page 3

| | | | |
|---|---|---|---|
| **docs** 7:12 | **erin** 2:4 | **final** 21:10,12 | **gaza** 2:22 |
| **document** 14:8 | **es** 23:4 | **finals** 21:20 | **getting** 10:13 |
| **documents** 8:6 | **esquire** 2:4,5,6 | **financially** | **give** 8:1 20:9,20 |
| 9:15,25 10:1 | 2:12,13,14,20 | 23:15 24:11 | **given** 5:25 19:6 |
| 11:16 12:25 | 2:22,24 | **fine** 14:12 21:4 | **go** 4:8,8 8:6 |
| 15:2,3,4,7,8,12 | **evangelatos** | **first** 8:5 18:8 | 17:20 18:24 |
| 16:7,8,20,22,24 | 2:12 4:14 5:9 | 18:19 19:10 | 20:14 |
| 16:25 17:1,4 | 5:22 6:2,8,16 | **fishing** 9:4 12:2 | **goal** 18:4 |
| 18:17 | 6:22 7:8 13:13 | **fits** 11:3,23 | **going** 4:6,10 |
| **double** 8:7 | 13:18 14:10,15 | **fo** 20:7 | 5:5 6:14 12:16 |
| 16:19 | 14:18,24 17:22 | **foerster** 2:24 | 15:19 20:12,18 |
| **drag** 18:3 | 19:9 20:3,8 | **follow** 19:18 | **good** 20:10 |
| **duly** 23:5 | 21:3,13,19,23 | 21:6 | ████████ |
| **e** | 22:2 | **foregoing** 23:3 | **gotten** 16:3 |
| **e** 2:1,1 3:1 4:1,1 | **evd** 3:2 | 23:4 24:4 | **green** 1:22 23:2 |
| **earlier** 14:23 | **event** 16:2 | **forward** 15:19 | 23:18 |
| **earliest** 19:1 | **exactly** 6:3 7:3 | **four** 21:8 | **growth** 8:19 |
| **easiest** 4:8 | **exchange** 11:20 | **frankly** 4:16 | 11:14 |
| **efficiency** 21:1 | **expansion** 8:19 | 12:10,15 | **guess** 6:22 8:25 |
| **efficient** 4:25 | **expecting** | **friday** 15:5 | 10:21 11:8 |
| 5:15 | 17:12 | 17:1 18:15 | 12:12 |
| **either** 14:18 | **expedition** 9:4 | 19:8 | **guessing** 8:22 |
| **ellis** 2:15 | 12:2 | **front** 13:24 | **guys** 4:22 5:15 |
| **email** 16:3 | **extension** 6:13 | 16:16 | 6:18,23 12:10 |
| **emails** 17:5 | 17:15 19:16,25 | **full** 20:25 | 14:11 18:6 |
| **employed** | **f** | **fully** 5:6 | 19:11 |
| 23:11,14 24:8 | **f** 1:10 | **further** 18:25 | **h** |
| 24:11 | **fact** 19:6 | 23:12 24:9 | **h** 3:1 |
| **employee** 23:13 | **fair** 20:9 | **g** | **hand** 7:16 |
| 24:10 | **faith** 20:10 | **g** 4:1 | **happen** 15:19 |
| **entered** 20:1 | **far** 21:19 | **garrison** 1:19 | **happened** |
| **envisioning** 7:1 | **figuring** 18:24 | 2:7 | 15:25 |

**[happy - make]**

happy  18:2,10
harm  10:24
head  6:3
hear  11:9
heard  10:11
helpful  11:19
  18:23
henry  2:24 15:6
henry's  16:3
hereto  23:14
  24:11
heretofore  9:4
hey  7:9 15:14
high  13:23,25
hit  13:9,24 14:7
  17:12 22:1
hits  14:6
holdings  1:10
  2:11
honestly  15:20
  21:11
██████████
██████
██████████
██████████
huttinger  2:24

**i**

idea  5:24
identified  9:8
identify  11:5,6
immediately
  18:21

incipient  11:1
include  15:9
  16:6,22
included  17:1,9
includes  16:13
including  7:18
incorporated
  1:4 2:2
individually
  5:17
inelasticity  9:9
information
  8:2 13:15
inherently
  12:19
intend  4:12,18
  5:2,3,6,10 6:9
  13:14 18:3
intended  6:17
interested
  12:17 23:15
  24:12
internal  7:12
invite  21:4
issue  7:5,10 9:9
  15:16,17,21,23
issues  7:2 16:4
  16:17 17:15
  18:2
it'll  12:12 16:11
  16:12
items  17:24

**j**

jake  2:5 4:5 8:4
janes  2:14
  15:14,14,24
  16:2,8,11,15,23
  17:8
jennifer  2:20
job  1:23
june  1:15

**k**

k  1:10
kill  9:22
kind  4:7 7:22
  9:5 10:2 12:1
kirkland  2:15
  4:15 7:10
  13:14 15:15
  17:23 20:7
know  4:7,22
  6:3,13,18,23
  7:11,16,22
  8:10,16 9:12
  10:4,13,17
  11:1,4,15,18
  12:9,24 15:4,6
  16:4 17:19
  18:3,7,8,18,19
  19:3,11,14,20
  20:11,17 21:9
  21:11,19
knowledge
  23:9 24:6

knows  20:22

**l**

late  14:11
leads  11:7
letter  5:4 6:24
  12:11
lexington  2:16
limit  8:19
limitations
  4:13 5:7
list  4:17
little  7:2 8:1
  9:17 20:5
live  20:13
llp  1:19 2:7,21
  2:23,24
location  1:17
longer  18:16
look  4:14 11:12
  17:23 18:8
  19:19 20:9,16
  21:25
looked  17:3
looking  6:25
  7:3,23 8:2,12
  10:1,5,16
  11:20
lot  4:16

**m**

made  13:6 15:5
majority  16:19
make  15:18
  17:6 19:19

[makes - pohl]                                                                 Page 5

| | | | |
|---|---|---|---|
| **makes** 18:11 | **motion** 16:18 | **obviously** 7:20 | **particularly** |
| **making** 8:14 | **move** 19:11 | 19:15 | 8:13 15:3 |
| **marked** 3:3 | **moved** 6:24 | **offhand** 13:22 | 20:18 |
| 16:7 | 19:12 | 14:19 | **parties** 7:14,18 |
| **market** 9:7,11 | **n** | **officer** 23:2 | 7:20,24 8:10 |
| 10:21,24 | **n** 2:1 4:1 | **okay** 6:5,11,20 | 8:13 23:11,14 |
| **materials** 19:4 | **narrow** 7:23 | 12:23 13:8 | 24:8,11 |
| 19:5 | **narrowed** 13:4 | 14:3,13,21 | **party's** 19:16 |
| **mean** 5:3,25 | **necessarily** | 15:24 16:2,5 | **past** 17:3 |
| 7:2 8:6 9:10,24 | 18:11 20:4 | 16:21 17:2,10 | **paul** 1:18 2:7 |
| 10:8,12,21 | **need** 18:9 20:25 | 17:10 18:13 | 4:5 8:5 |
| 11:14,18,24 | **negative** 8:16 | 20:21 21:17,23 | **pdfs** 15:7 |
| 12:23 18:1,13 | **neither** 23:10 | 21:25 | **pencil** 20:22 |
| 18:19,25 19:23 | 24:7 | **one's** 9:7,10 | 21:1 |
| **meet** 1:14 13:9 | **never** 10:11 | **ones** 5:3 17:6 | **people** 20:13 |
| 15:1 17:19 | 12:3 | **online** 20:20 | **percent** 15:21 |
| 18:2,23 19:19 | **new** 1:21 2:9,17 | **order** 13:15,17 | 15:22 |
| 20:12 21:7 | 23:20 | 14:20 16:18 | **peter** 2:12 4:6 |
| **meeting** 21:4 | **nicholas** 2:20 | 17:12 | 4:15 13:13 |
| **meredith** 2:13 | **nonresponsive** | **originally** | 17:22 19:9 |
| 7:9 | 15:3,13 16:7 | 15:12 | **piece** 11:21,22 |
| **minutes** 4:17 | 16:13 17:5 | **outcome** 23:15 | **place** 10:18 |
| **mirror** 14:9 | **noon** 19:21 | 24:12 | **placing** 5:8 |
| **misunderstood** | **notary** 23:19 | **outside** 9:17 | **plaintiffs** 1:8 |
| 5:18 | **numbers** 13:23 | 12:5 | 2:2 |
| **mn** 1:10 | 13:24 | **outstanding** | **plc** 1:10 2:11 |
| **mo** 20:7 | **ny** 1:21 2:9,17 | 16:18 19:2 | **pleaded** 9:3 |
| **modifications** | **o** | 20:24 | 11:23 12:15 |
| 13:10 14:5 | **o** 4:1 | **own** 14:8 | **please** 21:13,16 |
| **monday** 1:15 | **objections** 5:7 | **p** | **pohl** 2:13 7:9 |
| **morgan** 2:4 | 5:21 6:6 17:14 | **p** 2:1,1 4:1 | 7:10 8:21,25 |
| **morris** 2:20 | 17:20 20:23 | **part** 7:1,5 | 10:6,20 11:18 |
| **morrison** 2:24 | 22:1 | | 13:2 |

[point - resolve]                                                                    Page 6

**point**  19:11
**points**  19:10
**position**  7:7 9:6
   11:15 12:24
**positioning**
   10:2
**possible**  18:22
**possibly**  19:1
**potentially**
   11:13
**predicate**  10:9
   10:25
**prejudice**
   19:10
**prejudices**
   18:16
**prepared**  24:3
**prerogative**
   19:13
**present**  2:19
**pretty**  5:13 6:3
   13:21 17:25
**prevent**  9:22
   10:17
**prior**  23:5
**probably**  4:21
   4:24
**problem**  19:17
   19:17
**problems**  20:19
**proceeding**
   1:17 22:7 24:4
**proceedings**
   23:3,4,6,8 24:6

**produce**  4:10
   4:12,13 5:5,6
   6:15 7:17
   11:16 13:4
   17:16
**produced**  7:11
   8:6,8 9:25
   12:25 15:2,13
**production**  5:2
   5:12,20,23,25
   8:7 15:5,16
   16:25 19:4
**project**  7:19
**proposed**  13:10
   14:4 19:16
**protective**
   16:18
**providing**  14:7
   17:24
**public**  23:19
**pushing**  18:25
**putting**  18:22

**q**

**qualcomm**  1:4
   1:5 2:2,3 9:5
   10:23
**qualcomm's**
   13:10
**qualified**  23:7
**question**  7:11
   9:20
**questions**  7:15
   21:5

**quite**  7:25

**r**

**r**  2:1 4:1
**raise**  20:18
**raised**  5:4 6:18
**raises**  7:14
**rather**  4:25
**really**  13:25
   17:6
**reason**  21:21
**receive**  21:10
   21:20,20
**record**  4:2 13:7
   22:5 23:9 24:5
**recorded**  23:6
**recording**  23:8
   24:4
**reduced**  23:6
**referring**  16:9
**refused**  7:17
   13:4 17:15
**refusing**  4:13
**regulators**  8:11
   8:13,15
**regulatory**  8:11
   8:14,15
**rejected**  19:15
**related**  4:7,19
   5:4 6:13 7:12
   8:21 10:10
   12:18 13:1
   23:11 24:7

**relates**  12:15
**relating**  17:14
**relation**  13:5
**relationship**
   12:16
**relative**  23:13
   24:10
**relativity**  15:22
**relevance**
   10:22 11:21,22
   12:8,14
**relevant**  8:3 9:2
   9:11,14 10:7
   10:20 11:8,10
   12:4,5,22 15:8
   20:13
**remote**  1:17
**reported**  1:22
**reporter**  4:2
   21:9 22:4
**represented**
   17:11
**reproduced**
   15:12 17:7
**reproduction**
   15:2 16:6
**request**  7:22
   12:7 13:5 20:9
   20:11
**requests**  9:12
**resolve**  6:18
   15:16,18 16:11
   19:1 20:24

**[resolved - supplements]**                                     Page 7

**resolved** 12:12
**respect** 7:21
10:2 19:18
**responses** 4:18
5:11,14,21 6:6
6:10 17:13,20
17:21 18:18,21
20:23 22:1
**responsive** 8:3
9:2
**results** 17:13
**review** 4:24
14:2
**rfp** 5:10,14
6:18 7:12
**rfps** 4:7,9,12,19
5:2,8 18:18
**rifkind** 1:18 2:7
**right** 4:4,20 9:9
10:8,12 11:11
15:25 18:1,12
21:18 22:2
**risc** 7:2,12,14
7:18,20,25
8:16,17,18,20
9:6,13,16,19,20
9:21,21,22,22
10:2,4,9,10,17
11:3,13,14
13:1,5
**rise** 7:19 8:6
9:25 10:1
**roughs** 21:10
21:17,20

**row** 21:8
**rule** 9:17 12:21
19:14,24
**run** 14:8

**s**

**s** 2:1 3:1 4:1
**sake** 20:25
**saying** 5:14,19
5:19,20 6:6
10:15 11:9,12
11:15 12:1
13:19 15:8
16:6,13 17:23
**schedule** 19:16
**scheduling** 18:24
**scope** 7:24 12:5
12:7,13,21
13:5
**search** 13:11,12
14:5,6,7
**sec** 7:8
**second** 4:10
6:15 17:16
19:5,24 20:1
20:15
**see** 7:6 8:12,21
9:1 10:1,16
17:8 20:23
**seeking** 8:15
**seem** 12:1,19
**seems** 9:16

**seen** 13:3
**send** 13:14
14:10,12,13
21:4,13,15
**sending** 14:4
**sense** 18:12
**sent** 4:17 14:9
14:11 15:7
21:9
**separate** 7:6
**series** 10:25
**served** 9:13
**set** 17:18
**sheeted** 16:8,20
16:24
**sheets** 15:3,13
16:14
**short** 13:15,16
14:20 17:12
**shortly** 17:25
**showing** 14:6
**side** 15:18 21:6
**signature** 23:17
24:14
**similar** 13:18
**similarly** 19:3
**skills** 23:10
24:6
**slip** 15:3,13
16:8,13,20,24
**soon** 5:13 6:4
13:21 18:21
**sorry** 13:17

**sort** 6:23 9:9
10:25
**sound** 13:7
**sounds** 9:3,15
17:11
**specific** 13:23
**specifically** 7:13,21
**stall** 18:4
**stargatt** 2:22
**start** 4:6 19:7
**started** 4:5
**starting** 6:1
18:14
**state** 23:20
**states** 1:1
**stifle** 11:14
**stifling** 10:3
**stuff** 13:19
**subject** 16:17
**substitute** 9:8
**suffered** 10:23
**supplement**
4:18 5:2,10
6:10,17
**supplemental**
17:13,21 18:21
20:23
**supplemented**
6:6
**supplementing**
5:20,21
**supplements**
5:16

**[sure - united]**                                                                 Page 8

| | | | |
|---|---|---|---|
| **sure**  12:11 14:19,24 15:19 15:21,22 17:6 21:3 | **theory**  10:10 11:2 | **timeline**  6:8 13:19 21:15 | 15:21 20:9,13 |
| **sworn**  23:5 | **thing**  13:9 14:25 21:6 | **times**  19:22 | **tunnell**  2:21 |

**t**

| | | | |
|---|---|---|---|
| **t**  3:1 | **things**  5:9 6:13 9:13 12:2,15 12:19 | **tla**  4:7,19 5:2,4 6:12,12 7:1,5 13:19 17:14 19:4 20:18 | **twelve**  20:16,22 21:1 |
| **take**  7:10 8:15 8:19 11:19 15:15 20:25 | **think**  4:6,15,16 4:21,23 5:11 5:14 7:4,5,11 7:14,16,17 8:5 9:1,18,19 10:13,14 11:15 11:19 12:3,8,9 12:10,20,21,23 13:3,6,8,22 14:11 15:6,15 16:15,23 17:3 17:10 18:1,11 18:13,22 20:8 21:8,14,24 | **today**  4:19 6:7 6:9 14:17,18 15:7 17:11,24 21:24 | **two**  5:9 18:15 19:7 20:2,16 20:22 21:1 |
| **taken**  9:5 10:15 10:16 23:3,12 24:9 | | **tomorrow**  4:20 6:9 14:19 17:19 18:14 19:7,23 20:3,6 20:20 | **typewriting** 23:7 |
| **takes**  18:16 | | | |

**u**

| | | | |
|---|---|---|---|
| **talk**  4:23 18:9 | | | **u.k.**  1:11 |
| **talked**  9:16,19 | | **took**  19:14,24 | **ucl**  8:23 10:8 10:10,22,23 11:2 |
| **talking**  17:2 | | **top**  6:2 | |
| **taylor**  2:23 | | **topics**  6:17 | **under**  10:7,8 10:10 |
| **teams**  20:7 | | **totally**  9:1 | **understand** 8:25 9:5 10:9 10:21 11:3,9 11:10,21,22,25 12:7,14,16 13:3 15:17 19:15 |
| **tech**  15:17 | | **towards**  8:16 | |
| **technologies** 1:6 2:3 | **third**  7:13,18 7:20,24 8:10 8:13 | **transcriber** 24:1 | |
| **tee**  12:10 | | **transcript**  24:3 24:5 | **understanding** 16:25 |
| **tell**  4:11,18 13:22 | **thought**  5:19 7:3 | **transcriptionist** 23:7 | **understood** 10:23 11:17 13:2 14:24 |
| **ten**  13:12 14:5 21:14 | **threat**  10:19 | **tried**  8:18 | **unidentified** 10:24 |
| **terms**  6:5 8:9 12:13,13 13:11 13:12 14:5,6,8 | **three**  14:14 21:8 | **true**  19:23 23:9 24:5 | **unique**  14:6 |
| | **time**  1:16 4:2 9:18 17:18 18:10,12,22,25 19:14,19,21 20:9,17,20,25 | **truly**  11:24 | **united**  1:1 |
| **testifying**  23:5 | | **try**  15:18 20:18 | |
| **thanks**  22:3 | | **trying**  9:22 10:3 11:12,13 | |

**[unqualified - young]**                                                          Page 9

| | | |
|---|---|---|
| **unqualified** 13:6 | 17:6,20 | **y** |
| **upload** 15:22 | **wanted** 7:6 | **y'all** 7:17 |
| **usual** 21:4,15 | 21:6 | **yeah** 4:14 6:2 |
| **v** | **way** 4:8 7:23 | 6:16 7:4 8:4 |
| **v** 1:9 7:2,12,14 | 11:24 18:23 | 10:6 13:18 |
| 7:18,20,25 | **ways** 8:18 | 14:19 16:11 |
| 8:16,17,18,20 | **we've** 9:13,25 | **ying** 2:20 |
| 9:6,13,16,19,20 | 10:11 11:4 | **york** 1:21 2:9 |
| 9:21,21,22,22 | 12:4,25 13:11 | 2:17 23:20 |
| 10:2,4,9,10,17 | 14:21 | **young** 2:22 |
| 11:3,13 13:1,5 | **wednesday** | |
| **v's** 11:14 | 18:9 19:20,21 | |
| **v10** 6:14 7:1 | 20:4,17 21:2 | |
| 17:15 | **week** 6:1 15:9 | |
| **varney** 24:2,15 | 18:4,25 | |
| **vast** 16:19 | **weeks** 13:11 | |
| **vendor** 15:21 | 20:2 | |
| **view** 8:16 9:11 | **weiss** 1:18 2:7 | |
| 9:20,21,21 | 4:5 8:5 | |
| 10:18 | **went** 17:1 | |
| **viewing** 8:17 | **wharton** 1:18 | |
| **violations** 11:1 | 2:7 | |
| **vis** 12:7,7 | **withheld** 17:5 | |
| **w** | **withhold** 21:21 | |
| **wait** 5:15 | **witness** 23:4 | |
| **waiting** 4:10 | **work** 19:20 | |
| 14:22 | 20:4,6,19 | |
| **walk** 5:14 | **worth** 4:22 | |
| **walking** 4:25 | **x** | |
| 5:16 | **x** 3:1 | |
| **want** 4:23 5:13 | | |
| 9:15 15:11,17 | | |

# EXHIBIT 5

1

```
 1                   SUPERIOR COURT OF NEW JERSEY
            LAW DIVISION: ^ NORTHAMPTON ^ LEHIGH COUNTY
 2

 3
        ^ PLAINTIFF,              : NO. ^
 4      ^ Plaintiff ^ Plaintiffs  :
                                   :
 5              vs.                :
                                   :
 6      ^ DEFENDANT,               :
        ^ Defendant ^ Defendants   :
 7
                     DEPOSITION OF ^
 8

 9              Taken via Zoom on ^ day, ^ date,

10      2021, commencing at ^ time ^ a.m. ^ p.m. before

11      Chamonix Marsh, Registered Professional Reporter.

12

13

14

15

16

17

18

19

20

21

22
```

```
23                        * * *
                  VERITEXT LEGAL SOLUTIONS
24                  MID-ATLANTIC REGION
            290 West Mount Pleasant Avenue, Suite 3200
25                Livingston, New Jersey  07039
                     (973) 410-4040
```

                                                          2


```
 1    APPEARANCES:

 2

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18
```

19

20

21

22

23

24

25

3

1           MR. BRALY:  Hopefully this will not take

2      the full two hours and we may be able to go through

3      this fairly quickly but we receive your supplemental

4      responses and objections yesterday and there were some

5      that we wanted to cover as well as to /SKUSZ our fees

6      that you did not supplement for and I sent over a list

7      of what we were looking to cover last night.  I think

8      we are all on the same page.

9           OBJECTING ATTORNEY: Yes this is peter I

10     saw your e-mail happy to take your lead on

11     bucketizing.  I certainly I think you can tell from

12     our calls we are on board with efficiency.

13           MR. BRALY:  Okay.  The first RFP is 30

14     and so in your supplemental response you say that the

15     request itself asks for documents and communications

16    concerning the negotiations Arm had with TLA licensees

17    for ███████████████████████████████████████

      ██  ████████████████████████████████  and the

19    responses limited to -- so again the request for 34

20    contains a number of items listed.

21          So again the request for 34 contains a

22    number of items listed.  The response is limited to a

23    document sufficient to show the identity of Arm's

24    licensees ████████████████████  and so we were

25    wondering about the limitation there.

                                                        4

1           MR. EVANGELATOS:  Sure.  So this is

2     peter from Kirkland.  So our view is that you have

3     asked for a number of information about a number of

4     different software products whatever /TOUPT call them

5     peripheral I P and our view is not properly in the

6     case and is irrelevant and so I think you'll see for a

7     lot of these we have limited our responses to

8     providing you discovery on ████████████████████

9     related issues.  But as to the other stuff our view

10    that these requests are irrelevant and dually

11    burdensome, not part of the case.

12          MR. BRALY:  Okay and for the other I Ps

13    as listed there the peripheral I P, paragraph one '02

14    of the second amended complaint directly references

15    that pall cons suspect discovery should hoe that Arm

16    slylated the fair for the pal /KWOPB T L A and it

17    listening negotiations involving peripheral T A L I T.

18            MR. EVANGELATOS:  I mean --

19            MR. BRALY:  So we believe these are in

20    the case.

21            MR. EVANGELATOS:   This is peter from

22    Kirkland.  So we agree to disagree.  I mean, you guys

23    can say something in the complaint but you haven't in

24    our view pled any allegation or pled a count that's

25    based on peripheral I P.  I think you mention it in

5

1    passing and you said at other times that a lot of what

2    you put in your complaint was just background /TPH-FLS

3    and not relevant.  So in our view you haven't -- you

4    have no theory in the case that's based on peripheral

5    I P being be he would and our view is therefore that

6    discovery is not relevant and we are not going to

7    provide it.

8            MR. BRALY:  Okay so I understand your

9    position.  I am telling you ours which is that

10      paragraph one of two directly states that

11      Congresswoman expects discovery to show a violation of

12      ██████████████████████████ and that the count

13      of good faith and for fair viewing repeats in

14      proceeding allegations but I understand from what you

15      are saying today that Arm does not intend to produce

16      any documents for the peripheral I P based on the idea

17      that you don't think it's in the case.

18                      MR. EVANGELATOS:   This is peter from

19      Kirkland.  So you identified in R P -- R P 34 a number

20      of these peripheral I P products.  You would agree

21      with me that none of those are listed in the

22      complaint, right.

23                      MR. BRALY:  Yes.

24                      MR. EVANGELATOS:  Okay so yes that's --

25      that's our position and yes we are not going to

                                                        6

1       provide that discovery to you.

2                       MR. BRALY:  Okay.  I mean, we think that

3       that is encompassed by peripheral I P and that we did

4       not need to list every single technical name for the

5       peripheral I P but it sounds like there is a -- an

6       /EUPL /PAS here on this issue.

7          MR. EVANGELATOS:   Well I think you guys

8     listed them in your foreign complaint.  You have a lot

9     more allegations in your foreign complaint you didn't

10    put them in when you put in the S I C in March which

11    is a few months later so we would agree to disagree

12    with you so our view is you have no allegation based

13    on this you have no could want based on peripheral I

14    P.  I think you mention in passing T L A provision on

15    that but your later counts don't talk about peripheral

16    I P at all and you have identified specific other

17    provisions of the T L A that you believe are breached

18    none of which are peripheral I P related so our view

19    is that's not in the case and we are not going to

20    provide that discovery /SKPW if you want to call that

21    at an impasse I think that's pretty clear.

22          MR. BRALY:  Okay.  I mean, I think we

23    are.  I think that's what it sounds like.

24          MR. EVANGELATOS:  Sure.

25          MR. BRALY:  For the next R P F is 37 and

7

1     so that asks for documents concerning internal

2     discussions of listening depend to Qualcomm including

3     discussions /RARing whether to withhold and potential

4    pricing for V 10.  Ting response your encompasses

5    everything I just want to confirm I don't everyone

6    think there is an issue here.  I'm just want to

7    confirm you are saying you'll produce everything

8    that's based on search terms relative to that R O P.

9              MR. EVANGELATOS:  This is Peter from

10   Kirkland our response is limited to listening of V 10.

11   We are not agreeing to produce pricing information to

12   the extent that even exists.  Our view is again at

13   listening.  Will provide you some discovery on

14   listening again to the extent that exists as well but

15   we don't think pricing is related either so yes we

16   have limited R R P response to that.

17             MR. BRALY:  Okay and when you say you

18   are not going to produce documents about pricing but

19   you'll produce on listening if there are discussions

20   that concern listening to Qualcomm that include

21   pricing information you would include that, right.

22             MR. EVANGELATOS:  I can take that back

23   to be sure but my understanding is that we intend to

24   produce, yes, communications with Qualcomm.  I think

25   we have done that in the last couple days, as well.  I

                                                      8

1    don't think the spirit of our response will exclude

2    anything with Qualcomm but beyond that, yes, it would

3    be excluded but I can do you believe check that.

4            MR. BRALY:  Okay.  That would be helpful

5    if you can get back to us.  Sound like if I understand

6    correctly you are saying you were not producing

7    pricing information with third-parties but any

8    discussions with Qualcomm about V 10 you will be

9    producing but you can get back to us on whether that's

10   accurate, right.

11           MR. EVANGELATOS:  Sure yeah I think that

12   summary that you just stated is accurate we can get

13   back to you.

14           MR. BRALY:  Okay.  The next R F P is 40.

15   This again I think is going to be the peripheral I P

16   issue if you just confirm that that that's the

17   difference between the R F P and then what you are

18   agreeing to produce which is just ███████████████

19   ███████

20           MR. EVANGELATOS:  That's right and I

21   think we can probably -- if you want to identical

22   identify unless you want to walk through each one

23   individually over and over I think there is a number

24   of them that fall in this bucket so we can -- if you

25   want to just identify those I can confirm them for

9

1    you.

2                    MR. BRALY:  Yeah I think you are right

3    I'm looking at them in order but I think we can

4    probably go through them fairly quickly when we get to

5    each one.

6                    The next one is 42 and so that one asks

7    for documents and communications concerning the

8    decision to introduce the V nine architecture

9    including but not limited to the timing and reasoning

10    for arms decisions to move from V eight to V nine

11    within a relevant time period.  You would agree to

12    produce documents sufficient to show the timing of the

13    introduction of V nine and differences between V eight

14    and V nine.  It was unclear to us when reading that,

15    is that also covering the decision to introduce the V

16    nine architecture?

17                    MR. EVANGELATOS:  My understanding is

18    that that would not encompass that and that's not

19    really relevant to any of your claims but we agree to

20    give you information as it relates to the timing and

21    differences of the architectures.

22                    MR. BRALY:  And so when you say

23    documents related to the timing of V nine what does

24    that mean exactly?

25                    MR. EVANGELATOS:  I mean you asked the R

                                                            10

1     F P so ill hope you have a meaning of what that means

2     if it came out check at a certain time and you would

3     see that in the documents.  I can't tell you much

4     beyond that.

5                    MR. BRALY:  Right but we asked it in the

6     context of the decision to introduce the V nine

7     architecture and it seems like it's now being cut off

8     from that so I don't know if that just means the

9     document that says we are announcing the V nine

10    architecture if that would fall turned bucket or if

11    there is something that will say we plan to produce

12    the V nine architecture at this point or we have

13    decided the Architecture is sufficient to become V

14    nine I think those are the types of documents that are

15    requested for in the R F P.

16                    MR. EVANGELATOS:  Well could you tell me

17    and maybe help me understand a little bit better what

18    the relevance is there what is the relevance of when

19    the decision was made or if -- obviously there was a

20     decision made at some point that's beyond a doubt

21     there so what is the relevance of that and what are

22     you really looking for here?

23            MR. BRALY:  So we have a claim related

24     to V 10 and listening of V 10, ████████████████

25     ████  and the shift to V 10 and we are trying to look at

11

1     what processarm typically goes through or has gone

2     through in the past with V nine which we also listened

3     versus the conduct that we are dealing with with V 10.

4            MR. EVANGELATOS:  So I'm not following

5     you on what the relevance of when the decision was

6     made or documents stating that some decision was make

7     to release V nine.  I'm not following what the

8     relevance of that specifically is.

9            MR. BRALY:  So it's not -- it's more

10     about the decision to move from one architecture to

11     the next or one version of the ark /TEBture to the

12     next.

13            MR. EVANGELATOS:  So again we have

14     already agreed to give you information that would show

15     the timing of that.  We have agreed to give you

16     information that shows the differences between, I

17    guess, /SR-RPBGS nine and V eight in this context so I

18    don't really follow what else you need there what else

19    are you looking for.  What else?

20              MR. BRALY: So it may be that it's

21    captured in those documents I don't know.  What we are

22    looking for our documents where people at Arm are

23    saying we should release a V nine, we believe that we

24    have made developments or introduced /TPAEtures

25    whatever it is sufficient to be V nine of the Arm

                                                        12

1    architecture.  Maybe that's an captured of what you

2    are describing you'll be producing.

3              MR. EVANGELATOS: This is Peter I'm not

4    sure offhand and I'm happy to take it back and check

5    with the team on the intent of the response here.

6              MR. BRALY:  Okay.  That would be

7    helpful.  Thank you.

8              The next one is 57.  I suspect this is

9    the same peripheral I P question that we had before?

10             MR. EVANGELATOS:  Yes.  And it looks

11    like that'll be the same for 58, as well.

12             MR. BRALY:  Okay.

13             MR. EVANGELATOS: And just to be clear on

14    that, too, we are talking about peripheral I P.  I

15    think that refers to -- for example maybe it's a main

16    /PWREUPBL or some of the specific other things you

17    guys requested in the October 2024 offer.  I would --

18    we are also of the view that ███████████  these

19    █████████ texts you are asking for is also outside

20    the scope of the case, as well.

21                MR. BRALY:  Okay.  And is that the

22    entirety of the objection that you have to these R F

23    Ps and the reason that I ask that I'm not trying to

24    hide the ball here is you have indicated previously

25    that you are not going to produce documents that

                                                    13


1     concern third-party license sees and so I don't know

2     if that's also a basis of restricting your production

3     here because for the responses all you are saying is

4     sufficient to show the identity of arms license's.

5                MR. EVANGELATOS: Sure this is Peter.  So

6     there is the scope objection, sure, that we are

7     limiting these responses to ███████████  and Arm

8     related informs and then within that, yes, we are

9     making a thinker party confidentiality objection as

10    well and I think we have stated that throughout.

11          MR. BRALY: Okay.  And so for 57 for

12  example where you say you'll provide documents

13  sufficient to show Arm listening offer to Qualcomm

14  those would just be the listening officer and there is

15  not going to be any /KAOEUPB of additional document

16  further provided and then for 58 documents sufficient

17  to show the identity of arms license cease.  Would

18  that just be a list of licenses ██████████████████

19  ████.

20          MR. EVANGELATOS: It could be I'm not

21  sure offhand what that document looks like but to your

22  point about confidentiality we are objecting on that

23  as you know there are confidentiality obligations

24  here.  Our intent you know as to Qualcomm is not to

25  withhold documents to Qualcomm subject to our scope

                                                        14

1  objection but if there is a confidentiality obligation

2  in another T L A or in another agreement where ██████

3  ██████ are listened then Arm does have to abide by

4  those so we cannot freely produce that information and

5  so we are objecting on that baseings.

6          MR. BRALY: And does that include pricing

7  information which is the basis of our T L A plans or

8          at least one of the T L A plans.

9                    MR. EVANGELATOS: It would include all

10         third-party confidential information which I certainly

11         would manage includes financial information, yeah.

12                    MR. BRALY:  Okay.  So I think the next

13         one is one '02 which asks for documents related to the

14         strategy and planning to encounselor adoption of the V

15         nine /AO*EUS and then you say that you'll produce

16         documents sufficient to Arm's plans for the V nine

17         /AO*EUS.  I don't know if that's intended to limit

18         anything or if that's just rephrasing what was in the

19         R F P.

20                    MR. EVANGELATOS:  You said one '02?

21         Apologies I lost my place here.

22                    MR. BRALY:  Yes one '02.  Yeah so this

23         is Peter so what is the relevance -- help me

24         understand -- of Arm's communication with third

25         parties about V nine?

                                                        15

1                    MR. BRALY:  I think this is targeted

2          more towards interim discussions not communications

3          with third parties.

4                    MR. EVANGELATOS: Well if that's the case

5    I think you have a super brood R F P and if maybe you

6    want to propose some sort of limitation here on that

7    scope /E mean all communications related to Arm's

8    strike that psychiatry and planning to encourage

9    adoption I mean are you limiting that to internal

10    communications only.

11         MR. BRALY: Yes.  We would be limiting it

12    to internal communications.  What were you intending

13    to produce for this R F P?

14         MR. EVANGELATOS: Weather conditions that

15    we will produce information sufficient to show V

16    /TPHAOEUPBS Arm check interim discussions about V nine

17    and the timeline of V nine.  I think that's what you

18    were looking for it sounds like.  I'm happy to take

19    this back, as well.

20         MR. BRALY: Yeah.  I mean, I think it

21    would be helpful to know what you plan to produce in

22    response to this.  I mean, when you wrote this

23    response what you were thinking of producing.

24         MR. EVANGELATOS: I mean, look, I will

25    try to work with you here.  I don't -- let's not say

                                                    16

1    we don't -- suggest we don't have any idea of what we

2      are agreeing to produce here.  We told you we agree to

3      produce information regarding Arm's plans for V nine

4      check you have a request here that's very brood and I

5      appreciate you are focusing that and we will take it

6      back further to look at if there is any other problem

7      with that.

8                MR. BRALY: I ups that.  I'm just saying

9      there is a response here.  As you said there was

10     something in mind when you wrote the response of what

11     you would produce and so I'm trying to figure out is

12     that what we are looking for if I have a sense of what

13     it is that you are plan to go produce I think it helps

14     us figure out you know how do we make sure that we are

15     talking about the same thing.

16     A.        I think we are on the same paining here.

17     We are happy to take it back and look at it further.

18                MR. BRALY:  Okay.  And then one 23 I

19     think is the same thing we were talking about this is

20     we are asking for agreements listening █████████

21     █████ including T L As and corresponding am /PHEBGSs

22     and you said you'll provide documents sufficient to

23     show the listening of license sees check.

24                MR. EVANGELATOS:  Yes.  This is Peter so

25     that'll be the same objections adds we mentioned

17

1    earlier at the scope.  All agreements, especially

2    third-party agreements that's subject to

3    confidentiality.  We would object on that basis.

4    Obviously inthe T L A between Qualcomm andarm is out

5    there but beyond that we don't see the relevance and

6    there is confidentiality objection, as well.

7              MR. BRALY:  Okay.  Yeah, I mean, I think

8    for those it sounds like we are also just at an

9    impasse in terms of what we are looking to have

10   produced and what you are agreeing to produce.

11             MR. EVANGELATOS: Can you just explain

12   why all agreements, meaning all third-party agreements

13   that could encompass T L As, actions, the RFP ask for

14   why is that relevant what is that relevant to in your

15   TLA claim.

16             MR. BRALY: We had a TLA claim based on

17   ██████████████████  that relates to these ████████████

18   and so in order to determine whether listening officer

19   that we received were ████████████████████████████████

20   ████████████████████████████  as well as other you know

21   changes to terms violated the contract, we would need

22   to see what those listening offers were to third

23   parties.  ████████████  is keen to listening officer to

24    third parties so necessarily we would have to see

25    that.

18

1           MR. EVANGELATOS: So this is Peter.  I

2    disagree that that scope is necessary.  I understand

3    ██████████████████    ████████████████████████████

4    ████████████████████████████████████████████████████

5    █████.  Why you would need all agreements for that, why

6    you would need it's for that that agreement is not

7    reflected in a /THR* /STHA*S overbrood and I don't see

8    the relevance of that so maybe there is a narrower

9    scope here that we can agree upon but this is also too

10   broad and it also implicates their third-party

11   confidentiality.

12          MR. BRALY: So yeah I think the language

13   of the /PH*F ████████████████████████ so I

14   think that you know we just have a disagreement about

15   what's required here and what we should produce.  It

16   sounds like we are at an impasse on this one.

17   A.        Well again I don't know that we are at an

18   /EUPL /PAS.  I think we do intend to produce certain

19   information to you that is relevant to your claim.

20   Again subject to third-party /K*FT objections but I

21    don't know that -- you said it's an offer, right?  If

22    it's an offer how you need the actual separate

23    agreements for that, as well, right?  You need to

24    know -- I mean correct me if I'm /WROPG -- but my

25    understanding ███████████████████████████

                                                          19

1    ████████████████████████████████████████

2    ██████████████████████████.  Why does that

3    /THESly implicate anything beyond the offers.

4                MR. BRALY: Are you going to produce all

5    of the licensing offers to third-parties.

6                MR. EVANGELATOS: So we plan to give you

7    information on that.  Obviously subject to third-party

8    /K*FT.

9                MR. BRALY: Does that include

10   communications and discussions?  I mean I don't know

11   what that means.

12               MR. EVANGELATOS: What is the relevance

13   of communications and discussions?  I think you just

14   need to know ██████████████████████████████

15   right?

16               MR. BRALY: Well I don't know what the

17   licensing offers would look like.

18          MR. EVANGELATOS: So again if you have

19    information that lets you ███████████████████

20    ████████████████████████ what do you need

21    information beyond that.

22          MR. BRALY: I don't know what you

23    intend --

24          MS. MORGAN:  Sorry.  This is Erin from

25    pall Weis.  Let me see if maybe we can just short

                                                    20

1    circuit this I feel like you guys have been going back

2    and fort on this for a while.

3          I mean, Peter we don't know what the

4    information is that you guys are willing to produce

5    can you tell us what you are willing to produce and

6    then maybe we can determine if that's sufficient?

7    Because just saying like ████████████████████

8    ████████████████████████.  Like we don't understand

9    what it is you are saying you are going to give us.

10   Are you creating a document?  Are you doing a search?

11   Are you doing -- like what are you doing?

12          MR. EVANGELATOS: So right now what we

13   have agreed to do is provide you information on at

14   least the identity of the licensees ████████████████

15      ███ right so Arm also has a confidentiality

16      obligation so we can't freely release certain

17      information to you.  Right?

18                   So we can't -- again, that's -- we are

19      happy to give you again subject to confidentiality

20      objections information on ███████████████████

21      ██████████ but /KWROPD that we don't see the

22      relevance of the information that this RFP seems to

23      read on.

24                   MR. BRALY:  Okay.  And.

25                   MS. MORGAN:  And I just don't understand

21

1       what you mean when you say we are going to /TKPW*UF

2       you information ██████████████ like what are

3       you going to give us?

4                   MR. EVANGELATOS: So I don't know off the

5       top of my highway and I'm happy to take it back to the

6       team and -- I don't know what the exact documents look

7       like.  You asked about a spreadsheet or individual

8       offers.  I'm not sure.  If a spreadsheet would serve

9       your purposes then maybe we can talk about that.

10                  MS. MORGAN:  I think that, you know, you

11      are asking us to narrow our a request that we think is

12    /EBS /TRAOEPLly relevant to the litigation so I think

13    for us -- we are not like we comp /REU /PHAOEUZ on

14    this potential but I think you guys should get your

15    duction in a row what you can give us and when you

16    know what that is we can have a conversation about

17    whether that'll result in resolve the concern with a

18    check it's going to be information, it's going to be

19    subject to third-party confidentiality concerns we

20    don't know what the confidentiality issues are right

21    now we don't know what it means this is going to be

22    produced subject to that we don't know what the

23    informs is because information is pretty vague.

24              So I think if you could figure out what

25    it is you are willing to give us and come back to us

                                                    22

 1    but I don't think it's productive to keep talking

 2    about it at this point because it seems like everybody

 3    is just sort of going back and forth without a lot of

 4    concrete chips to negotiate over.

 5              MR. EVANGELATOS: So this is Peter.  If

 6    you had a spreadsheet with information on ██████

 7    ████████████████████████████████████████████████

 8    ██████  as of I think October 2024 when your claim

9    arises would that be something that's sufficient for

10   you and I can take that back to the team and /SKUSZ

11   it.

12          MS. MORGAN:  That doesn't seem like it

13   would be sufficient to me because it doesn't seem like

14   it would capture all of the /TKEUFRBT offers but if

15   that's what you guys are offering we can give it a

16   think is that the full scope of what you are willing

17   to produce on this?

18          MR. EVANGELATOS: I would say if that is

19   something you are willing to take back why don't you

20   guys take that back and I will take that back to my

21   team, as well.  I don't want to say that we are at

22   /-PB impasse here that we are going to refuse to

23   provide this information.  I hear you.  It is

24   relevant.  We can part to your claims.  /KWROPG we are

25   disputing that and how the ███████████████

                                                    23

1          ██████████   works and so we are happy to take back that

2    possible comp /REU /PHAOEUZ.

3          MS. MORGAN:  I think it's fine for us to

4    go ahead and talk about that but we are going to get

5    back to you later today and I'm going to ask that you

6      guys do the same thing because we are really in a time

7      crunch here check so this does not seem like it needs

8      to be a /HROPG lab /ROUS conversation internal /REU we

9      will talk about it after this call so we can keep

10     going I hope you guys will do the same thing and we

11     can communicate about this later today.

12                  MR. EVANGELATOS:  I will take it back

13     that's fine with me.

14                  MS. MORGAN:  Great /SKWRAUBG let keep

15     going.

16                  MR. BRALY:  I think that's it I think we

17     can move on from there.

18                  MR. BRALY:  So I think that's all of the

19     requests that you sup limited that we have questions

20     about and then we also have questions regarding the

21     decision not to supplement some of the other R F Ps

22     that also relate to the TLA and I think to the ████

23     ████████.  It might just be the TLA so the

24     first one there is RFP 53.

25                  MR. EVANGELATOS:  Sure.  I'm with you.

                                                    24

1                  MR. BRALY:  Okay.  And so that one you

2      did not supplement as part of the supplemental /A*RPBS

3        that you served last night.

4                    MR. EVANGELATOS:  That's right we don't

5        believe that information about certain improvements

6        Qualcomm is suggesting about TLA cores is relevant.  I

7        mean I'm happy to hear you on what you think that's

8        relevant to.

9                    MR. BRALY:  I think this would also go

10       to good faith and fair dealing if Qualcomm is

11       providing benefits to Arm to develop its off the shelf

12       /KO*RS to TLA and then potentially being know provided

13       with unfair and commercially unreasonable licensing

14       offers for cores that are incorporating or have

15       benefitted from Qualcomm's contributions.

16                   MR. EVANGELATOS:  I can agree to

17       disagree.  I mean, I don't see the relevance of that

18       to any of the provisions you have identified or any

19       good faith allegations you have make.  So I disagree.

20                   MR. BRALY:  Okay.  So you are not going

21       to produce for 53.  For 55 am I correct that this is

22       another RFP that you are property producing for

23       because the licensing /R*FPL.

24                   MR. EVANGELATOS: Let me just say that

25       slightly differently it does not relate to ████████

                                                        25

1    ███████████    and so yes we are not going to produce

2    documents on this.

3                    MR. BRALY:  Okay.  And again I think we

4    would say that is in the case but understood.

5                    For 56 you have also not supplemented

6    there?

7                    MR. EVANGELATOS: Same objection here.

8    What is the relevance of additional listening

9    restrictions /KP requirements that Arm sought to

10   insert into Qualcomm TLA action.

11                   MR. BRALY: So we have this claim about

12   ██████████████████████████████████████████.

13                   MR. EVANGELATOS:  Okay.

14                   MR. BRALY: So it relates to that claim

15   can you give me more than that how is that relevant

16   how is restrictions and license requirements that

17   /HRAPBG /WAPL what are you looking for.

18                   MR. BRALY: We are looking to see if Arm

19   began to insert intoaches related to the TLA licensing

20   term restrictions that were not previously being

21   offered that were ████████████████████████

22   ████████████████████ for licensing offers under the TLA.

23                   MR. EVANGELATOS:  And is that limited to

24   ██████████████████████ which I believe is what you

25      identified as the basis for your claim in the F A C.

                                                                    26

1             MR. BRALY: No in the F A C we said

2      including███████████████.  It's not limited

3      to ████████████ although it would be one of

4      the restrictions that was provided.

5             MR. EVANGELATOS: All right.  Well let me

6      say this.  I didn't understand your RFP to be asking

7      that.  Let me take that back to the team and we will

8      consider that, as well.

9             MR. BRALY:  Okay.  RFP 59 that is about

10     software test libraries.  I assume this is another of

11     the peripheral I P ones.

12            MR. EVANGELATOS:  So it looks like 59,

13     60, 61, 63, would all fall in that bucket -- 70, as

14     well, as I scroll through, 71, 72, 85, 89, 94 would

15     all fall in that bucket so that puts us at 95.

16            MR. BRALY: So -- just noting this down.

17     Okay.

18            I actually think for 63 I don't think

19     that that relates to peripheral I P.  That's talking

20     about also the office shelve TLA cores?

21            MR. EVANGELATOS: So again my objection

22    is that this doesn't seem related to ███████

23    ███.  I'm happy to hear you if you think it's

24    relevant to that.  Please go ahead.

25                MR. BRALY: Yes.  So for the licensing

27

1     process when you license a TLA core from Arm is one of

2     the first steps is you ask for these limited

3     evaluation licenses so this is part of the licensing

4     process and so there is with holing of the limited

5     evaluation licensees based on requested by Qualcomm

6     for TLA cores wept to know about any communications

7     surrounding that.

8                 MR. EVANGELATOS: But how do you allege

9     that Arm be hell evaluation licensees from Qualcomm I

10    don't think that's the basis of your TLA claims.

11                MR. BRALY: Well we have alleged that we

12    didn't receive a legitimate offer ███████████    so

13    if there was also not forward movement in terms of a

14    limited evaluation license that would be part of that.

15                MR. EVANGELATOS: So I think you say in

16    your F A C that you asked to renew certain licensees

17    ████████████████████  in 2024, right?  So I

18    don't see any mention of valuation licensees.  I'm

19    happy to take that back but again I'm not hearing you

20    on the relevance here so we would stand on our

21    objection on this one.

22                 MR. BRALY: I'm saying that is part of

23    the licensing process so not receiving that would be

24    part of to the receiving a licensing offer and I

25    understand -- I mean --

                                                      28


1                  MR. EVANGELATOS: Go ahead.  Please go

2     ahead.

3                  MR. BRALY: I'm going to say I understand

4     you are carving out -- we would say this applies to

5     more than just ██████████████████ but I understand

6     you are carving that out separately but I'm saying for

7     ████████████████ we would also want to know if

8     there were any discussions about with holing the

9     valuation licensees from Qualcomm.

10                 MR. EVANGELATOS: Why don't I take that

11    back?  I mean, again, I disagree that that's relevant

12    here but we will take that back and further consider

13    that.

14                 MR. BRALY:  Okay.  And then I think for

15    70, I think that also is slightly different and that

16    again I would say would go to good faith and fair

17    dealing in terms of Arm's be/HAEUFR under the TLA but

18    this is not related to peripheral I P.  It's related

19    to ██████████████████████████ and whether or

20    not Arm was pro/SREUDing Qualcomm if with ██████████

21    ████ check this.

22          MR. EVANGELATOS: So again I disagree

23    that's relevant.  You haven't mentioned it in your

24    complaint.  You haven't alleged in theory based upon

25    supposedly be holing this kind of stuff.  It seems to

29

1    us and correct me if I'm wrong that your TLA /THAOEUR

2    /REU is that we /TK*BT give you licensing Officer you

3    said that a few minutes ago too or we didn't give you

4    licensing Officer that Qualcomm liked so I don't

5    understand that there is any part of your claim that

6    is based on ████████████████ other anything

7    other than ██████████████████ and the 2024 conduct so

8    again we disagree.

9          MR. BRALY: Yeah.  So I think it's two

10    different things.  There are breached claims that

11    directly go to Arm's breach of section ██ of the TLA

12    which concerns ██████████████████████ and then

13    there is also good faith and fair dealing which, as I

14    said, we think encompasses peripheral I P and other

15    bad faith conduct that Arm has undertaken under the

16    TLA.

17              MR. EVANGELATOS: Again, we disagree.  We

18    are not going to --

19              MR. BRALY: Okay.  So I think we are got

20    95.  I think you walked through the other ones that --

21    I think it's the same disagreement about whether it's

22    covered in the complaints or not.

23              For 95 this is concerning /SPWERP

24    re/TAEUGTSs of the Qualcomm TLA.

25              MR. EVANGELATOS:  So I think what we

                                                    30


1     have -- just a second here.  Yeah I don't think we

2     have met and con fired on this one before so I'm happy

3     to hear you out object relevance of the sections other

4     than ███████████████████████████████████████████

5     I believe your on section ████  and various sub

6     connections of that so we don't ups the relevance of

7     what you are hooking for in the other sections.

8               MR. BRALY: I think it was based on also

9     ████████████████████████████████  under the TLA.

10                    MR. EVANGELATOS: Can you identify where

11      in your complaint you believe you pled that?

12                    MR. BRALY: I don't think we have

13      identified sections beyond ██████████████████

14      ████████████████████████ specifically in the

15      complaint.  Wing we are seeking discovery on /SPW*ERP

16      on the Qualcomm TLA.

17                    MR. EVANGELATOS: So that's not -- that

18      wasn't my question.  So you said about providing

19      certain support or -- I guess let me say it a

20      different way.

21                    We are generally have agree and provided

22      discovery on next interpretation documents that get at

23      that for the TLA context I think you just said another

24      theory that I was more specifically asking you about

25      that we don't believe was put in the TLA and so that

                                                          31


1       was what I was asking you about.

2                     MR. BRALY: I'm not sure I followed all

3       of that.  Are you saying you have produced documents

4       that are responsive so this RFP?

5                     MR. EVANGELATOS: Yeah.  I mean, we have

6       said that right there, right?  We said that in our

7    response in 95 it's out there and I think it's covered

8    by cross use from the first.

9              MR. BRALY:  Okay.  Well then maybe there

10   /SKWR*S isn't a dispute on that.

11   A.        Can you clarify the other point you said

12   about what you believe is apride implied in the F S T

13   under the TLA check unite quite catch what you were

14   saying and I want to make sure I understand.

15              MR. BRALY: I'm not sure what you are

16   referring to.

17   A.        Okay.  Why don't we keep going?

18              MR. BRALY: So the next one is 100.   I

19   assume this was the same issue that we /SKUSZed

20   previously.

21   A.        That's right.  We are going to stand on our

22   objections as ███████████████████████.

23              MR. BRALY:  Okay.  And then one point

24   four is licensing fee and royalty information for

25   licensees offered by Arm for ██████████████.

                                                    32

1              MR. EVANGELATOS: Let me switch.  So

2    again I think to the discussion we had earlier about

3    with Aaron that will fall under the same bucket.

4          MR. BRALY:  Okay.  And is that the same

5     with one 40?

6     A.          Yeah. That's right if you are

7     right-of-waying that request that way then yes but

8     again this all TLAs we don't see the relevance of that

9     and /THAOUR theory is based on the Qualcomm TLA and we

10    don't see -- ask obviously there is third-party

11    confidentialities as well so same deal.

12          MR. BRALY: Right.  No, I mean, I don't

13    know what you mean by that way but obviously we have a

14    difference of opinion about the relevance of the other

15    /TA*LS.

16          And then I think the last one is one 52,

17    the last one in this set is one 52.

18          MR. EVANGELATOS:  I'm with you.  Why

19    don't you say what you are looking for here?

20          MR. BRALY: I mean, we are looking for

21    documents that relate to a change in behavior

22    following the jury verdict in the prior case.

23          MR. EVANGELATOS: So with regards to the

24    TLA piece of this was it -- I mean my understanding

25    that was not in dispute in the past case so what

33

1    exactly are you looking for here?

2              MR. BRALY: So this is not -- it's not

3    related to issues that were in dispute in the past

4    case.  It's related to following the jury verdict

5    /-RBS did Arm change its behavior with respect to

6    Qualcomm.

7              MR. JANES:  This is Adam /SKWRAEUPBS

8    from Kirk land.  So on A L A and I think we talked

9    about this on a /PHAO*EF /KWROUS meet and confer but

10   we have produced documents that show our provision of

11   materials and support to Qualcomm and those go into

12   2025.  So maybe I'm just misunderstanding you know

13   what else you are looking for.

14             MR. BRALY: Yes I think we are looking to

15   see was there a re/SKWRA*BGS to the jury verdict where

16   Arm said oh based on this jury verdict we knee to

17   change the way we behave towards Qualcomm.

18             MR. JANES:  And you think that's in like

19   a written document somewhere?  What do you think that

20   would look hike?  Again what you have shows what the

21   behavior was before, during and after the lawsuit with

22   respect to, you know, provision under the A L A.

23             MR. BRALY:  So I'm /TKPWEZing -- I don't

24   know the answer -- but ill suspect it would be in

25   e-mails and on teams chats where there would be

34

1    conversations about changing whatever the guidance was

2    or the instructions were or the attitude was towards

3    Qualcomm post the jury verdict.

4                MR. JANES:  And what's the relevance of

5    that if you already have what the actual behavior was?

6                MR. BRALY:  Well, I think we are trying

7    to figure out has Arm started providing things that it

8    wasn't providing before and if it has done so, is

9    there a reason that it has done so is it because of

10   the jury verdict is it for another reason what was the

11   impact of the jury verdict on Arm's behavior towards

12   Qualcomm.

13               MR. JANES:  So on those things, I mean,

14   whether Arm's has started providing /STKPHEUPBGS what

15   the impact was you know that'll be shown in the actual

16   provision and materials check speaker?

17               MR. BRALY: Right but that's not

18   necessarily going to explain why materials are being

19   provided or if there is some decision to withhold

20   materials going forward and provide others -- it

21   sounds like you are saying that in discovery produced

22   about certain deliverables that were /PR*UD into 2025.

23      But the question is do you intend to collect documents

24      or have you collected documents that you intend to

25      produce that would relate to changes in behavior

35

1       towards Qualcomm following the jury verdict.

2                   MR. JANES:   This is Adam from Kirkland

3       so we have produced documents that would show what

4       Arm's behavior was towards Qualcomm with respect to

5       decision towards materials and support to Qualcomm as

6       on A L A /HR*EPB.  So outside of some sort of legal

7       analysis of the lawsuit which would be privileged I

8       don't really ups what else you would be looking for.

9       I think your request has been satisfied by what we

10      have produced.

11                  MR. BRALY: Yes.  For example, if there

12      is an e-mail and someone says now we have to provide

13      the O O B to Qualcomm.  That's the type of

14      communication that we are looking for.

15                  MR. JANES:   I would expect that e-mail

16      to be privileged if it's analyzing the legal impact of

17      the contract or a jury /SRERBT.  It sounds like you

18      are asking for privileged information.  You know, I

19      think you have documents showing our provision in

20    materials and support to Qualcomm, you know, before,

21    during and after the lawsuit.

22              MR. BRALY: Well, I mean, I don't know.

23    Have you done this investigation?  I suspect that

24    there is not privileged relate today this where people

25    are being instructed "send materials to Qualcomm".

36

1              MR. JANES:  Instructed by lawyers to

2    send materials?  Ill expect something like that to be

3    privileged.

4              MR. BRALY:  Not instructed by lawyers.

5    Instructed by business folks or by people in the

6    engineering team, people on the verification team.

7              MR. JANES:  I expect you have -- that we

8    produced already and that you have what we have on

9    this request, you know, that isn't privileged.  I'm

10    happy to go back and look but I don't know that this

11    is anything else that we can produce that wouldn't be

12    privileged but we can take it back.

13              MR. BRALY:  Okay.  I mean, the other

14    issue is we don't know what is being be he would with

15    /PR*EUF welcome because of the privilege law that cut

16    off in April so if you can take it back and let us

17          know I think that would be helpful.

18                    MR. JANES:  Sure.  So I think we have

19          covered the first, second and third set of R F Ps.

20          The 4th set of R F Ps also had some R F Ps that were

21          related to the TLA and I think ████  and also V 10.

22          Those were not supplemented.  I don't know if that

23          was -- if that's coming later or if that was

24          intentional.

25                    MR. EVANGELATOS:  This is Peter.  Let me

                                                        37

1           just switch gears just a second here.  Do you want to

2           start at one 57?  Where do you want to begin?

3                     MR. BRALY:  Yes.  And then also just to

4           confirm there was /SPWEPGSal not to supplement the R F

5           Ps in this it's not that you are going to be serving

6           another supplemental of R N As to or something like

7           that check.

8                     MR. EVANGELATOS:  No.  Not that I'm

9           aware of.  We supplemented I think yesterday so you

10          have our response.

11                    MR. BRALY:  Okay.  So yeah so if we

12          start with one 57.

13                    MR. EVANGELATOS:  So again this would be

14    also one that would fall in the bucket of what

15    /SKPAEURPB I /SKUSZed earlier as a possible comp /REU

16    /PHAOEUZ.  We don't see the relevance of all

17    communications from with all customers and certainly

18    about complaints.  Again, we will give you some sort

19    of reasonable scope on the licensing terms.  We can

20    reach a possible comp /REU /PHAOEUZ there we just

21    don't see the relevance complaint about licensing

22    terms or what have you.

23                MR. BRALY:  Okay.  So this falls under

24    that same bucket and we are both going to take it back

25    and try to figure this out today.

                                                          38

1                 One 58 is /SKUSZing peripheral I P.  I

2    assume that's the other issue that we talked about?

3                MR. EVANGELATOS:  Yes.  That'll fall on

4    the same scope objection that we don't believe that's

5    properly in the case and it's not asking for

6    information about ████████████████████.

7                MR. BRALY:  Okay.  Then one 61 it's

8    related to failure ██████████████████████████████

9    ██████████.

10                MR. EVANGELATOS:  Communications with

11    thinker parties again we don't see the relevance of

12    that.  The dispute that you guys have pled is around

13    ███████████████      that was supposed to change or

14    supposedly change in the October 2024 offer check so

15    can you explain the potential relevance here?

16              MR. BRALY: Yeah.  I mean ██████████████

17    ███████████████  relate to license rights as well as

18    ███████████████████████.  And then Arm has pulled

19    ██████████████████  from this latest licensing

20    offer and so we are trying to get an understanding for

21    what Arm's justification is for doing that whether

22    it's done that with other licensees.

23              MR. EVANGELATOS:  So again I don't -- we

24    don't agree that that scope is relevant.  I think if

25    there is communications between Arm and Qualcomm to

39

1    potentially reach some sort of comp /REU /PHAOEUZ

2    there but all communications with all customers about

3    ████████████████████  ██████████████  that's just

4    not reasonable and not relevant in our view so we are

5    not going to produce that discovery.

6              MR. BRALY:  Okay.  Understood.  One 62

7    is licensees for V 10 that have been offered to or

8       entered into with third-parties.

9                    MR. EVANGELATOS:  So your TLA claim

10      again is not based on any third-party activity.  It's

11      based on the May 20, 2020 communication that you guys

12      say is an election.  We disagree obviously.  And so

13      again we don't see the relevance of this and there are

14      also confidentiality concerns with any -- to the

15      extent any <exists or discussions of a license -- it

16      could not only exist it's not only irrelevant but it's

17      also confidential.

18                    MR. BRALY:  Okay.  I mean, we definitely

19      disagree about that.  I think that it is relevant to

20      whether Arm has engaged in ███████████████.

21                    One scour documents and communications

22      relating to licensing terms or pricing information

23      offered to third-parties for Arm implication cores

24      since 2019?

25                    MR. EVANGELATOS:  So again this is a

                                                            40

1       scope objection same idea as before.  If you want to

2       narrow it to ██████████████ and licensing

3       terms for ███████ we can potentially reach a comp

4       /REU /PHAOEUZ but beyond that it's far too brood and

5    not relevant.

6                    MR. BRALY:  Okay.  Is it also the same

7    objection that Erin was referring to about what you

8    would actually be producing.

9                    MR. EVANGELATOS:  Yes.

10                    MR. BRALY:  Okay.

11                    MR. EVANGELATOS: What are you looking

12    for?  Again we are happy to hear you on a -- what

13    exactly you are looking for that will show licensing

14    terms again we can reach a comp /REU /PHAOEUZ there

15    but again we can continue /SKUSZing.  That's fine.

16                    MR. BRALY:  Okay.  And one 65 that just

17    relates to ███████████████.

18                    MR. EVANGELATOS:  Yes.  So that would

19    fall into the ladder of the objection I just say,

20    potential comp /RA /PHAOEUZ.

21                    MR. BRALY:  Okay.  Understood.  I think

22    that is all of the R F Ps.  There are a number that

23    you have said you would take back.  Do you know when

24    you'll be able to get back to us on that.

25                    MR. EVANGELATOS: I cannot give you a

                                                         41

1    certain answer right now.  We would have to check with

2       the team.  Well have to talk with the clients so I

3       cannot give you a definite answer right now and I'm

4       asking you guys to do the same so no I cannot give you

5       a certain time.

6                   MR. BRALY:  Okay.  I mean, can it be

7       this week?  Again it's just the you are generally of

8       the /TPABLGT that depositions are going on.  We have

9       two on Friday.  We don't have discovery on this.

10                  MR. EVANGELATOS:  I understand your

11      concern and again I'm happy to take it back as we said

12      and talk about it but I can't give you a specify

13      timeline.  Before we move onto anything else, I just

14      want to clarify --

15                  MR. BRALY: Let me just ask one more

16      question about this.

17                  You make a production yesterday that you

18      said was related to these RFPs.  Are you planning

19      additional productions are those coming shortly?

20                  MR. EVANGELATOS: So my understanding is

21      we do have more documents to produce and they are

22      coming to you shortly, yes.

23      Q.          Like in the next couple of days?

24      A.          I believe that's the case I believe that's

25      the case.

                                                            42

1                    MR. BRALY:  Okay.  And in terms of, you

2      know, us getting back to each other, I know you said

3      you have to take some of these back and you have to

4      talk to the team but for the issue that you were

5      /SKUSZing with Aaron I think we both agreed to get

6      back to each other today, right?

7                    MR. EVANGELATOS:  I'm tell you we are

8      happy to take it back I'm not giving you a specific

9      time when we do that I knee to talk to the teem no.  I

10     will do my best and again I will represent to you in

11     good faith I will take it back to the team I cannot

12     give you an answer on when I will give you that

13     response.  If you want to get back to us after and we

14     will consider your request in writing, as well.  I am

15     not committing to anything beyond that.

16                   MR. BRALY:  Okay.  I thought I heard

17     that but I may have misunderstood.

18                   MR. EVANGELATOS: So before we move on I

19     think we one item for today that wept today ask you

20     about at the depositions.  But before we do that real

21     quick so earlier when we were talking about RFP 95 I

22     asked about what exactly you were saying and I want to

23     just go back to that for a minute because this RFP

24      asks about sections ███████████████████████

25      it says ████████████ twice and then a number of

                                                              43


1       sections in section ██████ of the TLA and so I think

2       you started to say this and I wanted to understand

3       your position and why you believe this is in the

4       complaint but do you believe you have pled some sort

5       of theory that Arm has breached those sections of the

6       TLA, as well?  Is that what you were starting to say?

7       Can you clarify that?

8                      MR. BRALY: No, I was not saying that.

9                      MR. EVANGELATOS: Well you sort of

10      suggesting that Arm had some sort of ████████████

11      ███████ under the TLA.  Is that right?

12                      MR. BRALY: I mean, I think Arm does have

13      ████████████████████ under the TLA.  I was not

14      saying that we pled ██████████████████████

15      ███████ of the TLA.

16      A.            Okay.  So do you -- let me rephrase that.

17                      Is Qualcomm a/HREPBLing that Arm breached

18      ████████████████████████ in the TLA in this

19      case?  We have not brought a breech claim for section

20      ██████ of the TLA.  I mean we brought a breech claim for

21    section ███ of the TLA and a good faith and fair

22    dealing claim for the TLA.

23    A.            Okay.  And so as part of your good faith

24    and fair dealing claim are you a/HREPBLing that Arm

25    failed to make █████████████████████████

                                                    44

1     ████████ that Arm has?  Yes or no.

2     Q.            Peter I'm not going to get into this with

3     you.  We are not alleging any kind of violation of

4     section ███ as a breech of the TLA?

5     A.            Okay.  If you don't want a cabinet to

6     section ███ I ups but what I'm asking you if you have

7     some or the of theory in this case that Arm failed to

8     ████████████████████ whether you are presenting

9     that as a section ███ obligation breech or not or if

10    you are presenting that as part of your good faith

11    obligation theory?  You have RFPs where you seemed to

12    /EUPL /PHAOEU you started saying before and you pull

13    back so I'm just saying what is your theory and if you

14    are potentially try to go /PWAB end some sort of the

15    ████████████████████ theory into the claim then

16    we need to know that check.

17                  MR. BRALY: Right and now as I said to

18    you re/PAEDedly we are not █████████████████

19    ████████████████.  I was not saying that before

20    and I'm not saying that now.

21    A.        Okay.  Aside from the █████████████

22    are you a/HREPBLing that Arm failed to make any sort

23    ███████████████████████████  under the

24    TLA.

25              MR. BRALY: Peter, you are like asking me

                                              45


1    interrogatory questions here.  I'm telling you we are

2    not██████████████████████████████

3    ████████████████████████████.

4              MR. EVANGELATOS: So I ups you are

5    refuting to cabin response under section ████  theory

6    but if you are asserting that as part of your good

7    faith claim I'm asking you where in your F A C you

8    have pled that theory.

9              MR. BRALY: I have not said --

10             MR. EVANGELATOS: You asked us about too

11   on that stuff and so -- tough RFPs now you asked for

12   Architecture errata right so are you pleading that

13   theory and if so where do you believe you /PHRE it.

14             MR. EVANGELATOS:  This is Aaron.  This

15    is Aaron.  I think first of all this is not a

16    deposition so you are not going to like get into /#*

17    interrogatory responses from Jake or from anyone else

18    at pall wise on this call.

19              If you have questions that you want to

20    send us that are supplemental interrogatories that are

21    about the claims /THEBGS that are more than what we

22    have already stated which is that we are not alleging

23    a breech of contract under section ███ then you can

24    send them to us and we will consider them in writing

25    the way that you guys have said you'll consider

                                                    46


1     everything that wept in writing.

2               So let's not have this fight right now.

3     If you want tos ask ask us interrogatories feel free

4     to send them over.

5     A.          Okay.  So Aaron let go back to RFP 70 you

6     have ask for documents and /KPHOUPB indications

7     relating to Architecture earth for ████████████

8     ████ where in the F A C do you believe you pled a

9     theory because again we told you we think that's

10    irrelevant so where do you believe that and what's

11    your basis for relevance on why we shall give those

12    documents.

13            MS. MORGAN:  I don't have the F A C in

14    front of me if you guys have an issue with it you can

15    put the request in writing check and articulate a

16    bunch of stuff from the F A C which I don't have

17    sitting in front of me at this moment okay if you want

18    to T this up and have a discussion about this I

19    suggest that you do this in writing so we can consider

20    if this is the appropriate way to address the issue or

21    if what you are asking for is really just written

22    dis/#* discovery which is what it sounds like to me.

23    I mean we have been over this over and over again.

24    Everybody has explained end lessly to you why these

25    different requests are relevant.  So you know I think

                                                      47

1    there is not really a point in continuing to have this

2    send it to us in an e-mail if you want to explain it

3    to us further.

4            MR. EVANGELATOS:  Okay.  So for the

5    record we can move on for purposes of today but just

6    to be clear for the record we have asked you to

7    articulate the relevance in the context of RFPs 70

8    /STKP 95 what you are asking for.  I have asked you to

9      articulate the /EL /SREPBS of ███████████

10     ███████████.  You have refused to do that.  You

11     have told us to do that in writing.  You are told you

12     have told us you are not pleaing a section ████ of the

13     TLA breech claim so we fail to see the relevance of

14     that and /TKPWEB just making that clear for the record

15     and then we can move on.

16              MS. MORGAN:  I think that we object to

17     your characterization.  I think we have explained all

18     of this add /TPHAZ yum throughout the call but we can

19     let the record speak for /*EUT.

20              MR. EVANGELATOS:  Sure.  I again

21     disagree.

22              So the last point that we need to move

23     onto that we asked you about was why you are refusing

24     /TPO make a zoom link a video link available for two

25     of the many depositions that were happening.

                                                 48

1              Can you explain why you are limiting

2     that to a realtime link we have an in-house counsel

3     asking to /-PL remotely we have asked this if writing

4     so why can we not do that?

5              MR. BRALY:  Yes so this is Jake at pall

6      Weis.  I mean, I think it is -- the realtime link will

7      give /TU transcript and will lay out what is going on

8      at the deposition.  We have not agreed to remote

9      depositions.  It costs more, it takes up more time to

10     set up a /SO*PL link I guess we are not clear what is

11     the point of setting you a zoom link when you get the

12     information necessary from the realtime.

13                    MR. EVANGELATOS:  Okay.  I'm familiar

14     with the realtime and the realtime is very different

15     from being able to observe a witness.  Whether we have

16     agreed to a remote deposition or not I hear you we are

17     doing these depositions in person but that shouldn't

18     procures someone part pating remotely and it's a

19     narrow request that we think you guys should

20     accommodate you haven't said this is a cost for it you

21     haven't said you can't do it so what's the reason you

22     refuse.

23                    MR. BRALY: No I said it costs more and

24     it is more difficult to set up and we did not

25     understand why you needed a zoom link when you get the

                                                              49

1      same information from the realtime.  I mean, so we

2      were wondering what you were looking for why you

3    wanted the zoom link.

4              MR. EVANGELATOS:  We told you we have

5    someone who needs to participate remotely who can't

6    attend in person.

7              What is the cost and maybe we can even

8    agree to cover that?  What is the suppose cost and I

9    think the court reporter sets this up and a

10   stenographer sets this up and there is no increased

11   burden I have done this several other times in

12   depositions.

13             MR. BRALY: I believe there is an

14   increased cost I think it's an additional cost if you

15   /SO*PL plus realtime plus all these other things I

16   think each one costs more money.

17             MR. EVANGELATOS:  Okay.  And if we agree

18   to cover the costs will you agree to have the

19   deposition to have someone listen in remotely?

20             MR. BRALY:  Let me take it back and I

21   will get back to you.

22             MR. EVANGELATOS:  Okay.  Please take

23   that back because we have someone who wants to

24   participate remotely and that's all we are asking for.

25   If the cost is reasonable maybe we can agree to cover

                                          50

```
 1    that too but let's move on it's a silly issue.

 2                 MR. BRALY:  Okay.  I think that's

 3    everything.  I don't know -- Erin am I leaving

 4    anything out?

 5                 MS. MORGAN:  I don't think so.

 6                 MR. EVANGELATOS:  Okay.  I think that's

 7    it for today and we will be on a look out for the copy

 8    of the rough and the final I think the court reporter

 9    said and you have an expedited request so we will be

10    on the look out for that thanks everyone.

11                 MR. BRALY: All right thank you.

12                 (The record concluded at 1:24 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24
```

25

51

1

2                        C E R T I F I C A T E

3

4                   I do hereby certify that I am a

5      Registered Professional Reporter in good standing,

6      that the aforesaid testimony was taken before me,

7      pursuant to notice, at the time and place indicated;

8      that said deponent was by me duly sworn to tell the

9      truth, the whole truth, and nothing but the truth;

10     that the testimony of said deponent was correctly

11     recorded in machine shorthand by me and thereafter

12     transcribed under my supervision with computer-aided

13     transcription; that the deposition is a true and

14     correct record of the testimony given by; and that I

15     am neither of counsel nor kin to any party in said

16     action, nor interested in the outcome thereof.

17                        WITNESS my hand and official seal this

18     ____ day of ____, 2025.

19

20

21                        Registered Professional Reporter

22

23

24

25