Originally Filed:  June 30, 2025
Redacted Version Filed:  July 7, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
   a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
   a Delaware corporation,

                Plaintiffs,

     v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
   a U.K. corporation,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 24-490 (MN)

REDACTED - PUBLIC VERSION

## NOTICE OF AMENDED SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1 will be served

upon Morrison & Foerster LLP.

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Erin J. Morgan
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Travis Murray

_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

June 30, 2025

# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Delaware

| | | |
|---|---|---|
| Qualcomm Inc., Qualcomm Technologies, Inc., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  24-490 (MN) |
| ARM HOLDINGS PLC., f/k/a ARM LTD., | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Morrison & Foerster LLP, 2100 L Street, NW, Suite 900, Washington, D.C. 20037
per counsel's agreement to accept service via email: Kyle D. Friedland, kfriedland@mofo.com, Morrison & Foerster LLP, 250 W. 55th St., New York, NY 10019 _(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: see Attached Schedule B

| Place: Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | Date and Time:<br>    07/04/2025 1:00 p.m. ET |
|---|---|

The deposition will be recorded by this method: ___Stenographic and audiotape and/or videotape; LiveNote___

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___6/30/2025___

|  _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ Melissa F. Zappala |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   ___Qualcomm, Inc.,___
Qualcomm Technologies, Inc. ___, who issues or requests this subpoena, are:
Melissa F. Zappala, Dunn Isaacson Rhee LLP, 401 Ninth Street NW, Washington, D.C. 20004 mzappala@dirllp.com; (202) 240-2900

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 24-490 (MN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ☐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

      I declare under penalty of perjury that this information is true.

Date: _____

                                 _____
                                                *Server's signature*

                                 _____
                                           *Printed name and title*

                                 _____
                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

## (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

## (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

## (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE B – DEPOSITION TOPICS

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(B), the deposition will be recorded by stenographic, audio, video and/or real-time transcription (*e.g.*, LiveNote) means. The deposition will be taken for the purposes of discovery, for use at trial in this Litigation and for any purposes permitted under the Federal Rules of Civil Procedure. A Protective Order is in place in this action, a copy of which is attached hereto as Attachment A. To the extent You believe this subpoena calls for confidential information, documents, or things, You may produce such information, documents, and things with designations in accordance with the Protective Order in responding to this subpoena.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1.    The requests, as well as the instructions provided below, are subject to and incorporate the following definitions and instructions as used herein, regardless of whether upper- or lower-case letters are used. The definitions and instructions set forth in the Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

2.    "Action," "Litigation" or "Case" means the litigation filed by Qualcomm in the District of Delaware on April 18, 2024, captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN).

3.    "ALA" means Architecture License Agreement, including all amendments and annexes to any such agreement.

4.    "Bloomberg" means Bloomberg News, and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys and all other Persons or entities acting or purporting to act on their behalf, including but not limited to Bloomberg reporter Ian King.

5.    "Breach Letter" means ARM's October 22, 2024 letter to Qualcomm alleging that Qualcomm was in material breach of the ALA between Qualcomm and ARM.

6.    "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.    The term "Communications" also includes, without limitation, all internal Communications (i.e., between any person employed by or affiliated with, or acting on behalf of, You) and external Communications (i.e., between any person employed by or affiliated with, or acting on behalf of You and any Third Party).

7.    "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

8.    "Defendant" and "ARM" mean Defendant ARM Holdings PLC, which is the Defendant in the Action captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN), and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys and all other Persons or entities acting or purporting to act on their behalf.

9.    The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all Communications, Things, and "writing[s]," "recording[s]," and "photograph[s]," as

those terms are defined by Federal Rule of Evidence 1001, including, without limitation, electronic or computerized data compilations. A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term. The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box or notebook containing the Document, as well as any index, table of contents, list or summaries that serve to organize, identify or reference the Document.

10.    ████████ means ████████████████████████ █ ████ and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf.

11.    "Information" means information in any form, including but not limited to documentary, electronic, graphical or tabular, and communicated by any means, including but not limited to, orally, in writing, in a document or via electronic communication.

12.    The words "identify," "identity" and "identification" mean to provide:

   a.    as applied to an individual or Person, the individual's or Person's first and last name; present or last known address and telephone number; present or last known employer, department, role and title; present or last known business address and telephone number; a description of the Person's role; and the specific subject matter about which the Person is knowledgeable;

   b.    as applied to a Document, state the type of Document; date of the Document; names of the individuals who drafted, authored or signed the Document; names of the individuals to whom the Document or a copy thereof was addressed or sent; a summary of the subject matter of the Document; the number of pages of

3

the Document; the present whereabouts of the Document; the name and address

of the current custodian; and the Bates number(s), if the Document has been

produced; and

c.  as to facts, a statement and complete explanation of each fact, including any

and all information considered ancillary or related to the facts disclosed in

response to these subpoenas, including but not limited to the circumstances

surrounding each fact.

13.    "Media Outlets" means any organization or platform that disseminates news,

information, and entertainment to the public through various channels, including newspapers,

magazines, radio, television, and online platforms, and its predecessors, successors, affiliates,

subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives,

agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting

to act on their behalf. For the avoidance of doubt, this term includes, but is not limited to, the

following organizations and individuals:



14.    "Morrison Foerster," "You" and "Your" means Morrison & Foerster LLP and its

predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners,

principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other

4

Persons or entities acting or purporting to act on their behalf, including but not limited to ███

███

15.    "Party" means any of the Plaintiffs or Defendant in the Action captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN), including Qualcomm Inc., Qualcomm Technologies, Inc., and ARM Holdings PLC.

16.    "Person" means any natural person or any business, legal, governmental or regulatory entity or association.

17.    "Plaintiffs" means, collectively, Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc., Plaintiffs in the Action captioned *Qualcomm Inc. et al.* v. *ARM Holdings PLC*, C.A. No. 24-490 (MN), and their principals, employees, representatives, agents, and officers.

18.    "Qualcomm" means collectively Qualcomm Inc. and Qualcomm Technologies, Inc., and their principals, employees, representatives, agents and officers.

19.    ████████████████████████████ and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys and all other Persons or entities acting or purporting to act on their behalf.

20.    "Third Party" or "Third Parties" means any Person other than Plaintiffs and Defendant, as defined in the foregoing paragraphs.

21.    As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

## INSTRUCTIONS

The following instructions apply to the Topics below and should be considered part of each Topic:

1.      In accordance with Rules 30 and 45 of the Federal Rules of Civil Procedure, You are required to designate one or more Persons who are most knowledgeable to testify on Your behalf with respect to matters known or reasonably available to You regarding the Topics described below.

2.      If You object to a Topic in whole or in part, You are requested to identify the objection with the language You contend is objectionable and state the interpretation of the language that You used to identify the one or more Persons who are most knowledgeable to testify on the Topic.

3.      In interpreting these Topics, Definitions and Instructions:  the singular shall include the plural and the plural includes the singular; and "or," "and," "and/or," "and including" shall be read inclusively rather than exclusively.

4.      The use of the verb in any tense shall be construed as the use of the verb in all other tenses.

5.      All Topics shall be interpreted as unbounded in time unless otherwise stated.

6.      Each Topic shall be construed independently, and no Topic shall be viewed as limiting the scope of any other Topic.

## DEPOSITION TOPICS

1.      The authenticity of the Documents produced by You in response to the subpoena *duces tecum* dated April 22, 2025.

2.      The contents of the Documents produced by You in response to the subpoena *duces tecum* dated April 22, 2025.

6

3.      All Documents received from, or sent to, ███████████ related to or concerning the Breach Letter or subject matter therein.

4.      All Communications with ████████ related to the Breach Letter or subject matter therein.

5.      All Communications between You and █████████—including but not limited to Communications with ███████████████ in his capacity as ████████████ █████—related to or concerning the Breach Letter or subject matter therein.

6.      All Documents received from, or sent to, ██████████████ related to or concerning the Breach Letter or subject matter therein.

7.      All Communications between You and ████████ related to or concerning the Breach Letter or subject matter therein.

8.      All Documents and Communications between You and Bloomberg—including but not limited to Communications with Ian King—related to or concerning the Breach Letter or subject matter therein.

9.      All Documents and Communications related to the transmittal or sharing of the Breach Letter, or any of the subject matter therein, contained therein, with any Third Parties.

10.     All Documents and Communications related to the article written by Bloomberg on October 22, 2024 titled "Arm to Scrap Qualcomm Chip Design License in Feud Escalation," available at: https://www.bloomberg.com/news/articles/2024-10-23/arm-to-cancel-qualcomm-chip-design-license-in-escalation-of-feud?embedded-checkout=true.

11.     All Communications with Third Parties—including but not limited to Media Outlets—related to or concerning the Breach Letter or subject matter therein.

7

12.     All internal Documents and Communications related to the Breach Letter created

prior to December 16, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 30, 2025, upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                      *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendant*

Karen E. Keller, Esquire                                     *VIA ELECTRONIC MAIL*
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                                  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                                    *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Sydney D. Gaskins, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

Erik J. Olson, Esquire                                                       *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire                                                     *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire                                                     *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire                                                    *VIA ELECTRONIC MAIL*
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire                                                       *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                                      *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                          *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                    *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


                                          */s/ Travis Murray*
                                          _____
                                          Travis Murray (#6882)

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 7, 2025, upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                     *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Karen E. Keller, Esquire                                    *VIA ELECTRONIC MAIL*
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                                 *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                                   *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Sydney D. Gaskins, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Erik J. Olson, Esquire
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Daniel P. Muino, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Brian M. Kramer, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

William Frentzen, Esquire
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Lydia B. Cash, Esquire
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Jay Emerick, Esquire                                          *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                    *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


                                        */s/ Travis Murray*

                                        _____
                                        Travis Murray (#6882)


                                        3