IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>               Plaintiffs,<br><br>   v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation,<br><br>               Defendant. | C.A. No. 24-490-MN |

## NONPARTY MEDIATEK INC.'S MOTION FOR LIMITED INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24

Nonparty MediaTek Inc. ("MediaTek") moves under Rule 24 of the Federal Rules of Civil Procedure to intervene in this action for the limited purpose of filing a motion for a protective order. Fed. R. Civ. P. 24. MediaTek seeks to prevent ARM Holdings PLC, f/k/a ARM Ltd. ("ARM") from producing MediaTek's trade secrets and competitively sensitive communications and information to MediaTek's competitors, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (together, "Qualcomm"). Anticipating that third-party confidential information may be sought in discovery, the Court directed that "a third party seeking further protections for its highly confidential information may follow the well-established procedure of moving for a protective order, which allows the court to balance the relevance of the information against the risk of inadvertent disclosure." (D.I. 74; see also D.I. 84 ¶¶ 51-52). MediaTek files this motion to intervene solely to preserve its rights and in the event the Court requires it before considering MediaTek's forthcoming motion for a protective order.

## FACTUAL AND PROCEDURAL BACKGROUND

Nonparty MediaTek is a semiconductor producer that competes directly with Qualcomm in products including smartphone systems on chips ("SoCs") for use with the Android operating system, laptop SoCs, automotive SoCs, and more. Both companies license technology from ARM, but MediaTek is not a party to this action. Qualcomm has sued ARM for alleged breach of a licensing agreement between Qualcomm and ARM. In discovery, Qualcomm has sought production of MediaTek's confidential agreements, which would reveal MediaTek's licensing terms, royalty rates, and product specifications, all of which are highly confidential, competitively sensitive trade secrets.

On March 21, 2024, the Court entered a Stipulated Protective Order, which establishes the procedures for a third party to seek protection of its confidential information that might be produced in discovery in this case. (D.I. 84 ¶ 52). On June 24, 2025, ARM sent MediaTek a letter notifying MediaTek that Qualcomm was seeking confidential information related to ARM's agreements with MediaTek, including requests for copies of ARM's Technology License Agreement ("TLA"), ARM Total Access Agreement ("ATA"), and Royalty Pricing Agreement ("RPA"), and amendments, exhibits, and annexes thereto, with MediaTek. MediaTek now seeks to intervene to file a motion for a protective order to prevent disclosure of its trade secrets and other confidential information to Qualcomm.

## ARGUMENT

Federal Rule of Civil Procedure 24(b)(1)(B) permits a court to allow a third party to intervene when the third party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Third Circuit has held that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not

an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994). The Court has applied this principle to allow nonparties to intervene to protect their own proprietary business information from disclosure in litigation. *See U.S. v. Dentsply Int'l, Inc.,* 187 F.R.D. 152, 157-58 (D. Del. 1999).

In evaluating permissive intervention, courts consider whether the intervenor has standing, whether the commonality requirement is satisfied, whether the motion is timely and whether intervention will unduly prejudice the parties. *Pansy*, 23 F.3d at 777-80. MediaTek satisfies each of these requirements. The Court should therefore grant MediaTek's motion to intervene for the limited purpose of filing a motion for a protective order.

## I.    MEDIATEK HAS STANDING TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING A PROTECTIVE ORDER.

Nonparties have standing to intervene for the limited purpose of seeking a protective order to protect their confidential information. *See Dentsply*, 187 F.R.D. at 157-58 (permitting nonparty to intervene for limited purpose of addressing potential production of its confidential customer and pricing information). Here, MediaTek's trade secrets and confidential information are directly implicated by Qualcomm's discovery requests, and MediaTek faces a serious risk of competitive harm if its information is disclosed. MediaTek seeks only to protect its own confidentiality interests and does not seek to litigate the merits of the underlying dispute. Therefore, MediaTek has standing for this limited purpose.

## II.   MEDIATEK'S MOTION SATISFIES THE COMMONALITY REQUIREMENT.

Although Rule 24(b)(1)(B) typically requires a nonparty to demonstrate that they have "a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), courts in the Third Circuit relax this requirement when a nonparty seeks to

intervene solely to challenge or seek a protective order. The Third Circuit has explained that "specificity, e.g., that the [intervenor's] claim involve the same legal theory… is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Pansy*, 23 F.3d at 778 (citation omitted). The Court has permitted intervention "to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Dentsply*, 187 F.R.D. at 157-58 (citing Pansy, 23 F.3d at 778). MediaTek's interest in protecting its confidential information is sufficiently related to the subject matter of this action to warrant intervention for this limited purpose.

### III.     MEDIATEK'S MOTION IS TIMELY.

The Stipulated Protective Order in this case provides that, when a party is required to produce a third party's confidential information that is subject to a confidentiality agreement, they must promptly notify the requesting party and the third party in writing, provide the third party with a copy of the discovery requests and make the requested information available for the third party's inspection. D.I. 84 ¶ 51. A third party may move for a protective order "within twenty-one (21) days of receiving the notice and accompanying information." *Id.* ¶ 52. ARM notified MediaTek that its confidential information may be subject to production on June 24, 2025. MediaTek has filed its motion for a protective order within 21 days of receiving that information.

### IV.     INTERVENTION WILL NOT PREJUDICE THE PARTIES.

Intervention for the limited purpose of seeking a protective order will not unduly delay or prejudice the adjudication of the parties' rights. The issue of whether MediaTek's confidential information should be produced is ancillary to the merits of the dispute between Qualcomm and ARM. *Pansy*, 23 F.3d at 779. Qualcomm's claims do not turn on the terms or rates of MediaTek's

agreements with ARM, nor is ARM's specific treatment of MediaTek, in relation to Qualcomm or otherwise, at issue in this litigation.

## CONCLUSION

For all of the foregoing reasons, MediaTek respectfully requests that the Court grant MediaTek's motion to intervene for the limited purpose of moving for a protective order.

ATED: July 11, 2025

By: */s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (#4711)
Buchanan Ingersoll & Rooney PC
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7047
302-552-4200
geoffrey.grivner@bipc.com

*Attorney for Nonparty MediaTek Inc.*