IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., and QUALCOMM TECHNOLOGIES, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 24-490 (MN) ) |
| ARM HOLDINGS PLC, | ) ) |
| Defendant. | ) ) |

### ORDER APPOINTING SPECIAL MASTER

WHEREAS, by Order dated December 4, 2014, the Court revised the scope and administration of the Special Master Panel for complex cases; and

WHEREAS, consistent with the goals and needs expressed in the referenced Order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned case;

NOW THEREFORE, this 18th day of July 2025, IT IS HEREBY ORDERED that:

1. **Appointment of Special Master.** **Helena C. Rychlicki**, is appointed as Special Master to manage discovery and disputes concerning amendments.

2. **Discovery and Motions to Amend/Strike.** As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, the Special Master shall proceed with all reasonable diligence and, as provided by Rule 53(c), shall have the authority to regulate all proceedings and take all measures necessary to address issues relating to the parties' discovery disputes, and any motions to amend or strike pursuant to paragraph 8 of the Scheduling Order (D.I. 44), and rule on same.

3. **Discovery disputes.** The Special Master shall, after consulting with the parties, establish procedures for the handling of discovery disputes and motions to amend/strike. As part of those procedures, the parties must first advise Chambers, by emailing this Court's Judicial Administrator (diana_welham@ded.uscourts.gov), of any new or additional disputes the parties

wish to bring before the Special Master.  The Special Master shall have the duty and authority to require the submission of reports, call conferences, and hold hearings in order to determine the status of issues relating to discovery and to issue orders requiring the parties to adhere to case management dates set by the Court.  The Special Master shall hear, resolve and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth her rulings.

      a.    With respect to discovery motions,[1] all such motions (but **not** the related briefing and appendices, if any) shall be filed with the Court.

      b.    With respect to hearings and conferences, they shall be held in this District's Courthouse or other appropriate place arranged by the Special Master or by the parties, with the approval of the Special Master.  If the Courthouse is used, the Special Master shall arrange for a courtroom through the Clerk's Office (Beth Mason at 302-573-6170).

      c.    Absent agreement among the parties, all hearings shall be transcribed by a certified court reporter.  The Special Master may arrange for a court reporter through Dale Hawkins at dale_hawkins@ded.uscourts.gov who shall be given one week's notice of any scheduled hearings absent emergency circumstances. Absent an order by the Special Master, the parties shall bear equally the costs of the court reporter and transcript.

      d.    The Special Master shall preserve all materials the Special Master receives or prepares in connection with any dispute regarding discovery.  The Special Master shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that the following shall be filed: (1) any transcripts that contain the rulings from the bench; (2) orders entered setting forth the Special Master's rulings; and (3) any opinions prepared supporting her rulings.  All such papers shall be filed with the Court through the Special Master and docketed by Chambers staff.

**4.**    **Ex parte communications.** The Special Master shall not communicate ex parte with a party without the consent of all parties.  The Special Mater may communicate ex parte with the Court.

---

[1] Only the formal motion itself must be docketed with the Court. All other discovery materials should be lodged only with the Special Master, consistent with ¶ 6 *infra*.

5. **Confidential information.** The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. The Special Master and other persons assisting the Special Master shall preserve and protect the confidentiality of all such information and, if required to file any orders, findings, opinions or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential," "For Attorneys Eyes Only" and/or "Highly Confidential"), the Special Master shall file the same under seal.

6. **Appeals.** The Special Master's rulings shall be subject to review by the Court, consistent with Rule 53(f). In this regard, unless otherwise ordered:

  (a) the **parties may serve, file and docket** with the Court specific written objections (and responses thereto) to any of the Special Master's rulings;[2]

  (b) the objections shall be filed no later than twenty-one (21) days after being served with a copy of the ruling, and the responses thereto shall be filed within ten (10) days after being served with a copy of the objections;

  (c) the objections and responses to the objections are limited to ten (10) pages each; and

  (d) the **parties must serve, file and docket** with the Court (as well as provide to the Judge to whom the case is assigned a courtesy copy of) any relevant portion of the record made before the Special Master which pertains specifically to the objections.[3]

7. **Compensation.** The Special Master shall be compensated for the Special Master's services at the Special Master's usual hourly rate. Others assisting the Special Master shall be compensated at their usual hourly rates. The Special Master shall send itemized statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive

---

[2] Counsel shall docket using the "objections" and "response to objections" docket events.
[3] Counsel shall docket separately as an appendix using the "appendix" docket event.

payment directly from counsel for the parties in a timely fashion. The compensation and expenses of the Special Master shall, unless otherwise ordered, be shared equally by the parties (that is, 50% by Plaintiff(s) and 50% by Defendant(s)). In this regard, if (in the Special Master's opinion) a party engages in behavior which occasions the waste of the Special Master's time and resources, or otherwise hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs, and expenses. Any objections or disputes as to the Special Master's compensation, costs, and/or expenses shall be presented to the Court in a timely application.

                                       */s/ Maryellen Noreika*
                                       The Honorable Maryellen Noreika
                                       United States District Judge