IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 24-490-MN<br>)<br>)<br>)<br>)   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉<br>)<br>)<br>)   REDACTED - PUBLIC VERSION<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO NON-PARTY MEDIATEK'S MOTION FOR A
<u>PROTECTIVE ORDER</u>**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Adam L. Basner
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

July 25, 2025

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 1

III. LEGAL STANDARD .................................................................................................... 3

IV. ARGUMENT .................................................................................................................. 3

    A. The Materials Qualcomm Seeks Are Relevant ....................................................... 3
    B. Mediatek Has Not Demonstrated Any Specific Risk Of Harm. ............................. 5

V. CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                                        Page(s)

*AdTrader, Inc.* v. *Google LLC*,
   Civ. No. 17-7082, 2021 WL 937559 (N.D. Cal. Mar. 12, 2021)................................................4

*Blackbird Tech LLC v. Serv. Lighting and Electrical Supplies, Inc.*,
   2016 WL 2904592 (D. Del. May 18, 2016)...................................................................7

*Cipollone v. Liggett Grp., Inc.*,
   785 F.2d 1108 (3d Cir. 1986)..................................................................................3, 5

*Mannington Mills Inc.* v. *Armstrong World Indus., Inc.*,
   206 F.R.D. 525 (D. Del. 2002) ................................................................................7

*Procter & Gamble Co.* v. *Boyle-Midway, Inc.*,
   C.A. No. 82-671, 1983 WL 830080 (D. Del. Apr. 11, 1983)......................................6

*Realtime Data, LLC* v. *MetroPCS Texas, LLC*,
   Civ. No. 12-1048, 2012 WL 1905080 (S.D. Cal. May 25, 2012)................................7

*United States* v. *Garett*,
   571 F.2d 1323 (5th Cir. 1978) ................................................................................3

**Rules**

Fed. R. Civ. P. 26(b)(1)..................................................................................................7

Fed. R. Civ. P. 26(c) ......................................................................................................3

I.  INTRODUCTION

Non-Party MediaTek Inc. ("MediaTek") moved for a protective order to preclude Defendant Arm from producing agreements between MediaTek and Arm governing MediaTek's licensing of Arm off-the-shelf CPUs. D.I. 323. Lifting passages from the Broadcom motion, D.I. 127, MediaTek rehashes the same arguments that Qualcomm has already addressed, D.I. 180. MediaTek's motion should be denied because the documents that Qualcomm seeks are critical to Qualcomm's claims that Arm's October 2024 quote for Arm CPUs and peripheral IP violated the Qualcomm TLA and the covenant of good faith and fair dealing. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, making third-party agreements relevant to this analysis, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. MediaTek offers only speculation as to why the Protective Order in this case cannot safeguard its information. MediaTek fails to establish good cause to prevent production of relevant materials in this case.

II.  BACKGROUND

Arm develops and licenses technology for CPUs compatible with its instruction-set architecture—instructions that allow hardware to interface with Arm-compliant software. D.I. 137 ¶ 46. Arm has historically offered two types of licenses: Architecture License Agreements ("ALAs") and Technology License Agreements ("TLAs"). *Id.* ¶ 43. A TLA grants the licensee the right to license from Arm and use Arm-designed CPUs or other Arm-designed IP in a System-on-a-Chip. *Id.* ¶ 51. An ALA grants the licensee the right to commercialize products with a custom CPU that the licensee designs itself. *Id.* ¶¶ 44–50. Qualcomm develops microprocessors and has both an ALA and a TLA. *Id.* ¶ 3.

In prior litigation, Arm alleged that Qualcomm and Nuvia—a company that Qualcomm acquired—breached Nuvia's ALA by not destroying certain technology after Arm terminated the

1

Nuvia ALA. *Arm Ltd. Inc.* v. *Qualcomm et al.*, C.A. No. 22-1146 (MN) (the "Prior Litigation"), D.I. 1. To test whether Arm suffered any harm to its contracts from this alleged breach, Qualcomm sought production of Arm's ALAs and TLAs with third parties. Prior Litigation, D.I. 27, RFP 27; Prior Litigation, D.I. 154, RFP 71. Despite initial rulings declining to compel production of unredacted versions of these materials, the Court ultimately found the ALAs to be relevant and precluded Arm from advancing certain theories of harm at trial due to Arm's refusal to produce the unredacted versions—a nuance that MediaTek (like Broadcom) overlooks. Judge Hatcher initially ruled that certain third-party ALAs were of minimal relevance. Prior Litigation, D.I. 207; Ex. 1, 58:11–25. Qualcomm filed objections with Judge Noreika, who overruled them without prejudice in March 2024. Ex. 2, 62:16–63:15. Critically, Judge Noreika stated that the unredacted ALAs were "a little bit more relevant than" Judge Hatcher suggested. *Id.* 45:6–12. While overruling the objections "for right now" because she could not "make a determination" as to relevance, she stated that Qualcomm could raise the issue later once she understood Arm's theories of harm. *Id.* at 62:10–23. Then, at the November 2024 conference where Arm explained its theories of harm, Judge Noreika precluded Arm from using certain evidence and advancing certain theories in light of its refusal to produce the unredacted ALAs. Ex. 3, 26:20–40:22.

This case involves separate claims arising from Arm's conduct under *Qualcomm's* ALA and TLA (as opposed to *Nuvia's* ALA which was the focus of the Prior Litigation) and Arm's related tortious misconduct and unfair competition. Qualcomm asserts that Arm breached the Qualcomm TLA and the covenant of good faith by providing licensing quotes for certain Arm CPUs and peripheral IP at prices that are ███████████████████████████████████████████████████████████████████████. D.I. 137 ¶¶ 20–28, 102–120, 181–188, 213–226.

In January 2025, Qualcomm sought production of documents and communications relating to negotiations for Arm's licensing offers for various TLA products. D.I. 42, RFP 34. In April 2025, Qualcomm sought production of all licensing agreements for Arm CPU cores codenamed ███████████████. D.I. 93, RFP 123.

According to MediaTek, Arm notified MediaTek on June 24, 2025 that Qualcomm was seeking production of ████████████████████████████████████████████████████████████████. D.I. 322 at 2; D.I. 323 at 6. MediaTek moved for a protective order and to intervene in this case on July 11, 2025. D.I. 322; D.I. 323.

### III. LEGAL STANDARD

A court may issue a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). The burden is on the non-party seeking a protective order to "show good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citing *United States v. Garett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### IV. ARGUMENT

#### A. The Materials Qualcomm Seeks Are Relevant

MediaTek contends that the materials Qualcomm seeks are irrelevant and thus not discoverable. D.I. 323 at 8–9. MediaTek is wrong.

---

[1] MediaTek did not attach Arm's notice letter, nor did its declaration indicate when the notice letter was sent or what it contained. D.I. 323-1. For purposes of this opposition, Qualcomm assumes that MediaTek's motion is timely and that Arm provided to MediaTek the information required under the Protective Order (D.I. 84 ¶ 51). ████████████████████████████████████████

3

MediaTek's ███████████████████████████████ are highly relevant to Qualcomm's claims that Arm breached the Qualcomm TLA and the covenant of good faith and fair dealing in connection with quotes that Arm provided Qualcomm for certain Arm-designed CPUs and peripheral IP. ████████████████████████████████████████████████████████████████. D.I. 137 ¶¶ 104–105. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, MediaTek's agreements are uniquely relevant to Qualcomm's claims, and their production is critical to Qualcomm's ability to prove its case.

MediaTek's contrary arguments fail.

*First*, tracking the Broadcom motion, MediaTek argues that its agreements are not relevant because (1) Qualcomm's case is based on Arm's failure to "deliver certain technology it owed to *Qualcomm* under the *Qualcomm-Arm* agreements," D.I. 323 at 8, and (2) Arm's fulfillment of obligations to third parties has no bearing on whether Arm fulfilled its obligations to Qualcomm, D.I. 323 at 8–9. But these arguments appear to reference Qualcomm's other claims for Arm's breach of the Qualcomm ALA (which is a different type of agreement). As discussed above, MediaTek's agreements are relevant to the Qualcomm TLA and related claims.[2]

---

[2] MediaTek's reliance on *AdTrader, Inc.* v. *Google LLC*, Civ. No. 17-7082, 2021 WL 937559, at *2 (N.D. Cal. Mar. 12, 2021) is misplaced for the same reason. There, the court found that production of one agreement was not relevant to the defendant's understanding of its obligations under another agreement. *Id.* That reasoning has no application here, ████████████████ ████████████████████████████████████████████████████████████████ D.I. 137 ¶¶ 104–105.

*Next*, MediaTek argues that none of the claims in the Second Amended Complaint "turn on purported commercially reasonable prices." D.I. 323 at 9. Not so. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 137 ¶¶ 104–105. Moreover, the prices for which Arm licensed peripheral IP to other licensees are relevant to Qualcomm's claims that Arm's quotes for peripheral IP violated the implied covenant of good faith and fair dealing. And MediaTek's suggestion that "a contract with a single counterparty like MediaTek" is not probative of Qualcomm's claims, D.I. 323 at 9, is contrary to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Exs. 4–6. In any event, Qualcomm has not singled out MediaTek, but is seeking production of all third-party agreements related to these IPs to test whether Arm ▮▮▮▮▮▮ or otherwise provided a commercially reasonable quote.

*Finally*, MediaTek's suggestion that the Court's protective order rulings in the Prior Litigation are relevant is both wrong and incomplete. Those rulings are inapplicable here, as this case involves different claims and different types of agreements that Qualcomm seeks for different reasons. Moreover, the Court ultimately sided with Qualcomm that the third-party ALAs at issue in the Prior Litigation were relevant and precluded Arm's theories of harm because Arm failed to produce them.

**B. MediaTek Has Not Demonstrated Any Specific Risk of Harm.**

To establish good cause for a protective order, MediaTek had the burden to show a "particular need for protection" rather than merely "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone* v. *Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). MediaTek's own brief makes the same point. D.I. 323 at 7 (citing caselaw

for the proposition that good cause requires a "clearly defined and serious injury"). Yet, each of MediaTek's assertions of harm are entirely speculative.

MediaTek argues that it would be harmed "*if* its trade secrets were to be disclosed to Qualcomm," because ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████ D.I. 323 at 10–11 (emphasis added). But each of these hypothetical harms assumes that Qualcomm's outside counsel will violate the Protective Order, which permits Arm to designate sensitive information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," thus limiting access to outside counsel of record and experts while prohibiting access to anyone at Qualcomm (including Qualcomm in-house counsel). D.I. 84 ¶¶ 45–46. This designation provides strong protection from disclosure of MediaTek's confidential information to Qualcomm. *See* Ex. 2 at 44:14–23 (noting that it was "quite an accusation" to suggest that this designation wouldn't sufficiently protect sensitive information); *Procter & Gamble Co.* v. *Boyle-Midway, Inc.*, C.A. No. 82-671, 1983 WL 830080, at *1 (D. Del. Apr. 11, 1983) ("The Court simply will not indulge in the speculation that attorneys will violate a protective order issued by a court[.]").

MediaTek's only response is to parrot Broadcom's argument—word for word—that outside counsel will "need to communicate to some extent with Qualcomm about the information and documents it receives." *Compare* D.I. 323 at 11 *with* D.I. 127 at 13. But MediaTek never explains *why* Qualcomm's counsel would need to do so. MediaTek adds that "if Qualcomm's counsel truly intends to use MediaTek's agreements with Arm to parse whether Qualcomm received commercially reasonable terms, discussions about MediaTek's terms relative to Qualcomm's are inevitable." D.I. 323 at 11. But again, MediaTek offers no reason why

6

Qualcomm's outside counsel cannot conduct the straightforward exercise of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ without revealing information from MediaTek's agreements to Qualcomm in-house counsel. *See Blackbird Tech LLC v. Serv. Lighting and Electrical Supplies, Inc.*, 2016 WL 2904592, at *5 (D. Del. May 18, 2016) (noting that outside counsel can "adequately represent [a client's] interests even if in-house counsel is precluded from viewing confidential information"). Nor does MediaTek show how any such hypothetical, limited disclosure overcomes the overwhelming relevance of its documents, as necessary to establish good cause.[3]

MediaTek contends that (1) Qualcomm can discover what it needs from its own communications with Arm or Arm's internal documents; (2) MediaTek's documents are "not pertinent" to Arm's breach of the Qualcomm TLA; and (3) it is not appropriate to "focus on discovery of contracts with a single counterparty like MediaTek." D.I. 323 at 12. As discussed above, each of these arguments fail given that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Finally, MediaTek's suggestion that the Court should grant the motion because *MediaTek* does not have access to *Qualcomm's* agreements with Arm is as nonsensical as it was when Broadcom made it. *Compare* D.I. 323 at 3, 10 *with* D.I. 127 at 3, 11. Qualcomm is a plaintiff in a lawsuit and is entitled to discovery of non-privileged documents relevant to its claims. Fed. R.

---

[3] Neither case MediaTek cites alter this conclusion, as both involve subpoenas to third parties and rely on out-of-circuit authorities that do not satisfy the Third Circuit's specificity requirement. *Mannington Mills Inc.* v. *Armstrong World Indus., Inc.*, 206 F.R.D. 525, 528–29 (D. Del. 2002); *Realtime Data, LLC* v. *MetroPCS Texas, LLC*, Civ. No. 12-1048, 2012 WL 1905080, at *2 (S.D. Cal. May 25, 2012).

Civ. P. 26(b)(1). What information MediaTek—a non-party asserting no claims—does or does not have is irrelevant.

## V. CONCLUSION

MediaTek's motion should be denied.

| | |
|---|---|
| OF COUNSEL:<br><br>Karen L. Dunn<br>William A. Isaacson<br>Erin J. Morgan<br>Melissa F. Zappala<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC  20004<br>(202) 240-2900<br><br>Catherine Nyarady<br>Jacob A. Braly<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3000<br><br>Adam L. Basner<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>(202) 223-7300<br><br>July 25, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jennifer Ying*<br><br>Jack B. Blumenfeld (#1014)<br>Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 25, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Erik J. Olson, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire  VIA ELECTRONIC MAIL
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.  VIA ELECTRONIC MAIL
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

| | |
|---|---|
| Jay Emerick, Esquire<br>Adam M. Janes, Esquire<br>Reid McEllrath, Esquire<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL  60654<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Peter Evangelatos, Esquire<br>Nathaniel Louis DeLucia, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Geoffrey G. Grivner<br>BUCHANAN INGERSOLL & ROONEY PC<br>500 Delaware Avenue, Ste. 720<br>Wilmington, DE  19801<br>*Attorneys for Nonparty MediaTek Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

11