## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation, and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

           Plaintiffs,

v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
  a U.K. corporation,

           Defendant.

C.A. No. 24-490-MN



## NON-PARTY AMLOGIC HOLDINGS LTD.'S
## REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO REDACT
## <u>COMPETITIVELY SENSITIVE COMMERCIAL INFORMATION</u>

Qualcomm continues to grasp at straws as to why third-party agreements are relevant to Qualcomm's claims against ARM in this case.[1] Qualcomm initially argued that the TLA for another third party—Broadcom—was relevant because Qualcomm asserts claims in its Second Amended Complaint ("SAC") that ARM breached Qualcomm's TLA by "refusing to provide licensing offers at commercially reasonable prices." D.I. 211 at 5. Broadcom explained that its agreements were not necessary to prove this claim because "Qualcomm does not need to tie specific prices to specific third parties to test whether the prices it pays are commercially reasonable." D.I. 213 at 6. Apparently conceding that fact, Qualcomm now switches tack and argues that it is ███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Amlogic Holdings Ltd.'s Motion for a Protective Order to Redact Competitively Sensitive Commercial Information (the "Motion").  D.I. 329.

███████████. Opp. at 4. Yet, Qualcomm fails to cite any authority in support. Nor could it. Qualcomm's SAC only asserts that ARM breached **Qualcomm's TLA** with respect to **three specific products**. Therefore, agreements governing licenses to other parties for completely different products offered by ARM would plainly not be relevant. The Court should put an end to Qualcomm's fishing expedition and enter a protective order to protect Amlogic's information in its agreements with ARM, which Qualcomm does not dispute include confidential and trade secret information.

## ARGUMENT

### I.    QUALCOMM HAS NOT SHOWN RELEVANCE AND NEED FOR AMLOGIC'S CONFIDENTIAL INFORMATION AND TRADE SECRETS.

Qualcomm's primary basis for why Amlogic's agreements are relevant to Qualcomm's claims is the fact that Qualcomm's TLA with ARM allegedly includes ███████████, ███

████████████████████████████████████

███████████████████  ███████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████ Two, Qualcomm's apparent position is that agreements related to **all** "Arm-designed CPUs" are relevant to Qualcomm's claims. But this is plainly not true—Qualcomm identifies only three products in its SAC that form the basis for its

---

[2] In its Opposition, Qualcomm concedes the identities of Amlogic's subsidiaries are not relevant to its claims against ARM. Opp. at 5 n.3. The identities of Amlogic's subsidiaries are located in at least the schedules on pages 18 and 19 of Amlogic's TLA with ARM, which is identified in Amlogic's Exhibit 4. At a minimum, the Court should order that information to be redacted.

claims of breach of the Qualcomm TLA. *See* D.I. 137 ¶¶ 21-22 (identifying Coretex-A720, Cortex-A520, and Cortex-M55 as "off-the-shelf" cores that Qualcomm requested a license for).

Therefore, according to Qualcomm's reasoning, a license for a completely different product would still be relevant to Qualcomm's claims. This is nonsense and an example of how Qualcomm's overly broad discovery requests should not be rewarded. For example, Amlogic's RPA contains royalty terms for dozens and dozens of products. But Qualcomm seeks an unredacted agreement, which would potentially expose Amlogic's confidential and trade secret information concerning products wholly unrelated to Qualcomm's case against ARM. The Court should reject Qualcomm's complete disregard for Amlogic's confidential and trade secret information.

Moreover, Qualcomm's SAC is so heavily redacted that Amlogic cannot even confirm that the SAC ██████████████████████████████████████. And Qualcomm has already indicated that it will not provide unredacted versions of the SAC to outside counsel of third parties. *See* D.I. 213 at 1-2. Regardless, Qualcomm fails to cite a single case requiring a third party to produce an agreement as relevant to an alleged breach of ████████████. The burden is on Qualcomm to show relevance and it has failed to meet it. *See Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, 2017 WL 4310221, at *4 (M.D. Pa. Sept. 28, 2017).

## II.    PERMITTING DISCLOSURE WILL CREATE A SERIOUS RISK OF HARM FOR AMLOGIC.

In support of its Motion, Amlogic submitted a detailed declaration explaining why its agreements with ARM contain confidential and trade secret information and how Amlogic would be harmed if a competitor, like Qualcomm, obtained the information. D.I. 329-2 ¶¶ 5, 8, 9. Qualcomm concedes the confidential and trade secret nature of this information, but argues that

any potential harm is "purely hypothetical" because it assumes that Qualcomm's outside counsel will violate the Protective Order already entered in this case. Opp. at 6.

The potential disclosure of Amlogic's confidential and trade secret information is not purely hypothetical. Qualcomm alleges that ARM violated its TLA with Qualcomm ██████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████ Therefore, if Amlogic were forced to produce unredacted copies of its agreements, Qualcomm's outside counsel would necessarily have to communicate to its client to some degree the terms that Amlogic was offered. Indeed, the Court recognized this type of inevitable disclosure in the *NUVIA* Litigation. *NUVIA* Litigation, D.I. 207 ("Qualcomm's outside counsel will necessarily need to communicate generalized information about the ALA to its client."). Therefore, the protection of the existing protective order entered in this case is insufficient to protect Amlogic's undisputed confidential and trade secret information. *See Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel, noting a nonparty's "concerns regarding the security of its [produced information], despite the protective order, cannot be ignored").

Accordingly, any marginal relevance of Amlogic's agreements does not outweigh the serious risk of harm of disclosure especially given the fact that only a fraction of the products covered by Amlogic's agreements have any potential relevance to Qualcomm's claims. The Court should enter a protective order to avoid that risk.

## CONCLUSION

For all of the foregoing reasons and those set forth in Amlogic's Motion, the Court should issue a protective order prohibiting ARM from producing or otherwise disclosing to Qualcomm

versions of Amlogic's TLA or ATA, or supplements and amendments thereto, that are not redacted

in accordance with Exhibit 4 to Amlogic's Motion.

Dated: August 1, 2025

|  | **BAYARD, P.A.** |
|---|---|
| OF COUNSEL: | |
| | |
| Andrew S. Ong | */s/ Elizabeth A. Powers* |
| Craig Lytle | Brett M. McCartney (No. 5208) |
| **GOODWIN PROCTER LLP** | Elizabeth A. Powers (No. 5522) |
| 601 Marshall Street | Emily L. Skaug (No. 6921) |
| Redwood City, CA 94063 | 600 N. King Street, Suite 400 |
| (650) 752-3100 | Wilmington, DE 19801 |
| AOng@goodwinlaw.com | (302) 655-5000 |
| CLytle@goodwinlaw.com | bmccartney@bayardlaw.com |
| | epowers@bayardlaw.com |
| | eskaug@bayardlaw.com |
| | |
| | *Attorneys for Non-Party Amlogic Holdings Ltd.* |

## CERTIFICATE OF SERVICE

I certify that counsel of record is being served on August 1, 2025, with a copy of this document via email.

*/s/ Elizabeth A. Powers*
Elizabeth A. Powers (#5522)

**Briefs, Responses and Replies**

1:24-cv-00490-MN Qualcomm
Incorporated et al v. ARM
Holdings PLC

SPECIALMASTER

## U.S. District Court

## District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Powers, Elizabeth on 8/1/2025 at 1:39 PM EDT and filed on 8/1/2025
**Case Name:**          Qualcomm Incorporated et al v. ARM Holdings PLC
**Case Number:**       1:24-cv-00490-MN
**Filer:**                    Amlogic Holdings Ltd.
**Document Number:** 351

**Docket Text:**
**[SEALED] REPLY BRIEF re [329] MOTION for Protective Order to Redact Competitively Sensitive Commercial Information filed by Amlogic Holdings Ltd.. (Attachments: # (1) Certificate of Service) (Powers, Elizabeth)**

**1:24-cv-00490-MN Notice has been electronically mailed to:**

Adam M. Janes      adam.janes@kirkland.com

Anne Shea Gaza      agaza@ycst.com, corpcal@ycst.com, corporate@ycst.com

Bethany Stevens      bstevens@wscllp.com

Bradley D. Sorrels      bsorrels@wsgr.com, rfinnimorepierce@wsgr.com

Brett M. McCartney      bmccartney@bayardlaw.com, lfracek@bayardlaw.com, ntalarowski@bayardlaw.com

Brian M. Kramer      bmkramer@mofo.com, brian-kramer-6846@ecf.pacerpro.com

Catherine Nyarady      cnyarady@paulweiss.com

Daniel P. Muino      DMuino@mofo.com

Elisa M.C. Klein      elisa.klein@skadden.com, Brian.Keating@skadden.com, Christine.Renshaw@skadden.com, cintia.costa@skadden.com, Douglas.Nemec@skadden.com, ecf-c134f1fcbbf7@ecf.pacerpro.com, lauren.rosanello@skadden.com, Leslie.Demers@skadden.com, wendy.cathers@skadden.com

Elizabeth Ann Powers      epowers@bayardlaw.com, lfracek@bayardlaw.com, ntalarowski@bayardlaw.com

Emily L. Skaug      ESkaug@bayardlaw.com, lfracek@bayardlaw.com, ntalarowski@bayardlaw.com

Erik J. Olson      ejolson@mofo.com, erik-olson-6459@ecf.pacerpro.com

Erin J. Morgan     ejmorgan@paulweiss.com

Geoffrey Graham Grivner     geoffrey.grivner@bipc.com, donna.curcio@bipc.com, eservice@bipc.com, reeny.kelly@bipc.com, sherry.fornwalt@bipc.com

Gregg F. LoCascio     gregg.locascio@kirkland.com, kenymanagingclerk@kirkland.com

Hannah Cannom     hcannom@wscllp.com, bstevens@wscllp.com

Henry Huttinger     hhuttinger@mofo.com

Jack B. Blumenfeld     Jbbefiling@mnat.com, jblumenfeld@mnat.com, mnat_IP_eFiling@morrisnichols.com

Jacob A. Braly     jbraly@paulweiss.com

Jason M. Wilcox     jason.wilcox@kirkland.com, cmoo-penn@kirkland.com

Jay Emerick     jay.emerick@kirkland.com, sbrongiel@kirkland.com

Jenness Elizabeth Parker     jenness.parker@skadden.com, christopher.heaney@skadden.com, DLMLCWILRQ@skadden.com, ecf-cb8dae48e66a@ecf.pacerpro.com, hunter.hopkins@skadden.com, wendy.cathers@skadden.com

Jennifer Ying     jying@mnat.com, jyefiling@mnat.com, mnat_IP_eFiling@morrisnichols.com

Karen Elizabeth Keller     kkeller@shawkeller.com, 6088193420@filings.docketbird.com, cal@shawkeller.com

Karen L. Dunn     kdunn@dirllp.com, karen-dunn-0140@ecf.pacerpro.com

Kyle W.K. Mooney     kmooney@mofo.com, kyle.mooney-8250@ecf.pacerpro.com

Matthew J. McIntee     matt.mcintee@kirkland.com

Melissa F. Zappala     mzappala@dirllp.com, slee@paulweiss.com

Meredith Pohl     meredith.pohl@kirkland.com

Nicholas R. Fung     nfung@mofo.com, nicholas-fung-4542@ecf.pacerpro.com

Nitika Gupta Fiorella     ngupta@fr.com, kilby@fr.com, Levan@fr.com, litigationdocketing@fr.com, mking@fr.com, rivituso@fr.com, SFL@fr.com

Nora McDonough Crawford     ncrawford@wsgr.com, rfinnimorepierce@wsgr.com

Peter Evangelatos     peter.evangelatos@kirkland.com

Robert M. Vrana     rvrana@ycst.com, corpcal@ycst.com, corporate@ycst.com

Ruby J. Garrett     rjgarrett@paulweiss.com

Samantha G. Wilson     swilson@ycst.com, corpcal@ycst.com, corporate@ycst.com

Scott F. Llewellyn     sllewellyn@mofo.com, kvieyra@mofo.com

Shaelyn K. Dawson      shaelyndawson@mofo.com, ggerrish@mofo.com

Susan E. Morrison      morrison@fr.com, kxk@fr.com, litigationdocketing@fr.com, MIL@fr.com, mking@fr.com, rivituso@fr.com, SFL@fr.com

Travis J Murray      tmurray@morrisnichols.com

William Frentzen      wfrentzen@mofo.com

William A. Isaacson      wisaacson@dirllp.com

**1:24-cv-00490-MN Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/1/2025] [FileNumber=5937127-0]
[4603d247f3b2faf3002b0ca2d597d54abf2a5e915581af1b26d650466672599a6176
2a17c2c60b94b17db98a178a8ae2491fca248c686ef52775fbe34e07d373]]
**Document description:**Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/1/2025] [FileNumber=5937127-1]
[da64af664dea0d572b9b5fd99f151ab15f625042350c68805715948092a3ae220f9d
533101cbf6a1f3b29fcb34fa6691764eca122356bb5ad9b7ab43ab9ab4c1]]