## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD., a
U.K. corporation,

        Defendant.

C.A. No. 24-490-MN

**PUBLIC VERSION**
**(Filed August 11, 2025)**

## ARM'S MOTION TO COMPEL QUALCOMM TO SUPPLEMENT DISCOVERY RESPONSES AND PRODUCE WITNESSES FOR DEPOSITION

Pursuant to the Court's Order Appointing Special Master (D.I. 336), Arm Holdings PLC ("Arm") hereby moves the Court for an order compelling Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively "Qualcomm") to supplement its discovery responses and produce witnesses for deposition. More specifically, Arm requests an Order, substantially similar to the proposed order attached hereto, requiring Qualcomm to (1) provide a deposition date for Pradeep Kanapathipillai; (2) provide 30(b)(6) witnesses for the various topics it has improperly withheld testimony; (3) provide discovery on the requests it is improperly claiming lack of relevance; (4) provide discovery necessary for Arm to assess Qualcomm's claim that Arm breached its ALA by not providing OOBs and ACK patches; (5) regarding its tortious interference claims, provide information (and testimony) on its own communications with the media, and unseal the identities of the companies; (6) explain the theory on which it plans to litigate its UCL claim; and (7) comply with the provisions of the Court's ESI Order (D.I. 85) as it pertains to search terms and custodians.

The grounds for this motion are fully set forth in Arm's Opening Letter Brief and the Declaration of Matthew J. McIntee, which were submitted to the Special Master contemporaneously herewith. Pursuant to D. Del. LR 7.1.1., undersigned counsel certifies that a reasonable effort was made to reach agreement with ADI regarding the matters set forth in this motion, including oral communication involving Delaware counsel for all parties, and no agreement was reached.

Dated:  August 1, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
adam.janes@kirkland.com

Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
shaelyndawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

3

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 1, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Isaac B. Zaur
Nora Niedzielski-Eichner
CLARICK GUERON REISBAUM LLP
220 Fifth Avenue, 14th Floor
New York, NY 10001
izaur@cgr-law.com
nniedzie@cgr-law.com

Catherine Nyarady
Anna R. Gressel
Jacob A. Braly
Alexander M. Butwin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
agressel@paulweiss.com
jbraly@paulweiss.com
abutwin@paulweiss.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Anna P. Lipin
William T. Marks
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
ejmorgan@paulweiss.com
alipin@paulweiss.com
wmarks@paulweiss.com

Andrea L. D'Ambra
Susana Medeiros
Kira Latham
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
susana.medeiros@nortonrosefulbright.com
kira.latham@nortonrosefulbright.com

YOUNG CONAWAY STARGATT & TAYLOR,
LLP
*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
*Attorneys for Defendant Arm Holdings PLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD., a
U.K. corporation,

        Defendant.

C.A. No. 24-490-MN

**PUBLIC VERSION**
**(Filed August 11, 2025)**

## PROPOSED ORDER GRANTING ARM'S MOTION TO COMPEL

IT IS HEREBY ORDERED this ___ day of _____, 2025, that Arm Holdings P:C's Motion to Compel is GRANTED as follows:

Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively "Qualcomm") shall

(1) provide a deposition date for Pradeep Kanapathipillai;

(2) provide 30(b)(6) witnesses for the various topics it has improperly withheld testimony;

(3) provide discovery on the requests it is improperly claiming lack of relevance;

(4) provide discovery necessary for Arm to assess Qualcomm's claim that Arm breached its ALA by not providing OOBs and ACK patches;

(5) regarding its tortious interference claims, provide information (and testimony) on its own communications with the media about its rights under the Qualcomm ALA despite alleging that Arm's statements about the same damaged Qualcomm's customer relationships, and it should unseal the identities of the companies;

(6) explain the theory on which it plans to litigate its UCL claim, including in what market competition was harmed, what competitors were harmed, how so, what products were affected, and what effect that had on consumers in that market and permit additional discovery, as the limited information provided by Qualcomm to date has significantly hampered Arm's ability to defend against Qualcomm's claim; and

(7) comply with this Court's ESI Order (D.I. 85) as it pertains to search terms and custodians.


_____

Helena C. Rychlicki
Special Master