# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
and QUALCOMM TECHNOLOGIES, INC.,
a Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD., a
U.K. corporation,

        Defendant.

REDACTED - PUBLIC VERSION
(Filed November 21, 2025)

C.A. No. 24-490-MN

████████████████

---

## DEFENDANT ARM HOLDINGS PLC'S ANSWERING BRIEF IN OPPOSITION TO QUALCOMM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Dated: November 7, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

## TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT ......................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS......... 2

LEGAL STANDARD ........................................................................................................ 6

ARGUMENT ..................................................................................................................... 6

I.      COLLATERAL ESTOPPEL DOES NOT BAR EVIDENCE ON ISSUES
NOT PREVIOUSLY TRIED. ................................................................................... 6

II.     ARM DID NOT BREACH THE TLA. ....................................................................... 10

      A.    Qualcomm Failed To Address All Elements Of Its ▮▮▮ Argument............ 10

      B.    A Reasonable Factfinder Could Find That Arm ▮▮▮▮▮▮
          ▮▮▮▮▮ The ▮▮▮▮▮▮▮ ▮▮▮▮▮ .......................................... 11

      C.    Qualcomm's Motion Should Also Be Denied Under Rule 56(d). ..................... 16

      D.    Arm, Rather Than Qualcomm, Is Entitled to Summary Judgment On
          Qualcomm's ▮▮▮ Breach Claim. ................................................................. 20

      E.    There Was No Breach, and Qualcomm Was Not "Harmed" Even If There
          Was. ................................................................................................................ 21

III.    MULTIPLE ISSUES OF DISPUTED FACT PRECLUDE SUMMARY
JUDGMENT ON ARM'S UNCLEAN HANDS DEFENSE. ....................................... 22

CONCLUSION ................................................................................................................. 25

*\*\*All emphasis added unless otherwise indicated\*\**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..................................................................................................6

*Apple Valley Commc'ns, Inc. v. Budget Elec. Contractors, Inc.*,
  2021 WL 1502713 (C.D. Cal. Apr. 7, 2021) ........................................................11

*Broadcom Corp. v. Qualcomm Inc.*,
  501 F.3d 297 (3d Cir. 2007)....................................................................................8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)..................................................................................................6

*Doe v. Abington Friends Sch.*,
  480 F.3d 252 (3d Cir. 2007)..................................................................................17

*Dowling v. City of Phila.*,
  855 F.2d 136 (3d Cir. 1988)..................................................................................16

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
  504 U.S. 451 (1992)..................................................................................................8

*Emco, Inc. v. Obst*,
  2004 WL 1737355 (C.D. Cal. May 7, 2004) ............................................23, 24, 25

*Haagen-Dazs, Inc. v. Frusen Gladje Ltd.*,
  493 F. Supp. 73 (S.D.N.Y. 1980) .............................................................23, 24, 25

*Hawk Invest. Holdings Ltd. v. Stream TV Networks, Inc.*,
  2022 WL 17258460 (Del. Ch. Nov. 29, 2022) ........................................................6

*Kendall-Jackson Winery, Ltd. v. Superior Ct.*,
  76 Cal. App. 4th 970 (1999),
  *as modified on denial of reh'g* (Jan. 3, 2000) ................................................23, 24

*L.A. Branch NAACP v. L.A. Unified Sch. Dist.*,
  750 F.2d 731 (9th Cir. 1984) ...................................................................................7

*M.G. Bancorporation, Inc. v. Le Beau*,
  737 A.2d 513 (Del. 1999) ......................................................................................10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)..................................................................................................6

*McGuire v. More-Gas Invests., LLC,*
    220 Cal. App. 4th 512 (2023) ...................................................................22

*Pittman v. Ripley Cnty. Mem'l Hosp.,*
    2009 WL 1738491 (E.D. Mo. June 18, 2009) ...........................................7

*Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.,*
    2002 WL 531555 (D. Del. Mar. 26, 2002) ...............................................11

*Russo v. Andrews*,
    2022 WL 4493590 (Cal. Ct. App. Sept. 28, 2022) ...................................21

*S. Africa Enter. Dev. Fund. v. Ironshore Specialty Ins. Co.*,
    2024 WL 4145024 (D. Del. Sep. 11, 2024) ..............................................11

*Sepulveda v. Wal-Mart Stores, Inc.*,
    2012 WL 13164145 (C.D. Cal. Nov. 27, 2012)..........................................11

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011).....................................................................................6

*In re Start Man Furniture, LLC,*
    647 B.R. 116 (D. Del. 2022)......................................................................19

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*,
    100 Cal. App. 4th 44 (2002) ......................................................................12

*Thomas v. E. Penn Mfg. Co.*,
    2020 WL 4340440 (M.D.N.C. July 28, 2020)............................................7

*Travelers Prop. Cas. Co. of Am. v. TSC Acquisition Corp.*,
    2020 WL 6193308 (C.D. Cal. May 19, 2020) ..........................................11

*Vicchairelli v. New England Linen Supply Co.*,
    2021 WL 2587995 (D.N.J. June 24, 2021) ...............................................25

*Wedow v. City of Kansas City, Mo.*,
    442 F.3d 661 (8th Cir. 2006) .......................................................................7

*Williams v. Borough of West Chester, Pa.*,
    891 F.2d 458 (3d. Cir. 1989).........................................................................6

*Yi v. Circle K Stores, Inc.*,
    258 F. Supp. 3d 1075 (C.D. Cal. 2017),
    *aff'd*, 747 F. App'x 643 (9th Cir. 2019).......................................................8

## Rules

D. Del. L.R. 7.1.3(c)(2)..........................................................................11, 20

Fed. R. Civ. P. 56(c) ................................................................................................6

Fed. R. Civ. P. 56(d) ..............................................................................................16

## TABLE OF ABBREVIATIONS

| ASOF | Answering Statement of Facts, exhibit to Arm's Response in Opposition to Qualcomm's Motion for Partial Summary Judgment, attached to the Declaration of Adam Janes, filed contemporaneously |
|---|---|
| Br. | D.I. 442 |
| Op. Br. | D.I. 438 |
| SAC | D.I. 137 |
| Opp. SOF Ex. | Exhibit to Arm's Response in Opposition to Qualcomm's Motion for Partial Summary Judgment, attached to the Declaration of Adam Janes, filed contemporaneously |
| UCL SOF Ex. | Exhibit to D.I. 415 |
| TLA SOF Ex. | Exhibit to D.I. 432 |
| TI SOF Ex. | Exhibit to D.I. 421 |
| ██ SOF Ex. | Exhibit to D.I. 426 |

## INTRODUCTION AND SUMMARY OF ARGUMENT

None of Qualcomm's arguments warrant summary judgment.

***Collateral Estoppel.*** Arm is not collaterally estopped from offering evidence on issues that were not previously tried and that are central to this case simply because they relate to issues from the previous *Arm v. Qualcomm* case. To be sure, Arm will not re-try here the two specific factual issues that Qualcomm identifies in its motion (whether the Nuvia-based cores are licensed under the Qualcomm ALA, and whether Qualcomm induced Nuvia to breach the Nuvia ALA). But collateral estoppel does not bar Arm from presenting evidence that it had a reasonable and good-faith belief Qualcomm and Nuvia were in breach—not because of some anticompetitive or bad-faith motive to violate the implied covenant or the UCL, as Qualcomm falsely alleges. Courts routinely hold collateral estoppel does not bar such contextual evidence.

***Technology License Agreement.*** Qualcomm's claims that Arm breached the Technology License Agreement ("TLA") are unfounded and should be denied on multiple bases. As a threshold matter, ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████. But Qualcomm makes no effort to explain ██████████████ ███████████████████████████████████████████████████████████████ ██████████. Even if ████████████████████████████████████████████████ ██████████████████████████████████████. Qualcomm fails ████████████████ ██████████ in its motion, much less explain how Arm's conduct fell short of that standard. Qualcomm's failure to address these threshold issues is reason enough to deny its motion.

But the problems with Qualcomm's TLA arguments do not end there. Incomplete discovery regarding Qualcomm's TLA claims preclude summary judgment under Rule 56(d), as critical evidence ██████████████████████████████████████) has not yet been produced due

to pending discovery disputes before the Special Master. Even if the Court were to ignore that procedural problem, whether Arm  Qualcomm cannot be decided at summary judgment because it raises a genuine factual dispute to be decided by the fact finder. For example,

*Unclean Hands.* Qualcomm is not entitled to summary judgment on any portion of Arm's unclean hands defense. Rather, Qualcomm's own inequitable conduct taints its claims. Qualcomm's requests to Arm for ▐▐▐▐▐▐▐▐▐▐▐, which form the basis of its TLA claims, were made in bad faith and as a pretext to prompt a response from Arm regarding other products. ASOF ¶¶ 4-7. And Qualcomm seeks to hold Arm liable for conduct in which Qualcomm itself has engaged, including publicizing Arm's allegations that Qualcomm was in breach of its ALA, and leaking non-public complaints of anticompetitive behavior to the press. ASOF ¶¶ 20-23. Qualcomm's arguments are unavailing that its own inequitable conduct is either unrelated or has not prejudiced Arm; Qualcomm is not entitled to summary judgment on Arm's unclean hands defense.

## NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

*Qualcomm's TLA.* Qualcomm licenses Arm's instruction set architecture ("ISA") under an ALA and a TLA. ▐▐ SOF Exs. 2, 3. Relevant here, the TLA ▐▐▐▐▐▐▐▐▐ ▐▐▐▐▐▐▐▐▐▐. ▐▐ SOF Ex 3. ▐▐▐▐▐▐

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ TLA SOF Ex. 1; ████ SOF Ex. 3 ████████ . ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ After █████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

The TLA ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████

***Qualcomm's 2024 License Renewal Request***. Qualcomm's TLA claims focus on an offer

Arm provided to Qualcomm ██████████████████████████████ . Opp. SOF Ex.

5 at 55-56. Qualcomm's request █████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████. TLA SOF Ex. 2; ███ SOF Ex. 26 at -366. When Qualcomm

asked ████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████. Opp. SOF Ex. 6 at 49:13–51:10. Qualcomm's ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Opp. SOF Ex.

7 at -056. Qualcomm nonetheless asked Arm ████████████████████████████

████ TLA SOF Ex. 4. In August 2024, ██████████████████████████

█████. TLA SOF Ex. 5. Qualcomm ███████████████████████████████

████████████████████████████████████████. Opp. SOF Exs. 8, 9. ███

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ █████

SOF Ex. 3, ████.

Arm responded to Qualcomm's letter on October 23, 2024. TLA SOF Ex. 8. In its letter,

Arm told Qualcomm ████████████████████████████████████████████

███████████████████████████████████████████████ *Id.* at -914.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ *Id.* at

-915.

Arm ███████████████████████████. TLA SOF Ex. 7; ███ SOF Ex. 27. ██████████



. *Id.*

To

TLA SOF Ex. 7; ▮ SOF Ex. 27 at -830.

. Opp. SOF Ex. 5 at 61.

Qualcomm rejected Arm's October 2024 offer. Opp. SOF Ex. 15 at 130:21-133:3.

Presumably

. *Id.* at 179:14-19.

*See* D.I. 90 at 3.

***The Present Litigation.*** On August 31, 2022, Arm filed suit against Qualcomm and its then-newly acquired subsidiary, Nuvia. UCL SOF Ex. 1 ("*Arm I*"). The Court entered judgment in Qualcomm's favor on all issues in that case on September 30, 2025. *Arm I*, D.I. 634. Arm has appealed. *Arm I*, D.I. 635. While that litigation was pending, Qualcomm sued Arm on April 18, 2024, alleging breach of the Qualcomm ALA. D.I. 2. Qualcomm has since amended its complaint twice, D.I. 36, 137, adding tortious interference claims, a California Unfair Competition Law

("UCL") claim, and alleged breaches of the TLA. The alleged TLA breaches ████████ ████████████████████████████████████████████████ The Pretrial Conference is scheduled for March 2, 2026, with trial set to start on March 9, 2026. D.I. 44.

## LEGAL STANDARD

Summary judgment is proper only when there is "no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court should "draw all reasonable inferences in favor of the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 n.10 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [fact finder] functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may not grant summary judgment if a "reasonable [fact finder] could return a verdict for the nonmoving party." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 459 (3d. Cir. 1989).

## ARGUMENT

## I.    COLLATERAL ESTOPPEL DOES NOT BAR EVIDENCE ON ISSUES NOT PREVIOUSLY TRIED.

Contrary to Qualcomm's position, "[c]ollateral estoppel does not bar [a party] from litigating about" related but not previously tried issues, such as "events that may have happened after" the previous trial. *Hawk Invest. Holdings Ltd. v. Stream TV Networks, Inc.*, 2022 WL 17258460, at *17 (Del. Ch. Nov. 29, 2022); *Smith v. Bayer Corp.*, 564 U.S. 299, 308 (2011). To be clear, Arm will not argue as a defense to Qualcomm's ALA breach claim that the Nuvia-based cores were not, in fact, licensed under the Qualcomm ALA, nor will Arm argue that Qualcomm

has unclean hands because it induced Nuvia to breach the Nuvia ALA.[1] But Qualcomm's motion seeks to preclude far more than that.

Qualcomm's motion identifies two specific factual issues: (1) whether the Nuvia-based cores are licensed under the Qualcomm ALA, and (2) whether Qualcomm induced Nuvia to breach the Nuvia ALA. Br. at 9-10. Arm does not dispute that the Court has entered judgment that (1) the Nuvia-based cores are licensed under the Qualcomm ALA and (2) Nuvia did not breach the Nuvia ALA. UCL SOF Ex. 8. Although Arm has appealed, it does not seek to re-try those two issues in this case. Nevertheless, Arm's belief that Qualcomm and Nuvia were in breach—and why it believes that—are inseparable from Qualcomm's claims in this case. Qualcomm cannot have it both ways: it may reference the first litigation or related conduct like the Breach Letter, which Qualcomm references 63 times in its SAC, *see* SAC ¶¶ 29-30, 32-34, 36, 135, 144-50, 153-57, 159, 161-63, 168, 184, 192, 199, 201, 206, but Arm may not. Rather, those facts inform and underlie nearly all of the conduct Qualcomm now criticizes, providing critical context for the trier of fact and legal defenses to Qualcomm's implied-covenant and UCL claims.

Courts routinely hold relevant evidence is not barred simply because it relates to issues tried in an earlier case. *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 670 (8th Cir. 2006) (party not collaterally estopped from presenting "the same facts" from a prior case "as background evidence"); *Pittman v. Ripley Cnty. Mem'l Hosp.*, 2009 WL 1738491, at *5 (E.D. Mo. June 18, 2009) (similar); *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 750 F.2d 731, 740-41 (9th Cir. 1984) (in res judicata context, holding "the parties may introduce evidence of events occurring on or before [the precluded claim period], so long as it is relevant to a [subsequent] claim"); *Thomas*

---

[1]    Arm reserves the right to request that the Court revisit its collateral estoppel ruling if Arm succeeds on appeal and further reserves the right to seek relief from the judgment, if necessary, under Federal Rule Civil Procedure 60(b).

*v. E. Penn Mfg. Co.*, 2020 WL 4340440, at *5 (M.D.N.C. July 28, 2020) (similar).

Arm should be allowed to present evidence providing relevant context to Qualcomm's present claims. For example, Qualcomm claims Arm breached the Qualcomm ALA by allegedly withholding tech support, and further claims that Arm did so maliciously and out of an anticompetitive desire to hurt Qualcomm. *See* SAC ¶¶ 1, 6, 74, 206-207; UCL SOF Ex. 18; TI SOF Ex. 17 ¶ 65 ("Arm's failure to provide deliverables, even if remedied, shows that Arm is committed to finding ways of underperforming its contract, and in so doing degrading Qualcomm's ability to commercialize Arm-compliant products."); UCL SOF Ex. 42; TI SOF Ex. 15 ¶ 51 (same); SAC ¶¶ 184-85. Arm must be allowed to rebut Qualcomm's claims of bad faith conduct and purposefully anticompetitive "underperform[ance]" by presenting the factfinder with evidence that Arm stopped providing certain tech support to Qualcomm for Nuvia-based cores for another reason: Arm reasonably and in good faith believed those cores were unlicensed and Arm was not, therefore, contractually obligated to provide any such support at that time. *E.g.*, Opp. SOF Ex. 1 (Arm's Chief Architect stating in May 2022 "[t]here is no way on earth that this [Qualcomm submission] is a clean sheet design developed since they destroyed the earlier [Nuvia] materials (mid April this year!)"); Opp. SOF Ex. 2 at -389-390 (Arm engineer noting "[t]he configuration details they [Qualcomm] shared with me is similar with last design" and the three configuration changes were "trivial"). That evidence rebuts Qualcomm's assertion in support of its implied-covenant and UCL claims that Arm acted out of bad-faith, supposedly monopolistic motivations by presenting the legitimate business justification for Arm's actions. *See Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 318 (3d Cir. 2007); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 483 (1992) (reversing grant of summary judgment where "[f]actual questions exist . . . about the validity and sufficiency of each claimed justification"); *Yi v. Circle K Stores, Inc.*,

258 F. Supp. 3d 1075, 1085-87 (C.D. Cal. 2017) (evidence of defendant's reasonable behavior can defeat claim for breach of implied covenant of good faith and fair dealing), *aff'd*, 747 F. App'x 643 (9th Cir. 2019). It is also relevant to the tortious interference claims, where Qualcomm asserts Arm acted tortiously by communicating with customers and the media about the litigation and Arm's litigating positions.

Similarly, Arm should be permitted to present the factfinder with context for other factual issues on which it had a reasonable and good-faith belief and rationale, such as: evidence showing the cores for which Arm allegedly withheld tech support were Nuvia-based and ███████████ ███████████████████; Arm continued supporting any non-Nuvia-based cores; the parties litigated their license dispute; and when the factfinder found in Qualcomm's favor, Arm promptly resumed support for those Nuvia-based cores. *E.g.*, Opp. SOF Ex. 5 at ROG 10 (identifying and explaining evidence showing, *inter alia*, Arm did not breach the Qualcomm ALA's implied covenant of good faith and fair dealing), Opp. SOF Ex. 4 at ROG 1 (identifying and explaining evidence showing, *inter alia*, Arm resumed supporting QC's Nuvia-based cores after the jury verdict); Opp. SOF Ex. 3 § XIII (analyzing evidence showing, *inter alia*, Arm reasonably believed the at-issue cores are Nuvia-based). Simply because those facts touch on issues litigated in the prior case does not prohibit Arm from explaining why it decided to pause and later resume its Nuvia-core tech support to Qualcomm. Nor was the issue of whether Arm's decision to do so reasonable and in good faith tried in the first case. Accordingly, Arm is not and cannot be collaterally estopped from raising such points.

Qualcomm nonetheless improperly seeks "summary judgment on [Arm's] defenses to [Qualcomm's] claim for breach of the Qualcomm [ALA] that rely on" those two specific factual issues from the first case, rather than seeking to preclude Arm from re-trying those issues (which

Arm will not do). D.I. 441 at 1. As Qualcomm's cases all recognize, collateral estoppel precludes only the re-trial of "factual issue[s] that w[ere] adjudicated previously." *See, e.g.*, *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 520 (Del. 1999). Thus, if the Court is inclined to hold that collateral estoppel applies to the two specific factual issues Qualcomm raises, the Court should limit its holding only to the re-litigation of those two issues. It should not grant summary judgment more broadly on factual issues the first jury did not decide, such as whether Arm acted reasonably or in good faith when it withheld support for the Nuvia-based cores.

## II.    ARM DID NOT BREACH THE TLA.

The Court should deny summary judgment that Arm ███████████████ the TLA. As Arm explained in its summary judgment motion, no reasonable factfinder could find Arm breached those provisions. Op. Br. at 13-16.

### A.    Qualcomm Failed To Address All Elements Of Its ███████ Argument.

At the outset, Qualcomm's motion fails to address ███████████████████



███████████████████████ TLA SOF Ex. 1; §8.3 SOF Ex. 3, █████. As Arm explained in its summary judgment motion, no reasonable factfinder could find that ███████████ ███████████████████████████████. Op. Br. at 13-14. Qualcomm never explained how ███████████████████████ much less why that conclusion is compelled as a matter of law.

***Second***, when Qualcomm makes a ███████████████████

█████████████████████████████████████████████████████████ likely because it

is almost never appropriate to resolve disputes over whether a party acted ██████████ on summary

judgment. *See S. Africa Enter. Dev. Fund. v. Ironshore Specialty Ins. Co.*, 2024 WL 4145024, at

\*5 (D. Del. Sep. 11, 2024); *Travelers Prop. Cas. Co. of Am. v. TSC Acquisition Corp.*, 2020 WL

6193308, at \*10 (C.D. Cal. May 19, 2020); *Sepulveda v. Wal-Mart Stores, Inc.*, 2012 WL

13164145, at \*8 (C.D. Cal. Nov. 27, 2012).

Qualcomm cannot address for the first time in reply either of these issues. *See* D. Del. L.R.

7.1.3(c)(2); *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at \*3 (D.

Del. Mar. 26, 2002). Having overlooked them on a claim where Qualcomm bears the burden of

proof, its motion must be denied. *See Apple Valley Commc'ns, Inc. v. Budget Elec. Contractors,*

*Inc.*, 2021 WL 1502713, at \*10 (C.D. Cal. Apr. 7, 2021).

**B.**    **A Reasonable Factfinder Could Find That Arm** ██████████████████████
         **The** █████████████████████   ██████████████.

Although the Court need not reach the other aspects of Qualcomm's ████████ claim, none

of its other arguments entitle it to (partial) summary judgment either. Qualcomm's motion seeks

summary judgment that ██████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████   ███████████████████. Br. at 13; TLA SOF Ex. 1; ██████ SOF Ex. 3, ██████████.

██████████████████████████████████████████████████████

████████, ████████████████████████████████████████   ██████████

████████████████████████████████████. Br. at 13, n.8. The evidence at trial,

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████. On the narrow issue for which Qualcomm seeks summary judgment, a

reasonable factfinder could conclude that ███████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████

To prove a ███████████████████████████████████████████

████████████████████████████████████████ *Storek & Storek, Inc.*

*v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44, 59 (2002). A wealth of deposition testimony,

Arm's agreements, a declaration from Ehab Youssef,[2] and additional evidence currently subject to

pending discovery disputes █████████████████████████████████████

██████████████████████ Arm's Senior Director of Commercial Strategy and Licensing,

Karthik Shivashankar, testified that ███████████████████████████████████

██████████████████████████████████████. Opp. SOF Ex. 11 at

60:3-63:3. █████████████████████████████████████████████████

████████████████████████████████████████████

███████████ *Id.* at 62:24-65:1. Ehab Youssef, Arm's Vice President and Deputy General Counsel

of Licensing and 30(b)(6) witness on these issues, confirmed that ████████████████████

██████████████████████████████████████████████████████ Opp.

SOF Ex. 12 at 61:6-62:8; Y. Decl. ¶¶ 4-13.

As a first step, Arm ████████████████ ████████████████████████████████

██████████████████████████████████████████ Opp. SOF Ex. 11 at

85:11-86:10; *see also id.* at 89:12-24 ████████████████████████████

███████████████████████████████████████████████████ 89:25-90:6 ("█

---

[2]  Mr. Youssef's declaration is being submitted contemporaneously with this brief, and is cited herein as "Y. Decl."

██████████████████████████████████████████████████████████████

████████████████████████████████████████), 95:6-96:25 (same); Y. Decl. ¶ 7. Both witnesses

confirmed███████████████████████████████████████████████████

Opp. Ex. SOF 11 at 85:20-86:15, 89:24-90:16; Opp. SOF Ex. 12 at 71:4-72:9 ("█████████

████████████████████████████). Akshay Bhatnagar testified ████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████ Opp. SOF Ex. 13 at 35:3-36:8—41:1-42:1, 74:21-76:5.

Mr. Bhatnagar ████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████ *Id.* at 37:1-15, 43:2-25, 47:2-23 (███████████████████████████████

████████████████████████████), 71:9-24; Y. Decl. ¶ 7. ████████████████████████

██████████████████████████████████████ Y. Decl. ¶ 7.

████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████. Mr. Youssef testified ████████████████████████████████

████████████████████████████████████████ Opp. SOF Ex. 12 at 63:25-

64:22, 65:24-68:24; Y. Decl. ¶ 8. ████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████ Opp. SOF Ex. 10 ¶¶ 106-12; Y. Decl. ¶¶ 9-12.

After Arm determined ███████████████████████ Arm █████████████████████████ ████████

██████████████████████████████████████████████████████████████

███████████. Y. Decl. ¶ 13. ████████████████████████████████████████

██████████████████████████████████████████████████████████████

13

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████ Opp. SOF Ex. 12 at 68:25-71:3; Y. Decl. ¶ 13. Based on that analysis, █

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████ *Id.* at 70:12-71:21. Therefore, ███████

███████████████████████████████████████████████

█████ *Id.* Arm then prepared the ██████████████████████████

███████████████████████████████████████████████

██████████████████████████ SOF Ex. 14 48:18-21, 49:13-50:2, 168:2-17;

TLA SOF Ex. 13; ████ SOF Ex. 28. A reasonable factfinder confronted with this evidence could

certainly find Arm ████████████████████████ ████████████████████████

██████████████████████

None of Qualcomm's evidence requires a ruling in its favor or renders Arm's contrary

evidence irrelevant. Tellingly, Qualcomm ***does not dispute*** ████████████████

██████ █████████████████████████████████████████

████████████████ Br. at 19-21. Qualcomm cites testimony from Mr. Youssef where he

explained ██████████████████████████████ (Br. at 16), yet

cites no testimony where it ***even asked*** Mr. Youssef ████████████████████

████████████████████. Opp. SOF Ex. 12 at 4:1-6, 104:1-7.[3] Qualcomm

---

[3]   Qualcomm also cites testimony from Shivashankar and Bhatnagar, yet neither witness was a 30(b)(6) witness on these issues and merely testified that they could not remember the full list at their depositions. Opp. SOF Ex. 11 (Shivashankar) at 89:25-90:14; Opp. SOF Ex. 13 (Bhatnagar Dep.) at 36:10-13. Mr. Fonseca was also not directly involved in Arm's analysis of the licenses, but assisted in preparing the written offer Qualcomm received.

twists Mr. Shivashankar's testimony that ██████████████████████████ *see*

Br. at 17-18, yet a reasonable juror could conclude ████████████████████████

████████████████████████.

Qualcomm's focus on ████████████████████████████████

███████████████████████████████████████████. Y. Decl. ¶¶

8-12. Qualcomm presumes the TLA ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ TLA SOF

Ex. 22 ¶ 79; Br. at 7, 20-21. Yet ████████████████████████

████████████████████████████████, and Qualcomm's expert admits that

██████████████████████ ████████████████████████ TLA

SOF Ex. 22 ¶ 76 ████████████████████████████████████

██████████████████████████████.

In any event, whether Arm identified ████████ ████████████████████

████████████████████████ is a genuine factual issue for the fact finder

to determine. As Mr. Youssef explained, ████████████████████████████

████████████████████████████████████████████████████

████████████████████████ Opp. SOF Ex. 12 at 67:4-71:3; Y. Decl. ¶¶ 8-12. Given that

████████████████████████████████████████████████████

████████████████████████████████████████████████████.

████████ ████████████████████████████████████████████

██████████████████████████ . Opp. SOF Ex. 14 at -851; Y. Decl. ¶¶ 8-12. Because

██████████████████ , ████████████████████████████████████

████████████████ Y. Decl. ¶¶ 8-12. Based on that determination, Arm offered Qualcomm

████████████████████████████████████████████████

████████████ TLA SOF Ex. 7; ████ SOF Ex. 27 at -830 ████████████

████████████████████████████ ). Qualcomm's motion should be denied.

## C.    Qualcomm's Motion Should Also Be Denied Under Rule 56(d).

If the Court has any doubts about whether a reasonable factfinder could find Arm

██████████████████████████████████████████████ , it should deny

Qualcomm's motion as premature under Rule 56(d).[4] The ██████████████████

████████████████████████████████████████████████

████████████████████████ all support Arm's position and would further

demonstrate a material factual dispute exists. But Arm cannot presently rely on that evidence

because of motions for a protective order filed by MediaTek and Amlogic, ████████████

████████████████████████████████████ .

Rule 56(d) exists for exactly this situation. Under that rule, "[i]f a nonmovant shows by

affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

opposition," the Court can deny Qualcomm's motion. Fed R. Civ. P. 56(d). The Third Circuit has

held that courts are "obliged to give a party opposing summary judgment an adequate opportunity

to obtain discovery," *Dowling v. City of Phila.*, 855 F.2d 136, 139 (3d Cir. 1988), which is

---

[4] Pursuant to Rule 56(d), Arm submits a declaration from Peter Evangelatos ("E. Decl."), outside counsel for Arm, and supporting exhibits ("E. Decl. Ex."). Mr. Youssef's declaration also contains facts demonstrating the significance of the documents subject to the discovery disputes pending before the Special Master.

"necessary because, by its very nature, the summary judgment process presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007); *id.* at 259 ("discovery digs subsurface and may unearth facts that end to support the contrary conclusion"). "If discovery is incomplete *in any way material* to a pending summary judgment motion, a district court is justified in not granting the motion." *Id.* at 257.

As discussed above, 

[5] E. Decl. ¶ 9; Y. Decl. ¶ 7, 11. ██████. Y. Decl. ¶ 13. ██████. Br. at 7. But as discussed in the accompanying declaration of Peter Evangelatos, Arm cannot produce the ██████ while motions for protective orders filed by MediaTek and Amlogic ██████. E. Decl. ¶¶ 1-15. The ██████ have also not yet been produced due to these same disputes. *Id.* ¶ 9.

The Protective Order spells out the procedure for producing documents that contain third-party confidential information. Notice must be provided to the third party, and "[i]f the Third Party timely seeks a protective order, the Third Party's confidential information responsive to the discovery request *shall not be produced* before a determination by the Court." D.I. 84 ¶¶ 51-52. In March 2025 the parties briefed competing proposals for a provision regarding the treatment of

---

[5]     Arm is prepared to provide the TLA spreadsheet for *in camera* review upon the Court's order and will otherwise supplement its filings upon resolution of pending motions by the Special Master.

third-party confidential information. The Court ultimately agreed with Qualcomm's position that "Arm should not be permitted to redact third-party information contained in responsive documents," *see* D.I. 70 at 1-2, and ordered that "a third party seeking further protections for its highly confidential information may follow the well-established procedure of moving for a protective order, which allows the court to balance the relevance of the information against the risk of inadvertent disclosure." D.I. 74.

After Qualcomm's TLA claims were added to the case, *see* D.I. 134, 137, Arm ███████ ███████████████████████████  ███████████████████████████████ ██████████████████████████ Five third parties objected ████████████████████████████ ███████████████████████████. D.I. 323, 329, 386, 390. MediaTek and Amlogic specifically objected ████████████████████████████████████████████████████ to Qualcomm. D.I. 323 at 2 (MediaTek); *see also* D.I. 329 at 2 (Amlogic ██████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████). That information ██████████████████████ █████████████████████████████████████████████████████████████████████. E. Decl. ¶ 9; Y. Decl. ¶ 7.; TLA SOF Ex. 21; §8.3 SOF Ex. 24 at 275:2-10 ████████████████ ████████████████████████████████████████████████████████████████████ ███████████████████).

The third-party motions are pending before the Special Master. E. Decl. ¶ 13. Given the Court's confidentiality procedure and that these motions remain pending, Arm has been unable to produce or rely on ███████████████████████ in its TLA defense. Qualcomm claims Arm "refused" to produce the document, which is simply untrue. ***Arm wants to produce the*** ████████████ and even filed a brief opposing MediaTek's protective order motion. D.I. 343 at 2

████████████████████████████████████████████████"); E. Decl. ¶ 14. Arm has repeatedly informed Qualcomm it is withholding the ███████████ due to the pending third-party confidentiality disputes. *See, e.g.*, Opp. SOF Ex. 13 at 39:14-19; E. Decl. ¶ 10. Qualcomm claims Arm should have produced a redacted version of the ███████████, but the Protective Order and Court's order mandate it "***shall not be produced*** before a determination by the Court." D.I. 74, 84 ¶¶ 51-52. A redacted version of the █████████ would not tell the full story anyway, and Arm is entitled fully to explain its actions when ████████████████████ ███████████████.

This is thus not a situation where Arm is using the attorney-client privilege as a "sword and a shield." Br. at 19. ***Arm is not refusing to produce*** ██████████ ***on privilege grounds***. E Decl. ¶ 11, 14. The decisions Qualcomm cites involving selective invocation of the privilege—*St. Louis Condos* and *Brigham*—are thus inapposite. The same is true for Qualcomm's request for an adverse inference that the ████████████████████████ *See* Br. at 19. An adverse inference is inappropriate based on a document Arm wants to produce but cannot given the pending third-party motions. Qualcomm has not cited a single case suggesting otherwise. Indeed, it cites no law in support of its requested adverse inference.

At bottom, summary judgment in Qualcomm's favor would be premature given the pending third-party discovery disputes. *See In re Start Man Furniture, LLC*, 647 B.R. 116, 138-139 (D. Del. 2022) (reversing grant of summary judgment where discovery was not complete). There should be no dispute on this point. Indeed, Qualcomm told the Special Master a week before filing its motion that, because of pending discovery disputes, "Qualcomm ***cannot fully evaluate***

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ E. Decl. Ex. 1. Qualcomm's expert Dr. Kennedy similarly admits that ██████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████." TLA SOF Ex. 22 n. 171. Arm agrees with

Qualcomm that critical discovery remains outstanding, and that discovery implicates Rule 56(d).

**D.    Arm, Rather Than Qualcomm, Is Entitled to Summary Judgment On Qualcomm's ██████ Breach Claim.**

Qualcomm's separate request for summary judgment that the ████████  ███████████

is equally meritless. Under that provision, █████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████ TLA SOF Ex. 1; █████ Ex. 3 ███████.

Qualcomm incorrectly asserts that ███████████████████████████████████████████

█████████████████████████████████████████████████████ Br. at 21-22. █████████████████████████████████████████████████████████████

████████████████████████ TLA SOF Ex. 13; █████ SOF Ex. 28—a fact Qualcomm ignores in its

motion and cannot address for the first time in reply. D. Del. L.R. 7.1.3(c)(2). ███████████

██████████████ entitles Arm to summary judgment for the reasons explained in its motion (Op. Br. at 14-16), but at the very least, the ██████████████████████████████████████

creates a genuine factual dispute about whether █████████████████████████████████████

██████████████

It is thus true but irrelevant that, when ███████████████████████████████████████

█████████████████████████████████████████████████████████████ TLA SOF Ex. 7; ████ SOF Ex. 27 at -831. Nothing in the ██████████████████████████████████████

███████████████████████████████████████████. To the contrary, the Arm Vice

President responsible for preparing the offer, Jeff Fonseca, testified ███████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████ TLA SOF Ex. 14 at 48:12-21, 49:13-50:2, 168:2-17. ██

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

*Id.* at 70:19-71:5; *see also* TLA SOF Ex. 15 at -654 (█████████████████████████████

███████████████████████████████████████████████). The testimony from

Qualcomm's witnesses and contemporaneous emails further █████████████████████████

█████████████████████████████████████████ Opp. SOF Ex. 15 at 151:25-152:14,

155:13-23, 165:18-168:5, 175:4-176:15; TLA SOF Ex. 17.

Even if Arm had ██████████████████████████████████████

████████████████████████████████████████████████████████████ TLA SOF Ex.

1; ███ SOF Ex. 3, ██████. Arm ███████████████████████████████████████

███████████████████████████████████. TLA SOF Ex. 2;

§8.3 SOF Ex. 26 at -366, -370, -373-374. Arm's ███████████████████████████████

█████████████████████████████████████████████████████████████.

### E.    There Was No Breach, and Qualcomm Was Not "Harmed" Even If There Was.

Qualcomm also cannot establish as a matter of law that Arm's alleged breach ████████

████████ caused Qualcomm any harm—an essential element of a contract claim. *Russo v. Andrews*, 2022 WL 4493590, at *6 (Cal. Ct. App. Sept. 28, 2022); *see also Arm I*, D.I. 631 at 12-16. Qualcomm ██████████████████████████████████████████████████████

██████████ Br. at 22-23. Qualcomm ████████████████████████████████████████

███████████████████████████████████████████████████████████████, and has a

████████████████████████████████████████████

Qualcomm relies on ████████████████████████████ to establish harm, Br. at 23, but an unenforceable contractual penalty cannot establish harm. *McGuire v. More-Gas Invests., LLC*, 220 Cal. App. 4th 512, 522 (2023) ("A contractual provision imposing a 'penalty' is ineffective, and the wronged party can collect only the actual damages sustained."). Indeed, as Arm explained in its summary judgment motion, Op. Br. at 8-12, █████ unenforceable precisely because it bears no relation to any ***actual*** harm Qualcomm suffered. Qualcomm wants a ████

████████████████████████████████████████████

████████████████████████. TLA SOF Ex. 7; ███ SOF Ex. 27 at -830. Because Qualcomm has not even tried to prove actual "harm" and ████████████ unenforceable, Qualcomm cannot conclusively establish harm.

## III. MULTIPLE ISSUES OF DISPUTED FACT PRECLUDE SUMMARY JUDGMENT ON ARM'S UNCLEAN HANDS DEFENSE.

Qualcomm's partial motion for summary judgment on Arm's unclean hands defense fails too. Arm has raised four bases for unclean hands: (i) Qualcomm induced Nuvia to materially breach the Nuvia ALA;[6] (ii) Qualcomm published the contents of the Breach Letter just days after Bloomberg did; (iii) Qualcomm leaked non-public complaints of alleged anticompetitive behavior against Arm before various government bodies to Bloomberg; and (iv) Qualcomm's requests for ████████████████████████ were made in bad faith and as a pretext to prompt a response from Arm regarding other products. D.I. 234, at 43-44; Opp. SOF Ex. 5 at 21-23; Opp. SOF Ex. 18 at 2-6. Qualcomm has not moved for summary judgment on Arm's unclean hands defense to

---

[6] Arm currently does not intend to pursue an unclean-hands defense on this basis at trial, but reserves the right to request that the Court revisit its ruling if Arm succeeds on appeal, including the right to seek relief from the judgment, if necessary, under Rule 60(b) of the Federal Rules of Civil Procedure.

the extent it is based on Qualcomm's pretextual requests to ███████████████████ .
Accordingly, any such request is now forfeited, Qualcomm is not entitled to summary judgment
on that basis, and it only underscores the impropriety of granting Qualcomm's motion based on
alleged breaches of ██████████ , which plainly cannot succeed if Arm establishes Qualcomm
███████████████████████████ with unclean hands.

Unclean hands "is an equitable rationale for refusing a plaintiff relief where principles of
fairness dictate that the plaintiff should not recover," and it "is available to protect the court from
having its powers used to bring about an inequitable result in the litigation before it." *Kendall-
Jackson Winery, Ltd. v. Superior Ct.*, 76 Cal. App. 4th 970, 985 (1999), *as modified on denial of
reh'g* (Jan. 3, 2000). "Thus, any evidence of a plaintiff's unclean hands in relation to the transaction
before the court or which affects the equitable relations between the litigants in the matter before
the court should be available to enable the court to effect a fair result in the litigation." *Id.* Courts
have applied the doctrine where the plaintiff engaged in the same misconduct it accuses a
defendant of committing. *See, e.g.*, *Emco, Inc. v. Obst*, 2004 WL 1737355, at *4-6 (C.D. Cal. May
7, 2004); *Haagen-Dazs, Inc. v. Frusen Gladje Ltd.*, 493 F. Supp. 73, 75-76 (S.D.N.Y. 1980).

Qualcomm contends that its inequitable conduct "does not support unclean hands" because
Qualcomm's present claims have "no relation" to its inequitable conduct. Br. at 23-25. Qualcomm
also contends that summary judgment is warranted because Arm has failed to show prejudice. *Id.*
at 26. Qualcomm is wrong on both counts.

***Publication of the Breach Letter and Other Non-Public Facts.*** Qualcomm contends
publication of the Breach Letter in an October 22, 2024, Bloomberg article tortiously interfered
with Qualcomm's customer relationships. UCL SOF Ex. 40; TI SOF Ex. 19; ███ SOF Ex. 13.
Cristiano Amon, Qualcomm's CEO, testified that ███████████████████████████

23

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ TI SOF ¶ 10. Yet, the available evidence indicates Qualcomm was required to, and did, further publicize the contents of the Breach Letter in publicly available SEC filings in November 2024 and February 2025. TI SOF ¶¶ 7-9. ██████████████████████ ██████████████████████████████████████████████████████, which plainly "affects the equitable relations between the litigants." *Kendall-Jackson*, 76 Cal. App. 4th at 985; Indeed, Qualcomm glibly argues its own disclosure of the Breach Letter is not "unconscionable, in bad faith, or inequitable," Br. at 26, but that misses Arm's point: it *is* inequitable for Qualcomm to hold Arm liable for purportedly similar conduct. *See, e.g.*, *Emco*, 2004 WL 1737355, at *4-6; *Haagen-Dazs*, 493 F. Supp. at 75-76.

**March 2025 Bloomberg Article.** On March 25, 2025, Bloomberg published an article titled "Qualcomm Takes Legal Fight with Arm to Global Antitrust Agencies," describing Qualcomm's "private meetings and confidential filings to regulators on three continents" in which "Qualcomm is arguing that Arm—its biggest supplier—is guilty of anticompetitive behavior, according to people familiar with the matter." SOF ¶¶ 20-21. This claim is remarkably similar to its present UCL count. *Compare* Opp. SOF Ex. 15 at 1, 2, 5, *with* SAC ¶¶ 1, 4, 5, 31, 35, 37, 70-74, 155, 164-66, 185, 204-212 (Count VI). In fact, the article confirms "Qualcomm's complaints to global regulators track" these arguments where Qualcomm has "laid out its global beef in its Delaware lawsuit." Opp. SOF Ex. 16 at 3. It is undisputed that Qualcomm was in contact with one of the authors of the story prior to publication, though Qualcomm disputes it was the source. SOF ¶¶ 21-22; Opp. SOF Ex. 17 at 22:5-23:25, 191:23-192:11. ████████████████████████ ████████████████████████████████████████████████████ Qualcomm has

blocked all discovery efforts into these issues—discovery conduct Arm has challenged before the Special Master. Opp. SOF Ex. 17 at 201:10-204:3; *see also id.* at 185:23-186:1. Arm's pending discovery dispute over Qualcomm's refusal to provide discovery on its publication of the Breach Letter and communications regarding the March 2025 *Bloomberg* article precludes summary judgment on either issue. E. Decl. ¶¶ 16-25; *see, e.g.*, *Vicchairelli v. New England Linen Supply Co.*, 2021 WL 2587995, at *7 (D.N.J. June 24, 2021)). But even without that discovery, it remains the subject of a genuine dispute of material fact whether Qualcomm ***did*** provide information for the March 2025 Bloomberg article. That alone precludes summary judgment. In short, Qualcomm is not entitled to summary judgment where a reasonable factfinder could find Qualcomm's conduct establishes its own hands are unclean.

*Prejudice to Arm.* Arm has been prejudiced as a result of Qualcomm's misconduct. For one, Qualcomm seeks to hold Arm liable for conduct Qualcomm itself has engaged in (*i.e.*, publicizing aspects of the parties' litigation). *See, e.g.*, *Emco*, 2004 WL 1737355, at *4-6; *Haagen-Dazs*, 493 F. Supp. at 75-76. For another, Qualcomm has unfairly denied Arm discovery into Arm's asserted bases for its unclean hands defense, which has prevented Arm from obtaining evidence that would further reveal the extent of the prejudice suffered as a consequence of Qualcomm's conduct. To the extent Qualcomm is permitted to belatedly challenge Arm's unclean hands defense based on Qualcomm's pretextual request for ████████████ , the prejudice is even more obvious: Qualcomm seeks a ████████ ████ based on that alleged inequitable conduct. Without full discovery and with live factual disputes ripe for resolution between the parties, Qualcomm is not entitled to summary judgment on any portion of Arm's unclean hands defense.

## CONCLUSION

Arm respectfully requests the Court deny Qualcomm's motion for partial summary judgment.

Dated: November 7, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
shaelyndawson@mofo.com

Erik J. Olson

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Anne Shea Gaza_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 7, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com
John Poulos
NORTON ROSE FULBRIGHT US LLP

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*