## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
and QUALCOMM TECHNOLOGIES, INC.,
a Delaware corporation,

          Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD., a
U.K. corporation,

          Defendant.

REDACTED - PUBLIC VERSION
(Filed November 21, 2025)

C.A. No. 24-490-MN



---

## FED. R. CIV. P. 56(D) DECLARATION OF PETER EVANGELATOS IN SUPPORT OF DEFENDANT ARM HOLDINGS PLC'S RESPONSE IN OPPOSITION TO QUALCOMM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Dated: November 7, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

I, Peter Evangelatos, declare as follows:

I am an attorney with the law firm of Kirkland & Ellis LLP, counsel for Arm Holdings PLC ("Arm") in the above referenced action. I submit this declaration in support of Arm's Opposition to Qualcomm's Motion for Partial Summary Judgment, which is based, in part, on Fed. R. Civ. P. 56(d). I understand Rule 56(d) requires Arm to submit an affidavit or declaration that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). I provide those facts here.

**Pending Third-Party Confidentiality Disputes**

1.      In June 2025, the Court granted Qualcomm's request for leave to amend the Complaint in this case to assert allegations that Arm breached the Technology License Agreement ("TLA") between the parties. D.I. 134.

2.      Qualcomm alleges that Arm breached ████████████ of the TLA when it ████████ ████████████████████████████████████████████████████████████████████ ████████████████████ D.I. 137 ¶¶ 102–127.

3.      ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████ E. Decl. Ex. 1.

4.  ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ D.I. 84 ¶¶ 51-52.

5.  On July 11, 2025, MediaTek and Amlogic objected ████████████████

████████████████████████████ and filed motions for a protective

order. D.I. 323 (MediaTek); D.I. 329 (Amlogic).

6.  On September 11, two more of Arm's licensees, Annapurna Labs and Analog

Devices, filed motions for protective orders ████████████████████████

████████████████████████ D.I. 386 (Annapurna); D.I. 390 (Analog

Devices).

7.  Another licensee, ██████, also objected ████████████████████

████████████████████████. ██████ did not file a protective order

motion, but negotiated and reached agreement with the parties on proposed redactions ████

██████. E. Decl. Ex. 2[1] at 2-3; E. Decl. Ex. 3.

8.  Given the terms of the Protective Order (D.I. 84 ¶¶ 51-52) and the Court's Order

that "a third party seeking further protections for its highly confidential information may follow

the well-established procedure of moving for a protective order" (D.I. 74), Arm understands

██████ needs to file a motion seeking the Court's permission ████████████████ with

those redactions. Arm does not oppose such a motion. In correspondence between the parties,

Qualcomm disagreed that ██████ needs to file a motion, but before Arm could resolve that

---

[1]    "E. Decl. Ex." refers to exhibits submitted with this declaration.

dispute with Qualcomm, Qualcomm submitted the issue to the Special Master in a letter on October 17, 2025. E. Decl. Ex. 2 at 2. To date, ███████ has not filed a protective order motion.

9.     Because the Protective Order mandates that the agreements and information "***shall not be produced*** before a determination by the Court," D.I. 84 ¶¶ 51-52, Arm has withheld the agreements for MediaTek, Amlogic, Annapurna, Analog Devices, and ███████. Arm has also withheld a ███████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████ E. Decl. Ex. 3.

10.    Arm has informed Qualcomm throughout discovery that it is withholding the ████████████████████ because of the pending third-party confidentiality disputes. For example, Arm wrote Qualcomm a letter in July 2025 stating that Arm "will continue to withhold documents that include confidential information for ████████████, and the other third parties pending resolution of their Protective Order disputes, including ████████████ ███████████████████████ referenced during Mr. Bhatnagar's deposition." E. Decl. Ex. 4 at 2. Likewise, during the deposition of Akshay Bhatnagar on July 10, I stated to Qualcomm's counsel that "███████ has objected to revealing their confidential information … we understand they're going to file something imminently. And so we can't reveal certain information based on that dispute." E. Decl. Ex. 5 at 39:15-19.

11.    Arm is not withholding the ████████ on the basis of privilege. While Arm may apply minor redactions to portions of the ████████ containing legal advice, Arm is withholding the document due to the third-party protective order disputes filed by ████████████████, █ ██████████████████████████████████████████████████

███████████████.

12.     On July 18, 2025, the Court appointed Helena C. Rychlicki as a Special Master to "manage discovery and disputes concerning amendments" and "to regulate all proceedings and take all measures necessary to address issues relating to the parties' discovery disputes, and any motions to amend or strike pursuant to paragraph 8 of the Scheduling Order (D.I. 44), and rule on the same." D.I. 336 at 1.

13.     The third-party protective order motions have been fully briefed and are awaiting argument before the Special Master. As of this filing, the Special Master has not set a date for argument of the third-party protective order motions. Given the current status, Arm has been unable to produce or rely on the █████████ to defend against Qualcomm's TLA Claims.

14.     Arm believes the █████████ should be produced without redactions so it has its full context, and intends to rely on the █████████ as part of its TLA defense. Arm also believes the importance of the █████████ outweighs any confidentiality concerns, and the Protective Order provides adequate protection to third parties. To that end, Arm filed a brief opposing MediaTek's protective order motion. D.I. 343 at 1 ███████████████████████████████████████ █████████████████.

15.     Arm is prepared to immediately submit the █████████ for *in camera* review upon the Court's request, so the Court can review it and understand its significance.

**Arm's Motion To Compel**

16.     Qualcomm alleges Arm "leaked to the media" an October 22, 2024 letter from Arm to Qualcomm asserting that "Qualcomm is in material breach" of its Architecture License Agreement ("ALA") with Arm "for allegedly developing and marketing 'unlicensed cores,' and claiming that Arm will be entitled to terminate the QC ALA if Qualcomm does not capitulate to Arm's demands for a 'cure' within 60 days." D.I. 137 ¶ 29.

17.    Qualcomm asserts claims against Arm for breach of the implied covenant of good faith and fair dealing (Count III), tortious interference with prospective economic advantage (Counts IV and V), and violation of California Unfair Competition Law (Count VI) based, at least in part, on these allegations. D.I. 137 ¶¶ 181-212.

18.    On June 17, 2025, Arm filed its Answer and Defenses to the Second Amended Complaint. D.I. 234. Arm asserts that "Qualcomm's claims are barred, in whole or in part, by the equitable doctrine of unclean hands." *Id.* at 43-44. Among the bases for Arm's unclean-hands defense is that Qualcomm "published Arm's October 2024 letter just days after Arm did." *Id.* at 43. Arm asserts that "on March 25, 2025, Bloomberg published a story concerning Qualcomm's non-public complaints of anticompetitive behavior at the European Commission, U.S. Federal Trade Commission, and Korea Fair Trade Commission," and that "Qualcomm's publication of Arm's letter, and non-public litigation materials to Bloomberg bar its claims against Arm under the doctrine of unclean hands." *Id.* at 43-44.

19.    Arm served Qualcomm with Arm's Third Set of Requests for Production (Nos. 123-173) on April 1, 2025. E. Decl. Ex. 6. Among Arm's requests, Arm sought Qualcomm's communications with the media or customers about its rights under Qualcomm's Architecture License Agreement ("ALA") with Arm, including specifically with reference to the March 25, 2025 Bloomberg article. *Id.* at 10-12, 14-16, 18-19 (RFPs 124-127, 129, 131, 142, 145-147, 157-159).

20.    Qualcomm responded to Arm's Third Set of Requests for Production (Nos. 123-173) on May 1, 2025. E. Decl. Ex. 7. Qualcomm declined to produce documents in response to any of Arm's requests on this issue. *Id.* at 10-13, 14-15, 22-25, 31-32.

21.    Arm served Qualcomm with a Rule 30(b)(6) Notice of Deposition on June 12, 2025. D.I. 198. Topic 59 sought testimony from Qualcomm regarding "[t]he underlying facts surrounding Qualcomm's decision to disclose the October 22, 2024 Notice of Breach Letter in its November 6, 2024 Form 10-K." *Id.* at 12.

22.    Qualcomm served its responses to Arm's Rule 30(b)(6) Notice of Deposition on June 23, 2025, in which it refused to provide a witness for Topic 59. E. Decl. Ex. 8 at 53-54.

23.    On August 1, 2025, Arm moved to compel Qualcomm to supplement its discovery responses and produce witnesses for deposition. D.I. 361. Arm's Motion to Compel requested an order compelling Qualcomm to provide information (and testimony) responsive to the Topics and RFPs stated above. E. Decl. Ex. 9 at 3, 5.

24.    The Special Master held argument on Arm's Motion to Compel on August 14, 2025. As of this filing, the Special Master has not ruled on Arm's Motion to Compel. As a result, Arm has been unable to obtain discovery to support its unclean-hands defense and its Motion to Compel remains pending.

25.    True and accurate copies of the documents discussed herein have been attached to this declaration.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 7th day of November 2025 at New York City, New York.


*/s/ Peter Evangelatos*
Peter Evangelatos

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com
John Poulos
NORTON ROSE FULBRIGHT US LLP

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

# Exhibit 1
## (REDACTED IN ITS ENTIRETY)

# Exhibit 2
## (REDACTED IN ITS ENTIRETY)

# Exhibit 3
## (REDACTED IN ITS ENTIRETY)

# Exhibit 4

# KIRKLAND & ELLIS LLP

333 West Wolf Point Plaza
Chicago, IL 60654
United States

**Jay Emerick**
To Call Writer Directly:
+1 312 862 3772
jay.emerick@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

July 24, 2025

**By E-mail**

███████████████████████████

Catherine Nyarady
Paul, Weiss, Rifkind, Wharton &
 Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

Re: *Qualcomm Inc. v. Arm Holdings PLC*, C.A. No. 24-490 (D. Del.)

Dear Catherine:

We write in response to your letters regarding the production of certain documents.

**Documents Requested During the Deposition of Martin Weidmann**

Qualcomm requests emails regarding ████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████ 7/10/25 Email from A. Janes (identifying
ARM_01230110; ARM_01314327; 11/15/2023 R. Grisenthwaite Tr., Exs. QX96, QX 97). *Id.*
████████████████████████████████████████████
(identifying ARMQC_02779076). Arm maintains that its production is complete.

**Documents Regarding Arm's Analysis For its October 2024 TLA Renewal Offer to Qualcomm**

Qualcomm seeks documents regarding ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████. *See* 6/19/25 P.
Evangelatos Email to J. Braly; 7/9/25 P. Evangelatos Email to E. Westerhold ("As we have
previously written, due to Arm's confidentiality obligations, Arm cannot produce third-party

Austin  Bay Area  Beijing  Boston  Brussels  Dallas  Frankfurt  Hong Kong  Houston  London  Los Angeles  Miami  Munich  New York  Paris  Philadelphia  Riyadh  Salt Lake City  Shanghai  Washington, D.C.

# KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 2

agreements ███████████████████████ without clearing that production beforehand with each third party…").  Arm has produced all third-party agreements to which it has not received an objection or a motion for a Protective Order was not filed.  We also provided corrected versions of Exhibits 5 and 5.1 from Mr. Abbey's deposition.  However, Arm will continue to withhold documents that include confidential information for MediaTek, Amlogic, and the other third parties pending resolution of their Protective Order disputes, █████████████ ████████████████████████████████████████ during Mr. Bhatnagar's deposition.  We have investigated and no other non-privileged documents reflecting Arm's analysis exist.



Thus, to the extent any other responsive documents even exist, they are not relevant.

As to Qualcomm's other rhetoric, we disagree with your characterization of the testimony of Mr. Youssef and Arm's privilege instructions.  Many of the questions posed during the deposition of Mr. Youssef improperly sought privileged information, as evidence by Qualcomm's attorney repeatedly asking whether ██████████████████████████████ ██████ *See* Youssef Dep. at 77–78.  We also disagree that Qualcomm has been "severely prejudiced."  Arm has produced the documents not subject to a third-party confidentiality dispute, and Qualcomm deposed five witnesses knowledgeable about Arm's TLA offers.  Any prejudice to Qualcomm by perceived discovery delays is a problem of its own making, as Qualcomm waited until March 2025 to raise its TLA allegations.

## Documents Related to the Discussion with Bloomberg News Regarding the Breach Letter

Qualcomm seeks documents related to a "discussion" with Bloomberg News regarding Arm's October 22, 2024 notice of material breach to Qualcomm.  Yet Qualcomm incorrectly asserts that Mr. Abbey "waiv[ed] any claim of privilege to" "an alleged attorney-client communication" about Bloomberg News and demands that Arm "immediately produce all documentation of the 'discussion' between Arm and Bloomberg News regarding the breach letter."  In fact, Arm has not claimed privilege over the "discussion" with Bloomberg News regarding Arm's October 22, 2024 notice of material breach to Qualcomm.  Moreover, Kenneth

**KIRKLAND & ELLIS LLP**

Catherine Nyarady
July 24, 2025
Page 3

Siegel, who was designated on behalf of Morrison & Foerster LLP to provide testimony in response to Qualcomm's subpoena, testified ████████████████████ In particular, Mr. Siegel testified that ████████████████████████████████████████████ *See* Siegel Dep. at 49, 63. ████████████████████████████████████████████████████████████████████████████████████████████████ *See, e.g., id.* at 50–53.  Mr. Siegel further testified ████████████████████████████████████████████████████████████ *See, e.g., id.* at 42–45.  Mr. Siegel further testified ████████████████████████████████████████████████████ ee, e.g., id.* at 54–60.  Qualcomm elicited additional testimony about ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Because Arm has not claimed privilege over the "discussion" with Bloomberg News, Arm waived no privilege in taking the redirect of Mr. Abbey during his deposition.  Further, as Messrs. Siegel and Kranhold testified, there are no other documents from this "discussion."  *See, e.g.,* Siegel Dep. at 63.  Arm trusts that the testimony of Messrs. Siegel and Kranhold resolves Qualcomm's concerns about this "discussion."

**Chat Messages Involving Mr. Haas**

Qualcomm demands that Arm "immediately supplement its production with at least Mr. Haas' chats responsive to Qualcomm's RFPs."  However, the premise of this demand is mistaken.  Contrary to the misrepresentations in your letter, Arm has already performed a reasonable search for responsive materials, including Teams chats, using search terms.  And Arm has in fact produced at least 408 of Mr. Haas's Teams chats in the prior case and another 12 Teams chats in this case.  *See* Haas Dep. at 146–147.[1]  Arm has no further discovery obligations to search for additional Teams chats.  Qualcomm speculates that more of Mr. Haas's Teams chats are responsive, but fails to identify any basis for why this is so.  During his deposition, Mr. Haas himself disagreed that there was any "issue" with the number of his Teams chats produced,

---

[1] Arm notes that Qualcomm's July 10 letter appears to cite to the rough transcript of Mr. Haas's deposition.  Arm herein responds to Qualcomm's July 10 letter on Arm's understanding that all citations were to the rough transcript.

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 4

based on his own knowledge and recollection of how often he would have used Teams to discuss the litigation, Qualcomm, or Samsung. *See id.* at 146–148. Qualcomm has not identified with specificity any deficiency in Arm's production of Mr. Haas's chats, and merely appears to be fishing. Moreover, Qualcomm has refused to engage in reciprocal discovery, given Qualcomm's significant deficiencies in its own searches for responsive documents, as we have explained in previous discovery correspondence. Accordingly, Arm will not produce any more documents in response to this request.

**Outside Communication Firms**

Qualcomm seeks confirmation that "Brunswick was not involved in the October 22, 2024 leak or any other communications between Arm and third parties responsive to Qualcomm's RFPs." Qualcomm had the opportunity to ask Mr. Haas at his deposition whether Arm communicated with Brunswick regarding the October 22 notice of material breach. Qualcomm failed to do so. At most, Qualcomm elicited testimony that ████████████████████████ ████████████████████████ *See* Haas Dep. at 111. Having failed to establish that Brunswick is relevant to the events surrounding October 22, Qualcomm may not now use this letter to import last-minute discovery requests. Nevertheless, for the avoidance of doubt, Arm confirms that no communications with Brunswick are responsive to the non-objectionable scope of Qualcomm's RFPs.

**Documents Related to the Financial Times Article**

Qualcomm demands that Arm "immediately produce documents responsive to" the Financial Times article titled "Arm to launch its own chip in move that could upend semiconductor industry." But Qualcomm fails to articulate how the Financial Times article (Haas Exhibit 8), or the cited testimony of Mr. Haas, is relevant to any party's claim or defense or is proportional to the needs of the case. Qualcomm also fails to explain how Mr. Haas's cited testimony in any way overcomes Arm's previous objections to the lack of relevance and proportionality for Qualcomm's RFP Nos. 104, 126, and 127. *See* D.I. 162, at 4. Arm maintains its objections to these RFPs. As your letter acknowledges, Qualcomm's motion to compel remains pending before the Court. Accordingly, Arm will not produce documents in response to this request absent Court order.

**Documents Requested During the Deposition of Andrew Howard**

Qualcomm requests production of Arm's "'competitive analysis' on Qualcomm's CPUs." Qualcomm, for its part, has refused on relevance and other grounds to produce documents "concerning any comparisons of any Arm-designed cores, CPUs, or products containing the same to any cores, CPUs, or products containing the same designed by Qualcomm, Nuvia, or any Third Party." *See* Qualcomm's R&Os to Arm's RFP No. 12. In any event, Arm has already

**KIRKLAND & ELLIS LLP**

Catherine Nyarady
July 24, 2025
Page 5

produced (subject to its objections) documents concerning Arm's analyses of Qualcomm's CPUs and systems-on chips related to the Qualcomm ALA.  Although Mr. Howard did ███████████████████████████████████████████████████████

███ *See* A. Howard Dep. at 184–185. ████████████████████████████

████████████████████████████████████████████████████ We trust this resolves Qualcomm's concerns.

**Documents Regarding v10 Pricing**



Qualcomm requests production of a ███████████████████████

**Documents Requested During the Deposition of Vivek Agrawal**

Your letter requests production of the "full [C]onfluence page in readable form" from ARMQC_02784227 and unredacted versions of ARMQC_02784661 and ARMQC_02784664 reflecting Mr. Agrawal's interactions with Copilot, as well as "any other production documents containing Copilot chat messages."  While we disagree that ARMQC_02784227 is not "in readable form," Arm has produced many other versions of the same or similar Confluence page that are not truncated.  *See, e.g.*, ARMQC_02773850, ARMQC_02773872, ARMQC_02773878, ARMQC_02773898,    ARMQC_02773906,    ARMQC_02773945,    ARMQC_02774029, ARMQC_02774036,    ARMQC_02774043,    ARMQC_02774051,    ARMQC_02774058, ARMQC_02774081,    ARMQC_02774103,    ARMQC_02774123,    ARMQC_02774131,

**KIRKLAND & ELLIS LLP**

Catherine Nyarady
July 24, 2025
Page 6

ARMQC_02774139,    ARMQC_02774147,    ARMQC_02774155,    ARMQC_02774163,
ARMQC_02774233,    ARMQC_02774312,    ARMQC_02774319,    ARMQC_02774326,
ARMQC_02774333,    ARMQC_02774355,    ARMQC_02774378,    ARMQC_02774385,
ARMQC_02774494,    ARMQC_02774515,    ARMQC_02774523,    ARMQC_02774531,
ARMQC_02774539.    Accordingly,  Arm  will  not  reproduce  the  content  reflected  in
ARMQC_02784227.

We  also  disagree  with  your  contention  that  "Arm  cannot  claim  privilege  over"
ARMQC_02784661  and  ARMQC 02784664,  and  any  related  documents,  because  they
allegedly  include ████████████████████████████████████████████
Qualcomm's  contention  is  both  factually  inaccurate  and  legally  baseless.    These  documents
contain  privileged  information  and  were  generated  at  the  request  of  or  pursuant  to  legal  advice,
for  the  purposes  of  seeking  legal  advice,  and/or  contain  or  reflect  attorney  work  product.    Such
correspondence  is  privileged,  and  Arm  will  not  produce  unredacted  versions  of  QCX274  and
QCX275,  nor  any  other  production  documents  containing  similarly  privileged  information,  to  the
extent  such  documents  exist.

**Documents Requested During the Deposition of Christine Tran**

Your  letter  requests  production  of  a  copy  of  ARM_01426582  "with  appropriate  privilege
redactions,  removing  redactions  at  least  for  the  duplicate  messages  that  are  shown  unredacted  in"
ARM_00085567.    We  have  reviewed  ARM_01426582  and  will  re-produce  that  document  to
align  the  redactions  with  ARM_00085567.    However,  the  other  redactions  in  that  document  will
remain  as  they  are  to  privileged  information  for  the  purposes  of  seeking  legal  advice.

**RFPs Discussed At Meet And Confers**

Qualcomm's  July  7,  2025  letter  seeks  clarification  from  recent  meet  and  confers
regarding  Arm's  position  on  certain  RFPs.

**RFP 37**

We  understand  this  Request  to  seek  documents  relating  to  licensing ██  to  Qualcomm.
Your  Letter  asks  "whether  Arm  would  produce  documents  if  'there  are  discussions  that  concern
licensing  to  Qualcomm  that  include  pricing  information.'"    As  discussed  above,  there  are  no  non-
privileged  documents  concerning  pricing  of ██ .

**RFPs 42 and 102**

Your  letter  explains  that  this  Request  seeks  "'documents  where  people  at  Arm  are  saying
we  should  release  a ██ ,  we  believe  that  we  have  made  developments  or  introduced  features,

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 7

whatever it is, sufficient to be ██ of the Arm architecture.'"  Your letter also acknowledges that this request "may be 'capture[d] in what you are describing you'll be producing.'"  Your letter asks "if Arm intends to produce any more documents responsive to this Request."  After reviewing our production, Arm has already produced responsive documents to this Request.

### RFP 123

Your letter asks whether "Arm intends to produce any more documents responsive to this Request."  As discussed above, Arm has already produced the ████████████████████ ██████████████ in effect as of October 2024 that are not subject to a third-party confidentiality dispute, but will continue to withhold documents pending the Court's resolution of the Protective Order disputes that have been filed.

### RFPs 126, 127

These Requests seek documents related to the February 13, 2025 Financial Times article.  As discussed above, Arm will not produce any more documents in response to this request pending the Court's resolution of Qualcomm's motion to compel.

### RFPs 134, 135–138

We have investigated Qualcomm's request and confirmed that Arm does not use any other CRMs.  We fail to understand the relevance of what other discovery Qualcomm is seeking with these requests, as evidenced by Qualcomm's failure to ask Arm's 30(b)(6) designee on Arm's CRM systems any questions about that topic.  Accordingly, Arm will not produce any more documents in response to these Requests.

### RFP 143

We understand this Request to seek documents concerning ████████████████ ████████████  ccordingly, Arm will not produce any more documents in response to this Request.

### RFP 145(2)

Arm confirms that it is not withholding any documents on the basis of whether such documents constitute a "formal" or "informal" media statement, and that its production to date is complete as to this Request.

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 8

**RFP 152**

Arm understands that Qualcomm is seeking communications regarding any "decision" to provide ACK patches to Qualcomm.  As discussed above, Arm's production of documents responsive to this Request is complete.

**RFPs 159, 160, 163**

We understand this Request to seek Arm's communications with third-party ALA licensees relating to certain materials and support that Qualcomm contends are "███████  Qualcomm's requests for these third-party communications have no relevance to whether Qualcomm received the materials to which it is entitled under the Qualcomm ALA.  Accordingly, Arm will not produce any more documents in response to these Requests.

**RFP 166**

Your letter explains that this Request seeks documents concerning competitive intelligence.  As noted in Arm's objections to this request, Qualcomm has repeatedly disclaimed, both orally and in writing, that it need prove or even identify a relevant market to support its claims. Until Qualcomm defines the relevant market(s), Arm is unable to discern for which market(s) Qualcomm seeks competitive intelligence information.  Because your letter fails to define any relevant market, Arm will not produce any more documents in response to this request.

Sincerely,

*/s/ Jay Emerick*

Jay Emerick

# Exhibit 5

Page 1

1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE
2
3      QUALCOMM INCORPORATED,     §
       A DELAWARE CORPORATION,    §
4      QUALCOMM TECHNOLOGIES,     §  C.A. NO. 24-490-MN
       INC., A DELAWARE           §
5      CORPORATION,               §
                                  §
6         PLAINTIFFS,             §
                                  §
7      – AGAINST –                §
                                  §
8      ARM HOLDINGS PLC.,         §
       F/K/A ARM LTD., A U.K.     §
9      CORPORATION,               §
                                  §
10        DEFENDANT.              §
11        **████████████████████████████████**
12      ORAL AND VIDEOTAPED DEPOSITION OF AKSHAY BHATNAGAR
                          JULY 10, 2025
13
14
15
          ORAL AND VIDEOTAPED DEPOSITION OF AKSHAY
16      BHATNAGAR, produced as a witness at the instance of
        the Plaintiffs and duly sworn, was taken in the
17      above styled and numbered cause on Thursday,
        July 10, 2025, from 9:22 a.m. to 12:39 p.m., before
18      TAMARA CHAPMAN, CSR, RPR-CRR in and for the State of
        Texas, reported by computerized stenotype machine,
19      at the offices of Kirkland & Ellis, LLP, 401
        Congress Avenue, Austin, Texas, pursuant to the
20      Federal Rules of Civil Procedure and any provisions
        stated on the record herein.
21
22
23
24
25      Job No. NY 7464214



Page 2

```
 1          A P P E A R A N C E S
 2   FOR THE PLAINTIFFS:
       S. Conrad Scott
 3   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
       1285 6th Avenue
 4   New York, New York 10019
       212-373-3000
 5   scscott@paulweiss.com
 6
     FOR THE DEFENDANT:
 7     Peter Evangelatos
       KIRKLAND & ELLIS, LLP
 8     601 Lexington Avenue
       New York, New York 10022
 9     212-909-3291
       peter.evangelatos@kirkland.com
10
11   ALSO PRESENT:
       Peter Zierlein, Videographer
12     Noah Frank, in-house counsel, Arm
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1          E X H I B I T S (continued)
 2   NO.      DESCRIPTION            PAGE
     Exhibit    Email chain originating
 3   QCX 208    05/24/2024 from Will Abbey
                to Kristin Webster, Subject
 4
 5
 6            (ARMQC_02784199 -
              ARMQC_02784203)        30
 7   Exhibit
     QCX 209    (Cortex-A720) and
 8            (Cortex-520)
 9            (ARMQC_02784204)       55
     Exhibit
10
11
12            (QCVARM_0526828 -
              QCVARM_0526830)        65
     Exhibit    Email chain originating
13   QCX 211    12/02/2024 from Shaymus
                McTeague, Subject
14            (ARMQC_02751388 -
15            ARMQC_02751394)        83
     Exhibit
16
17            (ARMQC_02784120 -
              ARMQC_02784198)        94
18   QCX 213    04/17/2020 from Rajiv
                Gupta, Subject
19
20            (ARM_00085567 -
              ARM_00085571)          97
21
22
23        PREVIOUSLY MARKED EXHIBITS
24   NO.                    PAGE
     Exhibit 2              25
25   Exhibit 8              53
```

Page 3

```
 1          I N D E X
 2
               PAGE
 3
 4   APPEARANCES..............................  2
     AKSHAY BHATNAGAR
 5   EXAMINATION
       BY MR. SCOTT.......................  5
 7   BY MR. EVANGELATOS...................  101
 8
     CORRECTION PAGE......................  106
 9   SIGNATURE PAGE.......................  107
     REPORTER'S CERTIFICATION.............  108
10
11
12          E X H I B I T S
     NO.      DESCRIPTION            PAGE
13   Exhibit    Akshay Bhatnagar LinkedIn
     QCX 203    profile
14   Exhibit    (No Bates - 2 pages)  8
15
16            (ARMQC_02783731 -
              ARMQC_02783847)        16
     Exhibit
18
              (ARMQC_02783848 -
              ARMQC_02783966)        18
     Exhibit
20
              (ARMQC_02783619 -
              ARMQC_02783730)        19
     Exhibit
22
              (ARMQC_02783731 -
              ARMQC_02783845)        20
23
24
25
```

Page 5

```
 1        THE VIDEOGRAPHER:  Here begins the
 2   deposition of Akshay Bhatnagar.  Today's date is
 3   July 10th, 2025, and the time is 9:22 a.m.
 4        Will counsel please identify
 5   themselves for the record, after which the court
 6   reporter will swear in the witness.
 7        MR. SCOTT:  Conrad Scott, Paul Weiss,
 8   for the plaintiffs.
 9        MR. EVANGELATOS:  Good morning,
10   everyone.  Peter Evangelatos from Kirkland & Ellis
11   on behalf of Arm.  Oh, and Noah Frank on behalf of
12   Arm as well.
13        AKSHAY BHATNAGAR,
14   having been first duly sworn, testified as follows:
15             EXAMINATION
16   BY MR. SCOTT:
17      Q.  Good morning, Mr. Bhatnagar.  Could I ask
18   you to please state your name for the record.
19      A.  Akshay Bhatnagar.
20      Q.  And what's your address?
21      A.
22      Q.  Thank you.  Have you been deposed before?
23      A.  No.
24      Q.  So I'm going to go over a few ground
25   rules.  If there's anything I say that you don't
```

2 (Pages 2 - 5)

Page 38

1    A.   I don't remember.  I would have to check
2    with Karthik again.
3    Q.   Do you remember any other names that they
4    gave you?
5    A.   I don't remember.
6    Q.   Do you remember what the royalty rates
7    were?
8    A.   For whom?
9    Q.   That's a good question.  Let's start with
10   ████
     ████████████████
     ████████████████
13   MR. EVANGELATOS:  I'm going to
14   caution you on the basis of a third-party
15   confidentiality obligation.
16   The question was "do you recall."
17   Just answer that as a "yes" or "no" and then let's
18   be careful about which royalty rates we're talking
19   about and which companies we're talking about.
20   So just answer that question "yes" or
21   "no," do you recall.
22   A.   No.
     ████████████████████████
     ███████████
     ████████████████████████████

3    MR. SCOTT:  I'm asking what the
4    royalty rate was.
5    MR. EVANGELATOS:  Well, so, I need to
6    instruct him on a third-party confidentiality.  So
7    if you want to narrow it first and see if he
8    recalls, and then we can take it basis by -- company
9    by company.
10   MR. SCOTT:  For the record, I don't
11   think that it's appropriate for you to instruct him
12   not to answer on the basis of a purported
13   third-party confidentiality.
14   MR. EVANGELATOS:  So, look, we told
15   you yesterday MediaTek has objected to revealing
16   their confidential information.  So that -- we
17   understand they're going to file something
18   imminently.  And so we can't reveal certain
19   information based on that dispute.
20   MR. SCOTT:  And they filed something?
21   MR. EVANGELATOS:  My understanding is
22   they're filing something any day now.  And so they
23   have objected.  And without -- on the basis of that
24   objection we're going to instruct him not to answer
25   about MediaTek confidential information.

Page 40

1    So I'm just asking you, if you want
2    to ask questions about the others that have not
3    objected, go ahead.  If you want to probe that, go
4    ahead.  But as to MediaTek in particular, I do need
5    to instruct him on that.
6    MR. SCOTT:  I just want to make clear
7    for the record, you're instructing your witness not
8    to answer based on your belief that a third-party
9    may file for a protective order in the future?
10   MR. EVANGELATOS:  No, that's not
11   accurate.  I'm instructing -- specifically as to
12   MediaTek, I've told you MediaTek has informed us
13   that they object to that disclosure and they will
14   file something.  I don't know off the top of my head
15   if they filed something yet.  If -- because on the
16   basis of that dispute, I will instruct him not to
17   answer as to MediaTek.
18   MR. SCOTT:  Okay.  Just for the
19   record, we believe that instruction is improper and
20   we will hold the deposition open.
21   MR. EVANGELATOS:  Okay.  We can agree
22   to disagree.
23   MR. SCOTT:  Great.
24   Q.   Let's see.  So just getting back to --



Page 106

1  CERTIFICATE OF DEPONENT

2

3  I have read the foregoing transcript of
4  my deposition and except for any corrections or
5  changes noted on the errata sheet, I hereby
6  subscribe to the transcript as an accurate record
7  of the statements made by me.

8

9

   _____
10  THOMAS BROWN

11

12  SUBSCRIBED AND SWORN before and to me
13  this ____ day of _____, 20___.

14

15

16  _____
17  NOTARY PUBLIC

18

19

20  My Commission expires:

21

22

23

24

25

Page 108

1  _____.

2  I further certify that pursuant to FRCP No.
3  30(f)(i) that the signature of the deponent:
4  was requested by the deponent or a party before
5  the completion of the deposition and that the
6  signature is to be returned within 30 days from date
7  of receipt of the transcript.  If returned, the
8  attached Changes and Signature Page contains any
9  changes and the reasons therefor;

10  X was not requested by the deponent or a party
11  before the completion of the deposition.

12  I further certify that I am neither counsel for,
13  related to, nor employed by any of the parties in
14  the action in which this proceeding was taken, and
15  further that I am not financially or otherwise
16  interested in the outcome of the action.

17  Certified to by me this 11th day of July, 2025.

18

19

20

21  Tamara Chapman, CSR, RPR-CRR
   CSR NO. 7248; Expiration Date: 12-31-25

22  Veritext Legal Solutions
   Firm Registration No. 571

23

24

25

Page 107

1  IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF DELAWARE

2

3  QUALCOMM INCORPORATED,  §
   A DELAWARE CORPORATION,  §

4  QUALCOMM TECHNOLOGIES,  § C.A. NO. 24-490-MN
   INC., A DELAWARE    §

5  CORPORATION,      §
             §

6  PLAINTIFFS,    §
             §

7  - AGAINST -     §
             §

8  ARM HOLDINGS PLC.,   §
   F/K/A ARM LTD., A U.K.  §

9  CORPORATION,     §
             §

10  DEFENDANT.     §

11

12

   REPORTER'S CERTIFICATION
13  DEPOSITION OF AKSHAY BHATNAGAR
   TAKEN JULY 10, 2025

14

15  I, TAMARA CHAPMAN, Certified Shorthand Reporter in
16  and for the State of Texas, hereby certify to the
17  following:
18  That the witness, AKSHAY BHATNAGAR, was duly sworn
19  by the officer and that the transcript of the oral
20  deposition is a true record of the testimony given
21  by the witness;
22  That the original deposition was delivered to S.
23  CONRAD SCOTT;
24  That a copy of this certificate was served on all
25  parties and/or the witness shown herein on

Page 109

1  ERRATA SHEET
   VERITEXT/NEW YORK REPORTING, LLC

2

   CASE NAME: Qualcomm Inc. v. Arm Holdings PLC
3  DATE OF DEPOSITION: 7/10/2025
   WITNESSES' NAME: Akshay Bhatnagar

4

5  PAGE  LINE (S)   CHANGE     REASON

6  |_____|_____|_____|_____

7  |_____|_____|_____|_____

8  |_____|_____|_____|_____

9  |_____|_____|_____|_____

10  |_____|_____|_____|_____

11  |_____|_____|_____|_____

12  |_____|_____|_____|_____

13  |_____|_____|_____|_____

14  |_____|_____|_____|_____

15  |_____|_____|_____|_____

16  |_____|_____|_____|_____

17  |_____|_____|_____|_____

18  |_____|_____|_____|_____

19  |_____|_____|_____|_____

20  |_____|_____|_____|_____

21  Akshay Bhatnagar

22  SUBSCRIBED AND SWORN TO BEFORE ME
   THIS ____ DAY OF _____, 20__.

23

24

25  (NOTARY PUBLIC)      MY COMMISSION EXPIRES:

28 (Pages 106 - 109)

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED, <br>    a Delaware corporation, <br> QUALCOMM TECHNOLOGIES, INC., a <br>    Delaware corporation <br><br>            Plaintiffs, <br><br>    v. <br><br> ARM HOLDINGS PLC, f/k/a, ARM LTD. <br>    a U.K. corporation <br><br>            Defendant. | C.A. No. 24-490-MN <br><br> ████████████████ |

**ARM HOLDINGS PLC'S THIRD SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFFS QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.
(NOS. 123-173)**

Pursuant to Federal Rule of Civil Procedure 26 and 34, Defendant Arm Holdings plc ("Arm") requests that Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. ("Qualcomm") serve written responses to these requests and produce for inspection, copying, and other purposes, each of the documents, electronically stored information, and tangible things described below at the offices of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304, or at such place as may be mutually agreed upon, within 30 days after service of these requests as specified by Federal Rules of Civil Procedure 34(b), or such earlier time as is ordered by the Court or agreed to by the parties.

**INSTRUCTIONS**

1.    Each request shall be answered pursuant to Federal Rules of Civil Procedure 26 and 34, and supplemented as required by Federal Rule of Civil Procedure 26(e).

2.    You shall serve supplemental responses promptly after receiving any further

**REQUEST FOR PRODUCTION NO. 124:**

All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

**REQUEST FOR PRODUCTION NO. 125:**

All Documents, Communications, and Things concerning Qualcomm's communications with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

**REQUEST FOR PRODUCTION NO. 126:**

All Documents, Communications, and Things concerning Qualcomm's communications with Qualcomm customers, potential customers, or licensees regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

**REQUEST FOR PRODUCTION NO. 127:**

All Documents, Communications, and Things concerning Qualcomm's communications with Arm customers or Arm licensees regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the

Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents, Communications, and Things concerning Qualcomm's communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents, Communications, and Things concerning Qualcomm's communications with Qualcomm customers, potential customers, or licensees regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm

ALA, (2) Qualcomm's notice of breach of the Qualcomm TLA, or (3) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents, Communications, and Things concerning Qualcomm's communications with Arm customers or Arm licensees regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (2) Qualcomm's notice of breach of the Qualcomm TLA, or (3) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents, Communications, and Things concerning any of Your agreements with or payments to Third Parties, including consultants, press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers, for services performed regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

**REQUEST FOR PRODUCTION NO. 133:**

All Documents, Communications, and Things concerning any of Your agreements with or payments to Third Parties, including financial analysts, stock analysts, market analysts, or equity research analysts, for services performed regarding licensing or competition between Arm and

Qualcomm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

**REQUEST FOR PRODUCTION NO. 134:**

All Documents, Communications, and Things concerning Qualcomm's decision to disclose or to not disclose, to communicate or not to communicate to Third Parties, including Your customers, potential customers, licensees, or the U.S. Securities & Exchange Commission, or publicly, any statement, assertion, or allegation by Arm that Qualcomm breached the Qualcomm ALA or that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 135:**

All Documents, Communications, and Things concerning Qualcomm's decision to disclose or to not disclose in Qualcomm's filings with the U.S. Securities & Exchange Commission any statement, assertion, or allegation by Arm that Qualcomm breached the Qualcomm ALA or that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 136:**

All Documents, Communications, and Things concerning Qualcomm's assertion in its January 22, 2025 letter to Arm that Qualcomm is "required by law" to disclose any statement, assertion, or allegation by Arm relating to Qualcomm's breach of the Qualcomm ALA or that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, including in SEC filings.

**REQUEST FOR PRODUCTION NO. 137:**

All Documents, Communications, and Things concerning Arm's communications or dealings with ███████ (the "Smartphone Company" referenced in paragraph 115 of Your Complaint) or ████ (the "AI and Ecosystem Company" referenced in paragraph 116 of Your Complaint).

**REQUEST FOR PRODUCTION NO. 138:**

All Documents, Communications, and Things concerning any executed or proposed agreements, contracts, or term sheets between Qualcomm and ████

**REQUEST FOR PRODUCTION NO. 139:**

All Documents, Communications, and Things concerning any executed or proposed agreements, contracts, or term sheets between Qualcomm and ███████

**REQUEST FOR PRODUCTION NO. 140:**

All Documents, Communications, and Things concerning any business or potential business between Arm and ████

**REQUEST FOR PRODUCTION NO. 141:**

All Documents, Communications, and Things concerning any submissions, Communications, or meetings with the Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body requesting an investigation of Arm, including all Documents shown to, disclosed to, or exchanged with any regulatory body in connection with such a request.

**REQUEST FOR PRODUCTION NO. 142:**

All Documents, Communications, and Things concerning any submissions, Communications, or meetings with the Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body regarding Arm, licensing or competition

between Arm and Qualcomm, or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including: (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

**REQUEST FOR PRODUCTION NO. 143:**

All Documents, Communications, and Things concerning Qualcomm's submissions to the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Qualcomm's acquisition of Nuvia.

**REQUEST FOR PRODUCTION NO. 144:**

All Documents, Communications, and Things concerning any statements or requests for information by the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Qualcomm's acquisition of Nuvia.

**REQUEST FOR PRODUCTION NO. 145:**

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers relating to or concerning the subject matter of the Bloomberg News article on March

25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies," regardless of whether those Communications occurred before or after publication of the article.

**REQUEST FOR PRODUCTION NO. 146:**

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers soliciting, suggesting, or requesting that those Persons publish an article or otherwise create content relating to or concerning the subject matter in the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies," regardless of whether those Communications occurred before or after publication of the article.

**REQUEST FOR PRODUCTION NO. 147:**

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers concerning (a) any investigation or potential investigation of Arm by the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body or (b) any outreach, meetings, discussions, or Communications between Qualcomm and the United States Department of Justice, the Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Arm.

**REQUEST FOR PRODUCTION NO. 148:**

All Communications by You to Arm requesting OOBs, ACK tests, patches, updates, bug fixes, and any other items for each new version of (i) Your designs or products that incorporate, are based on, embody, contain, or relate to Nuvia Designs or Nuvia-based Products, including

to any investigations into Qualcomm's licensing or business activities.

**REQUEST FOR PRODUCTION NO. 153:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with the Federal Trade Commission investigation and subsequent action in *Federal Trade Commission v. Qualcomm Inc.*, No. 5:17-cv-220-LHK (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 154:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with *Apple Inc. v. Qualcomm Inc.*, No. 3:17-cv-00108-GPC-MDD (S.D. Cal.).

**REQUEST FOR PRODUCTION NO. 155:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with *In re Qualcomm Inc. Securities Litig.*, No. 3:17-cv-121-JO-MSB (S.D. Cal.).

**REQUEST FOR PRODUCTION NO. 156:**

All testimony, statements, declarations, or affidavits filed by Qualcomm in connection with *In re Qualcomm Antitrust Litig.*, No. 17-md-02773-JSC (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 157:**

All Documents, Communications, and Things related to or concerning any of Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

**REQUEST FOR PRODUCTION NO. 158:**

Documents, Communications, and Things sufficient to identify all persons involved in Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles,

stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including Qualcomm-affiliated persons and Third Parties.

**REQUEST FOR PRODUCTION NO. 159:**

Documents, Communications, and Things sufficient to show the monetary amount You have spent on Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including any invoices, agreements, or other documents specifying the amounts You have paid to Third Parties for services performed related to publicizing such stories.

**REQUEST FOR PRODUCTION NO. 160:**

All Documents, Communications, and Things relating to the validation of any Architecture Compliant Core, ARM Compliant Product, and all implementations thereof for which You did not receive any OOB from Arm, including Documents showing the amount of time and resources that You devoted to such validation processes.

**REQUEST FOR PRODUCTION NO. 161:**

All Documents, Communications, and Things relating to the validation of any Architecture Compliant Core, ARM Compliant Product, and all implementations thereof for which You did receive at least one OOB from Arm, including Documents showing the amount of time and resources that You devoted to such validation processes.

**REQUEST FOR PRODUCTION NO. 162:**

Dated: April 1, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


 */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

swilson@ycst.com

*Attorneys for Arm Holdings plc*

# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED, )
 a Delaware corporation; and )
QUALCOMM TECHNOLOGIES, INC., )
 a Delaware corporation, )
  )
  Plaintiffs, )
  )
  v. ) C.A. No. 24-490 (MN)
  )
ARM HOLDINGS PLC., f/k/a ARM LTD., ) ███████████
 a U.K. corporation, )
  )
  Defendant. )

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 123-173)**

  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's ("Defendant") Third Set of Requests for Production (Nos. 123-173) ("Requests").

  The following responses are based solely on the information that is presently available and specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement with any subsequently-discovered facts. Plaintiffs reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

  Plaintiffs respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiffs respond to the Requests as they interpret and understand each Request set forth herein. If Defendant subsequently asserts an interpretation of any of the Requests that

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTIONS NO. 123:

All Documents, Communications, and Things You referenced, relied upon, used in drafting, Identified, Described, or referred to in Your responses to Arm's interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 123:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, that are responsive to this Request, to the extent any exist.

### REQUEST FOR PRODUCTIONS NO. 124:

All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm*

*Inc.*, No. 22-1146-MN.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 125:

All Documents, Communications, and Things concerning Qualcomm's communications with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 126:**

All Documents, Communications, and Things concerning Qualcomm's communications with Qualcomm customers, potential customers, or licensees regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs also object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 127:**

All Documents, Communications, and Things concerning Qualcomm's communications with Arm customers or Arm licensees regarding Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to the phrases "Nuvia Designs" and "Nuvia-based

Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

      **Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 128:

All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in Arm Ltd. v. Qualcomm Inc., No. 22-1146 (MN) (D. Del.), including (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 128:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN. Plaintiffs also object to this Request to the extent it calls for the production of materials that are in the possession, custody, or control of Defendant. Plaintiffs further object to this Request on

the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents regarding communications with third parties concerning the subject matter of the claims at issue in this litigation, including (1) statements by Arm that it is entitled to terminate the QC ALA; (2) Qualcomm's notice to Arm of Arm's breach of the QC TLA, and (3) Arm's anticompetitive or unfair behavior.

## REQUEST FOR PRODUCTIONS NO. 129:

All Documents, Communications, and Things concerning Qualcomm's communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 129:

Plaintiffs object to this Request as duplicative of RFP No. 128 and hereby incorporate their objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 130:

All Documents, Communications, and Things concerning Qualcomm's communications with Qualcomm customers, potential customers, or licensees regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-

1146 (MN) (D. Del.), including (1) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (2) Qualcomm's notice of breach of the Qualcomm TLA, or (3) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 130:

Plaintiffs object to this Request as duplicative of RFP No. 128 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce additional documents in response to this Request.

### REQUEST FOR PRODUCTIONS NO. 131:

All Documents, Communications, and Things concerning Qualcomm's communications with Arm customers or Arm licensees regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including (1) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (2) Qualcomm's notice of breach of the Qualcomm TLA, or (3) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 131:

Plaintiffs object to this Request as duplicative of RFP No. 128 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce additional documents in response to this Request.

### REQUEST FOR PRODUCTIONS NO. 132:

All Documents, Communications, and Things concerning any of Your agreements with or payments to Third Parties, including consultants, press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers, for services performed regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

Plaintiffs also object to this Request to the extent that it seeks production of confidential information related to governmental proceedings.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 142:

All Documents, Communications, and Things concerning any submissions, Communications, or meetings with the Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body regarding Arm, licensing or competition between Arm and Qualcomm, or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including: (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 142:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs also object to the phrases "Nuvia Designs" and "Nuvia-based Products" because they are vague, ambiguous, overbroad, and irrelevant, including because issues related to Nuvia were litigated and resolved in the prior litigation, *Arm Ltd. v. Qualcomm Inc.*, No. 22-1146-MN.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs also object to this Request to the extent that it seeks production of confidential information related

to governmental proceedings.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 143:

All Documents, Communications, and Things concerning Qualcomm's submissions to the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Qualcomm's acquisition of Nuvia.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 143:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request to the extent that it seeks production of confidential information related to governmental proceedings.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 144:

All Documents, Communications, and Things concerning any statements or requests for information by the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Qualcomm's acquisition of Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Plaintiffs object to this Request as duplicative of RFP No. 143 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 145:**

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers relating to or concerning the subject matter of the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies," regardless of whether those Communications occurred before or after publication of the article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 146:**

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers soliciting, suggesting, or requesting that those Persons publish an article or otherwise create content relating to or concerning the subject matter in the Bloomberg News article on March

25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies," regardless of whether those Communications occurred before or after publication of the article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Plaintiffs object to this Request as duplicative of RFP No. 145 and hereby incorporate their

responses and objections to that Request as though fully set forth herein.

**Response:** Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 147:**

All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers concerning (a) any investigation or potential investigation of Arm by the United States Department of Justice, Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body or (b) any outreach, meetings, discussions, or Communications between Qualcomm and the United States Department of Justice, the Federal Trade Commission, European Commission, Korea Fair Trade Commission, or any other regulatory body relating to Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request on the

ground that it is overbroad and unduly burdensome, including because it requests "all Documents,

Communications, and Things."  Plaintiffs further object to this Request to the extent it seeks the

production of documents or the disclosure of information protected by the attorney-client privilege,

the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

Plaintiffs further object to this Request on the ground that it seeks information that is not relevant

to any claim or defense of any party in this case.

**Response:** Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 148:**

All Communications by You to Arm requesting OOBs, ACK tests, patches, updates, bug fixes, and any other items for each new version of (i) Your designs or products that incorporate,

grounds that it is overbroad and unduly burdensome.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case. Plaintiffs also object to this Request to the extent it seeks production of materials that are publicly available.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 157:

All Documents, Communications, and Things related to or concerning any of Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 157:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

## REQUEST FOR PRODUCTIONS NO. 158:

Documents, Communications, and Things sufficient to identify all persons involved in Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including Qualcomm-affiliated persons and Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 159:**

Documents, Communications, and Things sufficient to show the monetary amount You have spent on Your efforts, plans, or strategy to edit, influence, direct, shape, or otherwise affect news articles, stories, accounts, reports, or publications regarding Arm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.), including any invoices, agreements, or other documents specifying the amounts You have paid to Third Parties for services performed related to publicizing such stories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions.  Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:**  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTIONS NO. 160:**

All Documents, Communications, and Things relating to the validation of any Architecture Compliant Core, ARM Compliant Product, and all implementations thereof for which You did not receive any OOB from Arm, including Documents showing the amount of time and resources that You devoted to such validation processes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request to the

compilations," is vague and ambiguous. Plaintiffs further object to this Request on the ground that it seeks information that is not relevant to any claim or defense of any party in this case.

**Response:** Plaintiffs are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of the Request.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

_____

Jack B. Blumenfeld (#1014)

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

*Attorneys for Plaintiffs*

May 1, 2025

██████████

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Kyle D. Friedland, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Gregg F. LoCascio, P.C.                                    *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                       *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*


                                    */s/ Jennifer Ying*
                                    _____
                                    Jennifer Ying (#5550)

# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-490 (MN) |
| v. | ) ) | ████████████████ |
| ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO ARM LTD.'S FIRST NOTICE OF DEPOSITION OF QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm" or "Plaintiffs") by and through their attorneys, hereby respond and object to Arm Holdings PLC's ("Arm" or "Defendant") First Notice of Deposition of Qualcomm Inc. and Qualcomm Technologies, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 12, 2025 ("the Notice").

**PRELIMINARY STATEMENT**

Plaintiffs incorporate by reference each and every General Objection and Preliminary Statement set forth below into each and every specific response. From time to time, a specific response may repeat a General Objection or a Preliminary Statement for emphasis or some other reason. The failure to include any General Objection or Preliminary Statement in any specific response shall not constitute a waiver of any General Objection or Preliminary Statement to that discovery request.

1

for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding the "factual basis for [Plaintiffs'] contention" and "when and how Arm first became aware of the relationship." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

## TOPIC NO. 59:

The underlying facts surrounding Qualcomm's decision to disclose the October 22, 2024 Notice of Breach Letter in its November 6, 2024 Form 10-K.

## OBJECTION TO TOPIC NO. 59:

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "Qualcomm's decision to disclose the October 22, 2024 Notice of Breach Letter in its November 6, 2024 Form 10-K." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic as vague and ambiguous, particularly with respect to the phrase "Form 10-K." Plaintiffs further

object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

In light of the above objections, and because Plaintiffs are not aware of any non-privileged information, Plaintiffs decline to produce a witness to testify on this Topic.

**TOPIC NO. 60:**

Your communications, or communications on Your behalf by any of Your affiliates or agents, including in-house or external counsel, or any public-relations affiliates, with Third Parties, including press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), publishers, Arm or Qualcomm customers, or potential Arm or Qualcomm customers regarding the Disputed Subject Matter, including any communications relating to news articles, stories, accounts, reports, or publications about Arm, such as the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies."

**OBJECTION TO TOPIC NO. 60:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to this Topic as seeking testimony regarding subject matter that is not relevant to any claim or defense of any party in this Action. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding Plaintiffs' "communications, or communications on [Plaintiffs'] behalf," without limitation. Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic as vague and ambiguous, particularly with respect to the phrase "press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

June 23, 2025

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, copies of the foregoing were caused to be served upon the following in the manner indicated:

Anne Shea Gaza, Esquire                              *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendant*

Karen E. Keller, Esquire                              *VIA ELECTRONIC MAIL*
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                          *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                            *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Sydney D. Gaskins, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                            *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
*Attorneys for Defendant*

Erik J. Olson, Esquire                                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire                                           *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire                                         *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire                                      *VIA ELECTRONIC MAIL*
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire                                            *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                           *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                      *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                               *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)

# Exhibit 9
## (REDACTED IN ITS ENTIRETY)