IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED, )
   a Delaware corporation; and )
QUALCOMM TECHNOLOGIES, INC., )
   a Delaware corporation, )
       )
       ) C.A. No. 24-490 (MN)
      Plaintiffs, )
       )
       ) ████████████████████
      v. ) ████████████
       )
ARM HOLDINGS PLC., f/k/a ARM LTD., ) REDACTED PUBLIC VERSION
   a U.K. corporation, )
       )
      Defendant. )

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO ARM'S MOTION TO
EXCLUDE THE EXPERT OPINIONS AND TESTIMONY OF ERIC A. POSNER
AND PARTIALLY EXCLUDE THE EXPERT OPINIONS AND
<u>TESTIMONY OF PATRICK F. KENNEDY</u>**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

Original filing date: November 7, 2025
Redacted filing date: November 21, 2025

**TABLE OF CONTENTS**

Page(s)

I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II.   SUMMARY OF ARGUMENT AND FACTS ..................................................................... 1

III.  LEGAL STANDARD ........................................................................................................ 1

IV.   ARGUMENT ..................................................................................................................... 1

   A.   PROFESSOR POSNER'S OPINIONS SHOULD NOT BE EXCLUDED. ......................... 1

       1.   *Posner Is Qualified To Offer Opinions On Economics And Competition.* ..................... 1

       2.   *Posner Is Not Required To Provide Legal Analysis Or To Establish Every
            Element Of Qualcomm's UCL Claim.* .......................................................................... 2

       3.   *Posner Does Not Offer Legal Interpretations or Opinions.* ........................................ 4

       4.   *Posner's Opinions On RISC-V And Arm's Neutrality Are Reliable And Arm's
            Complaints Go To Weight, Not Admissibility.* ............................................................. 5

   B.   DR. KENNEDY'S OPINIONS REGARDING QUALCOMM'S 2019 LICENSE
        AGREEMENT SHOULD NOT BE EXCLUDED. ............................................................ 6

V.    CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Bornstein* v. *Monmouth Cnty. Sheriff's Off.*,
658 F. App'x 663 (3d Cir. 2016) ........................................................................2

*Bos. Sci. Corp.* v. *Cordis Corp.*,
777 F. Supp. 2d 783 (D. Del. 2011)....................................................................5

*Daubert* v. *Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993).................................................................................. *passim*

*Epic Games, Inc.* v. *Apple, Inc.*,
67 F.4th 946 (9th Cir. 2023) ...............................................................................3

*Micro Chem., Inc.* v. *Lextron, Inc.*,
317 F.3d 1387 (Fed. Cir. 2003)...........................................................................5

*Pineda* v. *Ford Motor Co.*,
520 F.3d 237 (3d Cir. 2008).................................................................................2

*Primiano* v. *Cook*,
598 F.3d 558 (9th Cir. 2010) ...............................................................................3

*Rhoads Indus., Inc.* v. *Shoreline Found., Inc.*,
2021 WL 2778562 (E.D. Pa. July 2, 2021).........................................................7

*Shire Viropharma Inc.* v. *CSL Behring LLC*,
2021 WL 1227097 (D. Del. Mar. 31, 2021) ........................................................8

*Summit 6, LLC* v. *Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015)...........................................................................4

*Surace* v. *Caterpillar, Inc.*,
111 F.3d 1039 (3d Cir. 1997)..............................................................................2

**Rules**

Fed. R. Evid. 702 .......................................................................................................1, 2

**Other Authorities**

CACI No. 325 .................................................................................................................8

## I.   NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs (collectively, "Qualcomm") oppose Arm's motion to exclude the expert testimony and opinions of Professor Eric Posner and certain expert testimony and opinions of Dr. Patrick Kennedy.  Qualcomm incorporates by reference Section II of Plaintiffs' Opening Brief in Support of Their Motion to Exclude Certain of Arm's Expert Opinions and Testimony.  D.I. 434.

## II.   SUMMARY OF ARGUMENT AND FACTS

Posner's and Kennedy's challenged opinions and testimony should not be excluded. Posner has taught and written for 30 years in the field of, and is qualified to opine on, economics and competition-related issues.  Arm's arguments relate to the weight of Posner's potential testimony, rather than methodology, and misconstrue his opinions and the role of an expert in supporting a party's claims.  And Kennedy's opinions are grounded in the available evidence and relevant to Qualcomm's claims.  Additional facts relevant to Arm's arguments are set forth below.

## III.   LEGAL STANDARD

The Court has "a gatekeeping role" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert* v. *Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).[1]  Expert testimony that meets this standard should not be excluded.

## IV.   ARGUMENT

### A.  PROFESSOR POSNER'S OPINIONS SHOULD NOT BE EXCLUDED.

#### 1.  *Posner Is Qualified To Offer Opinions On Economics And Competition.*

Arm's assertion that Posner is not qualified to offer opinions regarding economics and competition is meritless.  D.I. 437 at 4-5.  The Third Circuit interprets "Rule 702's qualification requirement liberally" finding that a "broad range of knowledge, skills, and training qualify an

---

[1] For quoted material, unless otherwise indicated, all brackets, ellipses, internal quotation marks, and citations are omitted for readability.  All emphasis is added unless otherwise indicated.

expert." *Pineda* v. *Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008). The "liberal policy of admissibility extends to the substantive as well as the formal qualifications"; the expert need not be the "best qualified" or "have the specialization that the court considers most appropriate." *Id.*

Posner exceeds that standard. He has spent over 30 years on the faculty at the University of Chicago and University of Pennsylvania "specializ[ing] in economic analysis of law" and "the application of economic principles to problems of market competition." D.I. 411 Ex. 2 ¶¶ 1-5. He has taught classes, given lectures, and published numerous articles in peer-reviewed journals about "the economics of competition." *Id.*; *see also id.* Ex. 5 at 1-26. He has also testified and presented on competition policy and economics and law and economics before multiple regulatory agencies and congressional committees, as well as numerous practitioner and academic groups. *Id.* Ex. 2 ¶ 5, Ex. 5 at 26.

This extensive experience in competition economics more than suffices to meet the Rule 702 standard. None of the cases Arm cites, which describe witnesses proffered as experts in fields in which they had *no expertise*, suggests otherwise. *See Bornstein* v. *Monmouth Cnty. Sheriff's Off.*, 658 F. App'x 663, 670 (3d Cir. 2016) (excluding a former Departments of Probation and Correction commissioner who had no experience as "a doctor nor a healthcare professional" from testifying about the medical standard of care); *see also Surace* v. *Caterpillar, Inc.*, 111 F.3d 1039, 1043 (3d Cir. 1997) (excluding an expert who "lacked experience" in the relevant field and "relied exclusively on [another expert] for support").

### 2. *Posner Is Not Required To Provide Legal Analysis Or To Establish Every Element Of Qualcomm's UCL Claim.*

Arm argues that Posner's opinions should be excluded because Qualcomm purportedly has not (1) "satisf[ied] the 'unfairness' prong of the UCL"; (2) identified relevant antitrust laws; or (3) conducted a market definition or monopoly power analysis as required for an antitrust claim. D.I.

437 at 5-10.   Arm makes these arguments in parallel in its motion for summary judgment, rehashing its motion to dismiss, and they do not relate to the sufficiency of expert testimony.  D.I. 233 at 9-14; D.I. 438 at 24-31; D.I. 437 at 5-10.  Qualcomm has not asserted an antitrust claim, and Arm misstates the appropriate legal standard governing Qualcomm's UCL claims.  Pltfs.' Opp. to Arm's Mot. for Summ. J. § V.D. Moreover, Posner's expert testimony "need not establish every element that the plaintiff must prove, in order to be admissible," nor is he responsible for conducting legal analysis to satisfy Qualcomm's claims.  *See Primiano* v. *Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

One example of Arm repeating its summary judgment arguments rather than making a *Daubert* argument to exclude an expert is when Arm argues that all of Posner's opinions should be excluded for failing to "Identify a Relevant *Antitrust* Market." D.I. 437 at 5.  Arm misses the point: Qualcomm's UCL claim is not an antitrust claim and does not require defining an antitrust market.  *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946, 1002 (9th Cir. 2023); Pltfs.' Opp. to Arm's Mot. for Summ. J. § V.D.  Nor does Posner's analysis of the Arm ISA Ecosystem and Arm's anticompetitive actions (including based on input foreclosure) require defining a market, as it is based on "the understandings of the people in the industry . . . [who] refer to an ecosystem, the Arm ecosystem."  D.I. 411 Ex. 1 at 60:3-13.  Arm does not dispute the existence of the Arm ecosystem, its role as sole supplier of the Arm ISA, or that as a result Arm has a dominant position in that ecosystem.

Arm also contends that Posner should be excluded because he does not "Conduct A Monopoly Power Analysis" as required for an antitrust claim.  D.I. 437 at 7-8.  ███████

████████████████████████████████████████████████████████████████████

███████████████████   D.I. 411 Ex. 1 at 15:13-15.  Posner also conducted extensive analysis to determine that Arm "has a monopoly *or* a dominant position as the supplier of the Arm ISA."  *Id.*

Ex. 2 ¶¶ 11, 20-43.  Posner's detailed economic analysis rests in large part on information from Arm's own website and documents, including that "99% of all smartphones [are] powered by Arm" and that Arm's ISA is the "most ubiquitous computer architecture on the planet."  *Id.* Ex. 2 ¶¶ 11, 55-58; *id.* Ex. 3 ¶¶ 76, 211.

Finally, Arm contends that Posner should be excluded because his input foreclosure analysis is "generally applied in the context of merger analysis."  D.I. 437 at 10.  But Arm does not articulate any economic distinction between vertical mergers and "organic entry" to suggest that this analysis is confined to the former context.  As Posner explains, mergers are critically assessed more frequently than "organic entries" likely due to reporting requirements.  *Id.*; D.I. 411 Ex. 4 ¶ 41.  Arm's unfounded criticisms go to the weight of Posner's testimony, not the admissibility.  *Summit 6, LLC* v. *Samsung Elecs. Co.*, 802 F.3d 1283, 1298-99 (Fed. Cir. 2015).

### 3.   *Posner Does Not Offer Legal Interpretations or Opinions.*

Arm incorrectly argues that two sentences from Posner's report are "legal opinions" that go to the "ultimate issue[]" in the case.  D.I. 437 at 10-11.  ***First,*** the statement that "Arm has interfered with Qualcomm's relationship with its customers" is not an opinion, it is a recitation of Qualcomm's allegations provided in a "Factual Background" section.  D.I. 411 Ex. 2 ¶ 45.  As Posner confirmed at his deposition, he ████████████████████████████ ████████████████████.  *Id.* Ex. 1 at 18:17-19:12, 303:14-16.  ***Second***, the statement that Arm sought to "████████████████████████████████ ████████████████████████" (*Id.* Ex. 4 ¶ 48) rebuts Arm expert Simcoe's assertion[2] that Arm's "████████████████████████ ████████████████████████████."  *Id.* Ex. 3 ¶ 167.

---

[2] Simcoe's testimony regarding Arm's intent is the subject of Qualcomm's parallel *Daubert* motion, D.I. 434 at 22.

Posner's statement is not a legal conclusion; it is a factual statement about relief sought in the Arm Action. *Id.* Ex. 1 at 19:4-12, 281:13-284:20.

### 4. Posner's Opinions On RISC-V And Arm's Neutrality Are Reliable And Arm's Complaints Go To Weight, Not Admissibility.

Arm's criticisms of Posner's RISC-V and neutrality opinions as based on speculation and a "mischaracterization" of evidence (D.I. 437 at 11) go to the weight of his testimony and disputes regarding underlying facts, not his methodology. *Micro Chem., Inc.* v. *Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) (when "the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony"); *Bos. Sci. Corp.* v. *Cordis Corp.*, 777 F. Supp. 2d 783, 794 (D. Del. 2011).

*First*, Arm argues that Posner does not factually support his opinion that " █████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ " D.I. 437 at 11. Arm is incorrect. Posner's opinion is based on an economic analysis of network effects and foreclosure, and review of the record regarding the network for alternative ISAs. D.I. 411 Ex. 2 ¶¶ 11-12, 27, 33-35, 42, 55-58; *id.* Ex. 4 ¶¶ 3-4, 15-22. Arm's complaint about the sufficiency of factual support for that analysis goes to weight, not admissibility, and ignores significant evidence that Posner relies on, including statements from Arm's CEO that "RISC-V is not interesting from a CPU standpoint, because it's not running any key software." *Id.* Ex. 4 ¶ 15 n. 33. In any event, Arm's expert agrees that " ████ ███████████████████████████████████████████████████████████ ," narrowing the scope of any dispute to an economic analysis of the Arm ISA's entrenched network and RISC-V's ability to establish the network necessary to become █████████████████ . *Id.* Ex. 3 ¶ 71; *id.* Ex. 4 ¶¶ 15-22 ("Despite being a free open-source ISA, chip designers rarely use RISC-V because it lacks the vast network that the Arm ISA enjoys").

5

Arm's argument regarding Posner's opinion that Arm abandoned prior neutrality to directly compete with licensees (D.I. 437 at 12-13) suffers the same deficiencies. Posner does not rely solely on a conversation with Gerard Williams, Qualcomm's Senior VP Engineering. *Id.* Rather, Posner relies on statements from Arm's former VP of communications and Arm documents relating to Arm's extensive history referring to itself as the "Switzerland of chips" and how "the Arm processor was available to be licensed to many different companies." D.I. 411 Ex. 2 ¶¶ 80-81. Arm also ignores Posner's economic analysis of how Arm's reversal of its longstanding business model as the "Switzerland of chips" has harmed and will harm both competitors and competition in the ISA ecosystem. *Id.* ¶¶ 81-90. And Posner's reference to Rene Haas's statements further demonstrate Arm's changing business model. *Id.* Ex. 4 ¶ 4 n.10. Moreover, Haas's quote that Arm's interest in accepting prospective customers is based on "whether your business is a chip business [such as Qualcomm] or a product business" (*id.* Ex. 2 ¶ 88) is not "wholly mischaracterize[d]" as Arm contends (D.I. 437 at 12), particularly given the context of Haas's other statements related to Arm's business model change and ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓. D.I. 411 Ex. 4 ¶ 4. In the same interview, Haas refers to Arm's "pivot" after Softbank's acquisition and admits a new strategy to compete with customers. *Id.* Ex. 4 ¶¶ 45-46.

## B. DR. KENNEDY'S OPINIONS REGARDING ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ SHOULD NOT BE EXCLUDED.

Kennedy's opinions regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to ▓▓▓▓▓▓ ▓▓▓, and certain peripheral IP have "good grounds" in evidence and will assist the factfinder in determining facts at issue. *Daubert*, 509 U.S. at 590-91. Arm's arguments, which incorrectly characterize these opinions, should be rejected.

*First*, Arm asserts that "Kennedy's use of ▓▓▓▓▓▓▓▓▓▓ to criticize Arm's ▓▓▓▓" for ▓▓▓▓▓▓▓▓ is "not reliable" because ▓▓▓▓▓▓▓▓▓▓

6

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████. D.I. 437 at 13-14 (emphasis in original). But Kennedy opines not that ████████

████████████████████████  ████████████████████

████████████████████████████████████████████████████████████

████████████████  ████████████████████████████ not credible (D.I. 412 Ex. 12 ¶

69). It is entirely reasonable to look at such data to scrutinize Arm's pricing.[3] Arm apparently

agrees: in the ***only document*** Arm has produced showing ██████████████████████ for

████████████, Arm compares its proposed ████ rates against Qualcomm's 2019 rates ████

████████████████████████████████████. Ex. 1; D.I.

412 Ex. 13 at 246:22-250:17.

That is particularly true here, given that Arm has produced neither the ██████ agreement

████████████████████████████████, nor ***any documents*** showing

████████████████  ████████████████████████████████

████████████  ████████████████████. *See, e.g.,* D.I. 412 Ex. 12 ¶¶ 69, 71-

74, 82; D.I. 413 Ex. 14 ¶¶ 8, 10, 50; *Rhoads Indus., Inc. v. Shoreline Found., Inc.,* 2021 WL

2778562, at *7 (E.D. Pa. July 2, 2021) (especially when there is "limited data," it is "permissible

for [an expert] to extrapolate from the data that does exist").

*Second,* Arm claims that, because Kennedy compared ██████████████████████,

under which ████████████████████████, and concluded that such ██████ was

reasonable given the full scope of the parties' agreement, Kennedy opines "██████████████

████████████████████████████." D.I. 437 at 14-15. Arm

---

[3] Kennedy performed a similar analysis in comparing the ██████████████████████████
████ (*see, e.g.,* D.I. 412 Ex. 12 ¶¶ 67-69), which Arm is not seeking to exclude.

asserts that this "opinion" is "unreliable" because "nowhere does the TLA *require* Arm to ███████

██████████████████████████████████." *Id.* at 15 (emphasis in original).

But Kennedy does not opine that ████████████████████████████; he compares what

Qualcomm paid for ███████████████████████████, to a but-for price reflecting

commercially reasonable license fees calculated, ████████████████████████

█████████████████████████ D.I. 412 Ex. 12 ¶ 111 (quoted at D.I. 437 at

14-15); *id.* ¶ 115. Kennedy offers this calculation for purposes of estimating damages.

This opinion is directly relevant to Qualcomm's breach of the implied covenant claim,

under which Qualcomm must prove that Arm failed to act in good faith ████████████

█████████████████████████████████████████████,

and that Qualcomm was harmed by Arm's conduct. *See* CACI No. 325. Arm's view that ██████

███████████████████████ should be presented through its

own evidence and cross-examination, not a *Daubert* motion. *Shire Viropharma Inc.* v. *CSL*

*Behring LLC*, 2021 WL 1227097, at *26 (D. Del. Mar. 31, 2021).

The ████████████████████ is also rebuttal to assertions by Arm's expert,

Mr. Britven, that Arm █████████████████████████████

█████████████████████████████ ██████████ ████████

██████. D.I. 413 Ex. 14 ¶¶ 103-04, 123, 127-30; *see also* D.I. 424 Ex. 21 ¶ 147. Kennedy

disproves Mr. Britven's assertions by showing ██████████████████

█████████████████████████████████████████

████████████████ ████████████ mirrors Kennedy's methodology. *Id.*

## V.    CONCLUSION

For the foregoing reasons, Arm's motion to exclude should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

November 7, 2025

Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 7, 2025, upon the following in the manner indicated:

Anne Shea Gaza, Esquire                              *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                          *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                            *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Sydney D. Gaskins, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                            *VIA ELECTRONIC MAIL*
Alexandra Corrinne Hottenrott, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

10

Erik J. Olson, Esquire                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire                                  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire                                  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire                                 *VIA ELECTRONIC MAIL*
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                   *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                              *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*


Peter Evangelatos, Esquire                                        *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*



*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)

12