IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>   a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>   a Delaware corporation, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 24-490 (MN) |
| v. | )<br>)<br>) | |
| ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>   a U.K. corporation, | )<br>)<br>) | REDACTED PUBLIC VERSION |
| Defendant. | )<br>) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
ON QUALCOMM'S UCL CLAIM (COUNT VI) (D.I. 415)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

Original filing date: November 7, 2025
Redacted filing date: November 21, 2025

## I. THE FIRST LITIGATION[1]

1. Undisputed for purposes of this motion that Arm sued Qualcomm on August 31, 2022 and that Qualcomm answered on September 30 (but of 2022, not 2023). *See* D.I. 417 Ex. 3 at 77. Qualcomm lacks knowledge of whether ███████████████████████, but any dispute is immaterial because that fact is irrelevant to the disposition of Arm's motion.

2. Undisputed for purposes of this motion that Arm and Qualcomm are sophisticated companies. Arm's characterization of the Arm Action is not supported by any of the cited material. *See* D.I. 417 Ex. 4 ¶¶ 35, 83; Ex. 5 at -456-57; Ex. 6 at -305, -315-16.

3. Undisputed for purposes of this motion.

## II. ARM'S BUSINESS

4. Disputed that Arm's business model actually allows "customers to access Arm products," as Arm's withholding of technology from Qualcomm is central to this case. *See, e.g.*, D.I. 137. Undisputed that Arm advertises itself in this way.

5. Disputed that an ALA "enable[s]" a licensee to design CPUs. An ALA grants license rights to ███████████, which a licensee may use to design its CPUS. D.I. 428 Ex. 2.

6. Disputed as to Arm's misstatement of Mr. Grisenthwaite's testimony. Mr. Grisenthwaite corrected his testimony that ███████████████████████████████████ ███████████████████████████ D.I. 417 Ex. 9 at 49:17-50:2.

7. Disputed as to Arm's characterization of Mr. Abbey's testimony. Mr. Abbey did not testify that ███████████████████████████████████████████████████ ███████████. D.I. 417 Ex. 10 at 46:12-18. Qualcomm lacks knowledge of whether Arm ███

---

[1] For ease of reference, Plaintiffs have copied Arm's headings, but do not necessarily agree that Arm's headings are accurate.

███████████, but any dispute is immaterial to the disposition of Arm's motion.

      8.      Undisputed for purposes of this motion that Mr. Abbey gave the quoted testimony.

      9.      Undisputed for purposes of this motion.

      10.      Undisputed for purposes of this motion that Arm advertises the "Arm Flexible Access model" this way. Qualcomm does not license IP via that model and lacks knowledge of the accuracy of Arm's statement, but any dispute is immaterial to the disposition of Arm's motion.

      11.      Undisputed for purposes of this motion that Arm advertises the "Arm Total Access model" this way. Qualcomm does not license IP via that model and lacks knowledge of the accuracy of Arm's statement, but any dispute is immaterial to the disposition of Arm's motion.

      12.      Undisputed for purposes of this motion that Arm and ███████████ ███████████ and that the quoted language reflects testimony from Arm's SVP Paul Williamson ███ ███ ███.

      13.      Undisputed for purposes of this motion that Mr. Awad gave the quoted testimony.

      14.      Undisputed for purposes of this motion that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. 90 at 125:9-22 (Williamson).

### III. QUALCOMM'S BUSINESS

      15.      Undisputed for purposes of this motion.

      16.      Undisputed for the purposes of this motion that Mr. Asghar provided the described testimony with respect to Qualcomm's business.

      17.      Undisputed for purposes of this motion.

      18.      Undisputed for purposes of this motion that Qualcomm's semiconductor business,

named Qualcomm CDMA Technologies, licenses and uses Arm's IP.

19. Undisputed for purposes of this motion.

20. Undisputed for purposes of this motion.

21. Undisputed for purposes of this motion, though any dispute is immaterial because this fact is irrelevant to the disposition of Arm's motion. Arm is not asserting any defense premised on the FTC's allegations, and the FTC's proceeding did not involve a California UCL claim.

22. Undisputed for purposes of this motion, though any dispute is immaterial for the reasons discussed in paragraph 21 and because the FTC's case involved federal claims based on the FTC Act and the Sherman Act.

23. Disputed as to the characterization that Qualcomm argued the FTC had to prove a violation at the pleadings stage, D.I. 418 Ex. 22 at 13, though any dispute is immaterial for the reasons discussed in paragraph 21.

24. Undisputed for purposes of this motion, though any dispute is immaterial for the reasons discussed in paragraph 21.

### IV. SEMICONDUCTOR INDUSTRY

25. Disputed as to Arm's characterization of "███████." Arm omits Mr. Asghar's testimony that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 3 at 155:2-158:3 (Asghar). The Arm ISA is the primary ISA. Ex. 84; Ex. 85 at 148:21-25 (Howard).

26. Disputed. ████████████████████████████████████████████████. *See, e.g.*, Ex. 3 at 155:2-158:3 (Asghar); Ex. 2 at 192:18-193:19, 195:7-24 (Amon); Ex. 86 at 16:22-

3

17:8, 57:6-21 (Vidon).

27. Undisputed for purposes of this motion.

28. Undisputed for purposes of this motion.

29. Disputed. █████████████████████████████████████. *See, e.g.*, Ex. 3 at 155:2-158:3 (Asghar); Ex. 2 at 192:18-193:19 (Amon); Ex. 86 at 57:6-21 (Vidon); *supra* ¶ 27.

30. Disputed as to Arm's selective quoting of Posner's full statement: ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████ D.I. 417 Ex. 18 ¶ 64.

31. Undisputed as to ████████████████████████████████████████

████████. Arm, however, omits that ████████████████████████████████

████████████████████████████████████ D.I. 418 Ex. 26 at -850.

32. Undisputed for purposes of this motion that the quoted language reflects Arm's statement in an Arm internal document.

33. Disputed as to Arm's selective omission of its estimated ">99%" market share for "mobile applications" and "70%" market share for "other mobile." D.I. 418 Ex. 28 at -097. Qualcomm also notes that the slide containing this data, from Arm's Q1 FYE26 Investor Presentation, is titled "Royalty: Gaining Share in a Massive Market." *Id.*

34. Undisputed for purposes of this motion that this is Arm's estimate.

35. Disputed. ████████████████████████████████████████████████,

████████████████████████████████████████████████████████████████████

████████████████████████████████████ *See, e.g.*, Ex. 3 at 155:2-158:3 (Asghar); Ex. 2 at 195:7-24 (Amon); Ex. 86 at 16:22-17:8 (Vidon).

4

36. Disputed. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

*See, e.g.*, Ex. 3 (Asghar) at 155:2-158:3; Ex. 2 (Amon) at 195:7-24; Ex. 86 (Vidon) at 16:22-17:8.

37. Undisputed for purposes of this motion.

38. Undisputed for purposes of this motion that Qualcomm has contemplated such a plan. Mr. Asghar's cited testimony ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 417 Ex. 17 at 212:6-213:8.

39. Undisputed for purposes of this motion.

40. Undisputed for purposes of this motion that Qualcomm has shipped more than 650M RISC-V microcontrollers—lower-level cores. Ms. Varma specified ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 418 Ex. 34 at 196:20-197:8.

41. Undisputed for purposes of this motion.[2]

42. Undisputed for purposes of this motion.

43. Undisputed for purposes of this motion.

44. Undisputed for purposes of this motion.[3]

## V.    QUALCOMM'S UNFAIR COMPETITION LAW ("UCL") THEORY

45. Disputed to the extent that Arm intends for "theories of 'monopoly'" to mean something different than a claim for monopolization. Undisputed for purposes of this motion that Qualcomm is not litigating a Sherman Act case and that it does not need to identify any antitrust laws implicated by Arm's conduct. *See* Pltfs.' Opp. to Arm's Mot. for Summ. J. § V.D.

---

[2] Arm's second quote is really a paraphrase, but Qualcomm does not dispute the substance.
[3] Arm's second quote is really a paraphrase, but Qualcomm does not dispute the substance.

46. Undisputed for purposes of this motion that Posner is not offering legal opinions.

47. Undisputed for purposes of this motion.

48. Disputed. Qualcomm is both Arm's consumer and ███████. *See infra* ¶ 53.

49. Disputed to the extent that Arm means for "██████████████" to encompass all of its anticompetitive conduct. Posner stated in his reports and testified ████████ ████████████████████████████████████████████ ██████████████████████████████ D.I. 417 Ex. 16 at 327:5-329:10; D.I. 417 Ex. 18 ¶ 74; D.I. 418 Ex. 42 ¶ 9.

50. Undisputed for purposes of this motion.

51. Undisputed for purposes of this motion.

52. Undisputed for purposes of this motion.

53. Disputed. Arm's contention ignores that Qualcomm is itself a consumer of Arm's products. *See, e.g.*, *supra* ¶ 1; D.I. 444 Ex. 4 at 28; UCL CSOF ¶¶ 1-3.

54. Disputed to the extent Arm implies that Qualcomm seeks damages apart from the agreed-upon remedy in ███████ of the ALA or TLA, respectively, for its claims for breach of ███████ of the ALA and ████████████████ of the TLA.

55. Disputed. Qualcomm's requests for injunctive relief are discussed in testimony cited in Interrogatory No. 7. *See* Ex. 87 at 167:13-22 (Chaplin) ████████████ ████████████████████████████████████████ (cited in D.I. 418 Ex. 40 at 58)). Qualcomm also explained its need for injunctions in response to Interrogatory 21 (D.I. 435 Ex. 18 at 56-57), and requested such relief in its operative complaint (D.I. 137 at Prayer for Relief). Rule 26 requires a "computation of each category of damages," not a request for injunctive relief, so Arm's citation is irrelevant. D.I. 418 Ex. 46 at 8.

<div style="display: flex;">
<div>

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

November 7, 2025

</div>
<div>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

</div>
</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 7, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Erik J. Olson, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire  VIA ELECTRONIC MAIL
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.  VIA ELECTRONIC MAIL
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

9

| | |
|---|---|
| Jay Emerick, Esquire<br>Adam M. Janes, Esquire<br>Reid McEllrath, Esquire<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL  60654<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Peter Evangelatos, Esquire<br>Nathaniel Louis DeLucia, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)