IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>   a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>   a Delaware corporation, | ) ) ) ) | |
| | ) | C.A. No. 24-490 (MN) |
| Plaintiffs, | ) ) | |
| | ) | ██████████████████ |
| v. | ) ) | ███████████ |
| | ) | |
| ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>   a U.K. corporation, | ) ) | REDACTED PUBLIC VERSION |
| | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT UNDER *NOERR-PENNINGTON* AND FOR LACK OF CAUSATION WITH RESPECT TO QUALCOMM'S GOOD FAITH AND FAIR DEALING, TORTIOUS INTERFERENCE, AND UCL CLAIMS (COUNTS III-VI); AND FOR PARTIAL SUMMARY JUDGMENT ON QUALCOMM'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT III)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

2

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

Original filing date: November 7, 2025
Redacted filing date: November 21, 2025

Pursuant to Paragraph 9(b) of the Scheduling Order (D.I. 44), Plaintiffs Qualcomm Inc.,

and Qualcomm Technologies, Inc. (collectively, "Qualcomm") hereby respond to the Concise

Statement of Facts submitted by Defendant in support of its motion for summary judgment (D.I.

421).[1]

## I.    THE PRIOR LITIGATION AND BREACH LETTER

1.    Disputed in part in that the quoted language regarding Arm's purported "right to

terminate" the Qualcomm ALA does not appear on the cited page 2 of Arm's November 15, 2022

Answer.  D.I. 423 Ex. 1.  Undisputed for the purposes of this motion that Arm's April 11, 2024

Answer to Qualcomm's Second Amended Counterclaim contained a statement alleging that

Qualcomm was in breach of its ALA.  This statement was not tied to any affirmative defense,

claim, or request for relief.

2.    Disputed as to the purported reason for Arm's sending of the October 22, 2024

letter and Arm's characterization that "Qualcomm made publicly available a summary of the

contents."  Arm's CEO testified that ███████████████████

████████████████████████████████████████

███████████████████████.  Ex. 88 at 106:19-109:13 (Haas).

After Bloomberg News published a story on the October 22 letter, Qualcomm included just three

sentences on the parties' letters in its Form 10-K.  D.I. 423 Ex. 6 at -531.  Undisputed for the

purposes of this motion that Arm sent Qualcomm a letter on October 22, 2024 that contained the

quoted language; that Arm did not directly quote the ALA in its letter; and that Qualcomm

responded to Arm's letter on October 28, 2024.

---

[1] For ease of reference, Plaintiffs have copied Arm's headings, but do not necessarily agree that Arm's headings are accurate.

3.      Disputed as to Arm's characterization of the Bloomberg article.  Bloomberg did not

just "describ[e] the letter as part of the parties' ongoing 'legal fight,'" as Arm claims, but described

the letter as "canceling a license", "escalating [the] legal dispute", and "ratchet[ing] up [the] legal

fight."  D.I. 423 Ex. 7 at -057.  Undisputed for the purposes of this motion that ████████████

██████████████████████████████████████████████████████████████████.

4.      Disputed as to Arm's characterization that Arm had a "claim" from breach of the

Qualcomm ALA in the Arm Action.  There was no such claim in Arm's complaint.  Ex. 70 (Arm

Action D.I. 1).  Undisputed for the purposes of this motion that the transcript contains the quoted

language.

5.      Disputed that the redacted version of the First Amended Complaint was filed on

December 16, 2024; it was filed on January 3, 2025 with redactions as agreed upon by the parties.

*See* D.I. 39.  The public version containing the agreed-upon redactions omitted all discussion of

ALA terms at issue in Qualcomm's breach of the implied covenant claim of good faith and fair

dealing claim.  *See* D.I. 39-1.

6.      Undisputed for purposes of this motion.  Qualcomm notes that Arm designated the

January 8, 2025 letter as "Privileged and Confidential."  D.I. 423 Ex. 9.

7.      Disputed, except as to the fact that Arm and Qualcomm exchanged letters on

January 22 and 30, 2025.  Disputed as to Arm's characterization of Qualcomm's position on the

confidentiality of the parties' communication, which was in fact that Arm's "[p]ublicizing the

October 22 notice but then claiming that the January 8 letter retracting that notice is confidential

is entirely unacceptable and further evidence of Arm's bad-faith efforts to harm Qualcomm."  D.I.

423 Ex. 10 at -675.  And Qualcomm stated that it was "required by law to disclose the fact that

Arm has withdrawn that notice [of breach] and indicated that it has no current plan to terminate

the Qualcomm ALA," (*id.* at -676)—not that it was required to disclose the parties' correspondence generally.

8.      Disputed to the extent that Arm's description of Mr. Weiser as a "Qualcomm attorney" is meant to suggest that Mr. Weiser made a legal determination as to Qualcomm's disclosure obligations.  Mr. Weiser testified ██████████████████████ Ex. 93 at 42:23-43:7 (Weiser).

9.      Undisputed for the purposes of this motion that Arm's expert is offering the quoted opinions.  Qualcomm has moved to exclude Mr. Richards's testimony in its entirety.  *See* D.I. 434.

10.     Undisputed for the purposes of this motion that the transcript contains the quoted language.  Mr. Amon also testified that ████████████████████████████████

████████████████████████ D.I. 423 Ex. 14 at 176:19-178:25.

11.     Disputed in part as to Arm's characterization that Prof. Posner "labels the Breach Letter"—as opposed to Arm's leak of that letter—as ████████████ *See* D.I. 423 Ex. 17 ¶¶ 45, 65; D.I. 423 Ex. 15 ¶¶ 51, 53-54.  Similarly disputed in part as to Arm's omission of the reference to Arm's leak in Ms. Chaplin's testimony: ██████████████████████████

██████████████████████████████████████ D.I. 423 Ex. 18 at 125:6-17.  Undisputed for the purposes of this motion that Prof. Posner opined that ██████

██████████████████████

## II.     QUALCOMM'S PROSPECTIVE ████████████████████████

12.     Undisputed for purposes of this motion.

13.     Disputed as to the suggestion that Qualcomm did not have a "positive history" with

████████████████████████.  Mr. Krishnamohan's statements that ████████████

██████████████████████████████████████████████████

████████████████████████████████████ D.I. 424 Ex. 20; *see also* D.I. 423 Ex. 14 at

250:19-253:10.

14.     Undisputed for purposes of this motion as to the paragraph and its n.1.

15.     Undisputed for purposes of this motion that the quoted statements accurately reflect

statements made by Mr. Krishnamohan, but Qualcomm notes that ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████ D.I. 424 Ex. 23 at -024.

16.     Disputed that Mr. Krisnamohan's ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████.  Also disputed to the extent that

Arm intends to suggest that the communication in Exhibit 24 is the only documentation of ████

outreach regarding Arm's October 22 letter.  *See, e.g.*, Ex. 73.

17.     Undisputed for purposes of this motion that the quoted statements accurately reflect

statements made in email correspondence between Qualcomm and ████.

18.     Undisputed for purposes of this motion that the quoted statements accurately reflect

statements made in email correspondence between Qualcomm and ████.

19.     Undisputed for purposes of this motion that the quoted statements accurately reflect

statements made by Mr. Krishnamohan and that ████████████████████████████

████████████.

20.     Disputed as to Arm's characterization that the exhibits cited in n.2 were

"exchange[d]" with ████; the majority of exhibits 29 through 60 to D.I. 424 are internal drafts of

the Qualcomm-████ term sheet.  Undisputed for purposes of this motion that ████████████

████████████████████████████████████.

4

21.    Disputed as to Arm's speculation as to what ███████████████████

████████████████   The emails cited as exhibits 61 and 62 to D.I. 424 are from ██████████

███████████████████████████████████. *See* D.I. 424 Ex. 28

at -969.

22.    Undisputed for purposes of this motion that the quoted statements accurately reflect

statements made by ████████████████.

23.    Undisputed for purposes of this motion.

24.    Disputed to the extent that Arm seeks to imply that a provision must "expressly

reference[] any litigation risks" to take into account such risks.  Undisputed for purposes of this

motion that the final term sheet contains the quoted language.  Qualcomm notes that the █████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████ D.I.

424 Ex. 28 at -70.

25.    Undisputed for purposes of this motion.  Qualcomm notes that Arm also declined

to follow through in pursuing third-party discovery from ████ during the fact discovery period.

26.    Disputed to the extent Arm implies that Mr. Amon's understanding of the "financial

impact" to Qualcomm's ███████████████████████████████████. Mr.

Amon testified that ███████████████████████████████████

███████████████████████████████████. D.I. 423 Ex. 14 at 21:9-22:21

(Amon).

27.    Disputed.  Mr. Mulabagal testified that, 

Ex. _ (Mulabagal) at 55:14-57:22.  He merely said ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *Id.* at 58:1-3.

## III.    QUALCOMM'S BUSINESS OPPORTUNITIES WITH OTHER CUSTOMERS

28.    Undisputed for purposes of this motion.

29.    Disputed as to Arm's suggestion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  D.I.

423 Ex. 14 at 282:5-283:10 (Amon).

30.    Disputed that testimony of Arm's competition expert that "Arm's customers[] are

Qualcomm's customers," D.I. 424 Ex. 71 at 175:8-19, supports that each relevant company "does

business with Arm."  Undisputed for the purposes of this motion that Qualcomm has not provided

a damages analysis calculating harm to its relationships with the listed customers.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

November 7, 2025

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 7, 2025, upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                          *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff*

Joyce Liou, Esquire                                              *VIA ELECTRONIC MAIL*
Daralyn J. Durie, Esquire
Shaelyn K. Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Plaintiff*

Erik J. Olson, Esquire                                           *VIA ELECTRONIC MAIL*
Meet Yatin Mehta, Esquire
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Plaintiff*

Scott F. Llewellyn, Esquire                                      *VIA ELECTRONIC MAIL*
Sarah E. Brickey, Esquire
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
*Attorneys for Plaintiff*

Daniel P. Muino, Esquire                                    *VIA ELECTRONIC MAIL*
David Nathaniel Tan, Esquire
Sydney K. Cooper, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C. 20037
*Attorneys for Plaintiff*

Nicholas Rylan Fung, Esquire                                *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Zach B. Quinlan, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
*Attorneys for Plaintiff*

Kyle W.K. Mooney, Esquire                                   *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
*Attorneys for Plaintiff*

Michael J. DeStefano, Esquire                               *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
600 Brickell Avenue, Suite 1560
Miami, FL 33131
*Attorneys for Plaintiff*

Gregg F. LoCascio, P.C.                                     *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
*Attorneys for Plaintiff*

Jay Emerick, Esquire                                        *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
*Attorneys for Plaintiff*

Peter Evangelatos, Esquire  
KIRKLAND & ELLIS LLP  
601 Lexington Avenue  
New York, NY  10022  
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)