IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>   a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>   a Delaware corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>   a U.K. corporation,<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 24-490 (MN)<br><br><br><br>REDACTED PUBLIC VERSION |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S CONCISE STATEMENT
OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT THAT ▬▬▬▬ OF THE TLA AND ALA IS
<u>UNENFORCEABLE (D.I. 426)</u>**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND, WHARTON
  &amp; GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
　& GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
　& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

Original filing date: November 7, 2025
Redacted filing date: November 21, 2025

## I. THE ALA AND TLA LICENSE AGREEMENTS[1]

1. Undisputed, as any dispute is not material for purposes of this motion.

2. Disputed in part. Qualcomm's ALA allows Qualcomm to commercialize certain custom CPU cores. D.I. 428 Ex. 2. Otherwise, undisputed for purposes of this motion.

3. Disputed to the extent Arm forecasts future royalties, at least because Arm fails to provide any methodology or data used to arrive at the speculative forecast in D.I. 428 Ex. 5. Additionally, Arm cannot present this (D.I. 428 Ex. 5) in admissible form at trial. Undisputed for purposes of this motion that in "███████████████████████████████████████ ███████████"; that "████████████████████████████████████████████████████ ██████████████████"

4. Disputed as incomplete to the extent Arm characterizes ████████ of the ALA and TLA as the entire "████████████" provisions in those agreements. Disputed to as to Arm's characterization of ALA and TLA ████████. Undisputed that the quoted words appear in the cited Section of the ALA, and that the TLA and ALA contain ████████████ provisions.

5. Undisputed that the quoted words appear in the cited Section of the TLA.

6. Disputed as to Arm's characterization that Mr. Weiser ████████████████████ █████████████████████████████████████████████████████ and as incomplete where Arm characterizes Mr. Weiser's testimony without context. Undisputed that the quoted statements appear in Jonathan Weiser's deposition transcript.

7. Disputed that the quoted language reflects statements by Arm employees that ████████████████████████ Disputed that Qualcomm "did not dispute" that ████████ ██ ████████ For example, Qualcomm referred to the provision as a "█████████████" provision

---

[1] For ease of reference, Plaintiffs have copied Arm's headings, but do not necessarily agree that Arm's headings are accurate.

and a "remedy" with a "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." D.I. 428 Ex. 8 at -37; D.I. 428 Ex. 9 at -97. As another example, D.I. 428 Ex. 11 is not about ▮▮▮▮▮▮▮ language itself, it discusses an Arm employee's ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮." Undisputed that the selected quoted statements reflect partial statements made by Arm employees during negotiation of the TLA in the cited exhibits.

## II. QUALCOMM'S ALLEGED HARM FROM THE ASSERTED ALA BREACH

8. Disputed as to Arm's characterization of OOBs and ACK patches as "support materials". Undisputed that Qualcomm claims Arm breached ALA ▮▮▮▮▮▮▮▮.

9. Disputed as incomplete. OOBs contain additional materials beyond the "list identifying which of the previously delivered ACK tests a licensee may run" and the "failure analysis list of test failures." Ex. 7.

10. Disputed. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ Ex. 8 (Bhattacharya) at 46:4-9; 50:13-25. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 51:1-14.

11. Disputed to the extent Arm limits Qualcomm's harm to "▮▮▮▮▮▮▮▮▮▮▮." Qualcomm was also harmed by "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," and by "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ after Arm failed to cure its breach—and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ had Arm not misrepresented its compliance with the parties' agreement." D.I. 428 Ex. 12 ¶ 180. Moreover, Qualcomm is harmed because "▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." D.I. 428 Ex. 13 at 17-18. Undisputed that Qualcomm has not quantified the harm caused by Arm's breach of the ALA.

2

12. Disputed as to Arm's characterizations of statements made by Jignesh Trivedi. Mr. Trivedi repeatedly testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 429 Ex. 14 at 49:3-7; *see also id.* at 47:9-51:7, 99:3-13, 174:3-5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

13. Disputed as incomplete. Mr. Trivedi testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 429 Ex. 14 at 176:15-24. Disputed to the extent that Arm characterizes Mr. Trivedi as testifying about the time spent resolving test issues by Qualcomm's entire custom-core compliance verification *team*.

14. Disputed as incomplete. Mr. Golden testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 84:25-85:13). Mr. Golden also testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 429 Ex. 20 at 91:10-92:9.

15. Disputed as to Arm's characterizations of statements made by Mr. Trivedi and the extent to which that testimony was within the scope of his capacity as Qualcomm's 30(b)(6) representative. D.I. 429 Ex. 14 at 240:3-20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), 250:15-25.

16. Disputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* D.I. 429 Ex. 14 at 51:24-52:13, 54:16-23, 55:7-13; Ex. 18 at 62:8-20, 70:17-24; D.I. 428 Ex. 6 at 156:22-158:4 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Undisputed for purposes of this

3

motion to the extent "its custom CPU cores" is limited to ██████████████

██████

17. Disputed that Qualcomm's damages expert ████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████ D.I. 429 Ex. 24 at 219:18-220:22. Undisputed for purposes of this motion that Arm accurately quotes its damages expert's estimates.

18. Disputed to the extent Arm forecasts future royalties, at least because it is not possible to accurately predict future royalties, because Arm fails to provide any methodology or data used to arrive at the speculative forecast in D.I. 428 Ex. 5 and because that document cannot be presented in admissible form at trial. Undisputed that Qualcomm is ██████████ ████████████████████████████████████████████████████████████. D.I. 428 Ex. 4 ¶ 35. Undisputed that Qualcomm has paid Arm approximately ████████ ██████████████████████████████████. D.I. 428 Ex. 4 ¶ 38.

### III.  QUALCOMM'S ALLEGED HARM FROM THE ASSERTED TLA BREACHES

19. Disputed in part. Disputed as incomplete given that Qualcomm also contends that Arm breached the TLA by ████████████████████████████████████████. D.I. 429 Ex. 25 at 11, 15-19. Disputed Arm's characterizations of the requirements of ████████ of the TLA for ████████████████████████████████████████████████████ ██████████████. Disputed as incomplete Arm's characterizations of the complaint

20. Disputed to the extent that Arm's characterization of the ████████████ ████████████████ to ████████████████ implies that ████████ does not apply.

21. Disputed to the extent Qualcomm's harms are incomplete. D.I. 428 Ex. 12 ¶¶ 121–22, 220. Disputed to the extent Arm cites testimony regarding the ALA. D.I. 429 Ex. 24 at 213:21-216:14.

4

22. Undisputed for purposes of this motion.

23. Disputed to the extent Arm implies that the SMA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.I. 429 Ex.

28. The operative SMA states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* § ▮▮ Undisputed that Qualcomm pays ▮▮ ▮▮▮▮▮▮▮▮▮▮ for the ▮▮▮▮▮▮ provided under the SMA.

24. Disputed to the extent Arm forecasts future royalties, at least because it is not possible to accurately predict future royalties, because Arm fails to provide any explanation for the data behind or the methodology used to arrive at the speculative forecast in D.I. 428 Ex. 5 and because that document cannot be presented in admissible form at trial. Undisputed that Qualcomm is entitled to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.I. 428 Ex. 12 ¶¶ 219, 225. Undisputed that Qualcomm has paid Arm approximately ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.I. 428 Ex. 4 ¶ 47.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Karen L. Dunn<br>William A. Isaacson<br>Erin J. Morgan<br>Melissa F. Zappala<br>Jenifer N. Hartley<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC  20004<br>(202) 240-2900<br><br>Catherine Nyarady<br>Anish Desai<br>Jacob A. Braly<br>S. Conrad Scott<br>Jacob Apkon<br>Flint A. Patterson<br>PAUL, WEISS, RIFKIND, WHARTON<br>  & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3000<br><br>Adam L. Basner<br>Eric C. Westerhold<br>PAUL, WEISS, RIFKIND, WHARTON<br>  & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>(202) 223-7300<br><br>Gregg Stephenson<br>PAUL, WEISS, RIFKIND, WHARTON<br>  & GARRISON LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA  94105<br>(628) 432-5100<br><br>November 7, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jennifer Ying*<br><br>Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>Ben Yenerall (#7132)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br>byenerall@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 7, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY 10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Erik J. Olson, Esquire  
MORRISON & FOERSTER LLP  
755 Page Mill Road  
Palo Alto, CA 94304  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Daniel P. Muino, Esquire  
MORRISON & FOERSTER LLP  
2100 L Street, NW, Suite 900  
Washington, DC 20037  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Brian M. Kramer, Esquire  
MORRISON & FOERSTER LLP  
12531 High Bluff Drive, Suite 200  
San Diego, CA 92130  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

William Frentzen, Esquire  
Daralyn J. Durie, Esquire  
Shaelyn Dawson, Esquire  
MORRISON & FOERSTER LLP  
425 Market Street  
San Francisco, CA 94105  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Lydia B. Cash, Esquire  
MORRISON & FOERSTER LLP  
300 Colorado Street, Suite 1800  
Austin, TX 78701  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Gregg F. LoCascio, P.C.  
Jason M. Wilcox, P.C.  
Meredith Pohl, Esquire  
Matthew J. McIntee, Esquire  
KIRKLAND & ELLIS LLP  
1301 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

8

Jay Emerick, Esquire                                           VIA ELECTRONIC MAIL
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                     VIA ELECTRONIC MAIL
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


                                                      */s/ Jennifer Ying*
                                                      _____
                                                      Jennifer Ying (#5550)

9