IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>    a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>    a Delaware corporation,<br><br>                    Plaintiffs,<br><br>         v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>    a U.K. corporation,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>)<br>)  REDACTED PUBLIC VERSION<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON QUALCOMM'S CLAIMS FOR BREACH OF ▇▇▇▇▇▇▇▇▇▇ OF THE TLA (COUNTS VII-VIII) (D.I. 431)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

Original filing date: November 7, 2025
Redacted filing date: November 21, 2025

Pursuant to Paragraph 9(b) of the Scheduling Order (D.I. 44), Plaintiffs Qualcomm Inc., and Qualcomm Technologies, Inc. hereby respond to the Concise Statement of Facts submitted by Defendant in support of its motion for summary judgment (D.I. 431).[1]

## I. THE QUALCOMM TLA

1. Undisputed for purposes of this motion.

2. Disputed in part. ███████████████████████████████. D.I. 435, Ex. 2. Undisputed for purposes of this motion that the ███ granted Qualcomm a ███ license to ███████████████.

3. Disputed as to Arm's incomplete characterization of the language of the TLA. Undisputed that the quoted words appear in the cited Section of the TLA.

4. Disputed as to Arm's incomplete characterization of the language of the TLA. Undisputed that the quoted words appear in the cited Section of the TLA.

## II. Qualcomm's Breach Allegations

5. Disputed as incomplete in that Qualcomm also contends that Arm breached the TLA by ██████████████████████████████. Ex. 62 at 7-19. Disputed to the extent that Arm's characterization of the offer as one to "████ Qualcomm's ████ to ████████████████ is intended to imply that ████████ does not apply.

6. Disputed to the extent that characterizing the offer as one to "████ Qualcomm's ████ to ████████████ is intended to imply that ████████ does not apply. Undisputed that Qualcomm alleges that Arm breached ████████.

---

[1] For ease of reference, Plaintiffs have copied Arm's headings, but do not necessarily agree that Arm's headings are accurate.

**III.** 

    7.    Disputed to the extent Arm's characterization of the ▇▇▇ ▇▇ ▇▇▇ that resulted in ▇▇▇ as ▇▇▇ is intended to suggest that there were no other "▇▇▇" to ▇▇ those ▇▇▇. Undisputed for purposes of this motion as to Arm's ▇▇▇ for ▇▇▇.

    8.    Undisputed for purposes of this motion.

    9.    Disputed to the extent that characterizing the request as one to "▇▇ Qualcomm's ▇▇" is intended to imply that ▇▇▇ does not apply. Undisputed that Qualcomm ▇▇▇ ▇▇▇ ▇▇▇ ▇▇ ▇▇ ▇▇.

    10.    Disputed to the extent that characterizing the request as one to "▇▇ Qualcomm's ▇▇" implies that ▇▇▇ does not apply.

    11.    Disputed to the extent that characterizing the quote as one to "▇▇ Qualcomm's ▇▇" implies that ▇▇▇ does not apply. Undisputed that Arm provided a ▇▇▇.

    12.    Undisputed that Arm made the quoted statement in a letter to Qualcomm. Disputed as to Arm's characterization of Qualcomm's ▇▇▇ ▇▇▇ as "▇▇▇." D.I. 435 Ex. 1 ▇▇.

    13.    Disputed that ▇▇▇ are not an "▇▇" version of an ▇▇▇. ▇▇▇. D.I. 435, Ex. 2 at §§ ▇▇▇. ▇▇▇. *Id.* ▇▇. Undisputed that ▇▇▇ ▇▇▇ were commercially released in 2022, 2022, and 2020, respectively and that Qualcomm ▇▇▇.

2

IV.   IV. 

14.   Undisputed for purposes of this motion.

15.   Disputed to the extent Arm implies that the SMA . D.I. 435, Ex. 13.

16.   Undisputed for purposes of this motion.

17.   Undisputed for purposes of this motion.

18.   Disputed as to Arm characterization of Mr. Fonseca's testimony as to his involvement in ▇. Ex. 63 at 20:19-21:11, 27:5-28:18.  Disputed as to Arm's characterization of the cited testimony as to ▇. *Id.* at 70:19-71:5 (Fonseca).  Qualcomm lacks knowledge of Mr. Fonseca's title, but any such dispute is immaterial. Undisputed that the quotes Arm attributed to Mr. Fonseca appear in his deposition transcript.

19.   Undisputed for purposes of this motion.

20.   Disputed to the extent Arm implies that Kurt Wolf agreed that ▇. Mr. Wolf testified  D.I. 435 Ex. 16 at 151:25-152:14.  He also testified ▇. *Id.* at 152:9-11, 154:17-19, 164:18-21, 166:17-167:2.  He testified ▇ *Id.* at 154:21-155:12.

3

21. Disputed to the extent Arm implies that Mr. Wolf's failure to seek clarification was because he understood ▐▐▐▐▐▐▐▐▐▐. Mr. Wolf specifically testified ▐▐ ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐ ▐▐▐▐▐▐. *Id.* at 155:8-23.

22. Disputed. Arm mischaracterizes the testimony. The quoted testimony refers to a conversation between Mr. Wolf and Mr. Fonseca ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐. D.I. 435, Ex. 16 at 170:14-176:15; D.I. 435 Ex. 17 at -856; Ex. 61. This conversation occurred after Qualcomm moved to amend its complaint to allege that ▐▐▐▐▐▐▐▐ ▐▐▐▐▐▐ because it ▐▐▐▐▐▐▐▐▐▐▐▐▐. D.I. 90.

23. Disputed. Arm mischaracterizes the document. The cited email refers to a conversation between Mr. Wolf and Mr. Fonseca ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐. D.I. 435 Ex. 16 at 170:14-176:14; D.I. 435 Ex. 17 at -856; Ex. 61. This conversation occurred after Qualcomm moved to amend its complaint to allege that ▐▐▐▐▐▐▐▐ ▐▐▐▐▐▐ because it ▐▐▐▐▐▐▐▐▐▐▐▐▐. D.I. 90.

V. **Peripheral IP**

24. Undisputed for purposes of this motion.

25. Disputed to the extent that Arm implies that Qualcomm's claim is based simply on Qualcomm's disagreement with ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐ ▐▐. D.I. 436 Ex. 19 ¶¶ 98-110.

26. Disputed to the extent that Arm's characterization of ▐▐▐▐▐▐▐▐ ▐▐▐▐▐▐▐ has any legal effect on Arm's obligations.

4

27. Disputed to the extent that Arm implies that Qualcomm ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ Qualcomm ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 60. Arm responded by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 65; Ex. 64. Undisputed that Qualcomm ▮▮▮▮▮▮▮▮▮▮.

28. Disputed to the extent that Arm implies that Qualcomm seeks damages apart from the agreed-upon remedy in ▮▮▮▮ of the TLA, for its claims for beach of ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮. D.I. 435 Ex. 1 § ▮. Undisputed that Qualcomm seeks money damages for Arm's tortious interference with Qualcomm's prospective economic relationships.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jennifer Ying* |
| OF COUNSEL: | Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>Ben Yenerall (#7132)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br>byenerall@morrisnichols.com |
| Karen L. Dunn<br>William A. Isaacson<br>Erin J. Morgan<br>Melissa F. Zappala<br>Jenifer N. Hartley<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC 20004<br>(202) 240-2900 |  |
|  | *Attorneys for Plaintiffs* |
| Catherine Nyarady<br>Anish Desai<br>Jacob A. Braly<br>S. Conrad Scott<br>Jacob Apkon<br>Flint A. Patterson<br>PAUL, WEISS, RIFKIND, WHARTON<br>  & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>(212) 373-3000 |  |

5

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
　& GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
　& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

November 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 7, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Erik J. Olson, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire  VIA ELECTRONIC MAIL
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.  VIA ELECTRONIC MAIL
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

8

Jay Emerick, Esquire     *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire     *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


        */s/ Jennifer Ying*
        ―――――――――――――――――
        Jennifer Ying (#5550)