IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
   a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
   a Delaware corporation,

            Plaintiffs,

      v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
   a U.K. corporation,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 24-490 (MN)

REDACTED PUBLIC VERSION

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
## MOTION FOR PARTIAL SUMMARY JUDGMENT

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
(628) 432-5100

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Original filing date: November 14, 2025
Redacted filing date: November 21, 2025

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.    ARGUMENT ........................................................................................... 1

    A.    Collateral Estoppel Bars Arm's Defenses Based On Issues Already Resolved. .... 1

    B.    Undisputed Material Facts Prove Arm Breached TLA ██████████
        ██ ................................................................................................ 5

        i.    Qualcomm Is Entitled To Summary Judgment On Arm's ████████
            Breach. .................................................................................. 5

        1.    Arm Has Not Raised Any Genuine Dispute Of Material Fact As To
            Whether It Breached ███████ ........................................... 5

        2.    Arm Cannot Retroactively Create A Genuine Dispute Of Material
            Fact Or Avoid Judgment On Its Existing Record. ...................... 7

        3.    Arm's Arguments That It Did Not Have To Comply With ██████
            ██ Fail. ................................................................................. 11

        ii.    Qualcomm Is Entitled To Summary Judgment On Arm's ████
            ██ Breach. ............................................................................ 12

        iii.    Arm's Breaches of TLA ██████ Have Harmed Qualcomm. ............. 13

    C.    Qualcomm Is Entitled To Summary Judgment On Arm's Unclean Hands
        Defense. ............................................................................................... 14

III.    CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Allscripts Healthcare, LLC* v. *Andor Health, LLC,*
    2022 WL 3021560 (D. Del. July 29, 2022) ...............................................................3

*Am. Gen. Life Ins. Co.* v. *Wilmington Tr., Nat'l Ass'n,*
    2025 WL 2174672 (D. Del. July 31, 2025) .............................................................12

*Applied Equip. Corp.* v. *Litton Saudi Arabia Ltd.,*
    7 Cal. 4th 503 (Cal. 1994) .......................................................................................3

*Atl. Deli & Grocery* v. *United States,*
    2011 WL 2038758 (D.N.J. May 23, 2011) ......................................................10, 11

*Brown* v. *Grimes,*
    120 Cal. Rptr. 3d 893 (Ct. App. 2011) ...............................................................14, 15

*Daubert* v. *NRA Grp.,*
    861 F.3d 382 (3d Cir. 2017)......................................................................................9

*Dollar Sys., Inc.* v. *Avcar Leasing Sys., Inc.,*
    890 F.2d 165 (9th Cir. 1989) ..................................................................................15

*Facebook, Inc.* v. *Gajjar,*
    2022 WL 2239834 (N.D. Cal. June 17, 2022) ..........................................................3

*Jade Fashion & Co.* v. *Harkham Indus., Inc.,*
    177 Cal. Rptr. 3d 184 (Ct. App. 2014) ...................................................................15

*Jiminez* v. *All Am. Rathskeller, Inc.,*
    503 F.3d 247 (3d Cir. 2007)..................................................................................2, 9

*Jutrowski* v. *Twp. of Riverdale,*
    904 F.3d 280 (3d Cir. 2018)............................................................................5, 6, 15

*L.A. Branch NAACP* v. *L.A. Unified Sch. Dist.,*
    750 F.2d 731 (9th Cir. 1984) ....................................................................................3

*Moore* v. *Wells Fargo Bank, N.A.,*
    251 Cal. Rptr. 3d 779 (Ct. App. 2019) ...................................................................12

*Neoplan USA Corp.* v. *Taylor,*
    604 F. Supp. 1540 (D. Del. 1985)............................................................................2

*Patagonia, Inc.* v. *Anheuser Busch, LLC,*
    2020 WL 12048988 (C.D. Cal. July 21, 2020)......................................................14

*Pittman* v. *Ripley Cnty. Mem'l Hosp.*,
   2009 WL 1738491 (E.D. Mo. June 18, 2009) ..................................................................2

*S. Africa Enter. Dev. Fund.* v. *Ironshore Specialty Ins. Co*.,
   2024 WL 4145024 (D. Del. Sept. 11, 2024)...................................................................12

*Salas* v. *Sierra Chem. Co.*,
   327 P.3d 797 (Cal. 2014) ...............................................................................................15

*Sepulveda* v. *Wal-Mart Stores, Inc*.,
   2012 WL 13164145 (C.D. Cal. Nov. 27, 2012)...............................................................12

*Smith* v. *Depuy Orthopaedics, Inc.*,
   552 F. App'x 192 (3d Cir. 2014) ....................................................................................10

*Storek & Storek, Inc.* v. *Citicorp Real Est., Inc.*,
   122 Cal. Rptr. 2d 267 (Ct. App. 2002) ...........................................................................12

*Thomas* v. *E. Penn Mfg. Co.*,
   2020 WL 4340440 (M.D.N.C. July 28, 2020) ..................................................................3

*Travelers Prop. Cas. Co. of Am.* v. *TSC Acquisition Corp.*,
   2020 WL 6193308 (C.D. Cal. May 19, 2020) .................................................................12

*Wedow* v. *City of Kansas City, Mo.*,
   442 F.3d 661 (8th Cir. 2006) ............................................................................................2

## Rules

Fed. R. Evid. 602 ......................................................................................................................8

Fed. R. Evid. 802 ......................................................................................................................8

Fed R. Civ. P. 56(c)(4)..............................................................................................................8

Fed R. Civ. P. 56(d) ..................................................................................................5, 7, 10, 15

## Other Authorities

CACI No. 325 ..........................................................................................................................12

## I.     PRELIMINARY STATEMENT

In the face of a final judgment precluding its arguments and dispositive, undisputed facts establishing its breach of the Qualcomm TLA, Arm asserts previously-undisclosed defenses; attempts to introduce new, contradictory "facts" through a declaration made without personal knowledge; and asks the Court to delay decision on Qualcomm's motion because Arm is supposedly unable to present facts *about its own conduct* that would prevent summary judgment. These machinations are unavailing, and summary judgment should be granted.

## II.     ARGUMENT

### A.     Collateral Estoppel Bars Arm's Defenses Based On Issues Already Resolved.

Arm argues that it withheld Arm technology from Qualcomm because it had "no obligations under the Qualcomm ALA" with respect to "the Phoenix core or other designs developed under the Nuvia ALA based on the technology delivered and licenses granted" under the Nuvia ALA and its verification obligations do not apply to "unlicensed technology . . . under the now-terminated Nuvia ALA." D.I. 234 at 39-40; *id.* at, *e.g.*, 1-2, ¶¶ 12-13, 93-97, 175-77; D.I. 457 Ex. 4 at 11-13.[1]  After final judgment in the Arm Action, Arm concedes it cannot re-try that Qualcomm's custom cores are "licensed under the Qualcomm ALA" and that "Nuvia did not breach the Nuvia ALA" (D.I. 453 at 7), but introduces a new defense to Qualcomm's UCL and implied covenant claims:  that "it had a reasonable and good-faith belief" to justify its conduct (*id.* at 1).[2]  Arm thus attempts to reintroduce the same factual issues litigated and decided in the Arm Action, including whether cores for which Arm withheld deliverables were "Nuvia-based and had significant overlap with Nuvia's core designs" (they were not).  *Id.* at 8-9; D.I. 445 Ex. 40 at 5-9.

---

[1]  For quoted material, unless stated otherwise, brackets, ellipses, footnote call numbers, internal quotations, and citations are omitted for readability.  Emphasis is added unless otherwise indicated.
[2]  Arm did not previously disclose this argument in its answer or interrogatory responses (*see* D.I. 234; D.I. 457 Ex. 4 at 11-13); if it had, Qualcomm would have pursued discovery on that issue.

This late-breaking disclosure is improper and prejudicial to Qualcomm. If Arm intended to raise this defense, Arm should have timely informed Qualcomm and permitted discovery into factual support for it. Instead, the limited discovery that Qualcomm pursued regarding the reason for Arm's decision to withhold deliverables was shut down by Arm's lawyers.[3] Ex. 1; Ex. 2; Ex. 3 (Bhattacharya) at 85:13-86:24 (instructing witness not to answer whether she understood "the reasoning behind not providing an OOB package" or "ACK package[s] to Qualcomm"), 151:24-153:1 (instructing witness not to answer when asked why Arm would have provided an OOB or ACK patches to a "non-Nuvia based design"); Ex. 4 (Agrawal) at 80:18-82:24. Arm cannot use privilege as a sword and a shield, and it should not be permitted to proceed on this theory.

Putting the delinquency of Arm's theory aside, Arm's argument still fails. Arm interprets collateral estoppel narrowly, to include only the specific questions on the verdict form in the Arm Action. D.I. 453 at 6-7. Collateral estoppel bars re-litigation of facts "actually raised and fully litigated in the prior action" that were "necessary to the outcome of a valid prior judgment." *Neoplan USA Corp.* v. *Taylor*, 604 F. Supp. 1540, 1546 (D. Del. 1985). Every fact Arm seeks to introduce—besides that "Arm promptly resumed support" following the verdict—has been "raised and fully litigated" and should be barred. D.I. 453 at 8-9. This includes evidence that: Qualcomm's custom CPUs were "unlicensed" or "were Nuvia-based and had significant overlap with Nuvia's core designs," and that Arm continued supporting "non-Nuvia based cores," (D.I. 453 at 8), given that Arm argued at trial that it viewed ***all*** of Qualcomm's custom CPUs as "Nuvia-based."[4] D.I. 445 Ex. 41; Ex. 5 (Trial Tr.) at 120:17-25; Ex. 6 (Trial Tr.) at 412:9-20.

---

[3] Arm cites as evidence of "good faith" a comparison of Nuvia and Qualcomm Confidential Information, ███████████████████. D.I. 453 at 8; D.I. 457 Ex. 1, Ex. 2 at -389-390; Ex. 14 at 5-6; Ex. 15 at 7-9.

[4] Arm relies on inapposite out-of-circuit cases to argue these issues were merely "relate[d] to" the Arm Action. D.I. 453 at 7; *Wedow* v. *City of Kansas City, Mo.*, 442 F.3d 661, 670 (8th Cir. 2006) (facts "not litigated" at prior trial and related to a different damages period); *Pittman* v. *Ripley*

At a minimum, Arm should not be permitted to offer as evidence of alleged "good faith" testimony from a technical expert, Dr. Michael Brogioli, who has no knowledge concerning Arm's actions or state of mind at the time of the withholding and who was not retained by Arm until May 2025, months after the Arm Action verdict.  Ex. 7.  Brogioli did not review any Nuvia or Qualcomm CPU design documents (including source code), was not involved in the prior litigation, and cannot opine on Arm's state of mind.  *Allscripts Healthcare, LLC* v. *Andor Health, LLC*, 2022 WL 3021560, at *27 (D. Del. July 29, 2022).

In any event, these previously resolved factual issues are not relevant to Arm's defenses to any of Qualcomm's claims.  Only three claims relate to the ALA (Counts II, III, and VI), and the evidence Arm seeks to present is unrelated to the defense it now intends to offer on those claims.

**Breach Of The ALA Or TLA (Counts II, VII, VIII).**  Arm says it will not argue that "Nuvia-based cores" were not "licensed under the Qualcomm ALA" as a defense to Qualcomm's ALA breach claim.  D.I. 453 at 6.  Nor could it, given that "good faith is not a defense to breach of contract."  *Facebook, Inc.* v. *Gajjar*, 2022 WL 2239834, at *6 (N.D. Cal. June 17, 2022); *Applied Equip. Corp.* v. *Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516-17 (Cal. 1994).[5]

**Tortious Interference (Counts IV, V).**  Arm asserts, without support, that its subjective belief that Qualcomm's CPUs were unlicensed is "relevant to the tortious interference claims." D.I. 453 at 9.  But Qualcomm alleges that Arm tortiously interfered with Qualcomm's relationships by intentionally leaking the October 2024 letter—which contained confidential information related to the ALA—to the press, not by sending the letter to Qualcomm.  D.I. 137 ¶¶ 189-203; D.I. 428

---

*Cnty. Mem'l Hosp.*, 2009 WL 1738491, at *5 (E.D. Mo. June 18, 2009) (permitting background evidence from state court case related to separate issue and different time frame); *see also L.A. Branch NAACP* v. *L.A. Unified Sch. Dist.*, 750 F.2d 731, 740-41 (9th Cir. 1984); *Thomas* v. *E. Penn Mfg. Co.*, 2020 WL 4340440, at *5 (M.D.N.C. July 28, 2020).

[5] Arm's "good faith" belief that Qualcomm's custom CPUs were unlicensed *under the ALA* is also obviously irrelevant to the *TLA* breach claims.  D.I. 137 at 34-40.

Ex. 13 at 26-34.  Arm's "good faith" belief regarding the scope of Qualcomm's licensing rights is unrelated to Arm's leak to Bloomberg or the unauthorized disclosure of confidential information contained therein.  Similarly, Qualcomm's claims concerning Arm's communications with Qualcomm's customers regarding Qualcomm's ALA relate to the deceptive nature of the communications (which Arm's CEO conceded were "misleading") (D.I. 137 ¶¶ 135-40), not "Arm's litigating positions."  D.I. 453 at 9.  Arm's subjective beliefs about whether Qualcomm's cores were licensed do not excuse its deliberate misinformation campaign.

**Breach Of The Implied Covenant (Count III).**  Arm argues the same facts are relevant to Arm's defense to Qualcomm's implied covenant claim because Arm "reasonably and in good faith believed those cores were unlicensed and Arm was not, therefore, contractually obligated to provide any such support at that time."  D.I. 453 at 8.  But only one of Qualcomm's implied covenant claims relates to its custom CPUs.  Arm's new defense is not relevant to Qualcomm's claim that Arm breached the TLA's implied covenant by ████████████████████████████ ████████████████████████.  Nor is it relevant to Arm's ████████████████████████████ ████████████████████████, a separate and distinct harm under the implied covenant, at least because Arm's ████████████████████████, even before the Nuvia acquisition in March 2021.  D.I. 470-1 Ex. 98 at -567-68; D.I. 137 ¶¶ 59, 128-34.  And with respect to Arm's failure to provide "assistance in configuring the ETE Checker" (D.I. 428 Ex. 13 at 47), Arm does not need to present previously litigated facts to explain its alleged "good faith," which Arm can attempt to prove through Arm fact witness testimony about Arm's contemporaneous intent and belief.

**California Unfair Competition Law (Count VI).**  Any "good faith" in withholding technology is also irrelevant to Arm's unfair competition as it relates to the TLA, refusal to negotiate an extension to the ALA, or interference with Qualcomm's business relationships.  D.I.

137 ¶¶ 206-10.  If Arm's intent is determined to be relevant to other parts of the UCL claim, the underlying factual issues Arm seeks to introduce have already been resolved.  To the extent Arm is allowed to introduce any evidence on this point, that evidence should be limited to state of mind testimony from Arm fact witnesses at the time the anticompetitive actions were taken.

**B.  Undisputed Material Facts Prove Arm Breached TLA** 

Arm's opposition ignores undisputed facts, fails to introduce material new facts, and rehashes legal arguments Qualcomm has refuted.  *First*, Arm fails to identify a genuine dispute as to whether it breached its obligation to conduct a ███████████████████████████ ████.  Arm's efforts to manufacture a dispute—by asserting that its breach was excused by "good faith;" submitting an improper declaration from an in-house lawyer, Ehab Youssef; and arguing that summary judgment should be delayed under Rule 56(d)—are not credible.  *Second*, Arm is incorrect that its ███████████████ did not breach ███████████████████████ ██████████████████████████████████████████████████████████████ █████████████████████████████████.  *Finally*, Arm's argument that Qualcomm is not harmed because ████████ of the TLA is unenforceable fails:  the remedy is enforceable and Qualcomm is harmed, among other reasons, by Arm's ██████████████ it is not due.

  ***i. Qualcomm Is Entitled To Summary Judgment On Arm's ████████ Breach.***

   ***1. Arm Has Not Raised Any Genuine Dispute Of Material Fact As To Whether It Breached ████████.***

There is no genuine dispute of material fact that Arm breached ███████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████.  While Arm denies breach, it fails to "set forth specific facts showing that there is a genuine issue for trial."  *Jutrowski* v. *Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018).  The "bare assertions, conclusory allegations, or

suspicions" in Arm's papers "will not suffice" to defeat summary judgment. *Id.*

  *First*, Arm does not contest that ███████████████████████████████████
████████████████████████████████████████████████████████████. D.I. 442 at

15; D.I. 458 ¶ 22. Arm claims it ██████████████████████████████████████████

████████████"[6] (D.I. 458 ¶ 22), but the cited evidence does not support that statement: it

describes what Arm ██████████████████████████████████████████████████████

██████ (D.I. 459 Ex. 26 (Shivashankar) at 85-86, 95-96); acknowledges that a witness responsible

for ███████████████████████████████████████████ (*id.* at 89-90); or states

only that Arm ████████████████████ (D.I. 459 Ex. 27 (Youssef) at 71, Ex. 26 at 95-96). If

Arm had ████████████████████████████████████(D.I. 445 Ex. 48 (Abbey) at

114:2-115:8, 120:2-10), Mr. Youssef would have said so in his declaration (D.I. 455 ¶ 7).

  *Second*, Arm does not contest that the plain language of ███████████████

██████████████████████████████████ D.I. 442 at 15-18; D.I. 453 at

3. But the only witnesses with *personal* knowledge of the facts testified that ███████████

██████. Akshay Bhatnagar and Karthik Shivashankar, who performed and oversaw the █████

████████████ (D.I. 444 Ex. 27 (Youssef) at 62:9-63:2), testified that they ███████

██████████████ (D.I. 444 Ex. 29 (Bhatnagar) at 42:24-43:25) and instead ██████

███████████████████████████████████████████████████████████████

██████ (D.I. 444 Ex. 28 (Shivashankar) at 67:12-20, 85:20-86:6, 87:25-88:7). Arm is wrong

that "a reasonable juror could conclude" that this testimony *really* meant that Arm ███████

---

[6] In addition, Arm's statement that it considered agreements ███████████████████████
██████████████" (D.I. 458 ¶ 22) concedes breach of its obligation to ██████████████
██████████████████████ D.I. 444 Ex. 2 ████; D.I. 453 at 3. Qualcomm undisputedly
█████████████████████████████████████████ D.I. 453 at 4.



██████████████████████████, not the ████ (D.I. 453 at 15). Arm's declaration from Mr. Youssef cannot rewrite this testimony. His statement that "████████████████ ████████████████████████████████████████████████ (D.I. 455 ¶ 7) still fails to illuminate what ████████████████ and cannot create a genuine dispute of material fact because he has no personal knowledge of ██████████████ *See infra* pp. 8-9.

*Finally*, Arm does not contest that its "████████████"—████████—has ██████ ██████████████. D.I. 443 ¶ 24; D.I. 458 ¶ 24. Though no Arm fact witnesses have testified, and Arm has not stated in interrogatory responses, that Arm considered ████████████████████████████████████████ (*e.g.*, D.I. 444 Ex. 28 (Shivashankar) at 97:12-22, Ex. 38 at 60-61), Arm now claims the ████████ ████████████ of ██████████, and that Arm ████████████ ████████████████.[7] But the ██████████████ ████ really provided a ████████████████████████, ████████████████████████████ ████████████ (D.I. 413 Ex. 14 Fig. 5; D.I. 444 Ex. 33 at -990; D.I. 445 Ex. 51 at -383, Ex. 52 at -457),[8] and which would only be ████████████████████████████████████ (D.I. 444 Ex. 24). Arm knows (and has never presented facts to dispute) that Qualcomm does not use ████ ████████████, and thus would not get ██████████. D.I. 413 Ex. 14 ¶ 115; *e.g.*, Ex. 8.

### 2. Arm Cannot Retroactively Create A Genuine Dispute Of Material Fact Or Avoid Judgment On Its Existing Record.

Hamstrung by the existing record, Arm purports to present new facts in a declaration from Ehab Youssef, and simultaneously asks the Court to delay judgment under Rule 56(d) because

---

[7] Arm claims ████████ is the ██████████ because ████████ could, in certain circumstances, ████████████████ ████ ████████████████. D.I. 455 ¶¶ 9-11. But Arm does not dispute that ████████████████ also ████████████████████████████. D.I. 453 at 15-16; D.I. 442 at 20-21.

[8] Arm charges ████████████████████████████████████████████████ ████████ D.I. 413 Ex. 14 Fig. 5. These licensees may also ████████████████████████████ ████████████

Arm, the party who supposedly conducted the ████████████ ████ has not marshalled sufficient facts to avoid summary judgment. Putting aside that neither of these last-ditch efforts solves Arm's problem with the record (*see supra* § II.B.i.1), both arguments should be rejected.

**_The Youssef Declaration Should Be Disregarded._** Under Rule 56(c)(4), a declaration used to "oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Testimony is not admissible if it is not based on personal knowledge (Fed. R. Evid. 602) or if it offers out of court statements to prove the truth (Fed. R. Evid. 802).

The Youssef declaration is improper under this standard. In his declaration, Mr. Youssef purports to describe the ████████████ ██████████████. D.I. 455. But while Mr. Youssef claims to have knowledge of ██████ (D.I. 455 ¶ 4), he has testified that he ████████████ ██████ (Ex. 9 (Youssef) at 74:17-75:25) and does not have personal knowledge of it. *E.g.*, Ex. 9 (Youssef) at 13:7-16:12 (describing ████████████████████ as told to him in preparation for a 30(b)(6) deposition); 55:16-56:4 (could not recall any non-privileged documents showing ██████;[9] 63:11-23 (same); 62:9-63:10 ████████████ was performed by ████████████████); 73:5-14 (████████████); 74:7-75:25 (did not know how long ██████ took because he did not ████ ████████████████████████████████████).[10]

As a result, at his deposition, Mr. Youssef was only able to testify about ██████ to the extent

---

[9] Arm repeatedly refused to let Mr. Youssef answer whether he was aware of the existence of any privileged documents concerning ████████████████r. Ex. 9 (Youssef) at 56:18-58:14, 76:9-78:16. It is thus unclear whether Mr. Youssef was unaware of the ████ at his deposition or if Arm withheld his testimony on it based on privilege.
[10] Mr. Youssef's declaration also does not contain information that Arm contends he could have provided at his deposition (i.e., ████████████████). D.I. 453 at 14; D.I. 455.

the information sought ***was told to him*** by Mr. Shivashankar and Mr. Bhatnagar. *Id*. Thus, the statements in his declaration on that topic are not admissible, including at least: that



D.I. 455 ¶¶ 7, 13.

Mr. Youssef's declaration is also subject to exclusion under the "sham affidavit" doctrine because a made-for-summary-judgment affidavit that contradicts prior deposition testimony without explanation is less reliable than the testimony it contradicts. *Jiminez* v. *All Am. Rathskeller, Inc.*, 503 F.3d 247, 253-54 (3d Cir. 2007); *Daubert* v. *NRA Grp.*, 861 F.3d 382, 392 (3d Cir. 2017). Mr. Youssef's declaration includes many such contradictions. *See supra* § II.B.i.1 (Youssef claims "███████████████████████████████████████████████████████ ████████████" while Bhatnagar and Shivashankar testified ███████████████ █████████████████); *compare* D.I. 455 ¶ 13 (Youssef claims that Arm's ████████ ████████ ███ ████████████ ██████ ███ ████ ████████████ ██████████████████████████████████████") *with* Ex. 10 (Bhatnagar) at 44:17-47:23 (Bhatnagar describes his ███████████████████ ████████████████ ████████████ *compare* D.I. 455 ¶ 12 (Youssef: ████████ ████████ ████████ ████████████████████ ██████ ██████ ████████████ █████") *with* D.I. 444 Ex. 28 (Shivashankar) at 97:12-22 (Shivashankar testifying ███████████

████████████ ).  Arm provides no explanation for these contradictions or reason why Mr. Youssef's declaration should be credited over testimony from witnesses with personal knowledge.

***Federal Rule Of Civil Procedure 56(d) Does Not Apply.***  Arm argues summary judgment is premature under Rule 56(d) because Arm "cannot present facts essential to justify its opposition" due to pending third-party motions.  D.I. 453 at 16-20.  But Rule 56(d) only applies "when facts are unavailable to the nonmovant."  A party seeking to delay a decision under the Rule must specify the particular information sought, how it would preclude summary judgment, and why it has not been obtained.  *Smith* v. *Depuy Orthopaedics, Inc.*, 552 F. App'x 192, 195 (3d Cir. 2014).

Here, Arm "would be capable of producing evidence (should it exist) that could defeat summary judgment, even without discovery" because Arm could "produc[e] affidavits of the employees" who purportedly performed the analysis.  *Atl. Deli & Grocery* v. *United States*, 2011 WL 2038758, at *4 (D.N.J. May 23, 2011).  Arm employees can describe ████████████

████████████████████████████████████████████████

████████ ████████████████ ).[11]  Arm's witnesses did not testify to this information, and Arm chose not to submit affidavits containing it.  The outstanding discovery—which is relevant to whether Arm's ████████████ ████████████████████ , an issue on which Qualcomm has not moved (D.I. 442 at 13 n.8; D.I. 453 at 11, 19-20)—has nothing to do with whether Arm ████████████████████████████ ████████████ .

Arm has itself to blame for the fact that this third-party discovery has not already been produced.[12]  Arm did not provide notice to *any* licensees that their agreements would be produced in this litigation until months after discovery was requested; for many licensees, Arm did not provide notice *until after the close of fact discovery*.  Nyarady Decl. ¶¶ 3-10.  Arm's delinquency

---

[11] Arm's licensees' names are not protected information.  D.I. 322; D.I. 329; D.I. 386; D.I. 390.
[12] The only third-party protective order motion Arm opposed was ████████ , in part.  D.I. 343.

has prejudicially impaired Qualcomm's ability to complete discovery. *Id.* ¶¶ 5-8, 11-12. And while Arm now argues that it wants to produce the ███████ purportedly containing its ███████ ███████ analysis (D.I. 453 at 18), Arm refuses to produce an interim redacted copy (*id.* at 19) or even confirm that it will actually produce the ███████ after pending third-party disputes are resolved.[13] D.I. 445 Ex. 59 at 12:13-16:11; Nyarady Decl. ¶¶ 13-14.

### 3. Arm's Arguments That It Did Not Have To Comply With ███████ Fail.

Arm additionally attempts to excuse its undisputed failure to conduct the ███████ ███ ███████████████ by arguing that it was not obligated to do it—either because Qualcomm's requests were not "███████" or because Qualcomm purportedly has not proven Arm acted "in bad faith." D.I. 453 at 10-11. Both arguments fail.

*First*, contrary to Arm's assertion, Qualcomm argued with supporting evidence in its opening that it made ███████ under ███████ ███████ ███████ ███ ███████████, respectively. D.I. 442 at 14; *id.* at 6 (citing D.I. 444 Exs. 17, 19 at -199, 20 at -462). Arm disagrees that Qualcomm made "███████." D.I. 453 at 10. But as Qualcomm explained in opposing Arm's motion, the plain language of the TLA and the parties' negotiations and course of dealing show Arm's interpretation is improper. D.I. 464 at 14-18.

*Second*, as to Arm's "good faith" argument, Arm has never before disclosed a "good faith safe harbor" as a claimed defense to Qualcomm's ███████ breach claim (D.I. 444 Ex. 38, Ex. 39; D.I. 457 Ex. 4). While ███████ states that Arm will "in good faith" carry out its ███████ ███████ the issue here is not whether the ███████ ███ was done in good faith, but that it was not done at all as Arm did not ███████████████

---

[13] Arm claims the protective order does not allow even agreed-upon redactions. D.I. 453 at 18-19. Thus, if the Special Master denied ███████ motion, for example, but granted ███████ (which Arm has not opposed), Arm may refuse to produce the ███████ absent a separate Court order.

████████████████████████████████████████████████████

The case law Arm cites—which almost exclusively concerns breach of the implied covenant of good faith and fair dealing—is inapposite. *Storek & Storek, Inc.* v. *Citicorp Real Est., Inc.*, 122 Cal. Rptr. 2d 267, 279 (Ct. App. 2002); *S. Africa Enter. Dev. Fund.* v. *Ironshore Specialty Ins. Co.*, 2024 WL 4145024, at *5 (D. Del. Sept. 11, 2024); *Travelers Prop. Cas. Co. of Am.* v. *TSC Acquisition Corp.*, 2020 WL 6193308, at *10 (C.D. Cal. May 19, 2020).[14]  Qualcomm claims breach of the language of ███████ here, not breach of the implied covenant for which Qualcomm would have to prove lack of good faith.[15]  CACI No. 325.

*Finally*, Arm asserts that Qualcomm cannot respond to its arguments on reply because Qualcomm did not do so preemptively in its opening brief.  D.I. 453 at 11.  This is wrong:  a reply brief permissibly contains content "directly responsive to arguments made in the opposition." *Am. Gen. Life Ins. Co.* v. *Wilmington Tr., Nat'l Ass'n*, 2025 WL 2174672, at *2 (D. Del. July 31, 2025).

### ii.    *Qualcomm Is Entitled To Summary Judgment On Arm's* ███████ *Breach.*

With respect to its breach of ███████, Arm faults Qualcomm for "ignor[ing]" that the "parties have a separate ██████████████████████████████████████ ██████████████████." D.I. 453 at 20.  But, as Qualcomm explained at length in its opposition to Arm's motion, the plain language of ███████ requires that ████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ D.I.

---

[14] In Arm's non-implied covenant case, *Sepulveda* v. *Wal-Mart Stores, Inc.*, Wal-Mart failed to prove it withheld wages in good faith, as required for a statutory safe harbor, because there was a factual dispute as to worker classification.  2012 WL 13164145, at *8 (C.D. Cal. Nov. 27, 2012).
[15] Even if implied covenant case law applied, Qualcomm's opening showed Arm acted in bad faith because it engaged in "objectively unreasonable conduct, regardless of [its] motive." *Moore* v. *Wells Fargo Bank, N.A.*, 251 Cal. Rptr. 3d 779, 788 (Ct. App. 2019).  Arm's disregard for ███████ ███ requirements was not "faithful to [its] duty or obligation" (CACI No. 325).

444 Ex. 2 ███.  Arm admits that ██████████████████████ (D.I. 443 ¶ 10;

D.I. 458 ¶ 10), and that ███████████████████████████████████████

(D.I. 453 at 20).  No cannot mean yes; that should be the end of it. ██████████████

███████████████████████████████  ██████████████████

███████████████████████████████████████████████████

██████████████  ████████████████████████████████████

██████████████████████████████████. D.I. 464 at 18-21.

And, as Qualcomm has explained, ██████████ protections are not limited to ██████████.  *Id.*

Arm misstates the record when it claims "testimony from Qualcomm's witnesses and

contemporaneous emails further confirm Arm's ██████████████████████████████

██████████" D.I. 453 at 21.  Kurt Wolf testified: █████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ D.I. 457 Ex. 15 (Wolf) at

155:8-12.  And the "contemporaneous" email Arm cites is from May 2025—months after ██████████

and after Qualcomm notified Arm it had a claim for breach of ██████████—and concerning an

██████████████████████. D.I. 435 Ex. 17.

### iii.    Arm's Breaches of TLA ██████████ Have Harmed Qualcomm.

Contrary to its position in the Arm Action that breach of contract itself constitutes harm

(Ex. 11 at 6-7), Arm now asserts that Qualcomm has failed to establish harm as "an essential

element of a contract claim."  D.I. 453 at 21.  Arm does not dispute that Qualcomm is harmed by

████████████████████████████████████████ of the TLA; Arm merely asserts

that ██████████ is an unenforceable penalty.  *Id.* at 22.  For the reasons discussed in opposition to

Arm's motion, that is not true.  D.I. 464 at 4-14.  Nor are Arm's unsupported statements about

Qualcomm's supposed lack of other harm accurate.  *See* D.I. 453 at 21-22.

### C.  Qualcomm Is Entitled To Summary Judgment On Arm's Unclean Hands Defense.

Arm does not dispute that:  (1) its unclean hands defense, premised on the March 2025 Bloomberg Article, does not relate to any transaction at issue in this case; (2) there is no evidence that Qualcomm provided information to the reporters who wrote the March 2025 Bloomberg Article; (3) Qualcomm's disclosure of the October 22, 2024 letter in its SEC filings is not "unconscionable, in bad faith, or inequitable;" or (4) Arm has not previously described any prejudice tied to Qualcomm's alleged misconduct.[16]  D.I. 453 at 23-25.

**Arm Has Not Shown Prejudice.**  Despite previously failing to identify any prejudice for its unclean hands defense (*see* D.I. 444 Ex. 39), Arm now claims that it is prejudiced by Qualcomm "seek[ing] to hold Arm liable for conduct Qualcomm itself has engaged in," "unfairly den[ying] Arm discovery," and seeking a "windfall" for the TLA breach claims.  D.I. 453 at 25.  But unclean hands only "applies to misconduct occurring before the lawsuit was filed," not alleged "bad faith filing or maintenance of an action."  *Patagonia, Inc.* v. *Anheuser Busch, LLC*, 2020 WL 12048988, at *3 (C.D. Cal. July 21, 2020).  And "the party seeking to invoke the unclean hands doctrine must have been injured by the alleged wrongful conduct."  *Brown* v. *Grimes*, 120 Cal. Rptr. 3d 893, 908 (Ct. App. 2011).  Arm's alleged prejudice relates exclusively to Qualcomm's filing and litigation of this case—unrelated to any separate harm tied to the alleged wrongful conduct.

Arm's argument that Qualcomm "forfeited" any argument regarding an unclean hands defense premised on Qualcomm's requests for ▮▮▮▮▮▮▮▮▮▮ also fails.  Arm did not describe in discovery prejudice regarding ***any*** of its unclean hands defenses.  D.I. 444 Ex. 39.

**October 2024 Letter.**  Qualcomm's disclosure of the October 2024 letter in its November 2024 and February 2025 SEC filings was undisputedly not "unconscionabl[e], in bad faith, or

---

[16]  Arm concedes that it will not pursue an unclean hands defense based on Qualcomm's alleged inducement of Nuvia to breach its ALA.  D.I. 453 at 22 n.6.

inequitabl[e]" conduct. *Salas* v. *Sierra Chem. Co.*, 327 P.3d 797, 812 (Cal. 2014). Arm claims "it is inequitable for Qualcomm to hold Arm liable for purportedly similar conduct," based on Qualcomm allegedly "leaking . . . non-public litigation materials to the same reporter at the same news outlet." D.I. 453 at 24. But that argument is wholly disconnected from Qualcomm's SEC disclosures, as the purported leaking does not concern the October 2024 letter and cannot establish that Qualcomm's SEC disclosures themselves "violated conscience, good faith or other equitable principles." *Dollar Sys., Inc.* v. *Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).

**March 2025 Bloomberg Article.** Arm claims information described in the March 2025 Bloomberg Article is "remarkably similar" to Qualcomm's UCL count. D.I. 453 at 24. But the unclean hands doctrine concerns the relationship between alleged "improper conduct" and specific "transaction[s] or the subject matter of the litigation." *Brown*, 120 Cal. Rptr. 3d at 907. Purported "similarity" of Bloomberg's description of Arm's (well-known) anticompetitive conduct does not demonstrate that Qualcomm provided information to Bloomberg and cannot form the basis for unclean hands. *Jade Fashion & Co.* v. *Harkham Indus., Inc.*, 177 Cal. Rptr. 3d 184, 200-01 (Ct. App. 2014). Arm also ignores testimony that ███████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████ D.I. 445 Ex. 63 at 194:12-23; D.I. 442 at 25; D.I. 444 Ex. 64.[17] Arm cannot maintain its defense solely based on speculation.[18] *Jutrowski*, 904 F.3d at 288.

## III.    CONCLUSION

Qualcomm's motion for partial summary judgment should be granted.

---

[17] Arm misstates testimony from Qualcomm's general counsel regarding other media stories on Arm. D.I. 453 at 24. Ms. Chaplin did not "admit" that Qualcomm may be the source for media stories "disparaging" Arm. Qualcomm's Response to Arm's CSOF ¶ 22.

[18] Arm's argument under Rule 56(d) is also unavailing. D.I. 453 at 25. Arm identifies no specific evidence it seeks that would save its unclean hands defense. *See supra* § II.B.i.2.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

November 14, 2025

Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 14, 2025, upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                    *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                                *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
*Attorneys for Defendant*

Nicholas R. Fung, Esquire                                  *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Sydney D. Gaskins, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
*Attorneys for Defendant*

Kyle W.K. Mooney, Esquire                                  *VIA ELECTRONIC MAIL*
Alexandra Corrinne Hottenrott, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
*Attorneys for Defendant*

Erik J. Olson, Esquire                                      *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire                                   *VIA ELECTRONIC MAIL*
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire                                      *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                     *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                        *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                  *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


                                        */s/ Jennifer Ying*
                                        _____
                                        Jennifer Ying (#5550)