IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>   a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>   a Delaware corporation,<br><br>                Plaintiffs,<br><br>       v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>   a U.K. corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  REDACTED PUBLIC VERSION<br>) |

**PLAINTIFFS' RESPONSE TO ARM'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS OPPOSITION TO QUALCOMM'S MOTION FOR <u>PARTIAL SUMMARY JUDGMENT (D.I. 456)</u>**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
(628) 432-5100

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com
   *Attorneys for Plaintiffs*

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Original filing date: November 14, 2025
Redacted filing date: November 21, 2025

I. **FACTS REGARDING COLLATERAL ESTOPPEL SUMMARY JUDGMENT**

1. Disputed as incomplete because these facts were previously litigated in *Arm* v. *Qualcomm*. Arm's engineer compared Nuvia Confidential Information with Qualcomm Confidential Information ▮. *See* Ex. 15 at 7-9; D.I. 444 Ex. 1. Also, no Phoenix core existed in May 2022; Phoenix is a codename for a family of Qualcomm CPUs, not a core, and Nuvia never completed a core. Ex. 23 (Golden) at 16:21-17:23.

2. Disputed as incomplete because these facts were previously litigated in *Arm* v. *Qualcomm*, and the Arm engineer's comparison was a violation of the Qualcomm ALA. D.I. 444 Ex. 1.

3. Undisputed for purposes of this motion.

II. **FACTS REGARDING TLA BREACH SUMMARY JUDGMENT**

4. Disputed. Mr. Williams was asked in ▮ ▮ D.I. 457 Ex. 6 (Williams) at 49:13-51:10. Qualcomm's Senior Director of CPU Product Management Manju Varma testified that, ▮ ▮ D.I. 444 Ex. 18 (Varma) at 127:11-128:1.

5. Disputed. Arm's selective quotation misconstrues this email from one Qualcomm employee about one product: "▮ ▮ ▮" D.I. 457 Ex. 7 at -056. Qualcomm later determined ▮ ▮ D.I. 444 Ex. 20 at -462, Ex. 21 (Cochron) at 118:5-119:12.

6. Disputed in part to the extent Arm suggests Qualcomm's ▮

1

■■■. Arm omits Qualcomm Senior VP Ziad Asghar's statement in the cited email thread, stating: "■■■" D.I. 457 Ex. 7 at -057. Undisputed that Qualcomm ■■■.

7.   Undisputed for purposes of this motion.

8.   Disputed as to Arm's characterization that Qualcomm acted in bad faith and Arm's omission of its stated belief that ■■■ "satisf[ied] the obligations that Qualcomm alleges Arm currently has under ■■■." D.I. 435 Ex. 8 at -915.

9.   Disputed as to Arm's characterization of ■■■ and to the extent Arm implies ■■■. ■■■. D.I. 435 Ex. 7.

10.  Disputed to the extent that Arm suggests it ■■■. D.I. 442 at 13-21. Undisputed that ■■■ has ■■■ for ■■■.

11.  Undisputed for purposes of this motion.

12.  Disputed as to Arm's suggestion that this "■■■" complies with the TLA and that it ■■■. Mr. Shivashankar repeatedly testified that ■■■ D.I. 457 Ex. 11 (Shivashankar) at 60:15-61:5, 69:7-70:4.

13.  Disputed that Mr. Youssef's statement that ■■■. Undisputed that Mr. Shivashankar and Mr. Youssef testified that ■■■. *See, e.g.*, D.I. 457 Ex. 11

(Shivashankar) at 86:11-15; D.I. 442 at 7.

14. Undisputed for purposes of this motion.

15. Disputed to the extent that Arm suggests that its ▮▮▮▮ or determination of the ▮▮▮▮ complied with ▮▮▮▮ of the TLA, including as to the implication that Arm ▮▮▮▮. Arm's ▮▮▮▮ violates ▮▮▮▮, which requires ▮▮▮▮ D.I. 444 Ex. 2 § ▮▮. Undisputed that the ▮▮▮▮ agreement provides ▮▮▮▮.

16. Disputed. Mr. Youssef did not testify that Arm ▮▮▮▮, but rather stated ▮▮▮▮" ▮▮▮▮ D.I. 457 Ex. 12 (Youssef) at 68:25-71:3. Undisputed that Arm claims it ▮▮▮▮. Arm has not yet produced the ▮▮▮▮ agreement, however, for Qualcomm to test the veracity of Arm's contention.

17. Disputed that Arm explained its ▮▮▮▮. ▮▮▮▮ provides ▮▮▮▮." D.I. 435 Ex. 13 ▮▮. Undisputed that ▮▮▮▮.

18. Disputed as to Arm's omission that "▮▮▮▮" are just ▮▮▮▮. Qualcomm does not use ▮▮▮▮ in combination with ▮▮▮▮, and so would pay a ▮▮▮▮ under Arm's ▮▮▮▮ D.I. 413 Ex. 14 ¶ 115; *e.g.*, Ex. 8.

3

19. Disputed as to Arm's omission that Qualcomm ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 469-1 Ex. 60) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see* D.I. 470-1 Ex. 107).

### III. FACTS REGARDING UNCLEAN HANDS SUMMARY JUDGMENT

20. Disputed to the extent Arm suggests Qualcomm provided confidential filings without approval. Undisputed for this motion that Qualcomm participated in private meetings.

21. Undisputed for purposes of this motion. Josh Sisco, the Bloomberg Article author, contacted a member of Qualcomm's communications team before publishing and said "he had heard a rumor that Qualcomm had complained to regulatory agencies, and he asked her about it. And she said that she had nothing to share with him. He called her again, again telling her he had heard such a rumor, and she said she had nothing for him on that." Ex. 13 (Chaplin) at 23:9-14. Mr. Sisco called again to say that "he was writing a story on that topic" and that "he had confirmed his story other ways." *Id*. at 23:16-18. Qualcomm's General Counsel Ann Chaplin also testified that "this story that was the subject of the topic on which—was not something we had placed but something [Qualcomm's communications team] got called about repeatedly" and that "there were not other conversations" besides hearing Mr. Sisco's overview of his story on background. *Id*. at 24:4-25:4.

22. Disputed. Ms. Chaplin did not "admit" that Qualcomm may be the source for other media stories disparaging Arm and its hiring practices, but rather testified that Qualcomm may speak to reporters regarding pending litigation and, separately, that certain information in an article about Arm seeking to recruit executives from its own licensees "would be consistent with a fact that I know." D.I. 457 Ex. 17 at 185:23-186:1, 201:10-204:3.

23. Undisputed for purposes of this motion.

4

<table>
<tr><td>

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

November 14, 2025

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 14, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Erik J. Olson, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

William Frentzen, Esquire  VIA ELECTRONIC MAIL
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.  VIA ELECTRONIC MAIL
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire  VIA ELECTRONIC MAIL
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire  VIA ELECTRONIC MAIL
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)