IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>) REDACTED PUBLIC VERSION<br>)<br>)<br>) |

**DECLARATION OF CATHERINE NYARADY IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Catherine Nyarady, declare under penalty of perjury that the following is true and correct:

1. I am an attorney at Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel of record for Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm" or "Plaintiffs") in the above-captioned matter. I am a member in good standing of the State Bar of New York and have been admitted *pro hac vice* in this case. I am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this declaration, and each of the facts and statements is true and correct.

2. I submit this declaration in response to Arm's Federal Rule of Civil Procedure 56(d) Declaration of Peter Evangelatos (D.I. 454) to provide facts regarding the parties' discovery process that undermine Arm's claim that it is entitled to invoke that Rule.

**Arm's Delays In Notifying Third-Parties It Needed To Produce Their Agreements**

3. Qualcomm first issued requests for production concerning third-party license

agreements for ▮▮▮▮▮ in January 2025. *See* D.I. 440 Ex. 22 at No. 34.[1] The Protective Order provides that third parties have 21 days from the date Arm provides notice that their documents will be produced to move for a protective order (D.I. 84 ¶ 52). Arm chose not to notify its third-party licensees then that their agreements may be produced, taking the position that it would not respond until Qualcomm amended its complaint. Ex. 12.

4. Qualcomm moved to amend its complaint to add claims for breach of the TLA that directly implicate Arm's third-party licenses for ▮▮▮▮▮ on March 27, 2025. D.I. 90. The Court granted Qualcomm's motion for leave to amend on June 3, 2025. D.I. 134.

5. Arm did not produce any third-party agreements for ▮▮▮▮▮ until June 24, 2025.

6. As of Mr. Youssef's deposition on June 26, 2025, Arm had not produced ▮▮▮▮▮.

7. The first two Arm licensees to move for protective orders—▮▮▮▮▮—did not do so until the last day of fact discovery, July 11, 2025. D.I. 323; D.I. 329. Arm did not notify ▮▮▮▮▮ that Qualcomm was seeking production of its agreements until June 24 and June 25, respectively. D.I. 323 at 6; D.I. 329 at 6.

8. Before ▮▮▮▮▮ moved for a protective order, Arm refused to let Mr. Bhatnagar answer questions at his deposition on the grounds that such a motion could be forthcoming. Ex. 10 (Bhatnagar) at 38:23-40:22, 46:3-47:8.

9. Two more of Arm's licensees—▮▮▮▮▮—did not

---

[1] Exhibit references correspond to my declaration in support of Qualcomm's Reply in Support of its Motion for Partial Summary Judgment.

move for protective orders until September 11, 2025 (D.I. 386; D.I. 390), and did not receive notice until August 21, Ex. 21, Ex. 22, more than a month after the close of fact discovery.

10. The Special Master has informed the parties that she intends to hear all third-party protective order motions on one day. *See* Ex. 16.

**Arm's Reluctance To Pursue Production Of Discovery It Now Says It Needs**

11. Arm has not opposed any third-party motion for a protective order except ▓▓▓▓, which it opposed only in part. D.I. 343. Arm has also refused to produce its agreements with third-party ▓▓▓▓, even though Qualcomm and ▓▓▓▓ have reached agreement on limited redactions to those documents that would obviate the need for motion practice. D.I. 444 Ex. 34 at 2-3. Arm accordingly is not seeking to produce its licenses to ▓▓▓▓



.

12. As the parties approached summary judgment briefing and the ▓▓▓▓



▓▓▓▓ protective order motions remained pending, Qualcomm asked Arm to produce a copy of ▓▓▓▓ with redactions only for the information implicated in the pending motions. Ex. D.I. 440 Ex. 26. Arm refused, claiming that it is not allowed to redact the ▓▓▓▓ and that Qualcomm's request for a redacted copy was "untimely" because it was not made when Qualcomm requested an *unredacted* copy of the ▓▓▓▓ during fact discovery (before ▓▓▓▓ even filed their motions). Ex. D.I. 445 Ex. 60; *see also* Ex. 10 (Bhatnagar) at 44:17-45:24; Ex. 17.

13. Qualcomm has repeatedly reminded Arm that the parties' dispute over the permissibility of redactions for third-party confidential information in this case concerned Arm's desire to impose *unilateral* redactions as it had in the Arm Action—not redactions that the parties agreed to without burdening the Court. *See* Ex. 18; D.I. 444 Ex. 31. The Protective Order does

3

not prohibit the parties from agreeing to production of a version of the ▇▇▇ with redactions over ▇▇▇ information pending the resolution of the protective order motions. It states only that if a third party moves for a protective order, "the *Third Party's confidential information* . . . shall not be produced before a determination by the Court." D.I. 84 ¶ 52 (emphasis added).

14. When the parties met and conferred over Qualcomm's request for a redacted copy of the ▇▇▇ Arm refused to confirm that it would produce a copy of the ▇▇▇ upon the Special Master's resolution of the pending third-party motions: "MR. EMERICK: I don't know [if there will be production], because you guys asked for a protective order that says there shall not be these redactions by a party. And so I don't know -- I don't know what the interplay is going to look like with the Special Master's order and Judge Noreika's protective order on that. That is all I am saying. I just don't know what the outcome of that is going to look like. MS. NYARADY: But you're envisioning a universe in which there is an outcome where you don't produce the ▇▇▇ in any form, it sounds like. MR. EMERICK: I don't know." Ex. D.I. 445 Ex. 59 at 14:6-20.

**Qualcomm's Offering Of Reasonable Discovery On Arm's "Unclean Hands" Theory**

15. On March 25, 2025, Bloomberg published an article titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies." D.I. 457 Ex. 16.

16. On April 1, 2025, Arm served its Third Set of Requests for Production, which included Request 145 for "All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers relating to or concerning the subject matter of the Bloomberg News

4

article on March 25, 2025, titled 'Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies,' regardless of whether those Communications occurred before or after publication of the article." D.I. 454 Ex. 6 at 15-16.

17. Arm's Third Set of Requests for Production also included Request 146 for "All Documents, Communications, and Things concerning Qualcomm's Communications (for attribution, on background, off the record, or otherwise) with press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers soliciting, suggesting, or requesting that those Persons publish an article or otherwise create content relating to or concerning the subject matter in the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies," regardless of whether those Communications occurred before or after publication of the article." *Id*. at 16.

18. Arm's Third Set of Requests for Production also included Requests 128 and 132, which sought "All Documents, Communications, and Things concerning Qualcomm's communications with Third Parties regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in this Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd*. v. *Qualcomm Inc*., No. 22-1146 (MN) (D. Del.), including (1) Qualcomm's rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products, (2) any statement, assertion, or allegation by Arm that Arm is entitled to terminate the Qualcomm ALA, including Arm's notice of breach of the Qualcomm ALA, (3) Qualcomm's notice of breach of the Qualcomm TLA, or (4) allegedly anti-competitive or unfair behavior or actions by Arm, including but not limited to Arm's alleged campaign to harm or threaten to harm competition in the markets for CPUs and SoCs," and "All Documents, Communications, and Things concerning any of Your agreements with or payments to Third

5

Parties, including consultants, press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), or publishers, for services performed regarding licensing or competition between Arm and Qualcomm or the subject matter of the claims at issue in the Litigation, in any regulatory proceeding against or sought against Arm, or in *Arm Ltd.* v. *Qualcomm Inc.*, No. 22-1146 (MN) (D. Del.)." *Id.* at 10-12.

19. On May 1, 2025, Qualcomm served its responses and objections to Arm's Third Set of Requests for Production and objected to Requests 145 and 146 "on the ground that it seeks information that is not relevant to any claim or defense of any party in this case" and stated that it "will not produce documents in response to this Request." D.I. 434 Ex. 7 at 24-25.

20. In response to Arm's Request 128, Qualcomm stated that it would produce "non-privileged documents in their possession, custody, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents regarding communications with third parties concerning the subject matter of the claims at issue in this litigation, including (1) statements by Arm that it is entitled to terminate the QC ALA; (2) Qualcomm's notice to Arm of Arm's breach of the QC TLA, and (3) Arm's anticompetitive or unfair behavior." *Id.* at 13-14.

21. On May 23, 2025, the parties held a meet and confer at which Qualcomm stated that it would "not withhold[] anything because it's press" and "if we're coming across a communication with press, publicists, you know, journalists—like, you've got the list there in 129—we are not withholding that." Ex. 19 at 53:20-54:11. Qualcomm confirmed that "to the extent that documents that would be responsive to 132 are located . . . through the review that we're doing for 128, we're not withholding that." *Id.* at 56:2-11.

6

22. On June 12, 2025, Arm served Qualcomm with a Rule 30(b)(6) notice that included Topic 60: "Your communications, or communications on Your behalf by any of Your affiliates or agents, including in-house or external counsel, or any public-relations affiliates, with Third Parties, including press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), publishers, Arm or Qualcomm customers, or potential Arm or Qualcomm customers regarding the Disputed Subject Matter, including any communications relating to news articles, stories, accounts, reports, or publications about Arm, such as the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies." D.I. 264.

23. On June 23, 2025, Qualcomm served its responses and objections to Arm's Rule 30(b)(6) notice and "agree[d] to produce one or more witness(es) to provide testimony regarding Qualcomm's communications with potential or actual Arm or Qualcomm customers regarding Arm's October 22, 2024 breach notice and the "Bloomberg News article on March 25, 2025, titled 'Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies.'" Ex. 20 at 54-55.

24. On July 11, 2025, Ann Chaplin, Qualcomm's General Counsel, was deposed. She was designated as Qualcomm's Rule 30(b)(6) witness on Topic 60. D.I. 457 Ex. 17 (Chaplin) at 15:4-22.

25. Ms. Chaplin testified that in order to prepare for her testimony on the Bloomberg News Article she spoke with Christie Thoene (*id.* at 17:3-7), a member of Qualcomm's communications department, who told her that the Bloomberg reporter "told [Christie] he had heard a rumor that Qualcomm had complained to regulatory agencies, and he asked her about it. And she said that she had nothing to share with him. He called her again, again telling her he had heard such a rumor, and she said she had nothing for him on that." *Id*. at 23:5-14. Ms. Chaplin

also testified that the Bloomberg reporter called Ms. Theone again to tell her that "he was writing a story on that topic" and that "he had confirmed his story other ways." *Id*. at 23:5-25. Ms. Chaplin also testified that "this story that was the subject of the topic on which—was not something we had placed, but something [Christie] got called about repeatedly" and that "there were not other conversations" besides hearing the Bloomberg reporter's overview of his story on background. *Id*. at 24:1-25:4.

   I declare under the penalty of perjury that the foregoing is true and correct to the best of my present knowledge and belief.

   Executed this 14th day of November, 2025 in New York, New York.

*/s/ Catherine Nyarady*
Catherine Nyarady

Original filing date: November 14, 2025
Redacted filing date: November 21, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 14, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daniel P. Muino, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, DC  20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Brian M. Kramer, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 200<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| William Frentzen, Esquire<br>Daralyn J. Durie, Esquire<br>Shaelyn Dawson, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Lydia B. Cash, Esquire<br>MORRISON & FOERSTER LLP<br>300 Colorado Street, Suite 1800<br>Austin, TX  78701<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Gregg F. LoCascio, P.C.<br>Jason M. Wilcox, P.C.<br>Meredith Pohl, Esquire<br>Matthew J. McIntee, Esquire<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Jay Emerick, Esquire                                              *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                 *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

                                                                                        */s/ Jennifer Ying*
                                                             _____
                                                             Jennifer Ying (#5550)