IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>        Defendant. | REDACTED - PUBLIC VERSION<br>FILED JANUARY 5, 2026<br><br>C.A. No. 24-490-MN<br><br> |

**DEFENDANT ARM HOLDINGS PLC'S NOTICE OF SUBSEQUENT DEVELOPMENTS AND SUPPLEMENTAL AUTHORITY IN SUPPORT OF ARM'S MOTION FOR SUMMARY JUDGMENT (D.I. 414) AND MOTION TO EXCLUDE THE EXPERT OPINIONS AND TESTIMONY OF ERIC A. POSNER (D.I. 409)**

Dated: December 29, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

December 29, 2025

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:     Notice of Subsequent Developments and Supplemental Authority in Support of Arm's Motion for Summary Judgment (D.I. 414) and Motion to Exclude the Expert Opinions and Testimony of Eric A. Posner (D.I. 409)

Dear Judge Noreika:

     Arm respectfully submits the attached briefing and excerpted hearing transcript on Arm's motion to strike the expert reports and testimony of Eric A. Posner as supplemental authority in support of Arm's Motion for Summary Judgment on Qualcomm's Unfair Competition Law ("UCL") Claim, D.I. 414, and Motion to Exclude the Expert Opinions and Testimony of Eric A. Posner, D.I. 409. The briefing and transcript bear directly on (a) whether Qualcomm's UCL claim fails as a matter of law and (b) whether the Court should exclude Posner's expert opinions under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Throughout discovery, Qualcomm represented that it would not pursue a monopoly theory. However, Posner presented an "input foreclosure argument" that, in his own words, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 1 at 51:2–7; *see also id.* at 150:22–152:10; 153:1–154:2 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). When Arm moved to strike Posner's opinions, Qualcomm represented that, consistent with its position during discovery, it would not contend Arm is a monopolist. The Special Master accepted that representation and relied upon it in her oral order denying Arm's motion to strike Posner's opinions. Because that representation and the ensuing order support Arm's arguments in its pending summary judgment and *Daubert* motions, Arm submits this notice of subsequent developments and supplemental authority.

     Arm moved to strike Posner's opinions because they relate to, or depend on, the monopoly theories Qualcomm refused discovery into and affirmatively represented that it was not pursuing. D.I. 475. Qualcomm's responses to interrogatories inquiring into its UCL claim did not disclose a monopoly theory or identify a relevant market in which Arm would be a monopolist. Ex. 2 at Resps. 7–8. In discovery-related correspondence, Qualcomm affirmatively represented that it "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 3 at 4, and is "not asserting a claim for monopolization." Ex. 4 at 1. And in its Second Amended Complaint, Qualcomm omitted all references to Arm having a monopoly, instead claiming that Arm is "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" not "monopoly," over its ISA. D.I. 137 ¶ 207. Posner nevertheless repeatedly opined that Arm is a monopolist in his reports and deposition: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 at 50:6–10; *see also id.* at 50:17-20; Ex. 5 at ¶¶ 11, 58; Ex. 6 at ¶¶ 28, 42, 48.

     In the motion to strike briefing and hearing, Qualcomm reaffirmed that it would not pursue a monopoly theory. In its opposition letter brief, Qualcomm again represented that it "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 7 at 1. And at the hearing, Qualcomm drove the point

home: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Ex. 8 at 19:21–20:4.  A few minutes later, it again told the Special Master that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." *Id.* at 23:8–11.

Special Master Rychlicki denied Arm's motion to strike based on these representations. Indeed, as part of her oral ruling, the Special Master expressly relied on the fact that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." *Id.* at 125:2–5; *see generally id.* at 124:11–125:5; *see also id.* at 126:5–8 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"). In light of Qualcomm's repeated representations—including those relied upon by the Special Master in denying Arm's motion—Qualcomm is judicially estopped from offering testimony that Arm is a monopolist. *Yetter v. Wise Power Sys., Inc.*, 929 F. Supp. 2d 329, 331 (D. Del. 2013) ("[T]o preserve the integrity of the [judicial] system," "[t]he [equitable] doctrine of judicial estoppel bars a party that has previously asserted a legal position from asserting an inconsistent or contrary legal position in a later proceeding."); *see also Triple Five of Minn., Inc. v. Simon*, 227 F. Supp. 2d 1059, 1063 (D. Minn. 2002) ("Here, we do no more than hold the Defendants to the representations they voluntarily made in the course of what proved to be a persuasive argument.").

Because Qualcomm repeatedly represented that it will not present testimony that Arm is a monopolist—and the Special Master accepted and relied upon those representations in her ruling—Qualcomm cannot meet the burden of proof that its own expert testified at his deposition is required to establish "input foreclosure."  Qualcomm's disclaimer of any monopoly-related theories thus compels a grant of summary judgment on Qualcomm's UCL claim, *see* D.I. 438 at 27–30, and the exclusion of Posner's opinions, *see* D.I. 437 at 5–9, at least with respect to his input foreclosure theory.

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

# Exhibit 1
# (REDACTED IN ITS ENTIRETY)

# Exhibit 2
# (REDACTED IN ITS ENTIRETY)

# Exhibit 3
# (REDACTED IN ITS ENTIRETY)

# Exhibit 4

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

EXAL DIRECT DIAL: +1 212 373 3532
EMAIL: CNYARADY@PAULWEISS.COM

April 28, 2025

<u>**Via Email**</u>

Jay Emerick
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654

Re: <em>Qualcomm Inc.</em> v. <em>Arm Holdings Plc.</em><br>C.A. No. 24-490-MN

Dear Jay,

    I write in response to your April 17, 2025 letter purporting to "seek clarity" about Qualcomm's California Unfair Competition Law ("UCL") claim but in fact includes a laundry list of questions about the support for that claim. To the extent Arm wished to ask about the legal and factual bases for Qualcomm's UCL claim, it could have done so through properly framed interrogatories. But it cannot circumvent discovery limitations through requests for "clarity" about discovery it chose not to take. And it is surprising that you would demand a "prompt response" when Arm had yet to produce any meaningful discovery on the topics most relevant to Qualcomm's UCL claim and first produced any documents only last week after your letter. The scope and grounds of Qualcomm's UCL claim are set forth in Qualcomm's First Amended Complaint ("FAC") and its proposed Second Amended Complaint ("SAC"). Given that Arm has provided no meaningful discovery in this case, Qualcomm cannot provide they type of detailed contention that Arm seems to demand. *Novanta Corp.* v. *Iradion Laser, Inc.*, 2016 WL 4987110, at *7 (D. Del. Sept. 16, 2016) (collecting decisions holding that contention interrogatories are premature before substantial documentary or testimonial discovery has been completed).

    Nevertheless, in the interest of efficiency and avoiding unnecessary disputes, Qualcomm provides the following information regarding the scope of its UCL claim. This is based on Qualcomm's current understanding, Qualcomm reserves all rights to amend or supplement in the future, including based on any new facts that Qualcomm learns through discovery.

    As the FAC and SAC make clear, Qualcomm is not asserting a claim for monopolization under Section 2 of the Sherman Act; it is asserting a claim under the UCL's "unfair" prong.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Qualcomm also alleges that Arm's business acts and practices were unlawful because, in addition to being unfair, they also violated California tort law. Thus, Qualcomm need not identify a relevant market, *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 1002 (9th Cir. 2023), in the manner the Sherman Act may require. Qualcomm reserves the right to prove that Arm's business acts and practices were "unfair" under any tests California courts apply in cases under that prong. In support of that claim, Qualcomm reserves the right to present evidence that (among other things) Arm is engaged in a campaign to prevent Qualcomm from developing and marketing products with custom CPUs that threaten to outcompete products containing Arm's off-the-shelf CPU designs, with the goal of forcing reliance on Arm's off-the-shelf CPU designs and/or preventing Qualcomm from making chips compatible with the Arm ISA. *See, e.g.*, SAC ¶¶ 206–208.

Finally, Qualcomm disagrees with the assertions in the final paragraph of your letter. The SAC merely clarifies and elaborates the allegations of the FAC. Qualcomm has not made materially "new contentions" or "re-formulat[ed] … its UCL claim." Arm could have requested any of this information by interrogatory long ago, rather than allowing "weeks" to elapse before raising these concerns, or raised its purported concerns earlier. We also fail to see how Arm could have been prejudiced by the purported "disavow[al of] the monopolization allegations," especially given that Qualcomm provided its SAC several weeks before your letter, the amendment made clear that Qualcomm was *not* asserting a claim under Section 2 of the Sherman Act, and Arm has continued to refuse to produce discovery regarding this claim.

Sincerely,

*/s/ Catherine Nyarady*

Catherine Nyarady

# Exhibit 5
# (REDACTED IN ITS ENTIRETY)

# Exhibit 6
# (REDACTED IN ITS ENTIRETY)

# Exhibit 7
# (REDACTED IN ITS ENTIRETY)

# Exhibit 8
## (REDACTED IN ITS ENTIRETY)