IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>   a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>   a Delaware corporation,<br><br>            Plaintiffs,<br><br>   v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>   a U.K. corporation,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 24-490 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |
| QUALCOMM INCORPORATED,<br>   a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>   a Delaware corporation,<br><br>            Plaintiffs,<br><br>   v.<br><br>ARM LTD.,<br>   a U.K. corporation,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 26-20 (MN)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
<u>MOTION TO CONSOLIDATE</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jennifer Ying (#5550)<br>Travis Murray (#6882) |
| OF COUNSEL:<br><br>Karen L. Dunn<br>William A. Isaacson<br>Erin J. Morgan<br>Melissa F. Zappala<br>Jenifer N. Hartley<br>DUNN ISAACSON RHEE LLP | 1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
Jacob Apkon
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

January 16, 2026

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTUAL BACKGROUND AND NATURE AND STAGE OF THE
    PROCEEDINGS ................................................................................................................. 1

III. LEGAL STANDARD .......................................................................................................... 3

IV. ARGUMENT ....................................................................................................................... 4

   A.  *Qualcomm I* and *II* Involve Common Questions of Law and Fact. ........................ 4

   B.  Consolidation Will Not Prejudice Arm, and Will Promote Efficiency and
       Prevent Conflicting Outcomes. ............................................................................... 5

V.  CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**                                                                                                                 **Page(s)**

*Borough of Olyphant* v. *PPL Corp.*,
  153 F. App'x 80 (3d Cir. 2005) ...................................................................................................4

*Burton* v. *Ozburn Hessey Logistic*,
  615 F. App'x 84 (3d Cir. 2015) ................................................................................................1, 3

*Cirba Inc.* v. *VMWARE, Inc.*,
  2020 WL 7489765 (D. Del. Dec. 21, 2020) ............................................................................1, 5

*Citizens Bank, N.A.* v. *Mulye*,
  2024 WL 4913949 (D.N.J. Aug. 12, 2024) .....................................................................1, 4, 5, 7

*Dacenzo* v. *Crake*,
  2010 WL 4781099 (M.D. Pa. Oct. 8, 2010) .............................................................................1, 4

*Fields* v. *Provident Life & Accident Ins. Co.*,
  2001 WL 818353 (E.D. Pa. July 10, 2001) ..............................................................................1, 6

*In re TMI Litig.*,
  193 F.3d 613 (3d Cir. 1999) .........................................................................................................5

*Jones* v. *Sanko Steamship Co.*,
  2013 WL 12424522 (D.N.J. Aug. 19, 2013) ...........................................................................1, 5

*Kamal* v. *J. Crew Grp., Inc.*,
  2017 WL 11476771 (D.N.J. May 1, 2017) ..............................................................................1, 4

*Myers* v. *New Castle Cnty.*,
  2013 WL 3853181 (D. Del. July 24, 2013) ..........................................................................1, 4, 7

*Nye* v. *Ingersoll-Rand Co.*,
  2008 WL 5070692 (D.N.J. Nov. 24, 2008) .............................................................................1, 5

*Project Lifesaver Int'l* v. *JJCK, LLC*,
  2011 WL 2619073 (D. Del. July 1, 2011) ...............................................................................1, 4

*SZ DJI Tech. Co.* v. *Autel Robotics USA LLC*,
  2018 WL 1316203 (D. Del. Mar. 14, 2018) ............................................................................1, 6

**Rules**

Fed. R. Civ. P. 7.1 ..............................................................................................................................1

Fed. R. Civ. P. 33 ..........................................................................................................................1, 2

Fed. R. Civ. P. 34 ............................................................................................................... 1, 2

Fed. R. Civ. P. 36 .................................................................................................................... 2

Fed. R. Civ. P. 42 ............................................................................................................ 1, 2, 3

**Other Authorities**

9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2384 (3d ed.) ........................... 1, 5

## I. INTRODUCTION

Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Qualcomm") move, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate C.A. No. 24-490 ("*Qualcomm I*") and C.A. No. 26-20 ("*Qualcomm II*").

Consolidation is warranted because both cases involve the same claims and the same facts, including the same plaintiffs, the same witnesses, the same documents, and the same governing agreements. The only difference between the cases is that *Qualcomm II* names as defendant Arm Ltd., a wholly-owned subsidiary of the named defendant in *Qualcomm I*, Arm Holdings plc ("Arm Holdings"). And Arm Ltd. already participated fully in *Qualcomm I*, providing discovery and having its witnesses deposed, and Arm's counsel have not identified any new discovery that Arm Ltd. would need despite multiple opportunities to do so. The cases can and should be consolidated to allow efficient use of this Court's resources and avoid unnecessary cost and delay.[1]

## II. RELEVANT FACTUAL BACKGROUND AND NATURE AND STAGE OF THE PROCEEDINGS

On August 31, 2022, Arm Ltd. filed suit against Qualcomm, seeking the destruction of Qualcomm's then-in-development custom central processing units. *See Arm Ltd.* v. *Qualcomm Inc.*, C.A. No. 22-1146-MN (D. Del.).[2] While that case was pending, Arm reorganized ahead of its IPO: according to Arm's public filings, Arm Holdings Ltd. went from being a wholly-owned subsidiary of Arm Ltd. to being Arm Ltd.'s parent entity, then registered with the SEC and changed its name to Arm Holdings plc.[3] A009 n.1, A012 (Arm Holdings Ltd., Registration Statement

---

[1] The Court has set a status conference for January 22, 2026 to discuss the case status and trial date in *Qualcomm I*.
[2] Qualcomm prevailed at trial in December 2024. C.A. No. 22-1146-MN, D.I. 572 and 634.
[3] At no point did Arm Ltd. file an amended or supplemental Rule 7.1 corporate disclosure statement in C.A. No. 22-1146, even after its IPO in 2023.

(Form F-1) (Aug. 21, 2023)).[4] Also while that case was pending, Arm engaged in self-help against Qualcomm, including by withholding technology Qualcomm licensed or wished to license, tortiously interfering with Qualcomm's business relationships and competing unfairly with Qualcomm. Thus, on April 18, 2024, Qualcomm sued Arm, naming "Arm Holdings plc f/k/a Arm Ltd." as the Defendant. *See Qualcomm I*, D.I. 2.

For over a year, and without objection, Arm litigated *Qualcomm I* as Arm Holdings plc and Arm Ltd. Counsel for Arm accepted service on behalf of "Arm Holdings plc f/k/a Arm Ltd."; its counsel signed stipulations on behalf of that entity; it served court filings and written discovery on behalf of that entity; it produced Arm Ltd. documents without ever asserting that Arm Ltd. was not a party to the litigation; and it produced Arm Ltd. employees for depositions. *See Qualcomm I*, D.I. 589 at 2-3. Arm had denied that Arm Holdings plc was formerly known as Arm Ltd., *see Qualcomm I*, D.I. 31 ¶ 20, but attributed no legal significance to that statement. Then, on June 17, 2025, less than one month before the close of fact discovery and three months after the pleading amendment deadline, Arm answered Qualcomm's Second Amended Complaint and asserted as a new defense that "Qualcomm fails to state a claim" because "Arm Holdings plc is not a party to the Qualcomm ALA or TLA." *See Qualcomm I*, D.I. 234 at 39. This came too late for Qualcomm to seek written discovery specific to that defense, as the last day to serve written discovery was June 11. *See Qualcomm I*, D.I. 44 ¶ 7(a) (fact discovery closed July 11, 2025); Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3) (30 days to respond to written discovery). But Qualcomm promptly sought information in depositions, including the June 30 deposition of Arm's CLO, Spencer

---

[4] Citations in the form "A___" refer to the Appendix to Plaintiffs' Objections to the Special Master's January 7, 2026 Order Denying Plaintiffs' Motion for Leave to Amend, filed in *Qualcomm I*. *See Qualcomm I*, D.I. 590 and 591.

Collins. After Mr. Collins could not answer which Arm entity currently has responsibility or obligations with respect to the Qualcomm ALA or TLA, or which Arm entity would be the proper party to a lawsuit alleging breach, *see* A215 at 29:12-18, Qualcomm sought Arm's consent to add Arm Ltd. as a separate defendant.

On July 16, 2025, the parties met and conferred and contacted the Court regarding their disagreement as to Qualcomm's then-forthcoming motion to amend its complaint to add Arm Ltd. as a separate defendant, requesting a briefing schedule. *Qualcomm I*, D.I. 589 at 5 n.3. After the Court referred the dispute to the Special Master, Qualcomm filed its motion on August 1. *Qualcomm I*, D.I. 360. On January 7, 2026—five months later, and following the close of discovery and summary judgment briefing in *Qualcomm I*—the Special Master denied Qualcomm's motion. *Qualcomm I*, D.I. 585.

Out of an abundance of caution and to preserve its rights, Qualcomm filed its substantively identical action against Arm Ltd. the next day.[5] *Qualcomm II*, D.I. 2. After being unable to reach agreement with counsel for Arm on accepting service of the new complaint, Qualcomm served the new complaint on Arm Ltd. on January 14, 2026. *Qualcomm II*, D.I. 6. Qualcomm now moves to consolidate the two actions.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows for consolidation of actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The District Court has broad discretion to consolidate nearly-identical cases. *See Burton* v. *Ozburn Hessey Logistic*, 615 F. App'x 84, 87

---

[5] In addition to moving to consolidate, Qualcomm has objected to the Special Master's January 7 Order. *See Qualcomm I*, D.I. 589. If Qualcomm's objections are sustained, Qualcomm intends to dismiss *Qualcomm II* and this motion to consolidate will be moot.

3

(3d Cir. 2015); *Myers* v. *New Castle Cnty.*, 2013 WL 3853181, at *1 (D. Del. July 24, 2013) (citing *Borough of Olyphant* v. *PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005)). In exercising this discretion, courts balance "the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Myers*, 2013 WL 3853181, at *1 (quotation marks omitted). "Cases may be consolidated even where certain defendants are named in only one of the complaints." *Id.* (quotation marks omitted).

## IV. ARGUMENT

### A. *Qualcomm I* and *II* Involve Common Questions of Law and Fact.

*Qualcomm I* and *II* assert the same claims and involve the same questions of law and fact. In both cases, Qualcomm asserts the same counts against Arm, arising from the same conduct between the two companies. *Compare Qualcomm II*, D.I. 2 ¶¶ 177-236, *with Qualcomm I*, D.I. 137 ¶¶ 167-226. And Qualcomm seeks the same relief in both cases. Indeed, the Complaint in *Qualcomm II* is substantively identical to the operative Second Amended Complaint in *Qualcomm I*. *Qualcomm I*, D.I. 586, Ex. 1 (redline of complaints). The relevant documents and witnesses are therefore the same, and *Qualcomm I* and *II* thus implicate common questions of law and fact. *See Kamal* v. *J. Crew Grp., Inc.*, 2017 WL 11476771, at *1 (D.N.J. May 1, 2017) (common questions of law and fact where there are "seemingly identical alleged violations of" law and the same request for relief); *Dacenzo* v. *Crake*, 2010 WL 4781099, at *2 (M.D. Pa. Oct. 8, 2010) (consolidating cases that "assert[ed] basically the same claims" that arose "out of the same incident"); *see also Citizens Bank, N.A.* v. *Mulye*, 2024 WL 4913949, at *3 (D.N.J. Aug. 12, 2024) (consolidating cases where "[t]he factual allegations in both complaints not only arise out the [sic] same agreement, but share the same common facts"); *Project Lifesaver Int'l* v. *JJCK, LLC*, 2011

4

WL 2619073, at *1 (D. Del. July 1, 2011) (consolidating cases where, *inter alia*, "the interpretation of the same Agreement forms the crux of both lawsuits"); *Nye* v. *Ingersoll-Rand Co.*, 2008 WL 5070692, at *7 (D.N.J. Nov. 24, 2008) (common questions of law and fact where each case contains "identical claims" based on the same contract).

That Arm Holdings and Arm Ltd. may be distinct corporate entities does not suggest otherwise. In *Citizens Bank*, for example, the plaintiff filed two lawsuits against different defendants, both relating to the same default of the same loan agreement. 2024 WL 4913949, at *3. Consolidation was appropriate because "[t]he factual allegations in both complaints not only arise out the [sic] same agreement, but share the same common facts." *Id.* "The only difference in the actions is that" the two cases were brought against different defendants. *Id.*; *see also Jones* v. *Sanko Steamship Co.*, 2013 WL 12424522, at *2 (D.N.J. Aug. 19, 2013) (consolidating two actions with different defendants because both "involve identical factual questions"); 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2384 (3d ed.) (listing "actions against a subsidiary corporation and against its parent" as appropriate for consolidation). So too here.

### B. Consolidation Will Not Prejudice Arm, and Will Promote Efficiency and Prevent Conflicting Outcomes.

"The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *Cirba Inc.* v. *VMWARE, Inc.*, 2020 WL 7489765, at *6 (D. Del. Dec. 21, 2020) (quoting *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999)). Consolidation here would effectuate that purpose without prejudicing Arm.

Discovery in *Qualcomm I* proceeded without the parties distinguishing between Arm Holdings and Arm Ltd. For example, throughout fact discovery in *Qualcomm I*, Arm produced more than 300,000 documents as "Arm Ltd.," and agreed to Qualcomm's use of discovery

5

produced by Arm Ltd. in the original *Arm Ltd.* v. *Qualcomm Inc.* action. *Qualcomm I*, D.I. 589 at 3; *Qualcomm I*, D.I. 84 ¶¶ 34-36. Arm provided deposition testimony from current or former Arm Ltd. employees, including Arm Ltd.'s Chief Legal Officer. *Qualcomm I*, D.I. 589 at 3. And Arm's counsel has not been able to identify any additional discovery that Arm Ltd. would need, *see* A283-89, A789-95, nor did it do so on the parties' January 14, 2026 meet and confer regarding this motion, and Qualcomm is not aware of any.

Arm already litigated its case as it saw fit and will not be prejudiced by the consolidation of a duplicate case naming its wholly-owned subsidiary.[6] Because *Qualcomm I* and *II* are substantively identical, they can be tried with the same documents and the same witnesses. *See Fields* v. *Provident Life & Accident Ins. Co.*, 2001 WL 818353, at *6 (E.D. Pa. July 10, 2001) (consolidating trial-ready case and case filed later because "the discovery and trial preparation necessary for the [second] litigation will overlap significantly with the work already completed for the [first] litigation").

In addition, trying *Qualcomm I* and *II* separately might lead to inconsistent verdicts, compounding the inefficiencies of proceeding separately and further wasting judicial resources to untangle conflicting trial outcomes. "Burdening two sets of jurors . . . with two separate trials" on similar issues presents "a heightened risk of inconsistent verdicts and wasting resources," which can be avoided through consolidation. *SZ DJI Tech. Co.* v. *Autel Robotics USA LLC*, 2018 WL

---

[6] Indeed, in opposing Qualcomm's motion for leave to add Arm Ltd. as a defendant in *Qualcomm I*, the only prejudice Arm identified is that it had a pending motion to dismiss in that case, which would "be mooted out if [Qualcomm were] given leave to amend." A794 (8/22/25 Hr'g Tr.) at 19:3-8. But were *Qualcomm I* and *II* consolidated, Arm's motion, *Qualcomm I*, D.I. 232, will still remain pending, and because Arm did not raise any ground to dismiss based on any distinction between the two Arm entities, Qualcomm would agree that Arm's motion to dismiss can equally be applied to Arm Ltd.

1316203, at *1 (D. Del. Mar. 14, 2018); *see also Citizens Bank*, 2024 WL 4913949, at *3 (defendants "rais[ing] the same affirmative defenses in each case . . . further risks inconsistent judgments" and, therefore, "[j]udicial resources and efficiency will clearly be served by requiring only one judge to decide").

Accordingly, the balance of "the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated" weighs in favor of consolidation. *Myers*, 2013 WL 3853181, at *1.

## V. CONCLUSION

*Qualcomm I* and *Qualcomm II* should be consolidated.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
Jacob Apkon
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

7

Adam L. Basner
Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

January 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 16, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY 10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Erik J. Olson, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Defendant*

Daniel P. Muino, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
*Attorneys for Defendant*

Brian M. Kramer, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA 92130
*Attorneys for Defendant*

William Frentzen, Esquire  VIA ELECTRONIC MAIL
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.  VIA ELECTRONIC MAIL
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                                                VIA ELECTRONIC MAIL
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                                          VIA ELECTRONIC MAIL
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


                                                                                    */s/ Jennifer Ying*
                                                                                    _____
                                                                                    Jennifer Ying (#5550)

11