IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED, <br>   a Delaware corporation; and <br> QUALCOMM TECHNOLOGIES, INC., <br>   a Delaware corporation, <br><br>           Plaintiffs, <br><br>     v. <br><br> ARM HOLDINGS PLC., f/k/a ARM LTD., <br>   a U.K. corporation, <br><br>           Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 24-490 (MN) <br> ) <br> ) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> ) <br> ) **REDACTED - PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OBJECTIONS TO THE SPECIAL MASTER'S JANUARY 7, 2026
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND (D.I. 585)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Erin J. Morgan
DUNN, ISAACSON, RHEE LLP
11 Park Place
New York, NY 10007
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

January 14, 2026

**Original Filing Date: January 14, 2026**
**Redacted Filing Date: January 21, 2026**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT ....................................................................................... | 1 |
| II. | FACTUAL BACKGROUND ............................................................................................ | 2 |
| III. | ARGUMENT ..................................................................................................................... | 6 |
| | A. The Special Master Erroneously Concluded That Qualcomm Could Not Show "Good Cause" Under Rule 16(b)(4). ............................................................ | 6 |
| | B. The Special Master Erroneously Concluded That Qualcomm's Amendment Did Not Satisfy Rule 15. ....................................................................................... | 8 |
| | C. The Special Master Erroneously Concluded That Rule 20 Does Not Apply. ........ | 9 |
| IV. | CONCLUSION ................................................................................................................ | 10 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                              Page(s)

*" Foman* v. *Davis*,
  371 U.S. 178 (1962)......................................................................................................6

*Arneault* v. *Diamondhead Casino Corp.*,
  277 F. Supp. 3d 671 (D. Del. 2017)..............................................................................8, 9

*Arthur* v. *Maersk, Inc.*,
  434 F.3d 196 (3d Cir. 2006)...........................................................................................8

*Bell* v. *Lockheed Martin Corp.*,
  2011 WL 1467365 (D.N.J. April 18, 2011)...................................................................7

*Chase Manhattan Bank* v. *Iridium Africa Corp.*,
  2004 WL 725213 (D. Del. Mar. 29, 2004) ....................................................................6

*Evonik Degussa GMBH* v. *Materia Inc.*,
  2011 WL 13152274 (D. Del. Dec. 13, 2011).................................................................8

*Hagan* v. *Rogers*,
  570 F.3d 146 (3d Cir. 2009).........................................................................................10

*Heritage Handoff Holdings LLC* v. *Fontanella*,
  2018 WL 3580288 (D. Del. July 25, 2018) ...................................................................8

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
  921 F.3d 98 (3d Cir. 2019).............................................................................................9

*In re QDN, LLC*,
  363 F. App'x 873 (3d Cir. 2010) ...................................................................................9

*In re Something Sweet Acquisition, Inc.*,
  2024 WL 993806 (D. Del. Bankr. Mar. 7, 2024)..........................................................10

*Knoll* v. *City of Allentown*,
  707 F.3d 406 (3d Cir. 2013).........................................................................................10

*Krupski* v. *Costa Crociere S. p. A.*,
  560 U.S. 538 (2010)...................................................................................................8, 9

*MIG Invs. LLC* v. *Aetrex Worldwide, Inc.*,
  852 F. Supp. 2d 493 (D. Del. 2012).............................................................................10

*Ohana Enters., LLC* v. *Mourer Foster, Inc.*,
  2024 WL 640753 (D.N.J. Feb. 15, 2024) ..................................................................7, 8

*Puello* v. *Am. Home Mfg., LLC*,
    2023 WL 12131663 (D.N.J. Feb. 27, 2023) ................................................................6

*Rowley* v. *McMillan*,
    502 F.2d 1326 (4th Cir. 1974) ....................................................................................7

*S. Track & Pump, Inc.* v. *Terex Corp.*,
    722 F. Supp. 2d 509 (D. Del. 2010) ........................................................................6, 8

*Sharp* v. *Verizon Del. LLC*,
    2014 WL 350089 (D. Del. Jan. 31, 2014) ..................................................................9

*Vaughn* v. *State of Del. Dep't of Ins.*,
    2022 WL 2390182 (D. Del. July 1, 2022) ..................................................................8

**Statutes**

California's Unfair Competition Law ....................................................................4, 10

**Rules**

Fed. R. Civ. P. 12 ..........................................................................................................7

Fed. R. Civ. P. 15 ...........................................................................................2, 5, 6, 8

Fed. R. Civ. P. 16 ................................................................................................2, 5, 6

Fed. R. Civ. P. 20 ...........................................................................................2, 5, 9, 10

Fed. R. Civ. P. 53 ..........................................................................................................6

**Other Authorities**

Wright & Miller, Fed. Prac. & P. § 1353 (4th ed. 2025) .............................................7

I. **PRELIMINARY STATEMENT**

On June 17, 2025, three months after the deadline to amend the pleadings and six days after the deadline to serve new discovery requests, Arm asserted for the first time in its answer to Qualcomm's second amended complaint that Qualcomm failed to state its breach of contract claims because the named Defendant "Arm Holdings plc f/k/a Arm Ltd." was not a party to the Qualcomm ALA or TLA. Qualcomm was confused: in the fourteen months since Qualcomm filed its case against Arm Holdings plc f/k/a Arm Ltd., Arm had litigated assiduously—filing an answer to Qualcomm's original complaint, moving three times to dismiss Qualcomm's claims on the merits, and engaging in discovery, including by producing documents and deponents from Arm Ltd. and sending discovery-related letters to third parties *as* Arm Ltd. Arm never argued that "Arm Holdings plc f/k/a Arm Ltd." was not a proper party to the case, could not be liable for Qualcomm's claims, or had no obligation to produce discovery from Arm Ltd. on grounds that it was not a party.

Qualcomm sought clarity at the June 30, 2025 deposition of Arm's Chief Legal Officer ("CLO"). When he was unable to explain which entity should have been named in the lawsuit, Qualcomm sought consent from Arm to add Arm Ltd. as a defendant. Arm refused, claiming that its denial that Arm Holdings plc was formerly known as Arm Ltd. had put Qualcomm on notice of its defense, although Arm had not attributed legal significance to that statement or noted it in interrogatory answers purporting to explain the bases of its defenses. Arm also could not articulate discovery relief it would have needed if Arm Ltd. was added, or any other prejudice it would suffer as a result of the amendment. Accordingly, Qualcomm moved, promptly and in an abundance of caution, on August 1 to add Arm Ltd. as a defendant. D.I. 360.

Five months later, on January 7, 2026, the Special Master denied Qualcomm's motion in an erroneous Order (D.I. 585) that threatens to throw this case into chaos, after the parties have

1

spent twenty months readying it for a March 9 trial. This Court's review is *de novo*.

The Order should be reversed due to inaccurate and incomplete findings; errors of law, including failure to apply this Circuit's liberal policy toward amendments; and reliance on issues not presented to the Special Master. Qualcomm had good cause to seek amendment after the deadline under Rule 16, the amendment does not prejudice Arm and justice requires it under Rule 15, and joinder is proper under Rule 20 because Arm Holdings plc and Arm Ltd. are jointly, severally, or alternatively liable for Qualcomm's claims arising out of the same events and sharing questions of fact and law. Qualcomm's objections should be sustained and amendment permitted.

## II.  FACTUAL BACKGROUND

### A. Arm's Litigation of This Case on Behalf of Arm Ltd. and Arm Holdings Plc

In 2023, after Arm sued Qualcomm, Arm underwent a corporate restructuring ahead of its IPO after which Arm held out Arm Holdings plc as responsible for Arm's rights and obligations under its licenses. In Arm's public filings, Arm Holdings Ltd. went from being a wholly owned subsidiary of Arm Ltd. to being Arm Ltd.'s holding company; Arm Holdings Ltd. then registered with the SEC and changed its name to Arm Holdings plc. A009 n.1, A012.[1] Arm's 2023 prospectus described Arm Holdings plc as the controlling entity following the restructuring. For example, Arm's prospectus defined the terms "Arm," the "Company," "we," "us," and "our" to refer to "Arm Holdings plc and its consolidated subsidiaries" once the reorganization was complete. A010. It then discussed "Our licensing and royalty business model" to include ALAs and TLAs. A013-14. Accordingly, Qualcomm named "Arm Holdings plc f/k/a Arm Ltd." as the Defendant in this case, intending to sue the entity relevant to its breach of contract claim.

Arm likewise litigated this case as Arm Holdings plc and Arm Ltd. (*see* A003-05):

---

[1] For quoted material, unless stated otherwise, brackets, ellipses, footnote call numbers, internal quotations, and citations are omitted for readability. Emphasis is added unless otherwise indicated.

- Arm's counsel accepted service as to the entity "Arm Holdings plc. f/k/a Arm Ltd" (D.I. 11) and signed stipulations (D.I. 33, 37, 38, 271, 282, 306) and certifications of service (*e.g.*, D.I. 17, 56, 58, 73) on behalf of "Arm Holdings PLC f/k/a Arm Ltd."

- In all three of its motions to dismiss, Arm asserted that this case involves **the same parties** as its original action against Qualcomm, even though it was Arm Ltd. that filed that first action.  D.I. 15 at 9 ("Qualcomm's claims in this new action were compulsory counterclaims in the original action between the parties."); D.I. 48 at 6 ("The Court should dismiss all claims and permit the parties to resolve their remaining disputes in the original case."); D.I. 233 at 3 ("The Court is currently considering the parties' post-trial motions addressing the jury's verdict"); *Arm Ltd.* v. *Qualcomm Inc.*, C.A. 22-1146 (MN).

- Arm Holdings plc defined the term "ALA Breach Allegations and Communications" to include "statements in *its* November 15, 2022 and April 4, 2024 Answers" to Qualcomm's counterclaims in the prior litigation, (A086), even though the pleadings in that case were filed by Arm Ltd.  *Arm Ltd.* v. *Qualcomm Inc.*, C.A. 22-1146 (MN), D.I. 23, D.I. 318.

- Arm produced more than 300,000 files in "Arm Ltd.'s" document productions (including multiple productions in July 2025) (A229-62), responded to RFPs as Arm Ltd. (D.I. 58), and agreed to use of Arm Ltd. discovery from the prior litigation in this case (D.I. 84 ¶¶ 34-36) without ever asserting that Arm Ltd. was not a party to this litigation.

- Arm produced current or former Arm Ltd. employees for depositions.  *E.g.*, Ex. A214 at 6:17-25, 8:3-12; A219 at 7:11-12; A222 at 6:7-12; A225 at 8:14-15; A228 at 7:21-8:3.

- Arm served privilege logs on behalf of "Defendant Arm Holdings PLC f/k/a Arm Ltd." on June 2, June 20, and July 11, 2025.  A263-68.

In addition, Arm repeatedly described Arm Holdings plc as a party to the Qualcomm ALA and TLA and the entity responsible for the actions underlying Qualcomm's claims (*see* A004-05):

- In its discovery requests, Arm repeatedly defined "Qualcomm ALA" as "the Amended and Restated Architecture License Agreement with ***Arm***"—which Arm defined as ***Arm Holdings PLC***—"dated May 31, 2013 (                                     )."  A047-48 (Arm's 1st RFPs (2/7/2025)); A055-56 (Arm's 2d RFPs (3/14/2025)); A063 (Arm's 3d RFPs (4/1/2025)); A068 (Arm's 4th RFPs (6/9/2025)) (incorporating definitions from prior sets); A073 (Arm's 5th RFPs (6/11/2025)) (same); A078-79 (Arm's 1st Rogs. (2/7/2025)); A085-87 (Arm's 2d Rogs.(4/9/2025)); A092 (Arm's 3d Rogs. (6/11/2025)) (incorporating definitions from prior sets); A097-98 (Arm's 1st RFAs (6/11/2025)).

- Arm responded to numerous interrogatories by describing actions taken by "Arm"—which Arm defined as "Arm Holdings plc."—that form the basis of Qualcomm's claims in this case, including Arm's licensing business, Arm's ALA and TLA agreements, and Arm's decision to send and share with the press its October 22 letter.  A103-207.

In its June 17, 2025 answer to Qualcomm's second amended complaint, Arm asserted a

3

new defense: "Qualcomm fails to state a claim . . . . Qualcomm filed its complaint against Arm Holdings plc, but Arm Holdings plc is not a party to the Qualcomm ALA or TLA." D.I. 234 at 39.[2] This was not in Arm's prior answer (D.I. 31 ¶¶ 20, 36 (stating only that Arm Holdings plc was not f/k/a Arm Ltd., or the 2013 or 2020 signatory to the ALA)), its three motions to dismiss (D.I. 15, 48, 233), or any other document previously filed or exchanged. Arm's new answer also stated that Arm Holdings plc had (and fulfilled) obligations under the Qualcomm ALA and TLA. *E.g.*, D.I. 234 at 1 ("Arm [defined as Arm Holdings plc] has provided all materials that Qualcomm is entitled to under the Qualcomm ALA"), ¶ 25 ("Arm admits that it provided Qualcomm with a licensing offer" under the TLA), ¶¶ 44, 57. Thus, Arm's legal position remained unclear.

Arm's June 17, 2025 disclosure of its defense was prejudicial to Qualcomm, as it came after the June 11 deadline to serve discovery requests and the amendment deadline. D.I. 44 ¶¶ 2, 7(a). Nonetheless, Qualcomm promptly sought information in depositions, including the June 30 deposition of Arm's CLO, Spencer Collins. Mr. Collins testified that he is on the board of Arm Ltd. and executive committee of Arm Holdings plc, and he approved Arm's June 17 answer. A214-15 at 6:17-7:11, 28:8-14. Despite holding roles in both entities, approving Arm's answer asserting its corporate structure defense, and serving as CLO through Arm's IPO, Mr. Collins could not answer 1) which Arm entity currently has responsibility or obligations with respect to the Qualcomm ALA or TLA, or 2) which Arm entity would be the proper party to a lawsuit alleging a breach of the ALA. A215 at 29:12-18. He confirmed only that he "believe[d]" Arm Ltd. still existed as a wholly owned subsidiary of Arm Holdings plc. A216 at 30:18-25.

Given this uncertain testimony, Qualcomm sought Arm's consent to add "Arm Ltd." as a separate defendant two days after Mr. Collins's deposition. A277. After Qualcomm followed up,

---

[2] Arm did not claim that Arm Holdings plc was an improper party to defend against Qualcomm's claims for tortious interference or violation of California's Unfair Competition Law ("UCL").

Arm refused. Qualcomm thus moved for leave to amend on August 1, 2025.[3] D.I. 360.

### B. The Special Master's Hearing and Decision

The Special Master heard Qualcomm's motion on August 22, 2025. Subsequently, Arm filed four summary judgment motions, but not on the basis that Arm Holdings plc could not be liable for Qualcomm's claims. D.I. 438. To the contrary, Arm's own filings continued to hold out Arm Holdings plc as the proper party to Qualcomm's claims. *E.g.*, D.I. 438 at 1 ("Most of Qualcomm's theories are foreclosed by the language of **the parties'** agreements"); D.I. 431 ¶ 1 ("On May 31, 2013, **the parties** executed the at-issue Technology License Agreement (TLA).").

On January 7, 2026, the Special Master ruled that Qualcomm could not amend its complaint to add Arm Ltd. as a separate defendant. D.I. 585 ("Order"). The Order does not address the evidence Qualcomm presented as to Arm's concealment of its purported defense, except in a catch-all statement that arguments omitted could have still been considered. Order at 4. The Order is premised instead on the Special Master's "find[ing] that Qualcomm knew or should have known that Arm Holdings plc was not formerly known as Arm Ltd." before the amendment deadline and that this information should have notified Qualcomm of the need to sue Arm Ltd. before Arm raised its structure as a defense. *Id.* 2-3. The Special Master then concluded Qualcomm could not demonstrate good cause to modify the schedule under Rule 16(b)(4) or separately satisfy Rule 15. The Special Master also concluded Qualcomm could not satisfy Rule 20 because, in her view, "Arm Ltd. is the only counterpart to the contracts at issue" (though that issue was not presented) and Qualcomm had not established "how it would assert" its breach and tortious interference claims "against both Arm Holdings plc and Arm Ltd. jointly, severally, or in the alternative." *Id.*

---

[3] The parties met and conferred regarding this dispute on July 16 and called the Court the same day. The Court appointed the Special Master to hear motions to amend on July 18. D.I. 336. The Special Master held a hearing to discuss procedures for briefing matters before her on July 30 and filed her procedures on July 31. D.I. 350. Qualcomm submitted its brief the next day.

5

4. Qualcomm objects to the Order pursuant to the Court's procedures (D.I. 336 ¶ 6) and Rule 53.[4]

## III. ARGUMENT

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [] mere technicalities." *Foman* v. *Davis*, 371 U.S. 178, 181 (1962). That principle should apply in even greater force here, where Arm is not even correct about the technicality, essentially saying that Arm could file with the Court repeatedly as "Arm Holdings plc f/k/a Arm Ltd." but Qualcomm was wrong to do the same. The Special Master's holdings just two months before trial that Qualcomm failed to satisfy any of Rules 15, 16, or 20 are based on inaccurate and incomplete findings, misapplications of law, and rulings on issues not presented or briefed to the Special Master. This Court reviews both the Special Master's findings of fact and conclusions of law *de novo*. Fed. R. Civ. P. 53(f)(3)-(4).[5]

### A. The Special Master Erroneously Concluded That Qualcomm Could Not Show "Good Cause" Under Rule 16(b)(4).

Rule 16(b)(4) allows for schedule modifications, including for late amendment of a pleading, upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4); *S. Track & Pump, Inc.* v. *Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010). Arm's failure to raise its defense that Qualcomm "fail[ed] to state a claim" because "Arm Holdings plc is not a party to the Qualcomm ALA or TLA" until June 2025 (D.I. 234 at 39)—three months after the amendment deadline (D.I. 44 ¶ 2)—provides good cause. *See Puello* v. *Am. Home Mfg., LLC*, 2023 WL 12131663, at *3 (D.N.J. Feb. 27, 2023) (finding good cause when defendant was "less than forthcoming" in discovery). Arm had no legitimate basis to withhold this defense, which was available when the

---

[4] Out of an abundance of caution, Qualcomm has filed a new complaint against Arm Ltd. C.A. 26-20 (MN). If these objections are sustained, Qualcomm intends to dismiss that complaint.
[5] This Court has explained that *de novo* review is especially important for denials of leave to amend that "effectively dispose[] of" claims, even when decided by a Magistrate Judge first. *See Chase Manhattan Bank* v. *Iridium Africa Corp.*, 2004 WL 725213, at * 1 (D. Del. Mar. 29, 2004).

case was filed. *See Bell* v. *Lockheed Martin Corp.*, 2011 WL 1467365, at *8 (D.N.J. April 18, 2011) ("An unasserted defense available at the time of response to an initial pleading may not be asserted" upon amendment (quoting *Rowley* v. *McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974)).[6]

Prior to its late filing, Arm proceeded as Arm Holdings plc, describing the Qualcomm ALA and TLA as agreements between the parties to this litigation, describing Arm Holdings plc's obligations under those agreements, failing to provide any support or explanation for its defense in discovery (including in response to interrogatories), and filing seven dispositive motions that do not raise this argument. And once Qualcomm was aware of Arm's defense in June 2025, it proceeded diligently to resolve the issue by seeking information in discovery and seeking leave to amend. *See Ohana Enters., LLC* v. *Mourer Foster, Inc.*, 2024 WL 640753, at *2 (D.N.J. Feb. 15, 2024) (a party is diligent "if the delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account" for delay).

That Arm Ltd. was the entity that sued Qualcomm in 2022 is of no moment: Qualcomm's misnomer arose from the understanding that Arm Holdings plc replaced Arm Ltd. in advance of Arm's IPO, which occurred in 2023. A009 (Aug. 21, 2023). The Order does not analyze or even address Arm's post-2023 representations that Arm Holdings plc was Arm Ltd.'s equivalent in this litigation. *See supra* pp. 2, 5; Order at 4. And it assumes Arm would have notified the Court if its structure changed, *see* Order at 3, but no new 7.1 statement was ever filed in C.A. No. 22-1146.

Moreover, the allegation that Qualcomm should have known that Arm Ltd. existed does not mean that it should have known to sue Arm Ltd. as opposed to "Arm Holdings plc f/k/a Arm

---

[6] Arm's claim that it could not have moved to dismiss because it "had to take the pleadings in the complaint as true" (A793 at 14:6-13) is incorrect. Rule 12(b)(7) permits motions based on arguments that a necessary party is missing. Additionally, Arm could have challenged service of process on "Arm Holdings plc f/k/a Arm Ltd." based on its assertions that it was misnamed. Fed. R. Civ. P. 12(b)(4)-(5); Wright & Miller, Fed. Prac. & P. § 1353 (4th ed. 2025) (collecting cases).

7

Ltd." *Krupski* v. *Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010) ("That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity."). Even where there was "some information suggesting" a need to amend before the deadline, but that information "was not complete," movants regularly satisfy the "good cause" standard. *Evonik Degussa GMBH* v. *Materia Inc.*, 2011 WL 13152274, at *4 (D. Del. Dec. 13, 2011); *see also Heritage Handoff Holdings LLC* v. *Fontanella*, 2018 WL 3580288, at *1 (D. Del. July 25, 2018); *S. Track & Pump*, 722 F. Supp. 2d at 521; *Vaughn* v. *State of Del. Dep't of Ins.*, 2022 WL 2390182, at *5 (D. Del. July 1, 2022). And courts regularly find good cause to reopen amendment deadlines "where a plaintiff did not have a sufficient understanding of the relationship between certain entities until proceeding to depositions" and needs to name a new party. *Ohana Enters.*, 2024 WL 640753, at *4 (collecting cases). As in those cases, there is good cause here.

### B. The Special Master Erroneously Concluded That Qualcomm's Amendment Did Not Satisfy Rule 15.

"The court should freely give leave [to amend] when justice so requires," (Fed. R. Civ. P. 15(a)(2)), i.e., "unless equitable considerations" render it "unjust." *Arthur* v. *Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). The Third Circuit's liberal approach to pleading amendments ensures claims "will be decided on the merits rather than on" asserted "technicalities." *Arneault* v. *Diamondhead Casino Corp.*, 277 F. Supp. 3d 671, 674 (D. Del. 2017). As such, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur*, 434 F.3d at 204.

Amendment will not prejudice Arm. Arm has conducted discovery in this case on behalf of Arm Ltd. (*supra* p. 2),[7] Qualcomm's amendment does not change any factual allegations, and Qualcomm is not requesting additional discovery.[8] Arm's only argument for prejudice is that it

---

[7] Arm continued to do so after Qualcomm's motion was fully briefed. *E.g.*, A282 (Ltr. to ADI).
[8] Qualcomm continues to seek the discovery at issue in its pending motions to compel. D.I. 579.

8

would have to refile its pending motion to dismiss. A794 at 19:3-20:12. Now that Arm has moved for summary judgment on the same issues, that argument is not relevant. And to the extent Arm has a defense based on corporate structure, Arm has "forfeited the defense by failing to diligently pursue it" (*In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 107 (3d Cir. 2019)): Arm briefed summary judgment on the basis that the current parties are parties to the ALA and TLA and has only raised this alleged defense briefly in its June 2025 answer and in opposing this motion.

At the same time, justice requires that Qualcomm be granted leave to ensure Qualcomm's claims "will be decided on the merits rather than on technicalities." *Arneault*, 277 F. Supp. 3d at 674. Arm has stated that, if Qualcomm cannot amend, it will move to dismiss the new complaint, raising new procedural challenges to Qualcomm's claims.[9] This will delay resolution of this case while Arm challenges the earlier verdict in Qualcomm's favor (a result Arm has long desired). *See, e.g.*, D.I. 48 at 11; D.I. 628 in C.A. 22-1146 at 46:16-47:16. This Court will have to waste resources responding to Arm's efforts. And to the extent that Arm's delay in asserting its purported defense results in the dismissal of any claim against Arm Ltd., Arm will have unjustly escaped liability because "its own actions contributed to [] confusion over the 'proper party' for a lawsuit." *Krupski*, 560 U.S. at 556. In any event, the misnomer rule applies "when a plaintiff misnames or misidentifies a party in its pleadings but correctly serves that party," including "when a plaintiff sues a parent instead of a subsidiary." *In re QDN, LLC*, 363 F. App'x 873, 877 (3d Cir. 2010); *see also Sharp* v. *Verizon Del. LLC*, 2014 WL 350089, at *1 n.1 (D. Del. Jan. 31, 2014).

### C. The Special Master Erroneously Concluded That Rule 20 Does Not Apply.

Rule 20(a)(2) allows for the joinder of defendants where: 1) "*any right to relief*" is asserted

---

[9] Arm declared an intent to file motions to dismiss on statute of limitations and compulsory counterclaim grounds. A794 at 20:18-21:24. Arm has no viable statute of limitations argument and this Court rejected Arm's compulsory counterclaim arguments. D.I. 30; D.I. 134 at 2.

9

against them jointly, severally, or in the alternative *with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences*;" and 2) "*any question of law or fact common to all defendants* will arise in the action." Fed R. Civ. P. 20(a)(2). The rule is to be interpreted to encompass "the broadest possible scope of action consistent with fairness to the parties." *Hagan* v. *Rogers*, 570 F.3d 146, 153 (3d Cir. 2009).

There is no dispute that Qualcomm's claims against Arm Holdings plc and Arm Ltd. arise out of the same transactions and involve common questions of law and fact. This should end the inquiry. *See, e.g.*, *MIG Invs. LLC* v. *Aetrex Worldwide, Inc*., 852 F. Supp. 2d 493, 510 (D. Del. 2012) (granting joinder where claims "arise from and relate to the breach of contract claim" asserted against the original defendant and "involve common questions of fact and law"); *In re Something Sweet Acquisition, Inc*., 2024 WL 993806, at *3 (D. Del. Bankr. Mar. 7, 2024). Nevertheless, the Special Master held that Arm Holdings plc is not a "counterpart to the contracts" and thus could not be jointly, severally, or alternatively liable with Arm Ltd. (although she made no mention of Qualcomm's UCL claim). Order at 4. This decision was made in error and without briefing (*see* A001-07, A283-89): a Rule 20 motion does not turn on the merits of existing claims and Arm never moved to dismiss any claim against Arm Holdings plc on corporate structure grounds.[10] The Special Master had no authority to decide this issue *sua sponte*. D.I. 336.

IV.  **CONCLUSION**

Qualcomm's objections should be sustained and leave to amend should be granted.

---

[10] Qualcomm would oppose such a motion, given language in the ALA and TLA (*see* A418 (ALA); A463 (TLA)), Arm Holdings plc's control over Arm Ltd., Arm's failure to produce evidence that Arm Holdings plc did not incur obligations under the ALA/TLA, and Arm's representations that Arm Holdings plc and Arm Ltd. are interchangeable for purposes of these claims. Any attempt to obtain dismissal because Qualcomm did not move to amend earlier should be evaluated under the *Poulis* factors, which the Third Circuit intends to "preserve the ability of the parties to try their cases on the merits." *Knoll* v. *City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013).

10

<table>
<tr><td>

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Erin J. Morgan
DUNN, ISAACSON, RHEE LLP
11 Park Place
New York, NY 10007
(202) 240-2900
Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

January 14, 2026

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

</td></tr>
</table>

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 14, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daniel P. Muino, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, DC 20037<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Brian M. Kramer, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 200<br>San Diego, CA 92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| William Frentzen, Esquire<br>Daralyn J. Durie, Esquire<br>Shaelyn Dawson, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Lydia B. Cash, Esquire<br>MORRISON & FOERSTER LLP<br>300 Colorado Street, Suite 1800<br>Austin, TX 78701<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Gregg F. LoCascio, P.C.<br>Jason M. Wilcox, P.C.<br>Meredith Pohl, Esquire<br>Matthew J. McIntee, Esquire<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Jay Emerick, Esquire<br>Adam M. Janes, Esquire<br>Reid McEllrath, Esquire<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL  60654<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Peter Evangelatos, Esquire<br>Nathaniel Louis DeLucia, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)