IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>              Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>              Defendant. | REDACTED - PUBLIC VERSION<br>FILED JANUARY 27, 2026<br><br>C.A. No. 24-490-MN |

## DEFENDANT ARM HOLDINGS PLC'S MOTION TO BIFURCATE THE 2026 TRIAL AND TO STRIKE IN PART QUALCOMM'S JURY DEMAND

Dated: January 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

**INTRODUCTION**

Although Qualcomm has demanded a jury on every count in its Second Amended Complaint, it is not entitled to one with respect to its California Unfair Competition Law ("UCL") claim. Courts, including this one, have consistently held UCL claims are exclusively equitable in nature and reserved to the jurisdiction of the Court. *See Nationwide Biweekly Admin., Inc. v. Super. Ct. of Alameda Cnty.*, 9 Cal. 5th 279, 297 (2020); *Crowell v. FCA US LLC*, 2024 WL 4333088, at *8–9 (D. Del. Sep. 27, 2024) (Noreika, J.) ("[T]he Court views Plaintiffs' present claim for relief under the UCL as a purely equitable claim."). In the words of the California Supreme Court, "the legislative history and legislative purpose of [the UCL] convincingly establish that the Legislature intended that such causes of action under these statutes would be tried by the court, exercising the traditional flexible discretion and judicial expertise of a court of equity," *Nationwide*, 9 Cal. 5th at 297. Given the exclusively equitable nature of Qualcomm's UCL claim, there is no federal right to a jury trial.

With no jury trial right, there is no reason to have the jury resolve the UCL claim. In an effort to avoid prejudice and needless jury confusion, streamline issues for trial, and conserve judicial resources, Arm therefore moves to bifurcate the upcoming jury trial. If necessary, following the jury's verdict, the Court should adjudicate Qualcomm's entitlement to equitable relief under the UCL in a short bench trial. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) (where there are issues common to both the equitable and legal claims, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims"). As part of that request, Arm also moves to strike Qualcomm's jury demand as to the UCL claim.

**LEGAL STANDARD**

If the issues presented carry "no federal right to a jury trial," then Federal Rule of Civil Procedure 39(a)(2) directs the court to strike such a demand. Fed. R. Civ. P. 39(a); *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226 (3d Cir. 2007). "Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 441 (D. Del. 2010) (citation omitted). When exercising this broad discretion, courts "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Id.* (citing *Enzo Life Scis., Inc. v. Digene Corp.*, 2003 WL 21402512, at *4 (D. Del. June 10, 2003)). "[T]he major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). Under either Rule, California's UCL claim is appropriately tried to the bench.

**ARGUMENT**

**I.   QUALCOMM'S EQUITABLE UCL CLAIM CANNOT BE DECIDED BY THE JURY.**

Its pro forma jury demand aside, Qualcomm may not try its equitable UCL claim to the jury. Because the UCL grants only equitable relief, "there is no federal right to a jury trial." *See* Fed. R. Civ. P. 39(a) (a trial by jury is appropriate "unless[] . . . the court . . . finds that on some or all of those issues [for which a jury was demanded] there is no federal right to a jury trial"). The UCL provides only limited, equitable relief. Cal. Bus. & Prof. Code § 17203; *see also AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 222 (3d Cir. 2009) (citing cases); *Kennedy v. Lakso Co.*, 414 F.2d 1249, 1251 (3d Cir. 1969) ("[A] civil action in the nature of an action at law [is] triable by jury and one in the nature of an action in equity [is] not triable by jury.");

2

*Plechner v. Widener Coll., Inc.*, 569 F.2d 1250, 1258 (3d Cir. 1977) ("[I]f a claimant can be made whole only by specific relief available in equity, there is no right to a jury.") (citation omitted). Accordingly, Arm respectfully requests that the Court strike Qualcomm's jury trial demand and bifurcate the upcoming trial, with any evidence and testimony related to the UCL count reserved for a subsequent bench trial.

### a. The UCL Is An Equitable Claim Within The Exclusive Jurisdiction Of The Court.

Whether a litigant is entitled to a trial by jury in federal court is a matter of federal law, rather than state law. *Simler v. Conner*, 372 U.S. 221, 222 (1963). In evaluating that entitlement under the Seventh Amendment, courts: (1) consider "the historical characterization of the cause of action," *Miller v. Sun Cap. Partners, Inc.*, 2016 WL 4941989, at *3 (D. Del. Sep. 15, 2016); and (2) "examine the remedy sought [to] determine whether it is legal or equitable in nature." *Tull v. United States*, 481 U.S. 412, 417–18 (1987); *SEC v. Jarkesy*, 603 U.S. 109, 123 (2024). Applying the *Tull* two-step test makes clear there is no jury-trial right for Qualcomm's UCL claim. *See* Fed. R. Civ. P. 39(a).

As a historical matter, prior to the merger of courts of law and equity, only those claims with no adequate remedy at law could proceed to a court of equity. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 48 (1989). Courts have historically treated the UCL as granting purely equitable relief. *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1141 (9th Cir. 2025) (agreeing with Qualcomm that equitable relief is "the only relief afforded by the UCL"); *Crowell*, 2024 WL 4333088, at *8–9. Consistent with this equitable pedigree, "the legislative history and legislative purpose of [the UCL] convincingly establish that the Legislature intended that such causes of action under these statutes **would be tried by the court**, exercising the traditional flexible discretion

3

and judicial expertise of a court of equity, ***and not by a jury***, including when civil penalties as well as injunctive relief and restitution are sought." *Nationwide*, 9 Cal. 5th at 297 (emphasis added).

Given that the statute does not grant ***any*** legal relief or damages, California courts routinely hold UCL counts must be tried before the court and not a jury. *See, e.g.*, *Kingsbury v. U.S. Greenfiber, LLC*, 2013 WL 12121540, at *1 (C.D. Cal. Nov. 4, 2013); *Nationwide*, 9 Cal. 5th at 297; *People v. First Fed. Credit Corp.*, 104 Cal. App. 4th 721, 733 (2002); *People v. Toomey*, 157 Cal. App. 3d 1, 17–18 (1984); *People v. Bestline Prods., Inc.*, 61 Cal. App. 3d 879, 916 (1976); *see also Cargill Inc. v. Progressive Dairy Sols., Inc.*, 362 Fed. App'x 731, 733 (9th Cir. 2010) ("We note that defendants' [UCL] counterclaim was not subject to a jury trial."); *CZ Servs., Inc. v. Express Scripts Holding Co.*, 2020 WL 4368212, at *8 (N.D. Cal. July 30, 2020) ("UCL claims are equitable in nature and tried to the Court."), *aff'g*, 2023 WL 5695996 (9th Cir. Sep. 5, 2023); *Okura & Co. (Am.), Inc. v. Careau Grp.*, 783 F. Supp. 482, 491 (C.D. Cal. 1991) ("[N]o right of jury trial attaches to [a UCL] cause of action."). This Court should do the same. *Ortega v. Nat. Balance Inc.*, 2014 WL 12560623, at *3 (C.D. Cal. Oct. 29, 2014) (explaining that the pursuit of "equitable remedies" under the UCL must be "decided by the Court") (citing cases).

Were there any doubt, the second *Tull* factor—the "nature of the remedy sought"—is all but dispositive. The only remedies the UCL provides are "[i]njunctive relief and restitution," both strictly equitable remedies. *See Mosiman v. Madison Cos., LLC*, 2019 WL 203126, at *5 (D. Del. Jan. 15, 2019) ("Suits asserting statutory UCL claims are equitable actions.") (citation omitted); *Clark v. Prudential Ins. Co. of Am.*, 289 F.R.D. 144, 187 (D.N.J. 2013) ("The remedies available in a UCL action are limited to injunctive relief and restitution."); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Given the UCL's exclusively equitable character, it is

4

the "duty of the Court to determine the merits of [the] claim[], not a jury." *Ortega*, 2014 WL 12560623, at *3.

A closer inspection of the UCL itself makes that plain. Consider the UCL's unfairness prong. To determine liability under that prong, courts are charged with weighing the evidence to deduce whether the alleged "unfair conduct" violates the "spirit of the law." *See Ningde Amperex Tech. Ltd. v. Zhuhai CosMX Battery Co.*, 2024 WL 374549, at *2 (E.D. Tex. Jan. 31, 2024) (citing *Nationwide*, 9 Cal. 5th at 302–03). The California Supreme Court "affirmatively noted," *Ningde*, 2024 WL 374549, at *2, this unfairness "standard is one that may reasonably be applied ***only*** by a court," *Nationwide*, 9 Cal. 5th at 302–03 (emphasis added). Underscoring this point, no model jury instructions exist for a UCL claim under California law. This is no accident: The California Supreme Court has observed the UCL unfairness "standard is too indeterminate to be adequately conveyed by jury instructions or applied by a jury." *Nationwide*, 9 Cal. 5th at 302–03. Qualcomm's amorphous description of the standard it believes applies to its UCL claim only exaggerates that indeterminacy. *See* Ex. 1 at 49–58.

The same is true for the UCL's unlawful prong, which is itself merely a "separate equitable cause of action," distinct from the underlying conduct alleged to be unlawful. *See Hodge v. Super. Ct. of L.A. Cnty.*, 145 Cal. App. 4th 278, 284 (2006) (citation omitted). In other words, that Qualcomm's UCL claim contains predicate acts sounding in tort and breach of contract makes no difference. The mere fact that other tort or contract claims "may be implicated does not transform [this] equitable action into one of law." *Id.* at 285 (citing *Walton v. Walton*, 31 Cal. App. 4th 277, 287 (1995)).

## II. QUALCOMM'S EQUITABLE UCL CLAIM SHOULD BE BIFURCATED AND TRIED LATER TO THE COURT.

Because Qualcomm has no federal right to a jury on its equitable UCL claim, Arm moves

5

to bifurcate Qualcomm's complaint and try the UCL count at a time convenient for the Court after the jury trial.  Qualcomm should first try its tort and contract claims, and if necessary, the Court would then schedule a later bench trial at its convenience on the UCL claim.  The Court has "broad discretion" to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" where separation is convenient, will avoid prejudice, expedite a resolution, or economize resources.  Fed. R. Civ. P. 42(b); *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972); *see also Thabault v. Chait*, 541 F.3d 512, 529 (3d Cir. 2008); *Enzo*, C.A. No. 02-212-JJF, 2003 WL 21402512, at *4 ("Under Rule 42(b), 'a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management.'") (citation omitted).  The Court should exercise that discretion here.

***First,*** bifurcation would avoid prejudice.  The expert testimony and evidence related to so-called market "dominance," including Arm's defenses to Qualcomm's UCL market-related theories like input foreclosure and Arm's "violations of neutrality," are separate and distinct from any of Qualcomm's other claims.  *See Eurand Inc. v. Mylan Pharms. Inc.*, 2009 WL 3172197, at *2 (D. Del. Oct. 1, 2009) ("[M]ilitating toward bifurcation of these issues is the distinct lack of evidentiary overlap between issues of patent validity and infringement and issues of patent misuse and antitrust.").  It will needlessly confuse the jury to hear lengthy examination of experts on technical economic and legal theories of anticompetitive conduct when the jury cannot ultimately render a verdict that Arm's conduct was anticompetitive and Qualcomm is entitled to the restitution it seeks.[1]

---

[1] Arm moved for summary judgment on Qualcomm's UCL theory, in part, because Qualcomm has failed to adequately request injunctive relief under the UCL where its initial disclosures and interrogatory responses only reference restitution.  D.I. 438 at 24–26.  Qualcomm disagrees.  D.I. 464 at 37.

6

Rather, bifurcation would benefit jurors by allowing them to "concentrate on one complex body of law at a time." *Enzo*, 2003 WL 21402512, at *5. Qualcomm's claims are myriad and dense, and they already require the jury to consider a significant number of issues in only five short days—all set within the context of a very technically complex industry with cutting-edge technology. And the likelihood of confusion is not remote: Qualcomm repeatedly mixes and matches market "dominance" and "control" in its description of the UCL claim—terms which their own expert agrees "a[re] kind of a vaguer notion, and [] not typically used in economic models." Ex. 2 at 16:6–12. One can easily see how a drive-by insinuation that Arm exercises market dominance and its alleged conduct is "unfair" or "unlawful" as a nod to the UCL risks significant prejudice to Arm on other Qualcomm's claims, including tortious interference.

**Second,** bifurcation would conserve judicial resources. Bifurcation is often used to "simplify" the issues presented at trial and to "maintain manageability of the volume and complexity of the evidence presented to a jury." *Enzo*, 2003 WL 21402512, at *5 (citation omitted) (bifurcating patent case into liability and damage trials). That is especially true for antitrust and unfair competition claims, which are "notoriously complex." *DSM IP Assets*, 2024 WL 639991, at *6. As one court in this District recently observed, "staying the antitrust and unfair competition counterclaims . . . is clearly preferable to attempting to adjudicate both the infringement claim and the counterclaims at the same time and, potentially, before the same jury." *Id.*

That same reasoning applies with equal force here. There is little to no evidentiary overlap (particularly with respect to expert testimony) on issues related to relevant markets and Arm's alleged power within those markets. If the UCL claim is bifurcated, Qualcomm's economics expert, Professor Eric Posner, will not need to testify at all; his opinions relate exclusively to the UCL. As for Arm's economics expert, his expected testimony would be streamlined to a narrow

7

causation opinion rebutting Qualcomm's claimed harm for its tortious interference claim. *See* Ex. 3 ¶¶ 79–106.

Much of the other evidence implicated by Qualcomm's UCL claim is likewise irrelevant to the other claims in the case. There would be no need to present evidence on complex economic concepts like Professor Posner's novel input foreclosure theory. Ex. 4 ¶¶ 50–54, 64–79; Ex. 5 ¶¶ 1–33, 37–43, 47–51; Ex. 3 ¶¶ 12–14, 23, 28, 31–32, 107–119, 138–163, 173–197, 220–226. The jury would not need to consider whether Arm is a monopolist, occupies a dominant position, or whether other instruction set architectures, such as x86 and RISC-V, compete in the same markets as the Arm architecture. Ex. 4 ¶¶ 11, 14, 19, 22, 33, 35, 43, 55–58, 78, 84–86, 90; Ex. 5 ¶¶ 2–3, 5, 7, 15–19, 22, 25–26, 28–29, 42, 46, 48–49; Ex. 3 ¶¶ 14, 16–18, 22, 41–45, 64–74, 77, 114, 136–149, 211–218. Nor do Qualcomm's other claims implicate evidence concerning Arm's past licensing practices, whether Arm's business plans abandon a supposed commitment to be the "Switzerland" of the semiconductor industry, or projections about what the market for CPUs within data centers will look like five or ten years from now. Ex. 4 ¶¶ 11, 19, 21–23, 27, 30–31, 44, 46, 56, 58, 62, 64–72, 80–90; Ex. 5 ¶¶ 2–7, 15–16, 19, 22, 31–33, 40, 42–46, 48–49; Ex. 3 ¶¶ 29–32, 46–55, 72–78, 157–164, 172–197, 251. It would needlessly confuse the jury and waste trial time in an already complex case to present evidence on these topics to the jury when Qualcomm has no jury trial right on its UCL claim.

In fact, depending on the jury's verdict, there may be no need to try the UCL count at all. For example, Professor Posner has explained that evidence of Arm's "[a]bility to foreclose" includes whether Qualcomm is successful in its breach of contract claims, implied covenant claim, and tortious interference claims. Ex. 2 at 292:10–19, 295:13–297:18. If the jury finds Arm did not breach the ALA, TLA, or implied covenant of good faith and fair dealing, and/or did not

8

tortiously interfere with Qualcomm's business relationships, the only allegedly "unfair" conduct left for the Court's consideration is Arm's supposed "change of mind" with respect to a business choice to provide licensees access to its intellectual property on a neutral and open basis. Conversely, if Qualcomm succeeds on some or all of its claims sounding in tort and contract, then the Court need consider whether the facts found by the jury meet the standard for "unfairness" under California law. *Nationwide*, 9 Cal. 5th at 302–03. That all inures to the benefit of the Court and the parties in conserving resources. Nor will bifurcation cause any delay. Arm anticipates that the expert testimony and other evidence unique to the UCL could be heard in a short trial following the jury determination on Qualcomm's other claims and scheduled at a time convenient for the Court.

**Finally,** bifurcation will result in a just final disposition of the litigation. Because California courts have conclusively determined UCL counts are properly within the Court's purview, permitting the jury to consider evidence of this equitable claim—or worse yet, render a verdict—opens the door to unjust results and a verdict influenced by irrelevant considerations. The Court should exercise its discretion and bifurcate Qualcomm's equitable UCL count from its other claims for legal relief.

It makes no difference that Qualcomm "demands a trial by jury of all claims and issues presented in" its Second Amended Complaint "that are *so triable*." D.I. 137 at 65 (emphasis added). This does not include Qualcomm's equitable UCL claim, a claim that involves different elements, different evidence, and different relief than the common-law claims Qualcomm asserts. Courts routinely strike jury demands in the lead-up to trial when plaintiffs have no right to a jury. *See AstenJohnson*, 562 F.3d at 222; *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226–27 (3d Cir. 2007); *Engines, Inc. v. MAN Engines & Components, Inc.*, 2012 WL 589558, at *2

9

(D.N.J. Feb. 22, 2012); *AstraZeneca LP v. Tap Pharm. Prods., Inc.*, 444 F. Supp. 2d 278, 288 (D. Del. 2006); *TruePosition, Inc. v. Sunon, Inc.*, 2006 WL 1451496, at *8 (E.D. Pa. May 25, 2006). The Court should similarly strike Qualcomm's jury demand with respect to its UCL claim.

## CONCLUSION

The Court should grant Arm's motion to bifurcate the upcoming trial and, as part of that request, strike Qualcomm's jury demand with respect to the UCL count.

<table>
<tr><td>

Dated: January 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
shaelyndawson@mofo.com

Erik J. Olson

</td><td>

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


 /s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

</td></tr>
</table>

11

MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>Defendant. | C.A. No. 24-490-MN<br><br>■ |

## RULE 7.1.1 CERTIFICATION

Pursuant to D. Del. Local Rule 7.1.1, counsel for Arm hereby certifies that they have made a reasonable effort to reach agreement with counsel for Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Plaintiffs") regarding the matters set forth in Defendant Arm Holdings plc's Motion to Bifurcate the 2026 Trial and to Strike in Part Qualcomm's Jury Demand, including oral communication involving Delaware counsel for all parties. Plaintiffs have advised that they will be opposing Arm's motion.

Dated: January 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204

dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com
John Poulos
NORTON ROSE FULBRIGHT US LLP

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

Dated: January 20, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*