# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>        Defendant. | C.A. No. 24-490-MN |
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARM LTD., a U.K. corporation,<br><br>        Defendant. | C.A. No. 26-020-MN |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA REGARDING THE AMENDED SCHEDULING ORDER PURSUANT TO THE JANUARY 22 STATUS CONFERENCE**

February 5, 2026

Dear Judge Noreika:

The parties submit this joint letter pursuant to the Court's January 22, 2026 Oral Order requiring the parties to submit a proposed amended Scheduling Order. The parties confirm that they are available for trial starting October 5, 2026.

The parties have contacted the seven third parties who filed motions for protective orders, but not all third parties are available on a single day the week of March 9 (specifically, counsel for Analog Devices is not available on March 10 and counsel for Annapurna Labs is not available on March 12). Therefore, the parties have proposed a hearing on March 10[1] and a brief additional hearing specifically for any disputes related to Analog Devices on March 12 to accommodate their differing availability.

With respect to the remainder of the schedule, the parties have exchanged proposals and have met and conferred, but have been unable to reach agreement. Accordingly, the parties submit their competing proposals below.

With respect to Special Master rulings issued after February 5, 2026, the parties agree that the objection and response time period should be shortened to allow the Court the appropriate time to review the parties' papers. For any Special Master rulings issued after February 5, 2026, the parties agree that objections should be filed no later than fourteen (14) days after being served with a copy of the ruling, and the responses thereto should be filed within seven (7) days after being served with a copy of the objections. If the Special Master rules on any disputes within 21 days

---

[1] The parties propose that the hearing on March 10 will cover Arm's Motion to Dismiss and Motion to Bifurcate, any objections to the rulings of the Special Master, and any motions that the Special Master has not ruled on as of that date. With respect to the scheduling of the third-party motions, counsel handling the Annapurna Labs' motion for Plaintiffs is only available after 2:00 p.m. on March 10.

of the March hearings, the parties will work together to determine an appropriate shorter briefing schedule so that objections, if any, are fully briefed before the Court for the March hearings.

**Qualcomm's Position:** Qualcomm proposes the Court enter the following preliminary Amended Case Schedule:

| Event | Current Deadline | Proposed Revised Deadline |
|---|---|---|
| Arm letter regarding narrowing/withdrawing Motion to Dismiss | N/A | February 13, 2026 |
| Hearing on Motion to Dismiss (if elected by Arm), Motion to Bifurcate, Special Master Objections, and outstanding motions to compel. | N/A | March 10 and 12, 2026 (if convenient for the Court) |
| Pretrial conference | March 2, 2026 | Week of September 21 |
| Jury selection | N/A | October 2, 2026 (if convenient to the Court) |
| 5-day jury trial | March 9, 2026 | October 5, 2026 |

Qualcomm believes that it is premature to set interim fact and expert discovery deadlines as the parties have not yet received any Special Master rulings ordering additional discovery or any rulings regarding the pending motions to compel. (D.I. 359, 361, 375, 378).[2] As a result, the scope of any additional discovery is unknown, yet Arm seeks permission to redo large chunks of discovery, summary judgment, and *Daubert*. Arm's schedule is not tethered to any new discovery or new facts or limited to discovery that the Special Master or Court permits. As one example, Arm's proposal for additional depositions is not limited to depositions ordered by the Special Master or the Court, and is unlimited by number or hours. And Arm wants another run at summary

---

[2]    The Court may sustain objections taken to the Special Master's rulings at the upcoming March hearing, which may also result in additional discovery being permitted.

judgment and *Daubert*, both of which may not be merited even with new discovery. At a minimum, any further expert reports or briefing should be limited to issues that could not have been raised in the original reports or briefing. Qualcomm raised all of these deficiencies with Arm, yet Arm refused to alter its proposed schedule.

Instead of guessing at appropriate deadlines in which the parties will complete undetermined additional discovery now, Qualcomm proposes that the parties meet and confer once the parties have an understanding of what additional discovery is ordered, and at that point, submit a revised scheduling order that fills in any interim discovery deadlines and the like. To that end, Qualcomm proposes that the parties file a revised Amended Scheduling Order within five days following the March hearing that will include discovery deadlines based on the scope of additional discovery ordered during the hearing.

Arm raises below "new issues specific to Arm Ltd." for which it contends discovery is needed; however, the parties have not discussed what, if any, those Arm Ltd.-specific discovery issues are, and Qualcomm is unaware of what the scope of any such discovery would be.[3] Additionally, the Court has not yet had the opportunity to fully hear or decide Qualcomm's objections to the Special Master's order denying Qualcomm's motion for leave to amend, which will determine whether Qualcomm's claims against Arm Holdings plc and Arm Ltd. proceed as one action or as two consolidated actions. Accordingly, Qualcomm proposes that the parties discuss the limits of any such discovery after the March hearing in conjunction with any other discovery ordered by the Court following the March hearing.

---

[3] *See,* Jan. 22, 2026 Tr. at 42:21-23 (noting that Arm Ltd.'s time to respond to Qualcomm's complaint is extended until after the March hearing).

**Arm's Position**:

Arm proposes a complete schedule for these consolidated cases:

| EVENT | QUALCOMM'S PROPOSED DEADLINE | ARM'S PROPOSED DEADLINE |
|---|---|---|
| Arm's election of the issues in its Motion to Dismiss that it seeks to argue at the March hearing | Feb. 13, 2026 ||
| Hearing regarding pending discovery disputes, Arm's motion to bifurcate, and Arm's motion to dismiss | March 10 and 12, 2026 (subject to Court's availability)* ||
| Supplemental interrogatory responses and substantial completion of additional document production | | April 1, 2026 |
| Deadline to complete additional depositions | | May 7, 2026 |
| Supplemental expert reports | | May 22, 2026 |
| Rebuttals to supplemental expert reports | | June 5, 2026 |
| Additional expert discovery cutoff** | | June 24, 2026 |
| Deadline to submit supplemental dispositive and *Daubert* motions | | July 9, 2026 |
| Answering briefs for supplemental dispositive and *Daubert* motions | | July 23, 2026 |
| Reply Briefs for supplemental case dispositive motions and *Daubert* motions | | July 30, 2026 |
| Hearing on dispositive and *Daubert* motions | | Week of August 17, 2026 (subject to Court's availability) |
| Submit Pretrial Order | September 21, 2026 ||

4

| | |
|---|---|
| Pretrial conference*** | September 28, 2026 (subject to Court's availability) |
| Jury Selection | October 2, 2026 (subject to Court's availability) |
| Jury trial | October 5, 2026 |

\* One third party, Analog Devices, has informed the parties its counsel is not available on March 10 and another third party, Annapurna Labs, has informed the parties that its counsel is not available on March 12. The parties have proposed a hearing on March 10 and a brief additional hearing specifically for any disputes related to Analog Devices on March 12 to accommodate the third parties' availability.

\*\* There will be no supplemental reply expert reports.

\*\*\* Consistent with the Court's prior Scheduling Order setting the pre-trial conference one week in advance of trial, Arm proposes holding the pre-trial conference on September 28, 2026, but does not oppose Qualcomm's proposal for a pre-trial conference on September 21, 2026 or at any time convenient for the court.

      At the January 22, 2026 status conference, the Court tentatively set a trial date for October 5 and directed the parties to "come up with a new schedule that gets you to that date." 1/22/26 Hearing Tr. at 38:17-19. Consistent with the Court's directive, Arm submits a proposed schedule that includes deadlines for any additional fact discovery, additional expert discovery, and updated dispositive and *Daubert* motions. Arm exchanged its proposed joint chart with Qualcomm, but Qualcomm declined to enter dates or submit a joint chart. In addition to accounting for any forthcoming rulings from the Special Master ordering additional discovery, Arm's proposal also allows Arm Ltd. an opportunity to conduct discovery on defenses it may have to Qualcomm's recently filed complaint in these now-consolidated cases.

      Qualcomm's position is that the Court should not enter a schedule at this time because the Special Master has not yet issued orders on all pending motions before her. Arm disagrees with Qualcomm's position. The Court expressly contemplated that the Special Master may not have issued all of her rulings by the deadline for the parties to submit their proposed schedules, and that

5

the Special Master may not have issued all of her rulings by the time of the March hearing. *Id.* at 41:23-24.

Qualcomm's suggestion that Arm seeks "unlimited" discovery mischaracterizes Arm's proposed schedule. By setting discovery and pre-trial deadlines, Arm is not proposing that discovery or briefing should be unlimited. Any additional discovery should be targeted and consistent with the scope of discovery ordered by the Special Master in her forthcoming rulings and for any new issues specific to Arm Ltd. The same is true for any supplemental dispositive motions. But establishing the specific limits on additional discovery or supplemental dispositive motions, which Arm agrees would be premature given the pending discovery disputes, is not necessary before setting discovery and pre-trial deadlines, particularly given the limited time available between now and October.

Arm believes that entering a Scheduling Order now that includes interim deadlines is appropriate, maximizes efficiency, and minimizes the burden on the Court. Having a schedule in place now is the best way to ensure this case is trial-ready by October 5 and that the discovery and pre-trial process proceeds in an orderly and efficient manner. Should forthcoming rulings from the Special Master warrant any adjustment of those interim deadlines, Arm believes the parties should address those issues at a later date and on an as-needed basis.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Jennifer Ying* | */s/ Robert M. Vrana* |
| Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com | Anne Shea Gaza (#4093)<br>Robert M. Vrana (#5666)<br>Samantha G. Wilson (#5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com<br>swilson@ycst.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

February 5, 2026

cc: Clerk of the Court (via hand delivery)
      All Counsel of Record (via CM/ECF and e-mail)