IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-490 (MN) |
| v. | ) ) | ▮▮▮▮▮▮▮▮▮ |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) ) ) | ▮▮▮▮▮▮ |
| Defendant. | ) ) | REDACTED - PUBLIC VERSION |

**PLAINTIFFS' OBJECTIONS TO THE SPECIAL MASTER'S
JANUARY 22, 2026 ORDER (D.I. 604) DENYING PLAINTIFFS'
MOTION TO STRIKE THE EXPERT REPORTS OF ARM'S EXPERTS
<u>MICHAEL C. BROGIOLI, PH.D. & STEVEN RICHARDS, CPA</u>**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Erin J. Morgan
DUNN, ISAACSON, RHEE LLP
11 Park Place
New York, NY 10007
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

February 12, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

<u>**Page**</u>

I.    PRELIMINARY STATEMENT ............................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................................... 2

    A.    Brogioli's Report Contains Improper Rebuttal. .................................................... 3

    B.    Richards' Report Contains Improper Rebuttal. .................................................... 4

    C.    The Special Master's Hearing and Decision. ....................................................... 5

III.  ARGUMENT ....................................................................................................................... 5

    A.    The Special Master Wrongly Applied Out-of-Circuit Law. ................................. 5

    B.    The Brogioli and Richards Reports Should Be Stricken. ..................................... 7

IV.   CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen* v. *Parkland Sch. Dist.*,
230 F. App'x 189 (3d Cir. 2007) ..........................................................................7

*Cirba Inc.* v. *VMware, Inc.*,
2023 WL 6799267 (D. Del. Mar. 30, 2023) .......................................................8, 9

*Galderma Lab'ys, L.P.* v. *Amneal Pharms., LLC*,
2018 WL 508876 (D. Del. Jan. 22, 2018)...............................................................8

*Wang* v. *Injective Labs Inc.*,
2025 WL 775530 (D. Del. Mar. 11, 2025) ...................................................5, 6, 7, 9

*Withrow* v. *Spears*,
967 F. Supp. 2d 982 (D. Del. 2013).....................................................................5, 6, 7

**Rules**

Fed. R. Civ. P. 26(a)(2).....................................................................................2, 6

Fed. R. Civ. P. 37(c)(1).....................................................................................6, 7

Fed. R. Civ. P. 53 ...............................................................................................5

## I.    PRELIMINARY STATEMENT

On August 8, 2025, Qualcomm served two opening expert reports: one from Professor Eric Posner relating to the anticompetitive effects of Arm's unfair competition, and one from Dr. Patrick Kennedy relating to damages.  Neither expert is technically trained.  Arm served no opening reports.  Pursuant to the Scheduling Order, rebuttal expert reports that "contradict[ed] or rebut[ted] evidence on the same matter identified by another party" (D.I. 44 ¶ 7(g)(i)) were due September 5, 2025.  Arm served four expert reports styled as "rebuttal" expert reports.  Arm's expert Timothy S. Simcoe, a professor of strategy and innovation, rebutted Posner, and damages expert Thomas W. Britven rebutted Kennedy.  But Arm also served two "rebuttal" reports, from Michael C. Brogioli, Ph.D. and Steven Richards, CPA, that do not directly contradict or rebut the contents of the Posner or Kennedy reports.  Brogioli and Richards do not even address the same general subject matter as Qualcomm's experts, as neither Posner nor Kennedy opines on the technical verification, Nuvia-related, or v10-related topics that are the subject of Brogioli's report or the SEC disclosure topics that are the subject of Richards's report.

On September 11, 2025, Qualcomm asked whether Arm would withdraw its improper Brogioli and Richards reports; Arm refused.  On the parties' September 15 meet and confer, Arm could not identify a single opinion in Qualcomm's expert reports to which Brogioli or Richards was responding.  Instead, Arm asserted that "the reports speak for themselves on that." A0315-16 at 37:19-39:11.  The reports clearly are not proper rebuttal.  On September 16, Qualcomm moved to strike the Brogioli and Richards reports.[1]

---

[1] Qualcomm's pending *Daubert* motion for both Brogioli and Richards also mentions that Qualcomm had a pending motion to strike their reports as of the time of *Daubert* briefing based on improper rebuttal.  *See* D.I. 434 at 3-5, 11-12. Qualcomm requests that the Court resolve this issue here.

1

On January 22, 2026, the Special Master denied Qualcomm's motion in an erroneous Order, which is based on inaccurate and incomplete findings and relies on out-of-circuit law over Delaware precedent. This Court's review is *de novo*. For the reasons stated below, the Brogioli and Richards reports are not proper rebuttal reports and should be stricken.

## II. FACTUAL BACKGROUND

The case Scheduling Order states: "For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before August 8, 2025." D.I. 44 ¶ 7(g)(i). Qualcomm served the Posner and Kennedy reports on August 8. Posner, Qualcomm's competition expert, opined on Arm's anticompetitive and unfair actions, including through behavior known among economists as "input foreclosure" and Arm's abandonment of its prior neutral licensing scheme. Kennedy, Qualcomm's damages expert, opined on damages Qualcomm incurred related to its tortious interference and implied covenant claims, analyzed the financial terms in Qualcomm's contracts and available agreements between Arm and third parties, and ███████████████████████████ ███████ if it prevailed on its breach of contract claims.

The Scheduling Order further states: "The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before September 5, 2025." D.I. 44 ¶ 7(g)(i). Rather than serve any opening reports, Arm served four expert reports on the September 5 rebuttal deadline. The Britven report rebutted the Kennedy report. The Simcoe report rebutted both the Posner and Kennedy reports.[2] But Arm also served a 177-page technical report

---

[2] Qualcomm moved to exclude certain opinions of the Britven and Simcoe reports in its pending *Daubert* motion (D.I. 433, 434), but did not move to strike these reports as improper rebuttal.

from Brogioli and a 31-page SEC disclosure report from Richards.  Qualcomm moved to strike the Brogioli and Richards reports as improper rebuttal.

### A.  Brogioli's Report Contains Improper Rebuttal.

Qualcomm alleges in this case that Arm failed to provide Arm Technology (the OOB and ACK patches) and configuration information for what is called an ETE checker in breach of the parties' ALA.  Arm has argued that Qualcomm was not entitled to the withheld deliverables because they are not Arm Technology and instead are support.  A1348-53.  Qualcomm has not offered a technical expert in support of these or other claims.  Arm nevertheless submitted for the first time as a rebuttal expert a technical expert, Brogioli, who was "asked by Arm's counsel to provide a technical assessment" regarding these claims.  A0016 ¶ 15 (Brogioli).  In his 177-page report, Brogioli opines that OOBs, ACK patches, and ETE configuration information "were not necessary for Qualcomm" to verify its custom CPUs (A0079-121 ¶¶ 165-265), that any extra verification work done by Qualcomm as a result of Arm's withholding was minimal and Qualcomm did not face additional risk to its CPUs (A0123-66 ¶¶ 272-368), that certain of Qualcomm's CPUs are "Nuvia-based" (A0166-70 ¶¶ 369-377), that v10 of Arm's architecture contains significant technical improvements (A0170-79 ¶¶ 378-394), and that Arm CPUs outperform Qualcomm custom CPUs (A0179-87 ¶¶ 395-419).  At deposition, Brogioli testified that he drafted his report before Qualcomm's reports were even served.  A1648 at 47:11-21.

Brogioli claims that his 419-paragraph report is responsive to one paragraph in Qualcomm's damages expert report, where every sentence begins either "I understand…" or "Qualcomm claims…" (A0300-01 ¶ 32 (Kennedy)), and five paragraphs in Qualcomm's competition expert report, which contain background information on instruction set architectures ("ISAs"), Qualcomm's acquisition of Nuvia, competition between chip makers, evidence of Arm's foreclosure of Qualcomm from the Arm ISA and how such foreclosure may impede innovation

3

(A0287-88 ¶ 22, A0289 ¶ 28, A0291 ¶ 61, A0292-94 ¶ 65, A0295 ¶ 77 (Posner)).  A0035 ¶ 63, A0080-81 ¶ 167-168, A0179 ¶ 396 (Brogioli).   Those paragraphs focus on recitation of Qualcomm's factual allegations and contain no technical opinions.    And entire sections of Brogioli's report do not reference or cite Qualcomm's experts at all, including his opinion on Qualcomm's extra work due to Arm's alleged withholding of Arm Technology (A0123-47 ¶¶ 272-323), additional risk to Qualcomm due to the alleged withholding (A0147-66 ¶¶ 324-368), Qualcomm's so-called "Nuvia-based cores" (A0166-70 ¶¶ 369-377; *see also* A1653 at 86:6-89:14 (counsel for Arm arguing sections on so-called "Nuvia-based cores" are responsive "to their breach claim," not any of Qualcomm's expert's opinions)), and v10 (A0170-79 ¶¶ 378-394).

## B.  Richards' Report Contains Improper Rebuttal.

Richards opined that Qualcomm was required to disclose the October 22, 2024 letter from Arm in its Form 10-K (A0258-60 ¶¶ 64-68 (Richards)) and that Qualcomm was not materially harmed by Arm's public disclosure (A0260-69 ¶¶ 69-91).  Given the limited time to file reply expert reports, Qualcomm scrambled to identify a new expert and was able to respond only in part to Richards's first opinion regarding Qualcomm's disclosure of the October letter in its SEC filings.  A0664-65 ¶¶ 3-5 (Winer).  Again, neither of Qualcomm's experts provided any opinion regarding Qualcomm's SEC or related public disclosures.  And, Richards's 94-paragraph report is not responsive to the three paragraphs in the Kennedy report (A0302 ¶ 118, A0303-04 ¶¶ 124-125 (Kennedy)) and one paragraph in the Posner report (A0292-94 ¶ 65 (Posner)) that Richards purportedly rebuts, none of which refer to SEC filings or "material" harm.  A0240 ¶ 2 (Richards). As with Brogioli, each Kennedy report paragraph that Richards cites expressly says it is reciting what "Qualcomm alleges."  A0258 ¶ 62 (Richards).  And the Posner report paragraph simply states, among other points unrelated to the October 22 letter, that "Arm conducted a misinformation campaign designed to undermine customers' confidence in Qualcomm.  The

4

campaign included leaking the notice letter that Arm sent to Qualcomm…." *Id.* at ¶ 63 (Richards); A0292-94 ¶ 65 (Posner).  Richards's report does not attempt to engage with the opinions in the Kennedy or Posner reports, and only cites to these reports in his "Nature of Assignment" and "Basis for Opinion and Analysis" sections.  A0240 ¶ 2, A0258 ¶¶ 62-63 (Richards).

### C. The Special Master's Hearing and Decision.

The Special Master held a hearing on Qualcomm's motion on October 1, 2025.  On January 22, 2026, the Special Master denied Qualcomm's motion to strike the Brogioli and Richards reports.  *See* D.I. 604 ("Order").  The Order relies on out-of-circuit law, ignoring Delaware law where courts have struck expert reports as improper rebuttal based on Scheduling Orders that have the exact same language as the Scheduling Order in this case.  Order at 1-2.  Qualcomm objects to the Order pursuant to the Court's procedures (D.I. 336 ¶ 6) and Rule 53.  This Court's review is *de novo*.  Fed. R. Civ. P. 53(f)(3)-(4).

### III.   ARGUMENT

### A. The Special Master Wrongly Applied Out-of-Circuit Law.

As Judge Bryson noted, "Rule 26 clearly explains [that] rebuttal reports are intended to contradict or rebut evidence on the same subject matter in the opposing party's initial report…[I]t is insufficient for a report to 'simply address the same general subject matter as a previously-submitted report'; the report must contradict or rebut the actual contents of the initial report." *Wang* v. *Injective Labs Inc.*, 2025 WL 775530, at *1 (D. Del. Mar. 11, 2025) (citation omitted); *see also Withrow* v. *Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) ("expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports.").  Where, as here, a "rebuttal" expert "does not engage with, or even cite to" an opening expert's opinions for sections of his report, his "opinions are not appropriate subject matter for a

rebuttal report." *Wang*, 2025 WL 775530, at *2. A party that fails to disclose information as required under Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Special Master ignored Delaware law. Arm conceded it did not "have a case in this district" supporting its position. A1654 at 93:2-14. In ruling for Arm, the Special Master cited to Minnesota and California law, ignoring Delaware law directly on point: indeed, the Delaware cases address this identical issue based on Scheduling Orders that have ***identical language*** to the Scheduling Order here. The Scheduling Order in this case states, "For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before August 8, 2025." D.I. 44 ¶ 7(g)(i). This is the same language as in *Wang* (C.A. No. 22-943, D.I. 19 ¶ 5(f)(i) ("For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before August 25, 2023.")) and *Withrow* (967 F. Supp. 2d at 988 ("the party with the initial burden of proof on the subject matter to disclose expert testimony by November 9, 2012.")). A1654 at 90:1-92:5.

In *Wang*, on the date of opening expert reports, the defendant served a damages expert report while the plaintiff served an industry practices expert report. 2025 WL 775530, at *1. The plaintiff then submitted a "rebuttal report" containing "alternative damage calculations." *Id.* While certain sections were proper rebuttal material, other sections did "not engage with, or even cite to" the opening expert report, making it "clear from the report that [the plaintiff's expert] is offering an alternative damages theory that is unrelated to the theory put forth in [the defendant's

6

expert's] opening report." *Id.* at *2. The Court concluded such sections were improper rebuttal material and struck those portions from the report. *Id.* at *4.

In *Withrow*, the defendant served two reply expert reports in response to the plaintiff's one rebuttal expert report. 967 F. Supp. 2d at 988. The Court found that one of the reply expert reports was improper because its "contents are quite distinct" and it made "scant mention" of the report to which it purportedly replied to. *Id.* at 1002. Such "untimely or otherwise improper expert disclosure . . . may be excluded in order to protect against the flouting of discovery deadlines, so as to maintain fidelity to the constraints of Scheduling Orders and deadlines, which is critical to the Court's case management responsibilities." *Id.* at 1000-01 (citation omitted). Indeed, the *Withrow* court stated that "If Defendants had wished to affirmatively submit [their expert] report in a timely fashion pursuant to the Scheduling Order, they should have done so by the deadline for filing initial expert reports." *Id.* at 1003.

## B. The Brogioli and Richards Reports Should Be Stricken.

A party that fails to disclose information or identify a witness as required "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Third Circuit has accordingly "upheld the exclusion of expert witnesses as an appropriate sanction for a party's violation of a … pre-trial order." *Allen* v. *Parkland Sch. Dist.*, 230 F. App'x 189, 194 (3d Cir. 2007) (quotation omitted). The Third Circuit analyzes the *Pennypack* factors in determining whether evidence should be excluded. *Wang*, 2025 WL 775530, at *2. The *Pennypack* factors are: (1) the surprise or prejudice to the moving party; (2) the ability to cure such prejudice; (3) the extent to which the evidence would disrupt the order and efficiency of trial; (4) the offering party's bad faith or willfulness; and (5) the importance of the expert opinions at issue. *Id.*

7

Rule 37 and *Pennypack* favor exclusion of Brogioli's and Richards's opinions.  With respect to the first two *Pennypack* factors, Arm's late service of these reports prejudicially left Qualcomm with "two bad options: either scramble to have an expert respond in an effort to preserve an expert opinion on the [] allegations if the Court allowed them into the case; or offer no response and risk not preserving an opinion for trial if the pending Motion to Strike was denied." *Galderma Lab'ys, L.P.* v. *Amneal Pharms., LLC*, 2018 WL 508876, at *2 (D. Del. Jan. 22, 2018). Qualcomm could not respond timely to the Brogioli report on the September 19 reply report deadline (two weeks after it was served).  A1646-47 at 41:8-44:3.  Although Qualcomm responded in part to Richards's first opinion that Qualcomm was required to disclose the October letter, Qualcomm was unable to respond to Richards's second opinion regarding Qualcomm's harm.  *Id.* And even where a prejudiced party can depose a late-disclosed expert and serve a report rebutting his opinions, "it would be unjust to penalize [the moving party] for doing its best under difficult circumstances."  *Cirba Inc.* v. *VMware, Inc.*, 2023 WL 6799267, at *3 (D. Del. Mar. 30, 2023). Arm also objects to Qualcomm filing any reply reports in response to the Brogioli and Richards reports, taking the position that those reports are "untimely" and violate the Scheduling Order. A0339 at n.1; A1650-51 at 77:13-79:13 ("we don't think it's appropriate for them to instead serve expert [reports] for the first time in reply."), A1652-53 at 85:6-86:2.

On the third *Pennypack* factor, Arm's intention to present "rebuttal" witnesses that are not actually rebutting Qualcomm's witnesses will only confuse the jury and prejudice Qualcomm.

With respect to the fourth *Pennypack* factor, Arm's improper, late disclosure of Brogioli and Richards is part of a pattern of late disclosure.  Arm produced nearly three times as many third-party TLAs and Annexes covering the cores underpinning Qualcomm's TLA claim after the close of fact discovery as it did during fact discovery.  A1648 at 46:9-48:24.  And this late production

8

came only after Qualcomm identified potential other licensees who had licensed the cores in question based on public information and raised the deficiency with Arm. *Id.* Arm's subsequent late disclosure of these expert reports is thus "part of a developing pattern of untimeliness, which weighs in favor of excluding" the reports. *Wang*, 2025 WL 775530, at *4; *see also Cirba*, 2023 WL 6799267, at *3.

Finally, the opinions in the Brogioli and Richards reports are unimportant.[3] A1648-49 at 49:1-50:4. To the extent Brogioli is opining on Arm technology, which he has never used, Arm has other ways to present such evidence, such as its own engineers. *See Wang*, 2025 WL 775530, at *4. As for Richards, he performed no materiality analysis to support his first opinion regarding Qualcomm's reference to the October 2024 letter in its SEC filings, and his second opinion concerns the alleged lack of materiality of Qualcomm's harms arising from the leak of the letter, which he acknowledges Qualcomm does not allege in its Second Amended Complaint.

## IV.   CONCLUSION

Qualcomm's objections should be sustained and the Brogioli and Richards reports should be stricken.

---

[3] The relevance and lack of fit between Brogioli's and Richards's opinions and issues in this case are discussed in Qualcomm's pending *Daubert* motion. *See* D.I. 434 at 10-11, 16.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

10

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 12, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

11

Lydia B. Cash, Esquire                                      *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                     *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                        *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                  *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)

12