Originally Filed: February 18, 2026
Redacted Version Filed: February 27, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation, | )<br>)<br>)<br>)<br>) C.A. No. 24-490 (MN)<br>) |
| Plaintiffs, | )<br>) ▮▮▮▮▮▮▮▮▮▮▮<br>) |
| v. | ) REDACTED - PUBLIC VERSION |
| ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation, | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' OBJECTIONS TO THE SPECIAL MASTER'S ORDERS MOTIONS FOR PROTECTIVE ORDERS FILED BY THIRD PARTIES BROADCOM INC. (D.I. 609), AMLOGIC HOLDINGS LTD. (D.I. 614), ANALOG DEVICES INC. (D.I. 617), <u>MEDIATEK INC. (D.I. 625) & ANNAPURNA LABS (U.S.) INC. (D.I. 628)</u>**

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004

Erin J. Morgan
DUNN, ISAACSON, RHEE LLP
11 Park Place
New York, NY 10007

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

*Of Counsel for Plaintiffs as to Motions Brought By All Movants Except for Annapurna Labs (U.S.), Inc.*

February 18, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
*Attorneys for Plaintiffs as to Motions Brought By All Movants Except for Annapurna Labs (U.S.), Inc.*

CONNOLLY GALLAGHER LLP
Alan R. Silverstein (#5066)
Sara A. Barry (#6703)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 252-3645
asilverstein@connollygallagher.com
sbarry@connollygallagher.com
*Attorneys for Plaintiffs as to Motion Brought By Annapurna Labs (U.S.), Inc.*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................ 2

    A. Qualcomm's TLA-Related Claims and the Relevant Document Requests ............ 2

    B. Proceedings Before The Special Master ................................................................. 3

III. ARGUMENT ..................................................................................................................... 5

    A. The Special Master Erroneously Concluded That Third-Party TLAs and Related Correspondence Are Not Relevant To Qualcomm's Claims...................... 6

    B. The Special Master Misapplied Governing Law On Protective Order Motions .... 8

IV. CONCLUSION .................................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Cipollone* v. *Liggett Grp., Inc.*,
   785 F.2d 1108 (3d Cir. 1986) ................................................................................................5, 8

*Finjan, Inc.* v. *Rapid7, Inc.*,
   C.A. No. 18-1519, D.I. 173 (D. Del. Aug. 7, 2020) ....................................................................8

*Harmony Biosciences, LLC* v. *Lupin Ltd.*,
   C.A. 23-1286, D.I. 202 (D. Del. Feb. 19, 2025) .........................................................................6

*Hart* v. *Nationwide Mutual Fire Ins. Co.*,
   270 F.R.D. 166 (D. Del. 2010) ....................................................................................................8

*Kennedy* v. *PEI-Genesis*,
   2023 WL 3898893 (E.D. Pa. June 8, 2023) ................................................................................6

*Mannington Mills, Inc.* v. *Armstrong World Industries, Inc.*,
   206 F.R.D. 525 (D. Del. 2002) ....................................................................................................9

*Micro Motion, Inc.* v. *Kane Steel Co., Inc.*,
   894 F.2d 1318 (Fed. Cir. 1990) ...................................................................................................7

*Minerva Surgical, Inc.* v. *Hologic, Inc.*,
   C.A. No. 18-217, D.I. 191 (D. Del. Oct. 11, 2019) ....................................................................8

*Procter & Gamble Co.* v. *Boyle-Midway, Inc.*,
   1983 WL 830080 (D. Del. Apr. 11, 1983) ..................................................................................9

**Rules**

Fed. R. Civ. P. 26(b)(1) ......................................................................................................................5

Fed. R. Civ. P. 26(c) ..........................................................................................................................5

Fed. R. Civ. P. 53 ..........................................................................................................................5, 6

Fed. R. Civ. P. 56(d) .........................................................................................................................6

I. **PRELIMINARY STATEMENT**

Under the Qualcomm-Arm Technology License Agreement ("TLA"),  Qualcomm claims that Arm has breached that requirement and further that Arm breached the implied covenant of good faith and fair dealing by pricing licensing offers for peripheral IP products and cores so high as to effectively prevent Qualcomm from receiving the benefits of its TLA. There is no way to determine if Arm has complied with ▮▮▮▮ or priced licensing offers in good faith without review of Arm's prior licenses for its cores and peripheral IP.

In early 2025, Qualcomm accordingly served requests for production seeking Arm's third-party license agreements for at-issue, off-the-shelf cores and peripheral IP (including TLAs, Arm Total Access Agreements ("ATAs"), and Royalty Pricing Agreements ("RPAs")), and correspondence relating to these agreements. Third parties Broadcom, Amlogic, Analog Devices, MediaTek, and Annapurna (together, "Movants"),[1] moved to stop Arm from producing their TLAs, ATAs, or RPAs, and related correspondence on grounds that their agreements are not relevant to Qualcomm's claims and that the disclosure of confidential terms of such agreements to competitors or the public could harm their businesses.[2] Qualcomm opposed all the motions. Arm opposed MediaTek's motion.

---

[1] As to Annapurna's agreements, Connolly Gallagher represents Qualcomm.
[2] Third parties ▮▮▮▮▮▮▮▮▮▮▮▮ also moved to prevent production of their TLAs, ATAs, or RPAs, and their Architecture License Agreements ("ALAs"). Qualcomm will object to the Special Master's decisions granting those motions under separate cover.

The Special Master accepted Movants' arguments, holding that the documents sought were irrelevant or only "marginally relevant" and crediting Movants' claims that disclosure could cause harm. Those five decisions impede the just adjudication of this matter by withholding evidence that is critical to Qualcomm's claims and disregard significant protective order protections provided to highly confidential documents produced in this litigation.

The Special Master is incorrect that the requested documents are irrelevant. As Arm agrees, ██████████████████████████████████████████████████████████. And, with respect to Movants' confidentiality concerns, the existing protective order limits disclosure of sensitive documents to outside counsel, the parties' retained experts, and the Court. Qualcomm's outside counsel has adhered to these "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" protections in this and the prior case for years and will continue to do so. Movants' musings to the contrary are nothing more than speculation, and indulging such speculation is an unjustified affront to the Court's order. Qualcomm's objections should be sustained on the Court's *de novo* review and production of these agreements should be ordered.

## II.	FACTUAL BACKGROUND

### A. Qualcomm's TLA-Related Claims and the Relevant Document Requests

In Count VII, Qualcomm alleges that Arm breached its TLA by failing to fulfill its obligations under ████████ for cores code-named ██████████████. That ████████ provision requires Arm to:

1. ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

2



D.I. 233, Ex. 1███; *e.g.*, D.I. 137 ¶¶ 104-105, 214-220.[3]  Qualcomm's claim necessarily requires evaluation of the ███████████████████████████████████████.

In Count III, Qualcomm further alleges that Arm breached the implied covenant of good faith and fair dealing inherent in the TLA by pricing licensing offers for certain peripheral IP products and cores so high as to effectively prevent Qualcomm from receiving the benefits of its TLA. D.I. 137 ¶¶ 51, 102, 181-188; *see also* D.I. 464 at 23-25. The rates and terms offered to other licensees are relevant to whether the terms offered to Qualcomm were made in good faith.

Naturally, Qualcomm requested Arm's third-party agreements for the relevant products (all of which may be licensed separately or in combination with each other and other Arm IPs) and related correspondence. *See* A134-35, A140, A145. After Arm waited to provide notice of its intent to produce their agreements—months after Qualcomm first sought them[4]—all Movants sought to prevent the production of their TLAs, ATAs, and/or RPAs.

## B. Proceedings Before The Special Master

The Special Master started to hear a single motion for a protective order—Broadcom's—on August 14, 2025. At this partial hearing (and in its opposition brief, (D.I. 180 at 13[5])), Qualcomm made clear that it did not object to narrow redactions for the identities of Broadcom's

---

[3] For quoted material, unless stated otherwise, brackets, ellipses, footnote call numbers, internal quotations, and citations are omitted for readability. Emphasis is added unless otherwise indicated.
[4] Arm did not provide notice to Analog Devices or Annapurna until after the close of fact discovery. *See* D.I. 491 ¶ 9; A125. Qualcomm first requested those documents in January 2025.
[5] Broadcom, MediaTek, and Amlogic's motions were briefed on the docket and then referred to the Special Master. D.I. 336. That briefing is accordingly cited by its D.I. numbers. Other relevant briefing submitted only to the Special Master is included in the Appendix.

(or other Movants') customers or suppliers,[6] but that the financial terms of the TLA were relevant to whether Arm breached the Qualcomm-Arm TLA. A162 at 24:18-25:6, A163-64 at 27:19-32:9. Arm agreed that ███████████████████████████████████████████████████

███████████████████████████████████████ A171 at 58:20-59:22.

Arm did argue that the only products forming the basis of Qualcomm's TLA claim are the ████████████████ cores—and therefore that only contracts licensing those cores should be produced. A170 at 57:15-22. Qualcomm contends that additional products form part of the basis of Qualcomm's implied covenant claims under its TLA, including ████████████

████████████████████████████████████████████████████████████████████ — and therefore that licenses covering those products should also be produced. A166-67 at 39:14-43:13, A172 at 63:9-64:15. The Special Master determined she would decide this scope dispute before ruling on the third parties' motions because resolution of the scope issue would provide greater clarity on which agreements were relevant. A172-73 at 64:16-66:11. The scope dispute was ultimately decided in Qualcomm's favor: Arm's motion to strike Qualcomm's theories of breach relating to the ███████████████████████████████████████ was denied. D.I. 630 at 3-4.

Even though Arm conceded that third-party agreements licensing ████████████ ██████ are relevant and the Special Master found that Qualcomm can proceed with its TLA implied covenant claims related to the peripheral IP products and other cores, the Special Master issued nearly identical orders granting the third parties' motions between January 28 and February 6, 2026 (the "Orders"). D.I. 609, 614, 617, 625, 628. In all Orders but MediaTek's, the Special Master first deemed Qualcomm's requests to be "fishing expedition[s]" irrelevant to Qualcomm's

---

[6] Qualcomm additionally assented to certain other reasonable, limited redactions of information not pertinent to its claims in opposition. *See* D.I. 344 at 5 n.3.

4

claims. D.I. 609 at 6; D.I. 614 at 6; D.I. 617 at 6; D.I. 628 at 6. She then concluded that even if the documents were "marginally relevant," disclosure "would result in great harm" to Movants because Qualcomm could purportedly "reverse engineer pricing levels" from royalty information. D.I. 609 at 7; D.I. 614 at 6; D.I. 617 at 6; D.I. 628 at 6.[7] In deciding MediaTek's motion, which both parties opposed, the Special Master found the documents to be "marginally relevant," but reached the same conclusions regarding purported harm. D.I. 625 at 7.

The Special Master's Orders are premised on the flawed assumption that Qualcomm personnel would have access to any produced agreements and use the information in them to harm Movants (*e.g.*, D.I. 609 at 7); they ignore that the agreements would be produced with "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" protections, and thus would only be seen by outside counsel, retained experts, and Court personnel. D.I. 84 ¶ 45. Qualcomm objects to the Orders pursuant to the Court's procedures (D.I. 336 ¶ 6) and Rule 53.

## III.    ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," unless such discovery is otherwise limited by Court order. Fed. R. Civ. P. 26(b)(1). The burden is on the movant seeking a protective order under Rule 26(c) to "show good cause by demonstrating a particular need for protection." *Cipollone* v. *Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* The Special Master twice erred in this inquiry—first by deeming even documents the parties agree are necessary to the case as irrelevant or only marginally relevant, and

---

[7] The Special Master also posited that Qualcomm could gain information about Movants' strategy from ALA deliverables data, (*e.g.*, D.I. 609 at 7; D.I. 614 at 6; D.I. 617 at 6; D.I. 625 at 7; D.I. 628 at 6), but this argument is irrelevant to these Movants who do not have ALAs.

5

then by granting protective orders on nothing more than speculation about harm that could be caused by unprecedented violations of the case's existing protective order. This Court reviews the Special Master's findings of fact and conclusions of law *de novo*. Fed. R. Civ. P. 53(f)(3)-(4).

**A. The Special Master Erroneously Concluded That Third-Party TLAs and Related Correspondence Are Not Relevant To Qualcomm's Claims.**

Arm's agreements with third parties are plainly relevant to Qualcomm's TLA claims. The Arm-Qualcomm TLA ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████.⁸ D.I. 233, Ex. 1 ████; *see also, e.g.*, A127-29. Arm's Chief Commercial Officer confirmed under oath ████████████████████ ████████████████████████████████████. D.I. 442 at 15.

Qualcomm, too, is entitled to consider all such agreements ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████, and to determine whether Arm priced its other licensing offers in good faith. Qualcomm "isn't required to take [its] opponent's word for [the ████████████████████████████████████████████████████████. Any relevant, non-privileged documents . . . that might aid the discovery of truth are fair game." *Kennedy* v. *PEI-Genesis*, 2023 WL 3898893, at *4 (E.D. Pa. June 8, 2023); *see also Harmony Biosciences, LLC* v. *Lupin Ltd.*, C.A. 23-1286, D.I. 202, at ¶ 12 (D. Del. Feb. 19, 2025) (discovery sought was relevant because "Plaintiffs should be permitted to test [defendant's] representation"). Arm does not contest this;

---

⁸ Arm even filed a Rule 56(d) declaration arguing that it could not present facts necessary to oppose Qualcomm's MSJ ████████████████████████████████████████████████████████. D.I. 454 at ¶¶ 9-10, 13-15. Given Arm's non-opposition to Amlogic's motion to prevent production of that information, delay in notifying third party licensees, and refusal to produce a redacted version of this ██████████ it is not clear that Arm actually wants to present this evidence. *See* D.I. 491 ¶¶ 3-14. But, in any event, the parties agree it is relevant.

its counsel has agreed that all of Arm's agreements that license ▓▓▓▓▓▓▓▓▓▓ are relevant.[9] A171 at 58:20-59:22.

The Special Master ignored the parties' contract and this law in finding the requested documents irrelevant on the basis that Qualcomm did not "ha[ve] any information that [most Movants'] agreements with Arm are directly implicated regarding licensing offers to Qualcomm." *E.g.*, D.I. 614 at 6.[10] Arm's decision not to mention certain licensees as part of its ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

A127; *see also* D.I. 442 at 7. Movants, too, may very well have ▓▓▓▓▓▓. Without these documents, Qualcomm has no way to discover and test what was ▓▓▓▓▓▓▓▓▓▓▓▓, the very point of the claim.

Moreover, the proposed "direct implication" test for irrelevance is irreconcilable with the Special Master's granting of MediaTek's motion. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[9] To Qualcomm's knowledge, Broadcom is the only Movant that Arm has said does not license at least one of ▓▓▓▓▓▓▓▓▓▓▓▓. It is not clear why Arm notified Broadcom of an intent to produce its agreement given Arm's narrow view of its production obligations, but, as discussed *supra* at 4, the Special Master rejected Arm's attempt to limit the scope of Qualcomm's TLA claims to the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and Broadcom's agreement should be produced if it licenses any of the products at issue.

[10] The Special Master cited *Micro Motion, Inc.* v. *Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990), in her legal standard sections without analysis. That case is not analogous. *Micro Motion* involved a subpoena seeking financial and customer information from a third party, purportedly to establish damages in a case against a separate defendant based on competing theories of relevance that the third party's products might be "infringements" or "non-infringing substitutes." *Id.* at 1327. Because there was admittedly no evidence that the third party had infringed, or that plaintiff had tried to determine whether the third party had infringed, the Federal Circuit found the subpoena did not pertain to issues in the case. *Id.* at 1326-27. Here, Qualcomm seeks documents from Arm to test Arm's breach of contract—not to evaluate suspicions about any Movant.

███████████████████████████████

███████████████████████████████

███████████████████████████████

██████████████████████ did not change the Special Master's analysis. The Special Master concluded without explanation that the MediaTek documents were "only marginally relevant." D.I. 625 at 7. The Special Master's conclusions were in error.

**B. The Special Master Misapplied Governing Law On Protective Order Motions.**

To establish good cause for a protective order, Movants must show a "particular need for protection" rather than merely "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone*, 785 F.2d at 1121; *Hart* v. *Nationwide Mutual Fire Ins. Co.*, 270 F.R.D. 166, 170 (D. Del. 2010) (denying protective order where movant "has not demonstrated that it will suffer a clearly defined and serious injury if a protective order is not entered"). None met their burden, and the Special Master erred by granting their motions anyway.

The Orders are premised on the "find[ing] that disclosure of that information, even if inadvertent, would result in great harm to" Movants. D.I. 609 at 7. But any concern that sensitive information will be disclosed is speculative and assumes that Qualcomm's outside counsel will violate the Protective Order, which permits Arm to designate such information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," thus limiting access to outside counsel, experts, and Court personnel while prohibiting access to anyone at Qualcomm (including Qualcomm in-house counsel). D.I. 84 ¶¶ 45-46. The protective order is in place to address concerns like Movants', but the Orders ignore it. *See Finjan, Inc.* v. *Rapid7, Inc.*, C.A. No. 18-1519, D.I. 173, at 5 (D. Del. Aug. 7, 2020) ("As to commercially sensitive information allegedly in the [third-party] Documents, the case Protective Order fully addresses [the third party]'s concerns" given its "outside counsel eyes' only" provision); *see also Minerva Surgical, Inc.* v.

8

*Hologic, Inc.*, C.A. No. 18-217, D.I. 191 at 5 (D. Del. Oct. 11, 2019). There is no reason to believe that Qualcomm's outside counsel will violate the protective order, and Movants offer none. *See* D.I. 345 Ex. 2 at 44:14-23 (this Court noting that it was "quite an accusation" to suggest that attorneys' eyes only designation wouldn't sufficiently protect sensitive information); *Procter & Gamble Co.* v. *Boyle-Midway, Inc.*, 1983 WL 830080, at *1 (D. Del. Apr. 11, 1983) ("The Court simply will not indulge in the speculation that attorneys will violate a protective order issued by a court"). Qualcomm's counsel has had redacted copies of third-party agreements for years now (from the prior case) and unredacted copies of agreements for more than six months. There has been no disclosure of these agreements nor harm to third parties, and Movants offer nothing but bare speculation that the future will be any different.

The Orders cite to *Mannington Mills, Inc.* v. *Armstrong World Industries, Inc.*, 206 F.R.D. 525 (D. Del. 2002), but that case is inapposite. *Mannington Mills* involved a subpoena to a third party for information that plaintiff did not need from that party, but would be able to "access" in a similar form "from its opponents during discovery." *Id.* at 532. Additionally, that court was concerned that the protective order in that case would allow the parties (both of whom were the third party's competitors) to stipulate between themselves to broader disclosure of the third party's information once it was produced to them. *Id.* at 530. Movants have identified no similar concerns here, and Arm shares their goal of protecting the confidentiality of its own agreements. And, finally, *Mannington Mills* (and the other two cases the Orders cite) is decided under Federal Circuit law—not the Third Circuit's standard. The Order's omission of Third Circuit law is telling, as Movants have not satisfied the Third Circuit's requirement that they show a "particular need for protection." Speculation falls far short of particular need.

### IV. CONCLUSION

Qualcomm's objections to the Special Master's Orders should be sustained.

9

| | |
|---|---|
| OF COUNSEL:<br><br>Karen L. Dunn<br>William A. Isaacson<br>Erin J. Morgan<br>Melissa F. Zappala<br>Jenifer N. Hartley<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC  20004<br>(202) 240-2900<br><br>Catherine Nyarady<br>Anish Desai<br>Jacob A. Braly<br>S. Conrad Scott<br>Jacob Apkon<br>Flint A. Patterson<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3000<br><br>Adam L. Basner<br>Eric C. Westerhold<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>(202) 223-7300<br><br>Gregg Stephenson<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA  94105<br>(628) 432-5100<br><br>*Of Counsel for Plaintiffs as to Motions Brought By All Movants Except for Annapurna Labs (U.S.), Inc.*<br><br>February 18, 2026 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jennifer Ying*<br>_____<br>Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs as to Motions Brought By All Movants Except for Annapurna Labs (U.S.), Inc.*<br><br>CONNOLLY GALLAGHER LLP<br><br>*/s/ Sara A. Barry*<br>_____<br>Alan R. Silverstein (#5066)<br>Sara A. Barry (#6703)<br>1201 North Market Street, 20th Floor<br>Wilmington, DE 19801<br>(302) 252-3645<br>asilverstein@connollygallagher.com<br>sbarry@connollygallagher.com<br><br>*Attorneys for Plaintiffs as to Motion Brought By Annapurna Labs (U.S.), Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 18, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Lydia B. Cash, Esquire                                                                                             *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                                                                          *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Kasdin M. Mitchell, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                                                                                *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                                                                        *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

Jenness E. Parker, Esquire                                                                                        *VIA ELECTRONIC MAIL*
Elisa M.C. Klein, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Non-Party Broadcom Inc.*

Geoffrey G. Grivner, Esquire                                                                                    *VIA ELECTRONIC MAIL*
BUCHANAN INGERSOLL & ROONEY PC
500 Delaware Avenue, Suite 720
Wilmington, DE  19801
*Attorneys for Non-Party MediaTek Inc.*

12

| | |
|---|---|
| Brett M. McCartney, Esquire<br>Elizabeth A. Powers, Esquire<br>Emily L. Skaug, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>*Attorneys for Non-Party Amlogic Holdings Ltd.* | *VIA ELECTRONIC MAIL* |
| Andrew S. Ong, Esquire<br>KING & SPALDING LLP<br>50 California Street, Suite 3300<br>San Francisco, CA 94111<br>*Attorneys for Non-Party Amlogic Holdings Ltd.* | *VIA ELECTRONIC MAIL* |
| Neel Chatterjee, Esquire<br>Theresa Sutton, Esquire<br>KING & SPALDING LLP<br>245 Lytton Avenue, Suite 150<br>Palto Alto, CA 94301<br>*Attorneys for Non-Party Amlogic Holdings Ltd.* | *VIA ELECTRONIC MAIL* |
| Matthew B. Goeller, Esquire<br>K & L GATES LLP<br>600 N. King Street, Suite 901<br>Wilmington, DE 19801<br>*Attorneys for Non-Party Analog Devices, Inc.* | *VIA ELECTRONIC MAIL* |
| Michael R. Creta, Esquire<br>K & L GATES LLP<br>One Congress Street, Suite 2900<br>Boston, MA 02114<br>*Attorneys for Non-Party Analog Devices, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 27, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Lydia B. Cash, Esquire    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.    *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire    *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire    *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

Jenness E. Parker, Esquire    *VIA ELECTRONIC MAIL*
Elisa M.C. Klein, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Non-Party Broadcom Inc.*

Geoffrey G. Grivner, Esquire    *VIA ELECTRONIC MAIL*
BUCHANAN INGERSOLL & ROONEY PC
500 Delaware Avenue, Suite 720
Wilmington, DE  19801
*Attorneys for Non-Party MediaTek Inc.*

| | |
|---|---|
| Brett M. McCartney, Esquire<br>Elizabeth A. Powers, Esquire<br>Emily L. Skaug, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>*Attorneys for Non-Party Amlogic Holdings Ltd.* | *VIA ELECTRONIC MAIL* |
| Andrew S. Ong, Esquire<br>KING & SPALDING LLP<br>50 California Street, Suite 3300<br>San Francisco, CA 94111<br>*Attorneys for Non-Party Amlogic Holdings Ltd.* | *VIA ELECTRONIC MAIL* |
| Neel Chatterjee, Esquire<br>Theresa Sutton, Esquire<br>KING & SPALDING LLP<br>245 Lytton Avenue, Suite 150<br>Palto Alto, CA 94301<br>*Attorneys for Non-Party Amlogic Holdings Ltd.* | *VIA ELECTRONIC MAIL* |
| Matthew B. Goeller, Esquire<br>K & L GATES LLP<br>600 N. King Street, Suite 901<br>Wilmington, DE 19801<br>*Attorneys for Non-Party Analog Devices, Inc.* | *VIA ELECTRONIC MAIL* |
| Michael R. Creta, Esquire<br>K & L GATES LLP<br>One Congress Street, Suite 2900<br>Boston, MA 02114<br>*Attorneys for Non-Party Analog Devices, Inc.* | *VIA ELECTRONIC MAIL* |

/s/ *Travis J. Murray*

Travis J. Murray (#6882)