## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | |
| Plaintiffs, | **REDACTED - PUBLIC VERSION** (Filed February 27, 2026) |
| v. | **C.A. No. 24-490-MN** |
| ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation, |  |
| Defendant. | |

## APPENDIX TO DEFENDANT'S OBJECTIONS TO THE SPECIAL MASTER'S MEMORANDUM ORDER (D.I. 627) RESOLVING DEFENDANT'S MOTION TO COMPEL (D.I. 361) – VOL. 2 OF 2 (A0774 – A1216)

Dated: February 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

# TABLE OF CONTENTS

| Document | Page Range |
|---|---|
| C.A. No. 1:24-cv-00490-MN, Defendant Arm Holdings plc's Letter Brief to Special Master Rychlicki, dated August 1, 2025 ███████████ | A0001 |
| Declaration of Matthew J. McIntee in Support of Arm's Motion to Compel, dated August 1, 2025 ███████████ ████████ | A0008 |
| Exhibit 1 – Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production (Nos. 1-58) ████████, dated March 10, 2025 | A0012 |
| Exhibit 2 – Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production (Nos. 59-122) ██████, dated April 14, 2025 | A0067 |
| Exhibit 3 – Plaintiffs' Responses and Objections to Defendant's Third Set of Requests for Production (Nos. 123-173)████████, dated May 1, 2025 | A0122 |
| Exhibit 4 – Arm's First Supplemental Objections and Responses to Qualcomm's First Set of Interrogatories (Nos. 1-3) █████ ████████████, dated July 11, 2025. | A0166 |
| Exhibit 5 – Arm's First Supplemental Response to Qualcomm's Amended Interrogatory No. 3 ████████████ █████ ], dated July 11, 2025 | A0196 |
| Exhibit 6 – Arm's First Supplemental Response to Qualcomm's Amended Interrogatory Nos. 4-11 ████████ ██████████, dated July 11, 2025 | A0206 |
| Exhibit 7 – Arm's First Supplemental Response to Qualcomm's Third Set of Interrogatories (No. 12) ██████████ ████████, dated July 11, 2025 | A0276 |
| Exhibit 8 – D.I. 137, Second Amended Complaint ██████ ███, dated June 3, 2025 | A0292 |
| Exhibit 9 –Excerpts from the June 25, 2025, Deposition of Gerard Williams █████████████ | A0363 |

| Document | Page Range |
|---|---|
| Exhibit 10 – Arm's Rule 26(a)(1) Second Supplemental Initial Disclosures ██████████, dated June 12, 2025 | A0402 |
| Exhibit 11 – Email from J. Emerick, dated June 16, 2025 | A0416 |
| Exhibit 12 – Plaintiffs' Responses and Objections to Arm's First Notice of Deposition of Qualcomn Inc. and Qualcomn Technologies, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6) ██████████, dated June 23, 2025 | A0431 |
| Exhibit 13 – Letter from J. Emerick, dated July 25, 2025 ████ ████████████████████████ | A0512 |
| Exhibit 14 – Plaintiffs' Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-9) ████ ████████████████████, dated July 11, 2025 | A0524 |
| Exhibit 15 – Plaintiffs' Supplemental Responses and Objections to Defendant's Second Set of Interrogatories (Nos. 10-13) ████████████████████████, dated July 11, 2025 | A0583 |
| Exhibit 16 – Intentionally Omitted | -- |
| Exhibit 17 – Letter from C. Nyarady ██████████, dated April 28, 2025 | A0610 |
| Exhibit 18 – Letter from C. Nyarady, dated March 17, 2025 | A0613 |
| Exhibit 19 – Arm's Second Set of Requests for Production to Plaintiffs Qualcomn Inc. and Qualcomn Technologies, Inc. (Nos. 59-122) ██████████, dated March 14, 2025 | A0616 |
| Exhibit 20 – Arm's Third Set of Requests for Production to Plaintiffs Qualcomn Inc. and Qualcomn Technologies, Inc. (Nos. 123-173) ████████████████████████, dated April 1, 2025 | A0641 |
| Exhibit 21 – Arm's Fourth Set of Requests for Production (Nos. 174-227) ██████████, dated June 9, 2025 | A0667 |
| Exhibit 22 – Arm's Fifth Set of Requests for Production (Nos. 228-287) ██████████, dated June 11, 2025 | A0683 |

2

| Document | Page Range |
|---|---|
| Exhibit 23 – D.I. 84, Stipulated Protective Order, dated March 21, 2025 | A0700 |
| Exhibit 24 – D.I. 85, Stipulated Order for Discovery, Including Discovery of Electronically Stored Information ("ESI"), dated March 21, 2025 | A0742 |
| Exhibit 25 – Letter from N. Fung to C. Nyarady ██████ ████████████████████████, dated May 16, 2025 | A0760 |
| Exhibit 26 – Letter from N. Fung to C. Nyarady, dated June 30, 2025 | A0768 |
| C.A. No. 1:24-cv-00490-MN, Plaintiffs' Responsive Letter Brief to Special Master Rychlicki, dated August 7, 2025 ████████████████████ | A0774 |
| Exhibit 1 –Email from C. Nyarady to Arm's Counsel, dated July 1, 2025 | A0781 |
| Exhibit 2 – Email from J. Emerick to Qualcomm's Counsel, dated July 11, 2025 | A0783 |
| Exhibit 3 – Email from J. Apkon to Arm's Counsel, dated July 11, 2025 | A0786 |
| Exhibit 4 – Email from P. Evangelatos to Qualcomm's Counsel, dated July 16, 2025 | A0788 |
| Exhibit 5 – Plaintiffs' Responses and Objections to Arm Ltd.'s First Notice of Deposition of Qualcomm Inc. and Qualcomm Technologies, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 23, 2025 ████████ | A0790 |
| Exhibit 6 – Letter from J. Emerick to C. Nyarady, dated July 25, 2025 ████████████████████ | A0800 |
| Exhibit 7 – Excerpts from Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Production (Nos. 59-122), dated April 14, 2025 ████████████ | A0802 |
| Exhibit 8 – Letter from C. Nyarady to N. Fung, dated May 29, 2025 ████████████████████ | A0809 |

3

| Document | Page Range |
|---|---|
| Exhibit 9 – Excerpts from the July 28, 2025, Meet-and-Confer Transcript | A0813 |
| Exhibit 10 – Excerpts from the July 7, 2025, deposition transcript of Ziad Asghar [█████████████████████] | A0818 |
| Exhibit 11 – Letter from C. Nyarady to J. Emerick, dated April 24, 2025 [████████████████] | A0823 |
| Exhibit 12 – QCARM_3482711 [███████] | A0826 |
| Exhibit 13 – QCARM_3482703 [███████] | A0830 |
| Exhibit 14 – Excerpts from Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production (Nos. 1-58), dated March 10, 2025 [████] | A0836 |
| Exhibit 15 – Plaintiff's First Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-4, 7, and 9), dated June 25, 2025 [████████████] [████] | A0843 |
| Exhibit 16 – Letter from C. Nyarady to J. Emerick, dated April 18, 2025 [████████████] | A0887 |
| Exhibit 17 – Letter from J. Emerick to C. Nyarady, dated April 22 16, 2025 [██████] | A0890 |
| Exhibit 18 – Excerpts from Plaintiff's Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-9), dated July 11, 2025 [████████████] [██] | A0896 |
| Exhibit 19 – Excerpts from the June 25, 2025, deposition transcript of Gerard R. Williams III [████████] [██████] | A0913 |
| Exhibit 20 – Excerpts from the July 9, 2025, deposition transcript of Jignesh Trivedi [████████] | A0917 |
| Exhibit 21 – Excerpts from the July 3, 2025, deposition transcript of Jeffery B. Golden [████████] [██] | A0921 |

| Document | Page Range |
|---|---|
| Exhibit 22 – Excerpts from the May 28, 2025, Meet-and-Confer Transcript | A0925 |
| Exhibit 23 –Plaintiffs' Third Supplemental Privilege Log, dated July 10, 2025 ███████████████████ | A0933 |
| Exhibit 24 – Excerpts from the July 11, 2025, deposition transcript of Ann Cathcart Chaplin ██████████ ███████████ | A1112 |
| Exhibit 25 – Letter from C. Nyarady to J. Emerick, dated April 28, 2025 ██████ | A1116 |
| Exhibit 26 – Email from J. Braly to Arm's Counsel, dated May 17, 2025 | A1119 |
| C.A. No. 1:24-cv-00490-MN, Defendant Arm Holdings plc's Letter Brief to Special Master Rychlicki Regarding Subsequent Events relating to Arm's Motion to Compel Production of Qualcomm's Media Communications, dated December 4, 2025 █████████████████ | A1123 |
| Declaration of Jay Emerick in Support of Defendant Arm Holdings plc's Letter Brief to Special Master Rychlicki Regarding Subsequent Events relating to Arm's Motion to Compel Production of Qualcomm's Media Communications, dated December 4, 2025 █████████████ ████ | A1127 |
| Exhibit 1 – *Bloomberg* article entitled "South Korea Antitrust Regulators Inspect Arm's Office in Seoul," by Josh Sisco, dated November 19, 2025 | A1132 |
| C.A. No. 1:24-cv-00490-MN, Plaintiffs' Response to Defendant's Letter Brief to Special Master Rychlicki Regarding Subsequent Events relating to Arm's Motion to Compel Production of Qualcomm's Media Communications, dated December 11, 2025 ███████████████ | A1135 |
| Exhibit 1 – Excerpts from Arm Holdings plc's Second Supplemental Objections and Responses to Qualcomm's First Set of Interrogatories (Nos. 1-3), dated September 5, 2025 ██████ █████████████ | A1139 |

5

| Document | Page Range |
|---|---|
| Exhibit 2 – Excerpts from the June 30, 2025, deposition transcript of Spencer Collins ██████████████████████ | A1150 |
| Exhibit 3 – Excerpts from the July 17, 2025, deposition transcript of Paul Kranhold ██████████████████████ | A1153 |
| Exhibit 4 – Excerpts from the July 4, 2025, deposition transcript of Kenneth Siegel ██████████████████████ | A1156 |
| Exhibit 5 – Excerpts from the July 7, 2025, deposition transcript of Rene Haas ██████████████████████ | A1161 |
| Exhibit 6 – Excerpts from Plaintiffs' Responses and Objections to Defendant's Third Set of Requests for Production (Nos. 123-173), dated May 1, 2025 ██████████ | A1164 |
| Exhibit 7 – Excerpts from the May 23, 2025, Meet-and-Confer Transcript | A1175 |
| Exhibit 8 – Excerpts from Arm Holdings Plc's Objections and Responses to Qualcomm's Sixth Set of Requests for Production (Nos. 187-191), dated June 23, 2025 ██████████ | A1181 |
| Exhibit 9 – Excerpts from the July 11, 2025, deposition transcript of Ann Cathcart Chaplin ██████████████████████ ██████ | A1186 |
| Exhibit 10 – Excerpts from the July 3, 2025, deposition transcript of Christiano R. Amon ██████████████████████ ██████ | A1194 |
| Exhibit 11 – Excerpts from the July 2, 2025, deposition transcript of Christopher Patrick ██████████████████████ ██████ | A1200 |
| C.A. No. 1:24-cv-00490-MN, Excerpts from Transcript of Proceedings before Helena C. Rychlicki, Esq. – Special Discovery Master, dated August 14, 2025 ██████████████ ██████████████ | A1206 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-490 (MN) |
| v. | ) ) ) | ███████████████ |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' RESPONSIVE LETTER BRIEF TO SPECIAL MASTER RYCHLICKI**

OF COUNSEL:

Catherine Nyarady
Anish Desai
S. Conrad Scott
Jacob A. Braly
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Eric C. Westerhold
Adam Basner
Gregg Stephenson
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

Dunn, Isaacson, Rhee LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

August 7, 2025

**A0775**

Dear Special Master Rychlicki,

Qualcomm provided full discovery. For the reasons set forth below, Arm should be denied all of the relief it seeks.

**Arm's Delayed Deposition Request.** Arm improperly seeks to depose Pradeep Kanapathipillai, the lead of Qualcomm's CPU design team, despite waiving its opportunity to do so during fact discovery. Arm noticed Mr. Kanapathipillai's deposition on June 12. D.I. 202. Arm had ample time, either during fact discovery or immediately afterwards, to take Mr. Kanapathipillai's deposition. Qualcomm provided a July 16 deposition date to Arm on June 27. Ex. 1. On July 1, at Arm's request, Qualcomm confirmed this date was Mr. Kanapathipillai's earliest available date, yet Arm failed to take any further action, despite offering its own witnesses after July 11 based on witness convenience. Ex. 2. When fact discovery closed on July 11, having heard nothing further, Qualcomm informed Arm that it had released Mr. Kanapathipillai. Ex. 3. Arm did not respond. Arm waited five days to request a new date. Ex. 4.

Arm's request should be denied. It is untimely and Arm's sole justification is for information about Qualcomm's extra verification effort due to Arm's withholding technology. Arm Ltr. at 3. But Arm deposed Jignesh Trivedi, Qualcomm's *verification lead* and Rule 30(b)(6) designee on verification-related topics, for 4.5 hours, and Jeff Golden, a verification engineer, for 2 hours. Mr. Kanapathipillai is Mr. Trivedi's supervisor and does not perform the day-to-day verification. His deposition is not warranted.

**Rule 30(b)(6) Testimony.** Qualcomm responded and objected (R&Os) to Arm's 30(b)(6) notice on June 23. Ex. 5. Arm did not complain about those R&Os until *two weeks after fact discovery closed*. Ex. 6.[1]

For **Topic 81**, Qualcomm limited the Topic to match the scope of discovery it agreed to provide in **RFP 96** regarding "market analyst reports or market intelligence related to the past, present, or future competition between cores and CPUs." Ex. 7 at 34-35. Qualcomm produced competitive intelligence analysis reports, and Arm did not identify deficiencies or move to compel further production. Ex. 8 at 4-5. Qualcomm explained it was mirroring RFP 96 during the July 28 meet and confer. Ex. 9 at 67:17-72:1. Qualcomm designated Ziad Asghar, and Arm questioned him on this Topic. Ex. 10 at 235:2-238:7. Arm made no scope objections at his deposition.

As stated in its R&Os, Qualcomm is unaware of any non-privileged information responsive to **Topic 59**. Ex. 5 at 53-54. **Topics 60 and 61** seek information that is irrelevant to Qualcomm's tortious interference claims, which only concern Arm's conduct (not Qualcomm's) in leaking the breach notice to the press. Qualcomm appropriately limited Topics 60 and 61. Ex. 5 at 54-56.

---

[1]    Arm's attempt to incorporate arguments from a July 25 letter by reference in a footnote (*see* Arm Ltr. at 3, n. 2) is improper. *See, e.g., Wise v. Biowish Techs., Inc.*, 2019 WL 4344273, at *6 (D. Del. Sept. 12, 2019) (party cannot evade page limits "by incorporating by reference arguments made in prior briefs").

1

**A0776**

**Qualcomm's Relevance Objections.**  Arm served 173 RFPs, many having no relevance to this case.

**RFP 6** seeks documents concerning Qualcomm's efforts to "reduce its reliance on Arm." Arm Ex. 1.  Arm mischaracterizes Qualcomm's response, claiming Qualcomm "contended that discovery into the bases of those quotes is irrelevant because they come from the Complaint's background section, not the counts." Arm Ltr. At 4.  When Arm first raised **RFP 6**, Qualcomm explained "the quoted statement comes from Qualcomm's *opposition brief to Arm's first motion to dismiss the original complaint*," which "is a description of the facts from the prior litigation that is not the subject of a claim or any Arm defense." D.I. 161 at 1 (emphasis added); Ex. 11 at 1-2.  Arm again fails to explain the relevance, and Qualcomm already produced extensive documents regarding its reliance on Arm in the prior litigation.  *See, e.g.*, Exs. 12-13 (QCARM_3482711); (QCARM_3482703).

**RFP 37,** Arm Ex. 1, requests documents regarding Qualcomm's entitlement to ALA deliverables for "Nuvia-based technology."  Qualcomm produced many documents in the prior litigation showing that Qualcomm's ALA covered its custom CPUs and a jury found in favor of Qualcomm, including that Qualcomm's custom CPUs incorporating "Nuvia-based technology" were licensed under Qualcomm's ALA. C.A. No. 22-1146 (MN), D.I. 572 at 1.  It remains unclear what additional materials Arm seeks.  On April 24, Qualcomm requested an additional meet and confer to address this. Ex. 11 at 1.  Arm did not respond.

**RFP 57** seeks documents concerning the potential termination of the Qualcomm ALA. Arm Ex. 1.  Arm appears to seek information about whether Qualcomm thought its ALA would be terminated as a result of the parties' Nuvia-related dispute.  This has no relevance to the claims at issue and Arm explains none.  And Qualcomm already produced internal documents on the impact of Arm's leak in response to other RFPs.

Arm raises Qualcomm's responses to **RFPs 108-109 and 116** concerning Qualcomm's licensing practices.  Arm Ltr. at 4.  Here, Qualcomm alleges unfair business practices by Arm arising from Arm's licensing practices and Arm's interference with Qualcomm's customer relationships by, among other things, leaking Arm's October 2024 notice letter to Bloomberg News.  Qualcomm's licensing business involving cellular standard-essential patents (distinct from any ALAs or TLA) has no relevance here.  Unlike Arm, no Qualcomm entity licenses its CPUs, CPU designs, or an architecture.

Arm appears to portray Qualcomm as objecting to **RFP 8** on relevance grounds.  Qualcomm did not object to this request on relevance grounds and agreed to produce responsive documents.  Ex. 14 at 14-15.  Qualcomm produced such documents and identified examples to Arm. Ex. 15.  Arm failed to identify any alleged deficiencies in Qualcomm's production.

Arm also failed to explain its position regarding **Interrogatories 2, 4, and 6**.  Arm confirmed on an April 15 meet and confer that it was satisfied by Qualcomm's representation that its response to **Interrogatory 2** provided the complete legal basis for its ALA breach claim and that it would supplement its response to **Interrogatory 4**. Ex. 16.  On April 22, Arm backtracked without explanation and raised issues with Qualcomm's response to **Interrogatory 6** for the first time.  Ex.

2

17. On April 24, Qualcomm requested an additional meet and confer. Ex. 11. Arm did not respond. Qualcomm subsequently supplemented its responses to **Interrogatories 2, 4, and 6**. Exs. 15, 18. Arm identified no purported deficiency with Qualcomm's supplemental responses.

**ALA Breach Claims.** In 2022, when Qualcomm discovered Arm had breached the ALA by withholding technology, Qualcomm immediately informed Arm of the breach and identified the improperly withheld technology of which it was aware. D.I. 137 ("SAC") ¶¶ 81-83. Qualcomm further explained that Arm continued to withhold that technology through filing of the SAC. *Id.* ¶ 95. It is Arm, not Qualcomm, that knows what other technologies were improperly withheld. Nonetheless, Qualcomm produced over 30,000 documents related to its requests to Arm for the withheld technology and Qualcomm's verification efforts, which provide information regarding the time and effort required to work around Arm's withholding. Qualcomm identified examples of such documents in its supplemental responses. Exs. 15, 18. Arm also deposed multiple Qualcomm witnesses for hours regarding verification challenges Qualcomm faced due to Arm's withholding. *See e.g.,* Exs. 19-21 (Williams Tr. at 70:17-71:15 (                                        ); Trivedi Tr. at 30:24-33:14 (                                        ); Golden Tr. at 91:6-93:11 (                                        )). Arm has not identified any information allegedly missing from this testimony. Qualcomm also produced numerous verification documents. And Qualcomm agreed to produce documents in response to **RFPs 149 and 160**. Ex. 22 at 79:19-86:4, 115:18-117:8. To the extent Arm raises Qualcomm's responses to **Interrogatories 6 and 13**,[2] which the parties have not discussed, Qualcomm believes those requests are addressed through its citation to documents as well.

**Tortious Interference Discovery.** Qualcomm produced communications with customers following the leak of the October 22, 2024 notice, including a public statement issued by the company. Ex. 15 at 15-16. Qualcomm's production encompasses its response to third parties concerning Arm's leak of the October 22 letter, including documents exchanged with the Smartphone Company and the AI and Ecosystem Company after the leak, as well as additional communications concerning the scope of business relationships impacted, including those preceding the leak.

Arm complains that the Smartphone Company and AI and Ecosystem Company's identities have been sealed. Arm articulated no justification to reveal confidential business-sensitive Qualcomm customer information to Arm. Arm's counsel deposed several Qualcomm senior executives, including Cristiano Amon (CEO), Ziad Asghar, Chris Patrick, and Pavankumar Mulabagal regarding the impact to Qualcomm's business relationships. Arm's counsel also served RFPs about the companies in question. Arm suffered no hardship from the nondisclosure of company names to in-house counsel.

---

[2] *Integra Lifesciences* is inapposite. Arm Ltr. at 4-5. That case struck portions of an expert report related to a damages theory that was never disclosed in interrogatory responses; it did not hold that a party must be "precluded from going beyond" interrogatory responses more generally. *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, 2017 WL 11558096 at *7-13 (D. Del. Dec. 11, 2017).

3

**A0778**

Arm's concerns regarding Qualcomm's responses to RFPs related to SEC filings and press communications are misplaced. Documents regarding decisions on disclosures in SEC filings are privileged and were logged. Ex. 23. And any communications with reporters concerning articles unrelated to the claims in this action are irrelevant. Arm also fails to explain how Qualcomm's press communications relate to Qualcomm's claims: Arm leaked confidential information to the press, which harmed Qualcomm's business relationships. Regardless, Ann Chaplin, Qualcomm's General Counsel and Corporate Secretary, testified ███████████████████████████████ ████████████████████████████████████████████████████████████ Ex. 24 at 196:2-8.

**Qualcomm's Competition-Related Claim.** Arm takes issue with Qualcomm's responses to Interrogatories 5, 7, and 8, but ignores Qualcomm's supplemental responses and "intends to identify additional issues in its next brief." Qualcomm's supplemental responses cured any previously alleged deficiencies. Arm has made no further arguments.

Qualcomm is not pursuing a Sherman Act claim in this case, yet Arm demands Qualcomm provide facts supporting such contentions. As Arm knows, the UCL does not require Qualcomm to define or analyze a market, as Arm seeks in its **Interrogatory 8**. *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946, 1002 (9th Cir. 2023);[3] Ex. 25 (4/28/2025 Letter from C. Nyarady). Arm cites no case to the contrary. *Gamboa* v. *Apple*, 2025 WL 660190, at *6 (N.D. Cal. Feb. 28, 2025) (market definition in context of Sherman Act not UCL claim); *Racek* v. *Rady Children's Hospital of San Diego*, 2012 WL 2947881, at *6 (Cal. App. Jul. 20, 2012) (plaintiff UCL claim rejected due to failure to plead injury to competition, not failure to identify relevant market);[4] *Sun Microsystems, Inc.* v. *Microsoft Corp.* 87 F. Supp. 2d 992, 1001-02 (N.D. Cal. 2000) (case about defendant's *conduct*, not whether market adequately defined); *Ohio* v. *American Express Co.,* 585 U.S. 529, 539 (2018) (Sherman Act claim).

**Interrogatories 5 and 7** seek information on how Arm's actions "harm or threaten to harm competition" and ask Qualcomm to identify each of Arm's "unlawful and unfair business acts and practices."[5] Qualcomm responded to both interrogatories. Arm alleges Qualcomm's responses are insufficient because Qualcomm does not "identify the antitrust laws supposedly implicated by Arm's conduct." Arm Ltr. at 5. There is no such obligation. *See Epic Games*, 67 F.4th at 1002 (UCL does not import Sherman Act principles); *PeopleBrowsr, Inc.* v. *Twitter, Inc.*, 2013 WL 843032, at *4 (N.D. Cal. Mar. 6, 2013) (because "a violation of the unfair prong may be based on conduct that 'significantly threatens or harms competition,' . . . a violation of the unfair prong of the UCL does not necessarily require establishing a violation of the Sherman Act").

---

[3]    Unsurprisingly, as Arm notes, Arm Ltr. at 6, *Epic Games* included extensive antitrust discovery; unlike here, that case included standalone antitrust claims.

[4]    According to California rules, unpublished state-court opinions like *Racek* "must not be cited or relied on by a court or a party." Cal. R. of Ct. 8.1115(a); *id.* cmt. to (e)(3).

[5]    Arm's demand for information is premature, as evidenced by Arm's own case. *Novanta Corp.* v. *Iradion Laser, Inc.*, 2016 WL 4987110, at *7 (D. Del. Sept. 16, 2016) ("a court may defer [contention] interrogatories until the end of discovery"). Qualcomm will supplement its response when it receives the documents and information Arm is presently withholding.

**Search Terms and Custodians.**  Pursuant to the ESI Order, D.I. 85 ¶ 2(b)(i), each party may request additional search terms.  Arm proposed four additional search terms—two of which Qualcomm accepted—and identified no additional gaps in Qualcomm's production.  Ex. 26. Qualcomm produced 53,700 documents, consisting of 39,844 emails and 1,248 chats – in contrast to Arm's production consisting of 4,704 emails and 21 chats.

The two supposed deficiencies in Qualcomm's terms identified by Arm are wrong.  *First*, as Qualcomm already confirmed, "RISC" hits on any use of the formal name "RISC-V," and Arm's own RISC-V-related terms also do not use a "RISC*" root expander.  Ex. 8 at 4.  *Second*, Arm objects to two of Qualcomm's broadly written terms (one for unfair competition and one for OOBs and ACK patches) but does not explain why a broad term is automatically insufficient.  In any event, Qualcomm already agreed to expand its OOB and patches term and produced responsive documents.  *Id.* at 5.

Arm's other complaints are no more persuasive.  Arm states that the SAC "added new claims regarding Arm's alleged breach of the TLA and licensing of v10."  Arm Ltr. at 6.  Qualcomm already produced relevant material, given its position that Armv10 and the Qualcomm TLA were relevant to the First Amended Complaint, and disclosed to Arm search terms used "to locate potentially *responsive* ESI" as required by the ESI Order.  D.I. 85 ¶ 2(b)(i).  Finally, Arm claims that "Qualcomm refuses to run its terms against even witnesses it has identified as knowledgeable about the key issues."  Arm Ltr. at 7.  As Qualcomm repeatedly told Arm, it collected documents from individuals knowledgeable about issues in the case and produced discovery accordingly, including for witnesses identified in Interrogatories.  Ex. 8 at 7.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Words: 2349

5

**A0780**

# Exhibit 1

**Chin, Stephanie**

| | |
|---|---|
| **From:** | Nyarady, Catherine |
| **Sent:** | Tuesday, July 1, 2025 1:07 PM |
| **To:** | Fung, Nicholas Rylan; Braly, Jacob; Emerick, Jay; ██████ jying@morrisnichols.com; Blumenfeld, Jack; Murray, Travis; kdunn@dirllp.com; William Isaacson; mzappala@dirllp.com |
| **Cc:** | ████████████████████████████████; Janes, Adam |
| **Subject:** | RE: QC v. Arm - Deposition Dates |

Nick,

The earliest date we can offer Mr. Kanapathipillai's deposition is July 16 in San Diego.  Please confirm.

In addition, despite my following up last week at deposition, I have not heard back from your team on alternate dates (or refusal to provide dates) on the below witnesses.  Please inform us whether and when Arm will make them available, or if we need to alert the Court to a dispute regarding these depositions.

Deponents:
Awad
Horley
Badani

Regards,
Catherine

**Catherine Nyarady** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3532 (Direct Phone) | +1 212 492 0532 (Direct Fax)
cnyarady@paulweiss.com | www.paulweiss.com

**From:** Fung, Nicholas Rylan <NFung@mofo.com>
**Sent:** Monday, June 30, 2025 11:52 AM
**To:** Nyarady, Catherine <cnyarady@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Emerick, Jay <jay.emerick@kirkland.com>; ████████████████████████████ jying@morrisnichols.com; Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>; kdunn@dirllp.com; William Isaacson <wisaacson@dirllp.com>; mzappala@dirllp.com
**Cc:** ████████████████████████████████████████████; Janes, Adam <adam.janes@kirkland.com>
**Subject:** RE: QC v. Arm - Deposition Dates

Catherine,

Please provide a date for Mr. Kanapathipillai's deposition that is on or before July 11.

Regards,

**A0782**

# Exhibit 2

**A0783**

## Chin, Stephanie

| | |
|---|---|
| **From:** | Emerick, Jay <jay.emerick@kirkland.com> |
| **Sent:** | Friday, July 11, 2025 4:15 PM |
| **To:** | Nyarady, Catherine; Evangelatos, Peter; Fung, Nicholas Rylan; Braly, Jacob; ███████████ █████████████████ Blumenfeld, Jack; Murray, Travis; kdunn@dirllp.com; William Isaacson; mzappala@dirllp.com |
| **Cc:** | ████████████████████████████████████████████; Janes, Adam |
| **Subject:** | RE: QC v. Arm - Deposition Dates |

Catherine,

Ms. Badani is available on 8/1 in Palo Alto.

Jay

**Jay Emerick**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3772  **M** +1 773 383 3571
**F** +1 312 862 2200

jay.emerick@kirkland.com

**From:** Nyarady, Catherine <cnyarady@paulweiss.com>
**Sent:** Wednesday, July 9, 2025 6:37 PM
**To:** Emerick, Jay <jay.emerick@kirkland.com>; Evangelatos, Peter <peter.evangelatos@kirkland.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; ████████████████████████████████;
jying@morrisnichols.com; Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>; kdunn@dirllp.com; William Isaacson <wisaacson@dirllp.com>; mzappala@dirllp.com
**Cc:** ██████████████████████████████████████████████████████████████ Janes, Adam <adam.janes@kirkland.com>
**Subject:** Re: QC v. Arm - Deposition Dates

Confirmed. Thank you.

**Catherine Nyarady** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3532 (Direct Phone) | +1 212 492 0532 (Direct Fax)
cnyarady@paulweiss.com | www.paulweiss.com

**From:** Emerick, Jay <jay.emerick@kirkland.com>
**Sent:** Wednesday, July 9, 2025 2:17 PM
**To:** Nyarady, Catherine <cnyarady@paulweiss.com>; Evangelatos, Peter <peter.evangelatos@kirkland.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; ████████████
████████████████████████; jying@morrisnichols.com <jying@morrisnichols.com>; Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>; kdunn@dirllp.com <kdunn@dirllp.com>; William Isaacson <wisaacson@dirllp.com>; mzappala@dirllp.com <mzappala@dirllp.com>
**Cc:** ████████████████████████████████████████████████

1

**A0784**

████████████████████████    Janes, Adam <adam.janes@kirkland.com>

**Subject:** RE: QC v. Arm - Deposition Dates

Catherine,

Without waiving our objections, Mr. Awad is available on July 29 in the Bay Area.

Jay

**Jay Emerick**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3772  **M** +1 773 383 3571
**F** +1 312 862 2200

jay.emerick@kirkland.com

---

**From:** Nyarady, Catherine <cnyarady@paulweiss.com>
**Sent:** Monday, July 7, 2025 6:53 PM
**To:** Evangelatos, Peter <peter.evangelatos@kirkland.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Emerick, Jay <jay.emerick@kirkland.com>; Braly, Jacob <jbraly@paulweiss.com>; ████████████████████████>; jying@morrisnichols.com; Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>; kdunn@dirllp.com; William Isaacson <wisaacson@dirllp.com>; mzappala@dirllp.com
**Cc:** ████████████████████████████████████████ Janes, Adam <adam.janes@kirkland.com>
**Subject:** RE: QC v. Arm - Deposition Dates

Peter,
Your timeline is incomplete.  I discussed the need for a date for Mr. Awad's deposition (among others) with Adam on June 27 after our deposition that day.  Having not heard anything, I also emailed Nick and your team about a date for Awad on July 1.  Please provide dates for Awad and Badani, which remain outstanding.
Regards,
Catherine

**Catherine Nyarady** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3532 (Direct Phone) | +1 212 492 0532 (Direct Fax)
cnyarady@paulweiss.com | www.paulweiss.com

---

**From:** Evangelatos, Peter <peter.evangelatos@kirkland.com>
**Sent:** Monday, July 7, 2025 4:32 PM
**To:** Nyarady, Catherine <cnyarady@paulweiss.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Emerick, Jay <jay.emerick@kirkland.com>; Braly, Jacob <jbraly@paulweiss.com>; ████████████████████████ jying@morrisnichols.com; Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>; kdunn@dirllp.com; William Isaacson <wisaacson@dirllp.com>; mzappala@dirllp.com
**Cc:** ████████████████████████████████ Janes, Adam <adam.janes@kirkland.com>
**Subject:** RE: QC v. Arm - Deposition Dates

Counsel,

# Exhibit 3

| | |
|---|---|
| **From:** | Apkon, Jacob |
| **Sent:** | Friday, July 11, 2025 6:59 PM |
| **To:** | Nyarady, Catherine; Fung, Nicholas Rylan; Braly, Jacob; Emerick, Jay; ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Blumenfeld, Jack; Murray, Travis; kdunn@dirllp.com; William Isaacson; mzappala@dirllp.com |
| **Cc:** | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Janes, Adam |
| **Subject:** | RE: QC v. Arm - Deposition Dates |

Counsel:

Because we have not heard from you regarding the deposition of Mr. Kanapathipillai, he has been released.

Regards,
Jacob

**Jacob Apkon** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 2872 (Direct Phone) | +1 203 671 4665 (Cell)
japkon@paulweiss.com | www.paulweiss.com

---

**From:** Nyarady, Catherine
**Sent:** Tuesday, July 1, 2025 1:07 PM
**To:** Fung, Nicholas Rylan ; Braly, Jacob ; Emerick, Jay ; ▮▮▮▮▮▮▮▮ ; jying@morrisnichols.com; Blumenfeld, Jack ; Murray, Travis ; kdunn@dirllp.com; William Isaacson ; mzappala@dirllp.com
**Cc:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Janes, Adam
**Subject:** RE: QC v. Arm - Deposition Dates

Nick,

The earliest date we can offer Mr. Kanapathipillai's deposition is July 16 in San Diego. Please confirm.

In addition, despite my following up last week at deposition, I have not heard back from your team on alternate dates (or refusal to provide dates) on the below witnesses. Please inform us whether and when Arm will make them available, or if we need to alert the Court to a dispute regarding these depositions.

Deponents:
Awad
Horley
Badani

Regards,
Catherine

**A0787**

# Exhibit 4

| | |
|---|---|
| **From:** | Evangelatos, Peter |
| **To:** | Apkon, Jacob; Nyarady, Catherine; Fung, Nicholas Rylan; Braly, Jacob; Emerick, Jay; ████████; jying@morrisnichols.com; Blumenfeld, Jack; Murray, Travis; kdunn@dirllp.com; William Isaacson; mzappala@dirllp.com |
| **Cc:** | ███████████████████  Janes, Adam |
| **Subject:** | RE: QC v. Arm - Deposition Dates |
| **Date:** | Wednesday, July 16, 2025 3:36:25 PM |

Jacob,

Please provide a new date for Mr. Kanapathipillai's deposition.

Best,
Peter

**Peter Evangelatos**
---------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3291 **T** +1 516 528 6348
**F** +1 212 446 4900
---------------------------------------------------------------

peter.evangelatos@kirkland.com

---

**From:** Apkon, Jacob <japkon@paulweiss.com>
**Sent:** Friday, July 11, 2025 6:59 PM
**To:** Nyarady, Catherine <cnyarady@paulweiss.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Emerick, Jay <jay.emerick@kirkland.com>; ████████████████ jying@morrisnichols.com; Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>; kdunn@dirllp.com; William Isaacson <wisaacson@dirllp.com>; mzappala@dirllp.com
**Cc:** ████████████████████████████
███████████████████████████████████████
Janes, Adam <adam.janes@kirkland.com>
**Subject:** RE: QC v. Arm - Deposition Dates

Counsel:

Because we have not heard from you regarding the deposition of Mr. Kanapathipillai, he has been released.

Regards,
Jacob

**Jacob Apkon** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 2872 (Direct Phone) | +1 203 671 4665 (Cell)
japkon@paulweiss.com | www.paulweiss.com

---

**A0789**

# Exhibit 5

**A0790**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation, | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) | C.A. No. 24-490 (MN) |
| | ) | |
| v. | ) | ██████████ |
| | ) | |
| ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation, | ) <br> ) <br> ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO ARM LTD.'S FIRST NOTICE OF DEPOSITION OF QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm" or "Plaintiffs") by and through their attorneys, hereby respond and object to Arm Holdings PLC's ("Arm" or "Defendant") First Notice of Deposition of Qualcomm Inc. and Qualcomm Technologies, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 12, 2025 ("the Notice").

**PRELIMINARY STATEMENT**

Plaintiffs incorporate by reference each and every General Objection and Preliminary Statement set forth below into each and every specific response. From time to time, a specific response may repeat a General Objection or a Preliminary Statement for emphasis or some other reason. The failure to include any General Objection or Preliminary Statement in any specific response shall not constitute a waiver of any General Objection or Preliminary Statement to that discovery request.

1

**A0791**

for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding the "factual basis for [Plaintiffs'] contention" and "when and how Arm first became aware of the relationship." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

**TOPIC NO. 59:**

The underlying facts surrounding Qualcomm's decision to disclose the October 22, 2024 Notice of Breach Letter in its November 6, 2024 Form 10-K.

**OBJECTION TO TOPIC NO. 59:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "Qualcomm's decision to disclose the October 22, 2024 Notice of Breach Letter in its November 6, 2024 Form 10-K." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic as vague and ambiguous, particularly with respect to the phrase "Form 10-K." Plaintiffs further

53

**A0792**

object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

In light of the above objections, and because Plaintiffs are not aware of any non-privileged information, Plaintiffs decline to produce a witness to testify on this Topic.

**TOPIC NO. 60:**

Your communications, or communications on Your behalf by any of Your affiliates or agents, including in-house or external counsel, or any public-relations affiliates, with Third Parties, including press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs, and social media outlets), publishers, Arm or Qualcomm customers, or potential Arm or Qualcomm customers regarding the Disputed Subject Matter, including any communications relating to news articles, stories, accounts, reports, or publications about Arm, such as the Bloomberg News article on March 25, 2025, titled "Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies."

**OBJECTION TO TOPIC NO. 60:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to this Topic as seeking testimony regarding subject matter that is not relevant to any claim or defense of any party in this Action. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding Plaintiffs' "communications, or communications on [Plaintiffs'] behalf," without limitation. Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic as vague and ambiguous, particularly with respect to the phrase "press, publicists, journalists, writers, media outlets (including podcasts, newsletters, blogs,

54

**A0793**

and social media outlets), publishers, Arm or Qualcomm customers, or potential Arm or Qualcomm customers." Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony regarding Qualcomm's communications with potential or actual Arm or Qualcomm customers regarding Arm's October 22, 2024 breach notice and the "Bloomberg News article on March 25, 2025, titled 'Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies.'"

**TOPIC NO. 61:**

Your disclosures or communications with Third Parties regarding the ALA Breach Allegations and Communications.

**OBJECTION TO TOPIC NO. 61:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to this Topic as seeking testimony regarding subject matter that is not relevant to any claim or defense of any party in this Action. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding all Plaintiffs' "disclosures or communications with Third Parties," without limitation. Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the

55

**A0794**

information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony regarding Qualcomm's communications with potential or actual Arm or Qualcomm customers regarding Arm's October 22, 2024 breach notice.

**TOPIC NO. 62:**

With respect to the ALA Breach Allegations and Communications, the factual basis for Your contention that Arm timed and publicly released the October 22, 2024 letter in an effort to damage Qualcomm's business.

**OBJECTION TO TOPIC NO. 62:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding the "factual basis for [Plaintiffs'] contention." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

56

**A0795**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
(628) 432-5100

June 23, 2025

77

**A0796**

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Karen E. Keller, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

78

**A0797**

Erik J. Olson, Esquire
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Daniel P. Muino, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Brian M. Kramer, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA  92130
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

William Frentzen, Esquire
Daralyn J. Durie, Esquire
Shaelyn Dawson, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Lydia B. Cash, Esquire
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

79

**A0798**

Jay Emerick, Esquire                                        *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                  *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*


*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)

80

**A0799**

# Exhibit 6

# KIRKLAND & ELLIS LLP

333 West Wolf Point Plaza
Chicago, IL 60654
United States

**Jay Emerick**
To Call Writer Directly:
+1 312 862 3772
jay.emerick@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

July 25, 2025

**By E-mail**

Catherine Nyarady
Paul, Weiss, Rifkind, Wharton &
  Garrison LLP
1285 Avenue of the Americas
New York, New York 10019

Re:    *Qualcomm Inc. v. Arm Holdings PLC*, C.A. No. 24-490 (D. Del.)

Dear Catherine:

We write in response to your letter regarding Arm's objections and responses to Qualcomm's Notice of Rule 30(b)(6) Deposition. Further, we write regarding Qualcomm's objections and responses to Arm's Notice of Rule 30(b)(6) Deposition.

**Arm's Response to Qualcomm's 30(b)(6) Notice**

**General Objection No. 1**: As a general matter, Arm's incorporation by reference of its objections to Qualcomm's interrogatories and document requests was intended to repeat the same objections to Qualcomm's discovery requests as previously discussed and addressed by the parties. That includes previously agreed-upon date cutoffs. To the extent there are any differences or additional objections to the scope of Qualcomm's deposition topics, Arm has stated them. It is unclear what Qualcomm means when it asks Arm's witnesses to be "prepared to discuss developments on their respective topics through the present." Arm's witnesses were prepared to discuss the topics designated to them, respectively.

**General Objection No. 14**: Qualcomm named Arm Holdings PLC as the sole defendant in this lawsuit and has not added any other defendants or otherwise changed the parties in either of its amendments to its Complaint. Arm therefore objected to Qualcomm's definitions of "Defendant," "Arm," "you," and "your" as overly broad and unduly burdensome to the extent they purport to require Arm to provide information that is not within the possession, custody, or control of Arm Holdings PLC, or to otherwise respond on behalf of third parties. Accordingly, Arm had no obligation to prepare its witnesses as to information in the possession of non-named

Austin  Bay Area  Beijing  Boston  Brussels  Dallas  Frankfurt  Hong Kong  Houston  London  Los Angeles  Miami  Munich  New York  Paris  Philadelphia  Riyadh  Salt Lake City  Shanghai  Washington, D.C.

**A0801**

# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br><br>██████████ |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 59-122)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's ("Defendant") Second Set of Requests for Production (Nos. 59–122) ("Requests").

The following responses are based solely on the information that is presently available and specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement with any subsequently-discovered facts. Plaintiffs reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Plaintiffs respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiffs respond to the Requests as they interpret and understand each Request set forth herein. If Defendant subsequently asserts an interpretation of any of the Requests that

**A0803**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on the ground that the phrases "market analysist reports" and "market intelligence" are vague and ambiguous.  Plaintiffs further object to this Request to the extent it calls for production of materials that are publicly available or in the possession, custody, or control of Defendant.  Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist and have not already been produced, sufficient to show how Arm's conduct harms competition.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents, Communications, and Things, including market analyst reports or market intelligence related to the past, present, or future competition between cores and CPUs in the (a) mobile, (b) compute, (c) data center, (d) Internet of Things, (e) mobile, and (f) automotive segments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."  Plaintiffs further object to this Request on the ground that the phrases "market analyisist reports" and "market intelligence" are vague and ambiguous.  Plaintiffs further object to this Request to the extent it calls for production of materials that are publicly available or in the possession, custody, or control of Defendant.  Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.  Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show how Arm's conduct harms competition.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents, Communications, and Things related to industry or market research reports mentioning any of the Arm-designed cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all documents, communications, and things."  Plaintiffs further object to this Request to the extent it seeks materials that are not relevant to any claim or defense in this case.  Plaintiffs also object to this Request to the extent that it seeks materials that are publicly available or in the possession, custody,

**A0805**

███████████

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jennifer Ying* |
| OF COUNSEL: | |
|  | Jack B. Blumenfeld (#1014) |
| Karen L. Dunn | Jennifer Ying (#5550) |
| William A. Isaacson | Travis Murray (#6882) |
| Melissa F. Zappala | 1201 North Market Street |
| Ruby J. Garrett | P.O. Box 1347 |
| PAUL, WEISS, RIFKIND, WHARTON | Wilmington, DE  19899 |
|   & GARRISON LLP | (302) 658-9200 |
| 2001 K Street, NW | jblumenfeld@morrisnichols.com |
| Washington, DC  20006-1047 | jying@morrisnichols.com |
| (202) 223-7300 | tmurray@morrisnichols.com |
|  | |
| Catherine Nyarady | *Attorneys for Plaintiffs* |
| Erin J. Morgan | |
| Jacob A. Braly | |
| PAUL, WEISS, RIFKIND, WHARTON | |
|   & GARRISON LLP | |
| 1285 Avenue of the Americas | |
| New York, NY  10019-6064 | |
| (212) 373-3000 | |

April 14, 2025

52

**A0806**

████████

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Kyle D. Friedland, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY 10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Gregg F. LoCascio, P.C.                                                     *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                                        *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*


                                                  */s/ Jennifer Ying*
                                                  _____
                                                  Jennifer Ying (#5550)

# Exhibit 8

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

EXAL DIRECT DIAL: +1 212 373 3532
EMAIL: CNYARADY@PAULWEISS.COM

| BRUSSELS | TOKYO |
| HONG KONG | TORONTO |
| LONDON | WASHINGTON, DC |
| LOS ANGELES | WILMINGTON |
| SAN FRANCISCO | |

May 29, 2025

**Via Email**

Nicholas Fung
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

Re: *Qualcomm Inc.* v. *Arm Holdings Plc.*
C.A. No. 24-00490-MN

Dear Nick,

We write in response to Arm's May 16, 2025 letter regarding Qualcomm's search terms. Qualcomm's search terms sufficiently capture relevant documents responsive to Arm's RFPs. Since disclosing its search terms on March 17, 2025, Qualcomm has consistently reiterated that it had disclosed its complete current list of search terms used to locate potentially responsive ESI, and this is the first time that Arm has indicated that it sees any issue with Qualcomm's search terms—over two months after Qualcomm disclosed them and two weeks after substantial completion. *See, e.g.*, 4/10/25 Email from J. Apkon; 4/19/25 Email from J. Apkon; 4/25/25 Email from J. Apkon; 4/29/25 Email from J. Apkon. In fact, Arm makes no claim that Qualcomm's production is deficient based on its search terms.

Arm incorrectly claims that Qualcomm "refuses to search for documents relevant to any defenses Arm might have to Qualcomm's claims." But Arm has not identified what those defenses are, and—more to the point—has not identified any flaws in Qualcomm's search terms that would lead to the exclusion of information that would support Arm's currently-hypothetical defenses, nor has Qualcomm limited its searches in order to do so. Moreover, Qualcomm's production to date contains documents that Arm can use to support whatever defenses it chooses to bring. Should Arm serve an Answer articulating affirmative defenses that are not already covered by Qualcomm's production, Qualcomm may supplement its production but is under no obligation to use search terms and custodians to do so.

**Qualcomm's Search Terms Produce Responsive Documents to Arm's RFPs.** As Qualcomm has repeatedly told Arm, Qualcomm's search terms were reasonably crafted in good faith to identify documents responsive to Arm's RFPs. This is evidenced by Qualcomm's diligent

A0810

4

use of other ISAs makes no sense. Arm then claims that "Qualcomm must clarify whether it intends to argue that x86 or Intel are competitors in the market in which Qualcomm insists competition is harmed." Arm cannot ask Qualcomm an interrogatory in a footnote of its letter. Qualcomm again directs Arm to Qualcomm's First Amended Complaint ("FAC") and its 04/28/25 Letter from C. Nyarady on the UCL claim.

Arm next takes issue with the use of the term "RISC." The term "RISC" is broader than "RISC-V", and the Relativity platform reads the term "RISC" as inclusive of "RISC-V."[3] Arm's own search terms similarly do not contain a root extender, and also include the additional limitation "architecture." The second parenthetical appropriately limits this search term, since (("RISC-V architecture" OR "RISC V architecture" OR "RISCV architecture") or ISA) returns an unreasonably large number of results (27,940 documents including families) and likely a disproportionate amount of non-responsive or immaterial ESI.

*The ARM ISA.* As alleged in the FAC, one of Qualcomm's claims in this case concern Arm's licensing of the Arm ISA. Arm focuses solely on just one of Qualcomm's search terms, V10 AND (ARM or ISA or architecture), while ignoring other search terms that captured relevant documents. For example, Qualcomm has multiple search terms capturing documents relevant to Arm's ISA, including Arm AND exten* AND (version OR v9 or v10 or "████" or "████" or "████"); V10 AND (ARM or ISA or architecture); Arm AND (damag* or impact) AND roadmap; ALA OR "Architecture License Agreement"; TLA OR "Technology License Agreement." Despite Qualcomm having produced documents hitting on these search terms, Arm claims Qualcomm "refuses to produce materials that substantiate Arm's defenses." But Arm does not explain what information relevant to its hypothetical defenses it believes is being unduly excluded. Arm attempts to shore up its complaints by mischaracterizing Qualcomm's FAC, claiming it "alleges issues and performance complaints with Arm's ISA and cores, and harm to competition." Qualcomm makes no allegations regarding the performance of the Arm *ISA*, nor does Arm refer to any specific paragraph supporting this contention (nor explain what defense this information might support). Further, in response to Arm's RFP 69, Qualcomm agreed to produce "documents, to the extent any exist, that relate to using a non-Arm ISA to remedy Arm's withholding of deliverables." Qualcomm's search terms capture Arm-ISA-related documents that are relevant to this case, including via its search term (RISC OR ISA) AND (ecosystem OR application OR developers).

*Market and Harm.* The scope and grounds of Qualcomm's UCL claim are set forth in Qualcomm's FAC and its proposed Second Amended Complaint ("SAC"). As outlined in Qualcomm's 04/28/25 Letter from C. Nyarady, Qualcomm reserves the right to prove that Arm's business acts and practices were "unfair," including but not limited to evidence that Arm is engaged in a campaign to prevent Qualcomm from developing and marketing products with custom CPUs that threaten to outcompete products containing Arm's off-the-shelf CPU designs, with the goal of forcing reliance on Arm's off-the-shelf CPU designs and/or preventing Qualcomm

---

[3]    *Using dtSearch syntax options*, Relativity Server 2023, https://help.relativity.com/Server2023/Content/Relativity/dtSearch/Using_dtSearch_syntax_options.htm (last accessed May 20, 2025) (treating hyphens as a space).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

from making chips compatible with the Arm ISA. Thus, Qualcomm's term Arm AND (compet*) AND (harm OR threat*) covers relevant documents responsive to this claim. Additionally, Qualcomm has already agreed to produce competitive intelligence analysis reports in response to at least Arm's RFPs 65, 95, and 96. *See* 05/01/25 Letter from C. Nyarady.

*Qualcomm's Search Term 1.* Arm complains that Qualcomm's first search term "is severely limiting" because it includes "AND customer." Yet Qualcomm's second search term does not include this limitation, nor any other term Arm complains is missing ("licensee" or "partner.") Thus, Qualcomm's second search term is *broader* than any of Arm's alternatives.

*Miscellaneous.* Arm provided a list of six additional issues.

- Qualcomm disagrees that its terms OOB OR ((ACK OR "Architecture Compliance Kit" OR AVS OR ACS) AND patch*) and Arm AND (withhold* OR withheld*) inappropriately limit document production. For example, Arm claims Qualcomm's search term is improper because it does not include "out-of-box," "out of box," or "OOBs." Nevertheless, in the interest of resolving any dispute, Qualcomm will modify its search term to include "out-of-box" or "out of box".

- Arm incorrectly claims that none of Qualcomm's search terms include "core." The following non-limiting examples include "core": "Arm" AND (CPU or core) AND (price OR royalt* OR fee OR amount); "Arm" AND (CPU or core) AND (perf* OR compet*) AND (TLA or "off-the-shelf" OR "Arm CPU" OR "Arm design" OR implementation OR "Arm Implementation Core"); "Arm" AND (CPU or core) AND (perf* OR compet*) AND (TLA or "off-the-shelf" OR "Arm CPU" OR "Arm design" OR implementation OR "Arm Implementation Core") AND comput*. At a minimum, Arm itself does not consistently include "core" in its own search terms despite including it in other terms. *Cf* ((market W/3 share) OR trend OR research OR analy* OR forecast) W/30 (competit*) AND (QC OR Qualcomm OR QCom*) AND ("system-on-chip" OR "SoC" OR CPU), with (QC OR Qualcomm OR QCom*) AND ("system-on-chip" OR "SOC" OR CPU OR core) AND (ALA OR "architecture license agreement") AND custom.

- Arm next takes issue with the terms "Snapdragon X Elite" and "Snapdragon 8 Elite." It is inappropriate to include "Snapdragon" alone in the overall search term ("Snapdragon X Elite" OR "Snapdragon 8 Elite") AND (Geekbench OR Intel OR perf* OR benchmark OR "Arm off-the-shelf"), since "Snapdragon" is the name of *all* of Qualcomm's consumer-oriented chipsets, including those that do not incorporate custom cores at issue in this litigation. This would likely return an unreasonably large number of results and a disproportionate amount of non-responsive or immaterial ESI. While Qualcomm disagrees that its search term is deficient, it will revise its search term to include "Oryon" to resolve any outstanding dispute.

- Qualcomm disagrees that its search terms regarding its request for an extension of the ALA is too narrow. First, Arm complains that Qualcomm's terms do not include "renew," "exten*," or "continu*." This is incorrect, since at least one of Qualcomm's search terms

A0812

# Exhibit 9

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

_____

QUALCOMM INCORPORATED, a

Delaware Corporation,

QUALCOMM TECHNOLOGIES, INC., a

Delaware Corporation,

          Plaintiffs,

     v.                                    C.A. No.

ARM HOLDINGS PLC, a U.K.                   24-490-MN

Corporation,

          Defendant.

_____

TELEPHONIC MEET AND CONFER

DATE:          Monday, July 28, 2025

TIME:          5:33 p.m.

LOCATION:      Remote Proceeding

               New York, NY 10001

REPORTED BY:   Jessica Moy

JOB NO.:       7515398

| Page 2 | Page 4 |
|---|---|
| A P P E A R A N C E S | A P P E A R A N C E S (Cont'd) |
| ON BEHALF OF PLAINTIFFS QUALCOMM INCORPORATED AND | ON BEHALF OF DEFENDANT ARM HOLDINGS PLC: |
| QUALCOMM TECHNOLOGIES, INC.: | ANNE SHEA GAZA, ESQUIRE |
| JENNIFER YING, ESQUIRE | Young Conaway Stargatt & Taylor LLP |
| Morris Nichols Arsht & Tunnell LLP | Rodney Square - 1000 North King Street |
| 1201 North Market Street, 16th Floor | Wilmington, DE 19801 |
| Wilmington, DE 19899 | agaza@ycst.com |
| jying@morrisnichols.com | (302) 571-6600 |
| (302) 658-9200 | |
| | ADAM JANES, ESQUIRE |
| JACOB BRALY, ESQUIRE | JAY EMERICK, ESQUIRE |
| CATHERINE NYARADY, ESQUIRE | Kirkland & Ellis LLP |
| Paul Weiss Rifkind Wharton & Garrison, LLP | 333 West Wolf Point Plaza |
| 1285 Avenue of the Americas | Chicago, IL 60654 |
| New York, NY 10019 | adam.janes@kirkland.com |
| jbraly@paulweiss.com | jay.emerick@kirkland.com |
| cnyarady@paulweiss.com | (312) 862-3971 |
| (212) 373-3726 | (312) 862-3772 |
| (212) 373-3532 | |
| | PETER EVANGELATOS, ESQUIRE |
| | Kirkland & Ellis LLP |
| | 601 Lexington Avenue, 50th Floor |
| | New York, NY 10022 |
| | peter.evangelatos@kirkland.com |
| | (212) 909-3291 |

| Page 3 | Page 5 |
|---|---|
| A P P E A R A N C E S (Cont'd) | A P P E A R A N C E S (Cont'd) |
| ON BEHALF OF PLAINTIFFS QUALCOMM INCORPORATED AND | ON BEHALF OF DEFENDANT ARM HOLDINGS PLC: |
| QUALCOMM TECHNOLOGIES, INC.: | MEREDITH POHL, ESQUIRE |
| ADAM BASNER, ESQUIRE | Kirkland & Ellis LLP |
| JACOB APKON, ESQUIRE | 1301 Pennsylvania Ave Northwest |
| Paul Weiss Rifkind Wharton & Garrison, LLP | Washington, DC 20004 |
| 2001 K Street Northwest | meredith.pohl@kirkland.com |
| Washington, DC 20006 | (202) 389-3185 |
| abasner@paulweiss.com | |
| japkon@paulweiss.com | W. HENRY HUTTINGER, ESQUIRE |
| (202) 223-7312 | Morrison & Foerster LLP |
| (202) 223-7300 | 707 Wilshire Blvd, 60th Floor |
| | Los Angeles, CA 90017 |
| ERIN MORGAN, ESQUIRE | hhuttinger@mofo.com |
| Dunn Isaacson Rhee LLP | (213) 892-5647 |
| 401 9th Street Northwest | |
| Washington, DC 20004 | CATHARINA MCWILLIAMS, ESQUIRE |
| emorgan@dirllp.com | Morrison & Foerster LLP |
| (202) 240-2900 | 755 Page Mill Road |
| | Palo Alto, CA 94304 |
| | cmcwilliams@mofo.com |
| | (213) 892-5603 |

2 (Pages 2 - 5)

Page 66

me to what you're talking about. I can't imagine that we said that not producing documents was because this was more appropriate for another means. Because when it's monetary stuff -- I don't know. If you can point me to what you're talking about. I don't have that in mind.

MS. POHL: It's totally possible too that I've misstated it, but I thought that you guys sent a letter in late June describing -- and maybe I said this backwards -- that just because there's another way to get discovery via documents, that doesn't mean that there wouldn't be testimony. But you guys, I think, also refused to produce documents about this.

And so what we took that to mean was, okay, well, if there's other alternative ways that we could take this discovery, presumably one of them is with testimony, but you declined to provide witnesses on this as well, which it's things like cost, revenues, royalties, expenses, and profit margins relating to, for example, designs and sale of ARM compatible course. I don't understand the relevance objection or refusal to provide testimony on topics, like, for example, 80.

MS. NYARADY: On topic 80, I think,

Page 67

during the RFPs, if I remember correctly, I think the issue was we don't understand the relevance of this information to any of the claims. And I think that carries forward to this topic as well.

MS. POHL: Okay. So you're standing on your objections to 80. And then the others are 82, 84 and 85. They're similar, just damages related.

MS. NYARADY: Eighty-two, yes. And sorry, 84, you said?

MS. POHL: Eighty-four and eighty-five. Yup.

MS. NYARADY: So in 84, I believe we gave some testimony under a different topic, but to the extent this is a standalone topic, then, yes, we are resting on that. I think that's true of 85 as well.

MS. POHL: All right. So jumping out of order, but it sort of just made sense to bucket those since they were more about damages. Going back to topic 81, briefly, Qualcomm cabined disagreement to produce a witness on competitive intelligence analysis regarding ARM, which is substantially narrower in our view than what the topic calls for.

And we didn't totally understand your objections because it actually looks like these are

Page 68

the objections to 79. Because there's some objections in there, for example, to language that doesn't actually appear in the topic. And so I think we just wanted to understand the basis for the objection because it wasn't exactly clear to us based on some of the differences and then whether you intend to stand on the objections that, I guess, underlie the intention in cabining the testimony provided.

MS. NYARADY: I think first of all, you did get some testimony on this, albeit I understand if you're saying it wasn't 30(b)(6). But on 81, we had this discussion on RFPs on these topics and so the intent was that we were giving 30(b)(6) testimony to the same extent that we produced documents.

MS. POHL: No --

MS. NYARADY: So you'll recall in the RFPs, right, that we agreed to produce competitive intelligence analysis documents. And so the 30(b)(6) testimony we were similarly limiting to what had been produced.

MS. POHL: Okay. So just to make sure I'm understanding, the use of different language in your response, which does not track our request. So you said Qualcomm's competitive intelligence analysis regarding ARM. That was intended to match the

Page 69

objections under which you produced documents. So it was intentional cabining of the topic for testimony, which called for, in our view, much broader testimony than just competitive analysis reports.

MS. NYARADY: I'm not sure I followed what you just said. Can you say it again?

MS. POHL: Sure. I thought what you were saying is that the language used in the response, which is Qualcomm's competitive intelligence regarding ARM, was intended to capture the same universe of documents produced, which were, as you explained in our meet and confers about the RFPs, competitive intelligence reports. Is that what you meant?

MS. NYARADY: I think so, if I understand what you're saying. I mean we limited our production from some of these topics in the RFPs. And we were only going to prep a witness for a 30(b)(6) on that same universe of documents that had been produced.

So it's the same objections that we had kind of with the RFPs. I think, separately, I think, you got testimony on this. You know, obviously, it would be in the personal capacity, but in terms of prepping a 30(b)(6), we were going to prep consistent with the RFPs.

18 (Pages 66 - 69)

Page 70

MS. POHL: Okay. And you know this, but just, you know, for the clarity of the record, we objected to the way that the production was limited with respect to the RFPs as well. So we have the same objections to cabining the testimony to the same universe.

But I did just want to make sure. So for the record, it would be fair for us to conclude that the objections are those -- we'd have to go look at what the right RFPs are, but just because the objections actually listed in response to topic 81 don't match. So just so that we actually understand the basis of the objections, would it be fair to say that it's the same kinds of objections raised in response to the RFPs on similar topics related to market share, market power, and influence?

MS. NYARADY: I mean, I don't know. I'd have to go through this. I don't think it's correct that none of these objections apply to this topic. I mean, I take your point that it looks like there's a typo in here, but I don't think that means that none of the rest of this applies. But I can take a look at that.

MS. POHL: Yeah, no, I'm not trying to say that none of them apply. I'm just trying to

Page 71

understand, you know, to the extent that we have particular objections that we can try to resolve or work through, you know, there's just a couple in here about the use of other products or ARM's ISA, ARM's design CPU course. That language actually just doesn't appear.

And so I think we just want to understand to the extent that there's anything we can do on these objections to maybe work through them, just that we're looking at the right ones. But it sounds to me like what you're saying is just that it's the same kind of objection you raised to similar document topics.

And so it would probably be fair for us to say that, you know, the right universe of objections would apply to testimony as well. Since I thought you were saying your intention in cabining, the testimony was that it would be limited to the documents produced.

MS. NYARADY: I think what you're saying and what I said is slightly different, but, you know, I mean, I think we've kind of beat this to death. But I think what you're saying is slightly different than what I was saying. But I think it is accurate that you can also go back and look at RFP

Page 72

objections. Those would all equally apply here.

MS. POHL: Okay. I think I have one more topic, which is topic 86, which was Qualcomm's written discovery in this case and the first case and Qualcomm declined to provide a witness on relevance grounds and a couple of others as well, including privilege.

And to be clear, I don't think we were seeking any privileged information related to the discovery responses, the topics, and the facts identified as written discovery responses. But I think it's actually the relevance objection that we didn't follow.

MS. NYARADY: There were a lot of responses in written discovery in the prior litigation. And I think the majority, if not all, is not relevant. You know, you guys just threw this up here as a topic without being specific about anything you wanted and then you failed to respond to our R&Os until after discovery closed.

So, you know, I mean, I don't know what to tell you, but I still don't know what exactly you would have questions about on topic 86. And I don't think it's reasonable or relevant to prep a witness on every written discovery response from a different

Page 73

case.

I don't think there's a proper 30(b)(6) topic. You know, I mean, it doesn't have the particularity that you would expect if you really wanted a prepared witness. So, I mean, I have a lot of problems with this one and I certainly do stand by our objections.

MS. POHL: Okay. Just to note for the record, we disagree, as you know, with Qualcomm's position that nothing about the first case is relevant or available for discovery, including things related to NUVIA. I know that you guys have a different position about that, but I think we both understand each other and you're standing on your objections and we disagree. So I think that's it on the 30(b)(6) topic.

So Peter, Adam, happy to turn it over to whoever's next up.

MR. JANES: Thanks, Meredith. Yeah, this is Adam from Kirkland. So next on our list, there's a few dozen documents that Qualcomm clawed back a few during the ███████████ deposition and then the remainder after that deposition. These documents are ██████████████████████. You know, in particular, some of them concerned subject

19 (Pages 70 - 73)

# Exhibit 10
# (REDACTED IN ITS ENTIRETY)

# Exhibit 11

**A0823**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

EXAL DIRECT DIAL:  +1 212 373 3532
EMAIL:  CNYARADY@PAULWEISS.COM

BRUSSELS           TOKYO
HONG KONG          TORONTO
LONDON             WASHINGTON, DC
LOS ANGELES        WILMINGTON
SAN FRANCISCO

April 24, 2025

**Via Email**

Jay Emerick
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654

Re: *Qualcomm Inc.* v. *Arm Holdings Plc.*
C.A. No. 24-00490-MN

Dear Jay,

I write in response to your April 22 letter regarding Qualcomm's Responses and Objections to Arm's Second Set of Requests for Production and the meet and confer held on April 15, 2025, regarding Qualcomm's Responses and Objections to Arm's First Set of Requests for Production and First Set of Interrogatories.

We started the meet and confer process earlier today regarding Arm's Second Set of Requests for Production, and we will follow up on that separately.

The parties conducted a meet and confer on both April 11 and 15 regarding Arm's First Set of Requests for Production and First Set of Interrogatories. You did not attend those meet and confers, and your letter is inconsistent with the discussions that took place. We are available to meet and confer to address these inconsistencies.

**Qualcomm's Responses and Objections to Arm's Requests for Production**

**RFP Nos. 6, 10, 12, 13, 52, 53, 56 and 57.** You state in your letter that "each of these Requests quotes or directly discusses specific paragraphs in Qualcomm's complaint." This is inaccurate. None of the listed Requests quote from or reference specific paragraphs in Qualcomm's First Amended Complaint or proposed Second Amended Complaint. Request No. 6 actually quotes from an entirely different document—the background section of Qualcomm's opposition brief to Arm's first motion to dismiss (D.I. 22), which has now been denied by the Court.

**A0824**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

At the April 11 and April 15 meet and confers, Qualcomm explained why it did not believe that the listed Requests were relevant to the allegations contained in the First Amended Complaint, which we summarized in our April 18 letter. As we stated in that letter, we are willing to consider production of responsive documents to the extent that Arm provides a further explanation of the relevance of the Requests, which you have failed to do. During the meet and confers, we also explicitly stated that Qualcomm is not disclaiming any of the allegations in the First Amended Complaint or the proposed Second Amended Complaint. It would therefore be inaccurate for Arm to make any such representation to the Court.

Given that there remains a seeming disconnect between the parties, we are available to meet and confer if there is additional clarification that Arm would like to provide in order for Qualcomm to assess the relevance of the Requests.

**Qualcomm's data range objection**. Your letter misrepresents the discussion on the April 11 meet and confer with respect to Qualcomm's date range objection. During that meet and confer, Arm was unable to identify any allegations in the First Amended Complaint that pertain to events predating 2022 other than Qualcomm's request for a license to v10 and an election to extend to the term of the ALA, which occurred in 2020. We confirmed during the meet and confer, and in our April 18 letter, that we will produce documents from that timeframe relevant to those allegations. Notably, Arm did not identify any specific Requests related to Qualcomm's term extension election and v10 license request.

It remains unclear which RFPs you believe warrant a date range starting prior to June 2022. Your letter does not provide any additional information to help us assess your request. We are available to meet and confer if you would like to clarify which RFPs you believe should have an earlier date range applied and an explanation as to why that earlier date range is necessary.

**RFP Nos. 8, 26, 28, and 30.** At the April 11 and April 15 meet and confers, the parties seemingly reached agreement regarding the production of documents with respect to Qualcomm's business dealings with ███████████, so it is surprising to see in your letter that Arm is now walking back its position. During the meet and confers, as memorialized in our April 18 letter, Arm appeared to accept Qualcomm's proposal that it would produce documents related to the business deals that Qualcomm alleged were affected by Arm's conduct, including documents predating Arm's interference in order for Arm to assess the impact of its actions on these deals, rather than producing documents related to any business deal throughout the entirety of the business relationship between Qualcomm and its customers. To the extent that you now disagree with Qualcomm's proposal, we are available to meet and confer to discuss Arm's apparent reversal of course and your explanation as to why more expansive production is warranted.

**RFP No. 37.** It remains unclear why Arm believes the information sought by Request No. 37 is relevant following the jury verdict in the *Arm* v. *Qualcomm* trial. Qualcomm has stated that it will not provide discovery relevant only to issues litigated to verdict in the prior case, but your letter seems to indicate that you believe there are other reasons that this Request is relevant. We are available to meet and confer if Arm would like to clarify these additional reasons.

A0825

# Exhibit 12
## (REDACTED IN ITS ENTIRETY)

# Exhibit 13
## (REDACTED IN ITS ENTIRETY)

# Exhibit 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>       Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br><br>██████████ |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
## FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–58)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's ("Defendant") First Set of Requests for Production (Nos. 1–58) ("Requests").

The following responses are based solely on the information that is presently available and specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement with any subsequently-discovered facts. Plaintiffs reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Plaintiffs respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiffs respond to the Requests as they interpret and understand each Request set forth herein. If Defendant subsequently asserts an interpretation of any of the Requests that differs from Plaintiffs' understanding, Plaintiffs reserve the right to supplement their objections and/or responses.

**A0837**

grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs also object to this Request to the extent it seeks documents in advance of the deadlines as set forth in the Scheduling Order. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including Request Nos. 1 and 2.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control, located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, in accordance with the requirements of District of Delaware Local Rules, Federal Rules of Civil Procedure, and any orders of the Court.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications, and Things supporting or rebutting Your contention that Qualcomm's customer relationships have been harmed by Arm, including:

(1) Your contention in paragraph 25 of Your Complaint regarding Arm's alleged "bad-faith claim that Qualcomm has breached the QC ALA" and the "Breach Letter" referred to in paragraph 19 of Your Complaint,

(2) Your contention in paragraph 97 of Your Complaint that "Arm has also deliberately sought to impair Qualcomm's standing and relationships with current and prospective customers," that Arm "has engaged in a misinformation campaign to mislead Qualcomm's customers into believing that Qualcomm will not be able to deliver licensed Arm-compatible products after 2024, and that Qualcomm customers must obtain their own direct licenses from Arm," and that "Arm continued this misinformation campaign by declaring without basis that Qualcomm has materially breached the QC ALA and leaking the Breach Letter. By doing so, Arm has caused tangible harm to Qualcomm's customer relationships,"

(3) Your contention in paragraph 110 of your Complaint that Arm "intended to embarrass Qualcomm and to interfere with its relationships with its current and potential customers and business partners, including by creating unwarranted uncertainty about Qualcomm's ability to continue delivering licensed Arm-compatible products," and

(4) Your contention in paragraph 112 of Your Complaint that "Arm leaked the Breach

14

**A0838**

Letter to distract from the Snapdragon® Summit and the groundbreaking products released at the Summit, and to ensure that the attention of Qualcomm's customers and business partners focused on the parties' licensing dispute rather than on Qualcomm's products, which pose a threat to Arm's own competitive ambitions."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request as duplicative of other of Defendant's requests, including, for example, Requests Nos. 1 and 2.  Plaintiffs further object to this request to the extent that it calls for information that is in the possession, custody, or control of Defendant.

**Response:** Subject to and without waiver of any of their objections, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's contention that its "customer relationships have been harmed by Arm."

## REQUEST FOR PRODUCTION NO. 9:

All Documents, Communications, and Things supporting or rebutting Your contention in paragraph 156 of Your Complaint that Arm's actions as alleged in the Complaint "harm or threaten to harm competition."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs object to this Request on the

<div align="center">15

**A0839**</div>

██████████

                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:                         */s/ Jennifer Ying*
                                    _____
Karen L. Dunn                       Jack B. Blumenfeld (#1014)
William A. Isaacson                 Jennifer Ying (#5550)
Melissa F. Zappala                  Travis Murray (#6882)
Ruby J. Garrett                     1201 North Market Street
PAUL, WEISS, RIFKIND, WHARTON       P.O. Box 1347
    & GARRISON LLP                  Wilmington, DE  19899
2001 K Street, NW                   (302) 658-9200
Washington, DC  20006-1047          jblumenfeld@morrisnichols.com
(202) 223-7300                      jying@morrisnichols.com
                                    tmurray@morrisnichols.com
Catherine Nyarady
Erin J. Morgan                      *Attorneys for Plaintiffs*
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

March 10, 2025

██████████

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Kyle D. Friedland, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Gregg F. LoCascio, P.C.<br>Jason M. Wilcox, P.C.<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

53

**A0841**

Jay Emerick, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

54

**A0842**

# Exhibit 15
## (REDACTED IN ITS ENTIRETY)

# Exhibit 16

A0887

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

EXAL DIRECT DIAL: +1 212 373 3532
EMAIL: CNYARADY@PAULWEISS.COM

BRUSSELS          TOKYO
HONG KONG         TORONTO
LONDON            WASHINGTON, DC
LOS ANGELES       WILMINGTON
SAN FRANCISCO

April 18, 2025

**Via Email**

Jay Emerick
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654

Re: *Qualcomm Inc.* v. *Arm Holdings Plc.*
C.A. No. 24-00490-MN

Dear Jay,

We write regarding the parties' April 15 meet-and-confer as it related to Qualcomm's interrogatory responses. As a general matter, consistent with the federal and local rules, Qualcomm will amend and/or supplement its responses to Arm's interrogatories as discovery in this case progresses, particularly given that Arm has yet to produce any documents.

**Interrogatory No. 1.** As Qualcomm explained in its April 9 letter, for the responses in which Qualcomm has invoked Rule 33(d)—including this one—Qualcomm will supplement its responses to identify relevant documents. Qualcomm otherwise reserves its rights to amend its response as discovery progresses. Arm stated that this resolves its issues with Qualcomm's response to Interrogatory No. 1.

**Interrogatory No 2.** Qualcomm confirmed that its response to Interrogatory No. 2 provides the complete legal basis for its contention that Arm failed to satisfy its obligations under the Qualcomm ALA, but that it reserves its right to supplement its response as more information is obtained during discovery. Arm stated that this resolves its issues with Qualcomm's response to Interrogatory No. 2.

**Interrogatory No. 3.** As Qualcomm explained in its April 9 letter, for the responses in which Qualcomm has invoked Rule 33(d)—including this one—Qualcomm will supplement its responses to identify relevant documents. Arm asked whether this would include details about the assurances that Qualcomm contends it had to provide to ████. Qualcomm confirmed that it

A0888

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

would. Qualcomm confirmed the same regarding effects on negotiations with ███ Qualcomm otherwise reserves its rights to amend its response as discovery progresses. Arm stated that this resolves its issues with Qualcomm's response to Interrogatory No. 3.

**Interrogatory No. 4.** As Qualcomm explained in its April 9 letter, Qualcomm will supplement its response to provide additional specificity regarding ███. Qualcomm otherwise reserves its rights to amend its response as discovery progresses. Arm stated that this resolves its issues with Qualcomm's response to Interrogatory No. 4.

**Interrogatory No. 5.** Qualcomm again confirmed that its response to Interrogatory No. 5 was complete but that it reserves its rights to amend its response as discovery progresses. Although Arm has not yet produced any documents, Qualcomm expects that there will be discovery that sheds light on the full scope of behavior by Arm that will "harm or threaten to harm competition." Arm stated that this resolves its issues with Qualcomm's response to Interrogatory No. 5.

**Interrogatory No. 7.** Qualcomm again confirmed that its response to Interrogatory No. 7 was complete but that it reserves its rights to amend its response as discovery progresses. Qualcomm also stated that it would supplement in response in accordance with Rule 33(d). Arm stated that this resolves its issues with Qualcomm's response to Interrogatory No. 7.

**Interrogatory No. 8.** As Qualcomm explained in its April 9 letter, it does not intend to offer a market definition to support its California Unfair Competition Law claim and does not believe one is required. Arm stated that Qualcomm's First Amended Complaint refers to Arm's monopoly, thus the market definition it requested. Qualcomm stated that it has revised the relevant language in its Proposed Second Amended Complaint to clarify that it is not pursuing a monopoly leverage claim. Qualcomm understands from Arm's April 17 letter that Arm seeks further clarification on Qualcomm's proposed scope of discovery for its UCL claim and will respond to that letter separately.

**Interrogatory No. 9.** Qualcomm again confirmed that its response to Interrogatory No. 9 was complete but that it reserves its rights to amend its response as discovery progresses. Qualcomm also confirmed that, as with the other responses for which it invoked Rule 33(d), it will amend its response to identify responsive documents. Arm also asked whether Qualcomm anticipates any additional bases to pursue damages that it has not already identified. Qualcomm explained that it anticipates that discovery may reveal that Arm, for example, withheld additional items from Qualcomm that Qualcomm is not aware of and that might provide a basis for other categories of monetary relief. Qualcomm understands that this resolves Arm's issues with Qualcomm's response to Interrogatory No. 9.

Sincerely,

/s/ Catherine Nyarady

Catherine Nyarady

**A0889**

# Exhibit 17

**A0890**

# KIRKLAND & ELLIS LLP

<div align="center">

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

</div>

Jay Emerick
To Call Writer Directly:
+1 312 862 3772
jay.emerick@kirkland.com

Facsimile:
+1 312 862 2200

April 22, 2025

**By E-mail**

████████████

Catherine Nyarady
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019

Re:    *Qualcomm Inc. v. Arm Holdings PLC*, C.A. No. 24-490 (D. Del.)

Dear Counsel:

I write regarding Qualcomm's Responses & Objections to Arm's Second Set of Requests for Production served on April 14, 2025, and our recent meet and confer on April 15, 2025, with respect to your Responses and Objections to Arm's First Set of Requests for Production and Interrogatories, and your April 18 letters regarding the same.

## I.    *Qualcomm's Responses & Objections to Arm's Second Set of Requests for Production.*

In Qualcomm's Responses & Objections to Arm's 2nd Set of RFPs, Qualcomm refuses to search for and produce any documents responsive to eighteen separate requests, without offer to meet and confer or otherwise propose alternatives. *See* Qualcomm's R&Os to Arm's 2nd Set of RFPs at Nos. 61, 62, 63, 66, 78, 79, 80, 81, 83, 87, 88, 90, 105, 111, 112, 113, 116, 120. Qualcomm alleges without explanation that these RFPs are not relevant to any claim or defense in this litigation.

Qualcomm's relevance objections are baseless. For example, Request No. 113 seeks "[d]ocuments sufficient to show the flow of revenue, expenses, and profits from the sale of Qualcomm products containing Arm-compliant cores to Qualcomm Inc. and to Qualcomm Technologies, Inc." In its operative complaint, Qualcomm seeks "damages resulting from the wrongful conduct alleged in this Amended Complaint," including "damages arising from the postponement of" business opportunities, and "restitution." FAC at 46–47. The documents Arm seeks are directly relevant to the quantification of those categories of damages for the two named plaintiffs: Qualcomm Inc. and Qualcomm Technologies, Inc.

<div align="center" style="font-size:small">

Austin  Bay Area  Beijing  Boston  Brussels  Dallas  Frankfurt  Hong Kong  Houston  London  Los Angeles  Miami  Munich  New York  Paris  Riyadh  Salt Lake City  Shanghai  Washington, D.C.

</div>

**A0891**

# KIRKLAND & ELLIS LLP

C. Nyarady
April 22, 2025
Page 4



nature of their relationship with their customers—and how Arm could have allegedly "interfered" with that relationship—at issue.  Indeed, Qualcomm's pleading doesn't refer to specific deals lost, but speaks more generally: "As a result of [Arm's alleged conduct], these relationships have in fact *been disrupted*. . . . [T]he Smartphone Company has likewise *delayed extending its business relationship* with Qualcomm[.]"  FAC ¶ 146 (emphasis added).  Qualcomm's April 18 letter again mischaracterizes the parties meet and confer, erroneously stating that Qualcomm's proposal would "likely" satisfy Arm's Request.

- **RFP No. 37.**  Qualcomm indicated that it does not believe, absent a retrial, the information sought by RFP No. 37 is relevant.  RFP No. 37 seeks "[a]ll [d]ocuments, [c]ommunications, and [t]hings supporting or rebutting Your contention that *Qualcomm is entitled to deliverables* under the Qualcomm ALA for its Nuvia-based technology." *Id*. (emphasis added).  As we explained, the information sought by the Request is at least relevant to Qualcomm's breach allegations where Qualcomm expressly alleges Arm's "*withholding [of] deliverables* that it was required to provide Qualcomm under the QC ALA," FAC, ¶ 136 (emphasis added), namely OOB and ACK patches.  *See* FAC ¶¶ 15-18, 44, 63-82; *see also* Qualcomm's Response to Arm's Interrogatory No. 2.  That is true even if Qualcomm contends it is relying on allegations in its proposed Second Amended Complaint.  Proposed SAC ¶¶ 12-14, 16-19, 55, 74-75, 78-88, 184, 206.  In your April 18 letter, Qualcomm mischaracterizes the parties' meet and confer and stands on its objections.

With respect to Arm's first set of interrogatories, Qualcomm indicated it is unwilling to supplement its responses beyond citing additional documents under Rule 33(d) as document discovery progresses.  Contrary to the statements in your April 18 letter, a promise to cite additional documents in the future does not resolve Arm's concerns.  Qualcomm's interrogatory responses remain deficient and continue to prejudice Arm's ability to defend itself in this case:

- **Interrogatory No. 1.**  Qualcomm's response to this interrogatory falls far short of providing "the complete legal and factual basis" for Qualcomm's contention that Arm's actions have harmed Qualcomm, including the specific Qualcomm personnel, work, and expenditures necessary or appropriate to address or respond to each specific alleged harm."  Qualcomm's response does not identify any information beyond what is already pled in its operative complaint.  Qualcomm's response lacks, for example:

  - Qualcomm does not provide any information about the alleged "extra time and resources" it allegedly expended "to run ACK tests to verify compliance with the Arm ISA," including who ran those tests and when, how much time they spent, what resources and how much of them Qualcomm used, the time period during

**A0892**

## KIRKLAND & ELLIS LLP

C. Nyarady
April 22, 2025
Page 5



which Qualcomm verified compliance, and whether it succeeded in verifying such compliance, and whether any such efforts were documented.

- Qualcomm does not provide any information about how "Arm's breach of Qualcomm's negotiated-for supply assurances left Qualcomm without any ability to obtain the full ACK and therefore at a competitive disadvantage as compared to other Arm-based CPU designers," including any comparison of its verification process to any of its past verifications or any of its competitors' verifications, an identification of any alleged competitive disadvantage and the particular harm suffered, including any alleged delay in verification, product launches, or any loss in sales or market share as a result of such delay, and the competitors to which any such sales or market share losses occurred.

- Qualcomm does not provide any information about how it was harmed where "███████████████ insisted on additional reassurances before it would extend its existing business relationship with Plaintiffs," including what those requests for assurances were, who at Qualcomm and ████ were involved and when ████ sought such assurances, any nexus between that request for assurances and the October 22, 2024 breach letter, whether Qualcomm provided such assurances to ████ and whether ████ accepted them, whether there was any delay or whether Qualcomm incurred any losses from any delay in any dealings with ████, the basis for Qualcomm's contention that it was improper for Arm to allegedly "leak" the October 22, 2024 letter, and whether Arm's withdraw of the October 22, 2024 letter in January 2025 impacted its relationship with ████ or mitigated any alleged harm to Qualcomm.

- Qualcomm likewise does not provide any information describing its contention that "███████████████████████████████████████████████████████████████████," including an identification of all such term sheets and negotiations, who at Qualcomm and ████ were involved and when, any nexus between ████ refusal to finalize the term sheet and Arm's October 22, 2024 letter, the basis for Qualcomm's contention that it was improper for Arm to allegedly "leak" the October 22, 2024 letter, and whether Arm's withdraw of the October 22, 2024 letter in January 2025 impacted its relationship with ████ or mitigated any alleged harm to Qualcomm.

- **Interrogatory No. 2.** Qualcomm's response to Interrogatory No. 2, which calls for the complete legal and factual basis for Qualcomm's allegations relating to Arm's alleged breach, is deficient for the same reasons as its response to Interrogatory No. 1.

A0893



## KIRKLAND & ELLIS LLP

C. Nyarady
April 22, 2025
Page 6

- Further, Qualcomm's sole basis for its contention that it is entitled to OOB and ACK for Nuvia-based designs are: (1) an April 12, 2022 compliance waiver, and (2) the jury verdict in *Arm v. Qualcomm*. Because Qualcomm is unwilling to substantively supplement this response, please confirm that Qualcomm will not rely on any additional evidence that it is entitled to ACK and OOB for Nuvia-based designs, including if the jury's verdict is vacated or overturned.

- **Interrogatory No. 3.** Qualcomm's response to Interrogatory No. 3, which calls for the complete legal and factual basis for Qualcomm's allegations relating to customer interferences, is deficient for the same reasons as its response to Interrogatory No. 1.

- **Interrogatory No. 4.** Qualcomm's response to Interrogatory No. 4, which calls for Qualcomm's contention that Arm had knowledge of Qualcomm's customer relationships, is likewise deficient. Qualcomm points to one specific meeting between certain individuals at Arm and ▅▅▅▅ in October 2022. Because Qualcomm is unwilling to substantively supplement this response, please confirm that Qualcomm has no other contention, and will not rely on any other facts, showing that Arm had any knowledge of Qualcomm's relationships with any of its allegedly harmed customers, including any details about the October 2022 meeting with ▅▅▅▅, and has no knowledge of and will not rely on any facts showing that Arm had any knowledge of Qualcomm's dealings with ▅▅.

- **Interrogatory No. 5.** Qualcomm's response to this interrogatory falls far short of providing "the complete legal and factual basis" for Qualcomm's contention that Arm's actions "harm or threaten to harm competition." Rule 33 requires Qualcomm to do more than recycle the allegations in its operative complaint. As a threshold matter, the UCL and other competition laws "were enacted for 'the protection of *competition*, not competitors,'" *Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 110 (1986) (citation omitted) (emphasis in original), and thus "injury to a competitor is not equivalent to injury to competition" under the UCL, *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 186 (1999). Yet Qualcomm offers no description of how Arm's actions harm competition as opposed to merely harming Qualcomm's business interests. Qualcomm's response also lacks other critical details:

- For each of the alleged acts in Qualcomm's response, Qualcomm does not identify whether those acts are an incipient violation of a competition law, if so which law, or how those acts amount to an incipient violation;

- For each of the alleged acts in Qualcomm's response, Qualcomm likewise does not identify whether those acts violate the policy or spirit of a competition law, if so

**A0894**

## KIRKLAND & ELLIS LLP

C. Nyarady
April 22, 2025
Page 7



which one, or how the effects or Arm's actions are comparable to or the same as a violation of the identified law;

- Qualcomm does not identify or describe the relevant market in which Arm's actions supposedly harm or threaten to harm competition;

- Qualcomm does not identify or describe Arm's market share or market power in the relevant market, Qualcomm's market share or market power in the market, or the other competitors in the market; and

- Qualcomm does not identify whether Arm's actions allegedly harm Qualcomm as a competitor or as a consumer.

- **Interrogatory No. 6.** Qualcomm's response to Interrogatory No. 6 is likewise deficient for the same reasons as Interrogatory Nos. 1 and 2.

- **Interrogatory No. 7**. Qualcomm's response to this interrogatory recycles its response to Interrogatory No. 5 and remains deficient for the same reasons as Qualcomm's response to Interrogatory No. 5. Qualcomm's response does not provide "the complete facts, circumstances, and legal basis that allegedly render the business act or practice 'unlawful'" or "unfair." In addition, this interrogatory requests "the specific legal or equitable relief You seek for each alleged act or practice." The only relief Qualcomm identifies are damages and restitution. We assume that means Qualcomm will not seek any form of injunctive relief under the UCL, given your position that Qualcomm has no need to supplement its response.

- **Interrogatory No 8**. This interrogatory asks Qualcomm to describe how Arm allegedly "leverage[d] its monopoly" power and for an identification of the relevant markets. We understand Qualcomm refuses to answer this interrogatory for two reasons. *First*, Qualcomm states in its April 18 letter that it "does not intend to offer a market definition" and "does not believe one is required." *Second*, Qualcomm represented on our meet-and-confer that it disclaimed the allegation in the operative complaint that Arm engaged in unfair practices "so that it can leverage its monopoly." FAC ¶ 156. Please confirm by no later than April 24 that Qualcomm's position is that:

  - Qualcomm will present no evidence or argument that Arm monopolized or is attempting to monopolize any market;

  - Qualcomm will present no evidence or argument concerning Arm's market share, market power, or market position in any market;

**A0895**

# Exhibit 18
## (REDACTED IN ITS ENTIRETY)

# Exhibit 19

Case 1:24-cv-00490-MN    Document 703    Filed 02/27/26    Page 78 of 129 PageID #: 49239

6/25/2025    Qualcomm Incorporated, et al. v. Arm Holdings PLC, et al.    Gerard R. Williams III

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,            )
a Delaware corporation; and       )
QUALCOMM TECHNOLOGIES, INC.,       )
a Delaware corporation,           )
                                  )
            Plaintiffs,           )
                                  ) C.A. No.
        vs.                       ) 24-490(MN)
                                  )
ARM HOLDINGS PLC., f/k/a          )
ARM LTD., a U.K. corporation,      )
                                  )
            Defendant.            )
_____)




VIDEO DEPOSITION OF GERARD R. WILLIAMS III
JUNE 25, 2025
SAN DIEGO, CALIFORNIA




Reported by:
Cynthia J. Vega, CA CSR 6640, RMR, RDR, CCRR 95

_____

DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

6/25/2025          Qualcomm Incorporated, et al. v. Arm Holdings PLC, et al.    Gerard R. Williams III

### Page 2

APPEARANCES

On behalf of the Plaintiffs:
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
By:  Catherine Nyarady, Esq.
     Jacob A. Braly, Esq.
1285 Avenue of the Americas
New York, New York  10019
(212) 373-3000
cnyarady@paulweiss.com
jbraly@paulweiss.com

On behalf of the Defendant:
MORRISON & FOERSTER LLP
By:  Erik J. Olson, Esq.
755 Page Mill Road
Palo Alto, California  94304
(650) 813-5600
ejolson@mofo.com

### Page 3

APPEARANCES CON'T

On behalf of the Defendant:
MORRISON & FOERSTER LLP
By:  Lydia B. Cash, Esq.  (Remote appearance)
300 Colorado Street, Suite 1800
Austin, Texas  78701
(512) 617-0650
lcash@mofo.com

Also in Attendance:
Kurt Kjelland, In-House Counsel for Qualcomm Incorporated
Yon Sohn, In-House Counsel for Qualcomm Incorporated

The Videographer:
Jinah Choi

                    * * * * *

        The video deposition of Gerard R. Williams III, a witness herein, taken on behalf of Defendant, on Wednesday, June 25, 2025, before Cynthia J. Vega, CSR 6640, beginning at the hour of 9:12 a.m., at 12531 High Bluff Drive, Suite 200, in the City of San Diego, County of San Diego, State of California.

### Page 4

INDEX

WITNESS
Gerard R. Williams III

EXAMINATION                    PAGE
By Mr. Olson                6
By Ms. Nyarady              142

            EXHIBITS
EXHIBIT          DESCRIPTION          PAGE
Williams Exhibit 47  Email string,          27
             November 27, 2024, with
             attachment
Whealton Exhibit 3   (Previously marked)    47
Williams Exhibit 48  CPU Technology Business     57
             Review, October 2021
Williams Exhibit 49  Email string, June 3,      127
             2023
Williams Exhibit 50  Email string, December 2,   133
             2022

### Page 5

SAN DIEGO, CALIFORNIA
WEDNESDAY, JUNE 25, 2025, 9:12 A.M.

        THE VIDEOGRAPHER:  This is file number 1 of the videotaped deposition of Gerard Williams taken by counsel for defendant in the matter of Qualcomm Incorporated, et al., versus Arm Holdings PLC, et al., filed in the United States District Court for the District of Delaware.  Case number 24-490(MN).
        This deposition is being held at Morrison & Foerster located at 12531 High Bluff Drive, Suite 200, San Diego, California 92130.
        Today's date is June 25, 2025, and the time on the monitor is 9:13 a.m.
        My name is Jinah Choi.  I'm the videographer.  And the court reporter is Cindy Vega representing Digital Evidence Group.
        Counsel will state their appearances for the record, after which the court reporter will swear in the witness.
        MR. OLSON:  Erik Olson on behalf of Morrison & Foerster on behalf of Arm, the defendants.  Also with me by -- on the Zoom is Lydia Cash from Morrison & Foerster.

2 (Pages 2 to 5)

**A0915**

6/25/2025        Qualcomm Incorporated, et al. v. Arm Holdings PLC, et al.    Gerard R. Williams III



19 (Pages 70 to 73)

# Exhibit 20
## (REDACTED IN ITS ENTIRETY)

# Exhibit 21
## (REDACTED IN ITS ENTIRETY)

# Exhibit 22
## (REDACTED IN ITS ENTIRETY)

# Exhibit 23
## (REDACTED IN ITS ENTIRETY)

# Exhibit 24

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

QUALCOMM INCORPORATED,                    )
a Delaware corporation; and               )
QUALCOMM TECHNOLOGIES, INC.,              )
a Delaware corporation,                    )
                                           )
          Plaintiffs,                      )
                                           )  C.A. No.
       vs.                                 )  24-490(MN)
                                           )
ARM HOLDINGS PLC., f/k/a                   )
ARM LTD., a U.K. corporation,              )
                                           )
          Defendant.                       )
_____)

VIDEO DEPOSITION OF ANN NATHALIE CATHCART CHAPLIN
JULY 11, 2025
SAN DIEGO, CALIFORNIA

Reported by
Cynthia J. Vega, CA CSR 6640, RMR, RDR, CCRR 95

_____

DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

A1113

## Page 2

APPEARANCES

On behalf of the Plaintiffs:
DUNN ISAACSON RHEE
By:  Karen Dunn, Esq.
401 Ninth Street, NW
Washington, DC  20004
(202) 240-2919
kdunn@dirllp.com

On behalf of the Plaintiffs:
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
By:  Gregg Stephenson, Esq.
535 Mission Street, 25th Floor
San Francisco, California  94105
(628) 432-5100
gstephenson@paulweiss.com

On behalf of the Defendant:
KIRKLAND & ELLIS LLP
By:  Jason Wilcox, Esq.
     Matthew J. McIntee, Esq.
1301 Pennsylvania Ave, NW
  Washington, DC  20004
(202) 389-5000
jason.wilcox@kirkland.com
matt.mcintee@kirkland.com

## Page 3

Also in Attendance:
Chris Longman, In-House Counsel for Qualcomm
Incorporated

The Videographer:
Jinah Choi

                    * * * * *

        The video deposition of Ann Nathalie
Cathcart Chaplin, a Witness herein, taken on behalf
of Defendant, on Friday, July 11, 2025, before
Cynthia J. Vega, CSR 6640, beginning at the hour of
9:08 a.m., at 12531 High Bluff Drive, Suite 200, in
the City of San Diego, County of San Diego, State of
California.

## Page 4

INDEX

WITNESS
Ann Nathalie Cathcart Chaplin

EXAMINATION                    PAGE
By Mr. Wilcox                    13

EXHIBITS
EXHIBIT          DESCRIPTION          PAGE
Chaplin Exhibit 1  Arm's Notice of Rule        14
        30(b)(6) Deposition of
        Qualcomm
Chaplin Exhibit 2  Answering Brief of        37
        Defendant-Appellee Qualcomm
        Incorporated in Sarah Key
        versus Qualcomm
        Incorporated
Chaplin Exhibit 3  Letter to Ann Chaplin from    71
        Spencer Collins,
        September 26, 2022
Chaplin Exhibit 4  Letter to Spencer Collins     73
        from Ann Chaplin,
        October 10, 2022

## Page 5

EXHIBITS
EXHIBIT          DESCRIPTION          PAGE
Chaplin Exhibit 5  Letter to Ann Chaplin from    79
        Spencer Collins,
        October 16, 2022
Chaplin Exhibit 6  Letter to Spencer Collins     83
        from Ann Chaplin,
        December 5, 2022
Chaplin Exhibit 7  Architecture License        85
        Agreement
Chaplin Exhibit 8  Letter to Ann Chaplin from    92
        Spencer Collins,
        December 6, 2022
Chaplin Exhibit 9  Letter to Spencer Collins     93
        from Ann Chaplin,
        January 3, 2023
Chaplin Exhibit 10 Letter to Ann Chaplin from    98
        Spencer Collins,
        October 22, 2024
Chaplin Exhibit 11 Bloomberg article titled      102
        "Arm to Scrap Qualcomm Chip
        Design License in Feud
        Escalation," October 22,
        2024

2  (Pages 2 to 5)

**A1114**



Page 194

[text redacted]

Page 196

A.  I gave you where I inferred it, yes.

Q.  Have you been able to infer who must have

[text redacted]

Q.  This article references regulators on three different continents; correct?

A.  It does.

Q.  So if the source of the story was the regulators, it would have to be three different regulators talking to the media; correct?

MS. DUNN:  Objection to form.

THE WITNESS:  I don't know.

BY MR. WILCOX:

Q.  Sitting here today, are you aware of any instances where regulators discussed confidential filings with the media as the source for a story?

MS. DUNN:  Objection to form.

And I'll also caution the witness that if

Page 195

[text redacted]

BY MR. WILCOX:

Q.  Do you believe that Arm gave this story to Bloomberg?

A.  I don't know who gave --

MS. DUNN:  Objection to -- just give me one second.

THE WITNESS:  I'm sorry.

MS. DUNN:  That's okay.

Objection to form.

THE WITNESS:  I don't know who gave the story to Bloomberg.

BY MR. WILCOX:

Q.  When we were discussing the October 2024 Bloomberg story, you told me you were able to infer from context who the story must have originated from; correct?

Page 197

she can answer this question without revealing privileged information, she can do so.

THE WITNESS:  I'm unable to answer.  I don't have an answer outside of privileged information.

BY MR. WILCOX:

Q.  Sitting here today without disclosing privileged information, are you aware of any instances where regulators discussed private meetings that they have had with the media in order to serve as a source for a story about potential investigations?

A.  I don't know.  I've seen numerous such articles.  So I don't know where they're from.

[text redacted]

50  (Pages 194 to 197)

# Exhibit 25

A1116

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

EXAL DIRECT DIAL:  +1 212 373 3532
EMAIL:  CNYARADY@PAULWEISS.COM

BRUSSELS         TOKYO
HONG KONG        TORONTO
LONDON           WASHINGTON, DC
LOS ANGELES      WILMINGTON
SAN FRANCISCO

April 28, 2025

**Via Email**

Jay Emerick
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654

Re: *Qualcomm Inc.* v. *Arm Holdings Plc.*
C.A. No. 24-490-MN

Dear Jay,

I write in response to your April 17, 2025 letter purporting to "seek clarity" about Qualcomm's California Unfair Competition Law ("UCL") claim but in fact includes a laundry list of questions about the support for that claim.   To the extent Arm wished to ask about the legal and factual bases for Qualcomm's UCL claim, it could have done so through properly framed interrogatories.  But it cannot circumvent discovery limitations through requests for "clarity" about discovery it chose not to take.  And it is surprising that you would demand a "prompt response" when Arm had yet to produce any meaningful discovery on the topics most relevant to Qualcomm's UCL claim and first produced any documents only last week after your letter.  The scope and grounds of Qualcomm's UCL claim are set forth in Qualcomm's First Amended Complaint ("FAC") and its proposed Second Amended Complaint ("SAC"). Given that Arm has provided no meaningful discovery in this case, Qualcomm cannot provide they type of detailed contention that Arm seems to demand. *Novanta Corp.* v. *Iradion Laser, Inc.*, 2016 WL 4987110, at *7 (D. Del. Sept. 16, 2016) (collecting decisions holding that contention interrogatories are premature before substantial documentary or testimonial discovery has been completed).

Nevertheless, in the interest of efficiency and avoiding unnecessary disputes, Qualcomm provides the following information regarding the scope of its UCL claim.  This is based on Qualcomm's current understanding, Qualcomm reserves all rights to amend or supplement in the future, including based on any new facts that Qualcomm learns through discovery.

As the FAC and SAC make clear, Qualcomm is not asserting a claim for monopolization under Section 2 of the Sherman Act; it is asserting a claim under the UCL's "unfair" prong.

**A1117**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Qualcomm also alleges that Arm's business acts and practices were unlawful because, in addition to being unfair, they also violated California tort law. Thus, Qualcomm need not identify a relevant market, *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946, 1002 (9th Cir. 2023), in the manner the Sherman Act may require. Qualcomm reserves the right to prove that Arm's business acts and practices were "unfair" under any tests California courts apply in cases under that prong. In support of that claim, Qualcomm reserves the right to present evidence that (among other things) Arm is engaged in a campaign to prevent Qualcomm from developing and marketing products with custom CPUs that threaten to outcompete products containing Arm's off-the-shelf CPU designs, with the goal of forcing reliance on Arm's off-the-shelf CPU designs and/or preventing Qualcomm from making chips compatible with the Arm ISA. *See, e.g.*, SAC ¶¶ 206–208.

Finally, Qualcomm disagrees with the assertions in the final paragraph of your letter. The SAC merely clarifies and elaborates the allegations of the FAC. Qualcomm has not made materially "new contentions" or "re-formulat[ed] … its UCL claim." Arm could have requested any of this information by interrogatory long ago, rather than allowing "weeks" to elapse before raising these concerns, or raised its purported concerns earlier. We also fail to see how Arm could have been prejudiced by the purported "disavow[al of] the monopolization allegations," especially given that Qualcomm provided its SAC several weeks before your letter, the amendment made clear that Qualcomm was *not* asserting a claim under Section 2 of the Sherman Act, and Arm has continued to refuse to produce discovery regarding this claim.

Sincerely,

*/s/ Catherine Nyarady*

Catherine Nyarady

A1118

# Exhibit 26

## St Ledger, Annalyn

| | |
|---|---|
| **From:** | Braly, Jacob |
| **Sent:** | Saturday, May 17, 2025 11:50 AM |
| **To:** | McWilliams, Catharina R.; ▆▆▆▆▆; Blumenfeld, Jack; jying@morrisnichols.com |
| **Cc:** | ▆▆▆▆▆▆▆▆▆▆ |
| | YCST_Arm_Qualcomm@ycst.com |
| **Subject:** | RE: Qualcomm Inc. v. Arm Holdings PLC.; Case No. 1:24-cv-490 (MN): Correspondence |

Counsel:

Qualcomm continues to believe that Arm improperly delayed in providing its additional search terms for testing by waiting over six weeks since Qualcomm's March 17 disclosure to provide any of its additional terms. We note that the fact discovery deadline is less than two months away and, as you know, Qualcomm has released its review team.

Consistent with Paragraph 2(b) of the ESI Order, D.I. 85, Qualcomm objects to Arm's second and fourth search terms as returning an unreasonably large number of results and likely to return a disproportionate amount of non-responsive or immaterial ESI. Qualcomm provides hit counts in the table below, which are exclusive of documents Qualcomm has already promoted for review. Qualcomm reiterates its request for Arm to provide the same, *see* 5/1/25 Ltr. from J. Braly to N. Fung at 2, a request that Arm indicated at the parties' April 29 meet and confer that it would respond to by May 2. Qualcomm reserves all rights should Arm refuse to provide updated hit counts.

| Search Term | Hit Count | Distinct Hit Count | Hit Count, Including Families |
|---|---|---|---|
| ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | 0 | 0 | 0 |
| "out-of-box" OR "out of box" OR OOBs OR "target config*" OR "targetconfig*" OR "test config*" OR "testconfig*" OR ACK OR "Architecture Compliance Kit" OR AVS OR "Architecture Valid Suite" OR "Architecture Validation Suite" OR ACS OR "Architecture Compliance Suite" | 13,151 | 12,188 | 24,114 |
| (Arm or (sec* ▆) or "▆▆▆▆▆▆") AND royal* AND (calculat* OR estimat* OR damag* OR impact) | 5 | 5 | 5 |
| Arm AND ((S&M OR S+M OR SMA OR (sec* ▆) OR (sec* ▆)) OR (support* OR maint* OR bug* OR defect* OR error* OR deliv*) | 9,453 | 8,490 | 10,847 |

Qualcomm proposes the following revisions to Arm's second and fourth search terms, and provides the hit counts for the revised terms, which are exclusive of documents Qualcomm has already promoted for review. Please confirm that these revisions are acceptable so that we may move forward with the document review and possible production.

| Search Term | Hit Count | Distinct Hit Count | Hit Count, Including Families |
|---|---|---|---|
| | | | |

1

**A1120**

| | | | |
|---|---|---|---|
| "out-of-box" OR "out of box" OR OOBs OR "target config\*" OR "targetconfig\*" OR "test config\*" OR "testconfig\*" OR (Arm w/10 (ACK OR ACS OR AVS)) OR "Architecture Compliance Kit" ~~OR AVS~~ OR "Architecture Valid Suite" OR "Architecture Validation Suite" ~~OR ACS~~ OR "Architecture Compliance Suite" | 1,143 | 859 | 1,772 |
| Arm ~~AND~~ w/10 ((S&M OR S+M OR SMA OR (sec\*█) OR (sec\*█)) OR (support\* OR maint\* OR bug\* OR defect\* OR error\* OR deliv\*) | 1,597 | 1,481 | 2,000 |

Regards,

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** McWilliams, Catharina R. <CMcWilliams@mofo.com>
**Sent:** Friday, May 2, 2025 8:30 PM
**To:** ████████████████████████ >; Blumenfeld, Jack <jblumenfeld@morrisnichols.com>; jying@morrisnichols.com
**Cc:** ████████████████████████████████
████████████████

**Subject:** Qualcomm Inc. v. Arm Holdings PLC.; Case No. 1:24-cv-490 (MN): Correspondence

Counsel –

Pursuant to Section 2(b)(i) of the parties' ESI Order, D.I. 85, Arm hereby provides four additional search terms for testing by Qualcomm. Arm is providing its disclosure of search terms without prejudice to Arm's identification of its remaining six search terms under the ESI order.



| |
|---|
| ████████████████████████ ████████ |
| "out-of-box" OR "out of box" OR OOBs OR "target config\*" OR "targetconfig\*" OR "test config\*" OR "testconfig\*" OR ACK OR "Architecture Compliance Kit" OR AVS OR "Architecture Valid Suite" OR "Architecture Validation Suite" OR ACS OR "Architecture Compliance Suite" |
| (Arm or (sec\*█) or "████████████") AND royal\* AND (calculat\* OR estimat\* OR damag\* OR impact) |
| Arm AND ((S&M OR S+M OR SMA OR (sec\*█) OR (sec\*█)) OR (support\* OR maint\* OR bug\* OR defect\* OR error\* OR deliv\*) |

Regards,

**Catharina McWilliams**

2
**A1121**

Associate
cmcwilliams@mofo.com
T: +1 (213) 892-5603

Morrison Foerster
707 Wilshire Boulevard
Los Angeles, CA 90017-3543

**IIIORRISON
FOERSTER**

mofo.com | LinkedIn

=========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,

Plaintiffs,

v.

ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,

Defendant.

C.A. No. 24-490-MN



**DEFENDANT ARM HOLDINGS PLC'S LETTER BRIEF TO SPECIAL MASTER RYCHLICKI REGARDING SUBSEQUENT EVENTS RELATING TO ARM'S MOTION TO COMPEL PRODUCTION OF QUALCOMM'S MEDIA COMMUNICATIONS**

Dated: December 4, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

A1123

reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

**A1124**

Dear Special Master Rychlicki:

Arm writes to advise Your Honor of newly learned facts and subsequent events that have occurred since the August hearings that relate to Arm's pending motion to compel discovery into Qualcomm's communications with media and third parties concerning Arm and the litigation. 8/1/25 Arm Ltr. at 3-4, 5.

As Your Honor is aware, Arm sent Qualcomm a notice of material breach of Qualcomm's Architecture License Agreement ("ALA") on October 22, 2024 (the "Breach Letter"), which Qualcomm claims Arm "leaked" to a reporter at Bloomberg. *E.g.*, D.I. 137 (Second Amended Complaint, or "SAC") ¶¶ 29, 32-34, 154. Three of Qualcomm's claims center on Arm's supposedly wrongful, tortious, and unscrupulous "leaking" of the Breach Letter "to the media." *See id.* ¶¶ 158-161, 184, 189-203, 206. During discovery, Arm requested production of Qualcomm's own communications with the media or customers about its rights under the Qualcomm ALA, but Qualcomm refused. *See* 8/1/25 Arm Ltr. at 5. Qualcomm also refused to provide witnesses on related 30(b)(6) topics, and Qualcomm narrowed Arm's Topics 60 and 61, which concern Qualcomm's claims regarding disclosures or communications with third parties about the ALA breach allegations. *See id.* at 3-4.

Recently, on November 19, Bloomberg published an article titled "South Korea Antitrust Regulators Inspect Arm's Office in Seoul," describing "unannounced inspections of Arm" by the Korea Fair Trade Commission ("KFTC"), which "stems in part from a complaint by Qualcomm Inc. alleging that Arm is hurting competition." Ex. 1 at 1. The article notes that Qualcomm "has also brought its concerns about Arm's licensing business to the US Federal Trade Commission and European Commission." *Id.* at 1. While Qualcomm's "complaints to regulators are confidential," Josh Sisco, the article's author, credited the story to "people familiar with the matter" who "were granted anonymity to discuss a confidential matter." *Id.* at 1-2. The story did not come from Arm.

This is not the first time confidential information about Qualcomm's complaints to regulators has been leaked to Bloomberg. On March 25, 2025, Bloomberg published another article, co-authored by Mr. Sisco, titled "Qualcomm Takes Legal Fight with Arm to Global Antitrust Agencies," which described Qualcomm's "private meetings and confidential filings to regulators on three continents" in which "Qualcomm is arguing that Arm—its biggest supplier—is guilty of anticompetitive behavior, according to people familiar with the matter." D.I. 457 Ex. 16 at 1.

The common thread connecting these media leaks to the same reporter about potential regulatory investigations by different regulators on different continents is Qualcomm. While Qualcomm disputes it was the source of the March 2025 story, it is undisputed that Qualcomm was in contact with Mr. Sisco prior to its publication. D.I. 456 ¶¶ 20-21 (citing D.I. 457 Ex. 17 at 22:5-23:25, 191:23-192:11). Moreover, Qualcomm's General Counsel ███████████████████████ ████████████████████████████████. *Id.* ¶ 22 (citing D.I. 457 Ex. 17 at 201:10-204:3, 185:23-186:1). It cannot be a coincidence that a reporter Qualcomm admittedly speaks with is the same reporter who keeps publishing articles reporting confidential information that advances Qualcomm's litigation narrative. Yet, Qualcomm has blocked all discovery efforts into these issues.

1

**A1125**

Arm requires discovery into Qualcomm's communications with media and third parties to ascertain the extent of Qualcomm's involvement in the publication of these stories, which bears on Arm's unclean hands defense tied to Qualcomm's media leaks. *See* D.I. 234 at 43-44. Indeed, the placement of these stories with Bloomberg is similar in kind to the alleged conduct on which Qualcomm bases its tortious interference claims, *see, e.g.*, D.I. 137 (SAC) ¶¶ 189-203, and courts have applied the unclean hands doctrine where the plaintiff engaged in the same conduct it accuses a defendant of committing, *see, e.g.*, *Emco, Inc. v. Obst*, 2004 WL 1737355, at *4-6 (C.D. Cal. May 7, 2004); *Haagen-Dazs, Inc. v. Frusen Gladje Ltd.*, 493 F. Supp. 73, 75-76 (S.D.N.Y. 1980).

Qualcomm's media leaks also bear directly on Qualcomm's own claims in this case. For example, Qualcomm's UCL claim asserts Arm's alleged communications with Bloomberg were the type of "immoral, unethical, oppressive, [or] unscrupulous" acts that violate the California UCL. D.I. 137 (SAC) ¶¶ 208-209; *see also* 8/11/25 Arm Ltr. Ex. 2 at 41 (Qualcomm's response to Arm's Interrogatory No. 20). Whether Qualcomm has engaged in its own campaign of placing stories with the media concerning its legal disputes with Arm is directly relevant to whether Arm's alleged conduct is as scandalous and unfair as Qualcomm contends. For that additional reason, Arm needs discovery into Qualcomm's litigation-related media communications to adequately defend itself.

The most recent media leak concerning Qualcomm's confidential competition-related complaints against Arm, and the resulting non-public KFTC inspection, only reinforces Arm's need for discovery into Qualcomm's communications with the media and third parties about the allegations Qualcomm raises in this case. Qualcomm's refusal to provide meaningful discovery has prevented Arm from developing its defenses to Qualcomm's allegations. Indeed, most recently, Qualcomm has attempted to use its refusal to provide discovery as a sword to obtain summary judgment on Arm's unclean hands defense tied to Qualcomm's media leaks, claiming that Arm lacks "evidence Qualcomm leaked information leading to the publication" of these stories. D.I. 442 at 25. Because Arm has been unable to obtain discovery essential to its unclean hands defense, Arm had no choice but to submit a Rule 56(d) declaration in opposition to Qualcomm's summary-judgment motion. D.I. 454 ¶¶ 16-24; *see also* D.I. 453 at 24-25. Qualcomm cannot continue to stonewall Arm while it apparently continues to leak information to the press designed to interfere with Arm's business.

Accordingly, Arm respectfully requests that its motion to compel be granted.

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

Words: 935

2

**A1126**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>        Defendant. | C.A. No. 24-490-MN |

## DECLARATION OF JAY EMERICK IN SUPPORT OF DEFENDANT ARM HOLDINGS PLC'S LETTER BRIEF TO SPECIAL MASTER RYCHLICKI REGARDING SUBSEQUENT EVENTS RELATING TO ARM'S MOTION TO COMPEL PRODUCTION OF QUALCOMM'S MEDIA COMMUNICATIONS

Dated: December 4, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

**A1127**

jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

**A1128**

I, Jay Emerick, declare as follows:

I am an attorney with the law firm of Kirkland & Ellis LLP, counsel for Arm Holdings PLC ("Arm") in the above referenced action. I submit this declaration in support of Arm's Letter Brief to Special Master Rychlicki Regarding Subsequent Events Relating to Arm's Motion to Compel Production of Qualcomm's Media Communications.

1.     Attached as Exhibit 1 is a true and correct copy of a November 19, 2025 *Bloomberg* article entitled "South Korea Antitrust Regulators Inspect Arm's Office in Seoul," by Josh Sisco.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 4th day of December 2025 at Washington, DC.

/s/ Jay Emerick
Jay Emerick

1

**A1129**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 4, 2025, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com
John Poulos
NORTON ROSE FULBRIGHT US LLP

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

**A1130**

1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

**A1131**

# Exhibit 1

South Korea Antitrust Regulators Inspect Arm's Office in Seoul

# South Korea Antitrust Regulators Inspect Arm's Office in Seoul

**Published: Wed Nov 19 01:58:13 EST 2025**

By Josh Sisco

(Bloomberg) --

South Korea's antitrust regulator visited the Seoul offices of Arm Holdings Plc this week as part of ongoing scrutiny of the company's licensing practices, people familiar with the matter said.

The Korea Fair Trade Commission is conducting the unannounced inspections of Arm as part of an inquiry into its conduct, said the people, who were granted anonymity to discuss a confidential matter.

The move stems in part from a complaint by Qualcomm Inc. alleging that Arm is hurting competition by restricting access to its technology after operating an open network for more than 20 years, the people said.

Spokespeople for Arm and Qualcomm declined to comment. A spokesperson for the KFTC declined to comment.

The San Diego chipmaker has also brought its concerns about Arm's licensing business to the US Federal Trade Commission and European Commission, Bloomberg previously reported.

Read More: Qualcomm Takes Legal Fight With Arm to Global Antitrust Agencies

Qualcomm, the No. 1 maker of chips that run phones, contends that Arm created a heavy reliance on its technology through an open licensing model, which also fostered a thriving chip industry.

Arm, which is based in the UK and majority-owned by SoftBank Group Corp., doesn't make its own chips. Rather, it sells chip designs and licenses a so-called instruction set — code used by software to communicate with processors. Both chipmakers like Qualcomm and device makers like Apple Inc. rely on Arm licenses for their products.

Qualcomm is telling competition authorities around the world that that dynamic market is now threatened as Arm restricts access to boost profits through its own chipmaking ambitions, Bloomberg previously reported. Arm has previously said Qualcomm's complaints to regulators seek to "expand the parties' ongoing commercial dispute for its own competitive benefit."

Both companies are trying to position themselves to ride a boom in computing demand — for everything from desktops to AI systems — as the market for smartphone chips, which had fueled

**Bloomberg Law®**

© 2025 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

https://www.bloomberg.com/news/articles/2025-11-19/south-korea-antitrust-regulators-inspect-arm-s-office-in-seoul

A1133

South Korea Antitrust Regulators Inspect Arm's Office in Seoul

much of their growth in recent years, has become more sluggish.

The two companies are entangled in a legal fight around the world. Qualcomm largely prevailed in a trial late last year over claims by Arm that it breached its licensing agreement and in September, a federal judge ruled in Qualcomm's favor on the remaining claims. Arm is appealing.

Qualcomm's complaints to regulators are confidential, but in court filings last year the company said that following Arm's acquisition by Japan's SoftBank and the failure of an attempted sale to Nvidia Corp., Arm is acting anticompetitively to pad its bottom line.

The KFTC has the authority under the country's antimonopoly law to conduct in-person inspections to gather documents and conduct interviews. While the regulator often uses the tactic, it is a sign that they're stepping up their scrutiny.


--With assistance from Ian King, Heesu Lee, Shinhye Kang and Takahiko Hyuga.

To contact the reporter on this story:
Josh Sisco in San Francisco at jsisco6@bloomberg.net

To contact the editors responsible for this story:
Sara Forden at sforden@bloomberg.net
Edwin Chan

**Bloomberg Law®**

© 2025 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

**// PAGE 2**

https://www.bloomberg.com/news/articles/2025-11-19/south-korea-antitrust-regulators-inspect-arm-s-office-in-seoul

A1134

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,  )
 a Delaware corporation; and  )
QUALCOMM TECHNOLOGIES, INC.,  )
 a Delaware corporation,  )
 )
 Plaintiffs,  )
 )
 v.  )
 )
ARM HOLDINGS PLC., f/k/a ARM LTD.,  )
 a U.K. corporation,  )
 )
 Defendant.  )

C.A. No. 24-490 (MN)

**PLAINTIFFS' RESPONSE TO DEFENDANT'S LETTER BRIEF TO
SPECIAL MASTER RYCHLICKI REGARDING
SUBSEQUENT EVENTS RELATING TO ARM'S MOTION TO COMPEL
<u>PRODUCTION OF QUALCOMM'S MEDIA COMMUNICATIONS</u>**

OF COUNSEL:

Catherine Nyarady
Anish Desai
S. Conrad Scott
Jacob A. Braly
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Eric C. Westerhold
Adam Basner
Gregg Stephenson
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300

December 11, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
Ben Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Plaintiffs*

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

**A1135**

Dear Special Master Rychlicki,

Qualcomm writes in response to Arm's December 4 letter purporting to advise of "newly learned facts and subsequent events" related to Arm's pending motion "to compel discovery into Qualcomm's communications with media and third parties concerning Arm and the litigation." Arm Ltr. at 1. This effort should be rejected because (1) it is irrelevant to the claims and defenses in this case; (2) Arm has already received discovery on these topics; and (3) there are no "newly learned facts and subsequent events" that merit any further fishing expedition.

In October 2024, Arm leaked to Bloomberg News its ALA termination notice to Qualcomm. This was no ordinary leak: it was a leak threatening termination of the Qualcomm architecture license agreement (ALA)—an agreement Qualcomm and its customers rely on, and which covers Qualcomm's custom core products—which took place shortly before trial and during Qualcomm's annual Snapdragon Summit. Arm timed the leak so it would maximize the harm to Qualcomm, and so the notice period would expire one day after the trial between the parties was scheduled to end. That leak, and Arm's actions to amplify the effects of its leak, in part form the basis of Qualcomm's tortious interference and UCL claims. The conduct at issue is not "alleged," it is undisputed: Arm admitted in interrogatory responses that ██████████████████████████████████████████████████████████████████ Ex. 1 at 21. Arm's Chief Legal Officer testified that ████████████████ Ex. 2 at 80:9-81:16 (Collins). Multiple witnesses also testified that ████████████████ (Ex. 3 at 88:5-15 (Kranhold); Ex. 4 at 54:23-58:9 (Siegel)) and that ████████████████ (Ex. 5 at 99:18-100:1 (Haas); Ex. 4 at 18:20-19:6 (Siegel).

Having ████████████████████████████████, and facing claims in which Qualcomm seeks remedies for the harms arising from those actions, Arm has made repeated, non-credible attempts to inoculate itself from its actions by claiming that Qualcomm has taken actions "similar in kind." Arm Ltr. at 2. Arm's December 4 letter is its latest attempt, arguing once again that if Qualcomm has ever spoken to a reporter for a story about Arm, it would show Qualcomm engaged in the same type of conduct as Arm, and thus would "bear on" Arm's unclean hands defense and Qualcomm's UCL claim. But Arm's argument is based on a flawed premise—the conduct Arm alleges is not similar—and even if it were, Arm alleges no claim or counterclaim based on this conduct and has no basis for discovery.

Nor is the discovery Arm seeks relevant to either its unclean hands defense or Qualcomm's UCL claim. As Qualcomm explained in its motion for summary judgment, which squarely presented this issue to the District Court, the articles Arm alleges were provoked by Qualcomm do not "relate directly" to the "same transaction" at issue in the Complaint—Arm's leak of confidential information in the October 2024 letter—and therefore cannot form the basis of an unclean hands defense. D.I. 442 at 25 (QC MSJ).[1] Additionally, the party asserting unclean hands

---

[1] Arm's caselaw is inapposite. Both cases apply unclean hands to federal Lanham Act claims and do not involve California law or its requirement that the conduct "relate directly to the transaction

1

A1136

must establish prejudice arising from the alleged misconduct—a requirement Arm does not dispute and has not satisfied.  D.I. 442 at 26; D.I. 453 at 25; D.I. 489 at 14.  As to the UCL claim, the conduct Arm alleges—that Qualcomm told reporters that Arm was the subject of potential regulatory investigations—is not "similar in kind" to the conduct that underlies Qualcomm's UCL claim.  Qualcomm alleges that Arm violated the UCL by engaging in a years' long course of anticompetitive conduct that was intended to—and did—harm Qualcomm, including a change in business model and strategy, repeated and intentional breaches of multiple contracts, and interfering with customer relationships (including by, among other things, leaking confidential information about the October 2024 letter, which threatened to terminate Qualcomm's ALA, at the precise time and in the manner it did).  D.I. 137 ¶¶ 204-212.  Even if taken as true, Arm's allegations do not resemble this claim and do not bear on its validity.

Putting Arm's ill-formed comparison aside, Arm has already received ample discovery on these topics.  To the extent communications about Arm with any third parties, including the press, were identified by Qualcomm's broad search terms, including search terms covering Arm's anticompetitive conduct, those documents were produced.[2]  Ex. 7 at 53:20-55:4  (Qualcomm telling Arm it would "not withhol[d] [materials] just because it's a communication with, you know, media or something"); 8/14/25 Hr'g Tr. at 340:3-341:9; Ex. 6 at13-14  (Qualcomm agreeing to produce communications with third parties "concerning the subject matter of the claims at issue in this litigation, including . . . Arm's anticompetitive or unfair behavior").  Qualcomm also agreed to (and did) designate a Rule 30(b)(6) witness on the precise topic of the March 2025 Bloomberg News article referenced in Arm's letter (Qualcomm's 8/7/25 Letter to Special Master Rychlicki at 1, Ex. 5; Ex. 9 at 14:25-15:22 (Chaplin)) and allowed Arm to question other witnesses on the topic as well.  Ex. 10 at 201:1-209:7 (Amon); Ex. 11 at 87:18-100:9 (Patrick).[3]

Through this discovery, Arm explored its allegation that Qualcomm engaged in conduct "similar in kind" to Arm's, including regarding the March 2025 Bloomberg article.  Arm asked three of Qualcomm's witnesses about the article—including Qualcomm's General Counsel, Ann

---

concerning which the complaint is made."  *Salas* v. *Sierra Chem. Co.*, 327 P.3d 797, 812 (Cal. 2014).

[2] As discussed at the August 14 hearing, Qualcomm's objections to Arm's expansive discovery requests were entirely proper.  8/14/25 Hr'g at 342:23-345:7.  Qualcomm properly objected to RFPs 124-127 because, among other reasons, they sought communications about Qualcomm's "rights under the Qualcomm ALA with respect to Nuvia Designs or Nuvia-based Products"—an issue that was litigated and resolved in the prior litigation.  Ex. 6, RFPs 124-127; *see also* 8/14/2025 Hr'g at 342:23-343:14.  Qualcomm objected to RFPs 129 and 131 as duplicative of RFP 128 (in response to which Qualcomm agreed to produce documents) and incorporated its response to RFP 128.  Ex. 6 at 14-15.  As to RFP 142, Arm refused Qualcomm's compromise offer to produce documents if Arm was willing to produce reciprocal information.  Ex. 7 at 75:21-78:16; 8/14/25 Hr'g Tr. at 344:5-345:7; Ex. 8 at 9-10.

[3] Arm failed to object to the scope of Qualcomm's proffered Rule 30(b)(6) testimony until two weeks *after* the close of fact discovery.  Qualcomm's 8/7/25 Letter to Special Master Rychlicki at 1, Ex. 6.

Chaplin, testifying in her personal capacity and as a Rule 30(b)(6) witness—and each of them ██████ ██████ ████████████████████████████████ Ex. 9 at 14:25-15:22, 23:5-25 (Chaplin) (Rule 30(b)(6)); Ex. 10 at 201:1-209:7 (Amon); Ex. 11 at 87:18-100:9 (Patrick). Ms. Chaplin testified that ████████████████████████████████████████████ ████████ Ex. 9 at 23:5-14. ██████████████████████████████████████████████ *Id.* at 23:15-25.  Contrary to Arm's representation, Ms. Chaplin did not ████████████████████ ████████████████████████████ Arm Ltr. at 1.  The testimony Arm cites states only that ██████████████████████████████████████████████████████████████████ ██████████ Ex. 9 at 185:23-186:1, 201:10-204:3 (Chaplin).

Arm now claims that a November 2025 article about a Korean regulatory investigation of Arm, written by the same Bloomberg reporter who regularly covers Arm and the semiconductor industry, must have been planted by Qualcomm – and therefore that Arm's broad discovery requests must be granted.  But Arm's allegations that Qualcomm engaged in "similar" conduct to Arm are neither new nor relevant; Arm has no claim or counterclaim stemming from those allegations, and Arm's refusal to accept the discovery it received—and the facts as testified by Qualcomm's witnesses—does not merit granting Arm's requests.

For these reasons, and those discussed in the August briefing and hearing, Qualcomm respectfully requests that Your Honor deny Arm's motion to compel.  Counsel is available should Your Honor have any questions.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Words: 1449

Encls.

3

**A1138**

# Exhibit 1
## (REDACTED IN ITS ENTIRETY)

# Exhibit 2
## (REDACTED IN ITS ENTIRETY)

**A1150**

# Exhibit 3
# (REDACTED IN ITS ENTIRETY)

A1153

# Exhibit 4
## (REDACTED IN ITS ENTIRETY)

# Exhibit 5

**Page 1**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED, a )
Delaware corporation, QUALCOMM )
TECHNOLOGIES, INC., a Delaware )
corporation, )
)
          Plaintiffs, )
)
          vs. ) C.A. No. 24-490(MN)
)
ARM HOLDINGS PLC, f/k/a ARM )
LTD., a U.K. corporation, )
)
          Defendant. )
_____ )

█████████████████████████████

VIDEO-RECORDED DEPOSITION OF RENE HAAS

Monday, July 7, 2025

Palo Alto, California

Stenographically Reported By:

Hanna Kim, CLR, CSR No. 13083

Job No. 7428967



26 (Pages 98 - 101)

# Exhibit 6
# (REDACTED IN ITS ENTIRETY)

**A1164**

# Exhibit 7
## (REDACTED IN ITS ENTIRETY)

**A1175**

# Exhibit 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

Plaintiffs,

v.

ARM HOLDINGS PLC, a U.K. corporation,

Defendant.

C.A. No. 24-490-MN

## ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO QUALCOMM'S SIXTH SET OF REQUESTS FOR PRODUCTION (NOS. 187-191)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Holdings plc ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") Sixth Set of Requests for Production of Documents and Things to Arm Holdings plc (Nos. 187-191), dated May 22, 2025 (each a "Request" and collectively the "Requests").

## PRELIMINARY STATEMENT

1. Arm's responses to the Requests ("Responses") are made in accordance with the Federal Rules of Civil Procedure and based upon information currently available to Arm. Investigation and discovery are ongoing in this case. Arm responds to the Requests without

1

**A1182**

the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the terms "impede," "deliverables," and "delay" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production Nos. 40, 57 and 59.

**REQUEST FOR PRODUCTION NO. 190:**

All Documents produced or provided to the Federal Trade Commission, the European Commission, or the Korea Fair Trade Commission, or any other regulatory body requesting an investigation of Arm, as is referred to in Arm's Request for Production No. 141, from January 1, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to this Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

9

**A1183**

burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "regulatory body" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 167.

**REQUEST FOR PRODUCTION NO. 191:**

All Documents and Communications concerning or related to the timing or decision to announce ███████████████████████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to this Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

10

**A1184**

privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the terms ████████████ and "timing" are vague, ambiguous, and undefined.

Dated: June 23, 2025

OF COUNSEL:

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_/s/ Robert M. Vrana_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

11

**A1185**

# Exhibit 9
## (REDACTED IN ITS ENTIRETY)

# Exhibit 10
## (REDACTED IN ITS ENTIRETY)

# Exhibit 11
## (REDACTED IN ITS ENTIRETY)

**A1200**

**(REDACTED IN ITS ENTIRETY)**

A1206