# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>Defendant. | **REDACTED - PUBLIC VERSION**<br>(Filed February 27, 2026)<br><br>C.A. No. 24-490-MN<br>(CONSOLIDATED)<br><br> |

### DEFENDANT'S OBJECTIONS TO THE SPECIAL MASTER'S FEBRUARY 6, 2026 ORDER (D.I. 625) GRANTING MEDIATEK'S MOTION FOR <u>A PROTECTIVE ORDER (D.I. 323)</u>

Dated: February 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. BACKGROUND ........................................................................................................... 2

III. ARGUMENT ................................................................................................................. 5

    A. MediaTek's ■■■■■■■■■■■■ License Terms Are The Most Probative Evidence For Qualcomm's Breach Claims ............................................ 5

    B. Arm's Proposed Redactions Will Prevent Disclosure Of Irrelevant MediaTek Information ....................................................................................... 7

    C. MediaTek's Speculation About Potential Harm Cannot Overcome The Importance Of Its ■■■■■■■■■■■■ License Terms To This Case ......... 8

IV. CONCLUSION ............................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cash Today of Texas, Inc. v. Greenberg*,
  2002 WL 31414138 (D. Del. Oct. 23, 2002) ...............................................................................5

*Coca-Cola Bottling Co. of Shreveport, Inc., v. Coca-Cola Co.*,
  107 F.R.D. 288 (D. Del. Aug. 20, 1985) ................................................................................8, 9

*EPAC Techs., Inc., v. Thomas Nelson, Inc.*,
  2016 WL 11944036 (M.D. Tenn. Jul. 6, 2016) ........................................................................6

*Verisign, Inc. v. XYZ.com, LLC*,
  2015 WL 7960976 (D. Del. Dec. 4, 2015)................................................................................9

**Rules**

Fed. R. Civ. P. 53(f)(3)-(4) ...............................................................................................................4

I.      PRELIMINARY STATEMENT

Arm agrees with the Special Master that the overwhelming majority of Qualcomm's requests for third-party agreements are "overbroad," "unduly burdensome," and at best "only marginally relevant" to Qualcomm's claims. But there is one narrow and unique exception: MediaTek's license terms for ███████████████.

Qualcomm alleges that Arm breached its TLA in 2024 when Arm made Qualcomm a licensing offer for ████████████████████████████████████. Qualcomm alleges that Arm's offer was "commercially unreasonable, exorbitant, and not in good faith," a "constructive failure to offer a license," ████████████████████████, and seeks ██████████████████.

Qualcomm's claims are baseless: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, and ████████████████████████████████████████████████████████████████████████████████████████████████ It should be dispositive of Qualcomm's allegations that Arm's offer was "commercially unreasonable, exorbitant, and not in good faith," a "constructive failure to offer a license," and ████████████████████████████████████ Arm should thus be permitted to produce MediaTek's license terms for ██████████ and put an end to those claims.

Arm agrees with MediaTek and the Special Master that Qualcomm's other requests go too far. Turning over the MediaTek-Arm agreements with no redactions would needlessly expose highly sensitive commercial terms that have no relevance, such as ▬▬▬▬ that are not part of this case. This irrelevant and sensitive information should be redacted from any production to Qualcomm, and Arm is prepared to submit its proposed redactions for *in camera* review. Arm will also produce the redacted agreements with the highest confidentiality designation available in the Protective Order, further mitigating MediaTek's concerns.

MediaTek's concerns about potential competitive harm are speculative and unwarranted. It is no secret that MediaTek is an Arm licensee or that MediaTek uses Arm's ▬▬▬▬ ▬▬▬▬ ▬▬ in its products. Disclosing MediaTek's ▬▬▬▬▬▬ license terms on an attorneys'-eyes-only basis would not pose a significant additional commercial risk to MediaTek. Qualcomm's outside counsel already has both the offer that Arm provided to Qualcomm in 2024 and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ With that, Qualcomm's outside counsel can already make a strong assumption about ▬▬▬▬▬▬▬▬▬▬.

Accordingly, the Special Master's Order should be overruled-in-part. MediaTek's license terms for ▬▬▬▬▬▬▬▬▬ are the most probative evidence for Arm to defend itself against Qualcomm's ▬▬▬▬▬▬▬, and their importance far outweighs the low risk of potential harm to MediaTek, which is further minimized through appropriate redactions and a confidentiality designation.

## II. BACKGROUND

On June 3, 2025, Qualcomm filed its Second Amended Complaint alleging that Arm breached the Qualcomm-Arm TLA. Qualcomm alleges that Arm's October 2024 offer to renew Qualcomm's license to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, violated the TLA

because the offer was "extreme and clearly not commercially feasible for Qualcomm" and "a constructive failure to offer a license" ▇▇▇▇▇▇▇▇▇▇. D.I. 137, ¶¶ 25, 27, 117–118, 129. ▇▇▇▇▇▇▇▇▇▇



D.I. 233, Ex. 1 at 13.

Qualcomm further alleges ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ D.I. 137, ¶ 25. Qualcomm seeks a ▇▇▇▇▇▇▇▇▇▇ for Arm's alleged breach.

Even though ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇, when Arm made its offer to Qualcomm in October 2024, Arm performed its due diligence and made an offer to Qualcomm that was commercially reasonable and complies with the procedures in that provision. First, Arm investigated which of its customers other than Qualcomm has a license to ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ A0036;[1] *see also* D.I. 455 ¶¶ 5–12. Second, Arm evaluated the ▇▇▇▇▇▇▇▇▇▇ of that deal, and what Qualcomm was

---

[1] Citations to "A000X" refer to cited page(s) of the appendix submitted concurrently with this brief.

3

seeking, to assess ███████████████ to Qualcomm. *Id.* ¶ 13. Because the ████████████████████ ████████████████ ████████████████ than what Qualcomm was seeking, such as a ████████████████████████████████████████ ███, Arm took an additional step of looking at ████████████████████, such as MediaTek's, for guidance ██████████████████████████ in preparing the renewal offer. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

    To defend itself against Qualcomm's ████████████ claims, Arm sought to produce MediaTek's license agreements for ████████████████ with appropriate redactions, along with ████████████████████████████████████████████████ Qualcomm also sought MediaTek's information in discovery, but with no redactions. MediaTek objected and sought a protective order. The Special Master granted the protective order, finding that MediaTek's agreements with Arm are only marginally relevant and that disclosure would harm MediaTek. D.I. 625 at 6–7. While Arm agrees with the Special Master that Qualcomm's requests are too broad, Arm objects to the Special Master's grant of a protective order covering MediaTek's license terms for its ████████████████ pursuant to the Court's procedures, D.I. 336 ¶ 6, and Fed. R. Civ. P. 53. The Court's review of this Order is *de novo*. Fed. R. Civ. P. 53(f)(3)-(4).

## III.   ARGUMENT

MediaTek's license terms for ███████████████ are some of the most probative evidence for Arm's defenses to Qualcomm's allegations regarding Arm's purported breach of the Qualcomm-Arm TLA. Because on balance the importance of this discovery far outweighs MediaTek's speculative concerns about commercial harm, which can be adequately addressed by producing the documents with redactions and a confidentiality designation, Arm should be permitted to produce MediaTek's licensing information. *Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138, at *3 (D. Del. Oct. 23, 2002).

### A.   MediaTek's ███████████████ License Terms Are The Most Probative Evidence For Qualcomm's Breach Claims

MediaTek's license terms for ███████████████ are central to resolving Qualcomm's claim that Arm allegedly breached Qualcomm-Arm TLA. The Special Master erred in finding otherwise.

Qualcomm claims that Arm breached ███████ of the TLA because its October 2024 renewal offer for ███████████████ was "extreme and clearly not commercially feasible for Qualcomm" and was ███████████████ "a constructive failure to offer a license." D.I. 137, ¶¶ 25, 27, 117–118, 129. But as Arm's witnesses testified, ███████████████ ███████ and MediaTek describes Qualcomm as its "closest competitor." A0001. MediaTek's license terms for ███████████████ are the most probative evidence rebutting Qualcomm's claims because they show that Arm quoted Qualcomm license terms that are ███ with ███████████████, and were thus not "extreme," commercially unreasonable, or ███████████████ a "constructive failure to license." ███████████ are the best evidence that Qualcomm's allegations are wrong and its request for a ███████████████ is meritless.

MediaTek's license terms for ███████ are especially important to Arm's defenses because Qualcomm is seeking to prove its case by arguing that ██████████████ ████████████████████████████████████. D.I. 137, ¶ 118. But ████████████ ████████████████████████████████████████████████████████. Arm needs to produce MediaTek's ██ agreement ████████████████████████ ████████ show that its offer was ████ with what Qualcomm's ██████ ███████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████.

Qualcomm further alleges that Arm breached ████████ because it allegedly failed to offer Qualcomm a license that ██████████████████████████████ ████████████████████████████████ and again seeks a ████████████████. MediaTek's license terms for ████████████████ are again highly probative evidence. As Arm's witnesses testified, Arm ████████████████████████████████████ ████████████████████████████████████████████████████████████ ████ were not comparable to what Qualcomm was seeking. A0036, A0038. MediaTek's license terms are thus central to whether Arm's offer was ████████████████████████ ████████████████████████████████—and will corroborate the testimony of Arm's witnesses. The ████████████████████████ in MediaTek's ████████████████ license agreements, such as the scope, duration, ████████ ████████████████████████████████████, among other terms—████████

6

████████—are central to Arm's defense against Qualcomm's claims that Arm's offer was ███████████████████████████████████████████████████████.

The Special Master concluded that MediaTek's agreements were only "marginally relevant" in this case, but did not specifically address their relevance in rebutting Qualcomm's claims that Arm's offer breached ███████ because it was "extreme and clearly not commercially feasible for Qualcomm" and was "a constructive failure to offer a license," or its relevance to Arm's ████████████████ analysis. Arm's use ███████████ ████████████████████████████████████ makes it uniquely relevant among third party licenses, and it is more probative than any other evidence on these issues. Without it, Qualcomm will point to outdated and irrelevant "comparators" or allege that Arm cannot substantiate its ████████████ analysis. There is no feasible alternative to producing the information at issue.

**B.      Arm's Proposed Redactions Will Prevent Disclosure Of Irrelevant MediaTek Information**

There are only five documents in dispute and it is those very documents and the terms within them that Arm relied on as part of preparing its proposal to Qualcomm in October 2024. Specifically, the documents include ████████████████████████████████ ███████████████████████████████████████ ████████████████ ████████████████████████████████████████████████████████ ████████████████████ Arm is prepared to propose redactions to those documents for *in camera* review to prevent the disclosure of irrelevant MediaTek information.[2] For example, MediaTek's ████████████████████████████████████ for Arm products that have no

---

[2] Should the Court wish to compare the license terms between MediaTek's agreements and Arm's October 2024 offer to Qualcomm, the offer is filed at D.I. 435, Ex. 7.

7

relevance to Qualcomm's TLA allegations concerning ▓▓▓▓. D.I. 137 ¶¶ 109, 111, 121, 168, 215, 218, 220, 223. Arm will also produce those redacted agreements with the highest confidentiality designations available in the Protective Order, which limits access to outside counsel, mitigating MediaTek's confidentiality concerns. D.I. 84, ¶¶ 3, 12, 37, 44–46.

The small handful of documents in dispute also resolves the Special Master's concern that "Arm would be required to locate all the documents and communications and MediaTek, a third party, would be required to review them." The documents at issue include just ▓▓ MediaTek documents and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* D.I. 453 at 11–20; D.I. 454; D.I. 455.

### C. MediaTek's Speculation About Potential Harm Cannot Overcome The Importance Of Its ▓▓▓▓▓▓▓▓ License Terms To This Case

MediaTek's speculative concerns about potential competitive harm, and the Special Master's findings that inadvertent disclosure could result in harm to MediaTek, are not outweighed by the importance of this information to the case.

Denying-in-part MediaTek's requested protective order would not materially increase its commercial risk. Qualcomm and its outside counsel already know ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Qualcomm's outside counsel already knows from depositions of Arm's witnesses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Allowing Qualcomm's outside counsel to verify that Arm's witnesses were telling the truth by allowing them to see that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and for outside counsel (and experts bound by the Protective

8

Order) to use this information in the case, does not materially increase any commercial risk, which is already adequately addressed by the Protective Order.

MediaTek argued, and the Special Master found, that MediaTek's licensing information were "trade secrets." D.I. 625 at 6–7. That is a dubious conclusion given that information is ███ ██████████████████████████████████████. But regardless of whether that finding is correct, even "trade secrets are not absolutely privileged from discovery in litigation." *Coca-Cola Bottling Co. of Shreveport, Inc., v. Coca-Cola Co.*, 107 F.R.D. 288, 292–293 (D. Del. Aug. 20, 1985); *see also Verisign, Inc. v. XYZ.com, LLC*, 2015 WL 7960976, at *4 (D. Del. Dec. 4, 2015) (citation omitted). MediaTek's licensing information is "necessary for [Arm] to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories," and even if MediaTek's information were a trade secret, Arm "has established that the secret information is relevant and necessary." *Coca-Cola*, 107 F.R.D. at 293.

The limited and highly probative MediaTek licensing information that Arm is seeking to produce is sufficiently protected by redactions and the "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" designation permitted by the Protective Order to ensure that unredacted commercially sensitive information is restricted to use only by outside counsel and the handful of expert witnesses who need to view the information to formulate their opinions.

Finally, there is also no viable alternative to producing the agreements that does not present the same confidentiality concerns. For example, having a knowledgeable witness testify as to the terms (if a witness could do so, given the complexity) would present the same concern of revealing the terms of MediaTek's agreements to Qualcomm's outside counsel. Production of MediaTek's agreements themselves and ████████████, with redactions to protect irrelevant sensitive information from disclosure, is the only reasonable solution.

9

## IV. CONCLUSION

For the foregoing reasons, the Special Master's Order should be overruled-in-part and the Court should allow Arm to produce redacted versions of the five relevant documents.

Dated: February 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP


  /s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com


*Attorneys for Defendant Arm Holdings plc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com
John Poulos
NORTON ROSE FULBRIGHT US LLP

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

                                      YOUNG CONAWAY STARGATT &
                                       TAYLOR, LLP

                                       */s/ Anne Shea Gaza*
                                       Anne Shea Gaza (No. 4093)
                                       Robert M. Vrana (No. 5666)
                                       Daniel G. Mackrides (No. 7230)
                                       Rodney Square
                                       1000 North King Street
                                       Wilmington, DE 19801
                                       (302) 571-6600
                                       agaza@ycst.com
                                       rvrana@ycst.com
                                       dmackrides@ycst.com

                                       *Attorneys for Defendant Arm Holdings plc*