**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation, <br><br> Defendant. | **REDACTED - PUBLIC VERSION** <br> (Filed February 27, 2026) <br><br> C.A. No. 24-490-MN <br> (CONSOLIDATED) <br><br>  |

**APPENDIX TO DEFENDANT'S OBJECTIONS TO THE SPECIAL MASTER'S
MEMORANDUM ORDER (D.I. 630) RESOLVING DEFENDANT'S
MOTION TO STRIKE AND TO COMPEL (D.I. 378) – VOL. 7 OF 7
A1899 – A2420**

Dated: February 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

## TABLE OF CONTENTS

| Document | Page Range |
|---|---|
| C.A. No. 1:24-cv-00490-MN, Defendant Arm Holdings plc's Letter Brief to Special Master Rychlicki, dated August 11, 2025 ▮▮▮▮▮▮▮▮▮ | A0001 |
| Declaration of Adam Janes in Support of Defendant Arm Holdings plc's Letter Brief to Special Master Rychlicki, dated August 11, 2025 ▮▮▮▮▮▮ | A0008 |
| Exhibit 1 – Plaintiffs' Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-9), dated July 11, 2025 ▮▮▮▮▮▮▮ | A0013 |
| Exhibit 2 – Plaintiffs' Responses and Objections to Defendant's Third Set of Interrogatories (Nos. 14-24), dated July 11 2025 ▮▮▮▮▮▮ | A0072 |
| Exhibit 3 – Plaintiffs' First Amended Complaint, dated December 16, 2024 ▮▮▮ | A0129 |
| Exhibit 4 – Plaintiffs' Second Amended Complaint, dated June 3, 2025 ▮▮▮ | A0181 |
| Exhibit 5 – Plaintiffs' First Supplemental Responses and Objections to Defendant's Third Set of Interrogatories (Nos. 14-24), dated August 8, 2025 ▮▮▮▮▮▮ | A0252 |
| Exhibit 6 – Plaintiffs' Responses and Objections to Defendant's Second Set of Interrogatories (Nos. 10-13), dated May 9, 2025 ▮▮▮▮▮▮ | A0321 |
| Exhibit 7 – QCVARM_0605055 ▮▮▮▮▮▮ | A0343 |
| Exhibit 8 – Excerpts from the June 25, 2025, deposition transcript of Kurt Wolf ▮▮▮ | A0352 |
| Exhibit 9 – Excerpts from the July 11, 2025, deposition transcript of Larissa Cochron ▮▮▮▮▮▮ | A0361 |

| Document | Page Range |
|---|---|
| Exhibit 10 – Excerpts from Plaintiffs' Third Supplemental Privilege Log, dated July 10, 2025 ██████████ ████████████ | A0369 |
| Exhibit 11 – Excerpts from the July 9, 2025, deposition transcript of Jignesh Trivedi ████████████████ | A0387 |
| Exhibit 12 – Excerpts from the July 17, 2025, deposition transcript of Paul Kranhold ████████████ ██████ | A0395 |
| Exhibit 13 – July 3, 2025, deposition transcript of Jeffery B. Golden ███████████████ | A0402 |
| Exhibit 14 – Exhibit 1 to the July 1, 2025, deposition of Jean-Francois Vidon, bearing Bates stamp QCVARM_0544259 █████████████████████ | A0409 |
| Exhibit 15 – Excerpts from the June 27, 2025, deposition transcript of Richard J. Meacham ████████████ ██████ | A0414 |
| Exhibit 16 – Excerpts from the July 1, 2025, deposition transcript of Jean-Francois Vidon ██████████████ ██ | A0421 |
| Exhibit 17 – Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Admission (Nos. 1-30), dated July 11, 2025 ████████ | A0428 |
| Exhibit 18 – Email from Qualcomm's Counsel to Arm's Counsel, dated July 11, 2025 ██████████████ ██ | A0455 |
| C.A. No. 1:24-cv-00490-MN, Plaintiffs' Letter in Response to Defendant's August 11 Letter to Special Master Helena C. Rychlicki, dated August 18, 2025 ████████████ █████████ | A0457 |
| Exhibit 1 – Service Email from Arm to Qualcomm, dated July 11, 2025 | A0464 |
| Exhibit 2 – Letter from Catherine Nyarady to Jay Emerick, dated August 11, 2025 ███████████████ | A0466 |

| Document | Page Range |
|---|---|
| Exhibit 3 – Plaintiffs' First Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1–4, 7, and 9), dated June 25, 2025 ████████████ ████████ | A0480 |
| Exhibit 4 – QCVARM_0713516 ████████████ ████████████ | A0524 |
| Exhibit 5 – Excerpts from the July 3, 2025, deposition transcript of Cristiano Amon ████████████████ | A0527 |
| Exhibit 6 – Plaintiffs' Responses and Objections to Arm Ltd.'s First Notice of Deposition of Qualcomm Inc. and Qualcomm Technologies, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 23, 2025 ████████ | A0534 |
| Exhibit 7 – Excerpts from the July 11, 2025, deposition transcript of James Jeon ████████████████ | A0615 |
| Exhibit 8 – Excerpts from the July 7, 2025, deposition transcript of Rene Haas ████████████████ | A0627 |
| Exhibit 9 – Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production (Nos. 1-58), dated March 10, 2025 ████████ | A0634 |
| Exhibit 10 – Qualcomm's First Set of Requests for Production (Nos. 1-52), dated January 21, 2025 ████████ | A0689 |
| Exhibit 11 – Qualcomm's Second Set of Requests for Production (Nos. 53-120), dated February 21, 2025 ████████ | A0707 |
| Exhibit 12 – Letter from Nicholas Fung to Catherine Nyarady, dated May 2, 2025 ████████████████ | A0728 |
| Exhibit 13 – Arm's Fifth Set of Requests for Production to Qualcomm (Nos. 228-287), dated June 11, 2025 ████████ | A0746 |
| Exhibit 14 – Arm's Third Set of Interrogatories to Qualcomm (Nos. 14-23), dated June 11, 2025 ████████████ ████████ | A0763 |
| Exhibit 15 – Letter from Nicholas Fung to Catherine Nyarady Identifying Arm's Search Terms, dated April 1, 2025 ████████ ████████████████ | A0772 |

3

| Document | Page Range |
|---|---|
| Exhibit 16 – Letter from Catherine Nyarady to Nicholas Fung, dated April 15, 2025 | A0775 |
| Exhibit 17 – Letter from Catherine Nyarady to Nicholas Fung, dated May 16, 2025 | A0787 |
| Exhibit 18 – Assortment of ETE-related Documents ███ ██████████████████████ | A0797 |
| Exhibit 19 – Plaintiffs' Responses and Objections to Defendant's Fourth Set of Requests for Production (Nos. 174-227), dated July 9, 2025 ████████ | A0855 |
| Exhibit 20 – Excerpts from the July 9, 2025, deposition transcript of Jinesh Trivedi ████████████████████ | A0905 |
| Exhibit 21 – Excerpts from the July 3, 2025, deposition transcript of Jeffery B. Golden ███████████████ ██ | A0914 |
| Exhibit 22 – Excerpts from the June 25, 2025, deposition transcript of Kurt Wolf ████████ | A0922 |
| Exhibit 23 – QCVARM_0708107 ██████████ ████████ | A0931 |
| Exhibit 24 – Letter from Catherine Nyarady to Peter Evangelatos, dated July 21, 2025 | A0934 |
| Exhibit 25 – Arm's Second Supplemental Initial Privilege Log ████████████████ | A0938 |
| Exhibit 26 – Excerpts from  C.A. No. 22-cv-01146-MN, Jury Trial Hearing Transcript Vols. 3-4, dated December 17-18, 2024 | A1100 |
| Exhibit 27 – Arm's Responses and Objections to Qualcomm's First Set of Request for Admissions (Nos. 1-28), dated July 11, 2025 ██████ | A1119 |
| Exhibit 28 – Plaintiffs' First Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1–4, 7, and 9), dated June 25, 2025 ████████████ ██████ | A1140 |
| C.A. 1:24-cv-00490-MN, Defendant Arm Holdings plc's Supplement to Arm's Motion to Strike and Compel (D.I. 378) | A1184 |

4

| Document | Page Range |
|---|---|
| and Opposition to Qualcomm's August 11 Letter Brief to Special Master Rychlicki, dated August 18, 2025 ████████████ ████████████ | |
| Declaration of Peter Evangelatos in Support of Defendant Arm Holdings plc's Supplement to Arm's Motion to Strike and Compel (D.I. 378) and Opposition to Qualcomm's August 11 Letter Brief to Special Master Rychlicki, dated August 18, 2025 ████████████████████ | A1192 |
| Exhibit 1 – D.I. 375, Plaintiffs' Motion to Compel and Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes, dated August 11, 2025 ██████████ ████████████ | A1199 |
| Exhibit 2 – D.I. 137, Second Amended Complaint, dated June 3, 2025 ██████████ | A1216 |
| Exhibit 3 – D.I. 305, Arm's Reply Brief in Support of its Partial Motion to Dismiss Qualcomm's Second Amended Complaint, dated July 8, 2025 ██████████ | A1287 |
| Exhibit 4 – D.I. 287, Qualcomm's Answering Brief in Opposition to Arm's Motion to Dismiss the Second Amended Complaint, dated July 1, 2025 ██████████ | A1308 |
| Exhibit 5 – Technology License Agreement between Arm and Qualcomm, dated May 30, 2013 ██████████ | A1341 |
| Exhibit 6 – Plaintiffs' First Supplemental Responses and Objections to Defendant's Third Set of Interrogatories (Nos. 14-24), dated August 8, 2025 ████████████████ ██████ | A1397 |
| Exhibit 7 – Plaintiffs' Responses and Objections to Defendant's Fifth Set of Request for Production to Qualcomm (Nos. 228-287), dated June 11, 2025 ██████████ | A1466 |
| Exhibit 8 – Plaintiffs' Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-9), dated July 11, 2025 ██████████████████ | A1519 |
| Exhibit 9 – Arm's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes, dated August 7, 2025 ██████████████ | A1578 |

5

| Document | Page Range |
|---|---|
| Exhibit 10 – Exhibit QCX-241 to the July 11, 2025, deposition of Vivek Agrawal, bearing Bates stamp ARM_01315194 ██████ ████████████████████████████ | A1587 |
| Exhibit 11 – Exhibit QCX-272 to the July 11, 2025, deposition of Vivek Agrawal, bearing Bates stamp ARMQC_02784247 ████████████████████████████ | A1591 |
| Exhibit 12 – Exhibit 30 to the July 2, 2025, deposition of Richard Grisenthwaite, bearing Bates stamp ARMQC_02779170 ██████ ████████████████████ | A1600 |
| Exhibit 13 – Excerpts from the Jully 11, 2025, deposition transcript of Vivek Agrawal ████████████████████ ████ | A1602 |
| Exhibit 14 – Excerpts from the July 7, 2025, deposition transcript of Aparajita Bhattacharya ████████████████████ ████ | A1615 |
| Exhibit 15 – Excerpts from the July 2, 2025, deposition transcript of Richard Grisenthwaite ████████████████████ ████ | A1622 |
| Exhibit 16 – Excerpts from the June 20, 2025, deposition transcript of Martin Weidmann ████████████████████ ████ | A1627 |
| Exhibit 17 – Excerpts from the June 30, 2025 deposition transcript of Spencer Collins ██████████ | A1633 |
| Exhibit 18 – Letter from Spencer Collins to Ann Chaplin, dated January 8, 2025, bearing Bates Stamp QCVARM_0573678 ██████████ | A1641 |
| Exhibit 19 – Arm Ltd.'s First Supplemental Objections and Responses to Qualcomm's First Set of Requests for Production (Nos. 1-52), dated June 17, 2025 ████████████ | A1644 |
| Exhibit 20 – Arm Holdings plc's First Supplemental Objections and Responses to Qualcomm's Third Set of Requests for Production (Nos. 121-156), dated June 17, 2025 ████████████ | A1711 |

| Document | Page Range |
|---|---|
| Exhibit 21 – Arm's Second Supplemental Initial Privilege Log, dated July 11, 2025 ███████████████████████ ███ | A1752 |
| Exhibit 22 – Arm Holdings plc's Objections and Responses to Plaintiffs' Notice of 30(b)(6) Deposition, dated June 19, 2025 | A1756 |
| Exhibit 23 – Excerpts from the August 1, 2025, deposition transcript of Ami Badani ████████████████████ | A1805 |
| Exhibit 24 – Excerpts from the June 17, 2025, deposition transcript of Phil Hughes | A1816 |
| Exhibit 25 – Excerpts from the July 17, 2025, deposition transcript of Paul Kranhold ██████████████ ███ | A1822 |
| Exhibit 26 – Excerpts from the July 4, 2025, deposition transcript of Kenneth Siegel ██████████ | A1848 |
| Exhibit 27 – Excerpts from the August 14, 2025, transcript of proceedings before Special Discovery Master Helena C. Rychlicki, Esq. ████████████████████ | A1857 |
| Exhibit 28 – Arm Holdings plc's First Supplemental Objections and Responses to Qualcomm's First Set of Interrogatories (Nos. 1-3), dated July 11, 2025 ████████████████ ███ | A1862 |
| Exhibit 29 – Excerpts from the June 26, 2025, deposition transcript of William Abbey ████████████ | A1892 |
| Exhibit 30 – Arm Holdings plc's Letter Brief to Special Master Rychlicki, dated August 1, 2025 ██████████ ████████████ | A1899 |
| Exhibit 31 – Letter from Jay Emerick to Catherine Nyarady, dated April 22, 2025 ██████████ | A1907 |
| Exhibit 32 – Plaintiffs' Third Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1-9), dated August 8, 2025 ████████████████████ ███ | A1916 |
| Exhibit 33 – Plaintiffs' Second Supplemental Responses and Objections to Defendant's Second Set of Interrogatories (Nos. | A1994 |

7

| Document | Page Range |
|---|---|
| 10-13), dated August 8, 2025 ████████████████ ████████ | |
| Exhibit 34 – Arm LTD.'s First Supplemental Objections and Responses to Qualcomm's Second Set of Requests for Production (Nos. 53-120), dated June 17, 2025 ████████ | A2025 |
| Exhibit 35 – Plaintiffs' Responses and Objections to Defendant's Third Set of Interrogatories (Nos. 14-24), dated July 11, 2025 ████████████████████ | A2097 |
| C.A. No. 1:24-cv-00490-MN, Plaintiffs' Supplemental Letter to Special Master Helena C. Rychlicki Regarding Scope of Discovery, dated August 18, 2025 ████████████ | A2156 |
| Exhibit 1 – Letter from Spencer Collins to Ann Chaplin, dated October 23, 2024 | A2161 |
| Exhibit 2 – Defendant's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes, dated August 7, 2025 ████████████████ | A2164 |
| Exhibit 3 – Qualcomm's First Set of Requests for Production (Nos. 1-52), dated January 21, 2025 ████████ | A2173 |
| Exhibit 4 – Qualcomm's Second Set of Requests for Production (Nos. 53-120), dated February 21, 2025 ████████ | A2179 |
| Exhibit 5 – Qualcomm's Fourth Set of Requests for Production (Nos. 157-168), dated April 16, 2025 ████████ | A2190 |
| Exhibit 6 – Qualcomm's Second Set of Interrogatories to Arm (Nos. 4-11), dated May 14, 2025 ████████ | A2197 |
| Exhibit 7 – Plaintiffs' Responses and Objections to Defendant's Fifth Set of Requests for Production (Nos. 228-287), dated July 11, 2025 ████████ | A2203 |
| Exhibit 8 – Plaintiffs' Responses and Objections to Arm Ltd.'s First Notice of Deposition of Qualcomm Inc. and Qualcomm Technologies, Inc. Pursuant to Federal Rule Of Civil Procedure 30(b)(6) | A2217 |
| Exhibit 9 – Excerpts from the July 11, 2025, deposition transcript of Jonathan Weiser ████████████████ | A2234 |

8

| Document | Page Range |
|---|---|
| Exhibit 10 – Excerpts from the July 11, 2025, deposition transcript of Larissa Cochron ████████████████ ███████ | A2238 |
| Exhibit 11 – Excerpts from the July 11, 2025, deposition transcript of Ann Chaplin ██████████████████ ██ | A2241 |
| Exhibit 12 – Excerpts from the June 25, 2025, deposition transcript of Kurt Wolf ██████████ | A2245 |
| Exhibit 13 – Excerpts from the June 24, 2025, deposition transcript of Manju Varma ████████████████ | A2248 |
| C.A. No. 1:24-cv-00490-MN, Transcript of Proceedings before Helena C. Rychlicki, Esq. – Special Discovery Master, dated August 14, 2025 ██████████████████████ | A2251 |
| C.A. No. 1:24-cv-00490-MN, Transcript of Proceedings before Helena C. Rychlicki, Esq. – Special Discovery Master, dated August 22, 2025 ██████████████████ | A2346 |

9

# Exhibit 30
## (REDACTED IN ITS ENTIRETY)

**A1899**

# Exhibit 31
## (REDACTED IN ITS ENTIRETY)

**A1907**

# Exhibit 32
## (REDACTED IN ITS ENTIRETY)

# Exhibit 33
## (REDACTED IN ITS ENTIRETY)

# Exhibit 34
## (REDACTED IN ITS ENTIRETY)

# Exhibit 35
## (REDACTED IN ITS ENTIRETY)

**A2097**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br><br>████████████████ |

**PLAINTIFFS' SUPPLEMENTAL LETTER TO SPECIAL MASTER HELENA C.
RYCHLICKI REGARDING SCOPE OF DISCOVERY**

OF COUNSEL:

Catherine Nyarady
Anish Desai
C. Conrad Scott
Jacob A. Braly
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Eric C. Westerhold
Adam Basner
Gregg Stephenson
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

**A2156**

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
  DUNN, ISAACSON, RHEE LLP
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900


August 18, 2025

Dear Special Master Rychlicki:

Qualcomm's Second Amended Complaint (SAC) asserts claims that Arm breached Section ███████████ of the Qualcomm TLA, because (a) ████████████████████████████████████████████████████████████████████████████████████████████ D.I. 137, SAC ¶¶ 213-226.  Qualcomm additionally claims that Arm breached the implied covenant of good faith and fair dealing in connection with its licensing negotiations for various Arm IP, including Arm Implementation Cores and peripheral IP.  *Id.* ¶¶ 181-188.

Despite these allegations, Arm argues that any cores other than the three explicitly named in the SAC—████████████████████—and any peripheral IP are outside the scope of this case, both because they were not specifically named in the SAC and were purportedly not identified until after the close of fact discovery.  On that basis, Arm refuses to provide discovery concerning (a) any other Arm Implementation Cores, including but not limited to ████████████████, and (b) any peripheral IP.  D.I. 162, at 3-4; D.I. 247, at 3.  Arm's argument is baseless: the SAC makes clear that Qualcomm's claims extend to cores ████████████████████ and to peripheral IP.  Moreover, Arm requested documents and testimony about these products during fact discovery, both confirming Arm's knowledge that these products were at issue and conceding their relevance.

"[I]t is well-settled that the scope of discovery is broad."  *Am. Bottling Co. Inc. v. Vital Pharm., Inc.*, 2021 WL 9599683, at *1 (D. Del. Sep. 27, 2021).  "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues."  *New Jersey Dep't of Env't Prot. v. E.I. DuPont De Nemours and Co.*, 2024 WL 525422, at *5 (D.N.J. Dec. 31, 2024) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Courts routinely grant discovery when a topic is raised broadly in the complaint, regardless of whether the complaint contains specific key words or facts in the discovery requests.  *See New Jersey Dep't of Env't Prot.,*2024 WL 525422, at *5 (discovery regarding specific chemicals not named in complaint permitted where complaint "alleges contamination by other [] compounds"); *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2021 WL 2164108 (D.N.J. Apr. 21, 2021) (discovery on revenue manipulation not "specifically referenced or pled" was permitted; discovery "is not limited to the precise issues set out in the pleadings"); *see also Paoli v. Stetser*, 2013 WL 2154393, at *10 (D. Del. May 16, 2013) (R&R adopted in *Paoli v. Stetser*, 2013 WL 2571380 (D. Del. Jun 10., 2013));  *Groark v. Timek*, 2014 WL 3556367, at *8 (D.N.J. July 18, 2014).

There is no question the SAC alleges claims implicating Arm's licensing practices for implementation cores generally, as well as for peripheral IP.  The SAC is explicit that Arm violated the implied covenant in connection with peripheral IP.  SAC ¶ 102 ("Qualcomm expects discovery to show that █████████████████████████████████████████████████████████████████████████████████ ); *see also* ¶ 51 (describing Arm's peripheral IP); Ex. 1 (letter from Arm regarding offers under QC TLA for "cores and peripherals," described in SAC ¶ 24).  It is likewise clear that ████████████████████ are not the only Arm Implementation Cores at issue but rather examples of Arm's ██████████████████████████████████ ███████████████ *Id.* at ¶ 109 ("***For example***, Qualcomm sought to renew licenses to certain ████████████████████████████████ *id.* ¶ 215 ("Arm failed to fulfill its

**A2158**

obligation under Section ▮▮▮ of the QC TLA because the licensing offers it provided to Qualcomm for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ); *id*. ¶ 223 ("Arm failed to fulfill its obligation under Section ▮▮▮ of the QC TLA because the licensing offers it provided to Qualcomm for ▮▮▮▮▮▮▮▮▮▮ *including* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ").

Not surprisingly, Qualcomm served discovery requests intended to investigate Arm's repeated breaches of ▮▮▮▮▮▮ of the TLA and the implied covenant. Qualcomm's requests—which were served in January, February, and April 2025, not after the close of fact discovery (*see* Ex. 2, at 2)—specifically identified and requested documents about the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 3, Qualcomm's RFP 34; Ex. 4, Qualcomm's RFPs 57, 58) and about peripheral IP both generally (Ex. 5, Qualcomm's RFP 158) and specifically (Ex. 4, Qualcomm's RFPs 58, 60, 63, 71, 85, 94, 100). *See also* Ex. 3, Qualcomm's RFP 40; Ex. 4, Qualcomm RFPs 53, 56; Ex. 5, Qualcomm's RFPs 157, 158, 161, 164; Ex. 6, Qualcomm's Interrogatory 6.

Arm sought its own discovery on these topics, effectively conceding their relevance. Arm's RFPs 255 and 257 ask for materials concerning "Arm's '▮▮▮▮▮ core under the TLA" and "the '▮▮▮▮▮▮ core under the TLA," respectively. Ex. 7, Arm RFPs 255, 257. Likewise, RFP 249 requests "any materials, *including peripheral intellectual property*, that were provided, allegedly not provided to, and/or were allegedly withheld from Qualcomm under the TLA." Other RFPs specifically name other cores including the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ cores (*id*., Arm RFPs 253, 256) and specific peripheral IP including the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id*., Arm RFPs 250, 251, 252, 258).[1]

In addition, Arm requested 30(b)(6) testimony on numerous issues related to the QC TLA and Qualcomm's claims related to Arm's breach of the QC TLA without limitation to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 8, Topics 10, 25, 26, 27, 32, 34, 36, 37. Qualcomm produced 30(b)(6) witnesses prepared to discuss those issues. *Id*., Topics 10, 25, 26, 27, 32, 34, 36, 37. Arm not only questioned those 30(b)(6) witnesses about licensing of peripheral IP and cores other than ▮▮▮▮▮▮▮▮▮▮▮▮▮ *see* Ex. 9, at 183:17-184:20 (asking about prices or fees for technology licensed in QC TLA Annex 1 without limitation); Ex. 10, at 103:1-21 (Arm asking about Qualcomm's requests regarding peripheral IP), but also asked numerous other Qualcomm witnesses. *See, e.g*., Ex. 11, at 40:14-41:5 (asking broadly which products Qualcomm tried to license and for which Arm delayed; Chaplin listing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ); Ex. 12, at 156:10-20 (Arm asking about Qualcomm's license for peripheral IP); Ex. 13, at 51:3-12 (Arm asking about Qualcomm's need to license ▮▮▮▮▮▮

In light of the clear law on the scope of discovery and the record, Arm should be compelled to respond to Qualcomm's requests for discovery concerning (a) any other Arm Implementation Cores, including but not limited to ▮▮▮▮▮▮▮▮▮▮▮▮ , and (b) any peripheral IP.

---

[1] Qualcomm has produced documents that relate to each of these products.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Words: 1158

Encls.

3

# Exhibit 1



110 Fulbourn Road
Cambridge, CB1 9NJ
United Kingdom
Spencer.Collins@arm.com

October 23, 2024

**VIA E-MAIL ONLY**

Ann Chaplin
General Counsel & Corporate Secretary
Qualcomm Incorporated
5775 Morehouse Drive
San Diego, CA 92121-1714
AChaplin@qualcomm.com

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear Ann:

I write in response to your letter dated September 27, 2024, regarding Arm's compliance with its obligations under section ▮▮▮▮▮▮▮ of the Qualcomm TLA.

Arm disagrees that

Nor does Arm have any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Qualcomm's requests for renewal offers are thus premature, rather than a matter of urgency. Put

**A2162**



simply, Arm has not breached sections ███████████████████████████████ ████████████████████████████████████████████████████

Given, however, Qualcomm's bad-faith suggestion that it will pursue ██████████████ ████████████████████████████████████████████, Arm has provided offers for the relevant cores and peripherals in a format consistent with the parties' past practice for offers (which Qualcomm can accept by signing as indicated in the offer), while reserving all rights regarding the parties' obligations under the TLA. We believe these offers satisfy the obligations that Qualcomm alleges Arm currently has under section ████████████ ██████████████████████████ Arm nonetheless is available for a meeting between the parties' senior executives if Qualcomm believes necessary or appropriate.

Sincerely,

Spencer Collins
EVP, Chief Legal Officer
Arm Limited

2

**A2163**

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,

        Plaintiffs,

        v.

ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,

        Defendant.

C.A. No. 24-490-MN



## DEFENDANT'S LETTER TO SPECIAL MASTER HELENA C. RYCHLICKI REGARDING OUTSTANDING DISCOVERY DISPUTES

Dated: August 7, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Meredith Pohl
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
meredith.pohl@kirkland.com
matt.mcintee@kirkland.com

Jay Emerick
Reid McEllrath
Adam M. Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

**A2165**

(312) 862-2000
jay.emerick@kirkland.com
reid.mcellrath@kirkland.com
adam.janes@kirkland.com

Nathaniel Louis DeLucia
Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
nathaniel.delucia@kirkland.com
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

**A2166**

Dear Special Master Rychlicki:

Qualcomm's requests seek irrelevant information and go far beyond the scope of its asserted claims or Arm's defenses; the motion to compel should be denied.

Qualcomm seeks discovery about Arm's entire business, with virtually no limits. Arm is primarily in the technology licensing business, and Qualcomm seeks effectively unlimited discovery into that business by asking for all of Arm's architecture and technology licenses with third parties, and Arm's business with its third-party licensees, including any technology it develops and delivers to third parties. None of those requests—or Qualcomm's other requests— are tethered to the claims or defenses at issue in this case. Arm has already produced over 300,000 documents in this case and over 70,000 documents in the related *Arm v. Qualcomm* case, which are more than sufficient for Qualcomm to test its claims and Arm's defenses.

## I.    QC'S REQUESTS FOR UNREDACTED THIRD-PARTY AGREEMENTS ARE NOT PROPORTIONAL AND SEEK IRRELEVANT INFORMATION.

### A.    QC's Request for Third-Party TLA Discovery Is Overbroad and Irrelevant.

Qualcomm's SAC alleges that Arm's 2024 license renewal offers to Qualcomm for three Arm Implementation Cores— ███████████████ —did not comply with Sections ███ or ██, ██████████████████████ (Ex. 2, ¶ 105; Ex. 1 at 1.) Arm agreed to produce agreements with third parties for ████████████ in effect at the time. (Ex. 3.) Qualcomm's request for additional licenses to those cores should be denied as premature. Qualcomm raised this issue for the first time on July 30, two days before its opening brief, and Arm agreed to investigate the existence and production of additional licenses that may cover ████████████ (subject to any third-party intervention). The parties are therefore not at an impasse, and Qualcomm never submitted it to the Court as required by the Court's and Special Master's orders. (Ex. 4, Ex. 5.) For other ████████ licenses, Qualcomm incorrectly characterizes motions for protective orders filed by MediaTek and Amlogic as Arm's "objections" to production. But Arm is prepared to produce MediaTek and Amlogic's licenses upon resolution of these motions.

Arm's agreements that do not cover ████████████ are irrelevant. *See APEX Fin. Options, LLC v. Gilbertson*, No. 19-046-LPS-SRF, 2021 U.S. Dist. LEXIS 217148, at *5 (D. Del. Nov. 9, 2021) ("Overbroad requests that encompass time periods or activities beyond those at issue in the case fail under Fed. R. Civ. P. 26 because they are of questionable relevance."). Qualcomm's request for such irrelevant TLAs will significantly burden Arm and its customers. Arm has executed hundreds of TLAs, and Arm must notify its TLA licensees via hardcopy letters prior to producing their agreements; Arm expects that many will seek protective orders once notified (several already have). Qualcomm's requests will multiply the burden on Arm, its customers, and the Special Master, all in pursuit of irrelevant TLAs that do not relate to the cores at issue.

Qualcomm's contention that Arm omitted certain annexes with ████████████ ██ (Ex. 1 at 1) is meritless. Those annexes do not relate to ████████████████████, and Arm has produced relevant pricing information for those cores under the ████████████████

1

**A2167**

███ Qualcomm's contention that Arm should produce ████ TLA is similarly without merit—███ does not have a license to ██████████, and its TLA is thus irrelevant to any claim or defense in this case.

Qualcomm's remaining requests for other discovery beyond ██████████ should be rejected. Qualcomm cites two paragraphs in the SAC for its requests, but paragraph 51 is a general description of Arm's TLAs, and paragraph 102 merely states that "Qualcomm expects discovery to show that Arm ██████████████ in its licensing negotiations involving peripheral TLA IP." (Ex. 2, ¶¶ 51, 102.) This threadbare allegation is insufficient to support Qualcomm's overbroad requests. *See APEX Fin. Options*, 2021 U.S. Dist. LEXIS 217148, at *7 ("discovery may not be used as a fishing expedition"). Qualcomm did not identify any "peripheral TLA IP" or other Arm IP, such as ██████████, until ***after*** the close of fact discovery, to which Arm objected as untimely and prejudicial. Indeed, Qualcomm raised disputes about these other products in other jurisdictions in 2024, but chose not to include them in the SAC.

Qualcomm's assertion that Arm put third-party TLAs at issue by cross-examining Qualcomm witnesses about their knowledge of third-party licensing terms for ██████████ (Ex. 1 at 1–2) is a strawman. Arm merely confirmed that Qualcomm witnesses had no knowledge regarding licensing terms for ██████████, and that Qualcomm had no basis to allege Arm violated the relevant terms of the Qualcomm-Arm TLA.

**B.      QC's Request for Third-Party ALAs Is Overbroad and Irrelevant.**

Qualcomm seeks production of unredacted copies of all third-party ALAs and annexes. (Ex. 1 at 2.). While Arm's ALAs with third parties are not relevant to whether Arm breached its ALA with Qualcomm, Arm already produced these ALAs, with redactions, in the related *Arm v. Qualcomm* litigation. Qualcomm may use them here.

Those redactions were both limited and logged, ██████████, and show that none of this information is relevant to the claims and defenses here. As with Qualcomm's request for all Arm TLAs, Qualcomm seeks to multiply the burden on Arm and its customers by seeking their most ██████████ and to trigger third-party protective order motion practice.

Arm's third-party ALAs are irrelevant to Qualcomm's breach claims, which are limited to two specific types of support materials that Arm allegedly withheld: (1) patches to the Arm compliance kit ("ACK"), a set of verification tests Arm makes available to Arm partners, including Qualcomm; and (2) the "OOB," a list identifying which ACK tests a partner's particular CPU design should pass. (*See, e.g.*, Ex. 2 ¶¶ 78, 175.) Arm's ALAs are separately negotiated and tailored to the specific circumstances and needs of each licensee. Qualcomm's contention that it needs all third-party ALAs and annexes to determine ██████████ (Ex. 1 at 2) is irrelevant to whether Arm met its obligations under the Qualcomm ALA. Whether Arm sent an OOB or ACK patch to another partner is irrelevant to whether Arm had a contractual obligation to deliver such OOB or ACK patch to Qualcomm.

2

**A2168**

Qualcomm's citations to deposition testimony indicating that Arm provided OOBs and ACK patches to other ALA licensees do not render the requested discovery relevant. Each OOB Arm provides is specific to a particular partner's CPU design; *no* Arm partner receives the design-specific OOB for another partner's CPU. (*See, e.g.*, Ex. 6 148:25–149:15.) As for ACK patches, Arm produced discovery showing that all ALA partners received updates to the ACK on the same quarterly release schedule through a central distribution channel, including the content of ACK patches, which are sometimes provided to the partner who flagged an ACK issue as a courtesy in the interim between quarterly releases. (Ex. 7 at 8.)

For Qualcomm's claims relating to v10, Qualcomm's contention that it requires third-party ALAs to address Arm's good faith defense for ***Qualcomm's*** agreement is similarly unfounded. Arm's agreements with third parties are not relevant to Arm's licensing discussions with Qualcomm concerning v10. The only relevant terms are those in the Qualcomm-Arm ALA; whether Arm's interactions with Qualcomm somehow breached them does not turn on the terms of third-party agreements. (Ex. 2 ¶¶ 131-133, 181-188.).

Finally, as stated above with respect to third-party TLAs, Qualcomm's assertion that Arm put third-party ALAs at issue by questioning Qualcomm witnesses about terms in these agreements (Ex. 1 at 2) is incorrect. Arm's questioning merely confirmed Qualcomm witnesses had no personal knowledge of third-party ALA terms, and Qualcomm thus could not rely on those witnesses for purposes of alleging Arm had treated Qualcomm differently from other ALA partners.

## II.    PRIVILEGE DETERMINATIONS

**Communications Between Arm's Counsel and FGS.** The redacted communications that are the subject of Qualcomm's letter brief are properly withheld for privilege. All involve coordination among Spencer Collins (Arm's General Counsel), Arm's in-house media team, and FGS about Mr. Collins' October 22, 2024, letter to Qualcomm, and include providing legal advice concerning litigation strategy in the pending litigation with Qualcomm. Arm has not claimed privilege over generic "public relations services" such as "reviewing press coverage," or reaching out "to various media to comment on developments in the litigation," as Qualcomm alleges, and indeed has produced such communications. (*See, e.g.*, Ex. 8; Ex. 9; Ex. 10; Ex. 11; Ex. 12; Ex. 13.)

That Arm engaged FGS directly, rather than through outside counsel, does not negate privilege. "[T]here is no reason to distinguish between a person on the corporation's payroll and a consultant hired by the corporation if each acts for the corporation and possesses the information needed by attorneys in rendering legal advice," and privilege is not waived. *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 219 (S.D.N.Y. 2001). None of Qualcomm's cases hold otherwise.

**Privilege Logs.** The parties' Stipulated ESI order is clear that "[w]ith respect to information generated after the filing of the Complaint, parties are not required to include any such information in privilege logs." (Ex. 14 ¶ 1(e)(ii).) Here, Qualcomm negotiated and agreed to the ESI Order, which the Court entered, at a time when Qualcomm knew its claims included alleged post-filing conduct. Qualcomm should not be permitted to backtrack now.

**Subject Line Redactions.** The ESI Order's negotiated procedure for challenging entries on a party's privilege log does not require either party to reveal privileged information or

3

**A2169**

communications. Here, the redacted email subject lines reflect legal advice sought from or provided by Arm's in-house and outside counsel at Morrison and Foerster, including the subjects of meetings involving solely Arm's attorneys. Privileged communications are not waived simply because they were made in an email's subject line rather than the body.

### III.    ARM'S DOCUMENT PRODUCTION AND 30(B)(6) TESTIMONY ARE NOT DEFICIENT.

#### A.    Qualcomm Seeks Overbroad and Irrelevant Discovery Regarding Its ALA-Breach Claims.

**Withheld Support Materials and Third-Party Support.** As described above, the support materials Arm provided third-party ALA holders are not relevant to whether Arm breached its ALA with Qualcomm. *Supra* I.B. Arm provided fulsome discovery showing the support materials Qualcomm received and confirming Arm withheld only the Nuvia-specific OOB. Qualcomm's claim that the only way to determine what support materials it did not receive is by looking to Arm's interactions with third parties ignores this discovery and is incorrect.

**Arm's Decision-Making.** Arm produced communications showing Arm's decision to pause and then resume support for unlicensed designs Qualcomm submitted for verification. *See, e.g.*, Ex. 15, Ex. 16, Ex. 17, Ex. 18, Ex. 19, Ex. 20, Ex. 21, Ex. 22, Ex. 23, Ex. 24, and more than sufficiently prepared its witnesses to testify to the same. (*See, e.g.*, Ex. 25 160:19–161:5, 167:4–167:16, 155:1–7.)

#### B.    Qualcomm Seeks Overbroad and Irrelevant Discovery Regarding v10.

Qualcomm claims Arm breached an implied covenant of good faith and fair dealing by allegedly not negotiating a license to Arm's still-unreleased v10 architecture. Qualcomm's requests go far beyond such negotiations and instead seek information on virtually every aspect of Arm's v10 architecture, none of which is relevant to its claims or Arm's defenses. Nonetheless, Arm provided discovery into these issues and Qualcomm's suggestions otherwise are meritless. Qualcomm questioned multiple knowledgeable Arm witnesses, including Arm's chief architect Richard Grisenthwaite, Jannik Nelson, Martin Weidmann, and others, about v9 and v10 and corresponding 30(b)(6) topics. Further, as Arm informed Qualcomm, given v10 has not been released, there are no ███████████████████████████████████████████ ████████████████████████████████████████████████████████. Finally, Arm's response to Interrogatory No. 3 provides additional information regarding v10 and documents describing its development.

#### C.    Qualcomm Seeks Overbroad and Irrelevant Discovery Regarding TLAs.

Qualcomm contends that additional discovery is needed for its TLA claims, because Arm produced "less than fifteen emails" and allegedly withheld 2020-2023 price books that might potentially be relevant to Qualcomm's requests for licenses to ████████████████ in 2024. While Arm already produced four 2024 price books that contain pricing information relevant to Arm's offer, during a recent meet-and-confer, Arm agreed to further consider Qualcomm's request for older price books. The parties thus are not at an impasse on this issue. As to what Qualcomm

4

**A2170**

describes as privileged documents, Arm has already agreed that it would produce a spreadsheet concerning its TLA analysis consistent with resolution of the third-party confidentiality disputes.

**IV.    QUALCOMM'S REQUEST FOR THE PRODUCTION OF TENS OF THOUSANDS OF NON-RESPONSIVE DOCUMENTS IS BASELESS.**

Qualcomm's request that Arm produce what may be numerous documents at this stage, much less ***without*** a review for responsiveness, is meritless. Arm disagrees that it "crafted underinclusive search terms," but in any event, Qualcomm may, under the ESI order, serve Arm with 10 additional search terms. However, the additional terms Qualcomm propounded were extremely overbroad—as Arm informed Qualcomm, its additional terms resulted in nearly ***one million*** additional documents for review. Given that unduly burdensome request, Arm appropriately objected and sought to work with Qualcomm to narrow its terms, but to no avail. During a recent meet-and-confer, Arm again offered to consider further narrowed terms, which to date Qualcomm has not provided.

Without basis, Qualcomm asserts the parties should disregard the ESI order and Arm should produce all documents that hit on its search terms, regardless of responsiveness. (Ex. 1 at 5.) But Arm is not withholding relevant documents based on responsiveness determinations. Further, Arm ran elusion testing to further confirm that the terms it did run captured responsive material—that testing validated the sufficiency of Arm's search terms and confirmed that Arm's search terms are not "underinclusive." Further, Qualcomm ignores that Arm also produced over 18,000 emails and 700 chats in the prior lawsuit (including 1,700 emails and 30 chats that hit on Arm's search terms here), many of which are relevant to the claims and defenses in this action.

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

Words: 2,362

5

**A2171**

A2172

# Exhibit 3
## (REDACTED IN ITS ENTIRETY)

# Exhibit 4
# (REDACTED IN ITS ENTIRETY)

# Exhibit 5
## (REDACTED IN ITS ENTIRETY)

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

              Plaintiffs,

      v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
  a U.K. corporation,

              Defendant.

C.A. No. 24-490 (MN)

## QUALCOMM'S SECOND SET OF INTERROGATORIES TO ARM (NOS. 4-11)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Qualcomm") request that Defendant Arm Holdings PLC ("Arm") responds to the following interrogatories, separately, in writing under oath, consistent with the Instructions and Definitions provided below within thirty (30) days of service.

## INSTRUCTIONS

The following Instructions apply to the interrogatories below and should be considered part of each such interrogatory.

1.     These interrogatories require you to provide all responsive information. If Arm withholds any requested information for any reason, Arm shall state the specific basis for withholding the information in a manner sufficient to enable the Court to adjudicate the validity of its withholding. For any information withheld on the grounds of privilege, work product, or other alleged protection against disclosure, Arm must (a) identify the nature of information being

**A2198**

whether any ACK patches and OOB were withheld from any partners during this time period, (5) the names of all Arm individuals with relevant knowledge, and (6) identify any relevant documents by Bates number.

INTERROGATORY NO. 6:    Describe in detail and provide a list of licensing terms that Arm has offered since 2019 for ███████████████████████ ████████████████████████████████ ██ ███ ██████ █████ ████████ ███████ ████████████ ██████████████████████████████ Your response should identify (1) the names of each partner and which licensing offer(s) the partner received, (2) the date of each offer to each specific partner, (3) the licensing fee offered for each of the identified products, by partner (4) the royalty rate offered for each of the identified products, by partner (5) the licensing term offered for each of the identified products, by partner (6) any support and maintenance terms offered for each of the identified products, by partner (7) any restrictions imposed on engineering development efforts for each of the identified products, by partner (8) the names of all Arm individuals with relevant knowledge, and (9) all relevant documents identified by Bates number.

INTERROGATORY NO. 7:    Describe, in detail, Arm's business strategy with respect to gaining a competitive advantage against other companies, including Qualcomm. Your response should include (1) any strategy related to unwinding or limiting ALAs, (2) any strategy related to increasing licensing prices for products offered under any license, (3) any strategy related to development of silicon, (4) any strategy related to acquiring other companies, (5) any strategy related to increasing pricing or limiting access to v10 or future versions of the Arm ISA, (6) the names of all Arm individuals with relevant knowledge, and (7) all relevant documents identified by Bates number.

7

**A2199**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

May 14, 2025

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

9

**A2200**

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Nicholas R. Fung, Esquire<br>Henry Huttinger, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kyle W.K. Mooney, Esquire<br>Kyle D. Friedland, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

10

**A2201**

Gregg F. LoCascio, P.C.                          *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*


Jay Emerick, Esquire                             *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*


Peter Evangelatos, Esquire                       *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*



                                    */s/ Jennifer Ying*
                                    _____
                                    Jennifer Ying (#5550)



11

**A2202**

# Exhibit 7
## (REDACTED IN ITS ENTIRETY)

# Exhibit 8
## (REDACTED IN ITS ENTIRETY)

A2217

# Exhibit 9
## (REDACTED IN ITS ENTIRETY)

# Exhibit 10

**A2238**

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

_____

QUALCOMM INCORPORATED, A DELAWARE      )

CORPORATION; QUALCOMM TECHNOLOGIES,    )

INC., A DELAWARE CORPORATION,          )

                                       ) C.A. No.

                        PLAINTIFFS, )  24-490-MN

                                       )

              v.                       )

                                       )

ARM HOLDINGS PLC, F/K/A ARM LTD.,      )

A U.K. CORPORATION,                    )

                                       )

                        DEFENDANT. )

_____)

          * * *  ████████████  * * *

          * * *  ████████████  * * *


VIDEO-RECORDED DEPOSITION OF LARISSA COCHRON

IN HER 30(B)(1) AND 30(B)(6) CAPACITIES

FRIDAY, JULY 11, 2025

10:00 A.M. PDT

PALO ALTO, CALIFORNIA


REPORTED BY AUDRA E. CRAMER, CSR NO. 9901

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

7/11/2025        Qualcomm Incorporated, et al. v. Arm Holdings PLC, et al.    Larissa Cochron

███████████████████████

Page 103

Q.   Okay.  So -- and then I think you've stated in 2024 Qualcomm made a renewal request to extend the license to ██████████████████████ and then certain peripheral IP?

MS. MORGAN:  Objection.  Misstates the witness's testimony.  Asked and answered.

THE WITNESS:  Qualcomm made an initial request for a █████████████████████████

█████████████████████████████

████████████████████████

██████████████████████████

██████████████████████████.

BY MS. DAWSON:

Q.   And what about the peripheral IP?

A.   And for the peripherals the initial request for the ████████████████

██████████████████████████

████████████████████████

███████████████  ████████████

██████████████████████████

████████

Q.   Why are you calling it an initial

**A2240**

# Exhibit 11
## (REDACTED IN ITS ENTIRETY)

# Exhibit 12
# (REDACTED IN ITS ENTIRETY)

# Exhibit 13
## (REDACTED IN ITS ENTIRETY)

**A2248**

A2251

# (REDACTED IN ITS ENTIRETY)

**A2346**

# (REDACTED IN ITS ENTIRETY)

**A2346**