Originally Filed: February 20, 2026
Redacted Version Filed: February 27, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>             Plaintiffs,<br><br>       v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>             Defendant. | REDACTED - PUBLIC VERSION<br><br>C.A. No. 24-490 (MN)<br>(CONSOLIDATED) |

**PLAINTIFFS' PARTIAL OBJECTIONS TO THE SPECIAL MASTER'S FEBRUARY 6, 2026 ORDER (D.I. 629) DENYING PLAINTIFFS' MOTION TO COMPEL (D.I. 375)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Erin J. Morgan
DUNN, ISAACSON, RHEE LLP
11 Park Place
New York, NY 10007
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

February 20, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND FACTUAL BACKGROUND ...................................................... 1

II. ARGUMENT ........................................................................................................................ 2

    a. The Special Master Erroneously Rejected Qualcomm's Request For Arm To Supplement Its Interrogatory Responses And Provide 30(b)(6) Testimony Regarding Relevant Terms Of Third-Party TLAs.. .............................. 2

    b. The Special Master Erroneously Rejected Qualcomm's Request For Basic Discovery Related To Peripheral IP. ........................................................................ 6

III. CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Corning Inc.* v. *SRU Biosystems, LLC*,
    223 F.R.D. 191 (D. Del. 2004) ....................................................................................................2

*Kurtz* v. *Westfield Ins.*,
    610 F. Supp. 3d 703 (E.D. Pa. 2022) ..........................................................................................7

**Rules**

Fed. R. Civ. P. 26(b)(1)....................................................................................................................2

Fed. R. Civ. P. 33(d) .......................................................................................................................3

Fed. R. Civ. P. 53 ........................................................................................................................1, 2

I.     **INTRODUCTION AND FACTUAL BACKGROUND**

On February 6, the Special Master denied Qualcomm's August 11, 2025 motion to compel (D.I. 375) in its entirety, save for accepting one small concession Arm had made. D.I. 629 (the "Order"). Qualcomm objects to that Order pursuant to the Court's procedures (D.I. 336 ¶ 6) and Rule 53 on only two issues essential to Qualcomm's TLA claims.

*First*, in support of its claim that Arm breached ▮▮▮▮ of the TLA by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Qualcomm seeks to compel Arm to (a) supplement interrogatory responses to identify relevant terms in its third-party agreements and explain statements about its ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that it made for the first time on the last day of fact discovery, and (b) provide 30(b)(6) testimony on related topics. Qualcomm was unable to adequately question Arm's witnesses on these complicated agreements or Arm's analysis of them during fact discovery because Arm produced the vast majority of the agreements after the relevant witnesses were deposed. Arm accordingly conceded before the Special Master that it should make a 30(b)(6) witness available for a short supplemental deposition. Despite that concession, the Special Master denied Qualcomm's requests for additional discovery on this topic.

*Second*, in support of its claim that Arm breached the TLA's implied covenant of good faith and fair dealing by failing to make a reasonable offer for peripheral IP products that Qualcomm requested to license, Qualcomm seeks basic document discovery, an interrogatory response, and 30(b)(6) testimony about Arm's licensing of the at-issue peripheral IP to Qualcomm and third parties. Arm has refused to provide any discovery on this topic—claiming that it is outside the scope of the case—despite the allegations regarding peripheral IP in the operative complaint and the fact that ***Arm sought discovery from Qualcomm about its peripheral IP claim***.

1

After receiving supplemental briefing from the parties about this scope dispute, on August 22, 2025, the Special Master heard argument on Qualcomm's motion and Arm's motion to strike Qualcomm's theory of breach relating to the peripheral IP products. A0651-701. Despite denying Arm's effort to remove the peripheral IP products from the case (D.I. 630 at 3-4), the Special Master denied all discovery Qualcomm sought in support of its peripheral IP-based implied covenant claim.

## II.    ARGUMENT

Qualcomm "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1] Fed. R. Civ. P. 26(b)(1); *Corning Inc.* v. *SRU Biosystems, LLC*, 223 F.R.D. 191, 193 (D. Del. 2004) ("it is well recognized" in the Third Circuit "that the federal rules allow broad and liberal discovery"). Despite Arm's failure to substantiate its relevance and scope objections to Qualcomm's requested discovery, the Order denied Qualcomm's motion with a conclusory statement that "Qualcomm has not demonstrated that it is entitled to further discovery on these issues." Order at 3, 7. This Court reviews the Special Master's findings of fact and conclusions of law *de novo*. Fed. R. Civ. P. 53(f)(3)-(4).

    **a.    The Special Master Erroneously Rejected Qualcomm's Request For Arm To Supplement Its Interrogatory Responses And Provide 30(b)(6) Testimony Regarding Relevant Terms Of Third-Party TLAs.**

Qualcomm alleges that Arm breached the Qualcomm TLA with respect to licensing requests Qualcomm made for Arm Implementation Cores codenamed ▇▇▇▇ by (1) failing to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (2) providing a commercially

---

[1] For quoted material, unless stated otherwise, brackets, ellipses, footnote call numbers, internal quotations, and citations are omitted for readability. Emphasis is added unless otherwise indicated.

unreasonable proposal that was for ▮▮▮▮▮ and (3) modifying the ▮▮▮▮▮ terms in its proposal. D.I. 137 ¶¶ 213-26.

***Interrogatory No. 6.*** To assist in assessing the ▮▮▮▮▮ and whether Arm complied with the TLA's requirement that ▮▮▮▮▮, Qualcomm's Interrogatory No. 6 asked Arm to identify and describe relevant licensing terms for ▮▮▮▮▮, including identifying the specific licensing fees and royalty rates, licensing terms such as the license's offer date and duration, and support and maintenance terms offered to third parties. After initially objecting without any substantive response, Arm supplemented on the last day of fact discovery only to cite certain third-party agreements and full deposition transcripts pursuant to Rule 33(d). A0136-38.

Arm's identification of certain third-party agreements, without providing any of the specific information sought in the interrogatory, is insufficient. TLAs are highly technical agreements that do not always directly identify royalty rates applicable to individual cores, and Arm is best positioned to provide clear information regarding its own agreements, including certain types of agreements that ▮▮▮▮▮ A0695-96 at 268:24-270:22. Arm admits that it has already compiled certain of this information in a ▮▮▮▮▮ that it refuses to produce to Qualcomm. A1080; A1142. As a result, the "burden of deriving or ascertaining" the information in question is greater for Qualcomm than for Arm, and Arm's reliance on Rule 33(d) is misplaced. Fed. R. Civ. P. 33(d) (a party may specify records to be reviewed in an interrogatory response "if the burden of deriving or ascertaining the answer will be substantially the same for either party.").

Arm's incorporation of the full deposition testimony of five witnesses similarly is insufficient because these witnesses were not available to be fully questioned about the relevant contracts. Arm's still-incomplete production of third-party agreements occurred overwhelmingly *after* its witnesses were deposed.[2] A0695 at 266:7-268:23. Qualcomm thus moved to compel Arm to supplement its response to Interrogatory No. 6 to provide additional information about Arm's agreements with third parties for ███████████████, including the specific license fees and royalty rates for each core. A0006. The Special Master's conclusory "find[ing] that Qualcomm has not demonstrated that it is entitled to further discovery" on the issues implicated in any of its interrogatory requests (Order at 7) ignores that Qualcomm has not even received the basic information it requested. Arm should be compelled to supplement its response.

***Interrogatory No. 11.*** Interrogatory No. 11 asks for Arm's complete factual and legal bases for its assertion that it did not breach the Qualcomm TLA, which includes the bases for Arm's assertion that it complied with the TLA's ███████████ provision. A0178. On the last day of fact discovery, Arm supplemented its response to Interrogatory No. 11 to identify ████████████████████████████████████████████████████████████████████████████. A0178-89. Arm's supplemented response also stated that it had determined that ██████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ A0184. Arm's response does not identify

---

[2] As Qualcomm informed the Special Master, Arm even produced seven additional third parties' agreements for ███████████████ after the August 22 hearing on Qualcomm's motion (and well after fact discovery had closed). A0704. Still more agreements are outstanding pending resolution of Qualcomm's objections to the Special Master's decisions on third parties' motions for protective orders and Qualcomm's first motion to compel.

███████████████████████████████████████ ██████████

████████ *Id*. Accordingly, Qualcomm moved to compel Arm to supplement its response to Interrogatory 11 to identify relevant terms in ████████ agreements and to explain how Arm determined that the ███████████████████████████████████ ████████████████████████████████ A0006-07.

Qualcomm has not had other opportunities to obtain the information it now seeks to compel. The relevant ████████████████ agreement was also produced *after* the deposition of Arm's Rule 30(b)(6) witness on Arm's ██████████████████ licensing proposals. *Id*. Another Arm Rule 30(b)(6) witness, designated to testify on its third-party TLAs, ████████ ███████ ████████████████████████████ ████████████ ████████████████████████████████████. A0220-21 at 25:21-26:20, A0222 at 51:23-53:10. As a result, Qualcomm has no information from Arm's fact witnesses regarding Arm's determination that ███████████████████████████ ███████████.

Further, Arm does not explain how it concluded that ████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████ A0696-97 at 271:13-274:17; A0178-89. This information is relevant to Qualcomm's claim that Arm breached the TLA by ██████████████ ███████████████████████████████████.

***Related 30(b)(6) Testimony.*** For similar reasons, Arm should be compelled to provide a Rule 30(b)(6) witness prepared to testify regarding **Topics 8** (concerning Arm's third-party TLAs,

5

including pricing), **9(b)** (concerning Arm's non-TLA third-party agreements covering ███████████), **20** (concerning Arm's offers to Qualcomm for ███████████), and **29** (concerning Arm's pricing strategy for ███████████ and licensing of those cores to third parties). A0088-90, A0097-98, A0103-05. The Special Master's denial of this request is contrary even to Arm's position, given that Arm "agrees to make [an in-house counsel witness] available for an additional 2 hours of deposition time on Qualcomm's Topics 20 and 29 . . . after Arm completes its production and the third-party TLA licensee protective order motions are resolved." A0726.

> **b.   The Special Master Erroneously Rejected Qualcomm's Request For Basic Discovery Related To Peripheral IP.**

Qualcomm alleges that Arm breached the implied covenant of good faith and fair dealing in both the Qualcomm ALA and TLA. D.I. 137 ¶¶ 181-88. In addition to failing to provide Qualcomm with reasonable offers to certain Arm implementation cores, Arm also failed to offer commercially reasonable licensing terms for peripheral IP products licensed under the TLA and used in Qualcomm's chips outside of the CPU, including the ███████████████████████████████████████████████████████████.

Throughout this case, Qualcomm consistently maintained that its implied covenant claims include Arm's commercially unreasonable licensing offers for these peripheral IP products. The Second Amended Complaint ("SAC"), in describing Arm's misconduct, states that "Qualcomm expects discovery to show that ***Arm violated the good faith and fair dealing provisions of the QC TLA in its licensing negotiations involving peripheral TLA IP***." D.I. 137 ¶ 102; *see also id.* ¶ 51. The SAC also references Arm's October 2024 licensing proposal, which included offers for both the ███████████ CPUs that are the basis of the breach of TLA claim, as well as the

6

peripheral IP that forms the basis of Qualcomm's implied covenant claim.  D.I. 137 ¶ 126; A0196-97; A0225-26.

Qualcomm served document requests, interrogatories, and sought Rule 30(b)(6) testimony *expressly* seeking discovery related to Arm's licenses and negotiations for Arm's peripheral IP. A0047-49, A0054-56, A0094, A0103-05, A0178 (RFP 34 and 40); Rog 11; Topics 16 and 29. Arm refused to produce this discovery, despite serving its own discovery requests concerning the peripheral IP, including (a) requesting documents regarding "any materials, including peripheral intellectual property, that were provided, allegedly not provided to, and/or were allegedly withheld from Qualcomm under the TLA" (A0599); (b) requesting documents related to the specific peripheral IP included in the October 2024 licensing proposal (███████████) (A0600-01; A0652 at 96:1-97:3); (c) requesting Rule 30(b)(6) testimony on Qualcomm's TLA claims (A0262-64, A0267-70); and (d) taking testimony from Qualcomm's witnesses about licensing of peripheral IP (*e.g.*, A0281 at 103:1-21 (Arm asking about Qualcomm's licensing requests regarding peripheral IP)); A0284-85 at 40:14-41:15 (asking broadly which products Qualcomm tried to license for which Arm delayed responses; witness listing ███████████████████████ ███████████████████); A0288 at 156:10-20 (Arm asking about Qualcomm's license for peripheral IP)).

The Order erroneously denies Qualcomm motion to compel discovery on peripheral IP, stating that "Qualcomm has not demonstrated that it is entitled to ***further*** discovery on these issues."  Order at 3.  But Qualcomm has not received ***any*** discovery on the issue.  As support, the Order cites *Kurtz* v. *Westfield Insurance*, which states that "discovery is not for determining whether there is a factual basis for a claim not yet made."  610 F. Supp. 3d 703, 711 (E.D. Pa. 2022).  But the Special Master separately ruled that Qualcomm's peripheral IP claim is properly

7

pled in this case, denying Arm's motion to strike Qualcomm's peripheral IP claim and finding that "Qualcomm timely filed [and] served several requests for production regarding . . . peripheral TLA IP," and "the claims and theories at issue here are very important." D.I. 630 at 3-4.

Arm should be ordered to produce relevant documents necessary for Qualcomm to prosecute its claim in response to **RFPs 34** and **40** (which seek documents and communications concerning Arm's licensing of the peripheral IP to third parties and to Qualcomm (A0047-49, A0054-56)), supplement its interrogatory response to **Interrogatory No. 11**, and provide a Rule 30(b)(6) witness on **Topics 16(b)** (concerning Arm's licensing and pricing for peripheral IP, including the ▮▮▮▮▮) and **29** (concerning communications with Qualcomm concerning the ▮▮▮▮▮, pricing strategy for those products, and Arm's licensing of those products to third parties) (A0094, A0103-05).[3]

### III. CONCLUSION

Qualcomm's objections to the Special Master's Order should be sustained. Arm should be ordered to (1) supplement its response to Interrogatory No. 6 to identify the applicable license fee and royalty rates in each third-party agreement for ▮▮▮▮▮, including for any third-party agreements ordered to be produced following the March 10 and 12 hearings; (2) supplement its response to Interrogatory No. 11 to (i) include relevant terms in the ▮▮▮▮▮ and explain its analysis of that agreement and determination that ▮▮▮▮▮ and (ii) include the requested pricing and other term information related to Arm's peripheral IP licensing; (3) produce documents in response to RFPs 34 and 40 relating to

---

[3] As mentioned *supra* p. 6, Arm has already agreed to provide a witness on Topic 29 as it pertains to ▮▮▮▮▮.

8

peripheral IP; and (4) provide a Rule 30(b)(6) witness on Topics 8, 9(b), 16(b), 20, and 29.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Karen L. Dunn<br>William A. Isaacson<br>Erin J. Morgan<br>Melissa F. Zappala<br>Jenifer N. Hartley<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC  20004<br>(202) 240-2900<br><br>Catherine Nyarady<br>Anish Desai<br>Jacob A. Braly<br>S. Conrad Scott<br>Jacob Apkon<br>Flint A. Patterson<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3000<br><br>Adam L. Basner<br>Eric C. Westerhold<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>(202) 223-7300<br><br>Gregg Stephenson<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA  94105<br>(628) 432-5100<br><br>Februrary 20, 2026 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jennifer Ying*<br><br>Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 20, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Lydia B. Cash, Esquire<br>MORRISON & FOERSTER LLP<br>300 Colorado Street, Suite 1800<br>Austin, TX  78701<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Gregg F. LoCascio, P.C.<br>Jason M. Wilcox, P.C.<br>Meredith Pohl, Esquire<br>Matthew J. McIntee, Esquire<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jay Emerick, Esquire<br>Adam M. Janes, Esquire<br>Reid McEllrath, Esquire<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL  60654<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Peter Evangelatos, Esquire<br>Nathaniel Louis DeLucia, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 27, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Lydia B. Cash, Esquire<br>MORRISON & FOERSTER LLP<br>300 Colorado Street, Suite 1800<br>Austin, TX  78701<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Gregg F. LoCascio, P.C.<br>Jason M. Wilcox, P.C.<br>Meredith Pohl, Esquire<br>Matthew J. McIntee, Esquire<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jay Emerick, Esquire<br>Adam M. Janes, Esquire<br>Reid McEllrath, Esquire<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL  60654<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Peter Evangelatos, Esquire<br>Nathaniel Louis DeLucia, Esquire<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)