Originally Filed:  February 20, 2026
Redacted Version Filed:  February 27, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>   a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>   a Delaware corporation,<br><br>                     Plaintiffs,<br><br>          v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>   a U.K. corporation,<br><br>                     Defendant. | REDACTED - PUBLIC VERSION<br><br>C.A. No. 24-490 (MN)<br>(CONSOLIDATED) |

**PLAINTIFFS' PARTIAL OBJECTIONS TO THE SPECIAL MASTER'S FEBRUARY 6, 2026 ORDER (D.I. 626) DENYING PLAINTIFFS' MOTION TO COMPEL (D.I. 359)**

OF COUNSEL:

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

February 20, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND FACTUAL BACKGROUND ........................................................ 1

II. ARGUMENT ................................................................................................................... 1

    A. The Special Master Erroneously Concluded That Third-Party TLAs Are Not Relevant To Qualcomm's Claims. ................................................................................ 2

    B. The Special Master Erroneously Concluded That Third-Party ALAs Are Not Relevant To Qualcomm's Claims. ................................................................................ 3

    C. The Special Master Erroneously Upheld Arm's Improper Privilege Assertions. ............ 5

    D. The Special Master Erroneously Rejected Qualcomm's Requests For Documents Concerning Arm's Withholding Of ALA Deliverables From Qualcomm ....................... 7

    E. The Special Master Erroneously Rejected Qualcomm's Request For Documents Concerning Arm's Response to Qualcomm's TLA License Requests. ........................... 9

    F. The Special Master Erroneously Rejected Qualcomm's Request For Documents Concerning Arm's v10 Pricing And Development. ...................................................... 10

III. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Copper Mkt. Antitrust Litig.*,
   200 F.R.D. 213 (S.D.N.Y. 2001) ............................................................................................. 5

*In re Grand Jury Subpoenas*,
   265 F. Supp. 2d 321 (S.D.N.Y. 2003) ..................................................................................... 5

*Kickflip, Inc.* v. *Facebook, Inc.*,
   2015 WL 13446263 (D. Del. Jan. 21, 2015) ........................................................................... 8

*Stardock Sys., Inc.* v. *Reiche*,
   2018 WL 6259536 (N.D. Cal. Nov. 30, 2018) ........................................................................ 6

*Upsher-Smith Laby's, LLC* v. *Zydus Pharms. (USA) Inc.*,
   2024 WL 3487935 (D. Del. Jul. 18, 2024) ............................................................................. 8

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
   2021 WL 31400500 (D.N.J. July 22, 2021) ....................................................................... 5, 6

**Statutes**

Cal. Civ. Code § 1641 .................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................................... 1

Fed. R. Civ. P. 53 .......................................................................................................................... 2

## I. INTRODUCTION AND FACTUAL BACKGROUND

On August 1, 2025, Qualcomm moved to compel documents and Rule 30(b)(6) testimony withheld by Arm despite their relevance to Qualcomm's claims. D.I. 359; A0001-07. After the Special Master heard argument on Qualcomm's motion (A1110-66), Qualcomm submitted subsequent correspondence explaining the increasing relevance of the discovery sought. A1193; A1303; A1569; A1833; A1878; A2051. On February 6, 2026, the Special Master denied every request (the "Order"). D.I. 626.

Cognizant of the current stage of the case, Qualcomm objects only to the portions of the Order that most directly impede its ability to prove its claims,[1] including by seeking:

- Third-party TLAs and ALAs not subject to any motion for a protective order;

- Improperly withheld or redacted non-privileged documents concerning Arm and its outside PR firm's leak of the October 22, 2024 letter threatening Qualcomm's ALA;

- Internal Arm communications regarding Arm's decision to withhold ALA deliverables from Qualcomm, in breach of the parties' ALA, from fall 2022 until after the December 2024 jury verdict in Qualcomm's favor; and documents concerning Arm's continued provision of those deliverables to other ALA licensees during that same period;

- Documents showing Arm's response to Qualcomm's requests to license ▮▮▮▮▮ ▮▮▮▮▮—from which Qualcomm's TLA breach claim arose—and Arm's response to the resulting notices of breach that Qualcomm sent to Arm; and

- Documents concerning Arm's licensing and pricing strategy for v10.

## II. ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[2]

---

[1] Qualcomm believes each of the Special Master's conclusions suffers from legal errors, factual errors, or both. As noted above, Qualcomm has limited its objections and accepted the Special Master's denials of discovery sought as to 11 separate issues across its motions to compel and has narrowed its requests as to others.

[2] For quoted material, unless stated otherwise, brackets, ellipses, footnote call numbers, internal quotations, and citations are omitted for readability. Emphasis is added unless otherwise indicated.

1

Despite Arm's failure to substantiate its relevance and privilege objections, the Order denied each of Qualcomm's requests. This Court reviews the Special Master's findings of fact and conclusions of law *de novo*. Fed. R. Civ. P. 53(f)(3)-(4).

### A. The Special Master Erroneously Concluded That Third-Party TLAs Are Not Relevant To Qualcomm's Claims.

Qualcomm moved to compel production of unredacted third-party TLAs (and similar agreements that also allow parties to license Arm implementation cores and peripheral IP), and a 30(b)(6) witness prepared to testify about the terms of such agreements. D.I. 359 ¶ (i). These agreements are relevant to Qualcomm's claim that Arm (1) breached ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 137 ¶¶ 104-105, 214-220), and (2) breached the TLA's implied covenant of good faith and fair dealing by pricing licenses for certain peripheral IP and cores so high as to effectively prevent Qualcomm from receiving the benefits of its TLA, which requires that Arm ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* ¶¶ 51, 102, 181-188).

After Qualcomm requested that Arm produce its TLAs and similar agreements in full, seven of Arm's partners sought protective orders ("POs"), which are addressed in separate objections.[3] D.I. 648; D.I. 657. For the third-party agreements not subject to PO motions, Arm continues to withhold or improperly redact certain agreements in the following ways:

- Qualcomm reached agreement with a third party ▮▮▮▮▮ on limited redactions to its TLA. While Arm admits that this agreement is relevant (because it licenses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (A1108 at 58:20-59:22), Arm refused to produce it on

---

[3] As to Apple's agreements addressed separately, Morris Nichols represents Qualcomm. As to Annapurna's agreements, Connolly Gallagher represents Qualcomm.

the grounds that the Court's PO prohibits redactions. A1304-05.[4]

- Qualcomm requested that Arm produce its agreements in full. There are 22 third parties' agreements Arm has produced without annexes or exhibits cross-referenced in the produced portions of the agreements. A1303.

- Qualcomm requested agreements that license peripheral IP and other cores at issue in Qualcomm's implied covenant TLA claims. Arm has refused to produce those agreements on relevance grounds, despite the Special Master's denial of Arm's attempt to exclude those products from the case (see D.I. 630 at 3-4; D.I. 648 at 4 (explaining parties' scope dispute)).

The Special Master denied Qualcomm's motion to compel production of these agreements, relying on her "understanding" that Arm "produced the requested third-party agreements with several of its licensees" and her orders granting third parties' PO motions. D.I. 626 at 2. But neither supports denial. As explained in Qualcomm's objections (D.I. 648), these agreements are relevant to determining whether Arm met its obligations under ▮▮▮▮ of the TLA and whether Arm offered to license the products at issue in Qualcomm's TLA implied covenant claim in good faith. The annexes and exhibits are further relevant because they are part of the agreements Arm has already produced and California law instructs that "the whole of a contract is to be taken together." Cal. Civ. Code § 1641; A1303-05. And the TLAs licensing the peripheral IP products and other cores are relevant because they will show ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. And as for the ▮▮▮▮ TLA, there is simply no reasonable basis to deny production of an agreement even Arm admits is relevant, is not subject to any motion for a PO, and for which Qualcomm has reached agreement with ▮▮▮▮ as to a limited set of redactions.

**B.  The Special Master Erroneously Concluded That Third-Party ALAs Are Not Relevant To Qualcomm's Claims.**

---

[4] Qualcomm also reached agreement with ▮▮▮ regarding production of ▮▮▮'s TLA and related agreements. A0003; A0418.

3

Qualcomm moved to compel production of unredacted versions of all Arm's third-party ALAs and a 30(b)(6) witness prepared to testify about their terms. D.I. 359 ¶ (i). These agreements are relevant to several claims. *First*, Qualcomm claims that Arm breached the ALA's implied covenant of good faith and fair dealing and engaged in unfair conduct by refusing to negotiate in good faith a license to v10 of the Arm Architecture. D.I. 137 ¶¶ 128-134, 181-188, 204-212. Arm ███████████████████████████████████████, ███████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. A1878; A1948. *Second*, Qualcomm asserts that Arm breached its ALA by failing to provide certain deliverables. D.I. 137 ¶¶ 12-19, 78-94. Qualcomm believes Arm provided these deliverables to other partners with similar delivery requirements in their ALAs, but denied them to Qualcomm.

After Qualcomm requested that Arm produce unredacted versions of its ALAs, some ALA partners sought Pos that the Special Master granted. Those arguments are addressed in separate briefing.[5] D.I. 657. For third parties that did not seek POs, Arm initially refused production of (a) ███████████, and (b) complete, unredacted ALAs for v8 and v9, which were produced in the prior litigation in redacted form. Arm contested the relevance of the ALAs and argued that the redacted ALAs were sufficient. A0671. In December 2025, months after Qualcomm moved to compel these agreements, Arm conceded relevance as to some, but not all, ████████████ ████ █████████████ ████████████████████████████████████████████████ █████████████████████████████████ A1948.

The Special Master denied Qualcomm's motion to compel these agreements for the same

---

[5] As to Apple's agreements, Morris Nichols represents Qualcomm.
[6] To date, Arm still has not produced even these ███ ALAs (███████████████).

4

reason she denied production of Arm's TLAs and related agreements, relying on her "understanding [] that Arm has produced the requested third-party agreements with several of its licensees" and her orders granting third parties' PO motions. D.I. 626 at 2. This was error: Arm has not produced *any* unredacted ALAs ███████████████. And Arm should not be permitted to ████████████████████████████████████████████ ████████████ ██████████████████████████████████████ ██████████████████████ A2051.

### C. The Special Master Erroneously Upheld Arm's Improper Privilege Assertions.

***Communications with Arm's PR Firm and about PR Activities.*** Qualcomm moved to compel production of communications between Arm and FGS Global, the public relations firm that assisted Arm in leaking to Bloomberg News an October 22, 2024 letter threatening to terminate Qualcomm's ALA. D.I. 359 ¶ (iii). That leak is central to Qualcomm's tortious interference claims. D.I. 137 ¶¶ 192, 199. Arm withheld and/or redacted these communications, claiming that they are privileged. A0548-55; A0627-50.

The Special Master denied Qualcomm's motion, relying on an out-of-circuit district court case, *In re Copper Market Antitrust Litigation*, in which the court found that certain consultants were not third parties whose presence breaks privilege because they were the "functional equivalent of an in-house public relations department." 200 F.R.D. 213, 216, 19 (S.D.N.Y. 2001); *see* Order at 3-4. This ruling was in error. It assumes that the emails in question were privileged and that the only issue is whether FGS, a third-party vendor, broke that privilege. (It did. *E.g.*, *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2021 WL 3140050, at *14 (D.N.J. July 22, 2021).)[7]

---

[7] Additionally, FGS was retained by Arm, not its outside counsel. A0545-46 at 24:2-27:20, A0547 at 57:17-23. Arm's previously-cited cases (A0541), hold that no privilege attaches where the client, not a law firm, retains the PR firm. *In re Grand Jury Subpoenas*, 265 F. Supp. 2d 321, 331

Instead, the withheld or redacted documents are not privileged, even if FGS were not a third party. *See, e.g.*, D.I. 438 at 21-22; A0627. Generic "public relations services," including "reviewing press coverage, making calls to various media to comment on developments in the litigation, and even finding friendly reporters," are not protected. *Valeant*, 2021 WL 3140050, at *13-14 (cleaned up).

*Subject Lines.* Arm also redacted for privilege subject lines and meta data for four meetings with outside counsel regarding the leak, (A0556-65; D.I. 359 ¶ (iv)), even though the ESI Order contemplates production of "Email Subject." (D.I. 85 ¶ (2)(p)). These redactions are not credible. As the Special Master noted, it is hard to conceive of "how you are either requesting or providing attorney-client privileged information in eight or less words." A1144 at 202:14-203:5.

*Privilege Log.* Arm did not list on its privilege log any documents dated after April 18, 2024 that it withheld (with the exception of 27 entries dated October 23 and later related to Arm's October 22, 2024 leak to Bloomberg). A0005; A0548-55. Arm claims this is proper because the ESI Order calls for a privilege log of withheld documents generated prior to "filing of the Complaint," D.I. 85 ¶ 1(e)(ii), and, according to Arm, "Complaint" means the original, April 18, 2024 Complaint, not the later-filed amended complaints. Qualcomm moved to compel a privilege log identifying withheld documents and emails from April 18 to December 16, 2024, when the First Amended Complaint was filed. D.I. 359 ¶ (ii).

The Special Master was wrong "that Arm has fulfilled its privilege log obligations." Order at 4. The ESI Order was entered on March 21, 2025 (D.I. 85), at which point the December 16, 2024 First Amended Complaint was the operative complaint. Permitting Arm to avoid logging documents directly related to conduct that gave rise to Qualcomm's claims—including about (a)

---

(S.D.N.Y. 2003) (no privilege for communications if client had "hired Firm directly"); *Stardock Sys., Inc.* v. *Reiche*, 2018 WL 6259536, at *3, 6 (N.D. Cal. Nov. 30, 2018).

its supposed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and subsequent license offer for, ▇▇▇▇▇▇▇▇▇▇▇▇ in the second half of 2024; (b) its continued withholding of ALA deliverables through 2024; and (c) communications leading up to and immediately following Arm's October 22, 2024 leak of its termination letter to Bloomberg—makes no sense and prevents Qualcomm from testing Arm's privilege calls on key documents.

### D. The Special Master Erroneously Rejected Qualcomm's Requests For Documents Concerning Arm's Withholding Of ALA Deliverables From Qualcomm

While *Arm Ltd.* v. *Qualcomm Inc.* was pending, Arm engaged in self-help, withholding technology contractually owed to Qualcomm, failing to resume delivery until after Qualcomm prevailed at trial. This conduct forms the basis for Qualcomm's ALA breach claim. Arm claims its withholding was proper and not harmful because: (a) it withheld the deliverables based on a good faith belief that Qualcomm's cores were unlicensed, (b) the OOBs and ACK patches are courtesy ▇▇▇▇▇ Qualcomm was not entitled to, and (c) Qualcomm did not need the withheld technology. A0860-73. Qualcomm moved to compel multiple categories of documents relevant to this claim (D.I. 359 ¶¶ (v), (vi)). The Special Master's Order denying that discovery was error.

***Documents Regarding Arm's Decision To Withhold Technology.*** Qualcomm sought discovery on Arm's withholding of technology, including the decision to withhold specific technology (OOBs and ACK patches) (**RFP 39**;[8] **Topic 17**), and the subsequent decision to provide it again (**RFP 156**;[9] **Topic 41**). It is clear from Arm's documents and depositions of Arm witnesses that Arm issued a directive instructing employees to withhold the OOBs and ACK patches (and perhaps other technology) from Qualcomm. A0600 at 116:17-117:17, 125:6-127:12 (Arm's Director of Product Management testifying he received an email "▇▇▇▇▇▇▇

---

[8] RFP 39 was the subject of argument before the Special Master. A1121 at 111:12-24.
[9] Qualcomm's Third Set of Requests for Production mistakenly did not include requests for production numbers 152 through 155. Arm's response to RFP 156 was styled as RFP 152.

7



,"
"); A0605 at 31:22-32:23 (Arm Staff Engineer testifying she received

). Arm did not produce those directives, nor will Arm confirm or deny whether it is claiming privilege over the directive email or related documents.[10] A1190-91 at 251:24-254:11.

Qualcomm moved to compel documents showing Arm's "decision to pause and then resume" providing technology. The Special Master erroneously found that Arm had produced such documents. Order at 6. Although Arm told the Special Master it had "produced communications showing Arm's decision to pause and then resume" delivery of technology, attaching ten exhibits and one deposition transcript, those materials show only that Arm employees acted on some directive. A0673; Exs. 23, 24 (correspondence between Qualcomm and Arm); A0984-86 (emails between Arm engineers concerning "holding permission" to sign off on Qualcomm CPUs after directive was given). These documents do not include the directives themselves, communications about the decision to issue those directives, or documents describing why Arm withheld the OOBs and ACK patches. If Arm now claims it withheld this technology on the basis of its good faith belief that the cores were unlicensed or were ▮▮▮ materials, it must produce documents reflecting that belief and why it withheld this specific technology.

---

[10] If Arm intends to present evidence that it withheld certain verification technology because of a good faith belief it had no contractual obligation to deliver it (*see* D.I. 453 at 8), then it cannot claim privilege over documents on the same subject matter. *Upsher-Smith Lab'ys, LLC* v. *Zydus Pharms. (USA) Inc.*, 2024 WL 3487935, at *2 (D. Del. July 18, 2024) (ordering production of withheld documents to prevent "attempts to use attorney-client privilege as 'both a sword and a shield'"); *see also Kickflip, Inc.* v. *Facebook, Inc.*, 2015 WL 13446263, at *3-4 (D. Del. Jan. 21, 2015) (evidence of agreements' intent/effect waived privileged over agreements, "including the motives for and effects of entering into them, as well as the negotiation, performance, and implementation of these Agreements").

***Documents About Arm's Deliveries To Other Third Parties.*** Arm produced documents summarizing partner verification efforts that show it made OOBs and ACK patches available to other ALA partners while withholding them from Qualcomm, contradicting Arm's made-for-litigation position that this technology was neither an ALA deliverable nor important. Arm refused to provide discovery as to the actual delivery of this same technology to third parties (**RFP 6**; **Topic 14**) or Arm's communications with third parties discussing the technology in question (**RFPs 31, 33, 67, 77, 139; Topic 14**). The Special Master's finding "that technology and information that Arm provided to other Arm licensees is not relevant to whether Arm breached its agreements with Qualcomm," (Order at 6), was error. This discovery is necessary to assess the importance of what Arm withheld and whether it was ▮▮▮▮ not licensed by an ALA.

### E. The Special Master Erroneously Rejected Qualcomm's Request For Documents Concerning Arm's Response to Qualcomm's TLA License Requests.

Qualcomm requested discovery about Arm's response to Qualcomm's requests to license ▮▮▮▮▮▮▮▮, and the corresponding notices of breach Qualcomm sent to Arm. **(RFPS, 40, 49, 50, 51, 56, 57, 63, Interrogatory 6)**. This request covers any documents and communications regarding the ▮▮▮▮▮▮▮▮ Arm was required to do to comply with its obligations under ▮▮▮▮ of the TLA to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Because Arm's production is devoid of nearly *any* documents on these topics, Qualcomm moved to compel. D.I. 359 ¶ (x). Arm claims it produced all responsive, non-privileged[11] documents but for one spreadsheet containing third-party information implicated in pending PO motions. A1154-55 at 245:12-246:8. Arm agrees this spreadsheet is "highly relevant," but will

---

[11] If Arm is claiming privilege over any other documents from the April to October 2024 timeframe most relevant to Qualcomm's ▮▮▮▮▮▮▮▮ requests, it should have to log them. *See supra* p. 6.

not produce a copy redacting third-party information while those motions are pending. *See* D.I. 454 ¶¶ 9-14. Because Arm has not confirmed that it will produce this document upon resolution of the PO motions (*see* D.I. 491 ¶ 14), Qualcomm objects to the Order denying its motion to compel to preserve its request for a redacted copy if the spreadsheet is not produced in full.

### F. The Special Master Erroneously Rejected Qualcomm's Request For Documents Concerning Arm's v10 Pricing And Development.

Qualcomm's claim for breach of the ALA's implied covenant of good faith and fair dealing concerns Arm's failure to negotiate in good faith an extension of the ALA licensing term and a license to Arm's v10 architecture. Arm has argued that it *did* act in good faith, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ A1909. Qualcomm moved to compel discovery regarding, among other things, (a) Arm's licensing and pricing strategy for v10, and (b) Arm's v10 development timeline. (**Interrogatory No. 3; Topic 27; RFP 144**). D.I. 359 ¶ (ix).

The Special Master found that Arm had "adequately provided" the requested discovery because it ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and that its delay in negotiating a v10 license with Qualcomm was a result of the fact that it did not start developing v10 until after Qualcomm first requested to license it in 2020. Arm has not provided adequate discovery on these topics: it produced no documents concerning its pricing strategy or contemporaneously documenting v10's development timeline.

### III. CONCLUSION

Qualcomm's objections to the Special Master's Order should be sustained.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Catherine Nyarady<br>Anish Desai<br>Jacob A. Braly<br>S. Conrad Scott<br>Jacob Apkon<br>Flint A. Patterson<br>PAUL, WEISS, RIFKIND, WHARTON<br>    & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3000<br><br>Adam L. Basner<br>Eric C. Westerhold<br>PAUL, WEISS, RIFKIND, WHARTON<br>    & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>(202) 223-7300<br><br>Gregg Stephenson<br>PAUL, WEISS, RIFKIND, WHARTON<br>    & GARRISON LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA  94105<br>(628) 432-5100<br><br>Februrary 20, 2026 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jennifer Ying*<br><br>Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 20, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Lydia B. Cash, Esquire                                                                                       VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                                                                    VIA ELECTRONIC MAIL
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                                                                        VIA ELECTRONIC MAIL
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                                                               VIA ELECTRONIC MAIL
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

/s/ *Jennifer Ying*

Jennifer Ying (#5550)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

  I further certify that I caused copies of the foregoing document to be served on February 27, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Lydia B. Cash, Esquire  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.  *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
*Attorneys for Defendant*

Jay Emerick, Esquire  *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire  *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
*Attorneys for Defendant*

/s/ *Jennifer Ying*

Jennifer Ying (#5550)