Originally Filed: February 20, 2026
Redacted Version Filed: February 27, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
   a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
   a Delaware corporation,

               Plaintiffs,

v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
   a U.K. corporation,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

REDACTED - PUBLIC VERSION

C.A. No. 24-490 (MN)
(CONSOLIDATED)

**APPENDIX TO PLAINTIFFS' PARTIAL OBJECTIONS TO THE SPECIAL MASTER'S FEBRUARY 6, 2026 ORDER (D.I. 626) DENYING PLAINTIFFS' MOTION TO COMPEL (D.I. 359) (Vol. 1: A1-A431)**

OF COUNSEL:


Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

February 20, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

| Document | Page Range/D.I. # |
|---|---|
| Plaintiffs' Motion to Compel (Aug. 1, 2025) | D.I. 359 at 5-7 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 1, 2025) | A0001 – A0007 |
| Qualcomm Exhibit 1 – Arm Ltd.'s First Supplemental Objections and Responses to Qualcomm's First Set of Requests for Production (Nos. 1-52) (June 17, 2025) | A0008 – A0074 |
| Qualcomm Exhibit 2 – Arm Ltd.'s First Supplemental Objections and Responses to Qualcomm's Second Set of Requests for Production (Nos. 53-120) (June 17, 2025) | A0075 – A0146 |
| Qualcomm Exhibit 3 – Arm Holdings PLC's First Supplemental Objections and responses to Qualcomm's Third Set of Requests for Production (Nos. 121-156) (June 17, 2025) | A0147 – A0187 |
| Qualcomm Exhibit 4 – Arm Holdings PLC's Objections and Responses to Qualcomm's Fourth Set of Requests for Production (Nos. 157-168) (May 16, 2025) | A0188 – A0208 |
| Qualcomm Exhibit 5 – Defendant Arm Holdings PLC's Objections and Responses to Plaintiffs' Notice of 30(b)(6) Deposition (June 19, 2025) | A0209 – A0257 |
| Qualcomm Exhibit 6 – Arm's First Supplemental Responses to Qualcomm's Amended Interrogatory No. 3 (July 11, 2025) | A0258 – A0267 |
| Qualcomm Exhibit 7 – Arm's First Supplemental Objections and Responses to Qualcomm's Second Set of Interrogatories (Nos. 4-11) (July 11, 2025) | A0268 – A0337 |
| Qualcomm Exhibit 8 – Qualcomm Technology License Agreement (TLA) (May 30, 2013) | A0338 – A0393 |
| Qualcomm Exhibit 9 – Deposition of Jeffrey M. Fonseca Excerpt (July 9, 2025) | A0394 – A0398 |

| | |
|---|---|
| Qualcomm Exhibit 10 – Deposition of Karthik Shivashankar Excerpt (June 20, 2025) | A0399 – A0402 |
| Qualcomm Exhibit 11 – Deposition of Ehab Youseff Excerpt (June 26, 2025) | A0403 – A0407 |
| Qualcomm Exhibit 12 – Letter from J. Emerick to C. Nyarady (July 24, 2025) | A0408 – A0416 |
| Qualcomm Exhibit 13 – Email from S. Balcof to J. Ying et al. re: Follow up from Thursday's call (July 31, 2025) | A0417 – A0422 |
| Qualcomm Exhibit 14 – Robert Triggs, *Google Tensor G4 explained: Everything you need to know about the Pixel 9 processor* (Aug. 22, 2024) | A0423 – A0432 |
| Qualcomm Exhibit 15 – Alif Semiconductor, *Ensemble E1 Series* (last visited July 31, 2025) | A0433 – A0439 |
| Qualcomm Exhibit 16 – STMicroelectronics, *Arm Cortex-M55 in a nutshell* (last visited July 31, 2025) | A0440 – A0443 |
| Qualcomm Exhibit 17 – ███████████████████████ | A0444 – A0447 |
| Qualcomm Exhibit 18 – ███████████████████████ | A0448 – A0451 |
| Qualcomm Exhibit 19 – ███████████████████████ | A0452 – A0456 |
| Qualcomm Exhibit 20 – Deposition of Ziad Asghar Excerpt (July 7, 2025) | A0457 – A0460 |
| Qualcomm Exhibit 21 – Deposition of Ann Nathalie Cathcart Chaplin Excerpt (July 11, 2025) | A0461 – A0464 |
| Qualcomm Exhibit 22 – Arm Holdings PLC's First Supplemental Objections and Responses to Qualcomm's First Set of Interrogatories (Nos. 1-3) Excerpt (July 11, 2025) | A0465 – A0473 |
| Qualcomm Exhibit 23 – Qualcomm Amended and Restated Architecture License Agreement (ALA) (May 30, 2013) | A0474 – A0517 |

| | |
|---|---|
| Qualcomm Exhibit 24 – Arm's First Supplemental Objections and Responses to Qualcomm's Second Set of Interrogatories (Nos. 4-11) Excerpt (July 11, 2025) | A0518 – A0528 |
| Qualcomm Exhibit 25 – Third Supplemental Redaction Log for Arm ALAs (Jan. 5, 2024) | A0529 – A0535 |
| Qualcomm Exhibit 26 – Deposition of Jonathan Weiser Excerpt (July 11, 2025) | A0536 – A0539 |
| Qualcomm Exhibit 27 – Letter from A. Janes to C. Nyarady (June 23, 2025) | A0540 – A0542 |
| Qualcomm Exhibit 28 – Deposition of Paul Kranhold Excerpt (July 17, 2025) | A0543 – A0547 |
| Qualcomm Exhibit 29 – Arm Second Supplemental Initial Privilege Log (July 11, 2025) | A0548 – A555 |
| Qualcomm Exhibit 30 – ARMQC_02762874 (Oct. 21, 2024) | A0556 – A0558 |
| Qualcomm Exhibit 31 – ARMQC_02762876 (Oct. 22, 2024) | A0559 – A0561 |
| Qualcomm Exhibit 32 – ARMQC_02762878 (Oct. 21, 2024) | A0562 – A0563 |
| Qualcomm Exhibit 33 – ARMQC_02762879 (Oct. 22, 2024) | A0564 – A0565 |
| Qualcomm Exhibit 34 – Letter from A. Janes to C. Nyarady (June 30, 2025) | A0566 – A0568 |
| Qualcomm Exhibit 35 – Letter from N. Fung to C. Nyarady (Mar. 19, 2025) | A0569 – A574 |
| Qualcomm Exhibit 36 –Letter from N. Fung to C. Nyarady (May 7, 2025) | A0575 – A0578 |
| Qualcomm Exhibit 37 – Defendant Arm Holdings PLC's Objections and Responses to Plaintiffs' Notice of 30(b)(6) Deposition Excerpt (June 19, 2025) | A0579 – A0587 |
| Qualcomm Exhibit 38 – Arm Holdings PLC's First Supplemental Objections and Responses to Qualcomm's Third Set of Requests For Production (Nos. 121-156) Excerpt (June 17, 2025) | A0588 – A0597 |
| Qualcomm Exhibit 39 – Deposition of Martin Weidman Excerpt (June 20, 2025) | A0598 – A0602 |

| | |
|---|---|
| Qualcomm Exhibit 40 – Deposition of Anupa George Excerpt (July 30, 2025) | A0603 – A0605 |
| Qualcomm Exhibit 41 – Letter from N. Fung to C. Nyarady (May 2, 2025) | A0606 – A0609 |
| Qualcomm Exhibit 42 – Deposition of Richard Grisenthwaite Excerpt (July 2, 2025) | A0610 – A0612 |
| Qualcomm Exhibit 43 – Letter from N. Fung to C. Nyarady (July 5, 2025) | A0613 – A0617 |
| Qualcomm Exhibit 44 – Deposition of Rene Haas Excerpt (July 7, 2025) | A0618 – A0621 |
| Qualcomm Exhibit 45 – Deposition of Aparajita Bhattacharya Excerpt (July 7, 2025) | A0622 – A0625 |
| Qualcomm Exhibit 46 – ARMQC_02762949 (Oct. 24, 2024); ARMQC_02762912 (Oct. 23, 2024); ARMQC_02762979 (Oct. 29, 2024); FSG_0000389 (Oct. 22, 2024); ARMQC_02742823 (Oct. 24, 2024); ARMQC_02742769 (Oct. 24, 2024); ARMQC_02749685 (Oct. 24, 2024) | A0626 – A0650 |
| Qualcomm Exhibit 47 – Letter from J. Emerick to C. Nyarady (July 24, 2025) | A0651 – A0654 |
| Qualcomm Exhibit 48 – Letter from C. Nyarady to N. Fung (May 16, 2025) | A0655 – A0660 |
| Qualcomm Exhibit 49 – Letter from N. Fung to C. Nyarady (June 17, 2025) | A0661 – A0667 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Defendant's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 7, 2025) | A0668 – A0675 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.,* C.A. No. 24-490-MN, Declaration of Nicholas R. Fung in Support to Defendant's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 7. 2025) | A0676 – A0682 |
| Arm Exhibit 1 – Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 1, 2025) | A0683 – A0690 |

| | |
|---|---|
| Arm Exhibit 2 – Second Amended Complaint (June 3, 2025) | A0691 – A0758 |
| Arm Exhibit 3 – Email from P. Evangelatos to J. Braly et al. re: Qualcomm v. Arm – RFPs Concerning TLA Agreements | A0759 – A0762 |
| Arm Exhibit 4 – Order Appointing Special Master (July 18, 2025) | A0763 – A0767 |
| Arm Exhibit 5 – Order Relating to Procedures for Resolving Disputes Before Special Master (July 31, 2025) | A0768 – A0771 |
| Arm Exhibit 6 – Deposition of Aparajita Bhattacharya (July 7, 2025) | A0772– A0855 |
| Arm Exhibit 7 – Arm Holdings PLC's First Supplemental Objections and Responses to Qualcomm's First Set of Interrogatories (Nos. 1-3) (July 11, 2025) | A0856 – A0885 |
| Arm Exhibit 8 – ARMQC_02770408 (Oct. 22, 2024) | A0886 – A0888 |
| Arm Exhibit 9 – ARMQC_02770392 (Oct. 24, 2024) | A0889 – A0891 |
| Arm Exhibit 10 – ARMQC_02762927 (Oct. 24, 2024) | A0892 – A0914 |
| Arm Exhibit 11 – ARMQC_02762980 (Oct. 23, 2024) | A0915 – A0917 |
| Arm Exhibit 12 – ARMQC_02762919 (Oct. 23, 2024) | A0918 – A0919 |
| Arm Exhibit 13 – ARMQC_02762920 (Oct. 23, 2024) | A0920 – A0921 |
| Arm Exhibit 14 – Stipulated Order for Discovery, Including Discovery of Electronically Stored Information ("ESI") (Mar. 21, 2025) | A0922 – A0939 |
| Arm Exhibit 15 – ARM_00132456 (May 17, 2022) | A0940 – A0941 |
| Arm Exhibit 16 – ARM_00036346 (May 18, 2022) | A0942 – A0946 |
| Arm Exhibit 17 – ARM_01238999 (May 18, 2022) | A0947 – A0952 |
| Arm Exhibit 18 – ARM_01215997 (May 19, 2022) | A0953 – A0958 |
| Arm Exhibit 19 – ARM_01216002 (May 19, 2022) | A0959 – A0964 |
| Arm Exhibit 20 – ARM_01230011 (May 19, 2022) | A0965 – A0971 |
| Arm Exhibit 21 – ARM_01230110 (May 19, 2022) | A0972 – A0976 |

| | |
|---|---|
| Arm Exhibit 22 – ARM_01230123 (May 19, 2022) | A0977 – A0982 |
| Arm Exhibit 23 – QCARM_3059661 (May 20, 2022) | A0983 – A0984 |
| Arm Exhibit 24 – Letter from S. Collins to A. Chaplin (Sept. 26, 2022) | A0985 – A0986 |
| Arm Exhibit 25 – Deposition of Richard Grisenthwaite (July 2, 2025) | A0987 – A1091 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Special Master Hearing (Aug. 14, 2025) | A1092 – A1187 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Special Master Hearing Excerpt (Aug. 22, 2025) | A1188 – A1191 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Plaintiff's Letter to Special Master Helena C. Rychlicki Regarding Newly-Learned Facts and Subsequent Events (Sept. 15, 2025) | A1192 – A1194 |
| Qualcomm Exhibit 1 – Special Master Hearing Excerpt (Aug. 14, 2025) | A1195 – A1197 |
| Qualcomm Exhibit 2 – Special Master Hearing Excerpt (Aug. 22, 2025) | A1198 – A1201 |
| Qualcomm Exhibit 3 – Email from A. Basner to P. Evangelatos et al. re: Qualcomm Inc. v. Arm Holdings PLC.; Case No. 1:24-cv-490 (MN): RFPs (Sept. 14, 2025) | A1202 – A1211 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Defendant Arm Holdings PLC's Response to Qualcomm's September 15, 2025 Letter to Special Master Rychlicki (Sept. 19, 2025) | A1212 – A1217 |
| Qualcomm Exhibit 1 – Meet & Confer Excerpt (July 20, 2025) | A1218 – A1222 |
| Qualcomm Exhibit 2 – Plaintiff's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 1, 2025) | A1223 – A1230 |
| Qualcomm Exhibit 3 – Defendant's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 7, 2025) | A1231 – A1239 |

| | |
|---|---|
| Qualcomm Exhibit 4 – Meet & Confer Excerpt (Sept. 15, 2025) | A1240 – A1247 |
| Qualcomm Exhibit 5 – Email from C. Nyarady to A. Janes et al. re: Qualcomm v. Arm – Meet and Confer (Aug. 29, 2025) | A1248 – A1263 |
| Qualcomm Exhibit 6 – Meet & Confer Excerpt (July 28, 2025) | A1264 – A1267 |
| Qualcomm Exhibit 7 – Email from J. Emerick to C. Nyarady et al. re: Qualcomm v. Arm – Meet and Confer (Sept. 10, 2025) | A1268 – A1284 |
| Qualcomm Exhibit 8 – Defendant Arm Holdings PLC's Support to Arm's Motion to Strike and Compel (D.I. 378) and Opposition to Qualcomm's August 11 Letter Brief to Special Master Rychlicki (Aug. 18, 2025) | A1285 – A1293 |
| Qualcomm Exhibit 9 – Defendant Arm Holdings PLC's Letter Brief to Special Master Rychlicki (Aug. 1, 2025) | A1294 – A1301 |
| Qualcomm Inc. and Qualcomm Techs., Inc. v. Arm Holdings PLC., f/k/a Arm Ltd., C.A. No. 24-490-MN, Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Subsequent Events Relating to Their Motion to Compel Production of Third-Party Licenses and Related Agreements (Oct. 17, 2025) | A1302 – A1306 |
| Qualcomm Exhibit 1 – ARMQC_02798040 (Sept. 8, 2023) | A1308 – A1324 |
| Qualcomm Exhibit 2 – ARMQC_02789082 (Feb. 1, 2022) | A1325 – A1369 |
| Qualcomm Exhibit 3 – ARMQC_02797972 (July 1, 2024) | A1370 – A1381 |
| Qualcomm Exhibit 4 – Email from J. Hartley to P. Evangelatos re: Qualcomm v. Arm – Third Party Agreements (Oct. 16, 2025) | A1382 – A1388 |
| Qualcomm Exhibit 5 – ARMQC_02797778 (Dec. 16, 2021) | A1389 – A1554 |
| Qualcomm Exhibit 6 – Meet and Confer Transcript (Oct. 10, 2025) | A1555 – A1562 |
| Qualcomm Exhibit 7 – Email from A. Basner to P. Evangelatos et al. re: Qualcomm v. Arm, Case No. 1:24-cv-490 (Oct. 15, 2025) | A1563 – A1567 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Subsequent Events Relating to Their Motion to Compel Production of Arm's Analysis of Third-Party Licenses (Oct. 17, 2025) | A1568 – A1570 |

| | |
|---|---|
| Qualcomm Exhibit 1 – Plaintiff's' Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 1, 2025) | A1571 – A1578 |
| Qualcomm Exhibit 2 – Deposition of Akshay Bhatnagar (July 10, 2025) Excerpt | A1579 – A1582 |
| Qualcomm Exhibit 3 – Letter from C. Nyarady to P. Evangelatos (July 11, 2025) | A1583 – A1585 |
| Qualcomm Exhibit 4 – Letter from C. Nyarady to J. Emerick (July 16, 2025) | A1586 – A1592 |
| Qualcomm Exhibit 5 – Letter from J. Emerick to C. Nyarady (July 24, 2025) | A1593 – A1601 |
| Qualcomm Exhibit 6 – Meet & Confer Excerpt (July 28, 2025) | A1602 – A1605 |
| Qualcomm Exhibit 7 – Special Master Hearing Excerpt (Aug. 14, 2025) | A1606 – A1610 |
| Qualcomm Exhibit 8 – Letter from P. Evangelatos to C. Nyarady (Oct. 16, 2025) | A1611 – A1615 |
| Qualcomm Exhibit 9 – Email from J. Hartley re: Qualcomm v. Arm – Production of Spreadsheet (Oct. 6, 2025) | A1616 – A1618 |
| Qualcomm Exhibit 10 – Meet & Confer Excerpt (Oct. 10, 2025) | A1619 – A1622 |
| Qualcomm Exhibit 11 – Plaintiff's Letter to Special Master Helena C. Rychlicki Regarding Subsequent Events relating to their Motion to Compel Production of Third-Party Arm Licenses and Related Agreements (Oct. 17, 2025) | A1623 – A1628 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Defendants Arm Holdings PLC's Response to Qualcomm's October 17, 2025 Letters (Nov. 7, 2025) | A1629 – A1634 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Declaration of Peter Evangelatos in Support of Defendant Arm Holding PLC's Response to Qualcomm's October 17, 2025 (Nov. 7, 2025) | A1635 – A1638 |
| Arm Exhibit 1 – Letter from Anne Shea Gaza to Judge Sherry R. Fallon re: Qualcomm Inc., et al. v. Arm Holdings Plc., C.A. No. 24-490 (MN) (Mar. 13, 2025) | A1639 – A1726 |

| | |
|---|---|
| Arm Exhibit 2  – Qualcomm's Letter to Honorable Sherry R. Fallon in Response to Arm's Letter Regarding Discovery Dispute (D.I. 68) | A1727 – A1735 |
| Arm Exhibit 3 – Deposition of Akshay Bhatnagar Excerpt (July 10, 2025) | A1754 – A1758 |
| Arm Exhibit 4 – Deposition of Karthik Shivashankar Excerpt (June 20, 2025) | A1759 – A1766 |
| Arm Exhibit 5 – Defendant's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 7, 2025) | A1767 – A1775 |
| Arm Exhibit 6 – Email from J. Hartley re: Qualcomm v. Arm – Third Party Agreements (Sept. 24, 2025) | A1776 – A1778 |
| Arm Exhibit 7 – Defendant Arm Holdings PLC's Response to Qualcomm's September 15, 2025 Letter to Special Master Rychlicki (Sept. 19, 2025) | A1779 – A1785 |
| Arm Exhibit 8 – Email from US Courts re: Activity in Case 1:24-cv-00490-MN Qualcomm Incorporated et al v. ARM Holdings PLC Oral Order (Mar. 17, 2025) | A1786 – A1789 |
| Arm Exhibit 9 – Stipulated Protective Order (Mar. 21, 2025) | A1790 – A1829 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Subsequent Events (Nov. 26, 2025) | A1832 – A1834 |
| Qualcomm Exhibit 1 – Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 1, 2025) | A1835 – A1842 |
| Qualcomm Exhibit 2 – Special Master Hearing (Aug. 14, 2025) | A1843 – A1848 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Defendant Arm Holding PLC;s Response to Qualcomm's November 26, 2025 Letter to Special Master Rychlicki (Dec. 3, 2025) | A1849 – A1852 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Declaration of Jay Emerick in Support of Defendant Arm Holding PLC's Response | A1853 – A1857 |

| | |
|---|---|
| to Qualcomm's November 26, 2025 Letter to Special Master Rychlicki (Dec. 3, 2025) | |
| Arm Exhibit 1 – Deposition of Kenneth Siegel (July 4, 2025) Excerpt | A1858 – A1865 |
| Arm Exhibit 2 – Deposition of Paul Kranhold (July 17, 2025) Excerpt | A1866 – A1876 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Plaintiffs' Letter to Special Master Rychlicki Regarding Subsequent Events Relating to Motion to Compel Production of Arm's Architecture License Agreements (Dec. 16, 2025) | A1877 – A1879 |
| Qualcomm Exhibit 1 – Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 1, 2025) | A1880 – A1887 |
| Qualcomm Exhibit 2 – Defendant's Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 7, 2025) | A1888 – A1896 |
| Qualcomm Exhibit 3 – Special Master Hearing (Aug. 14, 2025) Excerpt | A1897 – A1900 |
| Qualcomm Exhibit 4 – Deposition of William Abbey (June 26, 2025) Excerpt | A1901 – A1903 |
| Qualcomm Exhibit 5 – Deposition of Rene Haas (July 7, 2025) Excerpt | A1904 – A1906 |
| Qualcomm Exhibit 6 – Letter from S. Collins to A. Chaplin (Dec. 10, 2025) | A1907 – A1938 |
| Qualcomm Exhibit 7 – Arm v. Qualcomm, C.A. No. 22-1146, Pretrial Conference (Nov. 20, 2024) Excerpt | A1939 – A1945 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Defendant Arm Holdings PLC's Response to Qualcomm's December 16, 2023 Letter to Special Master Rychlicki (Dec. 23, 2025) | A1946 – A1949 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Declaration of Peter Evangelatos in Support of Arm Holding PLC's Response to | A1950 – A1953 |

x

| | |
|---|---|
| Qualcomm's December 16, 2025 Letter to Special Master Rychlicki (Dec. 23, 2025) | |
| Arm Exhibit 1 – Plaintiffs' Letter to Special Master Helena C. Rychlicki Regarding Outstanding Discovery Disputes (Aug. 1, 2025) | A1956 – A1963 |
| Arm Exhibit 2 – Amended and Restated Architecture License Agreement (ALA) (May 31, 2013) | A1964 – A2007 |
| Arm Exhibit 3 – Plaintiff's Letter to Special Master Rychlicki Regarding Subsequent Events Relating to Motion to Compel Production of Arm's Architecture License Agreement (Dec. 16, 2025) | A2008 – A2011 |
| Arm Exhibit 4 - Letter from S. Collins to A. Chaplin (Dec. 10, 2025) | A2012 – A2043 |
| Arm Exhibit 5 – Deposition of William Abbey (June 26, 2025) Excerpt | A2044 – A2049 |
| *Qualcomm Inc. and Qualcomm Techs., Inc.* v. *Arm Holdings PLC., f/k/a Arm Ltd.*, C.A. No. 24-490-MN, Plaintiffs' Letter to Special Master Rychlicki Regarding Subsequent Events Relating to Arm's Architecture License Agreements (Dec. 26, 2025) | A2050 – A2051 |

xi

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-490 (MN) |
| v. | ) ) ) | ██████████████████████ ██████████████████████ |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' LETTER TO SPECIAL MASTER HELENA C. RYCHLICKI REGARDING OUTSTANDING DISCOVERY DISPUTES

OF COUNSEL:

Catherine Nyarady
Anish Desai
S. Conrad Scott
Jacob A. Braly
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

Eric C. Westerhold
Adam Basner
Gregg Stephenson
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
DUNN, ISAACSON, RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

August 1, 2025

Dear Special Master Rychlicki:

In August 2022, Arm sued Qualcomm for developing unlicensed technology after Arm terminated agreements with Qualcomm subsidiary Nuvia. *Arm Ltd.* v. *Qualcomm Inc.*, C.A. 22-1146 (MN), D.I. 1 ¶ 78. Rather than waiting for resolution through litigation, Arm engaged in self-help, withholding licensed technology from Qualcomm, refusing to license other technology, and interfering with Qualcomm's customer relationships. D.I. 137 ("SAC"). Qualcomm filed this lawsuit. D.I. 2. In December 2024, the *Arm* v. *Qualcomm* jury found the Qualcomm CPUs licensed. C.A. 22-1146 (MN), D.I. 572 at 1.

## I.    Refusal to Produce Unredacted Third-Party Agreements

**TLAs.** Qualcomm needs Arm's TLAs and related agreements—and associated 30(b)(6) testimony (**RFPs 123, 140; Topics 2, 9**)[1]—to prove quotes Arm gave Qualcomm for Arm Cortex Implementation Cores (codenamed ███████████████) violated the Qualcomm TLA, which ██ ████████████ SAC ¶¶ 104-105; Ex. 8 ███████ Arm claims it based the October 2024 quote on ██████████████ agreements. Ex. 9 at 23:1-24; Ex. 10 at 97:12-98:2; Ex. 11 at 65:24-72:9. Arm should produce all[2] agreements, so Qualcomm can test whether Arm based its ████ ██████████████████—and whether Arm's quotes for other IP violated the implied covenant of good faith and fair dealing. Arm should also produce a witness on the agreements' royalty rates.

Arm claims it "produced all third-party agreements" licensing the Implementation Cores "to which it has not received an objection or a motion for a Protective Order was not filed." Ex. 12 at 2.[3] Arm's withholding based on mere "objections" is improper under the Protective Order. D.I. 84 ¶ 51. Arm's representation also is inaccurate: it has not produced agreements for several entities licensing these products, including ████████████████████ ████████████████████. And Arm omitted Annexes for several agreements that contain pricing information. ██████████████████████ Finally, Arm improperly limits production to TLAs licensing ██████████████, but Qualcomm's claims allege Arm provided unreasonable quotes for other TLA IP. SAC ¶¶ 51, 102.

Arm also put these third-party agreements at issue by using the fact that Qualcomm has not seen third-party TLAs to cross-examine Qualcomm witnesses, asking whether they were aware of pricing of ██████████████ in third-party TLAs and whether the rates provided to Qualcomm were accepted by the industry. Ex. 20 at 106:6-107:22; Ex. 21 at 49:16-19, 53:8-22.

---

[1] "RFP" refers to Qualcomm's requests for production, Exhibits 1-4. "Topic" refers Qualcomm's Notice of Rule 30(b)(6) Deposition of Arm, Exhibit 5. "Interrogatory" refers to Qualcomm's interrogatories, Exhibits 6-7.

[2] With respect to ████'s agreements, Morris, Nichols, represents Qualcomm.

[3] ████ agreed to production of its TLA and related agreements, Ex. 13, yet Arm has not produced them.

Arm cannot challenge Qualcomm's knowledge of third-party pricing while simultaneously withholding it.

**ALAs.** Arm breached the Qualcomm ALA by withholding out-of-box packages ("OOBs") and Architecture Compliance Kit ("ACK") patches. SAC ¶¶ 173-180. Arm argues it was not obligated to deliver that technology, including because it is not ███████████ under the ALA. Ex. 22. Arm provided that technology to other licensees, Ex. 45 at 94:25-97:16, 126:8-127:4, thus, Qualcomm seeks to determine whether the definition of and obligation to deliver ████ ███████ is the same in those partners' ALAs.

Additionally, in May 2020, Qualcomm elected to extend the Qualcomm ALA to ███ ████████████████████████ including Armv10. SAC ¶¶ 128-134, 184. ██████ ███████████████████████ *id.* ¶ 65; Ex. 23, yet Arm failed to respond to Qualcomm's election for five years, violating the implied covenant of good faith and fair dealing. Arm denies a breach, claiming it engaged in good faith negotiation even though Qualcomm's election was improper and the ALA would not cover v10. Ex. 24. Qualcomm needs to review other ALAs to address Arm's defense.

In *Arm* v. *Qualcomm*, Arm produced limited heavily redacted ALAs, which are insufficient here. Qualcomm needs *all* unredacted ALAs and the annexes thereto (**RFP 27; Topics 2, 7**) to evaluate the scope of deliverables and rights of other licensees treated differently than Qualcomm. For example, the produced ALAs redact ███████████████ terms, Ex. 25 at 2, 4, 12, yet Arm argues it did not breach the Qualcomm ALA because the OOBs and ACK patches are ██████████ and not ██████████████ Ex. 22 at 6, 10. Arm also redacted all fee and royalty information, Ex. 25, and refused to produce ████████████████ (**RFP 162**), both necessary to test Arm's claim of good faith negotiation. At least ██████ agreed to produce its ALA (with limited redactions that do not relate to the provisions at issue), Ex. 13, yet Arm has not produced that document.

As with the TLAs, Arm also questioned multiple Qualcomm witnesses regarding their knowledge of terms in third-party ALAs and whether those terms were comparatively advantageous to Qualcomm, while withholding the agreements that would allow Qualcomm to refute the implications of Arm's examinations. Ex. 20 at 57:2-18; Ex. 26 at 78:14-21, 80:12-21, 164:17-25. This is improper: Qualcomm must be allowed to probe Arm's defenses.

## II.    Improper Privilege Determinations

Arm withheld or redacted documents based on improper privilege assertions. The relevant documents should be produced and redactions should be lifted.

**Communications with FGS Global.** Qualcomm asserted claims arising from the leak by Arm's counsel (MoFo) and communications firm (FGS Global) to Bloomberg News of an October 22, 2024 letter Arm wrote to Qualcomm threatening to terminate Qualcomm's ALA. Arm and FGS Global assert communications about the leak are privileged (including "common interest") or work product. Exs. 29; 46 (FGS Emails). But generic "public relations services," including "[r]eviewing press coverage, making calls to various media to comment on developments in the litigation, and even 'finding friendly reporters,'" are not protected. *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2021 WL 3140050, at *13-14 (D.N.J. July 22, 2021); *In re Riddell Concussion*

2

*Reduction Litig.*, 2016 WL 7108455, at *9 (D.N.J. Dec. 5, 2016), *aff'd in relevant part*, 2017 WL 11633446 (D.N.J. Jan. 5, 2017). FGS was engaged by Arm, not its outside counsel.[4] Ex. 28 at 24:2-27:20, 57:17-23. And common interest privilege is merely "an extension of the attorney-client privilege or an exception to the waiver of that privilege." *10x Genomics, Inc.* v. *Celsee, Inc.*, 505 F. Supp. 3d 334, 337 (D. Del. 2020).

**Improper Date Cutoff.** Arm failed to log documents dated after the original April 2024 Complaint. The ESI Order required a privilege log of withheld documents generated prior to "the filing of the Complaint." D.I. 85 ¶ 1(e)(ii). The operative "Complaint" contemplated by the March 21, 2025 ESI Order was the December 16, 2024 First Amended Complaint. D.I. 36. Qualcomm's claims are partly based on post-April 2024 conduct, including Arm's October 22, 2024 letter. While Arm eventually logged 27 entries for "documents relating to Arm's communications with Bloomberg regarding the notice" and related follow up communications, D.I. 162 at 4, it otherwise refused to log withheld documents dated from April 18 and December 16, 2024. Ex. 29.

**Subject Lines Redactions.** Arm redacted for privilege subject lines for four meetings with outside counsel regarding the leak. Exs. 30-33. Arm also clawed back metadata revealing subject lines for 18 documents. Ex. 34. In addition to the subject lines not being privileged, the ESI Order contemplates a party challenging a privilege claim may "request metadata for individual documents and emails," D.I. 85 ¶ 1(e)(v)(1), and such metadata will include "Email Subject," *id.* ¶ 2(p).

## III.    Failure to Provide Discovery

Arm refused to produce documents or provide 30(b)(6) testimony on entire categories of relevant information, prejudicing Qualcomm.

### A.    Breach of Qualcomm ALA

**Withheld Technology.** In support of its ALA breach claim, Qualcomm requested documents regarding the technology and information Arm provided to other ALA licensees but not to Qualcomm, including, for example, versions of Arm's ACK from the relevant time period and any patches thereto (**RFP 6; Topic 14**); documents and communications regarding ACK patches (**RFPs 31, 67, 77, 139; Topic 14**) and OOBs (**RFPs 33, 67; Topic 14**). SAC ¶ 175.

Arm would only produce lists of technology made centrally available for licensee download on an Arm platform and technical documents it claims are "sufficient to show" the OOB and ACK patch development and timeline. Ex. 35 at 2, 7-8; Ex. 36 at 5; Ex. 37 at 18. But ACK patches and OOBs are not available on the platform in question and Qualcomm found no

---

[4] Arm's cases, Ex. 27, show no privilege attaches where the client, not a law firm, retains the PR firm. *In re Grand Jury Subpoenas*, 265 F. Supp. 2d 321, 331 (S.D.N.Y. 2003) (no privilege for communications had client "hired Firm directly"); *Stardock, Sys., Inc.* v. *Reiche*, 2018 WL 6259536, at *3, *6 (N.D. Cal. Nov. 30, 2018).

A0005

documents in Arm's production showing the time and effort required to develop ACK patches and OOBs. Thus, Qualcomm cannot investigate what Arm withheld and the impact to Qualcomm.

**Arm's Decision-Making.** Qualcomm's **Topic 17** seeks testimony regarding Arm's decision to withhold deliverables from Qualcomm, and **Topic 41** and **RFP 156** seek information regarding Arm's decision to resume providing deliverables following the December 2024 jury verdict in *Arm* v. *Qualcomm*. Although Arm witnesses testified ███████████████ ██████████████████████████████████████████ Ex. 39 at 116:11-117:23, 125:6-127:12; Ex. 40 at 31:22-32:23, Arm has not produced those communications or provided a witness on its decision-making, limiting discovery to "Arm's provision of materials and support to Qualcomm" both before and after the verdict, and Arm's responses to Qualcomm's notices of breach. Ex. 37 at 41. Qualcomm knows what Arm delivered—it does not know the entirety of what Arm withheld, on what basis, and whether there is additional technology withheld today.

**Third Parties Deliveries.** Arm's delivery of technology to third parties is relevant, including because the Qualcomm ALA requires ███████████████████████ ██████████████████████████████████████████ and because communications with third parties may show Arm treated Qualcomm differently from others with the same or similar rights (**RFPs 28, 32, 68**). Arm refused to perform a search for documents or provide an accounting of ██████████████████ delivered to third parties but not to Qualcomm (**Interrogatories 1, 5**), instead producing only "documents sufficient to show the centralized distribution of documents, and such documents made available by such distributions, to all third-party ALA licensees." Ex. 35 at 7; Ex. 41 at 9. These limitations do not allow Qualcomm to determine when such technology became ████████████ or who obtained the technology.

### B.     Failure to Negotiate Armv10 License

Arm refuses to provide discovery into the versioning and development timeline of the Arm Architecture, its pricing strategy, or ████████████████, preventing Qualcomm from evaluating whether Arm negotiated a good faith offer for Armv10. According to Arm's Chief Architect, ██████████████████. Ex. 42 at 130:21-23. Armv9's baseline is relevant to evaluating a fair offer for Armv10. Yet Arm refused to provide discovery into its versioning practices (**RFP 42**) pricing strategies (**Topic 26**), or efforts to encourage adoption of Armv9 (**RFP 102**). Arm also refused discovery into features included in Armv10 and associated value, when Arm began developing Armv10, and information about Arm's licensing of Armv10, including Arm's pricing strategy (**Interrogatory 3;**[5] **Topic 27**).

### C.     Breach of Qualcomm TLA

Qualcomm sought discovery concerning discussions about licensing to Qualcomm under the TLA (**RFPs 40, 56, 57, 63; Interrogatory 6**) and Qualcomm's notices of breach of TLA

---

[5] For **RFP 144**, Arm agreed to produce documents "consistent with its response to Qualcomm's Interrogatory No. 3." Ex. 38 at 27-28.

████████ (**RFPs 49, 50, 51**).  Arm's production contains less than fifteen emails concerning Qualcomm's requests for licenses to ███████████████ —all from the same three redacted email threads—and not one internal document concerning Arm's response to Qualcomm's breach notices.  Arm also improperly withheld as privileged documents purportedly relevant to Arm's CPU pricing analysis and refused to produce 2020-2023 ████████████████████████████ ████████████  Ex. 47 at 1-2.  Arm cannot defend against Qualcomm's TLA claim by asserting ███████████████████ but withhold the documents purportedly ████████████████ as privileged.

## IV.    Improper Responsiveness Determinations

Arm crafted underinclusive search terms and interpreted responsiveness so narrowly that it produced fewer than 5,000 emails and only 21 chats.[6]  The size of Arm's document production does not match Qualcomm's claims, which allege years-long misconduct by Arm spanning multiple agreements, lines of business, and levels of Arm's organization.

In *Arm v. Qualcomm*, Arm produced over 18,000 emails and over 700 chats covering a similar span of time to the conduct at issue in this case.  Arm's internal communications proved critical to probing Arm's claims, including, for example, a message from Arm's CEO expressing a desire to "hose" competitors through a shift in business model.  C.A. 22-1146 (MN), D.I. 588 (Trial Tr.) at 342:18-343:11.  In this case, Arm produced just 12 chats from its CEO, a search term custodian, despite testimony he uses Microsoft Teams daily, and chats regularly about both this litigation and Arm's customers, including Qualcomm.  Ex. 44 at 145:4-147:11.

Pursuant to Section 2(b)(i) of the ESI Order, D.I. 85, Qualcomm proposed ten additional search terms and modifications to Arm's terms.  Arm deemed its production sufficient.[7]  But even if Arm accepted Qualcomm's additional terms, Arm's narrow responsiveness determinations would exclude responsive documents.  Qualcomm requests Arm be ordered to produce, without responsiveness review, all non-privileged documents hitting on (1) Arm's terms and (2) Qualcomm's proposed search terms yielding fewer than 15,000 hits, excluding families.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Words: 2394

---

[6] Arm's production in the prior case, Ex. 43 at 1, does not excuse Arm from discovery in this case.

[7] Arm claims its search terms passed requirements in Paragraph 2(b)(i) of the ESI Order.  Ex. 43 at 1.  But Arm deemed less than 3.5% of the hits to its search terms responsive, Ex. 48 at 7-9; Ex. 49 at 3-4, meaning had it produced no documents at all, it still would have complied with the ESI Order, which requires additional search terms only where "more than 10% of the null set is responsive."  D.I. 85 ¶ 2(b)(i).

5

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>ARM LTD., a U.K. corporation,<br><br>   Defendant. | C.A. No. 24-490-MN<br><br>█████████ |

**ARM LTD.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-52)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Ltd. ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") First Set of Requests for Production of Documents and Things to Arm Ltd. (Nos. 1-52), dated January 21, 2025 (each a "Request" and collectively the "Requests").

**PRELIMINARY STATEMENT**

1.    Arm's responses to the Requests ("Responses") are made in accordance with the Federal Rules of Civil Procedure and based upon information currently available to Arm.

1

Investigation and discovery are ongoing in this case. Arm responds to the Requests without prejudice to Arm's right to supplement its Responses. Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry. Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.    Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.    Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.    Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.    Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm. It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the

2

possession, custody, or control of Arm, and can be located after a reasonable search.

**GENERAL OBJECTIONS**

6.      Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

7.      Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

8.      Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

9.      Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

10.      Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

11.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

A0011

12.    Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

13.    Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

14.    Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

15.    Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

16.    The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

17.    Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

18.    Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its

4

likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

19.    Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

20.    Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

21.    Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

22.    Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

<u>**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS**</u>

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications Arm referenced, relied upon, or otherwise used in drafting its Answer.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search that Arm referenced in its Answer. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Arm contends support its defenses or that rebut its defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search relating to its

A0014

defenses. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm.*

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications sufficient to show ███████████████████

███████████████████████████████████████

██████████ licensed under the Qualcomm ALA and released or distributed (internally or otherwise) since June 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show all



A0015

██████████████████████████ licensed under the Qualcomm ALA and released or distributed (internally or otherwise) since June 1, 2022 to April 18, 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks ████████████████████████ ██████████████████████████ regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrases ██████████████ ██████████████████████████ are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning ██████████████████████ or ██████████████████ or any other technical improvement or information licensed under the Qualcomm ALA that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

A0016

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases ██████████ ██████████ and "any other technical improvement or information" are vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications since June 1, 2022 related to or concerning the [sic] Qualcomm's ACK or Qualcomm's OOB tests, and any patches thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon custodians relating to or concerning Qualcomm's ACK or Qualcomm's OOB tests, and any patches thereto since June 1, 2022 to April 18, 2024. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "patches" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 6:**

All versions of the ACK released after June 1, 2022, and any patches thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents sufficient to show the versions of

10

**A0018**

the ACK released after June 1, 2022, and any patches thereto to the extent such documents are in its possession, custody, or control and can be located through a targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "patches" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning Arm's position that ███████ ██████████████████, of the Qualcomm ALA governs delivery of ACK deliverables listed in ████████ of any of the Qualcomm ALA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

11

custodians concerning Arm's position that ███████████████████████ of the Qualcomm ALA governs delivery of ACK deliverables listed in ██████ of any of the Qualcomm ALA Annexes.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning or interpreting ███████████████ ██████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or interpreting ██████████████ of the Qualcomm ALA.

12

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning or interpreting the definition of ███████, and sections governing verification, delivery, support, and any remedies for failure to deliver ███████████ in any Third Party ALAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

13

burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "verification," "delivery," "support," and "remedies for failure to deliver" are vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request as duplicative of Request for Production Nos. 7 and 8.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning the withholding of ▮▮▮▮ ▮▮▮▮▮▮▮ or other deliverables from Qualcomm, including any Documents and Communications discussing Arm's justification(s) for those withholdings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning the withholding of ▮▮▮▮▮▮▮▮, the ACK, or OOB from

14

Qualcomm. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Arm's handling of deliverables to Qualcomm. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications related to or concerning Arm's assertion that Qualcomm has no "███████████████████████████████████████ ████████████████████" and that ███████████████████████████ (12/6/2022 Letter from S. Collins to A. Chaplin).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's assertion that Qualcomm has no "█████████ ███████████████████████████████████████████████████████████" and that ████████████████████████████████ as stated in the December 6, 2022 Letter from S. Collins to A. Chaplin. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications related to or concerning Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022 and December 5, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022 and December 5, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications related to or concerning Arm's decision not to provide Qualcomm with OOB tests or ACK patches after receiving Qualcomm's November 3, 2022 and December 5, 2022 notices of failure to deliver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

17

custodians related to or concerning Arm's decision not to provide Qualcomm with OOB tests or ACK patches after receiving Qualcomm's November 3, 2022 and December 5, 2022 notices of failure to deliver.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "decision" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 12. Arm objects that this Request is argumentative and assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning any inquiry or request made by Qualcomm to Arm regarding the Arm's development of v10 of the Arm ISA (including the April 17, 2020 email from Rajiv Gupta at Qualcomm to Lynn Couillard at Arm) and Arm's response to those inquiries.

A0026

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any inquiry, or request" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning v10 of the Arm ISA. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding inquiries or requests made by Qualcomm to Arm, and Arm's responses to those inquiries.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians concerning any inquiry or request made by Qualcomm to Arm regarding Arm's development of v10 of

19

the Arm ISA (including the April 17, 2020 email from Rajiv Gupta at Qualcomm to Lynn Couillard at Arm) and Arm's response to those inquiries.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any inquiry, or request" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding inquiries or requests made by Qualcomm to Arm, and Arm's responses to those inquiries.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning the past, current, or future development of another version of the Arm ISA, including but not limited to a v10 of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning v10 of the Arm ISA. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "another version" is vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the development timeline of v10 of the Arm ISA.

21

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "another version" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm alleging that Qualcomm is in breach of its ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications related to or concerning Arm's sharing of its October 22, 2024 letter to Qualcomm or the allegations contained in that letter with Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon

A0031

custodians related to or concerning Arm's sharing of its October 22, 2024 letter to Qualcomm or the allegations contained in that letter with Third Parties.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request for Production No. 16. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications related to or concerning Qualcomm's May 20, 2020 email from Brett Bettesworth to Lynn Couillard electing to extend the ███████ of the Qualcomm ALA and to negotiate the terms of the extension.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Qualcomm's May 20, 2020 email from Brett

24

Bettesworth to Lynn Couillard electing to extend the ▮▮▮▮▮▮▮ of the Qualcomm ALA and to negotiate the terms of the extension.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications related to or concerning Arm's analysis or discussion of whether to extend the ▮▮▮▮▮▮ of the Qualcomm ALA following Qualcomm's May 20, 2020 email.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's analysis or discussion of whether to extend the ▮▮▮▮▮▮▮ of the Qualcomm ALA following Qualcomm's May 20, 2020 email.

A0033

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request for Production No. 18.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning Arm's discussions with Third Parties regarding the claims in Qualcomm's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning Arm's discussions with Third Parties regarding the claims in Qualcomm's Complaint. Arm will also produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's formal Communications with Third Parties regarding the claims in Qualcomm's Complaint.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks

26

production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding the status of Qualcomm's licenses with Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's discussions with Third Parties regarding the status of Qualcomm's licenses with Arm. Arm will also produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's formal Communications with Third Parties regarding the status of Qualcomm's licenses with Arm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter, and licenses not at issue. Arm objects to this Request

to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as licenses not as issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "status of Qualcomm's licenses with Arm" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications related to or concerning Arm's discussions with Third Parties regarding Qualcomm's relationship with Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the

28

work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "Qualcomm's relationship with Arm" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined.

A0037

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications containing any analysis or evaluation of the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians containing analysis or evaluation of the projected or forecasted impact to Arm's revenue or profits if the Qualcomm ALA is terminated.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "any analysis or evaluation" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "analysis" "evaluation," and "impact" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 23.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications related to or concerning Arm's potential termination of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning deliverables included as



, that was, after June 1, 2022, delivered to any other Arm licensee but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

A0039

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 27:**

All ALAs and Annexes with Third Parties (*i.e.*, parties other than Qualcomm).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and

will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning delivery of ███████████████ ████████████████████████████, or any other technical improvement licensed under ALAs to third parties (*i.e.*, parties other than Qualcomm), including documents sufficient to show the licensee, the date of delivery, and the terms of any such delivery for any delivery that was not provided to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as third party licenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the

33

third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications with Arm's Board of Directors and/or Masayoshi Son concerning the decision to withhold deliverables, including ███ ████████████████████████████████████, or any other technical improvement or other information licensed under the Qualcomm ALA, from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning Arm's withholding of the ACK and OOB from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

34

privilege or immunity. Arm objects that this Request assumes factual conclusions. Arm

objects to this Request as duplicative of Request for Production Nos. 10 and 39.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications related to or concerning Arm's communications

with Qualcomm regarding the delivery of ▆▆▆▆▆▆▆ or other deliverables licensed

under the Qualcomm ALA, including but not limited to communications from Arm to

Qualcomm, informing Qualcomm that deliverables would be delayed or would need legal

approval, and documents and communications regarding Arm's strategy or plans for

communications with Qualcomm regarding the delivery of ▆▆▆▆▆▆▆ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to its General Objections, any specific objections set forth below, and in

accordance with the ESI Order, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control located through a reasonable, proportional,

and targeted search through the use of agreed-upon search terms with agreed-upon

custodians related to or concerning Arm's communications with Qualcomm regarding the

delivery of ▆▆▆▆▆▆▆ under the Qualcomm ALA. Arm has also produced documents

responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case to the extent it seeks "[a]ll Documents and Communications"

regarding the requested subject matter. Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses. Arm objects to

this Request as seeking information that is protected by the attorney-client privilege, the

work-product doctrine, the common interest privilege, or any other applicable privilege or

A0043

immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications related to or concerning each ACK patch released since June 1, 2022, including documents related to the development process for each patch, the timeline for development, and each version of the Arm Architecture that the patch corresponds to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the development process for each ACK patch released since June 1, 2022 to April 18, 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

36

privilege or immunity. Arm objects to this Request because the phrases "development process" and "timeline for development" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications related to or concerning the delivery of ACK patches to any ALA partner other than Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as delivery of ACK patches to third parties. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

37

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning OOB tests, including the development process for OOB tests, the timeline to configure the ACK through the use of OOB tests, and any manuals or presentations describing the use of OOB tests with the ACK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the development process for OOB tests and the use of OOB tests with the ACK.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "development process," "timeline to configure the ACK," and "manuals or presentations" are vague, ambiguous, and undefined.

A0046

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning any negotiations that Arm had with TLA licensees (including Third Parties) for the ███████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████ including but not limited to price quotes, license fees, licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning negotiations with third party licensees. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

39

privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding negotiation between ARM and TLA licensees. Arm objects to this Request because the phrases "TLA licensees" and "other language to include in the TLA Annexes" are vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the identity of Arm's licensees for the ████████████████████████ cores.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning negotiations with third party licensees. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding negotiation between ARM and TLA licensees. Arm objects to this Request because the phrases "TLA licensees" and "other language to include in the TLA Annexes" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other

**A0049**

source that is more convenient, less burdensome, or less expensive regarding Arm's October 22, 2024 letter to Qualcomm. Arm objects to this Request as duplicative of Request for Production No. 16.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications related to or concerning Arm's sharing of the October 22, 2024 letter with Third Parties, including but not limited to Arm's decision to share the letter with Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's sharing of the October 22, 2024 letter with Third Parties.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request for Production Nos. 17 and 35.

A0050

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications related to or concerning internal discussions of licensing v10 of the Arm ISA to Qualcomm, including discussions regarding whether to withhold v10 and potential pricing for v10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents relating to v10 of the Arm ISA. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable,

43

proportional, and targeted search through the use of search terms and custodians related to or concerning internal discussions of licensing v10 of the Arm ISA to Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning or related to Arm's January 8, 2025 letter to Qualcomm withdrawing the notice of termination of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or related to Arm's January 8, 2025 letter to Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning or related to withholding ███████ ███████ from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning or related to withholding ███████ from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions. Arm objects to this Request to the extent that it seeks information that would be cumulative of information produced elsewhere.

A0053

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning Arm's discussions with Qualcomm regarding licensing of the ██████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ including discussions regarding potentially withholding any of the listed items, pricing of the items, and any potential restrictions related to the use of the items in Qualcomm's products, including in any chips that contained designs or source code that originated at Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

A0054

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians concerning Arm's discussions with Qualcomm regarding licensing of the ███████████ ██████ cores.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other

A0055

applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning the decision not to provide Qualcomm with information or documents related to the configuration or enablement of the ETE Instr Trace Chkr Module Src Armv9-A, including but not limited to communications regarding Qualcomm's requests for delivery of the ETE Instr Trace Chkr Module Src Armv9-A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning the decision not to provide Qualcomm with information or documents related to the configuration or enablement of the ETE Instr Trace Chkr Module Src Armv9-A.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from

48

disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "decision not to provide Qualcomm with information or documents" and "configuration and enablement" are vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning the decision to introduce the v9 Architecture, including but not limited to the timing and reasoning for Arm's decision to move from v8 to v9 Architecture within the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from

49

disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the timing of the introduction of Arm's v9 architecture, and differences between Arm's v8 and v9 Architecture.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications concerning the decision to introduce the v10 Architecture, including the timing and reasoning for Arm's decision to move from v9 to v10 Architecture and the differences between the v9 and v10 Architecture within the relevant time period.

A0058

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's current plans for Arm's v10 Architecture, timing of the release of Arm's v10 Architecture, and contemplated differences between Arm's v9 and v10 Architecture.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly

A0059

burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning the addition of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

A0060

Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "addition of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA" is vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the differences between v8 and v9 of the Arm ISA, and the contemplated differences between v9 and v10 of the Arm ISA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "addition

of instructions between v8 and v9 of the Arm ISA, and between v9 and v10 of the Arm ISA" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning Arm's analysis of whether v9 met the contractual definition of "████" as defined at ████████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "analysis" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications concerning "███████" as defined at ███████ ███ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians concerning "██████" as defined at ███████████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are

obtainable from some other source that is more convenient, less burdensome, or less expensive.  Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 47:**

Organizational charts for Arm's engineering, verification, product management, Intellectual Property Group, Internet of Things, and business departments, including names of sub-unit or team within a department and the names of leadership of each department and any sub-unit or team within a department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show organizational charts for Arm's engineering, verification, product management, Intellectual Property Group, Internet of Things, and business departments for the relevant time period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request because the phrase "business departments" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 48:**

All minutes or records of Arm's Technology Advisory Board meetings for the past 10 years, including documents sufficient to show the dates of each meeting, the attendees, and the matters discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "minutes" and "records" are vague, ambiguous, and undefined.

A0065

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search regarding summaries of Arm's Technology Advisory Board meetings for the past 10 years.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "minutes" and "records" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of ███████████ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

A0066

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the terms "breach" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 50.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians related to or concerning Qualcomm's notices of Arm's alleged breach of ▮▮▮▮▮▮▮ of the Qualcomm TLA.

A0067

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the terms "breach" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request for Production No. 50.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications related to or concerning Qualcomm's notices of Arm's breach of ███████████ of the Qualcomm TLA, sent to Arm on September 20, 2024 and September 27, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to

A0068

this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as duplicative of Request for Production No. 49.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians related to or concerning Qualcomm's notices of Arm's alleged breach of ███████████ of the Qualcomm TLA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less

61

expensive. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as duplicative of Request for Production No. 49.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm regarding Arm's breach of ▮▮▮▮▮▮▮▮▮ of the Qualcomm TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects that this Request assumes factual conclusions.

A0070

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show every ALA and TLA provided or made available to Nvidia or its counsel as part of Nvidia's planned acquisition of Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

A0071

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


 */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

<u>**BY EMAIL**</u>

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

**A0073**

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

**A0074**

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
  Delaware corporation

  Plaintiffs,

  v.

ARM HOLDINGS PLC, f/k/a, ARM LTD.
  a U.K. corporation

  Defendant.

C.A. No. 24-490-MN

███████████

## ARM LTD.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO QUALCOMM'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 53-120)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Ltd. ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") Second Set of Requests for Production of Documents and Things to Arm Ltd. (Nos. 53-120), dated February 21, 2025 (each a "Request" and collectively the "Requests").

## PRELIMINARY STATEMENT

1.    Arm's responses to the Requests ("Responses") are made in accordance with the

1

Federal Rules of Civil Procedure and based upon information currently available to Arm. Investigation and discovery are ongoing in this case. Arm responds to the Requests without prejudice to Arm's right to supplement its Responses. Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry. Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm. It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the possession, custody, or

2

control of Arm, and can be located after a reasonable search.

## **GENERAL OBJECTIONS**

1. Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2. Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3. Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4. Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5. Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6. Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

**A0078**

7.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

8.      Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

9.      Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

10.      Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

11.      The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

12.      Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

13.      Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of

4

Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

14. Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

15. Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

16. Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*"). To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

17. Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications relating to or concerning improvements Qualcomm suggested for Arm's off-the-shelf TLA cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "improvements" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications relating to or concerning improvements Qualcomm suggested for the Arm Architecture, including but not limited to suggestions made at Technical Advisory Board (TAB) Meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the annual Technical Advisory Board Meeting minutes.

6

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications relating to or concerning the withholding of Functional Safety (FuSa) documentation from Qualcomm, including but not limited to ISO 26262, ISO 21434, and IEC 61508.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-

A0082

product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Communications relating to or concerning additional license restrictions and requirements Arm sought to insert into Qualcomm TLA annexes and other contracts between the parties after 2021, including new term limits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "restrictions and requirements" is vague, ambiguous, and undefined.

A0083

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Communications relating to or concerning Arm's discussions with Qualcomm regarding licensing of the CoreLink ADB-400 AMBA Domain Bridge and and Cortex-A720 codenamed "▉▉▉▉" Cortex-A520 codenamed "▉▉▉," Cortex M55 codenamed "▉▉▉," Cortex-X925 codenamed "▉▉▉▉▉" the CPU codenamed "▉▉▉," Cortex-A720AE codenamed "▉▉▉▉▉", Cortex-A730 codenamed "▉▉▉", and Cortex-A725 codenamed "▉▉▉▉▉", including discussions regarding Arm potentially withholding the listed items, pricing of the items, term of the licenses, and any potential restrictions related to the use of the Arm products in Qualcomm's products, including in any chips that contained designs or source code that originated at Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's licensing offers to Qualcomm regarding the ████████████████████ cores.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**A0085**

Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications relating to or concerning any negotiations that Arm had with TLA licensees (including Third Parties) for the CoreLink ADB-400 AMBA Domain Bridge and and Cortex-A720 codenamed ▮▮▮▮▮" Cortex-A520 codenamed "▮▮▮▮" Cortex M55 codenamed "▮▮▮▮," Cortex-X925 codenamed "▮▮▮▮▮," the CPU codenamed "▮▮▮," Cortex-A720AE codenamed "▮▮▮▮▮", Cortex-A730 codenamed "▮▮▮", and Cortex-A725 codenamed "▮▮▮▮▮", including but not limited to price quotes, license fees, licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, including licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks

11

information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 34.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the identity of Arm's licensees for the ███████████ ████████ cores.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, including licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all

third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 34.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications relating to or concerning the withholding of software test libraries (STL) files or releases from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract

13

A0088

from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 40.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and Communications relating to or concerning the withholding of documentation associated with Arm's CoreLink ADB-400 AMBA Domain Bridge product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

14

Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Communications relating to or concerning the withholding of fault simulation results from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "withholding" and "results" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Communications relating to or concerning the withholding of invitations to Arm Partner Meetings from Qualcomm, including any documentation associated with those meetings.

A0090

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's handling of invitations to Arm Partner Meetings for Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications relating to or concerning the withholding of evaluation licenses (LULs) from Qualcomm for any Arm off-the-shelf TLA cores or other IP that Arm offers for licensing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" related to "any Arm off-the-shelf TLA cores or other IP" regarding the requested subject matter. Arm

16

objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 64:**

All software release notes and other documentation produced or distributed alongside the release of all ███████████████████████████████████████ ████████████████████████████████ released since June 1, 2022, including documents sufficient to show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show software release notes and other documentation produced or distributed alongside the release of all ███ ████████████████████████████████████████████ ████████████ released since June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll software release notes and other documentation" related to "all ████████████████████████████████ ████████████ regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from

17

disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "software notes," ███████ ██████████████████████ and "changes, improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 65:**

All software release notes and other documentation produced or distributed alongside the release of all ACK patches released after June 1, 2022, including documents sufficient to show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show software release notes and other documentation produced or distributed alongside the release of ACK releases that were made available to all third-party ALA licensees after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll software release notes and other documentation" related to "all ACK patches" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or

contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "notes" and "changes, improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 66:**

All software release notes and other documentation produced or distributed alongside the release of all OOB tests released after June 1, 2022, including documents sufficient to show the changes, improvements, and/or fixes provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning software release notes and other documentation produced or distributed alongside the release of Qualcomm or Nuvia OOB list of tests released after June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll software release notes and other documentation" related to "all OOB tests" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract

19

A0094

from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "notes" and "changes, improvements, and/or fixes" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 4. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show Arm's engineering effort related to the creation of all ACK patches, OOB tests, ████████████████████████████ ████████████████████████████ released since June 1, 2022, including documents sufficient to show the title of the Arm personnel working on the development and the number of hours spent by Arm personnel in the development and testing of each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's engineering effort related to the creation of Qualcomm and Nuvia OOB list of tests and general development and release materials for ACK releases released since June 1, 2022.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks Documents related to the creation of "all ACK patches, OOB tests, ████████████████████████████████,

20

████████████████████████████ released since June 1, 2022" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases █████████████████████████████ and "development and testing" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 4, 31, 33, 65 and 66. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 68:**

Any agreements entered into by Arm in which Arm agreed to provide any other Arm licensee with ████████████████████████████████████████ ██████████████

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ny agreements" involving "any other Arm licensee" regarding the requested subject matter. Arm objects to this Request as overbroad,

21

unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase ███████████████████ ████████ is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 27 and 28.

**REQUEST FOR PRODUCTION NO. 69:**

All royalty reports received by Arm from any of the licensees of the agreements in RFP Number 68.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll royalty reports" from "any of the licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract

22

from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrase "royalty reports" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications relating to or concerning architecture errata for ARM Implementation Cores that was delivered to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning errata delivered to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third

23

party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "architecture errata" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 28.

**REQUEST FOR PRODUCTION NO. 71:**

All internal strategy documents relating to or concerning Arm's licensing plans for Safety Packages, as that term is used in Arm's TLA Annexes, or software test libraries for the Cortex A78AE and Cortex A55 cores, CoreLink ADB-400 AMBA Domain Bridge, and Cortex-A720 codenamed " ████ " Cortex-A520 codenamed " ███ " Cortex M55 codenamed " ████ " Cortex-X925 codenamed " ██████ " the CPU codenamed " █████ Cortex-A720AE codenamed " █████ ", Cortex-A730 codenamed " ███ ", and Cortex-A725 codenamed " █████ ", including but not limited to pricing strategy, license fees, licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll internal strategy documents" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the

extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the terms "strategy documents" and "licensing plans" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications relating to or concerning any Advanced Microcontroller Bus Architecture (AMBA) protocol information provided to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning protocol information provided to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents

A0100

absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrase "protocol information" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Communications relating to or concerning the licensing of the ETE Instr Trace Chkr Module Src Armv9-A to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 41. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications relating to or concerning Qualcomm's requests to Arm for configuration information concerning the ETE Instr Trace Chkr Module Src Armv9-A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 41. Arm objects that this Request assumes factual conclusions.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications relating to or concerning the licensing of the ETE Instr Trace Chkr Module Src Armv9-A to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning licensing to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 26.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications relating to or concerning configuration information for the ETE Instr Trace Chkr Module Src Armv9-A that was provided to other Arm licensees but not to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

28

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning configuration information provided to "other Arm licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "configuration information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 26 and 84.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications relating to or concerning the development of ACK patches, including documents showing the number of Arm employees working on development of each patch and the hours spent designing each patch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning the development of ACK releases that were made available to all third-party ALA licensees after June 1, 2022.

29

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "development" and "designing" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 5, 6, and 31.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications relating to or concerning Qualcomm's 2024 request to renew its license to Arm's ████████████████████████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking

**A0105**

information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications relating to or concerning licensing of Arm's ███████████████████████████ to licensees other than Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning licensing to "licensees other than Qualcomm" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

31

A0106

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications relating to or concerning Arm's withholding of acknowledgements of ACK test waivers or ACK test issues after receiving █████████ from Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's handling of acknowledgements of ACK test waivers or ACK test issues after receiving ████████ from Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Arm's handling of

acknowledgements of ACK test waivers or ACK test issues after receiving ▮▮▮▮▮ from Qualcomm.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications relating to or concerning the projected or forecasted impact to Arm's revenue or profits following the expiration of Qualcomm's ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning the projected or forecasted impact to Arm's revenue or profits following the expiration of Qualcomm's ALA. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-

client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks information within the scope of expert discovery.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Communications relating to or concerning Arm's analysis of the RISC-V Architecture, including any analyses related to potential impact to Arm's revenue or profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's analysis of the RISC-V Architecture related to potential impact to Arm's revenue or profits.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-

34

product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications with third parties concerning the RISC-V Architecture and its competition with the Arm Architecture.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's competitive analysis of the RISC-V Architecture.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications with third parties" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "competition" is vague, ambiguous, and undefined. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Documents and Communications with third parties concerning the RISC-V Architecture and its competition with the Arm Architecture.

35

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and Communications relating to or concerning configuration information for the ETE Instr Trace Chkr Module Src Armv9-A that was provided to other licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and configuration information provided to "other licensees" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrase "configuration information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 5, 26, 28, 75, and 76. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding configuration information for the ETE Instr Trace Chkr Module Src Armv9-A that was provided to other licensees.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Communications relating to or concerning Qualcomm's request for an evaluation license for the CPU codenamed "███████", including discussions of licensing fees, royalty pricing, licensing term limits, and proposed restrictions on Qualcomm's CPU engineering team's access to information concerning "███████".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request No. 40.

A0112

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips, including technical analyses, such as analysis of power, performance, and area, estimations of Qualcomm's potential time-to-market for any future CPUs or systems-on-chips, and analysis of project impact to Arm's product roadmap, Arm's market share, and Arm's revenue or profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips related to the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications relating to or concerning Arm's analyses of Qualcomm's CPUs and systems-on chips" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this

A0113

Request because the phrases "technical analyses," "power," "area," "time-to-market," and "project impact" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners at the 2023 and 2024 Arm Partner Meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Documents and Information discussed, shown to, shared with, or provided to Arm partners at the 2023 and 2024 Arm Partner Meetings.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "Information," "slides," and "handouts" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners at the 2023 and 2024 Technology Advisory Board meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Documents and Information discussed, shown to, shared with, or provided to Arm partners at the 2023 and 2024 annual Technology Advisory Board meetings.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Information discussed, shown to (e.g. slides and handouts), shared with, or provided to Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "Information," "slides," and "handouts" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 48, 54, and 101.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications relating to or concerning the development of each release for the Safety Packages, as that term is used in Arm's TLA Annexes, or software test libraries for the Cortex A78AE and Cortex A55 cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term

A0116

"development" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 71.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Communications relating to or concerning Arm's delivery of or failure to deliver REL releases for the Safety Packages, as that term is used in Arm's TLA Annexes, or software test libraries for the Cortex A78AE and CortexA55 cores to any Arm licensee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks production of all third-party TLAs and TLA Annexes. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to

42

Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the phrase "failure to deliver" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 71 and 90.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications relating to or concerning Arm's discussions with Third Parties regarding Qualcomm's custom CPUs and systems-on-chips.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's communications with Third Parties regarding Qualcomm's custom CPUs and system-on-chips.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" and "discussions with Third Parties" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the

43

common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 21.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents and Communications relating to or concerning Arm's selection of and invites to Arm Partner Meetings and Technology Advisory Board meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "selection" and "invites" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 62.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm has already produced non-privileged and non-work product

documents sufficient to show Arm's handling of invitations to Arm Partner Meetings and Technology Advisory Board Meetings for Qualcomm.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the terms "selection" and "invites" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 62.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents and Communications relating to or concerning ████████ ███████████████████████████████████ if Qualcomm ████████████ under the ALA or TLA ██████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning ████████████████████████████  ████ if Qualcomm ████████████████ under the ALA or TLA ██████████ .

A0120

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the term "impact" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 23, 24, and 81.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Communications relating to or concerning Qualcomm's request for an evaluation license for the CPU codenamed " ████ ", including discussions of licensing fees, royalty pricing, licensing term limits, and proposed restrictions on Qualcomm's CPU engineering team's access to information concerning ████ ".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the

A0121

extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "restrictions" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 57 and 71.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications concerning or interpreting ████████████ ███████████████████████████ of the Qualcomm TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses, such as licenses not at issue. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract

47

**A0122**

from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications concerning or interpreting ████████████ of the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians concerning or interpreting ██████████ of the Qualcomm ALA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a

A0123

confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 97:**

Organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the organizational chart for Arm's automotive department.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally

49

**A0124**

available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "automotive department" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 47 and 98. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 98:**

Organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the organizational chart for Arm's automotive department.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce

50

any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request because the term "automotive department" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 47 and 97. Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding organizational charts for Arm's automotive department, including names of subunit or team within the department and the names of leadership of the department and any sub-unit or team within the department. Arm objects to this Request to the extent it seeks a legal conclusion.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents referred to, referenced, considered, or relied upon by Arm in preparing responses to each of the interrogatories served by Qualcomm in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search relied upon by Arm in preparing responses to each of the interrogatories served by Qualcomm in this lawsuit.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality

51

agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications related to or concerning the differences, improvements, enhancements, modifications, changes, or lack thereof between the Arm CPU codenamed "███" and the Cortex-X925 codenamed "██████".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications related to or concerning the marketing, sales, and promotion of the Arm v9 ISA, including marketing materials, Technology Advisory Board materials, internal communications concerning sales pitches to Arm partners, sales

materials, promotional materials, and sales or marketing PowerPoint decks used with partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications . . . used with partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Communications related to or concerning Arm's strategy and planning to encourage adoption by Arm partners and the Arm ecosystem of the Arm v9 ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning strategy and planning to encourage adoption by "Arm partners" regarding the requested subject

matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 101.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's plans for v9 of the Arm ISA.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" concerning strategy and planning to encourage adoption by "Arm partners" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 101.

A0129

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications related to or concerning Arm's intentions, plans, and strategy to design, build, and distribute its own semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents and Communications related to or concerning Arm's agreement to provide Meta with a semiconductor chip or silicon, as was reported in Financial Times on February 13, 2025.

A0130

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents and Communications related to or concerning Arm's intentions, plans, and strategy to acquire Ampere Computing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm

56

is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Communications related to or concerning Arm's marketing or planned marketing of semiconductor chips or silicon that it designs, builds, and distributes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 103.

57

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications related to or concerning agreements that Arm has entered into, plans to enter into, or is negotiating regarding the licensing or sale of semiconductor chips or silicon designed and built by Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

A0133

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 110.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's market share in the semiconductor industry resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

A0134

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents and Communications related to or concerning the projected or forecasted impact to Arm's revenue or profits resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is

60

**A0135**

protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request No. 108.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents referred to, referenced, considered, or relied upon by Arm in preparing Arm's November 13, 2024 Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents relied upon by Arm in preparing Arm's November 13, 2024 Answer.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request **No**. 1.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents the identification of which is sought by any interrogatory served by Qualcomm in this lawsuit.

A0136

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents the identification of which is sought by any interrogatory served by Qualcomm in this lawsuit.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents identified in Arm's Fed. R. Civ. P. 26(a)(1) Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents identified in Arm's Fed. R. Civ. P. 26(a)(1) Initial Disclosures. Arm has also produced documents responsive to this Request in *Arm v. Qualcomm*.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the

extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request as duplicative of Request Nos. 115 and 116.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents upon which Arm intends to rely during trial of this matter of which Arm intends to submit to the Court in support of any pleadings filed in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents upon which Arm intends to rely during trial of this matter of which Arm intends to submit to the Court in support of any pleadings filed in this case.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents reviewed by any person Arm expects to call as a fact witness at any hearing or trial in this case, or by any person from whom Arm expects to provide a declaration.

**A0138**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request Nos. 113 and 116.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents relied upon by any experts in formulating opinions that will be presented in reports, declarations, trial, or deposition testimony in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents relied upon by any experts in formulating opinions that will be presented in reports, declarations, trial, or deposition testimony in this case consistent with Fed. R. Civ. P. Rule 26.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that

64

is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 113 and 115.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents and Communication related to or concerning Arm's efforts, plans, or strategy to hire personnel from its customers as part of Arm's plan to build, design, and distribute semiconductor chips or sell its own silicon, as was reported in Reuters on February 13, 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

A0140

**REQUEST FOR PRODUCTION NO. 118:**

All Communications with ▮▮▮▮▮▮ related to or concerning Arm's efforts, plans, or strategy to hire personnel as part of Arm's plan to build, design, and distribute semiconductor chips or otherwise sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 119.

**REQUEST FOR PRODUCTION NO. 119:**

All Communications with recruiters or consultants focused on hiring related to or concerning Arm's efforts, plans, or strategy to hire personnel as part of Arm's plan to build, design, and distribute semiconductor chips or otherwise sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications with recruiters or consultants" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 120:**

An updated version of ARM_01309677 that reflects all IP downloaded from Connect by companies matching %Qualcomm% from 1900-01-01 to 2025-02-21 for all major groups and all products including identifying whether the download was under the TLA or ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search concerning an updated version of

ARM_01309677 that reflects all IP downloaded from Connect by companies matching %Qualcomm% from 1900-01-01 to 2025-02-21 for all major groups and all products.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all major groups and all products" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrase "all major groups and all products" is vague, ambiguous, and undefined.

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


/s/ Robert M. Vrana
_____
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

69

**A0144**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

**A0145**

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

Plaintiffs,

v.

ARM HOLDINGS PLC, a U.K. corporation,

Defendant.

C.A. No. 24-490-MN

## ARM HOLDINGS PLC'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO QUALCOMM'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 121-156)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Holdings plc ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") Third Set of Requests for Production of Documents and Things to Arm Holdings plc (Nos. 121-156), dated April 2, 2025 (each a "Request" and collectively the "Requests").

## PRELIMINARY STATEMENT

1.      Arm's responses to the Requests ("Responses") are made in accordance with the

1

**A0148**

Federal Rules of Civil Procedure and based upon information currently available to Arm. Investigation and discovery are ongoing in this case.  Arm responds to the Requests without prejudice to Arm's right to supplement its Responses.  Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry.  Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.     Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.     Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.     Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm.  It is a mere statement that Arm will produce those

2

**A0149**

reasonably available, relevant, non-privileged documents that exist, are within the possession, custody, or control of Arm, and can be located after a reasonable search.

## **GENERAL OBJECTIONS**

1.      Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2.      Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3.      Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4.      Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5.      Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is

3

inadvertent and is not intended to waive these privileges or protections.

7. Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

8. Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

9. Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

10. Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

11. The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence. The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

12. Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

13. Arm objects to each instruction, definition, and/or Request to the extent that it

4

is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

14.    Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

15.    Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

16.    Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

17.    Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the filing of the complaint in *Arm v. Qualcomm* to the extent any such documents exist; are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 121:**

All Documents and Communications relating to or concerning negotiations between Arm and ███, or its subsidiaries, related to Arm's effort to supply ███ with silicon chips.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents and Communications relating to or concerning Arm's knowledge since January 1, 2022 that any Third Party is or has been a customer for Qualcomm CPUs or other products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's knowledge since January 1, 2022 that any Third Party with whom Qualcomm alleges interference is or has been a customer for Qualcomm CPUs or other products.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 123:**

All agreements licensing Arm Implementation Cores codenamed ██████████ ████, including TLAs and corresponding Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

7

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 140.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the identity of Arm's licensees for the ███████████████████████ cores.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to

8

this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 140.

**REQUEST FOR PRODUCTION NO. 124:**

All licensing fee and royalty information for licenses offered by Arm for Arm Implementation Cores codenamed ███████████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking

9

information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrase "royalty information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34, 58, and 123.

**REQUEST FOR PRODUCTION NO. 125:**

All Documents and Communications relating to or concerning Arm's investigation into or review of any Arm license agreement with a third party for Arm Implementation Cores codenamed ██████████████████ including pursuant to the Qualcomm TLA, following Qualcomm's written requests to license those cores in April and August 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-

10

product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the terms "investigation" and "review" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34 and 58.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Subject to its General Objections and any specific objections set forth below, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of search terms and custodians relating to or concerning Arm's investigation into or review of Arm's licensing of ███████████████████, including pursuant to the Qualcomm TLA, following Qualcomm's written requests to license those cores in April and August 2024.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll agreements" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

11

Request because the terms "investigation" and "review" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 34 and 58.

**REQUEST FOR PRODUCTION NO. 126:**

All Documents and Communications relating to or concerning the article written by Financial Times on February 13, 2025 titled "Arm to launch its own chip in move that could upend semiconductor industry".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as duplicative of Request Nos. 103, 108, 109, 110, 117, 119, and 127.

**REQUEST FOR PRODUCTION NO. 127:**

All Communications with Financial Times, Matthew Garrahan, Tim Bradshaw, or David Keohane relating to or concerning Arm's efforts to launch and distribute its own silicon chips and to secure ▮ as a customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phases "efforts to launch" and "secure" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request No. 126.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Communications relating to or concerning discussions between Arm or Softbank and Ampere related to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

A0160

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents and Communications relating to or concerning discussions between Arm or Softbank and Ampere related to Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

14

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 105.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents and Communications relating to or concerning Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information

15

that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 129.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Communications relating to or concerning changes or modifications to the Ampere ALA and Annexes and the Ampere TLA and Annexes, whether implemented or not, in connection with Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the

16

extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrases "changes or modifications" and "whether implemented or not" are vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 129 and 130.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents and Communications relating to or concerning negotiations with Ampere in connection with Softbank's planned acquisition of Ampere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as

A0164

information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 129, 130, and 131.

**REQUEST FOR PRODUCTION NO. 133:**

All Documents and Communications relating to or concerning negotiations with Ampere discussing or concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

18

Request because the term "negotiations" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 128 and 137.

**REQUEST FOR PRODUCTION NO. 134:**

Documents identifying any of Arm's customer relationship management systems ("CRMs"), including but not limited to Salesforce, Salesforce CPQ and Salesforce Sales Cloud, and any other internal or external CRM systems or software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to "any of Arm's customer relationship management systems" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 135:**

Documents sufficient to show all fields and record types maintained in any CRM system used by Arm.

19

**A0166**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents showing "all fields and record types" in "any CRM system" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrase "fields and record types" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 136:**

Documents sufficient to show sales processes and workflows used by Arm in its CRM systems to track potential and actual Arm customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.

20

A0167

Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the phrases "sales processes and workflows" and "track" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 137:**

All Documents maintained in Arm's CRM systems related to communications with customers concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

21

**REQUEST FOR PRODUCTION NO. 138:**

All Documents maintained in Arm's CRM systems containing information concerning Arm's plans and efforts to manufacture and sell its own silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "information" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 103, 108, 109, 110, 117, 119, and 126.

**REQUEST FOR PRODUCTION NO. 139:**

All Documents and Communications relating to or concerning the resources, including time allocation and funds spent, required for Arm to create ACK patches, in whole or in part, since January 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "resources" is vague, ambiguous, and undefined. Arm objects to this Request as duplicative of Request Nos. 31, 67, and 77.

**REQUEST FOR PRODUCTION NO. 140:**

All TLAs and corresponding Annexes entered into since January 1, 2019.

A0170

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll TLAs and corresponding Annexes" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 27.

**REQUEST FOR PRODUCTION NO. 141:**

All Documents and Communications sufficient to show deliverables that Arm claims it provided to Qualcomm, including ███████████████████, but that Qualcomm alleges it did not receive pursuant to the Qualcomm ALA.

24

A0171

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141**:

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's provision of deliverables to Qualcomm under the Qualcomm ALA, to the extent not already produced.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 142**:

All Documents and Communications showing deliverables, including ███████████ ██████████, that were provided to Qualcomm pursuant to the Qualcomm ALA since January 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142**:

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show Arm's provision of deliverables to Qualcomm under the Qualcomm ALA since January 1, 2022, to the extent not already produced.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request as duplicative of Request No. 141.

**REQUEST FOR PRODUCTION NO. 143:**

All Documents and Communications relating to or concerning ████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 144:**

All Documents and Communications relating to or concerning the facts discussed in Arm's response to Qualcomm's Interrogatory Number 3.

26

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 112. Arm objects to this Request as cumulative of other Requests. Arm incorporates its objections to Qualcomm's Interrogatory Number 3.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search consistent with its response to Qualcomm's Interrogatory No. 3.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the

27

A0174

requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request No. 112. Arm objects to this Request as cumulative of other Requests. Arm incorporates its objections to Qualcomm's Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 145:**

All Communications with FGS Global concerning Qualcomm, including but not limited to Arm's October 22, 2024 letter, and all Communications related to meetings or calls between ▮▮▮▮▮▮ and Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ▮▮▮▮▮▮ concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not

28

proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent it seeks documents not in Arm's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 145:**

All Documents and Communications relating to or concerning Arm's statement provided to, or communications with, ███████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████ concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search regarding formal communications with ██████████████████████████

 concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 16, 17, 35, 36, and 51.

**REQUEST FOR PRODUCTION NO. 146:**

All Communications with Morrison & Foerster concerning Arm's October 22, 2024 letter related to meetings or calls between Morrison & Foerster and Third Parties.

A0177

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and Morrison & Foerster concerning Arm's October 22, 2024 letter related to meetings or calls between Morrison & Foerster and Third Parties in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as duplicative of Request Nos. 16, 17, 35, 36, 51, and 149.

**REQUEST FOR PRODUCTION NO. 147:**

All Communications between ███████████████████████ and Third Parties concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between ███████████████████ and Third Parties concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 148:**

All Communications with ███████████████████ relating to or concerning Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ███████████████████ concerning Arm's

32

A0179

October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 149:**

All Communications with ████████████████████████ concerning Arm's October 22, 2024 letter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product communications between Arm and ████████████████████ concerning Arm's October 22, 2024 letter in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

33

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 150:**

All Documents and Communications relating to ████████ role ████████

████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any

34

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request to the extent that it seeks documents not in Arm's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 151:**

All Documents and Communications responsive to Qualcomm's prior Requests for Production to the extent that Arm withheld production pending Qualcomm's amendment of its Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce documents consistent with Arm's responses to Qualcomm's Requests for Production as supplemented after Qualcomm's filing of the Second Amended Complaint.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 152:**

All Documents and Communications relating to or concerning changes in Arm's behavior towards Qualcomm, including decisions to provide deliverables and licensing offers to Qualcomm pursuant to the Qualcomm ALA and TLA, following the jury verdict in *Arm* v. *Qualcomm* (22-1146-MN).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents related to Plaintiff's pending Motion for Leave to Amend the First Amended Complaint. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request because the phrases "behavior," "changes in Arm's behavior towards Qualcomm," and "decisions to provide" are vague, ambiguous, and undefined.

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


_/s/ Robert M. Vrana_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

_Attorneys for Defendant Arm Holdings PLC_

38

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

**A0187**

# Exhibit 4

**A0188**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INC., a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation,

      Plaintiffs,

      v.

ARM HOLDINGS PLC, a U.K. corporation,

      Defendant.

C.A. No. 24-490-MN

███████████████

### ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO QUALCOMM'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 157-168)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Holdings plc ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") Fourth Set of Requests for Production of Documents and Things to Arm Holdings plc (Nos. 157-168), dated April 16, 2025 (each a "Request" and collectively the "Requests").

### PRELIMINARY STATEMENT

1.     Arm's responses to the Requests ("Responses") are made in accordance with the Federal Rules of Civil Procedure and based upon information currently available to Arm.

1

**A0189**

Investigation and discovery are ongoing in this case.  Arm responds to the Requests without prejudice to Arm's right to supplement its Responses.  Arm provides these Responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry.  Arm expressly reserves the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.     Arm makes these Responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its Responses in the event that any information previously available to Arm is unintentionally omitted from its Responses.

3.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.     Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and Responses.

5.     Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm.  It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the

2

possession, custody, or control of Arm, and can be located after a reasonable search.

## GENERAL OBJECTIONS

1.      Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these Requests, Arm does not and shall not be deemed to have accepted or adopted any of Qualcomm's definitions or instructions.

2.      Arm objects to Paragraphs 2 through 3 of the Instructions as seeking to impose additional or different obligations for privilege logs than agreed to by the parties in the ESI Order.

3.      Arm objects to Paragraph 8 of the Instructions to the extent it seeks details about document preservation and collection practices that are protected from disclosure pursuant to the attorney-client privilege, the attorney work-product doctrine, or any other applicable discovery rule.

4.      Arm objects to the definition of "Defendant," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Holdings plc.

5.      Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

6.      Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

3

7.    Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

8.    Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

9.    Arm objects to the Requests to the extent that they seek to obtain any information or documents not in its possession, custody, or control.

10.    Arm objects to the Requests to the extent that they seek information already in Qualcomm's possession, information that is a matter of public record, otherwise equally available to Qualcomm, or equally obtainable from more convenient sources.

11.    The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

12.    Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions or agree to legal conclusions put forward by Qualcomm.

13.    Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its

4

likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

14.    Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Qualcomm seeks production of electronically stored information that goes beyond the Local Rules.

15.    Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

16.    Arm objects to each Request as premature, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks discovery regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint.

17.    Arm objects to each Request to the extent that it seeks cumulative or duplicative information, including to the extent the Requests are cumulative or duplicative of any of the requests for production Qualcomm or Nuvia, Inc. served in *Arm Ltd. v. Qualcomm Inc. et al.*, C.A. No. 22-1146-MN (D. Del.) ("*Arm v. Qualcomm*").  To the extent documents responsive to such Requests were already produced in *Arm v. Qualcomm*, Arm objects to any reproduction in this case and instead directs Qualcomm to the prior productions.

18.    Arm objects to the Requests to the extent they are not reasonably limited in time. Subject to other objections and unless otherwise specified or agreed, Arm will produce non-privileged and non-work product documents dating from January 1, 2019 forward until the April 18, 2024 filing of the complaint in this action to the extent any such documents exist;

are in its possession, custody, and control; and are located after a reasonable search.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 157:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding licensing or pricing terms for ███████████████ offered under TLAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "complaints" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 158:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding licensing or pricing terms for peripheral IP offered under TLAs, including, but not limited to, ███████████████████████ .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request because the terms "complaints" and "peripheral" are vague, ambiguous, and undefined. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

7

**REQUEST FOR PRODUCTION NO. 159:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding Arm's withholding of deliverables, including, but not limited to, OOB tests, ACK patches, the ACK, architecture documentation, architecture errata, the ████████ ████████████████████████, offered under ALAs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Subject to its General Objections and any specific objections set forth below, Arm has already produced Communications with Qualcomm concerning complaints regarding Arm's provision of materials to Qualcomm under the Qualcomm ALA. With respect to Arm's other ALA partners, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, and 70. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "withholding" is vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions. Arm objects to this Request as

8

mischaracterizing materials, including "OOB tests" and "ACK patches," as "deliverables." As explained in Arm's response to Qualcomm's Interrogatory No. 1, OOBs and ACK patches are not ████████████████████████████████████ of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 160:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding Arm's delay or failure to provide support, maintenance, acknowledgement or error reports, or corrective actions regarding ACK test errors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Subject to its General Objections and any specific objections set forth below, Arm has already produced Communications with Qualcomm concerning complaints regarding Arm's provision of support and maintenance to Qualcomm regarding ACK test errors under the Qualcomm ALA. With respect to Arm's other ALA partners, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, and 70. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will

not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrases "complaints" and "delay or failure to provide" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 161:**

All Communications from or to any or all Arm customers related to or concerning complaints regarding Arm's delay or failure to provide support or maintenance for ██ ████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, and 70. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any

such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the phrases "complaints" and "delay or failure to provide" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 162:**

██████████████████████████████████████████████████.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll licenses" regarding the requested subject matter. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "offered" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 163:**

All Documents and Communications relating to or concerning deliverables, including, but not limited to, OOB tests, ACK patches, the ACK, architecture documentation, architecture

11

errata, the ████████████████████████████████████████, withheld from Third Party ALA licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Subject to its General Objections and any specific objections set forth below, and in accordance with the ESI Order, Arm has already produced documents sufficient to show the centralized distribution of documents, and such documents made available by such distributions, to third-party ALA licensees, including via Arm's PDH portal. Arm is willing to meet and confer with Qualcomm regarding the relevant scope of any other aspect(s) of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Qualcomm's other Requests for Production, including Nos. 5, 13, 31, 32, 33, 70, 159, and 160. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request because the term "withheld" is vague, ambiguous, and undefined. Arm objects that this Request assumes factual conclusions. Arm objects to this

12

Request as mischaracterizing materials, including "OOB tests" and "ACK patches," as "deliverables." As explained in Arm's response to Qualcomm's Interrogatory No. 1, OOBs and ACK patches are not ███████████████████████████████████ of the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents and Communications relating to or concerning licensing terms or pricing information offered to Third Parties for any ██████████████████ since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this

Request because the term "offered" is vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 165:**

All Documents and Communications relating to or concerning licensing terms or pricing information for ████████████████ codenamed ████████████████ provided to Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

14

A0202

**REQUEST FOR PRODUCTION NO. 166:**

All Documents and Communications relating to or concerning analysis of market share or competition with respect to CPUs, chips, and designs thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any,and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Qualcomm has repeatedly disclaimed, both orally and in writing, that it need prove or even identify a relevant market pursuant to its competition claims. To the extent Qualcomm now seeks documents and communications "relating to or concerning analysis of market share or competition" Arm objects to the request as vague as to what market(s) Qualcomm seeks "market share" information about or in what market(s) Qualcomm alleges there is "competition." For the same reasons, Arm further objects that "CPUs, chips, and designs thereof" is vague. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity.. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.

**REQUEST FOR PRODUCTION NO. 167:**

All Documents and Communications with Third Parties concerning the RISC-V Architecture, including, but not limited to, communications with regulators or any regulatory body, foreign or domestic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Qualcomm has previously refused to identify a relevant market or what "competition" or other products it deems relevant to its unfair competition claim, including whether it intends to argue that RISC-V is a substitute or alternative product in that relevant market.  Further, Qualcomm has refused to produce any communications with regulators on relevance grounds, therefore Arm fails to see how such communications are now relevant to any claims in the litigation. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent

16

agreement of the third party(ies) or Court Order.

**REQUEST FOR PRODUCTION NO. 168:**

All Documents and Communications that were not produced based on the definition of "Complaint" in prior sets of Request for Production but would be covered by any prior document request using the definition of Complaint as set forth herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request, if any, and a relevant, reasonable time period applicable to the Request, if any.

Arm objects to this Request as duplicative of Request No. 151. Arm further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm further objects to this request as premature, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information regarding allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint. Arm objects to this Request to the extent it seeks production of documents not relevant to any Party's claims or defenses. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work- product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

17

Dated: May 16, 2025

OF COUNSEL:

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP


 /s/ Robert M. Vrana
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Ruby J. Garrett
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
rjgarrett@paulweis.com
ejmorgan@paulweiss.com

Catherine Nyarady
Jacob A. Braly
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

**A0207**

swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation

       Plaintiffs,

      v.

ARM HOLDINGS PLC, f/k/a, ARM LTD.
a U.K. corporation

      Defendant.

C.A. No. 24-490-MN

## DEFENDANT ARM HOLDINGS PLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Arm Holdings PLC ("Arm"), hereby objects and responds to the 30(b)(6) Deposition Notice to Arm, which was served by Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc., (collectively, "Plaintiffs" or "Qualcomm"), on June 13, 2025 ("30(b)(6) Notice").

## GENERAL OBJECTIONS

The following General Objections to the 30(b)(6) Notice are incorporated into each of Arm's responses to the specific topics provided in the 30(b)(6) Notice ("Topics"), as if fully stated therein, regardless of whether the General Objections are incorporated specifically into the specific responses below. The failure to mention any of the following General Objections in the specific responses below shall not be deemed a waiver of such General Objection.

1.     Arm incorporates by reference its objections to Qualcomm's First and Second Set of Interrogatories and to Qualcomm's First, Second, Third, Fourth, and Fifth Sets of Requests for Production as if fully set forth herein.

2.  Nothing in these Responses should be construed as waiving rights or objections that might otherwise be available to Arm, nor should Arm's Responses to any of these Topics be deemed an admission of relevance, materiality, or admissibility in evidence of the Topic or the response thereto.

3.  Arm objects to each Topic to the extent a Topic seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Such information will not be provided.  Any inadvertent disclosure of such information shall not constitute a waiver of any privilege, right, or ground for objecting to providing such information and shall not waive Arm's right to object to the use of such information.

4.  Arm objects to each Topic to the extent it seeks information that is not relevant to issues in this litigation or is not reasonably calculated to lead to the discovery of relevant and admissible information.

5.  Arm objects to each Topic and the Definitions set forth in the 30(b)(6) Notice ("Definitions") to the extent they are inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules, or any order of the Court.

6.  Arm objects to the Definitions set forth in the 30(b)(6) Notice to the extent they alter the plain meaning of any specific deposition Topic, on the ground that such alteration renders the deposition topic vague, ambiguous, and overbroad.  Arm's responses to any such Topics shall not be construed as an admission, agreement, or acquiescence to any such definition.

7.  Arm objects to the definition of "ACK" as overbroad and vague and ambiguous to the extent it defines the term as meaning "Arm's Architecture Compliance Kit or Arm's Architecture Validation Suite or Arm's Architecture Compliance Suite."

A0211

8.      Arm objects to the definition of "ALA" as overbroad and vague and ambiguous to the extent it defines Architecture License Agreement to include "all amendments and annexes to any such agreement," including Architecture License Agreements, amendments, and annexes not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case.

9.      Arm objects to the definition of "ARM Architecture Reference Manual" as overbroad and vague and ambiguous to the extent it fails to identify which version(s) of "the ARM Architecture Reference Manual for A-profile architecture released" is part of this definition.

10.      Arm objects to the definition of ███████████ as overbroad and vague and ambiguous to the extent it defines the term by reference to the definition of that term in "██████ ████████████████████████████████████████████████████████ ██████████████████████████ "

11.      Arm objects to the definition of "Concerning" as vague, overbroad, unduly burdensome, including because the definition is circular and because the definition includes contradictory subparts.

12.      Arm objects to the definition of "Plaintiff" as vague as to the terms "principals," representatives," and "agents," and overbroad and unduly burdensome to the extent it includes all Qualcomm principals, employees, representatives, agents, and officers.  Arm will construe "Plaintiff" to refer to Qualcomm Inc. and Qualcomm Technologies, Inc.

13.      Arm objects to the definition of "OOB" as vague as to the term "Out of Box tests."

14.      Arm objects to the definitions of "Defendant," "Arm," "you," and "your" as overly broad and unduly burdensome to the extent they purport to require Arm to provide information that is not within the possession, custody, or control of Arm Holdings PLC, or to otherwise respond

3

on behalf of third parties, at least because these definitions include entities that have no relation to the present litigation.  Arm will construe "Defendant," "Arm," "you," and "your" to refer to Arm Holdings plc.

15.    Arm objects to Qualcomm's definition of "TLA" as overbroad and vague and ambiguous to the extent it defines Technology License Agreement to include "all amendments and annexes to any such agreement."

16.    Arm objects to the definitions of "Third Party" or Third Parties" as vague as to the term "Person" and overbroad and unduly burdensome to the extent "any Person other than Plaintiffs and Defendant," including "Person[s]" not relevant to any party's claim or defense in this case.

17.    Arm objects to the definition of "Linaro" as vague as to the terms "affiliates," "partners," "principals," "representatives," "agents," "Persons," "entities," and "purport."  Arm further objects to the definition of "Linaro" as overbroad and unduly burdensome to the extent it includes Linaro Ltd., Linaro Inc., and Linaro Sweden's "predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf."

18.    Arm objects to the definition of "Linaro Core Member" as vague as to "member organization of Linaro" and "Part 3 of the Articles of Association of Linaro Limited," which does not identify any "members." Arm further objects to the definition of "Linaro Core Member" as overbroad and unduly burdensome to the extent the definition includes "any member organization," including member organizations not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case.

4

19.    Arm objects to the definition of "Linaro Next" as vague as to the terms "proposal," "regarding," "restructuring," "drafts," and "other versions."  Arm further objects to this definition as overbroad and unduly burdensome to the extent it seeks "any drafts or other versions of the proposal."  Arm further objects to this definition to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

20.    Arm objects to each Topic to the extent a Topic is unduly burdensome, especially to the extent they seek information unrelated to Qualcomm's claims, and/or to the extent the burden of producing such information outweighs any likely benefit.

21.    Arm objects to each topic to the extent it seeks testimony such that preparing a witness would place an undue burden on Arm not commensurate with any relevance of the information sought to this case.

22.    Arm objects to each Topic to the extent a Topic is vague, ambiguous, or worded in a manner such that they do not describe with reasonable particularity the matters on which examination is requested.  Arm further objects to each and every Topic as vague and ambiguous to the extent a Topic includes undefined terms.

23.    Arm objects to each Topic to the extent a Topic is unlimited in temporal and/or geographic scope, or to the extent it calls for testimony in violation of an applicable foreign law or regulation.

24.    Arm objects to each Topic to the extent a Topic seeks information that is not within the possession, custody, or control of Arm.  An objection on this ground does not constitute a representation or admission that such information exists or may be discovered from another source.

5

25.     Arm objects to each Topic to the extent that a Topic calls for information that is in the public domain and therefore of no greater burden for Qualcomm to obtain than for Arm to obtain.

26.     Arm objects to each Topic to the extent that a Topic seeks information that is subject to existing or continuing confidentiality agreements or obligations with third parties that Arm is not permitted to disclose or information that would be illegal for Arm to disclose pursuant to any applicable laws.

27.     Arm objects to each Topic to the extent a Topic calls for testimony regarding Arm's contentions in this case, which is not permitted in this District. *See, e.g., Chalumeau Power Sys. LLC v. Alcatel-Lucent USA, Inc.*, No. 11-1175-RGA, Tr. at 27-28 (D. Del. Oct. 4, 2013) ("[C]ontention depositions are not fair to whomever's being asked to formulate these things."); *Medicis Pharm. Corp. v. Actavis Mid Atlantic LLC*, No. 11-409-LPS-CJB, Tr. at 40-44 (D. Del. Sept. 28, 2012) (denying a request to require plaintiffs to put forward a 30(b)(6) witness on contention topics related to secondary considerations of non-obviousness).

28.     Arm objects to each Topic to the extent a Topic calls for legal conclusions.

29.     Arm objects to each Topic to the extent a Topic seeks testimony from fact witnesses that is more appropriately reserved for expert opinions.

30.     Arm's responses to these Topics are made without in any way waiving (a) the right to object to the use of any information provided herein as evidence in any subsequent proceeding in this action or any other action on the grounds of competency, relevancy, materiality, privilege, or other grounds of admissibility; or (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Topics.

6

31.     Arm's responses are not an indication or admission by Arm of the relevancy, materiality, or admissibility thereof, and Arm hereby reserves all objections to Qualcomm's use of such responses and any testimony that is elicited relating to the subject matter of such topics.

32.     Arm reserves the right to revise, amend, supplement, or clarify its responses to any and all Topics at a later date.

Subject to and without waiving the foregoing General Objections and the more specific objections and responses set forth below, Arm responds as follows:

**SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

**TOPIC NO. 1:**

Arm's Answer and any defenses or counterclaims asserted by Arm.

**RESPONSE TO TOPIC NO. 1:**

Arm objects to this Topic to the extent it vague and ambiguous to the extent it fails to provide with reasonable particularity the matters to be examined regarding the "Answer and any defenses or counterclaims asserted by Arm." Arm further objects to this Topic to the extent it calls for testimony regarding Arm's contentions in this case, which is not permitted in this District, and to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Arm will not provide a witness regarding this Topic.

**TOPIC NO. 2:**

Arm's negotiations of any license agreements, including ALAs, TLAs, and any annexes or amendments thereto, since January 1, 2019, including Arm's negotiation of any such license agreement regardless of whether such license agreement was ultimately executed.

**RESPONSE TO TOPIC NO. 2:**

Arm objects to this Topic as overbroad and unduly burdensome because it seeks information concerning "negotiations of any license agreements, including ALAs, TLAs, and any

7

annexes or amendments thereto," including Arm's negotiation of "any" such agreements not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case.  Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm and regarding Arm's "negotiations of any license agreements, ALAs, TLAs, and any annexes or amendments thereto, since January 1, 2019" between Arm and Qualcomm.

**TOPIC NO. 3:**

The Qualcomm ALA, including, without limitation:

a.  The drafting, negotiation, interpretation, and construction of the Qualcomm ALA and any amendments or annexes thereto,

b.  Arm's understanding of the technologies covered or intended to be covered by the term "████," as defined at ████████ of the Qualcomm ALA,

c.  Discussion of the term "██████" as defined at ████████ of the Qualcomm ALA at Arm, including discussions regarding whether future architecture versions beyond v9 are encompassed by the definition,

d.  Arm "██████" including the technology and deliverables included therein, as that term is used in Arm's ALAs, and sections governing verification, delivery, support, and any remedies for failure to deliver ████████ in any Third Party ALAs,

e.  ARM Technology licensed under the Qualcomm ALA, including but not limited to the ARMv8-A Architecture Reference Manual, ETMv4 Architecture Specification, AVS, ACK, ETMv4 Instr Trace Checker Module Source, NTBSS ARMv8-A Crypto Extension, ETE Instr Trace Chkr Module Src Armv9-A, System MMU Architecture Specifications, and System MMU Compliance Kit, including development timelines, responsible individuals, related documentation, items included in packages available for download, and decisions related to the ████████ design and delivery,

f.  ██████ provided by Arm to Qualcomm under the Qualcomm ALA.

8

**RESPONSE TO TOPIC NO. 3:**

Arm objects to this Topic as vague as to the terms "technology," "future architecture versions," "deliverables," "verification," "support," "development timelines," "responsible individuals," and "related documentation." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning the drafting, negotiation, interpretation, and construction of "any amendments or annexes" to the Qualcomm ALA and to the extent it seeks information concerning "any Third Party ALAs," including amendments, annexes, and Third Party ALAs not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it calls for legal conclusions, including as to the "interpretation" and "construction" of a legal document or a legal term therein. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to the characterizations in this Topic of certain terms of the Qualcomm ALA, including " █████ ," █████████

█████████ and █████████

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm and regarding factual aspects of the Qualcomm ALA that are relevant to the claims and defenses in this case, the drafting and negotiation of the Qualcomm ALA, and Arm's understanding of certain terms and provisions of the Qualcomm ALA, including " █████ ," █████████████████

**TOPIC NO. 4:**

Arm's withholding from Qualcomm, including without limitation,

a. Arm's withholding of ACK patches or OOBs, and

9

    b. Arm's withholding from Qualcomm of any technology, documentation, support, verification, products, or ███████████████████ as those terms are defined in the Qualcomm ALA and Annexes.

**RESPONSE TO TOPIC NO. 4:**

Arm objects to this Topic as Arm has not "withh[eld]" anything from Qualcomm to which Qualcomm was entitled, including for the reasons explained in Arm's response to Qualcomm Interrogatory Nos. 1, 5, and 10. Arm further objects to this Topic as vague as to the terms "withholding," "patches," "technology," "documentation," "support," verification," and "products." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any technology, documentation, support, verification, products, or ███████████████████ including technology, documentation, support, verification, products, or ███████████████████" not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's provision of materials and support to Qualcomm under the Qualcomm ALA.

**TOPIC NO. 5:**

Arm's efforts to terminate the Qualcomm ALA, including without limitation,

    a. Arm's decision to assert that Qualcomm was in breach of the ALA, including the timing and circumstances of that decision, and

    b. Arm's communications with and retention of any public relations firms in relation to the Qualcomm ALA.

A0219

**RESPONSE TO TOPIC NO. 5:**

Arm objects to this Topic as vague as to the terms "terminate," "decision," "circumstances," "communications," "retention," "in relation to" and "public relations firm." Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Subject to and without waiving its General Objections, Definition Objections, and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's decision to send Qualcomm a notice of breach of the Qualcomm ALA and Arm's communications with public relations firms regarding the same, if any.

**TOPIC NO. 6:**

The Qualcomm TLA, including, without limitation, the drafting, negotiation, interpretation, and construction of the Qualcomm TLA and any amendments or annexes thereto.

**RESPONSE TO TOPIC NO. 6:**

Arm objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning the "drafting, negotiation, interpretation, and construction" of "any amendments or annexes" to the Qualcomm TLA, including amendments and annexes not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information that is at least as available to Qualcomm as it is to Arm. Arm further objects to this Topic to the extent it calls for legal conclusions, including as to the "interpretation" and "construction" of a legal document or a legal term therein. Arm further objects to this Topic to the extent it seeks information protected by the

11

A0220

attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding factual aspects of the Qualcomm TLA that are relevant to the claims and defenses in this case and the drafting and negotiation of the Qualcomm TLA.

**TOPIC NO. 7:**

Arm's ALAs with third parties, including, without limitation:

a. The drafting, negotiation, interpretation, and construction of Arm's ALAs with third parties and any amendments or annexes thereto,

b. Negotiations or discussions with third-party ALA licensees regarding Arm v9, and

c. Negotiations or discussions with third-party ALA licensees regarding Arm v10, including ██████████████████████████

**RESPONSE TO TOPIC NO. 7:**

Arm objects to this Topic as vague as to the distinction, if any, between "third parties" and "Third Party." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning the drafting, negotiation, interpretation, and construction of ARM's ALAs with unspecified third parties and "any amendments or annexes thereto" and "any ██████████████████████████ including amendments, annexes, agreements, and third parties not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it calls for legal conclusions, including as to the "interpretation" and "construction" of a legal document or a legal term therein. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable

12

privileges and protections.  Arm further objects to this Topic to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.  Arm further objects to this Topic to the extent it seeks information that is the subject of a motion for a protective order pending before the Court.

Arm will not provide a witness regarding this Topic.

**TOPIC NO. 8:**

Arm's TLAs with third parties, including, without limitation:

a.  The drafting, negotiation, interpretation, and construction of the TLAs and any amendments or annexes thereto, and the pricing of those TLAs,

b.  Complaints or other feedback from Arm's customers relating to the licensing or pricing of Arm Implementation Cores offered under its TLAs or the peripheral IP offered under the same, or the support provided under those TLAs, and

c.  Arm's policies and practices regarding TLA licensing offers and annex renewal offers, including the timing and pricing considerations thereof.

**RESPONSE TO TOPIC NO. 8:**

Arm objects to this Topic as vague as to the terms "other feedback," "Arm Implementation Cores," "peripheral IP," "support," "policies," "practices," "regarding," and "considerations." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning the drafting, negotiation, interpretation, and construction of TLAs with unspecified third parties and "any amendments or annexes thereto," including amendments, annexes, and third parties not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case.  Arm further objects to this Topic to the extent it calls for legal conclusions, including as to the "interpretation" and "construction" of a legal document or a legal term therein.  Arm further objects to this Topic to the extent it seeks information protected

13

by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.  Arm further objects to this Topic to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's licensing of the ██████████████ cores, including pricing, and Arm's practices and policies relating thereto.

**TOPIC NO. 9:**

Arm licenses, other than TLAs, whereby Arm licenses Arm Implementation Cores, including:

    a.  Arm's evaluation licenses or "Limited Use Licenses," including how Arm determines whether to provide those licenses and Qualcomm's request for an evaluation license for CPUs codenamed ██████████████;

    b.  Agreements licensing Arm Implementation Cores codenamed ██████████████ including licensing fee and royalty information.

**RESPONSE TO TOPIC NO. 9:**

Arm objects to this Topic as vague as to the terms "licenses," "Arm Implementation Cores," "evaluation licenses," and "royalty information."  Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "licenses."  Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information related to licenses for "CPUs codenamed ██████████████ which are beyond the scope of this action.  Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product

14

doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding various Arms licenses. Arm further objects to this Topic to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.

Arm will not provide a witness for this Topic.

**TOPIC NO. 10:**

Delivery of architecture errata for ARM Implementation Cores to Arm partners, including whether it was withheld from partners.

**RESPONSE TO TOPIC NO. 10:**

Arm objects to this Topic as vague as to the terms "delivery," "architecture errata," "ARM Implementation Cores," "Arm partners," and "withheld." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "partners." Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "delivery of architecture errata for ARM Implementation Cores to Arm partners" beyond "whether it was withheld from partners."

Arm will not provide a witness on this Topic.

**TOPIC NO. 11:**

████████████████████████████████████████████████████
████████████████ licensed by Qualcomm that was released or distributed (internally or otherwise) since June 1, 2022.

15

A0224

**RESPONSE TO TOPIC NO. 11:**

Arm objects to this Topic as vague as to the terms  and "distributed (internally or otherwise)." Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding ▓▓▓▓ licensed by Qualcom".

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's provision of materials and support to Qualcomm under the Qualcomm ALA.

**TOPIC NO. 12:**

Complaints or other feedback from Arm customers regarding Arm's delivery or withholding of deliverables (including ACK patches), or ▓▓▓▓, as those terms are defined in Arm's ALAs.

**RESPONSE TO TOPIC NO. 12:**

Arm objects to this Topic's mischaracterization of "ACK patches" as "deliverables … as those terms are defined in Arm's ALAs." Arm further objects to this Topic as vague as to the terms "other feedback," "Arm customers," "regarding," "delivery," "withholding," "deliverables," and "patches." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "customers," "deliverables," ▓▓▓▓ and "ALAs," including those that are not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case. Arm further objects to this Topic as

16

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding what Arm provided licensees other than Qualcomm under or relating to license agreements to which Qualcomm is not a party.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's provision of materials and support to Qualcomm under the Qualcomm ALA.

**TOPIC NO. 13:**

Qualcomm's ACK and OOB tests, and any patches thereto.

**RESPONSE TO TOPIC NO. 13:**

Arm objects to this Topic as vague as to the term "patches" regarding "OOB tests." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any patches" of Qualcomm's ACK and OOB tests, including patches not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information that is at least as available to Qualcomm as it is to Arm.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding ACK and OOB tests for Qualcomm, if any, and Arm's provision to Qualcomm of patches thereto, if any.

**TOPIC NO. 14:**

ACKs, ACK patches, and OOB tests provided to partners other than Qualcomm on or after June 1, 2022, including dates of delivery, identity of partners, and information or documentation contained in the packages provided to the partners.

17

**A0226**

**RESPONSE TO TOPIC NO. 14:**

Arm objects to this Topic as vague as to the term "patches," "partners," "delivery," "information," "documentation," and "packages." Arm further objects to this Topic to the extent it seeks information that is more readily accessible through other means of discovery, including information concerning "documentation." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "partners" and "packages provided to the partners," including "partners" and "packages" not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding what Arm provided licensees other than Qualcomm under or relating to license agreements to which Qualcomm is not a party.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's provision of quarterly ACK releases to its ALA partners, including Qualcomm.

**TOPIC NO. 15:**

The release and delivery of the ACK, OOB tests, and patches generally to ALA partners, including but not limited to how Arm determines when a partner should receive the aforementioned items and Arm's development efforts and the resources devoted to those efforts.

**RESPONSE TO TOPIC NO. 15:**

Arm objects to this Topic as vague as to the term "release," "delivery," "patches," "partners," "development efforts," and "resources." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "partners," including partners not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic as overbroad, unduly burdensome, and

18

not proportional to the needs of the case to the extent it seeks information regarding what Arm provided licensees other than Qualcomm under or relating to license agreements to which Qualcomm is not a party.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's provision of the ACK, including ACK patches and quarterly ACK releases, to its ALA partners, and Arm's provision of OOBs to its ALA partners.

**TOPIC NO. 16:**

Arm's licensing and pricing for (a) its ███████████████████████████████, and (b) peripheral IP offered under TLAs, including but not limited to ██████████████████ ██.

**RESPONSE TO TOPIC NO. 16:**

Arm objects to this Topic as vague as to the term "████████████████████ ██," and "peripheral IP." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "TLAs," including TLAs not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning ███████████████████ products, as those products are beyond the scope of this case.

Arm will not provide a witness on this Topic.

**TOPIC NO. 17:**

Arm's decision not to participate in the verification of Qualcomm's custom CPUs, including:

19

     a. Arm's decision to withhold any and all licenses, information, documentation, deliverables, technology, and support from Qualcomm on or after June 1, 2022, including, who was responsible for that decision (or decisions), and

     b. Qualcomm's notices of failure to deliver, sent to Arm on November 3, 2022, and December 5, 2022, and Arm's responses thereto.

**<u>RESPONSE TO TOPIC NO. 17</u>:**

Arm objects to this Topic as containing several mischaracterizations including "Arm's decision not to participate in the verification of Qualcomm's custom CPUs," "Arm's decision to withhold any and all licenses, information, documentation, deliverables, technology, and support from Qualcomm," and "Qualcomm's notices of failure to deliver." Arm has not "withh[eld]" anything from Qualcomm to which Qualcomm was entitled, including for the reasons explained in Arm's response to Qualcomm Interrogatory Nos. 1, 5, and 10. Arm further objects to this Topic as vague as to the terms "participate," "custom CPUs," "withhold," "documentation," "deliverables," "technology," and "support." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any and all licenses, information, documentation, deliverables, technology, and support," including those not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's provision of materials and support to Qualcomm under the Qualcomm ALA and Arm's responses to Qualcomm's November 3, 2022 and December 5, 2022 letters.

20

**TOPIC NO. 18:**

Qualcomm's April 2024 requests to renew its licenses for Cortex-A720 codenamed "████" and Cortex-A520 codenamed "████," including Arm's decision not to respond to those requests.

**RESPONSE TO TOPIC NO. 18:**

Arm objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Qualcomm's April 2024 requests to renew its licenses for Cortex-A720…and Cortex-A520" beyond "Arm's decision not to respond to those requests."

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding the Arm's licensing of the ████████ cores to Qualcomm.

**TOPIC NO. 19:**

Qualcomm's August 2024 request to renew its license for Cortex-M55 codenamed "████" including Arm's response and actions taken in response, and Arm's decision not to respond to Qualcomm's request.

**RESPONSE TO TOPIC NO. 19:**

Arm objects to this Topic as vague as to the term "actions." Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Qualcomm's August 2024 request to renew its license for

21

Cortex-M55" beyond "Arm's response and actions taken in response, and Arm's decision not to respond to Qualcomm's request."

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's licensing of the ███ core to Qualcomm.

**TOPIC NO. 20:**

Arm's offers to Qualcomm for Cortex-A720 codenamed "███," Cortex-A520 codenamed "███" and Cortex-M55 codenamed "███" including but not limited to ███████████████████████████████████████████████ Arm's analysis of impact to Arm revenues if Qualcomm accepted those offers and Arm's analysis of impact to Qualcomm if Qualcomm accepted those offers.

**RESPONSE TO TOPIC NO. 20:**

Arm objects to this Topic as vague as to the terms "efforts," "investigate," "third party," and "impact." Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Arm's offers to Qualcomm Cortex-A720…Cortex-A520…and Cortex-M55" beyond ███████████████ ███████████████████████████████████ Arm's analysis of impact to Arm revenues if Qualcomm accepted those offers and Arm's analysis of the impact to Qualcomm if Qualcomm accepted those offers." Arm further objects to this Topic as overbroad and unduly burdensome because it seeks information concerning "Arm's analysis of impact to Arm revenues if Qualcomm accepted those offers and Arm's analysis of impact to Qualcomm if Qualcomm accepted those offers," which is not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the

22

A0231

extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm offers to Qualcomm for the ███████████████████████████████████████████████ ██████████████████████████████████████ .

**TOPIC NO. 21:**

Qualcomm's notices of Arm's breach of ████████████ of the Qualcomm TLA, sent to Arm on September 20, 2024, and September 27, 2024, and Arm's responses thereto.

**RESPONSE TO TOPIC NO. 21:**

Arm objects to this Topic to the extent it seeks information that is at least as available to Qualcomm as it is to Arm. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Qualcomm's notices of Arm's breach…and Arm's responses thereto".

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding the contents of Qualcomm's notices dated September 20, 2024 and September 27, 2024 regarding Arm's alleged breach of the TLA, and Arm's responses to Qualcomm regarding those notices.

23

**TOPIC NO. 22:**

Arm's offers to Qualcomm to license Cortex-A720 codenamed "█████," Cortex- A520 codenamed "██████" and Cortex-M55 codenamed "██████" post-dating Arm's October 23, 2024 letter to Qualcomm, including but not limited to the pricing and non-financial terms of the offers.

**RESPONSE TO TOPIC NO. 22:**

Arm objects to this Topic as vague as to the term "non-financial terms." Arm further objects to this Topic to the extent it seeks information that is at least as available to Qualcomm as it is to Arm. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Arm's offers to Qualcomm to license Cortex-A720…Cortex-A520…and Cortex-M55" beyond "pricing and non-financial terms." Arm further objects to this Topic to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's offers to Qualcomm to license the ██████████████████ cores after Arm's October 23, 2024 letter to Qualcomm, including the pricing and non-financial terms of the offers.

**TOPIC NO. 23:**

Arm's Technical Advisory Board Meetings and Arm Partner Meetings, including topics discussed, attendees, materials distributed, and any improvements Qualcomm suggested for Arm's off-the-shelf TLA cores or the Arm Architecture, and Arm's actions.

24

**A0233**

**RESPONSE TO TOPIC NO. 23:**

Arm objects to this Topic as vague as to the terms "topics," "materials distributed," "improvements," "Arm Architecture," "off-the-shelf TLA cores," and "actions." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "Technical Advisory Board Meetings" and "Arm Partner Meetings" and "any improvements Qualcomm suggested," including meetings and suggestions not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Arm will not provide a witness on this Topic.

**TOPIC NO. 24:**

Arm's response or any action taken in response to Qualcomm's May 20, 2020 email electing to extend the ▮▮▮▮▮▮ of the Qualcomm ALA and to negotiate the terms of the extension, including any decision not to respond.

**RESPONSE TO TOPIC NO. 24:**

Arm objects to this Topic as vague as to the term "action." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any action," including actions not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's

25

possession, custody or control that is known or reasonably available to Arm regarding Qualcomm's May 20, 2020 email purporting to extent the Qualcomm ALA.

**TOPIC NO. 25:**

Arm's current and future business plans for licensing Arm's architecture, technology, and other intellectual property.

**RESPONSE TO TOPIC NO. 25:**

Arm objects to this Topic as vague as to the terms "business plans," "architecture," "technology," and "other intellectual property." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "current and future business plans," including plans not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Arm's current and future business plans for licensing Arm's architecture, technology, and other intellectual property."

Arm will not provide a witness on this Topic.

**TOPIC NO. 26:**

Arm's development of and pricing strategy for v9 of the Arm ISA or Arm- developed cores containing v9 Technology, including but not limited to the rationale for any price increase over prior versions of the Arm ISA.

**RESPONSE TO TOPIC NO. 26:**

Arm objects to this Topic as vague as to the terms "development," "pricing strategy," "Arm-developed cores," and "v9 Technology." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any price increase," including price increases not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it fails to

26

describe with reasonable particularity the matters to be examined regarding "Arm's development of and pricing strategy for v9 of the Arm ISA or Arm- developed cores containing v10 Technology" beyond "the rationale for any price increase over prior versions of the Arm ISA."

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's development of v9 of the Arm ISA.

**TOPIC NO. 27:**

Arm's development of and pricing strategy for v10 of the Arm ISA or Arm- developed cores containing v10 Technology, including but not limited to the rationale for any price increase over prior versions of the Arm ISA.

**RESPONSE TO TOPIC NO. 27:**

Arm objects to this Topic as vague as to the terms "development," "pricing strategy," "Arm-developed cores," and "v10 Technology." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any price increase," including price increases not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Arm's development of and pricing strategy for v10 of the Arm ISA or Arm- developed cores containing v10 Technology" beyond "the rationale for any price increase over prior versions of the Arm ISA."

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's development of v10 of the Arm ISA.

27

**TOPIC NO. 28**:

Inquiries or requests made by Qualcomm to Arm regarding the Arm's development of v10 of the Arm ISA.

**RESPONSE TO TOPIC NO. 28**:

Arm objects to this Topic as vague as to the terms "inquiries," "requests," and "regarding." Arm further objects to this Topic to the extent it seeks information that is at least as available to Qualcomm as it is to Arm. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding the "[i]nquiries or requests made by Qualcomm."

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding communications from Qualcomm to Arm seeking information about Arm's development of v10 of the Arm ISA.

**TOPIC NO. 29**:

Arm's CoreLink ADB-400 AMBA Domain Bridge, █████████████████████████, the ███████████████████████████████████, Cortex-A720 codenamed "█████," Cortex-A520 codenamed "█████," Cortex-M55 codenamed "█████," Cortex-X925 codenamed "█████," the CPU codenamed █████," Cortex-A720AE codenamed "█████", Cortex-A730 codenamed "█████", Cortex-A725 codenamed "█████" products, including but not limited to Arm's negotiations with Qualcomm concerning those products, Arm's pricing strategy for its those products, and Arm's licensing of those products to third parties.

**RESPONSE TO TOPIC NO. 29**:

Arm objects to this Topic as vague as to the terms "pricing strategy" and "third parties." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "third parties," including third parties not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further

28

objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "CoreLink ADB-400 AMBA Domain Bridge, ██████████████████ ████████████████████████████…Cortex-X925 codenamed ████████ the CPU codenamed ████' Cortex-A720AE codenamed '████████, Cortex-A730 codenamed ████', Cortex-A725 codenamed ████████' products," as those products are beyond the scope of this case.  Arm further objects to this Topic to the extent it seeks information that is at least as available to Qualcomm as it is to Arm.  Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.  Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding the list of products beyond "Arm's negotiations with Qualcomm concerning these products, Arm's pricing strategy for its those [sic] products, and Arm's licensing of those products to third parties."  Arm further objects to this Topic to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.

Arm will not provide a witness regarding "CoreLink ADB-400 AMBA Domain Bridge, ██████████████████████████████████████ ████████…Cortex-X925 codenamed ████████' the CPU codenamed ████' Cortex-A720AE codenamed '████████, Cortex-A730 codenamed '████, Cortex-A725 codenamed ████████' products."  Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm

29

regarding Arm's negotiations with Qualcomm, pricing for, and licensing of Cortex-A720 codenamed ███████ Cortex-A520 codenamed ███████ Cortex-M55 codenamed ███████

**TOPIC NO. 30:**

Arm's relationship with Qualcomm or Qualcomm's licensees, including Qualcomm's ALA.

**RESPONSE TO TOPIC NO. 30:**

Arm objects to this Topic as vague as to the term "Qualcomm's licensees." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "licensees," including licensees not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information that is at least as available to Qualcomm as it is to Arm. Arm further objects to this Topic to the extent it seeks information that is not within the possession, custody, or control of Arm. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding Arm's relationship with Qualcomm beyond "Qualcomm's ALA."

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's relationship with Qualcomm with respect to Qualcomm's ALA and TLA.

**TOPIC NO. 31:**

Arm's analysis of potential competition with Qualcomm, including:

a. Arm's analyses of Qualcomm's CPUs and systems-on chips, including discussions with third parties regarding the same;

b. Arm's communications with and retention of any public relations firms in relation to Qualcomm's reputation and ability to compete in the market,

30

A0239

c. Arm's analysis of Qualcomm customers, including which customers could become Arm customers, and

d. Arm's efforts to impede Qualcomm's ability to develop custom CPUs, including but not limited to the cessation of support of deliverables and changes made to the pricing and terms of Arm's agreements with Qualcomm for peripheral TLA products that are used in Qualcomm's custom CPUs.

**RESPONSE TO TOPIC NO. 31:**

Arm objects to this Topic as vague as to the terms "potential competition," "third parties," "reputation," "ability to compete," "impede," "custom CPUs," "support," "deliverables," "terms," and "peripheral TLA products." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "third parties," "customers," and "agreements," including third parties, customers, and agreements, as well as regarding "peripheral TLA products" which are not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks testimony from fact witnesses that is more appropriately reserved for expert opinions, including as to "potential competition." Arm further objects to this Topic to the extent it calls for legal conclusions. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Arm will not provide a witness regarding "the cessation of support of deliverables and changes made to the pricing and terms of Arm's agreements with Qualcomm for peripheral TLA products that are used in Qualcomm's custom CPUs." Subject to and without waiving its General Objections and Specific Objections, and subject to Qualcomm identifying a reasonable time period, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm and within the scope of this Topic, other than as set forth above.

31

**TOPIC NO. 32:**

Arm's October 22, 2024 letter to Qualcomm alleging that Qualcomm is in material breach of the QC ALA, including:

a.  the reasons for the sending of that letter and the facts and circumstances surrounding any investigation performed relating to the allegations in the letter;

b.  the reasons for the timing of that letter,

c.  all third parties that Arm shared the letter with or otherwise informed of Qualcomm's purported breach,

d.  the circumstances surrounding the sharing of the letter,

e.  Arm's communications with third parties concerning the claims in its October 22, 2024 letter,

f.  Arm's communications with the press, including but not limited to communications with  concerning Arm's October 22, 2024 letter,

g.  Discussions with ███████████ concerning Arm's October 22, 2024 letter including with ████████ ,

h.  Arm's decision to speak to Bloomberg about Arm's October 22, 2024 letter, including any discussions with ████████████████ ,

i.  Arm's statement in its response to Qualcomm's Second Interrogatory that it "did not send its October 22 Notice to any third-party companies or customers," and

j.  Arm's communications with all Third Parties, including but not limited to ████████ ████ , regarding the Breach Letter or this Action.

**RESPONSE TO TOPIC NO. 32:**

Arm objects to this Topic as vague as to the terms "circumstances surrounding the sharing of the letter," "communications," and "third parties" and the distinction, if any, between "third parties" and "Third Parties." Arm further objects to this Topic as overbroad and unduly

32

burdensome to the extent it seeks information concerning unspecified and "all third parties," "all Third Parties," "any investigation," and "any discussions," including third parties, Third Parties, investigations, and discussions not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information that is either publicly available or is at least as available to Qualcomm as it is to Arm. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it seeks a witness to testify about communications with media in light of Qualcomm's refusal to do the same. Arm further objects to this Topic to the extent it seeks testimony for █████████████ because Qualcomm has not allowed Arm's counsel to share those companies with Arm witnesses.

Arm will not provide a witness on subparts (f), (g), (h), or (j) of this Topic. Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding letters to Qualcomm customers under subpart (e), and the remaining subparts of this Topic.

**TOPIC NO. 33:**

Arm's communications with third parties regarding the claims in Qualcomm's Complaint, including:

a. Arm's communications with third parties concerning Qualcomm's future business relationship with Arm, including but not limited to Qualcomm's ability to license Arm technology,

b. SoftBank Group Corp.'s communications with Arm concerning Qualcomm since January 1, 2021, including but not limited to communications regarding the subject matter of Qualcomm's claims in the Complaint,

33

c.   Communications with Masayoshi Son or Arm's Board of Directors regarding Qualcomm, including but not limited to withholding licenses, documentation, or other information from Qualcomm or sharing the October 22, 2024 notice with Third Parties,

d.   Arm's outreach to Qualcomm's customers since October 2023, concerning Qualcomm's agreements with Arm, Qualcomm's rights under its agreements with Arm, potential termination of Qualcomm's agreements with Arm, Qualcomm's acquisition of Nuvia, or this Action,

e.   Arm's communications with ▮▮▮ regarding Arm's and ▮▮▮ agreement for Arm to supply silicon chips for ▮▮▮ or this Action,

f.   Arm's communications with ▮▮▮ regarding Arm's and ▮▮▮ agreement for Arm to supply chips for ▮▮▮ or this Action,

g.   Arm's communications with Third Parties regarding its plans to develop systems-on-a-chip,

h.   Any directives issued by Arm to Linux code maintainers relating to Qualcomm-uploaded patches and code,

i.   Arm's communications with governmental entities regarding its plans to develop systems-on-a-chip, and

j.   Arm's public disclosures regarding this Action and its business relationship with Qualcomm.

**RESPONSE TO TOPIC NO. 33:**

Arm objects to this Topic as vague as to the terms "communications," "third parties," "future business relationship," "withholding," "documentation," "other information," "silicon chips," "directives," "code maintainers," "patches," "governmental entities," and "business relationship, and the distinction, if any, between "third parties" and "Third Parties." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "third parties," covers all "communications" with such unspecified third parties, and "[a]ny" directives, including third parties, communications, and directives not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information not within Arm's possession, custody, or control. Arm further objects to this Topic to the extent it seeks information protected

34

by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order.

Arm will not provide a witness to testify as to subparts (b), (c), (h), and (i).  Subject to and without waiving its General Objections and Specific Objections, Arm will otherwise make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody, or control that is known or reasonably available to Arm regarding Arm's letters to Qualcomm customers regarding agreements between Qualcomm and Arm, Arm's and ███ agreement for Arm to supply silicon chips for ███ , Arm and ███ agreement for Arm to supply chips for ███ , Arm's position communicated to third parties regarding Arm's system-on-chip development, and Arm's public statements regarding this action and Arm's business relationship with Qualcomm.

**TOPIC NO. 34:**

Projected or forecasted impact to Arm's revenue or profits if Qualcomm ███████ ████████████████████████ .

**RESPONSE TO TOPIC NO. 34:**

Arm objects to this Topic as vague as to the term "impact."  Arm further objects to this Topic to the extent it seeks testimony from fact witnesses that is more appropriately reserved for expert opinions, including as to "projected or forecast impact to Arm's revenue or profits."  Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case.

Arm will not provide a witness on this Topic.

35

**A0244**

**TOPIC NO. 35:**

RISC-V, including Arm's analysis of the competitive threat by posed by RISC-V, RISC-V's potential impact on Arm's revenue or profits, and communications with Third Parties regarding RISC-V.

**RESPONSE TO TOPIC NO. 35:**

Arm objects to this Topic as vague as to the terms "competitive threat," impact" and "communications." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning unspecified "Third Parties," including third parties not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks testimony from fact witnesses that is more appropriately reserved for expert opinions, including as to "competitive threat."

Arm will not provide a witness to testify as to communications with Third Parties regarding RISC-V. Subject to and without waiving its General Objections and Specific Objections, Arm will otherwise make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm and within the remaining scope of this Topic.

**TOPIC NO. 36:**

Arm's relationship with the semiconductor industry generally, including entities that manufacturer systems-on-chips and entities that are large purchasers of systems-on-chips.

**RESPONSE TO TOPIC NO. 36:**

Arm objects to this Topic as vague as to the terms "semiconductor industry," "relationship … generally," "entities," "manufacturer [sic]," and "large purchasers." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "the semiconductor industry generally." Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the

36

**A0245**

needs of the case. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the matters to be examined regarding "Arm's relationship with the semiconductor industry generally."

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm on this Topic.

**TOPIC NO. 37:**

Arm's intentions, plans, and strategy to design, build, and distribute its own semiconductor chips or sell its own silicon, including:

a. Arm's potential or target customers for Arm's systems-on-a-chip,

b. Arm's analysis of competitors in the chip market, including any potential competition with Qualcomm by Arm,

c. Arm's development of its own SoC, including but not limited to its intention to enter the SoC market, the process of preparing to develop any SoC, work undertaken in connection with developing the SoC, and analysis of the effect of Arm producing its own SoC, including but not limited to, on competition with any ALA or TLA licensee,

d. Arm's efforts to convince existing TLA licensees to transition to licensing a completed chip from Arm,

e. Any agreements (or prospective agreements) Arm has entered into for the licensing or sale of semiconductor chips or silicon designed and built by Arm, and any personnel Arm has hired or has tried to hire in pursuit of that goal, including personnel currently employed by Arm's customers,

f. Arm's analyses of the projected or forecasted impact to Arm's revenue, market share, or profits resulting from Arm's plan to design, build, and distribute semiconductor chips or sell its own silicon,

g. Arm's analysis of market share or competition with respect to CPUs, chips, and designs thereof,

h. Arm's analysis of the systems-on-a-chip server market, including market share, competitors, and potential customers,

i. The relationship, if any, between Arm's introduction of v10 and its plans to expand into developing systems-on-chips,

37

j.  Softbank's planned acquisition of Ampere, including any discussions with Ampere related to Qualcomm and any discussions of changes or modifications to the Ampere ALA and Annexes and the Ampere TLA and Annexes,

k.  How the acquisition of Ampere by Arm's parent company, Softbank, would impact Arm's business and projected revenues or profits or competition in the market for Arm-compatible CPUs, including any discussions at Arm among employees or the Board of Directors concerning the acquisition or any communications with Softbank personnel regarding the acquisition, and

l.  █████████████

**RESPONSE TO TOPIC NO. 37:**

Arm objects to this Topic as vague as to the terms "intentions," "plans," "strategy," "distribute," "semiconductor chips," "silicon," "chip market," "potential competition," "SoC market," "effect," "efforts to convince," "impact," "systems-on-a-chip server market," "relationship," "changes," modifications," "Arm-compatible CPUs," and "communications." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any potential competition," "any discussions with Ampere," and "any communications with Softbank personnel," including "potential competition," discussions, and communications not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks testimony from fact witnesses that is more appropriately reserved for expert opinions, including the "analysis of competitors," "potential competition," "market share," competitive "effect" or "impact," and the definition of any market. Arm further objects to this Topic to the extent it seeks information not in Arm's possession, custody, or control, including SoftBank documents and communications. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

38

Arm will not provide a witness on subpoints (a), (d), (e), (i), (j), (k), and (l) of this Topic. Subject to and without waiving its General Objections and Specific Objections, Arm will otherwise make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody, or control that is known or reasonably available to Arm regarding Arm's competitors in the semiconductor industry, Arm's market share in the semiconductor industry, and Arm's development of its own SoC.

**TOPIC NO. 38:**

Arm's customer relationship management system ("CRM"), including

a. External CRM software used, including, but not limited to Salesforce, Salesforce CPQ and Salesforce Sales Cloud, and any internal CRM systems or software,

b. Any notes, comments, or other any information maintained in Arm's CRM or other systems containing information related to communications with customers relating in any to Qualcomm, and

c. Any notes, comments, or other any information maintained in Arm's CRM or other systems containing information related to communications with customers relating in Arm manufacturing and selling its own SoCs in competition with ALA and TLA licensees.

**RESPONSE TO TOPIC NO. 38:**

Arm objects to this Topic as vague as to the terms "customer relationship management system," "External CRM software," "internal CRM systems or software," "communications," "relating in any to [sic]," "other any information [sic]," "other systems containing information," "related to communications," "relating in any to Qualcomm [sic]," "customers relating in Arm manufacturing [sic]," and "competition." Arm further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information concerning "any notes, comments or other any [sic] information" and unspecified "ALA and TLA licensees," including notes, comments, information, and licensees not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks

39

information that is more readily accessible through other means of discovery, including information contained in Arm's CRM. Arm further objects to this Topic to the extent it seeks testimony from fact witnesses that is more appropriately reserved for expert opinions, including as to "competition." Arm further objects to this Topic to the extent that Arm has produced responsive documents and communications stored within Arm's CRM system, and the CRM system itself is irrelevant to this case.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody, or control that is known or reasonably available to Arm regarding what CRM software and systems Arm uses and what types of documents are stored on Arm's CRM system.

**TOPIC NO. 39:**

The article written by Financial Times on February 13, 2025, titled "Arm to launch its own chip in move that could upend semiconductor industry," including communications with the authors of that article and any public relations firm or personnel retained in connection with that article.

**RESPONSE TO TOPIC NO. 39:**

Arm objects to this Topic as vague as to the terms "communications," and "in connection with." Arm further objects to this Topic to the extent it seeks information that is publicly available. Arm further objects to this Topic to the extent it seeks information that is not within the possession, custody, or control of Arm. Arm further objects to this Topic to the extent it seeks a witness to testify about communications with media in light of Qualcomm's refusal to do the same.

Arm will not provide a witness on this Topic.

**TOPIC NO. 40:**

███████████ role on the ███████████████████.

40

**RESPONSE TO TOPIC NO. 40:**

Arm objects to this Topic as vague as to the term "role." Arm further objects to this Topic to the extent it seeks information that is publicly available. Arm further objects to this Topic to the extent it seeks information that is not within the possession, custody, or control of Arm. Arm further objects to this Topic as overbroad and unduly burdensome because it is not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case.

Arm will not provide a witness for this Topic.

**TOPIC NO. 41:**

Changes in Arm's behavior towards Qualcomm as a result of the jury verdict in *Arm* v. *Qualcomm* (22-1146-MN).

**RESPONSE TO TOPIC NO. 41:**

Arm objects to this Topic as vague as to the terms "[c]hanges," "behavior," and "as a result of." Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it fails to describe with reasonable particularity the "changes in Arm's behavior towards Qualcomm" to be examined.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm and regarding Arm's provision of materials and support to Qualcomm under the Qualcomm ALA since the jury verdict in *Arm* v. *Qualcomm* (22-1146-MN).

**TOPIC NO. 42:**

Communications or discussions between Arm and non-Qualcomm Linaro Core Members about Qualcomm or Linaro Next.

41

**A0250**

**RESPONSE TO TOPIC NO. 42:**

Arm objects to this Topic as vague as to the terms "communications," "discussions," and "non-Qualcomm Linaro Core Members." Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case, particularly as it involves third parties unrelated to the issues this case. Arm further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further objects to this Topic to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.

Arm will not provide a witness on this Topic.

**TOPIC NO. 43:**

Communications or discussions between Linaro or Li Gong regarding Qualcomm or Linaro Next.

**RESPONSE TO TOPIC NO. 43:**

Arm objects to this Topic as vague as to the terms "communications," "discussions," and "regarding," and because it seeks "Communications or discussions between Linaro or Li Gong" without identifying the other party or parties for the communications and discussions. Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case, particularly as it involves communications of third parties unrelated to the issues in this case. Arm further objects to this Topic to the extent it seeks information that is not within the possession, custody, or control of Arm. Arm further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm further

42

objects to this Topic to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not provide information about any such documents absent agreement of the third party(ies) or Court Order.

Arm will not provide a witness on this Topic.

**TOPIC NO. 44:**

Arm's submissions to Federal Trade Commission, the European Commission, or the Korea Fair Trade Commission, or any other regulatory body requesting an investigation of Arm.

**RESPONSE TO TOPIC NO. 44:**

Arm objects to this Topic as vague as to the terms "submissions," "other regulatory body," and "investigation." Arm further objects to this Topic to the extent it seeks information that is publicly available. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections. Arm further objects to this Topic to the extent it seeks information that is not within the possession, custody, or control of Arm, including any Arm submission to any regulatory body "requesting an investigation of Arm." Arm further objects to this Topic to the extent it seeks information about trade commissions submissions in light of Qualcomm's refusal to do the same.

Arms will not provide a witness on this Topic.

**TOPIC NO. 45:**

Any Qualcomm confidential documents shared with Nvidia during the due diligence process of the proposed acquisition of Arm by Nvidia, including documents shared in a data room.

**RESPONSE TO TOPIC NO. 45:**

Arm objects to this Topic as vague as to the terms "documents" and "due diligence process." Arm further objects to this Topic to the extent it seeks information concerning "[a]ny"

43

documents, including documents not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information that is more readily accessible through other means of discovery.

Arm will not provide a witness regarding this Topic.

**TOPIC NO. 46:**

Arm's document retention and destruction policies and practices.

**RESPONSE TO TOPIC NO. 46:**

Arm objects to this Topic as vague as to the terms "document," "retention," "destruction," and "policies and practices." Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Subject to and without waiving its General Objections and Specific Objections, Arm will make available one or more witnesses to testify as to non-privileged, relevant information in Arm's possession, custody or control that is known or reasonably available to Arm regarding Arm's document retention and destruction policies and practices.

**TOPIC NO. 47:**

Arm's collection and production of documents in this Action.

**RESPONSE TO TOPIC NO. 47:**

Arm objects to this Topic as vague as to the term "documents." Arm further objects to this Topic to the extent it seeks information not relevant to any party's claim or defense in this case and/or not proportional to the needs of the case. Arm further objects to this Topic to the extent it

44

seeks information protected by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable privileges and protections.

Arm will not provide a witness regarding this Topic.

Dated:  June 19, 2025

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


 */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
*Attorneys for Defendant Arm Holdings PLC*

45

Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

46

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 19, 2025, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

# Exhibit 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC., a
Delaware corporation

      Plaintiffs,

  v.

ARM HOLDINGS PLC, f/k/a, ARM LTD.
a U.K. corporation

      Defendant.

C.A. No. 24-490-MN

## ARM'S FIRST SUPPLEMENTAL RESPONSE TO
## QUALCOMM'S AMENDED INTERROGATORY NO. 3

Pursuant to Rules 23 and 33 of the Federal Rules of Civil Procedure, and the applicable

Local Rules of the United States District Court for the District of Delaware, Defendant Arm

Holdings PLC ("Arm") hereby responds to Plaintiffs Qualcomm Incorporated and Qualcomm

Technologies, Inc. (collectively, "Qualcomm")'s Amended Interrogatory No. 3.

## GENERAL OBJECTIONS

Arm incorporates by reference the objections and responses previously served in response

to Qualcomm's Amended Interrogatory No. 3.

## SPECIFIC OBJECTIONS AND RESPONSES

## AMENDED INTERROGATORY NO. 3:

Describe, in detail, all facts and circumstances, including the status, of any development or
plans to develop v10 of the Arm ISA and any licensing thereof. Your response should include (i)
an identification of any features included in v10 of the Arm ISA that were not included in v9 of

1

A0259

the Arm ISA and a description of the incremental value, if any, of each feature, (ii) the date(s) on which Arm began discussing development of v10 and any projected timelines for its development or release, (iii) the identity of any partners who have requested a license to v10 (iv) the terms and conditions of any license proposal from Arm (v) the date(s) on which Arm entered into negotiations for v10 with these partners (vi) the date(s) on which Arm entered offered any license or entered into any license agreement with these partners (vii) a list of all Persons affiliated with Arm involved in such communications or negotiations, (viii) a list of the Persons affiliated with Arm with the most knowledge of the development or licensing of v10 of the Arm ISA, and (ix) an identification of all documents (by Bates number) that support your response.

**RESPONSE TO AMENDED INTERROGATORY NO. 3 (MAY 12, 2025):**

Arm incorporates its General Objections as if fully asserted herein.  Arm objects to this Interrogatory as it is premature, overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, because it seeks information concerning allegations made in Qualcomm's pending Motion for Leave to File a Second Amended Complaint, and because it seeks information regarding "all facts and circumstances," "any license proposals," "all Persons," without limitation. Arm further objects to this Interrogatory as vague and ambiguous, as the term "the date(s) on which Arm entered offered any license or entered into any license agreement" is unclear.  Arm further objects to this Interrogatory as seeking information that is not relevant to either Party's claims or defenses, and not reasonably calculated to lead to the discovery of relevant evidence.  Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules.  Arm further objects to this Interrogatory as having multiple discrete subparts and therefore multiple interrogatories, and will limit its response to information, if any, regarding "development or plans to develop ███ of the Arm ISA."  Arm further objects to this request to the extent it seeks information that Arm is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

**A0260**

Subject to and without wavier of its general and specific objections, Arm responds as follows: Arm is willing to meet and confer with Qualcomm as to the relevance and appropriate scope of this Interrogatory, if any.

**FIRST SUPPLEMENTAL RESPONSE TO AMENDED INTERROGATORY NO. 3 (JUNE 18, 2025):**

Arm further objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, because it seeks information regarding "the incremental value" of "any features included in v10 of the Arm ISA that were not included in v9 of the Arm ISA," "the terms and conditions of any license proposal from Arm," "the identity of any partners who have requested a license to v10," "the date(s) on which Arm entered into negotiations or v10 with these partners," "the date(s) on which Arm entered offered [sic] any license or entered into any license agreement with those partners," without limitation or regard to relevance. Arm objects to this request to the extent it calls for expert testimony or opinion, which is not yet due and will be served in accordance with the Scheduling Order.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

### Arm's Development of v10 of the Arm ISA

Qualcomm's request for detailed information about the development of v10 to the Arm ISA is premature. Arm gave a presentation entitled "Architecture update for 2025" in October 2024 that included information about the "███████████████████████████ ██████ and a preliminary timeline for development. QCVARM_0851876 at 1876–1881. That presentation similarly included a "summary of other Armv10-A changes" that were being "considered" but remain "highly provisional and subject to partner feedback." *Id.* at 1894–1895. Subsequently, in March 2025, Arm hosted an Arm Development Meeting attended by Arm's

partners, including Qualcomm.   ARMQC_02771129 at 1132; *see also* ARMQC_02771151. Preliminary information on v10, Arm's development timeline for v10, and "other changes being considered" was shared with attendees.  ARMQC_02771129 at 1129–1150.

### Arm's Licensing of v10 of the Arm ISA

On April 24, 2025, Qualcomm sent a letter to Arm requesting "an initial licensing offer for v10, including licensing fees and royalty pricing." ARMQC_02771128.  According to Qualcomm, "ARM gave a presentation to Qualcomm entitled ARM Architecture Update for 2025" which allegedly "made clear that Armv10-A was on the way in the near future and would build on Armv9-A, which Qualcomm has already licensed." *Id*.

On May 29, 2025, Qualcomm sent another letter to Arm purporting to follow up on its April 24th letter and requesting that Arm "promptly provide an initial licensing offer for v10 that includes licensing fees and royalty pricing."  ARMQC_02771124.

On June 4, 2025, Will Abbey, Arm's Chief Commercial Officer, wrote to Qualcomm regarding its request for a v10 license, stating that Arm is prepared to negotiate in good faith for a v10 license and proposed a business meeting:

> Arm is prepared to negotiate in good faith over the terms of a license to the v10 architecture. As the first step in those negotiations, we propose a meeting between our commercial teams to better understand how Qualcomm intends to use the v10 architecture. That will help Arm put together an appropriately tailored licensing proposal. Please let us know a few dates Qualcomm is available for that meeting, and we will let you know our availability.

ARMQC_02771125.  On June 9, Qualcomm responded, but did not address Mr. Abbey's request for a business meeting.  ARMQC_02771126.

On June 13, 2025, Arm's Executive Vice President and Chief Legal Officer Spencer Collins sent Qualcomm another letter regarding v10:

> On this basis, on June 4, 2025, Will Abbey, Arm's Chief Commercial Officer, proposed in good faith a business meeting regarding Qualcomm's request for a

4

license to Arm's v.10 architecture.  Mr. Abbey's offer to meet remains open and Arm continues to believe that such a meeting would be the most efficient path forward in response to Qualcomm's request.  Please have the relevant business personnel respond to Mr. Abbey with dates that Qualcomm is available for such a meeting.

*  *  *

Despite these clear limits on Qualcomm's election rights under the ALA, as we told Qualcomm in 2020, nothing prevents Arm and Qualcomm from discussing a potential license to future versions of the Arm architecture as they become available.  Arm remains prepared to negotiate in good faith over the terms of a license to the v.10 architecture.

ARMQC_02771127.

Arm also incorporates by reference its responses to Interrogatory Nos. 4 and 10.

Arm identifies the following individuals as knowledgeable regarding aspects of this subject matter: Martin Weidmann.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

## SECOND SUPPLEMENTAL RESPONSE TO AMENDED INTERROGATORY NO. 3 (July 11, 2025):

Arm incorporates by reference its initial response to this Interrogatory.  Subject to and without wavier of its general and specific objections, Arm responds as follows:

Arm further incorporates by reference the testimony of the following witnesses: Lynn Couillard, Martin Weidmann, Richard Grisenthwaite, Gerard Williams, Spencer Collins, Andrew Howard, Michael Williams, Will Abbey, Mark Dragicevich, Jannik Nelson, Jeffrey Fonseca, Ehab Youssef, Rene Haas, and Karthik Shivashankar, including the documents used at each of those depositions.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

5

Dated: July 11, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Matthew J. McIntee
Meredith Pohl
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
matt.mcintee@kirkland.com
meredith.pohl@kirkland.com

Jay Emerick
Adam Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
adam.janes@kirkland.com

Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

6

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

**A0265**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 11, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

**A0266**

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

# Exhibit 7

A0268

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
   a Delaware corporation,
QUALCOMM TECHNOLOGIES, INC.,
   a Delaware corporation,

        Plaintiffs,

     v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
   a U.K. corporation,

        Defendant.

C.A. No. 24-490 (MN)

## ARM'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO QUALCOMM'S SECOND SET OF INTERROGATORIES (NOS. 4-11)

Pursuant to Rules 23 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the District of Delaware, Defendant Arm Holdings PLC ("Arm") hereby responds to Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm")'s Second Set of Interrogatories (Nos. 4-11).

## GENERAL OBJECTIONS

Arm makes the following general objections, which are hereby incorporated by reference and made part of its response to each and every Interrogatory.

1. Arm objects to each Interrogatory to the extent it purports to impose upon Arm discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware, orders entered in this case, or agreements among the parties.

2. Arm objects to the "Instructions" and "Definitions" sections to the extent they purport to alter the plain meaning and/or scope of any specific Interrogatory, on the ground that such alteration renders the Interrogatory vague, ambiguous, overly broad, and/or uncertain, by

A0269

failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable.  Arm's responses to such Interrogatories shall not be construed as an admission, agreement, or acquiescence to any such instruction or definition.  Arm further objects to the "Instructions" and "Definitions" sections to the extent they purport to impose upon Arm discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware, orders entered in this case, or agreements among the parties.

3.        Arm objects to the definitions of "Defendant," "Arm," "you," and "your" as overly broad and unduly burdensome to the extent they purport to require Arm to provide information that is not within the possession, custody, or control of Arm Holdings PLC, or to otherwise respond on behalf of third parties, at least because these definitions include entities that have no relation to the present litigation.

4.        Arm objects to the definitions of "ALA" and "TLA" as overbroad and vague and ambiguous to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

5.        Arm objects to the definition of ▮▮▮▮▮▮▮▮ as overbroad and vague and ambiguous to the extent it defines the term by reference to the definition of that term in "▮▮▮▮ ▮▮▮▮ of the Qualcomm ALA, ▮▮▮▮▮▮▮ of the Qualcomm v8-A ALA Annex, or ▮▮▮▮▮▮▮ of the Qualcomm v9-A ALA Annex."

6.        Arm objects to the definition of "ACK" as overbroad and vague and ambiguous to the extent it defines the term as meaning "Arm's Architecture Compliance Kit or Arm's Architecture Validation Suite or Arm's Architecture Compliance Suite."

7.        Arm objects to each Interrogatory, including the instructions and definitions that Qualcomm purports to incorporate therein, to the extent that each Interrogatory is overbroad,

unduly burdensome, not limited to a reasonable time frame, vague and ambiguous, irrelevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

8.      Arm objects to each Interrogatory to the extent it seeks information, documents, and/or things that are protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, or protection (collectively, "privileged information").   Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine.  Arm does not intend to produce information or documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

9.      Arm objects to any factual characterizations in Qualcomm's Interrogatories.  By responding, Arm does not accept or admit any of Qualcomm's factual characterizations.

10.      Arm objects to each Interrogatory to the extent it seeks "all" or "any" facts, documents, witness identifications, or things as overbroad and unduly burdensome.

11.      Arm's discovery and investigation in connection with this case is ongoing.  Arm's responses to these Interrogatories are based on its knowledge to date following a reasonable investigation.  As a result, Arm's responses are provided without waiver of Arm's right to: (a) object to other interrogatories directed to the subject matter of these Interrogatories and responses; (b) make additional or supplementary objections to these Interrogatories; or (c) revise, amend, supplement, or clarify the contents of these responses.

Subject to and without wavier of these General Objections and the more specific objections set forth below, Arm responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 4:

Describe, in detail, Arm's reason(s), explanation, or justification for failing to respond to Qualcomm's May 2020 election under ███████████████████████ to extend the initial term of the ALA. Your response should include (1) the names of any individuals involved in the decision not to respond to Qualcomm's election, (2) a description of any discussions regarding whether to respond to Qualcomm's election, including any discussions that occurred in subsequent years, (3) any factual or legal bases that Arm relied on in deciding not to respond to Qualcomm's election, and (4) an identification of any relevant documents by Bates number.

### RESPONSE TO INTERROGATORY NO. 4 (JUNE 16, 2025):

Arm incorporates its General Objections as if fully asserted herein. Arm objects to this Interrogatory as it is premature, overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, to the extent it seeks information regarding "the names of any individuals," "any discussions," "any factual or legal bases," and "any relevant documents," without limitation. Arm objects to this Interrogatory as vague and ambiguous and as mischaracterizing, as the terms "Qualcomm's May 2020 election under ███████████████████ and "the decision not to respond to Qualcomm's election" are unclear and inaccurate. Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules. Arm objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

### Arm Responded To Qualcomm's Purported Election Under Section █████ In May 2020

Arm responded to Qualcomm's purported election under Section █████ of the Qualcomm ALA in May 2020.

In response to outreach from Brett Bettesworth from Qualcomm to Lynn Couillard at Arm in April and May 2020, Lynn Couillard sent several responses to Qualcomm in response to its request for an extension of the ALA under ███████████ including on May 15, 2020 when she responded stating that "[t]he intent of ██████████ is to allow for an extension of the agreement as of this point in the term of the agreement. If there is not desire from Qualcomm to negotiate terms of an extension at this point, but rather to have a discussion around licensing the next architecture sometime in the future, then this portion of the agreement will expire" and that "there is nothing that stops us from discussing next gen architecture or entering into an agreement anytime in the future regardless of the existing agreement":

---

**From:** Lynn Couillard <Lynn.Couillard@arm.com>
**Sent:** Friday, May 15, 2020 9:49 AM
**To:** Brett Bettesworth <betteswb@qti.qualcomm.com>; Rajiv Gupta <grajiv@qti.qualcomm.com>
**Cc:** Todd Lepinski <Todd.Lepinski@arm.com>
**Subject:** [EXT] Re: V10 -->V9 architecture follow-on

Hello Brett and Rajiv, (+Todd)

The intent of section ██████ s to allow for an extension of the agreement as of this point in term of the agreement. If there is no desire from Qualcomm to negotiate terms of an extension at this point, but rather to have a discussion around licensing the next architecture sometime in the future, then this portion of the agreement will expire. However, importantly, there is nothing that stops us from discussing next gen architecture or entering into an agreement anytime in the future regardless of the existing agreement.

Note that at the time of the v8 architecture closure, we also included ██████████ which at the time had no definition, and eventually became v9. We are in a similar situation here with regards to visibility on next generation architecture.

Please let us know if you'd like to discuss, we can set something up for next week.

Thanks
Lynn

---

ARM_00005340. Mr. Bettesworth responded five days later. He did not dispute any of Ms. Couillard's statements, including that "[t]he intent of ██████████ is to allow for an *extension* of the agreement *as of this point in term of the agreement*," and that if Qualcomm desires to "have a discussion around licensing the next architecture sometime in the future, then this portion of the agreement will expire." He elected to "go ahead and move forward with the extension":

---

From:         Brett Bettesworth [betteswb@qti.qualcomm.com]
Sent:         20/05/2020 20:05:11
To:           Lynn Couillard [Lynn.Couillard@arm.com]; grajiv@qti.qualcomm.com
CC:           Todd Lepinski [Todd.Lepinski@arm.com]
Subject:      RE: V10 -->V9 architecture follow-on

Importance:   High

Hi Lynn,

Thanks for your email and the note below.  We will go ahead and move forward with the extension at this point, per the ALA optional election.

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

We can discuss further at some point in the near future, but wanted to ensure that we provided timely notification of our election here, as mentioned previously.

Sincerely,
Brett

---

*Id.*  Mr. Bettesworth's email also did not seek a response, and ended by stating that "[w]e can discuss further at some point in the near future …."  However, Mr. Bettesworth does not appear to have sent a follow-up email to arrange such discussions.  Qualcomm also failed to send any follow-up about v10 to Arm, including any formal correspondence in compliance with the ALA's notice provisions, for nearly five years.  Qualcomm further failed to send any notice of breach of the ALA to Arm for allegedly breaching ████████████.

Arm identifies the following individuals as knowledgeable regarding aspects of this subject matter: Lynn Couillard.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 (July 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory.  Subject to and without waiver of its general and specific objections, Arm further responds as follows:

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies

the following documents from which information responsive to the non-objectionable scope of this Interrogatory may be derived: QCVARM_1120481, ARM_00079223.

Arm further incorporates by reference the testimony of the following witnesses: Lynn Couillard, Martin Weidmann, Gerard Williams, Spencer Collins, Michael Williams, William Abbey, Mark Dragicevich, Ziad Asghar, and Karthik Shivashankar, including the documents used at each of those depositions. Arm also incorporates by reference its responses to Interrogatory Nos. 3 and 10.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**INTERROGATORY NO. 5 (JUNE 16, 2025):**

Identify with specificity all ACK patches and OOBs developed or provided by Arm between July 2022 and February 2025 and their respective release schedule(s). Your response should identify (1) the names of each partner who received an ACK patch or OOB, (2) the dates that each ACK patch and OOB was requested and by whom, (3) the date that each ACK patch and OOB was provided and to which partner, (4) information regarding whether any ACK patches and OOB were withheld from any partners during this time period, (5) the names of all Arm individuals with relevant knowledge, and (6) identify any relevant documents by Bates number.

**RESPONSE TO INTERROGATORY NO. 5:**

Arm incorporates its General Objections as if fully asserted herein. Arm objects to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, because it seeks information regarding "all ACK patches and OOBs developed or provided by Arm between July 2022 and February 2025," "each partner," information about "each ACK patch and OOB," and "all Arm individuals," without limitation. Arm further objects to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks detailed information regarding Arm's development and provision of partner-specific OOBs and ACK patches for partners other than Qualcomm. Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by

the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules. Arm further objects to this request to the extent it seeks information that Arm is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

Arm incorporates its response to Qualcomm's Interrogatory Number 1.

### Arm Provides The Content Of ACK Patches To All Partners, Including Qualcomm As Part Of Its Quarterly ACK Release

ACK patches are not ██████████████████████ under the Qualcomm ALA, including because they are not architecture technology identified in the v8 Annex 1 or the v9 Annex 1 to the Qualcomm ALA, nor are they ████████████ thereto. An ACK patch is a partner-specific solution to a partner-specific ACK test issue, and when that solution is relevant to all ALA licensees, Arm typically incorporates the solution into its next quarterly ACK release, which is made available to all ALA partners, including Qualcomm.

Arm provided Qualcomm with the full suite of ACK tests for both the Arm v8 and Arm v9 architectures—the ARMv8-A Architecture Valid Suite Kit (AVS) and the Armv9-A Architecture Compliance Kit. *See, e.g.*, ARMQC_02604619 (spreadsheet showing Qualcomm downloaded certain Arm materials, including the Arm v8 ACK / AVS (████████) and the Arm v9 ACK / ACS (████████)); ARMQC_02604613 (spreadsheet showing when Qualcomm downloaded certain Arm materials, including Part Nos. ████ (associated with the Arm v8 ACK / AVS) and ████ (Arm v9 ACK)); ARMQC_02604617 (spreadsheet showing Arm deliveries of ████ materials to Qualcomm between 2022 and 2024); ARMQC_02603587 (spreadsheet showing Arm making Product Nos. ████████ available to Qualcomm between

05/11/2007 and 01/08/2025); *see also* ARMQC_02604612 (spreadsheet showing Arm made "New Arm Product Updates Available" to Qualcomm between 10/31/2022 and 01/29/2025); ARMQC_02604614 (spreadsheet showing Arm made "New Arm Products Available" to Qualcomm between 09/22/2022 and 03/27/2025); ARMQC_02604609 (document showing Arm materials made available to Qualcomm between 07/15/2010 and 06/24/2022); ARMQC_02604615 (spreadsheet showing Arm materials that Qualcomm downloaded, including "OOB" and "ACK patch[es]").  Arm therefore did not withhold any ACK tests from Qualcomm.

Arm provided all of its ALA partners, including Qualcomm, with quarterly ACK releases that incorporated ACK-patch solutions to ACK test issues relevant to all ALA partners.  *See*, *e.g.*, ARMQC_02747093 (document showing Arm providing quarterly v8 ACK releases to Qualcomm between 2021 and 2025); ARMQC_02747097 (document showing Arm providing quarterly v9 ACK releases to Qualcomm between 2021 and 2025); ARMQC_02747103 (document showing Qualcomm downloading Armv8 materials, including quarterly "Update[s]_for_ACK," between 2022 and 2024); ARMQC_02747104 (document showing Qualcomm downloading Armv9 materials, including "Update[s]_for_ACK" and "V9A_ACK_Release_Update[s]" between 2022 and 2025); ARMQC_02604611 (document showing Arm delivering quarterly Armv8 ACK releases to Qualcomm between 04/04/2011 and 07/28/2022); ARMQC_02604616 (document showing Arm delivering quarterly Armv9 ACK releases to Qualcomm between 05/27/2019 and 07/28/2022).

### OOBs Are Partner and Design-Specific, And OOBs Provided To Third Parties Are Not Relevant To Qualcomm

OOBs are not "███████████████" or "████████" under the Qualcomm ALA, including because they are not architecture technology identified in the v8 Annex 1 or the v9 Annex 1 to the Qualcomm ALA, nor are they ███████████████ thereto.  OOBs identify which of the previously delivered ACK tests a partner should run and are based on the configuration of the

A0277

partner's design implementation. Because OOBs are not just partner-specific, but implementation-specific, any OOB that Arm may have provided to a third-party ALA partner is not relevant to Qualcomm. *See* Agrawal Dep. Tr. at 29:1–21 ███████████████████████████ Further, as explained in Arm's response to Qualcomm Interrogatory No. 1, by July 2022, Arm had already given Qualcomm several OOB packages, including for use with Nuvia-based designs. *See* Arm Resp. to Qualcomm Interrog. No. 1.

Further, though Qualcomm is not entitled to any ACK patches or OOB for Nuvia-based designs, Arm made clear in its January 8, 2025 letter to Qualcomm that "Arm intends to provide support for the Nuvia CPUs, including support and verification services" pending certain litigation between the parties. QCVARM_0573677.

Arm identifies the following individual as knowledgeable regarding aspects of this subject matter: Vivek Agrawal.

Pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies the following documents from which information responsive to the non-objectionable scope of this Interrogatory may be derived: ARMQC_02603587, ARMQC_02604609, ARMQC_02604610, ARMQC_02604611, ARMQC_02604612, ARMQC_02604613, ARMQC_02604614, ARMQC_02604615, ARMQC_02604616, ARMQC_02604617, ARMQC_02604618, ARMQC_02604619, ARMQC_02747093, ARMQC_02747097, ARMQC_02747103, and ARMQC_02747104.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (July 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory. Subject to and without waiver of its general and specific objections, Arm further responds as follows:

Arm provided all of its ALA partners, including Qualcomm, with quarterly ACK releases

that incorporated ACK-patch solutions to ACK test issues relevant to all ALA partners.  *See*, *e.g.*, ARMQC_02604611 (document showing Arm delivering quarterly Armv8 ACK releases to Qualcomm between 04/04/2011 and 07/28/2022); ARMQC_02604616 (document showing Arm delivering quarterly Armv9 ACK releases to Qualcomm between 05/27/2019 and 07/28/2022); ARMQC_02779171 (document showing Arm delivering Product Code ████ from 08/20/2021 to 05/26/2025), ARMQC_02779174 (document showing Arm delivering Product Code ████ from 08/20/2021 to 05/22/2025), ARMQC_02779176 (document showing Arm delivering Product Code ████ from 08/20/2021 to 05/26/2025), ARMQC_02779179 (document showing Arm delivering Product Code ████ from 09/08/2021 to 05/20/2025), ARMQC_02779181 (document showing Arm delivering Product Code ████ from 09/08/2021 to 04/29/2025).

Arm also provided Qualcomm with Qualcomm-specific support materials.  *See*, *e.g.*, ARMQC_02747093 (document showing Arm providing Qualcomm-specific support materials); ARMQC_02747097 (document showing Arm providing Qualcomm-specific support materials); ARMQC_02747103 (document showing Qualcomm downloading Qualcomm-specific support materials); ARMQC_02747104 (document showing Qualcomm downloading Qualcomm-specific support materials).

Arm further incorporates by reference Arm's objections and responses to Qualcomm Interrogatory Nos. 1 and 10.

Arm further incorporates by reference the testimony of all witnesses that have been deposed in this case to date, including those specifically referenced herein, as well as the testimony of all witnesses deposed in *Arm v. Qualcomm*, Case No. 1:22-cv-01146 (D. Del.), and the exhibits used during those depositions.

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies the following documents from which information responsive to the non-objectionable scope of this

Interrogatory may be derived: ARMQC_02779171, ARMQC_02779174, ARMQC_02779176, ARMQC_02779179, ARMQC_02779181; ARMQC_02603587, ARMQC_02604609, ARMQC_02604610, ARMQC_02604611, ARMQC_02604612, ARMQC_02604613, ARMQC_02604614, ARMQC_02604615, ARMQC_02604616, ARMQC_02604617, ARMQC_02604618, ARMQC_02604619, ARMQC_026046020, ARMQC_02604621, ARMQC_02604622, ARMQC_02604623, ARMQC_02747093, ARMQC_02747097, ARMQC_02747103, ARMQC_02747104.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**INTERROGATORY NO. 6:**

Describe in detail and provide a list of licensing terms that Arm has offered since 2019 for CortexA720 codenamed "⬛⬛⬛" Cortex-A520 codenamed "⬛⬛⬛" Cortex M55 codenamed "⬛⬛⬛" Cortex-X925 codenamed "⬛⬛⬛" the CPU codenamed ⬛⬛⬛" Cortex-A720AE codenamed "⬛⬛⬛", Cortex-A730 codenamed "⬛⬛", and Cortex-A725 codenamed "⬛⬛⬛". Your response should identify (1) the names of each partner and which licensing offer(s) the partner received, (2) the date of each offer to each specific partner, (3) the licensing fee offered for each of the identified products, by partner (4) the royalty rate offered for each of the identified products, by partner (5) the licensing term offered for each of the identified products, by partner (6) any support and maintenance terms offered for each of the identified products, by partner (7) any restrictions imposed on engineering development efforts for each of the identified products, by partner (8) the names of all Arm individuals with relevant knowledge, and (9) all relevant documents identified by Bates number.

**RESPONSE TO INTERROGATORY NO. 6 (JUNE 16, 2025):**

Arm incorporates its General Objections as if fully asserted herein. Arm objects to this Interrogatory as it is premature, overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, to the extent it seeks information regarding "each partner," "each offer," "each of the identified products," without limitation. Arm further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding cores for which Qualcomm does not allege breach in

its Second Amended Complaint, including "Cortex-X925," "█████████" "the CPU codenamed '█████'" "Cortex-A720AE codenamed '████████'" "Cortex-A730 codenamed '█████'" and "Cortex-A725 codenamed '████████'" Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules. Arm further objects to this Interrogatory as vague and ambiguous, as the term "restrictions" is unclear. Arm further objects to this Interrogatory as having multiple discrete subparts and therefore multiple interrogatories. Arm further objects to this request to the extent it seeks information that Arm is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Subject to and without wavier of its general and specific objections, Arm responds as follows: Arm is willing to meet and confer with Qualcomm regarding a reasonable scope for this interrogatory.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (July 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory. Arm further objects to this Interrogatory as vague and ambiguous, as the term "offered" is unclear. Subject to and without waiver of its general and specific objections, Arm further responds as follows:

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies the following documents from which information responsive to the non-objectionable scope of this Interrogatory may be derived: ARM_01424135, ARMQC_02779314, ARMQC_02772366, ARMQC_02779433,    ARMQC_02779391,    ARMQC_02779269,    ARMQC_02779412,

ARMQC_02779364,     ARMQC_02779483,     ARMQC_02783533,     ARMQC_02783601,

ARMQC_02783599,     ARMQC_02783597,     ARMQC_02783603,     ARMQC_02783595,

ARMQC_02783512,     ARMQC_02783575,     ARMQC_02774738,     ARMQC_02774748,

ARMQC_02774757,     ARMQC_02774767,     ARMQC_02774814,     ARMQC_02774818,

ARMQC_02774844, ARMQC_02774816.

Arm further incorporates by reference the testimony of the following witnesses: Karthik Shivashankar, Ehab Youssef, Akshay Bhatnagar, Jeff Fonseca, and Kurt Wolf, including the documents used at each of those depositions..

Arm further incorporates by reference any documents withheld on the basis of third-party confidentiality disputes, including due to an objection or motion for a Protective Order filed by any such third parties.  Arm reserves the right to supplement this response to address such documents as appropriate should any such disputes be resolved and result in the production of any documents to Qualcomm.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**INTERROGATORY NO. 7:**

Describe, in detail, Arm's business strategy with respect to gaining a competitive advantage against other companies, including Qualcomm. Your response should include (1) any strategy related to unwinding or limiting ALAs, (2) any strategy related to increasing licensing prices for products offered under any license, (3) any strategy related to development of silicon, (4) any strategy related to acquiring other companies, (5) any strategy related to increasing pricing or limiting access to v10 or future versions of the Arm ISA, (6) the names of all Arm individuals with relevant knowledge, and (7) all relevant documents identified by Bates number.

**RESPONSE TO INTERROGATORY NO. 7 (JUNE 16, 2025):**

Arm incorporates its General Objections as if fully asserted herein.  Arm objects to this Interrogatory as it is premature, overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, because it seeks information regarding "any

strategy" and "all Arm individuals," without limitation.  Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules.  Arm further objects to this Interrogatory as vague and ambiguous, as the terms "Arm's business strategy with respect to gaining a competitive advantage," "unwinding or limiting ALAs," "development of silicon," and "increasing pricing or limiting access to v10 or future versions of the Arm ISA" are unclear.  Arm objects to Qualcomm's characterization of its business strategy.  Arm further objects to this Interrogatory as having multiple discrete subparts and therefore multiple interrogatories  Arm further objects to this request to the extent it seeks information that Arm is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Subject to and without wavier of its general and specific objections, Arm responds as follows: Arm is willing to meet and confer with Qualcomm regarding a reasonable scope for this interrogatory, if any.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 (July 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory.  Arm further objects to this Interrogatory as seeking information that is not relevant to either Party's claims or defenses, and not reasonably calculated to lead to the discovery of relevant evidence, including information regarding Arm's "strategy related to acquiring other companies."  Specifically, this portion of the Interrogatory is not relevant to any of Qualcomm's claims in its Second Amended Complaint, including Qualcomm's California Unfair Competition Law ("UCL") claim.  *See Bacon v. Carroll,*

2007 WL 2111057, at *7 (D. Del. July 17, 2007) (finding interrogatories related to defendant's grievances "are not relevant or likely to lead to admissible evidence" and plaintiff "cannot point to any use for the material that would support" the claims). Arm is willing to meet and confer with Qualcomm as to the relevance and appropriate scope of this portion of the Interrogatory, if any.

Arm further objects to this Interrogatory as seeking information that is not relevant to either Party's claims or defenses, and not reasonably calculated to lead to the discovery of relevant evidence, including information regarding "Arm's business strategy with respect to gaining a competitive advantage against other companies." Specifically, this portion of the Interrogatory is not relevant to any of Qualcomm's claims in its Second Amended Complaint, including Qualcomm's UCL claim. There is no support for the proposition that a business strategy to "gain[] a competitive advantage against other companies," without more, is unfair or unlawful conduct under the UCL. Such conduct is instead generally pro-competitive. *See FTC v. Qualcomm*, 969 F.3d 974, 1003, 1005 (9th Cir. 2020) (finding Qualcomm's "hypercompetitive" behavior to be "disruptive" but "in a manner that [is] beneficial to consumers in the long run"). Indeed, where business practices are "reasonable and consistent with current industry practice" and "reduc[e] 'transaction costs and complexities,'" courts routinely find such conduct does not violate the UCL. *E.g.*, Qualcomm Answering Br., *Key v. Qualcomm*, No. 23-3354, D.I. 22.1 at 47–48 (Apr. 26, 2024) (citing *FTC v. Qualcomm*, 969 F.3d 974, 996 n.17, 996 (9th Cir. 2020)).

Subject to and without wavier of its general and specific objections, Arm responds as follows:

Arm's business has always been customer centric. Its mission is to innovate and develop products to meet customer needs and market demand. Arm continues to pursue this mission by developing both its instruction set architecture ("ISA") and its implementation cores in close collaboration with its partners, including Qualcomm. This enables Arm's partners to compete

across the semiconductor technology stack, which in turn brings more choice to the market. Accordingly, Arm's business strategy is aimed at investing in productive relationships with its partners to meet these pro-competitive goals.

Arm's open licensing model enables many companies to design chips, fostering a competitive ecosystem. Specifically, Arm has enabled its partners to build custom central processing units ("CPUs") by licensing its ISA to them through Architecture Licensing Agreements ("ALAs"). Doing so increases the number of CPUs available on the market, including CPUs that compete with Arm-designed CPUs, which Arm also makes available for license through Technology Licensing Agreements ("TLAs"). Given the extraordinary amount of time and resources required to successfully develop CPUs and the attendant high rate of failure, Arm carefully chooses its ALA partners to ensure the greatest likelihood of success. Even the top semiconductor companies with the greatest resources are often unable to successfully develop custom CPUs under their ALAs. For example, Qualcomm—one of the world's largest and most profitable semiconductor companies—sought to develop a custom core for the server market but ultimately abandoned the effort due to high costs. *See* Deposition of James Thompson, November 11, 2023, pp. 53–56. Indeed, Arm's royalty payment model aligns its interests with those of its partners—meaning Arm succeeds when its partners do—and incentivizes its partners to make their intellectual property available as broadly as possible. Arm's ALA licensing practices are thus pro-competitive and driven by rational business decisions.

In addition to major players like Qualcomm, Arm has also entered ALAs with promising start-up technology design companies to foster innovation and meet customer needs. For example, in 2019, Arm negotiated an ALA with NUVIA Inc. ("Nuvia"), a start-up that designed chips for data centers. Arm agreed to accept a lower-than-average upfront fee for the ALA to help sponsor Nuvia's entry into the market. In return for Arm's agreement to share Nuvia's risk on the front-

end, Nuvia agreed to grant Arm higher royalties if it successfully developed a CPU. This deal typified Arm's customer centric, pro-competitive approach to its partners: investment and support.

Although Arm executes ALAs with partners who have the means and desire to invest in developing their own customized CPUs, history and experience has demonstrated that those partners are not always capable of optimizing Arm's architecture during CPU development and are unlikely to yield CPUs that are materially superior to Arm's product, despite enormous investments of resources and time. Many partners thus license Arm's market-leading, ready-to-use implementation cores through TLAs rather than embarking on the high-risk, low-reward proposition of CPU development. TLAs enable Arm's partners to outsource their costly CPU research and development needs to Arm, which reduces their development burdens and risks, speeds up their time-to-market, and frees up resources for investment in innovation and differentiating themselves in other areas. Because TLAs offer a far more efficient, practical, and effective arrangement in almost every circumstance, the vast majority of Arm's licenses are TLAs and historically most of Arm's partners have a TLA. *See* ARM_01259705 at 9794; Deposition of Simon Segars, November 16, 2023, pp. 29–30. TLAs, in turn, directly benefit the market and consumers by increasing product quality while decreasing prices.

Arm has further explored offering its own chips to meet innovation needs and customer demand. Arm's potential entrance into the chip market would thus generate more competition, innovation, and consumer choice. Regulators routinely approve, and markets encourage, this type of pro-competitive conduct.

Arm does not have a blanket "strategy" for pricing its IP licenses. Arm instead approaches each license individually and in the context of the specific needs of the partner, market segment, and end-users, resulting in various license structures. As noted, Arm's ALA with Nuvia catered to Nuvia's unique needs as a start-up and sought to increase Nuvia's chances of success by trading off

lower upfront fees for higher royalty rates.  Qualcomm's ALA, by contrast, has considerably lower-than-average royalty rates that reflect, among other factors, Qualcomm's market presence and prominence as one of Arm's largest partners by royalty revenue.  To the extent Arm has increased upfront prices or royalty rates for any of its IP, Arm has done so in the normal course of business to account for increased costs, including resources expended on developing updated and innovative products, and reflect the increased value of its updated offerings.   Indeed, Arm's conduct is "reasonable and consistent with current industry practice."  *See, e.g.*, Qualcomm Answering Br., *Key v. Qualcomm*, No. 23-3354, D.I. 22.1 at 47–48 (Apr. 26, 2024) (citing *FTC v. Qualcomm*, 969 F.3d 974, 996 n.17, 996 (9th Cir. 2020)).

Arm refers Qualcomm to its Initial Disclosures for "the names of all Arm individuals with" knowledge relevant to this Interrogatory.

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies the following documents from which information responsive to the non-objectionable scope of this Interrogatory may be derived:   ARM_01293447, ARMQC_02771129, ARMQC_02771151, QCVARM_0851876, QCVARM_1068459.

Arm further incorporates by reference the testimony of the following witnesses: Rene Haas, William Abbey, Paul Williamson, Richard Grisenthwaite, Karthik Shivashankar, Jannik Nelson, Peter Greenhalgh, Durga Malladi, and Martin Weidmann, including the documents used at each of those depositions.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**INTERROGATORY NO. 8:**

Identify and describe in detail the complete factual and legal bases for Your contention, if any, that You did not interfere, either intentionally or negligently, with Qualcomm's business

opportunities, including but not limited to Qualcomm's business opportunities with the Smartphone Company and the AI and Ecosystem Company identified in the operative Complaint. Your response should include an identification of all documents by Bates numbers that you intend to rely upon to support your contention.

**RESPONSE TO INTERROGATORY NO. 8 (JUNE 16, 2025):**

Arm incorporates its General Objections as if fully asserted herein. Arm objects to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, because it seeks information regarding alleged interference with "Qualcomm's business opportunities," without limitation. Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules. Arm further objects to this Interrogatory as vague and ambiguous, as the terms "Qualcomm's business opportunities," and "Qualcomm's business opportunities with the Smartphone Company and the AI and Ecosystem Company" are unclear.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

**<u>Arm's October 2024 Letter And Its Publication Did Not Interfere With
Qualcomm's Business Opportunities Because Arm Repeatedly And Publicly
Stated That Qualcomm Was In Breach Of The Qualcomm ALA As Early As 2022</u>**

Arm's October 2024 letter stating that Qualcomm was in breach of the Qualcomm ALA, and the publication of the same, did not interfere with any of Qualcomm's business relationships because Arm repeatedly and publicly stated that Qualcomm was in breach of the Qualcomm ALA as early as 2022.

On November 15, 2022 Arm filed a publicly-available Answer in *Arm Ltd. v. Qualcomm Inc. et al.*, No. 22-1146 (MN) ("Arm v. Qualcomm"), in which Arm publicly stated that "Qualcomm

is materially breaching its ALA, giving Arm the right to terminate, and the Qualcomm ALA does not provide a license for or right to continue development of the Nuvia technology," that "Qualcomm is breaching its ALA by improperly seeking to use the Qualcomm ALA to continue development of the relevant Nuvia technology, entitling Arm to terminate that ALA based on Qualcomm's material breaches," that "Arm is entitled to terminate Qualcomm's ALA based on Qualcomm's material breaches of the verification, delivery, and support and maintenance provisions," and that:

> "Qualcomm's allegations that it is exercising its rights with respect to the relevant Nuvia technology under Qualcomm's license agreements with Arm and is not in violation of those agreements fail because Arm has no such obligations with respect to the Nuvia technology, and Qualcomm is breaching the Qualcomm ALA by insisting otherwise. Under the Qualcomm ALA, Arm has no obligation to provide, and Qualcomm has no right to seek, verification, delivery, or support and maintenance in connection with technology developed under the now-terminated Nuvia ALA. The 'verification' provisions of ▮▮▮▮ of the Qualcomm ALA are limited to products manufactured [redacted] in the ALA. The delivery ▮▮▮▮▮ and support and maintenance ▮▮▮▮▮ obligations of the Qualcomm ALA are similarly limited to the defined [redacted] and therefore likewise do not extend to the relevant Nuvia technology, which embodies and was derived from Arm technology delivered by Arm to Nuvia under Nuvia's now-terminated ALA. Qualcomm's unreasonable, bad-faith demands that Arm comply with purported obligations for verification, delivery, and support and maintenance with respect to technology delivered and developed outside the scope of the Qualcomm ALA are contrary to the parties' expectations and undermines the benefit to Arm from the Qualcomm ALA, thereby materially breaching that agreement's terms and implied covenant of good faith and fair dealing and entitling Arm to terminate the Qualcomm ALA under ▮▮▮▮▮"

No. 22-1146, D.I. 21 at 2, 37, 39, 41-42.

On April 11, 2024, Arm filed another publicly-available Answer that likewise included allegations that Qualcomm was in breach of its ALA, including that "Qualcomm is breaching its ALA by improperly seeking to use the Qualcomm ALA to continue development of the relevant Nuvia technology," and that "Qualcomm is materially breaching its ALA, giving Arm the right to terminate …." D.I. 322 at 2, 42-45, 48-49. These materials were available to any member of the public, including online though the Court's public docket in *Arm v. Qualcomm*, No. 22-1146.

**Qualcomm Recognized That Arm's October 22, 2024
Notice Of Material Breach "Is Actually Not New News"**

In *Arm v. Qualcomm*, the Court held a pre-trial conference on November 20, 2024. During that conference, Qualcomm's counsel stated that Arm's claim that Qualcomm is in breach of the Qualcomm ALA has been in the case "starting at the very beginning," Nov. 11, 2024 Hearing Tr. at 13:10-16, and that "[t]he letter on October 22nd is actually not new news in the sense of alleging these breaches":

> "And in response to that, there have been repeated allegations that the Qualcomm ALA has been breached by Qualcomm. The letter on October 22nd is actually not new news in the sense of alleging these breaches. It has been in the case squarely and we anticipate that it is going to be raised by ARM in response to the arguments that we have regarding the fact that our products are licensed."

*Id.* at 14:18-24.  Qualcomm's counsel stated earlier in that same hearing that "with respect to Qualcomm's alleged breach under the Qualcomm ALA, Arm itself has put that in the case starting at the very beginning" and that "[w]hen you go to their answer at DI 21, they say … [Qualcomm is] also materially breaching its ALA with Arm." *Id.* at 13:10-16. Qualcomm candidly admitted "as early as November 15, 2022, in DI 21, … they say Qualcomm is materially breaching its own ALA and giving ARM the right to terminate that agreement."  *Id.* at 13:23-14:12.  Qualcomm also acknowledged "there is at least five or six references" to this same assertion that Arm has the right to terminate the Qualcomm ALA "throughout [Arm's] pleading" in November 2022. *Id.*

**Arm's Alleged Publication of Arm's October 2024 Letter Did Not
Interfere With Qualcomm's Business Opportunities Because Qualcomm Admits
It Had An Obligation To Publish—And Did Publish—Arm's October 2024 Letter**

On October 22, 2024 Arm sent a notice of material breach ("October 22 Notice") to Qualcomm that echoed its public statements in its November 15, 2022 and April 11, 2024 Answers, including that:

> "The Qualcomm ALA permits Qualcomm to seek support and verification solely for CPU designs created by Qualcomm employees, at a time when they were Qualcomm employees. Qualcomm is only permitted to market an Architecture Compliant Core if Qualcomm has complied in all respects with the requirements of

the Qualcomm ALA and completed the verification procedures provided therein. And Qualcomm is entitled to seek contractual remedies solely for CPU designs that fall within the scope of the ALA. These obligations are reflected in multiple places in the Qualcomm ALA, including but not limited to ███████████████ ███████████████

Qualcomm has systematically and willfully breached these obligations, and its breaches have accelerated and expanded in recent months. Specifically, Qualcomm has developed CPUs and marketed multiple products that contain CPUs that use designs, technology, and code created by Nuvia employees at the time when Nuvia was a third party (hereinafter 'Nuvia designs'). Recently, Qualcomm has sought support and verification for additional designs that reuse the Nuvia designs. Qualcomm and Nuvia have willfully refused to discontinue use of the Nuvia designs despite the independent obligations provided by Section 15.1 of the Nuvia ALA upon termination. And Qualcomm initiated and continues to prosecute contractual claims that arise from Qualcomm's improper conduct with respect to these unlicensed cores.

Due to Qualcomm's willful, ongoing, and renewed actions, Qualcomm is in material breach of the Qualcomm ALA."

10/22/2024 Arm Breach Notice to Qualcomm (ARMQC_02749015). No terms or provisions of the Qualcomm ALA were quoted in Arm's notice of material breach. *Id.* Qualcomm responded on October 28, 2024. 10/28/2024 Qualcomm Ltr. to Arm. Qualcomm made a summary of the contents of both notices available to the public on November 6, 2024. Qualcomm 10-K Annual Report (November 6, 2024).

On January 8, 2025, Arm withdrew its October 22 Notice, stating that:

The Qualcomm ALA was the subject of an incomplete jury verdict on December 20 that found in Qualcomm's favor. That verdict is not final and is subject to a variety of legal challenges. Nonetheless, Arm respects and values the jury process and the Court's ongoing role in resolving the parties' disputes. As a result, and while Arm's ongoing legal challenges are pending, Arm will treat the Nuvia CPUs as falling within the scope of the Qualcomm ALA, and Arm therefore withdraws the pending October 22, 2024 notice of material breach. Arm has no current plan to terminate the Qualcomm ALA until the legal process resolves the parties' disputes over the Qualcomm ALA. Arm also conditionally accepts Qualcomm's one-time, five-year year extension under which the Qualcomm ALA will expire in 2033. Pursuant to separate correspondence, Arm intends to provide support for the Nuvia CPUs, including support and verification services, while the related legal challenges remain outstanding.

Arm's prior correspondence and relevant court filings in the Delaware litigation reflect Arm's legal position regarding the scope of the Qualcomm ALA and the required actions that Nuvia acting in concert with Qualcomm must take in light of

the termination of the Nuvia ALA on March 1, 2022. Arm's future legal filing will reflect its legal position regarding the non-final verdict, a new trial and judgment in the legal case. Arm reserves all rights and none of Arm's conduct, support and verification reflects a waiver of Arm's present or future rights or claims.

1/8/2025 Arm Ltr. to Qualcomm (QCVARM_0847182). Qualcomm and Arm exchanged further correspondence on January 22 and 30. 1/22/2025 Qualcomm Ltr. to Arm (QCVARM_0847182); 1/30/2025 Arm Ltr. to Qualcomm (QCVARM_0847184).

On November 6, 2024 Qualcomm publicly described Arm's October 22 Notice in its Annual Report to investors:

On October 22, 2024, Arm provided us with a notice alleging that we have breached the Qualcomm ALA by marketing products that contain CPUs that Arm alleges use designs, technology and code created by Nuvia employees prior to our acquisition of Nuvia; by seeking support and verification from Arm for additional products that use such alleged designs, technology and code; and by suing Arm for breach of the Qualcomm ALA. Arm's notice asserts that it will have the right to terminate the Qualcomm ALA if such alleged breaches are not cured within 60 days of such notice.

Qualcomm 10-K Annual Report (November 6, 2024).

On December 16, 2024 Qualcomm filed a public version of its First Amended Complaint in this case in which it publicly described Arm's October 22, 2024 notice of material breach, stating that "Arm sent Qualcomm a notice of material breach purporting to have the right to terminate Qualcomm's own license," described the contents of the letter, and publicly filed a redacted copy of the notice of material breach. A redacted copy of Arm's October 22, 2024 notice of material breach was and remains accessible to any member of the public, including online though the Court's public docket in *Arm v. Qualcomm*, No. 22-1146. D.I. 39 at 2, 8-9, 32-35; D.I. 39-1.

On January 22, 2025, Qualcomm wrote to Arm and stated that the parties' correspondence on this issue was not confidential, and that Qualcomm was "required by law" to publicly disclose the correspondence in its filings with the U.S. Securities & Exchange Commission, and that "in filings with the U.S. Securities & Exchange Commission, Qualcomm has disclosed Arm's October 22 notice":

"Even if that [January 8, 2025] letter [withdrawing the October 22, 2024 notice of material breach] were itself 'Confidential'—and it is not—Qualcomm is nevertheless required by law to disclose the fact that Arm has withdrawn that notice and indicated that it has no current plan to terminate the Qualcomm ALA pending resolution of challenges to the jury verdict. For instance, in filings with the U.S. Securities & Exchange Commission, Qualcomm has disclosed Arm's October 22 notice and Arm's threats to terminate the Qualcomm ALA. Qualcomm intends to update those disclosures in light of Arm's withdrawal of that notice and statement that it does not currently intend to terminate the Qualcomm ALA pending resolution of challenges to the jury verdict. We presume you have no objection to this legally required update."

1/22/2025 Qualcomm Ltr. to Arm (QCVARM_0847182).

On February 5, 2025 Qualcomm publicly described Arm's January 8, 2025 letter in its

Quarterly Report:

On January 8, 2025, Arm notified us that it was withdrawing its October 22, 2024 notice of breach and indicated that it has no current plan to terminate the Qualcomm ALA, while reserving its rights pending the outcome of the ongoing litigation.

Qualcomm 10-Q Quarterly Report (February 5, 2025). Cristiano Amon also publicly

described Arm's communication in its public investor conference call on February 5, 2025.

### Arm's Actions Did Not Interfere With Any Of Qualcomm's Business Opportunities With █████████

The business opportunities Qualcomm alleges it lost are not due to Arm's actions, and

Arm's conduct did not amount to intentional or negligent interference with Qualcomm's business

relationships with ████████ or ████████

Regarding ███, Qualcomm contends that "[a]fter the Breach Letter was published, [███]

delayed finalizing a termsheet for an agreement under which Qualcomm would design that custom

chip and requested inclusion of language related to Qualcomm's chip development capabilities.

[███] has stated to Qualcomm that before it finalizes that termsheet, it must first understand the

implications of termination of the QC ALA on Qualcomm's ability to deliver the custom chips in

question." SAC ¶ 159. Qualcomm has failed to identify the termsheet in question let alone any

documents relevant to its theory that its business relationship with ███ was harmed by Arm.

Further, any delay in the finalization of that termsheet is due to factors other than Arm's actions, including Qualcomm's own business practices.

Regarding ████████████, Qualcomm contends that "████████ had informed Qualcomm that it was designing a new mobile phone that would rely on Qualcomm's innovative Snapdragon® 8-Elite SoC. After learning that Arm was threatening to terminate the QC ALA, however, a senior executive of [████████] informed a senior Qualcomm executive that the customer's legal and intellectual-property teams would need to confer with their counterparts at Qualcomm. ████████ has also insisted on Qualcomm's providing additional reassurances before it will extend its existing business relationship with Qualcomm." SAC ¶ 158. Qualcomm has failed to identify any lost opportunity with ████████, and any loss of an "exten[sion]" to its relationship with ████████ is due to factors other than Arm's actions, including Qualcomm's own business practices.

**Qualcomm's Claims Are Barred By _Noerr-Pennington_ And California's Litigation Privilege**

As a matter of law, Arm's alleged conduct is related to litigation and therefore not actionable. _Noerr-Pennington_ immunizes parties from liability "for engaging in conduct (including litigation) aimed at influencing decision making by the government." _Avaya Inc., RP v. Telecom Labs, Inc._, 838 F.3d 354, 413 (3d Cir. 2016). The _Noerr-Pennington_ doctrine protects "conduct incidental to the prosecution of [a] suit," _Sosa v. DIRECTV, Inc._, 437 F.3d 923, 934-35 (9th Cir. 2006), including "demand letter[s] or cease-and-desist letter[s]." _UMG Recordings, Inc. v. Glob. Eagle Ent., Inc._, 117 F. Supp. 3d 1092, 1113 (C.D. Cal. 2015); _Sweet St. Desserts, Inc. v. Chudleigh's Ltd._, 655 F. App'x 103, 111 (3d Cir. 2016) ("cease-and-desist letter" "protected under _Noerr-Pennington_"); _Magnetar Techs. Corp. v. Six Flags Theme Parks Inc._, C.A. No. 07-127-LPS, 2011 WL 678707, at *2 (D. Del. Feb. 18, 2011) (similar).

Courts also apply _Noerr-Pennington_ immunity when plaintiffs bring tortious interference

and other claims based on purported communications about litigation to customers. *See, e.g.*, *Evanger's Dog & Cat Food Co. v. Env't Democracy Project*, No. CV 21-08489, 2022 WL 180205, at *1, *4 (C.D. Cal. Jan. 20, 2022) (dismissing claims arising out of letter to plaintiff's customer); *Fitbit, Inc. v. Laguna 2, LLC*, No. 17-cv-00079- EMC, 2018 WL 306724, at *10 (N.D. Cal. Jan. 5, 2018) (claims based on contacting customers regarding pre-suit demand letter barred by *Noerr-Pennington*).

California's litigation privilege also protects Arm's letter (and the alleged publicizing of that letter) from Qualcomm's tortious interference claims. The "litigation privilege is … absolute in nature," *Silberg v. Anderson*, 50 Cal. 3d 205, 215 (1990), and protects not only statements made in litigation, but also "out-of-court statements 'to nonparties who have a substantial interest in the outcome of the pending litigation,'" *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, 814 F. Supp. 2d 1033, 1040-41 (S.D. Cal. Aug. 29, 2011); *see also Cargill v. Progressive Dairy Sols., Inc.*, No. CV-F-07-0349-LJO-SMS, 2008 WL 2235354, at *6 (E.D. Cal. May 29, 2008) ("news release" "inform[ing] the recipients of the … claims asserted" protected by the privilege); *Designing Health, Inc. v. Erasmus*, No. CV-98-4758 LGB (CWx), 2001 WL 36239748, at *3-4 (C.D. Cal. Apr. 24, 2001) (similar). Arm's letter was made during litigation with Qualcomm regarding Arm's claims. Such publications are protected under California law. *Cargill*, 2008 WL 2235354, at *6.

### Qualcomm Has Not Identified Any Independently Wrongful Conduct

To plead intentional interference with prospective economic advantage, Qualcomm must allege "intentionally wrongful act(s) designed to disrupt the relationship." *See Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.,* 2 Cal. 5th 505, 512 (2017). This element requires "independently wrongful" conduct, defined as conduct "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.,*

19 Cal. 4th 1134, 1159 (2003). Even if a plaintiff alleges some sort of interference with economic advantage, courts dismiss intentional interference claims where the plaintiff still does not allege conduct "wrongful by some legal measure," *Golden v. Sound Inpatient Physicians Med. Grp., Inc.,* 93 F. Supp. 3d 1171, 1178 (E.D. Cal. 2015), or that the conduct "violated any other law, which is a necessary element of intentional interference with economic relations," *Republican Nat'l Comm. v. Google LLC,* 2024 WL 3595538, at *1 (E.D. Cal. July 31, 2024).

Qualcomm has already conceded that breach-of-contract does *not* satisfy the independently-wrongful-acts requirement. D.I. 64 at 13; *see Block v. eBay, Inc.,* 2012 WL 1601471, at *5 (N.D. Cal. May 7, 2012). Allegations that Arm leaked the breach letter or made statements to customers, SAC ¶ 192, likewise do not show violations of "other law," particularly where Qualcomm fails to plead UCL claims and where that conduct is protected by *Noerr-Pennington*. Qualcomm's negligent tortious interference claim fails for the same reason: Arm has "failed to allege facts showing that defendants engaged in an act that is wrongful apart from the interference itself." *See TriCoast Builders, Inc. v. Lakeview Loan Servicing, LLC*, 2021 WL 248316, at *5 (Cal. Ct. App. Jan. 26, 2021) (quotations omitted).

## Qualcomm Has Not Established That Arm Owed Any Duties To Qualcomm

With respect to Qualcomm's negligent interference claim, Arm did not owe Qualcomm a duty of care. California law imposes a duty of care via contract only if the contract itself contains that duty. *See*, *e.g.*, *Golick v. State of California*, 82 Cal. App. 5th 1127, 1150 (2022) (no duty where plaintiffs did not show contract included "duty to protect"); *Jane Doe No. 1 v. Uber Techs., Inc.*, 79 Cal. App. 5th 410, 423 (2022) (no duty where contract did not contain "express promise"). Even "[t]he implied covenant of good faith and fair dealing is a contractual relationship and does not give rise to an independent duty of care." *Ragland v. U.S. Bank*, 209 Cal. App. 4th 182, 206 (2012).

Qualcomm also cannot establish a duty of care where Qualcomm and Arm are allegedly competitors. Qualcomm repeatedly alleges that Qualcomm and Arm have "competing CPU designs," and that Arm is seeking to "compete … with Qualcomm." SAC ¶¶ 1, 5; *see also id.* ¶¶ 35, 52, 70–74, 160, 165. But "[t]here is no duty of care between competitors under California law." *Singman v. NBA Props., Inc,* 2014 WL 7892049, at \*5 (C.D. Cal. Jan. 17, 2014); *Stolz v. Wong Commc'ns Ltd. P'ship,* 25 Cal. App. 4th 1811, 1825 (1994).

### Qualcomm's Claims Are Barred By Unclean Hands

Qualcomm's allegations regarding Arm's interference with Qualcomm's customer relationships is also barred by the equitable doctrine of unclean hands. "One who comes into equity must come with clean hands and keep those hands clean throughout the pendency of the litigation even to the time of ultimate disposition by an appellate court." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310 (D. Del. 2005) (quoting *Gaudiosi v. Mellon*, 269 F.2d 873, 881 (3d Cir. 1959)). "The clean hands maxim gives broad discretion to the court's equity power in refusing to aid an unclean hands litigant." *Id.* "Any willful act, which can rightfully be said to transgress equitable standards, is sufficient." *Id.* at 311.

"The equitable doctrine of unclean hands applies when a party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." *Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 449 (3d Cir. 2024) (quoting *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001)). "The misconduct must be rooted in 'fraud, unconscionable conduct, or bad faith ... that injures the other party and affects the balance of equities.'" *Id.* at 450 (quoting *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 147 n.12 (3d Cir. 1999)).

Courts have found unclean hands where the plaintiff engaged in the same (inequitable) conduct it accuses a defendant of. *See, e.g.*, *Emco, Inc. v. Obst*, No. CV03-6432-R (RZX), 2004

WL 1737355, at *4–6 (C.D. Cal. May 7, 2004) (in a Lanham Act case where plaintiff accused defendant of falsely advertising that its blades were manufactured in the United States, the court found that defendant had proven its affirmative defense of unclean hands as a matter of law because plaintiff's "Americut" blades—which plaintiff promoted with classic American symbols such as the American flag and Statue of Liberty—were similarly manufactured overseas); *Haagen-Dazs, Inc. v. Frusen Gladje Ltd.*, 493 F. Supp. 73, 75–76 (S.D.N.Y. 1980) (denying plaintiff's motion for a preliminary injunction due to plaintiff's unclean hands in accusing defendant of falsely using Swedish motifs to suggest that its products were not of domestic origin, when plaintiff had done similarly). Qualcomm published Arm's October 2024 letter just days after Arm did. Further, on March 25, 2025, Bloomberg published a story concerning Qualcomm's non-public complaints of anticompetitive behavior at the European Commission, US Federal Trade Commission, and Korea Fair Trade Commission. Josh Sisco & Ian King, *Qualcomm Takes Legal Fight with Arm to Global Antitrust Agencies*, Bloomberg News (Mar. 25, 2025, 3:55 PM CDT), https://www.bloomberg.com/news/articles/2025-03-25/qualcomm-takes-legal-fight-with-arm-to-global-antitrust-agencies. Qualcomm's publication of Arm's letter, and non-public litigation materials to Bloomberg bar its claims against Arm under the doctrine of unclean hands.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8 (June 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory. Subject to and without waiver of its general and specific objections, Arm further responds as follows:

Arm further responds that Qualcomm's witness Mr. Cristiano Amon, Qualcomm's President and Chief Executive Officer and corporate designee on harm resulting from Arm's alleged tortious interference (*see, e.g.*, Arm's Fed. R. Civ. P. 30(b)(6) Topic No. 56), testified that

Qualcomm's allegations of harm resulting from the October 22 Notice and Bloomberg article are based on Arm's allegations in the lawsuit. For example, Mr. Amon testified as follows:

> Q. Is it your view that Qualcomm suffered harm because its customers were



Amon Dep. Tr. (Rough) at 161:15-162:19; *see also id.* at 146:13-147:7. Mr. Amon's testimony confirms that Qualcomm's allegations of harm resulting from the October 22 Notice and Bloomberg article relate squarely to the litigation and Arm's litigation-related conduct. Accordingly, Qualcomm's claims for tortious interference are barred by *Noerr-Pennington* and California's Litigation Privilege.

Regarding ▇▇, Arm further responds that Qualcomm still has failed to identify any harm to its business relationship with ▇▇, let along any harm that was caused by Arm. In particular, the material business terms agreed between Qualcomm and ▇▇ were unaffected by the October 22 Notice. For example, Qualcomm's witness Mr. Pavankumar Mulabagal, Qualcomm's corporate designee on Arm's Fed. R. Civ. P. 30(b)(6) Topic Nos. 51 ("All communications between Qualcomm and ▇▇, including the timing of such communications, surrounding Qualcomm's

contention that Arm intentionally and/or negligently interfered with Qualcomm's relationship with

█████ ") and 58 ("The factual basis for Your contention that Arm had knowledge of Your existing

or prospective business relationship with ████, including when and how Arm first became aware

of the relationship"), testified ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████. *See, e.g.*, Mulabagal Dep. Tr. at 35:18-36:15.

Nor did the October 22 Notice and Bloomberg article materially delay Qualcomm's business dealings with ████. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ *See, e.g., id.* at 49:6-63:4; QCVARM_0864924;

QCVARM_0864933; QCVARM_0864833. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Mulabagal Dep. Tr. at 47:17-48:15. And,

Mr. Mulabagal testified that ████████████████████████████████

████████████████████████████████████████████████

████████████████████ *Id.* at 88:22-89:15. ████████████████

████████████████████████████████████████████████

████████████████ *See, e.g., id.* at 57:5-58:3. The October 22 Notice and Bloomberg article

therefore did not alter Qualcomm's and ████ development timeline.

Arm's dealings with ████ also did not impact Qualcomm's dealings. ████████

████████████████████████████████████████████████

 *See id.* at 94:7-98:22.  Qualcomm

therefore cannot point to any actionable harm to its business relationship with ████, let alone harm

that was caused by Arm.

Regarding ████████ Arm further responds that Qualcomm still has failed to identify any

harm to its business relationship with ████████ that was caused by Arm.  Qualcomm's business

relationship with ████████ had instead become increasingly strained in the years preceding the

October 22 Notice because of Qualcomm's decision to ████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████ *See, e.g.*, Amon Dep. Tr.

(Rough) at 264:2-275:25.  Predating the October 22 Notice, Mr. Amon ████████████████

██████████████████████████████████████████ *See, e.g.*, *id.* at

266:2-8.  Any harm to Qualcomm's business relationship with ████████ was Qualcomm's own

doing and unrelated to any actions by Arm.

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies

the following documents from which information responsive to the non-objectionable scope of this

Interrogatory may be derived: QCVARM_0865022, QCVARM_0864924, QCVARM_0864933,

QCVARM_0864833,    QCVARM_0865420,    QCVARM_0865236,    QCVARM_0865430,

QCARM_3425702,    QCARM_3534037,    QCVARM_0856270,    QCVARM_0856888,

QCVARM_1069082,    QCVARM_1069106,    QCARM_3533982,    QCARM_7484460,

QCARM_7484463,    QCVARM_0467694,    QCVARM_1069945,    QCVARM_1070005,

QCVARM_1118617,    QCARM_7515834,    QCVARM_0464076,    QCVARM_0464128;

QCVARM_0464495,    QCVARM_0465604,    QCVARM_0600730,    QCVARM_0601923,

QCVARM_0608314,    QCVARM_1068645,    QCVARM_1118760,    QCVARM_1119347,

QCVARM_0848786.

Arm further incorporates by reference the testimony of the following witnesses: Pavankumar Mulabagal, Cristiano Amon, and Spencer Collins, including the documents used at each of those depositions..

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**INTERROGATORY NO. 9:**

Identify and describe in detail the complete factual and legal bases for Your contention, if any, that Your conduct as identified in Paragraphs 204-212 of the Second Amended Complaint does not constitute a violation of unfair competition law under the California Unfair Competition Law. Your response should include an identification of all documents by Bates numbers that you intend to rely upon to support your contention.

**RESPONSE TO INTERROGATORY NO. 9 (JUNE 16, 2025):**

Arm incorporates its General Objections as if fully asserted herein. Arm objects to this Interrogatory as it is premature, overly broad, and unduly burdensome.  Arm objects to this Interrogatory to the extent it calls for a legal conclusion.  Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

Qualcomm asserts that Arm violated the California Unfair Competition Law ("UCL") by allegedly (1) withholding deliverables under the Qualcomm ALA and TLA; (2) misrepresenting to

A0302

Qualcomm that it was not withholding deliverables; (3) "wrongfully" asserting that it has the right to terminate the QC ALA; (4) refusing to negotiate licensing terms with Qualcomm in good faith; (5) threatening or attempting to cut off Qualcomm's access to Arm's ISA; (6) leaking its October 22, 2024 letter to the media; (7) interfering or attempting to interfere with Qualcomm's customer relationships; and (8) making misleading statements to Qualcomm's customers to pressure them not to acquire products from Qualcomm.  SAC ¶¶ 206–07.  None of this conduct constitutes "a violation of unfair competition law" under the UCL.

To bring a claim under the UCL, Qualcomm must show that Arm engages in an "unfair, unlawful, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Qualcomm has indicated its allegations implicate the "unfair" and "unlawful" prongs.  Arm's conduct is not unfair or unlawful.

There are two tests courts use to determine whether conduct is "unfair" under the UCL. First, when a business competitor brings a UCL claim, California courts apply a "tethering test" that examines whether the conduct "[1] threatens an incipient violation of an antitrust law, or [2] violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or [3] otherwise significantly threatens or harms competition."  *Cel-Tech Comm'cns, Inc. v. L.A. Cell. Tel. Co.,* 20 Cal.4th 163, 187 (1999).  The claim must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  *Zhejiang Yuanzheng Auto*, 2023 WL 4317189, at *12 (citing *Cel-Tech Comm'cns, Inc. v. L.A. Cell. Tel. Co.,* 20 Cal.4th 163, 186–87 (1999)).  A party's conduct "violates the policy or spirit of the antitrust laws" where "the effect of the conduct is comparable to or the same as a violation of the antitrust laws, [] or it otherwise significantly threatens or harms competition."  *People's Choice Wireless*, 131 Cal. App. 4th at 662 (citing *Cel-Tech*, 20 Cal. 4th at 187).  Second, in consumer actions, California courts apply a "balancing test" which "weigh[s] the utility of the defendant's

conduct against the gravity of the harm to the alleged victim." *Id.* (simplified). Finally, the "unlawful" prong requires Qualcomm to prove that Arm violated a federal, state, or local law. *See Olson v. World Fin. Grp. Ins. Agency, LLC*, 2024 WL 4668515, at *8 (N.D. Cal. Nov. 4, 2024). Arm's alleged conduct does not violate the UCL under either the "unfair" prong—including under both the tethering and balancing tests—or "unlawful" prong.

### **Arm's Alleged Conduct Does Not Violate the UCL Under The Tethering Test**

As a threshold matter, Qualcomm's allegations about Arm's allegedly unfair conduct suffer from two fatal flaws. For one, Qualcomm "does not identify an antitrust law or a policy or spirit of such a law." *Roberson v. Pocker*, 2024 WL 2984026, at *10 (C.D. Cal. Apr. 3, 2024) (granting dismissal); *see also Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002) (affirming dismissal where "complaint allege[d] that Albertson's acted with a motive to secure an advantage over competitors" but did "not state a theory of unfair practice based on violation of specific anti-trust statutes or policies of anti-trust legislation"). Qualcomm cannot make the "unusual" showing that Arm somehow "violate[d] the 'policy and spirit' of the antitrust laws without violating the actual laws themselves." *Synopsys, Inc. v. ATopTech, Inc.,* 2015 WL 4719048, at *10 (N.D. Cal. Aug. 7, 2015). For another, Qualcomm fails to identify any relevant market in which Arm's conduct allegedly threatens competition and has affirmatively represented that it "does not intend to offer a market definition to support its" UCL claim. 4/9/25 Ltr. From C. Nyardy at 4. But "without a definition of [the] market there is no way to measure [Arm's] ability to lessen or destroy competition." *Ohio v. Am. Express*, 585 U.S. 529, 543 (2018); *Racek v. Rady Children's Hosp. of San Diego*, 2012 WL 2947881, *6 (Cal. App. July 20, 2012); *Sun Microsystems, Inc. v. Microsoft Corp.*, 87 F. Supp. 2d 992 (N.D. Cal. 2000); *Vox Network Sols., Inc. v. Gage Tech., Inc.*, 2025 WL 929939, *5 (N.D. Cal. Mar. 27, 2025) (dismissing claim under UCL's "unfair" prong, where plaintiff failed to identify relevant market); *Reilly v. Apple Inc.*, 578 F.Supp.3d 1098, 1106-1111

(N.D. Cal. 2022) (same where plaintiff alleged only implausible market). Qualcomm's allegations thus beg the question: "Competition" with what products, or with whom?

Although the legal inquiry should end there, Arm's conduct nevertheless does not satisfy any of the respective tests under the UCL or constitute a violation of that law. Qualcomm's continued refusal to identify the antitrust laws implicated by Arm's conduct or the relevant market(s) in which Arm's conduct allegedly threatens competition makes it impossible for Arm to provide the "complete factual and legal bases" supporting Arm's contention that its "conduct as identified in Paragraphs 204-212 of the Second Amended Complaint does not constitute a violation of unfair competition law under the California Unfair Competition Law." Arm's analysis is thus limited to Qualcomm's present allegations and representations, and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory to the extent Qualcomm clarifies its claim.

Qualcomm alleges that Arm acted unfairly by "withholding deliverables" it must provide "under the Qualcomm ALA and TLA," "misrepresenting to Qualcomm that it was not withholding deliverables," "asserting that it has the right to terminate the QC ALA without any basis in the QC ALA for those assertions," and "refusing to negotiate license terms with Qualcomm in good faith." SAC ¶ 206. These allegations assert that Arm breached its contracts with Qualcomm, but corporate plaintiffs may not bootstrap contract claims into UCL violations. *See, e.g.*, *Martin Saturn of Ontario, Inc. v. Suburu of Am. Inc.*, 2023 WL 9417499, *8 (C.D. Cal. July 21, 2023); *Dollar Tree Stores Inc. v. Toyama Partners LLC*, 875 F. Supp. 2d 1058, 1083 (N.D. Cal. 2012); *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003) (concluding harm was contractual, but not a UCL violation); *Mazal Grp. LLC v. Espana*, 2017 WL 6001721, at *4 (C.D. Cal. Dec. 5, 2017) (dismissing UCL claim when plaintiff did not include any specific allegations regarding the unfair prong and simply incorporated breach of contract allegations)). As Qualcomm itself has argued, it

"makes little sense to hold that contract disputes between 'the world's most sophisticated companies,' [*Fed. Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 997 (9th Cir. 2020)], could give rise to an independent UCL claim."  Qualcomm Answering Br., *Key v. Qualcomm*, No. 23-3354, D.I. 22.1 at 48 (Apr. 26, 2024) (citing *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008)).  Qualcomm's assertion that Arm refused to negotiate license terms with Qualcomm in good faith is barred by the statute of limitations.

To the extent Qualcomm alleges that any of Arm's conduct was aimed at "threatening or attempting to cut off Qualcomm's access to the ubiquitous Arm ISA," SAC ¶ 207, such conduct still does not constitute a violation of the UCL.  As Qualcomm itself has argued, "an antitrust duty to deal with" or license others is "far outside the mainstream of antitrust law." Qualcomm Answering Br., *Key v. Qualcomm*, No. 23-3354, D.I. 22.1 at 30 (Apr. 26, 2024); *see also Verizon Comm'cns, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407-411 (2004) ("As a general rule, businesses are free to choose the parties with whom they will deal, as well as the prices, terms, and conditions of that dealing." (quoting *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919)); *FTC v. Qualcomm*, 969 F.3d 974 (9th Cir. 2020) ("As the Supreme Court has repeatedly emphasized, there is no duty to deal under the terms and conditions preferred by [a competitor's] rivals."); *Simon and Simon, PC v. Align Tech., Inc.*, 2020 WL 1975139, *3-6 (D. Del. Apr. 24, 2020).  It is completely beyond the reach of antitrust law here given Qualcomm has disclaimed any argument that Arm is attempting to exercise monopoly power.  4/28/25 Ltr. From C. Nyardy at 1 ("As the … SAC make[s] clear, Qualcomm is not asserting a claim for monopolization under Section 2 of the Sherman Act; it is asserting a claim under the UCL's 'unfair' prong."); SAC ¶ 207 (striking monopoly allegation).  "[I]n the absence of any purpose to create or maintain a monopoly," antitrust law "does not restrict the long-recognized right of a trader or manufacturer engaged in an entirely private business, freely to exercise his own independent

**A0306**

discretion as to parties with whom he will deal." *United States v. Colgate & Co.*, 250 U.S. 300, 308 (1919); *Trinko*, 540 U.S. at 408. For that reason, California courts have consistently held a purported refusal to deal "is neither unlawful nor unfair" as a matter of law for purposes of the UCL. *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 367 (2001); *see also Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 254; *Beverage v. Apple Inc.*, 101 Cal. App. 5th 749-50, 753-56 (2024); *People's Choice Wireless, Inc. v. Verizon Wireless,* 131 Cal. App. 4th 656, 668 (2005) (explaining that though it is true an antitrust violation is not necessary under the UCL, "[t]he allegations here are simply too far removed from cognizable antitrust evils to warrant intervention by a California court").

Also, to the extent Qualcomm's allegation that Arm "refus[ed] to negotiate license terms with Qualcomm in good faith," SAC ¶ 206, refers to the claim that Arm violated the implied covenant of good faith and fair dealing by allegedly refusing to negotiate a license to v10 of the Arm ISA, both the breach of contract and "refusal to deal" principles explained above preclude UCL liability premised on such conduct.

Next, Arm did not violate the UCL by allegedly "interfering or attempting to interfere with Qualcomm's relationships with Qualcomm's current and prospective customers," "leaking the Breach letter to the media," and "making misleading statements to Qualcomm's customers to pressure them not to acquire products from Qualcomm." SAC ¶¶ 206–07. The policy and spirit behind the antitrust laws protect against harm "to *competition itself*, not merely to competitors." *FTC v. Qualcomm, Inc.*, 969 F.3d 974, 996 (9th Cir. 2020). In its recent filings, Qualcomm indicated its view for the first time that Arm acted unfairly in order to "gain market share as a chip designer." Qualcomm nowhere alleges or explains how this or any other alleged conduct broadly undermines a competitive market or consumers, or harms any alleged competitor other than Qualcomm. And in any event, Arm has virtually no market share today in a so-called "chip design

market."

Further, because Arm's statements in Arm's October 22, 2024 letter are true, they cannot serve as a basis for "unfair" or anticompetitive conduct. *See Digene Corp. v. Third Wave Techs., Inc.*, 536 F. Supp. 2d 996, 1006 (W.D. Wis. 2008), aff'd, 323 F. App'x 902 (Fed. Cir. 2009); *Gen. Commc'ns Eng'g, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 421 F. Supp. 274, 290 (N.D. Cal. 1976) (holding that "salesman puff" does not violate antitrust laws). The antitrust laws are generally unconcerned with the content of competitive speech, even critical or derogatory speech. *See Schachar v. Am. Acad. Of Ophthalmology*, 870 F.2d 397, 399 (7th Cir. 1989) ("Antitrust law does not compel your competitor to praise your product or sponsor your work. To require cooperation or friendliness among rivals is to undercut the intellectual foundations of antitrust law."); *cf. Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n*, 937 F. Supp. 435 ("Antitrust laws do not exist to stifle speech … Thus, any stigma that MSL has suffered because of ABA's not listing MSL as an accredited school does not provide the necessary offensive *conduct* for antitrust liability.").

### Arm's Alleged Conduct Does Not Violate the UCL Under The Balancing Test

The balancing test asks "whether the challenged business practice is 'immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *In re Adobe Systems, Inc. Privacy Litigation*, 66 F. Supp. 1197, 1226 (N.D. Cal. 2014). Qualcomm does not properly qualify as a consumer such that the consumer balancing test should apply. Even if Qualcomm could constitute a consumer under the test, for the same reasons outlined above, Arm's business practices are pro-competitive, foster innovation, and benefit consumers, meaning they are not immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of Arm's conduct far outweighs any potential harm to Qualcomm. *See Drum v. San Fernando Valley*

*Bar Association.*, 182 Cal. App. 4th 247, 257 (2010).

Arm's business model is inherently pro-competitive and beneficial to consumers. Arm's decision to license its ISA designs enables business partners to innovate, meet consumer demands across a diverse range of applications, and provide differentiated products. That, in turn, increases consumer choice and competition—including against Arm's own CPUs—resulting in lower consumer prices. And, Arm's licenses for its market-leading, ready-to-use CPUs offer partners an opportunity to bypass the enormous costs associated with CPU development and instead reallocate those resources towards innovating their products in other ways. Arm's partners can thereby speed up their time-to-market and fill more areas of consumer need, all while passing along their savings to consumers. Arm's practices are "reasonable and consistent with current industry practice," and "reduc[e] 'transaction costs and complexities'" for consumers. Qualcomm Answering Br., *Key v. Qualcomm*, No. 23-3354, D.I. 22.1 at 47–48 (Apr. 26, 2024) (citing *FTC v. Qualcomm*, 969 F.3d 974, 996 n.17, 996 (9th Cir. 2020)). Any alleged business-related harms Qualcomm may have suffered do not outweigh the pro-competitive benefits and practical utility of Arm's business practices.

## Arm's Alleged Conduct Does Not Violate the UCL Under The Unlawful Prong

To succeed under the "unlawful" prong of the UCL, Qualcomm must allege "a violation of another law [as a] predicate for stating a cause of action under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007); *Gopher Media LLC v. Melone*, 2023 WL 8790266, at *15 (Dec. 19, 2023 S.D. Cal) ("To prevail on a claim under the unlawful prong of the [UCL], the plaintiff must show that a challenged [conduct] violates any federal or California statute or regulation." (citation omitted)). Qualcomm alleges that "Arm's conduct is … unlawful because it violates California common law, including state law prohibiting intentional and negligent interference with prospective economic advantage." SAC ¶ 209. But a

common law claim cannot form the predicate for a UCL claim. *See Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1044 (9th Cir. 2010), ("[A] common law violation such as breach of contract is insufficient … Because [plaintiff] does not go beyond alleging a violation of common law, he fails to state a claim under the unlawful prong of § 17200."); *Mazal Group, LLC v. Espana*, 2017 WL 6001721, at *4 (C.D. Cal. Dec. 4, 2017) (granting MTD on UCL claim when plaintiff did not go beyond alleging a violation of common law). And, in any event, Qualcomm's argument is circular. Qualcomm contends Arm's conduct is unlawful because it tortiously interfered with Qualcomm's economic advantage, SAC ¶ 209, and simultaneously contends Arm's conduct is wrongful for purposes of that tort because the conduct violates the UCL. Such circular reasoning cannot satisfy the elements of either claim.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9 (July 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory. Subject to and without waiver of its general and specific objections, Arm further responds as follows:

Qualcomm claims that Arm acted "unfair[ly]" by sending Qualcomm a letter on October 22, 2024 to notify Qualcomm that it was in material breach of the Qualcomm ALA. SAC ¶ 206. But, two years prior, Qualcomm itself sent threatening letters to Arm with baseless claims that Arm breached the ALA. On November 3, 2022 and December 5, 2022, Qualcomm sent notice letters to Arm alleging that, "[b]y refusing to provide the OOB, ARM has failed to comply with its obligations under ███████████████████████████████ . . . of the ALA," and that "ARM has ██ days to cure any breach of ███████" Arm_01241585; ARM_00025401. Arm responded on December 6, 2022, stating that "Arm strongly disagrees with Qualcomm's claim that ██████ ██ is at issue or that provision of the OOB implicates ████████ and that "Qualcomm's letter is a

transparent and malicious effort to transform a debate about Arm's support obligations under

███████ into a weapon of economic duress through its improper invocation of █████████ Arm_01241565.  Arm's legitimate defense of its rights under the ALA two years after Qualcomm itself began weaponizing the ALA to coerce Arm cannot serve as a basis for a UCL claim.

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies the following documents from which information responsive to the non-objectionable scope of this Interrogatory may be derived: ARMQC_00001136, ARM_01259705, ARMQC_00001136, QCVARM_1068459, QCVARM_0462995, QCVARM_0528826.

Arm further incorporates by reference the testimony of the following witnesses: Lynn Couillard, Martin Weidmann, Gerard Williams, Spencer Collins, Michael Williams, William Abbey, Mark Dragicevich, Karthik Shivashankar, Cristiano Amon, Jean-Francois Vidon, Paul Williamson, Richard Meacham, Ziad Asghar, Peter Greenhalgh, Jannik Nelson, Durga Malladi, and Manju Varma, including the documents used at each of those depositions.  Arm also incorporates by reference its responses to Interrogatory Nos. 1–8, and 10–12, including the testimony and documents cited and incorporated therein (and any supplements thereto). Additionally, Arm incorporates by reference its Motion to Dismiss, D.I. 19, 28, Arm's Motion to Dismiss Qualcomm's First Amended Complaint, D.I. 48, 72, and Arm's Motion to Dismiss Qualcomm's Second Amended Complaint, D.I. 232, 233, 305.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**INTERROGATORY NO. 10:**

Identify and describe in detail the complete factual and legal bases for Your contention, if any, that You did not breach the Qualcomm ALA. Your response should include, but is not limited to, the complete factual and legal bases for any contention that you did not withhold ARM Technology or Updates or breach the implied covenant of good faith and fair dealing, and should

include an identification of all documents by Bates numbers that you intend to rely upon to support your contention.

**RESPONSE TO INTERROGATORY NO. 10 (JUNE 16, 2025):**

Arm incorporates its General Objections as if fully asserted herein.  Arm objects to this Interrogatory as it is premature, overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, to the extent it seeks "the complete factual and legal bases," without limitation.  Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules.  Arm further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

## Qualcomm's Allegations

Qualcomm alleges in its Second Amended Complaint that Arm breached ▮▮▮▮▮ of the Qualcomm ALA by allegedly withholding OOB and ACK patches. Second Amended Complaint ¶¶ 78-94.  Qualcomm alleges in its Second Amended Complaint that Arm breached an implied covenant of good faith and fair dealing under the ALA by "with[olding] deliverables that it was required to provide Qualcomm under the QC ALA" and "fail[ing] to negotiate an extension to the QC ALA that would cover future version of the architecture, including v10."  Second Amended Complaint ¶ 184.

## Arm Did Not Breach The Qualcomm ALA Based On The Alleged Withholding Of ACK And OOB

For Qualcomm's allegations that Arm breached the Qualcomm ALA based on its alleged

withholding of ACK and OOB, including based on an implied covenant of good faith and fair dealing, Arm incorporates by reference its response to Interrogatory No. 1.

Further, Qualcomm's implied covenant allegation is duplicative of Qualcomm's ███ breach claim and fails for the same reasons. *See, e.g.*, *USX Corp. v. Prime Leasing Inc.*, 988 F.2d 433, 439 (3d Cir. 1993) (holding that Plaintiff "cannot assert a claim for breach of implied covenants that is based on exactly the same acts which are said to be in breach of express covenants."); *Cision US, Inc. v. CapTech Ventures, Inc.*, No. CV 24-00063-MN-SRF, 2025 WL 1094318, at *5 (D. Del. Apr. 11, 2025) (dismissing Plaintiff's "claim for breach of the implied covenant of good faith and fair dealing … as impermissibly duplicative of its breach of contract and warranty claims.").

### Arm Did Not Breach Any Implied Covenant Of Good Faith And Fair Dealing For The Qualcomm ALA By Allegedly Failing To Negotiate A License To v10

Qualcomm alleges in its Second Amended Complaint that Arm breached an implied covenant of good faith and fair dealing under the ALA by "fail[ing] to negotiate an extension to the QC ALA that would cover future version of the architecture, including v10." Second Amended Complaint ¶ 184.

That is not true. On June 4, 2025, Will Abbey, Arm's Chief Commercial Officer, wrote to Qualcomm regarding its request for a v10 license, stating that Arm is prepared to negotiate in good faith for a v10 license and proposed a business meeting:

> Arm is prepared to negotiate in good faith over the terms of a license to the v10 architecture. As the first step in those negotiations, we propose a meeting between our commercial teams to better understand how Qualcomm intends to use the v10 architecture. That will help Arm put together an appropriately tailored licensing proposal. Please let us know a few dates Qualcomm is available for that meeting, and we will let you know our availability.

June 4, 2025 Will Abbey Letter to Roawen Chen. On June 9, Qualcomm responded, but did not address Mr. Abbey's request for a business meeting. Further, on June 13, 2025, Arm's Executive

Vice President and Chief Legal Officer Spencer Collins sent Qualcomm another letter again stating

that Arm is prepared to negotiate in good faith:

> On this basis, on June 4, 2025, Will Abbey, Arm's Chief Commercial Officer, proposed in good faith a business meeting regarding Qualcomm's request for a license to Arm's v.10 architecture. Mr. Abbey's offer to meet remains open and Arm continues to believe that such a meeting would be the most efficient path forward in response to Qualcomm's request. Please have the relevant business personnel respond to Mr. Abbey with dates that Qualcomm is available for such a meeting.
>
> \* \* \*
>
> Despite these clear limits on Qualcomm's election rights under the ALA, as we told Qualcomm in 2020, nothing prevents Arm and Qualcomm from discussing a potential license to future versions of the Arm architecture as they become available. Arm remains prepared to negotiate in good faith over the terms of a license to the v.10 architecture.

June 13, 2025 Spencer Collins Letter to Ann Chaplin.

**Arm Is Not Required To Negotiate The Terms And Conditions Of A V10 License Under The Qualcomm ALA Because Qualcomm Did Not Have The Right To Elect V10 In 2020**

Qualcomm, in any event, does not allege that Arm breached ▮▮▮▮▮▮▮ of the

Qualcomm ALA. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Qualcomm does not accuse Arm of

breaching of this Section. Any implied covenant claim based on ▮▮▮▮▮▮ thus improperly

"seeks to impose" obligations "beyond those to which the parties actually agreed." *Lamke v.*

*Sunstate Equipment Co., LLC*, 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004).

As an initial matter Arm had no obligation to negotiate an extension under ▮▮▮▮▮▮

based on Qualcomm's May 2020 email because v10 was not in development at that time, and there

were no █████████████████████████████████████████████ to elect in 2020.  In May 2020, Arm's v10 was not in development, and the parties never reached any ████ ███████ regarding any future versions of ████████████ that would be covered by a purported election.  In April 2020, Qualcomm reached out to Arm asking if anyone is working on v10 Architecture in the context of seeking an extension to the ALA █████████████████ ARM_00005340.  Arm responded that "no one is working on v10."  *Id.*  Qualcomm responded, stating that "no meaningful discussions can currently be initiated around the terms and conditions for an extension of the ALA Term to cover v10 architecture" and sought to amend the ALA.  *Id.*

On May 15, 2020 Lynn Couillard from Arm wrote to Qualcomm, stating that "[t]he intent of ███████.  is to allow for an extension of the agreement as of this point in the term of the agreement.  If there is not desire from Qualcomm to negotiate terms of an extension at this point, but rather to have a discussion around licensing the next architecture sometime in the future, then this portion of the agreement will expire" and that "there is nothing that stops us from discussing next gen architecture or entering into an agreement anytime in the future regardless of the existing agreement":

---

**From:** Lynn Couillard <Lynn.Couillard@arm.com>
**Sent:** Friday, May 15, 2020 9:49 AM
**To:** Brett Bettesworth <betteswb@qti.qualcomm.com>; Rajiv Gupta <grajiv@qti.qualcomm.com>
**Cc:** Todd Lepinski <Todd.Lepinski@arm.com>
**Subject:** [EXT] Re: V10 -->V9 architecture follow-on

Hello Brett and Rajiv, (+Todd)

The intent of section ████ s to allow for an extension of the agreement as of this point in term of the agreement.  If there is no desire from Qualcomm to negotiate terms of an extension at this point, but rather to have a discussion around licensing the next architecture sometime in the future, then this portion of the agreement will expire.  However, importantly, there is nothing that stops us from discussing next gen architecture or entering into an agreement anytime in the future regardless of the existing agreement.

Note that at the time of the v8 architecture closure, we also included ████████ which at the time had no definition, and eventually became v9.   We are in a similar situation here with regards to visibility on next generation architecture.

Please let us know if you'd like to discuss, we can set something up for next week.

Thanks
Lynn

---

ARM_00005340. Mr. Bettesworth responded five days later. He did not dispute any of Ms. Couillard's statements, including that "[t]he intent of ███████████ is to allow for an *extension* of the agreement *as of this point in term of the agreement*," and that if Qualcomm desires to "have a discussion around licensing the next architecture sometime in the future, then this portion of the agreement will expire." He elected to "go ahead and move forward with the extension":

| | |
|---|---|
| From: | Brett Bettesworth [betteswb@qti.qualcomm.com] |
| Sent: | 20/05/2020 20:05:11 |
| To: | Lynn Couillard [Lynn.Couillard@arm.com]; grajiv@qti.qualcomm.com |
| CC: | Todd Lepinski [Todd.Lepinski@arm.com] |
| Subject: | RE: V10 -->V9 architecture follow-on |
| Importance: | High |

Hi Lynn,

Thanks for your email and the note below. We will go ahead and move forward with the extension at this point, per the ALA optional election.

████████████████████████████████████████████████████████

We can discuss further at some point in the near future, but wanted to ensure that we provided timely notification of our election here, as mentioned previously.

Sincerely,
Brett

*Id.*

Arm and Qualcomm never reached any mutual agreement over what if any Arm Technology would be included in a purported extension. And to the extent any agreement was reached, it is that v10 would not be included: after Arm notified Qualcomm that v10 was not in development, Qualcomm acknowledged that "no meaningful discussions can currently be initiated around the terms and conditions for an extension of the ALA Term to cover v10 architecture" and Qualcomm did not dispute any of Ms. Couillard's statements, including that "[t]he intent of ███████████ is to allow for an extension of the agreement as of this point in term of the agreement," and that if Qualcomm desires to "have a discussion around licensing the next architecture sometime in the

future, then this portion of the agreement will expire." *Id.* Qualcomm did not follow up on that correspondence, and did not make any effort to follow up on its May 2020 correspondence until five years later, as discussed above. Instead, the parties proceeded with negotiating and finalizing an Annex 1 for v9, which was the only planned architecture at that time.

### Arm Is Not Required To Negotiate The Terms And Conditions Of A V10 License Under The Qualcomm ALA Because Qualcomm's May 2020 Emails Were Not A Valid Election

Arm was not obligated to negotiate an extension of the Qualcomm ALA because Qualcomm's May 2020 emails in which Qualcomm purported to elect to extend the ALA were not a valid election.



does not include email as a valid or effective method of providing notice under the ALA. Qualcomm's May 20, 2020 email did not give Arm proper notice of its purported election under ▮▮▮▮▮▮▮ rendering Qualcomm's purported "election" ineffective. Qualcomm did not send Arm follow-up correspondence in compliance with ▮▮▮▮▮ regarding its purported "election," and did not correspond with Arm again about its purported "election" for another five years. But even if Qualcomm had made a valid election, its assertion that Arm breached the implied covenant would be barred by the applicable statute of limitations.

### Arm Did Not Breach The Qualcomm ALA Based On The Alleged Withholding Of ETE Checker Support

Qualcomm does not allege that Arm breached the Qualcomm ALA based on withholding

ETE Checker support in its Second Amended Complaint or in its response to Arm's Interrogatory 2, which calls for "the complete legal and factual basis for [Qualcomm's] contention that Arm failed to meet any of its obligations under the Qualcomm ALA."  Second Amended Complaint; Qualcomm's March 10, 2025 Response to Arm's Interrogatory No. 2.  Nor did Qualcomm identify any alleged withholding of ETE Checker support in its November 3, 2022 letter to Arm. ARM_01423632 at -634.  Qualcomm states in its response to Arm Interrogatory No. 13 that "Arm violated the terms of the Qualcomm ALA by failing to … provide support for the ETE Checker," but does not specify the support that was allegedly withheld or identify any term of the ALA that Arm allegedly breached.

To the extent Qualcomm's statements can be understood, Arm did not breach the Qualcomm ALA based on any alleged withholding of support for the ETE Checker.  Qualcomm states in its response to Arm Interrogatory No. 13 that "the ETE Checker [is] a component of the ACK licensed by Qualcomm for Armv9."  However, Arm delivered the Armv9 ACK—including the ETE Checker—to Qualcomm at least as early as May 27, 2019, and Arm delivered all subsequent quarterly ACK releases to Qualcomm.  *See*, *e.g.*, ARMQC_02604616 (showing Arm making available to Qualcomm "Product: ▮▮▮▮ – Armv9-A Architecture Compliance Kit" and "Part: ▮▮▮▮▮▮▮ – Armv9-A Architecture Compliance Suite," and quarterly releases thereto, via the Arm Connect document delivery portal).  Qualcomm's unexplained statement that Arm allegedly withheld unspecified support for the ETE Checker allegedly constitutes a breach of unspecified "terms of the Qualcomm ALA" fails to show any breach by Arm.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (July 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory.  Subject to and

without waiver of its general and specific objections, Arm further responds as follows:

In depositions, Qualcomm has suggested that the Qualcomm ALA's definition of ██████ entitles Qualcomm to the unreleased v10 of the Arm ISA. That is incorrect. The Qualcomm ALA defines ████████████████████████████████████████

████████████████████████████████████████████████

████████████████ ARM_00055357 at 360. Because the only version of the Arm ISA that was available at the time of the Qualcomm ALA's execution was v8, the ████████████

████████████████████████ Indeed, the parties executed an Annex 1 for ██████

████████ contemporaneously with the execution of the ALA to serve as a placeholder for the next available version of the Arm ISA. QCARM_0338573. In 2020, the parties executed an Annex 1 for v9 of the Arm ISA, which ██████████████████████████████████

████████ QCARM_0343954. This confirms that the parties understood that ████████

████████████████████████████

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies the following documents from which information responsive to the non-objectionable scope of this Interrogatory may be derived: ARM_01293447, ARMQC_02771129, ARMQC_02771151, QCVARM_0851876, ARMQC_02771128, ARMQC_02771124, ARMQC_02771125, ARMQC_02771126, ARMQC_02771127, QCVARM_0453724, QCVARM_0851511, QCARM_0562765, QCVARM_0448842, QCVARM_0532239, QCVARM_0534596, QCVARM_0534597, QCVARM_0852203, QCVARM_0851120, QCVARM_0851333, QCVARM_0531892, QCVARM_0847000, QCVARM_0448361, QCVARM_0529072, QCVARM_0528955, QCVARM_0529887, QCVARM_0447175, QCVARM_0449653, QCVARM_0449658, QCVARM_0447252, QCVARM_0846761, QCVARM_0537065, ARMQC_02603587, ARMQC_02604609, ARMQC_02604610, ARMQC_02604611,

ARMQC_02604612,    ARMQC_02604613,    ARMQC_02604614,    ARMQC_02604615,

ARMQC_02604616,    ARMQC_02604617,    ARMQC_02604618,    ARMQC_02604619,

ARMQC_026046020,    ARMQC_02604621,    ARMQC_02604622,    ARMQC_02604623,

ARMQC_02747093,    ARMQC_02747097,    ARMQC_02747103,    ARMQC_02747104,

ARMQC_02779171,    ARMQC_02779174,    ARMQC_02779176,    ARMQC_02779179,

ARMQC_02779181, QCARM_2430181, ARM_00100013, ARM_01282655, ARM_00090791,

ARM_00067349,    ARM_00102683,    ARM_00091389,    ARM_00068087,    ARM_00068131,

ARM_00068459,    ARM_00068504,    ARM_00091657,    ARM_00091659,    ARM_00091714,

ARM_00091768,    ARM_00091799,    ARM_00091834,    ARM_00091869,    ARM_00091903,

ARM_00075096,    ARM_00075098,    ARM_00075343,    ARM_00076113,    ARM_00103566,

ARM_00103635,    ARMQC_02755397,    ARMQC_02755446,    ARMQC_02755490,

ARMQC_02755534,    ARMQC_02755580,    ARMQC_02755624,    ARMQC_02755674,

ARMQC_02755903,    ARMQC_02755905,    ARMQC_02756148,    ARMQC_02756245,

ARMQC_02756246,    ARMQC_02756344,    ARMQC_02746634,    ARMQC_02756542,

ARMQC_02756544,    ARMQC_02746871,    ARMQC_02756860,    ARMQC_02760525,

ARMQC_02627275,    ARM_01241565,    QCVARM_0573677,    ARMQC_02779064,

ARMQC_02779076,    ARMQC_02779099,    ARMQC_02779107,    ARMQC_02779116,

ARMQC_02779122, ARMQC_02779133, ARM_00001777, ARM_00001195, ARM_00001198,

ARM_00001777, ARM_01020186, QCARM_3337526, QCARM_3337900, QCARM_3338108,

QCARM_3339493,    QCVARM_0685544,    QCVARM_0689117,    QCVARM_0699179,

QCARM_3216178,    QCARM_3066477,    QCVARM_0602227,    QCVARM_0618420,

QCVARM_0691521,    QCVARM_0000395,    QCVARM_0000269,    QCARM_3353040,

QCVARM_0602564,    QCVARM_0000142,    QCVARM_0618741,    QCVARM_0000180,

QCARM_3352796,    QCARM_3353006,    QCARM_3353126,    ARM_00025401,

QCVARM_0468612,    QCVARM_0000061,    QCVARM_1118518,    QCVARM_0602258,

QCVARM_0602295,    QCVARM_0468174,    QCVARM_0000114,    QCVARM_0000092,

QCVARM_0000085,    QCVARM_0000123,    QCVARM_0000135,    QCVARM_0602359,

QCVARM_0468148,    QCVARM_0000395,    QCVARM_0000269,    QCARM_3353040,

QCVARM_0602564,    QCVARM_0621692,    QCVARM_0535116,    QCVARM_0524624,

QCVARM_0854027,    QCARM_0566625,    QCVARM_0524624,    QCVARM_0613083,

QCVARM_0613160,    QCVARM_0540468,    QCVARM_0452598,    QCARM_0340017,

QCVARM_0452296,    QCVARM_0846871,    QCVARM_0857113,    QCVARM_0463558,

QCVARM_0608391,    QCVARM_1031097,    QCVARM_0448757,    QCARM_3430479,

QCVARM_0851449,    QCVARM_0621447,    QCVARM_0621448,    QCARM_3537716,

QCARM_3537383,    QCVARM_0467659,    QCVARM_0454629,    QCVARM_0451824,

QCVARM_0449970,  QCVARM_0467852, ARM_00003305.

Arm further incorporates by reference all documents produced in Qualcomm's 11th document production (QCVARM_011), and all documents cited in Qualcomm's responses to Arm Interrogatory Nos. 1, 2, 6, 9, and 13.

Given the breadth of allegations Qualcomm has made regarding Arm's alleged breach of the ALA, Arm further incorporates by reference the testimony of all witnesses that have been deposed in this case to date, including those specifically referenced herein, as well as the testimony of all witnesses deposed in *Arm v. Qualcomm*, Case No. 1:22-cv-01146 (D. Del.), and the exhibits used during those depositions.

Arm also incorporates by reference its responses to Interrogatory Nos. 1, 3, 4, and 5.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**INTERROGATORY NO. 11:**

Identify and describe in detail the complete factual and legal bases for Your contention, if any, that You did not breach the Qualcomm TLA. Your response should include, but is not limited to, the complete legal and factual bases for any contention that you did not breach ███████ of the TLA or the implied covenant of good faith and fair dealing, and should include an identification of all documents by Bates numbers you intend to rely upon to support your contention.

**RESPONSE TO INTERROGATORY NO. 11 (JUNE 16, 2025):**

Arm incorporates its General Objections as if fully asserted herein. Arm objects to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case, including, but not limited to, to the extent it seeks "the complete factual and legal bases," without limitation. Arm further objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege or claim of confidentiality, or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Local Rules. Arm further objects to this Interrogatory to the extent it calls for a legal conclusion. Arm further objects to this request to the extent it seeks information that Arm is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

Subject to and without wavier of its general and specific objections, Arm responds as follows:

### Qualcomm's Allegations

Qualcomm alleges that Arm breached ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████ Second Amended Complaint ¶¶ 215, 223. Qualcomm alleges that Arm breached the implied covenant of

good faith and fair dealing of the Qualcomm TLA by "fail[ing] to provide licensing proposals for Arm Implementation Cores to Qualcomm in violation of provisions of the QC TLA."  Second Amended Complaint ¶ 184.  Arm understands that Qualcomm's only allegations that Arm breached the Qualcomm TLA are based on licensing offers for the ███████████████ cores.

Arm denies Qualcomm's allegations that Arm breached the Qualcomm TLA. Arm has not breached the Qualcomm TLA, and Qualcomm has failed to show otherwise.

### Arm Did Not Breach The Qualcomm TLA Because Arm's Licensing Offers Satisfied The ██████████████ Term

Qualcomm alleges that Arm's licensing offer for ███████████████ "increased licensing fees and royalty rate percentages for each core by nearly five times from the prior terms licensed by Qualcomm" and thus ███████████████████████████████ ████████████████████████████████████████████████ Second Amended Complaint ¶¶ 118, 119.  To the extent ███████████ applies, Arm's licensing offer satisfied the ███████████ term, which is calculated based ███████████████

███████████████████████████████████████████

██████

████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

Arm's license offer to Qualcomm satisfied the ████████████ term, to the extent it applies, which is calculated ████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

### Arm Did Not Breach The Qualcomm TLA Because It Made An Actual License Offer To Qualcomm

Qualcomm alleges that "Arm's proposal was a constructive failure to offer a license" because of its financial terms and that "[t]his constructive failure to offer a license to the requested cores violated the terms of the QC TLA." Second Amended Complaint ¶¶ 25, 118.  Arm did not breach the Qualcomm TLA because, as Qualcomm admits, Arm made an *actual* license offer to Qualcomm.  Second Amended Complaint ¶ 117.  Further, as described above, the financial terms of that offer satisfied the "████████████" term and were in good faith and thus not a "constructive failure to offer a license."

### Arm Did Not Breach The Qualcomm TLA Because Its ████████████████ ██████████████████████████████████████████████

Qualcomm alleges in its Second Amended Complaint that "Arm failed to fulfill its obligation under ███████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████ including by excluding support and maintenance." Second Amended Complaint ¶ 223.  Qualcomm does not identify any other alleged ██████████████ ████████████████████ Arm did not breach the Qualcomm TLA because its offer included support and maintenance for ███████████████████.

███████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

Arm's ████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

### Arm Did Not Breach The Qualcomm TLA Because Arm Was Not Obligated To Offer Licenses To ████████████████ To Qualcomm In 2024

Qualcomm alleges in its Second Amended Complaint that Qualcomm submitted requests to Arm for licenses to ███████████ in April 2024 and for a license to █████ in August 2024, and that Qualcomm sent Arm two notices of breach of the Qualcomm TLA in September 2024 because Arm had not yet responded with license offers by that time.  Second Amended Complaint ¶¶ 21-24.

Arm had no obligation to offer Qualcomm licenses to the ████████████████ cores in 2024 because Qualcomm's ████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████ does not make reference to renewals.  Qualcomm first licensed the ████████████████ cores in

███████████████████████████████████████████████, and thus made its ██████████ no later than 2019. *See, e.g.*, QCARM_0029040 at 29043. Under ████████



Because Qualcomm did not request a license to the ████████████████ cores within the ██████████████████████████ Arm was under no obligation with respect to Qualcomm's 2024 request to license the ████████████ cores. Qualcomm has not identified any other requests for licenses to those cores other than its communications in 2024.

### Arm Did Not Breach Any Obligation To Act In ████████ Or The Implied Covenant Of Good Faith An Fair Dealing

Qualcomm alleges in its Second Amended Complaint that "[t]he financial terms that Arm provided for the three requested cores were commercially unreasonable, exorbitant, and not in good faith" and that "Arm has breached the implied covenant of good faith and fair dealing" for the Qualcomm TLA. Second Amended Complaint ¶¶ 118, 187.

Arm did not breach either the express ████████ provisions of ████████ of the TLA or any implied covenant of good faith and fair dealing for the reasons described above: Arm did not breach the TLA, and made a good faith offer with financial terms that satisfied the ████████████ ██████ team.

Further, any allegation that Arm breached the implied covenant of good faith and fair dealing is duplicative of the express ████████ provisions and is not actionable. *See, e.g.*, *USX Corp. v. Prime Leasing Inc.*, 988 F.2d 433, 439 (3d Cir. 1993) (holding that Plaintiff "cannot assert a claim for breach of implied covenants that is based on exactly the same acts which are said to be in breach of express covenants."); *Cision US, Inc. v. CapTech Ventures, Inc.*, No. CV 24-00063-MN-SRF, 2025 WL 1094318, at *5 (D. Del. Apr. 11, 2025) (dismissing Plaintiff's "claim for breach of the implied covenant of good faith and fair dealing … as impermissibly duplicative of its breach

of contract and warranty claims.").

Arm identifies the following individuals as knowledgeable regarding aspects of this subject matter: Jeff Fonseca and Karthik Shivashankar.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (July 11, 2025):**

Arm incorporates by reference its initial response to this Interrogatory. Subject to and without waiver of its general and specific objections, Arm further responds as follows:

**Arm Did Not Breach The Qualcomm TLA Because Arm's Licensing Offers Satisfied The** ███████████ **Term**

Arm's October 2024 license offer to Qualcomm satisfied the ███████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

Arm prepared a quote in response to Qualcomm's 2024 requests to renew its license for the ███████████████ cores as required by the TLA. QCVARM_0524362. Arm, *e.g.*, Karthik Shivashankar and Akshay Bhatnagar, performed an analysis to ███████████████

███████████████████████████████████████ *See, e.g.*, Bhatnagar Dep. (Rough) at 25–28; ARMQC_02784199; ARMQC_02784204. Next, Arm ███████████

███████████████████████████████████████████████████

██████████████ *See, e.g.*, Youssef Dep. at 64–68; ARMQC_02779314. Arm then performed an analysis to determine appropriate licensing fees and royalty rates to propose to Qualcomm based on a variety of factors, ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████ *See, e.g.*, Youssef Dep. at 68–71. Other Arm team members contributed to this analysis in addition to Mr. Shivashankar and Mr. Bhatnagar, including Ehab Youssef, and Jeff Fonseca, among others.

After considering the ███████████████████████████ ████ an appropriate licensing fee and royalty rate schedule to propose to Qualcomm, which it formalized in a quote. QCVARM_0617829. In arriving at its proposal, Arm determined that while

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████ *See, e.g.*, Youssef Dep. at 68–71. ██████████████████████

███████████████████████████████████

███████████████████████████████ Youssef Dep. at 71 ████

███████████████████████████████████

███████████████████████████████████

██████████ ). Thus, Arm prepared a quote using ████████████████

███████████████████████████████████

███████████████████████████████ . *See* Youssef Dep. at 71; Shivashankar Dep. at 97–98; Fonseca Dep. (Rough) at 16, 19, 32–34, 37–39; ARMQC_02783731; ARMQC_02783848; ARMQC_02783619; ARMQC_02783967; ARMQC_02784120.

To the extent Qualcomm argues that Arm violated ████████████████████

███████████████████████████████████

███████████████████████████ that is not true. Arm considered ████

███████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████

**Arm Did Not Breach The Qualcomm TLA Because Its** ████████████████
██████████████████████████████

Arm did not breach ████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████

Qualcomm's allegation for an alleged breach of ███████████ is apparently based on the statement in Arm's October 2024 offer that "Support and Maintenance is not included in this Qualcomm IP Extension Offer." QCVARM_0617829 at 831. However, there was never a change in the ████████████████████████ and Qualcomm is mistaken. Qualcomm has a █████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████ ARMQC_02772246. That agreement has been extended several times by the parties, and is set to run through ████████████. ARMQC_02772246, §████; *see also* ARMQC_02772246; ARM_01300657; ARM_01300665; ARM_01298732; ARM_01300650.

Arm never communicated to Qualcomm that it was no longer providing support and maintenance in any renewal license to ██████████████████████ Indeed, Arm confirmed to

Qualcomm, *i.e.*, Kurt Wolf, that "support is included in QCOM umbrella Support & Maintenance Agreement" and "this is the correct reading" of that language.  ARMQC_02774856; Wolf Dep. at 176. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ *See, e.g.,* ARMQC_02772246; ARM_01300657; ARM_01300665; ARM_01298732; ARM_01300650.

Further, any argument by Qualcomm that Arm's discounting of its October 2024 license fees demonstrates that Arm was not including support and maintenance is also incorrect. ████

████████████████████████████████████████████████████████

████████████████████████████████████████ *See, e.g.,* Fonseca Dep. at 64–65; ARMQC_02783169 at 654 ████████████████████████████████████

████████████████████████████████████████████████████████

████████ That Arm discounted its licensing fee offers for ████████████████ to account for Qualcomm's ████ further confirms that support and maintenance was still included vis-à-vis the ████.

### Arm Did Not Breach The Qualcomm TLA Because Arm Was Not Obligated To Offer Licenses To ████████████████ To Qualcomm In 2024

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████.  In addition to Qualcomm's failure to make a ████████████████ ████ of requesting ████████████████ licenses in 2019, Arm had no obligation to offer licenses to ████████████████ because it did not receive any renewal request from ████

████████████████████████████████████████████████████████

███████████████.  ARM_00103918 at 918, 955.  Arm never received any such request from an employee of ███.  Rather, Qualcomm's communications regarding ████████████████ renewal requests to Arm in 2024 came from individuals employed by Qualcomm Inc. or Qualcomm Technologies, Inc., *i.e.*, Kurt Wolf or Ann Chaplin.  *See, e.g.*, ARMQC_02771126; QCVARM_0605055.

**Arm Did Not Breach Any Obligation To Act In ███████████
Or The Implied Covenant Of Good Faith And Fair Dealing**

Qualcomm alleges in its Second Amended Complaint that "[t]he financial terms that Arm provided for the three requested cores were commercially unreasonable, exorbitant, and not in good faith" and that "Arm has breached the implied covenant of good faith and fair dealing" for the Qualcomm TLA.  Second Amended Complaint ¶¶ 118, 187.  For the additional reasons discussed above, Arm did not breach the express ████████ provision of ████████ of the TLA or any implied covenant of good faith and fair dealing.  Arm made a good faith offer in accordance with ████, and did not ████████████████████████████ in accordance with ████

**Additional Factual and Legal Bases Regarding Qualcomm's TLA Allegations**

Arm further states that Qualcomm has failed to prove that Arm's alleged conduct was the but-for or proximate cause of any supposed "harm" that Qualcomm has allegedly suffered. Qualcomm has failed to articulate any "harm" that it has allegedly suffered as a result of Arm's supposed breach of either ████████ of the TLA.  As discussed above, Arm has not breached the TLA or any express or inherent "████████" provisions therein.  Qualcomm has failed to make any effort to quantify any "harm," such as alleged overpayments which should be refunded, ████████ ████████████████████████████████████████████████████  While Qualcomm's witnesses have vaguely alleged that Qualcomm had to "shift resources" or hire "engineering resources" to develop custom cores as a result of Arm's actions with regard to the October 2024 TLA offers, Qualcomm has failed to produce or identify any documentary evidence

**A0331**

corroborating those claims.  Qualcomm has also failed to prove any casual connection between Arm's October 2024 offer and any of this supposed "harm."

To the contrary, discovery has confirmed that Qualcomm has suffered no harm *at all* from Arm's October 2024 offer to renew Qualcomm's license to ████████████████    Regarding ████, Qualcomm received an updated offer for ████ in 2025.  ARMQC_02778342.  As to ████████████ Qualcomm never had a legitimate plan to use those cores after October 2026 and those products are not on its roadmap after that time.  ████████████████    Arm incorporates by reference its response to Interrogatory No. 12 and discussion of its unclean hands defense.  Qualcomm only requested renewal offers for ████████████ as a pretext to prompt a response from Arm regarding three "peripheral IP," GIC-700, MMU-700, and ELA-600.  QCVARM_0605055; QCVARM_0447175; Wolf Dep. at 75–77.  Indeed, it never sought to continue negotiating over or sought revised licensing terms from Arm in 2024 or anytime after for ████████████

Further, Qualcomm attempted to partially accept Arm's October 2024 offer as to the "peripheral IP" only.  QCVARM_0524726. After Arm rejected Qualcomm's attempt but provided a revised offer for GIC-700, MMU-700, and ELA-600 in January 2025, Qualcomm accepted those revised terms.  QCVARM_0524726; QCVARM_0523650.  This lack of harm undermines any notion that Qualcomm should be entitled to ████████████████████████ ████████████████████████

Arm further notes that, to date, Qualcomm has failed to disclose any legal or factual bases for its theories as to how Arm has allegedly breached the TLA.  Other than Qualcomm's vague allegations in the SAC—which are legally insufficient as set forth in Arm's Motion to Dismiss (D.I. 232, 233, 305)—Qualcomm has not answered any interrogatory or otherwise disclosed its theories for how Arm allegedly breached ████████████████ of the TLA.  Arm served interrogatories to

Qualcomm seeking such information on June 11, 2025, to which Qualcomm could have responded but has not.  Qualcomm similarly failed to provide any response to Arm's theories regarding the TLA, which were disclosed to Qualcomm on June 16, 2025.  Accordingly, Arm reserves the right to supplement these responses after it has an opportunity to review any such theories Qualcomm discloses at a later date.

Arm further responds that pursuant to Federal Rule of Civil Procedure 33(d), Arm identifies the following documents from which information responsive to the non-objectionable scope of this Interrogatory may be derived: ARMQC_02772366, QCARM_0222545, QCARM_0344783.

Arm further incorporates by reference its response to Interrogatory No. 6, including the documents and testimony cited therein.

Arm further incorporates by reference the testimony of the following witnesses: Karthik Shivashankar, Ehab Youssef, Akshay Bhatnagar, Jeff Fonseca, Kurt Wolf, Manju Varma, Larissa Cochran, Spencer Collins, Will Abbey, Cristiano Amon, Ann Chaplin, Lynn Couillard, Durga Malladi, Richard Meacham, Laura Sand, Christine Tran, Jonathan Weiser, and Gerard Williams, including the documents used at each of those depositions.

Arm further incorporates by reference any documents withheld on the basis of third-party confidentiality disputes, including due to an objection or motion for a Protective Order filed by any such third parties.  Arm reserves the right to supplement this response to address such documents should any such disputes be resolved and result in the production of such documents to Qualcomm.

Discovery is ongoing and Arm reserves the right to supplement, amend, or modify its response to this Interrogatory.

Dated: July 11, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Matthew J. McIntee
Meredith Pohl
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
matt.mcintee@kirkland.com
meredith.pohl@kirkland.com

Jay Emerick
Adam Janes
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com
adam.janes@kirkland.com

Peter Evangelatos
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800
peter.evangelatos@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


 /s/ Robert M. Vrana
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

66

**A0334**

(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5348
nfung@mofo.com

A0335

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

**A0336**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2

# A0338 - A0393
# Redacted in Full

# Exhibit 9

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED a Delaware corporation, ) Case No.

QUALCOMM TECHNOLOGIES, INC., a Delaware      )24-490-MN

corporation,                                 )

                                             )

   Plaintiffs,                               )

                                             )

  vs.                                         )

                                             )

ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K.     )

corporation,,                                )

                                             )

   Defendant.                                )

_____)

█████████████████  VIDEOTAPED

30(b)(6) DEPOSITION OF JEFFREY M. FONSECA

Palo Alto, California

Wednesday, July 9, 2025

REPORTED BY: Derek L. Hoagland

CSR No. 13445



Page 22

the assessment for the -- ███████████████, and that his process for doing that is what he followed. And I'm not part of that process, but at the same time, I said, my recollection is you went through that exercise and then we prepared the quote accordingly, and the answer was yes. He verified that my understanding was correct.

Q. And did Mr. Shivashankar give you any information about the process that he followed?

A. I only -- I only know at a high level what the process is. But in terms of the actual devil's in the details of how they do that, conduct that analysis, I am not privy to.

Q. Can you tell me your high-level understanding of that process?

A. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Q. ██████████████████████████ ██████ ███████.

Page 23

Q. So I understood you to say that Mr. Shiva -- you -- strike that.

Your understanding is that ███████████ ████████████████████████ ███████ Is that correct?

A. Yes.

Q. What do you mean by ██████?

A. Meaning ████████████████████████████████████████████████████████████████████████████████

Q. And do you have an understanding of how to determine ███████████████████

A. I do, because then it's basically -- it comes out as a ████████████████████████████████████

Q. So you -- ████████████████████████████████████████████████████████████

A. Yes.

Q. Who were those ██████?

A. That was -- ████████████████████████

Q. As part of the process of determining which

Page 24

████████████████████████████████████████████████

A. I don't know that.

THE REPORTER: You said ███████████?

BY MS. ZAPPALA:

Q. Does ARM ███████████████████████████████████

A. I don't know that that's part of Karthik's team's responsibility on how they do that assessment.

Q. So when Mr. Shivashankar's team identified ███████████████████████████████████, do you have an understanding of why Mr. Shivashankar's team selected ████████████?

A. My understanding is that --

MR. KRAMER: Objection to form. You can --

THE DEPONENT: My understanding is that they ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

BY MS. ZAPPALA:

Q. And when you say ████████████████████████████ what are you referring to?

Page 25

A. That's --

MR. KRAMER: Objection. Outside the scope of --

THE DEPONENT: Yeah.

MR. KRAMER: -- the specific topic 8. But go ahead.

THE DEPONENT: That's their definition. I don't have that definition.

BY MS. ZAPPALA:

Q. So you have an understanding that there's something called ████████████████████, but you don't know what that refers to?

A. Correct.

Q. So do you have an understanding of whether ███ ████████████████████████████████████████████████████████████████████████████████

MR. KRAMER: Objection. Outside scope.

THE DEPONENT: My understanding is that, yes, ████████████████████████

BY MS. ZAPPALA:

Q. And do you have an understanding of ████████ ████████████████████████████████

A. No, I do not.

Q. What about for ██████?

A. No, I do not. I am not privy to ███████ or

7 (Pages 22 - 25)



Page 26

contracts to answer that question.

Q.    So you understand ▪▪▪ -- strike that.

You understand that you ▪▪▪ -- strike that.

So you understand that ARM ▪▪▪ , but you don't have an understanding of the specifics of why ▪▪▪

A.    I gave you an answer earlier.  I believe I said that ▪▪▪ that I don't understand.

Q.    And -- but you don't have an understanding of ▪▪▪ correct?

A.    No, I don't.

Q.    And you don't have an understanding of ▪▪▪ , correct?

A.    No, I do not.

Q.    Do you -- so the October -- actually, let me put it in front of you so we're talking about the same thing.

And you don't have an understanding of ▪▪▪ correct?

Page 27

A.    No.

Q.    And you don't have an understanding ▪▪▪ correct?

A.    No, I do not.

MS. ZAPPALA:  I'm going to mark as Exhibit 170 a document Bates stamp 1946, which is ▪▪▪

(Exhibit No. 170 marked for identification.)

MS. ZAPPALA:  170.  Yes, 170.

BY MS. ZAPPALA:

Q.    Mr. Fonseca, do you recognize the document that I put in front of you as QCX_170?

A.    Yes, I do.

Q.    What is it?

A.    It's the quote that I prepared for Qualcomm on ▪▪▪

Q.    And can you describe for me the process of preparing this ▪▪▪

A.    ▪▪▪

Page 28

▪▪▪

Q.    Understood.  So Mr. Shivashankar's team determined the ▪▪▪ reflected on page --

A.    Correct.

Q.    -- 1947, correct?

A.    Correct.

Q.    And you -- you personally had no input into these numbers, correct?

A.    Correct.

Q.    You took these numbers that were given to you by Mr. Shivashankar's team, and then you put it into this document, correct?

A.    Correct.

Q.    And then after Mr. Shivashankar's team gave you the numbers to provide to Qualcomm, did you discuss those numbers with anyone else at ARM?

▪▪▪

Page 29

▪▪▪

Q.    And so you're saying that's the process for any entity that requests a license when ARM --

A.    Depending on the level.

MR. KRAMER:  Mr. Fonseca, I'm just going to remind you, just give her a second to finish --

THE DEPONENT:  Okay.

MR. KRAMER:  And maybe give a little pause in between.

THE DEPONENT:  Sorry.

MR. KRAMER:  That will make the court reporter like us much more.

THE DEPONENT:  Okay.

BY MS. ZAPPALA:

Q.    So let -- let me ask the question again.

▪▪▪ . If the

8 (Pages 26 - 29)

Page 50

███████████████████████████████████████

██████████████████

BY MS. ZAPPALA:

Q.    So you -- so you ████████████████████

████████████████████████████████████████

A.    Yes.

Q.    There's nothing in this document that says ██

█████████ -- there's nothing in Exhibit 170 that says

████████████████████████████████████████████

████████████████████

A.    No.  And -- doesn't.

Q.    We've been going for about an hour.  Why don't we take a break.

MR. KRAMER:  Sure.

THE VIDEOGRAPHER:  Off the record.  The time is 10:36.

(A recess transpires.)

THE VIDEOGRAPHER:  This marks the beginning of Media No. 2 in the deposition of Jeff Fonseca.  Back on the record.  The time is 10:57.

BY MS. ZAPPALA:

Q.    Mr. Fonseca, did you talk about the substance of your testimony during the break with your counsel?

A.    The sections?

Q.    Did you talk about the substance of your --

Page 51

A.    Substance.  No.

MS. ZAPPALA:  Counsel, I will just note that Mr. Fonseca testified about a ████████████████████ ████████████████████████████████████████ After Mr. Shivashankar's deposition, we sent a letter on June 23rd asking for the production of this █████████ agreement.  We have not seen it in the production, so we think it's highly pertinent that we request the production of ██████ -- of that agreement.

MR. KRAMER:  Okay.  If you could send another letter, I just -- I'll try to remember that and I'll try to communicate that to the team, but if you could follow up in writing, that will increase the likelihood that that will get to the production people on the team.  But noted.

MS. ZAPPALA:  Okay.  We already put that in writing.

And I want to mark as Exhibit 172 a TLA between ARM and █████████.

(Exhibit No. 172 marked for identification.)

MS. ZAPPALA:  It's not from today.  It's from...

BY MS. ZAPPALA:

Q.    Mr. Fonseca, I've put in front of you a document Bates stamped QC_9433.  It is a TLA dated █████████████, between ARM and █████████.

Page 52

Q.    Have you seen this document before?

A.    No.

Q.    Do you know if this is the agreement -- the █████████ agreement that Mr. Shivashankar's team ████████████████████████████████████████████ ██████████████████████████████████████ to Qualcomm?

A.    No, I do not.

Q.    You can put that to the side.

MS. ZAPPALA:  I'm marking as Exhibit 173 a TLA between Qualcomm and █████████ -- strike that.

Between ARM and █████████ from █████████████████, Bates stamped ARMQC_9391.

(Exhibit No. 173 marked for identification.)

BY MS. ZAPPALA:

Q.    Mr. Fonseca, have you seen this Exhibit 173 before?

A.    No.

Q.    Do you know if this is a TLA between ARM and █████████ that Mr. Shivashankar's team █████████████████ ████████████████████████████████ that you testified about before?

A.    No, I do not.

MS. ZAPPALA:  And then I'm going to mark a total access agreement between ARM and █████████ dated █████████████ Bates stamped ARMQC_9314, as

Page 53

Exhibit 174.

(Exhibit No. 174 marked for identification.)

BY MS. ZAPPALA:

Q.    Mr. Fonseca, have you seen Exhibit 174 before?

A.    No.

Q.    Do you know if this agreement has anything to do with █████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████ to Qualcomm?

A.    I do not.

Q.    I want to direct your attention back to the TLA.  This is --

MR. BASNER:  171.

MS. ZAPPALA:  Exhibit 171.  Let's go back to █████████  This is on the page ending in 930.

BY MS. ZAPPALA:

Q.    Are you there?

A.    Yes.

Q.    If you -- I'm sorry.

If you take a look at ██████████████████ ████████████████████████████████████████████████ █████████████████

Do you see that?

A.    Yes.

Q.    So it says:

14 (Pages 50 - 53)

Veritext Legal Solutions

212-267-6868              www.veritext.com              516-608-2400

# Exhibit 10

A0399

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


QUALCOMM INCORPORATED, a

Delaware corporation,

QUALCOMM TECHNOLOGIES, INC.,

a Delaware corporation,


     Plaintiffs,


       vs.                C.A. No. 24-490 (MN)


ARM HOLDINGS PLC., f/k/a

ARM LTD., a U.K.

corporation,


     Defendant.

_____


                **████████████████**

VIDEO DEPOSITION OF ARM HOLDINGS PLC's 30(b)(6) and

  30(b)(1) REPRESENTATIVE - KARTHIK SHIVASHANKAR

           Palo Alto, California

          Friday, June 20, 2025

             Volume 1



STENOGRAPHICALLY REPORTED BY:

REBECCA L. ROMANO, RPR, CSR, CCR

California CSR No. 12546

Nevada CCR No. 827

Oregon CSR No. 20-0466

Washington CCR No. 3491

JOB NO. 7428915

PAGES 1 - 189



**Page 94**

THE DEPONENT: ▮▮▮▮▮

Q. (By Ms. Zappala) ▮▮▮▮▮?

MR. KRAMER: Objection to form.

THE DEPONENT: ▮▮▮▮▮

Q. (By Ms. Zappala) Now, ▮▮▮▮▮ correct?

A. ▮▮▮▮▮

Q. ▮▮▮▮▮?

**Page 95**

MR. KRAMER: Objection to form.

THE DEPONENT: It's a very broad question. Can you say that again.

Q. (By Ms. Zappala) Sure.

Well, I'm just going to strike that.

▮▮▮▮▮?

MR. KRAMER: Objection to form.

THE DEPONENT: Again, I don't precisely remember the steps.

Coming back to my point, I mean, yeah, ▮▮▮▮▮

Q. (By Ms. Zappala) When you say the ▮▮▮▮▮ what do you mean by that?

A. Again, coming back to my explanation, ▮▮▮▮▮

**Page 96**

▮▮▮▮▮.

Q. ▮▮▮▮▮

MR. KRAMER: Objection to form. Calls for a legal conclusion.

THE DEPONENT: Can you say the question again.

Q. (By Ms. Zappala) Sure.

▮▮▮▮▮?

MR. KRAMER: Same objection.

THE DEPONENT: I do not exactly, I mean, yeah -- I mean, I do not know, I mean, yeah, the --

▮▮▮▮▮ --

**Page 97**

Q. (By Ms. Zappala) ▮▮▮▮▮

A. ▮▮▮▮▮

Q. ▮▮▮▮▮?

A. Sorry, can you say that once more.

Q. Sure.

▮▮▮▮▮

A. ▮▮▮▮▮

25 (Pages 94 - 97)



Page 98

A. [redacted]

Q. And do you recall what [redacted]

A. I do not recall the [redacted]

Q. [redacted]?

A. [redacted].

Q. If you go up to the "[redacted]" table in Exhibit 13, [redacted]: [redacted].

Do you see that?

A. [redacted]

[redacted]

(Court Reporter asks for clarification.)

THE DEPONENT: Sorry, I do not recall the

Page 99

[redacted]

(Exhibit 14 was marked for identification by the Court Reporter and is attached hereto.)

MS. ZAPPALA: I'm going to mark this as Exhibit 14, which is a letter from Qualcomm to Arm, Bates No. Q90579_0040182.

Q. (By Ms. Zappala) Have you seen this document before?

A. I have not seen this document before.

Q. This is a letter from Qualcomm to Arm. And it says -- Mr. Kurt Wolf at Qualcomm to a Jeff Fonseca at Arm saying, "[redacted]," and then it lists the [redacted]

Do you see that?

A. I can see the sentence which you read out.

Q. And then do you see that it lists for each one of these that [redacted]?

Do you see that?

A. The letter says "[redacted]."

Page 100

Q. [redacted], which is Exhibit --

MS. ZAPPALA: 13?

MR. WESTERHOLD: 14.

Q. (By Ms. Zappala) -- 14.

A. Sorry, can you say the question again.

Q. [redacted] in Exhibit 13, correct?

A. [redacted].

MR. KRAMER: I just got a note and I'm sorry for being noisy, that the Zoom went out.

THE VIDEOGRAPHER: I'm reconnecting it. I lost the Wi-Fi.

MS. ZAPPALA: We can go off the record.

THE VIDEOGRAPHER: One second. Okay. This marks the end of media file labeled No. 2. Off the record at 11:21 a.m.

(Recess taken.)

THE VIDEOGRAPHER: This marks the beginning of media file labeled No. 3. Back on the

Page 101

record at 11:22 a.m.

(Exhibit 15 was marked for identification by the Court Reporter and is attached hereto.)

MS. ZAPPALA: I'm going to mark as Exhibit 15 a email that's Bates-stamped Q90568_0104036.

THE DEPONENT: Thank you.

MS. ZAPPALA: I'm sorry, it's QCVARM_0527544.

Q. (By Ms. Zappala) And this is a email from a Jeff Fonseca to Kurt Wolf on January 10, 2025.

Do you see that?

A. Yup, I can see the -- the -- Jeff and Kurt's name on the email, yeah.

Q. Have you ever seen this email before?

A. No, I have not seen this email.

Q. Okay. I want to direct you to the first paragraph.

Mr. Fonseca writes, [redacted]

26 (Pages 98 - 101)

Veritext Legal Solutions

212-267-6868     www.veritext.com     516-608-2400

A0402

# Exhibit 11

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

------------------------------------x

QUALCOMM INCORPORATED, a Delaware

corporation, QUALCOMM TECHNOLOGIES,

INC., a Delaware corporation,

                    Plaintiffs,

     -against-          C.A. No. 24-49-MN

ARM HOLDINGS PLC, f/k/a ARM LTD.,

a U.K. corporation,


                    Defendant.


------------------------------------x


        REMOTE VIDEOTAPED DEPOSITION OF

              EHAB YOUSEFF

          Palo Alto, California

            June 26, 2025



    Reported By:


    ERIC J. FINZ



Page 62

EHAB YOUSSEF - ███████████████

███████████████████ of ███████████?

MR. EMERICK:  Objection; form.

A.  Yes, ████████████████

██████████████

████████████

Q.  Who ██████████████

A.  ███████████████

███████████████

████████████████

██████████████

████████████████

████████████

████████████████

███████████

████████████████

████████████

██████████████████

███████████████

█████████████

███████

████████████

Page 63

EHAB YOUSSEF - ███████████████

██████████████

Q.  Did these individuals ██████

██████████████████

██████████████

███████████?

A.  To my knowledge, I don't know -- I'm going to answer it this way: With respect to nonprivileged documents, I don't have any factual knowledge of.

Q.  Just to be clear, Arm's position is that ██████████

█████████████████████

████████████████

███████████████

██████████████.  Is that correct?

MR. EMERICK:  Objection; form.

A.  To the best of my knowledge, I don't have any factual knowledge of nonprivileged documents regarding the ████████████████ under the ████████ of the TLA.

Q.  What was the ██████████

███████████████

Page 64

EHAB YOUSSEF - ███████████████

███████████████████

████████?

MR. EMERICK:  Objection. Objection; form.

A.  I'm going to clarify before I answer that question.

Q.  Sure.

A.  I'm going to use first the definition ████████████, to be clear.  So when you say █████████

████████ or ████████

███████████, the answer for the definition is ████████.

Q.  And is that with respect to all three of those cores, ██████████

████████?

A.  With respect to the definition, ██████████

████████████████

█████████████████████

███████████████.

Q.  What was the date of the ████████ deal?

A.  Sorry, I have to have that in

Page 65

EHAB YOUSSEF - ███████████████

front of me.  I don't recall that.

MR. DESAI:  Counsel, I'm just confirming, if this particular ████████ deal hasn't be been produced, we ask that it be produced.  I don't know off the top of my head if it has.  I just make that request now.

(Request for production.)

MR. EMERICK:  Request received.

BY DESAI:

Q.  And so is it Arm's position that the ████████████ in Exhibit 5 -- sorry, Exhibit 6, ██████████████

██████████████████████████

████████████████ you're referring to?

A.  I'm going to ask you to repeat that, please.

Q.  Okay.  We'll break it into pieces here.

I believe you've testified now that the ████████████ that was

17 (Pages 62 - 65)



Page 66

EHAB YOUSSEF - ▮▮▮▮▮▮▮

Correct?

A.   That's correct.

Q.   Okay.  And is it Arm's understanding that the ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮

A.   I'm going to clarify as I answer, okay.  So as I tried to explain, ▮▮▮▮▮▮▮▮ as defined means ▮▮▮▮▮▮▮▮▮▮.  That's the definition.  Maybe we can -- can I go back to the other document?  Possible?

Q.   Which one?  The TLA?

A.   It would be the TLA, yes.

Q.   Sure.  That's Exhibit 3.

A.   Thank you.  It's coming up now.  I don't know if you see what I see, but I'm going to ▮▮▮▮▮

Page 67

EHAB YOUSSEF - ▮▮▮▮▮▮▮

Q.   I have a paper copy, I'm looking at it.

A.   Okay.  So the clarification is that the definition as defined in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  And then, quote, the ▮▮▮▮▮▮▮.

To be clear, when I use the definition ▮▮▮▮▮▮, I'm making it clear that the deal that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Q.   Correct.

A.   I think you're asking --

Q.   I think that part we've established, that with respect to ▮ ▮▮▮▮▮▮ in Exhibit 27, the, quote,

Page 68

EHAB YOUSSEF - ▮▮▮▮▮▮▮, as defined in ▮▮▮▮▮▮▮▮▮.

Correct?

MR. EMERICK:  Objection; form.

A.   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, per that definition.

Q.   That's the, ▮▮ ▮▮▮ in the TLA.  Right?

A.   That's right.

Q.   Okay.  Moving on to the next part of ▮, is it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A.   I'm going to answer again with a clarification.

Q.   Okay.  Maybe you could try with a yes or a no first.  And then you can explain.

A.   So the answer is yes.  The answer is yes.

Page 69

EHAB YOUSSEF - ▮▮▮▮▮▮▮

Veritext Legal Solutions

212-267-6868                www.veritext.com                516-608-2400

A0406



Page 70

EHAB YOUSSEF -

Page 72

EHAB YOUSSEF -

And, then I'll stop here, the important point is whether it's

Q. In one of your earlier answers a few moments ago I think you used the phrase "_____." Do you remember saying that?

A. You have to read it back to me, I'm not sure if I said that.

Q. I'll represent to you you said that. And the transcript will.

A. And again, I'll answer with respect to nonprivileged portion.

Page 71

EHAB YOUSSEF -

Q. What was that other licensee? Or who, sorry. Who.

A. The other licensee is

Q. So as I understand your response, . Is that right?

A. And I'll clarify that. What I'm intending to say is that

Page 73

EHAB YOUSSEF -

Q. Sorry, the names of the people who perform it are not privileged. So that's all I'm asking first.

A. I can tell you the folks on the

Q. And when did they -- with respect to this Qualcomm ?

A. Prior to the being sent over.

Q. A month before, six months before?

A.

19 (Pages 70 - 73)

# Exhibit 12

# KIRKLAND & ELLIS LLP

333 West Wolf Point Plaza
Chicago, IL 60654
United States

Jay Emerick
To Call Writer Directly:
+1 312 862 3772
jay.emerick@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

July 24, 2025

**By E-mail**                                         ███████████████████████████

Catherine Nyarady
Paul, Weiss, Rifkind, Wharton &
  Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

Re: *Qualcomm Inc. v. Arm Holdings PLC*, C.A. No. 24-490 (D. Del.)

Dear Catherine:

We write in response to your letters regarding the production of certain documents.

**<u>Documents Requested During the Deposition of Martin Weidmann</u>**

Qualcomm requests emails regarding Arm's provision of support to Qualcomm for Nuvia-based designs. As we previously informed you, Arm has already produced documents regarding Arm personnel allegedly receiving instruction from management not to support Nuvia-based designs during the period of the litigation. 7/10/25 Email from A. Janes (identifying ARM_01230110; ARM_01314327; ████████████████████████████. Arm has also produced documents showing Arm's resumption of support to Qualcomm. *Id.* (identifying ARMQC_02779076). Arm maintains that its production is complete.

**<u>Documents Regarding Arm's ████████████████████████████████ to Qualcomm</u>**

Qualcomm seeks documents regarding Arm's ████████████████████████████ including documents allegedly referenced at the depositions of Karthik Shivashankar, Ehab Youssef, and Akshay Bhatnagar. As we have repeatedly explained through written correspondence and at depositions, and as Arm's witnesses have confirmed, Arm's ████████████████████████ third-party agreements for ████████████ that also involved legal counsel. *See* 6/19/25 P. Evangelatos Email to J. Braly; 7/9/25 P. Evangelatos Email to E. Westerhold ("As we have previously written, due to Arm's confidentiality obligations, Arm cannot produce third-party

Austin  Bay Area  Beijing  Boston  Brussels  Dallas  Frankfurt  Hong Kong  Houston  London  Los Angeles  Miami  Munich  New York  Paris  Philadelphia  Riyadh  Salt Lake City  Shanghai  Washington, D.C.

A0409

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 2

agreements for ████████████████████ without clearing that production beforehand with each third party…"). Arm has produced all third-party agreements to which it has not received an objection or a motion for a Protective Order was not filed. We also provided corrected versions of Exhibits 5 and 5.1 from Mr. Abbey's deposition. However, Arm will continue to withhold documents that include confidential information for ████████████ and the other third parties pending resolution of their Protective Order disputes, including Arm's agreements with both companies and ████████████████████████ We have investigated and no other non-privileged documents reflecting Arm's ██████ exist.

As to the other requests raised in your letters, Qualcomm seeks "all quarterly price books from Q1 2019 to the present." Your letter fails to explain why six years of quarterly price books is relevant or proportional to the needs of Qualcomm's allegations, which is based on Arm's ████████████████ for ████████████████. Arm produced to Qualcomm its price books ████████████ which is more than sufficient to understand Arm's ████████████████ price book pricing as of Arm's ████████████████ Qualcomm also seeks information regarding Qualcomm's 2019 Annex to the QC TLA, particularly, "████████████████████████ ████████████████" in Qualcomm's 2019 Annex to the QC TLA. However, that agreement has already been produced and is not at issue in the SAC. Nor is Qualcomm's 2019 agreement relevant, ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

Thus, to the extent any other responsive documents even exist, they are not relevant.

As to Qualcomm's other rhetoric, we disagree with your characterization of the testimony of Mr. Youssef and Arm's privilege instructions. ████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████ We also disagree that Qualcomm has been "severely prejudiced." Arm has produced the documents not subject to a third-party confidentiality dispute, and Qualcomm deposed five witnesses knowledgeable about Arm's TLA offers. Any prejudice to Qualcomm by perceived discovery delays is a problem of its own making, as Qualcomm waited until March 2025 to raise its TLA allegations.

### Documents Related to the Discussion with Bloomberg News Regarding the Breach Letter

Qualcomm seeks documents related to a "discussion" with Bloomberg News regarding Arm's October 22, 2024 notice of material breach to Qualcomm. Yet Qualcomm incorrectly asserts that Mr. Abbey "waiv[ed] any claim of privilege to" "an alleged attorney-client communication" about Bloomberg News and demands that Arm "immediately produce all documentation of the 'discussion' between Arm and Bloomberg News regarding the breach letter." In fact, Arm has not claimed privilege over the "discussion" with Bloomberg News regarding Arm's October 22, 2024 notice of material breach to Qualcomm. ████████████████████

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 3



Arm did not assert privilege over FGS's discussions with Bloomberg.

Because Arm has not claimed privilege over the "discussion" with Bloomberg News, Arm waived no privilege in taking the redirect of Mr. Abbey during his deposition. ███████████████████ Arm trusts that the testimony of Messrs. Siegel and Kranhold resolves Qualcomm's concerns about this "discussion."

### Chat Messages Involving Mr. Haas

Qualcomm demands that Arm "immediately supplement its production with at least Mr. Haas' chats responsive to Qualcomm's RFPs." However, the premise of this demand is mistaken. Contrary to the misrepresentations in your letter, Arm has already performed a reasonable search for responsive materials, including Teams chats, using search terms. And Arm has in fact produced at least 408 of Mr. Haas's Teams chats in the prior case and another 12 Teams chats in this case. *See* Haas Dep. at 146–147.[1] Arm has no further discovery obligations to search for additional Teams chats. Qualcomm speculates that more of Mr. Haas's Teams chats are responsive, but fails to identify any basis for why this is so. ██████████

---

[1] Arm notes that Qualcomm's July 10 letter appears to cite to the rough transcript of Mr. Haas's deposition. Arm herein responds to Qualcomm's July 10 letter on Arm's understanding that all citations were to the rough transcript.

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 4

████████████████████████████████████ Qualcomm has not identified with specificity any deficiency in Arm's production of Mr. Haas's chats, and merely appears to be fishing. Moreover, Qualcomm has refused to engage in reciprocal discovery, given Qualcomm's significant deficiencies in its own searches for responsive documents, as we have explained in previous discovery correspondence. Accordingly, Arm will not produce any more documents in response to this request.

### Outside Communication Firms

Qualcomm seeks confirmation that "Brunswick was not involved in the October 22, 2024 leak or any other communications between Arm and third parties responsive to Qualcomm's RFPs." Qualcomm had the opportunity to ask Mr. Haas at his deposition whether Arm communicated with Brunswick regarding the October 22 notice of material breach. Qualcomm failed to do so. █████████████████████████████ Having failed to establish that Brunswick is relevant to the events surrounding October 22, Qualcomm may not now use this letter to import last-minute discovery requests. Nevertheless, for the avoidance of doubt, Arm confirms that no communications with Brunswick are responsive to the non-objectionable scope of Qualcomm's RFPs.

### Documents Related to the Financial Times Article

Qualcomm demands that Arm "immediately produce documents responsive to" the Financial Times article titled "Arm to launch its own chip in move that could upend semiconductor industry." But Qualcomm fails to articulate how the Financial Times article (Haas Exhibit 8), or the cited testimony of Mr. Haas, is relevant to any party's claim or defense or is proportional to the needs of the case. Qualcomm also fails to explain how Mr. Haas's cited testimony in any way overcomes Arm's previous objections to the lack of relevance and proportionality for Qualcomm's RFP Nos. 104, 126, and 127. *See* D.I. 162, at 4. Arm maintains its objections to these RFPs. As your letter acknowledges, Qualcomm's motion to compel remains pending before the Court. Accordingly, Arm will not produce documents in response to this request absent Court order.

### Documents Requested During the Deposition of Andrew Howard

Qualcomm requests production of Arm's "'competitive analysis' on Qualcomm's CPUs." Qualcomm, for its part, has refused on relevance and other grounds to produce documents "concerning any comparisons of any Arm-designed cores, CPUs, or products containing the same to any cores, CPUs, or products containing the same designed by Qualcomm, Nuvia, or any Third Party." *See* Qualcomm's R&Os to Arm's RFP No. 12. In any event, Arm has already

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 5

produced (subject to its objections) documents concerning Arm's analyses of Qualcomm's CPUs and systems-on chips related to the Qualcomm ALA. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ We trust this resolves Qualcomm's concerns.

**Documents Regarding** ██ **Pricing**

Qualcomm requests production of a ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Regarding the second request, Arm has investigated Qualcomm's request and confirmed that there is no price book that includes pricing for ██.

Relatedly, Qualcomm also seeks information regarding ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Likewise, information about the license subscriptions of third parties is both irrelevant and subject to third-party confidentiality disputes. Whether companies such as ██████████████ have access to ████ is irrelevant to Qualcomm's ████ allegations, which are based on Qualcomm's purported ██████ to extend the ALA from May 2020.

**Documents Requested During the Deposition of Vivek Agrawal**

Your letter requests production of the "full [C]onfluence page in readable form" from ARMQC_02784227 and unredacted versions of ARMQC_02784661 and ARMQC_02784664 reflecting Mr. Agrawal's interactions with Copilot, as well as "any other production documents containing Copilot chat messages." While we disagree that ARMQC_02784227 is not "in readable form," Arm has produced many other versions of the same or similar Confluence page that are not truncated. *See, e.g.*, ARMQC_02773850, ARMQC_02773872, ARMQC_02773878, ARMQC_02773898, ARMQC_02773906, ARMQC_02773945, ARMQC_02774029, ARMQC_02774036, ARMQC_02774043, ARMQC_02774051, ARMQC_02774058, ARMQC_02774081, ARMQC_02774103, ARMQC_02774123, ARMQC_02774131,

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 6

ARMQC_02774139,    ARMQC_02774147,    ARMQC_02774155,    ARMQC_02774163,
ARMQC_02774233,    ARMQC_02774312,    ARMQC_02774319,    ARMQC_02774326,
ARMQC_02774333,    ARMQC_02774355,    ARMQC_02774378,    ARMQC_02774385,
ARMQC_02774494,    ARMQC_02774515,    ARMQC_02774523,    ARMQC_02774531,
ARMQC_02774539.    Accordingly, Arm will not reproduce the content reflected in
ARMQC_02784227.

We also disagree with your contention that "Arm cannot claim privilege over" ARMQC_02784661 and ARMQC_02784664, and any related documents, because they allegedly include "communications . . . sent to Microsoft as part of a Copilot chat." Qualcomm's contention is both factually inaccurate and legally baseless. These documents contain privileged information and were generated at the request of or pursuant to legal advice, for the purposes of seeking legal advice, and/or contain or reflect attorney work product. Such correspondence is privileged, and Arm will not produce unredacted versions of QCX274 and QCX275, nor any other production documents containing similarly privileged information, to the extent such documents exist.

### Documents Requested During the Deposition of Christine Tran

Your letter requests production of a copy of ARM_01426582 "with appropriate privilege redactions, removing redactions at least for the duplicate messages that are shown unredacted in" ARM_00085567. We have reviewed ARM_01426582 and will re-produce that document to align the redactions with ARM_00085567. However, the other redactions in that document will remain as they are to privileged information for the purposes of seeking legal advice.

### RFPs Discussed At Meet And Confers

Qualcomm's July 7, 2025 letter seeks clarification from recent meet and confers regarding Arm's position on certain RFPs.

### RFP 37

We understand this Request to seek documents relating to licensing ▮ to Qualcomm. Your Letter asks "whether Arm would produce documents if 'there are discussions that concern licensing to Qualcomm that include pricing information.'" As discussed above, there are no non-privileged documents concerning pricing of ▮.

### RFPs 42 and 102

Your letter explains that this Request seeks "'documents where people at Arm are saying we should release a ▮, we believe that we have made developments or introduced features,

A0414

## KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 7

whatever it is, sufficient to be ███ of the Arm architecture.'"  Your letter also acknowledges that this request "may be 'capture[d] in what you are describing you'll be producing.'"  Your letter asks "if Arm intends to produce any more documents responsive to this Request."  After reviewing our production, Arm has already produced responsive documents to this Request.

### RFP 123

Your letter asks whether "Arm intends to produce any more documents responsive to this Request."  As discussed above, Arm has already produced the third-party agreements for ███ ███████████████ in effect as of ██████████ that are not subject to a third-party confidentiality dispute, but will continue to withhold documents pending the Court's resolution of the Protective Order disputes that have been filed.

### RFPs 126, 127

These Requests seek documents related to the February 13, 2025 Financial Times article.  As discussed above, Arm will not produce any more documents in response to this request pending the Court's resolution of Qualcomm's motion to compel.

### RFPs 134, 135–138

We have investigated Qualcomm's request and confirmed that Arm does not use any other CRMs.  We fail to understand the relevance of what other discovery Qualcomm is seeking with these requests, as evidenced by Qualcomm's failure to ask Arm's 30(b)(6) designee on Arm's CRM systems any questions about that topic.  Accordingly, Arm will not produce any more documents in response to these Requests.

### RFP 143

We understand this Request to seek documents concerning ████████████, yet ███████████ is not mentioned in the SAC nor has Qualcomm plead any allegations based on ███████ .  Accordingly, Arm will not produce any more documents in response to this Request.

### RFP 145(2)

Arm confirms that it is not withholding any documents on the basis of whether such documents constitute a "formal" or "informal" media statement, and that its production to date is complete as to this Request.

# KIRKLAND & ELLIS LLP

Catherine Nyarady
July 24, 2025
Page 8

## RFP 152

Arm understands that Qualcomm is seeking communications regarding any "decision" to provide ACK patches to Qualcomm. As discussed above, Arm's production of documents responsive to this Request is complete.

## RFPs 159, 160, 163

We understand this Request to seek Arm's communications with third-party ALA licensees relating to certain materials and support that Qualcomm contends are "deliverables." Qualcomm's requests for these third-party communications have no relevance to whether Qualcomm received the materials to which it is entitled under the Qualcomm ALA. Accordingly, Arm will not produce any more documents in response to these Requests.

## RFP 166

Your letter explains that this Request seeks documents concerning competitive intelligence. As noted in Arm's objections to this request, Qualcomm has repeatedly disclaimed, both orally and in writing, that it need prove or even identify a relevant market to support its claims. Until Qualcomm defines the relevant market(s), Arm is unable to discern for which market(s) Qualcomm seeks competitive intelligence information. Because your letter fails to define any relevant market, Arm will not produce any more documents in response to this request.

Sincerely,

*/s/ Jay Emerick*

Jay Emerick

# Exhibit 13

**From:** ▮▮▮
**To:** jying@morrisnichols.com; ▮▮▮
▮▮▮
**Subject:** [EXT] Re: Follow up from Thursday"s call
**Date:** Thursday, July 31, 2025 12:06:58 PM

Hi Jennifer,

***If*** the ▮▮ TLA and all annexes must be produced, which ▮▮ understands may be an issue before the Court, ▮▮ does not object to that production without redactions under the highest PO designation. Likewise, ***if*** the ▮▮ ALA and all annexes must be produced, which ▮▮ understands may also be an issue before the Court, ▮▮ does not object to that production under the highest PO designation with the redactions that we went over on Monday.

That said, for the avoidance of doubt, ▮▮--a third party--takes no position on whether Arm ***must*** produce the ▮▮ TLA and/or ALA.   Please let me know if a follow-up call would help.

-Steve

**From:** Ying, Jennifer <jying@morrisnichols.com>
**Sent:** Wednesday, July 30, 2025 11:53:23 PM
**To:** ▮▮▮
▮▮▮
**Subject:** [Ext] Re: Follow up from Thursday's call

**\*\*EXTERNAL EMAIL\*\* This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.**

Hi Asim:

Thank you for your email.  To clarify, it is our understanding based on our discussions that ▮▮ does not object to the production of its unredacted TLA and all annexes.  It is also our understanding based on our discussions that ▮▮ does not object to the production of its ALA and all annexes so long as the production contains the limited set of redactions that we went over on Monday.

Please confirm if this understanding is correct.

Thanks,
Jennifer

**From:** ▮▮▮
**Sent:** Wednesday, July 30, 2025 9:56 PM

**A0418**

**To:** ███████████████████████████ >; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** ████████████████████████████████████
**Subject:** [EXT] RE: Follow up from Thursday's call

Hi Jennifer,

We spoke to counsel for Arm, and I believe there was a disconnect on what ██ agreed to.

As we stated on our call, ██ is not taking a position on the discovery dispute between Qualcomm and Arm. The purpose of our discussion was to confirm, if Arm were compelled to produce ██ ALA, whether Qualcomm would object to limited redactions targeted at protecting ██ trade secret information. You confirmed that Qualcomm would not object to those redactions. With that understanding, ██ will not file a motion for a protective order to prevent the production of its TLA and ALA. As to the discovery dispute between Qualcomm and Arm and whether Arm ultimately produces those documents, that issue is for the Court and/or the parties to decide. ██ , as a third party, does not—and indeed, cannot—take a position on those issues.

Please let me know if it would be helpful to discuss further on a call.

Thanks,
Asim

████████████████████
████████████████████

**From:** ████████████████████
**Sent:** Monday, July 28, 2025 2:31 PM
**To:** Ying, Jennifer <jying@morrisnichols.com>; ██████████████████████
████████████████████
**Subject:** RE: Follow up from Thursday's call

Jennifer,

That is an accurate summation of our discussion.

Best,
Steve

████████████████████
████████████████████

From: Ying, Jennifer <jying@morrisnichols.com>
Sent: Monday, July 28, 2025 2:24 PM
To: ███████████████████████████████████████
███████████████████████████
Subject: [Ext] Re: Follow up from Thursday's call

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

---

Steve, Asim, Kelly:

To follow up on our call, just so we all have it in writing:

We understand that you will tell Arm that Arm can produce the TLA and any annexes without any redactions. For the ALA and its annexes, we can agree to the redactions that we walked through, subject to us coming back to you for clarifications/questions on the redactions and/or a possible declaration.  We understand that you will tell Arm that Arm can produce the ALA and its annexes with the redactions you have applied.

Let me know if I missed anything.

Thanks
Jennifer

---

From: █████████████████████████████
Sent: Monday, July 28, 2025 10:36 AM
To: Ying, Jennifer <jying@morrisnichols.com>; █████████████████████
██████████████████████████████████
Subject: [EXT] RE: Follow up from Thursday's call


Can you please circulate one? Thanks

███████████████████
███████████████████
███████████████████
███████████████████

---

From: Ying, Jennifer <jying@morrisnichols.com>
Sent: Monday, July 28, 2025 10:01 AM
██████████████████████████████████████
███████████████████████████
Subject: [Ext] RE: Follow up from Thursday's call

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

---

Great, do you want to send around a zoom invite or should I?

█████ ████████████████████████████

**Sent:** Monday, July 28, 2025 7:48 AM

**To:** Ying, Jennifer <jying@morrisnichols.com>; ███████████████████████ ██ ████████████████████

**Subject:** [EXT] Re: Follow up from Thursday's call

Sure—2pm today works.

---

**From:** Ying, Jennifer <jying@morrisnichols.com>
**Sent:** Sunday, July 27, 2025 4:06:42 PM
█ ███████████████████████████████████ █████████████████████████

**Subject:** [Ext] Follow up from Thursday's call

**EXTERNAL EMAIL** This email originated from outside the company. Do not click on any link unless you recognize the sender and have confidence the content is safe.

---

Steve and Asim:

Let me know if you two have a minute to connect on Monday or Tuesday.   I think we can generally agree to the framework that you proposed on our call on Thursday but have a few follow up questions that we want to talk through.

I can talk at 2pm ET on Monday if that works on your end.

Thanks
Jen

---

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is

strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.


This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.


This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.


This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

# Exhibit 14

A0423



| | |
|---|---|
| Document title: | Google Tensor G4 explained: Everything you need to know about the Pixel 9 processor |
| Capture URL: | https://www.androidauthority.com/google-tensor-g4-explained-3466184/ |
| Page loaded at (UTC): | Thu, 31 Jul 2025 21:52:36 GMT |
| Capture timestamp (UTC): | Thu, 31 Jul 2025 21:52:39 GMT |
| Capture tool: | 3.12.0 |
| Collection server IP: | 13.219.76.44 |
| Browser engine: | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/138.0.0.0 Safari/537.36 |
| Operating system: | linux x64 (Node v20.18.0) |
| PDF length: | 9 |
| Capture ID: | 7yL3kGmAk5njB4hDk4ezDg |
| Display Name: | GRP-EDSG |

PDF REFERENCE #:    mg3a8vfj5T3tAnqiLxevcQ

ANDROID AUTHORITY

Affiliate links on Android Authority may earn us a commission. Learn more.

Login

MOBILE

# Google Tensor G4 explained: Everything you need to know about the Pixel 9 processor

Not a huge upgrade over the G3, but still plenty to talk about.

By Robert Triggs · August 22, 2024 · 💬 0 · ⌁



Gerber Life Insurance

Find a plan tailored to you and your family. Explore our options today!

Children | Adults | Age 50+

Gerber Life Insurance

Get started

Home Office: White Plains, NY 10605



The Google Pixel 9 series is a HUGE upgrade (HANDS-ON FIRST LOOK!)

Share

BEST PIXELS YET!

Watch on YouTube

The Google Pixel 9 debuts a ton of new hardware and software features and the brains behind many of them is the new processor — the Google Tensor G4. Building on last year's Tensor G3, the G4 is a semi-custom processor built in collaboration with Samsung, utilizing Arm for CPU and GPU cores, while leveraging Google's in-house blocks for AI, photography, and security. While the new processor might not quite be the innovative chip Google originally had in mind, there's still plenty to get into.

Headline talking points from Google include 20% faster web browsing, 17% faster app launching, and up to 20% improved power efficiency for a variety of everyday use cases. But Google has ke... get into what ... Tensor G4.

Homes.com

         

Compass — Margie Halem · BERKSHIRE HAT — Isabella Bretz · Realtors — Darek Bogacki · Cummi y — Terri Hill · Builder Solutions · COLDWELL BAN — Kathy Pfister · Compass — Ovgu Aslanturk · L ESTATE SERVICE — Michele Belice · BY'S INTERNATIOI — Mark Jennings

there's still plenty to get into.

Headline talking points from Google include 20% faster web browsing, faster app launching, and up to 20% improved power efficiency for a variety of everyday use cases. But Google has kept everything else close to its chest, so what about the broader context? Let's get into what we know (and what we think we know) about the inner workings of the Google Tensor G4.

# Google Tensor G4 specs

| | Google Tensor G4 | Google Tensor G3 | Google Tensor G2 |
|---|---|---|---|
| CPU | 1x Arm Cortex-X4 (3.1GHz)<br>3x Arm Cortex-A720 (2.6GHz)<br>4x Arm Cortex-A520 (1.92GHz) | 1x Arm Cortex-X3 (2.91GHz)<br>4x Arm Cortex-A715 (2.37GHz)<br>4x Arm Cortex-A510 (1.70GHz) | 2x Arm Cortex-X1 (2.85GHz)<br>2x Arm Cortex-A78 (2.35GHz)<br>4x Arm Cortex-A55 (1.80GHz) |
| GPU | Arm Mali-G715 (MC7?) (940MHz) | Arm Mali-G715 MC7 (890MHz) | Arm Mali-G710 MP7 |
| RAM | LPDDR5X | LPDDR5X | LPDDR5 |
| Machine Learning | Third-gen Tensor Processing Unit | Third-gen Tensor Processing Unit | Next-gen Tensor Processing Unit |
| Media Decode | H.264, H.265, VP9, AV1 | H.264, H.265, VP9, AV1 | H.264, H.265, VP9, AV1 |
| Modem | Exynos 5400<br>4G LTE<br>5G sub-6Ghz and mmWave<br>Wi-Fi 7<br>Bluetooth 5.X<br>Satellite connectivity | Exynos 5300i<br>4G LTE<br>5G sub-6Ghz and mmWave<br>Wi-Fi 7<br>Bluetooth 5.3 | Exynos 5300b<br>4G LTE<br>5G sub-6Ghz and mmWave<br>Wi-Fi 6E<br>Bluetooth 5.2 |

Document title: Google Tensor G4 explained: Everything you need to know about the Pixel 9 processor
Capture URL: https://www.androidauthority.com/google-tensor-g4-explained-3466184/
Capture timestamp (UTC): Thu, 31 Jul 2025 21:52:39 GMT

A0426

behind next-gen chipsets launching towards the end of 2024. Still, the move to a newer, bigger core is what gives it its improved performance, particularly for burst tasks like opening apps. These cores are also more efficient than their predecessors, bolstering Google's power efficiency boast.

Astute readers will have noticed that this is one fewer middle core than the Tensor G3, which may actually reduce the chip's multi-threading potential but could free up some power budget for those higher clock speeds. You can check out our benchmark results below, but the key takeaway is that performance may feel snappier for single-core workloads but not so vastly different for heavily threaded workloads, such as mobile games.

# Google's Tensor has never been about blazing-fast performance. The G4 is no different.

Speaking of, the Tensor G4 sticks with an Arm Mali-G715 GPU. We haven't been able to confirm the core configuration, but without the move to a smaller processing node and looking at the performance results, it appears to be the same seven-core setup as the previous generation chipset. While the <6% clock speed boost lifts performance somewhat, gamers are still faced with a decidedly mid-range offering that's already well behind Snapdragon and Dimensity in the flagship space. A static GPU core with Mali branding also means no ray tracing support (that falls under Arm's Immortalis moniker).

--- Advertisement ---

**Latest deals on top tech**                                    See all deals →

≫ 23% off

**Samsung Galaxy S25 Ultra**                                        ⌄

See price at Amazon →   Limited Time Deal!

Google's Tensor processors have never been about blazing-fast performance metrics; they are more about enabling unique features. Still, the hop between the G3 and G4 looks to be the

Google's Tensor processors have never been about blazing-fast performance metrics; they are more about enabling unique features. Still, the hop between the G3 and G4 looks to be the smallest yet and may leave enthusiasts wondering if there's much point in upgrading to the latest model, at least from a performance perspective.

# Powering new AI features



Calvin Wankhede / Android Authority

AI is, of course, one of the major motivators behind the Tensor project, powering Google's latest Gemini and computational photography features. Google closely guards its TPU secret sauce, which was developed as part of its DeepMind cloud initiative, but it's revealed a few tidbits. The headline capability is an "industry-leading" 45 tokens per second output rate. That's quick; 30 tokens per second is fast enough to outpace even the quickest readers.

This metric is from running Gemini Nano on-device for the new Pixel Screenshots feature, and, from what we know, Nano comes in a 3.5 billion parameter version at most. For comparison, the Qualcomm Snapdragon 8 Gen 3 outputs 15 tokens per second for a bigger 10 billion parameter large language model, and MediaTek's Dimensity 9300 handles 7 billion parameters at 20 tokens per second. So Google's TPU is fast, but it's not clearly leaps and bounds ahead of the competition when it comes to token crunching.

## *Google's AI smarts haven't changed with the Tensor G4.*

That's all Google has to say about the Tensor G4's AI capabilities, and probably for good reason — the TPU and many of the chip's other components are apparently the same as the Tensor G3. That's right; the G4 features the same third-generation "rio" AI core as last year, so any exclusive Pixel 9 AI features aren't purely down to the new chip.

While not part of the chipset itself, we should acknowledge that the Pixel 9 comes with 12GB of RAM, extending to 16GB for the Pro models. As we know, AI is RAM-heavy and requires access to a fast and vast pool of memory to run more complex models. Google notes that it

Document title: Google Tensor G4 explained: Everything you need to know about the Pixel 9 processor
Capture URL: https://www.androidauthority.com/google-tensor-g4-explained-3466184/
Capture timestamp (UTC): Thu, 31 Jul 2025 21:52:39 GMT

A0428

— the TPU and many of the chip's other components are apparently the same as the Tensor G3. That's right, the G4 features the same third-generation no "AI core as last year, so any exclusive Pixel 9 AI features aren't purely down to the new chip.

While not part of the chipset itself, we should acknowledge that the Pixel 9 comes with 12GB of RAM, extending to 16GB for the Pro models. As we know, AI is RAM-heavy and requires access to a fast and vast pool of memory to run more complex models. Google notes that it "carves out" a dedicated portion of RAM to run Gemini on-device for the first time, preventing other apps from using that memory for a smoother AI experience. We dug into the handsets and found that the Pixel 9 Pro models reserve 3GB RAM for AI. This should make for a smoother experience and, of course, power exclusive new features, even if the Tensor G4 itself doesn't have anything new to offer regarding AI.

———————————— Advertisement ————————————

## Other key Tensor G4 features explained

As we mentioned, the Tensor G4 seems to share many of the Tensor G3's Google-specific internals. The TPU for AI, the GXP Digital Signal Processor for camera and audio tasks, the BigWave media codec block, and the Titan M2 security chip are all the same as the previous generation. There are no upgrades here, so expect feature parity with last year's model in these areas.

### A new modem should address Tensor power draw issues.

The Tensor G4 in the Pixel 9 series is paired with the newer Exynos Modem 5400, which sits externally to the processor. This newer modem should help quash connectivity and power drain issues seen in previous Pixels. It's reportedly up to 50% more efficient than the Modem 5300 found in the Pixel 8 series, but we'll have to test this further to be sure.

The modem supports 3GPP Rel. 17, including support for 5G non-terrestrial networks (NTN). This enables the Pixel 9 series' new satellite communication feature for SOS messaging.

## Tensor G4 benchmarks

Document title: Google Tensor G4 explained: Everything you need to know about the Pixel 9 processor
Capture URL: https://www.androidauthority.com/google-tensor-g4-explained-3466184/
Capture timestamp (UTC): Thu, 31 Jul 2025 21:52:39 GMT

A0429

drain issues seen in previous Pixels. It's reportedly up to 50% more efficient than the Modem 5300 found in the Pixel 8 series, but we'll have to test this further to be sure.

The modem supports 3GPP Rel. 17, including support for 5G non-terrestrial networks (NTN). This enables the Pixel 9 series' new satellite communication feature for SOS messaging.

# Tensor G4 benchmarks

With few major component enhancements over last year's already middling Tensor G3, we shouldn't expect the Tensor G4 to top the benchmark charts. With the $100 price increase to boot, you're paying as much for far less than the competition, at least as far as performance is concerned. Check out our full Tensor G4 benchmark rundown for a deeper comparison, but there's the overview.



Pixel 9 Pro XL benchmarks

Pixel 9 Pro XL benchmarks

Compared to last year's model, the move to the Tensor G4 provides an 11.5% boost in GeekBench 6's single-core test but only 6.1% in multi-core. The single-core boost might just be enough to ensure additional responsiveness in the next few years, but the tiny multi-core gains don't move the needle for heavily threaded apps, such as games. Speaking of, there's an average of 4.5% additional graphics performance for the Pixel 9 and 8% for the Pro XL across 3DMark's WildLife and WildLife Extreme tests. Again, that means a few extra frames but hardly anything game-changing. However, the Tensor G4 is more stable under our stress test environment, lasting far longer before giving up performance than the Tensor G3. That's very welcome news, at least.

Last year's Pixel smartphones were powerful enough for everyday tasks and more, so the Tensor G4-powered Pixel 9 series is as well. However, when you compare its raw performance capabilities against its similarly priced flagship rivals, it's clear a stopgap year is going to cost the Pixel 9 against existing competitors and those launching in the next few months. Apple's and Qualcomm's latest silicon is about 33% faster than the Tensor G3 when it comes to multi-core CPU performance. Graphics exposes an even bigger gap, delivering just 50% of the peak performance of the Snapdragon 8 Gen 3's Adreno GPU. The iPhone 15 Pro's six-core GPU is also 39% faster than Tensor's Mali-G725 GPU.

Advertisement

Document title: Google Tensor G4 explained: Everything you need to know about the Pixel 9 processor
Capture URL: https://www.androidauthority.com/google-tensor-g4-explained-3466184/
Capture timestamp (UTC): Thu, 31 Jul 2025 21:52:39 GMT

A0430

the Pixel 9 against existing competitors and those launching in the next few months. Apple's and Qualcomm's latest are about 35% faster than Tensor's processors when it comes to multi-core CPU performance. Graphics exposes an even bigger gap, delivering just 50% of the peak performance of the Snapdragon 8 Gen 3's Adreno GPU. The iPhone 15 Pro's six-core GPU is also 39% faster than Tensor's Mali-G725 GPU.

Advertisement

Google says it's not building chips to top the benchmark leaderboards, and that's clearly true.

# What to expect from the Google Tensor G4



Robert Triggs / Android Authority

The Google Tensor G4 remains as important as ever to the Pixel smartphone formula. It provides some minor performance and efficiency improvements in the CPU and modem department, which matter most to your everyday applications. Unfortunately, the chip doesn't have anything new to offer gamers, and as is the norm, it will be considerable further behind rival chipsets that are launching later in 2024.

More unusually, it has no upgrades in the realms of AI or photography. The Tensor G4 is more

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 20, 2026, upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                          *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                                      *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Sydney D. Gaskins, Esquire                                       *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Alexandra Corrinne Hottenrott, Esquire                           *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

Daralyn J. Durie, Esquire                                        *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                   *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                      *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                               *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 27, 2026, upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                    *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Scott F. Llewellyn, Esquire                                *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
*Attorneys for Defendant*

Sydney D. Gaskins, Esquire                                 *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017
*Attorneys for Defendant*

Alexandra Corrinne Hottenrott, Esquire                     *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Defendant*

Daralyn J. Durie, Esquire                                  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Lydia B. Cash, Esquire                                   *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendant*

Gregg F. LoCascio, P.C.                                   *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

Jay Emerick, Esquire                                   *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendant*

Peter Evangelatos, Esquire                                   *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendant*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

2