# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>        Defendant. | **REDACTED - PUBLIC VERSION**<br>(Filed March 2, 2026)<br><br> C.A. No. 24-490-MN<br>(CONSOLIDATED)<br><br> |

**DEFENDANT ARM HOLDINGS PLC'S REPSONSE TO PLAINTIFFS' OBJECTIONS TO THE SPECIAL MASTER'S JANUARY 22, 2026 ORDER (D.I. 604) DENYING PLAINTIFFS' MOTION TO STRIKE THE EXPERT REPORTS OF ARM'S EXPERTS MICHAEL C. BROGIOLI, PH.D. & STEPHEN RICHARDS, CPA**

Dated: February 23, 2026
Redacted Version Filed: March 2, 2026
OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ........................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................ 2

III.   ARGUMENT .................................................................................................... 4

     A.     Richards' And Brogioli's Reports Comply With The Scheduling Order ............... 5

     B.     Richards' And Brogioli's Reports Directly Respond To Qualcomm's
             Experts ....................................................................................................... 8

     C.     *Pennypack* Does Not Support Exclusion .................................................. 9

IV.    CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Parkland Sch. Dist.*,
  230 F. App'x 189 (3d Cir. 2007) ............................................................................10

*FLOE Int' Inc. v. Newmans' Mfg Inc.*,
  No. 04–5120 (DWF/RLE), 2006 WL 5159513 (D. Minn. Feb. 23, 2006) ........................1, 7, 8

*FTC v. Innovative Designs, Inc.*,
  No. 2:16-cv-01669-NBF, 2018 WL 3611510 (W.D. Pa. July 27, 2018)...........................1, 3, 7

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  No. CV-00-20905 RMW, 2008 WL 350647 (N.D. Cal. Feb. 3, 2008) ............................1, 4, 7

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
  559 F.2d 894 (3d Cir. 1977)............................................................................ *passim*

*Shure Inc. v. ClearOne, Inc.*,
  No. 19-1343-RGA-CJB, 2021 WL 7209740 (D. Del. Oct. 5, 2021)........................................9

*Wang v. Injective Labs*,
  No. 22-943, 2025 WL 775530 (D. Del. Mar. 11, 2025) ...........................................................7

*Withrow v. Spears*,
  967 F. Supp. 2d 982 (D. Del. 2013).....................................................................................7

## I.   PRELIMINARY STATEMENT

On September 5, 2025, Arm timely served four rebuttal expert reports. Consistent with the Scheduling Order, each of these reports "contradict or rebut evidence" presented by Qualcomm on matters for which Qualcomm "has the initial burden of proof." D.I. 44 ¶ 7(g)(i). Qualcomm moved to strike two of Arm's rebuttal reports—one authored by Dr. Michael Brogioli, a technical expert, and another authored by Steven Richards, a corporate disclosures and financial reporting expert—not because Qualcomm contends they were untimely, but because Qualcomm chose not to serve opening expert reports on those issues. Qualcomm apparently interprets the Scheduling Order as giving Qualcomm the unique authority to exclude all expert testimony on a topic if it decides not to serve a report.

That cannot be right, and Qualcomm cites no case that gives Qualcomm that power. Instead, courts repeatedly hold that where, as here, the Scheduling Order's "expert report disclosure deadlines are staggered, such that the party bearing the burden of proof is afforded the opportunity to provide an initial expert report, the party which does not bear the burden of proof can still submit an expert report in 'rebuttal,' even in the absence of an initial report produced by the party which bears the burden of proof, so long as it is within the established time frame set by the Scheduling Order." *FLOE v. Newmans' Mfg.*, 2006 WL 5159513, at *7 (D. Minn. Feb. 23, 2006). "To hold otherwise would prevent a party from presenting an expert to respond to any argument—not necessarily one that is predicated on expert opinion—which the party that bears the burden of proof should make." *Id.* "[A] witness does not have to 'rebut' another side's specific expert witness to be considered a 'rebuttal witness.'" *Hynix v. Rambus*, 2008 WL 350647, at *5 (N.D. Cal. Feb. 3, 2008). For that reason, "courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language" in the ways Qualcomm tries to do here. *FTC v. Innovative Designs*, 2018 WL 3611510, at *2-3 (W.D. Pa. July 27, 2018).

1

Qualcomm's motion therefore fails from the start. But even if Qualcomm's self-serving interpretation of the Scheduling Order were correct, Qualcomm's motion should still be denied because the Brogioli and Richards reports do contradict and rebut the opinions offered in Qualcomm's opening experts' reports. Moreover, the *Pennypack* factors would not support exclusion even if Brogioli's and Richards' reports were somehow improper. The Special Master therefore correctly denied Qualcomm's motion, D.I. 604 ("Order"), and the Court should reject Qualcomm's unfounded objections.

## II.    FACTUAL BACKGROUND

The Court's Scheduling Order provides for reports where a party "has the initial burden of proof on the subject matter" by August 8, 2025, rebuttal reports "to contradict or rebut evidence on the same matter" by September 5, and reply reports by September 19. D.I. 44.

On the opening report deadline, Qualcomm served two reports: one from Dr. Kennedy and one from Professor Posner. Kennedy opines on the ████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████ A0937 ¶ 125. Kennedy also opines, or assumes for the purpose of quantifying damages, that the Breach Letter ███████████ ████████████████████████████████████████ ████████████████████████████████████ A0934 ¶ 118; A0936 ¶ 124 ███████████████████████████████ ████████████████████████████████████████

Kennedy additionally opines on Arm's alleged withholding of technical support materials (OOBs and ACK patches), and Qualcomm's alleged resulting harm. A0881-A0882 ¶ 32.

Posner bases his opinion that Arm "has the ability to foreclose" firms' access to the Arm

2

ISA on Arm allegedly "undermin[ing] customers' confidence in Qualcomm" by "leaking the [Breach Letter]." A0740-A0742 ¶ 65. Posner also opines that "Arm failed to provide … the 'OOB' and 'ACK patches,'" which, according to Posner, "shows that Arm is committed to finding ways of underperforming its contract, and in so doing degrading Qualcomm's ability to commercialize Arm-complaint products," and "that Arm may be acting in bad faith." *Id*. Posner opines that "Arm's OTS [off-the-shelf] cores … are more expensive and offer lower-quality performance" than Qualcomm's custom cores and that Arm's OTS cores are used in the "lower-tier" portion of the market. A0726, A0733-A0734, A0739, A0745 ¶¶ 28, 45, 61, 77. And, Posner disparages the technical benefits of Arm's ISA by opining that "it may not matter much which ISA is used" and by equating the selection of an ISA to having "people agree to drive on the left side or the right side of the road; it is not important which side is chosen as long as everyone agrees on the same side." A0724-A0725 ¶ 22.

On the rebuttal deadline, Arm served four rebuttal reports, including from Richards and Brogioli. Richards' report addresses whether Qualcomm would have disclosed the Breach Letter in its November 2024 SEC filings even if the Bloomberg Article discussing that letter was never published and whether Qualcomm's public disclosures reflect the material adverse impact that Qualcomm and its experts claim it suffered due to the Breach Letter and the alleged leak. A0367-A0369, A0382-A0394 ¶¶ 21-22, 64-93. As Richards' report outlines, these opinions directly respond to Kennedy's opinions and/or assumptions regarding the effect of the Breach Letter and its alleged leak, A0382 ¶ 62 (citing A0934, A0936-A0937 ¶¶ 118, 124-125), and Posner's opinion that the alleged leak "undermine[d] customers' confidence in Qualcomm," A0382 ¶ 63 (quoting A0293 ¶ 65). Brogioli's report addresses technical issues that, among other things, support Arm's defenses to Qualcomm's claim that Arm breached the Qualcomm ALA. A0419 ¶

3

23. As Brogioli's report explains, these opinions directly respond to Posner's and Kennedy's opinions about technical aspects of Qualcomm's ALA breach claim, including Arm's ISA and ISA compliance process, Arm's alleged withholding of OOBs and ACK patches, and Qualcomm's alleged resulting harm.

On the reply report deadline, September 19, 2025, Qualcomm served four reports styled as replies, one from Kennedy and one from Posner, and two from new experts who did not submit opening reports, Ms. Markel and Mr. Winer. A0641; A0664. Qualcomm also moved to strike the Brogioli and Richards reports. A0001. Arm opposed. A0337; Def-A1655-A1671.

The Special Master denied Qualcomm's motion on January 22, 2026. The Special Master agreed with Arm that the Scheduling Order contemplates a staggered timing for expert reports such that "[r]eports where a party has the 'initial burden of proof on the subject matter' were due first; rebuttal reports 'to contradict or rebut evidence on the same matter' were due second; [and] reply reports were due third." Order at 2 (quoting D.I. 44 ¶ 7(g)(i)). Accordingly, the Special Master concluded that the Brogioli and Richards rebuttal reports "were timely filed by the rebuttal due date" and that they "comply with the Scheduling Order." *Id.*

The Special Master rejected Qualcomm's argument that the Brogioli and Richards reports are not appropriate rebuttal because they purportedly do not rebut the contents of Qualcomm's opening reports for two reasons. *First*, the Special Master agreed with Arm, and the case law, that "'[a] witness does not have to 'rebut' another side's specific expert witness to be considered a 'rebuttal witness.'" *Id.* (quoting *Hynix*, 2008 WL 350647, at *5). *Second*, the Special Master found that "the Brogioli and Richards rebuttal reports *do* respond to Qualcomm's experts with citations to their reports." Order at 2 (all emphasis added unless otherwise noted).

## III.   ARGUMENT

The Special Master's Order is correct, and the Court should overrule Qualcomm's

Objections for three independent reasons. *First*, Qualcomm has the burden to establish that Arm breached the relevant contracts and that Arm's allegedly tortious conduct caused Qualcomm's alleged harms. Brogioli's and Richards' reports speak directly to those issues and are proper rebuttal expert reports by any measure. *Second*, Qualcomm is wrong that Brogioli's and Richards' opinions do not respond to Qualcomm's experts' opinions. Qualcomm served sweeping opening reports that touched on causation and technical issues that Brogioli addresses. Brogioli alone referenced Qualcomm's experts *more than 35 times*. Richards similarly referenced Qualcomm's experts in his expert analysis. *Third*, the *Pennypack* factors would not support exclusion even if Brogioli's and Richards' reports were somehow improper. Arm more than sufficiently disclosed its theories during fact discovery, timely served its non-burden expert opinions on the rebuttal deadline, and Qualcomm responded to those opinions in its reply reports. There is no prejudice or surprise to Qualcomm and no disruption to the schedule.

## A.     Richards' And Brogioli's Reports Comply With The Scheduling Order

The Scheduling Order governs the timing of expert reports. D.I. 44 ¶ 7(g)(i). It provides for reports where a party "has the initial burden of proof on the subject matter" by August 8, 2025, rebuttal reports "to contradict or rebut evidence on the same matter" by September 5, 2025, and reply reports by September 19, 2025. *Id.* On the rebuttal deadline, Arm served four rebuttal reports, including from Richards and Brogioli. D.I. 385.

There is no genuine dispute that Arm timely served Richards' and Brogioli's reports. On the parties' meet-and-confer, Arm asked Qualcomm whether it believed the reports should have been served on the opening-report deadline. A0695 at 31:5-11, 32:8-33:4. Qualcomm declined to take that position then and here. That is unsurprising as it is undisputed that Richards and Brogioli address issues where Qualcomm bears the initial burden of proof.

Qualcomm instead argues that the Scheduling Order severely restricts the *scope* of the

5

non-burden opinions that Arm's experts may submit on the rebuttal-report deadline. In Qualcomm's view, Arm could not serve the Richards and Brogioli reports unless Qualcomm served opening reports from its own SEC and technical experts. That interpretation defies common sense and would allow Qualcomm to unfairly bury damaging evidence on issues where it would prefer the jury not hear expert testimony. Qualcomm's decision not to offer its own SEC or technical expert does not preclude Arm from doing so. Look no further than the language of the Scheduling Order itself, which permits rebuttal reports that "contradict or rebut *evidence*" presented by Qualcomm on matters for which Qualcomm "has the initial burden of proof," not just rebuttal reports that rebut Qualcomm's *experts*. D.I. 44 ¶ 7(g)(i).

The problems with Qualcomm's atextual position are self-evident. As one example, Qualcomm's expert Posner opines that Arm unfairly competes against Qualcomm, including by "leaking the notice letter that Arm sent to Qualcomm" to harm Qualcomm's relationships with its customers. A0740-A0742 ¶ 65. One of Arm's defenses to that allegation is that Qualcomm had an independent obligation to publish the notice letter in its SEC filings just two weeks later. A0806-A0807; A0828-A0831. Arm submitted Richards' report in support of this defense. Under Qualcomm's erroneous reading of the Scheduling Order, because Posner only discussed Qualcomm's claims that Arm "leak[ed] the notice letter"—but did not discuss Arm's defense that Qualcomm had an independent obligation to disclose the letter in its SEC filings—Arm should be prohibited from providing a rebuttal report in support of that defense.

That is nonsense. Qualcomm's position is that Qualcomm should be permitted to advance its claims using selective expert testimony, but Arm cannot present expert testimony in support of defenses Qualcomm would rather not address. Opinions addressing those defenses still "contradict or rebut evidence" offered by Posner and Kennedy as well as the non-expert evidence

6

Qualcomm will rely on in support of its breach, tortious-interference, and unfair-competition claims. The same is true for Brogioli's opinions regarding Arm's ISA, the compliance verification process, the technical support materials that Arm allegedly withheld and Qualcomm's alleged resulting harm. A0417, A0419, A0481-A0482, A0567-A0571, A0580-A0588 ¶¶ 15, 23, 167-68, 369-377, 395-419.

Courts have consistently rejected Qualcomm's arguments. Where the Scheduling Order's "expert report disclosure deadlines are staggered, … the party which does not bear the burden of proof can still submit an expert report in 'rebuttal,' even in the absence of an initial report produced by the party which bears the burden of proof, so long as it is within the established time frame set by the Scheduling Order." *FLOE*, 2006 WL 5159513, at *7. "[A] witness does not have to 'rebut' another side's specific expert witness to be considered a 'rebuttal witness.'" *Hynix*, 2008 WL 350647, at *5; *Innovative Designs*, 2018 WL 3611510, at *2-3.

Qualcomm incorrectly argues that the Special Master "ignored Delaware law." D.I. 638 at 6. Not so. The Special Master considered Qualcomm's cited cases and correctly concluded that none of them support Qualcomm's position. Not one of the cases that Qualcomm cites limits the scope of non-burden issues that can be presented in rebuttal reports. Instead, Qualcomm's cases found that reports submitted after the opening report deadline were untimely because the party bore the burden of proof on that issue. In *Withrow v. Spears*, the court found a **reply**—not rebuttal—report untimely because it improperly opined on burden issues that should have been addressed by the opening-report deadline. 967 F. Supp. 2d 982, 1001-03 (D. Del. 2013). In *Wang v. Injective Labs*, the court found untimely portions of a plaintiff's expert report submitted on the rebuttal deadline, not the opening deadline, that "amount to a damages theory that would need to be presented in [plaintiff's] case-in-chief, given that he has the burden of proof on damages."

2025 WL 775530, at *1-2 (D. Del. Mar. 11, 2025). Unlike those cases, Arm properly submitted its rebuttal reports on what Qualcomm admits are non-burden-bearing issues (A0005) "within the established time frame set by the Scheduling Order," and therefore "should not be denied the opportunity to present expert opinion … simply because [Qualcomm] chose not to." *FLOE*, 2006 WL 5159513, at *7. That is reason enough to deny Qualcomm's motion.

**B.      Richards' And Brogioli's Reports Directly Respond To Qualcomm's Experts**

Even if Qualcomm's erroneous interpretation of the Scheduling Order were correct, the reports from Richards (A0361) and Brogioli (A0408) would still be proper rebuttal reports.

Richards' rebuttal report references and rebuts Posner's and Kennedy's opinions that the alleged leak of the Breach Letter to Bloomberg harmed Qualcomm. Posner opines that Arm allegedly ███████████████████████████████ by "leaking the notice letter." A0741 ¶ 65; A0733-A0734 ¶ 45. Kennedy opines that Qualcomm suffered nearly ██████ in damages from the alleged "leak." A0934, A0937 ¶¶ 118, 125; A0935-A0946 ¶¶ 121-141. And, another Arm expert, Dr. Simcoe, relies on Richards' opinions to support his conclusion that the Bloomberg Article did not cause Qualcomm any harm. A1145-A1146 ¶ 106. Qualcomm does not dispute that Simcoe's causation opinion properly responds to Kennedy's causation analysis.

Qualcomm attempts to minimize its experts' opinions regarding the Bloomberg Article and Arm's alleged ALA breach, characterizing them as nothing more than a "recitation of Qualcomm's factual allegations." D.I. 638 at 4-5. That is plainly incorrect. Posner's opinion that "Arm conducted a misinformation campaign designed to undermine customers' confidence in Qualcomm … includ[ing] leaking the notice letter" cites entirely to production documents and testimony without qualification. A0741 ¶ 65. Kennedy does not recycle allegations, but—in his own words—"███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

8

███████████████████████████████████████████████████████

█████████████ A0937 ¶ 125. Even if Qualcomm's characterization were accurate, there is no basis to permit Qualcomm's experts to recite these allegations at trial, while prohibiting Arm's experts from rebutting them. *Shure v. ClearOne*, 2021 WL 7209740, at *8 (D. Del. Oct. 5, 2021). Qualcomm's complaint that Richards spent more paragraphs on these issues than its experts is likewise not a basis to strike Richards' opinions. D.I. 638 at 4.

Brogioli cites and directly refutes Posner's and Kennedy's opinions as well. Posner opines that "Arm failed to provide … the 'OOB'" and "'ACK patches[.]'" A0740-A0742 ¶ 65 (cited by Brogioli, A0417, A0481-A0482 ¶¶ 15, 167). Posner opines this "shows that Arm is committed to finding ways of underperforming its contract, and in so doing degrading Qualcomm's ability to commercialize Arm-compliant products," and "that Arm may be acting in bad faith." A0740-A0741 ¶ 65. Kennedy similarly opines on Arm's alleged withholding and Qualcomm's alleged resulting harm. A0881-A0882 ¶ 32 (cited by Brogioli, A0417, A0482 ¶¶ 15, 168). Brogioli's technical analysis of those allegedly withheld materials in his report references Qualcomm's opening reports *more than 35 times*.

Brogioli likewise squarely addresses Posner's opinion that disparages Arm's implementation cores and the technical features of Arm's architecture. A0724-A0725, A0726, A0733-A0734, A0739, A0745 ¶¶ 22, 28, 45, 61, 77 (cited by Brogioli, A0580-A0588 ¶¶ 395-419). It makes no difference that Qualcomm's experts offered opinions on topics that require technical analysis without providing any. The absence of supporting technical analysis is a weakness in those opinions, not a basis to strike Arm's rebuttal.

## C.    *Pennypack* Does Not Support Exclusion

Finally, even if Qualcomm were right that Arm's expert opinions somehow violated the Scheduling Order, none of the *Pennypack* factors favor exclusion. The first three—(1) surprise or

9

prejudice to the moving party, (2) ability to cure such prejudice, and (3) the extent to which the evidence would disrupt the order and efficiency of trial—each relate to the timing of the disclosure. *Meyers v. Pennypack*, 559 F.2d 894, 904 (3d Cir. 1977). There is no genuine dispute that Richards' and Brogioli's reports were timely served. Further, Arm more than sufficiently disclosed its defenses during fact discovery. A1344-A1469 at ROGs 1-2, 5, 8, 10, 12. Qualcomm claims it had to "scramble" to respond, but that is a problem of Qualcomm's own making when it chose not to address what Arm already identified during fact discovery. *Id*. Qualcomm served reply reports styled as responding to Richards, and the parties completed expert discovery by the October 3 deadline. A0641 ¶ 1; A0664 ¶ 1. Qualcomm's complaint that Arm will disrupt the trial presentation by putting on witnesses that are non-responsive to its witnesses ignores that Arm's defenses are responsive to Qualcomm's claims. Those defenses remain relevant even if Qualcomm chooses to ignore them at trial.

For factor four, Qualcomm does not allege willfulness or bad faith. Its allegations of a "developing pattern of untimeliness," based on a single discovery issue, A1342, fail for the reasons explained in Arm's 9/19/2025 letter. A1638-A1643 . There are no factual similarities with *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 194 (3d Cir. 2007), where plaintiffs "flagrant[ly] disregard[ed]" the Scheduling Order by serving an expert report on a ***burden-bearing issue*** 15 months late. For factor five, Brogioli's and Richards' reports are important. They uniquely and directly rebut Qualcomm's core allegations. Qualcomm claims that "Arm has other options for presenting similar evidence," yet identifies only "Arm's fact witnesses," who cannot opine on Qualcomm-confidential material as Brogioli and Richards do. A1342-A1343.

There is no basis for striking Arm's expert reports.

## IV.    CONCLUSION

Qualcomm's objections should be overruled, and Qualcomm's motion should be denied.

Dated: February 23, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2026, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com
John Poulos
NORTON ROSE FULBRIGHT US LLP

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2