**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>      Defendant. | **REDACTED - PUBLIC VERSION**<br>(Filed March 4, 2026)<br><br><br>C.A. No. 24-490-MN<br>(CONSOLIDATED)<br><br> |

**DEFENDANT ARM HOLDINGS PLC'S RESPONSE TO QUALCOMM'S OBJECTIONS**
**TO SPECIAL MASTER'S ORDER (D.I. 629) DENYING QUALCOMM'S**
**<u>MOTION TO COMPEL (D.I. 375)</u>**

Dated: February 27, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

**TABLE OF CONTENTS**

I.    **PRELIMINARY STATEMENT** ................................................................... 1

II.   **ARGUMENT** ........................................................................................... 2

      A.    Qualcomm's Request For New ▇▇▇▇▇▇▇▇ Discovery Should Be Denied. ................................................................. 2

      B.    Qualcomm's Request For Discovery Regarding Its Non-Existent GIC-700, MMU-700, and ELA-600 "Claim" Should Be Denied. ......................................... 6

III.  **CONCLUSION** ..................................................................................... 10

\* All emphasis added unless otherwise noted.

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*GlaxoSmithKline LLC v. Glenmark Pharms. Inc., USA*,
    2017 WL 11685418 (D. Del. Jan. 20, 2017)................................................................................7

*Invensas Corp. v. Renesas Elec. Corp.*,
    2013 WL 12146531 (D. Del. May 8, 2013)................................................................................2

*Kurtz v. Westfield Ins.*,
    610 F. Supp. 3d 703 (E.D. Pa. 2022) ........................................................................................7

*Phunware, Inc. v. Excelmind Grp. Ltd.*,
    117 F. Supp. 3d 613 (D. Del. 2015)..........................................................................................7

*Ranke v. Sanofi-Synthelabo Inc.*,
    436 F.3d 197 (3d Cir. 2006).......................................................................................................7

*Robinson v. Family Dollar Inc.*,
    679 F. App'x 126 (3d. Cir. 2017) ..............................................................................................7

**Rules**

Fed. R. Civ. P. 33(d) .......................................................................................................................4

ii

## I.    PRELIMINARY STATEMENT

The Court should overrule Qualcomm's objections to the Special Master's Order (D.I. 629) denying Qualcomm additional discovery concerning its TLA breach claims.

*First*, the Special Master correctly found there is no basis to grant Qualcomm's request for what is effectively a re-do of discovery on its claims that Arm breached Sections ███████ of the parties' TLA.  During discovery, Qualcomm deposed *five* Arm witnesses and Arm's expert about █████████████████████████████████████ ███████████████████ renewal licensing offer.  Arm also produced documents and provided fulsome, lengthy responses to Qualcomm's interrogatories on those topics.  Because certain third-party TLAs were produced after depositions occurred due to the notice period required by the Protective Order, Arm also agreed to make its 30(b)(6) TLA witness, Mr. Ehab Youssef, available for a supplemental deposition about those documents. Even though the Special Master denied that deposition, Arm will still make him available.  Qualcomm has had ample opportunity to conduct the discovery on this issue.  There is no basis to provide Qualcomm with more.

*Second*, the Court should deny Qualcomm's request for discovery into Arm's October 2024 offer to re-license the GIC-700, MMU-700, and ELA-600 because Qualcomm never pled a claim based on those products, did not even attempt to inject those products into the case until after fact discovery closed, and has already received sufficient discovery.  In the SAC (D.I. 137), Qualcomm alleged that Arm breached Sections ████████ of the TLA based on a licensing offer it made to Qualcomm to renew its licenses to ████████████.  The SAC is devoid of any mention of licensing offers for other unnamed products.  Qualcomm nonetheless alleges that a stray reference that it "expects discovery to show" other TLA violations opens the door to broad swaths of discovery.  As the Special Master correctly found, Qualcomm is not entitled to

1

discovery into claims it has not pled. Even if the Court allows Qualcomm to advance these theories, Qualcomm already has sufficient discovery: its damages expert submitted more than 20 pages of opinions calculating the damages Qualcomm allegedly suffered with respect to these products and walked through numerous documents when doing so.

## II.    ARGUMENT

The Court should overrule Qualcomm's objection to the Special Master's Order. At the outset, Qualcomm alleges the Special Master erred in her Order because of "***Arm's*** failure to substantiate its relevance and scope objections to Qualcomm's requested discovery." D.I. 679 at 2. That is backwards. "When a party objects to discovery requests, 'the burden falls on the party seeking the discovery to show the relevance of the information requested.'" *Invensas Corp. v. Renesas Elec. Corp.*, 2013 WL 12146531, at *2 (D. Del. May 8, 2013) (citation omitted). It was Qualcomm's burden, not Arm's, to show why the discovery it seeks is warranted. Qualcomm failed to meet its burden, as Arm has more than provided adequate TLA discovery into the claims Qualcomm actually asserted.

> ### A.    Qualcomm's Request For New █████████████████ Discovery Should Be Denied.

Qualcomm first asks the Court to order Arm to provide supplemental interrogatory responses and 30(b)(6) testimony regarding its October 2024 offer to Qualcomm to renew its ██████████████ license. Yet Arm already provided fulsome interrogatory responses and testimony about that offer, and Arm already agreed to provide an additional deposition of Mr. Youssef regarding additional TLAs for ██████████████ produced after the close of fact discovery. The Special Master correctly denied Qualcomm's motion.

**Interrogatory No. 11**: Arm served two lengthy responses to this contention interrogatory explaining why Qualcomm's claim that Arm breached the TLA is baseless. D.I.656 at A0260-

A0271.  As of July 11, Arm's response spans nearly 12 full pages: it recounts Qualcomm's allegations, explains how Arm ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████  *Id.*  Arm's response also incorporates by reference (and mirrors) the testimony of Arm's witnesses that Qualcomm questioned during fact discovery and cites pertinent documents throughout.  *Id*. at A0271.

Qualcomm's complaints again miss the mark.  Qualcomm first claims that Arm failed to identify and produce a document corroborating that it ████████████████████████████

█████████████████  *see* D.I. 679 at 4–5.  Arm has long wanted to produce that spreadsheet, but it contains third-party confidential information subject to pending motion practice, and therefore Arm has been forced to withhold it pending resolution of those disputes.  *See* D.I. 453 at 16–20.  Qualcomm certainly had "opportunities to obtain the information it now seeks to compel," *see* D.I. 679 at 5, because it conducted depositions of *five* Arm witnesses about Arm's October 2024 offer: Ehab Youssef, Akshay Bhatnagar, Jeff Fonseca, Karthik Shivashankar, and Will Abbey.  Arm's witnesses ████████████████████████████████  ████████████████

████████████████████████████████████████████████████

███████████████████████████████████  Indeed, Qualcomm relied on that testimony in seeking summary judgment that Arm violated the TLA.  *See* D.I. 442 at 3–9, 13–23.  Qualcomm also complains Arm produced ████████████████  after Mr. Youssef's deposition, yet Qualcomm's expert was able to analyze and opine about that agreement in his opening report, served on August 8, 2025.  Any testimony Qualcomm failed to obtain—or simply does not like—is a problem of

3

Qualcomm's own making, including because Qualcomm chose to end each of its TLA depositions early. *See, e.g.*, D.I. 457, Ex. 12 at 4:1-6, 104:2-5 (~2 hours on record).

**Interrogatory No. 6**: This interrogatory asks that Arm "[d]escribe in detail and provide a list of licensing terms" for ███████████████, including information identifying Arm's licensees, dates, licensing fee and royalty rate, and license duration.[1] D.I. 656 at A0218. Because this factual information is most readily and easily found in the agreements themselves—and because Qualcomm expressly asked Arm to identify the "relevant documents identified by Bates number"—Arm responded by providing a list, pursuant to Fed. R. Civ. P. 33(d), of the license agreements for ███████████████. *Id.* at A0219-A0220. Arm also identified knowledgeable witnesses about the agreements (as Qualcomm also requested) and incorporated by reference their testimony. *Id.*

Qualcomm failed to meet its burden of showing this response is somehow deficient. Qualcomm claims that it is "unfamiliar with" these documents because it "does not have [them] with Arm" and that they are "complicated," but that is irrelevant. D.I. 679 at 3. Qualcomm is represented by sophisticated outside counsel that is more than capable of analyzing those agreements to ascertain their terms, as it has done for the ALA and TLA, and if Qualcomm's outside counsel is unable to do so, that is all the more reason to deny its requests for discovery of still more third-party ALA and TLA agreements. Qualcomm suggests that responding pursuant to 33(d) is somehow inadequate, yet cites no case law to support that claim. D.I. 679 at 3. Arm's

---

[1]    Interrogatory No. 6 also sought discovery into products other than ██████████ ██████ and Qualcomm sought that discovery as well in its underlying briefing to the Special Master. D.I. 656 at A0218. Qualcomm's opening brief now limits the scope of its requested supplement to the terms for ███████████. D.I. 679 at 3. Qualcomm apparently now concedes those other products are not in the case and has forfeited any demand for broader discovery concerning those products.

witnesses were certainly "available to be fully questioned" as Qualcomm deposed them and Arm will make Mr. Youssef available for a second deposition concerning the agreements produced after Qualcomm deposed him the first time. *Id.* at 4.

Accordingly, Arm has provided the information Qualcomm requested, as the documents speak for themselves and were produced to Qualcomm. Qualcomm moves to compel Arm not for any additional facts or legal contention, but to seek characterizations about the licenses Arm produced, which is not what this interrogatory even seeks. Nonetheless, to resolve this dispute, Arm is willing to supplement its response to identify the additional TLAs Arm produced after the close of fact discovery and to incorporate the forthcoming additional testimony of Mr. Youssef.

**30(b)(6) Testimony**: Qualcomm fails to explain why yet another deposition on four 30(b)(6) topics is necessary, particularly where it already questioned Arm's witnesses about the October 2024 offer. Topic 8 seeks information regarding "drafting negotiation, interpretation, and construction of the TLAs and any amendments or annexes thereto, and the pricing of those TLAs," "[c]omplaints or other feedback from Arm's customers relating to the licensing or pricing of Arm Implementation cores … or the support provided under those TLAs," and "Arm's policies and practices regarding TLA licensing offers and annex renewal offers." D.I. 214 at 7. Virtually none of this information is relevant to the preparation of Arm's October 2024 offer to Qualcomm. For Topic 9(b), Qualcomm seeks information about "Arm's ***non-TLA*** third-party agreements covering ██████████████████████," Qualcomm appears to be making an artificial distinction between TLAs and ATAs, but in any event Arm provided a 30(b)(6) witness on agreements for ██████ ██████████, regardless of how they are labeled. D.I. 679 at 6.

As to Topics 20 and 29, Arm has already agreed to this request, in part. In July 2025, Qualcomm identified additional licensees for ██████████████████ to Arm during a meet and

confer, which Arm agreed to (and did) promptly investigate.  Unless those third parties objected, Arm produced those additional licenses in August and September 2025.  Arm agreed that it will make Mr. Youssef available for a limited deposition to allow Qualcomm to ask about TLA-related discovery produced after the close of fact discovery.

**B.    Qualcomm's Request For Discovery Regarding Its Non-Existent GIC-700, MMU-700, and ELA-600 "Claim" Should Be Denied.**

Qualcomm's request for additional discovery into offers for products other than ████████ ██████████████ likewise should be denied.  Despite seeking discovery regarding 13 additional products in its underlying briefing that it did not mention *a single time* in its complaints, Qualcomm now seeks to compel discovery only regarding an offer for three products, GIC-700, MMU-700, and ELA-600, which Qualcomm refers to as "Peripheral IP."  D.I. 668 at A1211.  The Court should deny Qualcomm's request because there is no basis for discovery into products it failed to plead a cognizable claim about.  Qualcomm also already has the discovery it needs anyway.



In March 2025, Qualcomm sought leave to file the SAC, in which it added claims alleging Arm violated Sections ████████████ of the parties' TLA by ██████████████████████ █████████████ to renew Qualcomm's license to just three products: █████████████████ D.I. 91.  The Court granted Qualcomm's request in June 2025 and Qualcomm filed the SAC shortly thereafter.  D.I. 134, 137.  Of the two new counts Qualcomm added, Count VII alleges breach of Section ████ of the TLA based on Arm's proposed pricing for solely those three ███ D.I. 137 ¶¶ 213–220.  Count VIII alleges that Arm ██████████████████████████████████████ ████████████████████████████████████████████████████████████ *Id.* ¶¶ 221–226.  The SAC is devoid of any mention of other Arm products.  There is only a single vague

statement that Qualcomm "expects discovery to show" that Arm violated the good faith provisions in "negotiations involving" unidentified "peripheral TLA IP."  D.I. 137 ¶ 102.

Qualcomm argues it is nonetheless entitled to discovery regarding an alleged violation of the implied covenant of the TLA based on Arm's October 2024 offer, which also included terms for the GIC-700, MMU-700, and ELA-600.  D.I. 679 at 6–7.  But the Special Master correctly denied Qualcomm's motion after recognizing—and quoting directly from Arm's August 18, 2025 letter—that a plaintiff "is entitled to discovery only when they have made factual allegations that support a cognizable claim; discovery is not for determining whether there is a factual basis for a claim not yet made."  D.I. 629 at 3 (quoting *Kurtz v. Westfield Ins.*, 610 F. Supp. 3d 703, 711 (E.D. Pa. 2022)).

The law is clear that "Rule 8 simply 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"  *Robinson v. Family Dollar Inc.*, 679 F. App'x 126, 133 (3d. Cir. 2017).  Vague allegations that a party "expects discovery to show" a contract violation does not state a claim.  *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006); *GlaxoSmithKline LLC v. Glenmark Pharms. Inc., USA*, 2017 WL 11685418, at *6 (D. Del. Jan. 20, 2017); *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 621-22 (D. Del. 2015).  Qualcomm's attempt to make an end run around its failure to plead a claim for any product other than ▮▮▮▮▮▮▮▮▮▮▮ should again be rejected.

Qualcomm asserts the SAC "references Arm's October 2024 licensing proposal," *see* D.I. 679 at 6, yet simply referencing a business document does not adequately plead a claim.  If anything, it underscores that Qualcomm knew about but chose ***not*** to plead a claim regarding the GIC-700, MMU-700, and ELA-600.  Qualcomm also argues it served and conducted discovery on these products, *see* D.I. 679 at 7, but serving RFPs is not a recognized way to amend a complaint,

7

evade a deadline for doing so under the rules, or avoid a motion to dismiss or other challenge to new allegations, and does not give notice to Arm. The fact that Arm also served discovery requests near the close of discovery and after Qualcomm filed its motion to compel is irrelevant and was done merely to ensure that, if the Court ruled in Qualcomm's favor on this issue, Arm would receive reciprocal discovery. Arm never conceded that Qualcomm's unpled GIC-700, MMU-700, and ELA-600 claim was in the case.

Qualcomm also points to ¶¶ 181–188 of the SAC to suggest that it adequately pled a claim that Arm breached the implied covenant of good faith and fair dealing "in both the Qualcomm ALA and TLA." D.I. 679 at 6. However, none of those paragraphs point to a single violation of the TLA based on a licensing offer for the GIC-700, MMU-700, and ELA-600. At best, ¶ 184 references how Arm allegedly "failed to provide licensing proposals for ███████████ ████ to Qualcomm in violation of provisions of the QC TLA." D.I. 137 ¶ 184. But as Qualcomm admits, the GIC-700, MMU-700, and ELA-600 are not ███████████████, but rather "peripheral IP products." D.I. 679 at 6–8. Licensing of peripheral IP products is governed by Section ██████ of the TLA, a provision Qualcomm chose not to allege that Arm breached and instead wholly omitted from the SAC. D.I. 431, Ex. 1 § ███████

Qualcomm also argues the Special Master allegedly "ruled that Qualcomm's peripheral IP claim is properly pled in this case" and found that "Qualcomm timely filed [and] served several requests for production." D.I. 679 at 7–8 (citing D.I. 630 at 3–4). That is incorrect and Qualcomm's mischaracterizing of D.I. 630 is telling. Qualcomm served—four hours after the close of fact discovery—supplemental interrogatory responses attempting to inject new allegations into the case regarding a broad swath of additional Arm products. Arm moved to strike those late disclosures. *See* D.I. 378. In ruling on Arm's motion, the Special Master held that "Arm suffered

8

no surprise or prejudice, Qualcomm acted in good faith, and that the claims and theories at issue here are very important." D.I. 630 at 3–4. Arm disagrees with those findings and has objected to them. *See* D.I. 664. But regardless, the Special Master's February 6 ruling made no finding that Qualcomm "properly pled" a claim based on the GIC-700, MMU-700, and ELA-600. She merely observed that Qualcomm served discovery requests regarding those products, albeit on the last day of fact discovery several hours after the discovery window closed. D.I. 630 at 3.

At base, there is no reason to grant Qualcomm new discovery into products it intentionally omitted from its complaints and first mentioned in its discovery responses at the last minute. Accordingly, the Court should overrule Qualcomm's objections and again deny discovery regarding GIC-700, MMU-700, and ELA-600.

Should the Court nonetheless find that Qualcomm's purported "claim" regarding GIC-700, MMU-700, and ELA-600 is properly in the case, there is no basis to order additional discovery as Qualcomm already has what it needs. The Court need look no further than Qualcomm's damages expert who had more than enough evidence to opine that ███████████████████████ ████████████████████████████████████████████ D.I. 421, Ex. 69 ¶¶ 83–117. Qualcomm's expert analyzed its ██████████████████████████████ (which Arm produced), Arm's October 2024 offer, ████████████████████████ ██████████████████, and witness testimony to conclude that ██████████████████ ████████████████████████ under two different theories. D.I. 421, Ex. 69 ¶¶ 115, 117.

The additional discovery Qualcomm seeks is into third-party licenses for the GIC-700, MMU-700, and ELA-600, but that discovery is not warranted. D.I. 679 at 8. Unlike Section ████ of the TLA that ████████████████████████████████████████ ████ Section ████ of the TLA merely ████████████████████████████

9

██████████████████████████████████████████████████████████

████  D.I. 431, Ex. 1 § ███.  There is no dispute Arm has made the GIC-700, MMU-700,

and ELA-600 ███████████████████████  ███████████████████████

███████████████████████  Thus, "documents and communications concerning Arm's

licensing of the peripheral IP to third parties" and "Arm's licensing of those products to third

parties" is simply irrelevant.  D.I. 679 at 8.  It is also burdensome while seeking commercially

valuable and highly sensitive licensing information, as the Special Master has observed in granting

the protective order motions of parties such as Apple, Annapurna, and Broadcom.  D.I. 614–617,

628.

## III.    CONCLUSION

Qualcomm's objections to the Special Master's Order (D.I. 629) should be overruled.

Dated: February 27, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


 /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27, 2026, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com
John Poulos
NORTON ROSE FULBRIGHT US LLP

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Anish Desai
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com
adesai@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2