IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation, and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>                    Defendant. | C.A. No. 24-490-MN<br><br>PUBLIC VERSION<br>FILED MARCH 9, 2026 |

**NON-PARTY AMLOGIC HOLDINGS LTD.'S RESPONSE TO QUALCOMM'S
OBJECTIONS TO SPECIAL MASTER'S ORDER AS TO AMLOGIC**

Non-party Amlogic Holdings Ltd. ("Amlogic") respectfully requests that the Court overrule Qualcomm's objections to the Special Master's Order granting Amlogic's motion for a protective order. *See* D.I. 614 ("Order"); D.I. 648 ("Objections"). For at least the reasons below, the Special Master properly granted Amlogic's motion for a protective order, and the Court should uphold the Special Master's Order in its entirety.

*First*, the Special Master correctly ruled that "Qualcomm's requests are a fishing expedition and Amlogic's agreements with Arm, and other documents and communications are not relevant to Qualcomm's claims in this case." Order at 6. In particular, the Special Master concluded that "Qualcomm has not demonstrated that it has any information that Amlogic's agreements with Arm are directly implicated regarding licensing offers to Qualcomm." *Id.* at 5–6. The Special Master's conclusions remain true.

In this Circuit, the party seeking discovery bears the burden of demonstrating relevance. *See, e.g.*, *Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, 2017 WL 4310221, at *4 (M.D. Pa. Sept. 28, 2017). Qualcomm fails to satisfy its burden. In its Objections, Qualcomm still has set forth no specific basis for requiring Amlogic—a third-party company with its own separate agreements with ARM and no relationship to Qualcomm—to review and produce highly confidential and trade secret agreements and communications in a dispute about whether ARM has breached any **Qualcomm-ARM** agreements.

Instead, confirming the fishing-expedition nature of its requests, Qualcomm asserts that it "is entitled to consider **all such agreements** [between ARM and third parties] to determine whether Arm correctly identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and to determine whether Arm priced its other licensing offers in good faith." Objections at 6 (emphasis added). In other words, Qualcomm asks the Court to require Amlogic (and other third parties) to produce proprietary trade secret information in the hopes that one of these third parties—maybe Amlogic, maybe some other company—might have financial terms with ARM that violate ARM's contractual obligations owed to Qualcomm. Aside from Qualcomm's speculation, there is no reason to believe that Amlogic's agreements have any bearing on the issues in this case.

It is also worth noting that, while Qualcomm argues that third-party agreements may be relevant to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Qualcomm's document requests to ARM go well beyond this purported relevance. As just one example, Qualcomm has requested from ARM "[a]ll Documents and Communications concerning any negotiations that ARM had with TLA licensees (including Third Parties) [for certain products], including but not limited to price quotes, license fees, licensing term limits, or other language to

include in TLA Annexes." Order at 2. This request broadly covers any "other language to include in TLA Annexes"—it is not limited to royalty rates for specific ARM CPU cores, despite Qualcomm's arguments to the contrary. The request thus seeks irrelevant information from Amlogic's agreements along with all communications related to such irrelevant information.

Moreover, as Amlogic explained in prior briefing to the Special Master, Amlogic's agreements with ARM cover many different and additional ARM products that are not at issue in this litigation. *See* D.I. 351 at 3 ("***Amlogic's RPA contains royalty terms for dozens and dozens of products***. But Qualcomm seeks an unredacted agreement, which would potentially expose Amlogic's confidential and trade secret information concerning products wholly unrelated to Qualcomm's case against ARM.") (emphasis added). Qualcomm's Objections provide zero justification for requiring Amlogic, a third party, to disclose trade secret information for dozens of additional products that have nothing to do with Qualcomm and ARM's dispute.

Accordingly, Qualcomm has failed to establish that Amlogic's agreements with ARM are relevant to litigation over the Qualcomm-ARM agreement. For this reason alone, the Court should overrule Qualcomm's Objections and uphold the Special Master's Order.

*Second*, the Special Master also correctly determined that, "[e]ven if the requested information is marginally relevant, . . . disclosure of that information, ***even if inadvertent***, would result in great harm to Amlogic," particularly given that "Qualcomm and Amlogic are direct competitors." Order at 6 (emphasis added). Qualcomm's argument here focuses on the fact that Qualcomm's outside counsel has not intentionally violated the Protective Order, such that, according to Qualcomm, there is no risk of harm to Amlogic. *See* Objections at 8–9. But, as quoted above, the Special Master's Order recognized that even inadvertent disclosure would be competitively detrimental to Amlogic, which greatly outweighs the marginal relevance, if any, of

3

Amlogic's trade secret information to this case. As Amlogic explained before, such inadvertent disclosure would likely take place because, if Amlogic were forced to produce unredacted copies of its agreements, Qualcomm's outside counsel would necessarily have to communicate to its client to some degree the terms that Amlogic was offered. *See* D.I. 351 at 4. Once Qualcomm has that Amlogic information, it cannot simply be clawed back.

For the reasons set forth above, Amlogic respectfully requests that the Court overrule Qualcomm's Objections and uphold the Special Master's Order.

Dated: March 2, 2026

*Of Counsel*:

Andrew S. Ong (pro hac vice)
**GOODWIN PROCTOR LLP**
525 Market Street, 32nd Floor
San Francisco, CA 94105
(415) 733-6000
aong@goodwinlaw.com

**BAYARD, P.A.**

*/s/ Brett M. McCartney*
Brett M. McCartney (No. 5208)
Elizabeth A. Powers (No. 5522)
Emily L. Skaug (No. 6921)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
bmccartney@bayardlaw.com
epowers@bayardlaw.com
eskaug@bayardlaw.com

*Attorneys for Non-Party
Amlogic Holdings Ltd.*