IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INC., and QUALCOMM TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 24-490 (MN) |
| ARM HOLDINGS PLC, and ARM Ltd., | ) ) ) | |
| Defendants. | ) | |

## ORDER

At Wilmington, this 20th day of March 2026;

The parties in this case have filed an excessive number of motions and raised an excessive number of disputes.  After a special master decided all of those motions and disputes in a series of orders, the parties objected to most of the rulings, filing more than 11,000 pages in support of those objections.  The Court heard argument on March 10 and March 12 on the objections as well as on Defendant Arm Holdings plc's motions to dismiss the second amended complaint and to bifurcate the upcoming trial.  Having reviewed the motions underlying the special master's orders de novo as well as the motions to dismiss and to bifurcate, for the reasons stated on the record at the March 10 and 12, 2026 arguments, IT IS HEREBY ORDERED that:

1.      Plaintiffs' Objections (D.I. 589) to the Special Master's Order (D.I. 585) on Motion for Miscellaneous Relief are OVERRULED;

2.      Plaintiffs' Objections (D.I. 638) to the Special Master's Order on Motion to Strike (604) are OVERRULED;

3.      Plaintiffs' Objections (D.I. 657) to the Special Master's Orders (D.I. 615, 616) on Third-Party Protective Orders are OVERRULED-IN-PART;

4.      Plaintiffs' Partial Objections (D.I. 672) to the Special Master's Order (D.I. 626) Denying Plaintiffs' Motion to Compel (D.I. 359) are SUSTAINED-IN-PART and OVERRULED-IN-PART;

5.      Plaintiffs' Partial Objections (D.I. 679) to the Special Master's Order (D.I. 629) Denying Plaintiff's Motion to Compel (D.I. 375) are SUSTAINED-IN-PART and OVERRULED-IN-PART;

6.      Defendant Arm Holdings plc's Objections (D.I. 655) to the Special Master's Order (D.I. 627) on the Motion to Compel (D.I. 361) are OVERRULED;

7.      Defendant Arm Holdings plc's Objections (D.I. 664) to the Special Master's Order (D.I. 630) on the Motion to Strike and Compel (D.I. 378) are OVERRULED;

8.      As to any Objections (D.I. 648, 662) related to the content of any of the Special Master's Orders on Third-Party Protective Orders not otherwise addressed by the Court's Order (D.I. 614, 615, 616, 617, 625, 628), the Court understands those objections were resolved by agreement between the parties at the hearings.[1]  The Objections (D.I. 648) to the Special Master's Order (D.I. 609) regarding Third-Party Broadcom, however, are OVERRULED;

9.      Defendant Arm Holdings plc's Objections Motion to Bifurcate the 2026 Trial (D.I. 596) is GRANTED-IN-PART and DENIED-IN-PART, such that the Court will hear Plaintiffs' UCL claim separately, and address issues regarding jury instructions and admission of evidence to the jury that may overlap with the UCL claim at a later date; and

---

[1]      It became apparent during argument that the parties made no meaningful efforts to discuss the issues and what was actually being requested in discovery from third parties.  Indeed, once the Court forced the parties to discuss the issues with third parties during a break, resolution was obtained in less than half an hour.

10.      Defendant Arm Holdings plc's Motion to Dismiss the Second Amended Complaint (D.I. 232) is DENIED, but Defendants may submit supplemental summary judgment briefing as discussed at the hearings with respect to Plaintiffs' Count III.

IT IS HEREBY FURTHER ORDERED, that given the parties' inability to act rationally in bringing issues to the Court, which has unnecessarily burdened third parties and this Court, should the parties wish to raise additional discovery or non-case dispositive issues before the Court, (1) the parties must first certify that local counsel and lead trial counsel (*i.e.,* counsel who will be first chair at the trial) for all parties have met and conferred in person in an effort to resolve the dispute and that the senior most person involved in this litigation at the parties' respective clients has signed off on raising the dispute with the Court and (2) if the Court orders argument on the issue, local counsel, lead trial counsel and the senior most person at the parties' respective clients involved in this litigation must appear in person at that argument.

_____

The Honorable Maryellen Noreika
United States District Judge