IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF DELAWARE


QUALCOMM INC., and           )
QUALCOMM TECHNOLOGIES, INC.,)
                             )
          Plaintiffs,        )
                             ) C.A. No. 24-490(MN)
v.                           )
                             )
ARM HOLDINGS PLC,            )
                             )
          Defendant.         )


                    Thursday, March 26, 2026
                    10:00 a.m.
                    Teleconference


                    844 King Street
                    Wilmington, Delaware



BEFORE:   THE HONORABLE MARYELLEN NOREIKA
          United States District Court Judge



APPEARANCES:


          MORRIS NICHOLS ARSHT & TUNNELL LLP
          BY:  JENNIFER YING, ESQ.

          -and-

          DUNN ISAACSON RHEE LLP
          BY:  KAREN DUNN, ESQ.
          BY:  WILLIAM ISAACSON, ESQ.
          BY:  ERIN J. MORGAN, ESQ.

APPEARANCES (Cont'd):


                    -and-

                    PAUL WEISS
                    BY:  CATHERINE NYARADY, ESQ.


                              Counsel for the Plaintiffs



                    YOUNG CONAWAY STARGATT & TAYLOR LLP
                    BY:  ANNE SHEA GAZA, ESQ.

                    -and-

                    KIRKLAND & ELLIS LLP
                    BY:  GREGG F. LoCASCIO, ESQ.
                    BY:  JASON M. WILCOX, ESQ.
                    BY:  JAY EMERICK, ESQ.
                    BY:  MATTHEW J. McINTEE, ESQ.
                    BY:  MEREDITH POHL, ESQ.


                              Counsel for the Defendant




                    _ _ _ _ _ _ _ _ _ _ _ _ _



          THE COURT:  Good morning, counsel.  Who is

there, please?

          MS. YING:  Good morning, Your Honor.  This is

Jennifer Ying from Morris Nichols Arsht & Tunnell on behalf

of the Plaintiff.  With me on the line this morning are

Karen Dunn, Bill Isaacson and Erin Morgan from Dunn Isaacson

Rhee, as well as Catherine Nyarady from Paul Weiss.  With the Court's permission, Ms. Dunn and Mr. Isaacson will be handling the argument.

THE COURT:  Okay.  Good morning to all of you.

MS. GAZA:  And good morning, Your Honor.  This is Anne Gaza from Young, Conaway on behalf of Arm.  I am joined today by Gregg LoCascio, Jason Wilcox, Jay Emerick, Meredith Pohl, and Matthew McIntee of Kirkland & Ellis.

THE COURT:  All right.  Good morning to all of you as well.

So I just wanted to have a quick call about the submissions that we received on the communications with media or communications with Arm's communications with FBS, and I wanted to just confirm a couple of things. Mr. LoCascio, for Arm, to the extent that Arm has withdrawn its privilege objection for documents, have those documents been produced?

MR. LoCASCIO:  Mr. Emerick has the most specifics.  This is Gregg LoCascio for the court reporter.

Your Honor, my understanding is they have not yet because we're waiting for the guidance on exactly where we landed today to do them all in one patch with redactions if necessary before produced in full.

THE COURT:  Produce them now and produce anything that you agree is not privileged that needs to be

produced ASAP. And then with respect to the rest of the documents that were sent to me in camera, I just want to make sure I understand Qualcomm, why Qualcomm wants them. And that is not to say that Arm did something wrong by communicating with any media outlet including Bloomberg, but because Qualcomm is arguing that Arm interfered with prospective economic relationships by leaking the October 22nd letter that contains confidential information at a time when Qualcomm was going to be launching new products and Arm thought that leaking that, getting that information out there would be harmful. That's the reason that you want the documents you requested.

MS. DUNN: Yes, Your Honor, although I would add one other thing. In addition to the timing of the Snapdragon Summit also is, you know, publicizing for the reason of interfering with our business the possible termination of the ALA.

THE COURT: Okay. But that's not --

MS. DUNN: We're arguing tortious interference.

THE COURT: But publicizing it was made public, so they're not claiming privilege on what was made public. What I'm trying to understand is I thought you were -- I mean, if it's public, it's public, and you can say okay, it's out there, we didn't put it out there, jury go ahead and think who did it. I thought you were saying that the

letter was out there and that that was the Bloomberg.

MS. DUNN:  Right.  So we're saying -- just to back up, we're saying a couple of things.  One is this was a letter that was not supposed to be made public.  And it was done so for the purpose of telling our customers that our license was going to be likely terminated.  And that is an act of tortious interference that we allege.

The second problem is the one that you enumerated which is the desire to interfere with the Snapdragon Summit also an act of tortious interference, but telling our customers that we may not have an ALA anymore in sixty days is an act of tortious interference.  And so that was the issue that we are -- the coordination of that act is one of the basis of our claim.

THE COURT:  Well, I have reviewed every document that has been provided to me with the information where Arm has specified what they are asking to be redacted on the basis of privilege and I am going to overrule the objections.  I think that that information is privileged and I don't think that it is relevant to the issues that you have raised.  So I am not going to order that produced.  And I am also not going to order that Qualcomm produce its communications with Bloomberg that have been requested.  So all of those requests are denied.  I don't know that's sustaining or overruling objections at this point, but none

of that stuff has to be produced.

But Arm needs to produce today the information that it told me almost a week ago that it had and was not withholding.

Anything else we need to discuss?

MS. DUNN:  Not from our side, Your Honor.

THE COURT:  Okay.

MS. DUNN:  Thank you.

MR. LOCASCIO:  Not from our side either, Your Honor.

THE COURT:  All right.  Thanks for getting on the phone everybody.  Have a good rest of the week.

(Teleconference concluded at 10:06 a.m.)

I hereby certify the foregoing is a true and accurate transcript from my stenographic notes in the proceeding.

/s/ Dale C. Hawkins
Official Court Reporter
U.S. District Court