## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,

Plaintiffs,

v.

ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,

Defendant.

REDACTED - PUBLIC VERSION
(Filed April 20, 2026)

C.A. No. 24-490-MN
(CONSOLIDATED)

**JURY TRIAL DEMANDED**



## DEFENDANT ARM LTD.'S ANSWER AND DEFENSES TO PLAINTIFFS QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC.'S AMENDED COMPLAINT

Defendant Arm Ltd. hereby submits its Answer and Defenses to Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Qualcomm")'s Amended Complaint dated March 30, 2026.[1]

### PRELIMINARY STATEMENT

Qualcomm's Complaint contravenes the Federal Rules of Civil Procedure by improperly combining factual allegations with attorney argument. Moreover, many of the allegations in the Complaint are overly broad, vague, conclusory, or contain undefined terms. Accordingly, all allegations are denied unless expressly admitted. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, or

---

[1] Qualcomm filed its original complaint against Arm Ltd. on January 8, 2026 in the 26-020 action. C.A. No. 26-020, D.I. 2. The Court consolidated the 26-020 action with the 24-490 action (in which Qualcomm had sued Arm Holdings plc) on February 2, 2026. Arm Ltd. answered Qualcomm's original complaint in this consolidated action on March 18, 2026. D.I. 757.

implications that are in the allegation or in the Complaint.

Headings, sub-headings, and unnumbered paragraphs in the Complaint do not require a response, but for the avoidance of doubt, to the extent they contain allegations against Defendants, any such allegations are denied. Moreover, anything not specifically admitted, including the substance of any footnotes or citations, is denied.

The comments and objections in this Preliminary Statement are incorporated into each numbered paragraph of this Answer.

**ANSWER**

1. In answer to paragraph 1, Arm Ltd. denies that it is attempting to stifle competition and disrupt Qualcomm's business. Arm Ltd. specifically admits that Qualcomm is an Arm Ltd. licensee and pays license fees and royalties under the Qualcomm ALA. Arm Ltd. denies that Arm Holdings plc filed suit against Qualcomm and Nuvia but acknowledges that Arm Ltd. filed suit against Qualcomm and Nuvia for breach of the Nuvia ALA. Arm Ltd. admits that it reached out to its customers and partners after filing its lawsuit against Qualcomm and Nuvia. Arm Ltd. denies that Arm Holdings plc sent Qualcomm a notice of material breach of the Qualcomm ALA but acknowledges that Arm Ltd. sent Qualcomm a notice of material breach of the Qualcomm ALA on October 22, 2024. Arm Ltd. denies the remaining allegations in this paragraph.

2. In answer to paragraph 2, Arm Ltd. admits that it offers licenses to some companies to design their own custom central processing units ("CPUs") that can execute Arm's instruction set architecture ("ISA") and licenses to use Arm's own "off-the-shelf" CPU designs. Arm Ltd. admits that this paragraph quotes portions of statements made in public documents and news articles. Arm Ltd. denies the remaining allegations in this paragraph.

3.      In answer to Paragraph 3, Arm Ltd. admits that it first entered into a license agreement with Qualcomm in 1997. Arm Ltd. denies that Qualcomm and Arm Holdings plc entered into the Qualcomm ALA in 2013 but acknowledges that, in 2013, Qualcomm and Arm Ltd. entered into the Qualcomm ALA and a related annex, which speak for themselves. Arm Ltd. also admits that Qualcomm has a TLA that provides Qualcomm with a license to use Arm's "off-the-shelf" CPU designs.

4.      Arm Ltd. denies the allegations in paragraph 4.

5.      Arm Ltd. denies the allegations in paragraph 5.

6.      In response to paragraph 6, Arm Ltd. admits that a trial took place in 2024 before this Court in the matter *Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN (D. Del.). Arm Ltd. admits that NUVIA was a startup focused on developing a custom CPU and SoC, both specifically for use in data centers and servers. Arm Ltd. admits that, in 2021, Qualcomm acquired NUVIA for $1.4 billion. Arm Ltd. denies the remaining allegations in this paragraph.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the "license agreement between ARM and NUVIA"—that is, the Nuvia ALA—and the Qualcomm ALA, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the lawsuit, which speaks for itself and belies Qualcomm's allegations. Arm Ltd. otherwise denies the allegations in this paragraph.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the lawsuit and Arm Ltd.'s licenses with Qualcomm, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

10.     In answer to paragraph 10, Arm Ltd. respectfully refers the Court to the lawsuit, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

11.     Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

12.     Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

13.     Arm Ltd. denies the allegations in paragraph 13, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm Ltd. would not provide support for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

14.    In answer to paragraph 14, Arm Ltd. respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

15.    In answer to paragraph 15, Arm Ltd. respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

16.    Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations contained in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

17.    Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that following the jury verdict in *Arm v. Qualcomm*, it provided support for Nuvia CPUs, including OOB and ACK patches. Arm Ltd. denies the remaining allegations contained in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology..

18.    Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA and TLA, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

19.     Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and the relevant provision of the Qualcomm ALA is unenforceable.

20.     Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

21.     In answer to paragraph 21, Arm Ltd. admits that Qualcomm submitted requests to renew licenses from Arm Ltd. for "off-the-shelf" ███████████████████████████ ███████████████████████ Arm Ltd. denies that Arm Ltd. refused to provide licensing offers, at least because it provided Qualcomm with licensing offers for ███████████ in October 2024.

22.     In answer to paragraph 22, Arm Ltd. admits that Qualcomm submitted a request to renew a license from Arm Ltd. for its "off-the-shelf" ███████████████████████ Arm Ltd. denies that Arm Ltd. refused to provide licensing offers, at least because it provided Qualcomm with licensing offers for ███████████████ in October 2024.

23.     In answer to paragraph 23, Arm Ltd. admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 20, 2024 and September 27, 2024, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

24.     In answer to paragraph 24, Arm Ltd. respectfully refers the court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

25.     In answer to paragraph 25, Arm Ltd. admits that it provided Qualcomm with a licensing offer for the ███████████████████████. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

26.     Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to Arm Ltd.'s October 22, 2024 letter, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

30.     In answer to paragraph 30, Arm Ltd. admits that Arm Ltd. sent Qualcomm the Breach Letter on October 22, 2024 and respectfully refers the Court to the letter, which speaks for

itself. The remaining allegations in paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

31.     Arm Ltd. denies the allegations in paragraph 31.

32.     Arm Ltd. denies the allegations in paragraph 32.

33.     Arm Ltd. denies the allegations in paragraph 33.

34.     In answer to the first sentence in paragraph 34, Arm Ltd. denies that the notice of breach letter was timed to interfere with *Arm v. Qualcomm*. In answer to the second sentence in paragraph 34, Arm Ltd. admits that Arm Ltd. sent Qualcomm the notice of breach letter on October 22, 2024, and respectfully refers the Court to the letter, which speaks for itself. In answer to the third sentence in paragraph 34, Arm Ltd. admits that this sentence cites to excerpts from the October 30, 2024, hearing transcript in *Arm Ltd. v. Qualcomm, Inc.*, but denies the remaining allegations in this sentence. Many of the allegations in paragraph 34 contain legal conclusions to which no response is required. Arm Ltd. denies the remaining allegations in this paragraph.

35.     In answer to paragraph 35, Arm Ltd. admits that this paragraph cites to excerpts from a Reuters article dated February 13, 2025.  Arm Ltd. further admits that this paragraph cites to a CNBC article dated March 24, 2026.  Arm Ltd. admits that Arm Ltd. is now in the process of designing its own semiconductor chips. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the fifth sentence of this paragraph, and on that basis denies them. Arm Ltd. denies the remaining allegations in this paragraph.

36.      In answer to paragraph 36, Arm Ltd. respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

37.      Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that ███████████████████████████ ████████████████████████████████████████████████ ███████████████████████████ Arm Ltd. otherwise denies the allegations contained in this paragraph.

38.      Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that the quoted portions appear in Section ████ of the ALA but otherwise denies the allegations contained in this paragraph.

39.      Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations contained in this paragraph.

40.      Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations contained in this paragraph.

41.      In answer to paragraph 41, Arm Ltd. admits that Qualcomm Incorporated is a Delaware corporation with its principal place of business in San Diego, California. Arm Ltd. admits that Qualcomm has developed and commercialized products related to wireless technologies and has been involved in 3G, 4G, and 5G mobile communication standards. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

42.     In answer to paragraph 42, Arm Ltd. admits that Qualcomm Technologies, Inc. is a wholly owned subsidiary of Qualcomm Incorporated and a Delaware corporation with a principal place of business in San Diego, California. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

43.     Arm Ltd. admits the allegations in paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

45.     Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that venue is proper in this Judicial District.

46.     In answer to paragraph 46, Arm Ltd. admits that it develops and licenses technology for processors used in a variety of different products, including, but not limited to, servers, mobile phones, and cars. Arm Ltd. also admits that it offers different types of license contracts, of which two are ALAs and TLAs. Arm Ltd. denies the remaining allegations in paragraph 46.

47.     In answer to paragraph 47, Arm Ltd. admits that at least some of its ALAs grant licensees the right to design their own custom central processing units ("CPUs") that can execute Arm's instruction set architecture ("ISA"), as well as the right to design and distribute products incorporating such CPUs, but denies the suggestion that all Arm Ltd. ALAs grant uniform rights.

10

Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. denies the remaining allegations in this paragraph.

48.     Arm Ltd. admits that CPU cores may be particular components of SoCs, and that SoCs are integrated circuits that can be used in cellular phones, computers, and other devices. Arm Ltd. also admits that a core or CPU can perform processing within the SoC. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

49.     In answer to paragraph 49, Arm Ltd. admits that an ISA is part of the abstract model of a computer that specifies how the CPU interfaces with software. Arm Ltd. admits that applications and software that conform to an ISA's specifications can generally be run on a CPU that is based on the ISA, regardless of who has designed or manufactured the hardware. Arm Ltd. admits that the Arm ISA allows for compatibility of applications and software, as Arm-based products can receive the same inputs (instructions) and, for each of those inputs, determine and output the proper result. Arm Ltd. admits that application and software developers create their products to be compatible with particular ISAs. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

50.     In answer to paragraph 50, Arm Ltd. admits that an ISA is part of the abstract model of a computer that specifies how the CPU interacts with software. Arm Ltd. admits that the Arm ISA allows for compatibility of applications and software, as Arm-based products can receive the same inputs (instructions) and, for each of those inputs, determine and output the proper result. Arm Ltd. denies the remaining allegations contained in paragraph 50.

51.    In answer to paragraph 51, Arm Ltd. admits the allegations in the first sentence of paragraph 51. Arm Ltd. denies that micro-architectural know-how and expertise required to build a CPU is not related to the ISA. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

52.    In answer to the first sentence of paragraph 52, Arm Ltd. admits that a CPU developer developing a custom CPU generally designs the core to meet the requirements of the relevant architecture. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

53.    In answer to paragraph 53, Arm Ltd. admits the allegations in the first, second, fourth, and fifth sentences of paragraph 53, but denies the suggestion that ALA licensees develop custom processor cores without significant support from Arm Ltd. Arm Ltd. further respectfully refers the Court to Arm Holdings plc's August 21, 2023, Registration Statement, which speaks for itself.

54.    In answer to the first sentence of paragraph 54, Arm Ltd. admits that Arm TLAs allow the use of specific "off-the-shelf" Arm processor core designs with only minor modifications. In answer to the third sentence of paragraph 54, Arm Ltd. admits that Arm TLAs also allow the use of Arm-designed technology that can be used in SoCs to perform specific functions and interface with the licensed "off-the-shelf" CPUs. Arm Ltd. admits that the last sentence of paragraph 54 cites to excerpts of Arm Holdings Limited's August 21, 2023, Registration Statement. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

55.     In answer to paragraph 55, Arm Ltd. admits that at least some TLA licenses charge higher royalties than ALA licenses. Arm Ltd. denies the remaining allegations in this paragraph.

56.     In answer to paragraph 56, Arm Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

57.     In answer to paragraph 57, Arm Ltd. admits that Qualcomm develops SoCs used in different technologies. Arm Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

58.     In answer to paragraph 58, Arm Ltd. admits that it first entered into a license agreement with Qualcomm in 1997. Arm Ltd. denies that Qualcomm and Arm Holdings plc entered into the currently operative Qualcomm ALA, ███████████████, but acknowledges that Qualcomm and Arm Ltd. entered into the Qualcomm ALA and a related annex, which speak for themselves. Arm Ltd. further denies that Qualcomm and Arm Holdings plc entered into an additional Annex 1 to the Qualcomm ALA, but acknowledges that on June 23, 2020, Qualcomm and Arm Ltd. entered into an additional annex, which speaks for itself.

59.     The first and second sentences of paragraph 59 contain legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA and related annexes, which speak for themselves. Arm Ltd. denies the remaining allegations in the first and second sentences of paragraph 59. Arm Ltd. admits that since Qualcomm entered into the Qualcomm ALA, Qualcomm has at times shipped custom Arm ISA-compatible CPUs in addition to shipping CPUs based on Arm implementation cores.

60.      In answer to paragraph 60, Arm Ltd. admits that Qualcomm is an Arm Ltd. licensee and pays license fees and royalties under the Qualcomm ALA. The third sentence of paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this sentence. Arm Ltd. further respectfully refers the Court to Arm Holdings plc's Form 20-F dated August 12, 2024, which speaks for itself. Arm Ltd. denies the remaining allegations in this paragraph.

61.      Arm Ltd. denies the allegations in paragraph 61.

62.      In answer to the first sentence of paragraph 62, Arm Ltd. admits that in March 2021, Qualcomm acquired NUVIA, a startup focused on developing a custom CPU and SoC, both specifically for use in data centers and servers. Arm Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

63.      In answer to paragraph 63, Arm Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

64.      In answer to paragraph 64, Arm Ltd. admits that the last sentence of this paragraph cites to excerpts of public articles. Arm Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

65.      In answer to paragraph 65, Arm Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

66.      In answer to paragraph 66, Arm Ltd. denies that Qualcomm and Arm Holdings plc entered into an Amended and Restated Architecture License Agreement, █████████████

14

and Annex 1 to that agreement, but acknowledges that Qualcomm and Arm Ltd. entered into that Agreement and Annex. Arm Ltd. admits that the Qualcomm ALA is a binding and enforceable agreement, but denies that all the provisions in the Qualcomm ALA are necessarily enforceable.

67.     In answer to paragraph 67, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

68.     In answer to paragraph 68, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

69.     In answer to paragraph 69, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

70.     In answer to paragraph 70, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

71.     In answer to paragraph 71, Arm Ltd. admits that this paragraph cites to excerpts of public documents and videos. To the extent this paragraph characterizes "benefit[s]" to anyone or anything other than Arm Ltd., Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of those allegations, and on that basis denies them. Arm Ltd. denies the remaining allegations in this paragraph.

72.     In answer to paragraph 72, Arm Ltd. admits that this paragraph cites to excerpts of the FTC complaint from *In the Matter of Nvidia Corp., SoftBank Grp., & Arm, Ltd.* Arm Ltd. denies the remaining allegations in this paragraph.

73.    In answer to paragraph 73, Arm Ltd. admits that this paragraph cites to excerpts of public documents. Arm Ltd. also admits that it has sought to develop compute subsystems that combine one or more CPU cores with other intellectual property.  Arm Ltd. further admits that Arm Ltd. recently unveiled an Arm-designed semiconductor chip. Arm Ltd. denies the remaining allegations in this paragraph.

74.    In answer to paragraph 74, Arm Ltd. admits that this paragraph cites to excerpts of the Initial Phase 2 Submission, Anticipated Acquisition by NVIDIA Corp. of ARM Ltd., U.K. Competition & Markets Authority, dated December 20, 2021. Arm Ltd. denies the remaining allegations in this paragraph.

75.    Arm Ltd. denies the allegations in paragraph 75.

76.    In answer to the first and second sentences of paragraph 76, Arm Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these sentences, and on that basis denies them. Arm Ltd. denies the remaining allegations contained in this paragraph.

77.    Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations contained in this paragraph.

78.    Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself.

79.     Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

80.     Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and the relevant provision of the Qualcomm ALA is unenforceable.

81.     Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

82.     Arm Ltd. denies the allegations in paragraph 82.

83.     In answer to paragraph 83, Arm Ltd. respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. has no obligations under the Qualcomm ALA with regard to unlicensed Nuvia technology and because Mr. Agrawal's October 10, 2022 email did not "conceal[] the truth."

17

84.    Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to Qualcomm's letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

85.    Arm Ltd. admits that Qualcomm sent a letter on December 5, 2022 that states it is

█████████████████████████████████████████████████████████████████████████████

████████████████████    The remaining allegations in Paragraph 85 contain legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA and Qualcomm's letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

86.    Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

87.     In answer to paragraph 87, Arm Ltd. admits that Arm Ltd. sent a letter to Qualcomm dated December 6, 2022. Arm Ltd. otherwise denies the allegations in this paragraph.

88.     In answer to paragraph 88, Arm Ltd. respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

89.     In answer to paragraph 89, Arm Ltd. respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

90.     In answer to paragraph 90, Arm Ltd. respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Qualcomm's ALA does not cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm Ltd. would not provide support for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

91.     In answer to paragraph 91, Arm Ltd. respectfully refers the Court to Arm Ltd.'s correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

92.     Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not

cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm Ltd. would not provide support for the unlicensed Nuvia technology.

93.     In answer to paragraph 93, Arm Ltd. respectfully refers the Court to the Court's March 5, 2024 hearing transcript, March 6, 2024 Order, and the October 2022 email chain, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

94.     Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the Court's March 6, 2024 Order and Mr. Agrawal's testimony and documents, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

95.     In answer to paragraph 95, Arm Ltd. respectfully refers the Court to the Qualcomm ALA and Annex 1, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not

20

cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

97.    In answer to paragraph 97, Arm Ltd. respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and Qualcomm was on notice in the fall of 2022 that Arm Ltd. would not provide support for the unlicensed Nuvia technology, as the Court confirmed in denying Qualcomm's motion to amend in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295).

98.    Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that following the jury verdict in *Arm v. Qualcomm*, it provided support for Nuvia CPUs, including OOB and ACK patches. Arm Ltd. denies the remaining allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

99.    Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

100.    Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

101.    Paragraph 101 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

102.    In response to paragraph 102, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. denies the remaining allegations in this paragraph.

103.    Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and the relevant provision of the Qualcomm ALA is unenforceable.

104.    Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not

cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and the relevant provision of the Qualcomm ALA is unenforceable.

105.    Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

106.    Paragraph 106 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

107.    Paragraph 107 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

108.    Paragraph 108 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

109.    Paragraph 109 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

110.    Paragraph 110 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

111.    Paragraph 111 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

112.    In response to Paragraph 112, Arm Ltd. admits that Qualcomm sought to renew its licenses for ███████████████████████████ Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

113.    In response to paragraph 113, Arm Ltd. respectfully refers the Court to the Qualcomm TLA and Qualcomm's licenses for ██████████████████████████, which speak for themselves. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

114.    In answer to paragraph 114, Arm Ltd. admits that Qualcomm submitted requests to renew licenses from Arm Ltd. for ████████████████████ and ████████ ████████████.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations, at least because it provided Qualcomm with licensing offers for ██████████████ in October 2024.

116.    In answer to paragraph 116, Arm Ltd. admits that Qualcomm submitted a request to renew a license from Arm Ltd. for █████████████████. Arm Ltd. denies the remaining allegations, at least because it provided Qualcomm with a licensing offer for ████ in October 2024.

24

117.    Paragraph 117 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 20, 2024. Arm Ltd. otherwise denies the allegations in this paragraph.

118.    In answer to paragraph 118, Arm Ltd. admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 27, 2024. Arm Ltd. otherwise denies the allegations in this paragraph.

119.    In answer to paragraph 119, Arm Ltd. respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

120.    Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to Arm Ltd.'s letters and correspondence, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph.

121.    Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 121.

122.    Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 122.

123.    Paragraph 123 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 123.

124.    In answer to paragraph 124, Arm Ltd. denies that its proposal was exorbitant. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

125.    In answer to paragraph 125, Arm Ltd. denies that it ███████████████ refusal to offer licenses and to change ███████████████ of its licensing offers. Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

126.    Paragraph 126 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

127.    Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

128.    In answer to paragraph 128, Arm Ltd. respectfully refers the Court to the Qualcomm TLA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

129.    In answer to paragraph 129, Arm Ltd. admits that Arm Ltd. received correspondence from Qualcomm's General Counsel on September 20, 2024 and September 27, 2024. Arm Ltd. otherwise denies the allegations in this paragraph.

130.    Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA and

Qualcomm TLA, which speak for themselves. Arm Ltd. otherwise denies the allegations in this paragraph, including at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, Arm Ltd.'s conduct did not breach Sections ██████████████ of the Qualcomm TLA, and the relevant provisions of the Qualcomm ALA and Qualcomm TLA are unenforceable.

131.     Arm Ltd. denies the allegations in paragraph 131.

132.     Paragraph 132 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 132.

133.     Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. respectfully refers the Court to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

134.     Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that the quoted portions appear in Section ████ of the ALA but otherwise denies the allegations contained in this paragraph.

135.     In answer to paragraph 135, Arm Ltd. admits that this paragraph refers to and partially quotes from an email between a Qualcomm employee and an Arm Ltd. employee. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

136.    Paragraph 136 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 136.

137.    In answer to paragraph 137, Arm Ltd. admits that this paragraph refers to and quotes from an email between a Qualcomm employee and an Arm Ltd. employee. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

138.    In answer to paragraph 138, Arm Ltd. admits that Arm Ltd. received correspondence from Qualcomm on May 20, 2020. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

139.    Paragraph 139 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 139.

140.    Arm Ltd. denies the allegations in paragraph 140.

141.    In answer to paragraph 141, Arm Ltd. admits that Arm gave a presentation to Qualcomm ███████████████████████ that ████████████████████████████ ███████████████████████. Arm otherwise denies the allegations in this paragraph.

142.    In answer to paragraph 142, Arm Ltd. admits that, ███████████████ ████████████████████████████████████████████████████████ ███████████████████████████████ Arm otherwise denies the allegations in this paragraph.

28

143.    In answer to paragraph 143, Arm Ltd. admits that Qualcomm sent Arm Ltd. a letter in April 2025 and a letter in May 2025. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

144.    In answer to paragraph 144, Arm Ltd. admits that William Abbey sent Roawen Chen a letter on June 4, 2025. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

145.    In answer to paragraph 145, Arm Ltd. admits that Spencer Collins sent Ann Chaplin a letter on June 13, 2025. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

146.    Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in paragraph 146.

147.    Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in paragraph 147.

148.    Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in paragraph 148.

149.    Paragraph 149 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies that Section ███ of the ALA creates any obligations with respect to v10 and denies the remaining allegations in paragraph 149.

29

150.    Paragraph 150 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that Qualcomm sent Arm Ltd. a letter on August 8, 2025 with an attachment titled ███████  Arm Ltd. respectfully refers the Court to Qualcomm's August 8, 2025 letter, which speaks for itself. Arm Ltd. otherwise denies the allegations in paragraph 150.

151.    Paragraph 151 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that Spencer Collins sent Ann Chaplin a letter on August 29, 2025.  Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

152.    Paragraph 152 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that this paragraph refers to and quotes from correspondence between a Qualcomm employee and an Arm Ltd. employee. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

153.    Paragraph 153 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that, on December 10, 2025, Spencer Collins sent Ann Chaplin a letter stating that ███████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████  Arm Ltd. respectfully refers the Court to the

referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in paragraph 153.

154.   Paragraph 154 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

155.   In answer to paragraph 155, Arm Ltd. admits that this paragraph refers to and quotes from correspondence between a Qualcomm employee and an Arm Ltd. employee. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

156.   Paragraph 156 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that representatives from Qualcomm met with representatives from Arm Ltd. on January 26, 2026. Arm Ltd. further admits that this paragraph refers to and quotes from correspondence between a Qualcomm employee and an Arm Ltd. employee. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

157.   In answer to paragraph 157, Arm Ltd. admits that Qualcomm attended a Technical Advisory Board ("TAB") meeting on February 24, 2026. Arm Ltd. lacks sufficient information to respond to the remaining allegations in this paragraph, and therefore denies them.

158.    Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. respectfully refers the Court to the referenced TAB presentation, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

159.    Paragraph 159 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. lacks sufficient information to respond to Qualcomm's allegations about what it allegedly "learned" and therefore denies them.  Arm Ltd. otherwise denies the allegations in this paragraph.

160.    In answer to paragraph 160, Arm Ltd. admits that Spencer Collins sent Ann Chaplin a letter on March 19, 2026. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

161.    Paragraph 161 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that, on March 19, 2026, it sent Qualcomm a letter stating that ███████████████████████████████████████ ███████████████████████████████████████ ████████████████████████████████ Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in paragraph 161.

162.    Paragraph 162 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits, as it stated in its March 19, 2026 letter, that ██ ███████████████████████████████████████ ███████████████████████████████████████

32

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████ Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in paragraph 162.

163.    In answer to paragraph 163, Arm Ltd. admits, as it stated in its March 19, 2026 letter, that ████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████ Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. admits that it announced its Arm AGI CPU on March 24, 2026. Arm Ltd. otherwise denies the allegations in this paragraph.

164.    Paragraph 164 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 164.

165.    Paragraph 165 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. admits that this paragraph refers to and quotes from correspondence between a Qualcomm employee and an Arm Ltd. employee. Arm Ltd. respectfully refers the Court to the referenced correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

166.    Paragraph 166 contains legal conclusions to which no response is required.  To the extent a response is required, Arm Ltd. denies the allegations in paragraph 166.

33

167.    Arm Ltd. denies the allegations in paragraph 167.

168.    Arm Ltd. denies the allegations in paragraph 168.

169.    Arm Ltd. denies that Arm Holdings plc filed suit against Qualcomm and Nuvia but acknowledges that, on August 31, 2022, Arm Ltd. commenced *Arm v. Qualcomm* in the U.S. District Court for the District of Delaware. Arm Ltd. admits that, in that action, Arm Ltd. alleges that Qualcomm and NUVIA breached the NUVIA ALA by, among other things, failing to abide by the change-of-control and termination provisions in the NUVIA ALA. Arm Ltd. otherwise denies the allegations in paragraph 169.

170.    In answer to paragraph 170, Arm Ltd. admits that, after filing the complaint in *Arm v. Qualcomm*, Arm Ltd. corresponded with certain of its customers concerning the *Arm v. Qualcomm* lawsuit. Arm Ltd. respectfully refers the Court to the correspondence, which speaks for itself. Arm Ltd. admits that the last sentence of this paragraph cites to excerpts of testimony by Rene Haas. Arm Ltd. otherwise denies the allegations in this paragraph.

171.    In answer to paragraph 171, Arm Ltd. admits that the August 31, 2022 letters sent to customers included a letter from Arm's general counsel to Qualcomm's general counsel. Arm Ltd. respectfully refers the Court to the correspondence, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

172.    In answer to paragraph 172, Arm Ltd. admits that, in May 2023, Arm Ltd. sent letters to some of its customers concerning the *Arm v. Qualcomm* lawsuit. Arm Ltd. respectfully refers the Court to the correspondence, which speaks for itself, and to Mr. Haas's trial testimony

in *Arm v. Qualcomm*, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

173. In answer to paragraph 173, Arm Ltd. respectfully refers the Court to Arm Ltd.'s May 2023 correspondence with its customers, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

174. Paragraph 174 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

175. Paragraph 175 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that, on September 30, 2022, Qualcomm answered Arm's complaint in *Arm v. Qualcomm* and filed a counterclaim against Arm Ltd. Arm Ltd. otherwise denies the allegations in this paragraph.

176. Paragraph 176 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that, on March 13, 2024, Qualcomm filed its second amended counterclaims in *Arm v. Qualcomm* and, on April 4, 2024, Arm Ltd. answered those counterclaims. Arm Ltd. otherwise denies the remaining allegations in this paragraph.

177. In answer to paragraph 177, Arm Ltd. admits that Arm Ltd. sent Qualcomm a notice of material breach of the Qualcomm ALA on October 22, 2024. Arm Ltd. respectfully refers the Court to the letter, which speaks for itself, and to the Qualcomm ALA, which speaks for itself. Arm Ltd. otherwise denies the remaining allegations in this paragraph.

178. In answer to paragraph 178, Arm Ltd. admits that this paragraph cites to excerpts of Arm Ltd.'s October 22, 2024 letter to Qualcomm. Arm Ltd. respectfully refers the Court to this letter, which speaks for itself. Arm Ltd. denies the remaining allegations in this paragraph.

179. In answer to paragraph 179, Arm Ltd. admits that this paragraph cites to excerpts of Arm Ltd.'s October 22, 2024 letter to Qualcomm. Arm Ltd. respectfully refers the Court to this letter, which speaks for itself. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

180. In answer to paragraph 180, Arm Ltd. admits that this paragraph cites to excerpts of Arm Ltd.'s October 22, 2024 letter to Qualcomm. Arm Ltd. respectfully refers the Court to this letter, which speaks for itself. Arm Ltd. otherwise denies the allegations in this paragraph.

181. Arm Ltd. denies the allegations in paragraph 181.

182. In answer to paragraph 182, Arm Ltd. admits that this paragraph cites to excerpts from an Arm Ltd. press release. Arm Ltd. denies the remaining allegations in this paragraph.

183. Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in paragraph 183, at least because Qualcomm's ALA does not cover the unlicensed Nuvia technology and Arm identified Qualcomm's unlicensed use thereof as a material breach of the Qualcomm ALA.

184. Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

185.    In answer to paragraph 185, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

186.    In answer to paragraph 186, Arm Ltd. admits that, on October 22, 2024, Arm Ltd. sent Qualcomm a notice of material breach of the Qualcomm ALA. Arm Ltd. otherwise denies the allegations in this paragraph.

187.    In answer to paragraph 187, Arm Ltd. admits that individuals acting on Arm Ltd.'s behalf discussed the October 22, 2024 letter with a reporter at Bloomberg. Arm Ltd. admits that this paragraph cites to excerpts of an October 22, 2024 article by Bloomberg. Arm Ltd. otherwise denies the allegations in this paragraph.

188.    Arm Ltd. denies the allegations in paragraph 188.

189.    Arm Ltd. denies the allegations in paragraph 189.

190.    In answer to paragraph 190, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

191.    In answer to paragraph 191, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

192.    In answer to paragraph 192, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

193.    In answer to paragraph 193, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations, and on that basis denies them.

194.    Arm Ltd. denies the allegations in paragraph 194.

195.    In answer to the first, second, and third sentences of paragraph 195, Arm Ltd. respectfully refers the Court to Arm Ltd.'s January 8, 2025 letter to Qualcomm, which speaks for itself. Arm Ltd. otherwise denies the remaining allegations in this paragraph.

196.    In answer to paragraph 196, Arm Ltd. admits that it designated Arm Ltd.'s January 8, 2025 letter to Qualcomm as "confidential" and authorized Qualcomm to share the letter with its customers on a confidential basis. Arm Ltd. otherwise denies the allegations in this paragraph.

197.    Arm Ltd. denies the allegations in paragraph 197.

198.    Paragraph 198 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

199.    Paragraph 199 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

200.    Arm Ltd. denies the allegations in paragraph 200.

201.    In answer to paragraph 201, Arm Ltd. admits that Qualcomm filed suit in Delaware on April 18, 2024 alleging breach of contract claims against "Arm Holdings plc f/k/a Arm Ltd." Arm Ltd. denies that Arm Holdings plc was ever formerly known as Arm Ltd. Arm Ltd. lacks sufficient information or belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

202.    In answer to paragraph 202, Arm Ltd. admits that Qualcomm filed a First Amended Complaint against "Arm Holdings plc f/k/a Arm Ltd." on December 16, 2024, purportedly adding tortious interference and California Unfair Competition claims. Arm Ltd. denies that Arm

38

Holdings plc was ever formerly known as Arm Ltd. Arm Ltd. otherwise denies the remaining allegations in this paragraph.

203. In answer to paragraph 203, Arm Ltd. admits that Qualcomm moved for leave to amend and attached a draft Second Amended Complaint to its motion on March 27, 2025, and further admits that the draft Second Amended Complaint named "Arm Holdings plc f/k/A Arm Ltd." as the defendant and purportedly added claims for breach of the TLA. Arm Ltd. denies that Arm Holdings plc was ever formerly known as Arm Ltd. Arm Ltd. otherwise denies the remaining allegations in this paragraph.

204. Admitted.

205. Paragraph 205 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that Arm Holdings plc filed an answer to the Second Amended Complaint on June 17, 2025. Arm Ltd. denies the remaining allegations in this paragraph, including because Arm Holdings plc "state[d] that it is not formerly known as Arm Ltd." in its June 12, 2024 corporate disclosure statement (D.I. 12), "denie[d] that Arm Holdings plc was formerly known as Arm Ltd." in its November 13, 2024 Answer (D.I. 31 ¶ 20), and made clear in that Answer that "Qualcomm and Arm Ltd. (which is a wholly owned subsidiary of Arm Holdings plc) entered into the Qualcomm ALA and a related annex" (D.I. 21 ¶ 36).

206. Paragraph 206 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that Arm Holdings plc stated in filings that Arm Holdings plc was not formerly known as Arm Ltd. and that, consistent with the erroneous case caption in C.A. No. 24-490-MN, Arm Holdings plc or its attorneys filed or signed documents on

39

behalf of "Arm Holdings plc f/k/a Arm Ltd." Arm Ltd. denies the remaining allegations in this paragraph.

207.    In answer to paragraph 207, Arm Ltd. admits that Arm Holdings plc and Qualcomm "agreed to treat all [ ] materials produced in" *Arm Ltd. v. Qualcomm et al.*, C.A. No. 22-1146 (D. Del.) "as if they had been produced in this Litigation," regardless of whether the materials were produced by a "Party or Non-Party" in the prior case. D.I. 84 ¶¶ 34-36.  Arm Ltd. otherwise denies the allegations in this paragraph.

208.    Arm Ltd. admits that Qualcomm sought consent from Arm Holdings plc to name Arm Ltd. as a separate defendant in this case on July 2, 2025. Arm Ltd. denies Qualcomm sought that consent "[b]ased on information provided by Arm in discovery."

209.    Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that Arm Holdings plc did not consent to Qualcomm's proposed amendment.  Arm Ltd. otherwise denies the allegations in this paragraph.

210.    Admitted.

211.    Arm Ltd. admits that Qualcomm filed its original complaint against Arm Ltd. in the 26-020 action on January 8, 2026.

## <u>COUNT I</u>

### (Declaratory Judgment)

212.    In answer to paragraph 212, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–211 as if fully set forth herein.

213.    In answer to paragraph 213, Arm Ltd.:

a.      is not required to respond to sub-paragraph (a) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph. Further, Arm Ltd. did not withhold deliverables under the Qualcomm ALA, and Qualcomm's ALA does not cover the unlicensed Nuvia technology.

b.      is not required to respond to sub-paragraph (b) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph, at least because Arm Ltd. did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, the Qualcomm ALA does not cover the unlicensed Nuvia technology, Qualcomm is not entitled to support for the unlicensed Nuvia technology, and the relevant provision of the Qualcomm ALA is unenforceable.

c.      is not required to respond to sub-paragraph (c) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph. Further, Section ███ of the Qualcomm ALA does not grant Qualcomm a right to obtain a license for v10.

d.      is not required to respond to sub-paragraph (d) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph.

e.    is not required to respond to sub-paragraph (e) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph. Further, Qualcomm did not ▮▮▮▮▮ ▮▮▮▮ under QC ALA Section ▮▮▮▮, and Arm Ltd. does not have any obligations or requirements arising under Section ▮▮▮▮ with respect to v10.

f.    is not required to respond to sub-paragraph (f) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph.

g.    is not required to respond to sub-paragraph (g) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph.

h.    is not required to respond to sub-paragraph (h) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph.

i.    is not required to respond to sub-paragraph (i) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph, including because the relevant provision of the Qualcomm TLA is unenforceable.

j.      is not required to respond to sub-paragraph (j) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph.

k.      is not required to respond to sub-paragraph (k) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph, including because the relevant provision of the Qualcomm TLA is unenforceable.

l.      is not required to respond to sub-paragraph (l) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph.

m.      is not required to respond to sub-paragraph (m) because it contains legal conclusions. To the extent a response is required, Arm Ltd. denies the allegations in this sub-paragraph.

214.    Paragraph 214 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, the Qualcomm ALA does not cover the unlicensed Nuvia technology, Arm Ltd.'s conduct did not breach Sections ██████████████ of the Qualcomm TLA, and the relevant provisions of the Qualcomm ALA and Qualcomm TLA are unenforceable.

43

215.    Paragraph 215 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

216.    Paragraph 216 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

217.    Paragraph 217 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. withdrew its notice of material breach of the Qualcomm ALA on January 8, 2025 while Arm's ongoing legal challenges are pending.

## COUNT II

### (Breach of the Qualcomm ALA)

218.    In answer to paragraph 218, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–217 as if fully set forth herein.

219.    Paragraph 219 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that the Qualcomm ALA is a valid, binding contract.

220.    Paragraph 220 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

221.    Paragraph 221 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because

Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and Qualcomm is not entitled to support for the unlicensed Nuvia technology.

222. Paragraph 222 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. has no obligations under the Qualcomm ALA with regard to unlicensed Nuvia technology.

223. Paragraph 223 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

224. Paragraph 224 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not breach the Qualcomm ALA. Further, the specific remedy Qualcomm seeks does not apply, at least because Arm Ltd. did not withhold deliverables under the Qualcomm ALA, Qualcomm's ALA does not cover the unlicensed Nuvia technology, and the relevant provision of the Qualcomm ALA is unenforceable.

225. Paragraph 225 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

## **COUNT III**

### **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

226. In answer to paragraph 226, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–225 as if fully set forth herein.

227. Paragraph 227 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

228. Paragraph 228 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

229. Paragraph 229 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

230. Paragraph 230 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

231. Paragraph 231 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

232. Paragraph 232 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

233. Paragraph 233 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph, at least because Arm Ltd. did not breach the implied covenant of good faith and fair dealing for either the Qualcomm ALA or TLA.

234. Paragraph 234 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies that it has breached the implied covenant of good faith and fair dealing for either the QC ALA or TLA. Arm Ltd. otherwise lacks sufficient

knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

## COUNT IV

### (Intentional Interference with Prospective Economic Advantage)

235.    In answer to paragraph 235, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–234 as if fully set forth herein.

236.    In answer to paragraph 236, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

237.    Paragraph 237 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

238.    Paragraph 238 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in paragraph 238.

239.    Paragraph 239 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegation in this paragraph.

240.    Paragraph 240 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in paragraph 240.

241.    Paragraph 241 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

47

242.    Paragraph 242 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies that it has made efforts to interfere with Qualcomm's business relationships. Arm Ltd. otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

## COUNT V

**(Negligent Interference with Prospective Economic Advantage)**

243.    In answer to paragraph 243, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–242 as if fully set forth herein.

244.    Paragraph 244 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

245.    Paragraph 245 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

246.    Paragraph 246 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

247.    Paragraph 247 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

248.    Paragraph 248 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

249.    Paragraph 249 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

## COUNT VI

**(Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.)**

250. In answer to paragraph 250, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–249 as if fully set forth herein.

251. Paragraph 251 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

252. Paragraph 252 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

253. Paragraph 253 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

254. Paragraph 254 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

255. Paragraph 255 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

256. Paragraph 256 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

257. Paragraph 257 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

258. Paragraph 258 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations.

## COUNT VII

### (Breach of Section ▇ of the QC TLA)

259.    In answer to paragraph 259, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–258 as if fully set forth herein.

260.    Paragraph 260 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that the Qualcomm TLA is a valid, binding contract.

261.    Paragraph 261 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

262.    Paragraph 262 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

263.    Paragraph 263 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

264.    Paragraph 264 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

265.    Paragraph 265 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

266.    Paragraph 266 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

## COUNT VIII

**(Breach of Section ▮ of the QC TLA)**

267. In answer to paragraph 267, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–266 as if fully set forth herein.

268. Paragraph 268 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that the Qualcomm TLA is a valid, binding contract, but denies that all the provisions in the Qualcomm TLA are necessarily enforceable.

269. Paragraph 269 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

270. Paragraph 270 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

271. Paragraph 271 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

272. Paragraph 272 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

## COUNT IX

**(Breach of Section ▮ of the QC ALA)**

273. In answer to paragraph 273, Arm Ltd. repeats, re-alleges, and incorporates by reference its answers to paragraphs 1–272 as if fully set forth herein.

274.    Paragraph 274 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. admits that the Qualcomm ALA is a valid, binding contract. Arm Ltd. denies the remaining allegations in this paragraph.

275.    Paragraph 275 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

276.    Paragraph 276 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

277.    Paragraph 277 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

278.    Paragraph 278 contains legal conclusions to which no response is required. To the extent a response is required, Arm Ltd. denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Qualcomm's Prayer for Relief contains legal conclusions to which no response is required. To the extent that a response is required, Arm Ltd. denies that Qualcomm is entitled to any of the relief it seeks in its Prayer for Relief.

## JURY DEMAND

Pursuant to D. Del. LR 38.1 and Fed. R. Civ. P. 38, Arm Ltd. hereby demands a TRIAL BY JURY of all claims and issues presented in Qualcomm's Complaint that are so triable.  Arm Ltd. does not seek a jury trial on Count VI and denies that Qualcomm has a jury trial right for Count VI or on any issue that the Court must decide as a matter of law.

## DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them,

52

Arm Ltd. asserts the following defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE

### (Failure to State a Claim)

Qualcomm fails to state a claim upon which relief can be granted. Qualcomm filed its original complaint, its First Amended Complaint, and its Second Amended Complaint against Arm Holdings plc, but Arm Holdings plc is not a party to the Qualcomm ALA or TLA.

Under the Qualcomm ALA, Arm Ltd. has no obligation to provide, and Qualcomm has no right to seek, verification or support for unlicensed technology developed under the now-terminated Nuvia ALA. Instead, the unlicensed Nuvia-based technology is subject to an independent obligation requiring discontinuance and destruction regardless of the Qualcomm ALA. The license under the Qualcomm ALA is limited to specific, defined technology delivered by Arm Ltd. to Qualcomm under the Qualcomm ALA, and, contrary to Qualcomm's assertions, does not extend to any other Arm technology, like the technology delivered by Arm to Nuvia under the Nuvia ALA.

The Qualcomm ALA limits Qualcomm's rights, and Arm Ltd.'s obligations, to designs based on technology Arm delivered to Qualcomm under that ALA, rather than some other ALA, and developed under the licenses in the Qualcomm ALA, rather than some other ALA. None of this is true of the Phoenix core or other designs developed under the Nuvia ALA based on the technology delivered and licenses granted by Arm to Nuvia under the Nuvia ALA, when Nuvia was a standalone company. Arm Ltd. thus has no obligations under the Qualcomm ALA with respect to that technology, which is instead subject to independent discontinuance and destruction obligations that apply to Qualcomm's Oryon designs and related Snapdragon X products incorporating that technology. Qualcomm has also failed to provide appropriate notice for the

53

alleged breach.

The Qualcomm ALA expressly permitted Arm Ltd.'s sending of a notice letter to Qualcomm. It does not impose confidentiality obligations specific to assertions of breach or the right to terminate, or otherwise restrict Arm Ltd.'s right to make related public statements. Arm Ltd.'s statements to the press, moreover, do not violate any statute or other law. Indeed, no law prohibits Arm Ltd. from making the statements in the letter publicly or via press release. Arm Ltd. also has a constitutional right to make public statements regarding its view of the case. And asserting a contractual right to terminate is not an antitrust violation, nor is allegedly discussing contractual rights with the press, particularly where Arm Ltd. has no duty to deal with Qualcomm, much less on Qualcomm's preferred terms.

Arm Ltd. also owed no duty to Qualcomm with respect to Qualcomm's prospective customers, nor does Qualcomm identify such a duty. The supposed relationships were speculative, and Arm Ltd.'s conduct did not disrupt these relationships.

Section ▮▮ of the Qualcomm TLA does not apply to Arm Ltd.'s offers to license ▮▮ ▮▮▮▮▮▮▮▮▮▮▮ cores in 2024. Section ▮▮ of the Qualcomm TLA states that ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Section ▮▮ thus only applies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Section ▮▮ also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

54

████████████████████████████

Qualcomm first licensed the ████████████████ cores in 2019 ████████████ ████████████████████████████ Under Section ███, because ████████ were licensed to Qualcomm in 2019, Qualcomm was required ████████████████████ ████████████████████████████ Because Qualcomm did not ████████████████████████████████████████████ ████████████████, Arm Ltd. was under no obligation with respect to Qualcomm's 2024 request to license ████████████████████.

Section ████ of the Qualcomm TLA similarly does not apply to Arm Ltd.'s offers to license the ████████████████ cores in 2024. Section ████ of the Qualcomm TLA states that, ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████ Because Section ████ is limited to ████████████ ████████████████, and Qualcomm first licensed ████████████████████████ in 2019, Section ████ does not apply to Arm Ltd.'s offers to license ████████████████████████████ in 2024.

Arm Ltd.'s licensing offers to Qualcomm for the ████████████████████████ moreover, more than complied with the Qualcomm TLA. In addition, Arm Ltd.'s ████████████ ████████████████████████████████████ were consistent with the TLA's terms, and included ████████████████ because Arm Ltd. has a separate agreement with Qualcomm ████████████████████████.

Arm Ltd. also had no obligation to respond to Qualcomm's alleged request in May 2020— over five years ago—to extend the Qualcomm ALA under Section ████████. Qualcomm failed to

55

provide proper notice of its intention to renew the ALA. Further, Arm Ltd. had no obligation under the ALA to negotiate a license to the v10 architecture, which did not exist at the time of Qualcomm's request. ██████████████████████████████████████████████ ███████████████████████████████████████████, which did not include the v10 architecture. Qualcomm itself acknowledged in May 2020 that no meaningful discussions could happen at that time around the terms and conditions for an extension of the ALA to cover the v10 architecture. ██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

Arm Ltd. further incorporates by reference the arguments in Arm Holdings plc's motions in C.A. No. 24-490-MN (1) to dismiss the First Amended Complaint (D.I. 48); (2) to dismiss the Second Amended Complaint (D.I. 233); and (3) for summary judgment (D.I. 438).  Arm Ltd. also incorporates by reference Arm Holdings plc's responses and objections to Qualcomm's Interrogatory No. 12 in C.A. No. 24-490-MN.

<u>**SECOND DEFENSE**</u>

**(Waiver/Estoppel/Laches/Acquiescence)**

Qualcomm's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or acquiescence. Qualcomm was aware of the purported basis for its claims as early as October 10, 2022, if not 2020 for its v10 claims. And Arm Ltd. expressly stated in its November 15, 2022 response in the original Delaware litigation to enforce the Nuvia termination provisions

56

that Qualcomm is not licensed to use Arm technology developed under the now-terminated Nuvia ALA. (*Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN, D.I. 21 (Nov. 15, 2022) (Arm's Redacted Answer to Defs.' Am. Countercls.).) Yet Qualcomm did not pursue its claims until well over a year later, despite engaging in active litigation against Arm Ltd. regarding the Nuvia termination provisions barring use of Nuvia-based technology. By delaying its assertion of the claims in this action, Qualcomm waived its claims, acquiesced to Arm Ltd.'s position, is estopped from bringing these claims, and is barred by the doctrine of laches. And Qualcomm has failed to provide appropriate notice for the alleged breach.

### THIRD DEFENSE

### (Unclean Hands)

Qualcomm's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. As set forth in Arm Ltd.'s action to enforce the termination obligations of the Nuvia ALA, in violation of the Nuvia contract and in violation of law, Qualcomm induced Nuvia to materially breach the Nuvia ALA by acquiring Nuvia without Arm Ltd.'s consent to the assignment of the Nuvia ALA. Qualcomm continues to attempt to benefit from its improper acquisition of Nuvia technology and the related material breach of the Nuvia ALA by wrongly insisting that the unlicensed Nuvia technology is licensed under the Qualcomm ALA and seeking to enforce ▮▮▮▮▮▮▮ as to that unlicensed technology. Those obligations ▮▮▮▮▮▮▮, however, apply only to technology developed using technology delivered by Arm Ltd. to Qualcomm under the Qualcomm ALA, unlike the Nuvia technology developed using Arm technology delivered by Arm Ltd. to Nuvia under the now-terminated Nuvia ALA. Qualcomm has acted wrongfully in seeking to reap the benefits from technology developed under the now-terminated Nuvia ALA, improperly transferring technology developed under the Nuvia ALA to Qualcomm, combining Nuvia and Qualcomm workstreams and personnel, while ignoring the

obligations under the Nuvia ALA to discontinue and destroy the unlicensed Nuvia technology.

Qualcomm also published Arm Ltd.'s October 2024 letter just days after Arm Ltd. did. Further, on March 25, 2025 and November 19, 2025, Bloomberg published stories concerning Qualcomm's non-public complaints of anticompetitive behavior at the European Commission, U.S. Federal Trade Commission, and Korea Fair Trade Commission. Qualcomm's publication of Arm Ltd.'s letter, and non-public litigation materials to Bloomberg bar its claims against Arm Ltd. under the doctrine of unclean hands.

## FOURTH DEFENSE

### (Limits on Damages)

The Qualcomm ALA and TLA limit the damages available for the alleged breach in a variety of ways, including barring the recovery of particular types of damages for alleged breaches, and specifying sole and exclusive remedies for certain breaches.

## FIFTH DEFENSE

### (Compulsory Counterclaims/Res Judicata/Collateral Estoppel)

Qualcomm's claims are barred, in whole or in part, by the doctrines of compulsory counterclaims, res judicata, and/or collateral estoppel. Qualcomm's claims in this new action arise out of the same transaction and occurrence at issue in the action styled *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN (D.I. 295), and share a logical relationship with that action, because they (1) rest on one of the contracts at issue in the original action, and (2) arise from allegations of breach set forth in the original action. More specifically, Arm Ltd. expressly stated in its November 15, 2022 response in the Delaware litigation that Qualcomm's ALA does not cover the unlicensed Nuvia technology developed under the now-terminated Nuvia ALA. Yet Qualcomm failed to timely assert claims against Arm Ltd. in the earlier-filed action in this Court, as the Court confirmed by denying leave to amend to add these claims in the original action, based on

58

Qualcomm's failure to assert claims at the time they arose. Accordingly, Qualcomm's claims are barred under the doctrines of compulsory counterclaims, res judicata, and/or collateral estoppel.

<u>**SIXTH DEFENSE**</u>

**(Res Judicata/Claim Splitting)**

Qualcomm's claims are barred, in whole or in part, by res judicata and/or claim splitting. Qualcomm's claim that Arm Ltd. breached Section ■ of the Qualcomm ALA mirrors claims that Qualcomm tried to assert in *Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN.  Arm Ltd. filed that action against Qualcomm on August 31, 2022, and the deadline to amend was April 28, 2023. *See* C.A. No. 22-1146, D.I. 1, 87.  Yet Qualcomm waited until February 2024—ten months after the deadline to amend—to add a counterclaim asserting that Arm Ltd. breached Section ■ of the Qualcomm ALA by withholding ACK patches and OOBs.  *See* C.A. No. 22-1146, D.I. 272, Ex. 1 ¶¶ 302-307; *see also id.* ¶ 299(e)-(f) (parallel request for a declaratory judgment).  Judge Hatcher denied leave to amend, noting that Qualcomm's theory of liability "was evident … in late 2022—well before the April 28, 2023 deadline to amend."  No. 22-1146, D.I. 303, Ex. A at 4-5. Qualcomm did not file any objections or otherwise appeal Judge Hatcher's order.  Instead, Qualcomm filed this suit against Arm Ltd. and in Count II of its Complaint, re-asserts the same claim that Judge Hatcher disallowed.  *See* No. 26-020, D.I. 1 ("Compl.") ¶¶ 189-190; *see also id.* ¶¶ 178(a)-(b).

Res judicata and/or claim splitting principles bar Qualcomm from relitigating its Section ■ breach claim against Arm Ltd. after unsuccessfully seeking leave to add the same claim in *Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN.  Res judicata generally requires a final judgment on the merits in a prior suit involving the same parties or their privies and a subsequent suit based on the same cause of action.  But res judicata also precludes claims that could have been raised and decided in a prior action even if they were not actually litigated.  These principles preclude

59

Qualcomm's Section ▮ breach claim for two separate and independent reasons. *First*, the Court entered final judgment in No. 22-1146 on September 30, 2025, the two suits involve the same parties, and Qualcomm could have asserted its claim that Arm Ltd. breached Section ▮ in the previous suit. That is all res judicata requires. Res judicata similarly bars any claim based on Arm's alleged "statements that Qualcomm's ALA expires in 2024" and that "Qualcomm will be unable to deliver ARM-compliant products after 2024," (No. 22-1146, D.I. 18 ¶ 259(c)-(d)), and any other claim Qualcomm could have raised in the prior action (such as any other claim based on letters Arm sent to shared customers). *Second*, Judge Hatcher's denial of leave to amend in the previous suit is a final judgment on the merits that by itself bars Qualcomm from asserting the same claim in a later action. The preclusive effect of the judgment (and the denial of leave to amend) in No. 22-1146 extends to Qualcomm's related request for a declaratory judgment, its implied-covenant claim predicated on the alleged withholding of deliverables, and any tortious interference or UCL claim predicated on the conduct underlying Qualcomm's Section ▮ breach claim. To the extent Qualcomm disputes whether there is a final judgment, claim splitting principles would nonetheless bar these claims.

For similar reasons, Special Master Rychlicki's January 7 order denying Qualcomm's motion to add Arm Ltd. as a party in No. 24-490 precludes Qualcomm's claims in this action; the Court overruled Qualcomm's objections to the January 7 order on March 10, 2026. Qualcomm is asserting claims here are identical to the claims Qualcomm asserts against Arm Holdings plc in No. 24-490 and to the claims Qualcomm tried to assert against Arm Ltd. in that action. Arm Holdings plc and Arm Ltd. are in privity for purposes of res judicata (but Arm Ltd. does not concede they are in privity for any other purpose) under the lesser degree of privity the Third Circuit applies when defendants invoke preclusion principles. Qualcomm is therefore improperly

60

trying to assert the same (or similar) claims in two separate suits.  And the denial of a motion to amend is again a final judgment on the merits that independently bars Qualcomm from asserting the same claims against Arm Ltd. in this case that it unsuccessfully tried to add in No. 24-490.  To the extent Qualcomm disputes whether there is the necessary final judgment, claim splitting principles would nonetheless bar all of Qualcomm's claims.

This includes Qualcomm's new claim that Arm Ltd. breached Section ███████ of the QC ALA by failing to negotiate a v10 license ████████; that claim arises from the same transaction, occurrence, and nucleus of operative facts as Qualcomm's v10-related breach of the covenant of good faith and fair dealing claim in this suit and in its case against Arm Holdings plc, C.A. No. 24-490.  Qualcomm was required to present all claims arising out of a single alleged wrong in one action, and has improperly prosecuted its case piecemeal.

## SEVENTH DEFENSE

### (*Noerr-Pennington* Doctrine and California Litigation Privilege)

Qualcomm's claims are barred, in whole or in part, by the First Amendment, the *Noerr-Pennington* doctrine and the California litigation privilege. Arm Ltd.'s alleged conduct, including the October 22, 2024 notice of material breach of the Qualcomm ALA and any alleged publicizing of that notice, is protected litigation conduct under these doctrines. Arm Ltd.'s notice to Qualcomm was made during litigation with Qualcomm and accurately described Arm Ltd.'s claims and litigation position.

## EIGHTH DEFENSE

### (Statute of Limitations)

Qualcomm's claims are barred, in whole or in part, by the applicable statute of limitations. *See* 10 Del. C. § 8106.  Delaware imposes a three-year statute of limitations for both contract and implied covenant claims.  *Id.*

61

Qualcomm was aware of the Arm Ltd. conduct identified in Qualcomm's Complaint as purportedly forming the basis of Qualcomm's claim that Arm Ltd. breached Section █ of the Qualcomm ALA more than three years before Qualcomm filed its Complaint against Arm Ltd. On May 20, 2022, Arm employee, Vivek Agrawal, told Qualcomm employee, Jignesh Trivedi that Qualcomm's request for Arm to review Qualcomm's ACS Compliance Report for the Hamoa design "has been flagged up to Arm Legal who are querying the status of this design before we can sign it off." QCARM_3059661. As another example, on September 27, 2022, Mr. Agrawal told Mr. Trivedi, "Due to my management's advice to wait for their clearance, kindly expect some delay from my end on OOB delivery." ARM_01020193 at -194. And, on October 10, 2022, Mr. Agrawal told Mr. Trivedi that "[o]ur management has already initiated communication with a someone in your organization. I'll be able to share OOB and patches after my management has given their approval." *Id.* at -193.

Section ██ of the Qualcomm ALA spells out the notice process for an alleged breach of Section ██. Qualcomm must "████████████████████████████████ ████████" ████████████████████████████████████████ ████████████████████████████ If Arm Ltd. does not confirm receipt within ██████ Qualcomm must ████████████████████████████████████████ ████████████████████████████████████████████████ The ██████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████



Qualcomm alleges that it sent a first written notice of non-compliance on November 3, 2022 and a second written notice of non-compliance on December 5, 2022.  Compl. ¶¶ 81-82.

According to Qualcomm, "Arm ███████ to remedy its failure to provide the [Section █] deliverable[s]" after the December 5 letter and ██████████ passed without Arm remedying the issue." Compl. ¶ 83. The cure period thus expired, and Qualcomm's breach claim for the allegedly withheld ACK patches and OOBs accrued, no later than January 4, 2023. Qualcomm filed suit against Arm Ltd. on January 8, 2026—more than three years after the statute of limitations started running on Qualcomm's claim that Arm breached Section █ of the ALA. Any implied covenant claim in Count III based on Arm's alleged failure to provide ACK patches and OOBs is time-barred for the same reason (see, e.g., Compl. ¶ 194), and Qualcomm likewise cannot rely on a time-barred contract or implied-covenant claim to support its tortious interference or UCL claims. Qualcomm's August 1, 2025 motion to amend to add Arm Ltd. as a party in C.A. No. 24-490-MN did not toll the limitations period.

Delaware's three-year statute of limitations similarly bars Qualcomm's claim that Arm Ltd. violated the implied covenant of good faith and fair dealing of the QC ALA or breached Section ██████ of the QC ALA by not offering Qualcomm a license to version 10 of the Arm architecture or negotiating with Qualcomm in good faith.

Qualcomm's v10-related implied covenant claim is based on Arm Ltd.'s alleged failure to "respond[]" to Qualcomm's May 20, 2020 email or "follow[] up at any other time regarding Qualcomm's rights regarding v10 of the Arm ISA." No. 26-020, D.I. 2 ¶¶ 132-33, 194. Qualcomm's Amended Complaint alleges that Arm Ltd. breached Section ██████ more than five years after Qualcomm's purported ████████ ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

D.I.765 ¶ 277. Qualcomm then waited until January 8, 2026—far outside the three-year limitation

period—to sue Arm Ltd. for the implied covenant claim, and March 30, 2026 to amend its complaint to add the express breach claim. Qualcomm has asserted that Arm Ltd. not providing an offer within ██████████████████████████████████████ ████████ and a material breach. That Qualcomm arbitrarily bases its new express breach claim on Arm Ltd.'s communication in June 2025 does not avoid the statute of limitations for an alleged ██████ that occurred more than five years prior. Qualcomm's UCL allegations based on the same conduct are time-barred for the same reasons.

The statute of limitations similarly bars Qualcomm's claim that Arm Ltd. violated the implied covenant of good faith and fair dealing by allegedly failing to provide good faith licensing proposals for products available for licensing under the TLA. According to Qualcomm's interrogatory responses in *Qualcomm v. Arm Holdings plc*, C.A. No. 24-490-MN, Qualcomm alleges Arm provided a licensing quote for its ████████ in November 2021, and Arm "suddenly claimed in September 2022 to ████████████████████████████████████ ████████ Qualcomm also alleges that Arm offered licensing and royalty proposals for ████████ in August and November 2022, which according to Qualcomm "breached Section ████ and were "unreasonable." These licensing offers and conduct are from several years ago and far exceed the three-year limitation period to sue Arm Ltd. and therefore are time-barred. Further, Qualcomm has also alleged a breach of the implied covenant based on licensing proposals Arm made for "████████████████████████████████████████████" To the extent Qualcomm is basing these allegations on conduct from 2021–2023 (or earlier), such conduct is similarly outside the three-year statute of limitations and time-barred.

## NINTH DEFENSE

### (Freedom of Speech and Freedom to Petition)

Qualcomm's claims are barred, in whole or in part, because Arm Ltd.'s speech to the press

is protected by the free speech and petition clauses of the First Amendment, federal and state common law, and statutes such as California's Anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16).

## TENTH DEFENSE

### (Failure to Mitigate)

Qualcomm's claims are barred, in whole or in part, because Qualcomm failed to mitigate its damages.

## ELEVENTH DEFENSE

### (Unenforceability of Qualcomm ALA and TLA Provisions)

Qualcomm's claims are barred, in whole or in part, because Section █ of the Qualcomm ALA and Section █ of the Qualcomm TLA are unenforceable penalties under Cal Civ. Code § 1671(b).

Dated: April 13, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

66

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 13, 2026, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

John Poulos

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com

grp-qcvarm@paulweiss.com

Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2