**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation, <br><br> Defendants. | REDACTED - PUBLIC VERSION (Filed April 20, 2026) <br><br><br> C.A. No. 24-490-MN (CONSOLIDATED) <br><br> ████████████ |

**EXHIBIT 1 TO
ARM LTD.'S SUPPLEMENTAL CERTIFICATION IN SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT (D.I. 765)**

Dated:  April 15, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

# Exhibit 1

| | |
|---|---|
| **From:** | LoCascio, Gregg F. |
| **To:** | Nyarady, Catherine |
| **Cc:** | Pohl, Meredith; *RVrana@ycst.com; *agaza@ycst.com; jying@morrisnichols.com; kdunn@dirllp.com; JHartley@dirllp.com |
| **Subject:** | RE: QC v Arm -- meet and confer |
| **Date:** | Friday, April 10, 2026 8:07:21 PM |
| **Attachments:** | image001.png |

Catherine,

We continue to disagree that Qualcomm's amended complaint is governed by Rule 15(a)(1). Our understanding based on the law we have exchanged (including what you and your team have found as well) is that the amendment is instead governed by Rule 16, and have seen no good cause for permitting Qualcomm's amendment now. Indeed, when I specifically asked questions that would go directly to Qualcomm's good cause or lack thereof during our in-person meet and confer – specifically (a) if Qualcomm planned to make this amendment when Qualcomm negotiated the Amended Scheduling Order and said nothing about amendment and (b) why Qualcomm hadn't asserted this claim in the Arm Ltd. Complaint – both Karen and you refused to answer. The clear absence of any good cause to support amendment by Qualcomm at this late stage appears to us to be at the root of why Qualcomm is trying to improperly shoehorn its amendment into Rule 15 despite the undeniable existence of a Rule 16 scheduling order governing amendment.

We also disagree that the parties have already taken discovery on the allegations underlying Qualcomm's amendment. There has been no discovery on the legal or factual differences between Qualcomm's express and implied breach claims related to v10. Mr. Weiser did not offer the alleged purpose underlying Section ███ of the ALA that Qualcomm now offers in its Amended Complaint against Arm Ltd., and Arm had no opportunity to ask Mr. Weiser specifically about that topic (or to develop its own evidence contradicting that alleged purpose) because Qualcomm had not previously disclosed it. Qualcomm similarly did not disclose that money damages would not be sufficient in response to Arm's contention interrogatories, and Ms. Chaplin did not address that issue at her deposition; when Arm asked "the basis for Qualcomm's belief that it is entitled to a license" to v10 under Section ███, for example, Qualcomm objected on privilege grounds and because it called for a legal conclusion. (Chaplin Dep. Tr. 16723-168:6).

While we appreciate your discovery proposal, we do not think discovery would cure the legal prejudice from Qualcomm adding a new claim now, in addition to the other amendments it has attempted to make to the complaint. Any counter-proposal we would make, in any event, would need to involve an extension of the current discovery deadlines that would in turn require moving the trial date. Given the Court's previous rulings denying even agreed-upon extensions of the case schedule – exacerbated now by Qualcomm's representations and arguments for consolidation and an October trial date on the basis that the Arm Ltd. case was identical to the Arm plc case and that additional discovery and dispositive motion briefing was unnecessary – we do not see a viable path to accommodate more discovery or Qualcomm's eleventh-hour additional claim and amendment at this point.

We appreciate the discussions in person, over the phone, and over email during the past week, but we believe we are now at an impasse.

Gregg

**Gregg LoCascio, P.C.**

-----------------------------------------

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5290  **M** +1 202 957 0590

-----------------------------------------

gregg.locascio@kirkland.com

---

**From:** Nyarady, Catherine <cnyarady@paulweiss.com>
**Sent:** Friday, April 10, 2026 3:10 PM
**To:** LoCascio, Gregg F. <glocascio@kirkland.com>
**Cc:** Pohl, Meredith <meredith.pohl@kirkland.com>; *RVrana@ycst.com <RVrana@ycst.com>; *agaza@ycst.com <agaza@ycst.com>; jying@morrisnichols.com; kdunn@dirllp.com; JHartley@dirllp.com
**Subject:** RE: QC v Arm -- meet and confer

> **This message is from an EXTERNAL SENDER**
> Be cautious, particularly with links and attachments.

Gregg,

We continue to understand Qualcomm's amendment of the Arm Ltd. complaint to be governed by Rule 15(a)(1) and still have not seen anything suggesting that Qualcomm would be required to satisfy Rule 16(b)(4) on these facts.  We also continue to believe that both Qualcomm and Arm have already taken discovery on the allegations underlying Qualcomm's amendment.  For example, to take the "new allegations" you call out, Arm already took Rule 30(b)(6) testimony on the negotiations of Section ▮▮▮ of the Qualcomm ALA from Mr. Weiser (including testimony about the intent of the Section), and Arm has long been aware that Qualcomm seeks injunctive relief requiring Arm to negotiate with Qualcomm in good faith, consistent with the terms of the ALA, for a license to v10 (*see, e.g.*, Chaplin Dep. Tr. 167:13-22).

We nevertheless agreed to your request that we make a proposal to provide for additional discovery after you were unable to identify specific additional information you needed, but expressed an interest in using the standard discovery devices.  Qualcomm has worked in good faith to try to reasonably accommodate Arm's concerns.  We encourage you to make a counterproposal so that we at least attempt to avoid bringing another dispute to the Court that we can resolve ourselves.

Regards,
Catherine.

**Catherine Nyarady** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3532 (Direct Phone) | +1 917 584 7388 (Cell)

cnyarady@paulweiss.com | www.paulweiss.com

---

**From:** LoCascio, Gregg F. <glocascio@kirkland.com>
**Sent:** Friday, April 10, 2026 11:59 AM
**To:** Nyarady, Catherine <cnyarady@paulweiss.com>
**Cc:** Pohl, Meredith <meredith.pohl@kirkland.com>; *RVrana@ycst.com <RVrana@ycst.com>;
*agaza@ycst.com <agaza@ycst.com>; jying@morrisnichols.com; kdunn@dirllp.com;
JHartley@dirllp.com
**Subject:** RE: QC v Arm -- meet and confer

Catherine,

In my initial email outreach and telephone call with Karen on Qualcomm's improper amendment of its complaint against Arm Ltd., I explained Arm's position that the Rule 16 deadline for motions to amend had long passed under the Scheduling Order (D.I. 44), and therefore Qualcomm was required to seek leave and show good cause to amend under Rule 16. Qualcomm's position in response was that the lack of an express deadline in the Amended Scheduling Order (D.I. 759), entered March 19, 2026, somehow meant that Qualcomm had no deadline to amend its complaint against Arm Ltd.

During our meet and confer, we explained that the "Amended Scheduling Order" amends the previous Scheduling Order, and did not modify or extend the deadline for motions to amend. See S.G. by & through Gordon v. Jordan Sch. Dist., 333 F.R.D. 220, 223 (D. Utah 2019) ("Where, as here, an earlier scheduling order did establish certain deadlines, and those deadlines were omitted from a subsequent order only after they had come and gone, the cases appear unanimously to hold that the omitted deadlines remain binding."). However, and as discussed at our conference, the question arose whether the consolidation of the Arm Ltd. case with the Arm Holdings case would change this. Both parties agreed to look into that question and exchange case law.

It does not. When the Court granted Qualcomm's motion to consolidate on February 2, 2026, C.A. No. 24-490-MN was designated as the lead case, so its schedule governs. George & Co. LLC v. Spin Master Corp., 2020 WL 3865098, at *3–4 (E.D.N.Y. July 7, 2020); Kingman Holdings, LLC v. Blackboard Ins. Co., 2025 WL 275505, at *3 (E.D. La. Jan. 23, 2025), aff'd, 2025 WL 932774 (E.D. La. Mar. 27, 2025). Qualcomm is bound by the deadlines set in the Arm Holdings case, including any expired deadlines. See Jordan School District, 333 F.R.D. at 223. At no point during the parties' negotiation of the Amended Scheduling Order, nor during the January and March hearings before Judge Noreika, did Qualcomm ever inform Arm or the Court that it intended to amend or that the deadlines in the existing scheduling order would not apply to Qualcomm's new case against Arm Ltd.

We have now reviewed the authorities you sent on the question of consolidation, and we disagree that they are relevant here. For instance, in CG Technology Development, Judge Andrews found that the "law of the case" doctrine did not bind the Court to a Nevada court's previous decision holding that asserted patents were not ineligible under § 101, where the Nevada case involved a different defendant and was consolidated "for pretrial purposes" after the decision was issued. CG Tech.

Dev. LLC v. Fanduel, Inc., 442 F. Supp. 3d 840, 846 (D. Del. 2020).  This case had nothing to do with amendment under Rules 15 or 16.

You have also failed to explain how any of the cases in the footnotes you cited from Wright & Miller apply here.  Notably, while citing to § 2382 on consolidation, you omitted the following passage: "Consolidation also would not be proper if a party thereby seeks to circumvent the . . . deadlines for amendment as of right in Rule 15(a)."  Wright & Miller, 9A Fed. Prac. & Proc. § 2382 & n.19 (3d ed. Apr. 2026 update).  Accordingly, the cases cited at footnote 19 are more on point.  See Cherelli v. InStore Group, LLC, 513 F. Supp. 3d 187, 193 (D. Mass. 2021) ("[D]istrict courts must 'carefully insure' that when consolidating cases they do not provide a plaintiff the unfair opportunity to 'use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" (quoting Walton v. Eaton Corp., 563 F.2d 66, 71 (3d Cir. 1977) (en banc))); Walton v. Eaton Corp., 563 F.2d 66, 71 (3d Cir. 1977) ("In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints...." (citing Fed. R. Civ. P. 15)); Gonzalez v. Vilsack, 2021 WL 1082479, at *6 (E.D. Va. 2021) (court denied consolidation because it was being used as mechanism to add new claim).

Finally, in Altana Pharma, as you rightly concede, the court applied the provisions of the pretrial scheduling order entered in the first action against Teva to the later-consolidated case against Sun. However, the court's application of Rule 15 in that case turned on the pretrial scheduling order's specific omission of a deadline to amend the pleadings where one would otherwise be provided. Altana Pharma AG v. Teva Pharms. USA, Inc., 2007 WL 9724442, at *1, *3 (D.N.J. Mar. 29, 2007). There, the pretrial scheduling order stated "NONE" in the space where a return date is normally set for motions to amend the pleadings, which the court interpreted to mean that the parties contemplated no amendments at the time, and not as a bar on motions to amend the pleadings.  Id. at *3.  That is not the case here.

Finally, your proposal for additional discovery does not cure the prejudice to Arm; in fact, it serves only to underscore the prejudice Arm would suffer should Qualcomm be allowed to amend.  It is simply not reasonable for Qualcomm to demand that Arm serve all of its discovery requests in less than seven days and that all discovery on Qualcomm's newest claim should wrap up in under a month.  The parties cannot complete this discovery under the current case schedule, which Qualcomm agreed to without notifying us or the Court of its intent to assert a new claim.

To be clear, in response to Ms. Hartley's question as to scope at our meet and confer earlier this week, our concerns with Qualcomm's amended complaint stretch beyond adding the one new claim.  Qualcomm's amendments inject issues Qualcomm has not raised previously and failed to disclose or otherwise describe in discovery during its initial case, including new allegations about the supposed purpose underlying Section ▮▮▮▮ (see, e.g., Amend. Compl. ¶ 68) and a request for injunctive relief based on a new contention that money damages are insufficient (id. ¶ 278).  Were these amendments allowed, Arm would also require discovery on these issues, which also could not be completed under the timeframe Qualcomm proposes.

Regards, Gregg

**Gregg LoCascio, P.C.**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5290  **M** +1 202 957 0590

gregg.locascio@kirkland.com

---

**From:** Nyarady, Catherine <cnyarady@paulweiss.com>
**Sent:** Thursday, April 9, 2026 3:36 PM
**To:** LoCascio, Gregg F. <glocascio@kirkland.com>
**Cc:** Pohl, Meredith <meredith.pohl@kirkland.com>; *RVrana@ycst.com <RVrana@ycst.com>;
*agaza@ycst.com <agaza@ycst.com>; jying@morrisnichols.com; kdunn@dirllp.com;
JHartley@dirllp.com
**Subject:** FW: QC v Arm -- meet and confer

Gregg,

Thank you for the conversation on Tuesday.

As we said we would, we have continued assessing Arm's argument that Qualcomm needed to satisfy Rule 16(b)(4) before amending the Arm Ltd. complaint once as a matter of course under Rule 15(a)(1) because Arm believes that the March 2025 deadline for amending pleadings from the Arm Holdings case became binding on the Arm Ltd. case filed in January 2026 at the time of consolidation.  We have not seen any case law supporting Arm's position.

To the contrary, we are finding that courts consistently hold that consolidation does not merge two cases into one or change the rights of the parties (including by imposing orders from the lead case onto the consolidated case, as you suggested happened here).  *See, e.g.*, Wright & Miller, 9A Fed. Prac. & Proc. § 2382 nn. 9, 10 (3d ed. Apr. 2026 update) (collecting cases); *CG Tech. Dev. LLC* v. *Fanduel, Inc.*, 442 F. Supp. 3d 840, 846 (D. Del. 2020).  And in the one case we've found directly considering a post-consolidation amendment implicating a scheduling order bar, the court declined to apply Rule 16(b)(4) even though the consolidation order in that case—unlike in our cases— expressly applied the original case's scheduling order to the newer consolidated case.  *Altana Pharma AG* v. *Teva Pharms. USA, Inc.*, 2007 WL 9724442, at *3 (D.N.J. Mar. 29, 2007).  We believe it is clear that Rule 15 governed, and permitted, Qualcomm's amendment of the Arm Ltd. complaint as of right.

Notwithstanding that Qualcomm was well within its rights to amend the Arm Ltd. complaint once and that both parties have already taken extensive discovery on the v10-related events that underlie the amendment, we remain willing to work with you to address Arm's concerns.  Consistent with both parties' production of 2025 correspondence regarding v10 in connection with the implied covenant

claim in the Arm Holdings case, we can confirm that the ALA Section ▇▇ breach claim alleges that Arm's 2025 conduct itself breached the parties' contract.   Based on the scope of discovery the Court permitted for defenses unique to Arm Ltd. and the high-level requests you made at our meet and confer, Qualcomm will agree to the following additional discovery on issues specific to the Arm Ltd. complaint amendment:

- Up to three RFAs;
- Up to five RFPs;
- One contention interrogatory; and
- One Rule 30(b)(6) deposition on facts new to the ALA Section ▇▇ breach claim (i.e. not already the subject of discovery in the good faith and fair dealing claim) limited to 2.5 hours.

We would propose that Arm Ltd. serve its additional requests by April 15, with Qualcomm to provide its responses and objections by April 29.  We would endeavor to complete the 30(b)(6) deposition by the May 5 deadline or very shortly thereafter (i.e., by Friday, May 8).

We will also not oppose Arm Ltd. requesting leave to include in its July 1 good faith and fair dealing dispositive motion argument regarding the ALA Section ▇▇ breach claim, should Arm choose to do so.

Given the overlap in evidence for the v10 implied covenant claim and the v10 Section ▇▇ breach claim and Arm's inability to name any specific additional documents or admissions it needs to date, we believe that the above proposal provides ample opportunity for Arm Ltd. to explore any amendment-related issues.  We are ready to work with you to jointly propose this plan for Court approval and are confident that the Court will appreciate our efforts to avoid unnecessary motion practice, if we are able to reach an agreement here.

We are available to discuss any of the above.

Catherine

---

**From:** Karen Dunn
**Sent:** Tuesday, April 7, 2026 11:37 AM
**To:** 'LoCascio, Gregg F.' <glocascio@kirkland.com>
**Cc:** jying@mnat.com; *RVrana@ycst.com <RVrana@ycst.com>;
*agaza@ycst.com <agaza@ycst.com>
**Subject:** RE: QC v Arm -- meet and confer

Hi Gregg,

Thanks for following up.  We think we see the disconnect here.  The cases you sent applied FRCP

16(b)(4) after the party seeking to amend missed an express deadline for amendment in the operative scheduling order. *See Great Lakes Ins. S.E.* v. *Sunshine Shopping Ctr.*, 2020 WL 1159381, at *3 (D.V.I. Mar. 10, 2020) ("The Scheduling Order *specifically sets* the deadline for amendment of pleadings as December 2, 2019" and amendment was filed on January 21, 2019); *Hawkins* v. *W. Penn Allegheny Health Sys.*, 2014 WL 5803112, at *1, 3 (W.D. Pa. Nov. 7, 2014) ("Rule 16(b) is implicated when a motion to amend is filed after the deadline for amendment of pleadings has passed *as specified* in the court's pretrial scheduling order."); *Premier Comp. Sols., LLC* v. *UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("when a party moves to amend or add a party after the *deadline in a district court's scheduling order* has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies") (all emphases added).

Where, as here, there is no deadline for amendment in the operative scheduling order, FRCP 15 (and, specifically, FRCP 15(a)(1) in this case) governs. I'm attaching a few cases on point.

We look forward to discussing. See you soon,

Karen



**<span style="color:red">Karen L. Dunn</span> | Partner**
**Dunn Isaacson Rhee LLP**



kdunn@dirllp.com
(202) 240-2901  (direct) | (202) 309-1105 (cell)
401 9th Street NW, Washington, DC 20004
Website | LinkedIn

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

---

**From:** LoCascio, Gregg F. <glocascio@kirkland.com>
**Sent:** Monday, April 6, 2026 11:47 PM
**To:** Karen Dunn <KDunn@dirllp.com>
**Cc:** jying@mnat.com; *RVrana@ycst.com <RVrana@ycst.com>; *agaza@ycst.com <agaza@ycst.com>
**Subject:** RE: QC v Arm -- meet and confer

Karen – following up on our discussion earlier today about whether FRCP 16(b)(4) required Qualcomm to seek leave to amend and show good cause, I am attaching several cases to that effect.

To your position that Qualcomm did not need to do so because of the language of FRCP 15(a)(1), please send us any cases your team is relying upon that allow such an amendment (without consent or leave) after the entry of a scheduling order under Rule 16.

Thanks and see you tomorrow.  Gregg


**Gregg LoCascio, P.C.**

------------------------------------------------------------------

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5290  **M** +1 202 957 0590

------------------------------------------------------------------

**gregg.locascio@kirkland.com**

---

**From:** Karen Dunn <KDunn@dirllp.com>
**Sent:** Thursday, April 2, 2026 11:51 AM
**To:** LoCascio, Gregg F. <glocascio@kirkland.com>
**Cc:** jying@mnat.com; *RVrana@ycst.com <RVrana@ycst.com>; *agaza@ycst.com <agaza@ycst.com>
**Subject:** RE: QC v Arm -- meet and confer

Hi Gregg,

We disagree that there is anything improper about Qualcomm exercising its right to amend the Arm Ltd. complaint once as a matter of course under Rule 15(a)(1).

We are available to meet and confer in DC on Monday, 4/6 after 2pm or on Tuesday, 4/7 after 12pm. We can host at DIR or visit you at Kirkland.  Please let us know what time and location work best.

I will also give you a call in the interim, as you suggest.

Thanks,

Karen


**Karen L. Dunn | Partner**
**Dunn Isaacson Rhee LLP**

kdunn@dirllp.com
(202) 240-2901  (direct) | (202) 309-1105 (cell)
401 9th Street NW, Washington, DC 20004
Website | LinkedIn

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

---

**From:** LoCascio, Gregg F. <glocascio@kirkland.com>
**Sent:** Wednesday, April 1, 2026 3:45 PM
**To:** Karen Dunn <KDunn@dirllp.com>
**Cc:** jying@mnat.com; *RVrana@ycst.com <RVrana@ycst.com>; *agaza@ycst.com <agaza@ycst.com>
**Subject:** QC v Arm -- meet and confer

Hi Karen –

I write to line up a time for us to meet and confer re Qualcomm's new v10 allegations and claim against Arm Ltd.

The addition of a new cause of action and allegations are contrary to both the latest scheduling order and the Court's instructions to the parties at the January and March hearings.  Further, they contradict Qualcomm's own representations that its case against Arm Ltd. would be "substantively identical" to that against Arm Holdings, with "the same claims and the same facts."  We do not believe it is proper for Qualcomm to add new claims and allegations at this late stage – much less without raising it with Arm or the Court or seeking leave.

Assuming Qualcomm will not withdraw its amended complaint against Arm Ltd, please let me know if you and someone from MNAT can meet on Thursday 4/2 in the afternoon, Friday 4/3 in the morning, or on Monday 4/6 or Tuesday 4/7 to confer in person per the Court's March 20th order.

In the meanwhile, I'd also propose you and I have a phone call to start the discussion on this issue -- so please let me know your availability or feel free to call my mobile 202-957-0590.

Best, Gregg

**Gregg LoCascio, P.C.**
-------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5290  **M** +1 202 957 0590
-------------------------------------------------------------
**gregg.locascio@kirkland.com**

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2026, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

John Poulos

Ruby J. Garrett
Adam L. Basner
Eric C. Westerhold
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com

grp-qcvarm@paulweiss.com

Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Holdings plc*

2