# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARM HOLDINGS PLC., f/k/a ARM LTD., <br><br> Defendant. | **REDACTED PUBLIC VERSION** <br><br><br> C.A. No. 24-cv-00490-MN <br><br> █████████████ |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA FROM NON-PARTY APPLE INC. REGARDING SPECIAL MASTER'S MEMORANDUM RESOLVING NON-PARTY APPLE'S MOTION FOR PROTECTIVE ORDER

Susan E. Morrison (#4690)
Nitika Gupta Fiorella (#5898)
**FISH & RICHARDSON P.C.**
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
morrison@fr.com; ngupta@fr.com

Hannah Cannom (admitted *pro hac vice*)
Bethany Stevens (admitted *pro hac vice*)
**WALKER STEVENS CANNOM LLP**
500 Molino Street, Suite 118
Los Angeles, California 90013
(213) 712-9145
hcannom@wscllp.com;
bstevens@wscllp.com

*Attorneys for Non-Party Apple Inc.*

Dear Judge Noreika:

I write on behalf of non-party Apple Inc. to seek enforcement of the Apple Protective Order ("APO") issued by the Special Master (D.I. 616), which this Court granted over Qualcomm's objections. (3/10 Hearing Tr. 94:10-12.) Qualcomm's misuse of non-party Apple's trade secret and highly commercially sensitive pricing and rate terms violates the APO which the Special Master expressly stated applied to Apple-Arm ALAs **and** any documents that "could include the highly sensitive pricing terms in Apple's agreements with Arm as well as the other requested documents and communications." (D.I. 616, at 3.) Qualcomm's actions warrant immediate relief to prevent further misuse and remediate the effects of Qualcomm's violation of this Court's orders.

## I.    Background

On June 5, 2026, Arm informed Apple that it inadvertently produced a spreadsheet (the "Spreadsheet") which contained licensing rates from the 2023 Apple-Arm ALA (the "ALA").[1] Arm learned of its production when Qualcomm's expert relied on the Apple rate information in a supplemental report. Arm informed Apple that it clawed back the Spreadsheet pursuant to the Protective Order.  Three days later, Apple sent Qualcomm a letter requesting that it destroy the Spreadsheet and any related documents and serve an amended supplemental expert report that omitted any reliance upon the Apple rate information contained in the Spreadsheet.  Ex.1.

In a June 11, 2026 letter, Qualcomm refused to destroy this information, arguing that (1) the APO covered only the ALA, not the information contained therein, and (2) Apple's prior conduct, namely Apple's offer of various compromises before it filed its motion for a protective order and Apple's consent to production of rate information contained in different agreements in the earlier *Arm v. Qualcomm* litigation supports Qualcomm's interpretation of the APO. Ex. 2.

Apple responded to Qualcomm in a  June 12, 2026 letter. Ex. 3. Counsel for Apple and Qualcomm met and conferred on June 15, 2026, but were unable to resolve the dispute.[2]

## II.    The APO Covers Pricing and Rate Information Contained in the ALA.

When it moved for a protective order, Apple understood, based on discussions with Arm and Qualcomm, that Qualcomm sought production of the Apple-Arm ALAs and TLAs. In her order, the Special Master—appreciating the sensitivity of the terms of those agreements— refused the production of those agreements and any documents that "***could include the highly sensitive pricing terms in Apple's agreements with Arm as well as the other requested documents and communications***." (D.I. 616 at 3 (emphasis added).) Qualcomm objected to the Special Master's order, arguing in part that the "Special Master Erroneously Concluded That Third-Party ALAs ***and Related Correspondence*** Are Not Relevant To Qualcomm's Claims." (*Id*. at 7 (emphasis added).) In meet and confers, in motion practice, and at oral argument, Apple continuously maintained that the pricing and rate information in the 2023 Apple-Arm ALA were among the most sensitive trade secrets that Apple sought to protect. (D.I. 377 at 3 ("Qualcomm fails to explain why it needs the ***entirety of all versions*** of these agreements, including pricing."); D.I. 656 at A083, 8/8/2025 Kirby

---

[1] Apple takes no position on Arm's privilege claim over the Spreadsheet.  Regardless, any use of the information it contains related to the Apple-Arm agreements violates the APO.

[2] Since 2022, Qualcomm has pursued discovery into some of Apple's most competitively sensitive agreements via its "conflicts counsel" Jennifer Ying. During the meet and confer process for this motion, for the first time, Apple's former lead antitrust counsel in its suit *against* Qualcomm, and Qualcomm's lead counsel in this suit against Arm, (Karen Dunn and Bill Isaacson) along with other conflicted Paul, Weiss attorneys led the discussions *against* Apple. By filing this letter, Apple does not waive any separate action it may have against Qualcomm's lead counsel.

Decl. ¶ 8 ("Inadvertent disclosure of the trade screts contained within the Arm-Apple ALA and TLA to Qualomm would have substantial commercial ramifications for Apple").) At the March 10 hearing, this Court heard extensive argument from Qualcomm about its professed need for the ALA, and specifically the rates contained therein. (3/10 Hearing Tr. 76-100.) The Court disagreed with Qualcomm, overruled its objections, and confirmed the Special Master's order. (*Id*. at 94:10-12.) Qualcomm's argument that the protective order dispute encompassed only the agreements themselves, and not the trade secret pricing and rate information contained therein, is contrary to the record and the clear language of the Special Master's order, and is entirely without merit.

### III.    Apple's Prior Conduct Does Not Justify Qualcomm's Position.

Qualcomm contends that because Apple consented to and/or offered the production of a few documents before it filed its motion for a protective order here (or in a previous litigation), it should not be able to argue that the APO covers ALA rate information. This argument lacks credulity. Apple consented to Arm's production of limited information—none of which included rate or pricing information—to avoid or narrow the scope of the dispute before the Special Master. Similarly, Apple proposed certain compromises during meet and confers—again, before the APO was entered—to narrow or moot the dispute. Qualcomm summarily rejected all of these proposals. To be clear: Apple ***never*** consented to the production of rates from the ALA or offered such information to Qualcomm. Qualcomm cannot now disregard the restrictions of the APO because Apple attempted compromise to avoid bringing the dispute to the Court. Moreover, Qualcomm's suggestion that Apple's conduct made clear it did not seek to protect "every fact pertaining to" the Arm-Apple agreements is wrong. Qualcomm cannot select which facts from the ALA would be subject to the APO, nor can it credibly argue that Apple was anything but clear that the pricing and rate information in the ALA was key and critical information to be protected from disclosure to Qualcomm. (D.I. 377 at 3 (pricing in the ALAs was among the most sensitive trade secrets that Apple sought to protect in its motion for a protective order).)

Qualcomm similarly argues without basis that Apple's conduct in the earlier litigation confirmed Qualcomm's errant understanding of the scope of the APO. But the ALA was not produced in the previous litigation, nor—to Apple's knowledge—was any information regarding the rates or terms of that Agreement or otherwise "similar to that in the Spreadsheet." Indeed, Arm confirmed to Apple on the eve of trial that no Apple ALA or related information was on Arm's exhibit list in that matter. That Apple has been aware that Arm produced other unrelated Apple information including non-rate information in previous litigation is irrelevant here.

### IV.    Conclusion

Apple respectfully requests that the Court: deny Qualcomm's motion to compel reproduction of the Spreadsheet; require Qualcomm to confirm destruction of the Spreadsheet and any derivative analyses or expert report content that reflects, analyzes, or relies upon any 2023 Apple-Arm ALA summary information; require Qualcomm provide to Apple a list of Qualcomm employees, experts, and outside counsel who have viewed the Spreadsheet, the supplemental report, or any other document or communication that contains summary or derivative information thereof; prohibit Qualcomm from any further use of the Spreadsheet or any derivative information in discovery, expert reports, briefing or at trial; require that Qualcomm certify compliance with the Court's order and the APO within three days; and award such further relief, including appropriate sanctions or cost shifting, as the Court deems proper.

Dated:  June 26, 2026

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/Nitika Gupta Fiorella*

Susan E. Morrison (#4690)
Nitika Gupta Fiorella (#5898)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
morrison@fr.com; ngupta@fr.com

Hannah Cannom (admitted *pro hac vice*)
Bethany Stevens (admitted *pro hac vice*)
**WALKER STEVENS CANNOM LLP**
500 Molino Street, Suite 118
Los Angeles, California 90013
(213) 712-9145
hcannom@wscllp.com;
bstevens@wscllp.com

*Attorneys for Non-Party Apple Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 22, 2026, upon the following in the manner indicated:

Catherine Nyarady
Jacob A. Braly
S. Conrad
Scott Jacob
Apkon Flint
A. Patterson
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
cnyarady@paulweiss.com;
jbraly@paulweiss.com;
scscott@paulweiss.com

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
(628) 432-5100

Anne Shea Gaza, Esquire
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

Scott F. Llewellyn, Esquire
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202

Sydney D. Gaskins, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017

Daralyn J. Durie, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

Jennifer Ying (#5550)
Travis Murray (#6882)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

4