# Exhibit 2

# Dunn Isaacson Rhee

June 11, 2026

**Via Email**

Hannah Cannom
Walker Stevens Cannom LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
(213) 337-9972
hcannom@wscllp.com

   Re: *Qualcomm, Inc.* v. *Arm Holdings plc*, C.A. 24-490 (D. Del.) (Consolidated)

Counsel,

   We are writing in response to your June 8, 2026 letter.  It appears from your letter that Apple has received inaccurate and incomplete information.

   On May 15, 2026, Qualcomm served an expert report that included discussion of an Arm-authored spreadsheet Arm had produced over a year earlier, on May 1, 2025 (the "Spreadsheet").  The Spreadsheet contained one fact about Apple and other facts not involving Apple.  On May 20, 2026, Arm clawed back the Spreadsheet, asserting various privileges and protections that belong to Arm and further claiming that the document is subject to third-party confidentiality protections, including those pertaining to Apple.

   Qualcomm believes that Arm's clawback is baseless and improper, and is likely to challenge it pursuant to paragraph 61 of the Protective Order (D.I. 84).  Nonetheless, Qualcomm has at all times acted in accordance with the Protective Order, including in its handling of the clawed-back Spreadsheet.  Consistent with paragraph 54(c), Qualcomm sequestered the Spreadsheet and expert analysis of the Spreadsheet by May 30, 2026, 10 days after Arm provided notice of its clawback.  Qualcomm provided Arm with written confirmation of its compliance with paragraph 54(c) on June 1, 2026.  Because Arm produced the document with the designation "Highly Confidential – Attorneys' Eyes Only," Qualcomm's outside counsel has never shared the document with anyone at Qualcomm.  D.I. 84 ¶ 45.  Qualcomm also confirmed to Arm on May 27, 2026 that the document had been treated as "Highly Confidential – Attorneys' Eyes Only" at all times.

   With respect to Apple's protective order, Apple sought an order "to prevent production of any Architecture License Agreement ("ALA"), any Technology License Agreement ("TLA"), or any other confidential agreements between Apple and Defendant Arm Holdings PLC ("Arm")."  D.I. 377; *see also* 2025.08.11 Apple Ltr. to SM Rychlicki at 1 (same request).  This is the order the Special Master granted (D.I. 616 at 7), and that Judge Noreika upheld.  Because Apple did not seek protection for anything beyond "any Architecture License Agreement ("ALA"), any Technology License Agreement ("TLA"), or any other confidential agreements between Apple and Defendant Arm Holdings PLC ("Arm")," Qualcomm does not understand other documents to be covered by that order.

---

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



1

# Dunn Isaacson Rhee

Both Arm's and Apple's conduct have confirmed Qualcomm's understanding of the scope of Apple's protective order. Arm has produced documents other than the Spreadsheet that include information from or relating to an Apple-Arm license agreement. The same was true in the last case, in which Arm included a document containing information from Apple's ALA on its exhibit list notwithstanding that Apple also sought and received a protective order in that case.[1] Qualcomm provided a list of these documents, more than 25 across the two cases, to Arm on Monday, June 1, 2026 and Arm has not clawed them back.

Apple has been aware for some time that Arm produced information about Apple in this litigation and the prior *Arm* v. *Qualcomm* case. On December 6, 2024, you sent a letter to counsel stating your understanding that Apple's "confidential business information" may be used at the *Arm* v. *Qualcomm* trial,[2] and, on August 11, 2025, you submitted a declaration to the Special Master stating that you had provided consent for Arm to produce certain documents containing Apple information. At no point did Apple attempt to claw back any other Arm-produced documents, including those containing information similar to that in the Spreadsheet.

In addition, in briefing and argument to Special Master Rychlicki and Judge Noreika, Apple repeatedly expressed openness to providing information contained in its ALA in the form of other documents or through an alternate discovery device, making clear again that the protection it sought and received covered Apple's agreements themselves, not every fact pertaining to those agreements. *See* 2025.08.11 Apple Ltr. to SM Rychlicki at 1 ("given the narrow issues in this case, there are other ways that Apple could provide targeted, responsive information to Qualcomm that would not require wholesale production of Apple's most sensitive commercial agreements"), 3 n.3 ("Apple asked Qualcomm to accept information it seeks in another format, such as production of other documents or deposition."); 2025.08.11 Declaration of H. Cannom ¶ 8 (same); 2026.03.10 Hr'g Tr. 76:1-19 ("We have been offering different things to them in terms of, you know, interrogatories or anything to provide to them instead of producing the entire agreement . . . ."); *see also* D.I. 160 at 2 ("Moreover, there are other ways that this information could be provided that would not demand the production of Apple's most sensitive agreements.").

We trust that this addresses your concerns about our compliance with the Protective Order before, during, and following any challenge we may bring to Arm's clawback of the Spreadsheet. As for your assertion that lawyers from Dunn Isaacson Rhee and Paul, Weiss are in violation of an

---

[1] A list of the documents concerning or discussing Apple that Arm has produced in this case and in *Arm* v. *Qualcomm* is attached as Exhibit A. There may be other documents containing information from Apple's ALA and/or TLA in Arm's productions that we have never come across. Given that these are Arm's internal documents, such that we cannot provide you with them or with any detail about their contents per the parties' Protective Order, we suggest that Apple follow up with Arm to the extent that it has additional questions about what Arm has produced.

[2] *See also* D.I. 563 in C.A. 22-1146 (D. Del.).

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



# Dunn Isaacson Rhee

agreement with Apple, we disagree.  Given the history, I will promptly reach out to Jennifer Newstead to discuss that item.

Sincerely,

*/s/ Karen L. Dunn*

Karen L. Dunn

cc: William A. Isaacson, Esq.; Catherine Nyarady, Esq.; Jennifer Ying, Esq.

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



3

# Dunn Isaacson Rhee

**Exhibit A**

- ARM_01232580
- ARM_01256327
- ARM_01256323
- ARM_01256309
- ARM_01255849
- ARM_01255887
- ARM_01256318
- ARM_01311262
- ARM_01304756
- ARM_01304824
- ARM_01426109
- ARM_00064512
- ARM_00064536
- ARM_00064579
- ARM_00085309
- ARM_00085311
- ARMQC_02602472
- ARMQC_02602466
- ARMQC_02602462
- ARMQC_02602458
- ARMQC_02602454
- ARMQC_02602450
- ARMQC_02602445
- ARMQC_02724027
- ARMQC_02724378
- ARMQC_02600803

