IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>    a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>    a Delaware corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>    a U.K. corporation,<br><br>                    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br>(CONSOLIDATED)<br><br>█████████████<br><br>REDACTED - PUBLIC VERSION |

**PLAINTIFFS' OPENING LETTER TO THE HONORABLE MARYELLEN
NOREIKA REGARDING MOTION TO COMPEL RE-PRODUCTION OF
<u>CLAWED-BACK DOCUMENT</u>**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
PAUL WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

June 22, 2026

ORIGINAL FILING DATE: JUNE 22, 2026
REDACTED FILING DATE: JULY 1, 2026

Dear Judge Noreika:

Qualcomm requests that the Court compel Arm to reproduce ARMQC 02732276, an Excel (the "Spreadsheet") ███████████████████.[1] D.I. 84 ¶ 61. Clawback is improper because the Spreadsheet is neither privileged nor work product. Moreover, any protection was waived when Arm argued that it offered Qualcomm rates ███████████████████████ (██████ and ████████, ████████████████████████. Also, no third-party protective order applies.

*Background.* Because "Arm is the most pervasive computing platform" in the world, "touching 100 percent of the global population" (Ex. 1 at -62), it is able to unfairly wield its power against Qualcomm in v10 licensing. Qualcomm alleges that Arm breached the ALA and its implied covenant by failing to negotiate in good faith for a v10 license. D.I. 137 Count III; D.I. 765 Counts III, IX. Arm's tactics have included ██████████████████████████████ ████████████████████████ When Qualcomm sought Arm's ALAs to test its proffered defense of its terms, Arm took the position that ███████████████████████ ████████████████. 3/10/26 Hr'g Tr. at 88:1-3; D.I. 695 at 4. With that representation and Arm's offer to produce those ALAs, the Court denied Qualcomm's motion to compel.

In supplemental discovery, Qualcomm's expert, Dr. Kennedy, analyzed whether the rates Arm proposed for v10 are ██████████ as Arm has claimed. *E.g.*, Ex. 2 at -489. He relied in part on the Spreadsheet Arm produced in May 2025 showing, contrary to Arm's representations, it first █████████ ██████████ ███████████████ — not ████████████. The Spreadsheet, marked "Highly Confidential-Attorneys' Eyes Only" (but not "privileged" or "attorney work product"), was authored by non-lawyer Karthik Shivashankar. It contains no legal analysis or advice. Five days after Dr. Kennedy's report, Arm clawed back the Spreadsheet, asserting attorney-client privilege and work product protection, that facts in it are under a third-party protective order, and that the Court has decided ALA information besides ███████████████ is irrelevant (notwithstanding that Arm's March 10 representations were now contradicted). Qualcomm complied with the clawback procedure.

*The Spreadsheet Is Not Privileged Or Work Product.* Arm has not met its burden of establishing any privilege or protection. Mr. Shivashankar ████████████████████████, which contains non-privileged ████████████████████████ *E.g.*, *Arconic Inc.* v. *Novelis Inc.*, 2019 WL 911417, at *2 (W.D. Pa. 2019) ("if the clawed back documents can be redacted, [a party] must do so. Any facts . . . cannot be redacted").

Nor is there any indication that this Spreadsheet was prepared for the "primary purpose" of aiding in litigation, as required for work product. *Acceleration Bay LLC* v. *Activision Blizzard, Inc.*, 2018 WL 798731, at *1 (D. Del. 2018). Arm asserts that █████████████████ ████████████████ but this is not possible. Qualcomm had not yet brought its v10 claims ██████████████████ D.I. 1. There is no evidence that a lawyer engaged with the Spreadsheet, although Arm's counsel has claimed, without support, that in-house lawyer Ehab Youssef—who ████████████████████████████" (Ex. 3 at 20:24-

---

[1] Qualcomm has sequestered the document as required by the Protective Order (D.I. 84 ¶ 54) and thus requests that Arm provide the Court a copy for *in camera* review.

21:24)), not litigation—█████████████████████████████████ Ex. 4.  The Spreadsheet████████████████ ███████████████████████████, setting these facts apart from the cases on which Arm has indicated it will rely.  *Design with Friends, Inc.* v. *Target Corp.*, 2024 WL 4333114, at *2 (D. Del. 2024) ("documents created by lawyers to evaluate the strengths, weaknesses, and strategy of an impending lawsuit"); *In re Zetia Antitrust Litig.*, 2019 WL 6122012, at *5 (E.D. Va. 2019) (documents were "complex decision tools" related to "pending settlements"); *see also Fair Isaac Corp.* v. *Experian Info. Sols., Inc.*, 2008 WL 11348223, at *6 (D. Minn. 2008); *Int'l Marine Carriers, Inc.* v. *U.S.*, 1997 WL 160371, at *2 (S.D.N.Y. 1997).

In any event, Arm asserted in an Answer (D.I. 773 at 56) and in correspondence (Ex. 5 at -527) that █████████████████████████████████████████████████████████████████████ ███████████████████████████████████. *See also* Ex. 2 at -489 (████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████.  Thus, Arm's statements show the Spreadsheet's "primary purpose" was to support commercial negotiations for Arm's ordinary licensing business, not work product.  *See Begley* v. *Windsor Surry Co.*, 2020 WL 503610, at *6 (D.N.H. 2020) (documents created "in determining how to settle" not privileged because of business data contents, and not work product because they were prepared for business purpose); *Gulf Islands Leasing, Inc.* v. *Bombardier Capital, Inc.*, 215 F.R.D. 466, 475-76 (S.D.N.Y. 2003) (calculation of payoff amount needed for settlement not protected because calculating payoffs was "part of [defendant's] regular business"); *Urban 8 Fox Lake Corp.* v. *Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149, 161 (N.D. Ill. 2020).

If any privilege existed, which it did not, Arm waived it "through its own affirmative action, inject[ing] the issue" of how and to which companies it benchmarked rates to propose to Qualcomm.  *Synalloy Corp.* v. *Gray*, 142 F.R.D. 266, 270 (D. Del. 1992); *e.g.*, 3/10/26 Hr'g Tr. at 88:1-3; D.I. 695 at 4; Ex. 5 at -525-526; Ex. 2 at -489.  Arm plans to rely on a different document that ████████████████████████ ██████████████████████, but swaps in ████████ and ████████████████. That (new) document from December 2025—seemingly made for litigation as it was ████████████████████████████████████████████████████████████████████████████████ and contains a litigation-motivated assertion that ██████ and ████████ are ██████████████ to Qualcomm.  Ex. 6 at -012.  Arm's expert, Mr. Britven, repeats the same assertion, citing an ████████████████████████████████████████████████████████████████████ Ex. 7.  Arm "cannot use privilege as a sword rather than a shield" by "selectively relying" on documents "in an effort to show that it acted in good faith" yet "assert[ing] the privilege to preclude disclosure of the detrimental facts." *Princeton Digital Image Corp.* v. *Office Depot Inc.*, 2017 WL 3264068, at *2 (D. Del. 2017); *In re Intel Corp. Microprocessor Antitrust Litig.*, 258 F.R.D. 280, 290-91 (D. Del. 2008).

*Facts About* ████████ *and* ████████████ *Do Not Allow Arm To Claw The Spreadsheet Back*.  Arm has incorrectly argued that third-party confidentiality allows it to claw this document back.  But ████████████ never moved for a protective order, and, as Qualcomm will address in response to ████████ letter, nothing in this document is within the scope of ████████ protective order.

\*\*\*

Arm should be compelled to reproduce the Spreadsheet.  Qualcomm alternatively asks that Arm be precluded from making arguments contradicted by the Spreadsheet or positions taken to claw it back, including that ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████.

2

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Encls.
cc:     Clerk of the Court (via hand delivery, w/encls.)
        All Counsel of Record (via CM/ECF and e-mail, w/encls.)