IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>  a U.K. corporation,<br><br>                    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br>(CONSOLIDATED)<br><br>██████████████<br>█████████<br><br>REDACTED - PUBLIC VERSION |

## PLAINTIFFS' ANSWERING LETTER IN OPPOSITION TO
## ARM'S MOTION TO STRIKE (D.I. 772, 800)

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
PAUL WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

June 26, 2026

ORIGINAL FILING DATE: JUNE 26, 2026
REDACTED FILING DATE: JULY 6, 2026

Dear Judge Noreika:

Qualcomm permissibly exercised its one amendment as of right under the Civil Rules.

For more than a year, Arm buried its view that Qualcomm had sued the wrong party. Once Arm finally raised that defense, D.I. 234 at 39, Qualcomm sought leave to add Arm Ltd. as a party to the Arm Holdings case, D.I. 360. But Arm opposed that effort and insisted that the proper path forward was for Qualcomm to bring an independent case against Arm Ltd. *See* D.I. 610 at 23:19–24:17, 27:12–29:19. Qualcomm's motion to amend the Arm Holdings complaint was denied, and Qualcomm is proceeding against Arm Ltd. in this independent action, now consolidated with the case against Arm Holdings. The direct consequence of Arm's success is that Qualcomm could amend its complaint against Arm Ltd. once as a matter of course.

Because "Arm is the most pervasive computing platform" in the world, "touching 100 percent of the global population," Ex. 1 at -62, Qualcomm's right to enforce its contract with respect to the next version of the Arm architecture is critical. Qualcomm thus used its right to amend the complaint to add a claim for breach of Section ██ of the Qualcomm ALA and to include accompanying allegations. That was proper, and no leave of court or any showing of good cause was required.

Arm's argument that Qualcomm's amendment was improper rests on a flawed premise: that the deadline for pleading amendments in the scheduling order in the Arm Holdings case applied in the Arm Ltd. case. But no order to that effect was ever entered in the Arm Ltd. case, and consolidation did not automatically create that result. Nor does the scheduling order in the Arm Holdings case govern pleading amendments as a matter of course in any event.

Even if good cause were required, it would be present. Qualcomm could not have made its amendment before the deadline in the Arm Holdings case because both the filing of the Arm Ltd. case and the factual predicates underlying Qualcomm's Section ██ claim post-dated that deadline. Nor can Arm seriously claim prejudice: Arm already took extensive discovery on behalf of both Arm Holdings and Arm Ltd. concerning ███████████. Qualcomm also offered more discovery and agreed to Arm having the opportunity to move for summary judgment on Qualcomm's Section ██ claim during the parties' court-mandated meet-and-confer process. Arm rejected every overture.

Qualcomm properly amended its complaint against Arm Ltd., and Arm's contrary arguments lack merit. The motion to strike should be denied.

***Qualcomm properly amended the complaint without leave.*** Federal Rule of Civil Procedure 15(a)(1)(B) allows a plaintiff to amend its complaint "once as a matter of course"—that is, without leave of court, *see Shane* v. *Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)—within 21 days of service of the answer. Arm served its answer to the Arm Ltd. complaint on March 18, 2026. D.I. 757. Qualcomm had not amended its complaint previously and filed its amended complaint 12 days later. D.I. 765. That amendment was timely and permissible.

***The original scheduling order in the Arm Holdings case does not apply.*** Arm argues (D.I. 800 at 1) that Qualcomm could not amend the Arm Ltd. complaint as a matter of course, and instead was required to show good cause under Rule 16(b)(4), because its amendment came after

the deadline for pleading amendments in the original scheduling order in the Arm Holdings case, D.I. 44. But the Court never entered an order applying that scheduling order to the Arm Ltd. case. And the act of consolidation and designation of the Arm Holdings case as the lead case did not make orders in the first case apply in the second.

The consolidation of independent actions creates "convenience and economy in administration" but "does not merge the suits into a single cause." *Hall* v. *Hall*, 584 U.S. 59, 70 (2018). Consolidation thus does not make orders in one consolidated case applicable in the others. *See, e.g.*, *Rodriguez* v. *Passinault*, 637 F.3d 675, 689 n.6 (6th Cir. 2011); *CG Tech. Dev., LLC* v. *FanDuel, Inc.*, 442 F. Supp. 3d 840, 846 (D. Del. 2020); *cf. Ball* v. *Antoun*, 2024 WL 3995348, at *1 (S.D. W. Va. Aug. 29, 2024) (expressly ordering, after consolidation, that the scheduling order in the lead case applied in the consolidated case); *Wiand* v. *Dimont*, 2008 WL 11440527, at *2 (M.D. Fla. July 14, 2008) (entering a new scheduling order for all consolidated cases after designation of a lead case); *Invisible Fence, Inc.* v. *Protect Animals with Satellites, LLC*, 2024 WL 5098225, at *2 (E.D. Tenn. Dec. 12, 2024) (similar). The scheduling order in the Arm Holdings case accordingly did not apply to the Arm Ltd. case without further action by the Court.

Arm's own conduct in the Arm Ltd. case confirms the point. For example, when taking supplemental depositions in late April and May, Arm did not consider itself bound to its remaining time under the 70-hour limit set in the original scheduling order. D.I. 44 ¶ 7(f)(i). The parties also expressly agreed that the protective order and ESI order from the Arm Holdings case would govern in the Arm Ltd. case. D.I. 759 at 4. That would have been unnecessary if Arm were correct that orders from the Arm Holdings case automatically carried over to the Arm Ltd. case upon consolidation.

In any event, the good-cause requirement for amending a scheduling order under Rule 16(b)(4) applies only where the order includes an "explicit deadline." *In re Asbestos Prods. Liability Litig.*, 611 F. App'x 86, 90 (3d Cir. 2015); *see MBR Constr. Servs., Inc.* v. *IBEW Local No. 143*, 2016 WL 815566, at *6 (M.D. Pa. Mar. 2, 2016). And here, the scheduling order in the Arm Holdings case did not set a deadline for pleading amendments *as a matter of course*. It set a deadline for any "*motions . . .* to amend or supplement the pleadings"—i.e., motions under Rule 15(a)(2). D.I. 44 ¶ 2 (emphasis added). Because no motion is required for an amendment as a matter of course (i.e., those made under Rule 15(a)(1)), the scheduling order in the Arm Holdings case does not apply to such amendments. *See Trial Laws. Coll.* v. *Gerry Spence's Trial Laws. Coll.*, 2021 WL 5871910, at *3 (D. Wyo. Jan. 13, 2021) (reaching that conclusion under a similarly worded scheduling order).

***Good cause would be present if it were required.*** Even if the scheduling order in the Arm Holdings case applied here, there is good cause for allowing an amendment beyond the March 2025 deadline. Good cause exists under Rule 16(b)(4) where the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Apex Clearing Corp.* v. *Axos Fin., Inc.*, 2022 WL 3153857, at *1 (D. Del. Aug. 8, 2022). Courts routinely find good cause for a party to amend its pleading where the party could not have made the amendment under the original deadline. *See, e.g.*, *id.* at *2; *Dasso Int'l Inc.* v. *MOSO N. Am., Inc.*, 2020 WL 6287673, at *2 (D. Del. Oct. 27, 2020); *Int'l Constr. Prods. LLC* v. *Caterpillar Inc.*, 2018 WL 4611216, at *2 (D. Del. Sep. 26, 2018).

2

That was the case here. Qualcomm could not have amended its complaint against Arm Ltd. before the March 2025 deadline because that complaint was not filed until January 2026. D.I. 2 (C.A. No. 26-20). In addition, nearly all of the allegations added in the amended complaint concern events that occurred between April 2025 and March 2026. For example, Qualcomm's Section ▇ claim is based on Arm's refusal in *June 2025* to recognize Qualcomm's election to license v10 and Arm's subsequent refusal to negotiate with Qualcomm in good faith regarding v10. *See* D.I. 765 ¶ 277. And 44 of the 56 paragraphs that contain revised factual allegations make changes that are specific to the Section ▇ claim or concern conduct that occurred after March 2025. *See id.* ¶¶ 37–39, 134–136, 143–166, 210–211, 213(C)–(E), 273–278. Arm is thus incorrect that Qualcomm "knew the necessary facts before the amendment deadline." D.I. 800 at 2. Qualcomm's claim is predicated on Arm's conduct beginning in June 2025—after the deadline for amending the complaint in the Arm Holdings case.

***The cases can proceed as planned without prejudice to Arm.*** Arm already took extensive discovery in the Arm Holdings case regarding Qualcomm's allegations that Arm acted improperly in connection with v10. That includes testimony on nine related Rule 30(b)(6) topics and documents responsive to a dozen related RFPs, Exs. 2–4, and it covered the parties' interactions after March 2025, *e.g.*, D.I. 800, Ex. 2 at 35–37. Aside from ▇▇▇▇▇▇ ▇▇▇▇▇▇, Qualcomm is not aware of any documents relevant to its Section ▇ claim that have not been produced. Qualcomm also made clear during discovery that it was seeking an order requiring Arm to negotiate with Qualcomm in good faith concerning v10. *See* Ex. 5 at 167:13–22 (cited in D.I. 800, Ex. 2 at 34). Qualcomm's addition of an express breach claim is not a "do over" of the Arm Holdings case—it sits on a foundation of discovery that has already been done.

Arm now contends (D.I. 800 at 3) that it faces "significant" prejudice from the amendment. But months ago, Qualcomm offered to permit Arm to serve additional RFAs, RFPs, and a contention interrogatory, and to take a Rule 30(b)(6) deposition, in response to Arm's objections to the amendment, even though Arm could not identify why it needed new discovery. D.I. 776 at 8–9. Arm rejected that offer and presented no counteroffer. *Id.* at 7. Since then, both parties' damages experts have issued supplemental reports that include opinions regarding ▇▇▇▇ ▇▇▇▇. And Arm has chosen to proceed to summary judgment on the existing record on the Section ▇ claim and will file its opening brief before this motion is heard. *See* D.I. 792. Arm's claims of prejudice thus ring hollow.

***Judicial estoppel is inapplicable.*** Judicial estoppel applies only in the narrow circumstances where a party asserts a position that is "irreconcilably inconsistent" with a previous position and the change "threaten[s] the court's authority or integrity." *In re ESML Holdings Inc.*, 135 F.4th 80, 92 (3d Cir. 2025). It is "often the harshest remedy" and should "only be applied to avoid a miscarriage of justice." *Id.* Arm makes no attempt to explain how Qualcomm's amendment creates a miscarriage of justice. And Qualcomm's positions are not "irreconcilably inconsistent" in any event: Qualcomm's Section ▇ claim is merely an additional theory of liability based on facts that were already at issue in the Arm Holdings case.

*   *   *

For those reasons, Arm's motion to strike should be denied.

3

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Encls.
cc:    Clerk of the Court (via hand delivery, w/encls.)
        All Counsel of Record (via CM/ECF and e-mail, w/encls.)