# Exhibit 1

# The Official History of Arm

**newsroom.arm.com**/blog/arm-official-history

August 16, 2023

Arm Newsroom Blog
Blog August 16, 2023
Arm's journey to the world's most pervasive compute platform covers a broad timeline of company milestones and product achievements, as well as origins that pre-date its establishment as a company in 1990.

By Arm Editorial Team



## The Acorn years

The pre-history of Arm goes back 45 years. In 1978, Acorn Computers was established by co-founders Chris Curry and Hermann Hauser. The start-up managed to land the rights to build and produce the BBC Micro, a UK government initiative that aimed to put a computer in every classroom in the UK. As part of this initiative, Professor Steve Furber and Sophie Wilson designed the very first Arm processor, the ARM1.

It was designed to efficiently execute the instructions of programs running on Acorn computers, such as word processing, spreadsheet calculations and graphics rendering. This laid the foundation for Arm's modern processors that are used across a wide range of technology devices and markets.

QCVARM_0717256

However, Acorn experienced financial difficulties in the mid-'80s which saw the Olivetti Group purchasing the company. Hauser assumed the role of VP of Research at the Olivetti Group, but left soon after. Meanwhile, Furber and Wilson continued working on the next Arm processor, the ARM2 core.

## Arm is founded

Arm was officially founded as a company in November 1990 as Advanced RISC Machines Ltd, which was a joint venture between Acorn Computers, Apple Computer (now Apple Inc.), and VLSI Technology (now NXP Semiconductors N.V). The company was founded by 12 Arm architecture designers: Jamie Urquhart, Mike Muller, Tudor Brown, Lee Smith, John Biggs, Harry Oldham, Dave Howard, Pete Harrod, Harry Meekings, Al Thomas, Andy Merritt, and David Seal. In 1991, Sir Robin Saxby joined the company as the first Chairman and CEO, with the team setting out to change the computing landscape from an old turkey barn in Cambridgeshire.



## A new IP business model

In 1993, the Apple Newton was launched on the Arm architecture. However, the product was not a commercial success, which led to Saxby realizing that Arm as a company could not be sustained on single products. He introduced the IP business model, which was not common at the time. This meant the Arm processor was available to be licensed to many different companies for an upfront license fee and then royalties based on the amount of silicon produced.

QCVARM_0717257

## Arm goes into mobile

In 1993, Arm signed a deal with silicon vendor, Texas Instruments, with the company advising Nokia to use the Arm designs for its upcoming GSM mobile phones. The Arm-powered Nokia 6110 GSM mobile phone was a massive success, with the Arm7 processor becoming the flagship mobile design for Arm. Today, more than 99 percent of the world's smartphones are based on Arm technology.

## Company listing and growth

The success of the company in the '90s led to the completion of a joint listing for ARM Holdings PLC on the London Stock Exchange and NASDAQ on April 17th 1998. Despite the tech crash of the early 2000s, Arm continued to mature as a company. With Saxby stepping aside (remaining Chairman of Arm), there was a new CEO at the helm, Warren East, who was appointed in 2001. Throughout the 2000s, Arm's continued success in the mobile market allowed the company to become the most widely used processor architecture. This led to Arm tripling its head count from 400 to 1,300 people in just three years during the '00s.



QCVARM_0717258

## Diversifying the product line

The maturing of Arm as a company led to the increased diversification of its product line through the Cortex-A, Cortex-R, and Cortex-M CPU processors it brought to market in the 2000s. Cortex-A continued the drive towards high-performance and efficiency in mobile device markets, and Cortex-R focused on highly specialized real-time requirements in an age of increasing connectivity. Meanwhile, Cortex-M provided extremely low-power, low-cost cores for microcontrollers that were starting to proliferate across the growing Internet of Things (IoT). Also, in 2006, Arm purchased Falanx Microsystems A/S, a spin-off of a research project from the Norwegian University of Science and Technology, which led to the development of the Mali GPU product line.

## The rise of smartphones

The introduction of the world's first smartphones in 2007 created yet more demand for increased performance that maintained a long battery life, while catering to a wide range of new computing capabilities due to the rise of mobile applications. Arm responded to this challenge with its Cortex-A9 CPU multi-core processor, before introducing the innovative "big.LITTLE" approach in 2011, which combined a powerful core for high-performance with a lower power core when high-performance was not needed. This approach is still used by Arm today.

## Powering connectivity

The proliferation of IoT and connected devices in the early and mid-2010s provided fresh technology opportunities for Arm. Its technologies were moving beyond mobile and powering an ever-increasing range of devices across the broadening technology landscape. In the IoT space, these include everything from the smallest embedded device used as ultra-low power sensors to high-performance, large scale industrial and storage applications. In 2022, 65 percent of the world's embedded IoT devices were built on Arm-based system-on-chips (SoCs).

QCVARM_0717259



## SoftBank acquisition

Arm's prevalence across the global technology landscape caught the attention of Masayoshi Son (Masa), founder of SoftBank, following a meeting between him and then CEO, Simon Segars, who took over from Warren East in 2014. Within months of this meeting in California, on September 5th 2016, SoftBank completed the acquisition of Arm. This meant that Arm became a private company after nearly 20 years as a public company on the London Stock Exchange and NASDAQ, with SoftBank becoming the company's controlling shareholder.

## Success in new entrants

The SoftBank acquisition allowed Arm to invest heavily in the company and continue its drive for technology diversification across emerging markets, including automotive and infrastructure. This diversification strategy was spearheaded by Rene Haas, president of the IP products group within Arm at the time.

QCVARM_0717260



The Arm launch of the Neoverse product line in October 2018 for high-performance computing (HPC) and cloud computing solutions led to significant wins at the end of the 2010s. These included the adoption of Arm-based instances across every major hyperscaler and the fastest supercomputer in the world being powered by Arm-based SoCs in 2019. Meanwhile, the growing need for safe, power-efficient computation in vehicles means that Arm's footprint in automotive continued to grow, having been active in this market for more than 20 years.

## New architecture, new CEO in the 2020s

In March 2021, Arm held its Vision Day which heralded the launch of the new Armv9 architecture, providing advanced computing and security capabilities. In September 2020, NVIDIA, a close Arm partner in the growing data center market, announced that it was planning to purchase Arm, but the proposed deal was withdrawn 18 months later with SoftBank and NVIDIA citing significant regulatory challenges preventing the consummation of the transaction – despite good faith efforts by the parties. In February 2022, Rene Haas was announced as the new Arm CEO, taking over from Segars who decided to step down after 30 years at the company.

QCVARM_0717261

## Where Arm is today

Due to its successful origins and work from thousands of talented employees over the past 30 plus years, Arm is the global leader in technology that is licensed to semiconductor companies. Arm is a truly global company, with 43 offices in 21 countries and more than 7,000 employees worldwide, including nearly 3,000 in the UK with its global headquarters in Cambridge.



Thanks to a leading technology ecosystem of over 1,000 trusted partners, Arm's technology has been shipped in more than 300 billion chips, powering everything from sensors to supercomputers. Arm is the most pervasive computing platform worldwide today, with the technology touching 100 percent of the global population.

Just like the vision of the 12 founding Arm members in a Cambridgeshire barn, Arm remains committed to developing technology that will power the future of computing.



QCVARM_0717262

By Arm Editorial Team

Article Text

Copy Text

Any re-use permitted for informational and non-commercial or personal use only.

## Editorial Contact

Brian Fuller & Jack Melling

editorial@arm.com
Subscribe to Blogs and Podcasts

Get the latest blogs & podcasts direct from Arm

## Latest on X

QCVARM_0717263

# Exhibit 2
# (Filed Under Seal)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-490 (MN) |
| v. | ) ) | **CONFIDENTIAL** |
| ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO ARM LTD.'S FIRST NOTICE OF DEPOSITION OF QUALCOMM INC. AND QUALCOMM TECHNOLOGIES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm" or "Plaintiffs") by and through their attorneys, hereby respond and object to Arm Holdings PLC's ("Arm" or "Defendant") First Notice of Deposition of Qualcomm Inc. and Qualcomm Technologies, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 12, 2025 ("the Notice").

**PRELIMINARY STATEMENT**

Plaintiffs incorporate by reference each and every General Objection and Preliminary Statement set forth below into each and every specific response. From time to time, a specific response may repeat a General Objection or a Preliminary Statement for emphasis or some other reason. The failure to include any General Objection or Preliminary Statement in any specific response shall not constitute a waiver of any General Objection or Preliminary Statement to that discovery request.

1

**TOPIC NO. 41:**

Qualcomm's May 20, 2020 email to Arm (SAC ¶ 132) allegedly containing an election to extend the Qualcomm ALA pursuant to Section ███████

**OBJECTION TO TOPIC NO. 41:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "Qualcomm's May 20, 2020 email to Arm." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

**TOPIC NO. 42:**

v10 of the Arm ISA, including Qualcomm's knowledge and understanding of v10, and when and how Qualcomm learned of v10.

**OBJECTION TO TOPIC NO. 42:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "Qualcomm's knowledge and understanding of v10, and when and

40

how Qualcomm learned of v10." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

## TOPIC NO. 43:

Whether v10 of the Arm ISA was in development and/or available for licensing in May 2020.

## OBJECTION TO TOPIC NO. 43:

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding when v10 "was in development and/or available for licensing." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it seeks information already in the possession, custody, or control of Arm.

41

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic testify to the extent that the information is known to Qualcomm, excluding materials designated under the Protective Order by Arm.

**TOPIC NO. 44:**

All communications between Qualcomm and Arm concerning any alleged election to extend the Arm ISA under Section ███ of the Qualcomm ALA.

**OBJECTION TO TOPIC NO. 44:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein.  Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6).  Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "[a]ll communications between Qualcomm and Arm."  Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion.  Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware.  Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

**TOPIC NO. 45:**

Qualcomm's 2025 correspondence to Arm regarding a license to v10 of the Arm ISA.

**OBJECTION TO TOPIC NO. 45:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein.  Plaintiffs object that this Topic fails to describe the matters

42

for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "Qualcomm's 2025 correspondence." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

**TOPIC NO. 46:**

Qualcomm's understanding of how v10 of the Arm ISA constitutes ▮▮▮▮▮ ▮▮▮▮▮ as set forth in Section ▮▮▮▮ of the Qualcomm ALA.

**OBJECTION TO TOPIC NO. 46:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "Qualcomm's understanding of . . . v10." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine,

or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

## TOPIC NO. 47:

Qualcomm's plans, goals, business objectives, and/or business strategy regarding v10 of the Arm ISA.

## OBJECTION TO TOPIC NO. 47:

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding "Qualcomm's plans, goals, business objectives, and/or business strategy." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic as vague and ambiguous, particularly with respect to the phrase "plans, goals, business objectives, and/or business strategy." Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

## TOPIC NO. 48:

The harm, if any, Qualcomm has suffered due to Arm's alleged failure to negotiate an extension of the Qualcomm ALA that would cover v10 of the Arm ISA, including any alleged

44

injury to Qualcomm's business or property or "imminent loss of profits and loss of actual and potential customers and business opportunities" (SAC ¶ 188).

**OBJECTION TO TOPIC NO. 48:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding the "harm . . . Qualcomm has suffered." Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion. Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware. Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Plaintiffs object to this Topic to the extent it is more properly the subject of expert testimony. Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

**TOPIC NO. 49:**

The remedies Qualcomm seeks due to Arm's alleged failure to negotiate an extension of the Qualcomm ALA that would cover v10 of the Arm ISA.

**OBJECTION TO TOPIC NO. 49:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6). Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent

45

it seeks testimony regarding the "remedies Qualcomm seeks."  Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion.  Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware.  Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.  Plaintiffs object to this Topic to the extent it is more properly the subject of expert testimony.  Plaintiffs object to this Topic to the extent it is more properly the subject of other discovery means, such as written interrogatories.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce one or more witness(es) to provide testimony on this Topic.

**TOPIC NO. 50:**

The factual basis for Your contention that Arm intentionally and/or negligently interfered with Qualcomm's relationship with █████ .

**OBJECTION TO TOPIC NO. 50:**

Plaintiffs incorporate by reference each of their General Objections and Objections to Definitions as if fully set forth herein.  Plaintiffs object that this Topic fails to describe the matters for examination with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6).  Plaintiffs further object to this Topic as overbroad and unduly burdensome to the extent it seeks testimony regarding the "factual basis for [Plaintiffs'] contention."  Plaintiffs further object to this Topic to the extent the information sought calls for a legal conclusion.  Plaintiffs further object to this Topic on the grounds that it improperly seeks testimony regarding contentions, which is not permitted by the District of Delaware.  Plaintiffs further object to this Topic to the extent the information sought is subject to the attorney-client privilege, the attorney work-product doctrine,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Erin J. Morgan
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

June 23, 2025

77

# Exhibit 3
# (Filed Under Seal)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>    a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>    a Delaware corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>    a U.K. corporation,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br><br>**CONFIDENTIAL** |

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 174-227)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's ("Defendant") Fourth Set of Requests for Production (Nos. 174-227) ("Requests").

The following responses are based solely on the information that is presently available and specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement with any subsequently-discovered facts. Plaintiffs reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Plaintiffs respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiffs respond to the Requests as they interpret and understand each Request set forth herein. If Defendant subsequently asserts an interpretation of any of the Requests that

**REQUEST FOR PRODUCTION NO. 189:**

All Documents, Communications, and Things related to or concerning Qualcomm's allegation that it is entitled to a license to v10 of the ARM ISA, including any rights Qualcomm believes it has to such a license and any analysis relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

Plaintiffs object to this Request as duplicative of RFP 190 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their response to RFP 190.

**REQUEST FOR PRODUCTION NO. 190:**

All Documents, Communications, and Things related to or concerning v10 of the ARM ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent that it seeks production of materials that are not relevant to any claim or defense in this case.

**Response:** Subject to and without waiver of any of their objections, and to the extent not

duplicative of documents already produced, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 191:**

All Documents, Communications, and Things related to or concerning Qualcomm's plans, goals, business objectives, and/or business strategy regarding v10 of the ARM ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Plaintiffs object to this Request as duplicative of RFP 190 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their response to RFP 190.

**REQUEST FOR PRODUCTION NO. 192:**

All Documents, Communications, and Things related to or concerning any alleged harm Qualcomm has suffered as a result of Arm's alleged breach of the implied covenant of good faith and fair dealing of the Qualcomm ALA and/or Qualcomm TLA, including due to Arm's alleged failure to negotiate an extension of the Qualcomm ALA that would cover v10 of the ARM ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from

disclosure recognized by law.  Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."

**Response:**  Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 193:**

All Documents, Communications, and Things related to or concerning any alleged injury to Qualcomm's business or property or "imminent loss of profits and loss of actual and potential customers and business opportunities" (SAC ¶ 188) due to Arm's alleged failure to negotiate an extension of the Qualcomm ALA that would cover v10 of the ARM ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

Plaintiffs object to this Request as duplicative of RFP 192 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:**  Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their response to RFP 192.

**REQUEST FOR PRODUCTION NO. 194:**

All Documents, Communications, and Things related to or concerning any remedies Qualcomm seeks in this action in for Arm's alleged breach of the implied covenant of good faith and fair dealing of the Qualcomm ALA and/or Qualcomm TLA, including due to Arm's alleged

failure to negotiate an extension of the Qualcomm ALA that would cover v10 of the ARM ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things."

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 195:**

All Documents, Communications, and Things supporting or rebutting Your contention in Your Response to Arm Interrogatory No. 13 that Arm allegedly "violated the terms of the Qualcomm ALA by failing to … provide support for the ETE Checker …."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from

23

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105
(628) 432-5100

July 9, 2025

# Exhibit 4
# (Filed Under Seal)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br> a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br> a Delaware corporation, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 24-490 (MN) |
| | ) | |
| v. | ) | **CONFIDENTIAL** |
| | ) | |
| ARM HOLDINGS PLC., f/k/a ARM LTD.,<br> a U.K. corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIFTH
 SET OF REQUESTS FOR PRODUCTION (NOS. 228-287)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively "Qualcomm") by and through their attorneys, hereby respond and object to Arm's ("Defendant") Fifth Set of Requests for Production (Nos. 228-287) ("Requests").

The following responses are based solely on the information that is presently available and specifically known to Plaintiffs, and are given without prejudice to Plaintiffs' right to supplement with any subsequently-discovered facts. Plaintiffs reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Plaintiffs respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiffs respond to the Requests as they interpret and understand each Request set forth herein. If Defendant subsequently asserts an interpretation of any of the Requests that

1

CONFIDENTIAL

communications." Plaintiffs further object to this Request to the extent the phrase "the TLA" is vague and ambiguous. Plaintiffs further object to this Request to the extent that it seeks information that is not relevant to any claim or defense in this case. Plaintiffs further object to this Request to the extent that it is duplicative of other of Defendant's requests, including, for example, RFP 264.

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their response to RFP 264.

**REQUEST FOR PRODUCTION NO. 266:**

All documents and communications between Qualcomm and any third party regarding the Arm v10 instruction set architecture (ISA), or any current or future designs or products that utilize, are compatible with, or are intended to be compatible with the v10 ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 266:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request ion the ground that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Plaintiffs further object to this Request to the extent that it seeks information that is not relevant to any claim or defense in this case.

**Response:** Plaintiffs do not intend to produce documents in response to this Request but are willing to meet and confer with Defendant regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 267:**

All Documents, Communications, and Things summarizing, analyzing, construing, or interpreting any terms of any agreement between Alphawave and Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 267:**

**CONFIDENTIAL**

duplicative of documents already produced, Plaintiffs will produce documents in accordance with their responses to RFPs 5, 18, and 122.

**REQUEST FOR PRODUCTION NO. 278:**

All Documents and Communications concerning v10 to the Arm ISA, including any internal communications, communications with Arm, and/or communications with third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 278:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents and Communications." Plaintiffs further object to this Request on the ground that the phrase "v10 to the Arm ISA" is vague and ambiguous. Plaintiffs further object to this Request to the extent that it is duplicative of other of Defendant's requests, including, for example, RFP 266.

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist, that relate to allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 279:**

All Documents and Communications concerning or relating to Qualcomm's understanding or interpretation of the Qualcomm ALA, including regarding the covenant of good faith and fair dealing, ██████████ and/or any extensions to the Qualcomm ALA.

42

**CONFIDENTIAL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 279:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions. Plaintiffs further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Plaintiffs further object to this Request on the ground that it is overbroad and unduly burdensome, including because it requests "all Documents and Communications." Plaintiffs further object to this Request to the extent that it is duplicative of other of Defendant's requests, including, for example, RFPs 42-44.

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians designed to reasonably and proportionately identify responsive documents, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 280:**

All Documents and Communications concerning or relating to Qualcomm's development efforts regarding v10 to the Arm ISA, including any documents regarding Qualcomm's reliance on v10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 280:**

Plaintiffs object to this Request as duplicative of RFP 278 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their response to RFP 278.

43

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 281:**

All Documents and Communications concerning or relating to any roadmaps, business plans, competitive analysis, and/or financial forecasts concerning v10 to the Arm ISA and/or products that may include v10 to the Arm ISA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 281:**

Plaintiffs object to this Request as duplicative of RFP 278 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:**  Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their response to RFP 278.

**REQUEST FOR PRODUCTION NO. 282:**

All Documents and Communications concerning or relating to Qualcomm's knowledge of v10 to the Arm ISA, including all materials concerning a v10 release date and documents regarding the date Qualcomm became aware of v10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 282:**

Plaintiffs object to this Request as duplicative of RFP 278 and hereby incorporate their responses and objections to that Request as though fully set forth herein.

**Response:**  Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their response to RFP 278.

**REQUEST FOR PRODUCTION NO. 283:**

All Documents and Communications from January 1, 2017, to December 31, 2019, relating to Qualcomm's decision to discontinue the Centriq Project or not to pursue further entry into the Data Center Market, including internal memoranda, reports, or analyses discussing the decision to terminate the Centriq Project, the testing and performance of the Centriq Project, and board meeting minutes or presentations addressing the decision to discontinue the Centriq Project.

**CONFIDENTIAL**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 287:

Plaintiffs object to this Request as duplicative of RFPs 230, 231, and 232 and hereby incorporate their responses and objections to those Requests as though fully set forth herein.

**Response:** Subject to and without waiver of any of their objections, and to the extent not duplicative of documents already produced, Plaintiffs will produce documents in accordance with their responses to RFPs 230, 231, and 232.

<table>
<tr><td></td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td></tr>
<tr><td></td><td>/s/ Jennifer Ying</td></tr>
</table>

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Anish Desai
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

# Exhibit 5
# (Filed Under Seal)

Case 1:24-cv-00490-MN   Document 822-1   Filed 07/06/26   Page 35 of 36 PageID #: 55460

7/11/2025          Qualcomm Incorporated, et al. v. Arm Holdings PLC, et al.          Ann Nathalie Cathcart Chaplin
Highly Confidential - Attorneys' Eyes Only

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

_____

QUALCOMM INCORPORATED,                    )
a Delaware corporation; and               )
QUALCOMM TECHNOLOGIES, INC.,              )
a Delaware corporation,                    )
                                           )
              Plaintiffs,                  )
                                           )  C.A. No.
         vs.                               )  24-490(MN)
                                           )
ARM HOLDINGS PLC., f/k/a                   )
ARM LTD., a U.K. corporation,             )
                                           )
              Defendant.                   )
_____)

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY
VIDEO DEPOSITION OF ANN NATHALIE CATHCART CHAPLIN
JULY 11, 2025
SAN DIEGO, CALIFORNIA

Reported by
Cynthia J. Vega, CA CSR 6640, RMR, RDR, CCRR 95

_____
DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646