IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

                Plaintiffs,

      v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
  a U.K. corporation,

             Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 24-490 (MN)
(CONSOLIDATED)

REDACTED - PUBLIC VERSION

**PLAINTIFFS' LETTER IN OPPOSITION TO APPLE'S LETTER (D.I. 796)
REGARDING THE SPECIAL MASTER'S MEMORANDUM RESOLVING NON-
PARTY APPLE'S MOTION FOR PROTECTIVE ORDER (D.I. 616)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000


June 29, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
  & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

ORIGINAL FILING DATE: JUNE 29, 2026
REDACTED FILING DATE: JULY 7, 2026

Dear Judge Noreika:

The protective order Apple Inc. obtained "to prevent production of any Architecture License Agreement ('ALA'), any Technology License Agreement ('TLA'), or any other confidential agreements between Apple and Defendant Arm" (D.I. 377) has no bearing on whether Arm should be compelled to reproduce an internal spreadsheet that contains, among other information, one single fact relating to Apple's ALA. The record does not support Apple's sweeping interpretation of its protective order (the "APO"): Apple requested and was granted a protective order that prevented production of its agreements, not other documents; Arm has produced similar documents and neither Arm nor Apple have clawed them back; and Apple told the Court it was willing to produce information Qualcomm sought, as long as it could avoid producing its full agreements. Qualcomm has complied with all obligations under the governing Protective Order (D.I. 84) and will continue to do so. Apple has no basis for further demands.[1]

*The APO Did Not Preclude Production Or Use Of Arm Internal Documents Discussing Apple.* Apple moved to prevent production of its "*confidential agreements*" with Arm. D.I. 377; Ex. 1 at 1. The Special Master granted the order Apple sought without argument (D.I. 616 at 7), and this Court "overrule[d] the objections to the ALA" (Ex. 7 at 93:25-94:1). Apple's attempts to use out-of-context partial quotes to expand the APO to cover every fact related to its agreements are without force. Apple relies on a statement in the Special Master's ruling about Apple's "highly sensitive pricing terms," but that described the Special Master's understanding of what "Arm informed Apple that Qualcomm was seeking," not the information protected by the APO. D.I. 616 at 3.[2] Apple also relies on Qualcomm's use of the words "related correspondence" in its objections to the Special Master's ruling to suggest that Qualcomm understood the APO to cover any documents related to Apple's ALA, but that language refers to specific RFPs quoted in the Special Master's order about technical deliveries under the ALA, not rates or pricing. D.I. 616 at 2-3; D.I. 657 at 4. In any event, the spreadsheet is an internal Arm document, not "correspondence."

Additionally, Apple previously argued, and the Special Master accepted, that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ information it was looking to protect with the APO. Ex. 2 ¶ 9 ("The operative Arm-Apple ALA contains ▮▮▮▮▮ ▮▮▮▮▮▮▮▮); Ex. 1 at 4; D.I. 616 at 5. Apple's attempt to recast its concern now makes no sense given that Apple's ALA rates have been the subject of public reporting and were produced in the prior litigation. E.g., Exs. 3-5.

*Apple's and Arm's Prior Conduct Has Confirmed Qualcomm's Interpretation Of The APO.* Apple's current position also cannot be squared with its repeated representations that it was open to providing information contained in its ALA in the form of other documents or through alternate discovery means—making clear that the protection it sought and received covered Apple's agreements themselves, not every fact in those agreements. *See* Ex. 1 at 1 ("given the narrow

---

[1] Apple complains that "Qualcomm refused to destroy" the spreadsheet. D.I. 796 at 1. But the Protective Order permitted Qualcomm to "return, destroy, delete, or sequester" the clawed back document. D.I. 84 ¶ 54(c). As Qualcomm informed Apple's counsel multiple times, it sequestered the spreadsheet. E.g., D.I. 796, Ex. 2 at 1.

[2] This language was in every PO decision the Special Master issued, as those decisions were overwhelmingly the same. D.I. 609; 614; 615; 617; 625; 628 (all at 3).

issues in this case, there are other ways that Apple could provide targeted, responsive information to Qualcomm that would not require *wholesale production* of Apple's most sensitive commercial agreements"),[3] 3 n.3 ("Apple asked Qualcomm to accept information it seeks in another format, such as production of other documents or deposition."); Ex. 6 ¶ 8; D.I. 160 at 2.

At the March 10, 2026 hearing, Apple's counsel stated that "it sounds like *what they [Qualcomm] are looking for are* ████████████████████████████████ ████████████████████████████████████████████ and so *there shouldn't really be any discovery into the entirety of the agreement.* We have been offering different things to them . . . And it seems to be *there has to be a way that we can give them something that they want* to the extent it is relevant, which I think the Special Master correctly concluded it is not, while protecting what we believe to be our most sensitive agreement." Ex. 7 at 76:1-15. Apple thus knew that Qualcomm was interested in ALA rate information and continued to offer discovery besides the "entirety of the agreement" to "give [Qualcomm] something that they want." *Id.* Apple cannot now claim that the APO entitles it to demand destruction of an Arm internal document produced by Arm before Apple even moved for its APO because it contains one piece of information that Apple was willing to find "a way" to give Qualcomm.

Apple's (and Arm's) current interpretation of the APO is also undermined by the fact that neither has asserted that the APO requires clawback or destruction of other documents similar to the spreadsheet that Arm produced in the present case or in *Arm* v. *Qualcomm*.[4] Apple has known for at least 18 months that Arm produced its "confidential business information": it sent letters to counsel and the Court in December 2024 noting Apple's understanding that such information may be used at the prior trial. Ex. 8 at 1; C.A. 22-1146, D.I. 563. This information included Apple's (a.k.a. Fender's) ALA royalty rate and other key ALA terms, which were listed in an internal Arm deck that Arm included on its trial exhibit list. Ex. 3 at -138-140 (PTX-211).[5] Qualcomm identified this document and 25 other Arm-produced documents "that include information from or relating to an Apple-Arm license agreement" for Apple and encouraged Apple to follow up with Arm to the extent it did not already understand what Arm had produced. D.I. 796, Ex. 2 at 2. Apple appears not to have done so because it continues to incorrectly claim that no "information regarding the rates or terms" of its ALA has been produced besides in the spreadsheet. D.I. 796 at 2. Apple's decision to ignore Arm's production of similar information, including other ALA pricing, further confirms that the APO does not shield every fact related to Apple's ALA.

***

The APO did not prevent production or use of the spreadsheet. Nor does it provide any basis for Apple to demand action or information from Qualcomm that has no basis in the governing Protective Order (D.I. 84). Apple's requested relief should be denied.[6]

---

[3] All emphasis is added.

[4] Apple also successfully moved for protective orders to prevent production of its ALA agreements in *Arm* v. *Qualcomm*. C.A. 22-1146, D.I. 111, 207.

[5] Apple asserts that Arm "confirmed" that "no Apple ALA or related information was on Arm's exhibit list" for the 22-1146 trial. D.I. 796 at 2. Qualcomm cannot speak to Apple and Arm's discussions, but in any event, PTX-211 was on Arm's exhibit list. C.A. 22-1146, D.I. 518, Ex. 7.

[6] Qualcomm also disputes Apple's characterization that any of its counsel are "conflicted." D.I. 796 at 1 n.2. They are not. If Apple chooses to raise that issue with the Court, Qualcomm and its counsel will respond at that time.

2

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

Encls.

cc:     Clerk of the Court (via hand delivery, w/encls.)
         All Counsel of Record (via CM/ECF and e-mail, w/encls.)