## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
  a U.K. corporation,

        Defendant.

**REDACTED - PUBLIC VERSION**
(Filed July 10, 2026)

C.A. No. 24-490-MN
(CONSOLIDATED)

███████████████

## ARM LTD.'S OPENING BRIEF IN SUPPORT OF ITS SUPPLEMENTAL MOTION
## FOR SUMMARY JUDGMENT ON ITS DEFENSES OF
## STATUTE OF LIMITATIONS, CLAIM PRECLUSION, AND CLAIM SPLITTING

Dated: July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION AND SUMMARY OF ARGUMENT ......................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS ......... 2

LEGAL STANDARD ................................................................................................................ 5

ARGUMENT ............................................................................................................................. 5

I.      Claim Preclusion Bars Qualcomm's Claims .................................................................. 5

        A.      Qualcomm's Suit Against Arm Holdings Bars Its Claims Here ............................. 6

        B.      The Denial Of Qualcomm's Motion To Add Arm Ltd. In No. 24-490
                Separately Bars Its Claims Against Arm Ltd. ......................................................... 8

II.     Qualcomm's Section ██ Breach Claim Is Time Barred .................................................. 9

        A.      Qualcomm Knew It Had A Claim More Than Three Years Before Filing
                Suit. .......................................................................................................................... 9

        B.      Qualcomm's Tolling And Other Theories Fail. ....................................................... 13

CONCLUSION ......................................................................................................................... 15

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acosta v. Gaudin*,
    2017 WL 4685548 (W.D. Pa. Oct. 18, 2017) ...............................................................7

*In re AMC Invs., LLC*,
    637 B.R. 43 (Bankr. D. Del. 2022),
    *aff'd*, 656 B.R. 95 (D. Del. 2024) ...............................................................................13

*Arrigo v. Link*,
    836 F.3d 787 (7th Cir. 2016) .........................................................................................9

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
    837 F.3d 231 (3d Cir. 2016)...........................................................................................5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).......................................................................................................5

*CHC Invs. v. FirstSun Cap. Bancorp*,
    2020 WL 1480857 (Del. Ch. Mar. 23, 2020)...............................................................10

*Daugherty v. Dondero*,
    2023 WL 461112 (Del. Ch. Jan. 27, 2023),
    *aff'd*, 307 A.3d 977 (Del. 2023)....................................................................................8

*In re Dex Media*,
    595 B.R. 19 (D. Del. 2018) (Noreika, J.)......................................................................7

*Donald M. Durkin Contracting v. City of Newark*,
    2020 WL 5797622 (Del. Super. Ct. Sept. 29, 2020)....................................................14

*EEOC v. U.S. Steel Corp.*,
    921 F.2d 489 (3d Cir. 1990)...........................................................................................5

*Elkadrawy v. Vanguard Grp., Inc.*,
    584 F.3d 169 (3d Cir. 2009).......................................................................................6, 9

*Elutia Inc. v. Medtronic Sofamor Danek USA*,
    2025 WL 1091545 (Del. Super. Ct. Apr. 8, 2025).......................................................14

*Erie Indem. Co. v. Stephenson*,
    157 F.4th 265 (3d Cir. 2025) ...............................................................................5, 9, 13

*Est. of Moore v. Roman*,
    2021 WL 3163992 (D.N.J. July 27, 2021)......................................................................8

*Gavin v. Club Holdings*,
   2016 WL 1298964 (D. Del. Mar. 31, 2016) ...............................................................10

*Hall v. Hall*,
   584 U.S. 59 (2018).......................................................................................................8

*Hanson v. Sussex Cnty. Prosecutors Office*,
   2025 WL 2694092 (3d Cir. Sept. 22, 2025) ...............................................................15

*Huck v. Dawson*,
   106 F.3d 45 (3d Cir. 1997)............................................................................................9

*Hydrogen Master Rts. v. Weston*,
   228 F. Supp. 3d 320 (D. Del. 2017).............................................................................10

*Jarvis v. Matlin Patterson Glob. Advisers*,
   867 F. Supp. 2d 559 (D. Del. 2012)...............................................................................7

*Katz v. Gerardi*,
   655 F.3d 1212 (10th Cir. 2011) .....................................................................................7

*Kirchner v. Wyndham Vacation Resorts*,
   580 F. Supp. 3d 57 (D. Del. 2022)...............................................................................10

*Lubrizol Corp. v. Exxon Corp.*,
   929 F.2d 960 (3d Cir. 1991).......................................................................................1, 7

*McKenna v. City of Philadelphia*,
   304 F. App'x 89 (3d Cir. 2008) .......................................................................2, 7, 8, 9

*New Hampshire v. Maine*,
   532 U.S. 742 (2001)......................................................................................................6

*Norman v. Elkin*,
   726 F. Supp. 2d 464 (D. Del. 2010)..............................................................................13

*Ocimum Biosolutions (India) v. AstraZeneca UK*,
   2019 WL 6726836 (Del. Super. Ct. Dec. 4, 2019) ..............................................14, 15

*Pivotal Payments Direct Corp. v. Planet Payment, Inc.*,
   2015 WL 11120934 (Del. Super. Ct. Dec. 29, 2015) ...................................................10

*Prewitt v. Walgreens Co.*,
   2013 WL 6284166 (E.D. Pa. Dec. 2, 2013)............................................................7, 8, 9

*RoboticVISIONTech, Inc. v. ABB Inc.*,
   726 F. Supp. 3d 364 (D. Del. 2024)..............................................................................12

*Rumbo v. Am. Med. Sys.*,
   2021 WL 1694733 (Del. Super. Apr. 29, 2021) ........................................................................10

*Satanic Temple v. City of Belle Plaine*,
   80 F.4th 864 (8th Cir. 2023) ..........................................................................................................9

*Schach v. Ford Motor Co.*,
   210 F.R.D. 522 (M.D. Pa. 2002).................................................................................................15

*Schiavone v. Fortune*,
   477 U.S. 21 (1986).......................................................................................................................15

*Silva v. City of New Bedford*,
   677 F. Supp. 2d 367 (D. Mass. 2009) .......................................................................................8, 9

*Soares v. Discover Bank*,
   2021 WL 10351907 (C.D. Cal Dec. 1, 2021) .............................................................................7

*Sovereign Bank v. BJ's Wholesale Club, Inc.*,
   533 F.3d 162 (3d Cir. 2008)........................................................................................................12

*Stephens v. Clash*,
   796 F.3d 281 (3d Cir. 2015)........................................................................................................10

*Thorpe v. Pittsburgh Theological Seminary*,
   2025 WL 1707912 (W.D. Pa. June 18, 2025)..............................................................................8

*Wang v. Saker Shoprites, Inc.*,
   2017 WL 380911 (D.N.J. Jan. 26, 2017)...................................................................................13

*Weyerhaeuser Co. v. Domtar Corp.*,
   61 F. Supp. 3d 445 (D. Del. 2014),
   *aff'd*, 721 F. App'x 186 (3d Cir. 2018)......................................................................................10

*In re Zohar III Corp.*,
   2021 WL 3124298 (D. Del. Bankr. July 23, 2021)......................................................................7

**Statutes**

10 Del. C. § 8106 .............................................................................................................................10

10 Del. C. § 8121 .............................................................................................................................10

28 U.S.C. § 2072(b) ..........................................................................................................................8

Cal. Civ. Proc. Code § 337 .............................................................................................................10

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................5

**Other Authorities**

Restatement (Second) of Judgments § 25 cmt. b............................................................................8

## INTRODUCTION AND SUMMARY OF ARGUMENT

Qualcomm's litigation choices leave it with ***no viable claims*** against Arm Ltd. When Qualcomm started this litigation, it sued the wrong party: Arm Holdings, plc. After Qualcomm realized its mistake, it sought leave to add Arm Ltd. as a party months after the amendment deadline. The Special Master rightly denied that motion, so Qualcomm filed a copy-cat action against Arm Ltd. on January 8, 2026, four days after the limitations period expired for its claim that Arm Ltd. breached Section █ of the Architecture License Agreement ("ALA"). That leaves Qualcomm with splintered claims spread across multiple lawsuits intended to paper over its self-inflicted procedural problems and to subvert the Special Master's ruling. Claim preclusion and the statute of limitations bar Qualcomm's claims against Arm Ltd. as a matter of law.

Start with claim preclusion, which forecloses Qualcomm's claims for two different reasons. *First*, Qualcomm's suit against Arm Holdings precludes its claims against Arm Ltd. The two suits, in Qualcomm's own words, involve "the same claims and the same facts" and are "substantively identical." SOF ¶ 28. This satisfies the requirement that the suits involve the same claims. Arm Holdings and Arm Ltd. are also the same party for purposes of defensive claim preclusion, satisfying that requirement as well. "[A] lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action," so courts frequently treat a parent company and its subsidiary as the same party for those purposes. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991). It does not matter that the Court has not entered a final judgment in the suit against Arm Holdings. That simply means the claims asserted against Arm Ltd. fall within the claim-splitting branch of claim preclusion.

*Second*, Qualcomm's unsuccessful attempt to add Arm Ltd. to its case against Arm Holdings independently precludes its claims. It is well-established that the "denial of a motion to amend a [pleading] in one action is a final judgment on the merits barring the same complaint in a

1

later action." *McKenna v. City of Philadelphia*, 304 F. App'x 89, 93 (3d Cir. 2008). Yet that is precisely what Qualcomm tries to do here. There is no substantive difference between Qualcomm's unsuccessful amendment and its initial complaint against Arm Ltd. The two pleadings assert the same claims, based on the same allegations, against the same parties. Qualcomm later amended its complaint to add a claim that Arm Ltd. expressly breached the ALA ██████████████ ██████████████. But that claim substantially overlaps with Qualcomm's existing claim that Arm Ltd.'s licensing negotiations violated the implied covenant, and Qualcomm could have asserted that claim as part of its unsuccessful amendment, so it too is precluded.

Even if claim preclusion did not apply, Delaware's three-year limitation period for contract claims would bar at least Qualcomm's claim that Arm Ltd. breached Section ██ of the ALA. Arm Ltd. told Qualcomm in 2022 that it would not provide the requested OOBs and patches. Qualcomm then sent Arm Ltd. two notices of material breach in November and December 2022 asserting that Arm's conduct violated Section ██. And it is undisputed the cure period expired January 4, 2023. Qualcomm filed suit against Arm Ltd. over three years later, on January 8, 2026.

Qualcomm cannot reasonably dispute when it first learned Arm withheld OOBs and patches. Qualcomm made binding admissions that it "first suspected that ARM was withholding ██████████████ … in November 2022," "first discovered that Arm was withholding ██████ ██████████ under the Qualcomm ALA in the fall of 2022," and "notified Arm in writing of its failure to provide certain deliverables" in November 2022. SOF ¶ 13. Judge Hatcher also already rejected Qualcomm's excuses in No. 22-1146, so issue preclusion bars it from raising them again. SOF ¶ 24. There is no genuine dispute Qualcomm's breach claim is untimely.

The Court should grant summary judgment to Arm Ltd. on each of Qualcomm's claims.

## NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

On August 31, 2022, Arm filed suit against Qualcomm and its then-newly acquired

2

subsidiary, Nuvia, for breaching the termination provisions of Nuvia's licensing agreement. No. 22-1146 D.I. 1.[1] Around the same time, Qualcomm contends that Arm began withholding OOBs and ACK patches for Qualcomm's Nuvia-based CPU designs, which are support materials used to verify that a CPU design complies with Arm's instruction set architecture. SOF ¶¶ 2-7. Arm informed Qualcomm it would not provide those materials in letters sent in September 2022 (SOF ¶ 8), and Qualcomm admits it "first discovered that Arm was withholding ███████████" in "the fall of 2022." SOF ¶ 13.

Qualcomm licenses Arm's architecture under an ALA. Section ██ of that ALA ████



████████. SOF ¶ 2. Section ██ of the ALA in turn ███████████████ ███████████████. SOF ¶ 14. Qualcomm must ██████████████████ ██████████████████████████████████ ██████ *Id.* ████████████████████████ ████████████████████████████████████ ████████████████████████████████████ *Id.* Qualcomm sent a first written notice of non-compliance on November 3, 2022 and a second written notice of non-compliance on December 5, 2022. SOF ¶¶ 15-16. The cure period thus expired no later than January 4, 2023, and Qualcomm believed at that time that Arm had not cured the issues raised in its November and December letters. SOF ¶¶ 17-19.

***Qualcomm's Counterclaims in the First Litigation (C.A. No. 22-1146).*** Qualcomm first tried to bring a claim that Arm breached Section ██ as part of the original lawsuit filed by Arm. In February 2024, long after the amendment deadline, Qualcomm moved to amend its

---

[1] This brief is filed solely on behalf of Arm Ltd.; any reference to Arm refers to Arm Ltd.

counterclaims to assert that Arm breached Section ███ of the ALA by withholding OOBs and ACK patches. SOF ¶¶ 21-24. Judge Hatcher denied leave to amend. SOF ¶ 22. Although Qualcomm argued it "first became aware of Arm's purported violation on November 2, 2023," Judge Hatcher found the "facts show otherwise" because Qualcomm's "theory of liability" was "evident to [Qualcomm] in late 2022—well before the April 28, 2023 deadline to amend." *Id.* Qualcomm did not object or appeal. SOF ¶ 23.

**Qualcomm's Unsuccessful Amendment in C.A. No. 24-490.** In April 2024, Qualcomm filed a lawsuit of its own against Arm Holdings plc, Arm Ltd.'s parent company. C.A. No. 24-490 D.I. 2. Across its initial April 2024 complaint, its December 2024 First Amended Complaint, and its June 2025 Second Amended Complaint, Qualcomm asserted eight claims against Arm Holdings, including: claims for breach of Section ███ of the ALA, claims that Arm Holdings breached the separate Technology License Agreement ("TLA"), tortious interference claims, claims for breach of the implied covenant of good faith and fair dealing in the ALA and TLA, and a claim under California's Unfair Competition Law ("UCL"). *See generally* D.I. 137.

Months after the March 14, 2025 deadline in this case, Qualcomm sought leave to further amend to add Arm Ltd. as a party. SOF ¶ 25. Special Master Rychlicki denied the motion. *Id.* The Court overruled Qualcomm's objections at a hearing on March 10, 2026, noting it had "done plenty to let [Qualcomm] get that case in," and "if they're subject to a statute of limitations, I guess that's just [Qualcomm's] problem." *Id.*

**The Arm Ltd. Litigation (C.A. No. 26-20, now consolidated with C.A. No. 24-490).** After the Special Master denied its latest motion to amend, Qualcomm filed a new action against Arm Ltd. on January 8, 2026. No. 26-20 D.I. 2. That new action replicated Qualcomm's rejected amendment in C.A. No. 24-490, and Qualcomm forthrightly represented that its new suit is

4

"substantively identical" to its suit against Arm Holdings plc with "the same claims and the same facts." SOF ¶¶ 26-31. Qualcomm moved to consolidate No. 24-490 and No. 26-20 on January 16, 2026, which the Arm Defendants did not oppose in light of the rescheduled trial date, Qualcomm's representations, and the Court's docket-management concerns. SOF ¶ 28. After consolidation, Qualcomm filed an Amended Complaint against Arm Ltd. (but not Arm Holdings) on March 30, 2026 that added a claim for breach of Section ███████ of the ALA. SOF ¶ 30. Arm's motion to strike that Amended Complaint remains pending. D.I. 772; D.I. 800.

## LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the nonmoving party fails to present adequate evidence on an essential element of its claim, the moving party is entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "While all reasonable inferences must be drawn in favor of the nonmoving party, 'an inference based upon a speculation or conjecture does not create a material factual dispute.'" *In re Asbestos Prods. Liab. Litig. (No. VI)*, 837 F.3d 231, 235 (3d Cir. 2016).

## ARGUMENT

## I.    CLAIM PRECLUSION BARS QUALCOMM'S CLAIMS

Claim preclusion (or *res judicata*) forecloses **all** of Qualcomm's claims against Arm Ltd. That doctrine bars later lawsuits when there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990); *Erie Indem. Co. v. Stephenson*, 157 F.4th 265, 277 (3d Cir. 2025). The "same claim" element "encompasses not only claims that were actually resolved … but also claims that could have been brought in the prior suit." *Stephenson*, 157 F.4th at 277. Two prior proceedings independently bar Qualcomm's claims: (1) Qualcomm's parallel case

against Arm Holdings and (2) the denial of Qualcomm's motion to add Arm Ltd. in No. 24-490.

### A.      Qualcomm's Suit Against Arm Holdings Bars Its Claims Here.

Qualcomm's pending case against Arm Holdings precludes Qualcomm's claims against Arm Ltd. A party must bring all claims arising out of common facts in a single lawsuit against all defendants in privity. Qualcomm has instead prosecuted its case piecemeal in duplicative litigation against Arm Holdings and Arm Ltd. Claim preclusion and claim-splitting principles bar that strategy, especially when used to subvert a court's denial of leave to amend.

For starters, the two suits involve the same claim. *See New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Qualcomm has itself repeatedly represented that its suits against Arm Holdings and Arm Ltd. not only involve the same claims, but are "substantively identical" with "the same claims and the same facts." SOF ¶ 28. That is no longer entirely true. Qualcomm added 42 new paragraphs about v10 in its latest Amended Complaint against Arm Ltd. SOF ¶ 30. Those new allegations add a claim for express breach of § ███████ of the ALA. *Id.* They inject new allegations about the purpose of that provision in support of Qualcomm's implied breach claim. *Id.* And Qualcomm asks for a new remedy: an injunction requiring Arm ██████████████████ over a license to v10 of the ISA. *Id.*

Those new allegations, if Qualcomm is permitted to pursue them, still significantly overlap with—and share a common set of facts with—Qualcomm's claims against Arm Holdings. The Third Circuit takes a broad view of whether two suits assert the same claim, focusing on "the essential similarity of the underlying events giving rise to the various legal claims." *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009). In making that assessment, what matters is whether the acts complained of overlap and whether the same evidence supporting the second action would have supported a claim in the first action. *Id.* Both factors cut decisively in Arm Ltd.'s favor. Qualcomm's express breach claim against Arm Ltd. and its implied breach claim

6

against Arm Holdings (and Arm Ltd.) involve largely overlapping facts and evidence. Both claims involve the same contractual provision—Section ▇▇▇▇—and overlapping conduct, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. No. 24-490 D.I. 360 ¶¶ 66, 130-33, 185; No. 24-490 D.I. 765 ¶¶ 38, 134-138, 273-78. All the evidence supporting Qualcomm's express breach claim would have also supported its implied breach claim.

The suits also involve parties in privity. "[A] lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Lubrizol*, 929 F.2d at 966; *In re Dex Media*, 595 B.R. 19, 35-36 (D. Del. 2018) (Noreika, J.); *Jarvis v. Matlin Patterson Glob. Advisers*, 867 F. Supp. 2d 559, 562-63 (D. Del. 2012). Under this lower standard, a parent and subsidiary are in privity for purposes of defensive claim preclusion. *Lubrizol*, 929 F.2d at 966; *Dex Media*, 595 B.R. at 36; *see also Soares v. Discover Bank*, 2021 WL 10351907, at *2 (C.D. Cal Dec. 1, 2021). That is sufficient to foreclose Qualcomm's claims because Arm Holdings wholly owns Arm Ltd. SOF ¶ 1.

It makes no difference that there is not yet a final judgment in Qualcomm's case against Arm Holdings. The claim-splitting doctrine prevents a plaintiff from maintaining two separate actions at the same time involving the same subject matter and the same defendant (or its privy)—it is the "'the other action pending' facet of res judicata." *Acosta v. Gaudin*, 2017 WL 4685548, at *2 (W.D. Pa. Oct. 18, 2017); *see also McKenna*, 304 F. App'x at 92; *Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011); *In re Zohar III Corp.*, 2021 WL 3124298, at *6-8 (D. Del. Bankr. July 23, 2021). This case is a textbook example of where claim splitting should foreclose Qualcomm's claim, as the doctrine "[v]ery often … applies to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those claims."

*Prewitt v. Walgreens Co.*, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013). That perfectly captures what Qualcomm wants to do here.

Nor did Arm Ltd. consent to Qualcomm's claim splitting by not opposing consolidation. Choosing not to oppose consolidation cannot possibly forfeit a claim splitting defense when even a *defendant's* own motion to consolidate is not treated as either express or implied consent to a plaintiff splitting its claims. *See Thorpe v. Pittsburgh Theological Seminary*, 2025 WL 1707912, at *5 (W.D. Pa. June 18, 2025). Were there any doubt, both Arm defendants expressly stated that, while they opted not to oppose consolidation, they did "not intend to forfeit or waive any other procedural or substantive arguments or defenses in these cases." D.I. 613 at 2.

Consolidation, in any event, cannot cure claim splitting or defeat a claim-splitting defense. *See Hall v. Hall*, 584 U.S. 59, 75-76 (2018) (consolidation under Rule 42 does not "deprive any party of any substantial rights"); *Daugherty v. Dondero*, 2023 WL 461112, at *7 (Del. Ch. Jan. 27, 2023) (rejecting the notion that consolidation cures claim splitting), *aff'd*, 307 A.3d 977 (Del. 2023). Congress was clear in the Rules Enabling Act that the Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). If consolidation under Rule 42 were allowed to eliminate Arm Ltd.'s claim-splitting defense, the Rule would violate that prohibition. Qualcomm cannot pursue parallel actions against Arm Holdings and Arm Ltd., regardless of whether those actions remain separate or are later consolidated.

### B.    The Denial Of Qualcomm's Motion To Add Arm Ltd. In No. 24-490 Separately Bars Its Claims Against Arm Ltd.

The denial of Qualcomm's motion to add Arm Ltd. in No. 24-490 precludes every claim against Arm. "[D]enial of a motion to amend a [pleading] in one action is a final judgment on the merits barring the same complaint in a later action." *McKenna*, 304 F. App'x at 93; *see also Est. of Moore v. Roman*, 2021 WL 3163992, at *5 (D.N.J. July 27, 2021); *Prewitt*, 2013 WL 6284166,

8

at *4; *Silva v. City of New Bedford*, 677 F. Supp. 2d 367, 370-73 (D. Mass. 2009); Restatement (Second) of Judgments § 25 cmt. b. Moreover, "*res judicata* applies regardless of whether or not the denial of leave to amend" was "on the merits." *Roman*, 2021 WL 3163992, at *5; *see also Huck v. Dawson*, 106 F.3d 45, 48-50 (3d Cir. 1997); *Arrigo v. Link*, 836 F.3d 787, 798-800 (7th Cir. 2016); *Satanic Temple v. City of Belle Plaine*, 80 F.4th 864, 871 (8th Cir. 2023).

Qualcomm's rejected amendment and its initial complaint in the No. 26-20 action assert the same claims against the same party (Arm Ltd.). *Compare* No. 24-490 D.I. 360, *with* No. 26-20 D.I. 2. That is unsurprising. Qualcomm filed its complaint against Arm the day after the Special Master denied Qualcomm's motion, and Qualcomm's hastily-assembled complaint simply removed any reference to Arm Holdings (the No. 24-490 defendant) from its proposed amendment. Claim preclusion exists to prevent Qualcomm from so easily evading a court ruling. *See McKenna*, 304 F. App'x at 93; *Prewitt*, 2013 WL 6284166, at *4; *Silva*, 677 F. Supp. 2d at 371-72.

Claim preclusion similarly forecloses Qualcomm's new claim that Arm Ltd. (but not Arm Holdings) expressly breached § ███████ of the ALA. That claim involves the same parties (Qualcomm and Arm) and could have been brought as part of Qualcomm's unsuccessful amendment to add Arm Ltd. as a party. SOF ¶ 25; *see also Stephenson*, 157 F.4th at 277. Indeed, as discussed above, Qualcomm's express breach claim simply repackages, under a new theory, its v10-related implied covenant claim. *Compare* No. 24-490 D.I. 360 ¶¶ 66, 129-35, 182-89, *with* No. 24-490 D.I. 765 ¶¶ 38, 131-67, 273-78. It makes no difference that Qualcomm also offers new allegations and seeks new relief for its express breach claim. The claims need only be overlapping, not identical. *Elkadrawy*, 584 F.3d at 173. Qualcomm's claims overlap enough to preclude the express breach claim.

## II.    QUALCOMM'S SECTION ██ BREACH CLAIM IS TIME BARRED

### A.    Qualcomm Knew It Had A Claim More Than Three Years Before Filing Suit.

Delaware's three-year statute of limitations separately bars Qualcomm's claim that Arm breached Section ▮ of the ALA, either expressly or as a breach of the implied covenant. *See* 10 Del. C. § 8106. In a diversity case, this Court applies Delaware choice-of-law rules to determine the applicable statute of limitations. *See Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015). And that remains true even though the ALA contains a California choice-of-law provision. SOF ¶ 5. "Under Delaware law, choice-of-law provisions in contracts do not apply to statutes of limitations, unless a provision expressly includes it." *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2015 WL 11120934, at *3 (Del. Super. Ct. Dec. 29, 2015). The parties' ALA does not. SOF ¶ 5.

Delaware's borrowing statute, 10 Del. C. § 8121, instructs courts to use the shorter limitations period as between Delaware's limitations period and the limitations period where the claim arose. *See Gavin v. Club Holdings*, 2016 WL 1298964, at *4 (D. Del. Mar. 31, 2016); *Rumbo v. Am. Med. Sys.*, 2021 WL 1694733, at *2-4 (Del. Super. Apr. 29, 2021); *CHC Invs. v. FirstSun Cap. Bancorp*, 2020 WL 1480857, at *4-8 (Del. Ch. Mar. 23, 2020). Here, California imposes a four-year period for contract claims, whereas Delaware imposes a three-year period, so Delaware's three-year period applies. *Compare* 10 Del. C. § 8106, *with* Cal. Civ. Proc. Code § 337; *see also Kirchner v. Wyndham Vacation Resorts*, 580 F. Supp. 3d 57, 63 (D. Del. 2022).

Yet Qualcomm waited until January 8, 2026 to bring its Section ▮ breach claim against Arm, more than three years after the cure period for that alleged breach expired on January 4, 2023. SOF ¶¶ 18-19.[2] There can be no dispute that, by that date, Qualcomm knew Arm had withheld OOBs and ACK patches. Arm's engineers told their counterparts at Qualcomm that they

---

[2] The limitations period began when Arm allegedly breached in August 2022—not when the cure period expired—but Qualcomm's claim is time-barred either way, so Arm uses the later date. *See, e.g.*, *Hydrogen Master Rts. v. Weston*, 228 F. Supp. 3d 320, 330 (D. Del. 2017); *Weyerhaeuser Co. v. Domtar Corp.*, 61 F. Supp. 3d 445, 451-52 (D. Del. 2014), *aff'd*, 721 F. App'x 186 (3d Cir. 2018).

would not provide OOBs or ACK patches throughout the fall of 2022. SOF ¶¶ 6-13. And if those messages were not clear enough, Arm told Qualcomm in a September 2022 letter that "█████ ████████████████████████████" and that "████████████████████████"—requests that asked for both OOBs and ACK patches. SOF ¶¶ 8, 10.

Those messages made their way to Qualcomm's General Counsel, Ann Chaplin. She wrote an October 10, 2022 letter to "████████████████████████████████████ ████████████████" SOF ¶ 10. Ms. Chaplin shared that "███████████████████████ ██████████████████████████████████████████████████████ ███████," which she testified ████████████████████████ *Id.*

Qualcomm then sent Arm a notice of material breach on November 3, 2022. SOF ¶ 15. Qualcomm wrote that "ARM is required to 'deliver the █████████' and █████ to Qualcomm," that "█████████ includes ████████████████████████," and that "[b]y refusing to provide the OOB, ARM has failed to comply with its obligations under Section ████." *Id.* Qualcomm sent a second notice on December 5, 2022, reiterating Arm's alleged "non-compliance." SOF ¶ 16.

Arm responded to those notices on December 6, 2022. SOF ¶ 17. Arm did not deny that it withheld OOBs and ACK patches but disputed that those materials qualify as deliverables under Section ███. *Id.* Not satisfied with that response, Qualcomm sent another letter on January 3, 2023. SOF ¶ 18. Qualcomm "disagree[d]" with Arm's view "that the OOB is not a 'listed deliverable'" and "reserve[d] all rights to take further action." *Id.* Ms. Chaplin confirmed at her deposition that, ████████████████████████████████████████████████████████ ████████████████████████████████ *Id.* ████████████████████████████ ██████████ SOF ¶ 10. The cure period expired the next day, January 4, 2023. SOF ¶ 19. But

11

Qualcomm did not file suit over Arm's alleged Section ▇ breach until more than three years later, after the limitations period expired.

Qualcomm cannot dispute that it knew it had a breach claim by January 3, 2023. In its March 2026 amended complaint against Arm Ltd., Qualcomm admitted it "first suspected that Arm was withholding QC ALA deliverables in the fall of 2022"—an admission that Qualcomm was at least on inquiry notice about its potential claims in 2022. D.I. 765 ¶ 13; *RoboticVISIONTech, Inc. v. ABB Inc.*, 726 F. Supp. 3d 364, 368 (D. Del. 2024) ("A party is on inquiry notice when it has facts sufficient to make it suspicious or that ought to make it suspicious."). Qualcomm further admitted that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ D.I. 765 ¶ 19; *see also id.* ¶¶ 84-86. That would be impossible if Qualcomm did not even learn Arm was allegedly withholding deliverables until later. Other statements in the March 30 amended complaint concede that Qualcomm "still [had] not [] received the deliverables under the QC ALA" by "November 3, 2022," so "Qualcomm notified Arm in writing of its failure to provide certain deliverables." *Id.* ¶¶ 84, 223. Again, the only written notices of non-compliance were sent in November and December 2022. SOF ¶¶ 15-20.

Qualcomm made similar admissions in its June 3, 2025 Second Amended Complaint against Arm Holdings plc and its January 8, 2026 complaint against Arm Ltd. *See, e.g.*, No. 26-020 D.I. 2 ¶ 188; No. 24-490 D.I. 137 ¶ 178. It was even more definitive in its February 2024 proposed counterclaims in No. 22-1146, where Qualcomm admitted it "first discovered that A[rm] was withholding ▇▇▇▇▇▇▇▇▇ under the Qualcomm ALA in the fall of 2022" and that "Qualcomm notified A[rm] in writing of its [alleged] failure to provide certain deliverables, including the OOB." No. 22-1146 D.I. 272, Ex. 1 ¶¶ 274-76, 294; *see also id.* ¶¶ 304-06. Each of these statements is a binding judicial admission. *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533

12

F.3d 162, 181 (3d Cir. 2008) ("Judicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel, that are binding upon the party making them.").

Issue preclusion equally forecloses any argument that Qualcomm only learned of Arm's alleged breaches after January 4, 2023. A prior judgment has "issue preclusive effect," if "an issue of fact or law [was] 'actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Stephenson*, 157 F.4th at 278. Here, the parties fully litigated when Qualcomm became aware of its Section ██ claim in connection with Qualcomm's motion to amend in No. 22-1146. *See Wang v. Saker Shoprites, Inc.*, 2017 WL 380911, at *5 (D.N.J. Jan. 26, 2017). Indeed, Qualcomm makes the same arguments now that Judge Hatcher previously rejected. SOF ¶ 24. As Judge Hatcher found when denying Qualcomm's motion to amend, Qualcomm "did not act diligently in seeking amendment" because its claim "was evident to [Qualcomm] in late 2022." SOF ¶ 22. Qualcomm did not challenge Judge Hatcher's ruling, and this Court entered final judgment in No. 22-1146 on September 30, 2025. SOF ¶ 23. Qualcomm's knowledge that it had a potential claim against Arm by January 4, 2023 is at this point an established fact.

## B.    Qualcomm's Tolling And Other Theories Fail.

Qualcomm has asserted that the limitations period should be extended or tolled for a variety of meritless reasons. It has the burden of proof on these issues, and it has not satisfied that burden. *In re AMC Invs., LLC*, 637 B.R. 43, 62 (Bankr. D. Del. 2022), *aff'd*, 656 B.R. 95 (D. Del. 2024).

Qualcomm first argues Arm fraudulently concealed its alleged breach until March 2024. Judge Hatcher's ruling forecloses that argument, as does Qualcomm's binding admission that it "first discovered that ARM was withholding ███████████ under the Qualcomm ALA in the fall of 2022." SOF ¶ 13. Regardless, fraudulent concealment requires an affirmative act "involving actual artifice" or "misrepresentation" intended to mislead and "prevent[] [Qualcomm] from discovering the facts giving rise to [Qualcomm's] cause of action." *Norman v. Elkin*, 726 F. Supp.

13

2d 464, 469–70 (D. Del. 2010). There was no affirmative effort to conceal anything from Qualcomm. Arm was upfront that it would not provide the OOBs or patches that Qualcomm requested and that Arm believed Qualcomm had no right to those materials. SOF ¶¶ 6-12. Ms. Chaplin ████████████████████████████████████ and followed up with two notices of material breach. SOF ¶¶ 10, 15-16. Qualcomm knew full well what Arm was doing.

Qualcomm's other tolling theories also fail. Delaware courts have squarely rejected the argument that Arm's continued withholding of OOBs and ACK patches until January 2025 tolled the statute of limitations. Tolling applies only "in narrow and unusual factual situations," *Ocimum Biosolutions (India) v. AstraZeneca UK*, 2019 WL 6726836, at *15 (Del. Super. Ct. Dec. 4, 2019), where "there is a continuing injury whose damages cannot be determined until the cessation of the wrong," *Elutia Inc. v. Medtronic Sofamor Danek USA*, 2025 WL 1091545, at *5 (Del. Super. Ct. Apr. 8, 2025). Where a "plaintiff could allege a prima facie case for breach of contract after a single incident, the doctrine does not apply, even if a defendant engages in 'numerous repeated wrongs of similar, if not same, character over an extended period.'" *Ocimum*, 2019 WL 6726836, at *15; *accord Elutia*, 2025 WL 1091545, at *5; *Donald M. Durkin Contracting v. City of Newark*, 2020 WL 5797622, at *13 (Del. Super. Ct. Sept. 29, 2020).

Qualcomm could determine its damages by January 4, 2023. The only remedy Qualcomm seeks is the ████████████████████ in Section █ of the ALA. SOF ¶ 19. In Qualcomm's words, it ████████████████████████████████████████ ████████████ following Arm Ltd.'s purported failure to cure the breaches identified in Qualcomm's November and December 2022 notice letters. *Id.* The first alleged breach and failure to cure triggers this ████████████████, which Qualcomm has not argued should be extended as a result of later "breaches," making damages ascertainable by no later than the

14

expiration of the cure period on January 4, 2023.

There has also been no actionable "repeated" breach of Section ██. *Ocimum*, 2019 WL 6726836, at \*15. Section ██ provides that Qualcomm must go through the Section ████████ ████████ before asserting a breach "of Section █ of this ALA." SOF ¶ 14. Qualcomm has sent no notice letters since December 2022, has not provided Arm an opportunity to cure any alleged breaches after that date, and accordingly has no breach claim for later conduct. SOF ¶ 20. Qualcomm's sole claim is for conduct that occurred more than three years before it filed suit.

Qualcomm's unsuccessful motion to add Arm as a party in No. 24-490 did not toll the statute of limitations either. An unsuccessful motion to amend does not toll anything. *Schach v. Ford Motor Co.*, 210 F.R.D. 522, 523 (M.D. Pa. 2002). Nor does Qualcomm's new complaint against Arm in a new case (No. 26-20) relate back to Qualcomm's earlier complaint against Arm Holdings in a different case. *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986); *Hanson v. Sussex Cnty. Prosecutors Office*, 2025 WL 2694092, at \*2 (3d Cir. Sept. 22, 2025); *Schach*, 210 F.R.D. at 523-24. Rule 15's relation-back doctrine does not cross-over between cases. *See id.*

Finally, to evade the statute of limitations, Qualcomm has suggested its letters between October 2022 and January 2023 were solely about OOBs; those letters supposedly did not concern ACK patches because Qualcomm did not know Arm had withheld patches. This theory contradicts Ms. Chaplin's testimony (and Judge Hatcher's ruling), but it cannot save Qualcomm's claim in any event. SOF ¶¶ 10, 18. If Qualcomm's notice letters only covered the OOBs, then Qualcomm never sent the contractually required ████████ for the patches, which means Qualcomm has no viable contract claim at all. Qualcomm's claim is either time-barred or barred by Section ██.

## CONCLUSION

Arm respectfully requests the Court grant summary judgment in its favor on all of Qualcomm's claims.

15

Dated:  July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2026, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*
