# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
  a U.K. corporation,

        Defendant.

**REDACTED - PUBLIC VERSION**
(Filed July 10, 2026)

C.A. No. 24-490-MN
(CONSOLIDATED)

███████████████

## ARM LTD.'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS DEFENSES OF STATUTE OF LIMITATIONS, CLAIM PRECLUSION, AND CLAIM SPLITTING

Dated: July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

## I.    THE PARTIES

1.    Arm Ltd. is a wholly owned subsidiary of Arm Holdings plc. *E.g.*, No. 26-20, D.I. 13; Ex. 1 at -139, -154, -224; Ex. 2 at -509, -510.

## II.    QUALCOMM'S SECTION ▉ ALA CLAIM

2.    Qualcomm claims Arm Ltd. breached ALA Section ▉ by withholding OOBs and ACK patches, which are support materials used in the compliance-verification process. *E.g.*, D.I. 765 ¶¶ 12-19, 77-91, 218-25; Ex. 3 at 7-27, 47-53; Ex. 4 at 101:23-102:6, 133:25-134:14.

3.    ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 5 ¶ 32; Ex. 6 ¶¶ 175-78.

4.    ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 6 ¶¶ 206-09 (citing Ex. 7 at 90:6-91:5, 123:10-14, 171:14-172:6, 207:11-208:11, 210:19-211:7; Ex. 8 at 46:4-9); Ex. 9 at 85:21-23, 86:25-87:7.

5.    The ALA, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See generally* Ex. 10; *see also id.* at -386, § ▉.

### A.    The Parties' 2022 Correspondence

6.    ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 11.

7.    Trivedi testified that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See*, *e.g.*, Ex. 12 at 212:12-213:12; Ex. 4 at 139:14-140:2.

8.    ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

1



Ex. 13.

9.      One day later, Agrawal told Trivedi, ███████████████████

████████████████████████ Ex. 14 at -194.

10.    ████████████████████████████████

███████████████████████████████ Ex. 15 at -

465. ███████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████ Ex. 16 at 74:9-25; *see also id.* at 84:14-21, 89:10-14; Ex. 17

at 64:1-65:1.

11.    ████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████ Ex. 14 at -193.

12.    ████████████████████████████████

████████████████████████████████

███████████████████████████ Ex. 18 at -826.

13.    Qualcomm "first discovered that ARM was withholding ██████████ under

the Qualcomm ALA in the fall of 2022," and Qualcomm "notified Arm in writing of its failure to

provide certain deliverables" in November 2022. No. 22-1146, D.I. 278 Ex. 6 at 3. Qualcomm's

counsel confirmed that Qualcomm knew Arm was not providing OOBs at that time, stating to

2

Judge Hatcher that "I will say, we did notice we didn't get the OOB." Ex. 19 at 18:21; *see also* No. 22-1146, D.I. 272 at 2 ("Qualcomm first suspected ARM was withholding ███████ ████████ … in November 2022[.]"); *id.*, Ex. 11 (asserting on November 3, 2022 that Arm was in breach and that "ARM's ACK contact has advised us that he cannot provide any 'uploads' to Qualcomm unless authorized by ARM management").

    **B.      The ALA Section ██ Notice Process**

14.    Section ██ of the ALA provides ████████████████████████ for a Section ██ breach. Qualcomm must ████████████████████████



15.    Qualcomm alleges that it sent a first written notice of non-compliance on November 3, 2022. Ms. Chaplin wrote that "ARM is required to 'deliver the ████████████' and ██████ to Qualcomm," that "████████████ includes the ████████████████," and that ████████████████████████ ████████████████████ Ex. 20 at -403; *see* D.I. 765 ¶¶ 84-85.

16.    Ms. Chaplin sent a second written notice on December 5, 2022 that reiterated Arm's alleged "non-compliance with Section █." Ex. 20 at -401.

17.    Arm responded on December 6, 2022, starting that "Arm provided Qualcomm with the ████████████████████████ long ago," that there was no failure of delivery,

and that Qualcomm "has no right to the OOB" for the designs at issue. Ex. 21 at -565-66.

18.     On January 3, 2023, Ms. Chaplin sent a letter that "disagree[d]" with Arm's view "that the OOB is not a 'listed deliverable'" and "reserve[d] all rights to take further action[.]" Ex. 22. Ms. Chaplin testified that, ███████████████████████████████████████

█████████████████████████████████████ Ex. 16 at 97:5-9.

19.     According to Qualcomm, "Arm ██████ to remedy its failure to provide the [Section █] deliverable[s]" after the December 5 letter and ██████████████████ any remedy. D.I. 765 ¶ 86. Further, Qualcomm contends that "█████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████ No. 22-1146, D.I. 278 Ex. 6 at 4; *see also* D.I. 765 ¶ 103; Ex. 5 ¶ 35.

20.     Qualcomm sent no additional Section ██ notices after December 5, 2022.

## III.    QUALCOMM'S UNSUCCESSFUL MOTION TO AMEND IN NO. 22-1146

21.     On February 5, 2024, after the April 28, 2023 deadline to amend, Qualcomm moved to amend its counterclaims in No. 22-1146 to add a counterclaim asserting that Arm Ltd. breached Section ██ of the ALA by withholding ACK patches and OOBs. No. 22-1146, D.I. 260. Qualcomm argued that its "delay [in moving to amend] resulted solely from [Arm Ltd.'s] concealment of and delay in producing necessary facts." No. 22-1146, D.I. 272 at 3.

22.     Judge Hatcher denied Qualcomm's motion, finding that Qualcomm's Section ██ breach theory "was evident to Defendants in late 2022—well before the April 28, 2023 deadline to amend." No. 22-1146, D.I. 295 at 4. Judge Hatcher wrote that "Defendants' own proposed amendment pleads that 'Qualcomm first discovered that ARM was withholding ██████ ████████ under the Qualcomm ALA in the fall of 2022.'" *Id.* Judge Hatcher rejected

4

Qualcomm's argument that it "first became aware of Arm's purported violation on November 2, 2023 after Arm produced a document describing how Arm intentionally withheld from Qualcomm formal lists of agreed verification ('ACK') tests known as the 'OOB,'" and that ███

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████ *Id.* He found that "[t]he facts show otherwise." *Id.*

23.     Qualcomm did not file objections or appeal Judge Hatcher's order.

24.     In support of its Section ███ breach claim in No. 24-490, Qualcomm makes the same timeliness arguments that Judge Hatcher previously rejected. *See* Ex. 3 at 8.

## IV.     QUALCOMM'S UNSUCCESSFUL MOTION TO AMEND IN C.A. NO. 24-490

25.     On August 1, 2025, Qualcomm moved to amend its complaint to add Arm Ltd. as a party. D.I. 360. Special Master Rychlicki denied Qualcomm's motion on January 7, 2026. D.I. 585. The Court overruled Qualcomm's objections at a hearing on March 10, 2026, and again in a written order on March 20, 2026. Ex. 23 at 23:23-24:2; D.I. 761. During the hearing, the Court observed that it had "done plenty to let [Qualcomm] get that case in and those allegations in, and if they're not -- if they're subject to a statute of limitations, I guess that's just [Qualcomm's] problem." Ex. 23 at 23:23-24:2. And when responding to Qualcomm's counsel about its claim that Arm Ltd. breached the ALA's implied covenant of good faith and fair dealing, the Court stated: "Give me a break. You guys, what are we just going to keep amending, keep amending in this case. We'll go on forever. You amended plenty of times before. I'm not going to believe that you couldn't have done this before." *Id.* at 16:21-25.

## V.     THE ARM LTD. LITIGATION (C.A. NO. 26-20)

26.     One day after Special Master Rychlicki denied Qualcomm's motion to add Arm Ltd. in No. 24-490, Qualcomm filed its initial complaint against Arm Ltd. as a new action. No.

26-20, D.I. 2. Qualcomm's rejected amendment in No. 24-490 and its initial complaint in No. 26-20 asserted the same claims against the same party (Arm Ltd.). *Compare* D.I. 360, *with* No. 26-20, D.I. 2; *see also* D.I. 586 Ex. 1 (redline).

27.     Among other claims, Qualcomm asserts a Section ▮ breach claim against Arm Ltd. that mirrors the proposed counterclaim that this Court disallowed in No. 22-1146. *Compare* No. 22-1146, D.I. 295 at 4-5, *with* No. 26-20, D.I. 2 ¶¶ 183-90.

28.     Qualcomm moved to consolidate No. 26-20 with No. 24-490 on January 16, 2026 (D.I. 594). The Arm Defendants did not oppose in light of the Court's rescheduling of the No. 24-490 trial to October 2026 and the Court's docket-management concerns. D.I. 613. In filing the new action and seeking consolidation, Qualcomm represented its complaint was "substantively identical" to its suit against Arm Holdings plc with "the same claims and the same facts." *E.g.*, D.I. 586 at 1; D.I. 595 at 1; Ex. 24 at 4:22-5:4; Ex. 25 at 62:13-18.

29.     Concerning the Arm Defendants' purported failure to negotiate a license to Arm's v10 ISA, Qualcomm's Second Amended Complaint against Arm Holdings and its original Complaint against Arm Ltd. allege only that the Arm Defendants breached the implied covenant of good faith and fair dealing. D.I. 137 ¶¶ 128-34, 184; No. 26-20, D.I. 2 ¶¶ 128-34, 194.

30.     After consolidation, Qualcomm filed an Amended Complaint against Arm Ltd. on March 30, 2026. The Amended Complaint includes 42 new paragraphs about a v10 license (D.I. 765 ¶¶ 37-39, 135-36, 140-66, 210-11, 231, 273-78), and adds a claim that Arm Ltd. breached § ▮ of the ALA by failing to negotiate a v10 license. *Id.* ¶¶ 273-78 (Count IX). Qualcomm also now seeks an injunction requiring Arm to negotiate a v10 license in good faith. *Id.* ¶ 278.

31.     Arm Ltd. filed a motion to strike Qualcomm's Amended Complaint, which remains pending. D.I. 772; D.I. 800.

6

Dated:  July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP


 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 1, 2026, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*

2