# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
  a U.K. corporation,

        Defendant.

**REDACTED - PUBLIC VERSION**
 (Filed July 10, 2026)


C.A. No. 24-490-MN
(CONSOLIDATED)

███████████████████

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON QUALCOMM'S V10-RELATED CLAIMS

Dated: July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin M. Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd.*
*and Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1

NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS ............... 3

LEGAL STANDARD ........................................................................................................... 6

ARGUMENT ....................................................................................................................... 7

I.    QUALCOMM'S V10 IMPLIED COVENANT OF GOOD FAITH AND FAIR
      DEALING CLAIMS AGAINST ARM FAILS AS A MATTER OF LAW. .......................... 7

II.   QUALCOMM'S CLAIM AGAINST ARM LTD. FOR AN EXPRESS BREACH OF
      SECTION ▮▮▮▮ FAILS AS A MATTER OF LAW BECAUSE THE
      EQUITABLE REMEDY QUALCOMM SEEKS IS UNAVAILABLE. ............................... 10

III.  QUALCOMM'S V10 CLAIMS AGAINST ARM ARE TIME BARRED .......................... 12

CONCLUSION .................................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Asbestos Prods. Liab. Litig.*,
  837 F.3d 231 (3d Cir. 2016)................................................................................................7

*Avidity Partners, LLC v. California*,
  165 Cal. Rptr. 3d 299 (Cal. Ct. App. 2013).......................................................................8

*CHC Invs., LLC v. FirstSun Cap. Bancorp*,
  2020 WL 1480857 (Del. Ch. Mar. 23, 2020),
  *aff'd*, 2020 WL 6581304 (Del. Nov. 10, 2020) ...............................................................12

*Commonwealth Land Title Ins. Co. v. Funk*,
  2014 WL 8623183 (Del. Super. Ct. Dec. 22, 2014) ..........................................................13

*Copeland v. Baskin Robbins U.S.A.*,
  117 Cal. Rptr. 2d 875 (Cal. Ct. App. 2002).......................................................................11

*Deerpoint Grp., Inc. v. Agrigenix, LLC*,
  345 F. Supp. 3d 1207 (E.D. Cal. 2018)..............................................................................7, 9

*Gavin v. Club Holdings, LLC*,
  2016 WL 1298964 (D. Del. Mar. 31, 2016) ......................................................................12

*Guz v. Bechtel Nat. Inc.*,
  8 P.3d 1089 (Cal. 2000) ......................................................................................................8, 9

*Kirchner v. Wyndham Vacation Resorts, Inc.*,
  580 F. Supp. 3d 57 (D. Del. 2022)......................................................................................13

*Lamke v. Sunstate Equip. Co.*,
  387 F. Supp. 2d 1044 (N.D. Cal. 2004) .............................................................................8, 9

*Pivotal Payments Direct Corp. v. Planet Payment, Inc.*,
  2015 WL 11120934 (Del. Super. Ct. Dec. 29, 2015) ........................................................13

*Ross v. Johns–Manville Corp.*,
  766 F.2d 823 (3d Cir. 1985)................................................................................................12

*Rumbo v. Am. Med. Sys., Inc.*,
  2021 WL 1694733 (Del. Super. Ct. Apr. 29, 2021),
  *aff'd*, 2022 WL 1482160 (Del. May 11, 2022)..................................................................12

*Schwartz v. State Farm Fire & Cas. Co.*,
  106 Cal. Rptr. 2d 523 (Cal. Ct. App. 2001).......................................................................9

*Shagrow Telecom Tech Co. v. Gentec Enters., Inc.*,
   2014 WL 12688419 (C.D. Cal. Feb. 28, 2014)........................................................................8

*Weyerhaeuser Co. v. Domtar Corp.*,
   61 F. Supp. 3d 445 (D. Del. 2014),
   *aff'd*, 721 F. App'x 186 (3d Cir. 2018)..................................................................................13

*Youell v. Maddox*,
   692 F. Supp. 343 (D. Del. 1988)...........................................................................................12

**Statutes**

10 Del. C. § 8121 ........................................................................................................................12

**Rules**

Fed. R. Civ. P. 56(a) .....................................................................................................................6

iii

## INTRODUCTION AND SUMMARY OF ARGUMENT

Among the claims of this sprawling case, Qualcomm alleges that Arm [1] breached Qualcomm's Architecture License Agreement ("ALA") because Arm purportedly refuses to negotiate an extension of the ALA to include a license for Version 10 (or "v10"). ███████████

████████████████████████████████████████████████████████

████████████████████████████ As relevant here, Section ████████ of the ALA includes an

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████

Although Qualcomm and Arm ██████████████████ for an ██████████ ██████████

██, Qualcomm nevertheless sued Arm for allegedly failing to negotiate in good faith. But rather than assert a claim for an express breach of Section ████████, Qualcomm asserted a claim for breach of the ***implied*** covenant of good faith and fair dealing, asking the Court to order Arm to negotiate in good faith—████████████ ████████ ██████████████. And rather than seek money damages for its breach claim, Qualcomm sought specific performance. California law is clear, however, that a party cannot seek to enforce an express covenant through an implied-covenant claim. Nor can it seek specific performance of an ██████████████, which Section ██████████████. On top of that, the governing statute of limitations required Qualcomm to bring its claim within three years of its purported ████████ ████████ yet Qualcomm failed to assert it in time. Arm Holdings therefore moved to dismiss for failure to state a claim.

---

[1] Any reference to Arm refers to both Arm Holdings plc and Arm Ltd., unless otherwise stated.

The Court heard argument on Arm Holdings' motion on March 10, during which Qualcomm conceded that its implied-covenant claim seeks to enforce the express promise in Section ████████.  The Court denied the motion to dismiss but allowed this additional briefing on whether Qualcomm could proceed on an implied-covenant claim seeking to enforce an express promise.

Rather than defend its litigation strategy of pursuing only an implied covenant claim, Qualcomm untimely amended its Complaint against Arm Ltd. without the Court's consent—the *fifth* complaint it has now filed against Arm entities—to assert an express breach of Section ████████.  Arm has separately moved to strike Qualcomm's Amended Complaint against Arm Ltd. as untimely and improper, *see* D.I. 800, and will not re-address those arguments here.  But regardless of whether the Court allows or strikes the amendment, the Court should enter summary judgment against Qualcomm on *all* of its v10 claims.

To start, as Qualcomm has effectively conceded by moving to amend, Qualcomm's implied covenant claim fails as a matter of law because Qualcomm seeks to impose obligations beyond what the contract expressly requires.  The ALA █████████████████████████████ █████████████████████████████████████████████ ███████████████████████████████  As Qualcomm admitted at the March 10 hearing, its implied-covenant claim is nothing more than "a breach of the words" of Section ████████.  California law does not allow a party to stack an implied good-faith obligation on top of the ██████████████████ the ALA already requires.  That claim is a non-starter and the Court can dismiss it on that ground alone.

Nor can Qualcomm seek the only remedy it pursues.  Qualcomm has disclaimed damages for its breach claims (both the original implied one and the untimely express one), arguing that

Arm's alleged breach can "***only*** be remedied by Arm engaging in a good faith negotiation for v10." D.I. 765 ¶ 278.[2]  But specific performance is not an available remedy for an ████████ ███████████████████████████ .

Finally, Qualcomm's v10 claims fail on the independent ground that they are barred by Delaware's three-year statute of limitations.  Qualcomm purportedly ███████████████ on ████████ , yet did not sue until April 2024 and did not seek to amend its complaint to assert any v10 theory—implied or otherwise—until nearly a year later in March 2025 as to Arm Holdings plc, and another year after that as to Arm Ltd.  That time frame falls outside Delaware's three-year limitations period several times over and thus Qualcomm's claims are time-barred.  The Court should grant summary judgment on Qualcomm's v10 claims.

## NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

This motion concerns ████████████ of the parties' ALA, which ██████████████ ███████████████████████████████████████████████ ██████████████████████



SOF ¶ 1.  Qualcomm alleges that over six years ago ████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████ D.I. 137 ¶ 131; D.I. 765 ¶ 137.  Qualcomm alleges an Arm

---

[2] All emphasis added unless otherwise noted.

employee

██████████████████████████ D.I. 137 ¶ 131; D.I. 765 ¶ 137.  Then, ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ D.I. 137 ¶ 132; D.I. 765 ¶ 138.  Qualcomm alleges that

because ██████████████████████████████████████

███████████████████████████ that Arm breached Section ████████ of the

ALA as well as the implied covenant in the ALA.  D.I. 137 ¶ 133; *see also* D.I. 765 ¶ 139.

Qualcomm did nothing for nearly five years to vindicate any purported "breach" of the ALA based on this correspondence.  On April 18, 2024, Qualcomm sued Arm Holdings plc alleging that Arm Holdings plc breached a ***different*** provision of the ALA.  D.I. 2.  Qualcomm then amended its complaint multiple times, adding claims for tortious interference, breach of Qualcomm's TLA, and claims under the California Unfair Competition Law.  D.I. 36, 137.  It was not until June 3, 2025 that Qualcomm filed its Second Amended Complaint asserting that Arm Holdings plc breached the ***implied covenant*** of good faith and fair dealing in the ALA on the basis that Arm Holdings plc ████████████████████████████████

████████████████████████████████ D.I. 137 ¶ 184.  Yet Qualcomm chose ***not*** to assert any ***express*** breach of Section ████████ based on this alleged failure to negotiate over a v10 license.  SOF ¶¶ 3–7.

On June 17, 2025, Arm Holdings plc moved to dismiss Qualcomm's v10-related implied-covenant claim as improperly seeking to impose obligations beyond those to which the parties explicitly agreed in Section ████████, and as impermissibly stacking an implied good-faith

4

obligation on top of Section ███████████████████████ (for which Qualcomm had not asserted a breach claim). D.I. 233 at 19. Arm Holdings plc further argued Qualcomm's claim is barred by the three-year statute of limitations. *Id.* at 20. A hearing was held in March 2026 in which Qualcomm was unable to explain any difference between its implied covenant claim and an alleged express beach of Section ██████. SOF ¶¶ 8–10. After Qualcomm then suggested it could amend to add an express breach claim based on ████████ the Court responded that "if you really thought you needed to do that, you would have done it before" and that Qualcomm cannot "keep amending in this case" or "[w]e'll go on forever." SOF ¶ 10. The Court then denied Arm Holdings plc's motion to dismiss, but invited Arm to "move for summary judgment on this issue because I do think that there may be some legs to it." SOF ¶ 8.

Separately, on August 1, 2025, Qualcomm moved to add Arm Ltd. as a party. D.I. 360. The Special Master denied the motion on January 7, 2026. D.I. 585. The Court overruled Qualcomm's objections at the March 2026 hearing and again in a written order on March 20, 2026, noting that it had "done plenty to let [Qualcomm] get that case in," and "if they're subject to a statute of limitations, I guess that's just [Qualcomm's] problem." SOF ¶ 11. Just one day after the Special Master's denial, Qualcomm filed a new complaint against Arm Ltd. as a new action, which replicated Qualcomm's rejected amendment in C.A. No. 24-490 and which Qualcomm represented was "substantively identical" to its suit against Arm Holdings plc with "the same claims and the same facts." SOF ¶¶ 12–14.

On March 30, after the hearing where the Court had invited briefing on the viability of the implied covenant claim, Qualcomm impermissibly and without leave filed an Amended Complaint against Arm Ltd. D.I. 765. The Amended Complaint alleges for the first time that Arm Ltd. expressly breached Section ██████ of the Qualcomm ALA. Specifically, Qualcomm alleges

5

that Arm Ltd. "breached the QC ALA by declaring in June 2025 that it would not ███████████ ████████████████████████████████████████████████████████████ and "failed to accept and breached its obligation under Section ██████████████████ █████████ *Id.* ¶ 277.  And Qualcomm expressly disclaimed damages as a remedy, pleading that its "harm" arising from Arm Ltd.'s alleged breach of Section ████████ can "only be remedied by Arm engaging in a ████████████████████" because "[m]oney damages are not sufficient."  *Id.* ¶ 278.

In parallel with this litigation and despite Qualcomm's v10 claims, Arm Ltd. has attempted



to ██████████████████████████████████████████ ██████████████████████████████████████████ █████████████████  SOF ¶ 15.  ██████████████████ ██████████████████████████████████████████ SOF ¶ 17.  ██████████████████████████████████ ██████████████████████████████  SOF ¶¶ 17–21.  ████████ ██████████████████████████████████  SOF ¶ 20. ██████████████████████████████████████████ ██████████████████████████████████████████ ████  SOF ¶ 22.  ████████████████████████████ ████████████████████  SOF ¶¶ 24–25.  ████████████ ████████  SOF ¶¶ 25–26.

## LEGAL STANDARD

The Court should grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "While all reasonable inferences must be drawn in favor of the nonmoving

6

party, 'an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment.'" *In re Asbestos Prods. Liab. Litig.*, 837 F.3d 231, 235 (3d Cir. 2016) (citation omitted).

## ARGUMENT

**I.    QUALCOMM'S V10 IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIMS AGAINST ARM FAILS AS A MATTER OF LAW.**

Qualcomm's v10 implied covenant claims against Arm[3] fails as a matter of law because Qualcomm seeks to enforce an express covenant in ▮▮▮▮▮▮▮▮▮ : that Arm ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If Qualcomm wanted to sue Arm for failing to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ What it cannot do is forgo a claim for breach of an express covenant to pursue an implied covenant claim for the same promise. And to the extent Qualcomm tries to use the implied covenant to expand the scope of Arm's obligation to ▮▮▮▮▮▮▮▮ , that is a non-starter, as the implied covenant cannot impose obligations above and beyond those already expressed in the agreement.

The ALA contains a California choice-of-law provision. SOF ¶ 2. Under California law, an implied-covenant claim is invalid when it is "clearly encompassed" by the contract's express terms and is "nothing more than the assumption" that the parties "would follow the contract and not commit a breach of an express contractual term." *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1241 (E.D. Cal. 2018). The implied covenant exists only "as a ***supplement*** to the express contractual covenants, to prevent a contracting party from engaging in conduct which

---

[3]    Qualcomm has asserted an implied covenant claim against both Arm Holdings plc (D.I. 137 ¶ 184) and Arm Ltd. (D.I. 765 ¶¶ 229–230). The implied covenant claims against both entities will be addressed together for purposes of this brief.

(while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Avidity Partners, LLC v. California*, 165 Cal. Rptr. 3d 299, 320 (Cal. Ct. App. 2013). In other words, the implied covenant can only "fill gaps that the agreement does not address." *Shagrow Telecom Tech Co. v. Gentec Enters., Inc.*, 2014 WL 12688419, at *3 (C.D. Cal. Feb. 28, 2014). But it "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1110 (Cal. 2000); *see also Lamke v. Sunstate Equip. Co.*, 387 F. Supp. 2d 1044, 1047–48 (N.D. Cal. 2004) (dismissing implied covenant claim).

Qualcomm's implied covenant claim rests entirely on its contention that Arm failed to comply with ████████████████████████████████ of the Qualcomm ALA. This is undisputed. To support its v10 implied covenant allegations, Qualcomm identified Section ███████ as the "[r]elevant [p]rovisions of the Qualcomm ALA" and alleges that Arm breached the implied covenant by ████████████████████████████████████████ ████████████████████████████████ under that provision. D.I. 137 ¶¶ 65, 129–133, 184; D.I. 765 ¶¶ 68, 132–139, 230. Qualcomm's interrogatory responses likewise confirm that it is alleging an implied covenant theory based on the express language of the ALA. For example, in response to Arm's request seeking "the complete legal and factual basis for Qualcomm's contention that Arm breached the covenant of good faith and fair dealing of the Qualcomm ALA," Qualcomm contends that "Section ████████████████████████████████████" and "Qualcomm ████████████████████████████████████████████ ██████" SOF ¶¶ 3–7.

At the March 2026 hearing, Qualcomm confirmed that its implied covenant claim is premised on the express language of Section ██████ Qualcomm first stated that "[i]f you ask us

8

do we think it's a breach of the words of the provision, the answer is yes." SOF ¶ 10. When further questioned by the Court, Qualcomm's counsel made clear that Qualcomm "do[es] assert" that Section ▮ "applies." And when the Court asked whether Qualcomm "asserted [Arm] breached Section ▮ Qualcomm responded, "Right." *Id.* Those concessions doom Qualcomm's claims, as there can be no implied covenant claim to enforce an express promise as such. *See Deerpoint Grp.*, 345 F. Supp. 3d at 1241.

After confirming that its implied claim mirrors the express promise in Section ▮ Qualcomm then invoked *Schwartz v. State Farm Fire and Cas. Co.* to try to explain that its implied covenant claim takes "the next step" and "goes farther" and alleges Arm has failed to "recognize the benefits of this contract" which allegedly "rises farther than an actual breach of the words of the provision." SOF ¶ 7; *see Schwartz v. State Farm Fire & Cas. Co.*, 106 Cal. Rptr. 2d 523, 526 (Cal. Ct. App. 2001). But to the extent Qualcomm tries to bring an implied claim to impose obligations on Arm beyond those that it expressly agreed, California law squarely forbids it. *See Guz*, 8 P.3d at 1110; *Lamke*, 387 F. Supp. 2d at 1047–48.

To be sure, *Schwartz* recognizes that "breach of a specific provision of the contract is not a necessary prerequisite to a claim for breach of the implied covenant of good faith and fair dealing," but that is not the issue here. 106 Cal. Rptr. 2d at 530–31. The problem with Qualcomm's claim is not that it has yet to establish "a necessary prerequisite" to its implied claim, *i.e.*, a breach of Section ▮ *Id.* The problem is that its implied claim asserts either nothing more than the express covenant in Section ▮ in which case it is invalid under *Deerpoint*, or seeks to impose obligations beyond those to which Arm expressly agreed, in which case it is invalid under *Guz*.

9

Qualcomm has effectively acknowledged that its implied claim cannot stand: after the March hearing on Arm's motion to dismiss, Qualcomm amended its complaint against Arm Ltd. to plead the very express breach theory that it should have pleaded from the beginning.  On March 30, 2026, Qualcomm added Count IX titled "Breach of Section ███ of the QC ALA," which is premised on the notion that "Qualcomm validly elected, pursuant to Section ██████ of the QC ALA, ████████████████████████████████████████████████████████████ ██████████████."  D.I. 765 ¶¶ 273–278.  Qualcomm alleges this purported ████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████ *Id.* ¶ 276.  That is the exact theory it is trying to press through its implied covenant theory: that Qualcomm purportedly ███████████████ ████████████████████████████████████████████████—and that Arm breached because it allegedly failed to honor that ██████████████████████████.

That amendment is improper for all of the reasons Arm has explained in its motion to strike, *see* D.I. 800, but, at the very least, it seals the fate of Qualcomm's implied covenant claim.  Any claims Qualcomm seeks to assert based on Arm's purported failure to ███████████████ over v10 should have been in the form of a claim for breach of the ████████████████, not through the amorphous implied covenant of good faith and fair dealing.  The Court should enter summary judgment for Arm on Qualcomm's implied-covenant claims.

II.    **QUALCOMM'S CLAIM AGAINST ARM LTD. FOR AN EXPRESS BREACH OF SECTION ███████ FAILS AS A MATTER OF LAW BECAUSE THE EQUITABLE REMEDY QUALCOMM SEEKS IS UNAVAILABLE.**

Were the Court to allow Qualcomm's new and untimely express claim for a breach of Section ███████ to proceed, that claim also fails as a matter of law because Qualcomm seeks a remedy of specific performance, which the law does not allow.

Section ███████████████████    ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████

California law is clear that "the appropriate remedy for breach of a contract to negotiate is … damages caused by the injured party's reliance on the agreement to negotiate." *Copeland v. Baskin Robbins U.S.A.*, 117 Cal. Rptr. 2d 875, 883–86 (Cal. Ct. App. 2002).  That is because "reliance damages are the ***only*** form of recovery available in an action on a contract to negotiate an agreement." *Id.* at 886.  Thus, where a plaintiff "disavow[s] reliance damages" and instead seeks only damages "derived from what he would have received if the underlying contract had been consummated," summary judgment is warranted. *Id.*

Here, Qualcomm expressly disavowed reliance damages, pleading that "[m]oney damages are not sufficient." D.I. 765 ¶ 278.  Instead, Qualcomm alleges that its purported harm "can ***only be remedied*** by Arm engaging in a good faith negotiation for v10, ██████████████████." *Id*.  Qualcomm's prayer for relief similarly seeks "an Order requiring Arm to comply with all its obligations under the QC ALA, including … by ███████████████████████████ ██████████████████, without discrimination or retaliation." D.I. 765 at p. 76.  "Requiring Arm to comply" with Section ████████ is a request for specific performance—not reliance damages.

Nothing in the balance of Qualcomm's Prayer for Relief seeks reliance damages for its failure-to-negotiate claim.  Qualcomm seeks ██████████████████████████████

11

███████████████████████████████████████████████████████ (*see*

D.I. 438 at 8–12) that by its express terms ████████████████████ D.I. 765 at pp. 76–77. And though Qualcomm also seeks "damages resulting from the wrongful conduct alleged in this Amended complaint," it fails to list any damages associated with any alleged failure to negotiate, and Qualcomm's interrogatory responses and expert reports fail to quantify reliance damages associated with any alleged breach of Section ██████. SOF ¶ 14. Qualcomm plainly seeks only specific performance for its breach claim, which California does not allow.

Because the remedy Qualcomm seeks for breach of its express v10 claim—specific performance—is unavailable, Arm Ltd. should be granted summary judgment.

## III.    QUALCOMM'S V10 CLAIMS AGAINST ARM ARE TIME BARRED.

Qualcomm's v10-related claims all independently fail because the statute of limitations bars them. Based on Qualcomm's allegations, the conduct that allegedly gives rise to its claims occurred more than three years before it filed its complaint—and nearly *five* years before it first alleged a v10-related claim.

Delaware's three-year statute of limitations applies to Qualcomm's v10-related claims. This Court applies Delaware choice-of-law rules to determine the statute of limitations in this diversity case. *Ross v. Johns–Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985). Delaware's borrowing statute, 10 Del. C. § 8121, provides that courts must choose the shorter limitations period between Delaware's limitations period and the limitations period of the state where the claim arose. *See, e.g.*, *Gavin v. Club Holdings, LLC*, 2016 WL 1298964, at *4 (D. Del. Mar. 31, 2016) (applying Delaware's borrowing statute to apply the shorter limitations period); *Youell v. Maddox*, 692 F. Supp. 343, 354–55 (D. Del. 1988); *Rumbo v. Am. Med. Sys., Inc.*, 2021 WL 1694733, at *2–4 (Del. Super. Ct. Apr. 29, 2021), *aff'd*, 2022 WL 1482160 (Del. May 11, 2022); *CHC Invs., LLC v. FirstSun Cap. Bancorp*, 2020 WL 1480857, at *4–8 (Del. Ch. Mar. 23, 2020),

*aff'd*, 2020 WL 6581304 (Del. Nov. 10, 2020).  "Under Delaware law, choice-of-law provisions in contracts do not apply to statutes of limitations, unless a provision expressly includes it."  *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2015 WL 11120934, at *3 (Del. Super. Ct. Dec. 29, 2015).

Here, Delaware's limitations period applies because California imposes a four-year statute of limitations for contract claims, whereas Delaware imposes a shorter, three-year period that "begins to run when the contract is breached."  *Weyerhaeuser Co. v. Domtar Corp.*, 61 F. Supp. 3d 445, 451 (D. Del. 2014), *aff'd*, 721 F. App'x 186 (3d Cir. 2018); *Kirchner v. Wyndham Vacation Resorts, Inc.*, 580 F. Supp. 3d 57, 63 (D. Del. 2022) (applying Delaware's three-year period to California claims with four-year limitations period); *Commonwealth Land Title Ins. Co. v. Funk*, 2014 WL 8623183, at *7 (Del. Super. Ct. Dec. 22, 2014).  Because the ALA's choice-of-law provision does not "expressly include" California's statute of limitations, Delaware's provision therefore applies.  SOF ¶ 2; *see also Pivotal Payments*, 2015 WL 11120934, at *3.

Applying Delaware's statute of limitations, Qualcomm's v10 claims against Arm are time-barred.  Qualcomm alleges that both Arm Holdings plc and Arm Ltd. breached Section ███████ of the ALA and the implied covenant by failing to █████████████████████████████ ██████████████████.  D.I. 137 ¶¶ 132–133, 184; D.I. 765 ¶¶ 138–139, 230.  Qualcomm's interrogatory responses likewise identify conduct dating back to 2020.  SOF ¶¶ 3–5.  Arm's alleged ████████████████████████████ falls well outside Delaware's three-year limitations period for both the implied and express claims that Qualcomm has asserted, as Qualcomm did not seek to add any v10 claim to its case against Arm Holdings plc until March 27, 2025.  D.I. 91.  Qualcomm's claims against Arm Ltd. are even more dilatory, as it did not sue Arm Ltd. until

13

January 8, 2026, and did not add its express-breach claim until March 30, 2026—nearly six years after the statute ran.  SOF ¶¶ 12–14.

Qualcomm attempts to circumvent this time bar by alleging for the first time in the Amended Complaint against Arm Ltd. that a "new" breach occurred in June 2025.  Qualcomm alleges that "Arm breached the QC ALA by declaring in June 2025 that it ████████████████ ████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ D.I. 765 ¶ 277. That allegation does not help Qualcomm, as it is apparently referring to ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ SOF ¶ 18.

That communication does not give rise to a "new" breach in June 2025.  On its face, it is a ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ █████████████████████████████████████████ No reasonable juror could read Mr. Collins' letter and conclude that Arm stated it would "████████████████████ ████████," much less that it started a new clock for a failure-to-negotiate claim.

Indeed, the fact Arm Ltd. has attempted to negotiate a v10 license in ████████ for over a year belies that interpretation.  ████████████████████████████████████████

14



. SOF ¶¶ 15–26.  Qualcomm refused to

*Id.*

SOF ¶¶ 21, 25.  Any reasonable juror would agree that Arm has not just complied with, but exceeded, its sole obligation in Section ▮▮▮▮▮

Because Qualcomm's claims trace back to *May 2020* but Qualcomm did not sue Arm Holdings until April 2024 or even raise any v10 issues until March 2025, nor did it sue Arm Ltd. until January 2026, each of Qualcomm's v10 claims against Arm is time-barred as a matter of law.

**CONCLUSION**

For the foregoing reasons, Arm respectfully requests that the Court grant summary judgment as to Qualcomm's v10 claims based on the implied covenant and express breach of Section ▮▮▮▮ of the ALA.

Dated: July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

15

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*

2