# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation, and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
  a U.K. corporation,

        Defendant.

**REDACTED - PUBLIC VERSION**
(Filed July 10, 2026)

C.A. No. 24-490-MN
(CONSOLIDATED)

██████████

---

## ARM LTD. AND ARM HOLDINGS PLC'S CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON QUALCOMM'S V10-RELATED IMPLIED COVENANT AND EXPRESS BREACH CLAIMS

Dated: July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*
*Arm Ltd. and Arm Holdings plc*

4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

## I.    THE QUALCOMM ALA

1.    Section ▮▮▮ of the parties' Architecture License Agreement ("ALA") states:



Ex. 1 at -382, ▮▮▮; *see also* D.I. 137 ¶¶ 65, 130.

2.    The ALA, including its choice-of-law provision, contains no express reference to any California statute of limitations. *See generally* Ex. 1; *see also id.* at -386, ▮▮▮.

## II.    QUALCOMM'S V10-RELATED IMPLIED-COVENANT CLAIM

3.    Qualcomm's SAC against Arm Holdings plc identifies ▮▮▮ as one of the "[r]elevant [p]rovisions of the Qualcomm ALA." D.I. 137 ¶ 65. Qualcomm contends "Section ▮▮▮." Ex. 2 at 32, 39.

4.    Qualcomm alleges that ▮▮▮ ▮▮▮ D.I. 137 ¶ 129. Qualcomm claims that, ▮▮▮ ▮▮▮ ▮▮▮ *Id.* ¶ 131. Qualcomm further alleges that ▮▮▮ ▮▮▮ ▮▮▮ *Id.*

1

5.     Qualcomm contends it ████████████████████████████

████████████████████████ Ex. 2 at 32, 39–40. Qualcomm cites a ██████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ D.I. 137 ¶ 132. Qualcomm concludes ████████████

████████████████████████████████████████████████████████████

████████████ *Id.* ¶ 133.

6.     Qualcomm does not assert that Arm Holdings has expressly breached Section

████████ *See generally* D.I. 137. Instead, Qualcomm asserts that Arm Holdings breached its

implied duty of good faith and fair dealing by ████████████████████████████████

████████████████████████████████████████████ D.I. 137 ¶ 184.

7.     Qualcomm contends that Arm's conduct "rises farther than an actual breach of the words of th[e] provision." Ex. 3 at 14:6–22; D.I. 765 ¶ 229 (alleging Arm Ltd. "has not only taken action in breach of specific language of the QC ALA" but "has gone farther by taking action to deny Qualcomm the bargained-for benefits of these contracts.").

## III.   ARM HOLDINGS PLC'S MOTION TO DISMISS

8.     On June 17, 2025, Arm Holdings moved to dismiss Qualcomm's v10-related implied covenant claim.  The Court considered Arm Holdings' motion to dismiss at the March 10, 2026 hearing. During the hearing, the Court stated that it is "not enamored of [Qualcomm's] implied duty of good faith argument . . . [given] there are express provisions ████████████

████ Ex. 3 at 5:21–6:5. The Court described the claim as a "throwaway" and stated that it is "not really sure that it has legs." *Id.* at 6:7–11. Although the Court denied Arm Holdings' motion

2

to dismiss, it invited Defendants to "move for summary judgment on [the v10] issue because I do think that there may be some legs to it." *Id.* at 18:4–9.

9.      At the March 10, 2026 hearing, the Court asked Qualcomm's counsel how the implied covenant claim "is [] not duplicative of a claim that [Qualcomm] could have but chose not to bring[:] the breach of Section ███   *Id.* at 10:11–17. In view of Section ██████████████████████████████, the Court asked, "if there is a ███████████████ ████████████, you can't go and post something more on it, right?" *Id.* at 16:4–5.

10.     Qualcomm argued that the parties "had a duty of good faith to recognize the application of that provision" meaning that the parties could not "operate outside of the contract." *Id.* at 11:10–19. The Court asked: "You don't have a breach claim. What I'm trying to figure out, if there is no breach claim, why is there discussion of what is applicable going on?" *Id.* at 12:11–13. Qualcomm's counsel conceded that the alleged conduct is "a breach of the words" of Section ██████ (*id.* at 14:6–22) and proposed that "[i]f [Qualcomm] were asked to amend, it would add [a claim for] the specific breach" of that provision. *Id*. The Court responded that Qualcomm "amended plenty of times before" and it is "not going to believe that it couldn't have [asserted an express breach] before." *Id.* at 16:21–25. The Court further responded Qualcomm cannot "keep amending in this case" or "[w]e'll go on forever." *Id.*

## IV.   QUALCOMM'S UNSUCCESSFUL MOTION TO AMEND TO ADD ARM LTD. AS A PARTY IN C.A. NO. 24-490

11.     On August 1, 2025, Qualcomm moved to amend its complaint to add Arm Ltd. as a party. D.I. 360. Special Master Rychlicki denied Qualcomm's motion to add Arm Ltd. on January 7, 2026. D.I. 585. The Court overruled Qualcomm's objections at the March 10, 2026 hearing, and again in a written order on March 20, 2026. Ex. 3 at 23:23–24:2; D.I. 761. During the hearing, the Court observed that it had "done plenty to let [Qualcomm] get that case in and

3

those allegations in, and if they're not -- if they're subject to a statute of limitations, I guess that's just [Qualcomm's] problem." Ex. 3 at 23:23–24:2.

## V.    THE ARM LTD. LITIGATION (C.A. NO. 26-20)

12.    Qualcomm's SAC against Arm Holdings and its original Complaint against Arm Ltd. allege that the Arm Defendants breached the implied covenant of good faith and fair dealing. D.I. 137 ¶¶ 128–34, 184; No. 26-20, D.I. 2 ¶¶ 128–34, 194.

13.    On March 30, 2026, Qualcomm amended its complaint against Arm Ltd., adding a claim that Arm Ltd. breached Section ███████ of the Qualcomm ALA. D.I. 765 ¶¶ 273–278. Qualcomm alleges that Arm Ltd. "breached the QC ALA by declaring in June 2025 that it ████ ████████████████████████████████████████████████████ and "failed to accept and breached its obligation under ███████████████ ██████████████████████████████████" D.I. 765 ¶ 277. Arm Ltd. filed a motion to strike Qualcomm's Amended Complaint. D.I. 800.

14.    Qualcomm pleads that its "harm" arising from Arm Ltd.'s alleged breach of ████████████████ can "only be remedied by Arm [Ltd.] engaging in a good faith negotiation for v10" because "[m]oney damages are not sufficient." D.I. 765 ¶ 278. Qualcomm's interrogatory responses and damages expert, Dr. Patrick Kennedy, did not opine on or attempt to quantify damages. *See* Ex. 2 at 29–38; Ex. 4 at 73–81.

## VI.    THE PARTIES' V10 NEGOTIATION HISTORY

15.    In 2024, ████████████████████████████████████████████████ ███████████████████, which Qualcomm rejected. *See* Ex. 5; *see also id.* at -511.

16.    Beginning on April 24, 2025, Qualcomm ████████████████████████ ████████████████████████████████████████████████. *See* Ex. 6; Ex. 7.

4

17.    Arm Ltd. responded ███████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ Ex. 8; *see also, e.g.*, Ex.

9; Ex. 10; Ex. 5; Ex. 11.

18.    On June 13, 2025, Arm Ltd. wrote to Qualcomm to explain that ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████ Ex. 9.

19.    On August 8, 2025, ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ Ex. 12.

20.    In response to Qualcomm's claim that Arm had ██████████████████

███████████████████████████████  Arm  Ltd.  ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ Ex.  5.  ████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████ *See* Ex. 13.

21.    The parties ██████████████████████████████████████

██████████████████████████████████████████████████. *See* Ex. 14; Ex. 11.

5



22. ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ Ex. 15.

23. On April 28, 2026, ███████████████████████

██████████████████████████████ Ex. 16.

24. On June 12, 2026, ██████████████████████████

████████████████████████████████████████

██████████████████ Ex. 17. ███████████████████

████████████████████████████████████████

████████████████████████████████████████ *Id.*

25. One June 16, 2026, the parties ████████████████

████████████████████████████████████████

████████ Ex. 18. On June 17, 2026, ████████████████

████████████████████████████████████. *Id.*

26. ███████████████████████████████

Dated:  July 1, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


 /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*
*Arm Ltd. and Arm Holdings plc*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Flint A. Patterson
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
fpatterson@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*

2