IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 24-490 (MN) <br> (CONSOLIDATED) |

## ORDER

At Wilmington this 14th day of July 2026:

WHEREAS, on April 18, 2024, Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. filed this action against Defendant Arm Holdings plc (D.I. 1);

WHEREAS, on February 2, 2026, this case (C.A. No. 24-490) was consolidated with a later-filed case (C.A. No. 26-20) in which Arm Ltd. was named as the defendant (*see* D.I. 765);

WHEREAS, the parties have filed numerous motions in this case, both before and after the consolidation, including several motions for summary judgment (*see, e.g.*, D.I. 414, 419, 425, 430, 441, 810, 814);

WHEREAS, an important purpose of summary judgment is to narrow the issues for trial by resolving issues that can be decided in a party's favor as a matter of law because there is no genuine dispute of material fact – *i.e.*, it is not to conduct a *de facto* bench trial of sorts based on shotgun theories and voluminous submissions that burden the parties and waste judicial resources; and

WHEREAS, there is sound reasoning in the ranked-choice procedure adopted by Chief Judge Connolly to combat excessive summary judgment motion practice (*see* https://www.ded.uscourts.gov/sites/ded/files/FINAL%20STANDING%20ORDER%20FOR%20 SUMMARY%20JUDGMENT%20PRACTICE%20IN%20PATENT%20CASES.pdf).

THEREFORE, IT IS HEREBY ORDERED that within seven (7) calendar days of this Order:

1.    Plaintiffs and Defendants shall each file a one-page letter stating which of their outstanding motions (including motions for summary judgment and others[1]) need to be addressed by the Court.

2.    Plaintiffs' and Defendants' letters shall also rank the grounds for summary judgment raised in their motions for summary judgment in whatever order they choose but with the understanding that once the Court denies summary judgment as to any single ground raised in the motions, the Court will not address any summary judgment grounds that were ranked after that ground.

3.    The parties shall – in a jointly submitted one-page letter if there is agreement, or in separate one-page letters if there is disagreement – identify which issues in this case are legal versus equitable, and which issues they would like the Court to decide as opposed to a jury.[2]

---

[1]    For instance, on October 24, 2025, Plaintiffs filed a Motion to Preclude Certain of Arm's Expert Opinions and Testimony.  (D.I. 433).

[2]    This follows a colloquy with counsel for both parties on July 8, 2026, in which some confusion was expressed on this issue and a submission was offered.  (D.I. 828 at 109:22-113:3).

2

The Honorable Maryellen Noreika
United States District Judge