IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-490 (MN)<br>(CONSOLIDATED)<br><br><br><br><br><br><br>REDACTED - PUBLIC VERSION |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' CONCISE STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON QUALCOMM'S
V10-RELATED IMPLIED COVENANT AND EXPRESS BREACH CLAIMS (D.I. 816)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

July 15, 2026

ORIGINAL FILING DATE: JULY 15, 2026
REDACTED FILING DATE: JULY 22, 2026

Plaintiffs Qualcomm Inc., and Qualcomm Technologies, Inc. (collectively, "Qualcomm") hereby respond to the Concise Statement of Facts (SOF) submitted by Defendants Arm Holdings plc and Arm Ltd. (collectively, "Arm") in support of their summary judgment motion (D.I. 816).

1.      Disputed as incomplete.  The language preceding ███████████████████████



███████████████████████████████████████████████████ D.I. 817

Ex. 1 § ██████

2.      Undisputed for purposes of this motion that █████████████████████

███████████████████████████████████████████████████

███████████████████████████████ D.I. 817 Ex. 1 § ██████

3.      Undisputed for purposes of this motion that D.I. 137 and D.I. 817 Ex. 2 include the partial quotations in ¶ 3 of Arm's SOF.[1]

4.      Undisputed for purposes of this motion that D.I. 137 includes the partial quotations in ¶ 4 of Arm's SOF.

5.      Undisputed for purposes of this motion that D.I. 137 and D.I. 817 Ex. 2 include the partial quotations in ¶ 5 of Arm's SOF.  Disputed as to Arm's characterization of the quotes.

6.      Undisputed for purposes of this motion that D.I. 137 does not include a claim for express breach of ████████████ Qualcomm's operative complaint against Arm Holdings, which was provided to Arm and the Court in March 2025 (D.I. 90-1), in accordance with the deadline to move to amend in that case (D.I. 44 ¶ 2), includes a claim for breach of the implied covenant of good faith and fair dealing based on the facts available to Qualcomm at that time. Qualcomm's operative complaint against Arm Ltd., which was filed March 30, 2026, includes

---

[1] For the partial quotations Arm has included in its SOF, the relevant cited documents include the full text of, and context for, those quotes.

claims for both breach of the implied covenant of good faith and fair dealing and breach of ██████ ████████ based on facts then available.  D.I. 765, Counts III, IX.

7.    Undisputed for purposes of this motion that the partial quotations in ¶ 7 of Arm's SOF appear in the transcript from a March 10, 2026 hearing before the Court and Qualcomm's operative complaint against Arm Ltd. (D.I. 765), respectively.  Those quotes invoke California law providing that a breach of the implied covenant "involves something beyond breach of the contractual duty itself."  E.g., *Scripps Health* v. *nThrive Revenue Sys., LLC*, 2021 WL 1978477, at *14 (S.D. Cal. 2021).

8.    Undisputed for purposes of this motion that the March 10, 2026 transcript includes the partial quotations in ¶ 8 of Arm's SOF.

9.    Undisputed for purposes of this motion that the March 10, 2026 transcript includes the partial quotations in ¶ 9 of Arm's SOF.

10.   Undisputed for purposes of this motion that the March 10, 2026 transcript includes the partial quotations in ¶ 10 of Arm's SOF.  Disputed as to Arm's editing and characterization of the quotes, particularly to the extent it conflates Qualcomm's knowledge of Arm's "alleged conduct" in March 2026 with the facts that formed the basis for Qualcomm's implied covenant claim when Qualcomm sought leave to file D.I. 137 in March 2025.  By ██████████, Arm had engaged in conduct that breached the express terms of ██████████, including by repudiating its obligations under ██████████ (D.I. 817 Exs. 8 and 9), and ████████████████████████ ████████████████████ through, for example, ████████████████████████ ████████████████████████████ (e.g., D.I. 817 Ex. 5 at -495-96; Exs. 15, 16, 19).  Qualcomm's counsel accordingly stated that "If we were asked to amend" upon the granting of Arm Holdings' motion to dismiss Qualcomm's implied covenant claim, "we would add the

specific breach of this." D.I. 817 Ex. 3 at 14:21-22.

11.    Undisputed for purposes of this motion that Qualcomm filed its motion to amend the Arm Holdings complaint to add Arm Ltd. as an individual defendant on August 1, 2025, following Arm's assertion on June 17 of a new defense that Qualcomm failed to state a claim because "Arm Holdings plc is not a party to the Qualcomm ALA or TLA." D.I. 234 at 39. Undisputed for purposes of this motion that the Special Master denied Qualcomm's motion on January 7, 2026, and that the Court overruled Qualcomm's objections to that decision on March 10, 2026, after consolidating Qualcomm's cases against Arm Holdings and Arm Ltd. D.I. 817 Ex. 3 at 19:8-9. Undisputed for purposes of this motion that the March 10, 2026 transcript includes the partial quotation in ¶ 11 of Arm's SOF. Disputed as to Arm's editing and characterization of the quotes, including to the extent Arm excerpts the Court's statement concerning "a statute of limitations" to suggest it was related to Qualcomm's v10 claims, which it was not. D.I. 817 Ex. 3 at 21:24-22:13.

12.    Undisputed that the Second Amended Complaint against Arm Holdings plc (D.I. 137) and the original Complaint against Arm Ltd. (C.A. 26-20 D.I. 2) both include a claim for breach of the implied covenant of good faith and fair dealing.

13.    Undisputed for purposes of this motion that the operative complaint against Arm Ltd. (D.I. 765) includes a claim for breach of ███████████ and the partial quotations in ¶ 13 of Arm's SOF. Undisputed for purposes of this motion that Arm moved to strike D.I. 765. The Court denied Arm's motion on July 14, 2026. D.I. 842.

14.    Undisputed for purposes of this motion that the operative complaint against Arm Ltd. (D.I. 765) includes the partial quotations in ¶ 14 of Arm's SOF. Undisputed for purposes of this motion that Qualcomm's interrogatory responses and the reports of Dr. Patrick Kennedy do

3

not include quantification of damages arising from Arm's breach of ██████████████

15.    Disputed.  The parties' 2024 discussions about ████████████████

████████████████████████████████████████████████████

████████████████████████████████████. E.g., D.I. 805 at 1 (Arm: ████

████████████████████████████████████████████████████

█████████████████████████████████████████████"). ████

███████████████████████████████████████████████ ████

██████████████████████████████████ D.I. 817 Exs. 8, 9, 10.

16.    Disputed as to Arm's characterization of ████████████████████

Qualcomm ████████████████████████ as noted in the April 24, 2025 letter Arm

cites (D.I. 817 Ex. 7), and ███████████████████████████████████

███████████████████████████ Pltfs.' CSOF ¶ 5.

17.    Disputed that Arm responded to Qualcomm's April 24, 2025 letter.  Arm did not

respond.  Qualcomm followed up on May 29, 2025.  D.I. 817 Ex. 6.  Will Abbey responded to that

letter on June 4, 2025.  D.I. 817 Ex. 8  Disputed as to Arm's characterization of its response,

including Arm's omission that Mr. Abbey's June 4 letter stated for the first time Arm's view that

████████████████████████████████████████████████████

████████████████████████████████████t," before it stated that ████

██████████████████████████████████████████ *Id.*

Undisputed for purposes of this motion that Arm acknowledged in Mr. Abbey's June 4 letter that

████████████████████████████████████████████████████

██████████████████████████████ *Id.*

18.    Undisputed for purposes of this motion that Spencer Collins sent Qualcomm a June

13, 2025 letter containing the partially quoted language stating Arm's position that is included in ¶ 18 of Arm's SOF.  Disputed as to Arm's characterization of the quotes.

19.    Undisputed for purposes of this motion that the listed terms were among those in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on August 8, 2025.  D.I. 817 Ex. 12.

20.    Disputed as to Arm's description of its December 10, 2025 ▮▮▮▮▮▮▮



D.I. 817 Ex. 5 at -489.  Disputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Collins stated in a January 27, 2026 letter that ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ D.I. 817 Ex. 13 at -864.  ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ *See id.*  Disputed that ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ There is no record evidence supporting Arm's assertion, including because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 35 at 124:16-125:9; Ex. 36; Ex. 17 at ¶ 163.  ▮▮▮▮▮▮▮, who both make custom chips that compete with Qualcomm's, are more "closely situated" with Qualcomm.  Ex. 17 at ¶¶ 162-79; Ex. 25 at 1.

21.    Disputed to the extent ▮▮▮▮▮▮▮▮▮▮▮▮▮ before the parties' January 26, 2026 in-person meeting.  ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Ex. 20 at -549-64; D.I. 817 Ex. 5 at -489.

22.    Disputed as to Arm's suggestion that Qualcomm

Ex. 19 at -523.  Disputed as incomplete as to Arm's omission that

its March 19

D.I. 817 Ex. 15 at -874.

23.    Disputed as incomplete.  Qualcomm's April 28, 2026 response told Arm that

D.I. 817 Ex. 16 at -917.  Undisputed

for purposes of this motion that                                                on April 28

included

D.I. 817 Ex. 16 includes the full text of, and

context for, the terms of Qualcomm's proposal.

24.    Undisputed for the purposes of this motion that Mr. Collins asserted

—but sent on June 12, 2026

25.    Disputed.  At the June 16, 2026 meeting,

Ex. 28.  Though

Qualcomm followed up on July 9, 2026 to

provide it in writing.  *Id.*

26.    Undisputed for purposes of this motion.

6

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

July 15, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 15, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA  90017<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

8

Lydia B. Cash, Esquire
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Matthew J. McIntee, Esquire
Megan McGlynn Butler, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Jay Emerick, Esquire
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Peter Evangelatos, Esquire
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Meghan Kelly, P.C.
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
*Attorney for Defendants*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)