IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 24-490 (MN)<br>(CONSOLIDATED)<br><br>██████████████<br>██████████████<br><br>REDACTED - PUBLIC VERSION |

**PLAINTIFFS' ANSWER BRIEF IN OPPOSITION TO ARM LTD.'S MOTION FOR SUMMARY JUDGMENT ON ITS DEFENSES OF STATUTE OF LIMITATIONS, CLAIM PRECLUSION, AND CLAIM SPLITTING**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

July 15, 2026

ORIGINAL FILING DATE: JULY 15, 2026
REDACTED FILING DATE: JULY 22, 2026

**TABLE OF CONTENTS**

**Page**

Introduction.................................................................................................................1

Summary of Argument ...............................................................................................2

Factual Background and Nature and Stage of the Proceedings ...................................2

Argument ...................................................................................................................5

I.    Neither claim preclusion nor claim splitting bars Qualcomm's claims
      against Arm Ltd. .................................................................................................5

      A.    Claim preclusion does not apply because there is no final judgment
            in the Arm Holdings case...........................................................................5

      B.    Consolidation cured any potential claim-splitting problem..................6

      C.    In any event, Qualcomm's express breach claim is not precluded
            because it is based on conduct that postdates the Arm Holdings complaint .........10

II.   Qualcomm's Section ▮ claim is not time barred..............................................11

      A.    The limitations period was equitably tolled while Qualcomm's motion
            to amend was pending...............................................................................12

      B.    Qualcomm's Section ▮ claim is timely under the separate-accrual doctrine......14

Conclusion ...............................................................................................................15

i

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Aldridge* v. *Cain*,
   2022 WL 22258415 (S.D. Miss. Sept. 27, 2022)..................................................................7

*AM Gen. Holdings LLC* v. *Renco Grp., Inc.*,
   2016 WL 4440476 (Del. Ch. Aug. 22, 2016) ....................................................................14

*Andreoli* v. *Youngevity Int'l, Inc.*,
   2020 WL 12080776 (S.D. Cal. June 15, 2020)....................................................................7

*Beasley* v. *Howard*,
   14 F.4th 226 (3d Cir. 2021) ...............................................................................................5

*Blake* v. *JP Morgan Chase Bank NA*,
   927 F.3d 701 (3d Cir. 2019)..............................................................................................14

*Bradfield* v. *Unemployment Ins. Appeal Bd.*,
   2012 WL 3776670 (Del. Aug. 31, 2012) ............................................................................7

*Daugherty* v. *Dondero*,
   2023 WL 461112 (Del. Ch. Jan. 27, 2023).........................................................................9

*Elkadrawy* v. *Vanguard Group, Inc.*,
   584 F.3d 169 (3d Cir. 2009)..............................................................................................11

*Ewing* v. *Beck*,
   520 A.2d 653 (Del. 1987) .................................................................................................15

*Gamino* v. *SPCP Grp., LLC*,
   2022 WL 336469 (C.D. Cal. Feb. 2, 2022).........................................................................7

*Gueyffier* v. *Ann Summers, Ltd.*,
   184 P.3d 739 (Cal. 2008) .................................................................................................15

*Irwin* v. *Dep't of Veterans Affairs*,
   498 U.S. 89 (1990)............................................................................................................12

*Lebanon Cnty. Employees' Ret. Fund* v. *Collis*,
   287 A.3d 1160 (Del. Ch. 2022)...................................................................................14, 15

*Levey* v. *Brownstone Asset Mgmt., LP*,
   76 A.3d 764 (Del. 2013) ..............................................................................................12, 14

*M.R.* v. *Ridley School Dist.*,
   744 F.3d 112 (3d Cir. 2014)...............................................................................................5

*Matthews Int'l Corp.* v. *Lombardi*,
2020 WL 1309399 (W.D. Pa. 2020) ..................................................................................7

*McKenna* v. *City of Philadelphia*,
304 F. App'x 89 (3d Cir. 2008) ..............................................................................4, 6, 7

*Morgan* v. *Covington Twp.*,
648 F.3d 172 (3d Cir. 2011) ...............................................................................................10

*Owens* v. *Carman Ford, Inc.*,
2013 WL 5496821 (Del. Super. Ct. Sept. 20, 2013) ...............................................12

*Parrish* v. *United States*,
605 U.S. 376 (2025) ..............................................................................................................1

*Perez* v. *Paramount Commc'ns, Inc.*,
709 N.E.2d 83 (N.Y. 1999) ..............................................................................................12

*Perez* v. *United States*,
167 F.3d 913 (5th Cir. 1999) ............................................................................................12

*Phoenix Life Ins. Co* v. *LaSalle Bank*,
2009 WL 877684 (E.D. Mich. Mar. 30, 2009) .............................................................7

*Price* v. *Wilmington Tr. Co.*,
1995 WL 317017 (Del. Ch. May 19, 1995) ................................................................14

*Pro. Mgmt. Assocs., Inc.* v. *KPMG, LLP*,
345 F.3d 1030 (8th Cir. 2003) ...........................................................................................6

*RBC Cap. Markets, LLC* v. *Educ. Loan Tr. IV*,
87 A.3d 632 (Del. 2014) ...................................................................................................10

*Sanders* v. *Turner*,
326 A.3d 348 (Del. 2024) ....................................................................................................5

*Schach* v. *Ford Motor Co.*,
210 F.R.D. 522 (M.D. Pa. 2002) .....................................................................................13

*Schneider* v. *United States*,
301 F. App'x 187 (3d Cir. 2008) .......................................................................................7

*Snow* v. *Warren Power & Mach., Inc.*,
354 P.3d 1285 (N.M. 2015) ..............................................................................................12

*Thorpe* v. *Pittsburgh Theological Seminary*,
2025 WL 1707912 (W.D. Pa. June 18, 2025) ...............................................................8

iii

*Valli* v. *Avis Budget Grp.*,
     162 F.4th 396 (3d Cir. 2025) ..................................................................................................8

*Walton* v. *Eaton Corp.*,
     563 F.2d 66 (3d Cir. 1977).............................................................................................4, 6, 7

*Washington House Condominium Ass'n of Unit Owners* v. *Daystar Sills, Inc.*,
     2017 WL 3412079 (Del. Super. Ct. Aug. 8, 2017)...............................................................12

### STATUTES

Cal. Civ. Code § 3532.......................................................................................................................15

### RULES

Fed. R. Civ. P. 54(a) .........................................................................................................................6

Fed. R. Civ. P. 54(b) .........................................................................................................................6

### OTHER AUTHORITIES

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (3d ed. 2026) ............7

Restatement (Second) of Judgments (1982) .....................................................................................5

**INTRODUCTION**

Federal courts have long adhered to the principle that "decisions on the merits ought not be avoided on the basis of mere technicalities." *Parrish* v. *United States*, 605 U.S. 376, 384 (2025) (internal quotation marks and ellipsis omitted). Yet Arm's motion for summary judgment is the culmination of an extended effort to deprive Qualcomm of its day in court on the trivial ground that Qualcomm initially named Arm Ltd.'s parent company, rather than Arm Ltd., as the defendant.

After Qualcomm filed suit against "Arm Holdings plc f/k/a Arm Ltd." in its first lawsuit based on Qualcomm's understanding of Arm's corporate restructuring, Arm provided no indication for more than a year that it believed that Qualcomm had named the wrong party. Arm made that view clear only after the deadline for Qualcomm to add Arm Ltd. as a party without leave of court had passed. Arm then opposed Qualcomm's motion for leave to amend to do just that, insisting that the proper way forward was for Qualcomm to file a second action against Arm Ltd. Qualcomm did so—only to have Arm oppose consolidating that new action with the pending one. When this Court expressed skepticism about Arm's position, Arm dropped its opposition.

Now, Arm argues that the existence of the first action somehow precludes Qualcomm's claims against Arm Ltd. entirely—laying bare why Arm so vigorously opposed both Qualcomm's routine amendment to add Arm Ltd. as a party and the eminently sensible step of consolidation. Arm also argues that one of Qualcomm's claims against Arm Ltd. became time-barred during the five months the motion to amend was pending before the Special Master.

Arm is wrong. The doctrine of claim splitting does not entitle Arm to avoid the claims against Arm Ltd. entirely; it merely protects defendants against successive, repetitive lawsuits— which is no longer a concern after consolidation. Nor can Arm leverage the time while Qualcomm's motion to amend was pending before the Special Master to create a limitations problem. And aside from being incorrect on their own terms, Arm's arguments are especially rich

1

in the face of Arm's position that Arm Holdings and Arm Ltd. are in privity. If Arm has viewed Qualcomm's claims against Arm Holdings as effectively claims against Arm Ltd. from the beginning, then litigating claims against both entities in a single, combined proceeding cannot possibly prejudice Arm. The motion for summary judgment should be denied.

## SUMMARY OF ARGUMENT

I.      The doctrines of claim preclusion and claim splitting do not bar Qualcomm's claims against Arm Ltd. Claim preclusion does not apply for the simple reason that there is no final judgment in the Arm Holdings case. Claim splitting is inapplicable too. Consolidation of the Arm Holdings and Arm Ltd. cases remedied any claim-splitting problem that may have existed—a remedy that Arm ultimately declined to oppose. In any event, even if some of Qualcomm's claims were barred on claim-preclusion or claim-splitting grounds, Qualcomm's claim for express breach of Section ▮ of the Qualcomm ALA could still proceed because it is based on conduct that postdates the Arm Holdings complaint.

II.     The statute of limitations does not bar Qualcomm's Section ▮ claim. Qualcomm moved to add Arm Ltd. months before the limitations period was set to run, both demonstrating diligence and ensuring that Arm Ltd. was on notice of the claims. Under those circumstances, equitable tolling is plainly warranted for the five months when that motion was pending before the Special Master. In any event, Arm continued to withhold different OOBs and ACK patches throughout 2023 and 2024, committing separate breaches each subject to its own three-year limitations period. Qualcomm's January 2026 complaint against Arm Ltd. was thus timely.

## FACTUAL BACKGROUND AND NATURE AND STAGE OF THE PROCEEDINGS

Qualcomm filed its initial complaint against "Arm Holdings plc f/k/a Arm Ltd." in April 2024 based on Qualcomm's understanding of Arm's then-recent corporate restructuring. D.I. 2. In Arm's first answer, Arm denied that "Arm Holdings plc. was formerly known as Arm Ltd." but

2

did not assert any defense based on Qualcomm's failure to name Arm Ltd. as a defendant, despite raising other arguments as to why it believed that Qualcomm failed to state a claim. *See* D.I. 31, ¶ 20 & pp. 19–20 (first defense). Arm then proceeded to litigate the Arm Holdings case on behalf of both Arm Holdings and Arm Ltd., producing discovery from both parties and repeatedly describing Arm Holdings as a party to the Qualcomm ALA and TLA. *See* D.I. 589 at 2–3.

On June 17, 2025, three months after the deadline to amend the complaint in the Arm Holdings case, D.I. 44, ¶ 2, Arm filed its answer to Qualcomm's Second Amended Complaint. Although Qualcomm's new allegations provided no new basis for it, Arm asserted for the first time the defense that Qualcomm failed to state a claim because "Arm Holdings plc is not a party to the Qualcomm ALA or TLA." D.I. 234 at 39. In the same answer, however, Arm asserted that "Arm"—defined as Arm Holdings plc—performed under those agreements. *See* D.I. 234 at 1 & ¶¶ 25, 44, 57. Qualcomm promptly sought clarity during the June 30, 2026 deposition of Spencer Collins, Executive Vice President and Chief Legal Officer of Arm Ltd. and member of the Executive Committee of Arm Holdings plc, but Collins testified that he did not know which party was the proper defendant. *See* D.I. 529 at A215–16 at 7:8–8:6, 27:21–32:11.

Unable to obtain a definitive answer, Qualcomm sought Arm's consent to add Arm Ltd. as a defendant in the Arm Holdings case. D.I. 591 at A277. Arm refused to consent, so Qualcomm promptly raised the issue with the Court on July 16, 2025, and then filed an opposed motion to amend the complaint on August 1. D.I. 589 at 5, n.3; D.I. 360. At the hearing before the Special Master on Qualcomm's motion, Arm noted that, if Qualcomm were to file a new action against Arm Ltd., it would raise a statute-of-limitations defense. *See* D.I. 590 at A794 at 21:10–20. Arm raised no concerns about claim preclusion or claim splitting between the Arm Holdings and Arm Ltd. cases. *See id.*

On January 7, 2026—more than five months after Qualcomm filed its motion—the Special Master denied Qualcomm's motion to amend. D.I. 585. The next day, Qualcomm filed a new complaint against Arm Ltd. as a protective matter while it sought this Court's review of the Special Master's order. C.A. No. 26-20, D.I. 2. Qualcomm then moved to consolidate the two cases. D.I. 594.

At the January 22, 2026 status conference, Arm argued that consolidation would constitute an abuse of discretion if the Court denied Qualcomm's objections to the Special Master's denial of the motion to amend. D.I. 610 at 27:3–29:9 (Arm citing *Walton* v. *Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977), and *McKenna* v. *City of Philadelphia*, 304 F. App'x 89 (3d Cir. 2008)). The Court was skeptical of Arm's position that the Court was required to "either stay the second case" or "dismiss it without prejudice," even if that resulted in "three trials instead of two." D.I. 620 at 28:21–23, 29:12–13; *see id.* at 27:20–28:1, 28:25–29:19. Arm stated that it would brief the issue but noted that, because the parties had agreed to extend the case schedule, "it may be that this consolidation issue actually takes on less importance and there may be a way that the parties can either figure this out or find a solution to this." *Id.* at 29:20–30:3. Arm stated that "the right case is going to be the case against Arm Limited and that one can move forward." *Id.* at 28:2–10.

After the hearing, Arm filed a "non-opposition" to Qualcomm's motion to consolidate. D.I. 613. Arm stated that, given "the new trial date" and the Court's "docket-management concerns," it "no longer oppose[d] administratively consolidating the cases through trial." *Id.* at 2. Arm reserved "all other rights" and stated that it did not waive any "arguments or defenses," but it did not identify any specific defenses it intended to preserve. The Court consolidated the two cases days later and then overruled Qualcomm's objections to the Special Master's denial of the motion to amend at a hearing on March 10, 2026. D.I. 817, Ex. 3 at 19:4–24:2.

4

Arm Ltd. filed its answer to Qualcomm's complaint in the second case on March 18, 2026. In addition to a statute-of-limitations defense, Arm asserted additional defenses based on res judicata (claim preclusion) and claim splitting. D.I. 757 at 50–52. Specifically, Arm asserted that the Special Master's order denying the motion to amend "precludes each of Qualcomm's claims" against Arm Ltd. *Id.* at 52. Arm now moves for summary judgment on those defenses. D.I. 810.

**ARGUMENT**

I.    **NEITHER CLAIM PRECLUSION NOR CLAIM SPLITTING BARS QUALCOMM'S CLAIMS AGAINST ARM LTD.**

Arm argues (D.I. 811 at 5–9) that the doctrines of claim preclusion and claim splitting bar Qualcomm's claims as a matter of law. Arm is incorrect. Claim preclusion is the wrong doctrine because there is no final judgment in the Arm Holdings case. And the Court has already cured any claim-splitting problem by consolidating the Arm Holdings case with the Arm Ltd. case. In any event, Qualcomm's claim for express breach of Section ▮▮▮▮ of the Qualcomm ALA should proceed regardless because it is based on facts that postdate the filing of the Arm Holdings complaint (and the deadline to amend that complaint).

A.    **Claim Preclusion Does Not Apply Because There Is No Final Judgment In The Arm Holdings Case**

To establish the affirmative defense of claim preclusion, a defendant must demonstrate the existence of "(1) a final judgment on the merits in a prior proceeding that involved (2) the same parties or their privies and (3) the same cause of action." *M.R.* v. *Ridley School Dist.*, 744 F.3d 112, 120 (3d Cir. 2014). A "predicate" for the defense is thus that the court in the first action has entered a "final judgment on the merits." *Beasley* v. *Howard*, 14 F.4th 226, 232 (3d Cir. 2021); *see Sanders* v. *Turner*, 326 A.3d 348, 352 (Del. 2024); Restatement (Second) of Judgments § 13 (1982). Here, however, the Arm Holdings case has not reached a final judgment. Trial is set for October, and no "immediately appealable" decision has been entered. *Sanders*, 326 A.3d at 352;

5

*see* Fed. R. Civ. P. 54(a)–(b).  Arm's defense of claim preclusion thus fails.

Arm contends (D.I. 811 at 8) that the denial of the motion to amend in the Arm Holdings case was itself a final judgment on the merits.  But the cases Arm cites (*id*. at 8–9) were all cases where the first action had reached a final judgment resolving all claims against all parties (or cases relying on authorities where that was the case).  For example, Arm invokes language from the Third Circuit's nonprecedential decision in *McKenna* v. *City of Philadelphia*, 304 F. App'x 89 (2008), stating that "denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action."  *Id.* at 93 (quoting *Pro. Mgmt. Assocs., Inc.* v. *KPMG, LLP*, 345 F.3d 1030, 1031 (8th Cir. 2003) (per curiam)).  But the case the Third Circuit quoted for that proposition addressed only whether the denial of a motion to amend is a *merits determination* on the claim sought to be added, not whether it is a *final judgment* when other claims remain pending.  *See Pro. Mgmt Assocs.*, 345 F.3d. at 1032–33.  A final judgment unquestionably existed in that case because the first court had dismissed all of the plaintiff's claims and entered final judgment.  *See id.* at 1032.  The Third Circuit in *McKenna* also recognized that the denial of the motion to amend is not a final judgment, as it explained that claim preclusion did not apply there because the first lawsuit was still pending when the second lawsuit was filed.  304 F. App'x at 94.  Neither *McKenna* nor any of Arm's other cases Arm supports its effort to convert an interlocutory ruling on a motion to amend into a final judgment with preclusive effect.

### B.    Consolidation Cured Any Potential Claim-Splitting Problem

Arm's claim-splitting argument fares no better than its claim-preclusion cousin.  The doctrine of claim splitting protects defendants from the potential prejudice that could result from having to defend against "two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Walton* v. *Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc).  It is designed to avoid subjecting the defendant to "overlapping or repetitive

6

actions in different courts or at different times." *Bradfield* v. *Unemployment Ins. Appeal Bd.*, 2012 WL 3776670, at *2 (Del. Aug. 31, 2012) (unpublished). Application of the doctrine is "a matter of docket management, reviewed for abuse of discretion." 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4406 (3d ed. 2026); *see Schneider* v. *United States*, 301 F. App'x 187, 190 (3d Cir. 2008). "[T]rial courts in this Circuit routinely resolve the problem of claim splitting by consolidating actions." *Matthews Int'l Corp.* v. *Lombardi*, 2020 WL 1309399, at *2 (W.D. Pa. Mar. 19, 2020) (citing cases); *see also Aldridge* v. *Cain*, 2022 WL 22258415, at *3, *6 (S.D. Miss. Sept. 27, 2022); *Gamino* v. *SPCP Grp., LLC*, 2022 WL 336469, at *3 (C.D. Cal. Feb. 2, 2022); *Andreoli* v. *Youngevity Int'l, Inc.*, 2020 WL 12080776, at *4 (S.D. Cal. June 15, 2020); *Phoenix Life Ins. Co.* v. *LaSalle Bank*, 2009 WL 877684, at *5 (E.D. Mich. Mar. 30, 2009).

Here, the Court cured any potential claim-splitting problem by consolidating the Arm Holdings and Arm Ltd. actions. *See, e.g.*, *McKenna*, 304 F. App'x at 93. Combining the two cases for resolution in a single proceeding ensured that Arm will not be subject to repetitive, piecemeal litigation at different times. *See Bradfield*, 2012 WL 3776670, at *2. And consolidation is unquestionably the correct approach here in light of Arm's position that Arm Holdings and Arm Ltd. are in privity, *see* D.I. 811 at 7, and the fact that Arm Holdings litigated on behalf of Arm Ltd., *see* p. 3, *supra*. Arm can hardly claim any prejudice from having to litigate Qualcomm's claims against both entities in a single consolidated proceeding when it has already been doing that from the beginning.

Indeed, Arm is particularly poorly situated to complain because it consented to consolidation. Citing *Walton* and *McKenna*, Arm argued that it would be an abuse of discretion for the Court to consolidate the cases. D.I. 610 at 27:12–29:9. But after the Court expressed its

7

doubts about Arm's position, *id.* at 27:20–28:1, 28:25–29:6, Arm said that "this consolidation issue" may have "tak[en] on less importance" given that the parties were "working out this case schedule issue." *Id.* Then, "in light of the new trial date, and mindful of the docket-management concerns the Court expressed" at the January 22 hearing, Arm withdrew its opposition to "administratively consolidating these two cases through trial." D.I. 613 at 2. Arm cannot complain about claim splitting when it accepted the action that cured any claim-splitting problems.

Citing *Thorpe* v. *Pittsburgh Theological Seminary*, 2025 WL 1707912 (W.D. Pa. June 18, 2025), Arm argues that "[c]hoosing not to oppose consolidation cannot possibly forfeit a claim splitting defense." D.I. 811 at 8. But Arm's problem is not that it has "forfeited" its claim-splitting defense. It is that Arm no longer has any grounds to assert such a defense because consolidation eliminated any potential claim-splitting problem. That readily distinguishes *Thorpe*, where the defendant moved to dismiss on claim-splitting grounds because the court denied the defendant's earlier request for consolidation. *Thorpe*, 2025 WL 1707912, at *5. The defendant there still had a claims-splitting defense because the court had refused the defendant's request to take the action that would have cured the problem. Here, by contrast, Arm agreed to eliminate any claims-splitting concerns when it consented to consolidation.

Arm notes that, when it dropped its opposition to consolidation, it stated that it did "not intend to forfeit or waive any other procedural or substantive arguments or defenses in these cases." D.I. 811 at 8 (quoting D.I. 613 at 2). But "an on-the-record reservation is not a get out of jail free card" and cannot "sanitize conduct that, viewed in context, amounts to" a waiver. *Valli* v. *Avis Budget Grp.*, 162 F.4th 396, 410 n.15 (3d Cir. 2025). In Arm's non-opposition to consolidation, Arm justified its earlier opposition by citing cases that explicitly considered whether, under the circumstances, consolidation was an appropriate cure for claim splitting. *See* D.I. 613 at 2 n.1.

8

Arm thus recognized that consolidation would eliminate any claim splitting but consented to it anyway.  Arm cannot now claim to have preserved the very arguments it knowingly relinquished.

Ultimately, Arm's real objection is not to consolidation, or to even separate actions, but to having to defend against the Arm Ltd. claims at all.  According to Arm, consolidation "cannot cure claim splitting or defeat a claim-splitting defense" because that would "eliminate Arm Ltd.'s claim-splitting defense" and thereby deprive Arm of its "substantive" rights in violation of the Rules Enabling Act.  D.I. 811 at 8.  Not only does that argument contradict the law in this Circuit, *see* p. 7, *supra*, but it is entirely circular: the only reason that consolidation "eliminate[s]" a claim-splitting defense is because it *cures* any claim-splitting problem by allowing the defendant to defend against the plaintiff's claims in a single proceeding rather than being subject to multiple, successive proceedings.  In addition, claim splitting does not concern "substantive" rights at all; it concerns procedural rights that do not implicate the Rules Enabling Act.  *See* Wright & Miller, *supra*, § 4406.  And those procedural rights cannot trump Qualcomm's substantive right to litigate its claims against Arm Ltd. in *some* forum.  The decision in *Daugherty* v. *Dondero*, 2023 WL 461112 (Del. Ch. Jan. 27, 2023), does not say otherwise; the court there merely exercised its discretion not to cure claim splitting through consolidation where consolidation would have effectively "add[ed] five new defendants" on "the third day of trial."  *Id.* at *7.

Finally, it matters not that this Court overruled Qualcomm's objections to the Special Master's denial of the motion to amend.  *See* D.I. 811 at 7–8.  When the Court overruled those objections, it did so because consolidation obviated the need to add Arm Ltd. as a defendant to the first action, not because it concluded that Qualcomm cannot pursue claims against Arm Ltd. at all.  There would have been no point in consolidating the two actions if the Court shared Arm's apparent view that those claims could not proceed at all unless leave to amend were granted.  Arm

itself seemingly recognized as much then, as it assured the Court that the claims against Arm Ltd. could still proceed if leave to amend were denied, subject only to its statute-of-limitations defense, telling the Court that the "right case" against Arm Ltd. "can move forward."  D.I. 610 at 28:2–10. Arm's too-clever-by-half attempt to dodge the merits of Qualcomm's claims should be rejected.

### C. In Any Event, Qualcomm's Express Breach Claim Is Not Precluded Because It Is Based On Conduct That Postdates The Arm Holdings Complaint

Even if the doctrines of claim preclusion or claim splitting did apply to some of Qualcomm's claims, they would not bar Qualcomm's claim for the express breach of Section ▮ of the Qualcomm ALA.  Both Delaware and the Third Circuit have squarely held that claim preclusion does not bar claims that are "predicated on events that postdate the filing of the initial complaint."  *Morgan* v. *Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011); *see RBC Cap. Markets, LLC* v. *Educ. Loan Tr. IV*, 87 A.3d 632, 646–47 (Del. 2014).  As the Third Circuit has explained, any other rule "would only invite disputes about whether plaintiffs could have amended their initial complaints to assert claims based on later-occurring incidents."  *Morgan*, 648 F.3d at 178. Qualcomm's express breach claim is predicated on conduct by Arm that began in June 2025— more than a year after Qualcomm filed the initial Arm Holdings complaint and three months after the deadline for amendments.  D.I. 765, ¶¶ 144–67.  As Qualcomm explained at the hearing on July 6, 2026, Arm told Qualcomm for the first time in June 2025 that Arm believed that it was not bound by the contract to negotiate a license for v10.  *See* Ex. 1 at 95:5–96:3, 98:10–99:8; CSOF ¶ 25.  Since then, the parties have exchanged 18 letters, Arm has made two unreasonable v10 proposals (in December 2025 and March 2026), and the parties have attended two in-person negotiations. CSOF ¶¶ 26–28.  Claim preclusion cannot bar Qualcomm's claims based on those later-arising events. *Morgan*, 648 F.3d at 178.

Arm contends that claim preclusion should bar Qualcomm's express breach claim because

that claim "involve[s] largely overlapping facts and evidence"—even going so far as to say that "[a]ll the evidence supporting Qualcomm's express breach claim would have also supported its implied breach claim." D.I. 811 at 7. For the reasons just explained, that is incorrect. And Arm took the opposite position at the July 6 hearing, arguing that the express breach claim is "based on a series of other factual allegations," Ex. 1 at 77:20–21, includes "entirely new allegations," *id.* at 76:23–25, and involves conduct from "spring of '25, summer of '25, end of '25," *id.* at 104:23–24. To be sure, Arm Ltd.'s answer reflects that it intends to rely on the parties' negotiations after June 2025 to defend itself against Qualcomm's implied covenant claim. *See id.* at 86:22–87:5, 93:5–16; D.I. 757 at 47. But that does not mean that Qualcomm could have asserted an express claim in the Arm Holdings case based on facts that did not yet exist.

*Elkadrawy* v. *Vanguard Group, Inc.*, 584 F.3d 169 (3d Cir. 2009), is not to the contrary. *See* D.I. 811 at 6–7, 9. That case stands for the uncontroversial proposition that claim preclusion bars a second suit based on "unalleged facts" that "could have been brought" in the first case. *Elkadrawy*, 584 F.3d at 173–74. But the facts supporting Qualcomm's express breach claim could not have been alleged in the first case, because they did not occur until June 2025 (or later), after the Arm Holdings complaint was filed and the deadline to amend the complaint had passed. CSOF ¶¶ 25–28; D.I. 2; D.I 44 ¶ 2.

## II.    QUALCOMM'S SECTION ███ CLAIM IS NOT TIME BARRED

Arm contends (D.I. 811 at 9–15) that the limitations period for Qualcomm's claim for breach of Section ███ of the Qualcomm ALA expired no later than January 4, 2026, while Qualcomm's motion to amend the Arm Holdings complaint to add Arm Ltd. as a party remained pending. That argument lacks merit. The limitations period was subject to equitable tolling, and,

11

at a minimum, Qualcomm's claims are timely as to Arm's separate breaches in 2023 and 2024.[*]

### A. The Limitations Period Was Equitably Tolled While Qualcomm's Motion To Amend Was Pending

Under Delaware law, equitable tolling of a statutory limitations period is available for the time during which a plaintiff's claim was pending in another action.  *See Levey* v. *Brownstone Asset Mgmt., LP*, 76 A.3d 764, 772 (Del. 2013).  Equitable tolling is also available "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin* v. *Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see Owens* v. *Carman Ford, Inc.*, 2013 WL 5496821, at *3 (Del. Super. Ct.  Sept. 20, 2013) (tolling claim timely filed in the wrong forum); *Washington House Condominium Ass'n of Unit Owners* v. *Daystar Sills, Inc.*, 2017 WL 3412079, at *18 (Del. Super. Ct. Aug. 8, 2017) (recognizing the same principle).  In those circumstances, equitable tolling is appropriate because the defendant had notice of the claim, and the act of filing a pleading during the limitations period demonstrates the requisite diligence.  *See Owens*, 2013 WL 5496821, at *2–3 (citing with approval *Perez* v. *United States*, 167 F.3d 913, 914–915, 917–18 (5th Cir. 1999) (tolling limitations period where the plaintiff filed the case against the wrong defendant within the limitations period)).  Applying similar principles, "[m]ost jurisdictions"—including federal courts—"apply some degree of tolling to account for the time it takes a court to rule on a motion requesting leave of court to file an amended complaint, so long as the amended complaint is attached to the motion."  *Snow* v. *Warren Power & Mach., Inc.*, 354 P.3d 1285, 1291 (N.M. 2015); *see Perez* v. *Paramount Commc'ns, Inc.*, 709 N.E.2d 83, 86–87 (N.Y. 1999) (referring to that approach as the "[f]ederal rule").

Equitable tolling is amply warranted here.  To begin with, Arm Ltd. clearly had notice of

---

[*] Arm asserts in passing (D.I. 811 at 10 n.2) that the limitations period began to run in August 2022, not in January 2023.  Qualcomm disagrees with Arm's assertion but agrees that the difference is not relevant to Arm's arguments at summary judgment.

Qualcomm's claims before the limitations period expired, because Qualcomm moved to amend to add Arm Ltd. as a party five months before the statute of limitations ran (after having informed Arm of its intent to do so).  Indeed, Arm Ltd. should have been on notice long before that, as Qualcomm sued "Arm Holdings plc f/k/a Arm Ltd." from the start.  D.I. 2.  Arm provided discovery in that action on behalf of both Arm Holdings and Arm Ltd., thus demonstrating its awareness that Qualcomm's claims encompassed Arm Ltd.  D.I. 589 at 2–3.  And Arm is arguing in this very motion that Arm Ltd. is in privity with Arm Holdings for claim-preclusion purposes.  *See* D.I. 811 at 7.  If Arm itself maintains that Arm Holdings and Arm Ltd. are so closely related that a claim against one is effectively a claim against the other, then it cannot reasonably dispute that Qualcomm's initial complaint sufficed to put Arm Ltd. on notice of the claims against it.

Qualcomm also acted diligently in its efforts to pursue its claims against Arm Ltd.  Qualcomm thought it had sued Arm Ltd. from the start, as evidenced by how it captioned its case.  And once Arm asserted for the first time that Arm Holdings was not a proper defendant, Qualcomm promptly took discovery on the topic of the appropriate defendant, D.I. 234 at 39; sought Arm's consent to add Arm Ltd. as a defendant, D.I. 591 at A277; and, when Arm refused, sought leave to do so, D.I. 360—all before the limitations period ran.  The limitations period lapsed only while Qualcomm's motion remained pending with the Special Master for more than five months.  Both fair notice and Qualcomm's diligence thus amply warrant equitable tolling.

Arm argues that an "unsuccessful motion to amend does not toll anything."  D.I. 811 at 15.  But Arm's only support for that proposition is *Schach* v. *Ford Motor Co.*, 210 F.R.D. 522 (M.D. Pa. 2002), a case governed by Pennsylvania, not Delaware, law.  While Pennsylvania does not allow tolling based on the filing of a motion to amend the complaint, *see id.* at 523–24, most jurisdictions do.  *See* p. 12, *supra*.  And to insist that Qualcomm should have separately sued Arm

13

Ltd. while its motion to amend was pending would contravene Delaware's policy of "discourag[ing] placeholder suits." *Levey*, 76 A.3d at 772. Equitable tolling applies.

### B. Qualcomm's Section █ Claim Is Timely Under The Separate-Accrual Doctrine

Even without equitable tolling, the separate-accrual doctrine would allow Qualcomm to seek relief for any of Arm's breaches of Section █ that occurred within the three-year period before Qualcomm sued Arm Ltd. in January 2026. Under that doctrine, "each continuation or repetition of the wrongful conduct may be regarded as a separate cause of action for which suit must be brought within the period beginning with its occurrence," allowing a plaintiff to recover "for acts that occurred during the limitations period, even if other aspects of the ongoing conduct occurred outside the limitations period." *Lebanon Cnty. Employees' Ret. Fund* v. *Collis*, 287 A.3d 1160, 1199–1200 (Del. Ch. 2022); *see Blake* v. *JP Morgan Chase Bank NA*, 927 F.3d 701, 706 (3d Cir. 2019). Accordingly, where a party to a contract commits multiple breaches that "can plainly be segmented," the limitations period runs from each individual breach. *Price* v. *Wilmington Tr. Co.*, 1995 WL 317017, at *2 (Del. Ch. May 19, 1995); *see AM Gen. Holdings LLC* v. *Renco Grp., Inc.*, 2016 WL 4440476, at *11–13 (Del. Ch. Aug. 22, 2016).

Here, Qualcomm has alleged that Arm committed separate breaches of Section █ well after January 2023. For example, Qualcomm sent Arm a ███████████████ in May 2023, and Arm did not provide an OOB. CSOF ¶ 4. Arm likewise withheld patches during the limitations period, stating throughout the summer of 2023 ███████████ ██████████████████████████████████████████████████ CSOF ¶ 5–12. Qualcomm continued to identify test issues throughout 2024, but Arm did not provide the corresponding patches. CSOF ¶ 13–22. Each of those acts was a separate, independent breach of Section █ for which the limitations period began to run anew.

14

None of Arm's cases says otherwise; they all rely on the distinct doctrine of continuing breach, not separate accrual. D.I. 811 at 14; *see Lebanon*, 287 A.3d at 1178–79 (explaining the difference). The continuing-breach doctrine is not relevant because Qualcomm is not arguing that Arm's withholding of OOBs and ACK patches is "one continuing wrong." *Ewing* v. *Beck*, 520 A.2d 653, 662 (Del. 1987). Rather, Arm withheld distinct OOBs and patches at different times, including well after January 2023. Arm is not immunized from liability for those distinct breaches merely because it first committed other breaches earlier.

The fact that Qualcomm did not send Arm separate breach notices for those subsequent breaches (D.I. 811 at 15) is irrelevant to Arm's statute-of-limitations defense, as any dispute about whether notice was required here goes to the merits of Qualcomm's claims, not to their timeliness. In any event, California law "does not require idle acts," Cal. Civ. Code § 3532, and accordingly excuses non-compliance with a contractual notice provision where enforcing it would be futile. *See Gueyffier* v. *Ann Summers, Ltd.*, 184 P.3d 739, 744 (Cal. 2008). Here, Qualcomm sent breach notices to Arm in November and December 2022. CSOF ¶ 2. Arm responded that "no failure of delivery has occurred," that "Qualcomm does not have verification, delivery, or support rights under its ALA applicable to Nuvia-based technology," and that it "has already made its position on this clear in court filings." CSOF ¶ 3. Arm proceeded to withhold OOBs and ACK patches until January 2025—after the trial in the prior case. CSOF ¶ 22. That conduct presents at least a factual dispute as to whether providing Arm with notice and an opportunity to cure the later breaches would have been futile after Arm's response to the initial breach notices.

## CONCLUSION

Arm's motion for summary judgment on the defenses of statute of limitations, claim preclusion, and claim splitting should be denied.

15

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

July 15, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 15, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY 10019<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

17

Lydia B. Cash, Esquire                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX  78701
*Attorneys for Defendants*

Gregg F. LoCascio, P.C.                                   *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Matthew J. McIntee, Esquire
Megan McGlynn Butler, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendants*

Jay Emerick, Esquire                                      *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendants*

Peter Evangelatos, Esquire                                *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendants*

Meghan Kelly, P.C.                                        *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
*Attorney for Defendants*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

18