IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,                      )
   a Delaware corporation; and               )
QUALCOMM TECHNOLOGIES, INC.,                )
   a Delaware corporation,                   )
                                      )
            Plaintiffs,                      )    C.A. No. 24-490 (MN)
                                       )    (CONSOLIDATED)
      v.                                      )
                                       )    ▉▉▉▉▉▉▉▉▉▉
ARM HOLDINGS PLC., f/k/a ARM LTD.,          )
   a U.K. corporation,                       )
                                       )    REDACTED - PUBLIC VERSION
            Defendant                        )

**QUALCOMM'S LETTER TO THE HONORABLE MARYELLEN NOREIKA
REGARDING WHICH ISSUES IN THIS CASE ARE LEGAL VERSUS EQUITABLE**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

July 21, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

ORIGINAL FILING DATE: JULY 21, 2026
REDACTED FILING DATE: JULY 28, 2026

Dear Judge Noreika:

The only areas of disagreement between the parties regarding which issues are to be decided by the jury versus the Court concern Counts IV and V (intentional and negligent interference with prospective economic advantage), and Count VI (violation of California Unfair Competition Law (UCL)). Those issues are denoted in bold below. The parties agree as to all other issues.

At a high level, the parties agree that the tortious interference claims are legal and should be decided by the jury and the UCL claim is equitable and should be decided by the Court. The disagreement arises because Qualcomm is asserting that Arm's violation of the UCL satisfies the wrongful conduct element of its tortious interference claims (D.I. 622 at 7-9). Qualcomm's position is that, under California law, the Court must decide as a matter of law whether a UCL violation is the type of conduct that can satisfy that element (*Id.*). If it can, then the jury must determine whether the UCL elements are satisfied (*i.e.*, did Arm commit the acts Qualcomm alleges and did those acts violate the UCL) as part of determining whether tortious interference occurred (*Id.*). The Court then must separately decide the UCL claim—but the Court will be bound by the jury's findings on the UCL elements under the Seventh Amendment.[1]

**Issues for Jury to Decide**[2]**:** Count I.A-B, F-K, L-M (declaratory judgement: Arm breached ALA § ▮▮ and TLA §§ ▮▮▮▮▮▮, and Qualcomm did not breach its ALA); Count II (breach of ALA § ▮▮); Count III (implied covenant: leak of Breach Letter, failure to provide good faith licensing proposals for peripheral IP); **Count IV and V (intentional and negligent interference with prospective economic advantage)**; Count VII and VIII (breach of TLA §§ ▮▮▮▮▮▮); Tenth Defense (failure to mitigate).

**Issues for Court to Decide:** Count I.C-E (declaratory judgement: Arm breached ALA § ▮▮▮); Count III (implied covenant: withholding of deliverables under ALA[3]; failure to negotiate extension to ALA; failure to provide good faith licensing proposals for implementation cores); **Count VI (violation of UCL)**; Count IX (breach of ALA § ▮▮▮); Second Defense (Waiver / Estoppel / Laches / Acquiescence); Third Defense (Unclean Hands); Fourth Defense (Limits on Damages); Fifth Defense (Compulsory Counterclaims / Res Judicata / Collateral Estoppel); Sixth Defense (Res Judicata / Claim Splitting); Seventh Defense (*Noerr-Pennington* Doctrine / California Litigation Privilege); Eighth Defense (Statute of Limitations); Ninth Defense (Freedom of Speech); Eleventh Defense (Unenforceability of ALA & TLA Provisions).

Counsel is available should the Court have any questions.

---

[1] *Kairys v. S. Pines Trucking, Inc.*, 75 F.4th 153, 160-61 (3d Cir. 2023); *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 228 (3d Cir. 2009); *Roebuck v. Drexel Univ.*, 852 F.2d 715, 737-38 (3d Cir. 1988); *RG Abrams Ins. v. Law Offices of CR Abrams*, 2025 WL 1122233, at \*7-8 (C.D. Cal. Apr. 15, 2025); *Planned Parenthood v. Ctr. for Medical Progress*, 613 F. Supp. 3d 1190, 1205-07 (N.D. Cal. 2020).

[2] Qualcomm refers to the Counts alleged in D.I. 765 and affirmative defenses pleaded in D.I. 773.

[3] The jury will decide the underlying facts in connection with deciding Count II; the Court will decide the relief to be granted for Count III.

The Honorable Maryellen Noreika
July 21, 2026

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

JY/rah

cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via CM/ECF and e-mail)

2