## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation; and QUALCOMM
TECHNOLOGIES, INC.,
  a Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
  a U.K. corporation,

        Defendant.

**REDACTED - PUBLIC VERSION**
(Filed July 29, 2026)

C.A. No. 24-490-MN
(CONSOLIDATED)

██████████████████

**ARM LTD.'S REPLY IN SUPPORT OF ITS
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT ON ITS DEFENSES OF
STATUTE OF LIMITATIONS, CLAIM PRECLUSION, AND CLAIM SPLITTING**

Dated: July 22, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

**TABLE OF CONTENTS**

**INTRODUCTION**............................................................................................................................ **1**

**ARGUMENT**.................................................................................................................................... **2**

      I.        Claim Preclusion Bars Qualcomm's Claims........................................................... 2

      II.     Qualcomm's § ▮ Breach Claim Is Time Barred..................................................... 5

**CONCLUSION** ............................................................................................................................... **7**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldridge v. Cain*,
    2022 WL 22258415 (S.D. Miss. Sep. 27, 2022)..........................................................................4

*Andreoli v. Youngevity Int'l, Inc.*,
    2020 WL 12080776 (S.D. Cal. June 15, 2020)..........................................................................4

*Angles v. Dollar Tree Stores*,
    494 F. App'x 326 (4th Cir. 2012) .......................................................................................5, 6

*Averhart v. Commc'ns Workers of Am.*,
    2013 WL 3285268 (D.N.J. June 27, 2013) ...............................................................................3

*Bd. of Regents v. Tomanio*,
    446 U.S. 478 (1980)................................................................................................................1

*Beasley v. Howard*,
    14 F.4th 226 (3d Cir. 2021) ....................................................................................................5

*Bedrosian v. U.S. Dep't of Treasury*,
    42 F.4th 174 (3d Cir. 2022) ....................................................................................................3

*Benavidez v. Sandia Nat'l Lab'ys*,
    2017 WL 3052765 (D.N.M. June 21, 2017) .........................................................................5, 6

*RE: Berkley Rsch. Grp. LLC v. S. Advanced Materials, LLC*,
    2026 WL 1847512 (Del. Ch. June 26, 2026)...........................................................................6

*Boston Sci. Scimed v. Edwards Lifesciences*,
    2018 WL 6040261 (D. Del. Nov. 9, 2018) ..............................................................................2

*Bradfield v. Unemployment Insurance Appeal Board*,
    2012 WL 3776670 (Del. Aug. 31, 2012)..................................................................................4

*Chihota v. Fulton, Friedman & Gullace, LLP*,
    2012 WL 6086860 (D. Md. Dec. 5, 2012)...............................................................................4

*Cytiva Sweden Ab v. Bio-Rad Lab'ys, Inc.*,
    2021 WL 431508 (D. Del. Feb. 8, 2021) .................................................................................6

*Daugherty v. Dondero*,
    2023 WL 461112 (Del. Ch. Jan. 27, 2023), *aff'd*, 307 A.3d 977 (Del. 2023) ..........................3

*Elkadrawy v. Vanguard Grp., Inc.*,
584 F.3d 173 (3d Cir. 2009)..................................................................................................5

*Goldblatt v. NCUA*,
502 F. App'x 53 (2d Cir. 2012) ............................................................................................5

*Hall v. Hall*,
584 U.S. 59 (2018)................................................................................................................3

*Jarvis v. Matlin Patterson Glob. Advisers, LLC*,
867 F. Supp. 2d 559 (D. Del. 2012).....................................................................................7

*Laatz v. Zazzle, Inc.*,
2025 WL 1359130 (N.D. Cal. May 9, 2025) ........................................................................7

*McKenna v. City of Phila.*,
2010 WL 2891591 (E.D. Pa. July 20, 2010)........................................................................2

*McKenna v. City of Phila.*,
304 F. App'x 89 (3d Cir. 2008) ....................................................................................2, 3, 4

*Phoenix Life Insurance Company v. LaSalle Bank N.A.*,
2009 WL 877684 (E.D. Mich. Mar. 30, 2009) ....................................................................4

*Rice v. Nathan Rice*,
2023 WL 4549979 (W.D. Pa. July 14, 2023) .......................................................................2

*Schach v. Ford Motor Co.*,
210 F.R.D. 522 (M.D. Pa. 2002)..........................................................................................6

*Schiano v. HomEq Servicing Corp. & HomEq Servicing*,
832 F. App'x 116 (3d Cir. 2020) ..........................................................................................6

*Thomas v. Blocker*,
2022 WL 2870151 (3d Cir. July 21, 2022)...........................................................................3

*Walton v. Eaton Corp.*,
563 F.2d 66 (3d Cir. 1977)............................................................................................1, 2, 3

*Yeransian v. Markel Corp.*,
2021 WL 979604 (D. Del. Mar. 16, 2021) ...........................................................................2

**INTRODUCTION**

The Special Master denied Qualcomm's motion to amend because of unreasonable delay, and this Court overruled Qualcomm's objections. Those decisions have consequences. Yet Qualcomm seeks to subvert both by re-litigating its motion and characterizing Arm's arguments as "mere technicalities." D.I. 851 ("Opp.") at 1. Claim preclusion and the statute of limitations, however, "are not simply technicalities," but rather "fundamental to a well-ordered judicial system." *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980). Qualcomm does not dispute that preclusion and claim-splitting principles would ordinarily bar its claims but contends consolidation allows it to evade them. Binding precedent, however, bars Qualcomm from "us[ing] the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977).

As for the statute of limitations, Qualcomm does not dispute that any ALA █ breach claim accruing before January 7, 2023, (*i.e.*, what the parties previously understood to be all such claims) was filed after the limitations period. Qualcomm responds only that the Court should equitably toll the limitations period while its unsuccessful motion was pending or else reinterpret all of the parties' conduct to date to involve multiple (more recent) breaches. But courts uniformly refuse to equitably toll deadlines based on an unsuccessful motion to amend, which makes sense. Equitable tolling is reserved for plaintiffs who diligently pursued their claims but could not meet the filing deadline because of circumstances beyond their control. In denying the motion to amend, the Court already ruled Qualcomm had not diligently pursued its claims against Arm Ltd. And Qualcomm's separate last-ditch effort to drum up multiple new breaches contradicts its position throughout discovery and runs afoul of the contractual notice-and-cure procedure.

The Court should not bend the rules for Qualcomm and should instead grant Arm's motion.

1

**ARGUMENT**

**I.    CLAIM PRECLUSION BARS QUALCOMM'S CLAIMS.**

Claim preclusion bars a subsequent action where there was: "(1) a final judgment on the merits … involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same 'cause of action.'" *Yeransian v. Markel Corp.*, 2021 WL 979604, *4-6 (D. Del. Mar. 16, 2021). Qualcomm agrees Arm Ltd. and Arm Holdings are in privity. And Qualcomm does not dispute that, with the sole exception of its new express ALA breach claim, the claims in its two lawsuits are the same. Qualcomm's principal dispute turns on the final-judgment requirement. It argues the motion to amend decision was not a final judgment and that the bar on claim splitting does not apply because its two actions were consolidated. Both arguments fail.

*First*, the denial of Qualcomm's motion to add Arm Ltd. to the Arm Holdings case was a final judgment on the merits. *See id.* at *5; *see also* D.I. 811 ("Mot.") at 8-9. That was *McKenna*'s holding: The "denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *McKenna v. City of Phila.*, 304 F. App'x 89, 93 (3d Cir. 2008). Qualcomm believes the Third Circuit misspoke because one of its citations is supposedly distinguishable. Setting aside whether the citation is distinguishable (it is not), *McKenna* plainly held that "the District Court properly ruled that McKenna missed his opportunity to litigate damages related to his termination" when he failed to raise it in the first case and his motion to amend was denied. *Id.* at 94. And the Third Circuit affirmed dismissal of the later action based on the unsuccessful motion, even though the first case remained pending for two years after the Third Circuit's decision. *McKenna v. City of Phila.*, 2010 WL 2891591 (E.D. Pa. July 20, 2010). The Third Circuit simply does not permit the new-lawsuit workaround. *Walton*, 563 F.2d at 71; *McKenna*, 304 F. App'x at 93; *Rice v. Nathan Rice*, 2023 WL 4549979, at *4 (W.D. Pa. July 14, 2023); *Boston Sci. Scimed v. Edwards Lifesciences*, 2018 WL 6040261, at *2 (D. Del. Nov. 9,

2

2018); *Averhart v. Commc'ns Workers of Am.*, 2013 WL 3285268, at \*2-3 (D.N.J. June 27, 2013).[1]

*Second*, even where there is no final judgment triggering collateral estoppel, the claim-splitting doctrine "fill[s] the gap when duplicative claims are brought in the course of ongoing litigation." *McKenna*, 304 F. App'x at 94. Under that doctrine, "[w]hen the district court bec[omes] aware that [] two actions begun … [are] virtually identical," it should "dismiss[]" the second complaint or "stay[] proceedings in the second action until judgment" in the first. *Walton*, 563 F.2d at 70; *see also* Mot. at 7-8. Preclusion otherwise bars the second action from proceeding in tandem.

Qualcomm argues the Court "cured any potential claim-splitting problem" through consolidation. Opp. at 7. The Court was permitted to consolidate—and Arm did not oppose—but consolidation cannot "cure" preclusion or strip Arm of its defense. *Hall v. Hall*, 584 U.S. 59, 75-76 (2018) (Rule 42 consolidation does not "deprive any party of any substantial rights"). *McKenna* and *Walton* expressly instruct district courts to "carefully insure[] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand [its] procedural rights" by "us[ing] the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Walton*, 563 F.2d at 71; *McKenna*, 304 F. App'x at 91. Indeed, contrary to Qualcomm's "cure" theory, *Walton* acknowledged that consolidation there was permissible but held that even after consolidation, the court was obligated to ensure the plaintiff did not "expand [its] procedural rights." 563 F.2d at 71. Qualcomm cannot end-run the denial of its motion to amend by filing a new complaint. *Daugherty v. Dondero*, 2023 WL 461112, at \*7 (Del. Ch. Jan. 27, 2023), *aff'd*, 307 A.3d 977 (Del. 2023). Its largely out-of-

---

[1] Even if Qualcomm were correct about *McKenna*, it would not matter. As Qualcomm concedes, "the denial of a motion to amend is a *merits determination*." Opp. at 6. This adverse merits determination is now law of the case that prevents Qualcomm from seeking a different, more favorable outcome on the same claims at trial. *See Thomas v. Blocker*, 2022 WL 2870151, at \*3 n.6 (3d Cir. July 21, 2022); *Bedrosian v. U.S. Dep't of Treasury*, 42 F.4th 174, 181 (3d Cir. 2022).

circuit cases are distinguishable and do not allow Qualcomm to defy *McKenna* and *Walton*.[2]

Nor is there merit to Qualcomm's argument that Arm "recognized that consolidation would eliminate any claim splitting but consented to it anyway." Opp. at 9. Arm at all times made clear it was not waiving any defense. *E.g.*, D.I. 613 at 2. And it is Qualcomm that was denied leave to amend because it "was not reasonably diligent in determining if it had sued the correct party" and "unduly delayed investigating Arm Holdings plc's assertion that it was not formerly known as Arm Ltd." D.I. 585 at 3. Arm is not the party that made a "too-clever-by-half attempt to dodge" that adverse decision. Opp. at 10; *Chihota v. Fulton, Friedman & Gullace, LLP*, 2012 WL 6086860, at *3 (D. Md. Dec. 5, 2012) ("The rule against duplicative litigation is intended, in part, to prohibit plaintiffs from 'circumventing' a court's earlier ruling.").

*Finally*, claim preclusion also bars Qualcomm's new claim that Arm Ltd. expressly breached ALA § ▮▮▮▮. Qualcomm argues its new claim is not barred because it is premised on alleged conduct post-dating the Arm Holdings complaint—specifically, negotiations in June 2025 and later. Opp. at 10-11. But "[p]arallel complaints need not be completely identical to fall under *Walton*, which proscribes '*substantially* identical complaints.'" *McKenna*, 304 F. App'x at 92. As Qualcomm's own citation makes clear, "a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021).

Here, the overlap between the express and implied breach claims is substantial enough to

---

[2] *Bradfield v. Unemployment Insurance Appeal Board* involved "a procedure mandated by statute" that precluded any "'claim splitting' argument." 2012 WL 3776670, at *2 (Del. Aug. 31, 2012). There was no "privity" in *Aldridge v. Cain*, 2022 WL 22258415, at *3-6 (S.D. Miss. Sep. 27, 2022). The claims were "significant[ly]" different in *Andreoli v. Youngevity Int'l, Inc.*, 2020 WL 12080776, at *3 (S.D. Cal. June 15, 2020). And in *Phoenix Life Insurance Company v. LaSalle Bank N.A.*, the defendant did not to pursue a claim splitting defense post-consolidation. 2009 WL 877684, at *5 (E.D. Mich. Mar. 30, 2009).

trigger preclusion. Mot. at 9. True, Qualcomm added new factual allegations about v10 negotiations in 2025 requiring further discovery. D.I. 842. But that does not change that the alleged breach occurred in 2020 and that Qualcomm could have raised its express breach claim in its Arm Holdings complaint. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 173, 173-74 (3d Cir. 2009). Qualcomm cannot avoid preclusion by artificially claiming its implied breach claim applies exclusively to *pre*-March 2025 conduct and its express breach claim applies exclusively to *post*-March 2025 conduct. Both claims turn on pre- and post-March 2025 conduct—as Qualcomm ultimately concedes, Opp. at 11—and both center on the same fundamental dispute about whether and on what terms Arm must license v10 to Qualcomm under § ███ of the ALA.

## II.   QUALCOMM'S § ██ BREACH CLAIM IS TIME BARRED.

Qualcomm disputes very few of Arm's statute of limitations arguments. Perhaps most significantly, it does not dispute that the three-year statute of limitations began running no later than January 7, 2023, for the alleged breaches identified in Qualcomm's November and December 2022 notice letters and that those alleged breaches encompass the alleged withholding of both ACK patches and the OOB. Opp. at 11-12. That means the statute ran before Qualcomm filed its amended complaint. Thus, to save its § ██ claim, Qualcomm resorts to equitable tolling and the "separate-accrual doctrine." Opp. at 14-15. Neither doctrine applies here.

Qualcomm first argues its **unsuccessful** motion to amend should equitably toll the statute of limitations. But the motion was denied, and because "[t]he amended complaint was thus never filed," it "lacks the ability to toll the limitations period." *Angles v. Dollar Tree Stores*, 494 F. App'x 326, 329, 332-33 (4th Cir. 2012); *Goldblatt v. NCUA*, 502 F. App'x 53, 55-56 (2d Cir. 2012); *Benavidez v. Sandia Nat'l Lab'ys*, 2017 WL 3052765, at *59 (D.N.M. June 21, 2017); *Schach v. Ford Motor Co.*, 210 F.R.D. 522, 523 (M.D. Pa. 2002). That distinguishes Qualcomm's cases, which—to the extent they involved motions to amend at all—involved **successful** motions

that had "the ability to toll the limitations period." *Angles*, 494 F. App'x at 329; *see* Opp. at 12.

Consistent with *Angles* and the other cases cited above, the reasons why Qualcomm could not amend its claims only underscore there is no basis for equitable tolling here. "Courts reserve tolling for litigants pursuing their rights 'diligently,' where 'some extraordinary circumstance … prevented timely filing.'" *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 119 (3d Cir. 2020); *see also RE: Berkley Rsch. Grp. LLC v. S. Advanced Materials, LLC*, 2026 WL 1847512, *5-6 (Del. Ch. June 26, 2026). As the Special Master explained (and this Court affirmed), however, Qualcomm has *not* been diligent: it "was not reasonably diligent in determining if it had sued the correct party" and "unduly delayed investigating Arm Holdings plc's assertion that it was not formerly known as Arm Ltd." D.I. 585 at 3. That is why Qualcomm's proposed amendment could not satisfy Rule 16's "good cause" standard. *See Cytiva Sweden Ab v. Bio-Rad Lab'ys, Inc.*, 2021 WL 431508, at *1-2 (D. Del. Feb. 8, 2021). Qualcomm also did nothing to diligently protect its rights after filing the motion to amend. "Nothing prevented [Qualcomm] from filing separate lawsuits to beat the running of the limitations period" or informing the Special Master the limitations period would soon expire. *Benavidez*, 2017 WL 3052765, at *59; *Angles*, 494 F. App'x at 332-33. Qualcomm chose instead to gamble that its motion to amend would succeed. It cannot now relitigate the motion to amend decision or use equity to circumvent it.

Qualcomm also argues equitable tolling applies because Arm Ltd. had notice that Qualcomm's suit against Arm Holdings was actually a suit against Arm Ltd. The defendants similarly had notice in *Angles*, *Goldblatt*, and *Benavidez*, but none of those decisions held that notice could overcome the denial of a motion to amend *and* the plaintiff's lack of diligence. Qualcomm's appeals to privity are equally misguided. Although Qualcomm makes much of Arm's argument that Arm Holdings and Arm Ltd. are in privity for purposes of claim preclusion, it cannot

6

dispute that they are not in privity for purposes of the ALA. *See Jarvis v. Matlin Patterson Glob. Advisers, LLC*, 867 F. Supp. 2d 559, 562-63 (D. Del. 2012); *see also* D.I. 811 at 7.

Next, Qualcomm argues its § ▮ claim is timely under the separate-accrual doctrine, under which "a cause of action accrues each time a wrongful act occurs, triggering a new limitations period." *Laatz v. Zazzle, Inc.*, 2025 WL 1359130, *11-12 (N.D. Cal. May 9, 2025); Opp. at 14-15. That argument is wrong, is contrary to the parties' litigation history, and injects yet another new theory into this case three months before trial. The parties have litigated this case on the premise that Qualcomm alleged a breach of § ▮ when Arm purportedly failed to cure following notice letters in November and December 2022. Now, Qualcomm argues it is actually alleging multiple breaches that arose each time the parties communicated about the deliverables to which it claims entitlement—and that it never needed to give Arm notice of any of those breaches. Opp. at 14-15.

Qualcomm's conduct throughout this case tells a different story. It has only ever sought ▮▮▮▮▮▮ for the ALA breach, triggered by the January 2023 cure-period expiration after its November and December 2022 notice letters. *See* D.I. 137 & 765 (Counts I-II); Ex. 1 (Interrog. Nos. 2, 6, 9). Qualcomm's damages expert calculated the ▮▮▮▮▮ ▮▮▮ for that ▮▮▮▮▮▮, without mentioning any alleged ALA breaches after January 2023 or suggesting there might be other ▮▮▮▮▮▮▮▮▮▮. D.I. 412 (Ex. 12 ¶¶ 32-38). And Qualcomm never once suggested in any discovery response that it was seeking to recover for multiple, separately accruing breaches or that complying with contractual notice requirements for those breaches was futile. The reason is simple: There has only ever been one alleged breach—as Qualcomm itself understood until the moment it realized the statute of limitations would bar its Arm Ltd. claim.

## CONCLUSION

Arm respectfully requests the Court grant summary judgment.

7

Dated: July 22, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


 /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Ltd.*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

2