## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
a U.K. corporation,

Defendants.

**REDACTED - PUBLIC VERSION**
(Filed July 29, 2026)

C.A. No. 24-490-MN
(CONSOLIDATED)

██████████████████

## DECLARATION OF ADAM JANES IN SUPPORT OF ARM LTD.'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT ON ITS DEFENSES OF STATUTE OF LIMITATIONS, CLAIM PRECLUSION, AND CLAIM SPLITTING

I, Adam Janes, declare as follows:

I am an attorney with the law firm of Kirkland & Ellis LLP, counsel for Arm Holdings plc and Arm Ltd. in the above referenced action. I submit this declaration in support of Arm Ltd.'s Reply in Support of Its Supplemental Motion for Summary Judgment on Its Defenses of Statute of Limitations, Claim Preclusion, and Claim Splitting.

1.      Attached as **Exhibit 1** is a true and correct excerpted copy of Plaintiffs' Fifth Supplemental Responses and Objections to Defendant's First Set of Interrogatories (Nos. 1, 2, 5–9), dated May 15, 2026. [████████████████].

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of July 2026 at Chicago, Illinois

/s/ *Adam Janes*
Adam Janes

# Exhibit 1

( ██████████████████ )

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation, and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

               Plaintiffs,

      v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,
  a U.K. corporation,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 24-490-MN
(CONSOLIDATED)

**PLAINTIFFS' FIFTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1, 2, 5-9)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively "Qualcomm" or "Plaintiffs") by and through their attorneys, hereby respond and object to defendant Arm Holdings PLC's ("Defendant" or "Arm") Interrogatories to Plaintiffs dated February 7, 2025, as follows:

**GENERAL OBJECTIONS**

1.      Plaintiffs object to each Interrogatory to the extent that it seeks to impose greater or different obligations on Plaintiffs than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered into this case, any other applicable Court orders, or agreements reached by the parties.

2.      Plaintiffs object to each Interrogatory to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also incorporate the Supplemental Expert Report of Patrick F. Kennedy, Ph.D. (dated May 15, 2026). Plaintiffs also incorporate the Expert Report of Murali Annavaram (dated May 15, 2026). Plaintiffs also incorporate by reference the Supplemental Expert Report of Eric A. Posner (dated May 15, 2026).

**INTERROGATORY NO. 2:**

Describe with specificity the complete legal and factual basis for Your contention that Arm failed to meet any of its obligations under the Qualcomm ALA, including (1) the complete legal and factual basis for Your identification of each alleged delivery obligation, (2) the complete legal and factual basis for Your contention regarding which Section of the Qualcomm ALA such alleged delivery obligations are allegedly required under, (3) the complete legal and factual basis for Your contention that You are entitled to delivery obligations, including verification and support rights, for Nuvia-based technology, including but not limited to OOB and ACK tests, and (4) all interactions, communications, or correspondence between Qualcomm and Arm regarding the relevant obligations.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Plaintiffs object to Interrogatory No. 2 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production and depositions, has not been completed. Plaintiffs further object to the Interrogatory as improperly compound. Plaintiffs further object to the Interrogatory on the ground that the term "Nuvia-based technology" is vague and ambiguous. Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the disclosure of information that was articulated in the First Amended Complaint and in Qualcomm's November 3, 2022 and December 5, 2022 letters, is readily within the possession of Defendant, or that is more easily available to it. Plaintiffs further

21



object to the Interrogatory to the extent it calls for a legal conclusion.  Plaintiffs further object to the Interrogatory to the extent that that the information sought is subject to the attorney-client privilege, the attorney work-product, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to paragraphs 11-18 and 63-90 of the First Amended Complaint (D.I. 36) and incorporate them by reference as if fully set forth herein, and to the November 3, 2022 and December 5, 2022 letters referred to in paragraphs 70, 71, and 89 of the First Amended Complaint for Plaintiffs' position.

Plaintiffs state that Section ▌ of the Qualcomm ALA governs Arm's ███████████ ████████████████████. Section ██████████████████████ ██████████████████████████████████████ ███████████████ And Sections █████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ███████████████████████. The ACK ████████████████████████ ██████████████████████████████████████████ ███████████████████████████████████████. Arm breached the Qualcomm ALA when it failed to deliver (1) patches to the ACK and (2) the OOB used to configure the ACK, thereby failing to deliver the ACK ████████████████.

By letters dated November 3, 2022, and December 5, 2022, Plaintiffs notified Arm that it was in breach of Section ▌ of the Qualcomm ALA due to its failure to deliver the ACK ███████ ███████, including because Arm failed to deliver patches to the ACK and the OOB.  In its December

6, 2022 response letter, Arm did not dispute that it failed to deliver patches to the ACK or the OOB, and instead contended that Qualcomm had neither "verification, delivery, or support rights under its ALA applicable to Nuvia-based technology" nor "right to the OOB" because Qualcomm's custom CPUs purportedly used "unlicensed technology, developed under the now-terminated Nuvia ALA, rather than under the Qualcomm ALA." However, Arm had already confirmed its obligations with respect to Qualcomm custom CPUs when, on April 12, 2022, it issued Qualcomm a compliance waiver for the Phoenix-Orion CPU and expressly noted that the waiver was issued under the Qualcomm ALA. Further, Arm's position was expressly rejected when, on December 20, 2024, the jury in *Arm Ltd.* v. *Qualcomm Inc.* found that Qualcomm CPUs that include designs acquired in the Nuvia acquisition are licensed under the Qualcomm ALA. C.A. No. 22-1146, D.I. 572 at 1.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in its initial response to this Interrogatory.

Subject to and without waiving any of its objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their initial response to this Interrogatory. Plaintiffs further respond that information responsive to this Interrogatory may be obtained from documents that Plaintiffs have produced or will produce in this litigation, and the burden of ascertaining the answer to this Interrogatory from those documents is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d). In particular, Plaintiffs direct Defendant's attention to, *e.g.*:

23

████████████████████████████████

ARM_01241585, ARM_00056571, ARM_01230076, QCVARM_0000218, QCVARM_0626590, QCVARM_0626603, QCVARM_0626519, ARM_01314327, ARM_01238384, QCVARM_0688932, QCVARM_0708107, QCVARM_0689117, QCVARM_0687479, QCVARM_0595815, QCVARM_0691526, QCVARM_0692665, QCVARM_0699278, QCVARM_0691853, QCVARM_0685578, QCVARM_0699176, QCVARM_0523837, QCVARM_0599801, QCVARM_0600098, QCVARM_0602404, QCVARM_0618712, QCVARM_0575613, QCVARM_0575611, QCVARM_0618420, QCVARM_0616871, QCVARM_0600101, QCVARM_0707732, QCVARM_0707997, QCVARM_0708118, QCVARM_0602198, QCVARM_1022267, QCVARM_1022268, QCVARM_0607060.

Plaintiffs reserve the right to further respond or object to, or supplement or amend, this Interrogatory to the extent required and in accordance with Federal Rules of Civil Procedure 26 and 33 and the applicable Local Rules at an appropriate time.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in its initial response to this Interrogatory.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to paragraphs 12-19 and 74-101 of the Second Amended Complaint and incorporate them by reference as if fully set forth herein, and to the November 3, 2022 and December 5, 2022 letters referred to in paragraphs 81, 82, and 100 of the Second Amended Complaint for Plaintiffs' position. Qualcomm also refers to and incorporates by reference its response to Interrogatory No. 6 as relevant here.

24

Subject to and without waiving any of its objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their initial response to this Interrogatory. Plaintiffs further respond that information responsive to this Interrogatory may be obtained from deposition testimony, related exhibits, and documents produced in this litigation, and the burden of ascertaining the answer to this Interrogatory from those documents is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d). In particular, Plaintiffs direct Defendant's attention to, *e.g.*: Deposition of Richard Grisenthwaite; Deposition of Martin Weidmann; Deposition of Jignesh Trivedi; Deposition of Jeff Golden; Deposition of Aparajita Bhattacharya; QCARM_0343120; QCARM_0343954; QCARM_0338573.

Plaintiffs incorporate the testimony provided and exhibits relied upon in the depositions of individuals identified as knowledgeable pertaining the subject matter of this interrogatory, including testimony from witnesses deposed during the week of July 7–11, 2025 and any additional testimony obtained after July 11, 2025. Plaintiffs reserve the right to supplement or amend their response based on testimony provided by these witnesses.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also incorporate their responses to Interrogatory No. 6 and to Interrogatory No. 16, which discusses the basis for Plaintiffs' claim that Arm breached the implied covenant of good faith and fair dealing of the Qualcomm ALA. Plaintiffs additionally identify that Arm withheld deliverables to

25

Qualcomm—the OOB and ACK patches—at least between October 2022 and January 2025. Plaintiffs further respond that information responsive to this Interrogatory may be obtained from deposition testimony, related exhibits, and documents produced in this litigation, and the burden of ascertaining the answer to this Interrogatory from those documents is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d).  In particular, Plaintiffs additionally direct Defendant's attention to, e.g.: Deposition of Jonathan Weiser ("Weiser Dep.") 123:24-151:23; Deposition of Vivek Agrawal ("Agrawal Dep.") 24:14-40:17, 51:19-60:22, 62:6-74:6, 100:12-111:23; Deposition of Ami Badani ("Badani Dep.") 43:13-44:7, 44:25-46:4; Golden Dep. 28:18-29:14, 30:10-31:16, 32:15-33:3, 33:14-19, 36:21-37:23, 43:3-18, 49:23-50:11, 83:8-84:9, 99:13-20, 100:20-101:5, 102:16-19, 104:6-24; G. Williams Dep. 61:19-62:3, 68:17-71:15, 72:1-9; Amon Dep. 57:19-58:23; Haas Dep. 120:12-121:5; Deposition of Aparajita Bhattacharya ("Bhattacharya Dep.") 57:8-58:3, 74:9-76:16, 67:16-68:25, 83:13-88:5, 89:21-24, 94:5-12, 100:10-137:1; Trivedi Dep. 18:15-23:3, 31:19-34:6, 77:17-78:11, 93:18-98:13, 98:14-103:16, 125:3-130:11, 136:7-137:8, 137:9-139:3, 139:7-142:3, 146:18-152:1, 156:2-165:22, 168:13-170:22, 172:1-177:12, 179:21-182:8, 196:5-14, 197:12-24, 210:8-212:9, 220:17-222:14, 253:3-14; Weidmann Dep. 116:12-117:23, 118:23-119:5, 125:6-127:12, 144:24-146:5, 146:9-160:2, 151:6-152:14, 164:10-171:2; Deposition of Anupa George ("George Dep.") 25:13-27:22; QCX 221-228; ARM_00001067; ARMQC_02770599; ARMQC_02602472; ARMQC_02602466; ARMQC_02602462;     ARMQC_02756246;     ARMQC_02773656;     ARMQC_02783473; ARMQC_02774378;     ARMQC_02756208;     ARMQC_02745725;     ARMQC_02774029;

26

███████████████████████████████████

ARMQC_02774642;    ARMQC_02774539;    ARMQC_02784227;    ARM_01230110;

ARM_00036346.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions as well as the objections set forth in

Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows:

Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also

incorporate the Expert Report of Murali Annavaram (dated May 15, 2026).


**INTERROGATORY NO. 3:**

Describe with specificity the complete legal and factual basis for Your contention that any of
Arm's actions have impaired, interfered, or harmed any of Qualcomm's relationships with its
existing or prospective customers, including the complete legal and factual basis for Your
contention that the "release of the Breach Letter has caused Qualcomm harm, by impairing its
relationships with current and prospective customers and interfering with its future business
opportunities" as set forth in paragraphs 114, 115, and 116 of Your Complaint, including the
identities of all such customers and prospective customers and a detailed description of each
specific current, prospective, or future business opportunities You allegedly lost.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate their General Objections and Objections to Definitions and

Instructions. Plaintiffs object to Interrogatory No. 3 as premature at this stage of the litigation,

given that (i) it involves an opinion or contention that relates to fact or the application of law to

fact, and (ii) discovery, including, without limitation, document production and depositions, has

not been completed. As a result of the Interrogatory's prematurity, Plaintiffs are not yet aware of

the full scope of customers or prospective customers Arm interfered with. Plaintiffs further object

to the Interrogatory as overly broad and unduly burdensome to the extent that it calls for the

27

QCVARM_1160578;    QCVARM_1160595;    QCVARM_1160697;    QCVARM_1160765;

QCVARM_1160773.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General

Objections and Objections to Definitions and Instructions as well as the objections set forth in

Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows:

Plaintiffs incorporate by reference their previous responses to this Interrogatory as well as their

supplemental responses to Interrogatory Nos. 1, 6, and 7.  Plaintiffs also incorporate by reference

the Supplemental Expert Report of Eric A. Posner (dated May 15, 2026).

**INTERROGATORY NO. 6:**

Describe with specificity the complete legal and factual basis for each act You allege is or was a
breach of the Qualcomm ALA, including Your contention in paragraph 155 of Your Complaint
that Arm's alleged "withholding of deliverables and deliberate decision not to cure the issue within
the time prescribed by the contract is a material breach of the QC ALA."

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate their General Objections and Objections to Definitions and

Instructions.  Plaintiffs object to Interrogatory No. 6 as premature at this stage of the litigation,

given that (i) it involves an opinion or contention that relates to fact or the application of law to

fact, and (ii) discovery, including, without limitation, document production and depositions, has

not been completed.  Plaintiffs further object to the Interrogatory as duplicative of Interrogatory

No. 2.  Plaintiffs further object to the Interrogatory as vague and ambiguous because paragraph

155 of the First Amended Complaint does not refer to Arm's "withholding of deliverables and

deliberate decision not to cure the issue within the time prescribed by the contract."  Plaintiffs

further object to the Interrogatory as overly broad and unduly burdensome to the extent it seeks

47

█████████████████████████████████

disclosure of information that was articulated in the First Amended Complaint, in Qualcomm's November 3, 2022, and December 5, 2022 letters, is readily within the possession of Defendant, or that is more easily available to it. Plaintiffs further object to the Interrogatory to the extent it calls for a legal conclusion. Plaintiffs further object to the Interrogatory to the extent that Arm is seeking information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine that makes such information non-discoverable.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to paragraphs 11-18 and 63-90 of the First Amended Complaint (D.I. 36) and incorporate them by reference as if fully set forth herein, and to the November 3, 2022, and December 5, 2022 letters referred to in paragraphs 70, 71, and 89 of the First Amended Complaint for Plaintiffs' position.

By way of further response, Plaintiffs state that Section █ of the Qualcomm ALA governs Arm's ████████████████████████ thereto. Section ████████████

████████████████████████████████████

████████████████████████ And Sections ████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

The ACK is listed████████████████████████

████████████████████████████████████

████████████████████████████████. Arm breached the Qualcomm ALA when it failed to deliver the ACK ████████████ by withholding (1) patches to the ACK; and (2) the OOB used to configure the ACK.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in its initial response to this Interrogatory.  Plaintiffs further object to the Interrogatory as overly broad and unduly burdensome to the extent it seeks disclosure of information that was articulated in the Second Amended Complaint, in Qualcomm's November 3, 2022, and December 5, 2022 letters, is readily within the possession of Defendant, or that is more easily available to it.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to paragraphs 12-19, 33-37, 63-101, 131-34, and 153-54 of the Second Amended Complaint and incorporate them by reference as if fully set forth herein, and to the November 3, 2022 and December 5, 2022 letters referred to in paragraphs 81, 82, and 100 of the Second Amended Complaint for Plaintiffs' position.  Plaintiffs refer to and incorporate by reference their response to Interrogatory No. 16 as relevant here.

Plaintiffs further respond that information responsive to this Interrogatory may be obtained from deposition testimony and related exhibits in this litigation, and the burden of ascertaining the answer to this Interrogatory from those depositions is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d).  In particular, Plaintiffs direct Defendant's attention to, *e.g.*: Deposition of Jignesh Trivedi; Deposition of Jeff Golden; Deposition of Martin Weidmann; Deposition of Richard Grisenthwaite; Deposition of Aparajita Bhattacharya.

Plaintiffs also state that Arm has repeatedly breached the implied covenant of good faith and fair dealing contained in the ALA.  Arm committed one of these breaches on October 22, 2024



when it asserted, without a valid basis, that Qualcomm was in material breach of its ALA and publicized Arm's notice of termination of the ALA to the media where it served to unsettle Qualcomm's customers. Arm also breached the implied covenant and good faith and fair dealing by reaching out to Qualcomm's customers directly about the status of Qualcomm's license, including in August 2022 and May 2023.

Additionally, ███████████████████████████████████████████ ████████████ and was not provided with any support—in further breach of the implied covenant of good faith and fair dealing.

Furthermore, Plaintiffs state that Section ██████ of the Qualcomm ALA governs ████ ████████. Section ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ Qualcomm made its election pursuant to Section ██████████████

█████████████████████████████████████████████████.

ARM_00085567. Arm has refused to negotiate an extension of v10 with Qualcomm, again, in violation of the implied covenant of good faith and fair dealing.

Plaintiffs incorporate the testimony provided and exhibits relied upon in the depositions of individuals identified as knowledgeable pertaining the subject matter of this interrogatory, including testimony from witnesses deposed during the week of July 7–11, 2025 and any additional testimony obtained after July 11, 2025. Plaintiffs reserve the right to supplement or amend their response based on testimony provided by these witnesses.

████████████████████████

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also incorporate their responses to Interrogatory No. 2 and to Interrogatory No. 16, which discusses the basis for Plaintiffs' claim that Arm breached the implied covenant of good faith and fair dealing of the Qualcomm ALA.  Plaintiffs additionally identify that Arm withheld deliverables to Qualcomm—the OOB and ACK patches—at least between October 2022 and January 2025. Plaintiffs further respond that information responsive to this Interrogatory may be obtained from deposition testimony, related exhibits, and documents produced in this litigation, and the burden of ascertaining the answer to this Interrogatory from those documents is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d).  In particular, Plaintiffs additionally direct Defendant's attention to, e.g.: Weiser Dep. 123:24-151:23; Agrawal Dep. 24:14-40:17, 51:19-60:22, 62:6-74:6, 100:12-111:23; Amon Dep. 57:19-58:23; Golden Dep. 28:18-29:14, 30:10-31:16, 32:15-33:3, 33:14-19, 36:21-37:23, 43:3-18, 83:8-84:9, 99:13-20, 100:20-101:5, 102:16-19, 104:6-24; G. Williams Dep. 61:19-62:3, 68:17-71:15, 72:1-9; Chaplin Dep. 66:2-17, 129:20-131:24; Trivedi Dep. 18:15-23:3, 31:19-34:6, 77:17-78:11, 93:18-98:13, 98:14-103:16, 125:3-130:11, 136:7-137:8, 137:9-139:3, 139:7-142:3, 146:18-152:1, 156:2-165:22, 168:13-170:22, 172:1-177:12, 179:21-182:8, 196:5-14, 197:12-24, 210:8-212:9, 220:17-222:14, 253:3-14; Bhattacharya Dep. 57:8-58:3, 74:9-76:16, 67:16-68:25, 83:13-88:5, 89:21-24, 94:5-12, 100:10-137:1; Weidmann Dep. 116:12-117:23, 118:23-119:5, 125:6-127:12, 144:24-146:5, 146:9-

████████████████████████████

160:2, 151:6-152:14, 164:10-171:2; George Dep. 25:13-27:22; ARM_1235323; QCX 221-228; ARM00001067; ARMQC_02770599; ARMQC_02602472; ARMQC_02602466; ARMQC_02602462; ARMQC_02756246; ARMQC_02773656; ARMQC_02783473; ARMQC_02774378; ARMQC_02756208; ARMQC_02745725; ARMQC_02774029; ARMQC_02774642; ARMQC_02774539; ARMQC_02784227; QCVARM_1122742; QCVARM_1122745; QCVARM_1126209; QCVARM_1129673; QCVARM_1129695; QCVARM_1129711; QCVARM_1130170; QCVARM_1133205; QCVARM_1133211; QCVARM_1133216; QCVARM_1133757; QCVARM_1137360; QCVARM_1140735; QCVARM_1140739; QCVARM_1140742; QCVARM_1141284; QCVARM_1146697; QCVARM_1149389; QCVARM_1149435; QCVARM_1149528; ARM_01230110; ARM_00036346; ARM_01314327.

Furthermore, Arm's witnesses have now confirmed that Arm's direct outreach to third parties regarding the Qualcomm ALA, including Arm's leak of the October 22 notice letter, was in disregard of the ALA's ███████████████ in Section ██. *See, e.g.*, Badani Dep. 43:13-44:44:7, 44:25-46:4; Kranhold Dep. 34:17-24, 71:6-14, 72:18-73:1, 78:8-79:23, 87:16-22.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory as well as their supplemental response to Interrogatory 16. When Qualcomm confronted Arm in November and December 2022 about its refusal to deliver ███████████ required under Section █ the ALA,

52

████████████████████████████████████

Arm's General Counsel Spencer Collins insisted that "[n]o failure of delivery has occurred," "[n]o additional delivery is required," and "[n]o breach of Section ▌ has occurred." *See* ARM_00056571; ARM_01241565.  Qualcomm was not required to continue to notify Arm that Qualcomm believed it was breaching the ALA ██████████████████████████████████████ ████████████████████████ Section ▌)[2] by refusing to deliver █████████████ when Arm continued to do so throughout 2023 and 2024 in response to both pending and new requests from Qualcomm after Arm denied that any such breach of Section ▌ had occurred because any further notice would have been futile, particularly in light of the ongoing litigation between the parties.

**<mark>FOURTH</mark> SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also incorporate the Expert Report of Murali Annavaram (dated May 15, 2026).

**INTERROGATORY NO. 7:**

Describe with specificity each alleged "unlawful and unfair business acts and practices" for which You seek monetary or injunctive relief, including: (i) a detailed description of each specific allegedly unlawful or unfair business act or practice attributable to Arm; (ii) the complete facts, circumstances, and legal basis that allegedly render the business act or practice "unlawful"; (iii) the complete facts, circumstances, and legal basis that allegedly render the business act or practice "unfair"; (iv) the dates on or during which each alleged act or practice occurred; (v) whether You contend Arm engaged in such alleged act or practice to leverage its alleged monopoly power and how such alleged act or practice helped Arm leverage its alleged monopoly power; (vi) why You

---

[2] Multiple individuals involved in the conduct at issue are officers of both Arm Holdings plc and Arm Ltd., including at least Rene Haas, Spencer Collins, and Richard Grisenthwaite.

burden of ascertaining the answer to this Interrogatory from those documents is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d).    QCVARM_1159600; QCVARM_1159608; QCVARM_1159610; QCVARM_1159643; QCVARM_1159653; QCVARM_1159664; QCVARM_1159693; QCVARM_1159694; QCVARM_1159695; QCVARM_1159706; QCVARM_1159717; QCVARM_1159718; QCVARM_1159723; QCVARM_1159732; QCVARM_1160064; QCVARM_1160131; QCVARM_1160157; QCVARM_1160171; QCVARM_1160195; QCVARM_1160203; QCVARM_1160207; QCVARM_1160216; QCVARM_1160218; QCVARM_1160221; QCVARM_1160224; QCVARM_1160228; QCVARM_1160237; QCVARM_1160242; QCVARM_1160360; QCVARM_1160375; QCVARM_1160408; QCVARM_1160434; QCVARM_1160443; QCVARM_1160578; QCVARM_1160595; QCVARM_1160697; QCVARM_1160765; QCVARM_1160773.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory.  Plaintiffs also incorporate by reference the Supplemental Expert Report of Eric A. Posner (dated May 15, 2026).

**INTERROGATORY NO. 9:**

For each category of monetary relief You are seeking in this case, including damages, restitution, recovery of royalty payments, and reduction of royalty payments, state: (i) the nature and amount of each; (ii) how and by whom the amount was determined and calculated; (iii) the dates for which You seek each category of relief; (iv) the specific acts or conduct of Arm that allegedly caused

███████████████████████████████████

that amount; and (v) the specific acts or conduct of any Person other than Arm that allegedly caused that amount.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs object to Interrogatory No. 9 as premature at this stage of the litigation, given that (i) it involves an opinion or contention that relates to fact or the application of law to fact, and (ii) discovery, including, without limitation, document production, depositions, and expert discovery, has not been completed.

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: By letters dated November 3, 2022, and December 5, 2022, Plaintiffs notified Arm that it was in breach of Section █ of the Qualcomm ALA due to its failure to deliver the ACK ██ ███████████, including because Arm failed to deliver patches to the ACK and the OOB. Pursuant to Section ██ of the Qualcomm ALA, ████████████████████████. It did not, and Arm did not dispute that it failed to deliver patches to the ACK or the OOB in its December 6, 2022 response letter. Accordingly, the ████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████.

In addition, because Arm is the sole supplier of the ACK and its OOB and patches, Arm's breach of Qualcomm's negotiated-for supply assurances left Qualcomm without any ability to obtain the full ACK and therefore at a competitive disadvantage as compared to other Arm-based CPU designers, including Arm itself.

Separately, Arm interfered with Qualcomm's existing and prospective business relationships, including by leaking its October 22, 2024 letter threatening termination of the Qualcomm ALA. For example, ████████████████. insisted on additional reassurances

74

██████████████████████████████

before it would extend its existing business relationship with Plaintiffs.  Likewise, ████████ ██ refused to finalize a term sheet for an agreement under which Plaintiffs would design a custom chip until it could first understand the implications of termination of the Qualcomm ALA on Plaintiffs' ability to deliver the custom chips in question.  Following Arm's leak, it "won at least some of [████████████ data center CPU] business," which Qualcomm was competing for. Stephen Nellis and Max A. Cherney, *Arm Recruits from Customers as It Plans to Sell Its Own Chips*,    Reuters,    https://www.reuters.com/technology/arm-recruits-customers-it-plans-sell-its-own-chips-2025-02-13/ (last visited Mar. 7, 2025).

Pursuant to Rule 33(d), Plaintiffs will produce documents from which additional information responsive to this Interrogatory may be ascertained.

Discovery is ongoing, and Plaintiffs reserve the right to supplement or amend their response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in its initial response to this Interrogatory.

Subject to and without waiving any of its objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their initial response to this Interrogatory. Plaintiffs further respond that information responsive to this Interrogatory may be obtained from documents that Plaintiffs have produced or will produce in this litigation, and the burden of ascertaining the answer to this Interrogatory from those documents is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d). In particular, Plaintiffs direct Defendant's attention to, *e.g.*:

75

████████████████████████

ARM_01230076, QCVARM_0000218, QCVARM_0626590, QCVARM_0626603, QCVARM_0626519, ARM_01314327, ARM_01238384, QCVARM_0688932, QCVARM_0708107, QCVARM_0689117, QCVARM_0687479, QCVARM_0595815, QCVARM_0691526, QCVARM_0692665, QCVARM_0699278, QCVARM_0691853, QCVARM_0685578, QCVARM_0699176, QCVARM_0523837, QCVARM_0599801, QCVARM_0600098, QCVARM_0602404, QCVARM_0618712, QCVARM_0575613, QCVARM_0575611, QCVARM_0618420, QCVARM_0616871, QCVARM_0600101, QCVARM_0707732, QCVARM_0707997, QCVARM_0708118, QCVARM_0602198, QCVARM_1022267, QCVARM_1022268, QCVARM_0607060, ARMQC_00027166, ARM_01249519, ARM_01231394, ARMQC_02731051, ARMQC_02732393, QCVARM_0616912, QCVARM_0616916, QCVARM_1030813, QCVARM_1014307, ARM_00086164, QCVARM_0713513, QCVARM_0713840, QCVARM_0713652, QCVARM_0713665, QCVARM_0713516, QCVARM_0617730, QCVARM_0713528, QCVARM_0713532, QCVARM_0713535, QCVARM_0713538, QCVARM_0713530, ARMQC_02600838, ARMQC_02601067, ARMQC_02742804, ARMQC_02741466, ARMQC_02742861, QCVARM_0864277, QCVARM_1029911, QCVARM_0865370, QCVARM_0866177, QCVARM_0863435, QCVARM_1029757, QCVARM_1030509, QCVARM_0864924, QCVARM_0531350, QCVARM_0851410, QCVARM_0608423, QCVARM_0528956, QCVARM_0523656, QCVARM_0528119, QCVARM_0864277, QCVARM_1029911, QCVARM_0865370, QCVARM_0866177, QCVARM_0863435, QCVARM_1029757, QCVARM_1030509, QCVARM_0864924, QCVARM_1068512, QCVARM_1068516, QCVARM_1068521, QCVARM_1068525, QCVARM_1068666, QCVARM_1069941, QCVARM_1069949, QCVARM_1118481, QCVARM_1069945,

76

QCVARM_1068388,    QCVARM_1068603,    QCVARM_1068222,    QCVARM_1068612,

QCVARM_0717757,    QCARM_7622616,    QCVARM_0616871,    QCARM_2412907,

QCVARM_0600038–QCVARM_0600097.

Plaintiffs reserve the right to further respond or object to, or supplement or amend, this Interrogatory to the extent required and in accordance with Federal Rules of Civil Procedure 26 and 33 and the applicable Local Rules at an appropriate time.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in its initial response to this Interrogatory.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to the Qualcomm ALA and the Qualcomm TLA, and to paragraphs 19, 26, 57, 77, 99-101, 108, 123-27, 179-80, 188, 218-20, 225-26, and the Prayer for Relief of the Second Amended Complaint, and incorporate them by reference as if fully set forth herein, for Plaintiffs' position.

Subject to and without waiving any of its objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their initial response to this Interrogatory. Specifically, Plaintiffs reiterate that this Interrogatory remains premature as expert discovery is ongoing. Plaintiffs further respond that information responsive to this Interrogatory may be obtained from deposition testimony and related exhibits in this litigation, and the burden of ascertaining the answer to this Interrogatory from those depositions is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d).  In particular, Plaintiffs direct Defendant's attention to, *e.g.*: Deposition of Cristiano Amon; Deposition of Jignesh Trivedi; Deposition of Manju Varma;

77



Deposition of Jeff Golden.   Qualcomm also refers to and incorporates by reference its response to Interrogatory Nos. 14-16 as relevant here.

Plaintiffs state that Section ▮ of the Qualcomm TLA governs ████████████

█████████████████████████████████████████████████

████████████████████████████. Section ▮ of the QC TLA provides that if ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████. Following a final conclusion from the Court in favor of Qualcomm, Arm must ██████████████████████

████████████████████████████████████████████████████

██████████████████████████████. Plaintiffs seek a ████████████████ under the TLA, including ███████████████████████.

Furthermore, Section ▮ of the QC TLA provides that ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Those subsections respectively require

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Because Arm has not complied with Section ▮ and Arm █████████████████████████████

█████████████████████████████████████

████████████████████████████████████ under Section ██ of the TLA. This remedy is in addition to the █████████████ available under Section ██ of the ALA, described in Plaintiffs' initial response to this Interrogatory, which should have started to run in 2022.

Plaintiffs additionally seek damages for the resources Qualcomm has had to unnecessarily expend as a result of Arm's bad faith conduct, including █████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████ the October 22, 2024 notice of cancellation.

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also incorporate by reference the Expert Report of Patrick F. Kennedy, Ph.D. (dated August 8, 2025), along with its accompanying schedules. Plaintiffs identify ████████████████████

████████████████████████████████████████████████

██████████████████████████████████████ Arm's breach of Section ██ of the ALA in Section ██ of the ALA, ██████████████████████████, and Plaintiffs seek ██████████████████████████

███████████████████████. Plaintiffs additionally identify ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████, and Plaintiffs seek ████████████████ paid to Arm ████

████████████████████████████████████ Plaintiffs further respond that information responsive to this Interrogatory may be obtained from deposition testimony, related exhibits, and documents produced in this litigation, and the burden of ascertaining the answer to this Interrogatory from those documents is substantially the same for Defendant as it is for Plaintiffs. *See* Fed. R. Civ. P. 33(d). In particular, Plaintiffs additionally direct Defendant's attention to, e.g.: Amon Dep. 21:10-22:21, 271:8-272:8; Chaplin Dep. 79:6-11; Cochron Dep. 197:3-198:17 (responding to questions about ████████████); Golden Dep. 49:23-50:11, 83:8-84:9, 91:16-93:8; Trivedi Dep. 126:6-130:11, 137:21-139:3, 142:14-143:18, 173:11-174:5; Jeon Dep. 50:5-51:4; QCVARM_1120024; QCVARM_1151573; QCVARM_1066278; QCVARM_1067284; QCVARM_1067283; QCVARM_1071194; QCVARM_1071193; QCVARM_1071192; ARMQC_02783619; QCVARM_1070271; QCVARM_1118081; QCVARM_1118085; QCVARM_1121930; QCVARM_1121931; ARM_00062474; ARM_00062441; QCARM_0027985; ARMQC_02784204; ARMQC_02747567; QCVARM_0600038; QCVARM_1117866; QCVARM_0600065; QCVARM_1117873; QCVARM_0600041; QCVARM_1117901; QCVARM_0600073; QCVARM_1117891; QCVARM_0600044; QCVARM_1117938; QCVARM_0600082; QCVARM_1117934; QCVARM_0600047; QCVARM_1117977; QCVARM_0600092; QCVARM_1117981; QCVARM_0600039; QCVARM_1118012; QCVARM_0600067; QCVARM_1118024; QCVARM_0600042; QCVARM_1118029; QCVARM_0600075; QCVARM_1118043; QCVARM_0600045; QCVARM_1118067; QCVARM_0600084; QCVARM_1118059; QCVARM_0600048; QCVARM_1118089; QCVARM_0600094; QCVARM_1117942;

QCVARM_1122733;    QCVARM_1151603;    QCVARM_1151597;    QCVARM_1151965;

QCVARM_1151966;    QCVARM_1151964;    QCVARM_1151620;    QCVARM_0865490;

QCVARM_1151967; QCVARM_1151968.

## FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also incorporate by reference the Reply Expert Report of Patrick F. Kennedy, Ph.D. (dated September 19, 2025). Plaintiffs further incorporate the September 25, 2025 Deposition of Patrick F. Kennedy, Ph.D.

## FIFTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:

Plaintiffs incorporate by reference, as though fully set forth herein, each of their General Objections and Objections to Definitions and Instructions as well as the objections set forth in Plaintiffs' initial response to this Interrogatory.

Subject to and without waiving any of their objections, Plaintiffs respond as follows: Plaintiffs incorporate by reference their previous responses to this Interrogatory. Plaintiffs also incorporate by reference the Supplemental Expert Report of Patrick F. Kennedy, Ph.D. (dated May 15, 2026).

██████████████████████████████

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC  20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

May 15, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

82

████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Daniel G. Mackrides, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Sydney D. Gaskins, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Alexandra Corrinne Hottenrott, Esquire<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY 10019<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Lydia B. Cash, Esquire<br>MORRISON & FOERSTER LLP<br>300 Colorado Street, Suite 1800<br>Austin, TX 78701<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

██████████████████████████████

Gregg F. LoCascio, P.C.                                         *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Meredith Pohl, Esquire
Matthew J. McIntee, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendants*

Jay Emerick, Esquire                                           *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
*Attorneys for Defendants*

Peter Evangelatos, Esquire                                    *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
*Attorneys for Defendants*


                                        */s/ Jennifer Ying*
                                        _____
                                        Jennifer Ying (#5550)

84

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2026, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendant Arm Ltd.*

2