# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation, <br><br> Defendants. | **REDACTED - PUBLIC VERSION** (Filed July 29, 2026) <br><br> C.A. No. 24-490-MN (CONSOLIDATED) <br><br> ████████████ |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON QUALCOMM'S V10-RELATED CLAIMS

Dated: July 22, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin M. Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

**TABLE OF CONTENTS**

**INTRODUCTION**................................................................................................................. 1

**ARGUMENT**...................................................................................................................... 2

      I.      Qualcomm's NEW "FRUSTRATION" THEORY CANNOT SAVE ITS
             IMPLIED CLAIMS. ................................................................................... 2

      II.     SPECIFIC PERFORMANCE IS NOT AN AVAILABLE REMEDY. .................. 4

      III.    Qualcomm's v10 Claims are Time barred. ............................................... 5

**CONCLUSION** ................................................................................................................. 7

***All emphasis added unless otherwise indicated***

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avidity Partners, LLC v. California*,
 165 Cal. Rptr. 3d 299 (Cal. Ct. App. 2013) ................................................................4

*Bell v. City of Philadelphia*,
 275 F. App'x 157 (3d Cir. 2008) ...........................................................................2, 5

*Boerger v. Heiman*,
 965 A.2d 671 (Del. 2009) .......................................................................................6

*Carrum Techs., LLC v. Ford Motor Co.*,
 2023 WL 7407778 (D. Del. Nov. 9, 2023) ................................................................3

*Certainteed Corp. v. Celotex Corp.*,
 2005 WL 217032 (Del. Ch. Jan. 24, 2005) ................................................................5

*Copeland v. Baskin Robbins U.S.A.*,
 117 Cal. Rptr. 2d 875 (Cal. Ct. App. 2002) ..............................................................4

*In re ECC Sys., Inc.*,
 323 F. App'x 519 (9th Cir. 2009) ............................................................................4

*Genesis 1 Oil Servs., LLC* v. *Wismann Grp., LLC*,
 2023 WL 8125773 (C.D. Cal. Nov. 13, 2023) ...........................................................4

*Green v. Stanton*,
 2020 WL 5821711 (D. Del. Sep. 30, 2020) ...............................................................2

*Guz v. Bechtel Nat'l Inc.*,
 8 P.3d 1089 (Cal. 2000) .........................................................................................3

*Kocher v. Larksville Borough*,
 926 F. Supp. 2d 579 (M.D. Pa. 2013) .......................................................................3

*Lamke v. Sunstate Equip. Co.*,
 387 F. Supp. 2d 1044 (N.D. Cal. 2004) .....................................................................4

*MirTech Inc. v. AgroFresh Inc.*,
 561 F. Supp. 3d 447 (D. Del. 2021) ..........................................................................5

*Oakland Bulk & Oversized Terminal, LLC* v. *City of Oakland*,
 334 Cal. Rptr. 3d 488 (Ct. App. 2025) ......................................................................4

*Pivotal Payments Direct Corp. v. Planet Payment, Inc.*,
　2015 WL 11120934 (Del. Super. Ct. Dec. 29, 2015) ...............................................5

*Shagrow Telecom Tech Co. v. Gentec Enters., Inc.*,
　2014 WL 12688419 (C.D. Cal. Feb. 28, 2014)........................................................3

*In re Sony Gaming Networks & Customer Data Sec.*,
　996 F. Supp. 2d 942 (S.D. Cal. 2014)......................................................................4

*Spence v. City of Philadelphia*,
　147 F. App'x 289 (3d Cir. 2005) ..............................................................................2

*Williams v. Chrysler Corp.*,
　991 F. Supp. 383 (D. Del.), *aff'd*, 163 F.3d 183 (3d. Cir. 1998) .............................5

**Statutes**

Cal. Civ. Code § 3390(e) ...............................................................................................5

## INTRODUCTION

With no answer to Arm's arguments that defeat Qualcomm's v10 claims as a matter of law, Qualcomm's opposition instead tries to distract from those fatal shortcomings with a wild spin on the parties' v10 negotiations. The Court need not engage with that false narrative to dispose of Qualcomm's v10 claims. Qualcomm offers no defense of its implied claim to the extent it seeks to enforce the express promise in ███████████ of the ALA. The Court can and should grant summary judgment on that basis alone, as that is the only theory Qualcomm pressed throughout this litigation. Qualcomm newly suggests that it seeks to enforce *different* obligations that are nowhere to be found in the parties' agreement. That new argument is too late and, in any event, only confirms that Qualcomm is trying to impermissibly stack obligations on top of the express promise in ███████████. Qualcomm's express claim is foreclosed for lack of remedy, and none of the cases Qualcomm cites overcome that clear bar or even addresses whether specific performance is available for ███████████. Finally, faced with an insurmountable time bar with respect to its express claim, Qualcomm tries to run away from the May 20, 2020 email it has repeatedly pointed to as the basis for Arm's alleged breach, claiming a new "repudiation" occurred in June 2025. That new argument is also too late, and no reasonable juror could read the facts in the way Qualcomm suggests.

Far from any attempt to "avoid" Qualcomm's v10 demands, Opp. 1, Arm is actively negotiating a license with Qualcomm ███████. ███████████████████████████████████████████████████████████████████████████████████████████████ Rather than negotiate fairly, Qualcomm is attempting to use this case to bully Arm into agreeing to Qualcomm's terms. It is Qualcomm that is the one trying to distract from the legal holes in its belated v10 theories.

1

## ARGUMENT

### I.   QUALCOMM'S NEW "FRUSTRATION" THEORY CANNOT SAVE ITS IMPLIED CLAIMS.

Unable to muster any legitimate difference between its implied and express claims at the March 2026 hearing, Qualcomm now switches gears to argue that Arm "frustrat[ed] Qualcomm's ability to timely enter into negotiations for v10." D.I. 848 ("Opp.") 11. The Court should reject this belated theory and dismiss Qualcomm's implied claims.

As set forth in Arm's opening brief, Qualcomm has repeatedly taken the position that "███████ of the Qualcomm ALA governs ███████" and "███████████████████████████████████████████." D.I. 815 at 7–10. Qualcomm does not even try to defend its implied claim to the extent it seeks to enforce the express promise in ███████. That alone is grounds to grant summary judgment on Qualcomm's implied claim, as Qualcomm cannot use an implied claim to enforce a purported "breach of the words of" ███████. D.I. 816, SOF ¶ 10; *see* D.I. 815 at 7–10.

With no defense for the claim it pleaded and has pressed thus far, Qualcomm instead tries to sweep all its litigation positions under the rug. But each of its new arguments is improper and without merit.[1] To start, Qualcomm tries to create some daylight between its implied claim and the express promise in the ALA, arguing for the first time that Arm concealed v10 and obstructed Qualcomm's ability to negotiate a license to v10. Opp. 11. But Qualcomm "may not amend [its] complaint through arguments in [its] brief in opposition to a motion for summary judgment." *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008).[2] To date, Qualcomm has grounded

---

[1]   At the very least, any new theory injected in Qualcomm's Amended Complaint as to Arm Ltd. does not apply to Arm Holdings.

[2]   *See also Spence v. City of Philadelphia*, 147 F. App'x 289, 291 (3d Cir. 2005) ("[A] claim that has not been timely raised is waived."); *Green v. Stanton*, 2020 WL 5821711, at *4 (D. Del.

2

its v10 implied covenant allegations in Arm's alleged failure ███████████████████ ██████████████████████████████████████████." D.I. 137 ¶ 184; D.I. 765 ¶ 230; *see also* D.I. 137 ¶¶ 65, 129–33; D.I. 765 ¶¶ 68, 132–33. None of Qualcomm's interrogatory responses describe any alleged frustration theory; they instead focus on an alleged breach of the express language of ████████████. SOF ¶¶ 3–7. Even Qualcomm's Amended Complaint against Arm Ltd. is devoid of any theory about Arm's supposed "concealment" of v10. Qualcomm's complete failure to include a frustration theory until its summary judgment response is alone enough for the Court to reject it.

Should the Court nonetheless consider Qualcomm's belated theory, these allegations confirm that Qualcomm seeks to use the implied covenant to impermissibly "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). All agree that ████████ ████████ of the ALA provides that ███████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████ D.I. 816 ¶ 1. Nothing in that provision ███████████████████████ ████████████████████████████████████████████████████ ████████████████████ Opp. 11. Trying to inject these requirements into ████████████████ is far beyond the mere "gap filling" contemplated by the implied covenant. *Shagrow Telecom Tech Co. v. Gentec Enters., Inc.*, 2014 WL 12688419, at *3 (C.D. Cal. Feb. 28, 2014); *Avidity Partners,*

Sep. 30, 2020) (granting relief where plaintiff "did not plead the claim in her Complaint, and did not raise[] it until after the close of discovery"); *Kocher v. Larksville Borough*, 926 F. Supp. 2d 579, 604-05 (M.D. Pa. 2013) ("plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion"); *Carrum Techs., LLC v. Ford Motor Co.*, 2023 WL 7407778, at *6-7 (D. Del. Nov. 9, 2023) (similar).

3

*LLC v. California*, 165 Cal. Rptr. 3d 299, 320 (Cal. Ct. App. 2013); *Lamke v. Sunstate Equip. Co.*, 387 F. Supp. 2d 1044, 1047–48 (N.D. Cal. 2004). At base, all of Qualcomm's shifting implied covenant theories fail as a matter of law.

## II.    SPECIFIC PERFORMANCE IS NOT AN AVAILABLE REMEDY.

California law is clear that the only form of recovery available for breach of ███████████ ███████████ is reliance damages, yet "Qualcomm is not seeking damages on its express breach claim." Opp. 13. Because Qualcomm has disclaimed the only form of recovery allowed for its express breach claim, that claim fails for lack of remedy. *See Copeland v. Baskin Robbins U.S.A.*, 117 Cal. Rptr. 2d 875, 883, 886 (Cal. Ct. App. 2002).

Qualcomm concedes that *Copeland* applies to ███████████, *see* Opp. 10 n.3, but attempts to sidestep its holding by citing inapposite cases. *Copeland* could not be clearer that "reliance damages are the ***only form of recovery*** available in an action on ███████████ ███████████" and therefore are the only "***appropriate remedy***" in such actions. 117 Cal. Rptr. at 883, 886; *see also In re ECC Sys., Inc.*, 323 F. App'x 519, 521 (9th Cir. 2009). Meanwhile, ***none*** of the cases Qualcomm cites even address the specific question of whether specific performance is an available remedy for ███████████████ let alone affirmatively provides a legal basis for the amorphous "Order" Qualcomm seeks. In *AMG & Assocs., LLC v. AmeriPride Servs., Inc.*, the court dismissed the specific performance count because it "is not a cause of action" and did not address whether specific performance is an appropriate remedy for breach of ███████████ ███████████. 2016 WL 9275402, at *3–5 (C.D. Cal. Aug. 29, 2016). And in *Genesis 1 Oil Servs., LLC v. Wismann Grp., LLC*, 2023 WL 8125773, at *4 (C.D. Cal. Nov. 13, 2023), *In re Sony Gaming Networks & Customer Data Sec.*, 996 F. Supp. 2d 942, 1013 (S.D. Cal. 2014), and *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 334 Cal. Rptr. 3d 488, 522 (Ct. App. 2025), the courts did not analyze the appropriate remedies for a breach of ███████████

4

███████ at all. Qualcomm also points (for the first time) to ███ of the ALA, *see* Opp. 12, but that provision does not specifically mention ████████████ in ██████████ and cannot overcome the fundamental problem with seeking specific performance of such a promise: its terms "are not sufficiently certain to make the precise act which is to be done clearly ascertainable." Cal. Civ. Code § 3390(e).

## III.    QUALCOMM'S V10 CLAIMS ARE TIME-BARRED.

Finally, in an effort to escape its failure to timely bring its v10 claims, Qualcomm argues—again for the first time—that the statute of limitations could not have run because Qualcomm was unaware of Arm's actions until it learned about them in this litigation. That theory, too, is new, which alone is grounds for the Court to reject it. *See, e.g.*, *Bell*, 275 F. App'x at 160. But to the extent the Court considers it, that new argument cannot be reconciled with Qualcomm's repeated assertions throughout this case that Arm's breach occurred on May 20, 2020. Qualcomm's express claim also fails because no reasonable juror would find that Arm "repudiated" its obligations in June 2025.

"Under Delaware law, a contract claim accrues at the time of the breach." *Williams v. Chrysler Corp.*, 991 F. Supp. 383, 390 (D. Del.), *aff'd*, 163 F.3d 183 (3d. Cir. 1998); *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2015 WL 11120934, at *4 (Del. Super. Ct. Dec. 29, 2015) ("The statute of limitations period starts to run at the time of the breach."); *Certainteed Corp. v. Celotex Corp.*, 2005 WL 217032, at *7 (Del. Ch. Jan. 24, 2005); *see also MirTech Inc. v. AgroFresh Inc.*, 561 F. Supp. 3d 447, 455–56 (D. Del. 2021). As Qualcomm's opposition puts it, ████████████████████████████████████████████████████ Opp. 1. Qualcomm has throughout this action pointed to ██████████████ as the purported trigger for Arm's obligation to ██████████████ and thus the basis of Arm's alleged breach. D.I. 137 ¶¶ 132–

33; 184; D.I. 765 ¶¶ 138–39, 230. That is when its v10 claims arose, and thus adding its v10 claims into the case in 2025 and 2026 was too late. *See* D.I. 815 at 12–15.

Qualcomm tries to save its implied claim from that clear time bar by invoking *Boerger v. Heiman*, 965 A.2d 671, 674 (Del. 2009), for the proposition that "[t]he relevant question for timeliness purposes is when Qualcomm was on sufficient notice of Arm's concealment," but that is not a correct statement of the law. Opp. 13 (citing *Boerger*). Rather, *Boerger* sets forth the discovery rule in Delaware, which provides that "[i]gnorance of the cause of action will not toll the statute [of limitations], absent concealment or fraud, or unless the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act." *Boerger*, 965 A.2d at 674. And "[i]n the latter circumstance, the statute of limitations begins to run upon the discovery of facts '***constituting the basis of the cause of action or*** the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery' of such facts." *Id.* Here, Qualcomm does not allege fraud, and no reasonable juror could find that Arm "concealed" its position when it informed Qualcomm on May 15, 2020— ███████.

As Arm stated at the time:



D.I. 854-01 Ex. 5 at -568. Because Qualcomm must have a basis for pleading a cause of action at the time of filing, *Boerger*, 965 A.2d at 674, it cannot rely on discovery to set the date of breach.

Qualcomm's express claim is time-barred too. No reasonable juror could conclude that Arm "repudiated" its contractual obligations in June 2025 because the letters on which Qualcomm relies for so-called "repudiation" are clear that ███████ May 2020

6



██████ Opp. 11. Mr. Collins' June 2025 letter reiterates Arm's longstanding position that

██████ SOF ¶ 18. The same goes for Qualcomm's reference to Mr. Abbey. *See* Opp. 5. As Qualcomm admits, Mr. Abbey merely asserted that ████████

████████ *Id*. These communications on their face refer ████████

██████ There is no genuine dispute that by May 20, 2020, Qualcomm was on notice of any claim regarding v10.

Accordingly, Delaware law required Qualcomm to file its v10 claims by May 20, 2023. Because Qualcomm did not file suit against Arm Holdings until April 2024 (D.I. 2), raise a v10 claim until March 2025 (D.I. 90), or sue Arm Ltd. until January 2026 (26-20, D.I. 2), Qualcomm's v10 claims are time-barred.

## CONCLUSION

For the foregoing reasons, summary judgment as to Qualcomm's v10 claims based on the implied covenant and express breach of ████████ of the ALA should be granted.

7

Dated: July 22, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP


 /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

8

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

## BY EMAIL

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Holdings plc
and Arm Ltd.*