# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED,
  a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
  a Delaware corporation,

        Plaintiffs,

    v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
  a U.K. corporation,

        Defendant.

**REDACTED - PUBLIC VERSION**
(Filed August 7, 2026)

 C.A. No. 24-490-MN
 (CONSOLIDATED)

████████████████

## DEFENDANTS' MOTION TO SEAL AND REDACT

Dated: July 31, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd.*
*and Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................... 1

LEGAL STANDARD................................................................................................................. 2

ARGUMENT .............................................................................................................................. 2

I.      The Proposed Redactions Cover Proprietary Business Information That, If
        Disclosed, Could Cause Serious Harm to Arm Ltd.'s Competitive Standing. ................... 2

II.     The Material Proposed To Be Redacted Is the Kind of Information That Courts
        Protect. ............................................................................................................................. 4

III.    The Public Does Not Have a Strong Interest in Viewing The Confidential
        Information At Issue. ........................................................................................................ 5

CONCLUSION............................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amgen Inc. v. Amneal Pharms. LLC*,
  2021 WL 4133516 (D. Del. Sept. 10, 2021),
  *vacated in part on other grounds*, 2021 WL 4843959 (D. Del. Oct. 18, 2021) ........................4

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
  924 F.3d 662 (3d Cir. 2019).............................................................................................2, 5

*Ethicon LLC v. Intuitive Surgical, Inc.*,
  2019 WL 272417 (D. Del. Jan. 17, 2019)..........................................................................5, 6

*Joint Stock Soc'y v. UDV N. Am., Inc.*,
  104 F. Supp. 2d 390 (D. Del. 2000)......................................................................................5

*Littlejohn v. BIC Corp.*,
  851 F.2d 673 (3d Cir. 1988).................................................................................................2

*Mosaid Techs. Inc. v. LSI Corp.*,
  878 F. Supp. 2d 503 (D. Del. 2012)...................................................................................5, 6

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978).............................................................................................................2

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3d Cir. 1994)....................................................................................................5

Defendants Arm Ltd. and Arm Holdings plc (collectively, "Arm") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 5.2, D. Del. LR 5.1.3, and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings for entry of an order sealing portions of the Transcript of the July 6, 2026 motions hearing before the Honorable Maryellen Noreika (D.I. 828) ("Transcript") that are redacted in the Proposed Redacted Version (Ex. B).[1] The July 31, 2026 Declaration of Robert Calico ("Calico Decl." or "Calico Declaration") in support of this Motion is filed contemporaneously herewith.

As required by D. Del. Local Rule 7.1.1, counsel for Arm state that they have conferred with counsel for Plaintiffs Qualcomm, Inc. and Qualcomm Technologies, Inc. (collectively, "Plaintiffs"). Plaintiffs' counsel have advised Defendants that they oppose this motion.

### INTRODUCTION

Arm seeks to redact (i) limited statements that compare the royalties paid by Qualcomm under its Architecture License Agreement ("ALA") with ██████ █████ and Apple, as well as (ii) limited statements concerning the provisions (and proposed provisions) of Arm Ltd.'s ALA with Qualcomm and Arm Ltd.'s ALAs with other companies, including Apple. Arm has proposed a small number of narrow redactions, as highlighted in Exhibit A, that redact only specific confidential, non-public, and commercially sensitive competitive information. Arm requests that the Court maintain the highlighted portions of the Transcript attached as Exhibit A under seal and that the redacted version of the Transcript attached as Exhibit B be placed on the public docket.

---

[1] For the Court's convenience, the proposed redactions are highlighted in Exhibit A (filed separately under seal). Exhibits cited herein are submitted with the Declaration of Megan McGlynn Butler in Support of Defendants' Motion to Seal and Redact, filed concurrently.

1

**LEGAL STANDARD**

The public's access to judicial records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). A party may overcome the presumption of access to judicial records by showing "that the material [proposed to be redacted] is the kind of information that courts will protect," that "disclosure will work a clearly defined and serious injury to the party seeking closure," and that "the interest in secrecy outweighs the presumption [of public access]." *In re Avandia*, 924 F.3d 662 at 672 (quotations and citations omitted). The Court may exercise inherent supervisory power to deny access to judicial proceedings and records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

**ARGUMENT**

I.    **THE PROPOSED REDACTIONS COVER PROPRIETARY BUSINESS INFORMATION THAT, IF DISCLOSED, COULD CAUSE SERIOUS HARM TO ARM LTD.'S COMPETITIVE STANDING.**

As set forth in the Calico Declaration, the proposed redactions disclose non-public, confidential, and proprietary information comparing the royalties under Arm Ltd.'s ALA with Qualcomm with the royalties required in ALAs Arm Ltd. has with other companies, including Apple, as well as information concerning the provisions (and proposed provisions) of Arm Ltd.'s ALA with Qualcomm. Calico Decl. ¶¶ 3-6.

The proposed redactions disclose royalty-related and other terms of Arm Ltd.'s ALAs in several ways. The highlighted portions of page 5, lines 14 and 15; and page 16, line 8 of the Transcript refer to Arm Ltd.'s use of its ███████████████████████████████ ██████████████████████████████████████████████████. *Id.* ¶ 5. Revealing the identity of those companies would ███████████████████████████████

2

█████████████████████████████████████████████████████

████████████████████. The highlighted portions of page 5, lines 14 and 15; and page 25, lines 17, 18, 19, 24, and 25 of the Transcript refer to Apple ██████████████████████ when Arm Ltd. performed ███████████████████████████████████████. *Id.* The highlighted portions of page 57, lines 5, 6, 15, and 21; page 58, line 14; and page 59, line 13 of the Transcript refer to a comparison of royalties Qualcomm pays under its ALA to royalties Apple pays under its ALA. *Id.* And the highlighted portions of page 50, lines 2, 14 and 15; page 51, lines 11, 13, and 19; page 53, lines 14 and 15; and page 59, lines 1 and 2 of the Transcript refer to information about Arm Ltd.'s 2023 ALA with Apple, including as reflected in a spreadsheet Arm Ltd. has clawed back as attorney work product and subject to attorney-client privilege. *Id.*; *see also* D.I. 842 (denying Qualcomm's motion to compel production of the clawed-back spreadsheet).

The presumption of public access to the proposed redactions is rebutted in these circumstances. Arm Ltd.'s ALAs include ██████████████████████████████████ ████████████████████████████████████████████████ precisely because that information is competitively sensitive and will cause competitive harm if disclosed. Calico Decl. ¶ 4. In particular, disclosure of the contents of Arm Ltd.'s ALAs and the royalties it is paid would cause competitive harm by providing others with otherwise unknown insights into the specific rights granted to Arm Ltd.'s licensing partners and Arm Ltd.'s finances. *Id*. ¶¶ 5-6. Others could then use this information in future licensing negotiations with Arm Ltd., putting Arm Ltd. at a disadvantage. *Id*. Indeed, this Court recognized that Arm Ltd.'s royalties are confidential and deserving of protection when it overruled Qualcomm's objections and granted Apple's motion for a protective order over its ALA. Ex. C, 3/10/26 Hr'g Tr. at 93:25-94:11 (granting Apple's protective order); D.I. 761. Further, Qualcomm has successfully moved to seal its own

confidential ALA terms, arguing to the Court that sealing its own ALA terms will "protect the confidentiality of the agreements and their terms, including those terms containing sensitive non-public information, and protect Plaintiffs' confidential and sensitive business activities" and that its "interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction." D.I. 35 at 2-3.

Likewise, the remaining redactions would seriously harm Arm Ltd. if disclosed. The highlighted portions of page 40, line 14 of the Transcript refer ██████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████. Calico Decl. ¶ 6. And the highlighted portions of page 73, lines 4 and 5 of the Transcript refer to a ███████████████████ included in Arm Ltd.'s ALA with Qualcomm. *Id.* Disclosure of this confidential financial information would allow others to gain insight into the terms of Arm Ltd.'s ALA with Qualcomm that they would otherwise not know, and disclosure of this confidential financial information could be used by others to put Arm Ltd. at a disadvantage in future licensing negotiations. *Id.*

## II.    THE MATERIAL PROPOSED TO BE REDACTED IS THE KIND OF INFORMATION THAT COURTS PROTECT.

The information for which Arm requests sealing in the Transcript is the kind of sensitive information that courts protect.

*First*, courts have found a movant's interest in the secrecy of confidential, non-public financial information outweighs the presumption of public access where it will (among other things) harm the movant's competitive position in the marketplace, including by impacting future business negotiations. *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4133516, at *3 (D. Del. Sept. 10, 2021) (sealing financial information because disclosure of that information would "weaken the Movant's competitive position in the marketplace"), *vacated in part on other grounds*, 2021 WL

4

4843959 (D. Del. Oct. 18, 2021); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (sealing financial information because not doing so "could cause real and serious harm to the parties' future negotiations if disclosed to competitors" and it was "the sort of material that courts have frequently redacted"); *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) (overruling objection to special master's order sealing "financial materials" because disclosure "would cause them a clearly defined and serious injury" and finding special master's approach "entirely proper and in accordance with the case law").

*Second*, courts have found a movant's interest in the secrecy of confidential, non-public licensing information, including royalty amounts, outweighs the presumption of public access. *See, e.g.*, *Mosaid*, 878 F. Supp. 2d at 510 (permitting redaction of information regarding licensing agreements between the parties and market share information); *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 272417, at *1 (D. Del. Jan. 17, 2019) (granting motion to redact plaintiff's confidential business information); *Joint Stock Soc'y*, 104 F. Supp. 2d at 396 (upholding decision to seal documents containing strategic business plans).

## III. THE PUBLIC DOES NOT HAVE A STRONG INTEREST IN VIEWING THE CONFIDENTIAL INFORMATION AT ISSUE.

The public does not have a strong interest in viewing the confidential information at issue because the proposed redactions do not relate to information that is important to public safety, nor do they otherwise relate to issues important to the public. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3d Cir. 1994); *In re Avandia*, 924 F.3d at 671-72. Further, this case involves private litigants, which weighs in favor of redaction. *See Pansy*, 23 F.3d at 788.

Moreover, Arm's proposed redactions do not interfere with the public's ability to understand the full substance of what transpired during the discovery conference. Arm's proposed redactions are narrow, accounting for only a few excerpts of a 114-page transcript. In most

instances, Arm's requested redactions are less than a full sentence in length. *See, e.g.*, Ex. B at 5:9-17. Thus, the Transcript will remain understandable to readers who are not litigants in this case. Arm does not seek to seal the purpose of the discovery conference or the parties' discussion regarding the outcome of the Court's review of the parties' discovery motions, including their motions to compel and to strike. And general statements providing sufficient context to understand what transpired during the discovery conference appear throughout. *See, e.g., id.* at 3:20-24 ("So on the clawback documents, Defendants in their response submitted a declaration explaining that they had inhouse counsel who did it in connection with settlement efforts in the prior case."); *id.* at 45:17-18 ("So then let's talk about the confidentiality, the third-party confidentiality issue."); *id.* at 61:9 ("So now we have the motion to strike."). Consequently, the public would have little difficulty "in having access to the basic contours of this dispute," and the public's interest in accessing judicial proceedings will still be served, if Arm's proposed redactions are allowed. *Mosaid,* 878 F. Supp. 2d at 514.

## CONCLUSION

For these reasons, Arm respectfully requests that the Court enter an Order, substantially similar to the proposed order attached hereto, permitting the docketing only of the public version of the Transcript, which is attached as Exhibit B (*i.e.*, the version of the Transcript with the Proposed Redactions applied), and permitting the original unredacted version of the Transcript to remain under seal.

Dated:  July 31, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com


Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


 /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (7230)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd.
and Arm Holdings plc*

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br> a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC.,<br> a Delaware corporation,<br><br>       Plaintiffs,<br><br>   v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD.,<br> a U.K. corporation,<br><br>       Defendants. | C.A. No. 24-490-MN<br>(CONSOLIDATED) |

## [PROPOSED] ORDER GRANTING
## DEFENDANTS' MOTION TO SEAL AND REDACT

At Wilmington this _____ day of _____, 2026, having considered

Defendants' Motion to Seal and Redact (the "Motion");

IT IS HEREBY ORDERED, that:

1.      The Motion is GRANTED.

2.      The redacted version of the Transcript of the motions hearing held on July 6, 2026

(D.I. 828) (the "Transcript") provided as Exhibit B to the Motion shall be filed as the public

redacted version of the Transcript.

3.      The original and unredacted version of the Transcript shall remain sealed.

_____
The Honorable Maryellen Noreika
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 31, 2026, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
richard.zembek@nortonrosefulbright.com

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweiss.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

grp-qcvarm@paulweiss.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Holdings plc
and Arm Ltd.*

2