# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED and
QUALCOMM TECHNOLOGIES, INC.,

      Plaintiffs,

v.

ARM HOLDINGS PLC., f/k/a ARM LTD.,

      Defendant.

C.A. No. 24-cv-00490-MN

**REDACTED PUBLIC VERSION**

## NON-PARTY APPLE INC.'S MOTION TO SEAL AND REDACT
## PORTIONS OF THE JULY 6, 2026 HEARING TRANSCRIPT

*/s/ Nitika Gupta Fiorella*
Susan E. Morrison (#4690)
Nitika Gupta Fiorella (#5898)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
morrison@fr.com; ngupta@fr.com

*Attorneys for Non-Party Apple Inc.*

Non-Party Apple Inc. ("Apple") respectfully moves the Court to redact certain limited portions of the Court's July 6, 2026 Hearing Transcript (D.I. 828), the disclosure of which would cause a clearly defined and serious injury to a non-party to this action. The grounds for this motion are fully set forth below, and the requested narrowly tailored redactions are reflected in the document attached as Exhibit A.

As required by D. Del. Local Rule 7.1.1, counsel for Apple states that they have conferred with counsel for Plaintiffs Qualcomm, Inc. and Qualcomm Technologies, Inc. and counsel for Defendants Arm Ltd. and Arm Holdings plc. Defendants' counsel has advised Apple that it does not oppose this motion, while Plaintiffs' counsel has advised Apple that they do oppose this motion.

## I.    LEGAL STANDARDS

Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute[.]" *MOSAID Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). "Every court has inherent supervisory power, and the Third Circuit has held that courts may exercise that power to deny access to judicial records." *Id.* The Federal Rules of Civil Procedure "empower courts to make any order that justice requires to protect a party… from 'annoyance, embarrassment, oppression, or undue burden or expense,' including 'that a trade secret or other confidential research, development, or commercial information not be revealed.'" *Id.* (quoting Fed. R. Civ. P. 26(c)); *see also Honeywell Int'l Inc. v. Nikon Corp.*, No. CIV. A. 04-1337-JJF, 2010 WL 744535, at *3 (D. Del. Mar. 2, 2010) (denying motion to unseal because "confidentiality of… technical and design information amounting to trade secrets, confidential research and business information" should be maintained).

A party seeking to redact a judicial record must establish good cause, which requires a specific showing that disclosure would "work a clearly defined and serious injury to the party

1

seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). "Assessing whether good cause exists to seal a judicial [record] generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *MOSAID*, 878 F. Supp. 2d at 507-08.

"A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). Indeed, "[t]he Third Circuit has expressly recognized that 'courts may deny access to judicial records . . .where they are sources of business information that might harm a litigant's competitive standing." *Id.* (citation omitted); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

## II.      ARGUMENT

Good cause exists to redact limited portions of the July 6, 2026 Hearing Transcript, which reflect non-party Apple's highly confidential trade secret information from the 2023 Architecture License Agreement between Apple and Arm, Ltd. (the "2023 Apple ALA"). Apple proposes limited redactions, narrowly tailored to the most sensitive Apple information, as it recognizes that the courtroom was not sealed when these statements were made.  It was not until Apple's outside and in-house counsel had an opportunity to review the transcript that counsel appreciated the extent to which a member of the public would be able to ascertain Apple's trade secret information from the statements made by counsel for Arm and Qualcomm during the Hearing.  Given the competitive harm that disclosure of this highly sensitive information would cause Apple, Apple

respectfully requests that the Court grant Apple's motion to seal and redact these limited portions of the Hearing Transcript.

The limited redactions requested disclose confidential information about the technology Arm supplies to Apple and the rates Apple pays to Arm under the ALA, including information about how those rates may relate to rates being offered to Qualcomm. Apple has moved for, and been granted, protective orders in two separate litigations between ARM and Qualcomm to protect against the disclosure of the highly sensitive information contained in the Apple-ARM ALAs, including the specific 2023 Apple ALA discussed at the July 6, 2026 Hearing.  *See* D.I. 377; *Arm, Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146, D.I. 101, 147 (D. Del. Sept. 29, 2023).

As Mr. Timothy Kirby, Apple's Senior Director, Global Sourcing and Supply Management, explained, Apple has contracted with Arm for technology that Apple ███████ ████████████████████████████  *See* D.I. 804, Ex. 2 at ¶¶2-3; *see also Arm, Ltd. v. Qualcomm Inc. et. al*, C.A. No. 22-1146, Dkt.  Over that time, Apple and Arm have "negotiated highly specific and specialized terms" in their ALAs, which are "the cornerstone of their working relationship." *Id.*, ¶4. Each Arm-Apple ALA is "highly bespoke" and "contain[s] highly customized commercial terms specific and unique to the Arm-Apple relationship." *Id.*, ¶¶1-6. Indeed, these agreements are "among the most commercially sensitive documents at Apple and are subject to the most stringent confidentiality obligations within Apple." *Id.*, ¶7.

The 2023 Apple ALA in particular contains "Apple trade secrets including commercially sensitive information about the technology ARM will supply ████████████████ ██████, the price Apple will pay for that technology, and other important, customized terms related to the relationship between Apple and ARM that were negotiated under competitive and highly confidential conditions." *Arm*, C.A. No. 22-1146, D.I. 147, Ex. 1 at ¶5.  Because of the

highly sensitive nature of the agreement, the 2023 Apple ALA "is not distributed outside of Apple, and even within Apple, access to the agreement is closely guarded and is only distributed to limited personnel who have a specific business need to know its contents." *Id.*, ¶8.

The proposed redactions reflect specific trade secret information from the 2023 Apple ALA. For example, the redactions proposed on pages 40 and 49 disclose the specific technology that Arm supplies to Apple under the highly confidential 2023 Apple ALA, ███████████ ███████████████████████████ As Mr. Kirby confirmed, ███████████████████ ██████████████████████████████████████████████████████████ *Id.*, ¶6; D.I. 804, Ex. 2 at ¶¶9-10. The redactions proposed on page 57 are of a similar, highly confidential nature: they disclose comparative information about the rates Apple pays Arm under the 2023 Apple ALA. Even though Qualcomm has cited and intends to rely on news reports that purport to discuss Apple's rate information, this information is not publicly known and has never been publicly confirmed by Apple. The disclosure of such trade secret rate information would have "substantial commercial ramifications for Apple." D.I. 804, Ex. 2 at ¶8. The information Apple seeks to redact is thus precisely the type of information that is protected from disclosure under this Court's and Third Circuit. *See, e.g.*, *MOSAID*, 878 F. Supp. 2d at 510 (permitting redaction of financial information and information related to licensing agreements); *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 272417, at *1 (D. Del. Jan. 17, 2019) (granting motion to redact plaintiff's confidential business information); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure.").

Finally, there is no strong public interest in the trade secret information Apple proposes redacting. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3d Cir. 1994). Further, the

4

minimal, narrowly tailored redactions Apple proposes would not "obscure any discussion of the actual nature of the parties' dispute." *MOSAID*, 878 F. Supp. 2d at 512.

***

For these reasons, Apple respectfully requests that the Court grant Apple's motion to seal and redact portions of the July 6, 2026 Hearing Transcript, as reflected in Exhibit A.  Apple further requests that only the version of the Transcript with the proposed redactions applied be docketed, which is attached as Exhibit B.[1]

---

[1] Exhibit B reflects only the redactions sought by Apple.  Apple understands that Defendants have also moved to seal and redact portions of the July 6, 2026 Hearing Transcript.  D.I. 892. While Apple and Defendants have proposed redacting some of the same information, Apple's requested redactions do not completely overlap with those sought by Defendants.

Dated:  August 5, 2026

Respectfully submitted by,

**FISH & RICHARDSON P.C.**

/s/ *Nitika Gupta Fiorella*
Susan E. Morrison (#4690)
Nitika Gupta Fiorella (#5898)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-5070
morrison@fr.com; ngupta@fr.com

Hannah Cannom (admitted *pro hac vice*)
Bethany Stevens (admitted *pro hac vice*)
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, California 90013
Telephone:  (213) 712-9145
hcannom@wscllp.com; stevens@wscllp.com

*Attorneys for Non-Party Apple Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2026, I caused the foregoing document to be served upon all counsel of record via electronic mail.

*/s/ Nitika Gupta Fiorella*
Nitika Gupta Fiorella