**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation, and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>Defendant. | ) | C.A. No. 24-490-MN<br>(CONSOLIDATED) |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA REGARDING**
***KAIRYS v. SOUTHERN PINES TRUCKING, INC.***

Dated: August 20, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
Megan M. Butler
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*

Meghan Kelly, P.C.
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
meghan.kelly@kirkland.com

Dear Judge Noreika:

Pursuant to the Court's Oral Order at the August 19, 2026 Status Conference and the accompanying Minute Entry, Defendants Arm Holdings plc and Arm Ltd. (collectively, "Arm") respectfully submit this letter addressing the implications of the Third Circuit's decision in *Kairys v. Southern Pines Trucking, Inc.*, 75 F.4th 153 (3d Cir. 2023) on Arm's motion to bifurcate. D.I. 596. In short, *Kairys* does not entitle Qualcomm to inject prejudicial and irrelevant evidence related to its claim under California's Unfair Competition Law ("UCL") into an otherwise run-of-the-mill breach-of-contract and tort case. To the contrary, *Kairys* confirms that the Court was correct to set a bench trial on the UCL claim (and whether Qualcomm can obtain damages under an unenforceable-penalty provision).

In *Kairys*, the Third Circuit reviewed a judgment in Kairys's favor in a case involving several discrimination and retaliation claims. Kairys sued his former employer, Southern Pines Trucking, Inc., under multiple state and federal statutes, claiming that Southern Pines fired him for getting a hip-replacement surgery that caused Southern Pines's health insurance costs to rise. *Kairys*, 75 F.4th at 158–59. The jury found for Southern Pines on Kairys's legal claims under the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act.[1] *Id.* at 159.

The jury also returned an advisory verdict on Kairys's equitable claim under the Employee Retirement Income Security Act ("ERISA") that the district court ultimately rejected. The jury found "that Kairys did not prove … that Southern Pines retaliated against him for exercising his right to ERISA-protected benefits or interfered with his right to future benefits." *Id.* But the ERISA verdict was "only advisory because Kairys had no right to a jury trial on his ERISA claim for equitable relief." *Id.* And after "independently consider[ing] the trial evidence to evaluate the ERISA claim," the district court found that Kairys *had* proven his claim. *Id.* The court awarded Kairys $67,500 in front pay as well as his fees and costs. *Id.*

On appeal, the Third Circuit affirmed and explained how the Seventh Amendment applies in a case involving both legal and equitable claims. *Id.* at 160. The Third Circuit held that "in a suit with equitable and legal claims and facts common to both, a district court must determine whether the jury verdict on the legal claims necessarily implies the resolution of any common factual issues." *Id.* at 161 (alteration adopted) (internal quotations omitted). If so, then the district court must follow the jury's factual determinations when resolving the common issues in the equitable claims. *Id.* But "the trial court retains full discretion to diverge from an advisory jury verdict (or to reach a result without the help of an advisory jury), so long as the factual findings underlying its contrary conclusion are consistent with those explicitly or implicitly found by the jury on the claims for which the jury sat as factfinder." *Id.*

In *Kairys*, that meant the district court was permitted to find for Kairys on the equitable ERISA claim even though the jury found for Southern Pines on the legal claims—and even though every claim in the case arose from the same set of facts, *i.e.*, Southern Pines firing Kairys following his hip-replacement surgery. *Id.* at 161–62. The Third Circuit reasoned that the legal causes of

---

[1] The jury still awarded Kairys $5,384.62 on other legal claims. *Kairys*, 75 F.4th at 159.

action "have distinct elements of proof," and "[e]ach required the jury to find that a different protected characteristic or activity was a determinative factor in Kairys's termination." *Id.* It follows that "a jury could possibly find that Kairys's use of his health benefits motivated the Company's decision, not his age, disability (arthritis), or request for time off work." *Id.* at 161.

*Kairys* does not speak to Qualcomm's argument that it may try its UCL claim through its intentional and negligent tortious interference claims. *Kairys* involved (i) an equitable claim for determination by the court, and (ii) legal claims where all elements were for determination by the jury; there was no element for the Court to decide within any of the legal claims. *Id.* at 159–61. As this Court recognized yesterday, both parties here agree that the UCL claim is equitable, and both parties agree that the tortious interference element that turns on the UCL claim—the wrongfulness element—is ***for the Court*** to decide. D.I. 857, 858; *see also Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.*, 71 Cal. App. 5th 528, 538 (2021); *NICOR, Inc. v. SourceBlue, LLC*, 2023 WL 6866329, at *16 (C.D. Cal. Aug. 30, 2023); *Crown Imports, LLC v. Superior Ct.*, 223 Cal. App. 4th 1395, 1409 (2014); *Doskocz v. ALS Lien Servs.*, 102 Cal. App. 5th 107, 120 (2024). There was no analogous element for the Court to decide in *Kairys*. And even in *Kairys*, the Third Circuit held that the Seventh Amendment permits a court to decide equitable claims that might arise from the same factual incident underlying a legal claim. *Kairys*, 75 F.4th at 160–61. "[T]he Seventh Amendment does not grant a party the right to submit equitable claims to a jury merely because legal claims also are present." *Younis Bros. & Co. v. Cigna Worldwide Ins. Co.*, 882 F. Supp. 1468, 1475–76 (E.D. Pa. 1994); *see also Clark v. Hanley*, 89 F.4th 78, 100–02 (2d Cir. 2023).

Despite Qualcomm's express acknowledgment in its July 21 letter, D.I. 858, that the entirety of the UCL claim was an issue for the Court to decide, at the August 19 hearing, Qualcomm suggested that the UCL claim must be tried to the jury because some of the alleged predicate acts for the UCL claim arise from factual events that it claims are also relevant to its various breach and tortious interference claims. Even if that were the case, as in *Kairys*, legal and equitable claims can arise from the same factual incident without triggering the Seventh Amendment. *Kairys*, 75 F.4th at 160–61. Recall that in *Kairys*, all of the claims arose from the same incident: the firing of Kairys after his hip-replacement surgery. *Id.* at 158–59. Still, the Third Circuit held that the district court was not bound by any jury determination on various legal retaliation claims when it decided an equitable retaliation claim. *Id.* at 161.

This case is simpler because the legal and equitable claims are far more disparate. Qualcomm's claims do not all arise from one event or turn on allegations of one type of misconduct (*e.g.*, retaliation). Instead, Qualcomm's UCL claim is about harm to competition and Arm's entry into the chip business, whereas its contract claims are about Arm's alleged failure to properly negotiate with Qualcomm and give it certain small deliverables. That is why Qualcomm has never once identified any necessary factual question—either for Qualcomm's breach claims or the non-wrongfulness elements of its tortious interference claims—that overlaps with a necessary factual question for its UCL claim. And that should come as no surprise. This is primarily a breach of contract case, and corporate plaintiffs may not bootstrap contract claims into UCL violations. *See, e.g.*, *Martin Saturn of Ontario, Inc. v. Subaru of Am. Inc.*, 2023 WL 9417499, at *8 (C.D. Cal. July

21, 2023); *Dollar Tree Stores Inc. v. Toyama Partners LLC*, 875 F. Supp. 2d 1058, 1083 (N.D. Cal. 2012).[2]

The reality, as this Court recognized several months ago and again yesterday, is that Qualcomm would like to "throw all the muck at the trial and hope that something sticks on the defendant." Status Conference Tr. at 42:7–43:4 (Mar. 10, 2026). The UCL claim involves wide-ranging allegations about "a variety of unfair acts and practices" that, according to Qualcomm, "are part of a broader campaign to harm or threaten to harm competition … in California and elsewhere." D.I. 765 ¶ 253. To this day, Qualcomm cannot explain how various UCL evidence, including Professor Posner's anticipated testimony about input foreclosure theory and evidence about Arm's alleged promises of neutrality, has any relevance to any other claim in this case. Indeed, Qualcomm admitted in its summary judgment opposition that its UCL claim "concern[s] conduct unrelated to" the conduct underlying the tortious interference claim. D.I. 464 at 25 n.14. The Seventh Amendment is not a free pass to admit highly prejudicial evidence into a simple contract and tort case, throw around terms like "anticompetitive" and "unfair competition," and then invite the jury to assign blame because of unrelated competition concerns. Neither *Kairys* nor any other of Qualcomm's cases suggest otherwise.

The Court's decision to bifurcate the UCL claim was correct. Arm looks forward to showing at the bench trial that the UCL claim is defective not only legally, but also factually. Qualcomm's pursuit of a monitorship-style injunction enjoining "Arm's unfair business practices 'aimed at obstructing Qualcomm's ability to develop and sell chips,'" D.I. 464 at 37 (quoting D.I. 137 at Prayer for Relief ¶ D), was not disclosed in discovery; Qualcomm has no standing or irreparable harm to support it; it is too vague to be enforced; and it improperly asks the Court to enter an injunction to "obey the law." *See, e.g.*, *Long Beach Mem'l Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 71 Cal. App. 5th 323, 343 (2021) (an injunction that is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application" is "invalid" and cannot "form the basis for the potent weapon of contempt"; and an injunction to "obey the law" is "equally invalid.") (alterations implemented) (internal quotations omitted). As discussed in Arm's summary judgment motion, D.I. 438 at 24–31, Qualcomm also cannot prove the elements of its claim because, among other things, it seeks to apply the wrong California test for unfair competition and there was nothing unfair about Arm's conduct.

[2] Even if there were some factual overlap, almost all of Qualcomm's other claims are also equitable ones that are not subject to the Seventh Amendment. Qualcomm conceded in its July 21 letter that its v10 breach claim (Count IX) is an equitable claim for the Court decide, D.I. 858, and it conceded at the August 19 hearing that all its declaratory judgment and implied covenant claims, other than its claim related to peripheral IP, are not jury-trial issues. Qualcomm also represented at the hearing that the jury did not need to decide any remedy issues for Qualcomm's claims that Arm breached § 5.1 of the ALA or §§ 8.1B and 8.1D of the TLA—representations that mean Qualcomm has no Seventh Amendment jury right for those breach claims. *See 3M Co. v. Mohan*, 482 F. App'x 574, 578 (Fed. Cir. 2012); *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 2021 WL 426193, at *18 (D.N.J. Feb. 8, 2021). Thus, Qualcomm only has a jury-trial right on its barely-developed peripheral IP claim and its tortious interference claims—a small sliver of the overall case.

Dated: August 20, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Kasdin Mitchell, P.C.
Megan M. Butler
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com
kasdin.mitchell@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelly, P.C.
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
meghan.kelly@kirkland.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 20, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Erica Spevack
Leah Hibbler
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com
espevack@dirllp.com
lhibbler@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

grp-qcvarm@paulweiss.com

Erin E. Murphy
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
erin.murphy@clementmurphy.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607
john.poulos@nortonrosefulbright.com

Houston, TX 77010
richard.zembek@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants*