IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) | |
| Plaintiffs, | ) | C.A. No. 24-490 (MN) (CONSOLIDATED) |
| v. | ) | [redacted] |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) | |
| Defendant | ) | REDACTED - PUBLIC VERSION |

**PLAINTIFFS' BRIEF IN OPPOSITION TO APPLE'S MOTION TO SEAL AND REDACT PORTIONS OF THE JULY 6, 2026 HEARING TRANSCRIPT (D.I. 897)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

August 18, 2026

ORIGINAL FILING DATE: AUGUST 18, 2026
REDACTED FILING DATE: AUGUST 25, 2026

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 1

ARGUMENT ........ 3

I. There is a strong presumption favoring access to transcripts of proceedings conducted in open court. ........ 3

II. Apple fails to show a clearly defined and specific injury under *In re Avandia*. ........ 4

  a. Apple's "v10" and "v10 licenses" redactions (D.I. 897, Ex. A at 40:13, 40:15; 49:24-25) ........ 5

  b. Apple's "pay less" redactions (D.I. 897, Ex. A at 57:2, 57:5-6, 57:15, 57:21) ........ 6

CONCLUSION ........ 8

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Cydex Pharms., Inc. v. Alembic Glob. Holding SA*,
C.A. No. 19-956-LPS, 2020 WL 6869948 (D. Del. Nov. 23, 2020) ....................................3, 8

*Delaware Display Grp. LLC v. LG Elecs. Inc.*,
221 F. Supp. 3d 495 (D. Del. 2016)..............................................................................7

*Godo Kaisha IP Bridge 1 v. OmniVision Techs., Inc.*,
C.A. No. 16-290-MN, D.I. 165 (D. Del. Jan. 24, 2019) (Ex. 4) ...........................................6, 7

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
924 F.3d 662 (3d Cir. 2019)............................................................................. *passim*

*Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*,
C.A. No. 15-819-LPS, D.I. 805 (D. Del. Mar. 25, 2019) (Ex. 2) .............................................3

*Littlejohn v. Bic Corp.*,
851 F.2d 673 (3d Cir. 1988)..............................................................................3

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994)..............................................................................7, 8

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*,
No. CIV.A. 08-1331 (DMC), 2010 WL 2710566 (D.N.J. July 7, 2010)..................................3

*United States v. Martin*,
746 F.2d 964 (3d Cir. 1984)..............................................................................2

## INTRODUCTION

Third-party Apple, Inc. ("Apple")'s motion to redact portions of the transcript from the July 6, 2026 public hearing (D.I. 897) should be denied.[1] The July 6 hearing was held in open court where client representatives from Arm, Qualcomm, and Apple itself—as well as other members of the public—were present. At no point during the hearing did Apple's counsel seek to seal the courtroom, or to have Qualcomm's client representative or any third party leave the room.

Although Apple seeks to redact only "certain limited portions" of the July 6 transcript (D.I. 897 at 1), the statements it seeks to redact either do not reference Apple at all or are non-specific statements regarding Apple's royalty rates. Apple has not met its heavy burden to demonstrate that disclosure of this information would cause a clearly defined and serious injury to Apple. In addition, the information contained in the statements have already been the subject of public reporting and commentary, and therefore no redactions are warranted.

## FACTUAL BACKGROUND

In accordance with the Court's March 20, 2026 Order (D.I. 761), Qualcomm's Vice President and Legal Counsel, Chris Longman, was present at the July 6, 2026 hearing concerning Qualcomm's motion to compel and Arm's motion to strike. D.I. 897, Ex. A at 3:2–7.[2] Apple's outside and in-house counsel also attended the hearing. *See id.* at 45:20-21. The July 6 hearing was held in open court. At no point during the hearing did anyone ask for the courtroom to be sealed, or for Mr. Longman or any of the other spectators to leave the courtroom. *See id.* at 2:21–114:5.

[1] Qualcomm has separately opposed Arm's motion to redact the July 6 transcript (D.I. 914, 915) as the redactions that Apple seek are not co-extensive with the redactions that Arm seeks.

[2] Arm's in-house counsel, Robert Calico, was also present. D.I. 893, Ex. A at 3:14-15.

Apple and Arm filed notices of intent to redact the transcript on July 13 and July 14, respectively. D.I. 841; D.I. 844. More than two weeks later, on July 29, Arm wrote to Qualcomm on behalf of itself and Apple seeking an extension until August 7 to "submit a motion to redact the transcript" and "for the parties to confer regarding the same." D.I. 915, Ex. 1 at 7–8. Neither Arm nor Apple provided any proposed redactions for Qualcomm to review at that time. *See id.* at 8. Qualcomm responded that it opposed redactions to the transcript given that the hearing was held in open court, but agreed to extend the deadline to July 31 to allow sufficient time to meet and confer regarding any proposed redactions. *Id.* at 7. Qualcomm likewise asked that Apple (and Arm) provide proposed redactions as soon as possible. *Id.*

The next day, counsel for Apple reached out counsel for Qualcomm asking for a further extension to August 5 because Apple's in-house counsel was unavailable and promised to send over Apple's proposed redactions by August 3. D.I. 915, Ex. 2 at 1. On August 3, Apple provided Qualcomm with its proposed redactions (Ex. 1 at 1 (Aug. 3, 2026 email from H. Cannon)), and the parties met and conferred on August 4. Apple's motion followed.

## LEGAL STANDARD

The Third Circuit recognizes a "strong presumption in favor of access" to all "judicial records and documents," including transcripts. *United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984); s*ee also In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome that presumption, "[t]he movant must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury" to the moving party. *In re Avandia*, 924 F.3d at 672 (internal quotation marks and citation omitted). "[S]pecificity is essential," and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (internal quotation marks and citation omitted).

## ARGUMENT

### I. There is a strong presumption favoring access to transcripts of proceedings conducted in open court.

"It is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use." *Littlejohn v. Bic Corp*., 851 F.2d 673, 680 (3d Cir. 1988) (internal quotation marks and citation omitted); *see also Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. CIV.A. 08-1331 (DMC), 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) (explaining that "the onus is on the parties to request sealing of the courtroom *prior* to a hearing that will involve the discussion of allegedly confidential information" and that "[e]x-post facto sealing should not generally be permitted" (emphasis in original)); *Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, C.A. No. 15-819-LPS, D.I. 805 (D. Del. Mar. 25, 2019) (denying motion to redact transcript even though redactions were "narrow and limited to previously-confidential financial information" because "[n]o request was made to seal the courtroom") (Ex. 2). Even for discovery disputes, "the public does have a right of access to hearing transcripts." *Cydex Pharms., Inc. v. Alembic Glob. Holding SA,* C.A. No. 19-956-LPS, 2020 WL 6869948, at *1 (D. Del. Nov. 23, 2020).

Apple's motion to redact should be denied because the July 6, 2026 hearing was conducted in open court with members of the public and Qualcomm's client representative present. Apple's outside counsel and client representative—all of whom attending the hearing—were well aware of the presence of Qualcomm's client representative who was introduced at the start of the hearing. D.I. 897, Ex. A at 3:2–7. Additionally, other attendees sitting in the gallery were unaffiliated with Apple, Arm, or Qualcomm. Yet, at no time prior to or during the hearing did Apple ask the Court

to seal the courtroom or otherwise ask for any client representatives or anyone else to leave the courtroom. This alone is a basis to deny Apple's motion.

In addition to the hearing being held in open court, all of the information that Apple seeks to redact is public. Following the hearing, an industry analyst reported on the hearing. D.I. 915, Exs. 4-5.[3] As such, the redactions that Apple seeks on pages 40 and 49 of the July 6 transcript, which refer to "v10" and "v10 licenses," is already public knowledge. *See* D.I. 915, Ex. 5 at 3 (public reporting noting that the spreadsheet "calculate[d] potential v10 rates" and identifying "Apple 2023" as a "v10 ALA"). Similarly, Apple's proposed redactions on page 57 of the July 6 transcript have already been publicly commented on and filled in by the industry analyst. D.I. 915, Ex. 5 at 10-11 (filling in redacted words on page 57 of the transcript).

Because the statements Apple seeks to redact were made in open court and that information is now publicly available online, the motion should be denied.

## II. Apple fails to show a clearly defined and specific injury under *In re Avandia*.

Apple bears the burden to show that the information it seeks to redact is "the kind of information" that courts protect and that its disclosure will result in a "clearly defined and serious injury." *In re Avandia*, 924 F.3d at 672 (internal quotation marks and citation omitted). Apple cannot satisfy that standard here.

[3] The industry analyst used the redacted version of Arm's motion to redact that Arm had publicly filed on Thursday, August 7, 2026. *See* D.I. 893, 900. On Monday, August 10, 2026, presumably after reading the industry analyst's commentary from August 9 (*see* D.I. 915, Exs. 4-5), Arm requested that the Court swap out versions of its filings at D.I. 893 and D.I. 900 on the docket with "corrected" versions. *See* Ex. 3 (Aug. 10, 2026 email from R. Vrana to Court). One day later, on August 11, 2026, counsel for Apple requested the same "correction" for its own motion to redact filing. *See* August 11, 2026 docket notation for D.I. 897 and Exhibits A and B.

a. *Apple's "v10" and "v10 licenses" redactions* (D.I. 897, Ex. A at 40:13, 40:15; 49:24-25)

Apple first claims that the redactions on pages 40 and 49 "disclose the specific technology that Arm supplies to Apple under the highly confidential 2023 Apple ALA, to be used in both current and future Apple products." D.I. 897 at 4 (emphasis omitted) (citing C.A. No. 22-1146, D.I. 147, Ex. 5 at ¶ 6 and D.I. 804, Ex. 2 at ¶¶ 9-10).

Apple is wrong. First, the discussion at page 40 of the July 6 transcript does not even reference or involve Apple, much less "disclose the specific technology that Arm supplies to Apple" or anything about Apple's "current and future [] products," as Apple claims. *See* D.I. 897, Ex. A at 40:13, 40:15.

Second, as to Apple's requested redactions on page 49, Apple cites to two Kirby Declarations, one dated October 17, 2023 (*see* C.A. No. 22-1146, D.I. 147, Ex. 5) and one dated August 8, 2025 (*see* D.I. 804, Ex. 2). D.I. 897 at 3-4. But neither Kirby Declaration support Apple's argument.

As an initial matter, both Kirby Declarations were submitted with Apple's motions to prevent production of the *entirety* of the 2023 Arm-Apple ALA. *See* C.A. No. 22-1146, D.I. 147 at 2; *see also* C.A. No. 24-490, D.I. 377, D.I. 659 at A074-079 (attaching A083-A084).[4] Mr. Kirby's declarations, therefore, speak only to why production of the entirety of the 2023 Arm-Apple ALA agreement could reveal details about Apple's current and future products that may constitute Apple "trade secrets" (C.A. No. 22-1146, D.I. 147, Ex. 5 at ¶ 3; D.I. 804, Ex. 2 ¶¶ 8-9). Nothing in his declarations say or support the argument that mere disclosure of the words "v10"

[4] Apple refers to the 2025 Kirby Declaration at D.I. 804, Ex. 2 (*see* D.I. 897 at 4), which is a copy of D.I. 659 at A083-A084. Qualcomm therefore cites to D.I. 804, Ex. 2 for the 2025 Kirby Declaration.

or "v10 licenses" would amount to a clearly defined and serious injury to Apple. At most, Mr. Kirby avers that "[i]nadvertent disclosure of the trade secrets contained within the Arm-Apple ALA and TLA to Qualcomm would have substantial commercial ramifications for Apple, as it would give Qualcomm an advantage in its negotiations with Apple, with Arm, and also Apple's competitors who buy components from Qualcomm." D.I. 804, Ex. 2 ¶ 8. Nowhere, however, is there any explanation about how mere knowledge that Apple has a v10 license with Arm—without any details about the license or the "trade secrets contained within the Arm-Apple ALA"—somehow constitutes a "trade secret" itself or amounts to any specific harm to Apple, particularly where Qualcomm's client representative was present in the courtroom for the hearing and where it has already been publicly reported that Apple has a v10 license with Arm.

In short, Apple fails to explain how a generic reference made in open court (one of which does not even reference or mention Apple) that Apple entered into a license with Arm for access to Arm's v10 architecture amounts to disclosure of "specific technology that Arm supplies to Apple" that is "to be used in both current and future Apple products" that would cause "a clearly defined and serious injury." Coupled with the fact that it is publicly known that the 2023 Apple ALA is a v10 license (*see supra* at 4), Apple has not met its burden under *In re Avandia*. *See Godo Kaisha IP Bridge 1 v. OmniVision Techs., Inc.,* C.A. No. 16-290-MN, D.I. 165 (D. Del. Jan. 24, 2019) (denying motion to redact where "motion articulated no specificity and offered no sworn allegations of harm to support good cause for the proposed redactions" and belated declaration was "insufficient to explain how information that is available publicly" would harm moving party) (Ex. 4).

*b. Apple's "pay less" redactions* (D.I. 897, Ex. A at 57:2, 57:5-6, 57:15, 57:21)

Next, Apple seeks to redact generic qualitative statements about Apple's royalty rates. D.I. 897 at 4. Apple argues that these statements disclose "comparative information about the rates

Apple pays Arm under the 2023 Apple ALA" that somehow constitute "trade secret rate information [that] would have 'substantial commercial ramifications for Apple.'" *Id*. (quoting D.I. 804, Ex. 2 at ¶ 8). But, these are merely qualitative statements about Apple's royalty rates relative to those of other *unnamed* licensees, and do not reveal any specific royalty rate that Apple pays. D.I. 897, Ex. A at 57:2, 57:5-6, 57:15, 57:21. Apple does not explain how high level, qualitative statements amount to "trade secret rate information," much less explain how Apple would suffer a "clearly defined and serious injury." *See Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (noting that "[i]nformation in a transcript may hint at [pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology] without actually threatening any clearly defined and serious injury" and denying redaction request except as to two specific numbers (internal quotation marks omitted)). Nor did Apple object when Arm's counsel stated that Arm would "not disagree that Apple pays lower rates" at trial. D.I. 897, Ex. A at 57:19-21.

Once again, Apple cites the 2025 Kirby Declaration (D.I. 897 at 4, citing D.I. 804, Ex. 2 at ¶ 8), but the 2025 Kirby Declaration does not support Apple's argument. Nowhere does Mr. Kirby explain how or why high-level qualitative statements regarding Apple's royalty rates as compared to unnamed licensees would cause Apple any harm, much less any clearly defined injury or harm as required under *In re Avandia*. *See* D.I. 804, Ex. 2 at ¶ 8. And, it has been publicly reported that Apple pays "the lowest royalty rate among Arm's smartphone chip customers." D.I. 804, Ex. 4 at 2. As such, Apple's motion to redact portions of page 57 of the transcript should be denied. *See In re Avandia,* 924 F.3d at 672-73*; Godo Kaisha IP Bridge 1*, D.I. 165.

Finally, Apple argues that "there is no strong public interest in the trade secret information Apple proposes redacting." D.I. 897 at 4 (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772

(3d Cir. 1994)). The Third Circuit, however, has stated that "the *Pansy* factors are not a substitute for the common law right of access standard—which begins with the presumption of access." *In re Avandia*, 924 F.3d at 677; *see also Cydex,* 2020 WL 6869948, at *1. As shown above, the information that Apple seeks to redact does not rise to the level of "trade secret information," and in any event, does not outweigh the "public's interest in openness" (*In re Avandia*, 924 F.3d at 677), as demonstrated by the public reporting. *See* D.I. 915, Exs. 4-5.

* * *

Given that the July 6 hearing was held in open court and no party sought to seal the courtroom or made any remarks on the record about confidentiality, notwithstanding the presence of Qualcomm's in-house counsel and members of the public, there is no basis to redact any portion of the July 6 hearing. Moreover, given the public reporting of the hearing and Apple's failure to articulate any specific harm or injury that would result from disclosure, Apple has failed to show that any of the redactions it proposes meet the standard for redaction under *In re Avandia*.

**CONCLUSION**

For the foregoing reasons, Apple's motion to redact should be denied

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

August 18, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 18, 2026, upon the following in the manner indicated:

Anne Shea Gaza, Esquire *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendants*

Scott F. Llewellyn, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
*Attorneys for Defendants*

Sydney D. Gaskins, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
*Attorneys for Defendants*

Alexandra Corrinne Hottenrott, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
*Attorneys for Defendants*

Daralyn J. Durie, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
*Attorneys for Defendants*

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Matthew J. McIntee, Esquire
Megan McGlynn Butler, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Jay Emerick, Esquire
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Peter Evangelatos, Esquire
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Meghan Kelly, P.C.
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
*Attorney for Defendants*

*VIA ELECTRONIC MAIL*

Susan E. Morrison, Esquire
Nitika Gupta Fiorella, Esquire
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
*Attorneys for Non-Party Apple Inc.*

*VIA ELECTRONIC MAIL*

Hannah Cannom, Esquire
Bethany Stevens, Esquire
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
*Attorneys for Non-Party Apple Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)