IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INC., and QUALCOMM TECHNOLOGIES, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 24-490 (MN) |
| ARM HOLDINGS PLC, and ARM Ltd., | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington, this 8th day of September 2026:

WHEREAS, the Court set aside several days next week to hear evidence at a bench trial on Plaintiffs' claim under California's Unfair Competition Law ("UCL") and the enforceability of five-year, royalty-free period provisions in the contracts at issue (*See Minute Entry*, Aug. 19, 2026);

WHEREAS, having re-reviewed the applicable law and Defendants' submission regarding *Kairys v. Southern Pines Trucking, Inc.*, 75 F.4th 153 (3d Cir. 2023) (D.I. 925); and

WHEREAS, the Court is not prepared to enter summary judgment on either issue based on the record before it.

THEREFORE, IT IS HEREBY ORDERED that the Court will not hear evidence on the UCL claim at the bench trial. Relevant Third Circuit precedent suggests that to do so may attenuate Plaintiffs' right to a jury trial on the tortious interference claim. *E.g., Kairys*, 75 F.4th at 160-61.

The Court will allow Plaintiffs to present tortious interference to the jury and will address the sufficiency of the evidence of that claim, should the jury side with Plaintiffs, after trial.[1]

IT IS FURTHER ORDERED that although the Court has considered granting Defendants' motion for summary judgment on the enforceability (or unenforceability) of the five-year, royalty-free period provisions in the contracts, it views the better course to be allowing the parties to present evidence on this issue at the bench trial. The Court can thus make credibility determinations and other findings, which may allow the Court to decide this issue before the jury trial. The parties will each have three hours to present evidence on this issue at the bench trial, which will now begin on September 16, 2026 at 9:30 a.m.

IT IS FINALLY ORDERED that Arm's motion for summary judgment on the UCL claim. (D.I. 414) is DENIED.

Maryellen Noreika

The Honorable Maryellen Noreika
United States District Judge

---

1 The Court recognizes Defendants' reasonable concerns that allowing the jury to hear that evidence may taint the remaining issues in the case. That is an issue that cannot be addressed fully without the benefit of hearing the evidence at trial. If, however, the jury were to side with Plaintiffs on tortious interference and other issues and the Court were to grant a motion for judgment as a matter of law on the tortious interference claim, presumably Defendants could seek a new trial on the other issues and any other relief that may be appropriate.