**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

QUALCOMM INCORPORATED,
a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
a U.K. corporation,

Defendant.

C.A. No. 24-490-MN
(CONSOLIDATED)

**PUBLIC VERSION**
(Filed October 13, 2026)

**DEFENDANTS ARM HOLDINGS PLC AND ARM LTD.'S OPPOSITION TO QUALCOMM'S PROFFER ON EXTRINSIC EVIDENCE**

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelley, P.C.
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
meghan.kelly@kirkland.com

*Additional Counsel Listed Below*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Holdings plc and Arm Ltd.*

Qualcomm still has not identified any ambiguity. More importantly, ***Qualcomm does not even attempt to show there is a credibility dispute*** about extrinsic evidence—and that is all the Court needs to decide to determine whether the proffered evidence can be admitted at the jury trial. Qualcomm stresses that "extrinsic evidence is always relevant." (D.I. 976 ("Proffer") at 5.) True, ***the Court*** can consider extrinsic evidence. The question is whether ***the jury*** can consider it. Here, the answer is no.

Interpretation of the contract ***and*** consideration of any extrinsic evidence is for the Court, unless there is a credibility issue about the evidence. *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126 (Cal. App. 2008); *Scheenstra v. Cal. Dairies*, 213 Cal. App. 4th 370, 390 (Cal. App. 2013) ("Even where uncontroverted evidence allows for conflicting inferences to be drawn, our Supreme Court treats the interpretation of the written contract as solely a judicial function.").[1] The jury has a role only if (i) the Court finds the contract ambiguous, *i.e.*, "reasonably susceptible" to the interpretation advanced by the proponent of the extrinsic evidence; (ii) the proponent identifies evidence supporting that interpretation; ***and*** (iii) that evidence requires a credibility determination (*e.g.*, parties submit conflicting extrinsic evidence). Qualcomm has not established those prerequisites.

Its argument (raised for the first time) that federal law applies fails. The admissibility of extrinsic evidence is substantive, so state law governs. Arm MIL No. 2; *Fr. Winkler v. Stoller*, 839 F.2d 1002, 1005 (3d Cir. 1988) ("[T]he rule is one of substantive contract law."); *Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 280 (9th Cir. 1992) (applying California law); *Cachil Dehe Band of Wintun Indians v. Cal.*, 618 F.3d 1066, 1077 (9th Cir. 2010);

[1] Emphases added and citations omitted, unless otherwise noted.

*In re Isbell Recs., Inc.*, 774 F.3d 859, 865 (5th Cir. 2014).[2]

## I. There Is No Credibility Dispute for the Jury to Decide.

Under California law, extrinsic evidence only goes to the jury in one narrow circumstance:

> ***When there is no material conflict in the extrinsic evidence, the trial court interprets the contract as a matter of law.*** This is true even when conflicting inferences may be drawn from the undisputed extrinsic evidence or that extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation. ***If, however, there is a conflict in the extrinsic evidence, the factual conflict is to be resolved by the jury.***

*Wolf*, 162 Cal. App. 4th at 1125-27; *see City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 181 P.3d 142, 156 (Cal. 2008); *VFLA Eventco v. William Morris Endeavor Ent't*, 100 Cal. App. 5th 287, 304 (Cal. App. 2024); *Gilkyson v. Disney Enters.*, 66 Cal. App. 5th 900, 921 (Cal. App. 2021).

Even assuming the contracts are ambiguous (they are not), there is no jury question because there is no credibility dispute about the evidence. For its TLA § 8.1 claims, Qualcomm points to emails describing its rejected § 8.1 proposal (PTX-0090, -91) and an internal Arm discussion of those provisions (PTX-2534). But the documents say what they say; there is nothing for the jury to resolve about the credibility of those documents. The parties dispute only what ***inference*** to draw from the documents. The same is true for the documents showing Arm gave OOBs/ACK patches to other licensees. Proffer at 3 nn.2-4. Again, there is no dispute about what the documents say: Arm did provide those OOBs/ACK patches to other licensees, so there is no credibility dispute for the jury to resolve. The dispute is about what ***inference*** to draw from those documents, and whether services given to other licensees bear on Arm's contractual obligations to Qualcomm.

*Wolf* is clear that disputes about what inference to draw from extrinsic evidence are questions for the Court, not the jury. Indeed, even the facts of *Wolf* are on point:

> Disney argued Cry Wolf was only entitled to a royalty on the gross receipts of the

[2] The case Qualcomm cites, *Liberty Mutual Ins. v. Treesdale*, 419 F.3d 216, 228 (3d Cir. 2005), is about joinder of indispensable parties, not extrinsic evidence.

> "Purchaser" … not Disney's subsidiaries. … Although Wolf presented evidence that, for more than 10 years, Disney had knowingly paid Wolf a royalty from the gross receipts earned by its subsidiaries, Disney did not dispute that fact. Instead, it claimed its payments were the product of a misunderstanding of its obligations.

*Wolf*, 162 Cal. App. 4th at 1133-34. The California Court of Appeal held that "[a]lthough [the parties] vigorously ***dispute the inferences*** to be drawn from Disney's predispute conduct … ***the evidentiary facts themselves are not in dispute***," and thus "the [trial] court erred in submitting this question to the jury." *Id.* at 1134 & n.18; *VFLA*, 100 Cal. App. 5th at 304. The lack of any credibility dispute here is similarly requires the exclusion of this evidence from the jury trial.

## II. In Any Event, the ALA and TLA Are Unambiguous.

"An agreement is not ambiguous merely because the parties (or judges) disagree about its meaning." *Abers v. Rounsavell*, 189 Cal. App. 4th 348, 356 (Cal. App. 2010). The ALA and TLA are unambiguous, and Qualcomm has not put forth a "reasonably susceptible" interpretation based on the extrinsic evidence. The evidence, even if the Court considers it, does not matter.

TLA § 8.1B expressly states that Arm's obligation to offer a license proposal for cores triggers "upon receipt of [Qualcomm's] ***initial*** written request (***the 'Initial Request'***) … and again upon receipt of [Qualcomm's] ***subsequent one-time*** written request at any time up to the twelve (12) month anniversary of such Initial Request." JTX-0005 § 8.1B. Qualcomm's view is that "***the*** Initial Request" means "***any*** written request." (Proffer at 4). That makes no sense—"***the*** Initial Request" means the singular ("the") first ("initial") request. *U.S. v. DeJarnette*, 741 F.3d 971, 980 (9th Cir. 2013) ("'initial registration' simply refers to the first time that an offender registers"). It cannot mean any request, because a later request is not the first request. *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1353 (S.D. Ala. 2014) ("There cannot be multiple 'first[s].'"). Qualcomm's position that TLA § 8.1B is triggered by any request would also render "the Initial Request" and the "subsequent one-time written request" surplusage since ***every*** request would be an "initial"

request. *VFLA*, 100 Cal. App. 5th at 297 ("[court] will avoid an interpretation that leaves part of a contract as surplusage" and rejecting interpretation proposed by proponent of extrinsic evidence).

Likewise, ALA § 5.1 is also unambiguous. Section 5.1 requires Arm to use reasonable efforts to deliver "ARM Technology" and "Updates." JTX-0001 § 5.1. "ARM Technology" is defined as "the technology identified in each Annex 1 and any Extensions and Updates thereto." *Id.* § 1.3. The Annex 1s (v8 and v9) explicitly identify the technologies that Arm delivers to Qualcomm by "Part Number." JTX-0003 § 1; JTX-0004 § 1. Neither OOBs nor ACK patches are listed as any of the technologies in the Annex 1s, so OOBs/ACK patches cannot be "Arm Technology." *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 10013 (3d Cir. 1980) ("Although extrinsic evidence may be considered under proper circumstances, the parties remain bound by the appropriate objective definition of the words they use to express their intent."); *Pemberton v. Nationstar Mortg.*, 331 F. Supp. 3d 1018, 1038 (S.D. Cal. 2018). And Qualcomm does not argue that OOBs/ACK patches are Updates. *See* Proffer at 1.

Thus, ALA § 5.1 is not reasonably susceptible to Qualcomm's view that Arm was obligated to provide OOBs/ACK patches. *Wolf*, 162 Cal. App. 4th at 1135 (license agreement terms did not extend to Disney's subsidiaries despite extrinsic evidence showing Disney had paid royalties for its subsidiaries). Nor would Qualcomm's proffered evidence even support its interpretation—it concerns Arm's conduct with ***other*** licensees; that evidence does not speak to what "***the parties*** intended at the time the contract was created." CACI No. 314; *Wolf*, 162 Cal. App. 4th at 1137.

## III. Qualcomm Must Obtain a Bench Ruling Before It Shows the Jury Extrinsic Evidence.

If Qualcomm intends to use extrinsic evidence, it must first present the 70 exhibits it cites in its proffer to the Court (Proffer at 3-4 & nn.2-4), explain why that evidence supports a "reasonably susceptible" interpretation of the ALA and TLA, and ask the Court for a ruling to that effect. Qualcomm can use its allocated bench trial time for that purpose if it so wishes.

What Qualcomm cannot do is circumvent that process and ask the ***jury*** to view extrinsic evidence at the same time. (Proffer at 5.) It has failed to present any credibility dispute for the jury to resolve, and without such a credibility dispute, permitting the jury to see the extrinsic evidence would defeat the purpose of the parol evidence rule and contravene California law. *See Masterton v. Sine*, 436 P.2d 561, 564 (Cal. 1968) ("[T]he parol evidence rule arose to allow the court to control the tendency of the jury to find through sympathy … that preliminary tentative agreements were not abandoned when omitted from the writing.").

Dated: October 3, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Holdings plc and Arm Ltd.*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelley, P.C.
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
meghan.kelly@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Erica Spevack
Leah Hibbler
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com
espevack@dirllp.com
lhibbler@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Stephanie L. Chin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
schin@paulweiss.com

grp-qcvarm@paulweiss.com

Erin E. Murphy
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
erin.murphy@clementmurphy.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607

Houston, TX 77010
richard.zembek@nortonrosefulbright.com

john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Holdings plc and Arm Ltd.*