**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

QUALCOMM INCORPORATED,
a Delaware corporation; and
QUALCOMM TECHNOLOGIES, INC.,
a Delaware corporation,

Plaintiffs,

v.

ARM HOLDINGS PLC, f/k/a ARM LTD.,
a U.K. corporation,

Defendant.

**REDACTED - PUBLIC VERSION**
(Filed October 22, 2026)

C.A. No. 24-490-MN
(CONSOLIDATED)

[redacted]

**DEFENDANTS' MOTION TO SEAL AND REDACT**
**TRIAL TRANSCRIPTS TAKEN OCTOBER 5 AND OCTOBER 6, 2026**

Dated: October 15, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelly
KIRKLAND & ELLIS LLP
2005 Market St., Ste. 1000
Philadelphia, PA 19103
(215) 268-5000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Defendants Arm Ltd. and Arm Holdings plc (collectively, "Arm" or "Defendants") respectfully move this Court, pursuant to Paragraph 88 of the Pretrial Order (D.I. 951), Federal Rule of Civil Procedure 5.2, D. Del. Local Rule 5.1.3, and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings for entry of an order sealing portions of the following transcripts taken during the sealed proceedings that occurred during the bench and jury trials on October 5–6, 2026:

- The October 5, 2026 Bench Trial Transcript; and
- The October 6, 2026 Bench Trial Transcript (collectively, the "Transcripts").[1]

The proposed redactions to both Transcripts are marked in highlighting in Exhibit A. The Transcripts are redacted in Exhibit B. The October 15, 2026 Declaration of Robert Calico ("Calico Decl." or "Calico Declaration") in support of this motion is being filed contemporaneously herewith.

As required by D. Del. Local Rule 7.1.1, counsel for Arm state that they have conferred with counsel for Plaintiffs Qualcomm, Inc. and Qualcomm Technologies, Inc. (collectively, "Plaintiffs"). Plaintiffs' counsel have advised Arm that Plaintiffs take no position on the redactions.

**INTRODUCTION**

The Court previously found on the record that certain discussions during the bench and jury trials implicated commercially sensitive information and thus met the Third Circuit's standard

[1] Arm does not move to redact any portion of the public transcript from the September 28, 2026 Pre-Trial Conference. However, Arm requests that the Court maintain under seal the confidential side-bar discussion that occurred at that Conference for the reasons stated on the record. *See* Ex. C, 9/28/26 Hr'g Tr. at 13:1–25:3.

Pursuant to the Pretrial Order (D.I. 951, ¶ 88), Arm will separately file a Motion to Seal and Redact related to trial transcripts from October 7-9, 2026.

for sealing the courtroom. *See* Ex. A-1 at 27:24–29:19; Ex. A-2 at 118:23–121:14. The Court, however, also instructed that any party seeking to maintain these proceedings under seal must submit a motion to redact. *See* Ex. D, 10/7/26 Jury Trial Tr. at 786:1–4 ("I will say if I'm sealing portions of the transcript, you all are going to have to look at that in a compressed time and redact what portions you think must be kept under seal and then let anything else go."). Arm accordingly submits this motion seeking to maintain a small number of narrow redactions, as highlighted in Exhibit A, that redact only specific confidential, non-public, and commercially sensitive competitive information disclosed during the sealed proceedings. Arm specifically seeks to redact (i) financial information concerning Arm Ltd.'s proposals to Qualcomm for an Architecture License Agreement ("ALA") covering v10 of Arm's Instruction Set Architecture; and (ii) non-public information concerning v10 licenses involving non-party [redacted]. Arm requests that the Court maintain the highlighted portions of the Transcripts attached as Exhibit A under seal and that the redacted versions of the Transcripts attached as Exhibit B be placed on the public docket.

**LEGAL STANDARD**

The public's access to judicial records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). A party may overcome the presumption of access to judicial records by showing "that the material [proposed to be redacted] is the kind of information that courts will protect," that "disclosure will work a clearly defined and serious injury to the party seeking closure," and that "the interest in secrecy outweighs the presumption [of public access]." *In re Avandia*, 924 F.3d 662 at 673. The Court may exercise inherent supervisory power to deny access to judicial proceedings and records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

## ARGUMENT

### I. THE PROPOSED REDACTIONS COVER PROPRIETARY BUSINESS INFORMATION THAT, IF DISCLOSED, COULD CAUSE SERIOUS HARM TO ARM LTD.'S COMPETITIVE STANDING.

As set forth in the Calico Declaration, the proposed redactions disclose confidential, non-public, and proprietary information concerning ALAs covering v10 of Arm's Instruction Set Architecture, including non-public information concerning a v10 license [redacted], and information comparing (i) the royalties and fees Arm Ltd. proposed to Qualcomm for a v10 license with (ii) Qualcomm's current ALA rates. Calico Decl. ¶¶ 3–6.

The proposed redactions disclose confidential information concerning Arm's existing v10 licenses and v10 license proposals to Qualcomm in several ways. The highlighted portions of page 28, line 16 and page 29, line 5 of the October 5, 2026 Bench Transcript refer to Arm Ltd.'s royalty rates and the resulting per-chip royalty payments under Arm Ltd.'s proposals to Qualcomm for a v10 license. *Id.* ¶ 5. The highlighted portions of page 28, line 21 and page 29, line 6 of the October 5, 2026 Bench Transcript refer to comparisons of Arm Ltd.'s proposed v10 rates with Qualcomm's current royalty rates and payments for v9 of Arm's Instruction Set Architecture. *Id.* These disclosures were made during a sealed side-bar discussion during the testimony of Qualcomm CEO Cristiano Amon and were not made in open court. *See* Ex. A-1 at 27:24–29:19.

The highlighted portions of page 120, lines 18–19 and page 121, lines 1, 2, and 7 of the October 6, 2026 Bench Transcript refer to a non-public v10 license between non-party [redacted]. Calico Decl. ¶ 6. These disclosures were made during a sealed portion of testimony from Arm CEO Rene Haas and were not made in open court. *See* Ex. A-2 at 118:23–121:14.

The presumption of public access to the proposed redactions is rebutted in these circumstances. Arm Ltd.'s ALAs include confidentiality provisions under which Arm Ltd. and its

partners have contractually agreed to maintain the confidentiality of this information precisely because that information is competitively sensitive and will cause competitive harm if disclosed. Calico Decl. ¶ 4. In particular, disclosure of the royalty rates offered in Arm Ltd.'s proposals to Qualcomm for a v10 license would cause competitive harm by providing others with otherwise unknown insights into the specific rights granted or offered to one of Arm Ltd.'s licensing partners and thus the terms Arm Ltd. was willing to accept from one licensing partner. *Id.* ¶ 5; *see also* Ex. A-1 at 25:3–16. Others could then use this information in future licensing negotiations with Arm Ltd., putting Arm Ltd. at a disadvantage. Calico Decl. ¶ 5. Likewise, revealing the identity of companies holding a v10 license [redacted] may injure Arm and its existing v10 licensees, including by undermining competitive plans Arm Ltd.'s licensees may have with respect to what future technologies they have licenses to from Arm, and could compromise Arm's relationship with its existing licensees. *Id.* ¶ 6; Ex. A-2 at 115:5–119:3. Indeed, this Court recognized that Arm Ltd.'s v10 licensees and royalties offered or paid thereunder are confidential and deserving of protection when it sealed the courtroom for this testimony or invited testimony during a confidential side-bar discussion. *See* Ex. A-1 at 27:24–29:19; Ex. A-2 at 118:23–121:14.

## II. THE MATERIAL PROPOSED TO BE REDACTED IS THE KIND OF INFORMATION THAT COURTS PROTECT.

The information for which Arm requests sealing in the Transcripts is the kind of sensitive information that courts protect.

*First*, courts have found a movant's interest in the secrecy of confidential, non-public financial information outweighs the presumption of public access where it will (among other things) harm the movant's competitive position in the marketplace, including by impacting future business negotiations. *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4133516, at *3 (D. Del. Sept. 10, 2021) (sealing financial information because disclosure of that information would "weaken the

Movant's competitive position in the marketplace"), *vacated in part on other grounds*, 2021 WL 4843959 (D. Del. Oct. 18, 2021); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (sealing financial information because not doing so "could cause real and serious harm to the parties' future negotiations if disclosed to competitors" and it was "the sort of material that courts have frequently redacted"); *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) (overruling objection to special master's order sealing "financial materials" because disclosure "would cause them a clearly defined and serious injury" and finding special master's approach "entirely proper and in accordance with the case law").

*Second*, courts have found a movant's interest in the secrecy of confidential, non-public licensing information, including royalty amounts, outweighs the presumption of public access. *See, e.g.*, *Mosaid*, 878 F. Supp. 2d at 510 (permitting redaction of information regarding licensing agreements between the parties and market share information); *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 272417, at *1-2 (D. Del. Jan. 17, 2019) (granting motion to redact plaintiff's confidential business information); *Joint Stock Soc'y*, 104 F. Supp. 2d at 396 (upholding decision to seal documents containing strategic business plans).

## III. THE PUBLIC DOES NOT HAVE A STRONG INTEREST IN VIEWING THE CONFIDENTIAL INFORMATION AT ISSUE.

The public does not have a strong interest in viewing the confidential information at issue because the proposed redactions do not relate to information that is important to public safety, nor do they otherwise relate to issues important to the public. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3d Cir. 1994); *In re Avandia*, 924 F.3d at 671-72. Further, this case involves private litigants, which weighs in favor of redaction. *See Pansy*, 23 F.3d at 788.

Moreover, Arm's proposed redactions do not interfere with the public's ability to understand the full substance of what transpired during the trial proceedings. Arm's proposed

redactions are narrow, accounting for only a few excerpts of two days of evidence during trial. In all instances, Arm's requested redactions are less than a full sentence in length. Thus, the Transcripts will remain understandable to readers who are not litigants in this case. Arm does not seek to seal the purpose or subject matter of these trial proceedings. Consequently, the public would have little difficulty "in having access to the basic contours of this dispute," and the public's interest in accessing judicial proceedings will still be served, if Arm's proposed redactions are allowed. *Mosaid,* 878 F. Supp. 2d at 514.

**CONCLUSION**

For these reasons, Arm respectfully requests that the Court enter an Order, substantially similar to the proposed order attached hereto, permitting the docketing only of the public version of the Transcripts, which are attached as Exhibit B (*i.e.*, the version of the Transcripts with the Proposed Redactions applied), and permitting the original unredacted version of the Transcripts to remain under seal.

Dated: October 15, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelly
KIRKLAND & ELLIS LLP
2005 Market St., Ste. 1000
Philadelphia, PA 19103
(215) 268-5000

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>Defendants. | C.A. No. 24-490-MN<br>(CONSOLIDATED) |

**[PROPOSED] ORDER GRANTING**
**DEFENDANTS' MOTION TO SEAL AND REDACT**

At Wilmington this _______ day of _______________, 2026, having considered Defendants' Motion to Seal and Redact Trial Transcripts Taken October 5 and October 6, 2026 (the "Motion");

IT IS HEREBY ORDERED, that:

1. The Motion is GRANTED;

2. The redacted versions of the October 5 and October 6, 2026 Bench Trial Transcripts (the "Transcripts") provided as Exhibit B to the Motion shall be filed as the public redacted versions of the Transcripts;

3. The original and unredacted versions of the Transcripts shall remain sealed; and

4. The sealed portion of the Pre-Trial Conference transcript, reflecting the portion of the Conference held at side-bar, shall remain sealed.

The Honorable Maryellen Noreika
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 15, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Erica Spevack
Leah Hibbler
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com
espevack@dirllp.com
lhibbler@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Stephanie L. Chin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
schin@paulweiss.com

grp-qcvarm@paulweiss.com

Erin E. Murphy
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
erin.murphy@clementmurphy.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607

Houston, TX 77010
richard.zembek@nortonrosefulbright.com

john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Holdings plc and Arm Ltd.*