**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, Plaintiffs, | **PUBLIC VERSION** (Filed October 23, 2026) |
| v. | C.A. No. 24-490-MN (CONSOLIDATED) |
| ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation, Defendant. | [redacted] |

**DEFENDANTS' MOTION TO SEAL AND REDACT**
**<u>TRIAL TRANSCRIPTS OF OCTOBER 7-9, 2026</u>**

Dated: October 16, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelly
KIRKLAND & ELLIS LLP
2005 Market St., Ste. 1000
Philadelphia, PA 19103
(215) 268-5000
meghan.kelly@kirkland.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Defendants Arm Ltd. and Arm Holdings plc (collectively, "Arm" or "Defendants") respectfully move this Court, pursuant to Paragraph 88 of the Pretrial Order (D.I. 951), Federal Rule of Civil Procedure 5.2, D. Del. LR 5.1.3, and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings for entry of an order sealing portions of the following transcripts taken during the bench and jury trials occurring October 7–9, 2026 before the Honorable Maryellen Noreika:

- The October 7, 2026 Jury Trial Transcript;
- The October 8, 2026 Jury Trial Transcript; and
- The October 9, 2026 Bench Trial Transcript (collectively, the "Transcripts").

The proposed redactions to these Transcripts are marked in yellow highlighting in Exhibit A. The Transcripts are redacted in Exhibit B.[1] The October 16, 2026 Declaration of Robert Calico ("Calico Decl." or "Calico Declaration") in support of this motion is being filed contemporaneously herewith.

As required by D. Del. Local Rule 7.1.1, counsel for Arm state that they have conferred with counsel for Plaintiffs Qualcomm, Inc. and Qualcomm Technologies, Inc. (collectively, "Plaintiffs"). Plaintiffs' counsel have advised Arm that Plaintiffs oppose this motion as it relates to redactions found within the October 8, 2026 Jury Trial Transcript at pages 981-983, 1013-1016, and 1041-1043, and that Plaintiffs take no position on the remaining redactions.

[1] Arm understands that Meta is filing its own motion to redact and seal portions of the Transcripts. For the Court's benefit, Arm has included Meta's proposed redactions to the Transcripts in blue highlighting in Exhibit A, to distinguish Meta's proposed redactions from Arm's redactions marked in yellow highlighting. The redacted transcripts in Exhibit B include both Arm's and Meta's redactions.

**INTRODUCTION**

The Court previously found on the record that certain discussions during the bench and jury trials implicated commercially sensitive information and thus met the Third Circuit's standard for sealing the courtroom. *See* Ex. A-2, 10/8/26 Jury Trial Tr. at 966:14–1065:5; Ex. A-3, 10/9/26 Bench Trial Tr. at 209:19–263:19. The Court's decisions to seal the courtroom followed requests by Arm and third parties to seal or protect their confidential information at trial, which the Court granted. *See, e.g.*, D.I. 986 (Meta); D.I. 987 (Arm); D.I. 989 (Texas Instruments); D.I. 993 (Samsung); D.I. 998 (Renesas); D.I. 999 (Amlogic); D.I. 1000 (Synaptics); D.I. 1004, 1005 (MediaTek); D.I. 1006 (Google); D.I. 1008 (STMicroelectronics); Ex. A-1, 10/7/26 Jury Trial Tr. at 713:4–8, 785:5–13. The Court, however, also instructed that any party seeking to maintain these proceedings under seal must submit a motion to redact. *See* Ex. A-1 at 786:1–4 ("I will say if I'm sealing portions of the transcript, you all are going to have to look at that in a compressed time and redact what portions you think must be kept under seal and then let anything else go."). Arm accordingly submits this motion seeking to maintain a small number of narrow redactions, as highlighted in yellow in Exhibit A, that redact only specific confidential, non-public, and commercially sensitive competitive information disclosed during the sealed proceedings. Arm specifically seeks to redact (i) confidential and non-public royalty rates and license fees offered to or actually paid by Qualcomm or other licensees (including Samsung, MediaTek, and Infineon) under Arm Ltd.'s Technology License Agreements ("TLAs"); and (ii) confidential and non-public royalty rates and license fees offered to or actually paid by Qualcomm or other licensees (including Microsoft and Google) under Arm Ltd.'s Architecture License Agreements ("ALAs") for a license covering v10 of Arm's Instruction Set Architecture. Arm requests that the Court maintain the yellow-highlighted portions of the Transcripts attached as Exhibit A under seal and that the redacted versions of the Transcripts attached as Exhibit B be placed on the public docket.

## LEGAL STANDARD

The public's access to judicial records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). A party may overcome the presumption of access to judicial records by showing "that the material [proposed to be redacted] is the kind of information that courts will protect," that "disclosure will work a clearly defined and serious injury to the party seeking closure," and that "the interest in secrecy outweighs the presumption [of public access]." *In re Avandia*, 924 F.3d at 672–73. The Court may exercise inherent supervisory power to deny access to judicial proceedings and records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

## ARGUMENT

### I. THE PROPOSED REDACTIONS COVER PROPRIETARY BUSINESS INFORMATION THAT, IF DISCLOSED, COULD CAUSE SERIOUS HARM TO ARM LTD.'S COMPETITIVE STANDING.

As set forth in the Calico Declaration, the proposed redactions disclose non-public, confidential, and proprietary information concerning the financial terms of Arm Ltd.'s license agreements, including royalty rates and license fees that Arm Ltd. has offered to Qualcomm and royalties and license fees paid to Arm Ltd. by Qualcomm and other licensees under Arm Ltd.'s Technology License Agreements ("TLAs") and Architecture License Agreements ("ALAs"). Calico Decl. ¶¶ 3–7.

The proposed redactions disclose confidential information concerning the rates and fees offered to or paid by Qualcomm and other third-party licensees in several ways. The highlighted portions of page 675, line 6 of the October 7, 2026 Jury Transcript refers to a royalty rate for Arm Ltd.'s Hunter core offered to Qualcomm as part of an October 2024 offer to extend Arm Ltd.'s

Technology License Agreement ("TLA") with Qualcomm. *Id.* ¶ 5. While the royalty rate was shown on the monitors for only the jury to see, in this lone instance it was mistakenly said aloud by Qualcomm's counsel. *See* Ex. A-1 at 675:5–9.

The highlighted portion of page 972, lines 19–20; page 973, lines 14, 16, and 22–24; page 974, lines 1–2, 10–11, 22, and 24; page 975, lines 3, 9, 14, 17, 19, 22, and 23; page 976, lines 19–22; page 977, lines 11–12, and 19; page 979, line 4; page 980, line 4; page 981, lines 2–3, 18, and 20; page 982, lines 1, 3–4, 8, and 20; page 983, lines 2, 4–6, and 14; page 1008, lines 23–24; page 1010, line 5; page 1013, lines 1, 16, 20, and 23–24; page 1015, lines 13–14; page 1016, lines 20 and 22; page 1033, lines 12–13 and 15–17; page 1041, line 4; page 1042, line 7; and page 1043, line 5 of the October 8, 2026 Jury Transcript refer to royalty rates, term lengths, and license fees proposed to Qualcomm or paid or accepted by third-party licensees (including Samsung, MediaTek, and Infineon) under Arm Ltd.'s Technology License Agreements ("TLA") with these licensees. Calico Decl. ¶ 6. These disclosures were made during the sealed testimony of Qualcomm damages expert Dr. Kennedy and were not made in open court. *See* Ex. A-2 at 966:14-1065:5.

The highlighted portions of page 216, lines 7–8, 14–16, and 24–25; page 217, lines 1, 4–5, 12, and 22–23; page 218, lines 1–2, 12, and 14–15; page 219, lines 10, 12, 15, and 23; page 220, lines 16 and 21; page 221, lines 9, 12, and 21; page 222, lines 1–2, and 5; page 224, lines 17 and 21; page 225, lines 1 and 19; page 226, lines 6–15; page 227, lines 22–23; page 228, lines 10 and 12; page 233, lines 13 and 22; page 237, lines 19 and 25; page 238, lines 12–13, and 17; and page 239, lines 4 and 8 of the October 9, 2026 Bench Transcript refer to Arm Ltd.'s royalty rates and license fees offered to Qualcomm in Arm Ltd.'s proposals to Qualcomm for a v10 license, and comparison of those rates and fees to the terms of existing v10 licensees (including Microsoft and Google) and the terms of Qualcomm's existing license to v9 of Arm's Instruction Set Architecture.

Calico Decl. ¶ 7. These disclosures were made during the sealed testimony of Qualcomm damages expert Dr. Kennedy and were not made in open court. *See* Ex. A-3 at 209:19–263:19.

The presumption of public access to the proposed redactions is rebutted in these circumstances. Arm Ltd.'s ALAs and TLAs include confidentiality provisions under which Arm Ltd. and its partners have contractually agreed to maintain the confidentiality of this information precisely because that information is competitively sensitive and will cause competitive harm if disclosed. Calico Decl. ¶ 4. In particular, disclosure of the royalty rates offered in Arm Ltd.'s proposals to Qualcomm for a v10 license, and comparison thereof to the confidential terms of existing v10 licensees (including Microsoft and Google), would cause competitive harm by providing others with otherwise unknown insights into the specific rights granted or offered to Arm Ltd.'s licensing partners. *Id.* ¶ 7. Others could then use this information in future licensing negotiations with Arm Ltd., putting Arm Ltd. at a disadvantage. *Id.* Indeed, this Court recognized that Arm Ltd.'s v10 licensees and royalties offered or paid thereunder are confidential and deserving of protection when it sealed the courtroom for this testimony. *See* Ex. A-3 at 209:19–263:19. Likewise, disclosure of the royalty rates offered by Arm Ltd. to Qualcomm and other TLA licensees (including Samsung, MediaTek, and Infineon) under Arm Ltd.'s TLAs would cause competitive harm by providing others with otherwise unknown insights into the specific rights granted or offered to Arm Ltd.'s licensing partners. Calico Decl. ¶ 6; *see also* Ex. A-3 at 207:4–213:23. This Court recognized that Arm Ltd.'s royalties offered or paid under its TLAs with Qualcomm and its other licensees are confidential and deserving of protection when it sealed the courtroom for this testimony. *See* Ex. A-2 at 966:14–1065:5.

## II. THE MATERIAL PROPOSED TO BE REDACTED IS THE KIND OF INFORMATION THAT COURTS PROTECT.

The information for which Arm requests sealing in the Transcripts is the kind of sensitive information that courts protect.

*First*, courts have found a movant's interest in the secrecy of confidential, non-public financial information outweighs the presumption of public access where it will (among other things) harm the movant's competitive position in the marketplace, including by impacting future business negotiations. *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4133516, at *3 (D. Del. Sep. 10) (sealing financial information because disclosure of that information would "weaken the Movant's competitive position in the marketplace"), *vacated in part on other grounds*, 2021 WL 4843959 (D. Del. Oct. 18, 2021); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (sealing financial information because not doing so "could cause real and serious harm to the parties' future negotiations if disclosed to competitors" and it was "the sort of material that courts have frequently redacted"); *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) (overruling objection to special master's order sealing "financial materials" because disclosure "would cause them a clearly defined and serious injury" and finding special master's approach "entirely proper and in accordance with the case law").

*Second*, courts have found a movant's interest in the secrecy of confidential, non-public licensing information, including royalty amounts, outweighs the presumption of public access. *See, e.g.*, *Mosaid*, 878 F. Supp. 2d at 510 (permitting redaction of information regarding licensing agreements between the parties and market share information); *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 272417, at *1–2 (D. Del. Jan. 17, 2019) (granting motion to redact plaintiff's confidential business information); *Joint Stock Soc'y*, 104 F. Supp. 2d at 396 (upholding decision to seal documents containing strategic business plans).

## III. THE PUBLIC DOES NOT HAVE A STRONG INTEREST IN VIEWING THE CONFIDENTIAL INFORMATION AT ISSUE.

The public does not have a strong interest in viewing the confidential information at issue because the proposed redactions do not relate to information that is important to public safety, nor do they otherwise relate to issues important to the public. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787–88 (3d Cir. 1994); *In re Avandia*, 924 F.3d at 671–72. Further, this case involves private litigants, which weighs in favor of redaction. *See Pansy*, 23 F.3d at 788.

Moreover, Arm's proposed redactions do not interfere with the public's ability to understand the full substance of what transpired during the trial proceedings. Arm's proposed redactions are narrow, accounting for only minimal excerpts of three days of evidence during trial. In nearly all instances, Arm's requested redactions are less than a full sentence in length. Thus, the Transcripts will remain understandable to readers who are not litigants in this case. Arm does not seek to seal the purpose or subject matter of these trial proceedings. Consequently, the public would have little difficulty "in having access to the basic contours of this dispute," and the public's interest in accessing judicial proceedings will still be served, if Arm's proposed redactions are allowed. *Mosaid*, 878 F. Supp. 2d at 514.

## CONCLUSION

For these reasons, Arm respectfully requests that the Court enter an Order, substantially similar to the proposed order attached hereto, permitting the docketing only of the public version of the Transcripts, which is attached as Exhibit B (*i.e.*, the version of the Transcripts with the Proposed Redactions applied), and permitting the original unredacted version of the Transcripts to remain under seal.

Dated: October 16, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelly
KIRKLAND & ELLIS LLP
2005 Market St., Ste. 1000
Philadelphia, PA 19103
(215) 268-5000
meghan.kelly@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 16, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jennifer Ying
Travis Murray
Morris, Nichols, Arsht
& Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jying@morrisnichols.com
tmurray@morrisnichols.com

Alan R. Silverstein
Sara Barry
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
asilverstein@connollygallagher.com
sbarry@connollygallagher.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Jennifer N. Hartley
Erica Spevack
Leah Hibbler
Dunn Isaacson Rhee LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com
mzappala@dirllp.com
emorgan@dirllp.com
jhartley@dirllp.com
espevack@dirllp.com
lhibbler@dirllp.com

Richard S. Zembek
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000

Ruby J. Garrett
Adam L. Basner
William T. Marks
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
abasner@paulweiss.com
wmarks@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
Stephanie L. Chin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com
schin@paulweiss.com

grp-qcvarm@paulweiss.com

Erin E. Murphy
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
erin.murphy@clementmurphy.com

John Poulos
Norton Rose Fulbright US LLP
1045 W. Fulton Market
Suite 1200
Chicago, IL 60607

Houston, TX 77010
richard.zembek@nortonrosefulbright.com

john.poulos@nortonrosefulbright.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Holdings plc and Arm Ltd.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>Defendant. | C.A. No. 24-490-MN<br>(CONSOLIDATED)<br><br>**FILED UNDER SEAL** |

**RULE 7.1.1 CERTIFICATION**

Pursuant to D. Del. Local Rule 7.1.1, counsel for Defendants Arm Holdings plc and Arm Ltd. (collectively, "Arm") hereby certify that they have made a reasonable effort to reach agreement with counsel for Plaintiffs Qualcomm Inc. and Qualcomm Technologies, Inc. (collectively, "Plaintiffs") regarding the matters set forth in Defendants' Motion to Seal and Redact Trial Transcripts October 7-9, 2026, including oral communication involving Delaware counsel for all parties. Plaintiffs have advised that they will be opposing Arm's motion in part.

Dated: October 16, 2026

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Meghan Kelly
KIRKLAND & ELLIS LLP
2005 Market St., Ste. 1000
Philadelphia, PA 19103
(215) 268-5000
meghan.kelly@kirkland.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Daniel G. Mackrides (7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Arm Ltd. and Arm Holdings plc*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation, and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. corporation,<br><br>Defendants. | C.A. No. 24-490-MN<br>(CONSOLIDATED) |

**[PROPOSED] ORDER GRANTING**
**DEFENDANTS' MOTION TO SEAL AND REDACT**

At Wilmington this _______ day of _______________, 2026, having considered Defendants' Motion to Seal and Redact Trial Transcripts of October 7-9, 2026 (the "Motion");

IT IS HEREBY ORDERED, that:

1. The Motion is GRANTED;

2. The redacted versions of the October 7 and October 8, 2026 Jury Trial Transcripts and redacted version of the October 9, 2026 Bench Trial Transcript (the "Transcripts") provided as Exhibit B to the Motion shall be filed as the public redacted versions of the Transcripts; and

3. The original and unredacted versions of the Transcripts shall remain sealed.

___________________________________
The Honorable Maryellen Noreika
United States District Judge