Originally Filed: October 30, 2026
Redacted Version Filed: November 5, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED, a Delaware corporation; and QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, | ) | REDACTED - PUBLIC VERSION |
| Plaintiffs, | ) | C.A. No. 24-490 (MN) (CONSOLIDATED) |
| v. | ) | [redacted] |
| ARM HOLDINGS PLC., f/k/a ARM LTD., a U.K. corporation, | ) | |
| Defendant | ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' <u>MOTION TO SEAL AND REDACT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

Catherine Nyarady
Jacob A. Braly
Jacob Apkon
Stephanie L. Chin
PAUL WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

# TABLE OF CONTENTS

Page

INTRODUCTION ... 1

FACTUAL BACKGROUND ... 1

LEGAL STANDARD ... 2

ARGUMENT ... 3

I. The October 2024 TLA proposal was shown in open court and should not be redacted. ... 3

II. Arm has not established that disclosure will result in a clearly defined and serious injury. ... 4

III. Arm's other arguments are unavailing ... 7

CONCLUSION ... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
924 F.3d 662 (3d Cir. 2019)....................3, 4

*Cipollone* v. *Liggett Grp., Inc.*,
785 F.2d 1108 (3d Cir. 1986)....................5

*Integra LifeSciences Corp.* v. *HyperBranch Med. Tech., Inc.*,
C.A. No. 15-819, D.I. 805 (D. Del. 2019)....................3

*Littlejohn* v. *Bic Corp.*,
851 F.2d 673 (3d Cir. 1988)....................3

*United States* v. *Martin*,
746 F.2d 964 (3d Cir. 1984)....................2

*Mosaid Techs. Inc.* v. *LSI Corp.*,
878 F. Supp. 2d 503 (D. Del. 2012)....................5

*Pfizer, Inc.* v. *Teva Pharms. USA, Inc.*,
2010 WL 2710566 (D.N.J. July 7, 2010)....................3

*Samsung Elecs. Co.* v. *Imperium IP Holdings (Cayman), Ltd.*,
2017 WL 11573695 (D. Del. Aug. 28, 2017)....................8

## INTRODUCTION

Arm moves to redact portions of the jury trial transcripts in this matter from October 7 through October 9. D.I. 1043. Qualcomm objects to a portion of these proposed redactions that are beyond the scope of materials for which Arm sought to seal the courtroom, do not involve third-party information, were shown in open court, and for which disclosure will not cause serious harm. Specifically, Qualcomm objects to Arm's proposed redactions related to rates and fees from its October 2024 and January 2025 licensing proposals to Qualcomm and the price that Qualcomm paid in 2019 for peripheral IP.[1] These proposed redactions obscure information that was central to Qualcomm's claims for breach of the TLA and the implied covenant of good faith and fair dealing. Arm's motion to these redactions should be denied.

## FACTUAL BACKGROUND

On September 16, 2026, this Court held a bench trial on the enforceability of Section 8.3 of the Qualcomm ALA and TLA. No party asked that the courtroom be sealed, and the entire trial on Section 8.3 was held in open court with members of the public present in the gallery. During that trial, Arm displayed its October 2024 licensing proposal and elicited testimony on direct examination of Mr. Youssef that "the rate [for Yamin] would have been 2.2 percent." 9/16/26 Trial Tr. at 78:12–19; *see also id.* at 95:7–18. Arm did not ask that the courtroom be sealed for this testimony, nor did it seek to redact this portion of the transcript. D.I. 940 ¶ 90 (requiring that a party file a Notice of Intent to Request Redaction within three days of receiving the transcript).

The parties proceeded to a jury trial beginning on October 5, 2026. That day, Arm only moved to seal the courtroom to protect information about its v10 ALA licensees with third parties

[1] D.I. 1045, Ex. A-2 at 675:6, 977:12 (first redaction only), 981:18, 981:20, 982:1, 982:3, 982:4, 982:8, 983:2, 983:6, 983:14, 1013:1, 1013:16, 1013:20, 1013:23, 1013:24, 1015:13, 1015:14, 1016:20, 1016:22, 1041:4, 1042:7, 1043:5.

and its v10 ***ALA*** proposals to Qualcomm. D.I. 987 at 1–2. Arm's motion did ***not*** seek sealing to prevent disclosure of any aspects of its proposals to Qualcomm under the ***TLA***. *Id.* at 2 ("Arm's request is limited to the parties' v10 licensing dispute."). Several third parties then moved to prevent disclosure of information in their agreements with Arm (D.I. 989, 993, 998, 999, 1000, 1005, 1008, 1016, 1017), and Qualcomm accordingly requested to seal the courtroom for the testimony of Dr. Kennedy given that it would involve "discussion of third-party rates." D.I. 1045, Ex. A-2 at 966:14–18. The Court granted the motion to seal after finding that the *third parties* "have made a showing that particular rates that are going to be discussed are sensitive and would cause specific injury if they were disclosed publicly." *Id.* at 966:19–25. Neither Arm nor Qualcomm asked the Court to seal information about the rates or fees that Arm proposed to Qualcomm under the TLA or the amounts that Qualcomm paid in 2019 under its TLA.

Arm now seeks to redact various portions of the jury trial transcript. Qualcomm opposes redactions to the rates and fees related to Arm's October 2024 and January 2025 TLA proposals to Qualcomm, D.I. 1045, Ex. A-2 at 675:6, 977:12, 981:18, 982:1, 982:4, 982:8, 983:2, 983:6, 983:14, 1013:1, 1013:16, 1013:20, 1013:23, 1013:24, 1015:13, 1015:14, 1016:20, 1016:22, 1041:4, 1042:7, 1043:5, and the fees that Qualcomm paid for peripheral IP under its TLA in 2019, *id.* at 981:20, 982:3.[2]

## LEGAL STANDARD

The Third Circuit recognizes a "strong presumption in favor of access" to all "judicial records and documents," including transcripts. *United States* v. *Martin*, 746 F.2d 964, 968 (3d

[2] Qualcomm does not agree that Arm's other proposed redactions are appropriate and specifically opposed Arm's motion to seal the courtroom for testimony related to Arm's v10 offers. Bench Tr. at 213:2–215:25. In light of the Court's decision to seal the courtroom for testimony about third-party information and Arm's v10 ALA offers to Qualcomm, Qualcomm does not specifically address Arm's proposed redactions to those portions of the transcript.

Cir. 1984); s*ee also In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).[3] To overcome that presumption, the movant must show that "the material is the kind of information that courts will protect and that disclosure will work a *clearly defined* and *serious* injury" to the moving party. *Avandia*, 924 F.3d at 672. "Specificity is essential," and "broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673.

## ARGUMENT

### I. The October 2024 TLA proposal was shown in open court and should not be redacted.

"It is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use." *Littlejohn* v. *Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988); *see also Pfizer, Inc.* v. *Teva Pharms. USA, Inc.*, 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) (explaining that "the onus is on the parties to request sealing of the courtroom *prior* to a hearing that will involve the discussion of allegedly confidential information" and that "ex-post facto sealing should not generally be permitted"); *Integra LifeSciences Corp.* v. *HyperBranch Med. Tech., Inc.*, C.A. No. 15-819, D.I. 805 (D. Del. 2019) (denying motion to redact transcript even though redactions were "narrow and limited to previously-confidential financial information" because "[n]o request was made to seal the courtroom").

Arm's motion should be denied as to each redaction of information contained in Arm's October 2024 proposal to Qualcomm. D.I. 1045, Ex. A-2 at 675:6, 977:12, 981:18, 1013:1, 1013:16, 1013:20, 1013:23, 1013:24, 1015:13, 1015:14, 1016:20, 1016:22, 1041:4. This information is already public, as Arm's own counsel displayed the October 2024 proposal during

[3] Unless otherwise indicated, all brackets, ellipses, footnote call numbers, internal quotations, and citations have been omitted for readability. All emphasis is added unless otherwise indicated.

the September Bench Trial. 9/16/2026 Bench Tr. at 77:10–78:19. Arm's counsel likewise elicited testimony from Mr. Youssef about the specific rate for Yamin contained in the offer, which Mr. Youssef read aloud. *Id.* at 78:12–15 ("Q. What royalty rate did Arm offer for using Yamin on a stand-alone basis? A. On a stand-alone basis the rate would have been 2.2%."). At the October jury trial, while Qualcomm declined to publish the offer on the public screen out of an abundance of caution, Arm's counsel expressly told the Court that the rates it offered to Qualcomm were not confidential. D.I. 1045, Ex. A-1 at 675:10–17 (Mr. Issacson: "These are rates offered to us by Arm, so would these be confidential? . . . Ms. Kelly: We are not confidential, if Qualcomm wants to keep them confidential, we have no problem doing that."). Because the rates and fees in Arm's October 2024 offer were shown in open court at the September trial and Arm disclaimed their confidentiality at the October trial, Arm's motion to redact them should be denied.

## II. Arm has not established that disclosure will result in a clearly defined and serious injury.

To justify its proposed redactions, Arm bears the burden of showing that disclosure of the redacted material will result in a "clearly defined and serious injury." *Avandia*, 924 F.3d at 672. Arm cannot satisfy that standard here for any of the redactions at issue.

In addition to the redactions related to the October 2024 TLA offer described above, Arm seeks to redact the TLA prices it offered to Qualcomm for peripheral IP in January 2025, the difference between the October 2024 and January 2025 proposals, and the prices Qualcomm paid for peripheral IP under the TLA in 2019. D.I. 1045, Ex. A-2 at 982:1, 982:4, 982:8, 983:2, 983:6, 1042:7, 1043:5 (redacting prices Arm proposed to Qualcomm for peripheral IP in January 2025 proposal); *id.* at 983:14, 1041:4 (redacting the difference in price between what Arm proposed to Qualcomm for peripheral IP in October 2024 and January 2025); *id.* at 981:20, 982:3 (redacting prices Qualcomm paid for peripheral IP in 2019). But the prices Arm charged Qualcomm are

central to understanding Qualcomm's claims for breach of Section 8.1B of the Qualcomm TLA and the implied covenant of good faith and fair dealing. Redaction is therefore inappropriate. *See Mosaid Techs. Inc.* v. *LSI Corp.*, 878 F. Supp. 2d 503, 511–14 (D. Del. 2012) (rejecting request for redactions of contractual terms that relate to "the core of the parties' dispute").

Arm contends that disclosure of its TLA pricing in the October and January proposals or Qualcomm's 2019 license would cause "competitive harm" by providing other licensees with "unknown insights into the specific rights" granted or offered to Qualcomm. D.I. 1043 at 5; *see also* D.I. 1044 at 3 (claiming that Arm will be "at a disadvantage in future licensing negotiations, including negotiations with other prospective TLA licensees"). But "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not suffice to satisfy the Third Circuit standard. *Cipollone* v. *Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). And the evidence produced in this case and elicited at trial suggests that Arm's hypothetical "competitive harm" or disadvantage will not come to pass.

**October 2024 Proposal**. Arm's counsel conceded at trial that the royalty rates in the October 2024 TLA offer to Qualcomm were "not confidential." D.I. 1045, Ex. A-1 at 675:10–17. Yet Arm now claims it will suffer "competitive harm" or "disadvantage" in negotiations if these rates are disclosed. Arm fails to articulate that harm or disadvantage with specificity. And as to Hunter and Hayes, Arm's October 2024 proposal provided rates that are [redacted] than what Arm proposed to nearly all other licensees. Ex. 1. Moreover, the rates Arm offered to Qualcomm are identical to the rates set forth in Arm's price book. Ex. 2. Nothing in Arm's declaration suggests that Arm intends to charge any future licensee even higher rates for these cores, which are already several years old.

As to Yamin, Arm's fear of a "competitive disadvantage" is overstated at best. Arm now asks to redact the 2.2% rate it offered to Qualcomm for Yamin, but Arm did not ask to seal the courtroom before eliciting that number from Mr. Youssef in open court at the September bench trial, 9/16/2026 Bench Tr. at 77:10–78:19. Even now, Arm does not seek to redact testimony indicating that Qualcomm would not pay any additional royalty for Yamin if used in combination with Hunter and Hayes. *See, e.g.*, D.I. 1045, Ex. A-2 at 729:17–20, 1012:19–1013:1, 1016:7–10, 1016:18–23.[4] Arm's inconsistent treatment of the confidentiality of rates for the identical core belies any suggestion that redaction is necessary to protect against competitive harm.

Arm likewise seeks to redact references to the license fees Arm charged Qualcomm for a single use and seven-year license to Hunter, as well as the combined price for all three peripheral IPs. *Id.* at 1013:16–24, 981:18. But Arm does not identify how disclosure of these numbers would put it at a disadvantage or cause competitive harm. Evidence in this case indicates that Arm has shifted away from licensing individual IPs (i.e., a license for a specific core or peripheral IP such as the GIC-700, SMMU-700, and ELA-600) under TLAs to a subscription-based model. Ex. 3 at 86:19–87:12 ("So we moved away from a, you know, sort of this product with this term to more of a broader subscription-based engagements."); *see also* PTX-1654 at 2 ("Move 100% of our business to consumption-based models (ATA/AFA) to enable greater focus on Design wins/Ins and partner success."). Under the subscription model, Arm offers a license fee for the entire package of offerings rather than for any individual IP. *E.g.*, PTX-1654 at 3 (price book); D.I. 1045, Ex. A-2 at 974:13–22 (describing Samsung's license fee for an entire package of IPs). A third

[4] But Arm *does* seek to redact an instance where Dr. Kennedy mistakenly refers to "one percent" rather than "zero percent." D.I. 1045, Ex. A-2 at 1016:20, 1016:22.

party with knowledge of what Arm charged Qualcomm just for Hunter, or the three peripheral IPs collectively, would give it little, if any, leverage on a negotiation for a broader package of IPs.

**January 2025 Proposal and 2019 license**. For similar reasons, Arm cannot establish a risk of competitive harm based on disclosure of the license fees for peripheral IP in the January 2025 Proposal or 2019 license. Each of the license fee figures that Arm seeks to redact refer only to the total amount that Arm offered or Qualcomm paid for the three peripheral IPs collectively. D.I. 1045, Ex. A-2 at 981:20, 982:1, 982:3, 982:4, 982:8, 983:2, 983:6, 1042:7, 1043:5. Thus, even in the event that another Arm partner did request a license to individual IPs rather than an entire package of IPs, knowledge of the aggregate amount that Arm offered to Qualcomm or that Qualcomm paid previously could offer a negotiating advantage only if the licensee was seeking a license to these three specific peripheral IPs. Arm has not produced any evidence of third parties seeking to license just peripheral IPs,[5] let alone the three at issue, and nothing in Arm's declaration suggests that is likely to occur. Thus, Arm's purported "competitive harm" or "disadvantage" from disclosure is speculative, at best.

## III. Arm's other arguments are unavailing.

None of Arm's other arguments justify redactions here. First, Arm suggests the fact that the Court sealed the courtroom during some of the testimony at issue supports its request for redactions. D.I. 1043 at 4–5; D.I. 1044 at 2–3. But the Court sealed the courtroom during this testimony to protect *third-party* pricing information, not the prices that Arm offered to Qualcomm that form the basis for Qualcomm's TLA and implied covenant claims. D.I. 1045, Ex. A-2 at 966:19–25. And Arm moved to seal only pricing related to v10. D.I. 987 at 1–2. Second, Arm suggests that it "considers this information to be highly confidential" and protects this information

[5] Arm has refused to produce documents concerning its negotiations with third parties for the three peripheral IPs at issue. Ex. 4.

through "confidentiality provisions" with Qualcomm. D.I. 1044 ¶ 4. But that does not justify Arm's redactions without a showing of serious harm from disclosure. *Samsung Elecs. Co.* v. *Imperium IP Holdings (Cayman), Ltd.*, 2017 WL 11573695, at *3 (D. Del. Aug. 28, 2017) (holding that the mere fact of a "private agreement" to maintain confidentiality does not justify sealing).

## CONCLUSION

For the foregoing reasons, Arm's motion to redact should be denied at least as to the redactions identified above. *Supra* note 1, at 1.[6]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Travis J. Murray*

Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Erin J. Morgan
Melissa F. Zappala
Jenifer N. Hartley
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
(202) 240-2900

Catherine Nyarady
Jacob A. Braly
Jacob Apkon
Stephanie L. Chin
PAUL WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

William T. Marks
Adam L. Basner
PAUL WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300

October 30, 2026

[6] As described above, Qualcomm does not agree that the remaining redactions that Arm seeks are warranted but does not address them specifically in light of the Court's decision to seal the courtroom for testimony related to third-party rates and Arm's v10 proposals.

# Exhibit 1

**United States District Court**

**District of Delaware**

**Civil Action No. 1:24-cv-00490-MN (Consolidated)**

**Qualcomm Incorporated and**

**Qualcomm Technologies, Inc.**

**v.**

**Arm Holdings plc**

# Amended Supplemental Expert Report of Patrick F. Kennedy, Ph.D.

**July 29, 2026**

**Figure 2: Third-Party Licensee and Proposed Qualcomm Royalty Rates for Hunter[17]**

[redacted]

[17] Supplemental Schedule 6; QCVARM_0616967-969 at '968. I note that royalty rate percentages for Hunter, Hayes, and Yamin are percent royalties of ASP.

**Figure 3: Third-Party Licensee and Proposed Qualcomm Royalty Rates for Hayes[18]**

[redacted]

[18] Supplemental Schedule 6; QCVARM_0616967-969 at '968.

I declare under penalty of perjury that the foregoing is true and correct.

Patrick F. Kennedy, Ph.D.

Managing Director

Stout Risius Ross, LLC

7/29/2026

Executed on

# Exhibit 2

**United States District Court**
**District of Delaware**
**Civil Action No. 1:24-cv-00490-MN**

**Qualcomm Incorporated and**
**Qualcomm Technologies, Inc.**

**v.**

**Arm Holdings plc**

# Expert Report of Patrick F. Kennedy, Ph.D.
**August 8, 2025**

### *b. Royalty Rate Comparison*

67. In the figure below, I compare the royalty rates for Hunter, Hayes, and Yamin included in the October 2024 Proposal to the royalty rates for these products in Arm's Q4 2024 Price Book.

**Figure 10: Comparison of Royalty Rates from October 2024 Proposal and Q4 2024 Price Book[160]**

[redacted]

68. As shown in the figure above, Arm's proposed royalty rates for Hunter and Hayes in the October 2024 Proposal are equal to the "royalties guidance" included in the Q4 2024 price book, and Arm's proposed royalty rate for Yamin in the October 2024 Proposal is 0.8 percentage points less than the "royalty guidance" for Yamin per the Q4 2024 price book.

160 QCVARM_0616967-969 at '968; ARMQC_02783619-730 at '647, '650.

I declare under penalty of perjury that the foregoing is true and correct.

[signature] 8/8/2025

Patrick F. Kennedy, Ph.D. Executed on

Managing Director

Stout Risius Ross, LLC

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED a Delaware corporation, ) Case No. 24-490-MN
QUALCOMM TECHNOLOGIES, INC., a Delaware )
corporation, )
)
Plaintiffs, )
)
vs. )
)
ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. )
corporation,, )
)
Defendant. )
_______________________________________________)

ATTORNEYS EYES ONLY VIDEOTAPED DEPOSITION OF
WILLIAM ABBEY
Palo Alto, California
Thursday, June 26, 2025

REPORTED BY: Derek L. Hoagland
CSR No. 13445

Page 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUALCOMM INCORPORATED a Delaware corporation, ) Case No. 24-490-MN
QUALCOMM TECHNOLOGIES, INC., a Delaware )
corporation, )
)
Plaintiffs, )
)
vs. )
)
ARM HOLDINGS PLC, f/k/a ARM LTD., a U.K. )
corporation,, )
)
Defendant. )
______________________________________________)

Videotaped Deposition of WILLIAM ABBEY, taken before Derek L. Hoagland, a Certified Shorthand Reporter for the State of California, commencing at 9:10 a.m., Thursday, May 26, 2025, at Kirkland & Ellis, 3330 Hillview Avenue, Palo Alto, California 94304.

Page 3

APPEARANCES:

COUNSEL FOR PLAINTIFF
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1049 5th Street 2D
New York, New York 10028
BY: ERIN J. MORGAN, ESQ.
212.373.3387
ejmorgan@paulweiss.com
-- AND --
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
200 K Street, NW
Washington, DC 20006-1047
BY: ERIC C. WESTERHOLD, ESQ.
202.381.5038
ewesterhold@paulweiss.com

COUNSEL FOR DEFENDANTS
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
BY: REID McELLRATH, ESQ.
312.862.4662
reid.mcellrath@kirkland.com
-- AND --
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
BY: MARY BARNETT, ESQ.
202.389.3292
mary.barnett@kirkland.com

ALSO PRESENT
Phillip Price, ARM, Inc. In-house counsel
Frank Quirarte, Videographer

Page 4

I N D E X


| WITNESS | PAGE |
|---|---|
| WILLIAM ABBEY | |
| Examination by Ms. Morgan | 7, 171 |
| Examination by Mr. McEllrath | 165 |


DOCUMENTS/INFORMATION REQUESTED

| PAGE | LINE |
|---|---|
| 108 | 23 |
| 109 | 22 |

E X H I B I T S

| EXHIBIT | DESCRIPTION | MARKED |
|---|---|---|
| No. 1 | ARM QC_02771125 | 35 |
| No. 2 | Qualcomm ALA | 54 |
| No. 3 | TLA | 61 |
| No. 4 | ARM QC_02731284 | 78 |
| No. 5 | Email chain | 92 |
| No. 5.1 | Attachment | 109 |
| No. 6 | QCV ARM 0526828 | 109 |
| No. 7 | ARM QC_02752740 | 135 |
| No. 8 | Article | 142 |
| No. 9 | ARM QC_02600819 | 153 |
| No. 10 | Letter | 162 |
| No. 11 | Ann Chaplin response | 167 |
| No. 12 | ARM QC_02771127 | 169 |

Page 5

9:10 a.m. P R O C E E D I N G S

THE VIDEOGRAPHER: All right. Good morning, ladies and gentlemen. We are going on the record. The time is approximately 9:10 a.m. Today's date is June 26, 2025. Please note that microphones are sensitive and may pick up whispering and private conversations. At this time, please mute your phones. Please note that audio and video recording will continue to take place unless all parties agree to go off the record.

This is the beginning of Media Unit No. 1 in the video-recorded deposition of William Abbey. It's in the matter of Qualcomm, Inc., et al. versus ARM Holdings PLC. It is filed in the United States District Court of Delaware. It's Case No. 24.490. The location of today's deposition is 3330 Hillview Avenue in Palo Alto, California.

My name is Frank Quirarte. I'm here with Veritext. I'm your legal videographer today. I am not related to any party in this action, nor am I financially interested in the outcome. If there are any objections to the proceeding, please state them at the time of your appearance.

At this time, will counsel and all present

Page 86

there's never a straight answer because the answer is always complex, right? So account managers and sales teams have a little bit of flexibility, and so I don't get to see every term license, nor do I sign off every term license proposal. I mean, I wouldn't be able to function if that's what I was doing all day long.
Q. I see.
Okay. Why don't you go, then, to the page that has the end number 31293.
A. Yes.
Q. Okay. Do you see where it says HunterAE proposal round 1?
A. Yes.
Q. Okay. If you look partway, like halfway down the page on the left, it says:
"Term license will need business (dipty and sales) Will Abbey approval."
A. Yes.
Q. Why did you -- why was your approval required on this?
MR. McELLRATH: Objection. Foundation.
THE DEPONENT: Yeah. We -- we had -- we had determined some time ago that the most ec -- equitable way to license our technology is through a subscription, a program which we call ARM Total Access. One of the

Page 87

frustrations that some partners have is, I license this particular core, and after I start a design or I give some considerations to that design, I decide that that's not the right fit. So we moved away from a, you know, sort of this product with this term to more of a broader subscription-based engagements. And so this idea was to support -- was to support that, that I would ask the team, is this the right licensing model. And so wanting the team to focus on broader subscription term license agreements were brought to my approval, as well as the general manager of the line of business that that technology was being licensed for.
BY MS. MORGAN:
Q. I see. So the reason that you were -- your approval was being sought in connection with the term license is because it was inconsistent with the business strategy to move to ARM Total Access?
A. Yes.
Q. I understand. Okay. So you didn't have to review every single term license for all eternity, you were reviewing term licenses after this move to ARM Total Access?
A. Broadly, yes. Yeah.
Q. Were there other partners besides Qualcomm who were seeking to negotiate term licenses?

Page 88

A. Yes.
Q. Okay. What other partners?
A. Oh, I -- I mean --
Q. Can you think of any examples?
A. If you would have asked me that question with -- without even seeing this, I would have said to you Qualcomm, honestly, because I -- you know, this is where chat GPT is going to be really great. But, you know, I don't keep that kind of information in my head. But it's not, to use your term, it wasn't uncommon for term license requests to come to me for approval.
Q. Okay. I just am going to ask about one more page in this document, which ends with the Bates 1302. It's this page that says "Qualcomm Royalties Current Hunter."
A. 1302.
Q. It's like almost at the very end. It's like second from the end, I think, or third from the end, something like that.
A. Okay. Got it.
Q. Yeah. Okay. At the point that this proposal was being put together --
A. Yeah.
Q. -- Qualcomm had already licensed HunterAE, right?

Page 89

A. I -- I --
MR. McELLRATH: Objection. Foundation.
THE DEPONENT: What year is this? This is 2022. Yes. So I am -- I am aware that -- that Qualcomm had a previous executed annex that allowed them to benefit from -- from Hunter.
BY MS. MORGAN:
Q. So when ARM does the analysis to determine if -- to determine what the rate is going to be that's offered for Qualcomm's renewal for HunterAE, does it take into account Qualcomm's previous rate if that was the prior best deal?
A. If Qualcomm's rate -- repeat the question.
Q. This is a very confusing question.
A. Yeah.
Q. Let me -- let me go back.
So we talked about what the -- that the analysis that's in this deck is, in part, ensuring that the rate that ARM offers is no more than 10 percent higher than the previous best deal. Do you remember that?
A. Yes.
Q. My question is: Is it possible that Qualcomm's prior license could be the previous best deal in ARM's analysis?
MR. McELLRATH: Objection. Foundation.

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM LTD., a U.K. corporation,<br><br>Defendant. | C.A. No. 24-490-MN<br><br>**CONFIDENTIAL** |

**ARM LTD.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO <u>QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-52)</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure; the District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"), and Stipulation and Order governing ESI in this case (together with the Default Standard, the "ESI Order"); any Protective Order entered in this case (the "Protective Order"), the District of Delaware Local Civil Rules (together with the ESI Order and the Protective Order, the "Local Rules"), and any agreements by the parties or orders by the Court, Arm Ltd. ("Arm") submits the following responses and objections to Qualcomm Inc. and Qualcomm Technologies, Inc.'s (together "Qualcomm") First Set of Requests for Production of Documents and Things to Arm Ltd. (Nos. 1-52), dated January 21, 2025 (each a "Request" and collectively the "Requests").

## <u>PRELIMINARY STATEMENT</u>

1. Arm's responses to the Requests ("Responses") are made in accordance with the Federal Rules of Civil Procedure and based upon information currently available to Arm.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning any negotiations that Arm had with TLA licensees (including Third Parties) for the Generic Interrupt Controller 700, the Memory Management Unit 700, the Embedded Logic Analyzer 600, software test libraries for the Cortex78AE and Cortex A55 cores, and CPUs codenamed “Hunter,” “Hayes,” “Yamin,” and “Blackhawk”, including but not limited to price quotes, license fees, licensing term limits, or other language to include in TLA Annexes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its General Objections and any specific objections set forth below, Arm is willing to meet and confer with Qualcomm regarding the relevant scope of this Request and a relevant, reasonable time period applicable to the Request.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks “[a]ll Documents and Communications” regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party’s claims or defenses, such as documents concerning negotiations with third party licensees. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding negotiation between ARM and TLA licensees. Arm objects to this Request because the phrases "TLA licensees" and "other language to include in the TLA Annexes" are vague, ambiguous, and undefined.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in Arm's possession, custody, or control located through a reasonable, proportional, and targeted search sufficient to show the identity of Arm's licensees for the "Hunter," "Hayes," and/or "Yamin" cores.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses, such as documents concerning negotiations with third party licensees. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party, and will not produce any such documents absent agreement of the third party(ies) or Court Order. Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding negotiation between ARM and TLA licensees. Arm objects to this Request because the phrases "TLA licensees" and "other language to include in the TLA Annexes" are vague, ambiguous, and undefined.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications related to or concerning Arm's October 22, 2024 letter to Qualcomm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to its General Objections, any specific objections set forth below, and in accordance with the ESI Order, Arm will produce non-privileged and non-work product documents in its possession, custody, or control located through a reasonable, proportional, and targeted search through the use of agreed-upon search terms with agreed-upon custodians related to or concerning Arm's October 22, 2024 letter.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents and Communications" regarding the requested subject matter. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity. Arm objects to this Request to the extent that it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings PLC*

Dated: June 17, 2025

OF COUNSEL:

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-5000
glocascio@kirkland.com
jason.wilcox@kirkland.com

Jay Emerick
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
jay.emerick@kirkland.com

Daralyn J. Durie
Shaelyn Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
sdawson@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 17, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
Travis Murray
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

Karen L. Dunn
William A. Isaacson
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
kdunn@dirllp.com
wisaacson@dirllp.com

Melissa F. Zappala
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
mzappala@dirllp.com

Ruby J. Garrett
Erin J. Morgan
Adam L. Basner
Eric C. Westerhold
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
rjgarrett@paulweis.com
ejmorgan@paulweiss.com
abasner@paulweiss.com
ewesterhold@paulweiss.com

Catherine Nyarady
Jacob A. Braly
S. Conrad Scott
Jacob Apkon
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
jbraly@paulweiss.com
scscott@paulweiss.com
japkon@paulweiss.com

Gregg Stephenson
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
gstephenson@paulweiss.com

grp-qcvarm@paulweiss.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Arm Holdings plc*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 30, 2026, upon the following in the manner indicated:

Anne Shea Gaza, Esquire *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendants*

Scott F. Llewellyn, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
*Attorneys for Defendants*

Sydney D. Gaskins, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
*Attorneys for Defendants*

Alexandra Corrinne Hottenrott, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
*Attorneys for Defendants*

Daralyn J. Durie, Esquire *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
*Attorneys for Defendants*

Gregg F. LoCascio, P.C.
Jason M. Wilcox, P.C.
Matthew J. McIntee, Esquire
Megan McGlynn Butler, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Jay Emerick, Esquire
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Peter Evangelatos, Esquire
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Meghan Kelly, P.C.
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
*Attorney for Defendants*

*VIA ELECTRONIC MAIL*

*/s/ Travis J. Murray*

Travis J. Murray (#6882)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 5, 2026, upon the following in the manner indicated:

Anne Shea Gaza, Esquire — *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Daniel G. Mackrides, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Defendants*

Scott F. Llewellyn, Esquire — *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
*Attorneys for Defendants*

Sydney D. Gaskins, Esquire — *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
*Attorneys for Defendants*

Alexandra Corrinne Hottenrott, Esquire — *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
*Attorneys for Defendants*

Daralyn J. Durie, Esquire — *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
*Attorneys for Defendants*

Gregg F. LoCascio, P.C. *VIA ELECTRONIC MAIL*
Jason M. Wilcox, P.C.
Matthew J. McIntee, Esquire
Megan McGlynn Butler, Esquire
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
*Attorneys for Defendants*

Jay Emerick, Esquire *VIA ELECTRONIC MAIL*
Adam M. Janes, Esquire
Reid McEllrath, Esquire
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
*Attorneys for Defendants*

Peter Evangelatos, Esquire *VIA ELECTRONIC MAIL*
Nathaniel Louis DeLucia, Esquire
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
*Attorneys for Defendants*

Meghan Kelly, P.C. *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
2005 Market Street
Suite 1000
Philadelphia, PA 19103
*Attorney for Defendants*

*/s/ Travis J. Murray*

Travis J. Murray (#6882)