IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM HOLDINGS PLC., f/k/a ARM LTD.,<br>a U.K. corporation,<br><br>Defendant. | ) | C.A. No. 24-490 (MN)<br>(CONSOLIDATED) |
| QUALCOMM INCORPORATED,<br>a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARM LTD.,<br>a U.K. corporation,<br><br>Defendant. | ) | C.A. No. 26-20 (MN) |

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

**PERMANENT INJUNCTION FOR**
**BREACH OF QUALCOMM ALA SECTION 14.1.B(1)**

1. IT IS HEREBY ORDERED that, consistent with the Court's findings of fact and conclusions of law, including that (1) Apple Inc. ("Apple") and NVIDIA Corporation ("Nvidia") are Qualcomm's competitors; (2) Google LLC ("Google") and Microsoft Corporation ("Microsoft") are Qualcomm's customers and not competitors; and that (3) Arm's proposals for a v10 license to Qualcomm were not made in good faith, within thirty (30) days following entry of this injunction, Arm shall make available to Qualcomm an offer for a license to the Arm v10 Architecture and an extension to the term of the Qualcomm ALA ("the Offer") that complies with this injunction, and engage in good faith negotiations with Qualcomm for a v10 license.

2. IT IS HEREBY FURTHER ORDERED that the Offer shall include:

a. A license and deliverables that are no narrower in scope than the licenses to the v10 Architecture and deliverables that Arm has provided to Apple and/or Nvidia, and that is not restricted to any specific business segment (*e.g.*, mobile, compute, datacenter, and/or auto);

b. Financial terms, including a license fee, a support and maintenance fee, and net running royalty rates (*e.g.* caps, discounts, rebates, and allowances) that are non-discriminatory[1] as compared to the financial terms on which Arm has licensed the v10 Architecture to Apple and/or Nvidia;

[1] "Non-discriminatory" means fees and royalty rates that are based on, and therefore competitive with, those of Apple and/or Nvidia (as opposed to Google and/or Microsoft) allowing for variations in financial terms only for objective factors that do not include shutting out competitors or favoring Arm competitively. This injunction uses the term "non-discriminatory" in a similar manner to prior injunctions regarding license terms. *See Optronic Techs., Inc.* v. *Ningbo Sunny Elec. Co.*, 2020 WL 1812257 at *12, 14 (N.D. Cal. Apr. 9, 2020) ("Plaintiff specifies that the term 'non-discriminatory' means that 'Defendant should only be able to charge Meade and Orion the same price it charges to Celestron and its other customers.').

c. An extension to the term of Qualcomm's ALA, for the same length of time as the current Apple and/or Nvidia ALAs, without any modification of, or addition to, the other existing non-financial terms of the Qualcomm ALA and the financial terms for the v8 and v9 Architecture.

3. IT IS HEREBY FURTHER ORDERED that, within thirty (30) days following entry of this injunction, Arm shall provide Qualcomm with all v10 Architecture deliverables (including specifications at EAC quality and the Architecture Compliance Kit for v10) that have been provided to Apple and/or Nvidia and have not previously been provided to Qualcomm, so that Qualcomm promptly may begin designing CPUs intended to comply with the v10 Architecture.[2]

4. IT IS HEREBY FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order shall be binding upon Arm, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this injunction.

5. IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to enforce and construe this injunction. Before seeking relief from the Court regarding whether the Offer complies with this injunction, the parties shall meet and confer in good faith in person.

**PERMANENT INJUNCTION FOR VIOLATION OF**
**THE CALIFORNIA UNFAIR COMPETITION LAW**

6. IT IS HEREBY ORDERED that the terms of the Permanent Injunction relating to v10, and set forth above in ¶¶ 1-5, are incorporated herein.

---

[2] Qualcomm seeks this relief in order to begin development of custom v10 CPUs so that it does not fall further behind its competitors. Arm typically enters into Limited Use License Agreements ("LUL") to facilitate access to architecture specifications and associated deliverables to enable development prior to a company entering into a licensing agreement. As with an LUL, the request of paragraph 3 does not cover the commercialization of v10 products developed absent an executed v10 license.

7. IT IS HEREBY ORDERED that Arm is enjoined from discussing, referencing, or otherwise referring to the terms and conditions, including but not limited to statements regarding the licensing term, threats of termination, or the potential of termination, of the Qualcomm ALA with any third-party (other than an affiliate of Qualcomm) without providing Qualcomm with written notice to Qualcomm's General Counsel at least ten (10) days prior and receiving express approval.

8. IT IS FURTHER HEREBY ORDERED that Arm is required to provide Qualcomm with a good faith offer for any future versions of the Arm Architecture at the same time that Arm offers, or within thirty (30) days if Arm has already offered, such future versions of the Arm Architecture to any other licensee.

9. IT IS HEREBY FURTHER ORDERED that Arm is enjoined from restricting, withholding, delaying, or otherwise refusing to deliver any licensed versions of Architecture specifications, or other deliverables (including the Architecture Compliance Kit or its components, such as the OOB and ACK patches) released during the duration of any ALA license, as well as any associated support, to an ALA licensee during the term of their ALA license.

10. IT IS HEREBY FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(d)(2), this injunction shall be binding upon Arm, its officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this injunction.

11. IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to enforce and construe this injunction. Before seeking relief from the Court regarding compliance with this injunction, the parties shall meet and confer in good faith in person.

SO ORDERED this ______ day of ___________________, 2026.

____________________________________
UNITED STATES DISTRICT JUDGE

**PERMANENT INJUNCTION FOR**
**BREACH OF QUALCOMM ALA SECTION 14.1.B(1)**

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| ¶ 1: IT IS HEREBY ORDERED that, consistent with the Court's findings of fact and conclusions of law, including that (1) Apple Inc. ("Apple") and NVIDIA Corporation ("Nvidia") are Qualcomm's competitors; (2) Google LLC ("Google") and Microsoft Corporation ("Microsoft") are Qualcomm's customers and not competitors; and that (3) Arm's proposals for a v10 license to Qualcomm were not made in good faith, within thirty (30) days following entry of this injunction, Arm shall make available to Qualcomm an offer for a license to the Arm v10 Architecture and an extension to the term of the Qualcomm ALA ("the Offer") that complies with this injunction, and engage in good faith negotiations with Qualcomm for a v10 license. | FOF ¶¶ 9-12, 41, 42, 64, 86-90, 94-95, 99 | *Optronic Techs., Inc.* v. *Ningbo Sunny Elec. Co.*, 2020 WL 1812257 at *8 (N.D. Cal. 2020), *aff'd*, 20 F.4th 466 (9th Cir. 2021): "Defendant shall supply Meade at non-discriminatory terms for five years"; "Defendant shall supply Orion at non-discriminatory terms for five years."<br><br>*Cumulus Media New Holdings, Inc.* v. *Nielsen Co (US) LLC*, 2026 WL 63294, at *18 (S.D.N.Y. 2024), *aff'd*, 182 F.4th 108 (2d Cir. 2026): "Nielsen is enjoined and restrained from charging a commercially unreasonable rate for its Nationwide Report as a complete, standalone product."<br><br>*United States* v. *Google LLC*, 2025 WL 3496558, at Appendix V.A (D.D.C. 2025): "Google shall take steps sufficient to make available to any Qualified Competitor, on financial terms no worse than those offered to any other user of Google's search syndication products, a syndication license whose term will be |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| | | five (5) years from the date the license is signed . . . ."<br><br>*L.A. Int'l Corp.* v. *Prestige Brands Holdings, Inc.*, 2024 WL 2272384, at *14 (C.D. Cal. 2024), *aff'd sub nom. LA Int'l Corp.* v. *Prestige Brands Holdings, Inc.*, 168 F.4th 608 (9th Cir. 2026): "To allow all Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to purchase Clear Eyes on the same price terms and conditions on which Defendants sell Clear Eyes to the Costco Business Center division of Costco Wholesale Corporation ("Costco"), including the availability of any discounts, billback, rebates (including rebates such as the "Instant Redeemable Coupons"), or other terms that impact the net price paid by Costco"; "to allow Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to participate, on proportionally equal terms, in all promotional programs and payments that Defendants make available to Costco in connection with the handling, sale, or offering for sale of Clear Eyes (including payments such as the DOW allowance)." |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
| --- | --- | --- |
| | | *New York ex rel. Schneiderman* v. *Actavis PLC*, 787 F.3d 638, 649, 662 (2d Cir. 2015): "During the Injunction Term . . . the Defendants shall continue to make Namenda IR (immediate-release) tablets available on the same terms and conditions applicable since July 21, 2013"; "The injunction plainly prohibits Defendants from charging more for Namenda IR than it did during the specified timeframe and from restricting access to IR." |
| ¶ 2: IT IS HEREBY FURTHER ORDERED that the Offer shall include: | | |
| ¶ 2(a): A license and deliverables that are no narrower in scope than the licenses to the v10 Architecture and deliverables that Arm has provided to Apple and/or Nvidia, and that is not restricted to any specific business segment (e.g., mobile, compute, datacenter, and/or auto) | FOF ¶¶ 9-12, 16, 18, 42, 52, 86-90, 99 | *Google*, 2025 WL 3496448, at Appendix V.B.: "Google shall provide the license on a non-discriminatory basis to any Qualified Competitor on terms no less favorable than the most favorable terms Google provides under any current search syndication agreements as of the date of entry of this Final Judgment"<br><br>*Optronic Techs.*, 2020 WL 1812257 at *8: "Defendant shall supply Meade at non-discriminatory terms for five years"; "Defendant shall supply Orion at non-discriminatory terms for five years." |

| Injunction ¶ | Supporting Record Evidence Includes and Is Not Limited To | Injunction Precedent |
|---|---|---|
| | | *L.A. Int'l*, 2024 WL 2272384, at *14: "To allow all Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to purchase Clear Eyes on the same price terms and conditions on which Defendants sell Clear Eyes to the Costco Business Center division of Costco Wholesale Corporation ("Costco"), including the availability of any discounts, billback, rebates (including rebates such as the "Instant Redeemable Coupons"), or other terms that impact the net price paid by Costco"; "to allow Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to participate, on proportionally equal terms, in all promotional programs and payments that Defendants make available to Costco in connection with the handling, sale, or offering for sale of Clear Eyes (including payments such as the DOW allowance)." |
| ¶ 2(b): Financial terms, including a license fee, a support and maintenance fee, and net running royalty rates (*e.g.* caps, discounts, rebates, and allowances) that are non-discriminatory as compared to the financial terms on which Arm has | FOF ¶¶ 9-12, 42, 52, 59-65, 69-72, 75-76, 78, 79-95, 97-99 | *Optronic Techs.*, 2020 WL 1812257 at *8: "Defendant shall supply Meade at non-discriminatory terms for five years"; "Defendant shall supply Orion at non-discriminatory terms for five years" |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| licensed the v10 Architecture to Apple and/or Nvidia | | *L.A. Int'l*, 2024 WL 2272384, at *14: "To allow all Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to purchase Clear Eyes on the same price terms and conditions on which Defendants sell Clear Eyes to the Costco Business Center division of Costco Wholesale Corporation ("Costco"), including the availability of any discounts, billback, rebates (including rebates such as the "Instant Redeemable Coupons"), or other terms that impact the net price paid by Costco"; "to allow Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to participate, on proportionally equal terms, in all promotional programs and payments that Defendants make available to Costco in connection with the handling, sale, or offering for sale of Clear Eyes (including payments such as the DOW allowance);"<br><br>*Google LLC*, 2025 WL 3496448, at Appendix V.A: "Google shall take steps sufficient to make available to any Qualified Competitor, on financial terms no worse than those offered to any other user of Google's search syndication |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| | | products, a syndication license whose term will be five (5) years from the date the license is signed . . . ."<br><br>*Cumulus Media New Holdings*, 2026 WL 63294, at *18: "For purposes of this Order, a rate that is equal to or lower than the highest annual 2026 rate Nielsen charges any broadcaster (whether network or local) for Nationwide is presumptively reasonable." |
| ¶ 2(c): An extension to the term of Qualcomm's ALA, for the same length of time as the current Apple and/or Nvidia ALAs, without any modification of, or addition to, the other existing non-financial terms of the Qualcomm ALA and the financial terms for the v8 and v9 Architecture. | FOF ¶¶ 9-12, 42, 43, 48, 52, 73-74, 86-90, 99 | *L.A. Int'l*, 2024 WL 2272384, at *14: "to allow Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to participate, on proportionally equal terms, in all promotional programs and payments that Defendants make available to Costco in connection with the handling, sale, or offering for sale of Clear Eyes (including payments such as the DOW allowance)." |
| ¶ 3: IT IS HEREBY FURTHER ORDERED that, within thirty (30) days following entry of this injunction, Arm shall provide Qualcomm with all v10 Architecture deliverables (including | FOF ¶¶ 105-107 | *Actavis*, 787 F.3d at 662: (2d Cir. 2015): "The injunction plainly prohibits Defendants from charging more for Namenda IR than it did during the |

| Injunction ¶ | Supporting Record Evidence Includes and Is Not Limited To | Injunction Precedent |
|---|---|---|
| specifications at EAC quality and the Architecture Compliance Kit for v10) that have been provided to Apple and/or Nvidia and have not previously been provided to Qualcomm, so that Qualcomm promptly may begin designing CPUs intended to comply with the v10 Architecture. | | specified timeframe *and from restricting access to IR*."<br><br>*Google, LLC*, 2025 WL 3496448, at Appendix V.A.: "Google shall take steps sufficient to make available to any Qualified Competitor. . . a syndication license . . . which shall require Google, via real-time API(s), to make the following information and data available . . . ." |
| ¶ 4: IT IS HEREBY FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order shall be binding upon Arm, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this injunction. | N/A | FED. R. CIV. P. 65(d)(2).<br><br>*Optronic Techs.*, 2020 WL 1812257, at *8: "Pursuant to Federal Rule of Civil Procedure 65(d), IT IS HEREBY ORDERED as follows . . . ."<br><br>*Cumulus Media New Holdings*, 2026 WL 63294, at *18: "The Court hereby ORDERS, pursuant to its authority under . . . Rule 65 of the Federal Rules of Civil Procedure that . . . ." |
| ¶ 5: IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to enforce and construe this injunction. Before seeking relief from the Court regarding whether the Offer complies with this injunction, the parties | N/A | *Optronic Techs.*, 2020 WL 1812257, at *8: "This Court shall retain jurisdiction over any and all issues arising from or related to the enforcement of this permanent injunction, the implementation |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| shall meet and confer in good faith in person. | | of this Order or the interpretation of this Order."<br><br>*Google*, 2025 WL 3496448, at Appendix XI.A.: "Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the modification of any of its provisions, for the enforcement of compliance with this Final Judgment, and for the punishment of any violation of this Final Judgment." |

**PERMANENT INJUNCTION FOR VIOLATION OF**
**<u>THE CALIFORNIA UNFAIR COMPETITION LAW</u>**

| **<u>Injunction ¶</u>** | **<u>Supporting Record Evidence Includes and Is Not Limited To</u>** | **<u>Injunction Precedent</u>** |
|---|---|---|
| ¶ 6: IT IS HEREBY ORDERED that the terms of the Permanent Injunction relating to v10, and set forth above in ¶¶ 1-5, are incorporated herein. | Same record evidence cited in the Permanent Injunction for breach of Qualcomm ALA section 14.1.B(1). | Same precedent as cited for the Permanent Injunction for breach of Qualcomm ALA section 14.1.B(1). |
| ¶ 7: IT IS HEREBY ORDERED that Arm is enjoined from discussing, referencing, or otherwise referring to the terms and conditions, including but not limited to statements regarding the licensing term, threats of termination, or the potential of termination, of the Qualcomm ALA with any third-party (other than an affiliate of Qualcomm) without providing Qualcomm with written notice to Qualcomm's General Counsel at least ten (10) days prior and receiving express approval. | FOF ¶¶ 119-121, 123-129, 136-149 | *M.S. Int'l, Inc.* v. *Patel*, 2018 WL 11350041 at *18 (C.D. Cal. 2018): "Defendants and all persons or entities acting in concert with them are permanently enjoined from directly or indirectly: (a) Obtaining, using, or disclosing any of MSI's customer or vendor lists; customer information or preferences; pricing data; product information or sourcing; contract details; information relating to pricing, sales, margin, profitability, discounts, or credit terms; sources of material; or information relating to market competitors (MSI's 'Trade Secrets') or other data belonging to MSI, for any purpose whatsoever . . . (c) Using or disclosing MSI's Trade Secrets to solicit or accept business from MSI's customers"<br><br>*Dent Mart Int'l, Inc.* v. *iDen Dental Supply, Inc.*, 2015 WL 2439301, at *4 |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| | | (Cal. Ct. App. 2015): Defendants enjoined from "using, directly or indirectly, or disclosing to any person, orally or in writing, any and all confidential proprietary information of Dent Mart, . . . including but not limited to customer lists, pricing, product needs of customers, and sales information of any kind."<br><br>*Chegg, Inc.* v. *Doe*, 2023 WL 7392290 at *10 (N.D. Cal. 2023): "Defendants, Defendants' representatives, and persons who are in active concert or participation with Defendants are temporarily restrained and enjoined from: from . . . downloading, scraping, using, or disseminating Chegg Content . . . ." |
| ¶ 8: IT IS FURTHER HEREBY ORDERED that Arm is required to provide Qualcomm with a good faith offer for any future versions of the Arm Architecture at the same time that Arm offers, or within thirty (30) days if Arm has already offered, such future versions of the Arm Architecture to any other licensee. | Same record evidence cited in the Permanent Injunction relating to v10.<br><br>FOF ¶¶ 43-72, 108-114 | *Google LLC*, 2025 WL 3496448, at Appendix V.A: "Google shall take steps sufficient to make available to any Qualified Competitor, on financial terms no worse than those offered to any other user of Google's search syndication products, a syndication license whose term will be five (5) years from the date the license is signed . . . ."<br><br>*L.A. Int'l*, 2024 WL 2272384, at *14: "To allow all Plaintiffs (including any |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| | | successor entities to Plaintiffs) other than Border Cash & Carry to purchase Clear Eyes on the same price terms and conditions on which Defendants sell Clear Eyes to the Costco Business Center division of Costco Wholesale Corporation ("Costco"); "to allow Plaintiffs (including any successor entities to Plaintiffs) other than Border Cash & Carry to participate, on proportionally equal terms, in all promotional programs and payments that Defendants make available to Costco in connection with the handling, sale, or offering for sale of Clear Eyes (including payments such as the DOW allowance);"<br><br>*Optronic Techs.*, 2020 WL 1812257 at *8: "Defendant shall supply Meade at non-discriminatory terms for five years"; "Defendant shall supply Orion at non-discriminatory terms for five years"<br><br>*Actavis*, 787 F.3d at 662 (2d Cir. 2015): "The injunction plainly prohibits Defendants from charging more for Namenda IR than it did during the specified timeframe and from restricting access to IR." |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| ¶ 9: IT IS HEREBY FURTHER ORDERED that Arm is enjoined from restricting, withholding, delaying, or otherwise refusing to deliver any licensed versions of Architecture specifications, or other deliverables (including the Architecture Compliance Kit or its components, such as the OOB and ACK patches) released during the duration of any ALA license, as well as any associated support, to an ALA licensee during the term of their ALA license. | FOF ¶¶ 129-135 | *WPEngine, Inc.* v. *Automattic Inc.*, 2024 WL 5077610, at *19 (N.D. Cal. 2024): "disabling any technological blocking of WPEngine's and Related Entities' access to wordpress.org that occurred on or around September 25, 2024, including IP address blocking or other blocking mechanisms"<br><br>*In re Google Play Store Antitrust Litig.*, 2024 LX 161369, at *100 (N.D. Cal. 2024): "For a period of three years, Google will permit third-party Android app stores to access the Google Play Store's catalog of apps so that they may offer the Play Store apps to users." |
| ¶ 10: IT IS HEREBY FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(d)(2), this injunction shall be binding upon Arm, its officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this injunction. | N/A | FED. R. CIV. P. 65(d)(2)<br><br>*Optronic Techs.*, 2020 WL 1812257, at *8: "to Federal Rule of Civil Procedure 65(d), IT IS HEREBY ORDERED as follows . . . ."<br><br>*Cumulus Media New Holdings*, 2026 WL 63294, at *18: "The Court hereby ORDERS, pursuant to its authority under Section 16 of the Clayton Act, 15 U.S.C. § 26, and Rule 65 of the Federal Rules of Civil Procedure that . . . ." |

| **Injunction ¶** | **Supporting Record Evidence Includes and Is Not Limited To** | **Injunction Precedent** |
|---|---|---|
| ¶ 11: IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to enforce and construe this injunction. Before seeking relief from the Court regarding compliance with this injunction, the parties shall meet and confer in good faith in person. | N/A | *Optronic Techs.*, 2020 WL 1812257, at *8: "This Court shall retain jurisdiction over any and all issues arising from or related to the enforcement of this permanent injunction, the implementation of this Order or the interpretation of this Order."<br><br>*Google*, 2025 WL 3496558, at Appendix V.B.3: "Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the modification of any of its provisions, for the enforcement of compliance with this Final Judgment, and for the punishment of any violation of this Final Judgment." |